ASBESTOS

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:12−cv−00172−MR

Beal v. Air &Liquid Systems Corporation et al  
Assigned to: District Judge Martin Reidinger  
Demand: $100,000  
Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 07/17/2012  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Kim Victor Beal**  
*Individually and*  
*as Executor of the Estate of*  
Darrell Victor Beal

represented by **Mona Lisa Wallace**  
Wallace &Graham, PA  
525 N. Main St.  
Salisbury, NC 28144  
704−633−5244  
Fax: 704−633−9434  
Email: mwallace@wallacegraham.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air &Liquid Systems Corporation**  
*Successor By Merger to*  
*other*  
Buffalo Pumps, Inc.

**Defendant**

**Aurora Pump Company**

**Defendant**

**CertainTeed Corporation**

**Defendant**

**Cleaver−Brooks, Inc.**

**Defendant**

**Continental Boiler Works, Inc.**  
*formerly known as*  
Continental Boiler and Sheet Iron Works

**Defendant**

**Covil Corp.**

**Defendant**

**Crane Co.**

**Defendant**

**Gardner Denver, Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Ingersoll–Rand Company**

**Defendant**

**ITT Corporation**
*individually and*
*as successor to*
Bell &Gossett

**Defendant**

**Oakfabco, Inc.**
*formerly known as*
Kewanee Boiler Corp.

**Defendant**

**Owens–Illinois, Inc.**

**Defendant**

**SFS (USA) Holding Inc.**
*doing business as*
Peerless Pump Company

**Defendant**

**Trane U.S. Inc.**
*formerly known as*
American Standard Inc.

**Defendant**

**Trico Corporation**

**Defendant**

**Viking Pump, Inc.**

**Defendant**

**Yarway Corporation**

<u>**Defendant**</u>

**Zurn Industries, LLC**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/17/2012 | 1 | 4 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419–1734145), filed by Darrell Victor Beal.(Wallace, Mona) (Entered: 07/17/2012) |
| 07/18/2012 | | | NOTICE: Case was filed in wrong division. Case has been copied from 5:12cv97 to 1:12cv172. Please use 1:12cv172 for all future pleadings. (bsw) (Entered: 07/18/2012) |
| 07/18/2012 | 2 | | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (bsw) (Main Document 2 replaced with issued summons, NEF regenerated on 7/18/2012) (bsw). Modified text on 7/18/2012 (ejb). (Entered: 07/18/2012) |
| 07/18/2012 | 3 | | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos−Related Litigation, WDCP−83−1. Signed by Clerk, Frank G. Johns. (ejb)** (Entered: 07/18/2012) |
| 07/18/2012 | | | In Re: Asbestos Products Liability Litigation – MDL #875. Notice to Clerk of MDL Panel of tag−along case. (Copy of complaint and docket sheet emailed to the Panel) (ejb) (Entered: 07/18/2012) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | :  Civil Action No.  MDL 875 |
| _____ | : |
| This Document Relates to: | : |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 5:12-cv-00097

Kim Victor Beal, Individually and as Executor of
the Estate of Darrell Victor Beal, deceased.

        Plaintiff,

        vs.

Air & Liquid Systems Corporation, Successor By
      Merger to Buffalo Pumps, Inc.;
Aurora Pump Company;
CertainTeed Corporation;
Cleaver-Brooks, Inc.;
Continental Boiler Works, Inc. (formerly known
       as Continental Boiler and Sheet Iron Works);
Covil Corp.;
Crane Co.;
Gardner Denver, Inc.;
General Electric Company;
Goulds Pumps, Inc.;
Honeywell International, Inc.;
Ingersoll-Rand Company;
ITT Corporation, individually and as successor to Bell
   & Gossett;
Oakfabco, Inc. formerly known as Kewanee Boiler
   Corp.;
Owens-Illinois, Inc.;
SFS (USA) Holding Inc. d/b/a Peerless Pump
     Company;
Trane U.S. Inc., f/k/a American Standard Inc.;
Trico Corporation;
Viking Pump, Inc.;
Yarway Corporation;
Zurn Industries, LLC.
             Defendants
_____

**COMPLAINT FOR WRONGFUL DEATH**

Plaintiff, Kim Victor Beal, Individually and as Executor of the Estate of Darrell Victor Beal (deceased), sues the above-named defendants for compensatory and punitive damages and alleges:

1. This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the decedent, Darrell Victor Beal, on behalf of all persons entitled to recover damages.

