ADRMOP

# U.S. District Court
# California Northern District (Oakland)
# CIVIL DOCKET FOR CASE #: 4:12-cv-03853-YGR

Leonard et al v. CBS Corporation et al              Date Filed: 07/24/2012
Assigned to: Hon. Yvonne Gonzalez Rogers            Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation        Nature of Suit: 368 P.I. : Asbestos
                                                    Jurisdiction: Diversity

**Plaintiff**

**John Leonard**                    represented by  **David R. Donadio**
                                                    Brayton Purcell LLP
                                                    222 Rush Landing Road
                                                    PO Box 6169
                                                    Novato, CA 94948-6169
                                                    415-898-1555
                                                    Fax: 415-898-1247
                                                    Email: DDonadio@braytonlaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alan R. Brayton**
                                                    Brayton Purcell LLP
                                                    222 Rush Landing Road
                                                    PO Box 6169
                                                    Novato, CA 94948-6169
                                                    415-898-1555
                                                    Fax: 415-898-1247
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Leonard**                  represented by  **David R. Donadio**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alan R. Brayton**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.

*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**General Dynamics Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2012 | 1 | COMPLAINT, with jury demand, against CBS Corporation, Foster Wheeler LLC, General Dynamics Corporation, General Electric Company, Huntington Ingalls Incorporated (Filing fee $ 350, receipt number 34611076754). Filed bySandra Leonard, John Leonard. (Attachments: # 1 Civil Cover Sheet)(kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |
| 07/24/2012 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/29/2012. Case Management Conference set for 11/5/2012 at 02:00 PM before Hon. Yvonne Gonzalez Rogers. (Attachments: # 1 Standing Order)(kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |
| 07/24/2012 | 3 | Summons Issued as to CBS Corporation, Foster Wheeler LLC, General Dynamics Corporation, General Electric Company, Huntington Ingalls Incorporated. (kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |
| 07/24/2012 | 4 | Certificate of Interested Entities by John Leonard, Sandra Leonard (kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |
| 07/24/2012 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by John Leonard, Sandra Leonard. (kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |
| 07/24/2012 | 6 | NOTICE of Tag-Along Action by John Leonard, Sandra Leonard (kc, COURT STAFF) (Filed on 7/24/2012) (Entered: 07/27/2012) |

**PACER Service Center**

**Transaction Receipt**

| 07/27/2012 14:33:39 | | | |
|---|---|---|---|
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:12-cv-03853-YGR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs



E-filing

FILED

JUL 24 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

JOHN LEONARD and
SANDRA LEONARD,

    Plaintiffs,

vs.

CBS CORPORATION (FKA VIACOM
INC., FKA WESTINGHOUSE
ELECTRIC CORPORATION), FOSTER
WHEELER LLC (FKA FOSTER
WHEELER CORPORATION),
GENERAL DYNAMICS
CORPORATION, GENERAL ELECTRIC
COMPANY, HUNTINGTON INGALLS
INCORPORATED (FKA NORTHROP
GRUMMAN SHIPBUILDING, INC.),

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV 12 3853

YGR

COMPLAINT FOR ASBESTOS
PERSONAL INJURY/ PRODUCTS
LIABILITY/ LOSS OF CONSORTIUM;
DEMAND FOR JURY TRIAL

## I.

## PARTIES

    1.    Plaintiff in this action, JOHN LEONARD, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos. Plaintiff, SANDRA LEONARD, has sustained loss of consortium as set forth in the Third Cause of Action.

///

1    2.     Plaintiff JOHN LEONARD sustained an asbestos-related lung disease by the

2    inhalation of asbestos fibers released during the handling of asbestos-containing products at

3    Plaintiff's jobsites.

4    3.     The pathogenesis of Plaintiff JOHN LEONARD's asbestos-related diseases is

5    explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

6    4.     All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing

7    products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

8    maintained by defendants at Plaintiff JOHN LEONARD's worksites, over a period of years,

9    caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff JOHN

10   LEONARD, resulting in cumulative, progressive, incurable lung diseases.

11   5.     Plaintiff JOHN LEONARD claims damages for an asbestos-related disease arising

12   from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-

13   containing products, when handled in the manner in which they were intended, released harmful

14   asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

15   6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff

16   JOHN LEONARD.

17   7.     Plaintiffs are informed and believe, and thereon allege that at all times herein

18   mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole

19   proprietorships and/or other business entities organized and existing under and by virtue of the

20   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

21   said defendants, and each of them, were and are authorized to do and are doing business in the

22   State of California, and that said defendants have regularly conducted business in the County of

23   San Francisco, State of California.

24                                          **II.**

25               **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

26   8.     <u>Jurisdiction</u>: Plaintiff JOHN LEONARD is a citizen of the State of Idaho.

