Cat08

# U.S. District Court
## Northern District of Ohio (Akron)
### CIVIL DOCKET FOR CASE #: 5:12-cv-10002-DDD

Gorrell v. Goodyear Tire & Rubber Company et al
Assigned to: Judge David D. Dowd, Jr
Case in other court:  Summit County Court of Common
                      Pleas, 2012 02 0581
Cause: 28:1441 Petition for Removal

Date Filed: 06/29/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Lois Gorrell**
*as Executrix of the Estate of*
*other*
Alvin Winslow
*other*
Audrey Winslow

represented by **Joshua P. Grunda**
Bevan & Associates
6555 Dean Memorial Pkwy.
Boston Heights, OH 44236
330-650-0088
Fax: 330-467-4493
Email: jgrunda@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick M. Walsh**
Bevan & Associates
6555 Dean Memorial Pkwy.
Boston Heights, OH 44236
330-650-0088
Fax: 330-467-4493
Email: pwalsh9246@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas W. Bevan**
Bevan & Associates
10360 Northfield Road
Northfield, OH 44067
330-467-8571
Fax: 330-650-0088
Email: bevantc@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica M. Bacon**
Bevan & Associates
6555 Dean Memorial Parkway
Boston Heights, OH 44236
330-650-0088
Fax: 330-467-4493

*TERMINATED: 07/16/2012*

V.

**Defendant**

**Goodyear Tire & Rubber Company**          represented by **Richard D. Schuster**
                                                           Vorys, Sater, Seymour & Pease -
                                                           Cleveland
                                                           2100 One Cleveland Center
                                                           1375 East Ninth Street
                                                           Cleveland, OH 44114
                                                           216-479-6115
                                                           Fax: 216-937-3774
                                                           Email: rdschuster@vssp.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Co.**                      represented by **John P. Patterson**
                                                           Tucker, Ellis & West
                                                           1150 Huntington Bldg.
                                                           925 Euclid Avenue
                                                           Cleveland, OH 44115
                                                           216-592-5000
                                                           Fax: 216-592-5009
                                                           Email: jpatterson@tuckerellis.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**BAE Systems Inc.**                         represented by **Erika J. Schoenberger**
                                                           Frost Brown Todd - Columbus
                                                           Ste. 2300
                                                           10 West Broad Street
                                                           Columbus, OH 43215
                                                           614-559-7236
                                                           Fax: 614-464-1737
                                                           Email: eschoenberger@fbtlaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**BAE Systems Information and
Electronic Systems Integration, Inc.**       represented by **Erika J. Schoenberger**
*formerly known as*                                        (See above for address)
BAE Systems Aerospace Inc.                                 *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Boeing Company**                           represented by **Matthew C. O'Connell**

*Individually and as Successor in Interest to McDonnell Douglas Corp, North American Rockwell, North American Aviation, and Rockwell International*

Sutter, O'Connell, Mannion & Farchone - Cleveland
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114
216-928-2200
Fax: 216-928-4400
Email: moconnell@sutter-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas R. Simek**
Sutter, O'Connell, Mannion & Farchone - Cleveland
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114
216-928-4519
Fax: 216-928-3683
Email: dsimek@sutter-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Boeing North American, Inc.**            represented by   **Douglas R. Simek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew C. O'Connell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Borg-Warner Corporation**            represented by   **Kurt S. Siegfried**
*by its Successor in Interest BorgWarner Morse TEC, Inc.*

Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-583-7196
Fax: 216-583-7197
Email: ksiegfried@ulmer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CIBA-Geigy Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Curtiss-Wright Corporation**                    represented by   **Douglas R. Simek**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Matthew C. O'Connell**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Cytec Industries, Inc.**
*formerly known as*
American Cyanamid

**Defendant**

**Dexter Corporation**

**Defendant**

**Dexter Hysol Aerospace LLC**

**Defendant**

**EADS North America, Inc.**

**Defendant**

**Eaton Aeroquip Inc.**
*formerly known as*
Aeroquip Corporation

**Defendant**

**Ford Motor Company**

**Defendant**

**General Dynamics Corporation**              represented by   **Richard D. Schuster**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Co.**

**Defendant**

**General Tire International Company**

**Defendant**

**Goodrich Corporation**                      represented by   **Richard D. Schuster**
*Individually and as Successor in*                             (See above for address)
*Interest to B.F. Goodrich Aerospace,*                         *LEAD ATTORNEY*
*B.F. Goodrich Company, and Rohr*                              *ATTORNEY TO BE NOTICED*
*Corporation*

**Defendant**

**Hawker Beechcraft Corporation**

**Defendant**

**Henkel Corporation**                    represented by   **Richard D. Schuster**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**
*formerly known as*
AlliedSignal Inc. f/k/a Bendix
Corporation

**Defendant**

**IMO Industries, Inc.**                    represented by   **Daniel J. Michalec**
*as Successor in Interest to Adel*                          Gallagher Sharp - Cleveland
*Fasteners*                                                 6th Floor
                                                           Bulkley Bldg.
                                                           1501 Euclid Avenue
                                                           Cleveland, OH 44115
                                                           216-522-1090
                                                           Fax: 216-241-1608
                                                           Email: dmichalec@gsfn.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kevin C. Alexandersen**
                                                           Gallagher Sharp - Cleveland
                                                           6th Floor
                                                           Bulkley Bldg.
                                                           1501 Euclid Avenue
                                                           Cleveland, OH 44115
                                                           216-522-1098
                                                           Fax: 216-241-1608
                                                           Email:
                                                           kalexandersen@gallaghersharp.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Industrial Holdings Corporation**         represented by   **Richard D. Schuster**
*formerly known as*                                         (See above for address)
Carborundum Corporation                                     *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**                   represented by   **Daniel J. Michalec**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kevin C. Alexandersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lockheed Martin Corporation**     represented by     **Samuel R. Martillotta**
Mansour Gavin Gerlack & Manos
Ste. 2150
55 Public Square
Cleveland, OH 44113-1994
216-523-1500
Fax: 216-523-1705
Email: docket@mggmlpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward O. Patton**
Mansour, Gavin, Gerlack & Manos
2150 Illuminating Bldg.
55 Public Square
Cleveland, OH 44113
216-523-1500 x 262
Fax: 216-523-1705
Email: epatton@mggmlpa.com
*ATTORNEY TO BE NOTICED*

