ADRMOP

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:12-cv-03178-NC

Sanders et al v. 3M Company et al                      Date Filed: 06/19/2012
Assigned to: Magistrate Judge Nathanael M. Cousins    Jury Demand: None
Cause: 28:1442 Petition for Removal- Breach of Contract    Nature of Suit: 368 P.I. : Asbestos
                                                      Jurisdiction: Federal Question

**Plaintiff**

**Lanny Sanders**                      represented by    **Tiffany Newlin Dickenson**
                                                         Baron and Budd P.C.
                                                         3102 Oak Lawn Avenue
                                                         Suite 1100
                                                         Dallas, TX 75219
                                                         214-521-3605
                                                         Fax: 214 520-1181
                                                         Email: tdickenson@baronbudd.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alana Lynda Kalantzakis ,**
                                                         Baron Budd PC
                                                         3102 Oak Lawn Ave.
                                                         Suite 1100
                                                         Dallas, TX 75219
                                                         214-521-3605
                                                         Fax: 214-520-1181
                                                         Email: akalantz@baronbudd.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christine Marie Tamer ,**
                                                         Baron Budd PC
                                                         3102 Oak Lawn Ave.
                                                         Suite 1100
                                                         Dallas, TX 75219
                                                         214-521-3605
                                                         Fax: 214-520-1181
                                                         Email: ctamer@baronbudd.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Denyse Clancy**
                                                         Baron & Budd, P.C.
                                                         3102 Oak Lawn Avenue
                                                         Suite 1100
                                                         Dallas, TX 75219
                                                         (214) 521-3605

Fax: (214) 520-1181
*ATTORNEY TO BE NOTICED*

**John Landoc**
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
(214) 521-3605
Fax: (214) 520-1181
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Jensen Sanders**                 represented by   **Tiffany Newlin Dickenson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Alana Lynda Kalantzakis ,**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Christine Marie Tamer ,**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Denyse Clancy**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John Landoc**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                            represented by   **Kristine Michelle Futoran**
*Individually*                                             Gordon and Rees LLP
*formerly known as*                                        275 Battery Street, Ste 2000
Minnesota, Mining and Manufacturing                        San Francisco, CA 94111
Company                                                    415-986-5900
*also known as*                                            Fax: 415-986-8054
3M                                                         Email: kfutoran@gordonrees.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Mordecai D. Boone**
                                                           Gordon & Rees LLP
                                                           275 Battery Street, 20th Floor

San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: mboone@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Gerhardt Zacher , Jr.**
Gordon & Rees LLP
`
275 Battery Street, Suite 2000
San Francisco, CA 94111
415 986-5900
Fax: 415 986-8054
Email: gzacher@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Thomas Arthur Packer**
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415 986-8054
Email: tpacker@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Advanced Composites Group, Inc**
*A Division of UMECO Structural
Materials, Inc*

**Defendant**

**Allison Engine Company, Inc.**

**Defendant**

**APV Engineered Coatings**
*formerly known as*
Akron Paint & Varnish, Inc

**Defendant**

**Armstrong International, Inc.**                 represented by   **Sonja E. Blomquist**
                                                                  Low, Ball & Lynch
                                                                  601 California Street
                                                                  San Francisco, CA 94108
                                                                  415-981-6630
                                                                  Email: sblomquist@lowball.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Vernice T. Louie**
                                                                  Low Ball & Lynch

505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
415 981-6630
Fax: 415 399-1506
Email: vlouie@lowball.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**B.R. Funsten & Co.**

**Defendant**

**BASF Corporation**                                   represented by   **John E. Dittoe**
*Individually and as Successor in*                                     Reed Smith Crosby Heafey LLP
*Interest to Ciba Specialty Chemicals, as*                             1999 Harrison Street, Suite 2400
*Successor in Interest to Reliable*                                    Oakland, CA 94612
*Manufacturing Company*                                                510-763-2000
                                                                       Email: jdittoe@reedsmith.com
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Bechtel Corporation**                               represented by   **Bryant Thomas French**
*Individually and as Successor to*                                     Hassard Bonnington LLP
*Sequoia Ventures, Inc.,*                                              Two Embarcadero Ctr
                                                                       Ste 1800
                                                                       San Francisco, CA 94111-3993
                                                                       (415) 288-9800
                                                                       Fax: (415) 288-9802
                                                                       Email: btf@hassard.com
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Jon Charles James**
                                                                       Hassard Bonnington LLP
                                                                       2 Embarcadero Center, Suite 1800
                                                                       San Francisco, CA 94111-3993
                                                                       415 288-9800
                                                                       Fax: 415 288-9802
                                                                       Email: jcj@hassard.com
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Robert Mitchell Hamblett**
                                                                       Hassard Bonnington
                                                                       2 Embarcadero Center, Suite 1800
                                                                       San Francisco, CA 94111-3993
                                                                       415 288-9800
                                                                       Fax: 415 288-9802
                                                                       Email: rmh@hassard.com
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Boeing American, Inc**
*Individually and as Successor in*
*Interest to North American Rockwell as*
*Successor in Interest to North American*
*Aviation*

<u>Defendant</u>

**Bon L. Manufacturing Company**          represented by  **Bryant Thomas French**
*Individually and as Successor by*                        (See above for address)
*Merger to Capitol Products*                              *ATTORNEY TO BE NOTICED*
*Corporation Successor-in- Interest to*
*Davis Engineering Corporation*

<u>Defendant</u>

**Borgwarner Morse Tec, Inc.**             represented by  **Ulla M. Pajala**
*Individually and as Successor-in-*                        Burnham Brown
*Interest to Borg-Warner Corporation*                     1901 Harrison Street
                                                          Oakland, CA 94604
                                                          510 444-6800
                                                          Email: upajala@burnhambrown.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dean Pollack**
                                                          Burnham Brown APC
                                                          1901 Harrison Street, 11th Floor
                                                          P. O. Box 119
                                                          Oakland, CA 94612
                                                          510-444-6800x205
                                                          Fax: 510 835-6666
                                                          Email: dpollack@burnhambrown.com
                                                          *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Borgwarner, Inc**                        represented by  **Ulla M. Pajala**
*Individually and as Successor-in-*                        Burnham Brown
*Interest to Borg-Warner Corporation*
                                                          1901 Harrison Street


                                                          Oakland, CA 94604

                                                          510 444-6800
                                                          Fax:
                                                          Email: upajala@burnhambrown.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dean Pollack**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*Successor-By-Merger to CBS
Corporation, Successor-By-Merger to
Westinghouse Electric Corporation
formerly known as*
Viacom, Inc.

represented by **Frank D. Pond**
Pond North LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: fpond@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Mary Katherine Back**
Pond North LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170
Fax: 213-623-3594
Email: mback@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cessna Aircraft Company**
*A Textron Company*

**Defendant**

**Cessna Aircraft Company**
*A Textron Company, Individually and
as Successor in Interest to McCauley
Propeller Company*

represented by **Anthony Charles Chiosso , jr.**
Jackson Jenkins Renstrom LLP
55 Francisco Street
6th Floor
San Francisco, Ca 94133
United Sta
415-982-3600
Fax: 415-982-3700
Email: achiosso@jjr-law.com
*ATTORNEY TO BE NOTICED*

**Gabriel Anne Jackson**
Jackson Jenkins Renstrom LLP
55 Francisco Street

6th Floor
San Francisco, CA 94133
415-982-3600
Fax: 415-982-3700
Email: gaby@jjr-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cirrus Enterprises, L.L.C.**
*Individually and as Successor-in-Interest to E.V. Roberts and Associates, Inc., and Evra, Inc.*

**Defendant**

**Cleveland Wheels and Brakes and Aircraft Wheel and Brake**
*A Division of Parker Hannifin Corporation*

**Defendant**

**Continental Motors, Inc.**

**Defendant**

**Crane Co.**
*Individually and as Successor-in-Interest to Hydro-Aire Inc., and Adel Precision Products Corporation*

**Defendant**

**Crane Co.**
*A Division of Crane Co.*
*doing business as*
Crane Resistoflex Co

**Defendant**

**Crown Cork & Seal Company, Inc.**
*Individually and as Successor-in-Interest to Mundet Cork Company*

**Defendant**

**Cummins, Inc.**
*formerly known as*
Cummins Engineer Company, Inc

**Defendant**

**Curtiss-Wright Corporation**                    represented by    **Deborah Ann Smith**
                                                                    Gordon & Rees LLP
                                                                    275 Battery Street
                                                                    Suite 2000

San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: dasmith@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Kathryn Jean LaFevers**
275 Battery St., Ste.2000
San Francisco, CA 94111
415-956-5900
Email: klafevers@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Curtiss-Wright Flow Control
Corporation**

**Defendant**

**Cytec Industries, Inc**                          represented by  **Sara Gillian Noel**
*Individually and Successor in Interest*                           King & Spalding LLP
*to American Cyanamid Company*                                     101 Second Street
                                                                   Suite 2300
                                                                   San Francisco, CA 94105
                                                                   415-318-1270
                                                                   Fax: 415-318-1300
                                                                   Email: sgnoel@kslaw.com
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Companies, LLC**
*Individually and as Successor in
Interest to Victor Manufacturing &
Gasket Co*

**Defendant**

**Dexter Hysol Aerospace, LLC**
*Individually and as Successor-in -
Interest to Dexter Hysol Aerospace, Inc*

**Defendant**

**Douglass Insulation Company, Inc.**

**Defendant**

**Eaton Aeroquip, Inc**

**Defendant**

**Eaton Aeroquip, LLC**                            represented by  **Shawn Michael Ridley**
                                                                   Howard Rome et al LLP
                                                                   1775 Woodside Rd #200

Redwood City, CA 94061-3436
650-365-7715
Fax: 650-364-5297
Email: sridley@hrmrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton Corporation**            represented by   **Shawn Michael Ridley**
*Individually and as Successor in*                (See above for address)
*Interest to Eaton Electronical, Inc., and*       *LEAD ATTORNEY*
*as Successor in Interest to Cutler-*             *ATTORNEY TO BE NOTICED*
*Hammer, Inc*

                                                  **Jane B Yee**
                                                  Howard Rome Martin Ridley LLP
                                                  1775 Woodside Road
                                                  Suite 200
                                                  Redwood City, ca 94061
                                                  United Sta
                                                  650-365-7715
                                                  Fax: 650-364-5297
                                                  Email: jyee@hrmrlaw.com
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton Electrical, Inc.**        represented by   **Jane B Yee**
*Individually and as Successor in*                (See above for address)
*Interest to Cutler-Hammer, Inc.,*                *ATTORNEY TO BE NOTICED*
*formerly known as*
Cutler-Hammer, Inc.

**Defendant**

**Essex Chemical Corporation**
*Individually and as a Subsidairy of Dow*
*Chemical Company*

**Defendant**

**Ethyl Corporation**            represented by   **Bryant Thomas French**
*Individually and as Successor-in-*               (See above for address)
*Interest to Capitol Products*                    *ATTORNEY TO BE NOTICED*
*Corporation Successor-in-Interest to*
*Davis Engineering Corporation*                   **Edward Eldon Hartley**
                                                  Hassard Bonnington LLP
                                                  Two Embarcadero Center, Suite 1800
                                                  San Francisco, CA 94111-3993
                                                  415 288-9800
                                                  Fax: 415 288-9802
                                                  Email: eeh@dillinghammurphy.com
                                                  *ATTORNEY TO BE NOTICED*

**Robert Mitchell Hamblett**
Hassard Bonnington
2 Embarcadero Center, Suite 1800
San Francisco, CA 94111-3993
415 288-9800
Fax: 415 288-9802
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fraser's Boiler Service, Inc.**            represented by   **Frank D. Pond**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Kathleen Burnam Ebrahimi**
                                                              Pond North LLP
                                                              505 Montgomery Street
                                                              13th Floor
                                                              SF, CA 94111
                                                              415-214-1240
                                                              Email: kebrahimi@pondnorth.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Kevin Douglas Jamison**
                                                              Pond North LLP
                                                              350 South Grand Avenue, Suite 2850
                                                              Los Angeles, CA 90071
                                                              (213) 617-6170
                                                              Fax: (213) 623-3594
                                                              Email: kjamison@pondnorth.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Fryer Knowles, Inc**                       represented by   **Bryan Stofferahn**
*A California Corporation*                                    Connor & Bishop
                                                              44 Montgomery Street, Suite 1750
                                                              San Francisco, CA 94104
                                                              415 434-3006
                                                              Fax: 415 434-1445
                                                              Email: bstofferahn@connbish.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Charles Stewart Bishop**
                                                              Connor & Bishop
                                                              44 Montgomery Street, Suite 1750
                                                              San Francisco, CA 94104
                                                              (415) 434-3006
                                                              Fax: (415) 434-1445
                                                              Email: cbishop@connbish.com
                                                              *ATTORNEY TO BE NOTICED*

Rachel Hannah Leonard
Connor and Bishop
44 Montgomery Street
Suite 1750
San Francisco, ca 94104
415-434-3006
Fax: 415 434-1445
Email: rleonard@connbish.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                    represented by **Derek S. Johnson**
Walsworth, Franklin, Bevins & McCall
LLP
601 Montgomery Street
9th Floor
San Francisco, CA 94111
415-781-7072
Fax: 415-391-6258
Email: djohnson@wfbm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goodrich Corporation**                    represented by **David Michael Glaspy**
*formerly known as*
The B.F. Goodrich Company
Glaspy and Glaspy
100 Pringle Ave Ste 750
One Walnut Creek Ctr
Walnut Creek, CA 94596
(510) 947-1300
Email: DGlaspy@Glaspy.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Harco Laboratories, Inc**                    represented by **Eric R. Haas**
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612
510-444-6800
Fax: 510-835-6666
Email: ehaas@burnhambrown.com
*ATTORNEY TO BE NOTICED*

**Ulla M. Pajala**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hawker Beechcraft Corporation**

**Defendant**

**Henkel Corporation**
*Individually and as Successor-in-
Interest to Dexter Hysol Aerospace, Inc*

**Defendant**

**Honeywell International, Inc.**          represented by   **Brien Francis McMahon**
*Individually and as Successor-in-                         Perkins Coie LLP
Interest to Allied-Signal, Inc and the                     Four Embarcadero Center
Bendix Corporation*                                        Suite 2400
                                                           San Francisco, CA 94111-3162
                                                           (415) 344-7000
                                                           Fax: (415) 344-7288
                                                           Email: bmcmahon@perkinscoie.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Daniel Dennis O'Shea**
                                                           Perkins Coie LLP
                                                           4 Embarcadero Center, Suite 2400
                                                           San Francisco, CA 94111-4131
                                                           (415) 344-7000
                                                           Fax: (415) 344-7050
                                                           Email: doshea@perkinscoie.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **David T. Biderman**
                                                           Perkins Coie LLP
                                                           Four Embarcadero Center, Suite 2400
                                                           San Francisco, CA 94111
                                                           415-344-7000
                                                           Fax: 415-344-7050
                                                           Email: dbiderman@perkinscoie.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Hopeman Brothers, Inc.**                 represented by   **Reno Cross**
                                                           Bassi, Edlin, Huie and Blum LLP
                                                           500 Washington St.
                                                           Suite 700
                                                           San Francisco, CA 94111
                                                           415-397-9006
                                                           Fax: 415-397-1339
                                                           Email: rcross@behblaw.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Robert Stanley Kraft**
                                                           Bassi, Martini, Edlin & Blum LLP
                                                           500 Washington Street, Suite 700
                                                           San Francisco, CA 94111-2939

(415) 397-9006
Fax: (415) 397-1339
Email: rkraft@bmeblaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**                    represented by    **Bobbie Rae Bailey**
*Individually and as Successor-in-*                          Howard Rome Martin Ridley LLP
*Interest to Adel Precision Products, Inc*                   1775 Woodside Road
                                                             Suite 200
                                                             Redwood City, CA 94061
                                                             650-365-7715
                                                             Fax: 650-364-5297
                                                             Email: brbailey@hrmrlaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Henry David Rome**
                                                             Howard Rome Martin & Ridley LLP
                                                             1775 Woodside Rd., Suite 200
                                                             Redwood City, CA 94061-3436
                                                             650-365-7715
                                                             Fax: 650-364-5297
                                                             Email: hrome@hrmrlaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lisa K Rauch**
                                                             Howard Rome Martin Ridley LLP
                                                             1775 Woodside Road
                                                             Suite 200
                                                             Redwood City, CA 94061
                                                             (650) 365-7715
                                                             Fax: (650) 364-5297
                                                             Email: larmanino@hrmrlaw.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**International Paper Company**              represented by    **Emily Diane Bergstrom**
*Individually and as Successor-in-*                          Becherer Kannett & Schweitzer
*Interest to Long Bell Paper Co.*                            The Water Tower
                                                             1255 Powell Street
                                                             Emeryville, CA 94608
                                                             510-658-3600
                                                             Fax: 510-658-1151
                                                             Email: ebergstrom@bkscal.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lysle James Kapp**
                                                             Becherer, Kannett, & Schweitzer
                                                             1255 Powell Street
                                                             Emeryville, CA 94608-2604

