Kevin M. Jordan (Texas State Bar No. 11014800)
Andrew J. Yoder (Texas State Bar No. 24051552)
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1827
(713) 229-2827
kevin.jordan@bakerbotts.com
drew.yoder@bakerbotts.com

ATTORNEYS FOR DEFENDANT
UNION CARBIDE CORPORATION

Molly J. Mrowka (Cal. Bar No. 190133)
HARTMAN, BLACKSTOCK & MOORE
182 Howard Street #414
San Francisco, California 94105
(415) 658-7446
(415) 963-3471 (fax)
molly.mrowka@andrewshartman.com

ATTORNEYS FOR DEFENDANT
MONTELLO, INC.

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>(NO VI)<br><br>This Document Relates To:<br><br>*Robert F. Lyman and Samantha Lyman v. Asbestos Defendants,*<br><br>Transferred from the United States District Court for the Northern District of California Cause No. C-07-4240-SBA | Consolidated Under<br>MDL 875 (2:01-md-00875-ER)<br><br>Before the United States District Court For the Eastern District of Pennsylvania<br><br>Hon. Eduardo C. Robreno<br>E.D. PA No. 2:09-cv-62999-ER<br><br>**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL REMAND ORDER SEVERING PUNITIVE DAMAGES** |

Defendants Union Carbide Corporation and Montello, Inc. file this Joint Response to Plaintiffs' Motion to Vacate Conditional Remand Order Severing Punitive Damages and would respectfully show the Panel as follows:

## INTRODUCTION

The purpose in severing punitive damages claims in asbestos personal injury and wrongful death actions upon remand from the transferee court to the transferor court is to preserve steadily depleting resources so that "the sick and dying, their widows and survivors should have their claims addressed first." *In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000) (quoting *In re Patenaude*, 210 F.3d 135, 139 (3d Cir. 2000). Plaintiffs have requested that the Panel ignore this important public policy and order remand of all of their claims, including those for punitive damages. Plaintiffs rely on the Panel's recent Order adopting Judge Robreno's Suggestion of Remand and assert that, because the Panel has announced that it will no longer transfer asbestos cases to MDL-875, new asbestos plaintiffs will retain their punitive damages claims, and therefore, Plaintiffs should likewise be permitted to retain their punitive damages claims upon remand.

Plaintiffs' argument fails for two reasons. First, the Panel has continued to transfer personal injury and wrongful death asbestos actions from Plaintiffs' own jurisdiction—the Northern District of California—since its December 31, 2011 Order, which demonstrates that Plaintiffs are not disadvantaged as they would have the Panel believe. Second, regardless of the Panel's December 2011 Order, it remains important public policy to conserve resources available to injured claimants, and to permit those remaining in MDL-875 to retain their punitive damages claims would contravene that public policy. In summary, Plaintiffs present no compelling reason to treat their claims differently from those in any other

asbestos personal injury case filed in the Northern District of California and, therefore, their motion should be denied.

### ARGUMENT & AUTHORITIES

A.  **The Panel continues to transfer cases from the Northern District of California and other federal courts across the country.**

Plaintiffs assert that they are disadvantaged because new asbestos plaintiffs will remain in their home courts and therefore be able to retain their punitive damages claims. However, as evidenced by several recent orders by this Panel, cases are still being transferred to the MDL-875 from not only in the Northern District of California—the court from which this case was transferred—but also from federal courts across the country. *See* Conditional Transfer Order ("CTO") 523, transferring to MDL-875 several cases including *Johnson et al v. A.W. Chesterton Co.*, *et al.* from the Northern District of California, *Williams v. CBS Corp.*, *et al.* from the District of Connecticut, and *Beal v. Air & Liquid Sys. Corp.*, *et al.* from the Western District of North Carolina, (Doc. 8886) filed 07/23/12 (attached as Exhibit A); CTO 521, transferring to MDL-875 *Sanders et al v. 3M Co.*, *et al.* from the Northern District of California and *Relyea v. Borg Warner Corp.*, *et al.* from the Southern District of New York (Doc. 8869) filed 07/10/12, (attached as Exhibit B); and CTO 519, transferring to MDL-875 *Deuyour v. BF Goodrich Co*, *et al.* from the Northern District of California, (Doc. 8869), filed 07/05/12 (attached as Exhibit C).

In light of all of these recent transfers, Plaintiffs' claim that all new asbestos actions retain claims for punitive damages (and, therefore, that remand of only their compensatory claims is unfair) are patently untrue, and they present no reason for reconsideration of the Panel's decision in this case.

**B.      There is no reason to reconsider the sound public policy of retaining punitive damages claims in MDL-875.**

In substance, Plaintiffs' motion asks the Panel to reverse its stated policy and decades of practice of severing punitive damages claims prior to remand without providing any compelling reason whatsoever. Indeed, the primary reason Plaintiffs articulate is the claim of unequal treatment which, as demonstrated above, is a red herring.

