# EXHIBIT D

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

| | | |
|---|---|---|
| Michael L. Musselman v. Amphenol Corporation, et al., | ) | |
| E.D. Pennsylvania, C.A. No. 2:10-69486 | ) | MDL No. 875 |
| (D. Delaware, C.A. No. 1:10-00101) | ) | |

SEPARATION OF CLAIMS AND REMAND ORDER

**Before the Panel:**[*] Pursuant to Rule 10.2, defendant Temple-Inland, Inc. (Temple-Inland) moves to vacate or, in the alternative, modify our order, entered at the suggestion of the transferee court, conditionally remanding this action (*Musselman*) to the District of Delaware, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court.[1] The *Musselman* plaintiff opposes the motion.

In its motion, Temple-Inland argues that the conditional remand order should be vacated because the parties have not yet taken expert witness depositions. In the alternative, Temple-Inland requests that the Panel include an instruction to the transferor court that the parties be afforded a period of not less than two months in which to depose expert witnesses before the case is set for trial. In response, plaintiff agrees that no such depositions have yet been taken, but argues that, in light of the action's posture, there will be time to do so following remand and before trial.

After considering all argument of counsel, we will deny Temple-Inland's motion. Section 1407 does not require that *all* pretrial proceedings be completed prior to remand. *See* 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . ."). The parties are in agreement that expert depositions have not yet been taken, and, following remand, are free to seek leave from the transferor court to take such depositions.[2] Indeed, as plaintiff points out, there almost certainly will be time to do so, as the transferee judge has indicated, in his order denying Temple-Inland's motion for summary judgment,

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

[2] The Panel has no authority to instruct the transferor court regarding this matter. *See In re Capital Underwriters, Inc. Sec. Litig.*, 464 F. Supp. 955, 959 n.4 (J.P.M.L. 1979) ("The Panel has neither the power nor the inclination to dictate in any way the manner in which transferor or transferee judges supervise actions pending before them.").

- 2 -

that, upon remand, the transferor court will likely need to consider whether the action should be transferred to a federal court in Arkansas. *See Musselman v. Amphenol Corp.*, No. 2:10-69486, slip op. at 6, (E.D. Pa. Nov. 28, 2011) (docket no. 125).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims in *Musselman*, except the severed claims for punitive or exemplary damages, are remanded to the District of Delaware.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.         Barbara S. Jones
Paul J. Barbadoro              Charles R. Breyer