ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:12-cv-03432-LB

| | |
|---|---|
| Salisbury v. Asbestos Corporation Limited et al | Date Filed: 06/29/2012 |
| Assigned to: Magistrate Judge Laurel Beeler | Jury Demand: None |
| Case in other court: San Francisco County Superior Court, CGC-12-276028 | Nature of Suit: 345 Marine Product Liability |
| Cause: 28:1442 Petition for Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Jerry Salisbury**                     represented by     **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Asbestos Corporation Limited**

**Defendant**

**Puget Sound Commerce Center, Inc.**     represented by     **Demian David Steele**
*formerly known as*                                         Yaron & Associates
Todd Shipyards Corporation                                  601 California Street
21st Floor
San Francisco, CA 94108
415/658-2929
Fax: 415-658-2930
Email: dsteele@yaronlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George D. Yaron**
Yaron & Associates
601 California Street, 21st Floor
San Francisco, CA 94108-2281
415-658-2929
Fax: 415-658-2930
Email: gyaron@yaronlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A Tapper**
Yaron & Associates
601 California Street, Suite 2011
San Francisco, CA 94108
415-658-2929
Fax: 415-658-2930
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Huntington Ingalls Incorporated**          represented by   **Daniel James Kelly**
*formerly known as*                                           Tucker Ellis LLP
Northrop Grumman Shipbuilding, Inc.                           135 Main Street, Suite 700
                                                              San Francisco, CA 94105
                                                              415-617-2400
                                                              Fax: 415-617-2409
                                                              Email: daniel.kelly@tuckerellis.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Triple A Machine Shop, Inc.**              represented by   **Kenneth Bruce Prindle**
                                                              Prindle Amaro Goetz Hillyard Barnes
                                                              & Reinholtz LLP
                                                              One California Street
                                                              Suite 1910
                                                              San Francisco, CA 94111
                                                              415-788-8354
                                                              Fax: 415-788-3625
                                                              Email: kprindle@prindlelaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Thomas Alan Steig**
                                                              Prindle Amaro Goetz Hillyard Barnes
                                                              & Reinholtz LLP
                                                              One California Street
                                                              Suite 1910
                                                              San Francisco, CA 94111
                                                              415-788-8354
                                                              Fax: 415-788-3625
                                                              Email: tsteig@pdalaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Trane US, Inc.**

*formerly known as*
American Standard, Inc.

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Thomas Dee Engineering Company**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

represented by **Edward R. Hugo**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: ehugo@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shelley Kaye Tinkoff**
Brydon Hugo and Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Email: tinkoff@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance
Company**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Parker-Hannifin Corporation**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**York International Corporation**

<u>Defendant</u>

**Carrier Corporation**

<u>Defendant</u>

**Cooper Industries, LLC**                    represented by   **David A. Gifford**
*formerly known as*                                            Stevens Drummond & Gifford
Cooper Industries, Inc.                                        1910 Olympic Boulevard
                                                               Suite 250
                                                               Walnut Creek, CA 94596
                                                               925-944-5550
                                                               Fax: 925-256-9669
                                                               Email: davidgifford@sdglaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Sun Ship, LLC**

<u>Defendant</u>

**Hopeman Brothers, Inc.**

<u>Defendant</u>

**J.T. Thorpe & Son, Inc.**                   represented by   **Reshma Amarlal Bajaj**
                                                               Attorney at Law
                                                               Bassi Edlin Huie Blum LLP
                                                               500 Washington Street
                                                               Suite 700
                                                               San Francisco, CA 94111
                                                               415-397-9006
                                                               Email: rbajaj@behblaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/29/2012 | 1 | NOTICE OF REMOVAL from San Francisco County Superior Court. Their case number is CGC-12-276028. (Filing fee $350 receipt number 34611075849). Filed byPuget Sound Commerce Center, Inc. (far, COURT STAFF) (Filed on 6/29/2012) (Additional attachment(s) added on 7/5/2012: # 1 Notice of Removal - Part Two, # 2 Civil Cover Sheet) (far, COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 1 | ANSWER to Complaint (Notice of Removal) by Huntington Ingalls Incorporated. (far, COURT STAFF) (Filed on 6/29/2012) Modified on 7/5/2012 far, COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 1 | ANSWER to Complaint (Notice of Removal) by Triple A Machine Shop, Inc. (far, COURT STAFF) (Filed on 6/29/2012) Modified on 7/5/2012 (far, |

