Kevin M. Jordan (Texas State Bar No. 11014800)
Andrew J. Yoder (Texas State Bar No. 24051552)
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
(713) 229-1827
(713) 229-2827
kevin.jordan@bakerbotts.com
drew.yoder@bakerbotts.com

ATTORNEYS FOR DEFENDANT
UNION CARBIDE CORPORATION

Molly J. Mrowka (Cal. Bar No. 190133)
HARTMAN, BLACKSTOCK & MOORE
182 Howard Street #414
San Francisco, California 94105
(415) 658-7446
(415) 963-3471 (fax)
molly.mrowka@andrewshartman.com

ATTORNEYS FOR DEFENDANT
MONTELLO, INC.

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>(NO VI)<br><br>This Document Relates To:<br><br>*Robert F. Lyman and Samantha Lyman v. Asbestos Defendants*,<br><br>Transferred from the United States District Court for the Northern District of California<br>Cause No. C-07-4240-SBA | Consolidated Under<br>MDL 875 (2:01-md-00875-ER)<br><br>Before the United States District Court<br>For the Eastern District of Pennsylvania<br><br>Hon. Eduardo C. Robreno<br>E.D. PA No. 2:09-cv-62999-ER<br><br>**DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE CONDITIONAL REMAND ORDER** |

Defendants Union Carbide Corporation and Montello, Inc. file this Joint Reply to Plaintiffs' Opposition to Defendants' Motion to Vacate Conditional Remand Order and would respectfully show the Panel as follows:

## INTRODUCTION

Nineteen months ago, the district court for the Eastern District of Pennsylvania ordered Plaintiffs to produce expert witness reports in compliance with Federal Rule of Civil Procedure 26 so that Defendants, Union Carbide Corporation and Montello, Inc., could prepare for trial. Despite multiple court orders and the imposition of serious sanctions, Plaintiffs still have not complied. Plaintiffs' strategy in this regard is obvious—they have intentionally violated the federal discovery rules in the apparent hope that the Panel will look the other way. Plaintiffs should not be rewarded for this behavior.

### A. Defendants cannot "waive" their right to a ruling on their objections, and therefore the Panel should grant Defendants' motion to vacate.

Plaintiffs argue—without citing any relevant authority—that the Panel should treat Defendants' outstanding objections to Magistrate Judge Rueter's January 19, 2011, Order on Motion to Exclude Expert Witnesses (Doc. No. 61) as having been denied because of the length of time since it was filed. (*See* Doc. No. 95 at 2). This argument is without merit.

Pursuant to 28 U.S.C. § 636(b)(1), a district court is *"require[d]"* to review a magistrate judge's ruling when any party timely files written objections to that ruling. *Brown v. Astrue*, 649 F.3d 193, 195 (3rd Cir. 2011); *see also Alpine Bank v. Hubbell*, 555 F.3d 1097, 1114 (10th Cir. 2009) ("Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling."). This obligation is mandatory on the district court, and a party does not waive this right simply because the district court does not act on its objections. *See Spencer v. Beard*, 351 Fed. App'x 589, 590 (3rd. Cir. 2009) (holding district court's failure to rule on objections to magistrate's order was reversible error). Indeed, it is well established that failure to rule on objections to a magistrate's order is an abuse of the district court's discretion. *See, e.g., Brown*, 649 F.3d at 195.

The two, non-controlling decisions that Plaintiffs cite are inapposite. In those cases, the district courts' failures to explicitly rule on objections to a magistrate's order were excused because the courts had implicitly made a ruling on those objections, either by (1) entering judgment or (2) ruling against a party on a related dispositive motion. Neither of those scenarios applies here, where the case is still pending and the district court has never addressed the merits of Defendants' objections—explicitly or implicitly. Plaintiffs' discussion of these authorities—which suggests that a district court's failure to act should be construed as a dismissal on the merits—misstates their holdings. Because Defendants' objections were "timely and properly" filed, the district court is "require[d]" to make a de novo ruling on them before remand to the Northern District of California. *Brown*, 649 F.3d at 195. Accordingly, remand by the Panel is inappropriate at this time.

