**EXHIBIT C**

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

March 11, 2011

002696.A237

Andrew J. Yoder
TEL +1 713-229-1827
FAX +1 713-229-2827
drew.yoder@bakerbotts.com

BY EMAIL TO:
Kimberly J. Chu, Esq.
Frank J. Anders, Esq.
Andrew Chew, Esq.
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948–6169

Re: *Robert F. Lyman et al. v. Asbestos Defendants*, Before the U.S. District Court for the Northern District of California, Cause No. C-07-4240-SBA; consolidated for pre-trial matters before the United States District Court for the Eastern District of Pennsylvania, **Cause No. C 09-62999-ER (MDL-875)**.

Dear Kimberly,

I write because your disclosures of February 9, 2011, do not comply with Magistrate Rueter's Order of January 19, 2011, requiring that Plaintiffs provide supplemental expert witness reports for all those expert reports not in compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Your disclosures provided supplemental reports for only four of your eight witnesses: Charles Ay, Kenneth S. Cohen, Richard Cohen, M.D., and William Sayler, M.D. None of these reports comply with all, and most fail several, of the requirements of Rule 26. I am writing in hopes that we can work out some or all of the issues addressed below without involving the Court.

Rule 26(a)(2)(B) requires that expert witness reports contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming the opinions;
(iii) any exhibits that will be used to summarize or support the opinions;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

**BAKER BOTTS** LLP

Kimberly J. Chu, Esq.
Andrew Chew, Esq.                                    - 2 -                                    March 11, 2011
Frank Anders, Esq.

The supplemental report of Charles Ay fails to enclose either the "materials" referenced at pages 7-8 of his report that he relied upon in forming his opinions or the exhibits that will be used to summarize or support his opinions. Specifically, I note that there is no data supplied for Mr. Ay's opinion that the asbestos drilling mud product to which Mr. Lyman claims he was exposed was made by Union Carbide or distributed by Montello.

Similarly, Richard Cohen's supplemental report neither includes the bibliography of data that he references on page 4 as the basis for his opinion nor the exhibits that he notes he will be using at trial on page 7. Likewise, Kenneth Cohen's supplement report fails to include the "information" he references on page 1 as the basis of his opinions as well as the exhibits he explains that he will use at trial on page 4. Finally, William Sayler's report neither provides the medical records and pathology materials he references at page 1 nor any exhibits that he might use at trial. All four of these reports are therefore deficient and violate the requirements of Rule 26.

Further, despite being explicitly required by Magistrate Rueter's Order of January 19, 2011, to supplement all deficient expert reports within 21 days, Plaintiffs have failed to provide *any* supplemental disclosures for Drs. Arnold Brody and Daniel Raybin. What's more, your pledge to supplement the lists of previously provided trial testimony for expert witnesses "as additional information becomes available" fails entirely to comport with the Magistrate's Order. Plaintiffs were required to turn over all of this information within 21 days—*not* whatever they had whenever they could get around to it.

The Amended Scheduling Order in this case required that Plaintiffs complete and serve all economic and medical causation reports by March 2, 2010. Instead, more than a full year after this date, and despite two further court orders that Plaintiffs comply with the requirements of Rule 26(a)(B)(2), Plaintiffs have still not met their basic obligations under the Federal discovery rules to provide Defendants with adequate expert reports. As Plaintiffs are aware, without complete expert reports, we cannot prepare for trial.

Plaintiffs are currently in violation of Judge Rueter's January 19th Order, a deficiency that I request you correct by providing all the required disclosures pursuant to Rule 26 for *all* expert witnesses. If we have not received compliant reports from you by March 21, 2011, we will be forced to amend our motion currently in front of Judge Robreno for the exclusion of your expert witnesses.

I look forward to hearing from you prior to next Monday and to wrapping up the discovery issues in this case. Thanks in advance for your cooperation.

Sincerely yours,

*Drew Yoder*

Andrew J. Yoder

HOU02:1222280.1

**BAKER BOTTS** LLP

Kimberly J. Chu, Esq.
Andrew Chew, Esq.                          - 3 -                          March 11, 2011
Frank Anders, Esq.

cc:    Molly Mrowka, counsel for Montello, Inc.
       [via email]

       Catherine Morris Krow
       Nikka N. Rapkin, counsel for Union Carbide Corporation
       [via email]

HOU02:1222280.1