UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

    Patricia Coach v. Armstrong International Inc., et al.,    )
        S.D. New York, C.A. No. 1:12-03611    )    MDL No. 875

**TRANSFER ORDER**

    **Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff in this action moves to vacate our order conditionally transferring the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants CBS Corporation, Foster Wheeler Energy Corporation, and General Electric Company oppose the motion.

    In her motion to vacate, plaintiff argues that the Southern District of New York court should be allowed to rule on her pending motion for remand to state court. As we have often held, however, the pendency of a remand motion is generally not a sufficient reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

    Plaintiff also cites serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

    After considering all argument of counsel, we find that this action involves common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products.[1] *See In re Asbestos Prods.*

---

    [*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

    [1] In December of last year, we adopted the transferee judge's suggestion that, subject to certain

(continued...)

*Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). This action is an asbestos personal injury suit, and clearly falls within the MDL's ambit.

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Barbara S. Jones |
| Paul G. Barbadoro | Charles R. Breyer |

---

[1](...continued)
limited exceptions, we cease transferring new tag-along actions to this docket. *See In re: Asbestos Prods. Liab. Litig.*, 830 F. Supp. 2d 1377, 1377 (J.P.M.L. 2011). This action falls within one of those exceptions. *See id.* at n.1.