18BC,MEDIATION

# U.S. District Court
## North Carolina Middle District (NCMD)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00688-TDS-JEP
## Internal Use Only

TAYLOR v. NORFOLK SOUTHERN RAILWAY COMPANY

Assigned to: JUDGE THOMAS D. SCHROEDER
Referred to: MAG/JUDGE JOI ELIZABETH PEAKE
Related Case: 1:11-cv-00283-TDS-PTS
Case in other court: Rowan County Superior Court, 12 CVS 1513
Cause: 28:1332 Diversity-Wrongful Death

Date Filed: 07/09/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**RICHARD ERIC TAYLOR**
*INDIVIDUALLY AND AS EXECUTOR FOR THE ESTATE OF DIANE GRUBB TAYLOR*

represented by **WILLIAM MARC GRAHAM**
WALLACE AND GRAHAM, P.A.
525 N. MAIN ST.
SALISBURY, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NORFOLK SOUTHERN RAILWAY COMPANY**
*INDIVIDUALLY AND AS SUCCESSOR TO SOUTHERN RAILWAY COMPANY, A VIRGINIA CORPORATION*

represented by **JOHN S. BUFORD**
BROOKS PIERCE MCLENDON
HUMPHREY & LEONARD, LLP
POB 26000
GREENSBORO, NC 27420-6000
336-271-3156
Fax: 336-232-9156
Email: jbuford@brookspierce.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2012 | 1 | PETITION FOR REMOVAL from Rowan County Superior Court, case number 12 CVS 1513. Filing fee $ 350 receipt number 0418-1144179, filed by NORFOLK SOUTHERN RAILWAY COMPANY. (Attachments: # 1 Exhibit A (Summons & Complaint)) (BUFORD, |

| | | | |
|---|---|---|---|
| | | | JOHN) (Entered: 07/09/2012) |
| 07/09/2012 | | 2 | MOTION to Dismiss by NORFOLK SOUTHERN RAILWAY COMPANY. Responses due by 8/2/2012 (Attachments: # 1 Exhibit 1 (2010 Complaint), # 2 Exhibit 2 (Conditional Transfer Order), # 3 Exhibit 3 (Order Dismissing Case))(BUFORD, JOHN) (Entered: 07/09/2012) |
| 07/09/2012 | | 3 | BRIEF IN SUPPORT OF 2 MOTION to Dismiss filed by NORFOLK SOUTHERN RAILWAY COMPANY. (BUFORD, JOHN) Modified on 7/11/2012 to remove duplicate text. (Lloyd, Donna) (Entered: 07/09/2012) |
| 07/09/2012 | | 4 | MOTION for Refund of Fees Paid Electronically by NORFOLK SOUTHERN RAILWAY COMPANY. (BUFORD, JOHN) (Entered: 07/09/2012) |
| 07/10/2012 | | 5 | COMPLAINT against NORFOLK SOUTHERN RAILWAY COMPANY, filed by RICHARD ERIC TAYLOR. (State Court document filed in Rowan county Superior Court, Case number 12CVS1513, listed as Exhibit A in the Petition for Removal) (Garland, Leah) (Entered: 07/10/2012) |
| 07/10/2012 | | 6 | Summons Issued as to NORFOLK SOUTHERN RAILWAY COMPANY. (State Court document filed in Rowan County Superior Court, Case number 12CVS1513, issued 6/8/2012, listed as Exhibit A in the Petition for Removal) (Garland, Leah) (Entered: 07/10/2012) |
| 07/10/2012 | | 7 | Notice of Right to Consent. (Garland, Leah) (Entered: 07/10/2012) |
| 07/10/2012 | | | (Court only) Motion terminated re: 4 MOTION for Refund of Fees Paid Electronically filed by NORFOLK SOUTHERN RAILWAY COMPANY, duplicate payment refunded by Finance Department. (Garland, Leah) (Entered: 07/10/2012) |
| 07/11/2012 | | | Case ASSIGNED to JUDGE THOMAS D. SCHROEDER and MAG/JUDGE JOI ELIZABETH PEAKE. (Garland, Leah) (Entered: 07/11/2012) |
| 07/11/2012 | | | (Court only) Set Magistrate Judge Flag as to Judge Joi Elizabeth Peake. (Garland, Leah) (Entered: 07/11/2012) |
| 07/11/2012 | | | CASE REFERRED to Mediation pursuant to Local Rule 83.9b of the Rules of Practice and Procedure of this Court. Please go to our website under Attorney Information for a list of mediators which must be served on all parties. (Garland, Leah) (Entered: 07/11/2012) |
| 08/10/2012 | | | Motions Submitted: 2 MOTION to Dismiss to JUDGE THOMAS D. SCHROEDER- (Solomon, Dianne) (Entered: 08/10/2012) |
| 08/13/2012 | | 8 | NOTICE by RICHARD ERIC TAYLOR *of Tag-Along Action* (Attachments: # 1 Exhibit JPML Order)(GRAHAM, WILLIAM) (Entered: 08/13/2012) |
| 08/13/2012 | | | Motions No Longer Submitted 2 MOTION to Dismiss (Solomon, Dianne) (Entered: 08/13/2012) |
| | | | |

