EFILE

## U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:12-cv-01187-MRK

| | |
|---|---|
| Coats v. Duncan Enterprises, Inc et al | Date Filed: 08/14/2012 |
| Assigned to: Judge Mark R. Kravitz | Jury Demand: Defendant |
| Demand: $15,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1442 Notice of Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Roberts Coats**
*Executor For The Estate of April Coats*
*Personally*

V.

**Defendant**

**Duncan Enterprises, Inc**
*formerly known as*
Duncan Ceramic Products, Inc.

**Defendant**

**Edward Orton Jr. Cermaic Foundations**

**Defendant**

**Electric Boat Corporation**    represented by   **Erik C. DiMarco**
Wilson, Elser, Moskowitz, Edelman & Dicker - 42nd NY
150 East 42Nd St.
New York, NY 10017-5639
212-490-3000 x2126
Fax: 212-490-3038
Email: erik.dimarco@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Gare, Inc.

**Defendant**

Paragon Industries, Inc

**Defendant**

Paragon Industries, L.P.

**Defendant**

R.T. Vanderbilt Company, Inc.

**Defendant**

Union Carbide Corp

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/2012 | 1 | NOTICE OF REMOVAL by Electric Boat Corporation from Superior Court, Judicial District of Fairfield at Bridgeport CT, case number FBT-CV-126026692-S., filed by Electric Boat Corporation. (Attachments: # 1 Exhibit A- Complaint, # 2 Exhibit B- Affidavit of John B. Padgett III, # 3 Exhibit C- Affidavit of Roger B Horne, Jr. Part I, # 4 Affidavit of Roger B. Horne, Jr. Part II, # 5 Roger B. Horne, Jr. Part III, # 6 Exhibit D- Beckwith, # 7 Exhibit E- Boston, # 8 Civil Cover Sheet)(Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | | Filing fee received from Wilson, Elser, Moskowitz, Edelman & Dicker: $ 350.00, receipt number CTXB00002248 (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 2 | Order on Pretrial Deadlines: Motions to Dismiss due on 11/14/12. Amended Pleadings due by 10/13/2012 Discovery due by 2/13/2013 Dispositive Motions due by 3/15/2013. Signed by Clerk on 8/14/2012. (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 3 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Mark R. Kravitz on 8/14/2012. (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 4 | NOTICE of Appearance by Erik C. DiMarco on behalf of Electric Boat Corporation (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 5 | DEMAND for Trial by Jury by Electric Boat Corporation. (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 6 | STATEMENT IN REMOVED CASES by Electric Boat Corporation (Payton, R.) (Entered: 08/15/2012) |
| 08/14/2012 | 7 | NOTICE OF PENDING MOTIONS by Electric Boat Corporation (Payton, R.) (Entered: 08/15/2012) |
| 08/15/2012 | 8 | NOTICE TO COUNSEL REGARDING LOCAL RULE 83.1 ADMISSION OF ATTORNEYS (Payton, R.) (Entered: 08/15/2012) |
| 08/15/2012 | 9 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 8 Notice (Other), 1 Notice of Removal,, filed by Electric Boat Corporation, 3 Electronic Filing Order, 7 Notice (Other) filed by Electric Boat Corporation, 6 Notice (Other) filed by Electric Boat Corporation, 5 Jury Demand filed by Electric Boat Corporation, 2 Order on Pretrial Deadlines, 4 Notice of Appearance filed by Electric Boat Corporation. Signed by Clerk on 8/15/2012. (Attachments: # 1 Removal Standing Order)(Payton, R.) (Entered: 08/15/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/20/2012 07:37:04 | | | |
| PACER Login: | we2275 | Client Code: | 07411.00064 1014 |
| Description: | Docket Report | Search Criteria: | 3:12-cv-01187-MRK |
| Billable Pages: | 2 | Cost: | 0.20 |

