JPG, PMF

## U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00833-JPG-PMF

Ault v. Schlumberger Ltd et al
Assigned to: Judge J. Phil Gilbert
Referred to: Magistrate Judge Philip M. Frazier
Demand: $525,000
Cause: 46:688 Jones Act

Date Filed: 07/24/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**Johnnie Ault**
*Individually and as Special Administrator of the Estate of Bryan W. Ault, deceased*

represented by **Randy L. Gori**
Gori Julian and Associates P.C.
156 North Main Street
Edwardsville, IL 62025
618-659-9833
Fax: 618-659-9834
Email: randy@gorijulianlaw.com
*ATTORNEY TO BE NOTICED*

**D. Todd Mathews**
Gori, Julian & Associates, PC
156 N. Main Street
Edwardsville, IL 62025
618-659-9833
Fax: 618-659-9834
Email: todd@gorijulianlaw.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Schlumberger Ltd**
*Individually and as Successor-in-Interest to SEDCO, INC and SEDCO FOREX, INC., SEDCO FOREX RESOURCES, INC*

### Defendant

**Transocean LTD**
*Individually and as Successor-In-Interest to SEDCO, INC., and SEDCO FOREX, INC., and SEDCO FOREX RESOURCES, INC., and R&B FALCON CORPORATION, and R&B FALCON DRILLING COMPANY*

*formerly known as*
Transocean Sedco Forex, Inc

**Defendant**

**Harbinger Group, Inc**
*formerly known as*
Zapata Off-Shore Co Inc

represented by **Erick E. VanDorn**
Thompson Coburn - Belleville
Generally Admitted
525 West Main Street
P.O. Box 750
Belleville, IL 62220-0750
618-277-4700
Email: evandorn@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BP PLC**
*as Successor-in-Interest to Amoco
International Oil Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2012 | 1 | Case Opened. Documents may now be electronically filed. Case number 12-833-JPG/PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 notice)(dka, ) (Entered: 07/24/2012) |
| 07/24/2012 | 2 | COMPLAINT against BP PLC, Harbinger Group, Inc, Schlumberger Ltd, Transocean LTD ( Filing fee $ 350 receipt number 0754-1742372.), filed by Johnnie Ault. (Attachments: # 1 Civil Cover Sheet)(Mathews, D.) (Entered: 07/24/2012) |
| 07/24/2012 | 3 | NOTICE of Appearance by D. Todd Mathews on behalf of Johnnie Ault (Mathews, D.) (Entered: 07/24/2012) |
| 07/30/2012 | 4 | Summons Issued as to BP PLC, Harbinger Group, Inc, Schlumberger Ltd, Transocean LTD. (drb) (Entered: 07/30/2012) |
| 08/10/2012 | 5 | SUMMONS Returned Executed by Johnnie Ault. Transocean LTD served on 8/7/2012, answer due 8/28/2012. (Gori, Randy) (Entered: 08/10/2012) |
| 08/10/2012 | 6 | SUMMONS Returned Executed by Johnnie Ault. Harbinger Group, Inc served on 8/7/2012, answer due 8/28/2012. (Gori, Randy) (Entered: 08/10/2012) |
| 08/17/2012 | 7 | Summons Issued as to Schlumberger Ltd. (lmb) (Entered: 08/17/2012) |
| 08/17/2012 | 8 | Summons Issued as to Transocean LTD. (lmb) (Entered: 08/17/2012) |
| 08/28/2012 | 9 | NOTICE of Appearance by Erick E. VanDorn on behalf of Harbinger Group, Inc (VanDorn, Erick) (Entered: 08/28/2012) |
| 08/28/2012 | 10 | MOTION to Dismiss for Lack of Jurisdiction *(Personal) or Improper Venue* |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                      |
|------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | ( Responses due by 10/1/2012), MOTION to Dismiss for Failure to State a Claim ( Responses due by 10/1/2012), MOTION for More Definite Statement *(Alternative)* by Harbinger Group, Inc. (VanDorn, Erick) (Entered: 08/28/2012)                                                                                                                                                                       |
| 08/28/2012 | 11 | MEMORANDUM in Support re 10 MOTION to Dismiss for Lack of Jurisdiction *(Personal) or Improper Venue* MOTION to Dismiss for Failure to State a Claim MOTION for More Definite Statement *(Alternative)* MOTION to Dismiss for Lack of Jurisdiction *(Personal) or Improper Venue* MOTION for More Definite Statement *(Alternative)* filed by Harbinger Group, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(VanDorn, Erick) (Entered: 08/28/2012) |
| 08/28/2012 | 12 | Corporate Disclosure Statement by Harbinger Group, Inc identifying Corporate Parent Harbinger Capital Partners for Harbinger Group, Inc. (VanDorn, Erick) (Entered: 08/28/2012)                                                                                                                                                                                                                       |

