ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:12-cv-06088-JFK

Holzworth v. Alfa Laval, Inc. et al
Assigned to: Judge John F. Keenan
Case in other court: State Court-Supreme, 190297-12
Cause: 28:1441 Notice of Removal

Date Filed: 08/09/2012
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**William Andrew Holzworth**

V.

**Defendant**

**Alfa Laval, Inc.**

**Defendant**

**American Biltrite, inc.**

**Defendant**

**Armstrong International, Inc.**
*Individually*

**Defendant**

**Armstrong International, Inc.**
*as successor to Armstrong Machine Works*

**Defendant**

**Aurora Pump Company**

**Defendant**

**Carrier Company**

**Defendant**

**Certain-Teed Corporation**
*Individually*

**Defendant**

**Certain-Teed Corporation**
*as successor to Keasbey Cleaver Brooks Co.*

**Defendant**

**Crane Company**                    represented by    **Angela Digiglio**
*Individually*                                         Kirkpatrick & Lockhart Preston Gates
                                                       Ellis LLP( Lex. Ave.)
                                                       599 Lexington Avenue
                                                       New York, NY 10022
                                                       (212)-536-3994
                                                       Fax: (212)-536-3901
                                                       Email: angela.digiglio@klgates.com
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Company**                    represented by    **Angela Digiglio**
*as successor to Deming Pump,*                         (See above for address)
*Weinman Pump Manufacturing*                           *ATTORNEY TO BE NOTICED*
*Company, Pacific Steel Boiler*
*Corporation and Thatcher Boiler*

**Defendant**

**Cyclotherm Corporation**

**Defendant**

**Dap Products, Inc.**

**Defendant**

**Foster Wheeler Corporation**

**Defendant**

**Gardner Denver, Inc.**
*Individually*

**Defendant**

**Gardner Denver, Inc.**              represented by    **Katrina Helene Murphy**
*as successor to Butterworth Jetting*                  Segal McCambridge Singer &
*Systems, Inc.*                                        Mahoney, Ltd.
                                                       830 Third Avenue
                                                       New York, NY 10022
                                                       (212) 651-7426
                                                       Fax: (212) 651-7499
                                                       Email: kmurphy@smsm.com
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Gould's Pumps, Incorporated**

**Defendant**

**H.B. Fuller Company**

**Defendant**

**Homasote Company**

**Defendant**

**IMO Industries, Inc.**
*Individually*

**Defendant**

**IMO Industries, Inc.**
*as successor to Delaval Turbine,*
*Transamerica Delaval and Imo Delaval*

**Defendant**

**Ingersoll-Rand Company**
*Individually*

**Defendant**

**Ingersoll-Rand Company**
*as successor to Aldrich Pump Company*
*and Terry Steam Turbine Company*

**Defendant**

**ITT Corporation**
*Individually*

**Defendant**

**ITT Corporation**
*as successor to ITT Fluid Products*
*Corp., ITT Hoffman, ITT Bell & Gossett*
*Company, ITT Grinnell Corp. and*
*Kennedy Valve*

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**Kentile Floor, Inc.**

**Defendant**

**Pecora Corporation**

**Defendant**

**Riley Power, Inc.**
*Individually*

**Defendant**

**Riley Power, Inc.**
*as successor to Riley Stoker*
*Corporation*

**Defendant**

**Sid Harvey Industries, Inc.**

**Defendant**

**The WM Powell Company**

**Defendant**

**Trane U.S. Inc.**
*individually*

**Defendant**

**Trane U.S. Inc.**
*as successor to American Standard Inc.*

**Defendant**

**Tyco Flow Control Inc.**
*Individually*

**Defendant**

**Tyco Flow Control Inc.**
*as successor to Yarway Corporation*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Velan Steam Trap Corporation**

**Defendant**

**Viacom, Inc.**
*as successor in Interest by Merger to*
*CBS Corporation fka as successor to*
*CBS Corporation fka Westinghouse/1st*
*payment (Individually and as successor*
*to CBS Corproation (by merger) f/k/a*
*Westinghouse Electric Corporation*

**Defendant**

**Warren Pumps Inc.**
*Individually*

**Defendant**

**Warren Pumps Inc.**
*as successor to Quimby Equipment Co.,*

*Inc.*

**Defendant**

**Weil-Mclain Co.**

**Defendant**

**Yarway Corporation**

**Defendant**

**Zurn Industries, Inc.**
*Individually*

**Defendant**

**Zurn Industries, Inc.**
*as successor to Erie City Iron Works*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2012 | 1 | NOTICE OF REMOVAL from Supreme, County of New York. Case Number: 190297-12. (Filing Fee $ 350.00, Receipt Number 1045894).Document filed by Crane Company(Individually), Crane Company(as successor to Deming Pump, Weinman Pump Manufacturing Company, Pacific Steel Boiler Corporation and Thatcher Boiler).(mro) (Entered: 08/10/2012) |
| 08/09/2012 | | Magistrate Judge Henry B. Pitman is so designated. (mro) (Entered: 08/10/2012) |
| 08/09/2012 | | Case Designated ECF. (mro) (Entered: 08/10/2012) |
| 08/14/2012 | 2 | NOTICE OF A PRETRIAL CONFERENCE: Counsel are directed to appear in Courtroom 20-C on October 31, 2012 at 11:00am, for a pretrial conference, for the purpose of discussing the status of this case. Please notify your adversary as to the date of this conference. This conference will not be adjourned except by order of the Court. (Signed by Judge John F. Keenan on 8/14/2012) (pl) (Entered: 08/14/2012) |
| 08/14/2012 | | Set/Reset Hearings: Pretrial Conference set for 10/31/2012 at 11:00 AM in Courtroom 20C, 500 Pearl Street, New York, NY 10007 before Judge John F. Keenan. (pl) (Entered: 08/14/2012) |
| 08/15/2012 | 3 | CERTIFICATE OF SERVICE of Crane Co.'s Notice of Removal served on All Parties on 08/09/2012. Service was made by Mail. Document filed by Crane Company(Individually). (Digiglio, Angela) (Entered: 08/15/2012) |
| 08/15/2012 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Crane Company(Individually).(Digiglio, Angela) (Entered: 08/15/2012) |
| 08/16/2012 | 5 | NOTICE of Tag-Along Action. Document filed by Crane Company (Individually). (Digiglio, Angela) (Entered: 08/16/2012) |
| 08/22/2012 | 6 | NOTICE OF APPEARANCE by Katrina Helene Murphy on behalf of Gardner Denver, Inc.(as successor to Butterworth Jetting Systems, Inc.) (Murphy, |

