# EXHIBIT

ADRMOP

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:12-cv-04404-MEJ

| | |
|---|---|
| Hesterley et al v. CBS Corporation et al | Date Filed: 08/22/2012 |
| Assigned to: Magistrate Judge Maria-Elena James | Jury Demand: Defendant |
| Case in other court: San Francisco County Superior Court, CGC 12-276082 | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |
| Cause: 28:1331 Fed. Question: Personal Injury | |

**Plaintiff**

**Leonard D. Hesterley, Jr.**                represented by  **John S. Janofsky**
Waters & Kraus llp
222 N. Sepulveda Boulevard
Suite 1900
El Segundo, CA 90245
310-414-8146
Fax: 310-414-8156
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurel Halbany**
Waters Kraus & Paul
222 N. Sepulveda Boulevard
Suite 1900
El Segundo, CA 90245
310-414-8146
Fax: 310-414-8156
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Klausner**
Waters Kraus & Paul
222 N. Sepulveda
Suite 1900
El Segundo, CA 90245
310-414-8146
Fax: 310-414-8156
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ellen Hesterley**                represented by  **John S. Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Laurel Halbany
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Peter Klausner
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Crane Co.**                     represented by **Daniel W. Fox**
K & L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
KL Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roseanna M Castillo**
K and L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220
Email: roseanna.castillo@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**    represented by **Charles S. Park**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: cpark@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler, LLC**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**O-I, Inc.**

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**Parker-Hannifin Corporation**

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Thomas Dee Engineering Co., Inc.**

**Defendant**

**Triple A Machine Shop, Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Yarway Corporation**    represented by **Amy Jo Talarico**
Morgan Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000
Fax: (415) 442-1001
Email: atalarico@morganlewis.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross-claimant**

Crane Co.                                    represented by **Roseanna M Castillo**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

V.

**Cross-defendant**

Crane Co.                                    represented by **Roseanna M Castillo**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Cross-defendant**

**CBS Corporation**

**Cross-defendant**

**Foster Wheeler Energy Corporation**

**Cross-defendant**

**Foster Wheeler, LLC**

**Cross-defendant**

**General Electric Company**

**Cross-defendant**

**Ingersoll-Rand Company**

**Cross-defendant**

**O-I, Inc.**

**Cross-defendant**

**Owens-Illinois Inc.**

**Cross-defendant**

**Parker-Hannifin Corporation**

**Cross-defendant**

**Rapid-American Corporation**

**Cross-defendant**

**Thomas Dee Engineering Co., Inc.**

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 08/30/2012 | 11 | NOTICE of Appearance by Amy Jo Talarico *and Kristina F. Almquist and* |

| | | |
|---|---|---|
| | | *Ceritifate of Service* (Talarico, Amy) (Filed on 8/30/2012) (Entered: 08/30/2012) |
| 08/30/2012 | 10 | Certificate of Interested Entities by Yarway Corporation identifying Corporate Parent Yarway Corporation, Corporate Parent Tyco International Finance Group GmbH, a Swiss Corporation, Corporate Parent Keystone France Holdings Corp. for Yarway Corporation. *Certificate of Service* (Talarico, Amy) (Filed on 8/30/2012) (Entered: 08/30/2012) |
| 08/23/2012 | 9 | Certificate of Interested Entities by Foster Wheeler Energy Corporation *and Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 with Certificate of Service* (Park, Charles) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/23/2012 | 8 | NOTICE by Foster Wheeler Energy Corporation *of Re-Filing State Court Answer to Complaint with Certificate of Service* (Attachments: # 1 Exhibit A) (Park, Charles) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/23/2012 | 7 | NOTICE of Appearance by Charles S. Park *with Certificate of Service* (Park, Charles) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/23/2012 | 6 | ANSWER to Complaint with JURY DEMAND *FOR PERSONAL INJURY*, CROSSCLAIM against All Defendants byCrane Co.. (Castillo, Roseanna) (Filed on 8/23/2012) (Entered: 08/23/2012) |
| 08/22/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 11/22/2012. Case Management Conference set for 11/29/2012 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 8/22/12. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 8/22/2012) (Entered: 08/22/2012) |
| 08/22/2012 | 4 | CERTIFICATE OF SERVICE by Crane Co. re 2 Certificate of Interested Entities, 3 Notice (Other), 1 Notice of Removal (ga, COURT STAFF) (Filed on 8/22/2012) (Entered: 08/22/2012) |
| 08/22/2012 | 3 | NOTICE OF TAG-ALONG ACTION by Crane Co. (ga, COURT STAFF) (Filed on 8/22/2012) (Entered: 08/22/2012) |
| 08/22/2012 | 2 | Certificate of Interested Entities by Crane Co. re 1 Notice of Removal (ga, COURT STAFF) (Filed on 8/22/2012) (Entered: 08/22/2012) |
| 08/22/2012 | 1 | NOTICE OF REMOVAL /no process from San Francisco County Superior Court. Their case number is CGC 12-276082. (Filing fee $350 receipt number 34611077796). Filed byCrane Co.. (ga, COURT STAFF) (Filed on 8/22/2012) (Entered: 08/22/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/07/2012 11:55:59 | | | |
| PACER Login: | kl0203 | Client Code: | 0950000.00102/11040 |

| Description: | Docket Report | Search Criteria: | 3:12-cv-04404-MEJ |
| --- | --- | --- | --- |
| Billable Pages: | 4 | Cost: | 0.40 |

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 JUL 17  PM 1:41

CLERK OF THE COURT
BY:
DEPUTY CLERK
D. STEPF L

1  JOHN S. JANOFSKY, ESQ., CA Bar No. 74586
   jjanofsky@waterskraus.com
2  LAUREL HALBANY, ESQ., CA Bar No. 226549
   lhalbany@waterskraus.com
3  PETER KLAUSNER, ESQ., CA Bar No. 271902
   pklausner@waterskraus.com
4  WATERS, KRAUS & PAUL
5  222 N. Sepulveda Blvd., Suite 1900
   El Segundo, CA 90245
6  310-414-8146 Telephone
7  310-414-8156 Facsimile

