ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-04624-JSC

Cruz et al v. Allied Packing & Supply, Inc. et al
Assigned to: Magistrate Judge Jacqueline Scott Corley
Case in other court: Alameda County Superior Court, RG
      11-573989
Cause: 28:1442 Petition for Removal

Date Filed: 09/05/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Gliceria Cruz**
*individually and as successor-in-interest to Mike M. Cruz, deceased*

represented by **Deborah R Rosenthal**
Simmons Browder Gianaris Angelides
& Barnerd LLC
100 N. Sepulveda Blvd
Suite 1350
El Segundo, CA 90245
310 322-3555
Email: drosenthal@simmonsfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Crystal G. Foley**
Simmons Browder Gianaris Angelides
& Barnerd LLC
100 N. Sepulveda Blvd
Suite 1350
El Segundo, CA 90245
310 322-3555
Fax: 310 322-3655
*ATTORNEY TO BE NOTICED*

**Nicholas J. Angelides**
Simmons Browder Gianaris Angelides
& Barnerd LLC
100 N. Sepulveda Blvd
Suite 1350
El Degundo, CA 90245
310 322-3555
Fax: 310 322-3655
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leviglida Cruz**
*as legal heir to Mike M. Cruz, deceased*

represented by **Deborah R Rosenthal**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Crystal G. Foley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas J. Angelides**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**Air & Liquid Systems Corporation**
*as successor by merger to Buffalo*
*Pumps, Inc*

**Defendant**

**Astra Flooring Company**
*f/k/a Viacom, successor by merger with*
*BCS Corporation f/k/a Westinghouse*
*Electric Corporation*

**Defendant**

**Certain-Teed Corporation**

**Defendant**

**Crane Co.**                              represented by   **Alexandra P Summer**
K&L Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200
Email: alexa.summer@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
K&L Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Cork & Seal Company, Inc.**
*individually and as successor-in-interest to Mundet Cork Company*

**Defendant**

**Darcoid Company of California**

**Defendant**

**Eaton Electrical Inc**
*formerly known as*
Cutler-Hammer Inc.

**Defendant**

**Fraser's Boiler Service, Inc.**

**Defendant**

**Fryer-Knovvles Inc**
*a California Corporation*

**Defendant**

**General Electric Company**

**Defendant**

**Hill Brothers Chemical Company**

**Defendant**

**Honeywell International Inc**
*individually and as successor-in-interest to Alliedsignal, Inc., successor to Bendix Corporation*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**John Crane Inc.**

**Defendant**

**M. Slayen & Associates Inc.**

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**SB Decicing Inc**
*formerly known as*
Selby Battersby & Company

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Company

**Defendant**

**SYD Carpenter, Marine Contractor, Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Velan Valve Corp.**

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Yarway Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2012 | 1 | NOTICE OF REMOVAL (no process) from Alameda County Superior Court. Their case number is RG 11-573989. (Filing fee $350; receipt number 44611009354). Filed by Crane Co. (slh, COURT STAFF) (Filed on 9/5/2012) (Entered: 09/06/2012) |
| 09/05/2012 | 2 | Certificate of Interested Parties filed by Crane Co. (slh, COURT STAFF) (Filed on 9/5/2012) (Entered: 09/06/2012) |
| 09/05/2012 | 3 | NOTICE of Tag-Along Action filed by Crane Co. (slh, COURT STAFF) (Filed on 9/5/2012) (Entered: 09/06/2012) |
| 09/05/2012 | 4 | CERTIFICATE OF SERVICE by Crane Co. re 1 Notice of Removal, 2 Certificate of Interested Entities, 3 Notice (Other). (slh, COURT STAFF) (Filed on 9/5/2012) (Entered: 09/06/2012) |
| 09/05/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 12/27/2012. Case Management Conference set for 1/3/2013 01:30 PM in Courtroom F, 15th Floor, San Francisco. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 9/5/2012) (Entered: 09/06/2012) |
| 09/17/2012 | 6 | CLERKS NOTICE. Case Management Statement due by 1/10/2013. Case Management Conference reset for 1/17/2013 01:30 PM in Courtroom F, 15th Floor, San Francisco before Magistrate Judge Jacqueline Scott Corley. (ahm, |

COURT STAFF) (Filed on 9/17/2012) (Entered: 09/17/2012)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/18/2012 07:23:15 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-04624-JSC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT A

1    CRYSTAL G. FOLEY (SBN 224627)
      NICHOLAS J. ANGELIDES (SBN 250127)
2    DEBORAH R. ROSENTAHL (SBN 184241)
      SIMMONS BROWDER GIANARIS
3    ANGELIDES & BARNERD LLC
      100 N. Sepulveda Blvd., Suite 1350
4    El Segundo, California 90245
      Tel: (310) 322-3555
5    Fax: (310) 322-3655

6

7    Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

FEB - 8 2012

CLERK OF THE SUPERIOR COURT
By Lanelle Bumb, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF ALAMEDA - COURT OF UNLIMITED JURISDICTION

