IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | Transferred from the District |
| BAUDIEN | : | of North Dakota, |
| | : | Case No. 90-00239 |
| v. | : | |
| | : | |
| A.H. BENNETT CO., et al. | : | E.D. PA No. 2:09-cv-66621 |

## SUGGESTION OF REMAND

**AND NOW,** this **19th** day of **September, 2012,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 6).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

1

        i.   Various defendants were voluntarily dismissed.

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) The remaining viable Defendants for trial are:[1]

        i.   A.L. CRUMP AND CO., INC.

        ii.  BELMONT INDUSTRIES, INC.

        iii. FARGO-MOORHEAD INSULATION, INC.

        iv.  GREFCO, INC.

        v.   GRINNELL CORPORATION

        vi.  INGERSOLL-RAND COMPANY

        vii. MCMASTER CARR SUPPLY COMPANY

        viii.   OWENS-ILLINOIS, INC.

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

---

[1]    Plaintiff has represented to the Court that certain other defendants are pending, viable defendants in the case. However, those defendants that are not listed as pending above are not listed on the E.D. Pa. docket for this case, and were not listed on the transferor court's docket prior to the transfer of the case. Therefore, the above list is the list of remaining viable defendants according to the Court's records.

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **District of North Dakota** for resolution of all matters pending within this case except punitive damages.[2]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[2]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge

**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875

**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 6,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

4

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Michele_Ventura@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: ASBESTOS PRODUCTS      :    Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                              :
                              :    Transferred from the District
BENTLEY                       :    of North Dakota,
                              :    Case No. 90-00240
     v.                       :
                              :
A.H. BENNETT CO., et al.      :    E.D. PA No. 2:09-cv-66622


**<u>SUGGESTION OF REMAND</u>**

**AND NOW**, this **19th** day of **September, 2012**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (<u>see</u> the MDL 875 website's Administrative

Orders page, at <u>http://www.paed.uscourts.gov/mdl875d.asp</u>).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (<u>see</u> ECF No. 4).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

1

        i.    Motion for Summary Judgment of Defendant the

                Jamar Company was granted (ECF No. 56).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) The remaining viable Defendants for trial are:[1]

      i.   A.L. CRUMP AND CO., INC.

      ii.  BELMONT INDUSTRIES, INC.

     iii. FARGO-MOORHEAD INSULATION, INC.

      iv.  FOSTER WHEELER CORP.

      v.   GREFCO, INC.

      vi.  GRINNELL CORPORATION

     vii. INGERSOLL-RAND COMPANY

    viii.   MCMASTER CARR SUPPLY COMPANY

      ix.  OWENS-ILLINOIS, INC.

---

[1] Plaintiff has represented to the Court that certain other defendants are pending, viable defendants in the case. However, those defendants that are not listed as pending above are not listed on the E.D. Pa. docket for this case, and were not listed on the transferor court's docket prior to the transfer of the case. Therefore, the above list is the list of remaining viable defendants according to the Court's records.

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. <u>See</u> Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **District of North Dakota** for resolution of all matters pending within this case except punitive damages.[2]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

_____

[2]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. <u>See</u> <u>In re Collins</u>, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); <u>see also</u> <u>In re Roberts</u>, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 6,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Michele_Ventura@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: ASBESTOS PRODUCTS        :    Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                                :
                                :    Transferred from the District
BIRST                           :    of North Dakota,
                                :    Case No. 90-00241
     v.                         :
                                :
A.H. BENNETT CO., et al.        :    E.D. PA No. 2:09-cv-66623


### SUGGESTION OF REMAND

**AND NOW**, this **19th** day of **September, 2012**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

   a.) Plaintiff has complied with MDL-875 Administrative
   Orders 12 and 12A (see the MDL 875 website's Administrative
   Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).
   b.) Parties have completed their obligations under the Rule
   16 order issued by the Court (see ECF No. 3).
   c.) All discovery has been completed.
   d.) The Court has adjudicated all outstanding motions,
   including dispositive motions. Particularly relevant rulings
   include:

1

>           i.    Motion for Summary Judgment of Defendant the
>                 Jamar Company was granted (ECF No. 66).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) The remaining viable Defendants for trial are:[1]

>           i.    A.L. CRUMP AND CO., INC.
>           ii.   BELMONT INDUSTRIES, INC.
>           iii.  FARGO-MOORHEAD INSULATION, INC.
>           iv.   GREFCO, INC.
>           v.    GRINNELL CORPORATION
>           vi.   INGERSOLL-RAND COMPANY
>           vii.  MCMASTER CARR SUPPLY COMPANY
>           viii. OWENS-ILLINOIS, INC.

