Cat08

# U.S. District Court
## Northern District of Ohio (Cleveland)
## CIVIL DOCKET FOR CASE #: 1:12-cv-10003-DAP
### Internal Use Only

O'Neal v. Elliott Turbomachinery Co., Inc.
Assigned to: Judge Dan Aaron Polster
Cause: 28:1442 Petition for Removal

Date Filed: 09/26/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Cassandra O'Neal**
*Individually and As Administrator of
the Estate of
Deceased*
Elmore O'Neal

represented by  **Christopher J. Hickey**
McDermott & Hickey
Ste. 203
2639 Wooster Road
Rocky River, OH 44116
216-712-7452
Fax: 440-356-2873
Email: chip@mcdermotthickeylaw.com

*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AO Smith Corporation**

**Defendant**

**Air & Liquid Systems Inc.**
*Individually and As Successor to
other*
Buffalo Bumps

**Defendant**

**Alloyd Insulation Co., Inc.**

**Defendant**

**Aqua-Chem Inc.**
*And Its Division
other*
Cleaver Brooks

**Defendant**

**Booher Insulation, Inc.**

**Defendant**

**Burnham LLC**

**Defendant**

**C.L. Zimmerman Co.**

**Defendant**

**Clark Industrial Insulation Co.**
*formerly known as*
Clark Asbestos Co.

**Defendant**

**Coca-Cola Company**
*As Liable for Cleaver Brooks Boilers*

**Defendant**

**Crane Company**

**Defendant**

**Crown Cork & Seal Company Inc.**

**Defendant**

**Detroit Stoker Company**

**Defendant**

**Elliott Turbomachinery Co Inc**                represented by **Rebecca Chase Sechrist**
                                                Bunda, Stutz & DeWitt - Perrysburg
                                                3295 Levis Commons Blvd.
                                                Perrysburg, OH 43551
                                                419-241-2777
                                                Fax: 419-241-4697
                                                Email: sechrist@bsd-law.com
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve (US) Inc.**
*Individually and As Successor-In-*
*Interest to*
*other*
Edward Valve & Manufacturing
*formerly known as*
Flowserve FSD Corp.
*formerly known as*
Durametallic
*formerly known as*
Furco International
*formerly known as*
Duriron Co.

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**GL&V Dorr Oliver Inc.**
*Individually and As Successor by*
*Merger to*
*other*
Dorr Oliver, Inc.
*formerly known as*
Dorr Oliver Venures Inc.
*formerly known as*
Dorr Ventures Inc.
*other*
Keller Dorr Oliver Boiler Company
*formerly known as*
E. Keeler Co.

**Defendant**

**Gardner Denver, Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific, LLC**
*formerly known as*
Georgia Pacific Corp.

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Met-Pro Dean Pump Division**

**Defendant**

**Oakfabco, Inc.**

**Defendant**

**Oglebay Norton Company**

**Defendant**

**Owens Illinois, Inc.**

**Defendant**

**R.E. Kramig & Co,, Inc.**

**Defendant**

**Rapid American Corporation**
*In Its Own Right and As Successor-In-Interest to*
*other*
Philip Carey Corp.

**Defendant**

**Red Seal Electric Company**

**Defendant**

**Riley Power, Inc.**
*formerly known as*
Babcock Borsig Power Inc
*formerly known as*
Riley Stoker Corporation

**Defendant**

**Riley Stoker Corporation**

**Defendant**

**Sterling Fluid Systems (USA), LLC**
*formerly known as*
Peerless Pump Company

**Defendant**

**Trane US, Inc.**
*Individually and As Successor-In-Interest to*
*other*
American Standard, Inc.

**Defendant**

**Union Boiler Company**
*formerly known as*
U.B. West Virginia, Inc.

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Universal Refractories**

**Defendant**

**Viacom Inc.**
*Individually and As Successor-In-Interest to*
*other*
Westinghouse Electric Corp.

**Defendant**

**Warren Pumps Inc.**
*Individually and As Successor to the other*
Quimby Pump Company

**Defendant**

**Weil McClain Division of the Marley Company**

**Defendant**

**Yarway Corporation**

**Defendant**

**Zurn Industries, Inc.**
*also known as*
Erie City Boilers

**Defendant**

**John Does (1-5)**
*Manufacturers, Sellers, Suppliers, Installers, Promoters, Compounders of Asbestos and Asbestos-Containing Products and Machinery Used, Designed, Installed In Conjunction with and or for the Use of Asbestos or Asbestos Containing Products*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2012 | 1 | **Notice of Removal** from Court of Common Pleas, Cuyahoga County, Ohio, case number CV-12-788438 with jury demand, Filing fee $ 350, receipt number 0647-5605901.. Filed by Elliott Turbomachinery Co., Inc.. (Attachments: # 1 Exhibit Cuyahoga County Complaint, # 2 Exhibit Case Brochure, # 3 Civil Cover Sheet) (Sechrist, Rebecca) (Entered: 09/26/2012) |
| 09/27/2012 | 2 | Corporate Disclosure Statement identifying Other Affiliate Ebara Corporation, Other Affiliate Elliott Group Holdings, Inc. for Elliott Turbomachinery Co Inc filed by Elliott Turbomachinery Co Inc. (Sechrist, Rebecca) (Entered: 09/27/2012) |
| 09/27/2012 | | Judge Dan Aaron Polster assigned to case. (C,B) (Entered: 09/27/2012) |
| 09/27/2012 | 🔒 | (Court only) Staff Notes: Notice of Removal, Complaint and Docket Sheet mailed to MDL Panel on 9/27/12. (E,P) (Entered: 09/27/2012) |

Case MDL No. 375   Document 1894-1   Filed 09/28/12   Page 6 of 34

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
08/27/2012
CT Log Number 521117631

