ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-05033-WHA

Gustafson et al v. Foster Wheeler LLC                Date Filed: 09/27/2012
Assigned to: Hon. William Alsup                      Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation         Nature of Suit: 368 P.I. : Asbestos
                                                     Jurisdiction: Diversity

**Plaintiff**

**Andrea Gustafson**                  represented by  **Alan R. Brayton**
*as Wrongful Death Heir and Successor*                Brayton Purcell LLP
*in Interest to Dale Gustafson*                       222 Rush Landing Road
                                                      PO Box 6169
                                                      Novato, CA 94948-6169
                                                      415-898-1555
                                                      Fax: 415-898-1247
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David R. Donadio**
                                                      Brayton Purcell LLP
                                                      222 Rush Landing Road
                                                      PO Box 6169
                                                      Novato, CA 94948-6169
                                                      415-898-1555
                                                      Fax: 415-898-1247
                                                      Email: DDonadio@braytonlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darby Gustafson**                   represented by  **Alan R. Brayton**
*as Legal Heir of Dale Gustafson*                     (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David R. Donadio**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Gustafson**                  represented by  **Alan R. Brayton**
*as Legal Heir of Dale Gustafson*                     (See above for address)
                                                      *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Gustafson**                    represented by   **Alan R. Brayton**
*as Legal Heir of Dale Gustafson*                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David R. Donadio**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darrell Gustafson**                   represented by   **Alan R. Brayton**
*as Legal Heir of Dale Gustafson*                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David R. Donadio**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kimberly Phelps**                     represented by   **Alan R. Brayton**
*as Legal Heir of Dale Gustafson*                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David R. Donadio**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 09/27/2012 | 1 | COMPLAINT against Foster Wheeler LLC ( Filing fee $ 350, receipt number 34611079055.). Filed byDarby Gustafson, Andrea Gustafson, Donald Gustafson, Kimberly Phelps, Robert Gustafson, Darrell Gustafson. (dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |
| --- | --- | --- |
| 09/27/2012 | 2 | Summons Issued as to Foster Wheeler LLC. (dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |
| 09/27/2012 | 3 | Certificate of Interested Entities by Andrea Gustafson, Darby Gustafson, Darrell Gustafson, Donald Gustafson, Robert Gustafson, Kimberly Phelps (dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |
| 09/27/2012 | 4 | NOTICE of Tag Along Action, by Andrea Gustafson, Darby Gustafson, Darrell Gustafson, Donald Gustafson, Robert Gustafson, Kimberly Phelps (dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |
| 09/27/2012 | 5 | DECLINATION to Proceed Before a US Magistrate Judge by Andrea Gustafson, Darby Gustafson, Darrell Gustafson, Donald Gustafson, Robert Gustafson, Kimberly Phelps.. (dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |
| 09/27/2012 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 12/20/2012. Case Management Conference set for 12/27/2012 11:00 AM in Courtroom 8, 19th Floor, San Francisco. (Attachments: # 1 Standing Order Judge Alsup, # 2 Standing Order All Judges)(dtm, COURT STAFF) (Filed on 9/27/2012) (Entered: 09/27/2012) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/28/2012 14:13:17 | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-05033-WHA |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

ORIGINAL
FILED

2012 SEP 27  P 12: 42

RICHARD W. WICKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

WHA

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA GUSTAFSON, as Wrongful Death Heir, and as Successor-in-Interest to DALE GUSTAFSON, Deceased, and DARBY GUSTAFSON, DONALD GUSTAFSON, ROBERT GUSTAFSON, DARRELL GUSTAFSON, KIMBERLY PHELPS, as Legal Heirs of DALE GUSTAFSON, Deceased,<br><br>        Plaintiffs,<br><br>vs.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),<br><br>        Defendant. | No. 1 2 5 0 3 3<br><br>COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL |

**I.**

**PARTIES**

1.  Plaintiffs in this action are the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiffs."

2.  The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   hereinafter "Decedent" is, with the date of death: DALE GUSTAFSON died October 1, 2011.

2   ANDREA GUSTAFSON is the spouse of DALE GUSTAFSON and is hereinafter referred to as

3   "surviving spouse."

4         3.     Decedent sustained an asbestos-related lung disease and death by precisely the

5   following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-

6   containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related

7   diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by

8   reference herein.

9         4.     All of Plaintiffs' claims arise out of a similar series of occurrences:  repeated

10  exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants

11  and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period

12  of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,

13  resulting in cumulative, progressive, incurable lung diseases.

14        5.     Each Plaintiff claims damages for an asbestos-related disease arising from an

15  identical series of occurrences not dependent on Decedent's worksite but on the fact that

16  asbestos-containing products, when handled in the manner in which they were intended, released

17  harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The

18  allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature

19  of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are

20  all identical.