2. The decedent died on July 18, 2010 in Catawba County, North Carolina. The cause of death was Mesothelioma. The decedent had been diagnosed with Mesothelioma on or about October 3, 2010.

## PARTIES

3. The Plaintiff, Kim Victor Beal ("Decedent"), is the Personal Representative of the Estate of Darrell Victor Beal, deceased, and is a citizen of the State of North Carolina. Plaintiff was appointed Personal Representative of the Estate of Darrell Victor Beal, deceased, by the General Court of Justice, Superior Court Division, Catawba County, North Carolina on or about October 3, 2010. Plaintiff maintains this action on behalf of the estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3.

4. Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the following job sites: Worlong Glove Manufacturing Co. in Conover, North Carolina from 1955 to 1956; Riegel Textile Corporation in Conover, North Carolina from 1956 to 1961; various textile mills including Carolina Mills in Hickory, North Carolina beginning in approximately 1961 while employed by Ingold Co. Inc.; and other various commercial facilities, including but not limited to the General Electric plant in Hickory, North Carolina, while employed by Ingold Co. Inc.

5. At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

6. At all material times, Defendants used, installed, manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's job sites or to such other entities so that these materials were caused to be used at the Decedent's job site.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or, at all material times are or have been engaged in business in the State of North Carolina.

8. Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiff resides in Maiden, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

9. This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and no defendant is a citizen of the State of North Carolina.  Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiff has satisfied all conditions precedent to the filing of this action.

11. All of the named defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute.  At all material times, each

defendant corporation used, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment which were sold, distributed, and used in North Carolina. The Decedent was exposed to various asbestos-containing products while working at various jobs listed above.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

12. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 11.

13. At all material times, all named Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

14. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Decedent.

15. At all material times, Defendants manufactured and designed products which required the use and/or installation of asbestos, asbestos-containing components, and/or asbestos-containing insulation for the normal use of the products.

16. Throughout the course of his employment, Decedent worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

17. During the course and scope of his employment, Decedent has been exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure

directly and proximately caused him to develop an illness known and designated as Mesothelioma.

18. Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

19. Decedent, whose livelihood was dependent upon the work that he did at the various job sites, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

20. Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

21. Decedent's illness and disability are the direct and proximate result of the

negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Decedent's body, lungs, respiratory system, skin, and health.

22. Defendants breached their duties and were negligent in the following acts and/or omissions:

(a) Failed to advise Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

  (f)  Did not recommend methods to improve the work environment;

  (g)  Did not develop alternative products;

  (h)  Continued to use a known cancer-causing product, to-wit:  asbestos; and

  (i)  After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

  23.  Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time that they left the control of the defendants.

  24.  Defendants were negligent and breached their duty of due care to Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

  25.  The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Decedent were reasonably foreseeable, or should have been reasonably foreseen by defendants.

  26.  As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed Mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

  27.  As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 27.

29. The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

30. The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

31. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed an illness, to-wit: Mesothelioma.

32. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE—WILLFUL, WANTON, AND RECKLESS CONDUCT

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 32.

34. Decedent and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the defendants, and the exposure and hazard to each of them, in Decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

35. The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Decedent and others in the Decedent's

position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the Decedent has been severely damaged as is set forth below.

36. The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a) failure to warn prior users when the defendants had knowledge of the need for monitoring due to prior exposure;

(b) failure to issue recall type letters to prior users;

(c) frustrating the publication of articles and literature from the 1930's through at least 1976;

(d) rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e) The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

37. The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have

had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Decedent and others similarly situated, and Decedent is thereby entitled to punitive damages.

38. Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

### FOURTH CAUSE OF ACTION
### FALSE REPRESENTATION

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 38.