27          Defendants are each corporations incorporated under the laws of and having its principal

28   places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | Delaware/New York |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |
| GENERAL DYNAMICS CORPORATION | Delaware/Virginia |
| GENERAL ELECTRIC COMPANY | New York/Connecticut |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF JOHN LEONARD COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, GENERAL ELECTRIC COMPANY, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br> WESTINGHOUSE ELECTRIC AND<br> MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL DYNAMICS CORPORATION | CONVAIR<br>VULTEE AIRCRAFT INC.<br>CONSOLIDATED VULTEE AIRCRAFT CORPORATION<br>ASBESTOS CORPORATION LIMITED |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES<br>HOTPOINT, INC.<br>GENERAL ELECTRIC SUPPLY CORPORATION |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

///

1  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

2  asbestos and other products containing asbestos.

3     12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

4  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

5  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

6  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

7  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

8  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

9  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

10 and other products containing asbestos, in that said products caused personal injuries to users,

11 consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter

12 collectively called "exposed persons"), while being used in a manner that was reasonably

13 foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by

14 "exposed persons".

15     13.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

16 exercise due care in the pursuance of the activities mentioned above and defendants, and each of

17 them, breached said duty of due care.

18     14.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

19 have known, and intended that the aforementioned asbestos and products containing asbestos and

20 related products and equipment, would be transported by truck, rail, ship, and other common

21 carriers, that in the shipping process the products would break, crumble, or be otherwise

22 damaged; and/or that such products would be used for insulation, construction, plastering,

23 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

24 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

25 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

26 release of airborne asbestos fibers, and that through such foreseeable use and/or handling

27 "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to

28 ///

said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays

and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.    As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23.    Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF JOHN LEONARD COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, GENERAL ELECTRIC

1   COMPANY, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

2   SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS

3   FOLLOWS:

4       25.     Plaintiff incorporates herein by reference, as though fully set forth herein, the

5   allegations contained in each paragraph of the First Cause of Action herein.

6       26.     Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

7   that the above-referenced asbestos and asbestos-containing products would be used by the

8   purchaser or user without inspection for defects therein or in any of their component parts and

9   without knowledge of the hazards involved in such use.

10      27.     Said asbestos and asbestos-containing products were defective and unsafe for their

11  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.

12  The defect existed in the said products at the time they left the possession of defendants, their

13  "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

14  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

15  herein, while being used in a reasonably foreseeable manner, thereby rendering the same

16  defective, unsafe and dangerous for use.

17      28.     "Exposed persons" did not know of the substantial danger of using said products.

18  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

19  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

20  which Plaintiff and others similarly situated were exposed.

21      29.     In researching, manufacturing, fabricating, designing, modifying, testing or failing

22  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

23  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

24  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

25  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

26  did so with conscious disregard for the safety of "exposed persons" who came in contact with

27  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

28  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30.     On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

///

1   ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
2   representations with the knowledge of the falsity of said implied representations.

3       32.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
4   and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
5   ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
6   manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
7   sale, inspection, installation, contracting for installation, repair, marketing, warranting,
8   rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
9   containing products. In pursuance of said financial motivation, said defendants, their
10  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
11  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
12  containing products to cause injury to "exposed persons" and induced persons to work with and
13  be exposed thereto, including Plaintiff.

14      33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE
15  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
16  products to be safe for their intended use but that their asbestos and asbestos-containing products,
17  created an unreasonable risk of bodily harm to exposed persons.

18      34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
19  and various asbestos-containing products manufactured, fabricated, inadequately researched,
20  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
21  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
22  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
23  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
24  cannot identify precisely which asbestos or asbestos-containing products caused the injuries
25  complained of herein.

26      35.     Plaintiff relied upon defendants', their "alternate entities'", and each of their
27  representations, lack of warnings, and implied warranties of fitness of asbestos and their
28  ///

1 asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
2 been injured permanently as alleged herein.

3     36.    As a direct and proximate result of the actions and conduct outlined herein,
4 Plaintiff has suffered the injuries and damages previously alleged.

5     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
6 ENTITIES, and each of them, as hereinafter set forth.