**Jeffrey M. Embleton**
Mansour, Gavin, Gerlack & Manos
2150 Illuminating Bldg.
55 Public Square
Cleveland, OH 44113
216-523-1500
Fax: 216-523-1705
Email: jembleton@mggmlpa.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**McDonnell Douglas Corporation**     represented by     **Douglas R. Simek**
*Individually and as Successor in*     (See above for address)
*Interest to North American Aviation*     *ATTORNEY TO BE NOTICED*

**Matthew C. O'Connell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Meggitt Aircraft Braking Systems**     represented by     **Richard D. Schuster**
*formerly known as*     (See above for address)

Goodyear Tire & Rubber Co.                                    *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Meritor, Inc.**                          represented by  **Michael A. Thomas**
*Successor in Interest to Rockwell*                        Ste. 250
*International Corporation*                                1154 Linda Street
                                                           Rocky River, OH 44116
                                                           440-356-6900
                                                           Fax: 440-356-6901
                                                           Email: avukat@ameritech.net
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Northrop Grumman Systems**               represented by  **F. Maximilian Czernin**
**Corporation**                                            Squire Sanders (US) - Cleveland
                                                           4900 Key Tower
                                                           127 Public Square
                                                           Cleveland, OH 44114
                                                           216-479-8500
                                                           Fax: 216-479-8780
                                                           Email: maximilian.czernin@ssd.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Laura K. Hong**
                                                           Squire Sanders (US) - Cleveland
                                                           4900 Key Tower
                                                           127 Public Square
                                                           Cleveland, OH 44114
                                                           216-479-8554
                                                           Fax: 216-479-8780
                                                           Email: laura.hong@ssd.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Novartis Corporation**
*Individually and as Successor in*
*Interest to Ciba-Geigy Corporation*

**Defendant**

**Parker-Hannifin Corporation**            represented by  **John P. Patterson**
*Individually and as Successor in*                         (See above for address)
*Interest to Stratoflex*                                   *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex Corporation**                represented by  **Christopher J. Caryl**

Tucker Ellis - Cleveland
Ste. 1150
925 Euclid Avenue
Cleveland, OH 44115
216-592-5000
Fax: 216-592-5009
Email:
christopher.caryl@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph J. Morford**
Tucker Ellis - Cleveland
Ste. 1150
925 Euclid Avenue
Cleveland, OH 44115
216-592-5000
Fax: 216-592-5009
Email: joseph.morford@tuckerellis.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arun J. Kottha**
Tucker Ellis - Cleveland
Ste. 1150
925 Euclid Avenue
Cleveland, OH 44115
216-696-2537
Fax: 216-592-5009
Email: arun.kottha@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rolls Royce PLC**                    represented by    **Richard C. Binzley**
Thompson Hine - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114
216-566-7995
Fax: 216-566-7970
Email:
Dick.Binzley@ThompsonHine.com
*ATTORNEY TO BE NOTICED*

**Susan K. Dirks**
Thompson Hine - Cleveland
3900 Key Tower
127 Public Square
Cleveland, OH 44114

216-566-5500
Fax: 216-566-5800
Email: susan.dirks@thompsonhine.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Saint-Gobain Abrasives, Inc.**
*formerly known as*
Norton Company

**Defendant**

**United Technologies Corporation**
*Individually and for its unincorporated
division*

**Defendant**

**Yarway Corporation**

**Defendant**

**Zallea Systems, Inc.**

**Defendant**

**John Doe 1 through 100**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2012 | | Judge David D. Dowd, Jr assigned to case. (C,BA) (Entered: 07/02/2012) |
| 06/29/2012 | 1 | **Notice of Removal** from Summit County Court of Common Pleas, case number 2012 02 0581 with jury demand, Filing fee paid. Receipt # 14660053719. Filed by Northrop Grumman Systems Corporation. (Attachments: # 1 Exhibit A - Summons & State Complaint, # 2 Exhibit B - Answer of def Northrop Grumman, # 3 Exhibit C - Discovery requests, # 4 Civil Cover Sheet) (C,BA) (Entered: 07/02/2012) |
| 06/29/2012 | 2 | Corporate Disclosure Statement indentifying Northrop Grumman Corporation as corporate parent of Grumman Systems Corporation. Filed by Northrop Grumman Systems Corporation. (C,BA) Modified text on 7/3/2012 (S,HR). (Entered: 07/02/2012) |
| 07/05/2012 | | **Notice** to Attorney Jessica M. Bacon. The Court finds no record of your being admitted to practice in the Northern District of Ohio. Pursuant to LR 83.5, an Application for Admission to Practice or a Motion to be Admitted Pro Hac Vice in this case must be filed within 10 business days. The local rules and the attorney admission application are available on the court's web site at: www.ohnd.uscourts.gov. If you are not the attorney of record in this case, a Motion to Withdraw as Attorney pursuant to LR 83.9 must be filed within 10 business days. Notice sent to attorney by U.S. Mail on 7/5/2012. Related document(s) 1 . (P,G) (Entered: 07/05/2012) |