510 658-3600
Fax: 510 658-1151
*ATTORNEY TO BE NOTICED*

**Mark S. Kannett**
Becherer Kannett & Schweitzer
1255 Powell Street
Emeryville, CA 94608-2604
510 548-3600
Fax: 510 648-1151
Email: mkannett@bkscal.com
*ATTORNEY TO BE NOTICED*

**Paul S. Lecky**
Becherer Kannett & Schweitzer
1255 Powell Street
Emeryville, CA 94608-2604
510 658-3600
Fax: 510 658-1151
*ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Lehigh Gasket Company**                represented by    **Todd Alexander Duplanty**
Selman Breitman LLP
33 New Montgomery
6th Floor
San Francisco, CA 94105
415-979-0400
Email: tduplanty@selmanbreitman.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Lockheed Martin Corporation**         represented by    **Brian Thomas Clark**
Glazier Yee
201 Spear Street
Suite 1520
San Francisco, CA 94105
(415) 356-1100
Fax: (415) 356-1105
Email: clark@glazieryee.com
*ATTORNEY TO BE NOTICED*

**Guy P. Glazier**
Glazier Yee LLP
201 Spear Street, Suite 1520
San Francisco, CA 94105

415 356-1100
Fax: 415 356-1105
Email: glazier@glazieryee.com
*ATTORNEY TO BE NOTICED*

**Laura Patricia Yee**
Knott & Glazier LLP
201 Spear Street
Suite 1520
San Francisco, CA 94105
(415) 356-1100
Fax: (415) 356-1105
Email: yee@glazieryee.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lycoming Engines**                    represented by    **Stephen K. Brunk**
                                                          Law Offices of Stephen K. Brunk
                                                          6098 La Jolla Mesa
                                                          La Jolla, CA 92037
                                                          619-234-3300
                                                          Fax: 619-234-3331
                                                          Email: skbrunk@sbcglobal.net
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**M. Slaven & Associates, Inc**         represented by    **Lysle James Kapp**
                                                          Becherer, Kannett, & Schweitzer
                                                          2200 Powell St Ste 805
                                                          Emeryville, CA 94608
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Constance R. Fraenkel**
                                                          Becherer Kannett & Schweitzer
                                                          2200 Powell Street
                                                          Suite 805
                                                          Emeryville, CA 94608
                                                          510-658-3600x236
                                                          Fax: 510-658-1151
                                                          Email: cfraenkel@bkscal.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mark S. Kannett**
                                                          Becherer Kannett & Schweitzer
                                                          1255 Powell Street
                                                          Suite 805
                                                          Emeryville, CA 94608
                                                          510 548-3600

Fax: 510 648-1151
Email: mkannett@bkscal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**McDonald Douglas Corporation**

**Defendant**

**Mechanical Drives & Belting**
*formerly known as*
L.A. Rubber Company

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**National Services Industries, Inc.**

**Defendant**

**National Steel and Shipbuilding
Company**
*also known as*
Nassco

**Defendant**

**Northrop Grumman Worldwide            represented by   Daniel James Kelly**
**Corp**                                                  Tucker Ellis LLP
                                                          135 Main Street, Suite 700
                                                          San Francisco, CA 94105
                                                          415-617-2400
                                                          Fax: 415-617-2409
                                                          Email: daniel.kelly@tuckerellis.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Karry Son**
                                                          Tucker Ellis LLP
                                                          135 Main Street, Suite 700
                                                          San Francisco, CA 94105
                                                          415 617-2400
                                                          Fax: 415 617-2409
                                                          Email: john.son@tuckerellis.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Novartis Corporation**                  represented by   **John E. Dittoe**
*Individually and as Successor in*                        (See above for address)
*Interest to Ciba-Geigy Corporation in*                   *LEAD ATTORNEY*
*Interest to Reliable Manufacturing*                      *ATTORNEY TO BE NOTICED*
*Company*

**Defendant**

**Parker-Hannifin Corporation**                    represented by   **Michael Louis Fox**
*Individually and as Successor in*                                  Sedgwick LLP
*Interest to Resistoflex*                                           333 Bush Street
                                                                    30th Floor
                                                                    San Francisco, CA 94104-2834
                                                                    415-781-7900
                                                                    Fax: 415-781-2635
                                                                    Email: michael.fox@sedgwicklaw.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **John G. Gherini**
                                                                    Sedgwick LLP
                                                                    333 Bush Street, 30th Floor
                                                                    8th Floor
                                                                    San Francisco, CA 94104-2834
                                                                    415-781-7900
                                                                    Fax: 415-781-2635
                                                                    Email: john.gherini@sdma.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Sean Patterson**
                                                                    Sedgwick LLP
                                                                    333 Bush Street, 30th Floor
                                                                    San Francisco, CA 94104-2834
                                                                    (415) 781-7900
                                                                    Fax: (415) 781-2635
                                                                    Email:
                                                                    sean.patterson@sedgwicklaw.com
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Pfizer, Inc**                                    represented by   **Ferlin Peregrino Ruiz**
                                                                    Tucker Ellis LLP
                                                                    135 Main Street
                                                                    Suite 700
                                                                    San Francisco, CA 94105
                                                                    415-617-2400
                                                                    Email: ferlin.ruiz@tuckerellis.com
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Piper Aircraft, Inc**

**Defendant**

**Plant Insulation Company**
*Formerly Asbestos Company of CA*

**Defendant**

**Pneumo Abex, L.L.C.**                                       represented by **Donna Lea Maul**
*Individually and as Successor by*                           Brydon Hugo & Parker
*Merger to Pneumo Abex Corporation*                          135 Main St.
*and Foundry Company Including the*                          20th Floor
*American Brakeblok Division,*                               San Francisco, CA 94105
*Successor-by-Merger to the American*                        415/808-0300
*Brake Shoe and Foundry Company and*                         Fax: 415/808-0333
*the American Brakeblok Corporation*                         Email: dmaul@bhplaw.com
*formerly known as*                                          *ATTORNEY TO BE NOTICED*
American Brake Shoe Company
*formerly known as*                                          **Edward R. Hugo**
American Brake Shoe                                          Brydon Hugo & Parker
*formerly known as*                                          135 Main Street, 20th Floor
The American Brake Materials                                 San Francisco, CA 94105
Corporation                                                  (415) 808-0300
                                                             Fax: (415) 808-0333
                                                             Email: ehugo@bhplaw.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Pratt & Whitney Power Systems, Inc.**                      represented by **Ferlin Peregrino Ruiz**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Pratt & Whitney Rocketdyne, Inc.**

**Defendant**

**PRC-Desoto International, Inc.**
*Formerly Courtaulds Aerospace, Inc.,*
*Individually and as Successor in*
*Interest to Products Research &*
*Chemical Corporation*

**Defendant**

**Quintec Industries, Inc.**
*Individually and Successor-by-Merger*
*to Western Fibros Glass Products*
*Company*
*formerly known as*
Western Fiberglas Company

**Defendant**

**Rockwell Automation, Inc.**                                represented by **Ferlin Peregrino Ruiz**
*Individually and as Successor-in-*                          (See above for address)
*Interest to Allen-Bradley Company*                          *ATTORNEY TO BE NOTICED*
*Individually and as Successor-in-*
*Interest to Rostone Corporation*                            **Nicole Elisabet Gage**

Tucker Ellis LLP
135 Main Street
Suite 700
San Francisco, CA 94105
415-617-2105
Fax: 415-617-2409
Email: nicole.gage@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rockwell International, Inc.**

**Defendant**

**Rolls Royce Corporation**
*doing business as*
Allison Engine Company Corporation
Service Company

**Defendant**

**Rolls-Royce North America Inc**

**Defendant**

**S B Decking, Inc**

**Defendant**

**San Francisco Gravel Company**

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Company

**Defendant**

**Shell Chemical, L.P.**

**Defendant**

**Smith Tubular Systems-Lacona, Inc**          represented by   **Leopoldo J. Chanco**
*Individually and as Successor to*                              Sinunu Bruni, LLP
*Titeflex Corporation, and Titeflex, Inc*                       333 Pine Street, Fourth Floor
                                                                San Francisco, CA 94104
                                                                (415) 362-9700
                                                                Fax: (415) 362-9707
                                                                Email: lchanco@sinunubruni.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Steven Scott Spaulding**
                                                                Sinunu Bruni LLP
                                                                333 Pine Street, Suite 400
                                                                San Francisco, CA 94104-3311

(415) 362-9700
Fax: 415 362-9707
Email: sspaulding@sinunubruni.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Smooth-On, Inc**                          represented by **Todd Alexander Duplanty**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Soco West, Inc.**
*formerly known as*
Brenntag West, Inc.
*formerly known as*
Soco-Lynch Corporation
*formerly known as*
Soco-Western Chemical Corporation
*formerly known as*
Stinnes-Western Chemical Corporation

**Defendant**

**South Bay Boiler Repair, Inc.**

**Defendant**

**Syd Carpenter Marine Contractor,
Inc.**

**Defendant**

**TDY Industries, Inc.**
*Individually and as Successor-in-
Interest to Teledyne Technologies, Inc.*

**Defendant**

**The Boeing Company**

**Defendant**

**The Boeing Company**
*As Successor-in-Interest to Rockwell
International*

**Defendant**

**The Dow Chemical Company**                represented by **Bruce Edwin McLeod**
Filice Brown Eassa & McLeod LLP
1999 Harrison Street
18th Floor
Oakland, CA 94612
510-444-3131
Fax: 510-839-7940

Email: bmcleod@filicebrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**The Goodyear Tire & Rubber**          represented by   **Kathryn Jean LaFevers**
**Company**                                              (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael J. Pietrykowski**
                                                         Gordon & Rees LLP
                                                         275 Battery Sttreet, 20th Floor
                                                         Embarcadero Center West
                                                         San Francisco, CA 94111
                                                         (415) 986-5900
                                                         Fax: 415 986-8054
                                                         Email:
                                                         mpietrykowski@gordonrees.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Thomas Dee Engineering Co. Inc.**

**Defendant**
**Thorpe Insulation Company**

**Defendant**
**Titeflex Corporation**                represented by   **Leopoldo J. Chanco**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven Scott Spaulding**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Tredegar Corporation**                represented by   **Bryant Thomas French**
*Individually and as Successor-in-*                      (See above for address)
*Interest to Capitol Products*                           *ATTORNEY TO BE NOTICED*
*Corporation Successor-In-Interest to*
*Davis Engineering Corporation*

**Defendant**
**Triumph Aerostructures-Vought**       represented by   **Deborah Ann Smith**
**Aircraft Division**                                    (See above for address)
*A Division of Triumph Group, Inc. and*                  *LEAD ATTORNEY*
*Triumph Group, Inc., Individually and*                  *ATTORNEY TO BE NOTICED*
*as Successor in Interest to Vought*
*Aircraft Industries, Inc*                               **Kathryn Jean LaFevers**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**                    represented by   **Anne Cherry Barnett**
McKenna Long and Aldridge
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000
Email: abarnett@mckennalong.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Technologies Corporation**              represented by   **John Karry Son**
*Individually and as Successor-in-*                              Tucker Ellis & West LLP
*Interest to Pratt & Whitney*                                    515 S. Flower St.
Forty Second Floor
Los Angeles, CA 90071
213-430-3310
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ferlin Peregrino Ruiz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lance Douglas Wilson**
Tucker Ellis LLP
135 Main Street
Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415-617-2409
Email: lance.wilson@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**URS Corporation**
*Individually and as Successor in*
*Interest to John A. Blume and*
*Associates*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2012 | 1 | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1442(a)(1) |

|  |  |  |
|---|---|---|
|  |  | [Federal Officer Removal Jurisdiction] (No Process); from Superior Court of California, County of San Francisco. Their case number is CGC-12-276053. (Filing fee $350.00 receipt number 34611075417). Filed byLycoming Engines. (aaa, COURT STAFF) (Filed on 6/19/2012) (Additional attachment(s) added on 6/20/2012: # 1 Notice of Removal Pt.2a) (aaa, COURT STAFF). (Additional attachment(s) added on 6/20/2012: # 2 Notice of Removal Pt.2b) (aaa, COURT STAFF). (Additional attachment(s) added on 6/20/2012: # 3 Notice of Removal Pt.03) (aaa, COURT STAFF). (Additional attachment(s) added on 6/20/2012: # 4 Notice of Removal Pt.04) (aaa, COURT STAFF). (Additional attachment(s) added on 6/20/2012: # 5 Notice of Removal Pt.05) (aaa, COURT STAFF). (Additional attachment(s) added on 6/20/2012: # 6 Civil Cover Sheet) (aaa, COURT STAFF). (Entered: 06/20/2012) |
| 06/19/2012 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/12/2012. Case Management Conference set for 9/19/2012 10:00 AM. Signed by Magistrate Judge Nathanael M. Cousins on 6/19/12. (Attachments: # 1 NC Standing Order)(aaa, COURT STAFF) (Filed on 6/19/2012) (Entered: 06/20/2012) |
| 06/19/2012 | 3 | ANSWER to Complaint 1 (Notice of Removal) byLycoming Engines. (aaa, COURT STAFF) (Filed on 6/19/2012) (Entered: 06/20/2012) |
| 06/19/2012 | 4 | Certificate of Interested Entities or Persons by Lycoming Engines identifying Other Affiliate United States Aviation Underwriters, Inc., Other Affiliate Textron Inc. for Lycoming Engines. (aaa, COURT STAFF) (Filed on 6/19/2012) (Entered: 06/20/2012) |
| 06/19/2012 | 5 | CERTIFICATE OF SERVICE by Lycoming Engines re 4 Certificate of Interested Entities, 3 Answer to Complaint (Notice of Removal), 1 Notice of Removal, (aaa, COURT STAFF) (Filed on 6/19/2012) (Entered: 06/20/2012) |
| 06/26/2012 | 6 | NOTICE of Appearance by David Michael Glaspy (Glaspy, David) (Filed on 6/26/2012) (Entered: 06/26/2012) |
| 06/27/2012 | 7 | *DEFENDANT BORGWARNER MORSE TEC INC. AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION'S* ANSWER to Complaint *FOR PERSONAL INJURIES* byBorgwarner Morse Tec, Inc.. (Pajala, Ulla) (Filed on 6/27/2012) (Entered: 06/27/2012) |
| 07/02/2012 | 8 | NOTICE of Appearance by Constance R. Fraenkel *for M. Slayen and Associates, Inc.* (Fraenkel, Constance) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 9 | Certificate of Interested Entities by M. Slaven & Associates, Inc (Fraenkel, Constance) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 10 | ANSWER to Complaint byFraser's Boiler Service, Inc.. (Ebrahimi, Kathleen) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 11 | Certificate of Interested Entities by Fraser's Boiler Service, Inc. (Ebrahimi, Kathleen) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 12 | *DEFENDANT HARCO LABORATORIES, INC.'S* ANSWER to Complaint (Notice of Removal) *FOR PERSONAL INJURIES* byHarco Laboratories, Inc. |

| | | (Pajala, Ulla) (Filed on 7/2/2012) (Entered: 07/02/2012) |
|---|---|---|
| 07/02/2012 | 13 | Joinder *NORTHROP GRUMMAN SYSTEMS CORPORATION'S JOINDER AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1442(A)(1) (GOVERNMENT CONTRACTOR IMMUNITY - ACTING UNDER DIRECTION OF FEDERAL OFFICER* by Northrop Grumman Worldwide Corp. (Kelly, Daniel) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 14 | ANSWER to Complaint (Notice of Removal) *and Demand for Jury Trial* byCBS Corporation. (Back, Mary) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 15 | Statement *Pursuant to Federal Rules of Civil Procedure, Rule 7.1, and Local Rule 3-16* by CBS Corporation. (Back, Mary) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 16 | NOTICE of Appearance by Kevin Douglas Jamison (Jamison, Kevin) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 17 | Certificate of Interested Entities by Northrop Grumman Worldwide Corp *DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S DISCLOSURE STATEMENT AND CERTIFICATION OF INTERESTED PARTIES* (Kelly, Daniel) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/03/2012 | 18 | Certificate of Interested Entities by Rockwell Automation, Inc. (Gage, Nicole) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/03/2012 | 19 | Joinder re 1 Notice of Removal,,, by Rockwell Automation, Inc.. (Gage, Nicole) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/03/2012 | 20 | ANSWER to Complaint byInternational Paper Company. (Bergstrom, Emily) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/03/2012 | 21 | Joinder re 1 Notice of Removal,,, by United Technologies Corporation. (Attachments: # 1 Affidavit United Technologies Corporation's Corporate Disclosure Statement and Certificate of Interested Parties)(Son, John) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/05/2012 | 22 | NOTICE of Appearance by Lisa K Rauch (Rauch, Lisa) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 23 | Certificate of Interested Entities by IMO Industries, Inc. (Rauch, Lisa) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 24 | ANSWER to Complaint (Notice of Removal) *FOR PERSONAL INJURIES* byIMO Industries, Inc.. (Rauch, Lisa) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 25 | NOTICE of Appearance by Bobbie Rae Bailey (Bailey, Bobbie) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 26 | NOTICE of Appearance by Bryant Thomas French *counsel of record for Defendant Tredegar Corporation* (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 27 | ANSWER to Complaint with a request for a jury trial in the above entitled |