Plaintiffs assert that the policy interest in severing punitive damages claims is no longer served because asbestos plaintiffs not transferred to MDL-875 will now be permitted to bring punitive damages claims concurrently with compensatory damages claims. In reality, the opposite is true—Defendants submit that the policy interest in conserving resources to compensate those injured by asbestos is greater now *because* more plaintiffs will be pursuing claims for punitive damages. The Third Circuit has repeatedly recognized the importance of conserving resources for "the sick and dying, [because] their widows and survivors should have their claims addressed first." *In re Collins*, 33 F.3d 809, 812 (3d Cir. 2000) (quoting *In re Patenaude*, 210 F.3d 135, 139 (3d Cir. 2000)).

The importance of this policy was recognized more than a decade before the *Collins* decision when, in 1986, Judge Richard Klein of the Philadelphia Court of Common Pleas required plaintiffs to defer their claims of punitive damages against non-bankrupt defendants because it was "very possible that some plaintiffs will get the windfall of punitive damages while others find that the money is gone by the time their case come to trial." *See* Mark A. Behrens & Cary Silverman, *Punitive Damages in Asbestos Personal Injury Litigation: The Basis for Deferral Remains Sound*, 8 RUTGERS J. OF L. & PUB. POL'Y 50, 54-55 (2011) (quoting *Yancey v. Raymark Indus., Inc.*, No. 1186 (832), slip op. at 5 (Ct. Com. Pl. Phila., Pa.

Nov. 12, 1986), (attached as Exhibit G). Judge Klein continued this policy, which is still employed by the Complex Litigation Center (CLC), the mass tort program of the Philadelphia Court of Common Pleas. *See id.* In 1991, after being given responsibility for MDL-875, Judge Weiner decided to apply this policy to federal asbestos cases, and he began the longstanding practice of severing and retaining jurisdiction over claims for punitive damages like those in the case at bar. *Id*. at 52.

Even after this Panel issued its December 31, 2011 Order, the Panel has continued to sever punitive damages upon remand to the transferor courts. *See* Separation of Claims and Remand Order of *Musselman v. Amphenol Corp. et al.* to the District of Delaware (Doc. 8625), filed 04/16/12, which severed claims for punitive or exemplary damages upon remand (attached as Exhibit D); Separation of Claims and Remand Order of *Kovary v. Honeywell Int'l, Inc. et al.* to the Central District of California (Doc. 8626), filed 04/16/12, which severed claims for punitive or exemplary damages upon remand (attached as Exhibit E); Separation of Claims and Remand Order of *Brown v. Kaiser Gypsum Co., Inc. et al.* to the Western District of Washington (Doc. 8781), filed 06/08/12, which severed claims for punitive or exemplary damages upon remand (attached as Exhibit F). It is clear that this Panel has continued to recognize the importance of retaining punitive damages claims upon remand, despite the potential decrease in asbestos claims reaching MDL-875, and Plaintiffs' motion presents no basis for abandoning this policy.

Finally, Plaintiffs argue that not only would the policy of conserving resources for those who have been injured no longer be served if the Panel were to sever punitive damages, but that to retain claims for punitive damages when others are permitted to get punitive damages would have the *reverse* effect of preserving resources for the injured. This

argument has no merit. It rests on the assumption that current MDL plaintiffs will have a decreased ability to collect compensatory damages if others are permitted to receive punitive damages when they are not. Plaintiffs therefore operate under the fiction that, if the Panel stops severing punitive damages claims, there will somehow be a *greater* pool of resources from which to collect. Mathematically, this argument does not hold water. Indeed, common sense dictates that the more plaintiffs who bring punitive damages claims, the fewer resources that are likely to be available to compensate all asbestos plaintiffs. Although it is the case that many new asbestos plaintiffs will be permitted to litigate both their compensatory and punitive damages claims together, the policy of preservation of resources dictates that this court retain its current policy, because "[a]ctions taken by courts that could accelerate this process [of driving asbestos defendants to bankruptcy] would be irresponsible absent a clear and compelling justification that does not exist with respect to the awarding of punitive damages in modern asbestos cases." Behrens & Silverman at 65.

In summary, this Panel has for decades, and with good reason, severed punitive damages claims, and it continues to do so. Plaintiffs have provided no compelling reason for the special treatment that they seek—being permitted to retain their punitive damages claims upon remand—and the Panel should deny their request to retain those claims when this case is remanded for trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, in the event the Panel orders remand, the Panel follow its longstanding practice and order that Plaintiffs' punitive damages claims be severed and retained in MDL-875.

Respectfully submitted,

**BAKER BOTTS L.L.P.**

Dated: Wednesday, August 1, 2012      BY: _/s/ Andrew J. Yoder_
                                          Andrew J. Yoder

**ATTORNEYS FOR DEFENDANT
UNION CARBIDE CORPORATION**

**HARTMAN, BLACKSTOCK & MOORE**

Dated: Wednesday, August 1, 2012      BY: _/s/ Molly J. Mrowka_
                                          Molly J. Mrowka

**ATTORNEYS FOR DEFENDANT
MONTELLO, INC.**

**CERTIFICATE OF SERVICE**

        I certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the following counsel of record, each of whom has consented to electronic service via the CM/ECF system, on the 1st day of August 2012:

Richard M. Grant
David R. Donadio
Kimberly J.W.J. Chu
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169

Molly J. Mrowka
Hartman, Blackstock & Moore, PPC
182 Howard Street #414
San Francisco, CA  94105

Catherine Morris Krow
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105

      /s/ Andrew J. Yoder
      Andrew J. Yoder