| | | |
|---|---|---|
| | | COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/25/2012. Case Management Conference set for 11/1/2012 10:30 AM in Courtroom C, 15th Floor, San Francisco. (Attachments: # 1 Standing Order) (far, COURT STAFF) (Filed on 6/29/2012) (Entered: 07/05/2012) |
| 06/29/2012 | 3 | DEMAND for Trial by Jury by Puget Sound Commerce Center, Inc.. (far, COURT STAFF) (Filed on 6/29/2012) (far, COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 4 | Corporate Disclosure Statement and Certificate of Interested Entities by Puget Sound Commerce Center, Inc. identifying Corporate Parent Miles Marine, Inc., Corporate Parent Vigor Industrial, LLC, Corporate Parent Vigor Shipyards, Inc. for Puget Sound Commerce Center, Inc.. (far, COURT STAFF) (Filed on 6/29/2012) (far, COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 5 | NOTICE of Tag-Along Action by Puget Sound Commerce Center, Inc. (far, COURT STAFF) (Filed on 6/29/2012) (far, COURT STAFF). (Entered: 07/05/2012) |
| 06/29/2012 | 6 | CERTIFICATE OF SERVICE by Puget Sound Commerce Center, Inc. re 1 Notice of Removal, 5 Notice (Other), 4 Certificate of Interested Entities, 3 Jury Demand (far, COURT STAFF) (Filed on 6/29/2012) (far, COURT STAFF). (Entered: 07/05/2012) |
| 07/19/2012 | 7 | *Defendant J.T. Thorpe & Son, Inc.'s* ANSWER to Complaint (Notice of Removal) by J.T. Thorpe & Son, Inc.. (Attachments: # 1 Disclosure Statement Pursuant to Federal Rules of Civil Procedure 7.1 and Local Rule 7.1-1, # 2 Defendant J.T. Thorpe & Son, Inc., Noticfe of Appearance, # 3 Proof of Service)(Bajaj, Reshma) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/19/2012 | 8 | NOTICE of Appearance by David A. Gifford *for COOPER INDUSTRIES, LLC f/k/a Cooper Industries, Inc.* (Gifford, David) (Filed on 7/19/2012) (Entered: 07/19/2012) |
| 07/25/2012 | 9 | ANSWER to Complaint by Foster Wheeler LLC. (Tinkoff, Shelley) (Filed on 7/25/2012) (Entered: 07/25/2012) |
| 07/25/2012 | 10 | Certificate of Interested Entities by Foster Wheeler LLC re 9 Answer to Complaint (Tinkoff, Shelley) (Filed on 7/25/2012) (Entered: 07/25/2012) |
| 08/02/2012 | 11 | NOTICE by J.T. Thorpe & Son, Inc. *RULE 26(a)(1) Initial Disclosure* (Bajaj, Reshma) (Filed on 8/2/2012) (Entered: 08/02/2012) |
| 08/03/2012 | 12 | CLERKS NOTICE re Consent to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge due by 8/17/2012. (ls, COURT STAFF) (Filed on 8/3/2012) (Entered: 08/03/2012) |

## PACER Service Center

### Transaction Receipt

| 08/06/2012 14:06:12 | | | |
|---|---|---|---|
| **PACER Login:** | bh1524 | **Client Code:** | 4801 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-03432-LB |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASBESTOS CORPORATION LIMITED;
Defendants as Reflected on Exhibit 1
attached to the Summary Complaint herein; and DOES 1-8500.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JERRY SALISBURY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucort.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA  94102

CASE NUMBER
*(Número del Caso):*
**CGC-12-276028**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es):*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road,  Novato, CA  94948-6169
(415) 898-1555