### B.    Plaintiffs have persistently refused to comply with Rule 26.

Plaintiffs assert that they long ago complied with the January 19, 2011 court order requiring them to supplement any deficient expert reports and further allege that Defendants have been tardy in seeking these reports. None of this holds water. Defendants have spent the better part of the last three years in a (heretofore) vain attempt to secure compliant expert witness reports in order to prepare for trial. Shortly after the court-ordered deadline of March 2010, Defendants sought the disclosure of Plaintiffs' expert reports pursuant to Rule 26. Plaintiffs initially responded with the argument that under the federal rules they were not required to disclose their testifying expert reports at that time. Indeed, they not only took this position with Defendants, they made this argument to Magistrate Judge Rueter of the Eastern District of Pennsylvania. Following months of requests from Defendants and noncompliance from Plaintiffs, Magistrate Judge Rueter ordered Plaintiffs to disclose their Rule 26 reports within seven days or have their experts stricken. Judge Reuter also ordered that Plaintiffs pay

Defendants' costs and attorneys' fees associated with bringing the motion to exclude Plaintiffs' experts, not because Plaintiffs merely "failed to comply timely with a scheduling order without good cause" (as Plaintiffs assert), but because Plaintiffs intentionally withheld expert reports required under Rule 26 and "proffered frivolous reasons for doing so." (*See* Order of Sept. 23, 2010, attached as Exhibit A). Regardless of the semantics games Plaintiffs seek to play, Judge Rueter's order requiring that Plaintiffs pay Defendants' costs and attorneys' fees was a sanction for Plaintiffs' willful violation of the federal discovery rules.

Even after being sanctioned, however, Plaintiffs refused to obey the district court's orders, choosing instead to submit a series of deficient reports. This resulted in yet another order from Magistrate Judge Rueter ordering Plaintiffs to produce expert witness reports that complied with Rule 26. (*See* Order of January 19, 2011, attached as Exhibit B). Subsequently, on February 9, 2011, Plaintiffs supplemented four of the eight expert reports, none of which complied with all (and most failed to meet several) of the requirements for Rule 26. To this day, Plaintiffs have failed to provide *any* supplemental disclosures for the remaining four expert witnesses.

Plaintiffs claim that from February 9, 2011 to present, they held a good faith belief that their expert reports complied with Rule 26. Whether or not they honestly believed in the abstract that these reports complied with Rule 26, their argument ignores the fact that in March 2011 counsel for both Union Carbide and Montello put Plaintiffs on notice that these same reports were deficient and requested that Plaintiffs remedy these deficiencies by providing the compliant reports for *all* of their expert witnesses. (*See* March 11, 2011 Letter from Andrew Yoder to Kimberly Chu, attached as Exhibit C; and March 14, 2011 Letter from Molly Mrowka joining in UCC request, attached as Exhibit D). Defendants received no response from

4

Plaintiffs. Because Plaintiffs were at all times apprised of Defendants' objections to the sufficiency of the expert reports, they cannot credibly maintain that they believed in "good faith" that their reports were compliant. Furthermore, even if Defendants had not objected, Plaintiffs have an independent, non-waivable duty to comply with Rule 26, one diminished neither by the passage of time nor the failure of the transferor court to hold them truly accountable for this compliance.

Moreover, regardless of whether Magistrate Judge Rueter found the reports deficient (which he did) or whether Defendants' counsel requested supplemental reports (which they did), parties have an ongoing duty to supplement their discovery, including expert reports, under Rule 26. *See Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. App'x 899, 909 (5th Cir. 2010) ("Rule 26(e)(2) provides parties with an ongoing duty to supplement expert reports); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("A party is under a continuing duty to supplement the expert report if there are additions or changes to what has previously been disclosed"). Plaintiffs have not met this obligation either.

The expert disclosure rules are meant to promote disclosure of the basic issues and facts of the case to the broadest practical extent. *See Thibeault v. Square D. Co.*, 960 F.2d 239, 244 (1st Cir. 1992). To this end, the rules were specifically designed to eradicate the type of unfair tactical advantage gained by delaying or making inadequate disclosures to deprive opponents of the opportunity to depose experts, challenge their credentials, and prepare defenses based on full evaluations of their conclusions. *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). Because the purpose of MDL 875 and coordinated pretrial proceedings is to prepare cases for trial, the Panel should therefore vacate the Conditional Remand Order until

Plaintiffs comply with the district court's outstanding discovery orders and, more importantly, comply with the federal discovery rules by which they are supposed to be bound.