| 08/13/2012 | 🔒 | 9 | (Court only) NOTICE of Electronic Mailing MDL Tag-Along Letter, Complaint, and docket sheet in paper form from the Clerk's Office to the Judicial Panel on Multiditrict Litigation.(Taylor, Abby) (Entered: 08/13/2012) |

Exhibit A

STATE OF NORTH CAROLINA

**File No.**
12-cvs- 1513

ROWAN      County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| *Name of Plaintiff*<br>RICHARD ERIC TAYLOR, individually and as Executor for the Estate of Diane Grubb Taylor | |
| *Address* | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Matthews, North Carolina | ☐ ALIAS AND PLURIES SUMMONS |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name of Defendant(s)*<br>NORFOLK SOUTHERN RAILWAY COMPANY, Individually and as Successor to Southern Railway Company, A Virginia Corporation | *Date Summons Last Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name and Address of Defendant 1*<br>**NORFOLK SOUTHERN RAILWAY COMPANY**<br>c/o Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, NC 27603 | *Name and Address of Defendant 2* |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing it to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name and Address of Plaintiff's Attorney ( If none, Address of Plaintiff)*<br>William M. Graham, Esq.<br>Wallace and Graham, PA<br>525 N. Main Street<br>Salisbury, NC  28144 | *Date Issued*<br>June 8, 2012  *Time* 12:49 ☐ AM ☒ PM<br>*Signature*<br><br>☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court |

| | |
|---|---|
| ☐ ENDORSEMENT<br>This summons was originally issued on the date indicated above and returned not served.  At the request of the plaintiff, the time within which this summons must be served is extended sixty (60) days. | *Date Issued*  *Time* ☐ AM ☐ PM<br>*Signature*<br><br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01                                          (Over)
© 2001 Administrative Office of the Courts

| RETURN OF SERVICE |
|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## Defendant 1

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## Defendant 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid<br>$ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type Or Print) |
| Date of Return | County Of Sheriff |

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

FILED

**NORTH CAROLINA**

2012 IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

**ROWAN COUNTY**

ROWAN COUNTY, C.S.C.

BY.

RICHARD ERIC TAYLOR,
Individually and as Executor for the Estate
of DIANE GRUBB TAYLOR,

        Plaintiff,

   v.

NORFOLK SOUTHERN
RAILWAY COMPANY,
Individually and as Successor to
Southern Railway Company,
A Virginia Corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
Jury trial Demanded

Case No. 12 CVS 1513

---

   Plaintiff, Richard Eric Taylor, individually and as Executor for the Estate of Diane Grubb Taylor, by and through counsel of record, alleges and will unto this Honorable court as follows:

   1.  The Plaintiff Richard Eric Taylor is a citizen and resident of Matthews, North Carolina.

   2.  Plaintiff Richard Eric Taylor was born on January 6, 1943, he is 69 years old.

   3.  Plaintiff's Decedent Diane Grubb Taylor was born on April 29, 1945 and died on April 24, 2011.  On May 5, 2011, Richard Eric Taylor, was appointed Executor of the Estate of Diane Grubb Taylor by the Superior Court of Mecklenburg County, State of North Carolina.

   4.  Defendant NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "Defendant"), successor-in-interest to the Southern Railway Company, is a corporation organized and existing under the laws of various states, and which is and was, at all times relevant hereto,

engaged in interstate commerce in and throughout the several states of the United States as a common carrier by rail; and for the purpose hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business in and about Spencer, North Carolina.