IN THE SUPERIOR COURT OF THE STATE OF CONNECTICUT

| | |
|---|---|
| Return Date: ) | |
| ) | |
| ROBERT COATS, Executor For The Estate ) | |
| of April Coats Personally, ) | SUPERIOR COURT |
| ) | |
| Plaintiff, ) | J.D. OF FAIRFIELD |
| ) | |
| v. ) | AT BRIDGEPORT |
| ) | |
| DUNCAN ENTERPRISES, INC. (f/k/a ) | |
| DUNCAN CERAMIC PRODUCTS, ) | |
| INC.) ) | |
| EDWARD ORTON JR CERAMIC ) | |
| FOUNDATIONS ) | |
| ELECTRIC BOAT CORPORATION ) | |
| GARE, INC. ) | |
| PARAGON INDUSTRIES, INC. ) | |
| **PARAGON INDUSTRIES, L.P.** ) | |
| R.T. VANDERBILT COMPANY, INC. ) | |
| **UNION CARBIDE CORPORATION** ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## FIRST AMENDED COMPLAINT

CLAIM ON BEHALF OF THE ESTATE OF APRIL COATS PERSONALLY

FIRST COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY ON BEHALF OF THE ESTATE OF APRIL COATS FOR PERSONAL INJURIES, WRONGFUL DEATH AND DAMAGES.

1. The Plaintiff, ROBERT COATS, has been appointed Executor of the Estate of APRIL COATS by the Court of Probate, District of Norwich, State of Connecticut. At all relevant times, ROBERT COATS was the spouse of APRIL COATS.

1

2. The decedent, APRIL COATS, at all relevant times, was employed as a secretary and assembly line worker at General Dynamics. Her husband ROBERT COATS, at all relevant times was, and is a rigger at General Dynamics. April Coats was employed and worked with her family's Kiln and Ceramic Manufacturing business, which was located in April Coats' home. Plaintiff currently resides in Voluntown, Connecticut. The Decedent, Plaintiff and Decedent's friends and family members were employed as laborers, operators, kiln workers, ceramic workers, and mechanics. The Decedent, Plaintiff and Decedent's friends and family members would, on many occasions, work with and around asbestos and asbestos-containing products. Dust created by working with and around asbestos and asbestos-containing products would permeate the person and clothing of the Decedent, Plaintiff, and Plaintiff's friends and family members. This dust contained asbestos fiber. The Decedent, Plaintiff and Decedent's friends and family members would carry this asbestos dust on his/her person and clothing home, or decedent was exposed at her home during the operation of the family's Kiln and Ceramic Manufacturing business, with him/her where it would become airborne again. The Decedent would be repeatedly exposed to this asbestos dust from her, and her friends and family members' person and clothing

2a. Duncan Enterprises, ~~LLC.~~ **Inc.,** is a ~~Connecticut~~ California Corporation, **that does business in the state of Connecticut** with a registered agent for service located at ~~765 Silvermine Road, New Canaan, CT, 06840,~~ 5673 E. Shields Avenue, Fresno, CA 93727.

2b. Edward Orton Jr. Ceramic Foundation is an Ohio corporation that does business in the State of Connecticut with a principal place of business at 6991 Old 3C Highway, Westerville, OH 43082.

2c. Electric Boat Corporation is a Delaware corporation that does business in the State of Connecticut with a principal place of business at 75 Eastern Point Road, Groton, CT,

06340. Its agent for service is CT Corporation System, One Corporate Center, Hartford, CT, 06103.

2d.   Gare, Inc. is a Delaware corporation that does business in the State of Connecticut with a principal place of business in Delaware. Its agent for service is CT Corporation System, One Corporate Center, Hartford, CT, 06103.

2e.   Paragon Industries, Inc., is a California corporation that does business in the State of Connecticut with a principal place of business at 4285 N. Golden State Blvd, Fresno, CA 93722.

**2f.   Paragon Industries, L.P., is a Texas corporation that does business in the State of Connecticut with a principal place of business at John Sanford Hohenshelt, 2011 Southtown East Blvd., Mequite, TX 75149.**

2g.   R.T. Vanderbilt Company, Inc., is a New York Corporation that does business in the State of Connecticut with a Principal Place of Business located at 30 Winfield Street, Norwalk CT, 06855.