| PACER Service Center |  |  |  |
|---|---|---|---|
| Transaction Receipt |  |  |  |
| 08/28/2012 15:05:54 |  |  |  |
| PACER Login: | tc1038 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 3:12-cv-00833-JPG-PMF |
| Billable Pages: | 2 | Cost: | 0.20 |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased,<br><br>Plaintiff,<br><br>-vs.-<br><br>SCHLUMBERGER LTD., Individually and as Successor-in-Interest to SEDCO, INC., and SEDCO FOREX, INC., SEDCO FOREX RESOURCES, INC. and TRANSOCEAN LTD., f/k/a TRANSOCEAN SEDCO FOREX, INC., Individually and as Successor-In-Interest to SEDCO, INC., and SEDCO FOREX, INC., and SEDCO FOREX RESOURCES, INC., and R&B FALCON CORPORATION, and R&B FALCON DRILLING COMPANY and HARBINGER GROUP, INC., f/k/a ZAPATA OFF-SHORE CO., INC. and BP, P.L.C. as Successor-In-Interest to Amoco International Oil Company<br><br>Defendants. | No. 3:12-cv-00833-JPG-PMF<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

## COMPLAINT

### COUNT I

### JONES ACT (NEGLIGENCE) – AULT v. SCHLUMBERGER, L.T.D.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of

the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant Schlumberger, Ltd., states upon information and belief:

1. The Plaintiff, who resides at 414 Ballard Rd., Gilmer, TX 75644, is the widow and next-of-kin of the deceased, BRYAN W. AULT.

2. The Plaintiff is the duly appointed Special Administrator of the Estate of BRYAN W. AULT, Deceased, pursuant to an Order of the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

3. Plaintiff brings this action pursuant to 46 U.S.C. § 30104 *et seq.*, formerly codified as 46 U.S.C. § 688, or more commonly known as the Jones Act.

4. Decedent was employed by Defendant Schlumberger Ltd. (hereinafter Schlumberger), by and through their subsidiary SEDCO, Inc., and/or Sedco Forex, Inc. and/or Sedco Forex Resources, Inc. from approximately 1965 – 1970 and again later from approximately 1973 – 1988 as an electrician aboard various mobile offshore oil rigs owned, chartered, controlled or owned *pro hac* vice by Defendants Schlumberger; Transocean, Ltd., f/k/a Transocean Sedco Forex, Inc., Individually and as Successor-In-Interest to SEDCO, Inc. and Sedco Forex Inc., and Sedco Forex Resources, Inc. (hereinafter Transocean); Harbinger Group, Inc., f/k/a Zapata Off-Shore Co., Inc. (hereinafter Harbinger Group); BP, p.l.c. as Successor-In-Interest to Amoco International Oil Company (hereinafter BP); at various times throughout his employment with Defendant Schlumberger. Said mobile offshore oil rigs are vessels within the meaning of 1 U.S.C. § 3, in that they are watercraft originally constructed and remaining capable of transporting persons and/or goods across water.

5. Decedent was therefore a seaman and accordingly this Count is appropriately

brought under the Jones Act, 46 U.S.C. § 30104 *et seq.*

6. During and throughout the course of his employment as an electrician on the aforementioned vessels, Plaintiff was exposed to and inhaled asbestos fibers emanating from asbestos and asbestos-containing products he was personally working with and working around.