| | | Katrina) (Entered: 08/22/2012) |
|---|---|---|
| 08/22/2012 | 7 | NOTICE OF APPEARANCE by Katrina Helene Murphy on behalf of Gardner Denver, Inc.(as successor to Butterworth Jetting Systems, Inc.) (Murphy, Katrina) (Entered: 08/22/2012) |

## PACER Service Center

### Transaction Receipt

08/29/2012 14:15:46

| PACER Login: | jp0001 | Client Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 1:12-cv-06088-JFK |
| Billable Pages: | 3 | Cost: | 0.30 |

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WILLIAM ANDREW HOLZWORTH,

            Plaintiff(s),

            v.

ALFA LAVAL INC., et al.,

            Defendants.

-------------------------------------------------------x

    : Docket No.: 12-CV-6088

    **DEFENDANT CRANE CO.'S NOTICE**
    **OF TAG-ALONG ACTION**

TO:    THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
          DISTRICT OF NEW YORK

## NOTICE OF TAG-ALONG ACTION

    PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an Order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordination of consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 27, 1991 filings of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

    On December 13, 2011, the Judicial Panel on Multidistrict Litigation issued its Order Adopting Suggestion To The Panel Concerning Future Tag-Along Transfers. Pursuant to

that Order, the Judicial Panel will still transfer and consolidate tag-along cases to MDL-875 that are from the Southern District of New York.

The undersigned hereby notifies the Court that this is a potential "tag-along action" that may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer Order pursuant to MDL Rule 7.4(a) or (2) file an Order to Show Cause why the action should not be transferred, pursuant to MDL Rule 7.3(a).

Dated: August 16, 2012

Mailed to:

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, DC 20002-8004

Dated: New York, New York
      August 16, 2012                 Respectfully submitted,

                                 Crane Co.
                                 By its attorneys,

                                 /s/ Angela DiGiglio
                                 Angela DiGiglio (AD 2290)
                                 K&L GATES LLP
                                 599 Lexington Avenue
                                 New York, New York 10022-6030
                                 Email: angela.digiglio@klgates.com
                                 Phone: (212) 536-3900
                                 Fax: (212) 536-3901

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Crane Co.'s ("Crane Co."), Notice of Tag Along Action was served on plaintiff's counsel and all defense counsel of record identified on the attached service rider via regular mail August 16, 2012 and is available for viewing and downloading from the Court's ECF system.


/s/ Angela DiGiglio
Angela DiGiglio, Esq.
Attorney for Defendant
Crane Co.

# WILLIAM ANDREW HOLZWORTH

## SERVICE RIDER

### INDEX NO. 190297/2012

| Counsel: | Attorneys for: |
|---|---|
| Richard P. O'Leary, Esq.<br>**MCCARTER & ENGLISH, LLP**<br>245 Park Avenue, 27th Floor<br>New York, NY 10167 | Velan Valve Corporation |
| Julie Evans, Esq.<br>**WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP**<br>150 East 42nd Street<br>New York, NY 10017-5639 | American Biltrite, Inc. |
| Richard L. Mendelsohn, Esq.<br>**LONDON FISCHER LLP**<br>59 Maiden Lane, 41st Floor<br>New York, NY 10038 | Alfa Laval, Inc. |
| Philip Goldstein, Esq.<br>Genevieve MacSteel, Esq.<br>**MCGUIREWOODS, LLP**<br>1345 Avenue of the Americas, 7th Floor<br>New York, New York 10105-0106 | American Standard, Bell & Gossett Company, ITT<br>Corporation, The Trane Company |
| Chris Gannon, Esq.<br>Theodore M. Eder, Esq.<br>Robert R. Rigolosi, Esq.<br>**SEGAL, MCCAMBRIDGE, SINGER<br>& MAHONEY, LTD.**<br>850 Third Avenue, Suite 1100<br>New York, New York 10022 | Fairbanks-Morse Pump Corp., Gardner Denver, Inc.,<br>H.B. Fuller Company, Weil-McLain Co. |
| Thomas M. Beneventano, Esq.<br>**LASORSA & BENEVENTANO**<br>3 Barker Avenue<br>White Plains, NY 10601 | Armstrong International, Inc. (Individually and as<br>Successor to Armstrong Machine Works) |
| Charles McGivney, Esq.<br>**McGIVNEY & KLUGER, P.C.**<br>80 Broad Street, 23rd Floor<br>New York, New York 10004 | Aurora Pump Company, Homasote Company, Inc.,<br>Kentile Floors, Inc., The Nash Engineering Company<br>Zurn Industries. a/k/a and successor-in-interest to Erie<br>City Iron Works |