8  Attorneys for Plaintiffs

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN FRANCISCO

12

13  LEONARD D. HESTERLEY, JR. and        )  Case No.  CGC12 -276082
    ELLEN HESTERLEY,                     )
14                                       )
                          Plaintiffs,    )  COMPLAINT FOR PERSONAL INJURY –
15                                       )  ASBESTOS (NEGLIGENCE; STRICT
             vs.                         )  LIABILITY; FALSE REPRESENTATION;
16                                       )  INTENTIONAL TORT/INTENTIONAL
    CBS CORPORATION *f/k/a* VIACOM, INC., )  FAILURE TO WARN; LOSS OF
17  *successor by merger with CBS*        )  CONSORTIUM )
    *CORPORATION f/k/a* WESTINGHOUSE     )
18  ELECTRIC CORPORATION);               )
    CRANE CO.;                           )
19  FOSTER WHEELER ENERGY                )
    CORPORATION;                         )
20  FOSTER WHEELER, LLC;                 )
    GENERAL ELECTRIC COMPANY;            )
21  INGERSOLL-RAND COMPANY;              )
22  O-I, INC. *(sued individually and as successor-* )
    *in-interest to* OWENS-ILLINOIS GLASS )
23  COMPANY);                            )
    OWENS-ILLINOIS, INC. *(sued individually* )
24  *and as successor-in-interest to* OWENS- )
    ILLINOIS GLASS COMPANY);             )
25  PARKER-HANNIFIN CORPORATION          )
26  *(sued individually and as successor-in-interest* )
    *to* SACOMA-SIERRA, INC.);           )
27  RAPID-AMERICAN CORPORATION           )
    *(sued individually and as successor-in-interest* )
28  *to* GLEN ALDEN CORPORATION *and as* )

                                      1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

*successor-in-interest to* PHILIP CAREY
MANUFACTURING CORPORATION); )
THOMAS DEE ENGINEERING CO., INC.; )
TRIPLE A MACHINE SHOP, INC.; )
UNION CARBIDE CORPORATION; )
YARWAY CORPORATION; )
and DOES 1-350 INCLUSIVE, )
)
Defendants. )
)

## GENERAL ALLEGATIONS

COMES NOW Plaintiffs LEONARD D. HESTERLEY, JR. and ELLEN HESTERLEY

(hereinafter "Plaintiffs") and complain and allege as follows:

1.    The true names and capacities, whether individual, corporate, associate, governmental

or otherwise, of defendants DOES 1 through 350, inclusive, are unknown to Plaintiffs at this time, who

therefore sues said defendants by such fictitious names. When the true names and capacities of said

defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are

informed and believe, and thereon allege, that each defendant designated herein as a DOE is

responsible, negligently or in some other actionable manner, for the events and happenings hereinafter

referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter

alleged.

2.    At all times herein mentioned, each of the defendants was the agent, servant, employee

and/or joint venture of his co-defendants, and each of them, and at all said times each defendant was

acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs

are informed and believe, and thereon allege that at all times herein mentioned, defendants CBS

CORPORATION *f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION *f/k/a*

WESTINGHOUSE ELECTRIC CORPORATION); CRANE CO.; FOSTER WHEELER ENERGY

CORPORATION; FOSTER WHEELER, LLC; GENERAL ELECTRIC COMPANY;

INGERSOLL-RAND COMPANY; O-I, INC. (*sued individually and as successor-in-interest to*

OWENS-ILLINOIS GLASS COMPANY); OWENS-ILLINOIS, INC. (*sued individually and as*

*successor-in-interest to* OWENS-ILLINOIS GLASS COMPANY); PARKER-HANNIFIN

CORPORATION (*sued individually and as successor-in-interest to* SACOMA-SIERRA, INC.);

2

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   RAPID-AMERICAN CORPORATION (*sued individually and as successor-in-interest to* GLEN

2   ALDEN CORPORATION *and as successor-in-interest to* PHILIP CAREY MANUFACTURING

3   CORPORATION); THOMAS DEE ENGINEERING CO., INC.; TRIPLE A MACHINE SHOP,

4   INC.; UNION CARBIDE CORPORATION; YARWAY CORPORATION and DOES 1-450

5   INCLUSIVE, were individuals, corporations, partnerships and/or unincorporated associations

6   organized and existing under and by virtue of the laws of the State of California, or the laws of some

7   other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized

8   to do and are doing business in the State of California, or the laws of some other state or foreign

9   jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing

10   business in the State of California, and that said defendants have regularly conducted business in the

11   County of San Francisco, State of California.

FIRST CAUSE OF ACTION

(Negligence)

14   PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-350, THEIR "ALTERNATE
15   ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE
      ALLEGES AS FOLLOWS:

16

17       3.    At all times herein mentioned, each of the named defendants and DOES 1 through 350

18   was the successor, successor in business, successor in product line or a portion thereof, parent,

19   subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

20   researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

21   distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

22   contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

23   packaging and advertising a certain substance, the generic name of which is asbestos, and other

24   products containing said substance. Said entities shall hereinafter collectively be called "alternate

25   entities." Each of the herein named defendants is liable for the tortious conduct of each successor,

26   successor in business, successor in product line or a portion thereof, assign, predecessor in product line

27   or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or

28   entity that it was a member of, or funded, that researched, repaired, marketing, warranted, re-branded,

  manufactured for others and advertised a certain substance, the generic name of which is asbestos, and

3

1   other products containing said asbestos.  The following defendants, and each of them, are liable for the

2   acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction

3   of Plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired

4   the assets, product line, or a portion thereof, of each such "alternate entity"; defendants, and each of

5   them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such

6   defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that

7   each such defendant enjoys the goodwill originally attached to each such "alternate entity".

8   **DEFENDANT**                             **ALTERNATE ENTITY**

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION | WESTINGHOUSE ELECTRIC CORPORATION |
| | WESTINGHOUSE CREDIT |
| |   CORPORATION |
| | BF STURTEVANT |
| | VIACOM INTERNATIONAL, INC. |
| | VIACOM PLUS |
| | CBS CORPORATION |
| | CBS BROADCASTING INC. (fka CBS INC.) |
| | BLOCKBUSTER INC. |
| | MARKETWATCH.COM |
| | SPORTSLINE.COM |
| | WESTWOOD ONE, INC. |
| | VIACOM, INC. |
| | WESTINGHOUSE PROCESS CONTROL |
| | HAGAN CONTROL CORPORATION |
| CRANE CO. | CRANE ENVIRONMENTAL |
| | CRANE PUMPS AND SYSTEMS |
| | VALVE SERVICES |
| | CRANE VALVE GROUP |
| | CRANE SUPPLY |
| | CHAPMAN VALVE CO. |
| | DEMING PUMPS |
| | JENKINS VALVES |
| | COCHRANE, INC. |
| | COCHRANE FEED TANKS |
| | COCHRANE CORPORATION |
| | STOCKHAM VALVES & FITTINGS, INC. |
| FOSTER WHEELER ENERGY CORPORATION | FOSTER WHEELER BOILER CORPORATION |
| | FOSTER WHEELER CONTRACTORS, INC. |
| | FOSTER WHEELER CORPORATION |
| | FOSTER WHEELER DEVELOPMENT |
| |   CORPORATION |
| | FOSTER WHEELER ENERGY RESOURCES |
| |   INC. |
| | FOSTER WHEELER ENERGY SERVICES, |
| |   INC. |
| | FOSTER WHEELER ENVIRESPONSE, INC. |