10   GLICERIA CRUZ, individually and as    )   Case No. RG11573989
      successor-in-interest to MIKE M. CRUZ,  )
11   deceased; and LEVIGLIDA CRUZ, as legal  )
12   heir to MIKE M. CRUZ, deceased,      )
                                      )   FIRST AMENDED COMPLAINT FOR
13                 Plaintiffs,  )   WRONGFUL DEATH-ASBESTOS
                                        )   (NEGLIGENCE; STRICT LIABILITY; WILLFUL
14      vs.                      )   AND WANTON CONDUCT/PUNITIVE
                                        )   DAMAGES; and PREMISES/CONTRACTOR
15                                    )   LIABILITY)
     ALLIED PACKING & SUPPLY, INC.;     )
16   AIR & LIQUID SYSTEMS            )
     CORPORATION, as successor by merger to  )
17   BUFFALO PUMPS, INC.;           )
     ASTRA FLOORING COMPANY;      )
18   CBS CORPORATION (f/k/a VIACOM,    )
       INC., successor by merger with CBS    )
19       CORPORATION f/k/a WESTINGHOUSE  )
       ELECTRIC CORPORATION);       )
20   CERTAIN-TEED CORPORATION;     )
     CRANE CO.;                        )
21   CROWN CORK & SEAL COMPANY,    )
     INC. individually and as successor-in-interest  )
22   to MUNDET CORK COMPANY;      )
     THE DARCOID COMPANY OF      )
23   CALIFORNIA;                    )
24   EATON ELECTRICAL INC. f/k/a     )
     CUTLER-HAMMER INC.;          )
25   FRASER'S BOILER SERVICE, INC.;    )
26   FRYER-KNOWLES, INC., a California   )
     Corporation;                   )

27

28

1  GENERAL ELECTRIC COMPANY;                    )
2  HILL BROTHERS CHEMICAL                        )
   COMPANY;                                      )
3  HONEYWELL INTERNATIONAL INC.,                 )
      (*individually and as successor-in-interest to*  )
4     ALLIEDSIGNAL, INC., successor to           )
      BENDIX CORPORATION);                       )
5  INGERSOLL-RAND COMPANY;                       )
6  JOHN CRANE INC.;                              )
   M. SLAYEN & ASSOCIATES, INC.;                 )
7  METALCLAD INSULATION                          )
   CORPORATION;                                  )
8  OWENS-ILLINOIS, INC.;                         )
   SB DECKING, INC. *f/k/a* SELBY                )
9  BATTERSBY & COMPANY;                          )
   SCHNEIDER ELECTRIC USA, INC., *f/k/a*         )
10 SQUARE D COMPANY;                             )
   SYD CARPENTER, MARINE                         )
11 CONTRACTOR, INC.;                             )
   UNION CARBIDE CORPORATION;                    )
12 VELAN VALVE CORP.;                            )
13 WARREN PUMPS LLC;                             )
   YARWAY CORPORATION;                           )
14 and                                           )
   DOES 1-525 INCLUSIVE;                         )
15                                               )
                          Defendants.            )
16                                               )

## GENERAL ALLEGATIONS

COME NOW Plaintiffs, Gliceria Cruz individually and as successor-in-interest to Mike M. Cruz, deceased; and Levigilda Cruz, as legal heirs to Mike M. Cruz, deceased, (hereinafter "Plaintiffs"), and complain and allege as follows:

1.      The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants DOES 1 through 500, inclusive, are unknown to Plaintiffs at this time who therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon

2

allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Decedent, as hereinafter alleged.

2.     At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants ALLIED PACKING & SUPPLY, INC.; AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC.; ASTRA FLOORING COMPANY; CBS CORPORATION (*f/k/a* VIACOM, INC., *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION); CERTAIN-TEED CORPORATION; CRANE CO.; CROWN CORK & SEAL COMPANY, INC. individually and as successor-in-interest to MUNDET CORK COMPANY; THE DARCOID COMPANY OF CALIFORNIA; EATON ELECTRICAL INC. fka CUTLER-HAMMER INC.; FRASER'S BOILER SERVICE, INC.; FRYER-KNOWLES, INC., a Californa Corporation; GENERAL ELECTRIC COMPANY; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., (*individually and as successor-in-interest to* ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION); INGERSOLL-RAND COMPANY; JOHN CRANE INC.; M. SLAYEN & ASSOCIATES, INC.; METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.; SB DECKING, INC. *f/k/a* SELBY BATTERSBY & COMPANY; SCHNEIDER ELECTRIC USA, INC., *f/k/a* SQUARE D COMPANY; SYD CARPENTER, MARINE CONTRACTOR, INC.; UNION CARBIDE CORPORATION; VELAN VALVE CORP.; WARREN PUMPS LLC; YARWAY CORPORATION; and DOES 1-500 INCLUSIVE; were individuals,

1    corporations, partnerships and/or unincorporated associations organized and existing
2    under and by virtue of the laws of the State of California, or the laws of some other state
3    or foreign jurisdiction, and that said Defendants, and each of them, were and are
4    authorized to do and are doing business in the State of California, or the laws of some
5    other state or foreign jurisdiction, and that said Defendants, and each of them, were and
6    are authorized to do and are doing business in the State of California, and that said
7    Defendants have regularly conducted business in the County of Los Angeles, State of
8    California.