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

---

[1]    Plaintiff has represented to the Court that certain other defendants are pending, viable defendants in the case. However, those defendants that are not listed as pending above are not listed on the E.D. Pa. docket for this case, and were not listed on the transferor court's docket prior to the transfer of the case. Therefore, the above list is the list of remaining viable defendants according to the Court's records.

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **District of North Dakota** for resolution of all matters pending within this case except punitive damages.[2]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[2]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 6,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

4

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

**Contact information for the MDL 875 Court**

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Michele_Ventura@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

**Intercircuit Assignment Committee**

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case.  If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL FISHBEIN, et al,          :
                      Plaintiffs  :
                                  :
        v.                        :
                                  :
PERKIN DESIGN INTERIORS, LLC, et al,:
  Defendants, Third-Party Plaintiffs:   No. 12-cv-2177
                                  :
        v.                        :
                                  :
DBW ASSOCIATES, LLC, d/b/a A-1
MILLWORK                          :
        Third-Party Defendant     :

**ORDER**

AND NOW this          day of                 , 2012,

upon consideration of Petitioners', Stacey L. Schwartz, Esquire,

Philip L. Blackman, Esquire, and Schwartz and Blackman, Petition

for Leave of Court to Withdraw as Counsel for Third Party

Defendant DBW Associates, LLC, d/b/a/ A-1 Millwork and any

responses thereto, it is hereby ORDERED and DECREED that said

Petition is **granted.**

It is hereby further ORDERED and DECREED that, Stacey L.

Schwartz, Esquire, Philip L. Blackman, Esquire and Schwartz and

Blackman may withdraw as counsel for Third Party Defendant DBW

Associates, LLC, d/b/a/ A-1 Millwork in this action.

BY THE COURT

_____
                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :    Consolidated Under
LIABILITY LITIGATION (No. VI) :       MDL DOCKET NO. 875
                                  :
                                  :    Transferred from the District
BOLKEN                            :    of North Dakota,
                                  :    Case No. 92-00186
        v.                        :
                                  :
BELMONT INDUST., et al.           :    E.D. PA No. 2:09-cv-68020

## SUGGESTION OF REMAND

**AND NOW,** this **19th** day of **September, 2012,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

    a.) Plaintiff has complied with MDL-875 Administrative

    Orders 12 and 12A (see the MDL 875 website's Administrative

    Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

    b.) Parties have completed their obligations under the Rule

    16 order issued by the Court (see ECF No. 6).

    c.) All discovery has been completed.

    d.) The Court has adjudicated all outstanding motions,

    including dispositive motions. Particularly relevant rulings

    include:

1

        i.    Certain defense motions were granted as
unopposed (ECF No. 48).

  e.) Rule 18 settlement discussions have been exhausted at
this time as to the remaining viable defendants.

  f.) The Court finds that this case is prepared for trial
without delay once on the transferor court's docket, subject
to any trial-related motions <u>in</u> <u>limine</u> (including <u>Daubert</u>
challenges).

  g.) The remaining viable Defendants for trial are:[1]

        i.    A.L. CRUMP AND CO., INC.

        ii.   BELMONT INDUSTRIES, INC.

        iii.  FARGO-MOORHEAD INSULATION, INC.

        iv.   GREFCO, INC.

        v.    INGERSOLL-RAND COMPANY

  h.) Any demand for punitive damages is severed, and claims
for punitive or exemplary damages are retained by the MDL-
875 Court. <u>See</u> Fed. R. Civ. P. 42(b).

    Accordingly, the Court **SUGGESTS** that the above-captioned
case should be **REMANDED** to the United States District Court for
the **District of North Dakota** for resolution of all matters

---

[1]    Plaintiff has represented to the Court that certain
other defendants are pending, viable defendants in the case.
However, those defendants that are not listed as pending above
are not listed on the E.D. Pa. docket for this case, and were not
listed on the transferor court's docket prior to the transfer of
the case. Therefore, the above list is the list of remaining
viable defendants according to the Court's records.

2

pending within this case except punitive damages.[2]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[2]    The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

_____

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 6,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

**Contact information for the MDL 875 Court**

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Michele_Ventura@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

**Intercircuit Assignment Committee**

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case.  If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.