**TO:** Annette O'Donnell
Elliott Company
901 North Fourth Street
Jeannette, PA 15644

**RE:** **Process Served in New York**

**FOR:** Elliott Turbomachinery Co., Inc. (Former Name) (Domestic State: DE)
Elliott Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cassandra O'Neal, Individually and as Administrator of the Estate of Elmore O'Neal, Pltf. vs. A O Smith Corporation, et al. including Elliott Turbomachinery Co Inc, Dfts. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Case Brochure |
| **COURT/AGENCY:** | Cuyahoga County, Court of Commons Pleas, OH Case # CV12788438 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/27/2012 postmarked on 08/23/2012 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service of summons, exclusive of the day of service - Answer is required to be served on Plaintiff's Attorney // Within 3 days after service of said answer on Plaintiff's Attorney - Answer to Court |
| **ATTORNEY(S) / SENDER(S):** | Christopher J Hickey Milano Law Building 2639 Wooster Road Suite 203 Rocky River, OH 44116 216-712-7452 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/27/2012, Expected Purge Date: 09/26/2012 Image SOP Email Notification, Elliott SOP serviceofprocess@elliott-turbo.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Christopher Tilton 111 Eighth Avenue 13th Floor New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of 1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | | SUMMONS NO. | |
|---|---|---|---|---|
| CV12788438 | D13 | CM | 19834637 | |

Rule 4 (B) Ohio

Rules of Civil Procedure

CASSANDRA O'NEAL INDIVIDUALLY AND AS ADMINISTRATOR **PLAINTIFF**

VS

A O SMITH CORPORATION ET AL **DEFENDANT**

## SUMMONS

ELLIOTT TURBOMACHINERY CO INC
C/O CORPORATE TRUST SYSTEM
111 8TH AVE 13TH FL
NEW YORK NY 10011-0000

**You have been named defendant in a complaint** (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

**You are hereby summoned and required to** answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Said answer is required to be served on Plaintiff's** Attorney (Address denoted by arrow at left.)

**Your answer must also be filed with the court** within 3 days after service of said answer on plaintiff's attorney.

**Plaintiff's Attorney**

CHRISTOPHER J HICKEY
MILANO LAW BUILDING

2639 WOOSTER ROAD, SUITE 203
ROCKY RIVER, OH 44116-0000

**If you fail to do so, judgment by default will be** rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY A. FUERST ASBESTOS
Do not contact judge. Judge's name is given for attorney's reference only.



GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 7, 2012 |

By _____
Deputy

COMPLAINT FILED 08/02/2012



CMSN130



## ELECTRONIC FILING ALERT

This Complaint has been filed electronically via LexisNexis™ File & Serve®. All subsequent filings must be filed via the File & Serve system. Instructions for how to become a subscriber to LexisNexis File & Serve are contained below.

---

Single Case Complaint Filing – Case No. **CV-12-788438**

---

For ease in filing any subsequent filings to the cases opened by a Consolidated Complaint, please file in:
Case Group _____Cons. Complaint.
*Example: (461001-461050 Smith Cons Complaint)*

---

If your firm is not already registered with LexisNexis File & Serve, and you want to complete registration, go to the LexisNexis website @ **www.lexisnexis.com/fileandserve**. Click the **Sign Up** button. Complete the information on each of the registration screens. During the registration process you will be able to view our system requirements and "Terms and Conditions" information.

**Important Registration Information:**

- During the registration process, you will be asked to enter information for all the individuals in your firm for whom you would like a user name and password issued.
- Sign up any attorneys from your firm that are participating in electronic filing cases at this time. For example, if you are a support staff member, do not just register yourself, also register the attorneys of record for each electronic filing case in your firm.
- If you forget any users, DO NOT fill out another subscription request form. Instead, use your new login and password and **Add New Users** via the **Firm Profile** option in the application.
- CLAD IDs and passwords will not work in File & Serve. You must re-register for File & Serve. More than one person at your firm can have user names and passwords for File & Serve. We recommend you do not share passwords with each other with File & Serve.

**Pricing and Billing:**

To view pricing information, please contact Kevin Kennedy, Account Executive at 1.216.320.2198.
Your firm is billed monthly for transactions you submit, Alerts, and documents you purchase from LexisNexis File & Serve. Statutory filing fees are invoiced with your monthly bills ONLY IN CERTAIN JURISDICTIONS. Check each court's local rules to determine whether or not statutory fees are billed with your invoices. A link to e-filing rules is available at www.lexisnexis.com/fileandserve.

For more information about LexisNexis File & Serve, please contact Kevin Kennedy at 1.216-320-2198 or contact **File & Serve Customer Service at a 1.888.529.7587.**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CASSANDRA O'NEAL, INDIVIDUALLY | ) | CASE NO. |
| AND AS ADMINISTRATOR OF THE | ) | |
| ESTATE OF ELMORE O'NEAL | ) | JUDGE HARRY A. HANNA |
| 4640 BLUEBERRY AVENUE | ) | JUDGE LEO M. SPELLACY |
| DAYTON, OH 45406 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| A O SMITH CORPORATION | ) | (Jury Trial Demanded) |
| C/O PRENTICE HALL CORP SYSTEM | ) | |
| 50 W BROAD ST STE 1800 | ) | |
| COLUMBUS, OH 43215 | ) | |
| | ) | |
| AIR & LIQUID SUSTEMS INC., | ) | |
| INDIVIDUALLY AND AS SUCCESSOR TO | ) | |
| BUFFALO BUMPS | ) | |
| 1680 S. LIVERNOIS, STE. 200 | ) | |
| ROCHESTER HILLS, MI 48307 | ) | |
| | ) | |
| ALLOYD INSULATION CO., INC. | ) | |
| C/O RICHARD L. CARR, JR. | ) | |
| 110 N. MAIN STREET, STE. 1000 | ) | |
| DAYTON, OH 45402 | ) | |
| | ) | |
| AQUA-CHEM INC. | ) | |
| AND ITS DIVISION CLEAVER BROOKS | ) | |
| 7800 N. 113TH STREET | ) | |
| MILWAUKEE, WI 53224 | ) | |
| | ) | |
| BOOHER INUSLATION, INC. | ) | |
| C/O RAYMOND F. YOUNT | ) | |
| 9508 W. 3RD STREET | ) | |
| DAYTON, OH 45427 | ) | |
| | ) | |
| BURNHAM LLC | ) | |
| 1239 HARRISBURG AVE. | ) | |
| LANCASTER, PA 19603 | ) | |
| | ) | |
| C. L. ZIMMERMAN CO. | ) | |
| 600 VINE STREET, STE. 2500 | ) | |
| CINCINNATI, OH 45202 | ) | |
| | ) | |