21        6.     Plaintiffs are informed and believe, and thereon allege, that at all times herein

22  mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

23  proprietorships and/or other business entities organized and existing under and by virtue of the

24  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

25  said defendants, and each of them, were and are authorized to do and are doing business in the

26  State of California, and that said defendants have regularly conducted business in the State of

27  California.

28  ///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.      Jurisdiction:  Plaintiff ANDREA GUSTAFSON is a citizen of the State of Minnesota.  Plaintiff(s) DARBY GUSTAFSON, DONALD GUSTAFSON, ROBERT GUSTAFSON, DARRELL GUSTAFSON, KIMBERLY PHELPS are citizens of the following states, respectively: Minnesota; Minnesota; Minnesota; Minnesota; Minnesota.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.      Venue / Intradistrict Assignment.  Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiffs herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF ANDREA GUSTAFSON AS SUCCESSOR-IN-INTEREST TO THE DECEDENT DALE GUSTAFSON COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

///

9.      At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos.  The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

///

DEFENDANT                                          ALTERNATE ENTITY

FOSTER WHEELER LLC                      FOSTER WHEELER CORPORATION

10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

12.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common

1  carriers, that in the shipping process the products would break, crumble, or be otherwise

2  damaged; and/or that such products would be used for insulation, construction, plastering,

3  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

4  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

5  breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

6  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

7  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

8  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

9  persons working in proximity to said products, directly or through reentrainment.

10      14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

11  containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

12  exposure to asbestos and asbestos-containing products is on current information as set forth at

13  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

14  herein.

15      15.    As a direct and proximate result of the acts, omissions, and conduct of the

16  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

17  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

18  or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and

19  incorporated by reference herein.

20      16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

21  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

22  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

23  asbestos and asbestos-containing products over a period of time.

24      17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

25  containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

26  containing products presented any risk of injury and/or disease.

27      18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

28  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

19.     As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value of medial care provided by Decedent's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

20.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

21.     As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.     As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to Decedent, and ultimately Decedent died on the date previously stated herein.

23.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

///

24.     Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

25.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive damages against said defendants.

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

SECOND CAUSE OF ACTION
(Products Liability - Survival)

PLAINTIFF ANDREA GUSTAFSON AS SUCCESSOR-IN-INTEREST TO THE DECEDENT DALE GUSTAFSON COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

26.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First Cause of Action  herein.

27.     Defendants, their "alternate entities," and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

28.     Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

1   and/or death.  The defect existed in the said products at the time they left the possession of

2   defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

3   personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

4   persons," including Decedent herein, while being used in a reasonably foreseeable manner,

5   thereby rendering the same defective, unsafe, and dangerous for use.

6          29.     "Exposed persons" did not know of the substantial danger of using said products.

7   Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

8   ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

9   which Decedent and others similarly situated were exposed.

10         30.     In researching, manufacturing, fabricating, designing, modifying, testing or failing

11  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

12  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

13  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

14  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

15  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

16  did so with conscious disregard for the safety of "exposed persons" who came in contact with

17  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

18  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

19  death resulting from exposure to asbestos or asbestos-containing products, including, but not

20  limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part,

21  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

22  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

23  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

24         31.     On or before 1930, and thereafter, said defendants, their ALTERNATE

25  ENTITIES and each of them, were aware that members of the general public and other "exposed

26  persons," who would come in contact with their asbestos and asbestos-containing products, had

27  no knowledge or information indicating that asbestos or asbestos-containing products could

28  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

1  members of the general public and other "exposed persons," who came in contact with asbestos

2  and asbestos-containing products, would assume, and in fact did assume, that exposure to

3  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

4  hazardous to health and human life.

5        32.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

6  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

7  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

8  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

9  asbestos-containing products without attempting to protect "exposed persons" from, or warn

10 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

11 asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

12 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

13 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

14 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

15 and suppressed said knowledge from "exposed persons" and members of the general public, thus

16 impliedly representing to "exposed persons" and members of the general public that asbestos and

17 asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

18 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

19 representations with the knowledge of the falsity of said implied representations.

20       33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

21 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

22 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

23 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

24 sale, inspection, installation, contracting for installation, repair, marketing, warranting,

25 rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

26 directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

27 products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

28 ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

1    were consciously willing and intended to permit asbestos and asbestos-containing products to

2    cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

3    including Decedent.

4        34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

5    ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

6    products, to be safe for their intended use, but that their asbestos and asbestos-containing

7    products, created an unreasonable risk of bodily harm to exposed persons.

8        35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

9    their representations, lack of warnings, and implied warranties of fitness of asbestos and their

10   asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

11   suffered permanent injury and death as alleged herein.

12       36.    As a direct and proximate result of the actions and conduct outlined herein,

13   Decedent have suffered the injuries and damages herein alleged.

14       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and

15   each of them, as hereinafter set forth.