40. During, before, and after Decedent's exposure to asbestos products manufactured, installed or otherwise used by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to Decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

41. The foregoing representations were material conditions precedent to Decedent's continued exposure to asbestos containing products, and defendants each intended that Decedent act upon the representations by continuing his exposure to the asbestos products. Decedent was

ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

42. As a direct and proximate result of Decedent's reliance upon defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 42.

44. At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

45. Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

46. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

    (a) Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

    (b) Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products

which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c) Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d) Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e) Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f) Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g) Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h) Failing to recall their defective product or manufacture a reasonably safer alternative;

(i) Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to

Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j) otherwise failing to act reasonably under the totality of the circumstances.

47. Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Decedent's employer, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

48. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

49. At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take

reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

50. Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

51. As a result of the Defendants' failure to warn, the Plaintiff suffered and will continue to suffer the injuries and damages hereinafter alleged.

### SIXTH CAUSE OF ACTION
### PREMISES LIABILITY
### (Against Defendant General Electric Co. only)

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 51.

53. At all material times, Defendant, General Electric, either owned or controlled real property which Decedent lawfully entered.

54. At all material times, Defendant knew and/or should have known of the hazardous and carcinogenic nature of asbestos and the danger to human health as a result of exposure to asbestos or asbestos-containing products or equipment.

55. Defendant owed Decedent the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils, unsafe conditions and foreseeable hazards insofar as they can be ascertained by reasonable inspection and supervision.

56. Defendant breached its duty in the following manners:

(a) Defendant failed to restrict the use of asbestos products on its premises even after Defendant knew or should have known of the dangers associated with exposure to airborne asbestos fibers;

(b) Defendant knew, or with the exercise of reasonable care should have known, of the dangers associated with exposure to airborne asbestos fibers created by the sawing, cutting, application and other use of asbestos products, and by the removal and repair of existing asbestos materials;

(c) Defendant failed to take reasonable precautions or exercise due care to warn Decedent of the danger of asbestos to which he was exposed;

(d) Defendant failed to provide Decedent with protective equipment and clothing to protect them from exposure to asbestos fibers;

(e) The maintenance, installation, placement, repair and removal of asbestos materials in the Defendant's facilities created an unreasonable risk of harm;

(f) Defendant failed to adequately inspect and supervise the use of asbestos materials by its employees and contractors;

(g) Defendant failed to protect Decedent and others similarly situated, from the hidden hazards of asbestos;

(h) Defendant failed to institute reasonable industrial hygiene practices on its property;

(i) In failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and its effect on Decedent and others similarly situated; and

(j) Any such other and further particulars as the evidence may show.

57. As a direct and proximate consequence of the actions of Defendant, Decedent

was exposed to asbestos materials resulting from their ordinary and foreseeable use.

58. Defendant exposed Decedent to asbestos-containing products when it knew, or it should have been reasonably foreseeable that these Decedent and others similarly situated would be injuriously exposed to those asbestos-containing materials.

59. Decedent's illness and death was a direct and proximate result of Defendant's breach of duty to Decedent which caused Decedent to suffer damages in the form of medical, pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

## DAMAGES

60. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 59.

61. Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et. seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Darrell Victor Beal and all beneficiaries.

62. As a result of the above-alleged conduct of the Defendants, the Decedent developed Mesothelioma, as a consequence of which, he has been damaged as follows:

    (a) for hospital and medical expenses incidental to decedent's last illness;

    (b) for loss of earnings and future earning power of the decedent;

    (c) for the loss of decedent's general health, strength, and vitality.

    (d) for the loss of pecuniary contributions to the Plaintiff;

    (e) for the loss of consortium, society, aid, companionship and services to the Plaintiff;

    (f) for the future loss of consortium, society, aid, companionship and services to Plaintiff;

    (g)    for the pain and suffering of the Decedent;

    (h)    for all other damages recoverable under said Act.

WHEREFORE, the Plaintiff verily believes she is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants. Plaintiff prays for judgment against all defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, plus the costs of this action. Plaintiff demands a trial by jury on all issues.

WALLACE and GRAHAM, P.A.

s/Mona Lisa Wallace_____
Mona Lisa Wallace, Esq.
NC Bar No. 9021
William M. Graham, Esq.
NC Bar No. 17972
Attorneys for Decedent
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
mwallace@wallacegraham.com
bgraham@wallacegraham.com