7
THIRD CAUSE OF ACTION<br>(Loss of Consortium)
8

9     AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF
10 ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF SANDRA LEONARD COMPLAINS
11 OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE
12 ELECTRIC CORPORATION), FOSTER WHEELER LLC (FKA FOSTER WHEELER
13 CORPORATION), GENERAL DYNAMICS CORPORATION, GENERAL ELECTRIC
14 COMPANY, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN
15 SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND
16 ALLEGES AS FOLLOWS:

17     37.    Plaintiffs incorporate by reference each and every paragraph of the First through
18 Second Causes of Action herein.

19     38.    Plaintiffs JOHN LEONARD and SANDRA LEONARD were married on
20 April 21, 2001, and at all times relevant to this action were, and are now, husband and wife.

21     39.    Prior to Plaintiff JOHN LEONARD's injuries as alleged, he was able and did
22 perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, JOHN
23 LEONARD has been unable to perform the necessary duties as a spouse and the work and
24 service usually performed in the care, maintenance and management of the family home, and he
25 will be unable to perform such work, service and duties in the future. As a proximate result
26 thereof, Plaintiff SANDRA LEONARD has been permanently deprived and will be deprived of
27 the consortium of her spouse, including the performance of duties, all to her damages, in an
28 amount presently unknown but which will be proved at the time of trial.

40. Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

41. As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff JOHN LEONARD as set forth in this complaint, Plaintiff SANDRA LEONARD has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

Plaintiff JOHN LEONARD:

(a) For Plaintiff's general damages according to proof;

(b) For Plaintiff's loss of income, wages and earning potential according to proof;

(c) For Plaintiff's medical and related expenses according to proof;

Plaintiff SANDRA LEONARD:

(d) For Plaintiff's damages for loss of consortium according to proof;

Plaintiffs JOHN LEONARD and SANDRA LEONARD:

(e) For Plaintiffs' cost of suit herein;

(f) As to defendant FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) for exemplary or punitive damages according to proof;

(g) For damages for fraud according to proof; and

///

///

(h)     For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: _7/23/12_                    BRAYTON❖PURCELL LLP

                                    By: _____
                                        David R. Donadio, Esq., S.B. #154436
                                        Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: _7/23/12_                    BRAYTON❖PURCELL LLP

                                    By: _____
                                        David R. Donadio, Esq., S.B. #154436
                                        Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

EXHIBIT A

<u>Plaintiff</u>: JOHN LEONARD

<u>Plaintiff's injuries</u>: Plaintiff was diagnosed with mesothelioma and asbestos-related pleural disease on or about September 2010.

<u>Retirement Status</u>: Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure §340.2.

<u>Defendants</u>: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed in this complaint.

| <u>Employer</u> | Location of <u>Exposure</u> | <u>Job Title</u> | Exposure <u>Dates</u> |
|---|---|---|---|
| Garrett E. Brown Brown Brothers Lathing & Plastering, Napa, CA | Various new homes, including but not limited to: | Lather (Apprentice) | 11/1958-3/1960 |
| | Country Club Crest Vallejo, CA | | |
| | Bel-Air Homes Napa, CA | | |
| US Department of Defense | Hunters Point Naval Shipyard San Francisco, CA Various vessels including but not limited to: | Pipefitter (Helper) | 10/24/1960-3/24/1962 |
| | <u>CORAL SEA</u> (CVA-43) | | |
| /// | <u>RANGER</u> (CVA-61) | | |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Mare Island Naval Shipyard, Vallejo, CA Shop 56; and onboard various vessels including but not limited to: | Pipefitter | 3/25/1962-9/24/1989 |
| | | Nuclear Tester | 10/30/1989-11/3/1995 |
| | MIDWAY (CVA-41) | | |
| | KITTY HAWK (CV-63) | | 1961-3/24/1962 |
| | ENTERPRISE (CVN-65) | | 1961-3/24/1962 |
| | ORISKANY (CVA-34) | | |
| | GUITARRO (SSN-665) | | 1965-5/1992 |
| | HAWKBILL (SSN-666) | | 1966-11/3/1995 |
| | DOLPHIN (AGSS-555) | | 1968-11/3/1995 |
| | WAHOO (SS-565) | | 1962-1983 |
| | SAILFISH (SS-572) | | 1962-1978 |
| | GRAYBACK (SSG-574) | | 1962-1984 |
| | SEAWOLF (SSN-575) | | 1962-1987 |
| | DARTER (SS-576) | | 1962-1989 |
| | SKIPJACK (SSN-585) | | 1962-1990 |
| | PERMIT (SSN-594) | | 1962-1991 |
| | BARB (SS-596) | | 1962-1989 |
| | GEORGE WASHINGTON (SSBN-599) | | 1962-1985 |
| | ROBERT E. LEE (SSBN-601) | | 1962-1983 |
| | HADDOCK (SSN-621) | | 1966-1993 |
| | JOHN MARSHALL (SSBN-611) | | 1962-1992 |
| | GUARDFISH (SSN-612) | | 1965-1992 |