| 07/10/2012 | 3 | Attorney Appearance by Arun J. Kottha , *Joseph J. Morford and Christopher J. Caryl* filed by on behalf of Pneumo Abex Corporation. (Kottha, Arun) (Entered: 07/10/2012) |
| 07/10/2012 | 4 | Corporate Disclosure Statement filed by Pneumo Abex Corporation. (Kottha, Arun) (Entered: 07/10/2012) |
| 07/11/2012 | 5 | Attorney Appearance by John P. Patterson filed by on behalf of A.W. Chesterton Co.. (Patterson, John) (Entered: 07/11/2012) |
| 07/11/2012 | 6 | Corporate Disclosure Statement filed by A.W. Chesterton Co.. (Patterson, John) (Entered: 07/11/2012) |
| 07/11/2012 | 7 | Corporate Disclosure Statement filed by Parker-Hannifin Corporation. (Patterson, John) (Entered: 07/11/2012) |
| 07/11/2012 | 8 | Attorney Appearance by John P. Patterson filed by on behalf of Parker-Hannifin Corporation. (Patterson, John) (Entered: 07/11/2012) |
| 07/12/2012 | 9 | **Motion** by Jessica Bacon to withdraw as attorney filed by Plaintiff Lois Gorrell. (Bevan, Thomas) (Entered: 07/12/2012) |
| 07/16/2012 | | **Order** [non-document] granting Motion to withdraw as attorney. Attorney Jessica M. Bacon removed from case. (Related Doc # 9 ). Approved by Judge David D. Dowd, Jr. on 7/16/2012. (M,De) (Entered: 07/16/2012) |
| 07/24/2012 | 10 | Attorney Appearance by Susan K. Dirks filed by on behalf of Rolls Royce PLC. (Dirks, Susan) (Entered: 07/24/2012) |
| 07/24/2012 | 11 | Corporate Disclosure Statement identifying Corporate Parent Rolls-Royce Group PLC; identifying Corporate Parent Rolls-Royce Holdings, PLC for Rolls Royce PLC filed by Rolls Royce PLC. (Dirks, Susan) Modified to add additional corporate parent on 7/26/2012 (S,He). (Entered: 07/24/2012) |
| 07/24/2012 | 12 | Attorney Appearance by Richard C. Binzley filed by on behalf of Rolls Royce PLC. (Binzley, Richard) (Entered: 07/24/2012) |
| 07/24/2012 | 13 | Attorney Appearance by Matthew C. O'Connell and Douglas R. Simek filed on behalf of Boeing Company, Boeing North American, Inc., McDonnell Douglas Corporation. (O'Connell, Matthew) Modified to add additional attorney on 7/26/2012 (S,He). (Entered: 07/24/2012) |
| 07/24/2012 | 14 | Attorney Appearance by Matthew C. O'Connell and Douglas R. Simek filed on behalf of Curtiss-Wright Corporation. (O'Connell, Matthew) Modified to add additional attorney on 7/26/2012 (S,He). (Entered: 07/24/2012) |
| 07/26/2012 | | Notice by Clerk that Boeing Company, Boeing North American, Inc., McDonnell Douglas Corporation, and Curtiss-Wright Corporation failed to file corporate disclosure statements as required by Local Rule 3.13(b). (S,He) (Entered: 07/26/2012) |
| 07/26/2012 | 15 | Corporate Disclosure Statement filed by Boeing Company. (O'Connell, Matthew) (Entered: 07/26/2012) |
| 07/26/2012 | 16 | Corporate Disclosure Statement filed by Boeing North American, Inc.. |

| | | |
|---|---|---|
| | | (O'Connell, Matthew) (Entered: 07/26/2012) |
| 07/26/2012 | 17 | Corporate Disclosure Statement filed by McDonnell Douglas Corporation. (O'Connell, Matthew) (Entered: 07/26/2012) |
| 07/26/2012 | 18 | Attorney Appearance by Jeffrey M. Embleton and Edward O. Patton filed by on behalf of Lockheed Martin Corporation. (Patton, Edward) Modified text to include both attorneys on 7/27/2012 (R,Sh). (Entered: 07/26/2012) |
| 07/26/2012 | 19 | Corporate Disclosure Statement filed by Lockheed Martin Corporation. (Patton, Edward) (Entered: 07/26/2012) |
| 07/26/2012 | 20 | Corporate Disclosure Statement filed by Curtiss-Wright Corporation. (O'Connell, Matthew) (Entered: 07/26/2012) |
| 07/27/2012 | 21 | Attorney Appearance by Kevin C. Alexandersen and Daniel J. Michalec filed by on behalf of Ingersoll-Rand Company. (Alexandersen, Kevin) Modified text to include both attorneys on 7/27/2012 (R,Sh). (Entered: 07/27/2012) |
| 07/27/2012 | 22 | Corporate Disclosure Statement filed by Ingersoll-Rand Company. (Alexandersen, Kevin) (Entered: 07/27/2012) |
| 07/27/2012 | 23 | Attorney Appearance by Kevin C. Alexandersen Daniel J. Michalec filed by on behalf of IMO Industries, Inc. (Alexandersen, Kevin) Modified text to include both attorney names on 7/27/2012 (R,Sh). (Entered: 07/27/2012) |
| 07/27/2012 | 24 | Corporate Disclosure Statement filed by IMO Industries, Inc.. (Alexandersen, Kevin) (Entered: 07/27/2012) |

### PACER Service Center

#### Transaction Receipt

07/31/2012 10:14:00

| PACER Login: | vs0084 | Client Code: | 000796-098022/2559 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 5:12-cv-10002-DDD |
| Billable Pages: | 8 | Cost: | 0.80 |

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

2012 FEB -2 AM 7:48

| | |
|---|---|
| Lois Gorrell as Executrix of the Estate of Alvin Winslow, and Audrey Winslow, Individually<br>1868 North Longview Street<br>Beavercreek, OH 45432<br>(Mesothelioma) | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) ) |
| Goodyear Tire & Rubber Company<br>1144 East Market Street<br>Akron, Ohio 44316 | ) ) ) ) |
| A.W. Chesterton Co.<br>500 Unicorn Park Dr.<br>Woburn, MA 01801 | ) ) ) ) |
| BAE Systems Information and Electronic Systems Integration Inc., f/k/a BAE Systems Aerospace Inc.<br>164 Totowa Road<br>Wayne, NJ 07474 | ) ) ) ) ) |
| BAE Systems Inc.<br>CT Corporation System<br>1300 East 9th Street<br>Cleveland, OH 44114 | ) ) ) ) ) |
| The Boeing Company, Individually and as Successor in Interest to McDonnell Douglas Corporation, North American Rockwell, North American Aviation, and Rockwell International Corporation Service Company<br>50 W. Broad St., Suite 1800<br>Columbus, OH 43215 | ) ) ) ) ) ) ) ) ) |
| Boeing North American, Inc.<br>CSC Lawyers Incorporating Service<br>1300 E 9th Street | ) ) ) |

Case No.: 2012 02 0581
AC

ASSIGNED TO JUDGE GALLAGHER

ASSIGNED TO JUDGE SHAPIRO

Judge:

**COMPLAINT**
(Personal Injury, Loss of Consortium and Wrongful Death)

JURY DEMAND

Cleveland, OH 44114                              )
                                                 )
Borg-Warner Corporation, by its Successor        )
in Interest BorgWarner Morse TEC, Inc.           )
3850 Hamlin Road                                 )
Auburn Hills, MI 48326                           )
                                                 )
Ciba-Geigy Corporation                           )
The Prentice-Hall Corporation System, Inc.       )
80 State Street                                  )
Albany, NY 12207                                 )
                                                 )
Crane Co.                                        )
CT Corporation System                            )
1300 East 9th Street                             )
Cleveland, OH 44114                              )
                                                 )
Curtiss-Wright Corporation                       )
10 Waterview Blvd., 2nd Floor                    )
Parsippani, NJ 07054                             )
                                                 )
Cytec Industries Inc., f/k/a American Cyanamid   )
CT Corporation System                            )
1300 East 9th Street                             )
Cleveland, OH 44114                              )
                                                 )
Dexter Corporation                               )
CT Corporation System                            )
One Corporate Center                             )
Floor 11                                         )
Hartford, CT 06103                               )
                                                 )
Dexter Hysol Aerospace LLC                       )
CT Corporation System                            )
818 W. Seventh Street                            )
Los Angeles, CA 90017                            )
                                                 )
EADS North America, Inc.                         )
NRAI Services, Inc.                              )
515 E. Park Ave.                                 )
Tallahassee, FL 32301                            )
                                                 )
Eaton Aeroquip Inc., f/k/a Aeroquip             )
Corporation                                      )
CT Corporation System                            )
1300 East 9th Street                             )

Cleveland, OH 44114                                )
                                                   )
Ford Motor Company                                 )
CT Corporation System                              )
1300 East 9th Street                               )
Cleveland, OH 44114                                )
                                                   )
General Dynamics Corporation                       )
CT Corporation System                              )
1300 East 9th Street                               )
Cleveland, OH 44114                                )
                                                   )
General Electric Co.                               )
CT Corporation System                              )
1300 East 9th Street                               )
Cleveland, OH 44114                                )
                                                   )
General Tire International Company                  )
CT Corporation System                              )
1300 East 9th Street                               )
Cleveland, OH 44114                                )
                                                   )
Goodrich Corporation, Individually and as          )
Successor in Interest to B.F. Goodrich Aerospace,  )
The B.F. Goodrich Company, and Rohr                )
Corporation                                        )
Corporation Service Company                        )
50 W. Broad St., Suite 1800                        )
Columbus, OH 43215                                 )
                                                   )
Hawker Beechcraft Corporation                      )
9709 East Central                                  )
Wichita, KS 67206                                  )
                                                   )
Henkel Corporation                                 )
Corporation Service Company                        )
50 W. Broad St., Suite 1800                        )
Columbus, OH 43215                                 )
                                                   )
Honeywell International Inc., f/k/a AlliedSignal,   )
Inc., f/k/a The Bendix Corporation                 )
Corporation Service Company                        )
50 W. Broad St., Suite 1800                        )
Columbus, OH 43215                                 )
                                                   )
IMO Industries, Inc., as successor in interest to  )

3

Adel Fasteners                                          )
Corporation Service Company                             )
50 W. Broad St., Suite 1800                             )
Columbus, OH 43215                                      )
                                                        )
Industrial Holdings Corporation f/k/a                   )
Carborundum Corporation                                 )
The Prentice-Hall Corporation System, Inc.              )
80 State Street                                         )
Albany, NY 12207                                        )
                                                        )
Ingersoll-Rand Company                                  )
CT Corporation System                                   )
1300 East 9th Street                                    )
Cleveland, OH 44114                                     )
                                                        )
Lockheed Martin Corporation                             )
Corporation Service Company                             )
50 W. Broad St., Suite 1800                             )
Columbus, OH 43215                                      )
                                                        )
McDonnell Douglas Corporation, Individually             )
and as successor-in-interest to North American          )
Aviation                                                )
100 N. Riverside Pl.                                    )
Chicago, IL 63134                                       )
                                                        )
Meggitt Aircraft Braking Systems, f/k/a The             )
Goodyear Tire & Rubber Co.                              )
CT Corporation System                                   )
1300 East 9th Street                                    )
Cleveland, OH 44114                                     )
                                                        )
Meritor, Inc., Successor-in-Interest to                 )
Rockwell International Corporation                       )
CT Corporation System                                   )
1300 East 9th Street                                    )
Cleveland, OH 44114                                     )
                                                        )
Northrop Grumman Corporation                            )
CT Corporation System                                   )
1300 East 9th Street                                    )
Cleveland, OH 44114                                     )
                                                        )
Novartis Corporation, Individually and                  )
successor-in-interest to Ciba-Geigy Corporation         )

The Prentice-Hall Corporation System, Inc. )
80 State Street )
Albany, NY 12207 )
 )
Parker-Hannifin Corporation, Individually and as )
Successor-in-interest to Stratoflex )
CT Corporation System )
1300 East 9th Street )
Cleveland, OH 44114 )
 )
Pneumo Abex Corporation )
The Prentice-Hall Corporation System, Inc. )
50 W Broad Street, Suite 1800 )
Columbus, OH 43215 )
 )
Rolls Royce PLC. )
14850 Conference Ctr. Drive, #100 )
Chantilly, VA 20151 )
 )
Saint-Gobain Abrasives, Inc., f/k/a Norton )
Company )
1 New Bond St. )
Worcester, MA 01615 )
 )
United Technologies Corporation, Individually )
and for its unincorporated division )
Pratt & Whitney Co., Inc. )
1 Charter Oak Blvd. )
West Hartford, CT 06110 )
 )
Yarway Corporation )
CT Corporation System )
1300 East 9th Street )
Cleveland, OH 44114 )
 )
Zallea Systems, Inc. )
The Corporation Trust Company )
1633 Broadway )
New York, NY 10019 )
 )
John Doe, 1 through 100, inclusive )
Manufacturers, Sellers or Installers of )
Asbestos-Containing (Names & Addressed )
unknown) )
 )
 )

Defendants                    )
                              )

## COMPLAINT

1.     Plaintiff's Decedent Alvin Winslow, was formerly a resident of the State of Ohio.

2.     Plaintiff is informed and believes that Defendants are corporations organized and existing under the laws of the State of Ohio, or of some other state of the United States of America, or of some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted, business in the State of Ohio. Each Defendant used, manufactured, supplied and/or distributed asbestos in the State of Ohio, or other states in such a manner that caused injury to Plaintiff's Decedent.

3.     Plaintiff's Decedent was exposed to asbestos through his work on various aircraft as an aircraft mechanic from the 1940's through the 1970's.  In addition, Plaintiff's Decedent was exposed to asbestos-containing automotive products from his work on automobiles.