| | | matter of all issues as to which a jury is permitted by law. byTredegar Corporation. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
|---|---|---|
| 07/05/2012 | 28 | Statement *pursuant to Local Rule 3-16* by Tredegar Corporation. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 29 | ANSWER to Complaint with Jury Demand byEaton Corporation. (Ridley, Shawn) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 30 | ANSWER to Complaint with Jury Demand byHoneywell International, Inc.. (O'Shea, Daniel) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 31 | ANSWER to Complaint with Jury Demand byEaton Aeroquip, LLC. (Ridley, Shawn) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 32 | *DEFENDANT HOPEMAN BROTHERS, INC.'S* ANSWER to Complaint *PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES - ASBESTOS* byHopeman Brothers, Inc.. (Attachments: # 1 DEFENDANT HOPEMAN BROTHERS, INC.'S NOTICE OF APPEARANCE OF COUNSEL, # 2 DEFENDNAT HOPEMAN BROTHERS, INC.'S DISCLOSURE STATEMENT AND CERTIFICATION OF INTERESTED PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 7.1-1)(Cross, Reno) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 33 | NOTICE of Appearance by Bryant Thomas French *counsel of record for Defendant Ethyl Corporation* (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 34 | ANSWER to Complaint with a request for a jury trial in the above entitled matter of all issues as to which a jury is permitted by law byEthyl Corporation. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 35 | Statement *pursuant to Local Rule 3-16* by Ethyl Corporation. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 36 | NOTICE of Appearance by Bryant Thomas French *counsel of record for Defendant Bon L Manufacturing Corporation* (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 37 | ANSWER to Complaint with a request for a jury trial in the above entitled matter of all issues as to which a jury is permitted by law byBon L. Manufacturing Company. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/05/2012 | 38 | Statement *pursuant to Local Rule 3-16* by Bon L. Manufacturing Company. (French, Bryant) (Filed on 7/5/2012) (Entered: 07/05/2012) |
| 07/06/2012 | 39 | Certificate of Interested Entities by Lanny Sanders (Dickenson, Tiffany) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/06/2012 | 40 | Joinder *TO NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442 (A) (1) (GOVERNMENT CONTRACTOR IMMUNITY - ACTING UNDER DIRECTION OF FEDERAL OFFICER)* by Curtiss-Wright Corporation. (LaFevers, Kathryn) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| | | |

| 07/06/2012 | 41 | ANSWER to Complaint with Jury Demand byParker-Hannifin Corporation. (Fox, Michael) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/06/2012 | 42 | ANSWER to Complaint with Jury Demand byBechtel Corporation. (French, Bryant) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/06/2012 | 43 | Statement *re Corporate Disclosure Pursuant to FRCP 7.1* by Borgwarner Morse Tec, Inc., Borgwarner, Inc. (Pajala, Ulla) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/09/2012 | 44 | REPORT of Rule 26(f) Planning Meeting *HOPEMAN BROTHERS, INC.S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(A)(1)*. (Cross, Reno) (Filed on 7/9/2012) (Entered: 07/09/2012) |
| 07/09/2012 | 45 | CERTIFICATE OF SERVICE by Parker-Hannifin Corporation re 41 Answer to Complaint *and Demand for Jury Trial* (Fox, Michael) (Filed on 7/9/2012) (Entered: 07/09/2012) |
| 07/10/2012 | 46 | NOTICE of Appearance by Bruce Edwin McLeod (McLeod, Bruce) (Filed on 7/10/2012) (Entered: 07/10/2012) |
| 07/11/2012 | 47 | NOTICE of Appearance by Charles Stewart Bishop (Bishop, Charles) (Filed on 7/11/2012) (Entered: 07/11/2012) |
| 07/11/2012 | 48 | STIPULATION *TO EXTEND TIME TO RESPOND TO COMPLAINT FOR DEFENDANT UNION CARBIDE CORPORATION* filed by Union Carbide Corporation. (Barnett, Anne) (Filed on 7/11/2012) (Entered: 07/11/2012) |
| 07/11/2012 | 49 | ANSWER to Complaint with Jury Demand byM. Slaven & Associates, Inc. (Fraenkel, Constance) (Filed on 7/11/2012) (Entered: 07/11/2012) |
| 07/12/2012 | 50 | NOTICE by Lycoming Engines *of Tag-Along Action* (Brunk, Stephen) (Filed on 7/12/2012) (Entered: 07/12/2012) |
| 07/12/2012 | 51 | ANSWER to Complaint with Jury Demand byArmstrong International, Inc.. (Blomquist, Sonja) (Filed on 7/12/2012) (Entered: 07/12/2012) |
| 07/12/2012 | 52 | Certificate of Interested Entities by Armstrong International, Inc. re 51 Answer to Complaint (Blomquist, Sonja) (Filed on 7/12/2012) (Entered: 07/12/2012) |
| 07/12/2012 | 53 | NOTICE of Appearance by Sonja E. Blomquist (Blomquist, Sonja) (Filed on 7/12/2012) (Entered: 07/12/2012) |
| 07/13/2012 | 54 | ANSWER to Complaint with Jury Demand byTriumph Aerostructures-Vought Aircraft Division. (Smith, Deborah) (Filed on 7/13/2012) (Entered: 07/13/2012) |
| 07/13/2012 | 55 | Joinder re 1 Notice of Removal,,, by Triumph Aerostructures-Vought Aircraft Division. (Smith, Deborah) (Filed on 7/13/2012) (Entered: 07/13/2012) |
| 07/13/2012 | 56 | ANSWER to Complaint with Jury Demand byFryer Knowles, Inc. (Bishop, Charles) (Filed on 7/13/2012) (Entered: 07/13/2012) |
| 07/13/2012 | 57 | Certificate of Interested Entities by Fryer Knowles, Inc (Bishop, Charles) |

| | | (Filed on 7/13/2012) (Entered: 07/13/2012) |
|---|---|---|
| 07/17/2012 | 58 | Certificate of Interested Entities by Harco Laboratories, Inc identifying Corporate Parent TransDigm Inc., Corporate Parent TransDigm Group Incorporated for Harco Laboratories, Inc. (Haas, Eric) (Filed on 7/17/2012) (Entered: 07/17/2012) |
| 07/18/2012 | 59 | ANSWER to Complaint with Jury Demand byThe Goodyear Tire & Rubber Company. (LaFevers, Kathryn) (Filed on 7/18/2012) (Entered: 07/18/2012) |
| 07/18/2012 | 60 | Statement *Disclosure* by The Goodyear Tire & Rubber Company. (LaFevers, Kathryn) (Filed on 7/18/2012) (Entered: 07/18/2012) |
| 07/19/2012 | 61 | STIPULATION *TO EXTEND TIME FOR SPECIALLY APPEARING DEFENDANT CYTEC INDUSTRIES INC. TO RESPOND TO COMPLAINT* filed by Cytec Industries, Inc. (Noel, Sara) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 62 | ANSWER to Complaint byLockheed Martin Corporation. (Clark, Brian) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 63 | Certificate of Interested Entities by Lockheed Martin Corporation *and Disclosure Statement* (Clark, Brian) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 64 | ANSWER to Complaint with Jury Demand byUnion Carbide Corporation. (Barnett, Anne) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 65 | NOTICE of Appearance by Anne Cherry Barnett *for Defendant Union Carbide Corporation* (Barnett, Anne) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 66 | Certificate of Interested Entities by Union Carbide Corporation identifying Corporate Parent Dow Chemical Company for Union Carbide Corporation. (Barnett, Anne) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 67 | NOTICE of Appearance by Bryant Thomas French (French, Bryant) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 68 | Statement *RULE 3-16 CORPORATE DISCLOSURE* by Bechtel Corporation. (French, Bryant) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/20/2012 | 69 | NOTICE of Appearance by Kristine Michelle Futoran *on behalf of 3M Company* (Futoran, Kristine) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 70 | ANSWER to Complaint (Notice of Removal) by3M Company. (Futoran, Kristine) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 71 | Certificate of Interested Entities by 3M Company re 70 Answer to Complaint (Notice of Removal) (Futoran, Kristine) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 72 | NOTICE of Appearance by Mordecai D. Boone *on behalf of 3M Company* (Boone, Mordecai) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 73 | ANSWER to Complaint (Notice of Removal) byBASF Corporation, Novartis |

| | | |
|---|---|---|
| | | Corporation. (Dittoe, John) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 74 | Certificate of Interested Entities by BASF Corporation (Dittoe, John) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 75 | Certificate of Interested Entities by BASF Corporation *Defendant BASF Corporation's Corporate Disclosure Statement* (Dittoe, John) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 76 | ANSWER to Complaint with Jury Demand byPratt & Whitney Power Systems, Inc.. (Attachments: # 1 Supplement Corporate Disclosure)(Ruiz, Ferlin) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 77 | ANSWER to Complaint with Jury Demand byUnited Technologies Corporation. (Ruiz, Ferlin) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 78 | ANSWER to Complaint with Jury Demand byPfizer, Inc. (Ruiz, Ferlin) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/20/2012 | 79 | ANSWER to Complaint with Jury Demand byRockwell Automation, Inc.. (Ruiz, Ferlin) (Filed on 7/20/2012) (Entered: 07/20/2012) |
| 07/23/2012 | 80 | Certificate of Interested Entities by Pfizer, Inc re 78 Answer to Complaint (Ruiz, Ferlin) (Filed on 7/23/2012) (Entered: 07/23/2012) |
| 07/23/2012 | 81 | *Lehigh Gasket Company's* ANSWER to Complaint with Jury Demand byLehigh Gasket Company. (Duplanty, Todd) (Filed on 7/23/2012) (Entered: 07/23/2012) |
| 07/23/2012 | 82 | NOTICE of Appearance by Todd Alexander Duplanty *for LeHigh Gasket Company* (Duplanty, Todd) (Filed on 7/23/2012) (Entered: 07/23/2012) |
| 07/24/2012 | 83 | *DEFENDANT SMOOTH-ON, INC'S* ANSWER to Complaint with JURY DEMAND bySmooth-On, Inc. (Duplanty, Todd) (Filed on 7/24/2012) (Entered: 07/24/2012) |
| 07/24/2012 | 84 | NOTICE of Appearance by Todd Alexander Duplanty *FOR DEFENDANT SMOOTH-ON, INC.* (Duplanty, Todd) (Filed on 7/24/2012) (Entered: 07/24/2012) |
| 07/26/2012 | 85 | NOTICE of Appearance by Anthony Charles Chiosso, jr *CERTIFICATE OF SERVICE* (Chiosso, Anthony) (Filed on 7/26/2012) (Entered: 07/26/2012) |
| 07/27/2012 | 86 | Certificate of Interested Entities by Novartis Corporation identifying Corporate Parent Novartis Holding AG for Novartis Corporation. (Dittoe, John) (Filed on 7/27/2012) (Entered: 07/27/2012) |
| 07/27/2012 | 87 | Certificate of Interested Entities by Novartis Corporation identifying Corporate Parent Novartis Holding AG for Novartis Corporation. *Defendant Novartis Corporation's Corporate Disclosure Statement* (Dittoe, John) (Filed on 7/27/2012) (Entered: 07/27/2012) |
| 07/30/2012 | 88 | ANSWER to Complaint (Notice of Removal) bySmith Tubular Systems-Lacona, Inc. (Chanco, Leopoldo) (Filed on 7/30/2012) (Entered: 07/30/2012) |
| | | |

| 07/30/2012 | [89](#) | ANSWER to Complaint (Notice of Removal) byTiteflex Corporation. (Chanco, Leopoldo) (Filed on 7/30/2012) (Entered: 07/30/2012) |
| 07/31/2012 | [90](#) | ANSWER to Complaint with Jury Demand *with Certificate of Service* byPneumo Abex, L.L.C.. (Maul, Donna) (Filed on 7/31/2012) (Entered: 07/31/2012) |
| 08/01/2012 | [91](#) | NOTICE by Lycoming Engines *of JPML Tag-Along Filing* (Brunk, Stephen) (Filed on 8/1/2012) (Entered: 08/01/2012) |
| 08/01/2012 | [93](#) | NOTICE of Appearance by Derek S. Johnson *Amended Notice of Appearance* (Johnson, Derek) (Filed on 8/1/2012) (Entered: 08/01/2012) |
| 08/01/2012 | [94](#) | AMENDED ANSWER to *Amended Notice of Refiling Answer* byGeneral Electric Company. (Johnson, Derek) (Filed on 8/1/2012) (Entered: 08/01/2012) |
| 08/01/2012 | 95 | ** PLEASE SEE DOCUMENT 96 ** Modified on 8/1/2012 (lmh, COURT STAFF). (Entered: 08/01/2012) |
| 08/01/2012 | 96 | ORDER entered by Judge Nathanael Cousins SEALING Document Number 92 "Letter from Tiffany Dickson re: meet and confer". Plaintiffs' counsel must by August 8, 2012, refile the document with redactions of individual's private information, including social security number and birth date. See Fed. R. Civ. P. 5.2(a). In the alternative, plaintiffs' counsel must certify that they intend to waive the privacy protections of Rule 5.2(a). See Fed. R. Civ. P. 5.2(h). *This is a text only entry generated by the Court. There is no document associated with this notice.* (lmh, COURT STAFF) (Filed on 8/1/2012) (Entered: 08/01/2012) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/02/2012 07:44:26 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-03178-NC |
| **Billable Pages:** | 20 | **Cost:** | 2.00 |

1   John Langdoc, Esq. (SBN 235509)
2   Denyse Clancy, Esq. (SBN 255276)
    Tiffany Dickenson, Esq. (SBN 264364)
3   Alana Kalantzakis, Esq. (SBN 277154)
    Christine Tamer, Esq. (SBN 281812)
4   BARON & BUDD, P.C.
    3102 Oak Lawn Ave., Suite 1100
5   Dallas, TX 72519
    Telephone: 214/521-3605; 800/222-2766
6   Facsimile: 214/520-1181

7   ATTORNEYS FOR PLAINTIFFS

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF SAN FRANCISCO

11

12   LANNY SANDERS and SANDRA JENSEN     )   CASE NO. CGC12 -276053
    SANDERS,                               )
13                                   )   COMPLAINT FOR PERSONAL
              Plaintiff,                 )   INJURIES
14                                   )
    vs.                               )   [ASBESTOS GENERAL ORDERS IN
15                                   )   FILE NO. 828684]
    3M COMPANY (INDIVIDUALLY AND         )
16   F/K/A MINNESOTA, MINING AND         )
    MANUFACTURING COMPANY A/K/A       )
17   "3M");                               )
18   ADVANCED COMPOSITES GROUP,       )
    INC., A DIVISION OF UMECO           )
19   STRUCTURAL MATERIALS, INC.;         )
    ALLISON ENGINE COMPANY, INC.;       )
20   APV ENGINEERED COATINGS, (F/K/A     )
    AKRON PAINT & VARNISH, INC.);       )
21   ARMSTRONG INTERNATIONAL, INC.;     )
    B.R. FUNSTEN & CO.;                 )
22   BASF CORPORATION (INDIVIDUALLY     )
    AND AS SUCCESSOR IN INTEREST TO   )
23   CIBA SPECIALTY CHEMICALS, AS       )
    SUCCESSOR IN INTEREST TO RELIABLE   )
24   MANUFACTURING COMPANY;)           )
25   BECHTEL CORPORATION             )
    (INDIVIDUALLY AND AS SUCCESSOR     )
26   TO SEQUOIA VENTURES, INC.);         )
27   BOEING AMERICAN, INC.,             )

28

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAY 3 1 2012

CLERK OF THE COURT
BY: _____
            Deputy Clerk

BY FAX

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

-1-

COMPLAINT FOR PERSONAL INJURIES

1   John Langdoc, Esq. (SBN 235509)
    Denyse Clancy, Esq. (SBN 255276)
2   Tiffany Dickenson, Esq. (SBN 264364)
    Alana Kalantzakis, Esq. (SBN 277154)
3   Christine Tamer, Esq. (SBN 281812)
4   **BARON & BUDD, P.C.**
    3102 Oak Lawn Ave., Suite 1100
5   Dallas, TX 75219
    Telephone: 214/521-3605; 800/222-2766
6   Facsimile: 214/520-1181

7   Attorneys for Plaintiffs

8

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAY 3 1 2012

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
              Deputy Clerk

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11
    LANNY SANDERS and SANDRA          )   No. _____ CGC 12 -276057
12   JENSEN SANDERS,                   )
                                       )
13              Plaintiffs,            )   **PRELIMINARY FACT SHEET/**
                                       )   **NEW FILING/ASBESTOS**
14                                     )   **LITIGATION**
    vs.                                )
15                                     )   [See General Order No. 129,
    3M COMPANY (INDIVIDUALLY AND       )   In Re: Complex Asbestos Litigation]
16   F/K/A MINNESOTA, MINING AND       )
    MANUFACTURING COMPANY A/K/A        )
17   "3M"), et al.                     )
                                       )
18              Defendants.            )
                                       )
19   _____)

20                                            BY FAX

21

22

23

24

25

26

27

28

          PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## N O T I C E

## TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

You have been served with process in an action which has been designated by the Court as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This litigation bears the caption "In Re: Complex Asbestos Litigation", [San Francisco Superior Court No. 828684].