DATE: APR 2 5 2012
*(Fecha)*

CLERK OF THE COURT
Clerk, by
*(Secretario)*
ELIAS BUTI
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Foster Wheeler LLC (FKA Foster Wheeler Corporation)

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association of partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ASBESTOS CORPORATION LIMITED
TRANE US, INC. FKA AMERICAN STANDARD, INC.
CROWN CORK & SEAL COMPANY, INC.
THOMAS DEE ENGINEERING COMPANY
FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
GENERAL ELECTRIC COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
YORK INTERNATIONAL CORPORATION
CARRIER CORPORATION
COOPER INDUSTRIES, LLC (FKA COOPER INDUSTRIES, INC.)
SUN SHIP, LLC
PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION)
HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.)
TRIPLE A MACHINE SHOP, INC.
HOPEMAN BROTHERS, INC.
J.T. THORPE & SON, INC.
and DOES 1-8500,

    Defendants.

Jerry Salisbury vs. Asbestos Corporation Limited, et al.
San Francisco Superior Court

**BRAYTON❖PURCELL LLP**
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CASE NUMBER: CGC-12-276028  JERRY SALISBURY VS. ASBESTOS CORPORATION LIMIT

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **APR-18-2013**

**TIME:** **1:30PM**

**PLACE:** **Department 503**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

**All parties must appear and comply with California Rules of Court 3.110**

> **CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road
Novato, California  94948-6169
TELEPHONE NO.:  (415) 898-1555     FAX NO.:  (415) 898-1247
ATTORNEY FOR (NAME):  Plaintiff(s)

FOR COURT USE ONLY
ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 APR 25  AM 11:10

CLERK OF THE COURT
BY:  ELIAS RUIZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS:   400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA  94102
  BRANCH NAME:

CASE NAME:
JERRY SALISBURY vs. ASBESTOS CORPORATION LIMITED, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-12-276028 |
|  |  | JUDGE: |
|  |  | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below of the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental / Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 9
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 4/22/12

David R. Donadio
(TYPE OR PRINT NAME)                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON✦PURCELL LLP
2   Attorneys at Law
    222 Rush Landing Road
3   P.O. Box 6169
    Novato, California  94948-6169
4   (415) 898-1555

5   Attorneys for Plaintiff

ASBESTOS
CASE MANAGEMENT CONFERENCE

APR 1 8 2013 1³⁰ PM

DEPARTMENT   220

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 APR 25  AM 1: 10

CLERK OF THE COURT
BY: ELIAS BUTI
    DEPUTY CLERK

6

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF SAN FRANCISCO**

10

11  JERRY SALISBURY,                    )      ASBESTOS
                                        )      No.   CGC-12-276028
12           Plaintiff,                 )
                                        )
13  vs.                                 )      COMPLAINT FOR PERSONAL INJURY -
                                        )      ASBESTOS
14  ASBESTOS CORPORATION LIMITED;       )
    Defendants as Reflected on Exhibit 1 )
15  attached to the Summary Complaint   )
    herein; and DOES 1-8500.            )
16                                      )

17          1.      Plaintiff JERRY SALISBURY was born September 6, 1939.

18          2.      The ©**Brayton✦Purcell Master Complaint for Personal Injury [and Loss of**

19  **Consortium]- Asbestos** (hereinafter "Master Complaint") was filed January 2, 2003, in San

20  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

21  obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint

22  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

23  Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

24  ///

25  ///

26  ///

27

28

(left margin, vertical) BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

(left margin, vertical) THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

K:\Injured\115527\PLD\cmp-pipMet.wpd

                                    1
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**DEFENDANTS\* ON EXHIBITS:**

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ | | ☐ | | | ☐ | | | | ☐ | ☐ | ☐ | |
| Second (Strict Liability) | ☒ | ☒ | ☒ | ☐ | | | ☐ | | | | ☐ | ☐ | ☐ | |
| Third (False Representation) — As to Defendants ASBESTOS CORPORATION LIMITED; FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION); OWENS-ILLINOIS, INC. only. | ☒ | ☒ | | | | | ☐ | | | | | | | |
| Fourth (Loss of Consortium) | ☐ | | | | | | | | | | | | | |
| Fifth (Premises Owner/ Contractor Liability) | ☐ | ☒ | ☒ | | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☐ | | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-First (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |

\*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.    Paragraph 8 of the Master Complaint is amended to add the following sentence: In part, and without limitation as to other defendants, defendants SUN SHIP, LLC; PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION); HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.); TRIPLE A MACHINE SHOP, INC., manufactured, modified, serviced and/or repaired asbestos-containing ships and vessels.