### C. Plaintiffs' actions have prevented Defendants from preparing for trial.

To date, Defendants have received only two reports (out of ten) that comply with the requirements of both Rule 26 and the district court's numerous, unequivocal court orders.[1] And even for these two witnesses, Defendants have never been granted the opportunity to adequately depose them based on these reports, much less depose Plaintiffs' other eight expert witnesses in the federal action. These depositions are necessary due to Plaintiffs' hide-the-ball strategy. For example, Defendants previously deposed Dr. Samuel Hammar on June 29, 2010. But during that deposition, Defendants learned that Plaintiffs had withheld Dr. Hammar's most recent report, which had been provided to Plaintiffs' counsel more than a year and a half earlier—in early November 2009. Subsequently, Defendants also discovered that Plaintiffs had withheld a 2008 supplemental report by another expert witness, Dr. William Salyer, which they had in their possession for more than two years. In light of the time that has passed since expert depositions were first taken in 2007, and the new factual information in the case (including information that only became available since Mr. Lyman succumbed to lung cancer in 2008), compounded by the fact that Plaintiffs withheld supplemental information, Defendants cannot merely rely on those prior 2007 depositions. For all of these reasons and as a direct result of Plaintiffs' discovery shenanigans, new depositions of Plaintiffs' experts are warranted.

However, Plaintiffs have not given Defendants an opportunity to take these depositions. Nor could Defendants have proceeded in any event because Plaintiffs have never provided Rule 26 compliant reports that would serve as the basis for the depositions. The

---

[1] Only the reports of Barry Ben-Zion and Samuel Hammar facially comply with Rule 26.

inherent unfairness of this situation is obvious. Defendants should not be compelled to try a case before discovery has been completed.

The potential injustice here is that, should this case be remanded to the transferor court at the present time, Defendants will be forced to confront the testimony of Plaintiffs' witnesses without having been afforded the opportunity to depose them on the basis of the full opinions they will offer at trial. Such remand would not only reward Plaintiffs for their substantial misconduct, but would almost certainly encourage similar behavior by attorneys in the thousands of other cases currently pending in the MDL. Further, because the disqualification of Plaintiffs' expert witnesses in this case will likely result in similar disqualifications in many other consolidated cases, it is critical that adequate discovery be conducted here. Accordingly, remand is inappropriate until such time that pretrial matters are complete and this case is ready for trial.

D. **Plaintiffs do not contradict Defendants' argument why remand is premature.**

The central argument presented in Defendants' motion to vacate is that remand is inappropriate at this time because significant issues regarding Plaintiffs' experts are still unresolved—issues that affect not just this case but potentially *hundreds* of cases remaining in the MDL. Plaintiffs simply ignore this important argument in opposing Defendants' motion to vacate.

The Panel "considers eliminating duplicate discovery in similar cases, avoiding conflicting judicial rulings, and conserving valuable judicial resources" to be among the sound reasons for proceeding in an MDL transferee court. Hon. John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2237 (2008). And it is only when the MDL court's "role under Section 1407 [has] ended" does remand to the transferor court promote the

purpose of the Act. *See In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

As asserted in Defendants' motion to vacate, Plaintiffs' counsel, Brayton Purcell, currently has over 200 cases pending in the MDL. In every single one of these cases, Plaintiffs have designated the same group of experts that they intend to use in this case. Furthermore, because this same cadre of experts is utilized by most other asbestos plaintiffs' firms, Defendants face these same experts in hundreds of other pending actions in the MDL brought by firms other than Brayton Purcell. In the last six years, not only have more than a dozen courts excluded or criticized the "any exposure" causation theory proffered by Plaintiffs' experts (*see e.g., Borg-Warner Corp. v. Flores*, 232 S.W.3d 765, 773-74 (Tex. 2007), but several courts have also rejected the testimony of Plaintiffs' own experts, including Dr. Samuel Hammar[2] and Mr. Kenneth Cohen.[3] Like Dr. Hammar and Mr. Cohen, the majority of Brayton's other experts have also been disqualified by numerous courts.[4]

---

[2] The expert testimony of Dr. Samuel Hammar on the "any exposure" theory was rejected in *Georgia-Pacific Corporation v. Stephens*, 239 S.W.3d 304, 320-21 (Tex. App. 2007) because he had "failed to show" that the "'any exposure' theory is generally accepted in the scientific community." Dr. Hammar's testimony was similarly rejected in two trials in Washington state presided over by two different judges. *See Free v. Ametek*, No. 07-2-04091-9 SEA, 2008 WL 728387, at *4 (Wash. Super. Ct. Feb. 28, 2008) and *Anderson v. Asbestos Corp.*, No. 05-2-04551-5 SEA, slip op. at 144-45 (Wash. Super. Ct. Oct. 31, 2006).