5.     PLAINTIFF Decedent's father, Sherley Robert Grubb, was employed by Defendant from 1951 to 1959.

6.     Defendant owned or operated worksites in North Carolina, at which PLAINTIFF Decedent's father worked, or entered for purposes of work, and in which he and Decedent were exposed to asbestos containing materials.

7.     Defendant knew, or should have known, at all times relevant hereto that exposure to asbestos was a known risk factor in the development of potentially fatal lung disease.

8.     PLAINTIFF'S Decedent was exposed to asbestos: (1) while visiting Defendant's premises during and after her father's employment; and (2) through asbestos taken home on her father's work clothes and vehicle.

9.     PLAINTIFF'S Decedent was diagnosed with malignant mesothelioma, a fatal disease caused solely by exposure to asbestos, in the month of June 2010.

10.     Venue is proper in Mecklenburg County, North Carolina, in that the acts or omissions giving rise to this cause of action all occurred in the State of North Carolina.   The Plaintiff is a North Carolina citizen and resident.   Defendant does substantial business and has facilities within the State of North Carolina, in Rowan, Mecklenburg and other counties in North Carolina.

11.     At all times mentioned herein, Defendant acted through its duly authorized agents, servants, and employees who were at all times relevant herein acting within the scope and course of their employment.

12.     The Plaintiff does not assert a claim against Defendant as being a manufacturer of asbestos-containing products. The Plaintiff only asserts his claims for Decedent's for household exposure and premises liability.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

13.     The factual and jurisdictional allegations of Paragraphs one (1) through twelve (12) are realleged and incorporated herein as if restated verbatim.         ·

14.     Decedent was exposed to asbestos materials on Defendant's premises and through its use of asbestos containing materials which she came in contact with off premises. As a result, Decedent developed the asbestos cancer known as mesothelioma.

15.     Defendant knew, or should have known, that Decedent, or others similarly situated, would come in contact with the asbestos containing products for which they may be liable.

16.     Defendant knew, or should have known, that Decedent, or others similarly situated, would be in danger of developing fatal asbestos diseases such as the asbestos cancer known as mesothelioma as a result of such exposure.

17.     Defendant either negligently created the condition causing the injury or negligently failed to correct the condition after actual or constructive notice of its existence. Further, Defendant was negligent in one, some or all of the following respects, and such negligence was a direct and proximate cause of Defendant's injuries, disabilities and death:

a.  In failing to furnish Decedent or her father, and others similarly situated, with safe and suitable tools and equipment, including adequate protective masks or protective inhalation devices;

b.  In failing to warn Decedent or her father, and others similarly situated, of the true nature and hazardous effects of the asbestos to which they were exposed;

c.  In failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

d.  In failing to test asbestos-containing products prior to requiring employees to work with same, to determine their hazardous nature;

e.  In continuing to use asbestos_products when Defendant knew, or should have known, that such products caused injuries or death. in those persons exposed to asbestos materials;

f.  In failing to formulate and implement instructions and a safe method of handling asbestos;

g.  In failing to provide Decedent's father a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions, thus increasing the risk that Decedent would be exposed to asbestos dust;

h.  In failing to provide Decedent or her father, and others similarly situated, with safe and proper ventilation systems in the relevant facility;

i.  In failing to exercise reasonable care in publishing and enforcing a safety plan and method of working with or around asbestos;

j.  In requiring employees to work with hazardous products or materials;

k.  In failing to exercise adequate, if any, care for the health and safety of individuals on its premises, including the Decedent or her father, and others similarly situated;

l.  In failing to periodically test and examine Decedent or her father, and others similarly situated, to determine if he was subject to any ill effects of his exposure to asbestos;

m. In allowing excessive dust from asbestos to exist and accumulate on its premises;

n.  In failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and its effect on Decedent or her father, and others similarly situated;

o. In failing to conduct air monitoring to determine fiber release or levels of respirable asbestos;

p. In failing to adequately warn Decedent's father and Decedent of the inherent dangers of asbestos contamination;

q. In allowing the children of employees to enter the premises to visit their parents on a regular and continuing basis;

r. In allowing the residents of East Spencer to regularly and repeatedly transit the Rail yard without providing warnings or other protections from exposure to asbestos; and

s. On such other and further particulars as the evidence may show.