**2h. Union Carbide Corporation is a New York Corporation that does business in the State of Connecticut with a Registered Agent for Service located at CT CORPORATION SYSTEM, 111 Eighth Avenue, New York, NY 10011.**

3.   The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendants)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4.   The Defendants listed in paragraphs 2a through 2h were either in the business of

manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5. During the Decedent's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6. The illnesses of the Decedent are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Decedent's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7. The disability, injuries, and illness of the Decedent are the direct and proximate result

of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products deleterious, poisonous and highly harmful to the Decedent's body, lung, respiratory system skin and health, the Defendants nonetheless:

7a. Failed to advise the Decedent of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b. Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products.

7d. Failed and omitted to take reasonable precautions or to exercise reasonable care to

publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e. Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f. Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g. Did not recommend methods to improve the work environment,

7h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i. Failed to provide adequate safety instructions for persons who would reasonably and foreseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l. Continued to use or require use of a known cancer-causing product, asbestos.

8. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known

required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Decedent injuries stated herein.

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Decedent, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13. All or some of the Defendants became aware of the dangers of breathing asbestos before the Decedent was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or

involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Decedent and other human beings.

15. The Defendants jointly, and each individually, have at all relevant times consistently foiled to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Decedent's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Decedent APRIL COATS was diagnosed as suffering from asbestos-related lung cancer, lung cancer, asbestosis, asbestos-related lung disease, lung disease, pleural plaques and / or loss of lung function. He endured significant pain and mental anguish. His earning capacity was impaired and he was severely restricted in his usual activities. He was required to spend large sums of money for medical care and treatment. He suffered

great anguish because of the impending nature of his premature death and the pain and anguish it would cause his family. As a consequence of his injuries, APRIL COATS died on or about December 17, 2009, and he and his estate were denied earnings and life's enjoyment and incurred expenses for medical care and treatment and for funeral bills for which just compensation is sought.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR THE ESTATE OF APRIL COATS

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Decedent of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Decedent from the known dangers of asbestos.

## THIRD COUNT FOR LOSS OF CONSORTIUM ON BEHALF OF ROBERT COATS

22. Paragraphs 1 through 21 are hereby repeated and realleged as if fully set forth.

23. The illness and injuries suffered by the Decedent prior to death resulting from his exposure to asbestos products deprived the Decedent's spouse of comfort, support, service and consortium to which she is entitled.

24. As a result of the Decedent's exposure to asbestos products produced or supplied by Defendants and his resulting injuries and damages, the Decedent's spouse has

9

been deprived of the comfort, support, and consortium to which she was entitled. Pursuant to C.G.S.A. 52-555a&b, the Decedent's death resulting from his asbestos-induced injuries has denied the Decedent's spouse the society, affection, moral support, service provided by,

NAPOLI BERN RIPKA SHKOLNIK, LLP

By: _____
Tate J. Kunkle
Juris No.: 426098
Napoli Bern Ripka Shkolnik LLP
350 Fifth Avenue, Suite 7413
New York, New York 10018
(212) 267 - 3700

Dated: 7/13/2012

A TRUE AND ATTESTED COPY
ATTEST:

_____
John M. McNicholas
Connecticut State Marshal
Fairfield County

Wherefore the Plaintiff, ROBERT COATS, claims against the Defendants jointly and severally;

1. Money damages.

2. The amount in demand is greater than $ 15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Dated at New York this 13th day of July, 2012,

NAPOLI BERN RIPKA SHKOLNIK, LLP

By: _____
Tate J. Kunkle
Juris No.: 426098

10

Napoli Bern Ripka Shkolnik LLP
350 Fifth Avenue, Suite 7413
New York, New York 10018
(212) 267 - 3700

A TRUE AND ATTESTED COPY
ATTEST:

*[signature]*

John M. McNicholas
Connecticut State Marshal
Fairfield County

11