7. Pursuant to the Jones Act, Defendant had the legal duty to Decedent to use reasonable care to provide him with a safe place to work, to provide adequate assistance to perform Decedent's job duties in safety, to affect a prompt and timely rescue, to provide prompt and timely medical assistance, and otherwise exercise reasonable care.

8. Defendant breached its statutory duties under the Jones Act and was negligent in one or more of the following respects:

   (a) Failed to provide Decedent with a reasonably safe place to work;

   (b) Specified and required the use of asbestos and/or asbestos-containing materials and/or products by Decedent and by others in the vicinity of Plaintiff and/or in areas in which Decedent performed work;

   (c) Required Decedent to perform work in the vicinity of asbestos and of those using asbestos and/or asbestos-containing materials and/or products;

   (d) Purchased/provided asbestos and/or asbestos-containing materials and/or products for use by Decedent and others working in the vicinity of Decedent;

   (e) Failed to replace asbestos and asbestos containing materials and/or products with non-asbestos containing substitutes, which Defendant knew or should have known were available;

   (f) Failed to warn Decedent that he was working with and/or around asbestos and/or asbestos-containing materials and/or products and of the risks associated therewith, including that Decedent was being exposed to asbestos fibers and of the adverse health effects of such exposure;

   (g) Failed to provide systems, equipment, engineering controls and proper maintenance thereof designed and necessary to contain asbestos fibers and reduce and/or eliminate exposure to asbestos; and

(h)   Failed to provide Decedent with adequate assistance to perform his duties.

9.   That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of Defendant mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent to develop mesothelioma, which led to his untimely death; the Decedent, prior to his death, was compelled to expend and become liable for the treatment of his asbestos-induced disease and conditions; the Decedent, prior to his death, experienced great physical pain and mental anguish as the result of the inhalation, absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further by reason of the death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for the funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT II

## UNSEAWORTHINESS (GENERAL MARITIME LAW) – AULT v.

## SCHLUMBERGER, L.T.D

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant

Schlumberger, Ltd., states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 9 of Count I as paragraphs 1 – 9 of Count II.

10. At said times and places, the General Maritime Law of the United States held Defendant to warrant that this vessel, vessel crew and vessel equipment and appurtenances were reasonably fit and seaworthy.

11. Defendant breached its warranty of seaworthiness as follows:

(a) Said vessel was inadequately equipped to contain asbestos fibers emanating from asbestos and asbestos-containing products being utilized thereon;

(b) The use of asbestos and asbestos-containing materials and/or products by Decedent and by others in the vicinity of Decedent and/or in areas in which Decedent performed work was required and/or permitted on said vessel;

(c) Decedent was required to perform work in the vicinity of asbestos and of those using asbestos and/or asbestos-containing materials and/or products on said vessel;

(d) The vessel crew lacked appropriate training for dealing with asbestos and asbestos-containing materials and/or products;

(e) The vessel lacked appropriate procedures for dealing with asbestos and asbestos-containing materials and/or products; and

(f) The vessel lacked appropriate equipment to allow crew members to deal with asbestos and asbestos-containing materials and/or products.

12. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of Defendant mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent to develop mesothelioma, which led to his untimely death; the Decedent, prior to his death, was compelled to expend and become liable for the treatment of his asbestos-induced disease and conditions; the Decedent,

prior to his death, experienced great physical pain and mental anguish as the result of the inhalation, absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further by reason of the death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for the funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT III

### JONES ACT (NEGLIGENCE) – AULT v. TRANSOCEAN, L.T.D.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant Transocean, Ltd., states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 3 of Count I as paragraphs 1 – 3 of Count III.

4. Decedent was employed by Defendant Transocean Ltd. by and through their subsidiary SEDCO, Inc., and/or Sedco Forex, Inc. and/or Sedco Forex Resources, Inc., and/or R&B Falcon Corporation, and/or R&B Falcon Drilling Company in approximately 1965 - 1970 and again later from approximately 1973 – 1988 as an electrician aboard various mobile offshore oil rigs owned, chartered, controlled or owned *pro hac* vice by Defendants Schlumberger

Transocean, Harbinger Group, Inc., and BP at various times throughout his employment with Defendant Transocean. Said mobile offshore oil rigs are vessels within the meaning of 1 U.S.C. § 3, in that they are watercraft originally constructed and remaining capable of transporting persons and/or goods across water.