| Counsel: | Attorneys for: |
|---|---|
| William Bradley, Esq.<br>Mary Ellen Connor, Esq.<br>David Schaffer, Esq.<br>**MALABY & BRADLEY, LLC**<br>150 Broadway, Suite 600<br>New York, New York 10038 | Sears, Roebuck and Company, Viking Pump, Inc., |
| Raghu N. Bandlamudi<br>Litigation Associate<br>**CULLEN and DYKMAN LLP**<br>44 Wall Street<br>New York, NY 10005 | Goulds Pumps |
| Thomas A. Montiglio, Esq.<br>Robert McManus, Esq.<br>**AHMUTY DEMERS & McMANUS**<br>200 I.U. Willets Road<br>Albertson, New York 11507 | Carrier Corporation |
| Donald Fay, Esq.<br>John Kot, Esq.<br>**WATERS, MCPHERSON & MCNEIL, P.C.**<br>300 Lighting Way, 7th Floor<br>P.O. Box 1560<br>Secaucus, New Jersey 07096 | Riley Power, Inc., Riley Stoker Corporation |
| Joseph Colao, Esq.<br>**LEADER & BERKON**<br>630 Third Avenue, 17th Floor<br>New York, New York 10017 | IMO Industries, Inc.<br>Warren Pumps, Inc. |
| William F. Mueller, Esq.<br>Matthew A. Schiappa, Esq.<br>**CLEMENTE MUELLER, P.A.**<br>218 Ridgedale Avenue<br>P.O. Box 1296<br>Morristown, NJ 07962-1296 | The William Powell Company |
| Suzanne Halbardier, Esq.<br>**BARRY, MCTIERNAN & MOORE**<br>2 Rector Street, 14th Floor<br>New York, New York 10006 | Cleaver Brooks Company, Inc. |
| Michael A. Tanenbaum, Esq.<br>Bridget M. Polloway, Esq.<br>**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**<br>Three Gateway Center, 12th Floor<br>Newark, New Jersey 07102 | Foster Wheeler L.L.C., General Electric Company,<br>Viacom, Inc., as successor in interest by merger to<br>CBS Corporation f/k/a Westinghouse Electric, |

| Counsel: | Attorneys for: |
|---|---|
| Scott R. Emery, Esq.<br>**LYNCH DASKAL EMERY LLP**<br>264 West 40th Street<br>New York, New York  10018 | Georgia-Pacific LLC |
| Jennifer W. Darger, Esq.<br>Judith Yavitz, Esq.<br>**DARGER ERRANTE YAVITZ & BLAU LLP**<br>116 East 27th Street<br>New York, NY  10016 | Certainteed Corporation, Union Carbide Corporation |
| Lisa M. Pascarella, Esq.<br>**FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP**<br>328 Newman Springs Road<br>Red Bank, NJ  07701 | Ingersoll-Rand Company |
| Daniel J. McNamara, Esq.<br>**DECICCO, GIBBONS & MCNAMARA, P.C.**<br>14 East 38th Street<br>New York, NY  10016 | Kaiser Gypsum Company, Inc. |
| Rob C. Tonogbanua, Esq.<br>**DICKIE MCCAMEY & CHILCOTE, P.C.**<br>41 South Haddon Avenue, Suite 5<br>Haddonfield, NJ  08033 | All Tyco Entities in NY County<br>Yarway Corporation |
| Anna DiLonardo, Esq.<br>Andrew Warshauer, Esq.<br>**MARSHALL, DENNEHY, WARNER, COLEMAN & GOGGIN**<br>888 Veterans Memorial Highway, Ste. 540<br>Hauppauge, NY  11788 | DAP Products Inc. |
| **Unknown Counsel** | |
| | Pecora Corporation<br>SID Harvey Industries, Inc. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF N ew York

----------------------------------------------------------------x

William Andrew Holzworth

Plaintiff/Petitioner,

- against -

Index No. 190297/2012

Alfa Laval Inc., et al.

Defendant/Respondent.

----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: July 9, 2012

_(Signature)_

360 Lexington Avenue, 20th Floor  (Address)
New York, NY 10017

Heather Johnson (Name)

Early & Strauss, LLC (Firm Name)

(212)986-2233 _(Phone)_

hjohnson@elslaw.com (E-Mail)

To:   See Rider

4/8/11

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK**

------------------------------------------------x   Index No. 190297/2012

**IN RE NEW YORK CITY ASBESTOS LITIGATION**

------------------------------------------------x

This Document Relates To:
**WILLIAM ANDREW HOLZWORTH vs. Alfa Laval, Inc., ET AL**

**PLAINTIFF'S INITIAL FACT SHEET**

------------------------------------------------x

      For each claimant or deceased claimant, please answer each of the following questions:

1. Full Name: <u>Holzworth, William Andrew</u>

2. Date of Birth: <u>12/11/1932</u>

3.   Address: <u>6440 Axeitos Terrace, Townhouse #104 Orlando, FL 32835</u>

4.   Date of Death: <u>N/A</u>

5.   Social Security Number: <u>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</u>

6.   Date of claimant's claimed asbestos exposure: <u>See attached or to be provided</u>

7.   Smoking History:

For all cigarettes, pipes, cigars, please state the inclusive dates of claimant's smoking history, the products smoked and the amount of products consumed per day:

<u>See attached or to be provided</u>

8.   At this preliminary stage of the proceedings, please provide as much of the following information as is presently available: worksites, inclusive dates, and trade or occupation for each site. (Each worksite should be identified as specifically as possible, i.e. ships worked on in a given shipyard):

<u>See attached or to be provided</u>

**EARLY, LUCARELLI, SWEENEY & STRAUSS**
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

9.  Claimed asbestos-related disease, including date of diagnosis and name of diagnosing
    physician or institution if known (an attached medical report would be helpful but is
    optional)

    mesothelioma, 5/28/2012

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 190297/2012

WILLIAM ANDREW HOLZWORTH
                    Plaintiff,
            -against-

Alfa Laval, Inc.;
AMERICAN BILTRITE, INC.;
ARMSTRONG INTERNATIONAL, INC.
    (Individually and as Successor to
    ARMSTRONG MACHINE WORKS);
AURORA PUMP COMPANY;
CARRIER CORPORATION;
CERTAIN-TEED CORPORATION
    (Individually and as Successor to KEASBEY
    & MATTISON COMPANY);
CLEAVER BROOKS CO.;
CRANE COMPANY (Individually and as
    Successor to DEMING PUMP, WEINMAN
    PUMP MANUFACTURING COMPANY,
    PACIFIC STEEL BOILER CORPORATION
    AND THATCHER BOILER);
CYCLOTHERM CORPORATION;
DAP PRODUCTS, INC.;
FOSTER WHEELER CORPORATION;
GARDNER DENVER, INC. (Individually and as
    Successor to BUTTERWORTH JETTING
    SYSTEMS, INC.);
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOULD'S PUMPS, INCORPORATED;
H.B. FULLER COMPANY;
HOMASOTE COMPANY;
IMO INDUSTRIES, INC. (Individually and as
    Successor to DELAVAL TURBINE,
    TRANSAMERICA DELAVAL AND IMO
    DELAVAL);
INGERSOLL-RAND COMPANY (Individually
    and as Successor to ALDRICH PUMP
    COMPANY AND TERRY STEAM
    TURBINE COMPANY);
ITT CORPORATION (Individually and as
    Successor to ITT FLUID PRODUCTS
    CORP., ITT HOFFMAN, ITT BELL &
    GOSSETT COMPANY, ITT GRINNELL

**SUMMONS AND
VERIFIED COMPLAINT**

Plaintiff designates New
York County as the place
of trial

The basis of Venue is
defendant's place of
business and location of
exposure.

Plaintiff resides at
Orlando, FL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

CORP. AND KENNEDY VALVE.);
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOOR, INC.;
PECORA CORPORATION;
RILEY POWER, INC. (Individually and as
    Successor to RILEY STOKER
    CORPORATION);
SID HARVEY INDUSTRIES, INC.;
THE WM POWELL COMPANY;
TRANE U.S. INC. (Individually and as Successor
    to AMERICAN STANDARD INC.);
TYCO FLOW CONTROL INC. (Individually
    and as Successor to YARWAY
    CORPORATION);
UNION CARBIDE CORPORATION;
VELAN STEAM TRAP CORPORATION;
VIACOM, INC. as Successor in Interest by
    Merger to CBS Corporation fka
    Westinghouse/1st payment (Individually and
    as Successor to CBS CORPORATION (BY
    MERGER)  F/K/A WESTINGHOUSE
    ELECTRIC CORPORATION);
WARREN PUMPS INC. (Individually and as
    Successor to QUIMBY EQUIPMENT CO.,
    INC.);
WEIL-MCLAIN CO.;
YARWAY CORPORATION;
ZURN INDUSTRIES, INC. (Individually and as
    Successor to ERIE CITY IRON WORKS);

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a  copy of your answer, or, if the complaint is not served with this summons to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

Date : July 9, 2012

Defendants address:
See attached rider

**Early & Strauss, LLC**
Attorneys for Plaintiffs
360 Lexington Avenue, 20th Floor
New York, NY 10017

## SERVICE RIDER FOR WILLIAM ANDREW HOLZWORTH
**As of 7/9/2012**

Alfa Laval, Inc.
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

AMERICAN BILTRITE, INC.
Att. Legal Department
84 State Street
Boston, MA 02109

ARMSTRONG INTERNATIONAL, INC. (Individually and as Successor to ARMSTRONG MACHINE
WORKS)
Stephen P. Gibson
2081 SE Ocean Boulevard, 4th Floor
Stuart, FL 34996

AURORA PUMP COMPANY
c/o Karen Carriker
13515 Ballantyne Corporate Place
Charlotte, NC 28277

CARRIER CORPORATION
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

CERTAIN-TEED CORPORATION (Individually and as Successor to KEASBEY & MATTISON
COMPANY)
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

CLEAVER BROOKS CO.
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

CRANE COMPANY (Individually and as Successor to DEMING PUMP, WEINMAN PUMP
MANUFACTURING COMPANY, PACIFIC STEEL BOILER CORPORATION AND THATCHER
BOILER)
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CYCLOTHERM CORPORATION
Att. Legal Department
157 E 1st St.
Oswego, NY 13126

DAP PRODUCTS, INC.
Corporation Service Co. (NY)
80 State Street, 6th Floor
Albany, NY 12207

FOSTER WHEELER CORPORATION
Jack Deones
Perryville Corporate Park Rt. 78 at Frontage Road
Clinton, NJ 08809

GARDNER DENVER, INC. (Individually and as Successor to BUTTERWORTH JETTING SYSTEMS, INC.)
Corporation Service Co. (NY)
80 State Street, 6th Floor
Albany, NY 12207