4

| | |
|---|---|
| 1 | FOSTER WHEELER ENVIRONMENTAL CORPORATION |
| 2 | FOSTER WHEELER POWER GROUP, INC. FOSTER WHEELER POWER SYSTEMS, INC. |
| 3 | FOSTER WHEELER PYROPOWER, INC. FOSTER WHEELER REALTY SERVICES, INC. |
| 4 | FOSTER WHEELER USA CORPORATION |
| 5 | FOSTER WHEELER, LLC |
| 6 | FOSTER WHEELER, LLC      FOSTER WHEELER BOILER CORPORATION FOSTER WHEELER CONTRACTORS, INC. |
| 7 | FOSTER WHEELER CORPORATION FOSTER WHEELER DEVELOPMENT CORPORATION |
| 8 | FOSTER WHEELER ENERGY RESOURCES INC. |
| 9 | FOSTER WHEELER ENERGY SERVICES, INC. |
| 10 | FOSTER WHEELER ENVIRESPONSE, INC. |
| 11 | FOSTER WHEELER ENVIRONMENTAL CORPORATION |
| 12 | FOSTER WHEELER POWER GROUP, INC. FOSTER WHEELER POWER SYSTEMS, INC. |
| 13 | FOSTER WHEELER PYROPOWER, INC. FOSTER WHEELER REALTY SERVICES, INC. |
| 14 | FOSTER WHEELER USA CORPORATION |
| 15 | FOSTER WHEELER ENERGY CORPORATION |
| 16 | GENERAL ELECTRIC COMPANY      GENERAL ELECTRIC BROADCASTING COMPANY, INC. |
| 17 | GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY |
| 18 | GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY |
| 19 | GENERAL ELECTRIC TRADING COMPANY |
| 20 | RADIO CORPORATION OF AMERICA RCA MANUFACTURING COMPANY, INC. |
| 21 | RCA CORPORATION MIDWEST CATALOG BRANDS, INC. |
| 22 | COLONY BRANDS, INC. MONTGOMERY WARD, INC. |
| 23 | WARDS MONTGOMERY WARD & CO., INCORPORATED |
| 24 | MONTGOMERY WARD HOLDING CORPORATION |
| 25 | GE CAPITAL SERVICES |
| 26 | GENERAL ELECTRIC CAPITAL CORPORATION |
| 27 | INGERSOLL-RAND COMPANY      ALDRICH PUMPS |
| 28 | BUTTERWORTH COMPANY DRESSER-RAND |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | | |
|---|---|---|
| 1 | | INGERSOLL-RAND EQUIPMENT<br>    CORPORATION |
| 2 | | INGERSOLL-RAND TRANSPORTATION<br>    SERVICES COMPANY |
| 3 | | PACIFIC PUMPS<br>POWERWORKS |
| 4 | | TERRY STEAM TURBINE COMPANY<br>THERMOKING |
| 5 | | WORTHINGTON PUMP COMPANY<br>WHITON MACHINE COMPANY |
| 6 | | |
| 7 | O-I, INC. | OWENS-ILLINOIS, INC.<br>OWENS-CORNING FIBERGLAS |
| 8 | | CORPORATION<br>FENCO |
| 9 | | MARINE ENGINEERING<br>FESCO |
| 10 | | FIBERGLAS ENGINEERING AND SUPPLY<br>    COMPANY |
| 11 | | WILLIAM LANE COMPANY<br>SILICARE INSULATION |
| 12 | | ASBESTOS ENGINEERING & SUPPLY CO.<br>OWENS-BROCKWAY GLASS CONTAINERS |
| 13 | | BROCKWAY GLASS CO., INC.<br>OWENS-ILLINOIS GLASS COMPANY |
| 14 | OWENS-ILLINOIS, INC. | O-I, INC.<br>OWENS-CORNING FIBERGLAS |
| 15 | | CORPORATION |
| 16 | | FENCO<br>MARINE ENGINEERING |
| 17 | | FESCO<br>FIBERGLAS ENGINEERING AND SUPPLY |
| 18 | | COMPANY<br>WILLIAM LANE COMPANY |
| 19 | | SILICARE INSULATION<br>ASBESTOS ENGINEERING & SUPPLY CO. |
| 20 | | OWENS-BROCKWAY GLASS CONTAINERS<br>BROCKWAY GLASS CO., INC. |
| 21 | | OWENS-ILLINOIS GLASS COMPANY |
| 22 | PARKER-HANNIFIN CORPORATION | PARKER-HANNIFIN CORPORATION<br>PARKER HANNIFIN (EIS DIVISION) |
| 23 | | PARKER APPLIANCE CORPORATION<br>HANNIFIN CORPORATION |
| 24 | | SACOMA-SIERRA, INC. |
| 25 | RAPID AMERICAN CORPORATION | KENTON CORPORATION<br>GLEN ALDEN CORPORATION |
| 26 | | PHILIP CAREY MANUFACTURING<br>    CORPORATION |
| 27 | THOMAS DEE ENGINEERING CO., INC. | THOMAS DEE ENGINEERING, INC. |
| 28 | | DEE COMPANY, INC. |