9         3.     Plaintiffs disclaim any cause of action or recovery for any injuries caused
10   by any exposure to asbestos dust that occurred in a federal enclave.  Plaintiffs also
11   disclaim any cause of action or recovery for any injuries resulting from exposure to
12   asbestos dust caused by any acts or omissions of a Defendant committed at the direction
13   of an officer of the United States Government.

14        4.     Plaintiff GLICERIA CRUZ brings any and all Survival Causes of Action
15   pursuant to Section 377.32 of the Code of Civil Procedure, as successor-in-interest to
16   Decedent MIKE M. CRUZ.

17        5.     The heirs-at-law of the decedent and their relationship to the decedent are:
18   GLICERIA CRUZ, the surviving spouse of Decedent, and LEVIGILDA CRUZ, the
19   surviving child of decedent.  Decedent's other surviving children, Angelito Cruz,
20   Crisostomo Cruz and Connie Cruz Lacap have all waived any all rights as legal heirs of
21   Decedent Mike M. Cruz regarding this wrongful death action. True and correct copies of
22   those waivers are attached hereto as Exhibit "C".

23        6.     At all times prior to his death, Decedent was a faithful and dutiful spouse
24   and parent.

25        7.     Plaintiffs GLICERIA CRUZ, and LEVIGILDA CRUZ bring any and all
26   Wrongful Death Causes of Action pursuant to Section 377.60 of the Code of Civil
27   Procedure.

28

8.     The individuals set forth as heirs constitute all of the surviving heirs of Decedent pursuant to California Code of Civil Procedure Section 377.60.

9.     Defendants DOES 501-525 may be heirs of Decedent Mike M. Cruz entitled to recover damages under California Code of Civil Procedure Section 377.60. Plaintiffs have not at this time ascertained the true names of said defendants and, therefore, name them as nominal defendants pursuant to California Code of Civil Procedure Section 382; however, these defendants are not intended to be included within the charging allegations of "defendant" as used hereafter within this complaint.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-500, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

10.    At all times herein mentioned, each of the named Defendants and DOES 1 through 500 was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and other products and equipment containing said substance. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketed, warranted, re-branded, manufactured for

1 | others and advertised a certain substance, the generic name of which is asbestos, and
2 | other products and equipment containing said asbestos. The following Defendants, and
3 | each of them, are liable for the acts of each and every "alternate entity", and each of
4 | them, in that there has been a virtual destruction of Plaintiffs' remedy against each such
5 | "alternate entity"; Defendants, and each of them, have acquired the assets, product line,
6 | or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have
7 | caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each
8 | such Defendant has the ability to assume the risk-spreading role of each such "alternate
9 | entity"; and that each such Defendant enjoys the goodwill originally attached to each
10 | such "alternate entity."

| **DEFENDANT** | **ALTERNATE ENTITY** |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. BUFFALO FORGE COMPANY |
| CBS CORPORATION | WESTINGHOUSE ELECTRIC CORPORATION WESTINGHOUSE CREDIT CORPORATION BF STURTEVANT VIACOM INTERNATIONAL, INC. VIACOM PLUS CBS CORPORATION CBS BROADCASTING INC. (f/k/a CBS INC.) BLOCKBUSTER INC. MARKETWATCH.COM SPORTSLINE.COM WESTWOOD ONE, INC. VIACOM, INC. |
| CERTAINTEED CORPORATION | KEASBY & MATTISON GUSTIN BACON MANUFACTURING CO. |

///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CRANE CO. | RESISTOFLEX<br>TITEFLEX<br>JENKINS VALVES<br>PACIFIC VALVES<br>MARK CONTROLS CORP.<br>CRANE ENVIRONMENTAL, INC.<br>CRANE PUMPS & SYSTEMS, INC. |
| CROWN CORK & SEAL COMPANY, INC. (*sued individually and as successor-in-interest to* MUNDET CORK CORPORATION) | CROWN, CORK & SEAL USA, INC.<br>CROWN HOLDINGS, INC.<br>MUNDET CORK CORPORATION |
| EATON ELECTRICAL, INC. | CUTLER-HAMMER INC. |
| GENERAL ELECTRIC COMPANY | GENERAL ELECTRIC BROADCASTING COMPANY INC.<br>GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY<br>GENERAL ELECTRIC PROFESSIONAL SERVICES COMPANY<br>GENERAL ELECTRIC TRADING COMPANY<br>MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>GE INDUSTRIAL SYTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| HILL BROTHERS CHEMICAL COMPANY | COAST GUARD RED<br>102-RED TOP |
| HONEYWELL INTERNATIONAL INC. | HONEYWELL INTERNATIONAL INC. sued individually and as successor-in-interest to ALLIED SIGNAL, INC., successor to BENDIX CORPORATION<br>ALLIED SIGNAL INC.<br>BENDIX CORPORATION |