CLARK INDUSTRIAL INSULATION CO.   )
F/K/A CLARK ASBESTOS CO.   )
1893 E 55TH ST   )
CLEVELAND, OH 44103   )
   )
THE COCA-COLA COMPANY, AS LIABLE   )
FOR CLEAVER BROOKS BOILERS   )
CT CORPORATION SYSTEM   )
1300 E. 9TH STREET, #1010   )
CLEVELAND, OH 44114   )
   )
CRANE COMPANY   )
C/O CT CORP SYSTEM   )
1300 E NINTH ST STE 1010   )
CLEVELAND, OH 44114   )
   )
CROWN CORK & SEAL COMPANY INC   )
C/O CT CORPORATION SYSTEM   )
1300 E. NINTH STREET   )
CLEVELAND, OH 44114   )
   )
DETROIT STOKER COMPANY   )
1510 EAST 1ST STREET   )
MONROE, MI 48161   )
   )
ELLIOTT TURBOMACHINERY CO INC   )
C/O CORPORATE TRUST SYSTEM   )
111 8TH AVE 13TH FL   )
NEW YORK, NY 10011   )
   )
FLOWSERVE (US) INC.   )
INDIVIDUALLY AND AS SUCCESSOR-IN-   )
INTEREST TO EDWARD VALVE &   )
MANUFACTURING, FKA FLOWSERVE   )
FSD CORP, FKA DURAMETALLIC, FURCO   )
INTERNATIONAL AND THE DURIRON CO   )
C/O CT CORPORATION SYSTEM   )
1300 E. 9TH STREET #1010   )
CLEVELAND, OH 44114   )
   )
FOSTER WHEELER ENERGY   )
CORPORATION CT CORPORATION   )
SYSTEM   )
1300 E 9TH STREET   )
CLEVELAND, OH 44114   )
   )
   )

GL&V DORR OLIVER INC.,                           )
INDIVIDUALLY AND AS SUCCESSOR BY                 )
MERGER TO DORR OLIVER, INC., FKA                 )
DORR OLIVER VENTURES INC., FKA                   )
DORR VENTURES INC., SUCCESSOR BY                 )
MERGER TO KEELER DORR OLIVER                     )
BOILER COMPANY FKA E. KEELER CO.                 )
C/O CSC LAWYERS INCORPORATING                    )
SERVICE                                          )
50 WEST BROAD STREET, STE. 1800                  )
COLUMBUS, OH  43215                              )
                                                 )
GARDNER DENVER, INC.                             )
C/O SCS LAWYERS INCORPORATING                    )
SERVICE                                          )
50 W. BROAD STREET, STE. 1800                    )
COLUMBUS, OH  43215                              )
                                                 )
GENERAL ELECTRIC COMPANY                         )
CORPORATION TRUST CENTER                         )
1209 ORANGE STREET                               )
WILMINGTON, DE 19801                             )
GEORGE V HAMILTON INC                            )
2 RIVER RD                                       )
MC KEES ROCKS, PA 15136-2860                     )
                                                 )
GEORGIA-PACIFIC, LLC                             )
F/K/A GEORGIA PACIFIC CORP                       )
C/O STATUTORY AGENT CORP TRUST                   )
1209 ORANGE ST                                   )
WILMINGTON, DE 19801                             )
                                                 )
GOULDS PUMPS, INC.                               )
CORPORATION TRUST COMPANY                        )
1209 ORANGE STREET                               )
WILMINGTON, DE  19801                            )
                                                 )
INGERSOLL RAND COMPANY                           )
C/O CT CORPORATION                               )
111 EIGHTH AVENUE - 13TH FLOOR                   )
NEW YORK, NY 10011                               )
                                                 )
MET-PRO CORPORATION                              )
DEAN PUMP DIVISION                               )
6040 GUION ROAD                                  )
INDIANAPOLIS, IN  46254                          )
                                                 )