16                            THIRD CAUSE OF ACTION
                             (Negligence - Wrongful Death)
17

18       PLAINTIFF ANDREA GUSTAFSON, AS WRONGFUL DEATH HEIR, AND AS

19   SUCCESSOR-IN-INTEREST TO DALE GUSTAFSON DECEASED, AND PLAINTIFF(S)

20   DARBY GUSTAFSON, DONALD GUSTAFSON, ROBERT GUSTAFSON, DARRELL

21   GUSTAFSON, KIMBERLY PHELPS AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF

22   DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

23   THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD,

24   SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE

25   (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

26       37.    Plaintiffs incorporate by reference each paragraph contained within the First

27   Cause of Action as though fully set forth herein.

28   ///

38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth above.

39.    The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40.    As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the surviving spouse.

42.    As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43.    As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

FOURTH  CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF ANDREA GUSTAFSON, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DALE GUSTAFSON DECEASED, AND PLAINTIFF(S) DARBY GUSTAFSON, DONALD GUSTAFSON, ROBERT GUSTAFSON, DARRELL GUSTAFSON, KIMBERLY PHELPS AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH,

1  SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS
2  LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

3      44.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each
4  paragraph of the First, Second and Third Causes of Action herein.

5      45.    As a direct and proximate result of the conduct of defendants, and each of them,
6  Decedent's heirs have sustained the injuries and damages previously alleged.

7      WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and
8  each of them, as hereinafter set forth.

9                                    **IV.**

10                          **DAMAGES AND PRAYER**

11     WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and
12 each of them in an amount to be proved at trial in each individual case, as follows:

13     (a)    For Plaintiffs' general damages according to proof;

14     (b)    For Plaintiffs' loss of income, wages and earning potential according to proof;

15     (c)    For Plaintiffs' medical and related expenses according to proof;

16     (d)    For Plaintiffs' cost of suit herein;

17     (e)    For exemplary or punitive damages according to proof;

18     (f)    For damages for fraud according to proof; and

19     (g)    For such other and further relief as the Court may deem just and proper, including
20 costs and prejudgment interest.

21 Dated: ___9/28/12___                    BRAYTON❖PURCELL LLP

22                                          By: _____
                                                David R. Donadio, Esq., S.B. #154436
23                                              Attorneys for Plaintiffs

24                              **JURY DEMAND**

25     Plaintiffs hereby demand trial by jury of all issues of this cause.

26 Dated: ___9/25/12___                    BRAYTON❖PURCELL LLP

27                                          By: _____
28                                              David R. Donadio, Esq., S.B. #154436
                                                Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

14

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

EXHIBIT A

Decedent:  DALE GUSTAFSON, Deceased.

Decedent's injuries:  Decedent was diagnosed with lung cancer on or about May 2011.

Decedent died on October 1, 2011.

Retirement Status:  Decedent retired from his last place of employment at regular retirement age. He had therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | RANDOLPH (CVA-15) | Boiler Technician | 4/9/1955 - 2/1957 |
| U.S. Navy | CORAL SEA (CVA-43) | Boiler Technician | 2/21/1957 - 5/20/1957; 11/8/1964 - 7/27/1966 |
| U.S. Navy | MIDWAY (CVA-41) | Boiler Technician | 9/30/1957 - 8/1958 |
| U.S. Navy | LEXINGTON (CVA-16) | Boiler Technician | 5/1959 - 6/1960 |
| U.S. Navy | KEARSARGE (CVS-33) | Boiler Technician | 7/1960 - 10/17/1962 |
| U.S. Navy | LITTLE ROCK (CLG-4) | Boiler Technician | 2/21/1967 - 2/16/1969 |
| U.S. Navy | FRANCIS MARION (LPA-249) | Boiler Technician | 3/22/1969 - 8/1971 |
| Hansens Texaco 2932 Belvidere Road Waukegan, IL | Lakeside Texaco Duluth, MN | Owner | 4/1973 - 2/1974; 12/1974 |
| Navistar, Inc. 2701 Navistar Drive, Lisle, IL | International Harvester Duluth, MN | Maintenance Mechanic | 3/1974 - 12/1974 |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Erie Mining Company 1100 Superior Avenue Cleveland, OH | Erie Mining Company Hibbing, MN | Maintenance Mechanic | 7/1975 - 1978 |
| Cliffs Mining Company Hibbing, MN | Cliffs Mining Company Hibbing, MN | Maintenance Mechanic | 1978 - 1998 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREA GUSTAFSON, et al.

**DEFENDANTS**
FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

**(b)** County of Residence of First Listed Plaintiff St. Louis County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Delaware/New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David R. Donadio, Esq.
Brayton<>Purcell LLP, 222 Rush Landing Road,
Novato, CA 94948-6169

E-filing

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity of Citizenship; 28 USC Section 1332
Brief description of cause:
Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 9/25/12

SIGNATURE OF ATTORNEY OF RECORD