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Mare Island Naval Shipyard, Vallejo, CA Shop 56; and onboard various vessels including but not limited to: | Pipefitter | 3/25/1962-9/24/1989 |
| | | Nuclear Tester | 10/30/1989-11/3/1995 |
| | FLASHER (SS-613) | | 1966-1992 |
| | THOMAS JEFFERSON (SSBN-618) | | 1962-1986 |
| | ANDREW JACKSON (SSBN-619) | | 1962-1995 |
| | DANIEL BOONE (SSBN-629) | | 1962-1994 |
| | GRAYLING (SSN-648) | | 1967-1995 |
| | ASPRO (SSN-648) | | 1967-1995 |
| | DRUM (SSN-677) | | 1968-1995 |
| | PLUNGER (SSN-595) | | 1962-1990 |
| | PINTADO (SSN-672) | | 1967-1992 |
| | HADDO (SSN-604) | | 1980-1991 |
| | YFN-1237 | | 1968-1972 |
| | MARIANO G. VALLEJO (SSBN-658) | | 1964-1995 |
| | KAMEHAMEHA (SSBN-642) | | 1963-1995 |
| | STONEWALL JACKSON (SSBN-634) | | 1962-1995 |
| | WOODROW WILSON (SSBN-624) | | 1962-1994 |
| | THEODORE ROOSEVELT (SSBN-600) | | 1962-1982 |
| | GURNARD (SSN-662) | | 1964-1995 |

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense (cont'd.) | Mare Island Naval Shipyard, Vallejo, CA Shop 56; and onboard various vessels including but not limited to: | Pipefitter | 3/25/1962-9/24/1989 |
| | | Nuclear Tester | 10/30/1989-11/3/1995 |
| | NAUTILUS (SSN-571) | | 6/1979-2/1980; 9/1981-8/1982 (3 months) |
| | Long Beach Naval Ship Yard, Long Beach, CA; LONG BEACH (CGN-9) | Pipefitter | 3/10/1969-4/5/1969 |

NON-OCCUPATIONAL EXPOSURES:

HOME REMODEL:
Plaintiff recalls in the 1970s applying and sanding GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION) joint compound while remodeling his home. Plaintiff currently contends he was exposed to asbestos as a result of this home remodel work.

FRICTION:
During the 1950s-1970s, plaintiff performed automotive repair work on his own personal vehicles. Plaintiff recalls working on vehicles manufactured by GENERAL MOTORS CORPORATION, and STUDEBAKER, including, but not limited to: a 1956 Chevrolet car, and 1957 Chevrolet car, a 1957 or 1958 Studebaker, and a 1958 GMC ½ ton truck. Plaintiff performed multiple brake and clutch replacement jobs. Plaintiff recalls using a wire brush and rags to clean the assembly. Plaintiff recalls using FEL-PRO gaskets (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.), and MR. GASKET gaskets. Plaintiff recalls replacing brakes and clutches manufactured by BORG WARNER (BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.). Plaintiff purchased asbestos-containing replacement brakes, clutches and gaskets from: NATIONAL AUTO PARTS, Vallejo, California; GRAND AUTO STORES, Vallejo, California. Plaintiff currently contends he was exposed to asbestos as a result of this automotive repair work.

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

JS 44 CAND  (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN LEONARD and SANDRA LEONARD | CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) , et al. |

**(b)** County of Residence of First Listed Plaintiff  Lewis  *E-filing*
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware/New York
   *(IN U.S. PLAINTIFF CASES ONLY)*
   NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
   THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David R. Donadio, Esq.
Brayton<>Purcell LLP, 222 Rush Landing Road,
Novato, CA 94948-6169

Attorneys *(If Known)*

CV 12 3853 YGR

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS---Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding
☐ 2 Removed from
     State Court
☐ 3 Remanded from
     Appellate Court
☐ 4 Reinstated or
     Reopened
☐ 5 Transferred from
     another district
     *(specify)*
☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity of Citizenship; 28 USC Section 1332

Brief description of cause:
Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____      DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
**(Place an "X" in One Box Only)**

☒ SAN FRANCISCO/OAKLAND      ☐ SAN JOSE      ☐ EUREKA

DATE  7/23/12      SIGNATURE OF ATTORNEY OF RECORD