4.     At all times mentioned herein, Defendants were the agents, servants, employees, and/or joint ventures of their Co-Defendants and were, as such, acting within the scope, course, and authority of said agency employment, and/or joint venture; and each ratified and approved the acts of its agents, servants, employees, and/or joint ventures, and was responsible in some manner for the injuries and damages to Plaintiff as set forth hereinafter.

5.     At all times mentioned herein, Defendants were and are engaged in the business of manufacturing, fabricating, designing, using, assembling, distributing, leasing, buying, selling, inspecting, installing, servicing, repairing, marketing, and/or advertising asbestos and/or other products or components of products containing asbestos and Defendants owed Plaintiff a duty to conduct their business with due care for Plaintiff's Decedent's safety.

6.     Defendant A.W. Chesterton Co. is and at all relevant times was a manufacturer and seller of gaskets, packing and other products that contained asbestos. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these gaskets and other products and was exposed to asbestos as a result of such work.

7.     Defendant BAE Systems Information and Electronic Systems Integration Inc., f/k/a BAE Systems Aerospace Inc., is and at all relevant times was a manufacturer of Vickers and Brittania aircraft.  These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

8.     Defendant BAE Systems Inc. is and at all relevant times was a manufacturer of Vickers and Brittania aircraft.  These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

9.     Defendant The Boeing Company, Individually and as Successor in Interest to McDonnell Douglas Corporation, North American Rockwell, North American Aviation, and Rockwell International is and at all relevant times was a manufacturer of Boeing, Douglas, North American and Rockwell aircraft. These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others.  The Decedent, Mr.

Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

10.     Defendant Boeing North American, Inc. is and at all relevant times was a manufacturer of Boeing and Douglas aircraft. These aircraft incorporated asbestos-containing components such as brake assemblies and linings, gaskets, engines, clamps, and many others. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

11.     Defendant Borg-Warner Corporation, by its Successor in Interest BorgWarner Morse TEC, Inc. is and at all relevant times was a manufacturer of automotive parts, including asbestos-containing clutches. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these clutches on his automobiles and was exposed to asbestos as a result of such work.

12.     Defendant Ciba-Geigy Corporation is and at all relevant times was a manufacturer of asbestos-containing adhesives, phenolics and resins for use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, phenolics and resins and was exposed to asbestos as a result of such work.

13.     Defendant Crane Co. is and at all relevant times was a manufacturer and supplier of asbestos-containing aircraft component parts, including pumps, valves, hoses and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these pumps, valves, hoses and other components and was exposed to asbestos as a result of such work.

14.     Defendant Curtiss-Wright Corporation is and at all relevant times was a manufacturer of aircraft component parts, including engines that contained asbestos clamps, gaskets and asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these engines, gaskets and other components and was exposed to asbestos as a result of such work.

15.     Defendant Cytec Industries Inc., f/k/a American Cyanamid is and at all relevant times was a manufacturer of asbestos-containing adhesives, phenolics and resins for use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, phenolics and resins and was exposed to asbestos as a result of such work.

16.     Defendant Dexter Corporation is and at all relevant times was a manufacturer of asbestos-containing adhesives, mastics, phenolics and other asbestos-containing components for use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, mastics and phenolics and was exposed to asbestos as a result of such work.

17.     Defendant Dexter Hysol Aerospace LLC is and at all relevant times was a manufacturer of asbestos-containing adhesives, mastics, phenolics and other asbestos-containing components for use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, mastics and phenolics and was exposed to asbestos as a result of such work.

18.     Defendant EADS North America, Inc. is and at all relevant times was a manufacturer of Airbus aircraft. These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, clamps, and many others. The Decedent, Mr. Winslow,

7

worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work

19.     Defendant Eaton Aeroquip Inc., f/k/a Aeroquip Corporation is and at all relevant times was a manufacturer of asbestos-containing aircraft component parts, including hose assemblies, firesleeves and other asbestos-containing components.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these hose assemblies, firesleeves and other products and was exposed to asbestos as a result of such work.

20.     Defendant Ford Motor Company is and at all relevant times was a manufacturer of automobiles and asbestos-containing automotive parts, including asbestos-containing brake assemblies.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brake assemblies on his automobiles and was exposed to asbestos as a result of such work.

21.     Defendant General Dynamics Corporation is and at all relevant times was a manufacturer of Convair aircraft.  These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

22.     Defendant General Electric Co. is and at all relevant times was a manufacturer of aircraft component parts, including engines that contained asbestos clamps, gaskets, insulation and other asbestos-containing components.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these engines and components and was exposed to asbestos as a result of such work.

23.     Defendant General Tire International Company is and at all relevant times was a manufacturer of aircraft component parts, including brake assemblies and linings, that contained asbestos and asbestos-containing components.    The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brakes and other components and was exposed to asbestos as a result of such work.

24.     Defendant Goodrich Corporation, Individually and as Successor in Interest to B.F. Goodrich Aerospace, The B.F. Goodrich Company, and Rohr Corporation is and at all relevant times was a manufacturer of aircraft component parts, including brake assemblies, linings, heatshields, gaskets, adhesives and insulating materials, that contained asbestos and asbestos-containing components.    The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brakes and other components and was exposed to asbestos as a result of such work.

25.     Defendant The Goodyear Tire & Rubber Company is and at all relevant times was a manufacturer of aircraft component parts, including brake assemblies and linings, that contained asbestos and asbestos-containing components.    The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brakes and other components and was exposed to asbestos as a result of such work.

26.     Defendant Hawker Beechcraft Corporation is and at all relevant times was a manufacturer of Beech aircraft.  These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others.  The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

27.     Defendant Henkel Corporation is and at all relevant times was a manufacturer of asbestos-containing adhesives, mastics, phenolics and other asbestos-containing components for

8

use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, mastics and phenolics and was exposed to asbestos as a result of such work.

28.     Defendant Honeywell International Inc., f/k/a AlliedSignal, Inc., f/k/a The Bendix Corporation is and at all relevant times was a manufacturer of aircraft and automotive component parts, including brake assemblies and linings, engine components, accessories, electronic, avionics, and other components that contained asbestos. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brakes and other components and was exposed to asbestos as a result of such work.

29.     Defendant IMO Industries, Inc., as successor in interest to Adel Fasteners is and at all relevant times was a manufacturer of asbestos-containing aircraft component parts, including clamps and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these clamps and other components and was exposed to asbestos as a result of such work.