This litigation is governed by various general orders, some of which affect the judicial management and/or discovery obligations, including the responsibility to answer interrogatories deemed propounded in the case. You may contact the Court or Designated Defense Counsel, Berry & Berry, Station D, Post Office Box 70250 (1300 Clay Street, Ninth Floor), Oakland, CA 946120250; Telephone: (510) 8358330; FAX: (510) 8355117, for further information and/or copies of those orders, at your expense.

1.    State the complete name and address of each person whose claimed exposure to asbestos

is the basis of this lawsuit ("exposed person"):

      **Exposed Person:**  Lanny Sanders
      **Address:**        511 Woodhurst Drive, Coppell, Texas 75019

2.    Does plaintiff anticipate filing a motion for a preferential trial date within the next four

months?

  __X__ Yes        _____ No

[If yes, the action will be governed by General Order No. 140; if no, the action will be

governed by General Order No. 129.]

3.    Date of birth of each exposed person in item one and, if applicable, date of death:

DOB: 09/14/1947        DOD: _____

Social Security Number of each exposed person:

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        _____

4.    Specify the nature or type of asbestos-related disease alleged by each exposed person.

_____ Asbestosis            __X__ Mesothelioma

_____ Pleural Thickening/Plaques    _____ Other Cancer: Specify: _____

-1-

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

_____ Lung Cancer Other Than        Other; Specify: _____
         Mesothelioma

5.    For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

   __X__ Shipyard        __X__ Construction        _____ Friction Automotive

   _____ Premises       __X__ Aerospace          __X__ Military

   __X__ Other; Specify all that apply: Mr. Sanders was an aviation electronics technician in the Navy at multiple Naval Air Stations, including but not limited to LeMoore Naval Air Station and Moffett Naval Air Station, as well as the USS Constellation.

6.    Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Pipefitter 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant marine" or "construction". If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

| Location Of Exposure | Employer | Job Title at Time of Exposure | Years of Exposure (approximately) Beginning    Ending |
|---|---|---|---|
| San Diego | United States Navy | Basic Training | 1967 |
| LeMoore Naval Air Station | United States Navy | Aviation Electronic Technician | 1967-1970 |
| USS Constellation | United States Navy | Aviation Electronic Technician | 1969-1970 |

-2-

| Moffett Naval Air Station | United States Navy | Aviation Electronic Technician | 1971-1975 |

7.   For each exposed person who:

    a.   worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N4 to General Order No. 129);

    b.   may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N5 to General Order No. 129);

    c.   served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N3 to General Order No. 129);

    d.   was employed by the United States government in a civilian capacity, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N3 to General Order No. 129).

8.   If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

9.   State the date of the filing of the initial complaint in this matter:   May 31, 2012.

-3-

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION



Dated: May 31, 2012                          BARON & BUDD, P.C.

                                             By: *Tiffany Dickinson*
                                                 Tiffany Dickinson. Esq.
                                                 Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    -4-

1  John Langdoc, Esq. (SBN 235509)
   Denyse Clancy, Esq. (SBN 255276)
2  Tiffany Dickenson, Esq. (SBN 264364)
   Alana Kalantzakis, Esq. (SBN 277154)
3  Christine Tamer, Esq. (SBN 281812)
4  **BARON & BUDD, P.C.**
   3102 Oak Lawn Ave., Suite 1100
5  Dallas, TX 72519
   Telephone: 214/521-3605; 800/222-2766
6  Facsimile: 214/520-1181

7  ATTORNEYS FOR PLAINTIFFS

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11

12  LANNY SANDERS and SANDRA JENSEN        )   CASE NO. _____
    SANDERS,                               )
13                                         )   **COMPLAINT FOR PERSONAL**
                Plaintiff,                 )   **INJURIES**
14                                         )
    vs.                                    )   [ASBESTOS GENERAL ORDERS IN
15                                         )   FILE NO. 828684]
    **3M COMPANY (INDIVIDUALLY AND**       )
16  **F/K/A MINNESOTA, MINING AND**        )
    **MANUFACTURING COMPANY A/K/A**        )
17  **"3M");**                             )
18  **ADVANCED COMPOSITES GROUP,**         )
    **INC., A DIVISION OF UMECO**          )
19  **STRUCTURAL MATERIALS, INC.;**        )
    **ALLISON ENGINE COMPANY, INC.;**      )
20  **APV ENGINEERED COATINGS, (F/K/A**    )
    **AKRON PAINT & VARNISH, INC.);**      )
21  **ARMSTRONG INTERNATIONAL, INC.;**     )
22  **B.R. FUNSTEN & CO.;**                )
    **BASF CORPORATION (INDIVIDUALLY**     )
23  **AND AS SUCCESSOR IN INTEREST TO**    )
    **CIBA SPECIALTY CHEMICALS, AS**       )
24  **SUCCESSOR IN INTEREST TO RELIABLE**  )
    **MANUFACTURING COMPANY;)**            )
25  **BECHTEL CORPORATION**                )
26  **(INDIVIDUALLY AND AS SUCCESSOR**     )
    **TO SEQUOIA VENTURES, INC.);**        )
27  **BOEING AMERICAN, INC.,**             )

28

                                    -1-

| | |
|---|---|
| 1 | (INDIVIDUALLY AND AS SUCCESSOR ) |
| | IN INTEREST TO NORTH AMERICAN ) |
| 2 | ROCKWELL AS SUCCESSOR IN ) |
| 3 | INTEREST TO NORTH AMERICAN ) |
| | AVIATION); ) |
| 4 | **BON L. MANUFACTURING COMPANY,** ) |
| | (INDIVIDUALLY AND AS SUCCESSOR ) |
| 5 | BY MERGER TO CAPITOL PRODUCTS ) |
| 6 | CORPORATION ) |
| | SUCCESSOR-IN-INTEREST TO DAVIS ) |
| 7 | ENGINEERING CORPORATION); ) |
| 8 | **BORGWARNER MORSE TEC, INC.,** ) |
| | (INDIVIDUALLY AND AS ) |
| 9 | SUCCESSOR-IN-INTEREST TO ) |
| | BORG-WARNER CORPORATION); ) |
| 10 | **BORGWARNER, INC.,** (INDIVIDUALLY ) |
| | AND AS SUCCESSOR-IN-INTEREST TO ) |
| 11 | BORG-WARNER CORPORATION); ) |
| | **CBS CORPORATION,** (F/K/A VIACOM, ) |
| 12 | INC. SUCCESSOR-BY-MERGER TO CBS ) |
| 13 | CORPORATION, ) |
| | SUCCESSOR-BY-MERGER TO ) |
| 14 | WESTINGHOUSE ELECTRIC ) |
| | CORPORATION); ) |
| 15 | **CESSNA AIRCRAFT COMPANY** (A ) |
| 16 | TEXTRON COMPANY); ) |
| | **CESSNA AIRCRAFT COMPANY,** (A ) |
| 17 | TEXTRON COMPANY, INDIVIDUALLY ) |
| | AND AS SUCCESSOR IN INTEREST TO ) |
| 18 | MCCAULEY PROPELLER COMPANY); ) |
| 19 | **CIRRUS ENTERPRISES, L.L.C.** ) |
| | (INDIVIDUALLY AND AS ) |
| 20 | SUCCESSOR-IN-INTEREST TO E.V. ) |
| | ROBERTS AND ASSOCIATES, INC., AND ) |
| 21 | EVRA, INC.); ) |
| | **CLEVELAND WHEELS AND BRAKES** ) |
| 22 | **AND AIRCRAFT WHEEL AND BRAKE,** ) |
| | A DIVISION OF PARKER HANNIFIN ) |
| 23 | CORPORATION; ) |
| 24 | **CONTINENTAL MOTORS, INC.;** ) |
| | **CRANE CO.,** (INDIVIDUALLY AND AS ) |
| 25 | SUCCESSOR-IN-INTEREST TO ) |
| | HYDRO-AIRE INC., AND ADEL ) |
| 26 | PRECISION PRODUCTS ) |
| | CORPORATION); ) |
| 27 | **CRANE CO.,** (D/B/A CRANE ) |
| | RESISTOFLEX CO., A DIVISION OF ) |
| 28 | |

-2-

COMPLAINT FOR PERSONAL INJURIES

CRANE CO.);
**CROWN CORK & SEAL COMPANY,**
**INC.** (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO MUNDET
CORK COMPANY);
CUMMINS, INC. (F/K/A CUMMINS
ENGINEER COMPANY, INC.);
**CURTISS-WRIGHT CORPORATION;**
**CURTISS-WRIGHT FLOW CONTROL**
**CORPORATION;**
**CYTEC INDUSTRIES, INC.,**
(INDIVIDUALLY AND SUCCESSOR IN
INTEREST TO AMERICAN CYANAMID
COMPANY);
**DANA COMPANIES, LLC,**
(INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO VICTOR
MANUFACTURING & GASKET CO.);
**DEXTER HYSOL AEROSPACE, LLC,**
(INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO DEXTER
HYSOL AEROSPACE, INC.);
**DOUGLASS INSULATION COMPANY,**
**INC.;**
**EATON AEROQUIP, INC.;**
**EATON AEROQUIP, LLC;**
**EATON CORPORATION.**
(INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO EATON ELECTRICAL,
INC., AND AS SUCCESSOR IN INTEREST
TO CUTLER-HAMMER, INC.);
**EATON ELECTRICAL, INC.,**
(INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO CUTLER-HAMMER,
INC. AND F/K/A CUTLER-HAMMER,
INC.);
**ESSEX CHEMICAL CORPORATION,**
(INDIVIDUALLY AND AS A
SUBSIDIARY OF DOW CHEMICAL
COMPANY);
**ETHYL CORPORATION,**
(INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO CAPITOL
PRODUCTS CORPORATION
SUCCESSOR-IN-INTEREST TO DAVIS
ENGINEERING CORPORATION);
**FRASER'S BOILER SERVICE, INC.;**

-3-

COMPLAINT FOR PERSONAL INJURIES

| | |
|---|---|
| 1 | FRYER KNOWLES, INC., A )
| | CALIFORNIA CORPORATION; )
| 2 | GENERAL ELECTRIC COMPANY; )
| 3 | GOODRICH CORPORATION (F/K/A )
| | THE B.F. GOODRICH COMPANY); )
| 4 | HARCO LABORATORIES, INC.; )
| | HAWKER BEECHCRAFT )
| 5 | CORPORATION; )
| | HENKEL CORPORATION, )
| 6 | (INDIVIDUALLY AND AS )
| 7 | SUCCESSOR-IN-INTEREST TO DEXTER )
| | HYSOL AEROSPACE, INC.); )
| 8 | HONEYWELL INTERNATIONAL, INC. )
| | (INDIVIDUALLY AND AS )
| 9 | SUCCESSOR-IN-INTEREST TO )
| | ALLIED-SIGNAL, INC. AND THE )
| 10 | BENDIX CORPORATION); )
| 11 | HOPEMAN BROTHERS, INC.; )
| | IMO INDUSTRIES, INC. )
| 12 | (INDIVIDUALLY AND AS )
| 13 | SUCCESSOR-IN-INTEREST TO ADEL )
| | PRECISION PRODUCTS, INC.); )
| 14 | INTERNATIONAL PAPER COMPANY, )
| | (INDIVIDUALLY AND AS )
| 15 | SUCCESSOR-IN-INTEREST TO LONG )
| | BELL PAPER CO.); )
| 16 | J.T. THORPE & SON, INC.; )
| | LEHIGH GASKET COMPANY; )
| 17 | LOCKHEED MARTIN CORPORATION; )
| | LYCOMING ENGINES; )
| 18 | M. SLAYEN & ASSOCIATES, INC.; )
| 19 | MCDONNELL DOUGLAS )
| | CORPORATION; )
| 20 | MECHANICAL DRIVES & BELTING )
| | (F/K/A L.A. RUBBER COMPANY); )
| 21 | METALCLAD INSULATION )
| 22 | CORPORATION; )
| | NATIONAL SERVICES INDUSTRIES, )
| 23 | INC.; )
| | NATIONAL STEEL AND )
| 24 | SHIPBUILDING COMPANY, (A/K/A )
| | NASSCO); )
| 25 | NORTHROP GRUMMAN WORLDWIDE )
| 26 | CORP.; )
| | NOVARTIS CORPORATION, )
| 27 | (INDIVIDUALLY AND AS SUCCESSOR )
| | IN INTEREST TO CIBA-GEIGY )
| 28 | |

-4-

CORPORATION, AS SUCCESSOR IN
INTEREST TO RELIABLE
MANUFACTURING COMPANY);
**PARKER-HANNIFIN CORPORATION**
(INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO RESISTOFLEX);
**PFIZER, INC.;**
**PIPER AIRCRAFT, INC.;**
**PLANT INSULATION COMPANY,**
(FORMERLY ASBESTOS COMPANY OF
CA);
**PNEUMO ABEX, L.L.C.,**
(INDIVIDUALLY AND AS SUCCESSOR
BY MERGER TO PNEUMO ABEX
CORPORATION,
SUCCESSOR-IN-INTEREST TO ABEX
CORPORATION F/K/A AMERICAN
BRAKE SHOE COMPANY, F/K/A
AMERICAN BRAKE SHOE AND
FOUNDRY COMPANY INCLUDING THE
AMERICAN BRAKEBLOK DIVISION,
SUCCESSOR-BY-MERGER TO THE
AMERICAN BRAKE SHOE AND
FOUNDRY COMPANY AND THE
AMERICAN BRAKEBLOK
CORPORATION F/K/A THE AMERICAN
BRAKE MATERIALS CORPORATION);
**PRATT & WHITNEY POWER**
**SYSTEMS, INC.;**
**PRATT & WHITNEY ROCKETDYNE,**
**INC.;**
**PRC-DESOTO INTERNATIONAL, INC.,**
(FORMERLY COURTAULDS
AEROSPACE, INC., INDIVIDUALLY AND
AS SUCCESSOR IN INTEREST TO
PRODUCTS RESEARCH & CHEMICAL
CORPORATION);
**QUINTEC INDUSTRIES, INC.,**
(INDIVIDUALLY AND
SUCCESSOR-BY-MERGER TO WESTERN
FIBROUS GLASS PRODUCTS COMPANY
F/K/A WESTERN FIBERGLAS
COMPANY);
**ROCKWELL AUTOMATION, INC.,**
(INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO
ALLEN-BRADLEY COMPANY

-5-

| | | |
|---|---|---|
| 1 | INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO | ) |
| 2 | ROSTONE CORPORATION); | ) |
| 3 | ROCKWELL INTERNATIONAL, INC.; ROLLS ROYCE CORPORATION (D/B/A | ) |
| 4 | ALLISON ENGINE COMPANY CORPORATION SERVICE COMPANY) | ) |
| 5 | ROLLS-ROYCE NORTH AMERICA INC.; | ) |
| 6 | S B DECKING, INC.; | ) |
| 7 | SAN FRANCISCO GRAVEL COMPANY; SCHNEIDER ELECTRIC USA, INC., | ) |
| 8 | (F/K/A SQUARE D COMPANY); SHELL CHEMICAL, L.P.; | ) |
| 9 | SMITH TUBULAR SYSTEMS-LACONIA, INC., | ) |
| 10 | (INDIVIDUALLY AND AS SUCCESSOR | ) |
| 11 | TO TITEFLEX CORPORATION, AND TITEFLEX, INC.); | ) |
| 12 | SMOOTH-ON, INC.; SOCO WEST, INC. (F/K/A BRENNTAG | ) |
| 13 | WEST. INC., F/K/A SOCO-LYNCH CORPORATION, F/K/A SOCO-WESTERN | ) |
| 14 | CHEMICAL CORPORATION, F/K/A STINNES-WESTERN CHEMICAL | ) |
| 15 | CORPORATION); | ) |
| 16 | SOUTH BAY BOILER REPAIR, INC.; SYD CARPENTER MARINE | ) |
| 17 | CONTRACTOR, INC.; TDY INDUSTRIES, INC., | ) |
| 18 | (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO | ) |
| 19 | TELEDYNE TECHNOLOGIES INC.); | ) |
| 20 | THE BOEING COMPANY; THE BOEING COMPANY (D/B/A | ) |
| 21 | BOEING INTEGRATED DEFENSE SYSTEMS, AS | ) |
| 22 | SUCCESSOR-IN-INTEREST TO | ) |
| 23 | ROCKWELL INTERNATIONAL); THE DOW CHEMICAL COMPANY; | ) |
| 24 | THE GOODYEAR TIRE & RUBBER COMPANY; | ) |
| 25 | THOMAS DEE ENGINEERING CO.; THORPE INSULATION COMPANY; | ) |
| 26 | TITEFLEX CORPORATION; TREDEGAR CORPORATION, | ) |
| 27 | (INDIVIDUALLY AND AS | ) |
| 28 | | |

-6-

COMPLAINT FOR PERSONAL INJURIES

SUCCESSOR-IN-INTEREST TO CAPITOL          )
PRODUCTS CORPORATION                       )
SUCCESSOR-IN-INTEREST TO DAVIS             )
ENGINEERING CORPORATION);                  )
TRIUMPH                                     )
AEROSTRUCTURES-VOUGHT                       )
AIRCRAFT DIVISION, (A DIVISION OF          )
TRIUMPH GROUP, INC. AND TRIUMPH            )
GROUP, INC., INDIVIDUALLY AND AS           )
SUCCESSOR IN INTEREST TO VOUGHT            )
AIRCRAFT INDUSTRIES, INC.);                )
UNION CARBIDE CORPORATION;                  )
UNITED TECHNOLOGIES                         )
CORPORATION (INDIVIDUALLY AND              )
AS SUCCESSOR-IN-INTEREST TO                )
PRATT & WHITNEY);                           )
URS CORPORATION, (INDIVIDUALLY             )
AND AS SUCCESSOR IN INTEREST TO            )
JOHN A. BLUME AND ASSOCIATES), and        )
DOES 1-300                                  )
                                            )
            Defendants.                     )
_____)

    COME NOW, Plaintiffs LANNY SANDERS and SANDRA JENSEN SANDERS (collectively referred to herein as "Plaintiffs") and for causes of action against all named Defendants herein, and complain and allege as follows:

I.