5.    Plaintiff hereby amends the Master Complaint on file herein, to incorporate a new Twenty-First Cause of Action, set forth below, specially plead against the defendant listed on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in the process of amending the Master Complaint herein and will include this new Cause of Action in said amendment.)

<u>"TWENTY-FIRST CAUSE OF ACTION</u>
Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

225.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every allegation of the First through Third and Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Action as though fully set forth herein.  (As used throughout this cause of action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the named plaintiff's injuries may derive.)

226.  This cause of action is for the aiding and abetting of battery by METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

1  director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

2  ("J-M").

3      227.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

4  mentioned defendant MET LIFE was and is a corporation organized and existing under and by

5  virtue of the laws of the State of New York or the laws of some other state or foreign

6  jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

7  business in the State of California, and regularly conducted or conducts business in the County

8  of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

9  an insurer of J-M.

10      228.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

11  asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

12  asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

13  and injuries.

14      229.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

15  related disease in Canadian mines and mills, including those of J-M.  Those studies revealed

16  that miners and mill workers were contracting asbestosis at relatively low levels of dust.

17  McGill University, which conducted the studies, sought permission from MET LIFE to publish

18  the results but they were never published.  MET LIFE prepared its own report of these studies.

19      230.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

20  plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

21  showed that workers in substantial numbers were contracting asbestosis, at levels less than what

22  became the Threshold Limit Value ('TLV") of 5mppcf.  The MET LIFE report was never

23  published or disseminated except to plant owners, including J-M.

24      231.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

25  New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

26  studies.  They were never published.

27      232.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

28  LIFE that it should issue a report of its studies.

233. MET LIFE submitted a draft of its report to J-M. J-M requested, for legal and business reasons, that certain critical parts of the draft be changed. MET LIFE's official in charge was Lanza. MET LIFE through Lanza did make changes that J-M requested, including:

    (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos should be less than that for silica;

    (b)    Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935. It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

234. MET LIFE had a close relationship with J-M. It invested money in J-M. It provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment. MET LIFE and Lanza were viewed as experts on industrial dusts.

235. In 1933, MET LIFE through Lanza issued the following advices to J-M:

    (a)    Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

    (b)    When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

236. J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying workers of their disease.

237. In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation ("AHF"). One of the AHF purposes was to develop standards for dust levels that would serve as a defense in lawsuits and workers' compensation claims.

238. MET LIFE funded partially another study that tentatively recommended in 1938 a TLV for asbestos dust of 5mpccf, the same as for silica dust. MET LIFE was aware of data from its own, unpublished reports that showed that level was too high for asbestos dust. MET LIFE nonetheless promoted that TLV as proper.

239. In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant. That report showed that workers exposed to less than the recommended maximum levels of dust were developing disease. MET LIFE was a member of the IHF and Lanza was on its medical committee. The Hemeon report, which was supplied to J-M and other owners, never was published.

240. In 1936, J-M and other asbestos companies agreed with a leading medical research facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long fiber asbestos contracted cancer.

241. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr. Vorwald, in the *AMA Archives of Industrial Hygiene*.

242. Lanza left MET LIFE at the end of 1948, and took a position at New York University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause cancer into the 1950s.

///

243. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE official was on its medical committee, through Drs. Braun and Truan conducted a study of Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken, and the report published in 1958 contained the false conclusion that asbestos exposure alone did not increase the risk of lung cancer.

244. The false and misleading reports that a link between asbestos exposure and cancer was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low or zero.

245. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants knowing that the dust was hazardous and was causing workers to contract disease that could and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the hazard. J-M committed battery on workers in its plants, including plaintiff, by that conduct.

246. MET LIFE knew that J-M's conduct constituted a breach of its duties to its workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers, including plaintiff, through MET LIFE's conduct described above, including by:

 (a) Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in view of the extraordinary legal situation, such that J-M did not warn its workers, including plaintiff;

 (b) Deleting the findings of its own draft report that the allowable limits for asbestos dust should be less than those for silica dust, and promoting a false and unsafe TLV which specified maximum levels of silica dust, and promoting a false and unsafe TLV which specified maximum levels of dust for workers, including plaintiff, which MET LIFE knew was wrong through its own studies;

 (c) Advising J-M to keep certain workers continuing to work at dusty areas in the plant even after J-M was aware that their lungs showed asbestos-induced

///

///

1  changes, lest other workers including plaintiff be alerted to the dangers of

2  working in the dust.

3      WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

4      6.      Plaintiff does not make a claim for either false representation or punitive

5  damages against any named defendant herein, except as against defendants ASBESTOS

6  CORPORATION LIMITED; FOSTER WHEELER LLC (FKA FOSTER WHEELER

7  CORPORATION); OWENS-ILLINOIS, INC.

8  Dated: 4/22/12                          BRAYTON❖PURCELL LLP

9

10                                         By: _____

11                                         David R. Donadio
                                           Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1

## **EXHIBIT 1 - LIST OF DEFENDANTS**

2

3     ASBESTOS CORPORATION LIMITED
      TRANE US, INC. FKA AMERICAN STANDARD, INC.
4     CROWN CORK & SEAL COMPANY, INC.
      THOMAS DEE ENGINEERING COMPANY
5     FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
      GENERAL ELECTRIC COMPANY
6     METROPOLITAN LIFE INSURANCE COMPANY
      OWENS-ILLINOIS, INC.
7     PARKER-HANNIFIN CORPORATION
      CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
8     YORK INTERNATIONAL CORPORATION
      CARRIER CORPORATION
9     COOPER INDUSTRIES, LLC (FKA COOPER INDUSTRIES, INC.)
      SUN SHIP, LLC
10    PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION)
      HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.)
11    TRIPLE A MACHINE SHOP, INC.
      HOPEMAN BROTHERS, INC.
12    J.T. THORPE & SON, INC.
      and DOES 1-8500,
13

14        Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Navy | Naval Training Center/Naval Station Great Lakes, IL | Trainee | 6/24/1957-12/31/1957 |
| | UHLMAN (DD-687) | Machinist Mate (3rd Class) | 1/1958-8/2/1960 |
| | Naval Training Center San Diego, CA | Student | 9/30/1960-12/1960 |
| | HORNET (CVS-12) | Machinist Mate (3rd Class; 2nd Class; 1st Class) | 12/16/1960-9/19/1965 |
| | Hunters Point Naval Shipyard, San Francisco, CA | Machinist Mate | 1964-9/19/1965 |
| | Naval Training Center San Diego, CA | Instructor | 1/1966-10/1969 |
| | CORAL SEA (CVA-43) | Machinist Mate | 11/1969-7/1970 |
| | KITTY HAWK (CVA-63) | Machinist Mate (1st Class) | 7/1970-2/1973 |
| | HENRY W. TUCKER (DD-875) | Instructor | 2/1973-7/1973 |
| | Naval Training Center San Diego, CA | Instructor | 7/1973-2/1974 |
| | Naval Training Center Great Lakes, IL | Instructor | 2/1974-11/1976 |
| | RICHARD E. BYRD (DDG-23) | Machinist Mate (Senior Chief) | 11/1976-7/1978 |

///

EXHIBIT A

1

EXHIBIT A (cont'd.)