[3] More recently, the testimony of Plaintiffs' industrial hygienist, Kenneth Cohen, excluded by the Louisiana Supreme Court, five different California courts of appeals, and by Judge Robreno in a different asbestos case before the MDL. *See Walker v. Avondale Indus.*, 999 So. 2d 735 (La. 2009); *Fontes v. Interstate Brands Corp.*, No. B224722, 2011 WL 4937445 at *8 (Cal. Ct. App. 2011); *Andrews v. Foster Wheeler LLC*, 41 Cal. Rptr. 3d 229, 242 (Cal. Ct. App. 2006) (holding that the Cohen declaration lacked sufficient factual basis and offered virtually no explanation beyond the most general of statements about his work); *Short v. Sequoia Ventures, Inc.*, No. A121256, 2009 WL 1163841 at *5 (Cal. Ct. App. 2009); *De Maria v. American Hawaiian S.S. Co.*, No. A112176, 2006 WL 2037184 at *4 (Cal. Ct. App. 2006); *Davis v. M. Slayen & Associates, Inc.*, No. A112305, 2006 WL 2578925 at *3 (Cal. Ct. App. 2006) (affirming district court's exclusion of Cohen's testimony as "too speculative"); *Close v. General Elec. Co., et al.*, No. 2:09-CV-70107-ER, Order Granting Summary Judgment (Mar. 30, 2012) (Robreno, J.) (holding that Cohen's testimony "d[id] not meet the requirement of Federal Rule of Evidence 702(b), which requires that expert testimony be based on 'sufficient facts or data.'").

[4] *See, e.g., De Maria v. American Hawaiian S.S. Co.*, 2006 WL 2037184 at *4 (Cal. Ct. App. 2006) (excluding Charles Ay's testimony as "conjecture based upon inferences flowing from generalities"); *In re Armstrong World Industries, Inc.*, 285 B.R. 864, 871 (Bankr. D. Del. 2002) (excluding testimony of Dr. James Millette as being "based on nothing more than subjective belief and sheer speculation"); *Brooks v. Stone Architecture, P.A.*, 934 So. 2d 350, 355 (Miss. App. 2006) (rejecting testimony of Dr. Arnold Brody as insufficient

But in *this* case, Plaintiffs' actions have prevented Union Carbide and Montello from challenging these experts or preparing defenses based on their conclusions. Consequently, Defendants have been deprived of their rightful opportunity to exclude these experts' testimony on grounds similar to those relied upon in the cases cited above. Furthermore, the potential exclusion of these experts affects not just this case in particular, but also many other cases currently pending against Defendants in MDL 875. Because the exclusion of Plaintiffs' experts in the underlying case would likely result in dozens—if not hundreds—of similar exclusions, Plaintiffs' obstructionism in this regard has frustrated the very purpose for which coordinated pretrial proceedings in the MDL was ordered in the first place.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel vacate its Conditional Remand Order so that pretrial proceedings and discovery may be completed before the transferee court.

---

to defeat summary judgment because "he did not know who the [plaintiffs] were, nor had he reviewed any materials relating to them in any way"); *Fontes v. Interstate Brands Corp.*, No. B224722, 2011 WL 4937445 at *8 n.11 (Cal. Ct. App. 2011) (affirming trial court that rejected Richard Cohen's testimony in its entirety); *Glassman v. U.S.*, No. C 02-5154 PJH, 2005 WL 1692615 at *12 (N.D. Cal. 2005) (rejecting testimony of Barry Ben-Zion).

Respectfully submitted,

**BAKER BOTTS L.L.P.**

Dated: Wednesday, August 8, 2012

BY: _/s/ Andrew J. Yoder_
Andrew J. Yoder

**ATTORNEYS FOR DEFENDANT
UNION CARBIDE CORPORATION**

**HARTMAN, BLACKSTOCK & MOORE**

Dated: Wednesday, August 8, 2012

BY: _/s/ Molly J. Mrowka_
Molly J. Mrowka

**ATTORNEYS FOR DEFENDANT
MONTELLO, INC.**

...

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the following counsel of record, each of whom has consented to electronic service via the CM/ECF system, on the 8th day of August 2012:

Richard M. Grant
David R. Donadio
Kimberly J.W.J. Chu
Mary Elizabeth Pougiales
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169

Molly J. Mrowka
Hartman, Blackstock & Moore, PPC
182 Howard Street #414
San Francisco, CA  94105

Catherine Morris Krow
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105

_____
Andrew J. Yoder