18. At all times relevant hereto, it was feasible for Defendant to have adequately warned Decedent of and protected Decedent from the dangers associated with asbestos exposure.

19. Defendant's negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was a direct and proximate cause of Decedent's illness and, as a result, Decedent suffered damages in the form of medical expenses, pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

20. **WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

21.     The factual and jurisdictional allegation of Paragraphs one (1) through twenty (20) are realleged and incorporated herein as if restated verbatim.

22.     Defendant either owned or controlled real property which Decedent and her father lawfully entered.

23.     Defendant owed Decedent and her father the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils, unsafe conditions and foreseeable hazards insofar as they can be ascertained by reasonable inspection and supervision.

24.     Defendant breached its duty in the following manners:

    a.  Defendant failed to restrict the use of asbestos products on its premises even after Defendant knew or should have known of the dangers associated with exposure to airborne asbestos fibers;

    b.  Defendant knew, or with the exercise of reasonable care should have known, of the dangers associated with exposure to airborne asbestos fibers created by the sawing, cutting, application and other use of asbestos products, and by the removal and repair of existing asbestos materials;

    c.  Defendant failed to take reasonable precautions or exercise due care to warn Decedent or her father of the danger of asbestos to which she was exposed;

    d.  Defendant failed to provide Decedent or her father with protective equipment and clothing to protect them from exposure to asbestos fibers;

    e.  The maintenance, installation, placement, repair and removal of asbestos materials in the Defendant's facilities created an unreasonable risk of harm;

    f.  Defendant failed to adequately inspect and supervise the use of asbestos materials by its employees and contractors;

    g.  Defendant failed to protect Decedent or her father, and others similarly situated, from the hidden hazards of asbestos;

    h.  Defendant failed to institute reasonable industrial hygiene practices on its property;

      i.   In failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos and its effect on Decedent or her father, and others similarly situated; and

      j.   On such other and further particulars as the evidence may show.

25.     During the course of Decedent's life, Decedent legally entered Defendant's property on a regular basis where her father worked, and with full knowledge of the Defendant she and other children visited their parents and transited the rail yard which was actively using and contaminated with asbestos-containing materials.

26.     As a direct and proximate consequence of the actions of Defendant, Decedent was exposed to asbestos materials resulting from their ordinary and foreseeable use.

27.     Defendant exposed Decedent and her father to asbestos-containing products when it knew, or it should have been reasonably foreseeable that these individuals would be injuriously exposed to those asbestos-containing materials.

28.     Decedent's illness was a direct and proximate result of Defendant's breach of duty to Decedent which caused Decedent to suffer damages in the form of medical, pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

29.     **WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## TAKE HOME EXPOSURE

30.    The factual and jurisdictional allegation of Paragraphs one (1) through twenty nine (29) are realleged and incorporated herein as if restated verbatim.

31.    Decedent was exposed to asbestos material through exposure to the work clothes, vehicles, and residence of her father, and those similarly situated, which were contaminated with asbestos fibers originating in his workplace.

32.    Defendant owed a duty to Decedent to exercise reasonable care in protecting her father and his family members from asbestos exposure as Defendant knew, or should have known, that Decedent, or others similarly situated, would be in danger of developing fatal asbestos diseases such as the asbestos cancer known as mesothelioma as a result of such exposure.

33.    Defendant breached this duty as alleged in the FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION herein.

34.    The breach of Defendant's duties to Decedent or her father, and others similarly situated, was a direct and proximate cause of Decedent's contraction of mesothelioma and resultant injuries, illnesses, disabilities, and other damages as can be identified at a trial of this action.

35.    **WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

## GROSS NEGLIGENCE—WILLFUL, WANTON, AND RECKLESS CONDUCT

36.     The factual and jurisdictional allegation of Paragraphs one (1) through thirty-five (35) are realleged and incorporated herein as if restated verbatim.

37.     Plaintiff's Decedent's father and others in his position worked with or in close proximity to asbestos materials on Defendant's property, and the exposure and hazard to each of them, in Plaintiff's Decedent's and her father's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated by the Defendant.

38.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff's Decedent and her father, and others in his position, and prompted by pecuniary motives, the Defendant ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products on Defendant's property.