5. Plaintiff realleges and incorporates paragraphs 5 – 9 of Count I as paragraphs 5 – 9 of Count III.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT IV

### UNSEAWORTHINESS (GENERAL MARITIME LAW) – AULT v. TRANSOCEAN, LTD.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant Transocean, Ltd., states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 9 of Count III as paragraphs 1 – 9 of Count IV.

10. Plaintiff realleges and incorporates paragraphs 10 – 12 of Count II as paragraphs 10 – 12 of Count IV.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT V

### JONES ACT (NEGLIGENCE) – AULT v. HARBINGER GROUP, INC.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant Harbinger Group, Inc. states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 3 of Count I as paragraphs 1 – 3 of Count V.

4. Decedent was employed by Defendant Harbinger Group f/k/a Zapata Off-Shore Company, Inc. in approximately 1970 - 1973 as an electrician aboard various mobile offshore oil rigs owned, chartered, controlled or owned *pro hac* vice by Defendants Schlumberger Transocean, Harbinger Group, Inc. at various times throughout his employment with Defendant Harbinger Group. Said mobile offshore oil rigs are vessels within the meaning of 1 U.S.C. § 3, in that they are watercraft originally constructed and remaining capable of transporting persons and/or goods across water.

5. Plaintiff realleges and incorporates paragraphs 5 – 9 of Count I as paragraphs 5 – 9 of Count V.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT VI

### UNSEAWORTHINESS (GENERAL MARITIME LAW) – AULT v. HARBINGER GROUP, INC.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant Harbinger Group, Inc. states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 9 of Count V as paragraphs 1 – 9 of Count VI.

10. Plaintiff realleges and incorporates paragraphs 10 – 12 of Count II as paragraphs 10 – 12 of Count VI.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT VII

### UNSEAWORTHINESS (GENERAL MARITIME LAW) – AULT v. BP, P.L.C.

Now comes the Plaintiff, JOHNNIE AULT, Individually and as Special Administrator of the Estate of BRYAN W. AULT, Deceased, by her attorneys, GORI, JULIAN & ASSOCIATES, P.C., and WILLIAMS, KHERKHER, L.L.P for her cause of action against the Defendant BP, p.l.c. states upon information and belief:

1. Plaintiff realleges and incorporates paragraphs 1 – 3 of Count I as paragraphs 1 – 3 of Count VII.

4. Decedent was employed by Defendant Schlumberger and/or Defendant Transocean from approximately 1965 – 1970 and again later from approximately 1973 – 1988 as an electrician aboard various mobile offshore oil rigs owned, chartered, controlled or owned *pro*

*hac* vice by Defendant BP.

5. Plaintiff realleges and incorporates paragraphs 5 – 9 of Count I as paragraphs 5 – 9 of Count VII.

10. Plaintiff realleges and incorporates paragraphs 10 – 12 of Count II as paragraphs 10 – 12 of Count IV.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant in a sum in excess of FIFTY THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Decedent's injuries.

Respectfully Submitted,
JOHNNIE AULT, Plaintiff

GORI, JULIAN & ASSOCIATES, P.C.

By: /s/ D. Todd Mathews
Randy L. Gori, #06257394
D. Todd Mathews, #6276652
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833
(618) 659-9834 (facsimile)

WILLIAMS, KHERKHER, HART, BOUNDAS L.L.P

Michael B. Patronella, (*pro hac* to be submitted)
Attorney for Plaintiff
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
(713) 230-2200
(713) 643-6226 (facsimile) §

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Johnnie Ault and Bryan Ault

**DEFENDANTS**
Schlumberger Ltd., Transocean Ltd., Harbinger Group, Inc., & BP, P.L.C.

(b) County of Residence of First Listed Plaintiff **Upshur County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Lamar County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gori Julian & Associates, P.C.
156 N. Main Street, Edwardsville, IL 62025 (618) 659-9833

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. § 30104
Brief description of cause:
Jones Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 7/23/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____