GENERAL ELECTRIC COMPANY
Att. Legal Department
3135 Easton Turnpike
Fairfield, CT 06432

GEORGIA-PACIFIC CORPORATION
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

GOULD'S PUMPS, INCORPORATED
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

H.B. FULLER COMPANY
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

HOMASOTE COMPANY
Legal Department
Lower Ferry Road, Box 7240
West Trenton, NJ 08628-0420

IMO INDUSTRIES, INC. (Individually and as Successor to DELAVAL TURBINE, TRANSAMERICA DELAVAL AND IMO DELAVAL)
Corporation Service Co. (NY)
80 State Street, 6th Floor
Albany, NY 12207

INGERSOLL-RAND COMPANY (Individually and as Successor to ALDRICH PUMP COMPANY AND TERRY STEAM TURBINE COMPANY)
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

ITT CORPORATION (Individually and as Successor to ITT FLUID PRODUCTS CORP., ITT HOFFMAN, ITT BELL & GOSSETT COMPANY, ITT GRINNELL CORP. AND KENNEDY VALVE.)
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

KAISER GYPSUM COMPANY, INC.
Corporation Service Company (WA)
6500 Harbour Heights Parkway, Suite 400
Mukilteo, WA 98275

KENTILE FLOOR, INC.
Sanders W. Gropper c/o G&K Consultants
31 East 28th Street, 8th Floor
New York, NY 10016

PECORA CORPORATION
CT Corporation Systems (PA)
100 Pine Street, Suite 235
Harrisburg, PA 17101

RILEY POWER, INC. (Individually and as Successor to RILEY STOKER CORPORATION)
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

SID HARVEY INDUSTRIES, INC.
CT Corporation System (IL)
208 South LaSalle Street - Suite 814
Chicago, IL 60604-1136

THE WM POWELL COMPANY
D.R. Cowart
2503 Spring Grove Ave.
Cincinnati, OH 45214

TRANE U.S. INC. (Individually and as Successor to AMERICAN STANDARD INC.)
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FLOW CONTROL INC. (Individually and as Successor to YARWAY CORPORATION)
Legal Department
9 Roszel Road
Princeton, NJ 08540

UNION CARBIDE CORPORATION
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

VELAN STEAM TRAP CORPORATION
Dennis Lalancette
94 Avenue C
Williston, VT 05495

VIACOM, INC. as Successor in Interest by Merger to CBS Corporation fka Westinghouse/1st payment
(Individually and as Successor to CBS CORPORATION (BY MERGER) F/K/A WESTINGHOUSE
ELECTRIC CORPORATION)
Corporation Service Co. (NY)
80 State Street, 6th Floor
Albany, NY 12207

WARREN PUMPS INC. (Individually and as Successor to QUIMBY EQUIPMENT CO., INC.)
Corporation Service Company (MA)
84 State Street
Boston, MA 02109

WEIL-MCLAIN CO.
President William Jackson
500 Blaine Street
Michigan City, IN 46360

YARWAY CORPORATION
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

ZURN INDUSTRIES, INC. (Individually and as Successor to ERIE CITY IRON WORKS)
CT Corporation System (NY)
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 190297/2012

VERIFIED
COMPLAINT

WILLIAM ANDREW HOLZWORTH
      Plaintiff,

      -against-

Alfa Laval, Inc.;
AMERICAN BILTRITE, INC.;
ARMSTRONG INTERNATIONAL, INC.
    (Individually and as Successor to
    ARMSTRONG MACHINE WORKS);
AURORA PUMP COMPANY;
CARRIER CORPORATION;
CERTAIN-TEED CORPORATION
    (Individually and as Successor to KEASBEY
    & MATTISON COMPANY);
CLEAVER BROOKS CO.;
CRANE COMPANY (Individually and as
    Successor to DEMING PUMP, WEINMAN
    PUMP MANUFACTURING COMPANY,
    PACIFIC STEEL BOILER CORPORATION
    AND THATCHER BOILER);
CYCLOTHERM CORPORATION;
DAP PRODUCTS, INC.;
FOSTER WHEELER CORPORATION;
GARDNER DENVER, INC. (Individually and as
    Successor to BUTTERWORTH JETTING
    SYSTEMS, INC.);
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOULD'S PUMPS, INCORPORATED;
H.B. FULLER COMPANY;
HOMASOTE COMPANY;
IMO INDUSTRIES, INC. (Individually and as
    Successor to DELAVAL TURBINE,
    TRANSAMERICA DELAVAL AND IMO
    DELAVAL);
INGERSOLL-RAND COMPANY (Individually
    and as Successor to ALDRICH PUMP
    COMPANY AND TERRY STEAM
    TURBINE COMPANY);
ITT CORPORATION (Individually and as
    Successor to ITT FLUID PRODUCTS
    CORP., ITT HOFFMAN, ITT BELL &
    GOSSETT COMPANY, ITT GRINNELL

CORP. AND KENNEDY VALVE.);
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOOR, INC.;
PECORA CORPORATION;
RILEY POWER, INC. (Individually and as
    Successor to RILEY STOKER
    CORPORATION);
SID HARVEY INDUSTRIES, INC.;
THE WM POWELL COMPANY;
TRANE U.S. INC. (Individually and as Successor
    to AMERICAN STANDARD INC.);
TYCO FLOW CONTROL INC. (Individually
    and as Successor to YARWAY
    CORPORATION);
UNION CARBIDE CORPORATION;
VELAN STEAM TRAP CORPORATION;
VIACOM, INC. as Successor in Interest by
    Merger to CBS Corporation fka
    Westinghouse/1st payment (Individually and
    as Successor to CBS CORPORATION (BY
    MERGER) F/K/A WESTINGHOUSE
    ELECTRIC CORPORATION);
WARREN PUMPS INC. (Individually and as
    Successor to QUIMBY EQUIPMENT CO.,
    INC.);
WEIL-MCLAIN CO.;
YARWAY CORPORATION;
ZURN INDUSTRIES, INC. (Individually and as
    Successor to ERIE CITY IRON WORKS);

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

1)  Plaintiff is William Andrew Holzworth (hereinafter referred to as "plaintiff").