6

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| TRIPLE A MACHINE SHOP, INC. | TRIPLE A MACHINE SHOP INCORPORATED |
| | TRIPLE "A" MACHINE SHOP, INC. |
| UNION CARBIDE CORPORATION | THE DOW CHEMICAL COMPANY |
| | UNION CARBIDE CHEMICALS AND |
| | PLASTICS COMPANY, INC. |
| | UNION CARBIDE AND CARBON |
| | CORPORATION |
| | LINDE AIR PRODUCTS COMPANY |
| | NATIONAL CARBON CO., INC. |
| | PREST-O-LITE CO., INC. |
| | UNION CARBIDE COMPANY |
| | CARBIDE AND CARBON CHEMICALS |
| | CORPORATION |
| | BAKELITE COROPORATION |
| | UNION CARBIDE CONSUMER PRODUCTS |
| | CO. |
| | UNION CARBIDE MINING AND METALS |
| | DIVISION |
| | UNION CARBIDE ELECTRONICS DIVISION |
| | UNION CARBIDE HYDROCARBONS |
| | DIVISION |
| | UNION CARBIDE FERROALLOYS DIVISION |
| | JENNAT CORPORATION |
| | AMERCHOL CORPORATION |
| | UOP |
| | UCAR CARBON COMPANY |
| | UNION CARBIDE INDUSTRIAL GASES INC. |
| | PRAXAIR, INC. |
| | POLIMERI EUROPA S.r.l. |
| | ASIAN ACETYLS COMPANY, LTD. |
| | EQUATE PETROCHEMICAL COMPANY |
| | UNIVATION TECHNOLOGIES |
| YARWAY CORPORATION | TYCO FLOW CONTROL, INC. |
| | TYCO INTERNATIONAL, INC. |
| | TYCO VALVES & CONTROLS, INC. |
| | YARNALL WARING CO. |

4.     At all times herein mentioned, defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising a certain substance, the generic name of which is asbestos and other products containing said substance.

7

5.     At all times herein mentioned, defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised a certain substance, the generic name of which is asbestos, and other products and equipment containing said substance, in that said substance proximately caused personal injuries to users, consumers, workers, bystanders, and others, including the Plaintiffs herein (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the "exposed persons".

6.     Defendants, their "alternate entities," and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

7.     Defendants, their "alternate entities", and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, and that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to: sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiffs herein, would use or be in proximity of and exposed to said asbestos fibers.

8.     Defendants, their "alternate entities", and each of them, knew, or should have known, and intended that the aforementioned asbestos and asbestos-containing products and equipment would be used or handled as specified in Exhibit "A", which is attached hereto and incorporated by reference herein, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiffs herein, would be in proximity to and exposed to said

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

asbestos fibers.

    9.    Plaintiff LEONARD D. HESTERLEY, JR. has used, handled, or been otherwise exposed to asbestos and asbestos-containing products and equipment referred to herein in a manner that was reasonably foreseeable.  Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations as set forth in Exhibit "A", which is attached hereto and incorporated by reference herein.

    10.    As a direct and proximate result of the conduct of the defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff LEONARD D. HESTERLEY, JR.'s exposure to asbestos and asbestos-containing products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure to asbestos and/or asbestos-containing products, are set forth in Exhibit "B", which is attached hereto and incorporated by reference herein.

    11.    Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

    12.    Plaintiff LEONARD D. HESTERLEY, JR. suffers from malignant pleural mesothelioma, caused by an exposure to asbestos and asbestos-containing products and equipment. Plaintiff LEONARD D. HESTERLEY, JR. was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

    13.    As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities", and each of them, Plaintiff LEONARD D. HESTERLEY, JR. has suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to his person, body and health, including, but not limited to, throat cancer, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

    14.    As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities", and each of them, Plaintiff LEONARD D. HESTERLEY, JR. has incurred, is

9

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

2   medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

3   unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when

4   the true and exact cost thereof is ascertained.

5       15.    As a further direct and proximate result of the said conduct of the defendants, their

6   "alternate entities", Plaintiffs have incurred, and will incur, loss of income, wages, profits and

7   commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and

8   extent of which are not yet known to Plaintiffs; and leave is requested to amend this complaint to

9   conform to proof at the time of trial.

10      16.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

11  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge

12  of, or should have known of, each of the acts set forth herein.

13      17.    Defendants, their "alternate entities", and each of them, are liable for the fraudulent,

14  oppressive, and malicious acts of their "alternate entities", and each of them, and each defendant's

15  officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified,

16  and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set

17  forth herein.

18      18.    The herein-described conduct of said defendants, their "alternate entities", and each of

19  them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and

20  indifference to the safety and health of "exposed persons". Plaintiffs, for the sake of example and by

21  way of punishing said defendants, seek punitive damages according to proof.

22      WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and

23  each of them, as hereinafter set forth.

24

25                          SECOND CAUSE OF ACTION

26                              (Strict Liability)

27      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

28  ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-350,
    THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

                                    10

1       19.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the

2   allegations contained in the First Cause of Action herein.

3       20.    Defendants, their "alternate entities", and each of them, knew and intended that the

4   above-referenced asbestos and asbestos-containing products would be used by the purchaser or user

5   without inspection for defects therein or in any of their component parts and without knowledge of the

6   hazards involved in such use.

7       21.    Said asbestos and asbestos-containing products were defective and unsafe for their

8   intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.  The

9   defect existed in the said products at the time they left the possession of the defendants, their "alternate

10  entities," and each of them.  Said products did, in fact, cause personal injuries, including asbestosis,

11  other lung damage, and cancer to "exposed persons", including Plaintiff LEONARD D. HESTERLEY,

12  JR. herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective,

13  unsafe, and dangerous for use.

14      22.    At all times mentioned herein, the above-referenced asbestos and asbestos-containing

15  products failed to perform as safely as an ordinary consumer would expect when used in an intended

16  or reasonably foreseeable manner, and/or the risk of danger inherent in this substance and products

17  outweighed the benefits of said substance and products.

18      23.    At all times mentioned herein, the foreseeable use of said asbestos and asbestos-

19  containing products involved a substantial danger not readily recognizable to an ordinary user,

20  consumer, or bystander, or other "exposed persons," including LEONARD D. HESTERLEY, JR., but

21  which danger was known or knowable to Defendants, and Defendants failed to adequately warn of the

22  substantial danger.

23      24.    "Exposed persons" did not know of the substantial danger of using said products.  Said

24  dangers were not readily recognizable by "exposed persons".  Said defendants, their "alternate

25  entities", and each of them, further failed to adequately warn of the risks to which Plaintiff LEONARD

26  D. HESTERLEY, JR. and others similarly situated, were exposed.

27      25.    In researching, manufacturing, fabricating, designing, modifying, testing, or failing to

28  test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale,

11

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

2   warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos-

3   containing products and equipment, defendants, their "alternate entities", and each of them, did so with

4   conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and

5   asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer.

6   Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with

7   the assistance of, said defendants, their "alternate entities", and each of them, on or before 1930, and

8   thereafter.