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| INGERSOLL-RAND COMPANY | INGERSOLL-RAND ABG<br>DRESSER-RAND<br>POWERWORKS<br>THERMOKING<br>TERRY STEAM TURBINE COMPANY<br>WHITON MACHINE COMPANY<br>BUTTERWORTH COMPANY |
| JOHN CRANE INC. | CRANE PACKING COMPANY<br>TI GROUP PLC<br>SMITHS GROUP PLC |
| METALCLAD INSULATION<br>CORPORATION | NORTHERN CALIFORNIA<br>INSULATION, INC.<br>METALCLAD PRODUCTS CORP.<br>SWEETSER ENTERPRISES<br>METALCLAD ENVIRONMENTAL<br>CONTRACTORS<br>METALCLAD KIRCHER ASBESTOS<br>CO.<br>METALCLAD INSULATION COMPANY<br>INC.<br>METALCLAD CORP. |
| OWENS-ILLINOIS, INC. | OWENS-CORNING FIBERGLAS<br>CORPORATION<br>FIBERGLAS ENGINEERING AND<br>SUPPLY COMPANY<br>WILLIAM LANE COMPANY<br>SILICARE INSULATION<br>OWENS-BROCKWAY GLASS<br>CONTAINERS<br>BROCKWAY GLASS CO., INC.<br>OWENS-ILLINOIS GLASS COMPANY |
| SB DECKING, INC. *f/k/a* SELBY<br>BATTERSBY & COMPANY | SELBY, BATTERSBY & CO. |
| SCHNEIDER ELECTRIC USA, INC. | SQUARE D COMPANY |
| SYD CARPENTER, MARINE<br>CONTRACTOR, INC. | SYD THRIFT MARINE |

8

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| UNION CARBIDE CORPORATION | THE DOW CHEMICAL COMPANY |
| | UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. |
| | UNION CARBIDE AND CARBON CORPORATION |
| | LINDE AIR PRODUCTS COMPANY |
| | NATIONAL CARBON CO. INC. |
| | PREST-O-LITE CO. INC. |
| | UNION CARBIDE COMPANY |
| | CARBIDE AND CARBON CHEMICALS CORPORATION |
| | BAKELITE CORPORATION |
| | UNION CARBIDE CONSUMER PRODUCTS CO. |
| | UNION CARBIDE MINING AND METALS DIVISION |
| | UNION CARBIDE ELECTRONICS DIVISION |
| | UNION CARBIDE HYDROCARBONS DIVISION |
| | UNION CARBIDE FERROALLOYS DIVISION |
| | JENNAT CORPORATION |
| | AMERCHOL CORPORATION |
| | UOP |
| | UCAR CARBON COMPANY |
| | UNION CARBIDE INDUSTRIAL GASES INC. |
| | PRAXAIR INC. |
| | POLIMERI EUROPA S.r.l. |
| | ASIAN ACETYLS COMPANY LTD. |
| | EQUATE PETROCHEMICAL COMPANY |
| | UNIVATION TECHNOLOGIES |
| WARREN PUMPS, LLC | WARREN PUMPS INC. |
| | WARREN PUMPS-HOUDAILLE, INC. |
| | COLFAX PUMP GROUP |
| | ALWEILER AG |
| | HOUTTUIN BV |
| | IMO PUMP |
| | QUIMBY PUMP CO. |
| | ZENITH PUMPS |

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

11.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising a certain substance, the generic name of which is asbestos and other products, materials and equipment containing said substance and designed to utilize asbestos-containing replacement components.

12.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised a certain substance, the generic name of which is asbestos, and other products, materials and equipment containing said substance designed to utilize asbestos-containing replacement components, in that said substance proximately caused personal injuries to users, consumers, workers, bystanders, and others, including the Decedent herein (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by and around the "exposed persons."

13.   Defendants, their "alternate entities", and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and Defendants, their "alternate entities", and each of them, breached said duty of due care.

14.   Defendants, their "alternate entities", and each of them, knew, or should have known, that the aforementioned asbestos and products, materials, components and equipment containing asbestos would be transported by truck, rail, ship and other

10

1  common carriers, and that in the shipping process the products would break, crumble or
2  be otherwise damaged; and/or that such products, materials, components and equipment
3  would be used for various applications, including, but not limited to insulation,
4  construction, plastering, fireproofing, soundproofing, automotive and/or aircraft; and
5  further that in the course of said applications the same would·be subject to various
6  manipulation including, but not limited to, sawing, chipping, cutting, hammering,
7  scraping, sanding, abrasion, breaking, removal and tear-out, resulting in the release of
8  respirable airborne asbestos fibers, and that through such foreseeable use and/or handling
9  "exposed persons", including Decedent, would use or be in proximity of and exposed to
10  said asbestos fibers.