OAKFABCO, INC.                          )
C/O THOMAS CHARLES STEIN REG AGT        )
210 W 22ND STREET, STE. 205  )
OAKBROOK, IL  60523                     )
                                        )
OGLEBAY NORTON COMPANY                  )
C/O NATIONAL REGISTERED AGENTS          )
145 BAKER STREET                        )
MARION, OH 44302                        )
                                        )
OWENS ILLINOIS, INC.                    )
C/O DAVID WARD, S.A.                    )
ONE MICHAEL OWENS WAY                   )
PERRYSBURG, OH  43551                   )
                                        )
R.E. KRAMIG & CO., INC.                 )
C/O DENNIS P. ZAPKA                     )
1111 SUPERIOR AVENUE, STE. 1350         )
CLEVELAND, OH  44114                    )
                                        )
RAPID AMERICAN CORPORATION IN ITS       )
OWN RIGHT AND AS SUCCESSOR IN           )
INTEREST TO PHILIP CAREY CORP           )
C/O THE PRENTICE-HALL CORP SYST         )
380 SOUTH 5TH STREET                    )
COLUMBUS, OH 43215                      )
                                        )
RED SEAL ELECTRIC COMPANY               )
3835 W 150TH ST              )
CLEVELAND, OH 44111                     )
                                        )
RILEY POWER, INC.                       )
FKA BABCOCK BORSIG POWER INC            )
FKA RILEY STOKER CORPORATION            )
C/O CSC LAWERS INCORPORATING SVC        )
50 WEST BROAD STREET STE 1800           )
COLUMBUS, OH  43215                     )
                                        )
RILEY STOKER CORPORATION A              )
MASSACHUSETTS CORPORATION               )
C/O CSC LAWYERS INC SERVICES            )
50 W BROAD ST STE 1800                  )
COLUMBUS, OH 43215                      )
                                        )
                                        )
                                        )
                                        )

STERLING FLUID SYSTEMS (USA), LLC )
FKA PEERLESS PUMP COMPANY )
2005 DRIVE MARTIN LUTHER KING JR. )
INDIANAPOLIS, IN 46202 )
)
TRANE US, INC., INDIVIDUALLY AND AS )
SUCCESSOR IN INTERESET TO )
AMERICAN STANDARD, INC. )
C/O CT CORPORATION SYSTEM )
1300 E. NINTH STREET #1010 )
CLEVELAND, OH 44114 )
)
UNION BOILER COMPANY )
FKA U.B. WEST VIRGINIA, INC. )
PO BOX 429 )
NITRO, WV 25143 )
)
UNION CARBIDE CORPORATION )
C/O CT CORP SYSTEM STATUTORY )
AGENT )
1300 E NINTH ST STE 1010 )
CLEVELAND, OH 44114 )
)
UNIVERSAL REFRACTORIES )
PO BOX 97 )
WAMPUM, PA 16157 )
)
VIACOM INC INDIVIDUALLY AND AS )
SUCCESSOR IN INTEREST TO )
WESTINGHOUSE ELECTRIC CORP )
C/O CSC LAWYERS INC SERVICE )
50 W. BROAD ST., STE. 1800 )
COLUMBUS, OH 43215 )
)
WARREN PUMPS INC INDIVIDUALLY )
AND AS SUCCESSOR TO THE QUIMBY )
PUMP COMPANY )
C/O CORPORATION SYSTEM COMPANY )
2711 CENTERVILLE RD )
WILMINGTON, DE 19808 )
)
THE WEIL MCCLAIN DIVISION OF THE )
MARLEY COMPANY )
C/O UNITED DOMINION INDUSTRIES INC. )
C/O CT CORPORATION SYSTEM )
1300 E. 9TH STREET #1010 )
CLEVELAND, OH 44114 )



YARWAY CORPORATION )
C/O STATUTORY AGENT )
CT CORPORATION SYSTEM )
1300 E. 9TH STREET #1010 )
CLEVELAND, OH 44114 )
)
ZURN INDUSTRIES, INC. )
AKA ERIE CITY BOILERS )
C/O CT CORPORATION SYSTEMS CORP )
1300 E. 9TH STREET, STE. 1010 )
CLEVELAND, OH 44114 )
)
JOHN DOES (1-5) MANUFACTURERS, )
SELLERS, SUPPLIERS, INSTALLERS, )
PROMOTERS, COMPOUNDERS, OF )
ASBESTOS AND ASBESTOS-CONTAINING )
PRODUCTS AND MACHINERY USED, )
DESIGNED, INSTALLED, IN )
CONJUNCTION WITH AND OR FOR THE )
USE OF ASBESTOS AND OR ASBESTOS )
CONTAINING PRODUCTS REAL NAMES )
AND ADDRESSES )
)
      Defendants. )
)

## FACTUAL BACKGROUND

    1.    Cassandra O'Neal ("Plaintiff") is a citizen of the State of Ohio, surviving spouse

of Decedent Elmore O'Neal and the Fiduciary of the Estate of Elmore O'Neal, who died from

severe asbestosis on August 5, 2010. Elmore O'Neal ("Decedent") was employed at various job

sites in the State of Ohio at all times relevant and pertinent hereto.

    2.    Defendant corporations and companies or their predecessors-in-interest

(hereinafter collectively, "Defendants") reside in this County, and/or maintain offices in this

County, and/or have agents in this County, and/or have done and are doing business in this

County.

3.     Defendants, at all times relevant and pertinent hereto, were or are miners, millers, manufacturers, fabricators, designers, formulators, creators, makers, processors, distributors, importers, converters, compounders, or merchants of asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

4.     Defendants, acting through their servants, employees, agents, and representatives, caused asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products be placed in the stream of commerce to which Decedent was exposed during his employment.

5.     Decedent continuously worked with and was exposed to the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products mined, manufactured, processed, imported, converted, compounded or sold by Defendants.

6.     During the course of his employment, Decedent was exposed to Defendants' asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which exposure directly and proximately caused Decedent to contract severe asbestosis.

7.     The real names and addresses of Defendants John Does 1-5 have not been determined despite reasonable efforts of the Plaintiff to do so.

<u>COUNT I</u>

8.     Plaintiff re-alleges paragraphs 1 through 7 above as if fully rewritten herein.

9.     Defendants negligently produced, sold, or otherwise put into the stream of commerce asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which Defendants knew, or, in the exercise of ordinary care, ought to have known, were deleterious and highly harmful to Decedent's health.

10.     As the designer, developer, manufacturer, distributor and seller of the above-described asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, Defendants owed a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing and selling said products in such a manner as to render them safe for their intended and foreseeable users.