30.     Defendant Industrial Holdings Corporation f/k/a Carborundum Corporation is and at all relevant times was a manufacturer of asbestos-containing grinding wheels and other asbestos-containing components. The Decedent, Mr. Winslow, used these grinding wheels in his work and was exposed to asbestos as a result of such work.

31.     Defendant Ingersoll-Rand Company is and at all relevant times was a manufacturer of asbestos-containing equipment, including air compressors, pumps and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these air compressors, pumps and other components and was exposed to asbestos as a result of such work.

32.     Defendant Lockheed Martin Corporation is and at all relevant times was a manufacturer of Lockheed aircraft. These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

33.     Defendant McDonnell Douglas Corporation, Individually and as successor-in-interest to North American Aviation is and at all relevant times was a manufacturer of Douglas aircraft. These aircraft incorporated asbestos-containing components such as brake assemblies and linings, engines, gaskets, clamps, and many others. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

34.     Defendant Meggitt Aircraft Braking Systems, f/k/a The Goodyear Tire & Rubber Co. is and at all relevant times was a manufacturer of aircraft component parts, including brake assemblies and linings, that contained asbestos and asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brakes and other components and was exposed to asbestos as a result of such work.

35.     Defendant Meritor, Inc., Successor-in-Interest to Rockwell International Corporation is and at all relevant times was a manufacturer of Rockwell automotive parts, including asbestos-containing brake assemblies. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brake assemblies on his automobiles and was exposed to asbestos as a result of such work.

36.     Defendant Northrop Grumman Corporation is and at all relevant times was a manufacturer of Grumman aircraft. These aircraft incorporated asbestos-containing components

such as brake assemblies and linings, engines, gaskets, clamps, and many others. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft and was exposed to asbestos as a result of such work.

37.    Defendant Novartis Corporation, Individually and successor-in-interest to Ciba-Geigy Corporation is and at all relevant times was a manufacturer of asbestos-containing adhesives, phenolics and resins for use on aircraft. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing the components of these aircraft which required adhesives, phenolics and resins and was exposed to asbestos as a result of such work.

38.    Defendant Parker-Hannifin Corporation, Individually and as Successor-in-interest to Stratoflex is and at all relevant times was a manufacturer of asbestos-containing aircraft component parts, including brake assemblies, hose assemblies, firesleeves and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brake assemblies, hose assemblies, firesleeves and other products and was exposed to asbestos as a result of such work.

39.    Defendant Pneumo Abex Corporation is and at all relevant times was a manufacturer of aircraft and automotive component parts, including brake linings, that contained asbestos and asbestos-containing components.    The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these brake linings and other components and was exposed to asbestos as a result of such work.

40.    Defendant Rolls Royce PLC. is and at all relevant times was a manufacturer of aircraft component parts, including engines that contained asbestos clamps, gaskets, insulation and other asbestos-containing components.    The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these engines and other components and was exposed to asbestos as a result of such work.

41.    Defendant Saint-Gobain Abrasives, Inc., f/k/a Norton Company is and at all relevant times was a manufacturer of asbestos-containing grinding wheels and other asbestos-containing components. The Decedent, Mr. Winslow, worked using these grinding wheels and was exposed to asbestos as a result of such work.

42.    Defendant United Technologies Corporation, Individually and for its unincorporated division Pratt & Whitney Co., Inc. is and at all relevant times was a manufacturer of aircraft component parts, including engines that contained asbestos clamps, gaskets, insulation and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these engines and other components and was exposed to asbestos as a result of such work.

43.    Defendant Yarway Corporation is and at all relevant times was a manufacturer and of asbestos-containing equipment, including valves, and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these valves and other components and was exposed to asbestos as a result of such work.

44.    Defendant Zallea Systems, Inc. is and at all relevant times was a manufacturer of asbestos-containing aircraft component parts, including hose assemblies, firesleeves and other asbestos-containing components. The Decedent, Mr. Winslow, worked disassembling, repairing, re-assembling, and installing these hose assemblies, firesleeves and other products and was exposed to asbestos as a result of such work.

## FIRST CAUSE OF ACTION

45.     Plaintiff re-alleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

46.     Plaintiff's Decedent used, handled, and was otherwise exposed to asbestos products or products requiring asbestos components of one, all, or a combination of Defendants for a substantial period of years, in a manner that was reasonably foreseeable to Defendants.

47.     Within two years prior to the filing of this Complaint, Plaintiff learned for the first time, that Decedent's exposure to Defendants' products had directly and proximately caused Decedent to suffer from and die from the disease mesothelioma which was caused by exposure to the asbestos and/or asbestos-containing products of the Defendants and on the Defendants' equipment.  As a direct and proximate result of said exposure, Plaintiff's Decedent sustained permanent and serious injuries to his body, lungs, respiratory system, and cardiovascular system, including mesothelioma and suffered pain and suffering, and incurred medical bills for his care and treatment.

48.     Defendants knew, or in the exercise of reasonable care should have known, that their products were and are unreasonably harmful to the body, lungs, respiratory system, and cardiovascular system of any person installing, handling, and/or working with or around Defendants' products.

49.     Defendants negligently researched, tested, used, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, serviced, installed, and/or sold the asbestos, asbestos-containing products, or products requiring asbestos components to which Decedent was exposed.

50.     As set forth above, Plaintiff's Decedent's injuries, damages, and ultimate death were directly and proximately caused by the negligence of each Defendant and by each Defendant's:

a.        negligent failure to adequately warn Plaintiff's Decedent of the dangers and harms inherent in the exposure to its products;

b.        negligent failure to coat, treat, encapsulate, or otherwise process, package, or label its products so as to prevent the generation of airborne particulates and dust which are unreasonably dangerous to persons exposed to such products;

c.        negligent failure to specify, recommend, supply, install, sell, and use readily available substitutes for their unreasonably dangerous products that would not pose hazards to human health;

d.        negligent failure to warn Plaintiff's Decedent of the dangers of exposure to its asbestos products and asbestos-containing products;

e.        negligent design of its products.

51.     As a direct and proximate result of the conduct of one, all, or a combination of the Defendants, Plaintiff's Decedent sustained permanent injuries to his person and body, lungs, respiratory and cardiovascular system, including mesothelioma, and suffered great physical, mental, and nervous pain and suffering, mental anguish, and suffered from reasonable and justifiable fears of progressive and irreversible incapacity, increasing discomfort, cancer, shortened life-span, impairment to his quality of life, and death.