<u>GENERAL ALLEGATIONS</u>

    1.    The true names and/or capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 300, inclusive, are unknown to Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and when the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable

-7-

1   manner, for the events and happenings hereinafter referred to, and caused injuries and damages

2   proximately thereby to Plaintiffs, as hereinafter alleged, either through said Defendant's own

3   conduct or through the conduct of its agents, servants or employees, or due to the ownership, lease

4   or sale of the instrumentality causing the injury, or in some other manner.

5       2.      Plaintiffs are informed and believe, and thereon allege that at all times mentioned

6   herein, Defendants and each of them, were the agents, servants, employees and/or joint venturers

7   of their co-Defendants and were, as such, acting within the scope, course, and authority of said

8   agency, employment and/or joint venture, in that each and every Defendant, as aforesaid, when

9   acting as a principal, was negligent in the selection and hiring or each and every other Defendant as

10  the agent, servant, employee and/or joint venturer.

11      3.      Plaintiff LANNY SANDERS resided in California during a substantial period of

12  his asbestos exposure upon which Plaintiffs' claims are based.

13      4.      Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

14  herein, Defendants 3M COMPANY (INDIVIDUALLY AND F/K/A MINNESOTA MINING

15  AND MANUFACTURING COMPANY A/K/A "3M"); ADVANCED COMPOSITES GROUP,

16  INC. (A DIVISION OF UMECO STRUCTURAL MATERIALS, INC.); ALLISON ENGINE

17  COMPANY, INC.; APV ENGINEERED COATINGS (F/K/A AKRON PAINT & VARNISH,

18  INC.); ARMSTRONG INTERNATIONAL, INC.; B.R. FUNSTEN & CO.; BASF

19  CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CIBA

20  SPECIALTY CHEMICALS, AS SUCCESSOR IN INTEREST TO RELIABLE

21  MANUFACTURING COMPANY); BECHTEL CORPORATION (INDIVIDUALLY AND AS

22  SUCCESSOR TO SEQUOIA VENTURES, INC.); BOEING NORTH AMERICAN, INC.,

23  (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO NORTH AMERICAN

24  ROCKWELL AS SUCCESSOR IN INTEREST TO NORTH AMERICAN AVIATION); BON L.

-8-

COMPLAINT FOR PERSONAL INJURIES

MANUFACTURING COMPANY, (INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO CAPITOL PRODUCTS CORPORATION SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING CORPORATION); BORGWARNER MORSE TEC, INC., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BORG-WARNER CORPORATION); BORGWARNER, INC., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BORG-WARNER CORPORATION); CBS CORPORATION (F/K/A VIACOM, INC. SUCCESSOR-BY-MERGER TO CBS CORPORATION, SUCCESSOR-BY-MERGER TO WESTINGHOUSE ELECTRIC CORPORATION); CESSNA AIRCRAFT COMPANY (A TEXTRON COMPANY); CESSNA AIRCRAFT COMPANY, (A TEXTRON COMPANY INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MCCAULEY PROPELLER COMPANY); CIRRUS ENTERPRISES, LLC (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO E.V. ROBERTS AND ASSOCIATES, INC., AND EVRA, INC.); CLEVELAND WHEELS AND BRAKES AND AIRCRAFT WHEEL AND BRAKE, (A DIVISION OF PARKER HANNIFIN CORPORATION); CONTINENTAL MOTORS, INC.; CRANE CO., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HYDRO-AIRE, INC. AND ADEL PRECISION PRODUCTS CORPORATION); CRANE CO. (D/B/A CRANE RESISTOFLEX CO., A DIVISION OF CRANE CO.); CROWN CORK & SEAL COMPANY, INC. (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK COMPANY); CUMMINS, INC. (F/K/A CUMMINS ENGINEER COMPANY, INC.); CURTISS-WRIGHT CORPORATION; CURTISS-WRIGHT FLOW CONTROL CORPORATION; CYTEC INDUSTRIES, INC., INDIVIDUALLY AND SUCCESSOR IN INTEREST TO AMERICAN CYANAMID COMPANY; DANA COMPANIES, LLC, (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO VICTOR MANUFACTURING & GASKET CO.); DEXTER HYSOL AEROSPACE, LLC, (INDIVIDUALLY AND AS

-9-

SUCCESSOR-IN-INTEREST TO DEXTER HYSOL AEROSPACE, INC.); DOUGLASS
INSULATION COMPANY, INC.; EATON AEROQUIP, INC.; EATON AEROQUIP, LLC;
EATON CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
EATON ELECTRICAL, INC., AND AS SUCCESSOR IN INTEREST TO
CUTLER-HAMMER, INC.); EATON ELECTRICAL, INC., (INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO CUTLER-HAMMER, INC. AND F/K/A
CUTLER-HAMMER, INC.); ESSEX CHEMICAL CORPORATION (INDIVIDUALLY AND
AS A SUBSIDIARY OF DOW CHEMICAL COMPANY); ETHYL CORPORATION
(INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CAPITOL PRODUCTS
CORPORATION SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING
CORPORATION); FRASER'S BOILER SERVICE, INC.; FRYER KNOWLES, INC. (A
CALIFORNIA CORPORATION); GENERAL ELECTRIC COMPANY; GOODRICH
CORPORATION (F/K/A THE B.F. GOODRICH COMPANY); HARCO LABORATORIES,
INC.; HAWKER BEECHCRAFT CORPORATION; HENKEL CORPORATION
(INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DEXTER HYSOL
AEROSPACE, INC.); HONEYWELL INTERNATIONAL, INC. (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIED-SIGNAL, INC. AND THE BENDIX
CORPORATION); HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC.
(INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ADEL PRECISION
PRODUCTS, INC.); INTERNATIONAL PAPER COMPANY, (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO LONG BELL PAPER CO.); J.T. THORPE & SON, INC.;
LEHIGH GASKET COMPANY; LOCKHEED MARTIN CORPORATION; LYCOMING
ENGINES; M. SLAYEN & ASSOCIATES, INC.; MCDONNELL DOUGLAS
CORPORATION; MECHANICAL DRIVES & BELTING (F/K/A L.A. RUBBER COMPANY);

-10-

COMPLAINT FOR PERSONAL INJURIES

METALCLAD INSULATION CORPORATION; NATIONAL SERVICES INDUSTRIES, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY (A/K/A NASSCO); NORTHROP GRUMMAN WORLDWIDE CORP.; NOVARTIS CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CIBA-GEIGY CORPORATION, AS SUCCESSOR IN INTEREST TO RELIABLE MANUFACTURING COMPANY); PARKER-HANNIFIN CORPORATION (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESISTOFLEX); PFIZER, INC.; PIPER AIRCRAFT, INC.; PLANT INSULATION COMPANY, (FORMERLY ASBESTOS COMPANY OF CA); PNEUMO ABEX, L.L.C., INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO PNEUMO ABEX CORPORATION, SUCCESSOR-IN-INTEREST TO ABEX CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY, F/K/A AMERICAN BRAKE SHOE AND FOUNDRY COMPANY INCLUDING THE AMERICAN BRAKEBLOK DIVISION, SUCCESSOR-BY-MERGER TO THE AMERICAN BRAKE SHOE AND FOUNDRY COMPANY AND THE AMERICAN BRAKEBLOK CORPORATION F/K/A THE AMERICAN BRAKE MATERIALS CORPORATION; PRATT & WHITNEY POWER SYSTEMS, INC.; PRATT & WHITNEY ROCKETDYNE, INC.; PRC-DESOTO INTERNATIONAL, INC., (FORMERLY COURTAULDS AEROSPACE, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO PRODUCTS RESEARCH & CHEMICAL CORPORATION); QUINTEC INDUSTRIES, INC., (INDIVIDUALLY AND SUCCESSOR-BY-MERGER TO WESTERN FIBROUS GLASS PRODUCTS COMPANY F/K/A WESTERN FIBERGLAS COMPANY); ROCKWELL AUTOMATION, INC., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ALLEN-BRADLEY COMPANY INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ROSTONE CORPORATION); ROCKWELL INTERNATIONAL, INC.; ROLLS ROYCE CORPORATION

-11-

1   (D/B/A ALLISON ENGINE COMPANY); ROLLS-ROYCE NORTH AMERICA INC.; S B

2   DECKING, INC.; SAN FRANCISCO GRAVEL COMPANY; SCHNEIDER ELECTRIC USA,

3   INC. (F/K/A SQUARE D COMPANY); SHELL CHEMICAL, L.P.; SMITH TUBULAR

4
    SYSTEMS-LACONIA, INC., (INDIVIDUALLY AND AS SUCCESSOR TO TITEFLEX
5
    CORPORATION, AND TITEFLEX, INC.); SMOOTH-ON, INC.; SOCO WEST, INC. (F/K/A
6
7   BRENNTAG WEST, INC., F/K/A SOCO-LYNCH CORPORATION, F/K/A SOCO-WESTERN

8   CHEMICAL CORPORATION, F/K/A STINNES-WESTERN CHEMICAL CORPORATION);

9   SOUTH BAY BOILER REPAIR, INC.; SYD CARPENTER MARINE CONTRACTOR, INC.;

10  TDY INDUSTRIES, INC., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

11  TELEDYNE TECHNOLOGIES INC.); THE BOEING COMPANY; THE BOEING COMPANY
12
    (D/B/A BOEING INTEGRATED DEFENSE SYSTEMS, AS SUCCESSOR-IN-INTEREST TO
13
14  ROCKWELL INTERNATIONAL); THE DOW CHEMICAL COMPANY; THE GOODYEAR

15  TIRE & RUBBER COMPANY; THOMAS DEE ENGINEERING CO.; THORPE INSULATION

16  COMPANY; TITEFLEX CORPORATION; TREDEGAR CORPORATION, (INDIVIDUALLY

17  AND  AS  SUCCESSOR-IN-INTEREST  TO  CAPITOL  PRODUCTS  CORPORATION

18  SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING CORPORATION); TRIUMPH
19
    AEROSTRUCTURES-VOUGHT AIRCRAFT DIVISION, (A DIVISION OF TRIUMPH
20
21  GROUP, INC. AND TRIUMPH GROUP, INC., INDIVIDUALLY AND AS SUCCESSOR IN

22  INTEREST  TO  VOUGHT  AIRCRAFT  INDUSTRIES,  INC.);  UNION  CARBIDE

23  CORPORATION; UNITED TECHNOLOGIES CORPORATION (INDIVIDUALLY AND AS

24  SUCCESSOR-IN-INTEREST  TO  PRATT  &  WHITNEY);  URS  CORPORATION

25  (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO JOHN A. BLUME AND

26  ASSOCIATES), and DOES 1-300, inclusive, are corporations organized and existing under and
27
    by virtue of the laws of the State of California, or the laws of some other state of the United States
28

                                          -12-

                        COMPLAINT FOR PERSONAL INJURIES

of America, or some foreign jurisdiction, and that said Defendants were authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the State of California.

5.     Venue is proper in the City and County of San Francisco. At least one Defendant maintains its principal place of business in the County of San Francisco.

6.     At all times mentioned above, Defendants were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and advertising a certain substance, the generic name of which is asbestos, and other products containing asbestos.

7.     Plaintiff LANNY SANDERS was exposed to Defendants' asbestos and asbestos containing products contributing to and causing the development of the asbestos cancer, malignant mesothelioma. As a result of exposure to Defendants' asbestos and asbestos products, asbestos fibers entered Plaintiff LANNY SANDERS' body. Plaintiff LANNY SANDERS suffers from the asbestos cancer, malignant mesothelioma, and each of Defendants asbestos and asbestos containing products that entered his body was a substantial factor in bringing about, prolonging, or aggravating his mesothelioma. The asbestos and asbestos containing products Plaintiff LANNY SANDERS was exposed to were designed, manufactured, marketed, brokered, distributed, sold, used or supplied by a named Defendant or were used in an unreasonable unsafe manner under the control of a named Defendant on its premises.

Specifically, Plaintiff LANNY SANDERS was exposed to asbestos from asbestos-containing products, suppliers and contractors including, but not limited to:

(A) AIRCRAFT DEFENDANTS:

3M COMPANY (INDIVIDUALLY AND F/K/A MINNESOTA, MINING AND MANUFACTURING COMPANY A/K/A "3M");

-13-

COMPLAINT FOR PERSONAL INJURIES

1   ADVANCED COMPOSITES GROUP, INC. (A DIVISION OF UMECO
    STRUCTURAL MATERIALS, INC.);
2   ALLISON ENGINE COMPANY, INC.;
3   APV ENGINEERED COATINGS (F/K/A AKRON PAINT & VARNISH, INC.);
    ARMSTRONG INTERNATIONAL, INC.;
4   BASF CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST
    TO CIBA SPECIALTY CHEMICALS, AS SUCCESSOR IN INTEREST TO
5   RELIABLE MANUFACTURING COMPANY);
6   BORGWARNER MORSE TEC, INC., (INDIVIDUALLY AND AS
    SUCCESSOR-IN-INTEREST TO BORG-WARNER CORPORATION);
7   BORGWARNER, INC., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
    TO BORG-WARNER CORPORATION);
8   CBS CORPORATION (F/K/A VIACOM, INC. SUCCESSOR-BY-MERGER TO
    CBS CORPORATION, SUCCESSOR-BY-MERGER TO WESTINGHOUSE
9   ELECTRIC CORPORATION);
10  CESSNA AIRCRAFT COMPANY (A TEXTRON COMPANY);
    CESSNA AIRCRAFT COMPANY, A TEXTRON COMPANY (INDIVIDUALLY
11  AND AS SUCCESSOR IN INTEREST TO MCCAULEY PROPELLER
    COMPANY);
12  CIRRUS ENTERPRISES, LLC (INDIVIDUALLY AND AS
    SUCCESSOR-IN-INTEREST TO E.V. ROBERTS AND ASSOCIATES, INC., AND
13  EVRA, INC.);
14  CLEVELAND WHEELS AND BRAKES AND AIRCRAFT WHEEL AND
    BRAKE, (A DIVISION OF PARKER HANNIFIN CORPORATION);
15  CONTINENTAL MOTORS, INC.;
    CRANE CO., (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
16  HYDRO-AIRE, INC. AND ADEL PRECISION PRODUCTS CORPORATION);
17  CRANE CO. (D/B/A CRANE RESISTOFLEX CO., A DIVISION OF CRANE CO.);
    CUMMINS, INC. (F/K/A CUMMINS ENGINEER COMPANY, INC.);
18  CURTISS-WRIGHT CORPORATION;
    CURTISS-WRIGHT FLOW CONTROL CORPORATION;
19  DANA COMPANIES, LLC, (INDIVIDUALLY AND AS SUCCESSOR IN
    INTEREST TO VICTOR MANUFACTURING & GASKET CO.);
20  DEXTER HYSOL AEROSPACE, LLC, (INDIVIDUALLY AND AS
    SUCCESSOR-IN-INTEREST TO DEXTER HYSOL AEROSPACE, INC.);
21  EATON AEROQUIP, INC.;
22  EATON AEROQUIP, LLC; .
    EATON CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN
23  INTEREST TO EATON ELECTRICAL, INC., AND AS SUCCESSOR IN
    INTEREST TO CUTLER-HAMMER, INC.);
24  EATON ELECTRICAL, INC., (INDIVIDUALLY AND AS SUCCESSOR IN
    INTEREST TO CUTLER-HAMMER, INC. AND F/K/A CUTLER-HAMMER,
25  INC.);
26  ESSEX CHEMICAL CORPORATION (INDIVIDUALLY AND AS A
    SUBSIDIARY OF DOW CHEMICAL COMPANY);
27  GENERAL ELECTRIC COMPANY;
    GOODRICH CORPORATION (F/K/A THE B.F. GOODRICH COMPANY);
28