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| | Norfolk Naval Shipyard Portsmouth, VA | Inspector | 7/1978-5/30/1979 |
| Montgomery Ward Chicago, IL | Montgomery Ward Austin, MN | Appliance Repairman | 1979-1980 |

7       Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

8   permanent injury to the plaintiff, including, but not limited to breathing difficulties and/or other

9   lung damage.  Plaintiff was diagnosed with asbestosis on or about December 2011 and with

10   asbestos-related pleural disease on or about August 2011.

11       Plaintiff retired from his last place of employment at regular retirement age.  He has

12   therefore suffered no disability from his asbestos-related disease as "disability" is defined in

13   California Code of Civil Procedure § 340.2.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# EXHIBIT B

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| ASBESTOS CORPORATION LIMITED | CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) |
| TRANE US, INC. FKA AMERICAN STANDARD, INC. | CARRIER CORPORATION |
| CROWN CORK & SEAL COMPANY, INC. | COOPER INDUSTRIES, LLC (FKA COOPER INDUSTRIES, INC.) |
| THOMAS DEE ENGINEERING COMPANY | SUN SHIP, LLC |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) |
| GENERAL ELECTRIC COMPANY | HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) |
| METROPOLITAN LIFE INSURANCE COMPANY | |
| OWENS-ILLINOIS, INC. | TRIPLE A MACHINE SHOP, INC. |
| PARKER-HANNIFIN CORPORATION | DOES 1-800 |
| YORK INTERNATIONAL CORPORATION | |

ALTERNATE ENTITY

| | |
|---|---|
| ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |
| TRANE US, INC. FKA AMERICAN STANDARD, INC. | THE TRANE COMPANY |
| | TRANE BOILER |
| | U.S. RADIATOR |
| | AMERICAN RADIATOR & STANDARD SANITARY CORP. |
| | THE AMERICAN RADIATOR COMPANY |
| | IDEAL BOILER |
| | AMERICAN STANDARD BOILERS |
| | KEWANEE BOILER CO., INC. |
| | STANDARD MANUFACTURING CO. |
| | WESTINGHOUSE AIR BRAKE CORPORATION |
| | WABCO |
| | MURRAY IRON WORKS CO. |
| | MURRAY Division, The Trane Co. |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| THOMAS DEE ENGINEERING COMPANY | THOMAS DEE ENGINEERING CO., INC. |
| | DEE ENGINEERING COMPANY |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| | HOTPOINT, INC. |
| | GENERAL ELECTRIC SUPPLY CORPORATION |

EXHIBIT B

///

K:\Injuron\115527\PLD\cmp-pipMet.wpd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

PARKER-HANNIFIN CORPORATION

SACOMA-SIERRA, INC.
SACOMA MANUFACTURING COMPANY
E.I.S. AUTOMOTIVE CORPORATION
CONDREN CORPORATION, THE
PARKER SEAL COMPANY
DENISON HYDRAULICS INC.
GREER HYDRAULICS CORPORATION

CBS CORPORATION (F/K/A VIACOM
INC., F/K/A WESTINGHOUSE
ELECTRIC CORPORATION)

VIACOM, INC.
CBS CORPORATION
WESTINGHOUSE ELECTRIC CORPORATION
WESTINGHOUSE ELECTRIC AND
MANUFACTURING COMPANY
B.F. STURTEVANT
KPIX TELEVISION STATION
PARAMOUNT COMMUNICATIONS, INC
GULF & WESTERN INDUSTRIES, INC.
NORTH & JUDD MANUFACTURING COMPANY

YORK INTERNATIONAL
CORPORATION

YORK OPERATING COMPANY
YORK HOLDINGS
YORK HOLDING CORPORATION
CENTRAL ENVIRONMENTAL SYSTEMS
BORG-WARNER AIR CONDITIONING, INC.
BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS
YORK DIVISION, BORG-WARNER
YORK AIR CONDITIONING DIVISION, BORG WARNER
YORK-LUXAIRE, INC.
YORK CORPORATION
LUXAIRE
YORK CORPORATION
YORK ICE MACHINERY
YORK MANUFACTURING
FRICK COMPANY
YORK ACQUISITION CORPORATION
LILCO, INC.
NATKIN SERVICE
YIC HOLDINGS CORPORATION
YORK HEATING AND AIR CONDITIONING
NORTHFIELD FREEZING SYSTEMS
UNITED MECHANICAL SERVICES, INC.
JOHNSON SUPPLY & EQUIPMENT CORPORATION
YORK INTERNATIONAL CORPORATION CES
(CENTRAL SYSTEMS)
YORK INTERNATIONAL SALES & SERVICE
APPLIED SYSTEMS
FRASER JOHNSTON