39.     The Defendant intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff's Decedent and her father the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, and avoiding further dust exposure. Specifically, Defendant's intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(c)    rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(d)    The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

40.    The actions and inactions of Defendant, as specifically alleged herein, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct or malice causing substantial harm resulting in damages, illnesses, disabilities and injuries to Decedent. More specifically, Defendant and its predecessors-in-interest acted with a conscious and flagrant disregard for the rights and safety of Decedent or deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to Decedent and Defendant should be held liable in punitive and exemplary damages to Plaintiff.

41.    **WHEREFORE**, Plaintiff demands judgment against Defendant for punitive and exemplary damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

42.    The factual and jurisdictional allegations of Paragraphs one (1) through forty-one (41) are realleged and incorporated herein as if restated verbatim.

43.    Plaintiff RICHARD ERIC TAYLOR was the spouse of Decedent, Diane Grubb Taylor.

44.    Due to the wrongful and tortuous acts of Defendant, Plaintiff RICHARD ERIC TAYLOR has suffered pecuniary loss due to the loss of services of his wife, Decedent.

45.    Plaintiff RICHARD ERIC TAYLOR has suffered and will continue to suffer in the future, damages including loss of affection, society, comfort, support, consortium, companionship and the protection of his wife.

46.    Defendant's wrongful conduct, alleged above, was a direct and proximate cause of the damages suffered by Plaintiff RICHARD ERIC TAYLOR.

47.    **WHEREFORE**, Plaintiff RICHARD ERIC TAYLOR demands judgment against Defendant for compensatory damages in the amount in excess of Ten Thousand Dollars ($10,000), for punitive and exemplary damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Plaintiff's Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### Wrongful Death Action Pursuant to N.C. Gen. Stat. § 28A-18-2

48.    The factual and jurisdictional allegations of Paragraphs one (1) through forty seven (47) are realleged and incorporated herein as if repeated verbatim.

49.    Defendants owed to Decedent a duty of reasonable care to not expose her to the dangers of exposure to asbestos containing materials at the Defendant's site in Spencer, North Carolina.

50.     Defendants breached that duty of care by negligently, grossly negligently, willfully, wantonly, and/or recklessly exposing Diane Grubb Taylor to asbestos containing materials.

51.     Defendants' actions and omissions were the direct and proximate cause of the personal injuries suffered by Diane Grubb Taylor immediately preceding her death, including without limitation all physical injuries, pain and suffering, mental and emotional anguish and distress, and knowledge of impending death.

52.     Defendant's actions and omissions were the direct and proximate cause of excruciating conscious pain and suffering experienced by Diane Grubb Taylor immediately preceding her death.

53.     Defendant's actions and omissions were a direct and proximate cause of mental and emotional anguish and distress, and knowledge of impending death felt by Diane Grubb Taylor.

54.     Defendant's actions were a direct and proximate cause of the wrongful death of the decedent, Diane Grubb Taylor.

55.     At the time of her death, the Decedent was 66 years old, and could have expected to live a full, fruitful and meaningful life, and could have been expected to provide substantial service, protection, and care to her family as well as security, companionship, guidance, kindly offices and advice, income and support.

56.     As a result of the Decedent's death, Plaintiff has been deprived of this income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

57.     This action is brought under § 28A-18-2 of the North Carolina General Statutes, and is a claim for damages arising from the wrongful death of the Decedent, including the following:(a) Expenses for care, treatment and hospitalization incident to the injury resulting in death; (b) Compensation for the pain and suffering of the Decedent; (c) The funeral expenses of the Decedent; (d) The present monetary value of the Decedent to the persons entitled to receive the damages recovered, including without limitation compensation for loss of the reasonably expected: (1) Net income of the Decedent; (2) Services, protection, care and assistance of the Decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered; (3) Society, companionship, comfort, guidance, kindly offices and advice of the Decedent to the persons entitled to the damages recovered.

58.     As a result of the wrongful death of the Decedent, which was directly and proximately caused by Defendant's actions as described above, Plaintiff, as Executor of the Decedent's Estate, is entitled to receive damages in an amount **in excess** of $10,000.

59.     Defendants are jointly and severally liable to Plaintiff, RICHARD ERIC TAYLOR, Executor of the Estate of Diane Grubb Taylor, deceased, for the acts and/or omissions that lead to the personal injuries, suffering and wrongful death of Diane Grubb Taylor.