2)  Each of the defendants named in the caption above has conducted business in the City and State of New York and has produced, manufactured, specified, supplied, installed or distributed asbestos and/or asbestos products with the reasonable expectation that such products would be used or consumed in this state, which products were so used or consumed, and/or has committed the tortious acts set forth below in this state.

3)  Each of the defendants named in the caption above has manufactured, specified, supplied, sold, distributed and/or installed asbestos containing products to which the plaintiff was exposed, or was a contractor at a location where the plaintiff was exposed to

asbestos, or manufactured, sold and/or installed equipment which had asbestos components or specified such components for operation, or owned or operated jobsites where asbestos containing products or equipment were used and where the plaintiff was thereby exposed to asbestos.

4)   If is deemed that Article 16 of the CPLR applies to this action, the plaintiff asserts that this action falls within one or more of the exceptions set forth in CPLR1602 including , but not limited to, the exception for cases where a person is held liable for causing the claimant's injury by having acted with reckless disregard for the safety of others (CPLR 1602(7)); the exception for cases involving any person held liable for causing claimant's injury having unlawfully released into the environment a substance hazardous to public health, safety or the environment (CPLR 1602(9)); the exception for any parties found to have acted knowingly or intentionally and in concert to cause the acts or failure upon which liability is based (CPLR 1602(11)); the exception based upon defendants' non-delegable duty to warn of the health hazards of asbestos (CPLR 2602(2)(iv)); and the exception for persons held liable in a product liability action where the manufacturer of the product is not a party to the action and jurisdiction over the manufacturer could not with due diligence be obtained (CPLR 1602(10)).

5)   The plaintiff, in the course of plaintiff's employment, worked with and/or in the vicinity of asbestos containing products and equipment with asbestos containing components, which products and components gave off airborne asbestos fibers, which the plaintiff was thereby forced to inhale.  Plaintiff sustained exposure including while serving in the United States Navy between 1950 and 1954 on board the USS Edisto and USS Sheldrake and during overhauls in Brooklyn, Staten Island, and Boston between and while working as a construction and project manager between 1982 and 2007 and at other locations and times.

6)   Upon information and belief, the named defendants manufactured, designed, sold, supplied, distributed, relabeled, commingled, applied and/or installed those asbestos containing products and/or equipment with asbestos containing components to which the plaintiff was exposed during plaintiff's employment.

7)   Defendants, acting in concert, failed to warn the plaintiff and those similarly situated, of the known dangers and hazards of using their asbestos containing products.  This concert of action was achieved by the defendants providing substantial assistance and encouragement to one another in their wrongful course of conduct, and/or by expressly or impliedly agreeing not to warn the plaintiff and others similarly situated, of the hazards of said asbestos containing products.

8)   The inhalation of asbestos fibers is inherently dangerous, in that it proximately causes mesothelioma, lung cancer, asbestosis, pleural scarring and other severe diseases. Plaintiff, William Andrew Holzworth, was diagnosed with mesothelioma on 5/28/2012.


## FIRST CAUSE OF ACTION


Paragraphs 1 through 8 are incorporated herein as if set forth in full.

9) The employer or employers of the plaintiff, were engaged in various businesses in which they bought and/or installed asbestos products and materials.

10) The plaintiff was exposed to various asbestos containing products while serving in the United States Navy between 1950 and 1954 on board the USS Edisto and USS Sheldrake and during overhauls in Brooklyn, Staten Island, and Boston between and while working as a construction and project manager between 1982 and 2007 and at other locations and times.

11) During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

12) Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff, or to others working at the various job sites in New York where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such job sites for use by employees, including the plaintiff.

13) At all relevant times that the plaintiff was working, he was exposed to asbestos materials and products which, as part of plaintiff's employment, he was forced to come into contact with and breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

14) At all times pertinent hereto, defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, selling and/or installing asbestos and asbestos products.

15) At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold and/or installed by the defendants reached the plaintiff without any substantial change in their condition from the time they left the custody and control of the defendants.

16) The foregoing asbestos products and equipment with asbestos-containing components were defective in one or more of the following ways:

   a)  in that they were inherently dangerous to those who used, handled, came in contact with and/or inhaled said products and materials

   b)  in that they failed to carry proper, adequate and correct warnings and information concerning the dangers of said products;

   c)  in that they lacked proper safety precautions to be observed by users, handlers and persons, including the plaintiff who would reasonably and foreseeably come into contact with the said products and materials;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

d) in that they were packaged, bagged, boxed and/or supplied to the plaintiffs' decedent in packing, bagging, boxes or other containers that were inadequate and/or improper;

e) in that the products were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

f) in that any warnings, information and/or safety instructions said products may have carried were improper and inadequate in that they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer;

g) in that the said asbestos products and materials were not of merchantable quality; and

h) in that the said asbestos products and materials were not fit and safe for their known and intended purposes and uses.