9       26.    On or before 1930, and thereafter, said defendants, their "alternate entities" and each of

10  them, were aware that members of the general public and other "exposed persons", who would come

11  in contact with their asbestos and asbestos-containing products, had no knowledge or information

12  indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their

13  "alternate entities", and each of them, knew that members of the general public, and other "exposed

14  persons", who came in contact with asbestos and asbestos-containing products, would assume, and in

15  fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said

16  exposure was extremely hazardous to health and human life.

17      27.    With said knowledge, said defendants, their "alternate entities", and each of them,

18  opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer

19  for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-brand,

20  manufacture for others, package, and advertise said asbestos and asbestos-containing products without

21  attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or

22  death resulting from exposure to asbestos and asbestos-containing products.  Rather than attempting to

23  protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death

24  resulting from exposure to asbestos and asbestos-containing products, defendants, their "alternate

25  entities", and each of them, intentionally failed to reveal their knowledge of said risk, failed to warn of

26  said risk and consciously and actively concealed and suppressed said knowledge from "exposed

27  persons" and members of the general public, thus impliedly representing to "exposed persons" and

28  members of the general public that asbestos and asbestos-containing products were safe for all

12

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    reasonably foreseeable uses. Defendants, their "alternate entities", and each of them, engaged in this

2    conduct and made these implied representations with the knowledge of the falsity of said implied

3    representations.

4        28.    The above-referenced conduct of said defendants, their "alternate entities", and each of

5    them, was motivated by the financial interest of said defendants, their "alternate entities", and each of

6    them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication,

7    labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation,

8    contracting for installation, repair, marketing, warranting, re-branding, manufacturing for others,

9    packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial

10    motivation, defendants, their "alternate entities", and each of them, consciously disregarded the safety

11    of "exposed persons" and in fact were consciously willing and intended to permit asbestos and

12    asbestos-containing products to cause injury to "exposed persons" and induced persons to work with

13    and be exposed thereto, including Plaintiffs.

14        29.    Plaintiffs allege that the aforementioned defendants, their "alternate entities", and each

15    of them, impliedly warranted their asbestos and asbestos-containing products and equipment to be safe

16    for their intended use, but their asbestos and asbestos-containing products created an unreasonable risk

17    of bodily harm to "exposed persons."

18        30.    Plaintiffs further allege that Plaintiff LEONARD D. HESTERLEY, JR.'s injuries are a

19    result of cumulative exposure to asbestos and various asbestos-containing products and equipment

20    manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled,

21    assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced, installed,

22    contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others,

23    packaged and advertised by the aforementioned defendants, their "alternate entities", and each of

24    them, all of which were a substantial contributing factor to Plaintiff's development of the asbestos

25    disease complained of herein.

26        31.    Plaintiff LEONARD D. HESTERLEY, JR. relied upon Defendants, their "alternate

27    entities", and each of their representations, lack of warnings, and implied warranties of the fitness of

28    asbestos and asbestos-containing products. As a direct, foreseeable, and proximate result thereof,

-13-

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   Plaintiff has been injured permanently as alleged herein.

2       32.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

3   LEONARD D. HESTERLEY, JR. has suffered the injuries and damages alleged herein.

4           WHEREFORE, Plaintiffs pray for judgment against defendants, and their "alternate

5   entities", and each of them, as hereinafter set forth.

6                           THIRD CAUSE OF ACTION

7           (False Representation Under Restatement of Torts Section 402-B)

8   AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR
9   FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS
    COMPLAIN OF DEFENDANTS, DOES 1-350, THEIR "ALTERNATE ENTITIES", AND EACH OF
10                          THEM, AND ALLEGE AS FOLLOWS:

11      33.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and

12  every allegation contained in the First and Second Causes of Action.

13      34.    At the aforementioned time when defendants, their "alternate entities", and each of

14  them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately

15  warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

16  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-

17  branded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing

18  products, as hereinabove set forth, the defendants, their "alternate entities", and each of them,

19  expressly and impliedly represented to members of the general public, including the purchasers and

20  users of said product, and other "exposed persons", including, without limitation, Plaintiff LEONARD

21  D. HESTERLEY, JR. and his employers, that asbestos and asbestos-containing products, were of

22  merchantable quality, and safe for the use for which they were intended.

23      35.    The purchasers and users of said asbestos and asbestos-containing products, and other

24  "exposed persons", including, without limitation, Plaintiff LEONARD D. HESTERLEY, JR., and his

25  employers, relied upon said representations of defendants, their "alternate entities", and each of them,

26  in the selection, purchase, and use of asbestos and asbestos-containing products.

27      36.    Said representation by defendants, their "alternate entities", and each of them, were

28  false and untrue, and defendants knew at the time they were untrue, in that the asbestos and asbestos-

                                        14

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  containing products and equipment were not safe for their intended use, nor were they of merchantable

2  quality as represented by defendants, their "alternate entities", and each of them, in that asbestos and

3  asbestos-containing products and equipment have very dangerous properties and defects whereby said

4  products cause asbestosis, other lung damages, and cancer, and have other defects that cause injury

5  and damage to the users of said products and other "exposed persons", thereby threatening the health

6  and life of said persons, including Plaintiff LEONARD D. HESTERLEY, JR. herein.

7      37.   As a direct and proximate result of said false representations by defendants, their

8  "alternate entities", and each of them, Plaintiff sustained the injuries and damages alleged herein.

9      WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and

10  each of them, as hereinafter set forth.

11                      FOURTH CAUSE OF ACTION

12                (Intentional Tort/Intentional Failure to Warn)

13  AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AN

14  INTENTIONAL TORT UNDER CIVIL CODE SECTIONS 1708 THROUGH 1710, PLAINTIFFS

15  COMPLAINS OF DEFENDANTS, DOES 1-350, THEIR "ALTERNATE ENTITIES", AND EACH
    OF THEM, AND ALLEGES:

16      38.   Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and

17  every allegation contained in the First and Third Causes of Action herein, excepting therefrom

18  allegations pertaining to negligence.