11      15.    Defendants, their "alternate entities", and each of them, knew, or should
12  have known, that the herein listed asbestos and asbestos-containing products, materials,
13  components and equipment would be used and/or manipulated as described above,
14  resulting in the release of airborne asbestos fibers, and that through such foreseeable use
15  and/or manipulation "exposed persons", including Decedent, would be in proximity to
16  .and exposed to said asbestos fibers.

17      16.    Decedent Mike M. Cruz, had used, handled, or been otherwise exposed to
18  asbestos and asbestos-containing products, materials, components, and equipment
19  referred to herein in a manner that was reasonably foreseeable.  Decedent Mike M.
20  Cruz's exposure to asbestos and asbestos-containing products, materials, components and
21  equipment occurred at various locations as set forth in Exhibit "A", which is attached
22  hereto and incorporated by reference herein.  ·

23      17.    Plaintiffs further allege that Decedent Mike M. Cruz's injuries are a result
24  of exposure to asbestos and various asbestos-containing products, materials, components
25  and equipment manufactured, fabricated, inadequately researched, designed, modified,
26  inadequately tested, labeled, assembled, distributed, leased, brought, offered for sale,
27  supplied, sold, inspected, serviced, installed, contracted ·for installation, repaired,
28

1   marketed, warranted, re-branded, manufactured for others, packaged and advertised by

2   the aforementioned Defendants, their "alternate entities", and each of them, that Plaintiffs

3   cannot identify precisely which asbestos or asbestos-containing products caused and/or

4   contributed to the injuries complained of herein.  Among the injurious exposures alleged

5   herein are Decedent Mike M. Cruz's exposures to asbestos supplied with, affixed and/or

6   added to, and/or installed including, but not limited to: insulation, asbestos cement pipe,

7   packing, gaskets, decking materials, generators, condensers, distillation units, blowers,

8   motors, evaporators, pumps, valves, boilers, turbines, brakes, friction materials and other

9   automotive components.

10       18.    As a direct and proximate result of the acts and omissions of the

11   Defendants, their "alternate entities", and each of them, as aforesaid, Decedent Mike M.

12   Cruz's exposure to asbestos and asbestos-containing products caused severe and

13   permanent injury to the Decedent, proximately resulting in his death, the nature of which,

14   along with the date of Decedent Mike M. Cruz's diagnosis, are set forth in Exhibit "B",

15   which is attached hereto and incorporated by reference herein.

16       19.    Plaintiffs are informed and believe, and thereon allege, that progressive

17   lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

18   without immediate perceptible trauma, and that said diseases resulting from exposure to

19   asbestos develop over a period of time.

20       20.    Decedent Mike M. Cruz suffered from and died from a condition called

21   malignant mesothelioma, caused by exposure to asbestos and asbestos-containing

22   products, materials, components, and equipment.  Decedent Mike M. Cruz was not aware

23   at the time of exposure that asbestos and/or asbestos-containing products, materials,

24   components, and equipment presented of injury and/or disease.

25       21.    As a direct and proximate result of the aforesaid acts and omissions of

26   Defendants, their "alternate entities", and each of them, Decedent Mike M. Cruz suffered

27   permanent injuries to his person, body and health, including, but not limited to, malignant

28

12

1  mesothelioma, other lung damage and cancer, from the effect of exposure to asbestos
2  fibers, proximately resulting in his death on June 16, 2011, all to the general damage of
3  his heirs and estate in a sum in excess of the jurisdictional limit of a limited civil case.

4      22.    As a direct and proximate result of the aforesaid acts and omissions of the
5  Defendants, their "alternate entities", and each of them, Plaintiffs have incurred liability
6  for physicians, surgeons, nurses, hospital care, medicine, hospice care, X-rays and other
7  medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this
8  time, and Plaintiffs pray leave to amend this complaint accordingly when the true and
9  exact cost thereof is ascertained.

10      23.    As a further direct and proximate result of the said conduct of the said
11  conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have
12  been, and in the future will be, deprived of the supports, society, solace, care comfort,
13  companionship, affection, advice, services and guidance of Decedent Mike M. Cruz.
14  Plaintiffs have also incurred, and will incur pecuniary loss, loss of support and other
15  pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and
16  leave is requested to amend this complaint to conform to proof at the time of trial.

17      WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate
18  entities", and each of them, as hereinafter set forth.