11.     Defendants negligently gave inadequate warning or instruction during and after the time of marketing, in that Defendants knew, or, in the exercise of reasonable care, should have known, about the risks associated with their products and failed to provide reasonable and/or adequate warning or instructions, in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Decedent.

12.     Decedent, as a direct and proximate result of Defendants' conduct, contracted severe asbestosis and experienced great pain and suffering until his date of death.

<u>COUNT II</u>

13.     Plaintiff re-alleges paragraphs 1 through 12 above, as if fully rewritten herein.

14.     Although Defendants knew, or, in the exercise of ordinary care, ought to have known that their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious and highly harmful to Decedent's health, Defendants nonetheless:

a)      Failed to advise or warn Decedent of the dangerous characteristics of their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

b)      Failed to provide Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Decedent from being harmed by exposure to asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c) Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Decedent of the dangers to health caused by contact with asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and

d) Failed to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

15. Defendants' products were defective, due to inadequate warning or instruction during and after the time of marketing, in that Defendants knew, or, in the exercise of reasonable care, should have known, about the risks associated with their products and/or machinery and failed to provide reasonable and/or adequate warning or instructions, in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Decedent.

16. Decedent, as a direct and proximate result of Defendants' conduct, contracted severe asbestosis and experienced great pain and suffering until his date of death, and Defendants are therefore liable, jointly and severally, to Plaintiff in strict liability for their failure to warn at common law and pursuant to R.C. 2307.71 et seq.

<u>COUNT III</u>

17. Plaintiff re-alleges paragraphs 1 through 16 above, as if fully rewritten herein.

18. Defendants failed to design, manufacture, market, distribute, and sell asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example and not limitation, Defendants:

a) Failed to design, develop, manufacture, and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or

asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use or intended purpose of their products was by persons, specifically Decedent, who worked with and around said products;

b)    Marketed and sold said products and/or machinery while the same was in an inherently and unreasonably dangerous and defective condition, presenting an ultra-hazardous risk to Decedent's well being;

c)    Failed to recall or attempt to repair the defective products and/or machinery when Defendants were and had been aware of the propensity of said products to injure Decedent; and

d)    Failed to properly test said products and/or machinery to ensure that they were reasonably safe for use throughout their product lifetime.

19.    Defendants violated the requirements of §402(A) of the Restatement of Torts, 2d, as adopted by the Supreme Court of the State of Ohio, all of which proximately resulted in Decedent's death.

20.    Decedent, as a direct and proximate result of Defendants' conduct, contracted severe asbestosis and experienced great pain and suffering until his date of death, and Defendants are therefore liable, jointly and severally, to Plaintiff in strict liability for defective design and manufacture and/or marketing, distributing, and selling a defective product at common law and pursuant to R.C. 2307.71 et seq.

COUNT IV

21.    Plaintiff re-alleges paragraphs 1 through 20 above as if fully rewritten herein.

22.    Defendants impliedly warranted that their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were of good and merchantable quality and fit for the ordinary purposes for which the products are used.

23.    Decedent worked in close proximity to the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products of the

Defendants, and Decedent's presence was known to, or ought to have reasonably been anticipated by, Defendants.

24.     The implied warranty made by the Defendants that their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were of merchantable quality and fit for their particular intended use was breached in that certain harmful matter was given off into the atmosphere where Decedent worked.

25.     Decedent, as a direct and proximate result of said breach of warranties, contracted severe asbestosis and experienced great pain and suffering until his date of death.

<u>COUNT V</u>

26.     Plaintiff re-alleges paragraphs 1 through 25 above, as if fully rewritten herein.

27.     Since 1929, Defendants, individually and as a group, have possessed medical and scientific data, which clearly indicates that asbestos fibers and asbestos-containing products are hazardous to one's health. Defendants, prompted by pecuniary motives, individually and collectively, ignored and intentionally failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users of their products, including Decedent, of said medical and scientific data, and therefore, deprived Decedent of the opportunity of free choice as to whether or not to expose himself to Defendants' asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and further, Defendants willfully, intentionally and wantonly failed to warn Decedent of the serious bodily harm that would result from the inhalation of the asbestos fibers and the dust from their products.

28.     Decedent, reasonably and in good faith, relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of

their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

29.     As a direct and proximate result of Defendants' conduct, Decedent contracted severe asbestosis and experienced great pain and suffering until his date of death.

30.     The award for this Count should be in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

COUNT VI

31.     Plaintiff re-alleges paragraph 1 through 30 above, as if fully rewritten herein.

32.     Defendants, collectively and individually, manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied, delivered, and promoted asbestos-containing products, which were generically similar and fungible in nature, and placed such material into the stream of interstate commerce.

33.     Plaintiff, thorough no fault of her own, may not be able to identify all of the manufacturers, marketers, sellers, distributors, or promoters of asbestos-containing products to which Decedent was exposed, due to the generic similarity and fungible nature of such products as produced and promoted by Defendants.

34.     Decedent, as a direct and proximate result of Defendants' conduct, contracted severe asbestosis and experienced great pain and suffering until his date of death.

35.     Defendants are jointly and severally liable to Plaintiff for the injuries and damages sustained by Decedent, as described above, by virtue of industry-wide liability and enterprise liability.

36.     Alternatively:

　　　　　　(a) Defendants constitute a substantial share of the asbestos-containing product
　　　　　　market where Decedent worked and was exposed to asbestos; and

(b) Defendants manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied, delivered, and promoted asbestos-containing products of the kind and nature to which Decedent was exposed during the period of his employment.

37.     Defendants are severally liable to Plaintiff based upon their pro-rata market share within the market described herein.

## COUNT VII

38.     Plaintiff re-alleges paragraphs 1 through 37 above, as if fully rewritten herein.

39.     Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Decedent and by engaging in such actions, Defendants acted with fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiff.