52.     As a direct and proximate result of the Defendants' conduct, Plaintiff's Decedent incurred medical, hospital, professional, and incidental expenses, and was prevented from

**11**

attending to usual activities. Plaintiff's Decedent's injuries were permanent in nature and eventually caused Plaintiff's Decedent's death.

53.     Plaintiff further states there was, in fact, a defect in the products manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled, researched, and/or installed by the Defendants.

54.     Plaintiff states that the aforementioned defect(s) was dangerous to the health and well being of the Plaintiff's Decedent and others exposed to such products and that such defect existed at the time the products left the Defendants' hands.

55.     Plaintiff states that the aforementioned defect(s) was dangerous to the health and well being of Plaintiff's Decedent and others exposed to such products and that such defect was the direct and proximate cause of Plaintiff's Decedent's injuries and/or losses as described above.

56.     Defendants researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, used, serviced, installed, and sold to the public, Plaintiff's Decedent, employers, and to others working in the vicinity of Plaintiff's Decedent, asbestos and asbestos-containing products and other products that required asbestos components, and Defendants knew that these products would be used and handled by Plaintiff's Decedent and others similarly situated without any knowledge of their defects and inherent danger, and without any inspection for defects and dangers.

57.     Plaintiff's Decedent, in the course and scope of his employment and elsewhere, used, handled, and was otherwise exposed to asbestos and asbestos-containing products, sold or otherwise supplied by Defendants, without receiving any warnings from Defendants of the defects and inherent dangers of asbestos associated with the products. Plaintiff's Decedent was subsequently exposed to said asbestos contained and associated with the Defendants' products in a manner that was foreseeable to Defendants.

58.     The products which were sold and/or supplied by Defendants, and to which Plaintiff's Decedent was exposed, were defective and unsafe for their intended uses and purposes in that they were more dangerous than what an ordinary consumer or user would expect and the risks incident to the use of the products outweighed any benefits of the products' utility.

59.     As a direct and proximate result of the defective condition of these products, Plaintiff's Decedent was injured and damaged, exposed to asbestos, sustained mesothelioma due to his exposure to asbestos from the Defendants' products, and died from mesothelioma.

60.     Defendants expressly warranted the products and/or asbestos-containing products they manufactured, sold, or supplied, and to which Plaintiff's Decedent was exposed, were reasonably fit for their intended uses without endangering human life and safety.

61.     Defendants breached these express warranties, in that their products and asbestos-containing products were defective and dangerous to reasonably foreseeable users like Plaintiff's Decedent who were exposed to these products.

62.     Plaintiff's Decedent did rely upon the express warranties and representations of Defendants regarding the fitness and safety of their products, and as a result, used, handled, and were otherwise exposed to these products.

63.     As a direct and proximate result of the Defendants' breach of their express warranties, Plaintiff's Decedent was permanently injured and damaged, exposed to asbestos, sustained mesothelioma due to his exposure to asbestos from the Defendants' products, and died from mesothelioma.

64.     Defendants impliedly warranted that the products and asbestos-containing products they sold or supplied, and to which Plaintiff's Decedent was exposed, were of

merchantable quality, reasonably safe, and reasonably fit for use in a work place environment for the particular purposes for which they were sold or supplied, without endangering human life and safety.

65.   Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose because Defendants' products and/or asbestos-containing products were defective and dangerous to reasonably foreseeable users and consumers like Plaintiff's Decedent.

66.   Plaintiff's Decedent did rely upon Defendants' implied warranties and representations regarding their products and/or asbestos-containing products, and as a result used, handled, and were otherwise exposed to these products.

67.   As a direct and proximate result of Defendants' breach of implied warranties, Plaintiff's Decedent was permanently injured and damaged, exposed to asbestos, sustained mesothelioma due to his exposure to asbestos from the Defendants' products, and died from mesothelioma.

68.   Plaintiff brings claims for relief against Defendants and John Does 1-100 and their predecessors in interest for product liability under Ohio Revised Code Sections 2307.71-2307.80, et seq.   At all times pertinent hereto the aforementioned Defendants and John Does were "manufacturers" and/or "suppliers" of asbestos products and/or other products that required asbestos components as those terms are defined under Ohio Revised Code Section 2307.71.

69.   "The Products" as manufactured and supplied by the aforementioned Defendants and John Does were defective in manufacture and construction as described in Ohio Revised Code Sections 2307.73 and 2307.74, were defective in design or formulation as described in Ohio Revised Code  Sections 2307.73 and 2307.75, were defective due to inadequate warnings and instructions as described in Ohio Revised Code Sections 2307.73 and 2307.76, and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code Sections 2307.73 and 2307.77.

70.   Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code Section 2307.73, were singularly a proximate cause of the harm for which Plaintiff seeks to recover compensatory damages as previously set forth.   Furthermore, each of the aforementioned Defendants is liable as if it were the manufacturers in accordance with Ohio Revised Code Section 2307.78.

## SECOND CAUSE OF ACTION

71.   Plaintiff re-alleges and incorporates each and every paragraph set forth above, as though fully set forth here.

72.   Plaintiff is informed and believes that Defendants and their predecessors in interest researched, tested, manufactured, labeled, marketed, used, distributed, and sold their products with conscious disregard for the safety of Plaintiff's Decedent and other users of said products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to their products or products on their premises, including but not limited to mesothelioma, lung cancer, other forms of cancer, and asbestosis.   Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of Defendants, and which knowledge was obtained by Defendants during the time they manufactured, distributed, used, or sold their products.

73.   During the time Defendants manufactured, distributed, used, or sold their products, Defendants were aware that Plaintiff's Decedent and other members of the general

13

public who would use or be exposed to their products had no knowledge or information that the products could cause injury. Further, Defendants knew that Plaintiff's Decedent and the general public who used or were exposed to these products would, and in fact did assume their exposure to the products was safe, when in fact it was extremely hazardous to human life.

74.     Despite this knowledge, Defendants opted to manufacture, distribute, use, and sell their products without protecting and/or warning Decedents and other users of the high risk of injury and death that resulted from exposure to these products. Rather than protecting and/or warning Plaintiff's Decedent and other users of these dangers, Defendants actively concealed their knowledge from Plaintiff's Decedent, Plaintiff's Decedent's employers, and members of the general public. By their acts and/or omissions, Defendants implied their asbestos and asbestos-containing products were safe for all reasonably foreseeable use. Defendants' implications were particularly egregious because they were aware the implied representations were false. Defendants' conduct exemplifies their conscious disregard of the rights and safety of Plaintiff's Decedent and the general public as a whole.