-14-

COMPLAINT FOR PERSONAL INJURIES

HARCO LABORATORIES, INC.;
HAWKER BEECHCRAFT CORPORATION;
HENKEL CORPORATION (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO DEXTER HYSOL AEROSPACE, INC.);
HONEYWELL INTERNATIONAL, INC. (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIED-SIGNAL, INC. AND THE BENDIX
CORPORATION);
IMO INDUSTRIES, INC. (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ADEL PRECISION PRODUCTS, INC.);
INTERNATIONAL PAPER COMPANY, (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO LONG BELL PAPER CO.);
LEHIGH GASKET COMPANY;
LOCKHEED MARTIN CORPORATION;
LYCOMING ENGINES;
MCDONNELL DOUGLAS CORPORATION;
NORTHROP GRUMMAN WORLDWIDE CORP.;
NOVARTIS CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO CIBA-GEIGY CORPORATION, AS SUCCESSOR IN INTEREST
TO RELIABLE MANUFACTURING COMPANY);
PARKER-HANNIFIN CORPORATION (INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO RESISTOFLEX);
PIPER AIRCRAFT, INC.;
PNEUMO ABEX, L.L.C., (INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PNEUMO ABEX CORPORATION, SUCCESSOR-IN-INTEREST TO ABEX
CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY, F/K/A
AMERICAN BRAKE SHOE AND FOUNDRY COMPANY INCLUDING THE
AMERICAN BRAKEBLOK DIVISION, SUCCESSOR-BY-MERGER TO THE
AMERICAN BRAKE SHOE AND FOUNDRY COMPANY AND THE AMERICAN
BRAKEBLOK CORPORATION F/K/A THE AMERICAN BRAKE MATERIALS
CORPORATION)
PRATT & WHITNEY POWER SYSTEMS, INC.;
PRATT & WHITNEY ROCKETDYNE, INC.;
PRC-DESOTO INTERNATIONAL, INC., (FORMERLY COURTAULDS
AEROSPACE, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
PRODUCTS RESEARCH & CHEMICAL CORPORATION);
ROCKWELL AUTOMATION, INC. , (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLEN-BRADLEY COMPANY
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ROSTONE
CORPORATION);
ROCKWELL INTERNATIONAL, INC.;
ROLLS ROYCE CORPORATION (D/B/A ALLISON ENGINE COMPANY
CORPORATION SERVICE COMPANY);
ROLLS-ROYCE NORTH AMERICA INC.;
SCHNEIDER ELECTRIC USA, INC. (F/K/A SQUARE D COMPANY);
SHELL CHEMICAL, L.P.;
SMITH TUBULAR SYSTEMS-LACONIA, INC., (INDIVIDUALLY AND AS
SUCCESSOR TO TITEFLEX CORPORATION, AND TITEFLEX, INC.);

-15-

1    SMOOTH-ON, INC.;
2    TDY INDUSTRIES, INC., (INDIVIDUALLY AND AS
     SUCCESSOR-IN-INTEREST TO TELEDYNE TECHNOLOGIES INC.)
3    THE BOEING COMPANY;
     THE BOEING COMPANY (D/B/A BOEING INTEGRATED DEFENSE
4    SYSTEMS, AS SUCCESSOR-IN-INTEREST TO ROCKWELL
     INTERNATIONAL);
5    BOEING AMERICAN, INC., (INDIVIDUALLY AND AS SUCCESSOR IN
     INTEREST TO NORTH AMERICAN ROCKWELL AS SUCCESSOR IN
6    INTEREST TO NORTH AMERICAN AVIATION)
7    THE DOW CHEMICAL COMPANY;
     THE GOODYEAR TIRE & RUBBER COMPANY;
8    TITEFLEX CORPORATION;
     TRIUMPH AEROSTRUCTURES-VOUGHT AIRCRAFT DIVISION, A
9    DIVISION OF TRIUMPH GROUP, INC. AND TRIUMPH GROUP, INC.,
     (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO VOUGHT
10   AIRCRAFT INDUSTRIES, INC.)
11   UNION CARBIDE CORPORATION;
     UNITED TECHNOLOGIES CORPORATION (INDIVIDUALLY AND AS
12   SUCCESSOR-IN-INTEREST TO PRATT & WHITNEY);
     CYTEC INDUSTRIES, INC., (INDIVIDUALLY AND SUCCESSOR IN
13   INTEREST TO AMERICAN CYANAMID COMPANY)

14   (B) INSULATION/CONTRACTOR/SUPPLIER DEFENDANTS
15
16   CROWN CORK & SEAL COMPANY. INC. (INDIVIDUALLY AND AS
     SUCCESSOR-IN-INTEREST TO MUNDET CORK COMPANY);
17   DOUGLASS INSULATION COMPANY, INC.;
     ETHYL CORPORATION (INDIVIDUALLY AND AS
18   SUCCESSOR-IN-INTEREST TO CAPITOL PRODUCTS CORPORATION
     SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING CORPORATION);
19   FRASER'S BOILER SERVICE, INC.;
     FRYER KNOWLES, INC. (A CALIFORNIA CORPORATION);
20   HOPEMAN BROTHERS, INC.;
21   J.T. THORPE & SON, INC.;
     M. SLAYEN & ASSOCIATES, INC.;
22   NATIONAL SERVICES INDUSTRIES, INC.;
     NATIONAL STEEL AND SHIPBUILDING COMPANY (A/K/A NASSCO);
23   PFIZER, INC.;
     BECHTEL CORPORATION (INDIVIDUALLY AND AS SUCCESSOR TO
24   SEQUOIA VENTURES, INC.);
     BON L. MANUFACTURING COMPANY, (INDIVIDUALLY AND AS
25   SUCCESSOR BY MERGER TO CAPITOL PRODUCTS CORPORATION
     SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING CORPORATION);
26   PLANT INSULATION COMPANY, (FORMERLY ASBESTOS COMPANY OF
27   CA);
28

-16-

QUINTEC INDUSTRIES, INC., (INDIVIDUALLY AND
SUCCESSOR-BY-MERGER TO WESTERN FIBROUS GLASS PRODUCTS
COMPANY F/K/A WESTERN FIBERGLAS COMPANY);
S B DECKING, INC.;
SOCO WEST, INC. (F/K/A BRENNTAG WEST, INC., F/K/A SOCO-LYNCH
CORPORATION, F/K/A SOCO-WESTERN CHEMICAL CORPORATION, F/K/A
STINNES-WESTERN CHEMICAL CORPORATION);
SOUTH BAY BOILER REPAIR, INC.;
SYD CARPENTER MARINE CONTRACTOR, INC.;
THOMAS DEE ENGINEERING CO.;
THORPE INSULATION COMPANY;
TREDEGAR CORPORATION, (INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO CAPITOL PRODUCTS CORPORATION
SUCCESSOR-IN-INTEREST TO DAVIS ENGINEERING CORPORATION);
URS CORPORATION (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST
TO JOHN A. BLUME AND ASSOCIATES).
B.R. FUNSTEN & CO
SAN FRANCISCO GRAVEL COMPANY
MECHANICAL DRIVES & BELTING (F/K/A L.A. RUBBER COMPANY)
METALCLAD INSULATION CORPORATION;

Each and every one of Defendants' asbestos products and involvement in exposing

Plaintiff to asbestos substantially contributed, and was a proximate cause, to the development of

Plaintiff LANNY SANDERS' asbestos cancer, malignant mesothelioma.

II.

FIRST CAUSE OF ACTION: NEGLIGENCE

(Against all Defendants)

8.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and

every allegation contained in the General Allegations above.

9.     At all times herein mentioned, each of the named Defendants and DOES 1 through

300 was the successor, successor in business, successor in product line or a portion thereof, assign,

predecessor, predecessor in business, predecessor in product line or a portion thereof, parent,

subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

-17-

COMPLAINT FOR PERSONAL INJURIES

distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products. Said entities shall hereinafter collectively be called "Alternate Entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others and advertised the asbestos and asbestos-containing products. The following Defendants, and each of them, are liable for the acts of each and every "Alternate Entity," and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such "Alternate Entity;" Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "Alternate Entity;" such "Alternate Entity;" Defendants, and each of them, caused the destruction of Plaintiff's remedy against each such "Alternate Entity;" each such Defendant has the ability to assume the risk-spreading role of each such "Alternate Entity;" and that each such Defendant enjoys the goodwill originally attached to each such "Alternate Entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| 3M COMPANY | (individually and f/k/a Minnesota, Mining and Manufacturing Company a/k/a "3M") |
| APV ENGINEERED COATINGS | f/k/a Akron Paint & Varnish, Inc. |
| ARMSTRONG INTERNATIONAL, INC. | |
| BASF CORPORATION | (Individually and as Successor in interest to Ciba Specialty Chemicals, as Successor in interest to Reliable Manufacturing Company) |
| BECHTEL CORPORATION | (individually and as successor to Sequoia Ventures, Inc.) |

-18-

COMPLAINT FOR PERSONAL INJURIES

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BOEING NORTH AMERICAN, INC. | (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO NORTH AMERICAN ROCKWELL AS SUCCESSOR IN INTEREST TO NORTH AMERICAN AVIATION) |
| BON L. MANUFACTURING COMPANY | individually and as successor by merger to Capitol Products Corporation (successor-in-interest to Davis Engineering Corporation) |
| BORGWARNER MORSE TEC, INC. | individually and as successor-in-interest to Borg-Warner Corporation |
| BORGWARNER, INC. | individually and as successor-in-interest to Borg-Warner Corporation |
| CBS CORPORATION | f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation) |
| CESSNA AIRCRAFT COMPANY | (Individually and as Successor in Interest to McCauley Propeller Company) |
| CIRRUS ENTERPRISES, LLC | (Individually and as Successor-in-Interest to E.V. Roberts and Associates, Inc., and Eyra, Inc.) |
| CRANE CO., | (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HYDRO-AIRE, INC. AND ADEL PRECISION PRODUCTS CORPORATION) |
| CRANE CO. | (d/b/a Crane Resistoflex Co., A Division of Crane Co.) |
| CROWN CORK & SEAL COMPANY, INC. | (individually and as successor-in-interest to Mundet Cork Company) |
| CUMMINS, INC. | (f/k/a Cummins Engineer Company, Inc.) |
| CURTISS-WRIGHT CORPORATION | |
| CURTISS-WRIGHT FLOW CONTROL CORPORATION | |
| CYTEC INDUSTRIES, INC. | (INDIVIDUALLY AND SUCCESSOR IN INTEREST TO AMERICAN CYANAMID COMPANY) |
| Dana Companies, LLC | individually and as successor in interest to Victor Manufacturing & Gasket Co. |
| DEXTER HYSOL AEROSPACE, LLC | individually and as successor-in-interest to Dexter Hysol Aerospace, Inc. |
| DOUGLASS INSULATION COMPANY, INC. | |
| EATON AEROQUIP, INC. | |
| EATON AEROQUIP, LLC | |

-19-

COMPLAINT FOR PERSONAL INJURIES

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| EATON CORPORATION | individually and as successor in interest to Eaton Electrical, Inc., and as successor in interest to Cutler-Hammer, Inc. |
| EATON ELECTRICAL, INC. | individually and as successor in interest to Cutler-Hammer, Inc. and f/k/a Cutler-Hammer, Inc. |
| ESSEX CHEMICAL CORPORATION | Individually and as a Subsidiary of DOW CHEMICAL COMPANY |
| ETHYL CORPORATION | individually and as successor-in-interest to Capitol Products Corporation (successor-in-interest to Davis Engineering Corporation) |
| FRASER'S BOILER SERVICE, INC. | |
| GENERAL ELECTRIC COMPANY | |
| GOODRICH CORPORATION | (f/k/a The B.F. Goodrich Company) |
| HENKEL CORPORATION | individually and as successor-in-interest to Dexter Hysol Aerospace, Inc. |
| HONEYWELL INTERNATIONAL, INC. | (individually and as successor-in-interest to Allied-Signal, Inc. and The Bendix Corporation) |
| HOPEMAN BROTHERS, INC. | |
| IMO INDUSTRIES, INC. | (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ADEL PRECISION PRODUCTS, INC.) |
| INTERNATIONAL PAPER COMPANY | individually and as successor-in-interest to Long Bell Paper Co. |
| J.T. THORPE & SON, INC. | |
| LEHIGH GASKET COMPANY | |
| LOCKHEED MARTIN CORPORATION | |
| M. SLAYEN & ASSOCIATES, INC. | |
| MCDONNELL DOUGLAS CORPORATION | |
| MECHANICAL DRIVES & BELTING | (F/K/A L.A. RUBBER COMPANY) |
| METALCLAD INSULATION CORPORATION | |
| NATIONAL SERVICES INDUSTRIES, INC. | |
| NATIONAL STEEL AND SHIPBUILDING COMPANY | (A/K/A NASSCO) |
| NOVARTIS CORPORATION | (INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CIBA-GEIGY CORPORATION, AS SUCCESSOR IN INTEREST TO RELIABLE MANUFACTURING COMPANY) |
| PARKER-HANNIFIN CORPORATION | (INDIVIDUALLY AND AS SUCCESSOR |

-20-

COMPLAINT FOR PERSONAL INJURIES

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| | IN INTEREST TO RESISTOFLEX) |
| PFIZER, INC. | |
| PLANT INSULATION COMPANY, FORMERLY ASBESTOS COMPANY OF CA | |
| PNEUMO ABEX, L.L.C., | (INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO PNEUMO ABEX CORPORATION, SUCCESSOR-IN-INTEREST TO ABEX CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY, F/K/A AMERICAN BRAKE SHOE AND FOUNDRY COMPANY INCLUDING THE AMERICAN BRAKEBLOK DIVISION, SUCCESSOR-BY-MERGER TO THE AMERICAN BRAKE SHOE AND FOUNDRY COMPANY AND THE AMERICAN BRAKEBLOK CORPORATION F/K/A THE AMERICAN BRAKE MATERIALS CORPORATION) |
| PRATT & WHITNEY POWER SYSTEMS, INC. | |
| PRC-DESOTO INTERNATIONAL, INC. | (FORMERLY COURTAULDS AEROSPACE, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO PRODUCTS RESEARCH & CHEMICAL CORPORATION) |
| QUINTEC INDUSTRIES, INC. | individually and successor-by-merger to Western Fibrous Glass Products Company (f/k/a Western Fiberglas Company) |
| ROCKWELL AUTOMATION, INC. | individually and as successor-in-interest to Allen-Bradley Company (individually and as successor-in-interest to Rostone Corporation) |
| ROLLS ROYCE CORPORATION | (d/b/a Allison Engine Company) |
| S B DECKING, INC. | |
| SCHNEIDER ELECTRIC USA, INC. | f/k/a Square D Company |
| SHELL CHEMICAL, L.P. | |
| SMITH TUBULAR SYSTEMS-LACONIA, INC. | (Individually and as Successor to Titeflex Corporation, and Titeflex, Inc.) |
| SMOOTH-ON, INC. | |
| SOCO WEST, INC. | (f/k/a Brenntag West, Inc., f/k/a Soco-Lynch Corporation, f/k/a Soco-Western Chemical Corporation, f/k/a Stinnes-Western Chemical Corporation |

-21-

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SOUTH BAY BOILER REPAIR, INC. | |
| SYD CARPENTER MARINE CONTRACTOR, INC. | |
| TDY INDUSTRIES, INC. | (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO TELEDYNE TECHNOLOGIES INC.) |
| THE BOEING COMPANY | |
| THE BOEING COMPANY | (d/b/a Boeing Integrated Defense Systems, as successor-in-interest to Rockwell International) |
| THE DOW CHEMICAL COMPANY | |
| THE GOODYEAR TIRE & RUBBER COMPANY | |
| THOMAS DEE ENGINEERING CO. | |
| THORPE INSULATION COMPANY | |
| TITEFLEX CORPORATION | |
| TREDEGAR CORPORATION | individually and as successor-in-interest to Capitol Products Corporation (successor-in-interest to Davis Engineering Corporation) |
| TRIUMPH AEROSTRUCTURES-VOUGHT AIRCRAFT DIVISION, A DIVISION OF TRIUMPH GROUP, INC. AND TRIUMPH GROUP, INC., | (Individually and as Successor in Interest to Vought Aircraft Industries, Inc.) |
| UNION CARBIDE CORPORATION | |
| UNITED TECHNOLOGIES CORPORATION | (individually and as successor-in-interest to Pratt & Whitney) |
| URS CORPORATION | Individually and as Successor in Interest to John A. Blume and Associates |

10.   Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe and to warn that unsafe asbestos products under their care control were exposing bystanders on their premises. At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, supplied, re-branded, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold their asbestos and asbestos-containing products in that these products were capable of causing and did,

-22-

1   in fact, proximately cause personal injuries to users and consumers thereof, namely LANNY

2   SANDERS, while being used in manner reasonably foreseeable to Defendants, thereby rendering

3   the asbestos products unsafe and dangerous for use by the consumer, users, or bystanders thereof,

4   and others to whom Defendants owe a duty, including Plaintiff LANNY SANDERS.