///

///

EXHIBIT B

1                    EXHIBIT B (cont'd.)

2                    ALTERNATE ENTITY

| | |
|---|---|
| CARRIER CORPORATION | UNITED TECHNOLOGIES HOLDING CORPORATION |
| | DAY & NIGHT HEATING & AIR CONDITIONING |
| | DAY & NIGHT MANUFACTURER COMPANY |
| | PAYNE HEATING & AIR CONDITIONING |
| | BRYANT HEATERS & BOILERS |
| | STEWART BRYANT |
| | CARRIER TRANSICOLD |
| | ELLIOT COMPANY |
| | CROCKER-WHEELER COMPANY |
| | INTERNATIONAL COMFORT PRODUCTS CORPORATION (USA) |
| COOPER INDUSTRIES, LLC (FKA COOPER INDUSTRIES, INC.) | AMERICAN LAUNDRY MACHINERY, DIVISION OF McGRAW EDISON CO. |
| | ARROW-HART |
| | COOPER INDUSTRIES, INC |
| | CROUSE-HINDS COMPANY |
| | DEMCO VALVES |
| | DEMCO, INCORPORATED |
| | HALO |
| | McGRAW-EDISON COMPANY |
| SUN SHIP, LLC | KEE LEASING COMPANY |
| | SUN LEASING COMPANY |
| | SUN SHIP, INC. |
| | SUN TRANSPORT, INC. |
| PUGET SOUND COMMERCE CENTER, INC.(FKA TODD SHIPYARDS CORPORATION) | VIGOR SHIPYARDS, INC. ( FKA TODD PACIFIC SHIPYARDS CORPORATION) |
| | SEATTLE-TACOMA SHIPBUILDING CORP. |
| | TODD SEATTLE DRY DOCKS, INC. |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |

EXHIBIT B

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT B-1

EXHIBIT B-1

DEFENDANTS

HOPEMAN BROTHERS, INC.
THOMAS DEE ENGINEERING COMPANY
J.T. THORPE & SON, INC.

ALTERNATE ENTITY

J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                 THORPE PRODUCTS CO.
                                 J.T. THORPE NORTHWEST

EXHIBIT B-1

K:\Injured\115527\PLD\cmp-pipMet.wpd

19

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT C

1

EXHIBIT C

2   <u>DEFENDANTS</u>

3   HOPEMAN BROTHERS, INC.
    THOMAS DEE ENGINEERING COMPANY
4   J.T. THORPE & SON, INC.
    DOES 1001-2000
5

6   CONTRACTOR
    <u>DEFENDANTS</u>                    <u>LOCATION</u>              <u>TIME PERIOD</u>
7
    HOPEMAN BROTHERS, INC.           Various                Various
8
    THOMAS DEE ENGINEERING           Various                Various
9   COMPANY

10  J.T. THORPE & SON, INC.          Various                Various

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                 EXHIBIT C

# EXHIBIT H

1

<u>EXHIBIT H</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
PARKER-HANNIFIN CORPORATION

4

OWENS-ILLINOIS, INC.
DOES 5000-8000

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT H

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT I

1

<u>EXHIBIT I</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.

4

DOES 5000-7500

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I

# EXHIBIT J

1

<u>EXHIBIT J</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
DOES 7400-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT J

# EXHIBIT N

1                              <u>EXHIBIT N</u>

2    <u>DEFENDANTS</u>

3    METROPOLITAN LIFE INSURANCE COMPANY
      DOES 7501-7900

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                       EXHIBIT N

K:\Injured\115527\PLD\cmp-pipMet.wpd

COMPLAINT FOR PERSONAL INJURY - ASBESTOS