**WHEREFORE**, Plaintiff RICHARD ERIC TAYLOR demands judgment against Defendant for compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000), for punitive and exemplary damages in an amount in excess of Ten Thousand Dollars ($10,000), for lost wages, for costs expended herein, for prejudgment interest from the date of Decedent's exposure to asbestos, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, as the Court may deem just and proper.

## JURY DEMAND

**WHEREFORE**, Plaintiff respectfully requests that their claim against Defendant be tried

before a jury.

This the _8th_ day of June, 2012.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS**

**WALLACE & GRAHAM, P.A.**
Mona Lisa Wallace (NC Bar No. 9021)
William M. Graham (NC Bar No. 17972)
525 N. Main Street
Salisbury, NC 28144
(714) 633-5244

**MOTLEY RICE LLC**
Anne McGinness Kearse
John E. Guerry, III
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:12-CV-688**

| | |
|---|---|
| **RICHARD ERIC TAYLOR, individually and as Executor for the Estate of Diane Grubb Taylor,** | |
| **Plaintiff,** | |
| **v.** | **NOTICE OF REMOVAL** |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | |
| **Defendant.** | |

PLEASE TAKE NOTICE that Defendant Norfolk Southern Railway Company ("NSRC") hereby removes this matter to this Court from the Mecklenburg County Superior Court pursuant to 28 U.S.C. § 1446. As grounds for this removal, NSRC states the following:

1.      Plaintiff instituted this action in the Rowan County Superior Court by causing a summons to be issued and a complaint to be filed on June 8, 2012. The matter was assigned file number 12 CVS 1513.

2.      NSRC, the sole defendant in this action, was served with the summons and complaint on June 13, 2012. No further proceedings concerning this defendant have taken place in the state court action.

3.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty days from the date on which NSRC first received the summons and complaint.

4.      The complaint alleges that Plaintiff is an individual and a citizen of the State of North Carolina.  Compl. ¶ 1.

5.      NSRC is a corporation organized and existing under the laws of the Commonwealth of Virginia and has its principal place of business in the City of Norfolk, Virginia.  For purposes of diversity jurisdiction, NSRC therefore is a Virginia resident.

6.      Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  In the Complaint, Plaintiff alleges that his decedent, Diane Grubb Taylor, developed malignant mesothelioma as a result of exposure to asbestos on or about the property of Norfolk Southern.  Compl. ¶¶ 8-9. Plaintiff seeks a range of damages, including pecuniary loss due to the loss of services of his wife, lost income, medical expenses, funeral expenses, pain and suffering, and extreme emotional distress.  *Id.* ¶ 19.  Plaintiff also seeks punitive damages.  *Id.* ¶¶ 40-41. Although Norfolk Southern denies any wrongdoing, the allegations of injuries and damages sought in the complaint are substantial and similar to other actions in which other plaintiffs have sought and recovered damages in excess of $75,000.00.

7.      The Rowan County Superior Court lies within this Court's judicial district.

8.      This Court had original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  As a result, this Court now has jurisdiction pursuant to 28 U.S.C. § 1441.

2

9.      The only pleadings or process received by this Defendant to date are the summons and complaint attached hereto as Exhibit A.  Defendant has filed no pleadings or motions in this matter before removal.

10.      As required by 28 U.S.C. § 1446, NSRC will give notice to the Rowan County Superior Court of the removal of this matter to this Court.

11.      NSRC submits this notice of removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.   NSRC specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

WHEREFORE, NSRC prays the Court exercise jurisdiction over this matter and permit the matter to proceed henceforth before this Court.

3

Respectfully submitted this 9th day of July, 2012.

/s/  John S. Buford
Reid L. Phillips
N.C. Bar No. 7968
rphillips@brookspierce.com
John S. Buford
N.C. Bar No. 28455
jbuford@brookspierce.com
BROOKS, PIERCE, McLENDON,
   HUMPRHEY & LEONARD, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
Fax: (336) 378-1001
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon all parties to this action by depositing a copy of the same in the United States Mail, first-class postage prepaid, addressed to the following:

Mona Lisa Wallace
William M. Graham
Wallace & Graham, P.A.
525 N. Main St.
Salisbury, NC 28144

Anne McGinness Kearse
John E. Guerry III
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

*Attorneys for Plaintiffs*

This the 9th day of July, 2012.

/s/  John S. Buford
John S. Buford