17) As a result of the above, the plaintiff was caused to sustain permanent injuries caused by plaintiff's coming into contact with breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff is suffering will continue to cause the plaintiff to suffer pain and suffering, mental anxiety, distress of mind, emotional trauma and mental anguish.

18) The disease, diseases or injuries from which the plaintiff suffers were directly and proximately caused by plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, fabricated, supplied, constructed, processed, packaged, distributed, delivered, purchased, sold and/or installed by the defendants.

19) As a result thereof, the plaintiff's life span may have been shortened and plaintiff's capacity to carry on life's activities has been impaired along with plaintiff's capacity to enjoy life and family.

20) As a result of said illness, the plaintiff has been obligated to incur expenses for medical treatment, x-rays and in the future will be obliged to incur further expenses for such purposes.

21) As a further result of said illness, the plaintiff's earning capacity may be impaired in the future.

22) The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

23) The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

24) The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including

the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

25) Any warnings, information and/or instruction of safety precautions were improper and inadequate in that, among other things, they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer or mesothelioma.

26) The defendants have been possessed of medical and scientific data, studies and reports before 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

27) The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products. Defendants were members of organizations like the National Safety Council which widely disseminated information about asbestos disease to its members, beginning in the 1930's.

28) The defendants have since the 1930's had numerous workers' compensation claims filed against them in this state and many other states by employees or former employees alleging asbestos related pneumoconiosis, going back to the 1930's. This State and other states provided compensation for individuals with asbestos related injuries under workers' compensation laws beginning in the 1930's.

29) The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise plaintiff of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

30) Notwithstanding that the defendants possessed the foregoing information, the defendants wrongfully contracted for, mined, milled, processed, manufactured, designed, specified, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, installed, marketed, and/or sold asbestos products and materials to the plaintiff, plaintiff's employer(s) and/or to others working at the various job sites and places of employment of the plaintiff and/or the defendants installed, used and/or applied such products and equipment so as to expose the plaintiff to asbestos, and said defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, and failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

31) It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

32) The defendants breached these duties by:

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

a) failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury.

b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers

c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products

d) in that they were packaged, bagged, boxed, and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper

e) in that the products were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators

f) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure

g) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure

h) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to asbestos and asbestos products.

i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered; and

j) generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

33) The acts and omissions set forth above constitute misconduct that is intentional, willful, and reckless.

34) As a direct and proximate result of the defendant's misconduct hereinbefore set forth, the plaintiff contracted the diseases and injuries set forth in paragraph 8.

**WHEREFORE**, the plaintiff claims:

Compensatory damages in the amount of $20,000,000.00; and Punitive damages in the amount of $20,000,000.00.

## SECOND CAUSE OF ACTION

Paragraphs 1 through 34 are incorporated herein as if set forth in full.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

35) The plaintiff was a foreseeable user and consumer of the defendants' asbestos and asbestos products.

36) The defendants owed the plaintiff a duty of reasonable care to avoid causing him harm from exposure to their products.

37) The defendants breached their duty in the numerous and various manner set forth above.

38) The defendants' negligence directly and proximately caused the plaintiff's asbestos disease and other lawful damages set forth above.

**WHEREFORE**, the plaintiff claims:

Compensatory damages in the amount of $20,000,000.00; and Punitive damages in the amount of $20,000,000.00.

**THIRD CAUSE OF ACTION**

Paragraphs 1 through 38 are incorporated herein as if set forth in full.

39) The asbestos containing products hereinbefore described reached the plaintiff in a condition substantially unchanged from when they left the custody and control of the defendants, and were used by the plaintiff, and/or plaintiff's coworkers in the manner intended by the defendants.

40) The defendants are, therefore, strictly liable to the plaintiff in accordance with Section 402A of the Restatement (Second) of Torts.

**WHEREFORE**, the plaintiff claims:

Compensatory damages in the amount of $20,000,000.00; and Punitive damages in the amount of $20,000,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants in the First Cause of Action in the sum of Twenty Million ($20,000,000.00) Dollars in Compensatory Damages and Twenty Million ($20,000,000.00) Dollars in Punitive Damages; in the Second Cause of Action in the sum of Twenty Million ($20,000,000.00) Dollars in Compensatory Damages and Twenty Million ($20,000,000.00) Dollars in Punitive Damages; in the Third Cause of Action in the sum of Twenty Million ($20,000,000.00) Dollars in Compensatory Damages and Twenty Million ($20,000,000.00) Dollars in Punitive Damages.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

Dated at New York, New York, this 9 July 2012.

          Yours, etc.

          Jason Hodrinsky, Esq.
          EARLY & STRAUSS, L.L.C.
          Attorney for Plaintiffs
          360 Lexington Avenue, 20th Floor
          New York, NY  10017
          212.986.2233

          Jason Hodrinsky, Esq.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows that:

Affirmant is associated with the attorney of record for plaintiff in the within action; Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof to be true to Affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, Affirmant believes those matters to be true.

The grounds of Affirmant's belief as to all matters not stated upon his knowledge are based upon information contained in the file maintained in Affirmant's office.

This verification is made by Affirmant and not by the plaintiff because the plaintiffs reside outside the county wherein Affirmant maintains his office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Jason Hodrinsky, Esq.

Dated: July 9, 2012

Jason Hodrinsky, Esq.