19      39.   At all times pertinent hereto, the defendants, their "alternate entities", and each of them,

20  owed Plaintiffs a duty, as provided for in Section 1708, 1709, and 1710 of the Civil Code of the State

21  of California, to abstain from injuring the person, property, or rights of the Plaintiffs.  When a duty to

22  act was imposed, as set forth herein, the defendants, their "alternate entities", and each of them, did do

23  the acts and omissions in violation of that duty, thereby causing injury to the Plaintiff as is more fully

24  set forth herein.  Such acts and omissions consisted of acts falling within Section 1709 (Fraudulent

25  Deceit) and Section 1710 (Deceit) of the Civil Code of the State of California and, more specifically,

26  included suggestions of fact which were not true and which defendants, their "alternate entities", and

27  each of them, did not believe to be true; assertions of fact which were not true and which defendants,

28  their "alternate entities", and each of them, had no reasonable ground for believing to be true, and the

15

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  suppression of fact when a duty existed to disclose it, all as more fully set forth herein; the violation of

2  any one such duty gave rise to a cause of action for violation of rights of the Plaintiffs as provided for

3  in the aforementioned Civil Code sections.

4       40.    Since on or before 1930, the defendants, their "alternate entities", and each of them,

5  have known and have possessed the true facts of medical and scientific data and other knowledge

6  which clearly indicated that the asbestos and asbestos-containing products and equipment referred to

7  in Plaintiffs' First Cause of Action were and are hazardous to the health and safety of Plaintiff, and

8  others in Plaintiff's position working in close proximity with such materials.  The defendants, their

9  "alternate entities", and each of them, have known of the dangerous propensities of the aforementioned

10  materials and products since before that time.    With intent to deceive Plaintiff LEONARD D.

11  HESTERLEY, JR., and others in Plaintiff's position, and with intent that he and such others should be

12  and remain ignorant of such facts with intent to induce Plaintiff and such others to alter his and their

13  positions to his and their injury and/or risk and in order to gain advantages, the following acts

14  occurred:

15      (a)    Defendants, their "alternate entities", and each of them, did not label any of the

16  aforementioned asbestos-containing materials, products, and equipment regarding the hazards of such

17  materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in

18  close proximity with such materials until 1964, when certain of such materials were labeled by some,

19  but not all, of defendants, their "alternate entities", and each of them, since on or before 1930.  By not

20  labeling such materials, products, and equipment as to their said hazards, defendants, their "alternate

21  entities", and each of them, caused to be suggested as a fact to Plaintiffs that it was safe for Plaintiff to

22  work in close proximity to such materials, when in fact it was not true; and defendants, their "alternate

23  entities", and each of them, did not believe it to be true;

24      (b)    Defendants, their "alternate entities", and each of them, suppressed information

25  relating to the danger of use of the aforementioned materials, products, and equipment by requesting the

26  suppression of information to the Plaintiff and the general public concerning the dangerous nature of the

27  aforementioned materials to workers, by not allowing such information to be disseminated in a manner

28  which would have given general notice to the public and knowledge of the hazardous nature thereof

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    when defendant, their "alternate entities", and each of them, were bound to disclose such information;

2         (c)    Defendants, their "alternate entities", and each of them, sold the aforementioned

3    products, materials, and equipment to Plaintiff's employers and others without advising Plaintiff, his

4    employer, and others of the dangers of use of such materials to persons working in close proximity

5    thereto when defendants, their "alternate entities", and each of them, knew of such dangers, and had a

6    duty to disclose such dangers all as set forth herein.  By said conduct, defendants, their "alternate

7    entities", and each of them, caused to be positively asserted to Plaintiff LEONARD D. HESTERLEY,

8    JR. that which was not true and that which defendants, their "alternate entities," and each of them had no

9    reasonable ground for believing to be true, to wit: that it was safe for Plaintiff LEONARD D.

10   HESTERLEY, JR. to work in close proximity to such materials;

11        (d)    Defendants, their "alternate entities", and each of them, suppressed from Plaintiffs

12   medical and scientific data and knowledge of the results of studies including, but not limited to, the

13   information and contents of the "Lanza Report."  Although bound to disclose it, defendants, their

14   "alternate entities", and each of them, influenced A. J. Lanza, M.D. to change his report, the altered

15   version of which was published in Public Health Reports, Volume 50, at page 1, in 1935; thereby

16   causing Plaintiffs and others to be and remain ignorant thereof.  Defendants, their "alternate entities",

17   and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

18   danger, thereby lessening the probability of notice of danger to the users thereof;

19        (e)    Defendants, their "alternate entities", and each of them, belonged to, participated

20   in, and financially supported the Asbestos Textile Institute Industrial Hygiene Foundation and other

21   industry organizations which, for and on behalf of defendants, their "alternate entities", and each of

22   them, actively promoted the suppression of information of danger to users of the aforementioned

23   products and materials, thereby misleading Plaintiff LEONARD D. HESTERLEY, JR. by the

24   suggestions and deceptions set forth above in this cause of action.  The Dust Control Committee, which

25   changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically

26   enlisted to study the subject of dust control.  Discussions in this committee were held many times

27   regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust,

28   and such information was suppressed from public dissemination from 1946 to a date unknown to

17

1   Plaintiffs at this time;

2       (f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and

3   Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in

4   Manheim and Charleston, South Carolina, defendants, their "alternate entities", and each of them, knew

5   and possessed medical and scientific information of the connection between the inhalation of asbestos

6   fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

7   other industry organizations to all other defendants, their "alternate entities", and each of them, herein.

8   Between 1942 and 1950, the defendants, their "alternate entities", and each of them, suggested to the

9   public as a fact that which is not true and disseminated other facts likely to mislead Plaintiffs.  Such

10  facts did mislead Plaintiffs and others by withholding the afore-described medical and scientific data and

11  other knowledge and by not giving Plaintiff LEONARD D. HESTERLEY, JR. the true facts concerning

12  such knowledge of danger, which defendants, their "alternate entities", and each of them, were bound to

13  disclose;

14      (g)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

15  LEONARD D. HESTERLEY, JR. and others of the nature of said materials which were dangerous when

16  breathed and which could cause pathological effects without noticeable trauma, despite the fact that

17  defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to

18  disclose that said materials were dangerous and a threat to the health of persons coming into contact

19  therewith;

20      (h)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

21  LEONARD D. HESTERLEY, JR. with information concerning adequate protective masks and other

22  equipment devised to be used when applying and installing the products of the defendants, their

23  "alternate entities", and each of them, despite knowing that such protective measures were necessary,

24  and that they were under a duty to disclose that such materials were dangerous and would result in injury

25  to Plaintiff LEONARD D. HESTERLEY, JR. and others applying and installing such material;

26      (i)     Defendants, their "alternate entities", and each of them, when under a duty to so

27  disclose, concealed from Plaintiff LEONARD D. HESTERLEY, JR. the true nature of the industrial