19
20  ## SECOND CAUSE OF ACTION
21  ### (Strict Liability)
22  AS FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
23  FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-
24  300, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS
    FOLLOWS:

25      24.    Plaintiffs incorporate herein by reference, as though fully set forth therein,
26  the allegations contained in Paragraphs 4-5 and 10-16 of the First Cause of Action.
27
28

13

25. Defendants, their "alternate entities", and each of them, knew or should have known that the above-referenced asbestos and asbestos-containing products, materials, components, and equipment would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

26. Said asbestos and asbestos-containing products, materials, components and equipment were defective and unreasonably dangerous in that the inhalation of asbestos fibers causes serious disease and/or death.   The defect existed in the said asbestos, products, materials, components and equipment at the time they left the possession of the Defendants, their "alternate entities", and each of them.  Said asbestos, products, materials, components, and equipment did, in fact, cause personal injuries, including lung damage and cancer to "exposed persons", including Decedent Mike M. Cruz, herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

27. "Exposed persons" including Decedent Mike M. Cruz, did not know of the substantial danger of using said products, materials, components, and equipment. Said dangers were not readily recognizable by "exposed persons."  Said Defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks to which Decedent Mike M. Cruz, and others similarly situated were exposed.

28. As a direct and proximate result of the foregoing defects and failure to warn, Plaintiffs have suffered the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

///

///

///

## THIRD CAUSE OF ACTION

### (Willful and Wanton Conduct/Punitive Damages)

PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-300, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR WILLFUL AND WANTON CONDUCT, ALLEGE AS FOLLOWS:

29.   Plaintiffs incorporate herein by reference, as though fully set forth therein, the allegations contained in the First Cause of Action.

30.   At all relevant times, Defendants, their "alternate entities," and each of them knew that asbestos was a dangerous and toxic substance, and knew the risks to "exposed persons" associated with the use and manipulation of asbestos and asbestos-containing products, materials, components and equipment as aforesaid. Defendants, their "alternate entities," and each of them knew that "exposed persons" including Decedent Mike M. Cruz,  and other members of the general public had no or insufficient knowledge and information concerning said danger and the risks to "exposed persons" associated with the use and manipulation of asbestos and asbestos-containing products, materials, components and equipment as aforesaid.

31.   With such knowledge and in furtherance of their own financial interests, Defendants, their "alternate entities," and each of them willfully, wantonly and maliciously engaged in researching, manufacturing, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, materials, components and equipment as aforesaid with conscious disregard for, and indifference to, the health and safety of "exposed persons, including Decedent Mike M. Cruz.

32.   With such knowledge and in furtherance of their own financial interests, Defendants, their "alternate entities," and each of them willfully, wantonly, maliciously

1  and with conscious disregard for, and indifference to, the health and safety of "exposed

2  persons, including Decedent Mike M. Cruz, failed and refused to undertake precautionary

3  measures, including but not limited to failing and refusing to provide warnings and/or

4  information, to protect "exposed persons" and/or otherwise reduce or eliminate the risks

5  to "exposed persons" associated with the use and manipulation of asbestos and asbestos-

6  containing products, materials, components and equipment as aforesaid.

7        33.    In addition to the willful, wanton and malicious acts and omissions above-

8  described, Defendants, their "alternate entities," and each of them, intentionally and in

9  furtherance of their own financial interests, took steps to suppress and/or corrupt the

10  public dissemination and availability of information concerning the dangerous and toxic

11  nature of asbestos, and the risks to "exposed persons" associated with the use and

12  manipulation of asbestos and asbestos-containing products, materials, components and

13  equipment as aforesaid.

14        34.    The officers, directors and managing agents of Defendants, their "alternate

15  entities," and each of them, authorized, expressly and impliedly ratified, participated-in,

16  knew or should have known, and/or were otherwise responsible for, the foregoing willful,

17  wanton, malicious and intended acts and omissions.

18        35.    As a direct and proximate result of the same, Decedent Mike M. Cruz,

19  suffered the injuries herein alleged for which Plaintiffs are entitled to recover

20  compensatory damages.

21        36.    Because the acts and omissions of Defendants, their "alternate entities,"

22  and each of them, were willful, wanton, malicious, intended and conscious disregard for,

23  and indifference to, the health and safety of "exposed persons, including Decedent Mike

24  M. Cruz, an award of punitive damages is appropriate and necessary to punish

25  Defendants, their "alternate entities," and each of them, and deter Defendants, their

26  "alternate entities," and each of them, as well as others, from engaging in like misconduct

27  in the future.

28

16

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Premises Owner/Contractor Liability)

AS FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION PLAINTIFFS COMPLAIN OF DEFENDANTS FRASER'S BOILER SERVICE, INC., FRYER-KNOWLES, INC., a Californa Corporation, M. SLAYEN & ASSOCIATES, INC., METALCLAD INSULATION CORPORATION, SYD CARPENTER, MARINE CONTRACTOR, INC, DOES 301-500, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, (hereinafter "PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS") , AND ALLEGE AS FOLLOWS:

37.    Plaintiffs, by this reference, incorporate the allegations contained in the General Allegations and paragraphs 3-18 of the First Cause of Action herein.