40.     Decedent, as a direct and proximate result of Defendants' conduct, contracted severe asbestosis and experienced great pain and suffering until his date of death.

## COUNT VIII

41.     Plaintiff re-alleges paragraphs 1 through 40 above, as if fully rewritten herein.

42.     As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined.

43.     As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent suffered lost wages, a progressive loss of earning capacity, and other economic damages during his lifetime.

44.     As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent experienced great pain and suffering due to his illness until his date of death.

## COUNT IX

45.    Plaintiff re-alleges paragraphs 1 through 44 above as if fully rewritten herein.

46.    Defendants were the supplier and seller of asbestos containing products manufactured by entities that have asserted insolvency.

47.    As prescribed by Ohio Revised Code Section 2307.78, Defendants as suppliers, sellers or distributors of asbestos containing products manufactured by an entity that has asserted insolvency, are liable to Plaintiff Robert Shaffer based upon product liability claims under Ohio Revised Code Sections 2307.71 to 2307.77, as if they were the manufacturer of asbestos containing products.

## COUNT X

48.    Plaintiff herein re-alleges paragraphs 1 through 47 above as if fully rewritten herein.

49.    This claim is brought pursuant to R.C. 2125.01, et seq., for the benefit of the next-of-kin of Decedent.

50.    As a direct and proximate result of the acts and omissions of Defendants complained of herein, the next-of-kin of Decedent have suffered compensatory damages by reason of the death of Decedent from severe asbestosis, including loss of support from the reasonably expected earning capacity of Decedent; loss of services; loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education; loss of prospective inheritance; mental anguish; and all other damages available at law.

51.    Plaintiff Cassandra O'Neal, as Executor of Decedent's Estate, has incurred reasonable funeral and burial expenses.

## COUNT XI

52. Plaintiff re-alleges paragraphs 1 through 51 above as if fully rewritten herein.

53. Plaintiff Cassandra O'Neal, surviving spouse of Decedent, has suffered injuries in her own right, namely, a loss of consortium, having been deprived of the society, companionship, and assistance of her husband.

54. Plaintiff's loss of consortium is a direct and proximate result of the acts and omissions of Defendants complained of herein.

WHEREFORE, Plaintiff, as a direct and proximate result of the negligence and other conduct of each Defendant, has suffered and will continue to suffer great pain and severe mental anguish.

Plaintiff, as a direct and proximate result of the negligence of other conduct of Defendant, has incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined, and will continue to incur such expenses into the future.

Plaintiff, as a direct and proximate result of the negligence and other conditions of Defendants, has suffered economic damages and will continue to suffer them throughout their lifetimes.

The aforesaid acts and/or omissions of Defendants were wanton and willful and in reckless disregard of the safety of Plaintiffs.

Plaintiff demands judgment against Defendants in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) and an amount for punitive damages, plus interest, costs, attorney fees, and for such further relief to which Plaintiff may be entitled.

A trial by jury is hereby demanded as to all counts.

                Respectfully submitted,

                /s/ Christopher Hickey
                Christopher J. Hickey, Esq. (0065416)
                MCDERMOTT & HICKEY, LLC
                2639 Wooster Road, Suite 203
                Rocky River, OH 44116
                Telephone: (216) 712-7452
                Email:  chip@mcdermotthickeylaw.com

                Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(Eastern Division)

| | | |
|---|---|---|
| CASSANDRA O'NEAL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ELMORE O'NEAL | * | Civil Action No:  1:12-CV-2422 |
| Plaintiff, | * | |
| | * | (Court of Common Pleas, Cuyahoga County, Ohio Case No. CV-12-788438) |
| v. | * | |
| AO Smith Corp., et al. | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### ELLIOTT TURBOMACHINERY CO INC.'S NOTICE OF REMOVAL

Defendant Elliott Turbomachinery Co, Inc. ("Elliott") hereby gives notice of the removal of this action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting at the direction of an officer or agency of the United States. Elliott's grounds for removal are more particularly stated as follows:

1. Plaintiff Cassandra O'Neal, individually and as administrator of the Estate of Elmore O'Neal, originally filed the Complaint (attached as Exhibit A), which named Elliott among numerous other defendants, on or about August 6, 2012.

1

2. In her Complaint (¶ 6), Plaintiff alleged that "During the course of his employment, Decedent was exposed to Defendants' asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which exposure directly and proximately caused Decedent to contract severe asbestosis."

3. Plaintiff's Complaint did not describe the products at issue or the specific locations in which Decedent allegedly encountered those products.

4. However, Plaintiff served on Elliott a "Case Brochure" with the Complaint (attached as Exhibit B) indicating that Decedent worked as a boiler operator for the U.S. Navy.

5. Elliott was served with the Complaint and "Case Brochure" on August 27, 2012. *See* Exhibit A.

6. Because it occurs within 30 days of the service of Plaintiff's "Case Brochure," Elliott's removal is timely. *See* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

7. Based on the "Case Brochure," Plaintiff apparently seeks to hold Elliott liable, at least in part, in connection with products it allegedly manufactured and sold to the Navy.

8. Based on Plaintiff's allegations, Elliott is entitled to remove this action because (a) Elliott is a person that has a colorable federal defense; (b) Elliott's alleged tortious acts – the manufacture and sale of allegedly defective products for the Navy – occurred under the authority or at the direction of an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1); and (c) there is a causal nexus between Plaintiff's claims and the conduct performed

2

by Elliott under such authority and/or at such direction. *Mesa v. California*, 489 U.S. 121 (1989); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996); *Corley v. Long-Lewis, Inc.*, 688 F.Supp. 2d 1315 (N.D. Ala. 2010); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725 (N.D. Ohio 2007).