75.     Defendants were motivated by their financial interests in the uninterrupted distribution, use, and marketing of their products. In furtherance of this financial motivation, Defendants consciously disregarded the safety of Plaintiff's Decedent and other users of their products, and were willing to permit their products to cause injury to Plaintiff's Decedent, and other frequenters, users, and bystanders.

76.     Defendants' conduct was and is willful, malicious, outrageous, indifferent, and in conscious disregard of the safety of Plaintiff's Decedent and other users of their products. Therefore, Plaintiff seeks punitive damages to punish and deter Defendants.

## THIRD CAUSE OF ACTION

77.     Plaintiff re-alleges and incorporates each and every paragraph set forth above, as though fully set forth here.

78.     Defendants made false representations regarding the manufacture, sale, use, and distribution of asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products with knowledge of their falsity or with such utter disregard and recklessness about their falsity. These representations were material to the manufacture, sale, use, and distribution of Defendants' asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products. Defendants' representations were made with the intent to mislead Decedent into relying on them. Plaintiff's Decedent did in fact justifiably rely on Defendants' representations, and such reliance was the proximate or direct cause of Decedents and Plaintiff's Decedent's injuries, damages, and death.

79.     Defendants knowingly concealed facts regarding the manufacture, sale, use, and distribution of their asbestos and asbestos-containing products when there was a duty to disclose such information. Defendants' concealment was material to the manufacture, sale, use, and distribution of their asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products. Defendants' concealment was made with the intent to mislead Decedent into relying on their products' perceived safety. Plaintiff's Decedent did in fact justifiably rely on the notion that Defendants' products were safe – a condition created by Defendants' concealment – and such reliance was the proximate or direct cause of Plaintiff's Decedent's injury, damages, and death.

14

80.    Defendants' acts constitute fraudulent representation and/or fraudulent concealment in the following manner:

    A.    Defendants intended the publication of false and misleading statements and reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

        (a)    Maintain a favorable atmosphere for the continued sale, use, and distribution of asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products;

        (b)    Assist in continued pecuniary gain through the control and reduction of claims;

        (c)    Influence proposed legislation to regulate asbestos exposure;

        (d)    Provide a defense in personal injury and wrongful death lawsuits a result of asbestos exposure; and

        (e)    Facilitate the continued use of asbestos or asbestos-containing products without objection or resistance by their employees.

    B.    Defendants intended individuals to rely on the published reports regarding the safety of asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products.

81.    As previously stated, Defendants have altered, influenced, and created significant portions of medical literature which contain false and misleading statements concerning the dangers of asbestos exposure such as death, injury, disease, illness, and disability.  In so doing, Defendants and their agents provided a body of medical literature which, when relied on by persons investigating such literature, lead to a false impression of the dangers of asbestos exposure.  Additionally, the publication of such literature inhibited the development of the further literature and effectively delayed the dissemination of accurate information of the dangers created by exposure to asbestos.  When contributing to medical literature, Defendants owed a duty to the Decedent and the public as a whole to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Defendants' failure to do so constitutes willful and wanton misconduct and a separate intentional tort creating a duty to compensate Plaintiff for Plaintiff's Decedent's illness, disabilities, and death that occurred as a proximate result of Defendants' actions.

82.    As previously stated, Defendants have falsely advised their employees that asbestos or asbestos-containing products were safe.  These statements were made with knowledge of their falsity or with such utter disregard and recklessness of their falsity.  Such false representations were material to Defendants' continued use of asbestos and asbestos-containing products and were made with the intent to mislead the Plaintiff's Decedent into relying on them.  Plaintiff's Decedent did in fact rely on Defendant's representations, and such reliance proximately caused his disease.

83.    As a direct and proximate result of Defendants' fraudulent representations and/or fraudulent concealment, Plaintiff's Decedent suffered the illness, disability, and death set forth in the foregoing paragraphs, for which Defendants are liable at common law.

**15**

## FOURTH CAUSE OF ACTION

84.    Plaintiff re-alleges and incorporates each and every paragraph set forth above, as though fully set forth here.

85.    Plaintiff states that they became aware of the fact that Plaintiff's Decedent, passed away as a direct and proximate result of an asbestos-related and/or caused disease within two (2) years of the filing of this complaint.

86.    As a direct and proximate result of the acts and/or omissions of the Defendants as described above, Decedent, Plaintiff, their families, next of kin, and estates have incurred reasonable and necessary medical and funeral expenses.

87.    As a direct and proximate result of the wrongful death of Plaintiff's Decedent, his family, survivors, and next of kin have lost his support, services and society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, education and inheritance and were further caused extreme mental and emotional anguish as a result of his death.  The families and survivors of Decedent expect to continue to suffer sever mental anguish and emotional distress indefinitely into the future.

## FIFTH CAUSE OF ACTION

88.    Plaintiff realleges and incorporates each and every paragraph set forth above, as though fully set forth here.

89.    Plaintiff, Audrey Winslow, has suffered a loss of consortium and has been deprived of the society, companionship, and assistance of her spouse who was exposed to the asbestos or asbestos containing products as described above, and further that said loss is the direct and proximate result of the acts and/or omissions of the Defendants as described above.


WHEREFORE, Plaintiff demands judgment joint and severally against each Defendant on all causes of action in an amount greater than Twenty-Five Thousand Dollars.

Respectfully submitted,

Thomas W. Bevan (0054063)
Patrick M. Walsh (0075966)
Jessica M. Bacon (0081183)
Joshua P. Grunda (0084266)
BEVAN AND ASSOCIATES
6555 Dean Memorial Pkwy
Boston Heights, OH 44233
Phone: (330) 650-0088
Fax: (330) 467-4493
ATTORNEYS FOR PLAINTIFF

16

## JURY DEMAND

Now come Plaintiff, by and through counsel, and demand a trial by jury of the instant action.

Thomas W. Bevan (0054063)
Patrick M. Walsh (0075966)
Jessica M. Bacon (0081183)
Joshua P. Grunda (0084266)
BEVAN AND ASSOCIATES
6555 Dean Memorial Pkwy
Boston Heights, OH 44236
Phone: (330) 650-0088
Fax: (330) 467-4493
ATTORNEYS FOR PLAINTIFF