5

6       11.    Plaintiff LANNY SANDERS is a worker who, for a substantial length of time, has

7   used, handled, and been otherwise exposed to Defendants' asbestos and asbestos products referred

8   to in Paragraphs 6 and 7 above, in a manner that was reasonably foreseeable to Defendants, while

9   he was working as an aviation electronics technician in the United States Navy from

10   approximately 1967 through 1975. Specifically, Plaintiff LANNY SANDERS underwent basic

11   training in San Diego, then worked as an aviation electronics technician in the Navy from

12   approximately 1967 to 1975 at multiple naval air stations, including but not limited to LeMoore

13   Naval Air Station and Moffett Naval Air Station as well as the USS Constellation during which

14   time he may have been exposed to asbestos and/or asbestos containing products which include

15   thermal insulation, gaskets, brakes, engines, seals, thermocouples, fire sleeves, asbestos sheets,

16

17   mill board, paper, blankets, hoses, bakelite panels, sleeves, hoses, epoxies, shrouds, adhesives,

18   clamps, electrical components, electrical equipment, control boxes, insulating boards, linings, heat

19   shields, packing, straps, shrouds, tape, wire, and other electrical and aircraft related products as

20   outlined in paragraph 7 above.   As an aviation electronics technician, Plaintiff LANNY

21

22   SANDERS was exposed to various asbestos and asbestos products manufactured, sold, and/or

23   distributed by Defendants including those outlined in Paragraph 7 above.

24       12.    On or about April 11, 2012, Plaintiff Lanny Sanders was advised that he has the

25   asbestos cancer, malignant mesothelioma.  Prior to that date, Plaintiff did not know, nor did he

26   have reason to know, that he had contracted this disease related to his exposure to asbestos.  Prior

27   to said date, Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or

28

-23-

1  disease to him, and had not been advised or informed by anyone that he could contract, nor indeed

2  did contract, any disease, sickness or injury as a result of working in the vicinity of asbestos.

3      13.   Plaintiffs are informed and believe, and therefore allege, that mesothelioma is a

4  vicious, painful, and invariably fatal malignancy of the lining of the lung, stomach, or heart and

5  that said disease results from exposure to asbestos and asbestos products over a period of time.

6  There is no known cure for any form of malignant mesothelioma.

7

8      14.   As a direct and proximate result of the Defendants conduct and asbestos products,

9  Plaintiff LANNY SANDERS has suffered, and continues to suffer, severe and permanent injury to

10  his person, body and health, including, but not limited to the asbestos cancer, malignant

11  mesothelioma, all of which caused Plaintiffs general damages in a sum within the jurisdictional

12  limits of this Court.

13

14      15.   As a direct and proximate result of Defendants' conduct and asbestos products,

15  Plaintiffs were compelled to and did employ the services of hospitals, surgeons, physicians,

16  nurses, and the like, to care for and treat Plaintiff LANNY SANDERS' cancerous condition.

17  Plaintiffs have incurred medical, hospital and professional incidental expenses and Plaintiffs are

18  informed and believe, and therefore allege, that by reason of Plaintiff's injuries, Plaintiffs will

19  necessarily incur additional medical expenses for an indefinite period of time in the future. When

20  Plaintiffs have ascertained and calculated the total amount of medical bills, Plaintiffs will allege

21  this figure.

22

23      16.   In researching, testing, manufacturing, distributing, labeling, and marketing

24  asbestos and asbestos products, Plaintiffs are informed and believe that Defendants did so with

25  conscious disregard for the safety of the users of said asbestos and asbestos products, in that

26  Defendants had specific prior knowledge that there was a high risk of injury or death resulting

27  from exposure to asbestos or asbestos products, including but not limited to, the asbestos cancer

28

-24-

COMPLAINT FOR PERSONAL INJURIES

malignant mesothelioma. Defendants' knowledge was obtained, in part, from scientific studies, government data, and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of Defendants, and which knowledge was obtained by Defendants on or before 1930, and rapidly increasingly thereafter.

17.     On or before 1930, and rapidly increasingly thereafter, Defendants were aware that users of asbestos and asbestos products, as well as members of the general public that were exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and Defendants knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe and not harmful to human life, when in fact said exposure was known by Defendants to be potentially lethal.

18.     With this knowledge, Defendants opted to design, manufacture, market, distribute and/or use their asbestos and asbestos products without attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, Defendants intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed their knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. The above-referenced conduct of said Defendants was motivated by the financial interest of Defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, Defendants consciously disregarded the safety of the users of, and persons exposed to,

-25-

their asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and personally exposed thereto, including Plaintiff LANNY SANDERS.

19.     Defendants' above-referenced conduct was and is willful, despicable, malicious and intended by Defendants to cause injury to Plaintiffs, and knowingly carried on by Defendants with a conscious disregard of the rights or safety of others and Plaintiffs when Defendants continued to manufacture, design, distribute, and otherwise sell its asbestos-containing products knowing that it could kill the users, bystanders, and/or the user's and bystander's family members that came into contact with the asbestos. Defendants are guilty of oppression, fraud, and/or malice and engaged in conduct that was intended by Defendants to cause injury to Plaintiffs. Defendants subjected Plaintiff LANNY SANDERS to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known with the intention on the part of Defendants to deprive Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs, therefore, for the sake of example and by way of punishing Defendants, seeks punitive damages, according to proof. Specific facts of Defendants' punitive conduct include:

(a)     Defendants and/or their "Alternate · Entities," did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in close proximity with such materials until 1964 when certain of such materials were labeled by some, but not all, of Defendants and/or their "Alternate Entities," herein when the knowledge of such hazards was existing and known to Defendants and/or their "Alternate Entities," since on or before 1930. By not labeling such materials as to their said hazards, Defendants and/or their "Alternate Entities," caused to be suggested as a fact to

-26-

Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in fact it was not true and Defendants did not believe it to be true.

(b)      Defendants suppressed information relating to the danger of use of the aforementioned asbestos and asbestos products by requesting the suppression of information to the Plaintiff and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants were bound to disclose such information;

(c)      Defendants sold the aforementioned products and materials to Plaintiff and Plaintiff's employers and others without advising Plaintiff and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants knew of such dangers, and had a duty to disclose such dangers all as set forth herein.  By said conduct, Defendants caused to be positively asserted to Plaintiff that which was not true and that which Defendants had no reasonable ground for believing to be true, i.e., that it was safe for Plaintiff to work with and in close proximity to such materials;

(d)      Defendants suppressed from Plaintiff medical and scientific data and knowledge of the contents of the Lanza report. Although bound to disclose it, Defendants influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and remain ignorant thereof. Defendants caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e)      Defendants belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants,

-27-

and actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants herein. Between 1942 and 1950, the Defendants suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants were bound to disclose;

(g)     Defendants failed to warn Plaintiff and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

-28-

(h)     Defendants failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

(i)     Defendants, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants concealed from Plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j)     Defendants failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so that said physicians could examine, diagnose and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants were under a duty to so inform and said failure was misleading; and

(k)     Defendants failed to provide adequate information to physicians and surgeons retained by Plaintiff's employers and their predecessor companies, for purposes of making physical examinations of Plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

-29-

COMPLAINT FOR PERSONAL INJURIES

III.

## SECOND CAUSE OF ACTION: STRICT LIABILITY

### (Against all Defendants)

20.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 19.

21.     At all times mentioned herein, Defendants, and each of them, researched, manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale asbestos and asbestos-containing products which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to the users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering same unsafe and dangerous for use by the consumers, users, and bystanders.

22.     As a direct and proximate result of the above described conduct by Defendants, LANNY SANDERS suffered severe and permanent injuries to his person, including the development of the asbestos cancer, malignant mesothelioma.

23.     At all times mentioned herein, Defendants' asbestos and asbestos containing products (identified in Paragraph 7, above) failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in this substance and products outweighs the benefits of Defendants' asbestos and asbestos-containing products.

24.     At all times mentioned herein, the foreseeable use of Defendants' asbestos and asbestos-containing products involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, and Defendants failed to adequately warn of the substantial danger.

-30-

COMPLAINT FOR PERSONAL INJURIES

25.     As a direct and proximate result of the above described conduct by Defendants and each of them, Plaintiff LANNY SANDERS suffered severe and permanent injuries to his person, including the development of the asbestos cancer, malignant mesothelioma.

26.     Defendants' above-referenced conduct was and is willful, despicable, malicious and intended by Defendants to cause injury to Plaintiffs, and knowingly carried on by Defendants with a conscious disregard of the rights or safety of others and Plaintiffs when Defendants continued to manufacture, design, distribute, and otherwise sell its asbestos-containing products knowing that it could kill the users, bystanders, and/or the user's and bystander's family members that came into contact with the asbestos. Defendants are guilty of oppression, fraud, and/or malice and engaged in conduct that was intended by Defendants to cause injury to Plaintiffs. Defendants subjected Plaintiff LANNY SANDERS to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known with the intention on the part of Defendants to deprive Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs, therefore, for the sake of example and by way of punishing Defendants, seeks punitive damages, according to proof. Specific facts of Defendants' punitive conduct include:

(a)     Defendants and/or their "Alternate Entities," did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in close proximity with such materials until 1964 when certain of such materials were labeled by some, but not all, of Defendants and/or their "Alternate Entities," herein when the knowledge of such hazards was existing and known to Defendants and/or their "Alternate Entities," since on or before 1930. By not labeling such materials as to their said hazards, Defendants and/or their "Alternate Entities," caused to be suggested as a fact to

-31-

COMPLAINT FOR PERSONAL INJURIES

Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in fact it was not true and Defendants did not believe it to be true.

(b)    Defendants suppressed information relating to the danger of use of the aforementioned asbestos and asbestos products by requesting the suppression of information to the Plaintiff and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants were bound to disclose such information;

(c)    Defendants sold the aforementioned products and materials to Plaintiff and Plaintiff's employers and others without advising Plaintiff and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants know of such dangers, and had a duty to disclose such dangers all as set forth herein.  By said conduct, Defendants caused to be positively asserted to Plaintiff that which was not true and that which Defendants had no reasonable ground for believing to be true, i.e., that it was safe for Plaintiff to work with and in close proximity to such materials;

(d)    Defendants suppressed from Plaintiff medical and scientific data and knowledge of the contents of the Lanza report.  Although bound to disclose it, Defendants influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and remain ignorant thereof.  Defendants caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e)    Defendants belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants,

-32-

COMPLAINT FOR PERSONAL INJURIES

and actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(f)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants herein. Between 1942 and 1950, the Defendants suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants were bound to disclose;

(g)    Defendants failed to warn Plaintiff and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

-33-

COMPLAINT FOR PERSONAL INJURIES

(h) Defendants failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

(i) Defendants, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants concealed from Plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j) Defendants failed to provide information of the true nature of the hazards of asbestos materials and that exposure to those materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so that said physicians could examine, diagnose and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants were under a duty to so inform and said failure was misleading; and

(k) Defendants failed to provide adequate information to physicians and surgeons retained by Plaintiff's employers and their predecessor companies, for purposes of making physical examinations of Plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

-34-

COMPLAINT FOR PERSONAL INJURIES

## IV.

### THIRD CAUSE OF ACTION: BREACH OF WARRANTY

### (Against all Defendants)

27.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 26.

28.     Defendants, and each of them, expressly and implicitly, warranted that said substance was reasonably fit for its intended use without endangering human life, and that such substance was of interchangeable quality.

29.     Defendants and each of them breached the above described expressed and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to Plaintiff LANNY SANDERS including, but not limited to, the disease mesothelioma and other lung damage, while said substance was used in a manner that was reasonably foreseeable.

30.     As a direct and proximate result of the above described breaches of warranties by Defendants, and each of them, Plaintiff suffered severe and permanent injuries to his person, including malignant mesothelioma.

31.     Defendants' above-referenced conduct was and is willful, despicable, malicious and intended by Defendants to cause injury to Plaintiffs, and knowingly carried on by Defendants with a conscious disregard of the rights or safety of others and Plaintiffs when Defendants continued to manufacture, design, distribute, and otherwise sell its asbestos-containing products knowing that it could kill the users, bystanders, and/or the user's and bystander's family members that came into contact with the asbestos. Defendants are guilty of oppression, fraud, and/or malice and engaged in conduct that was intended by Defendants to cause injury to Plaintiffs. Defendants subjected Plaintiff LANNY SANDERS to cruel and unjust hardship in conscious disregard of his

-35-

COMPLAINT FOR PERSONAL INJURIES

rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known with the intention on the part of Defendants to deprive Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs, therefore, for the sake of example and by way of punishing Defendants, seeks punitive damages, according to proof. Specific facts of Defendants' punitive conduct include:

(a)  Defendants and/or their "Alternate Entities," did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in close proximity with such materials until 1964 when certain of such materials were labeled by some, but not all, of Defendants and/or their "Alternate Entities," herein when the knowledge of such hazards was existing and known to Defendants and/or their "Alternate Entities," since on or before 1930. By not labeling such materials as to their said hazards, Defendants and/or their "Alternate Entities," caused to be suggested as a fact to Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in fact it was not true and Defendants did not believe it to be true.

(b)  Defendants suppressed information relating to the danger of use of the aforementioned asbestos and asbestos products by requesting the suppression of information to the Plaintiff and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants were bound to disclose such information;

(c)  Defendants sold the aforementioned products and materials to Plaintiff and Plaintiff's employers and others without advising Plaintiff and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants know of

-36-

such dangers, and had a duty to disclose such dangers all as set forth herein.  By said conduct, Defendants caused to be positively asserted to Plaintiff that which was not true and that which Defendants had no reasonable ground for believing to be true, i.e., that it was safe for Plaintiff to work with and in close proximity to such materials;

(d)     Defendants suppressed from Plaintiff medical and scientific data and knowledge of the contents of the Lanza report.  Although bound to disclose it, Defendants influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and remain ignorant thereof.  Defendants caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e)     Defendants belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants, and actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff by the suggestions and deceptions set forth above in this cause of action.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants knew and possessed

-37-

medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants herein. Between 1942 and 1950, the Defendants suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants were bound to disclose;

(g)     Defendants failed to warn Plaintiff and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h)     Defendants failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

(i)     Defendants, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants concealed from Plaintiff and others

-38-

that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j)     Defendants failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so that said physicians could examine, diagnose and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants were under a duty to so inform and said failure was misleading; and

(k)     Defendants failed to provide adequate information to physicians and surgeons retained by Plaintiff's employers and their predecessor companies, for purposes of making physical examinations of Plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

V.

## FOURTH CAUSE OF ACTION:

### FALSE REPRESENTATION UNDER RESTATE OF TORTS SECTION 402-B

### (Against All Defendants)

32.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Third Causes of Action.

33.     At the aforementioned time when Defendants, their "Alternate Entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised the said asbestos and

-39-

COMPLAINT FOR PERSONAL INJURIES

asbestos-containing products, as herein above set forth. the Defendants, their "Alternate Entities,"

and each of them, expressly and impliedly represented to members of the general public, including

the purchasers and users of said product, and other "exposed persons," including the herein and his

employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe

for the use for which they were intended.

34.    The purchasers and users of said asbestos and asbestos-containing products, and

other "exposed persons," including Plaintiff LANNY SANDERS and his employers, relied upon

said representations of Defendants, their "Alternate Entities," and each of them. in the selection,

purchase and use of asbestos and asbestos-containing products.

35.    Said representations by Defendants, their "Alternate Entities," and each of them,

were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and

asbestos-containing products were not safe for their intended use, nor were they of merchantable

quality as represented by Defendants, their "Alternate Entities," and each of them, in that asbestos

and asbestos-containing products have very dangerous properties and defects whereby said

products cause asbestosis, other lung damages and cancer, and have other defects that cause injury

and damage to the users of said products and other "exposed persons," thereby threatening the

health and life of said persons including Plaintiff herein.

36.    As a direct and proximate result of said false representations by Defendants, their

"Alternate Entities," and each of them. Plaintiff LANNY SANDERS sustained the injuries and

damages herein above set forth.

37.    Defendants' above-referenced conduct was and is willful, despicable, malicious

and intended by Defendants to cause injury to Plaintiffs. and knowingly carried on by Defendants

with a conscious disregard of the rights or safety of others and Plaintiffs when Defendants

continued to manufacture. design. distribute, and otherwise sell its asbestos-containing products

-40-

COMPLAINT FOR PERSONAL INJURIES

1  knowing that it could kill the users, bystanders, and/or the user's and bystander's family members

2  that came into contact with the asbestos. Defendants are guilty of oppression, fraud, and/or malice

3  and engaged in conduct that was intended by Defendants to cause injury to Plaintiffs. Defendants

4
   subjected Plaintiff LANNY SANDERS to cruel and unjust hardship in conscious disregard of his
5
   rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact
6
7  known with the intention on the part of Defendants to deprive Plaintiffs of property or legal rights

8  or otherwise causing injury. Plaintiffs, therefore, for the sake of example and by way of punishing

9  Defendants, seeks punitive damages, according to proof. Specific facts of Defendants' punitive

10 conduct include:

11      (a)    Defendants and/or their "Alternate Entities," did not label any of the
12
        aforementioned asbestos-containing materials and products regarding the hazards of such
13
        materials and products to the health and safety of Plaintiff and others in Plaintiff's position
14
15      working in close proximity with such materials until 1964 when certain of such materials

16      were labeled by some, but not all, of Defendants and/or their "Alternate Entities," herein

17      when the knowledge of such hazards was existing and known to Defendants and/or their

18      "Alternate Entities," since on or before 1930. By not labeling such materials as to their said
19
        hazards, Defendants and/or their "Alternate Entities," caused to be suggested as a fact to
20
21      Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in

22      fact it was not true and Defendants did not believe it to be true.