Tampa VA Hosp          7/6/2012 4:23:28 PM  PAGE   2/004   Fax Server

# Lab Results

```
                         ---- SURGICAL PATHOLOGY ----

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    MEDICAL RECORD |                    SURGICAL PATHOLOGY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                         PATHOLOGY REPORT
Laboratory: TAMPA VAMC                       Accession No. SP 12 9231
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Submitted by: GAVIN ROSS DAVIS MD          Date obtained: May 25, 2012
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Specimen (Received May 25, 2012 10:43):
1. FS - PLEURAL BX
2. PLEURAL BX
               *+* SUPPLEMENTARY REPORT HAS BEEN ADDED *+*
                    *+* REFER TO BOTTOM OF REPORT *+*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BRIEF CLINICAL HISTORY:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PREOPERATIVE DIAGNOSIS:
    PLEURAL EFFUSION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
OPERATIVE FINDINGS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
POSTOPERATIVE DIAGNOSIS:
    PLEURAL EFFUSION

                   Surgeon/physician: ARTHUR W LARSON MD
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                         PATHOLOGY REPORT
Laboratory: TAMPA VAMC                       Accession No. SP 12 9231
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


Gross description:
    Dictated by:  Dina Kostas, Pathologists' Assistant

    Specimen #1 is received fresh for frozen section, labeled with the
    patient's name, designated "pleural biopsy," and consists of a 1.8 x
    1.6 x 0.5 cm fragment of hard soft tissue.  The surface is inked blue.
    The specimen is serially sectioned showing a tan-white, myxoid,
    focally translucent cut surface.  Two central representative sections
    are submitted for frozen section diagnosis.

    FROZEN SECTION DIAGNOSIS:  Biphasic neoplasm strongly suggestive of
    mesothelioma.  Dr. Muro-Cacho.
```

| PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| HOLZWORTH, WILLIAM A<br>3781 COHEN DR<br>ZELLWOOD, FLORIDA  32798-9750<br>147243043 | Printed at TAMPA VAMC |

Received Time Jul. 6. 2012  4:30PM No. 1972

# Lab Results

Printed On Jul 06, 2012

The entire specimen is submitted as follows:

1FSA:  Frozen section.

1B:  Remainder of the specimen.

Specimen #2 is received in formalin, labeled with the patient's name, designated "pleural biopsy," and consists of five, tan-white to pink, flat slightly firm pieces of tissue measuring 3.0 x 3.0 x 0.5 cm in aggregate.  One surface is inked blue.  The specimen is serially sectioned and submitted entirely in cassettes #2A-2D.

D-5/25/12   T-5/29/12   Job #11715   ad

Diagnosis:

1.  "Pleural", right thoracotomy with pleural biopsy:

BIPHASIC MESOTHELIOMA. (SEE NOTE).

2.  "Pleural", right thoracotomy with pleural biopsy:

BIPHASIC MESOTHELIOMA.

Note: Tumor cells are positive for calretinin, mesothelial marker, CK5/6, and LMW keratin. Tumor cells are negative for CEA, LeuM1, B72.3, Ber-EP4, TTF-1, P63, and mucin. These stain findings support the diagnosis of mesothelioma. The majority of the mesothelioma (90%) is epithelioid type, and 10% is the sarcomatoid type; therefore this diffuse malignant mesothelioma is classified as a biphasic mesothelioma.

Intradepartmental consultation with Dr. Muro-Cacho who concurs with the diagnosis.

This report may contain results from ancillary tests (Histochemistry, Immunohistochemistry, In situ Hybridization) performed at the James A. Haley VA Hospital (JAHVH) Pathology and Laboratory Medicine Service (PLMS).  The PLMS Histology Laboratory is certified under the Clinical Laboratory Improvement Amendments of 1988 (CLIA) and is qualified to perform high complexity clinical testing.  Pursuant to the requirements of CLIA, this laboratory has established and verified the tests accuracy and precision and adequate controls are performed and interpreted with every test.  The tests may be used for clinical or investigational (research) purposes but have not been cleared, or approved, by the US Food and Drug Administration.  The FDA has

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available) | **VISTA Electronic Medical Documentation**

HOLZWORTH, WILLIAM A
3781 COHEN DR
ZELLWOOD, FLORIDA  32798-9750
147243043

Printed at TAMPA VAMC

Tampa VA Hosp        7/6/2012 4:23:28 PM  PAGE   4/004   Fax Server

# Lab Results

determined, however, that such clearance or approval is not necessary.
Additional information about these tests is available upon request.

I, or my qualified designee, have supervised the
Resident/Pathologists' Assistant in the gross examination and
description of the specimens.  I have personally reviewed the
transcription of the gross description and all specimen preparations
referenced herein, and I have personally issued this report.

SUPPLEMENTARY REPORT(S):
    Supplementary Report Date: JUN 08, 2012
            *+* SUPPLEMENTARY REPORT HAS BEEN ADDED/MODIFIED *+*
(Added/Last released: Jun 08, 2012 15:23 Signed by JOHNSON,JEAN G)
    These results were reported with patient identification to Dr. Arthur
    Larson 6/8/12 at 3:09 p.m..


/es/ JEAN G JOHNSON
Staff Pathologist
Signed JUN 08, 2012@15:23:40
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        (End of report)
JEAN G JOHNSON MD                       jmg| Date May 31, 2012
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
HOLZWORTH,WILLIAM A                      STANDARD FORM 515
ID: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  SEX:M DOB:12/11/1932  AGE: 79 LOC:LAB
                                    PCP:

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)    VISTA Electronic Medical Documentation

HOLZWORTH, WILLIAM A
3781 COHEN DR
ZELLWOOD, FLORIDA  32798-9750              Printed at TAMPA VAMC
147243043