28  exposure of Plaintiff LEONARD D. HESTERLEY, JR. and knew that Plaintiffs and anyone similarly

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis,

2  asbestosis, and/or cancer.  Defendants, their "alternate entities", and each of them, also concealed from

3  Plaintiff LEONARD D. HESTERLEY, JR. and others that harmful materials to which they were

4  exposed would cause pathological effects without noticeable trauma;

5  (j)  Defendants, their "alternate entities", and each of them, failed to provide

6  information of the true nature of the hazards of asbestos materials and that exposure to these material

7  would cause pathological effects without noticeable trauma to the public, including buyers, users, and

8  physicians employed by Plaintiff LEONARD D. HESTERLEY, JR. so that said physicians could not

9  examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that

10  defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure

11  was misleading; and

12  (k)  Defendants, their "alternate entities", and each of them, failed to provide adequate

13  information to physicians and surgeons retained by Plaintiff's employers and their predecessor

14  companies, for purposes of making physical examinations of Plaintiff LEONARD D. HESTERLEY, JR.

15  and other employees as to the true nature and risk of such materials and exposure thereto when they in

16  fact possessed such information and had a duty to disclose it.

17  41.  Defendants, their "alternate entities", and each of them, willfully failed and omitted to

18  complete and file a First Report of Occupational Injury or Illness regarding Plaintiff's injuries, as

19  required by law, and did willfully fail and omit to file a Report of Injury and Occupational Disease

20  with the State of California.  Plaintiff LEONARD D. HESTERLEY, JR. was in the class of persons

21  with respect to whom a duty was owed to file such reports and who would have been protected thereby

22  if the fact of danger from products complained of had become known.

23  42.  Defendants, their "alternate entities", and each of them, having such aforementioned

24  knowledge, and the duty to inform Plaintiff LEONARD D. HESTERLEY, JR. about the true facts, and

25  knowing the Plaintiff LEONARD D. HESTERLEY, JR. did not possess such knowledge and would

26  breathe such material innocently, acted falsely and fraudulently and with full intent to cause Plaintiff

27  LEONARD D. HESTERLEY, JR. to remain unaware of the true facts and to induce Plaintiffs to work

28  in a dangerous environment, all in violation of Sections 1708, 1709, and 1710 of the Civil Code of the

19

1  State of California.

2      43.    As a direct and proximate result of such intentional conduct by defendants, their

3  "alternate entities" and each of them, Plaintiff LEONARD D. HESTERLEY, JR. sustained the injuries

4  and damages alleged herein.   The herein-described conduct of said Defendants, their "alternate

5  entities", and each of them was and is willful, malicious, fraudulent, outrageous, and in conscious

6  disregard and indifference to the safety and health of "exposed persons".  Plaintiffs, for the sake of

7  example and by way of punishing said Defendants, seek punitive damages according to proof.

8      WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities," and

9  each of them, as is hereinafter set forth.

10                          FIFTH CAUSE OF ACTION

11                            (Loss of Consortium)

12  AS AND FOR A FURTHER, FIFTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS

13  OF CONSORTIUM, PLAINTIFF ELLEN HESTERLEY COMPLAINS OF DEFENDANTS, DOES 1-
    350, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

14

15      44.    Plaintiff ELLEN HESTERLEY incorporates by reference, each and every paragraph of

16  the First through Fourth Causes of Action herein.

17      45.    Plaintiffs LEONARD D. HESTERLEY, JR. and ELLEN HESTERLEY were married

18  in September 25, 1948, and at all times relevant to this action were, and are now, husband and wife.

19      46.    Prior to Plaintiff LEONARD D. HESTERLEY, JR.'s injuries as alleged, he was able

20  and did perform duties as a spouse.   Subsequent to the injuries and as a proximate result thereof,

21  Plaintiff LEONARD D. HESTERLEY, JR. has been unable to perform the necessary duties as a

22  spouse and the work and services usually performed in the care, maintenance, and management of the

23  family home, and he will be unable to perform such work, service and duties in the future.   As a

24  proximate result thereof, ELLEN HESTERLEY has been permanently deprived and will be deprived

25  of the consortium of her spouse, including the performance of duties, all to his damages, in an amount

26  presently unknown but which will be proved at the time of trial.

27      47.    Plaintiff ELLEN HESTERLEY's discovery of this cause of her loss of consortium, as

28  herein alleged, first occurred within one year of the date this Complaint was filed.

                                    20

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

48.     As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff LEONARD D. HESTERLEY, JR., as set forth in this complaint, Plaintiff ELLEN HESTERLEY has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray for judgment against defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff LEONARD D. HESTERLEY, JR.:

1.      For Plaintiff's general damages according to proof;

2.      For Plaintiff's loss of income, wages, and earning potential according to proof;

3.      For Plaintiff's medical and related expenses according to proof;

Plaintiff ELLEN HESTERLEY:

4.      For Plaintiff's damages for loss of consortium and/or society according to proof.

Plaintiffs LEONARD D. HESTERLEY, JR. and ELLEN HESTERLEY:

5.      For Plaintiffs' cost of suit herein;

6.      For exemplary or punitive damages according to proof;

7.      For damages for fraud according to proof; and

8.      For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.


DATED: July 17, 2012                              WATERS, KRAUS & PAUL


                                                  By:
                                                  LAUREL HALBANY
                                                  Attorneys for Plaintiffs


21

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4    DATED: July 17, 2012                    WATERS, KRAUS & PAUL

5

6

7                                        By: _____

8                                            LAUREL HALBANY
                                             Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

<u>EXHIBIT "A"</u>

2

3     Plaintiff LEONARD D. HESTERLEY, JR.'s exposure to asbestos and asbestos-containing

4  products occurred at various locations within the state of California including, but not limited to:

5

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Navy | Hunters Point Naval Shipyard, San Francisco, California; USS ORISKANY; USS ANTIETAM | Pipefitter Class "A" | 1952-1956 |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT "B"</u>

Plaintiff LEONARD D. HESTERLEY, JR.'s exposure to asbestos and asbestos-containing products caused severe and permanent injury to the Plaintiff including, but not limited to, breathing difficulties, asbestosis, mesothelioma, lung and/or other cancer, and/or other lung damage. Plaintiff LEONARD D. HESTERLEY, JR. was diagnosed with malignant pleural mesothelioma on or about February 23, 2012.

Plaintiff LEONARD D. HESTERLEY, JR. is retired.