38.    At all times herein mentioned, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS were successor, successor-in-business, assign, predecessor, predecessor-in-business, parent, subsidiary; wholly or partially owned by, or the whole or partial owner of an entity causing certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products, and/or toxic substances to be constructed, installed, maintained, used, managed, and/or controlled by them. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein-named defendants is liable for the tortious conduct of each successor, successor-in-business, assign, predecessor-in-business, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, that caused the presence as aforesaid of said asbestos- and silica-containing products and insulation and other toxic substances. Said defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that

there has been a virtual destruction of plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, or a portion thereof, of each such "alternate entity"; defendants, and each of them, have caused the destruction of plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity", and that each such defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| METALCLAD INSULATION CORPORATION | NORTHERN CALIFORNIA INSULATION, INC. METALCLAD PRODUCTS CORP. SWEETSER ENTERPRISES METALCLAD ENVIRONMENTAL CONTRACTORS METALCLAD KIRCHER ASBESTOS CO. METALCLAD INSULATION COMPANY INC. METALCLAD CORP. |
| SB DECKING, INC. f/k/a SELBY BATTERSBY & COMPANY | SELBY, BATTERSBY & CO. |
| SYD CARPENTER, MARINE CONTRACTOR, INC. | SYD THRIFT MARINE |

39.    At all times mentioned herein, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, owned, leased, maintained, managed and/or controlled the premises listed on the attached Exhibit "A", when Decedent MIKE M. CRUZ was present. The following information provided is preliminary and is based on recall of events covering many years, and further investigation and discovery may produce additional information. Additionally, Decedent might have been present at other PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' premises at other locations and on other occasions.

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

40. Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products, and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesaid respective premises, by their own workers and/or by various contractors and/or subcontractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to Decedent MIKE M. CRUZ, and other persons exposed to said asbestos and toxic substances while present at said premises.

41. At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, knew or in the exercise or ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Decedent MIKE M. CRUZ, and other workers or persons so exposed, present at each of the aforesaid respective premises.

42. At all times relevant herein, Decedent MIKE M. CRUZ, entered said premises and used or occupied each of said respective premises as intended and for each of the respective PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' benefit and advantage and at PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' request and invitation. In so doing, Decedent MIKE M. CRUZ was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said PREMISES

OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, thereby causing MIKE M. CRUZ to be exposed.

43.   Decedent MIKE M. CRUZ at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

44.   At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS remained in control of the premises where Decedent MIKE M. CRUZ, was, was performing their work.

45.   At all times mentioned herein, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS owed to Decedent MIKE M. CRUZ, and others similarly situated, a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff to an unreasonable risk of harm and to avoid causing injury to said persons.

46.   At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions; and that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises.

47.   At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff of, the existence of the aforesaid dangerous conditions and hazards on said premises.

48.   Prior to and at the times and places aforesaid, said PREMISES OWNER/ CONTRACTOR LIABILITY DEFENDANTS, and each of them, respectively, caused certain asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of

respirable asbestos fibers and/or asbestos- and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired, and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors and/or subcontractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff.

49.   At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, and each of them, should have recognized that the work of said contractors and/or subcontractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff and others unless special precautions were taken.

50.   In part, Decedent MIKE M. CRUZ was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractor and/or subcontractors' failure to take the necessary precautions.

51.   The work of contractors and/or subcontractors on premises controlled by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS created unsafe premises and an unsafe work place by reason of the release of dangerous quantities of toxic substances including, but not limited to, asbestos.

52.   The unsafe premises or work place was created, in part, by the negligent conduct of the contractors and/or subcontractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS. Said negligent conduct includes, but is not limited to:

(a)   Failure to warn of asbestos and other toxic dusts;

(b)   Failure to suppress the asbestos-containing or toxic dusts;

(c)   Failure to remove the asbestos-containing and toxic dusts through use of ventilation or appropriate means;

21

(d)     Failure to provide adequate breathing protection, i.e., approved respirators or masks;

(e)     Failure to inspect and/or test the air;

(f)     Failure to provide medical monitoring;

(g)     Failure to select and hire careful and competent contractors or subcontractors;

(h)     Negligently and carelessly providing service contracts; and

(i)     Negligently and carelessly providing designs, specifications and purchase requisitions calling for the installation and use of hazardous asbestos and asbestos containing products and equipment.

53.     The PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code of Procedure, section 1714, and California Labor Code, section 6400, et seq., or Health and Safety Code, section 40.200, et seq., and regulations promulgated thereunder. Therefore, the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS are responsible for any breach of said duties whether by themselves or others.

54.     Prior to and at said times and places, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS were subject to certain ordinances, statutes, and other governmental regulations promulgated by the United States Government, the State of California, and others, including, but not limited to, the General Industry Safety Orders promulgated pursuant to California Labor Code, section 6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including, but not limited to: Title VIII, Group 9 (Control of Hazardous Substances), Article 81, sections 4150, 4106, 4107, and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health and Safety Code, section 40.200, et seq.,

which empowers the South Coast Area Air Quality Management District to promulgate regulations including, but limited to: S.C.A.A.Q.M.D. Rule 1403; Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq. -- The National Emission Standards for Hazardous Air Pollutants, which required said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the required safeguards and precautions, or contractors employed by the PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS failed to provide the required safeguards and precautions. Defendant's violations of said codes include, but are not limited to:

(a)     Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

(b)     Failing to segregate work involving the release of asbestos or other toxic dusts;

(c)     Failing to suppress dust using prescribed ventilation techniques;

(d)     Failing to suppress dust using prescribed "wet down" techniques;

(e)     Failing to warn or educate plaintiff or others regarding asbestos or other toxic substances on the premises;

(f)     Failing to provide approved respiratory protection devices;

(g)     Failing to ensure "approved" respiratory protection devices were used properly;

(h)     Failing to provide for an on-going health screening program for those exposed to asbestos on the premises;

(i)     Failing to provide adequate housekeeping and clean-up of the work place;

(j)     Failing to properly warn of the hazards associated with asbestos as required by these statutes;

(k)     Failing to properly report renovation and disturbance of asbestos-containing materials, including, but not limited to: S.C.A.A.Q.M.D. Rule 1403;

(l)     Failing to have an asbestos removal supervisor as required by regulation;

(m)    Failing to get approval for renovation as required by statutes; and

(n)     Failing to maintain records as required by statute.

55.     PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, were the "statutory employer" of Decedent MIKE M. CRUZ, as defined in the California Labor Code and California case law.

56.     Decedent MIKE M. CRUZ at all times was unaware of the hazardous condition or the risk of personal injury created by defendants' violation of said regulations, ordinances, or statutes.

57     At all times mentioned herein, Decedent MIKE M. CRUZ was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

58.     At all times mentioned herein, said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

59.     As a legal consequence of the foregoing, Decedent MIKE M. CRUZ developed an asbestos-related illness, which has caused great injury and disability as previously set forth, and Plaintiffs have suffered damages as alleged herein.

24
FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

60.   The herein-described conduct of said PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, their "alternate entities", were and are willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons".   Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damages according to proof.

WHEREFORE,   Plaintiffs   pray   for   judgment   against   PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS, their "alternate entities", as hereinafter set forth.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as follows:

Plaintiffs, Gliceria Cruz individually and as successor-in-interest to Mike M. Cruz, deceased; and Levigilda Cruz, as legal heirs to Mike M. Cruz, deceased:

1.   For Plaintiffs' general damages according to proof;

2.   For Plaintiffs' pecuniary and economic losses, including loss of support according to proof;

3.   For funeral and burial expenses according to proof;

4.   For Plaintiffs' damages for loss of love, companionship, comfort, affection, solace, moral support and/or society according to proof.

Plaintiff Gliceria Cruz, individually and as successor-in-interest to, Mike M. Cruz, deceased:

5.   For Decedent's medical and related expenses according to proof;

6.   For exemplary or punitive damages according to proof; and,

Plaintiffs, Gliceria Cruz individually and as successor-in-interest to Mike M. Cruz, deceased; and Levigilda Cruz, as legal heirs to Mike M. Cruz, deceased:

7.   For Plaintiffs' cost of suit herein;

25

8.   For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032, and related provisions of law.

Dated: 2/7/12

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC


By: _____
Deborah R. Rosenthal
Crystal G. Foley
Attorneys for Plaintiffs

26

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

Dated: _2/7/12_                    SIMMONS BROWDER GIANARIS
                                   ANGELIDES & BARNERD LLC


                                   By: _____
                                       Deborah R. Rosenthal
                                       Crystal G. Foley
                                       Attorneys for Plaintiffs

---

27

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

EXHIBIT "A"

Decedent Mike M. Cruz's exposure to asbestos and asbestos-containing products

occurred at various locations within the state of California including, but not limited to:

| Employer | Location | Job Title | Dates of Exposure |
|---|---|---|---|
| U.S. Navy | Sangley Point Naval Base, Philippines; | Seaman | 12/1/65 – 12/4/65 |
| | U.S. Naval Training Center, Camp Nimitz, San Diego, CA; | Seaman | 12/1/65 – 3/1/66 |
| | USS CAPRICORNUS (AKA-57/LKA-57); | Seaman/ Cook | 4/1/66 – 6/1/68 |
| | USS HOEL (DDG-13); | Steward/ Electrician | 1/1/74 – 12/1/75; and 1/1/76 – 3/3/80 |

28

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

EXHIBIT "B"

Decedent Mike M. Cruz's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the Decedent including, but not limited to, breathing difficulties, asbestosis, malignant mesothelioma, lung and/or other cancer, and/or other lung damage.

Decedent Mike M. Cruz was diagnosed with malignant mesothelioma on or about February 17, 2011, and subsequently thereto, became aware that same was wrongfully caused.

Decedent Mike M. Cruz died from malignant mesothelioma on or about June 16, 2011

Decedent Mike M. Cruz had taken regular retirement prior to the time of his diagnosis with malignant mesothelioma.

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH-ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "C"

Waivers of Decedent Mike M. Cruz's legal heirs Angelito Cruz, Crisostomo Cruz and
Connie Cruz Lacap (Attached)

30

FIRST AMENDED COMPLAINT FOR  WRONGFUL DEATH-ASBESTOS