9. In order to remove this case, Elliott must present a colorable showing of entitlement to a federal defense such that the validity of the defense should be tried in federal court. *Mesa*, 489 U.S. at 129; *see also, e.g., Pack v. AC and S, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993); *Corley*, 688 F.Supp. 2d at 1334; *Ferguson*, 475 F. Supp. 2d at 731; *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102-104 (D. Conn. 2007); *Nesbiet v. General Electric Co.*, 399 F. Supp. 2d 205, 210-11 (S.D.N.Y. 2005). To make a colorable showing, Elliott must show that the defense is "plausible" and not "completely frivolous." *Magnin*, 91 F.3d at 1427.

10. Any and all equipment produced and supplied by Elliott for the U.S. Navy was specifically designed and manufactured in accordance with specifications provided by the U.S. Navy, and was designed and built under direct control of the Navy and its officers.

11. The "government contractor" defense was established in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). The Supreme Court held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id*. at 512.

12. The government contractor defense also applies in cases where the alleged tortious act is a failure to warn of hazards associated with equipment supplied to the United States

3

government. *See, e.g., Dorse v. Eagle-Picher Industries, Inc.,* 898 F. 2d 1487, 1489 (11th Cir. 1990); *Tate v. Boeing Helicopters,* 55 F.3d 1150, 1157 (6th Cir. 1995).

13. In a case premised on a failure to warn of dangers allegedly associated with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where any alleged state law duty to warn conflicts with the government's interest in procuring military equipment. A conflict between federal policy and state law exists where: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. *Tate,* 55 F.3d at 1157. "[T]he deliberate trade-off between military mission requirements and safety concerns is at the heart of the [military] contractor defense." *Oliver v. Oshkosh Truck Corp.,* 96 F.3d 992, 999 (7th Cir. 1996).

14. Elliott is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Pack,* 838 F. Supp. at 1103; *Madden v. Able Supply Co.,* 205 F. Supp. 2d 695, 701 (S.D. Tex. 2002); *Fung v. Abex Corp.,* 816 F. Supp. 569, 572 (N.D. Cal. 1992); *Ferguson,* 475 F. Supp. 2d at 729.

15. The Navy issued specifications and other technical documentation identified in applicable contract documents that controlled Elliott's design and construction of equipment. The Navy retained ultimate decision-making authority with respect to the design and final approval of any Elliott products supplied for Navy vessels, including any use of asbestos in those products. All products supplied by Elliott to the Navy were manufactured under reasonably precise specifications and other technical documentation dictated by the Navy and identified in applicable contract documents. *See, e.g., Pack,* 838 F. Supp. at 1103 (denying remand motion

4

following naval equipment manufacturer defendant's removal to federal court based on government contractor defense).

16. The United States Navy was aware of the potential hazards of asbestos as early as 1922, and by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See, e.g., Nesbiet*, 399 F. Supp. 2d at 212 ("Navy's knowledge of the dangers of asbestos on board its ships was state-of-the-art"); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1028 (S.D. Ill. 1989) ("the government was aware of the risks of the use of asbestos and chose to continue to use asbestos in spite of this knowledge").

17. The Navy's specifications also covered the nature of any communication affixed to or otherwise accompanying equipment supplied to the Navy. Elliott was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment it manufactured for the Navy.

18. Therefore, Elliott was, at all times, acting under the direct authority and control of officers of the Navy, in carrying out its contracts for the manufacture of devices for the Navy vessels upon which the Decedent served, *see, e.g., Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *Mitchell v. AC & S, Inc.*, 2004 WL 3831228, at *2-3 (E.D. Va. 2004); *Nesbiet*, 399 F. Supp. 2d at 212; and under *Boyle* and its progeny Elliott therefore has a colorable federal defense to Plaintiff's claims.

19. There is a causal nexus between Elliott's actions undertaken at the government's direction and the harm that Plaintiff alleges, namely, asbestos-related disease in that Mr. O'Neal's injury allegedly was caused by exposure to asbestos associated with products Elliott

5

supplied to the Navy pursuant to its specification and direction. *Magnin*, 91 F. 3d at 1427-28; *Corley*, 688 F. 3d at 1335.

20. The district judge appointed by the Judicial Panel on Multi-District Litigation to preside over MDL 875 – the multi-district litigation for asbestos personal injury cases -- has addressed precisely and definitively the question of whether the federal officer statute provides jurisdiction over claims filed against defendants that, like Elliott, manufactured equipment pursuant to Navy specifications for use aboard Navy vessels. *See, e.g. Barnes v. Various Defendants*, 2011 WL 925414 (E.D. Pa. Mar. 16, 2011) (denying plaintiffs' motion for remand following removal from California on federal officer grounds); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010) (denying plaintiffs' motion for remand, finding that equipment manufacturer's federal officer defense was colorable).

21. Far beyond concluding that the government contractor defense may support removal under the federal officer statute, the MDL 875 court also has concluded that, on an appropriate record, the defense may support an award of summary judgment in favor of equipment manufacturer defendants. *See, e.g., Faddish v. General Electric Co.*, 2010 WL 4146108 (E.D. Pa. Oct. 20, 2010) (granting summary judgment to defendant equipment manufacturer on federal officer (government contractor) defense, following removal and transfer to MDL 875).

22. In addition to the MDL, dozens of federal courts have concluded that defendants who manufactured equipment for the Navy to government specifications appropriately may remove asbestos personal injury cases to federal court.[1]

---

[1] *See, e.g., Corley v Long-Lewis, Inc.*, 688 F. Supp. 2d 1315 (N.D. Ala. 2010); *Morgan v. Bill Vann Co.*, 2011 WL 6056083 (S.D. Ala. Dec. 6, 2011); *Culver v. Asbestos Defendants*, 2010 WL 4704327 (N.D.