23      (b)    Defendants suppressed information relating to the danger of use of the

24      aforementioned asbestos and asbestos products by requesting the suppression of

25      information to the Plaintiff and the general public concerning the dangerous nature of the

26      aforementioned materials to workers, by not allowing such information to be disseminated
27

28
                                            -41-

1  in a manner which would have given general notice to the public and knowledge of the

2  hazardous nature thereof when Defendants were bound to disclose such information;

3  (c)    Defendants sold the aforementioned products and materials to Plaintiff and

4  Plaintiff's employers and others without advising Plaintiff and others of the dangers of use

5  of such materials to persons working in close proximity thereto when Defendants knew of

6  such dangers, and had a duty to disclose such dangers all as set forth herein.  By said

7  conduct, Defendants caused to be positively asserted to Plaintiff that which was not true

8  and that which Defendants had no reasonable ground for believing to be true, i.e., that it

9  was safe for Plaintiff to work with and in close proximity to such materials;

10

11  (d)    Defendants suppressed from Plaintiff medical and scientific data and knowledge of

12  the contents of the Lanza report. Although bound to disclose it, Defendants influenced A.J.

13  Lanza to change his report, the altered version of which was published in Public Health

14  Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and

15  remain ignorant thereof.  Defendants caused Asbestos Magazine, a widely disseminated

16  trade journal, to omit mention of danger, thereby lessening the probability of notice of

17  danger to users thereof;

18

19  (e)    Defendants belonged to, participated in, and financially supported the Asbestos

20  Textile Institute and other industry organizations which, for and on behalf of Defendants,

21  and actively promoted the suppression of information of danger to users of the

22  aforementioned products and materials, thereby misleading Plaintiff by the suggestions

23  and deceptions set forth above in this cause of action. The Dust Control Committee, which

24  changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was

25  specifically enlisted to study the subject of dust control.  Discussions in this committee

26  were held many times regarding the dangers inherent in asbestos and the dangers which

27

28

-42-

arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiffs at this time;

(f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants herein. Between 1942 and 1950, the Defendants suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants were bound to disclose;

(g)     Defendants failed to warn Plaintiff and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h)     Defendants failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

-43-

COMPLAINT FOR PERSONAL INJURIES

(i) Defendants, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants concealed from Plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j) Defendants failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so that said physicians could examine, diagnose and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants were under a duty to so inform and said failure was misleading; and

(k) Defendants failed to provide adequate information to physicians and surgeons retained by Plaintiff's employers and their predecessor companies, for purposes of making physical examinations of Plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

## VI.

### FIFTH CAUSE OF ACTION: INTENTIONAL TORT

### (Against All Defendants)

38. Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Fourth Causes of Action.

39. At all times pertinent hereto, the Defendants, their "Alternate Entities," and each of them, owed a duty, as provided for in Section 1708, 1709 and 1710 of the Civil Code of the State

-44-

of California, to abstain from injuring the person, property or rights of the . When a duty to act was imposed, as set forth herein, the Defendants, their "Alternate Entities," and each of them, did do the acts and omissions in violation of that duty, thereby causing injury to the  as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and Section 1710 (Fraud) and more specifically, included suggestions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, did not believe to be true; assertions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, had no reasonable ground for believing to be true, and the suppression of fact when a duty existed to disclose it, all as are more fully set forth herein; the violation of any one such duty gave rise to a cause of action for violation of the rights of the  as provided for in the aforementioned Civil Code sections.

40.    Since on or before 1930, the Defendants, their "Alternate Entities," and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the asbestos and asbestos-containing products referred to in Plaintiff's First Cause of Action were and are hazardous to the health and safety of , and others in 's position working in close proximity with such materials. The Defendants, their "Alternate Entities," and each of them, have known of the dangerous propensities of other of the aforementioned materials and products since before that time. With intent to deceive , and others in 's position, and with intent that he and such others should be and remain ignorant of such facts with intent to induce  and such others to alter his and their positions to his and their injury and/or risk and in order to gain advantages, the following acts occurred:

(a)    Defendants, their "Alternate Entities," and each of them, did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of  and others in 's position working in close

-45-

COMPLAINT FOR PERSONAL INJURIES

1    proximity with such materials until 1964 when certain of such materials were labeled by some, but

2    not all, of Defendants, their "Alternate Entities," and each of them, herein when the knowledge of

3    such hazards was existing and known to Defendants, their "Alternate Entities," and each of them,

4    since on or before 1930. By not labeling such materials as to their said hazards, Defendants, their

5    "Alternate Entities," and each of them, caused to be suggested as a fact to  that it was safe for  to

6    work in close proximity to such materials when in fact it was not true and Defendants, their

7

8    "Alternate Entities," and each of them, did not believe it to be true.

9        (b)    Defendants, their "Alternate Entities," and each of them, suppressed information

10    relating the danger of use of the aforementioned materials by requesting the suppression of

11    information to the  and the general public concerning the dangerous nature of the aforementioned

12    materials to workers, by not allowing such information to be disseminated in a manner which

13

14    would have given general notice to the public and knowledge of the hazardous nature thereof when

15    Defendants, their "Alternate Entities," and each of them, were bound to disclose such information;

16        (c)    Defendants, their "Alternate Entities," and each of them, sold the aforementioned

17    products and materials to 's employer and others without advising  and others of the dangers of use

18    of such materials to persons working in close proximity thereto when Defendants, their "Alternate

19

20    Entities," and each of them, knew of such dangers, and had a duty to disclose such dangers all as

21    set forth herein. By said conduct, Defendants, their "Alternate Entities," and each of them, caused

22    to be positively asserted to  that which was not true and that which Defendants, their "Alternate

23    Entities," and each of them, had not reasonable ground for believing to be true, to wit, that it was

24    safe for  to work in close proximity to such materials;

25        (d)    Defendants, their "Alternate Entities," and each of them, suppressed from  medical

26    and scientific data and knowledge of the contents of the Lanza report. Although bound to disclose

27    it, Defendants, their "Alternate Entities," and each of them influenced A.J. Lanza to change his

28

-46-

COMPLAINT FOR PERSONAL INJURIES

report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing  and others to be and remain ignorant thereof.  Defendants, there "Alternate Entities," and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e)    Defendants, their "Alternate Entities," and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants, their "Alternate Entities," and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading  by the suggestions and deceptions set forth above in this cause of action.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to  at this time;

(f)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities," and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "Alternate Entities," and each of them, herein.  Between 1942 and 1950, the Defendants, their "Alternate Entities," and each of them suggested to the public as a fact that which is not true and disseminated other facts likely to mislead .  Such facts did mislead  and others by withholding the afore-described medical

-47-

1   and scientific data and other knowledge and by not giving the true facts concerning such

2   knowledge of danger, which Defendants, their "Alternate Entities," and each of them, were bound

3   to disclose;

4       (g)   Defendants, their "Alternate Entities," and each of them, failed to warn and others

5   of the nature of said materials which were dangerous when breathed and which could cause

6   pathological effects without noticeable trauma, despite the fact that Defendants, their "Alternate

7   Entities," and each of them, possessed knowledge and were under a duty to disclose that said

8

9   materials were dangerous and a threat to the health of persons coming into contact therewith;

10      (h)   Defendants, their "Alternate Entities," and each of them, failed to provide with

11  information concerning adequate protective masks and other equipment devised to be used when

12  applying and installing the products of the Defendants, and each of them, despite knowing that

13

14  such protective measures were necessary, and that they were under a duty to disclose that such

15  materials were dangerous and would result in injury to the and others applying and installing such

16  material;

17      (i)   Defendants, their "Alternate Entities," and each of them, when under a duty to so

18  disclose, concealed from the true nature of the industrial exposure of and knew that and anyone

19  similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of

20

21  pneumoconiosis, asbestosis and/or cancer.  Defendants, their "Alternate Entities," and each of

22  them, also concealed from and others that harmful materials to which they were exposed would

23  cause pathological effects without noticeable trauma;

24      (j)   Defendants, their "Alternate Entities," and each of them, failed to provide

25  information of the true nature of the hazards of asbestos materials and that exposure to these

26  materials would cause pathological effects without noticeable trauma to the public, including

27

28  buyers, users, and physicians employed by and 's employers so that said physicians could

-48-

1   examine, diagnose and treat  and others who were exposed to asbestos, despite the fact that

2   Defendants, their "Alternate Entities," and each of them, were under a duty to so inform and said

3   failure was misleading; and

4          (k)     Defendants, their "Alternate Entities," and each of them, failed to provide adequate

5   information to physicians and surgeons retained by 's employers and their predecessor companies,

6   for purposes of making physical examinations of and other employees as to the true nature of the

7   risk of such materials and exposure thereto when they in fact possessed such information and had a

8

9   duty to disclose it.

10         41.    Defendants, their "Alternate Entities," and each of them, willfully failed and

11  omitted to complete and file First Report of Occupational Injury of Illness regarding 's injuries, as

12  required by law, and did willfully fail and omit to file report of injury and occupational disease

13  with the State of California.  was in the class of persons with respect to whom a duty was owed to

14  file such reports and who would have been protected thereby if the fact of danger from products

15  complained of had become known.

16

17         42.    Defendants, their "Alternate Entities," and each of them, having such

18  aforementioned knowledge, and the duty to inform about the true facts, and knowing the did not

19  possess such knowledge and would breathe such material innocently, acted falsely and

20  fraudulently and with full intent to cause to remain unaware of the true facts and to induce to work

21  in a dangerous environment, all in violation of sections 1708, 1709 and 1710 of the Civil Code of

22  the State of California.

23

24

25

26

27

28

                                        -49-

## VII.

### SIXTH CAUSE OF ACTION: PREMISES OWNER/CONTRACTOR LIABILITY

### (Against All Premises and Contractor Defendants)

43.     Plaintiff, by this reference, incorporates the allegations contained in Paragraphs 1 through 42.

44.     At all times mentioned herein, the Defendants respectively, owned, leased, maintained, managed, and/or controlled the premises where Plaintiff LANNY SANDERS was present.     Additionally, Plaintiff might have been present at these or other Premises Owner/Contractor Liability Defendants' premises at other locations and on other occasions.

45.     Prior to and at said times and places, Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired and/or removed on each of the aforesaid respective premises, by their own workers and/or by various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to Plaintiff and other persons exposed to said asbestos fibers and toxic substances while present at said premises.

46.     At all times mentioned herein, Defendants knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Plaintiff and other workers or persons so exposed present on each of the aforesaid respective premises.

47.     At all times relevant herein, Plaintiff entered said premises and used or occupied each of said respective premises as intended and for each of the respective Defendants' request and

COMPLAINT FOR PERSONAL INJURIES

invitation. In so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Defendants.

48. Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

49. At all times mentioned herein, Defendants remained in control of the premises where Plaintiff was performing his work.

50. At all times mentioned herein, the Defendants owed to Plaintiffs and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff to an unreasonable risk of harm and to avoid causing injury to said person.

51. At all times mentioned herein, Defendants negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff of, the existence of the aforesaid dangerous conditions and hazards on said premises.

52. Prior to and at the times and places aforesaid, Defendants respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff.

-51-

53. At all times mentioned herein, Defendants should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff and others unless special precautions were taken.

54. In part, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take necessary precautions.

55. The work of contractors on premises controlled by Defendants created an unsafe premise and an unsafe work place by reason of the release of dangerous quantities of toxic substances including but not limited to asbestos.

56. The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Defendants. Said negligent conduct includes but is not limited to:

(a) Failure to warn of asbestos and other toxic dusts;

(b) Failure to suppress the asbestos-containing or toxic dusts;

(c) Failure to remove the asbestos-containing and toxic dusts through the use of ventilation or appropriate means;

(d) Failure to provide adequate breathing protection, i.e., approved respirators or masks;

(e) Failure to inspect and/or test the air;

(f) Failure to provide medical monitoring.

57. Defendants' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Defendants are responsible for any breach of said duties whether by themselves or others.

-52-

COMPLAINT FOR PERSONAL INJURIES

58.     Prior to and at said times and places, Defendants were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants.   Such state and federal standards required said Defendants to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Defendants failed to provide the required safeguards and precautions.   Defendants' violations of said codes include but are not limited to:

(a)     Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

(b)     Failing to segregate work involving the release of asbestos or other toxic dusts;

(c)     Failing to suppress dust using prescribed ventilation techniques;

(d)     Failing to suppress dust using prescribed "wet down" techniques;

(e)     Failing to warn or educate Plaintiff or others regarding asbestos or other toxic substances on the premises;

(f)     Failing to provide approved respiratory protection devices;

(g)     Failing to ensure "approved" respiratory protection devices were used properly;

-53-

COMPLAINT FOR PERSONAL INJURIES

(h)    Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

(i)    Failing to provide adequate housekeeping and clean-up of the work place;

(j)    Failing to properly warn of the hazards associated with asbestos as required by statute;

(k)    Failing to properly report renovation and disturbance of asbestos-containing materials;

(l)    Failing to have an asbestos removal supervisor as required by regulation;

(m)    Failing to get approval for renovation as required by statutes; and

(n)    Failing to maintain records as required by statute.

59.    Defendants were the "statutory employer" of Plaintiff as defined by the California Labor Code and California case law.

60.    Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances or statutes.

61.    At all times mentioned herein, Plaintiff was a member of the class of persons whose safety was intended to be protected by the regulations, statutes or ordinances described in the foregoing paragraphs.

62.    At all times mentioned herein, Defendants knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations and statutes.

-54-

COMPLAINT FOR PERSONAL INJURIES

63.     As a legal consequence of the foregoing, Plaintiff developed an asbestos-related illness - mesothelioma, which has caused great injury and disability as previously set forth, and Plaintiff has suffered damages as herein alleged.

64.     The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff . Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of punishing Defendant, seeks punitive damages, according to proof.

## VIII.

### SEVENTH CAUSE OF ACTION: LOSS OF CONSORTIUM

### (Against All Defendants)

65.     Plaintiffs incorporate by reference, as if fully set forth herein, Paragraphs 1 through 64.

66.     Plaintiffs were married at all times relevant to this action and were, and are now, husband and wife.

67.     Prior to Plaintiff LANNY SANDERS' injuries alleged herein, Plaintiff LANNY SANDERS was able and did perform duties as a spouse. Subsequent to the injuries, and as a proximate result thereof, Plaintiff LANNY SANDERS has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and

-55-

1    management of the family home and Plaintiff LANNY SANDERS will be unable to perform such

2    work, services, and duties in the future.    As a proximate result thereof, Plaintiff's spouse,

3    SANDRA JENSEN SANDERS, has been permanently deprived and will be permanently deprived

4    of the consortium of her spouse, including the performance of duties, all to her damages, in an

5    amount presently unknown to Plaintiffs but which will be proved at the time of trial.

6

7        68.    Further, as a direct and proximate result of the acts of Defendants, as well as the

8    severe injuries caused thereby to Plaintiff LANNY SANDERS as set forth herein, Plaintiff

9    SANDRA JENSEN SANDERS has suffered, and for a long period of time will continue to suffer,

10   loss of consortium, including but not by way of limitation, loss of services, marital relations,

11   society, comfort, companionship, love and affection of said spouse, and has suffered severe mental

12   and emotional distress as general nervousness as a result thereof.

13

14       69.    Discovery of the cause of Plaintiff SANDRA JENSEN SANDERS' loss of

15   consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

16       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them in and

17   amount to be proved at trial in each individual case, as follows:

18       1.    General damages according to proof;

19       2.    Damages for medical and related expenses, according to proof;

20
21       3.    Damages for loss of earning capacity, according to proof;

22       4.    Damages for loss of earnings, according to proof;

23       5.    Damages for loss of ability to provide household services, according to proof;

24       6.    Damages for Plaintiffs' other economic losses, according to proof;

25       7.    Damages for Plaintiffs' physical pain, mental suffering, and emotional distress,

26             according to proof;

27       8.    Damages for Plaintiffs' other non-economic losses, according to proof;

28

-56-

COMPLAINT FOR PERSONAL INJURIES

1     9.     Exemplary or punitive damages according to proof;

2     10.     Damages for loss of consortium according to proof;

3     11.     Prejudgment interest, according to proof;

4     12.     Costs of suit incurred herein; and

5

6     13.     Such other an further relief as this Court may deem just and proper, including costs

7           and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and related

8           provisions of law.

9   **DATED:** May 31, 2012            **BARON & BUDD, P.C.**

10                          By: _Tiffany Dickenson_

11                             TIFFANY DICKENSON, ESQ.
                             Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-57-

COMPLAINT FOR PERSONAL INJURIES