38

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

LAUREL HALBANY, ESQ. (SBN 226549)
PETER KLAUSNER, ESQ. (SBN 271902)
WATERS, KRAUS & PAUL
222 N. SEPULVEDA BLVD., SUITE 1900
EL SEGUNDO, CA 90245
TELEPHONE NO.: 310-414-8146   FAX NO.: 310-414-8156
ATTORNEY FOR *(Name):* PLAINTIFFS

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 JUL 17 PM 1:41

CLERK OF THE COURT
BY:
DEPUTY CLERK
D. STEPPE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:
MAILING ADDRESS: 400 MCALLISTER STREET
CITY AND ZIP CODE: SAN FRANCISCO, 94102-4514
BRANCH NAME: CIVIC CENTER COURTHOUSE

CASE NAME: LEONARD D. HESTERLEY, JR., et al. vs. CBS
CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-12-276082 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [X] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (38)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: JULY 7, 2012

LAUREL HALBANY, ESQ.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
Plus

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice—
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
   or wrongful eviction*)
  Contract/Warranty Breach—Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
   Case Matter
  Writ—Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

1  JOHN S. JANOFSKY, ESQ., CA Bar No. 74586
   jjanofsky@waterskraus.com
2  LAURBL HALBANY, ESQ., CA Bar No. 226549
   lhalbany@waterskraus.com
3  PETER KLAUSNER, ESQ., CA Bar No. 271902
   pklausner@waterskraus.com
4
   WATERS, KRAUS & PAUL
5  222 N. Sepulveda Blvd., Suite 1900
   El Segundo, CA 90245
6  310-414-8146 Telephone
   310-414-8156 Facsimile
7

8  **Attorneys for Plaintiffs**

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN FRANCISCO

12                                    CGC12 -276082

13  LEONARD D. HESTERLEY, JR. and          ) Case No.
    ELLEN HESTERLEY,                       )
14                                         )
                      Plaintiffs,          ) **PRELIMINARY FACT SHEET / NEW**
15                                         ) **FILING/ASBESTOS LITIGATION**
                      vs.                  )
16                                         ) (*See* Case Management Order, filed June 29,
    CBS CORPORATION *f/k/a* VIACOM, INC.,  ) 2012)
17  *successor by merger with* CBS         )
    CORPORATION *f/k/a* WESTINGHOUSE       )
18  ELECTRIC CORPORATION);                 )
    CRANE CO.;                             )
19  FOSTER WHEELER ENERGY                  )
    CORPORATION;                           )
20  FOSTER WHEELER, LLC;                   )
    GENERAL ELECTRIC COMPANY;              )
21  INGERSOLL-RAND COMPANY;                )
    O-I, INC. (*sued individually and as successor-* )
22  *in-interest to* OWENS-ILLINOIS GLASS  )
    COMPANY);                              )
23  OWENS-ILLINOIS, INC. (*sued individually* )
24  *and as successor-in-interest to* OWENS- )
    ILLINOIS GLASS COMPANY);               )
25  PARKER-HANNIFIN CORPORATION            )
    (*sued individually and as successor-in-interest* )
26  *to* SACOMA-SIERRA, INC.);             )
    RAPID-AMERICAN CORPORATION             )
27  (*sued individually and as successor-in-interest* )
28  *to* GLEN ALDEN CORPORATION *and as*   )

                                  1

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 JUL 17 PM 1:41

CLERK OF THE COURT
BY:
    DEPUTY CLERK          D. STEPPE

1  *successor-in-interest to* PHILIP CAREY
   MANUFACTURING CORPORATION);               )
2  THOMAS DEE ENGINEERING CO., INC.;         )
   TRIPLE A MACHINE SHOP, INC.;              )
3  UNION CARBIDE CORPORATION;                )
   YARWAY CORPORATION;                       )
4  and DOES 1-350 INCLUSIVE,                 )
                                             )
5                        Defendants.         )
                                             )
6  _____   )

7                            <u>NOTICE</u>

8  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE

9  SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF

10 SAN FRANCISCO

11         You have been served with process in an action which has been designated by the Court as

12 complex litigation pursuant to Standard 3.10 of the Judicial Administration Standards. This litigation

13 bears the caption "*In Re: Complex Asbestos Litigation*", [San Francisco Superior Court No. 828684].

14         This litigation is governed by the Case Management Order, filed with this Court on June 29,

15 2012, some of which affect the judicial management and/or discovery obligations, including the

16 responsibility to answer interrogatories deemed propounded in the case. You may contact the Court or

17 Designated Defense Counsel, Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA

18 94610; Telephone: (510) 835-8330; Fax: (510) 835-5117, for further information and/or copies of

19 these orders, at your expense.

20

21

22

23

24

25

26

27

28

                                        2

## PRELIMINARY FACT SHEET

1.      State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"): **LEONARD D. HESTERLEY, JR.**

2.      Does plaintiff anticipate filing a motion for a preferential trial date within four months?

_____**X**_____Yes _____ No

3.      Date of birth of each exposed person in item one and, if applicable, date of death:
December 11, 1930

_____      _____

Social Security Number of each exposed person:
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-A

_____      _____

4.      Specify the nature or type of asbestos-related disease alleged by each exposed person.

_____ Asbestosis \_\_\_\_\_ \_\_**X**\_\_Mesothelioma _____Lung Cancer \_\_\_

_____ Other Cancer (specify) _____

_____ Pleural Thickening/Plaques _____ Other (specify) _____

5.      For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

\_\_**X**\_\_ Shipyard _____ Construction _____Friction/Automotive

_____ Premises \_\_\_\_\_ Aerospace \_\_\_**X**\_\_ Military

_____ Other (specify): _____

6.      If applicable, indicate which exposure allegations apply to which exposed person.
Leonard D. Hesterley, Jr.

_____

7.      Identify each location alleged to be a source of asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard, Pipefitter, 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant marine" or "construction". If an exposed person

claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

| Location of Exposure | Employer | Job Title at Time of Exposure | Year(s) of Exposure Beginning | Ending |
|---|---|---|---|---|
| San Francisco Naval Shipyard | US Navy | Pipefitter | 1952 | 1956 |
| USS ORISKANY | US Navy | Pipefitter | 1952 | 1956 |
| USS ANTIETAM | US Navy | Pipefitter | 1952 | 1956 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(Attach Additional Pages, If Necessary)

8. For each exposed person who:

a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit I);

b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit I);

c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit I);

d. was employed by the United States government in a civilian capacity, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit I).

9. If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

By: _____

Attorney for Plaintiff