6

23. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *Corley*, 688 F.Supp at 1332 (*citing Jefferson County v. Acker*, 527 U.S. 423 (1999)).

24. Elliott is not required to notify or obtain the consent or approval of any other defendant in this action in order to remove Plaintiff's action as a whole pursuant to 28 U.S.C. § 1442(a)(1). *Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Telephone & Telegraph Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

25. Elliott hereby requests a full and fair opportunity to brief, respond to, and argue against any motion for remand filed by Plaintiff.

WHEREFORE Elliott Turbomachinery Co, Inc. hereby files its Notice of Removal for the reasons stated above.

---

Cal. Nov. 12, 2010); *Wright v. A.W. Chesterton Co.*, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Oberstar v. CBS Corp.*, No. CV 08-118PA (JWJx), 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99 (D. Conn. 2007); *Kirks v. General Elec. Co.*, 654 F. Supp. 220 (D. Del. 2009); *Marley v. Elliot Turbomachinery Co.*, 545 F.Supp.2d 1266 (S.D. Fla. Mar. 7, 2008); *Thompson v. Crane Co.*, 2012 WL 1344453 (D. Haw. Apr. 17, 2012); *Ellis v. Pneumo Abex Corp.*, 2011 WL 2837612 (C.D. Ill. June 20, 2011); *Harris v. Rapid American Corp.*, 2008 WL 656266 (N.D. Ill. Mar. 7, 2008); *Delancey v. General Electric Co.*, 2004 WL 3247173 (E.D. La. Mar. 31, 2004); *O'Connell v. Foster Wheeler*, 544 F.Supp.2d 51 (D. Mass 2008); *Curry v. American Standard, Inc.*, 2009 WL 308029 (S.D.N.Y. Feb. 6, 2009); *Nesbiet v. General Electric Co.*, 299 F. Supp. 2d 205 (S.D.N.Y. 2005); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725 (N.D. Ohio 2007); *Seigfried v. Allegheny Ludlum Corp.*, 2009 WL 1035001 (W.D. Pa. Apr. 17, 2009); *Carter v. ACandS, Inc.*, 2002 WL 31682352 (E.D. Tex. 2002); *Mitchell v. AC&S, Inc.*, 2004 WL 3831228 (E.D.Va. Dec. 15, 2004); *McAboy v. IMO Indus.*, 2005 WL 2898047 (W.D. Wash. Oct. 27, 2005).

Respectfully submitted,

/s/ Rebecca C. Sechrist [electronically filed]
Rebecca C. Sechrist (0036825)

ATTORNEYS FOR DEFENDANT
ELLIOTT TURBOMACHINERY CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2012, a copy of the foregoing Notice

of Removal was served via US mail upon Plaintiff's counsel at the following address:

Christopher Hickey
McDermott & Hickey, LLC
2639 Wooster Road, Suite 203
Rocky River, OH 44116

and, also served by U.S. mail on the following counsel of record:

Richard Carr
Dunlevey Mahan & Furry

William Bonezzi
1300 E. 9th Street, Suite 1950
Cleveland, Ohio 44114
Counsel for A. O. Smith Corp.

Daniel J. Michalec
Gallagher Sharp
Bulkley Building – 7th Fl
1501 Euclid Avenue
Cleveland, Ohio 44114
Counsel for Burnham LLC;
Goulds Pumps, Inc.; Ingersol Rand Co.;
Met-Pro Corp.; Trane US, Inc.; Union Boiler Co.;
Universal Refractories

Thomas R. Wolf
Reminger Co. LPA
1400 Midland Building
101 Prospect Ave. West
Cleveland, Ohio 44114
Counsel for C. L. Zimmerman Co.

John R. Mitchell
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Counsel for Coca-Cola Co. as liable

Kristen M. Del Sole
K&L. Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Counsel for Crane Co.

8

For Cleaver Brooks Boilers

Samuel R. Martillotta
Mansour Gavin Gerlack & Manos
55 Public Square, Suite 2150
Cleveland, Ohio 44113
Counsel for Detroit Stoker Co.

Laura K. Hong
Squire Sanders (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Counsel for Flowserve US Inc. solely as
Successor to Edward Valves, Inc.; Garner
Denver, LLC; Warren Pumps, Inc.
individually and as successor to Quimby
Pump Company; Zurn Industries, Inc.

Ralph J. Palmisano
388 South Main St. Suite 402
Akron, Ohio 44311
Counsel for Foster Wheeler Energy Corp.

Reginald S. Kramer
Oldham Kramer
195 S. Main Street
Akron, Ohio 44308
Counsel for General Electric Co.

Timothy M. Fox
Ulmer & Berne LLP
88 E. Broad Street, Suite 1600
Columbus, Ohio 43215
Counsel for Georgia Pacific LLC

Rebecca C. Sechrist
Bunda Stutz & DeWitt, PLL
3295 Levis Commons Blvd.
Perrysburg, Ohio 43551
Counsel for Owens-Illinois, Inc.; Yarway

Dennis P. Zapka
McLaughlin & McCaffrey, LLP
1111 Superior Ave., Suite 1350
Cleveland, Ohio 44114
Counsel for R. E. Kramig & Co.

John A. Kristan
Kelley Jason McGowen
Two Liberty Place, Suite 1900
50 South 16th Street
Philadelphia, PA 19102

Matthew C. O'Connell
Sutter O'Connell Co.
3600 Erieview Tower
1301 E. Ninth Street
Cleveland, Ohio 44114
Counsel for Sterling Fluid Systems

Richard D. Schuster
Voyrs Sater Seymour & Pease LLP
52 E. Gay Street, PO Box 1008
Columbus, Ohio 43216
Counsel for Union Carbide Corp.

/s/ Rebecca C. Sechrist [electronically filed]
Rebecca C. Sechrist (0036825)

9