ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:12-cv-06556-RA

McCarthy et al v. Air & Liquid Systems Corp. et al
Assigned to: Judge Ronnie Abrams
Case in other court: State Court-Supreme, 190313-12
Cause: 28:1441 Notice of Removal

Date Filed: 08/27/2012
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Francis McCarthy**

**Plaintiff**

**Anne McCarthy**

V.

**Defendant**

**Air & Liquid Systems Corp.**

**Defendant**

| | | |
|---|---|---|
| **General Electric Company** | represented by | **Afigo Fadahunsi** |
| | | Three Gateway Center |
| | | 12th Floor |
| | | Newark, NJ 07102 |
| | | 973-242-0002 |
| | | Fax: 973-242-8099 |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **CBS Corporation** | represented by | **Afigo Fadahunsi** |
| *f/k/a Viacom, Inc., successor by merger* | | (See above for address) |
| *to CBS Corp., f/k/a Westinghouse* | | *PRO HAC VICE* |
| *Electric Corp.* | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2012 | 1 | NOTICE OF REMOVAL from Supreme, County of New York. Case Number: 190313-12. (Filing Fee $ 350.00, Receipt Number 1047284).Document filed by General Electric Company, CBS Corporation. (mro) Modified on 8/28/2012 (mro). (Entered: 08/28/2012) |
| 08/27/2012 | | Magistrate Judge Andrew J. Peck is so designated. (mro) (Entered: 08/28/2012) |

| 08/27/2012 | | Case Designated ECF. (mro) (Entered: 08/28/2012) |
|---|---|---|
| 10/01/2012 | 2 | ORDER AND NOTICE OF INITIAL CONFERENCE: This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties appear for an initial status conference on November 2, 2012 at 2:30 p.m. in Courtroom 9B of the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York. IT IS FURTHER ORDERED that, by October 26, 2012, the parties submit a joint letter, not to exceed five (5) pages, providing the following information set forth within this Order in separate paragraphs. IT IS FURTHER ORDERED that, by October 26, 2012, the parties jointly submit to the Court a proposed case management plan and scheduling order. ( Status Conference set for 11/2/2012 at 02:30 PM in Courtroom 9B, 500 Pearl Street, New York, NY 10007 before Judge Ronnie Abrams.) (Signed by Judge Ronnie Abrams on 10/1/2012) (jfe) (Entered: 10/02/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/05/2012 08:54:52 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-06556-RA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

FILED: NEW YORK COUNTY CLERK 07/23/2012

NYSCEF DOC. NO. 1

INDEX NO. 190313/2012

RECEIVED NYSCEF: 07/23/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------

In Re: NEW YORK CITY
ASBESTOS LITIGATION

------------------------------------------------------------------

*This Document Applies to:*

FRANCIS MCCARTHY and
ANNE MCCARTHY,

      Plaintiffs,

  -against-.

AIR & LIQUID SYSTEMS CORPORATION, A/K/A
  BUFFALO PUMPS, INC.;
ARMSTRONG INTERNATIONAL, INC.;
CBS CORPORATION, f/k/a VIACOM, INC., merger
  to CBS CORPORATION, f/k/a WESTINGHOUSE
  ELECTRIC CORP
CRANE, CO.;
FLUOR CORPORATION;
FMC CORPORATION, by its former NORTHERN
  PUMP business;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC
  CORPORATION;
GOULDS PUMPS, INC.;
GRINNELL CORPORATION;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
KAISER GYPSUM COMPANY, INC.;
NATIONAL SERVICE INDUSTRIES, INC., F/K/A
  NORTH BROTHERS;
RAPID AMERICAN CORPORATION;
RILEY STOKER CORPORATION;
SEQUOIA VENTURES, INC., f/k/a BECHTEL
  CORPORATION;
THE NASH ENGINEERING COMPANY;
TRANE U.S., INC., f/k/a AMERICAN STANDARD,
  INC.;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
YARWAY CORPORATION;

ASBESTOS MASTER

Index No:
Date filed:

NYCAL-

**SUMMONS**

Plaintiff designates: New York
County as the place of trial

The basis of venue is Defendants'
Place of Business

**Defendants.**

-------------------------------------------------------------X

To the above named Defendants(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.


Dated: New York, New York
7/23/2012

                    **NAPOLI BERN RIPKA SHKOLNIK &**
                    **ASSOCIATES, LLP**
                    *Attorneys for Plaintiffs*

                    By
                    KARDON A. STOLZMAN

2

DEFENDANTS RIDER:

1. AIR & LIQUID SYSTEMS CORPORATION F/K/A BUFFALO PUMPS, INC.

        C T CORPORATION SYSTEM
        4701 COX ROAD, SUITE 301
        GLEN ALLEN, VA 23060

2. ARMSTRONG INTERNATIONAL, INC.

        C/O: DAVID DYSKTRA
        900 MAPLE STREET
        THREE RIVERS, MI 49043

3. CBS CORPORATION

        C/O CORPORATION SERVICE COMPANY
        80 STATE STREET
        ALBANY, NEW YORK, 12207-2543

4. CRANE CO.

        CT CORPORATION SYSTEM
        1633 BROADWAY
        NEW YORK, NEW YORK, 10019

5. FLUOR CORPORATION

        CORPORATION SERVICE COMPANY
        2711 CENTERVILLE ROAD, SUITE 400
        WILMINGTON, DE 19808

6. FMC CORPORATION

        THE CORPORATION TRUST COMPANY
        CORPORATION TRUST CENTER
        1209 ORANGE STREET
        WILMINGTON, DE 19801

7. FOSTER WHEELER CORPORATION

        ROUTE 173 AT FRONTAGE ROAD
        CLINTON, NEW JERSEY 08809

8. GENERAL ELECTRIC COMPANY

3

GENERAL ELECTRIC COMPANY
3135 EASTON TPKE
FAIRFIELD, CONNECTICUT, 06828

9.  GEORGIA PACIFIC LLC

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

10. GOULDS PUMPS, INC.

ITT CORPORATION
1133 WESTCHESTER AVENUE
WHITE PLAINS, NEW YORK 10604

11. GRINNELL CORPORATION

THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

12. HONEYWELL INTERNATIONAL, INC.

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

13. IMO INDUSTRIES INC.

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

14. INGERSOLL-RAND COMPANY

CT CORPORATION SYSTEM

111 8TH AVENUE NEW YORK, NEW YORK 10011

15. KAISER GYPSUM COMPANY, INC.

C/O MARY D WRIGHT, ESQ
CABRAJA SILVERBERG & WRIGHT
3400 GULF TOWER 707 GRANT ST
PITTSBURGH, PENNSYLVANIA, 15219

4

16. NATIONAL SERVICES INDUSTRIES, INC.

     ATTENTION GENERAL COUNSEL
     1420 PEACHTREE ST.
     ATLANTA, GEORGIA, 30309

17. RAPID AMERICAN CORPORATION

     2711 CENTERVILLE ROAD
     WILMINGTON, DE 1980S

18. RILEY STOKER CORPORATION

     C/O CT CORPORATION SYSTEM
     111 EIGHTH AVENUE
     NEW YORK, NEW YORK, 10011

19. SEQUOIA VENTURES, INC.

     41 KATAN AVENUE
     STATEN ISLAND, NEW YORK, 10308

20. THE NASH ENGINEERING COMPANY

     CORPORATION SERVICE COMPANY
     80 STATE STREET
     ALBANY, NEW YORK, 12207-2543

21. TRANE, U.S., INC.

     CT CORPORATION SYSTEM
     111 EIGHTH AVENUE
     NEW YORK, NEW YORK, 10011

22. UNION CARBIDE CORPORATION

     CT CORPORATION SYSTEM
     111 EIGHTH AVENUE
     NEW YORK, NEW YORK, 10011

23. WARREN PUMPS, LLC

     82 BRIDGES AVENUE
     WARREN, MASSACHUSETTS 01083-0969

24. YARWAY CORPORATION

CT CORPORATION SYSTEM
111 8TH AVENUE NEW YORK, NEW YORK 10011

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------
In Re: NEW YORK CITY
ASBESTOS LITIGATION
-----------------------------------------------------------------
*This Document Applies to:*

FRANCIS MCCARTHY and
ANNE MCCARTHY,

                Plaintiffs,
    -against-.

AIR & LIQUID SYSTEMS CORPORATION, A/K/A
    BUFFALO PUMPS, INC.;
ARMSTRONG INTERNATIONAL, INC.;
CBS CORPORATION, f/k/a VIACOM, INC., merger
    to CBS CORPORATION, f/k/a WESTINGHOUSE
    ELECTRIC CORP
CRANE, CO.;
FLUOR CORPORATION;
FMC CORPORATION, by its former NORTHERN
    PUMP business;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC
    CORPORATION;
GOULDS PUMPS, INC.;
GRINNELL CORPORATION;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
KAISER GYPSUM COMPANY, INC.;
NATIONAL SERVICE INDUSTRIES, INC., F/K/A
    NORTH BROTHERS;
RAPID AMERICAN CORPORATION;
RILEY STOKER CORPORATION;
SEQUOIA VENTURES, INC., f/k/a BECHTEL
    CORPORATION;
THE NASH ENGINEERING COMPANY;
TRANE U.S., INC., f/k/A AMERICAN STANDARD,
    INC.;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
YARWAY CORPORATION;

ASBESTOS MASTER

Index No:
Date filed:

NYCAL

**VERIFIED COMPLAINT FOR**
**PERSONAL INJURIES**

Plaintiff designates: New York
County as the place of trial

The basis of venue is Defendants'
Place of Business

**Defendants.**

-------------------------------------------------------------------X

To the above named Defendants(s):

Plaintiff FRANCIS MCCARTHY, by his attorneys NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, upon information and belief, at all times hereinafter mentioned alleges as follows:

1.  The term "Plaintiffs" shall apply to FRANCIS MCCARTHY. Plaintiffs currently reside in the State of Florida.

2.  Plaintiff was at all times relevant to the Complaint, a resident of the state alleged in the individual Complaint, specifically New York.

3.  The term "Defendants" shall apply to all named business and/or corporate entities and/or such company's predecessors and/or successors in interest more fully described below.

4.  The Defendants named herein have done business in this State and/or have conducted and/or transacted business in this state, have committed one or more tortuous acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5.  Defendant AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

6.  Defendant AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC. was and still is a duly organized foreign corporation doing business and/or

2

transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

       7.      Defendant CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

       8.      Defendant CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have

       9.      Defendant CRANE COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

       10.     Defendant CRANE COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

       11.     Defendant FLUOR CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

       12.     Defendant FLUOR CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

       13.     Defendant FMC CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

14.     Defendant FMC CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

15.     Defendant FOSTER WHEELER ENERGY CORPORATION  was and still is a duly organized domestic corporation doing business in the State of New York.

16.     Defendant FOSTER WHEELER ENERGY CORPORATION  was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

17.     Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

18.     Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

19.     Defendant GEORGIA PACIFIC LLC was and still is a duly organized domestic corporation doing business in the State of New York.

20.     Defendant GEORGIA PACIFIC LLC was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

21.     Defendant HONEYWELL INTERNATIONAL INC. was and still is a duly organized domestic corporation doing business in the State of New York.

4

22.     Defendant HONEYWELL INTERNATIONAL INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

23.     Defendant IMO INDUSTRIES, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

24.     Defendant IMO INDUSTRIES, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

25.     Defendant INGERSOLL-RAND COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

26.     Defendant INGERSOLL-RAND COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York..

27.     Defendant KAISER GYPSUM COMPANY, INC.was and still is a duly organized domestic corporation doing business in the State of New York.

28.     Defendant KAISER GYPSUM COMPANY, INC.was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

29.     Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTHERN BROTHERS was and still is a duly organized domestic corporation doing business in the State of New York.

30.     Defendant NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTHERN BROTHERS was and still is a duly organized foreign corporation doing business and/or

5

transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

31.    Defendant RAPID AMERICAN CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

32.    Defendant RAPID AMERICAN CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

33.    Defendant RILEY STOKER CORPORATION, as successor-in-interest to Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation was and still is a duly organized domestic corporation doing business in the State of New York.

34.    Defendant RILEY STOKER CORPORATION, as successor-in-interest to Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation was and still is a duly organized foreign corporation doing business in the State of New York and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

35.    Defendant SEQUOIA VENTURES, INC.  f/k/a BECHTEL CORPORATION as and still is a duly organized domestic corporation doing business in the State of New York.

36.    Defendant SEQUOIA VENTURES, INC.  f/k/a BECHTEL CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

37.     Defendant THE NASH ENGINEERING COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

38.     Defendant THE NASH ENGINEERING COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

39.     Defendant TRANE U.S., INC., f/k/a AMERICAN STANDARD, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

40.     Defendant TRANE U.S., INC., f/k/a AMERICAN STANDARD, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

41.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

42.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

43.     Defendant WARREN PUMPS, LLC was and still is a duly organized domestic corporation doing business in the State of New York.

44.     Defendant WARREN PUMPS, LLC was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

7

45.     Plaintiff repeats, reiterates and realleges each and every prior allegation contained herein above with the same force and effect as if hereinafter set forth at length.

46.     Plaintiff continuously worked with and was exposed to the asbestos and asbestos-containing products and materials mined, manufactured, processed, imported, converted, compounded, installed, or sold by the Defendants. During the course of his employment, Plaintiff was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused him to develop an asbestos related disease.

47.     Plaintiff continuously worked with and was exposed to the asbestos and asbestos-containing products due to defective products, materials and/or masks as a result of negligent design. During the course of his employment and as a result thereof, Plaintiff was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused him to develop an asbestos related disease.

48.     Upon information and belief, the Defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold and/or delivered various asbestos-containing products and materials and/or asbestos containing equipment to which Plaintiff was exposed during the period of time he was employed.

49.     At all times pertinent hereto the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course of and scope of their employment and in furtherance of the business of said Defendants.

50.     During the scope and course of Plaintiff's employment he was necessarily and unavoidably exposed to and did inhale and ingest dust and/or asbestos fibers emanating from the asbestos, asbestos-containing products and/or equipment and as a result of negligently designed,

8

manufactured, fabricated, fashioned, distributed, sold, packaged materials and equipment including, but not limited to masks of the Defendants.

51.    As a proximate result of the exposure to the asbestos and asbestos containing products and/or equipment of these Defendants and the unavoidable and necessary inhalation of said asbestos dust and/or fibers, Plaintiff developed an asbestos-related disease.

52.    At all relevant times, the Defendants knew or should have known that the asbestos and asbestos-containing products and materials which they were providing were inherently dangerous beyond the expectations of the ordinary user or handler who would come into contact with these products.

53.    The Defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith.

54.    The Defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods, which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and/or equipment and materials.

55.    The Defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials.

56.    To the extent that some Defendants may have inquired as to the hazards of said materials, the Defendants negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products.

57.     The Defendants negligently failed to develop, make available and/or provide non-hazardous substitutes, which could have been used for the same purpose as their asbestos-containing products and/or equipment.

58.     The Defendants negligently failed to design asbestos-containing products and/or equipment in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers.

59.     As a direct result of working with or near the asbestos materials supplied by the Defendants with the consequent unavoidable and necessary inhalation and ingestion of said asbestos fibers, Plaintiff developed an asbestos related disease and as a result was rendered ill and disabled. Plaintiff suffered and endured great pain and mental anguish and suffered a loss of enjoyment of life throughout the remainder of his life.

60.     The asbestos related disease of the Plaintiff was proximately caused by the Defendants' negligent actions in that, *inter alia*, they negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the Plaintiff was exposed, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful, depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the Plaintiff, all of which Defendants had due and timely notice.

61.     Defendants negligently failed to render warnings, advise, give instructions and/or information to Plaintiff so that he could have made an adequate and informed judgment as to the use of said products and were otherwise negligent.

62.     The Defendants individually and as a group since the early 1900's have possessed medical and scientific data which clearly indicates that their asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the Defendants individually and

10

collectively ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users including Plaintiff of said medical and scientific data and therefore deprived the public at large and the Plaintiff in particular, of the opportunity of free choice as to whether or not to expose himself to the asbestos and asbestos-containing products of said Defendants; and Defendants further willfully, intentionally and wantonly failed to warn Plaintiff of the serious bodily harm which would result from the inhalation of their asbestos fibers and the dust from their asbestos products.

63.     The Defendants' failure to use reasonable care under all the circumstances was the proximate cause of PLAINTIFF's asbestos-related disease.

64.     As a result of the foregoing Plaintiff was seriously injured and said serious injuries ultimately caused and led to his demise.

65.     By reason of the foregoing, said Plaintiff have been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
ALL DEFENDANTS, EXCEPT FOR THOSE ASBESTOS
EXPOSURES WHICH ARE ALLEGED TO HAVE
OCCURRED ABOARD ANY MILITARY VESSEL
OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT
ANY GOVERNMENTAL FACILITY OR LOCATION:
BREACH OF IMPLIED AND EXPRESS WARRANTEES**

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

67.     The Defendants expressly and impliedly warranted that said asbestos and asbestos-containing materials were of good and merchantable quality and fit for intended use.

11

68.     The implied/express warranties made by the Defendants that their asbestos and asbestos-containing materials were of good and merchantable quality and fit for their particular use were breached in that certain harmful, poisonous and deleterious matter was given off into the atmosphere where Plaintiff carried out his duties working with and around asbestos and asbestos-containing materials.

69.     As a direct and/or proximate cause of the the Defendants' breach of the implied/express warranties of good and merchantable quality and fitness for the particular use of their products, Plaintiff developed an asbestos-related disease and was caused to endure great pain and suffering.

70.     Plaintiff was seriously injured and said injury caused and resulted in Plaintiff's demise.

71.     By reason of the foregoing, Plaintiff have been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($ 10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS EXCEPT NO CLAIMS ALLEGING A MANUFACTURE OR DESIGN DEFECT OTHER THAN FAILURE TO WARN ARE MADE FOR ANY ASBESTOS EXPOSURES, WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION: FAILURE TO WARN**

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if hereinafter set forth at length.

12

73.    At all relevant times, Defendants, as part of their business, manufactured, designed, supplied, developed, fashioned, packaged, distributed, delivered, installed, sold and/or otherwise placed asbestos and asbestos products and/or equipment and materials into the stream of commerce in a defective, unsafe and inherently dangerous condition and the products and materials were expected to and did reach users, handlers and persons coming into contact with the said products and materials without substantial change in the condition in which they were sold.

74.    The asbestos-containing products and/or equipment sold by the Defendants did not contain a warning and/or information concerning the dangers to persons using, handling or coming into contact therewith.

75.    The asbestos-containing products and/or equipment sold by the Defendants did not contain adequate and/or correct warnings and instructions of safety precautions to be observed by users, handlers and persons who would reasonably and foreseeably come into contact with said products and/or equipment.

76.    That at all times herein, the products and/or equipment being used herein were being employed for the purposes and in the manner normally intended and the defects of the said products were not discoverable by the Plaintiff through exercise of reasonable care, nor were the dangers of said products perceivable on the part of the Plaintiff and the Plaintiff could not have otherwise averted his injury by the exercise of reasonable care.

77.    Said asbestos and asbestos-containing materials were defective and dangerous at the time they were sold as the products and/or equipment contained a latent defect and were harmful, poisonous and deleterious when introduced into the atmosphere where the Plaintiff carried on his work duties.

13

78.    The Defendants selling their asbestos and asbestos-containing materials in a defective and dangerous condition to the users thereof, such as the Plaintiff, are strictly liable to the Plaintiff for any illness resulting from said defective products.

79.    As a direct and proximate result of the sale by the Defendants to Plaintiff's employers and/or other contractors, of said defective and unreasonably dangerous products and/or equipment the Plaintiff sustained serious and permanent injuries and suffered a loss of enjoyment of his life.

80.    Plaintiff was seriously injured and his injuries were the proximate cause of and resulted in his demise.

81.    That by reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
ALL OTHER DEFENDANTS EXCEPT NO CLAIMS
ALLEGING A MANUFACTURE OR DESIGN DEFECT
OTHER THAN FAILURE TO WARN ARE MADE FOR
ASBESTOS EXPOSURES, WHICH ARE ALLEGED TO
HAVE OCCURRED ABOARD ANY MILITARY VESSEL
OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT
ANY GOVERNMENTAL FACILITY OR LOCATION:
FUNGIBLE PRODUCTS**

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

83.    Defendants collectively and individually manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, installed, sold, supplied,

delivered and promoted asbestos and asbestos-containing products which were generically similar and fungible in nature; and placed such products into the stream of interstate commerce.

84.    Through no fault of his own, Plaintiff may not have been able to identify all the asbestos-containing products or their manufacturers, marketers, sellers, distributors, or promoters due to the generic similarity and fungible nature of such products as produced by these Defendants.

85.    As a direct and proximate result of the Defendants' activities, Plaintiff was exposed to asbestos-containing products and sustained severe personal injuries and damages as described above.

86.    By reason of the foregoing, Defendants are jointly and severally liable to the Plaintiff for the injuries and damages sustained by him as described above by virtue of industry-wide or enterprise liability.

87.    In the alternative, Defendants herein are jointly and severally liable to Plaintiff as they represent a substantial share of the asbestos-containing product market within the area in which Plaintiff was employed.

88.    Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which Plaintiff was exposed during the period of his employment.

89.    Independent of the above, Defendants are also jointly and severally liable to Plaintiff, as the limitations of liability articulated in CPLR 1601 do not apply to the Plaintiff's cause of action by operation of the exceptions set forth in CPLR 1602, which states that the limitations shall:

      (a)    Not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others.

15

(b)    Not apply to any person held liable by reason of the applicability of article ten of the labor law.

(c)    Not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer.

(d)    Not apply to any parties found to have acted knowingly or intentionally and in concert, to cause the acts or failures upon which liability is based; provided, however, that nothing in this subdivision shall be construed to create, impair, alter, limit, modify, enlarge, abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant.

90.    Therefore defendants are jointly and severally liable to the Plaintiff for the Plaintiff's injuries, and damages sustained by the Plaintiffs individually, which were directly and proximately caused by Plaintiff's exposure to asbestos-containing products and promoted by the defendants based on the several defendants' pro rata market share within the market described herein.

91.    As a result of his exposure to the Defendants' fungible asbestos and asbestos-containing products, Plaintiff was seriously injured.

92.    By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS: UNSAFE WORKPLACE

93.    Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

16

94.    Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises on which Plaintiff was lawfully frequenting and exposed to asbestos.

95.    Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

96.    At all times relevant hereto, Plaintiff was lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

97.    At all times relevant hereto, Plaintiff's presence on the premises on which Plaintiff was exposed to asbestos was known or knowable to the Defendants.

98.    Defendants, their subsidiaries, agents and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exist by specifying, using and/or permitting the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises where the Plaintiff was exposed to asbestos.

99.    Defendants, their subsidiaries, agents and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the Plaintiff was present and as a result, Plaintiff was exposed to asbestos.

100.    Defendants, their subsidiaries, agents and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct this dangerous condition.

101.    Defendants, their subsidiaries, agents and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn the

17

Plaintiff of the existence of the dangerous condition and/or provide the Plaintiff the means to protect himself from this dangerous condition.

102.    Defendants, their subsidiaries, agents and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as Plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

103.    Defendants, their subsidiaries, agents and/or servants violated New York Labor Law sections 200 *et seq.*, including, but not limited to, sections 200 and 241(6) and the New York Industrial Code (12 N.Y.C.R.R. §§ 12 and 23) by their failure to provide a safe workplace, including, but not limited to, failing to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known and by their failure to provide reasonable and adequate protection for individuals, such as Plaintiff, who was lawfully at a construction site owned, maintained and/or controlled by them. *Inter alia*:

I.    Defendants, their subsidiaries, agents and/or servants violated the New York State Industrial Code section 12, subsection 1.4, which states that:

   a)    All operations or processes, which produce air contaminants, shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control or protective procedures and equipment.

      (1)    Every employer shall effect compliance with the provisions of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

      (2)    Every employer shall instruct his employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

      (3)    No employer shall suffer or permit an employee to work in a room in which there exist dangerous air contaminants in a work atmosphere.

<div style="margin-left: 3em;">

(4) No employer shall suffer or permit dangerous air contaminants to accumulate or remain in any place or area subject to the provisions of this. Part (rule).

</div>

II. Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.5, which states that:

 (a) Personal respiratory protective equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board

III. Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.6 (formerly section 12.9), which states that:

 (a) One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

  (1) Substitution of a material or a method, which does not produce dangerous air contaminants.

  (2) Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.

  (3) Dilution ventilation.

  (4) Application of water or other wetting agent.

  (5) Enclosure or isolation

  (6) Other methods approved by the board.

IV. As evidence of Defendants', their subsidiaries', agents' and/or servants' violation of the abovementioned sections of the New York State Industrial Code, Defendants, their subsidiaries, agents and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

V. Defendants, their subsidiaries, agents and/or servants violated section 23-3.2(d) of the New York State Industrial Code, which states that:

 (d) Provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with appropriate spraying agents or by other means.

<div style="text-align: center;">19</div>

104.     Defendants, their subsidiaries, agents and/or servants negligently designed the construction of the premises on which Plaintiff was lawfully frequenting and exposed to asbestos by specifying the use of asbestos containing products, equipment and/or fixtures at the premises.

105.     Defendants, their subsidiaries, agents and/or servants negligently breached their contractual duty to the Plaintiff, third-party beneficiary, to provide for the health, welfare and/or safety of those individuals, such as Plaintiff's Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

106.     Defendants, their subsidiaries, agents and/or servants, breached their warranty to provide for the health, welfare and/or safety of those individuals, such as Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

107.     Defendants, their subsidiaries, agents and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement of the Law, Second, Torts, including, but not limited to, sections 343, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

108.     Defendants' acts and/or omissions constitute willful misconduct and conscious disregard of the health of the public, including the Plaintiff.

109.     As a direct and proximate result of the Defendants' conduct, Plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries as described above.

110.     Plaintiff was seriously injured.

111.     By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS: LOSS OF CONSORTIUM

20

112.    Plaintiff repeats and reiterates each and every allegation contained in the prior paragraphs with the same force and effect as if hereinafter set forth at length.

113.    Plaintiff Anne McCarthy is the wife of Plaintiff FRANCIS MCCARTHY.

114.    That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants.

115.    By reason of the foregoing, plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($ 10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

WHEREFORE, Plaintiff, Anne McCarthy, demands judgment against the defendants jointly and severally on each cause of action with interest together with costs and disbursements in this action.

Dated: New York, New York
7/23/2012

NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
*Attorneys for Plaintiff*


By _____
KARDON A. STOLZMAN
350 Broadway, Suite 7413
New York, New York 10118
(212) 267-3700

21

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK )

      KARDON A. STOLZMAN, an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

      I am the attorney for the plaintiff in the above entitled-action. I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof, and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in Part 130.

      This verification is made by your affirmant because plaintiff is not presently in the county wherein your affirmant maintains an office.

      The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated: New York, New York
7/23/2012

                    **NAPOLI BERN RIPKA SHKOLNIK &**
                    **ASSOCIATES, LLP**
                    *Attorneys for Plaintiff*

By                        
                    KARDON A. STOLZMAN
                    350 Broadway, Suite 7413
                    New York, New York 10118
                    (212) 267-3700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
FRANCIS MCCARTHY and
ANNE MCCARTHY

                                                   Index No.:

                   Plaintiffs,

   -against-.

AIR & LIQUID SYSTEMS CORPORATION, *et al.*;
                Defendants.
-------------------------------------------------------------X

## PLAINTIFF'S VERIFIED COMPLAINT

### NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
*Attorneys for*: Plaintiff
350 Fifth Avenue, Suite 7413
New York, NY 10118
(631) 224-1133

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

_____
                  KARDON A. STOLZMAN

Service of a copy of the within                     is hereby admitted.
Dated,        _____
              ATTORNEY(S) FOR

PLEASE TAKE NOTICE:
     ☐  NOTICE OF ENTRY
          that the within is a (certified) true copy of an             duly entered in
      the     office of the clerk of the within named court on _____200__.
     ☐  NOTICE OF SETTLEMENT
          that an order   of which the within is a true copy will be presented for settlement
          to the HON.                one of the judges of the within named Court, at
          on             200___ at_____ O'clock ____.M.

Dated, _____

                              Yours, etc.

                           **NAPOLI BERN RIPKA SHKOLNIK &
                           ASSOCIATES, LLP**

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
------------------------------------------------------------------ x

In Re: NEW YORK CITY                                NYCAL
ASBESTOS LITIGATION                                 Index No.
------------------------------------------------------------------ x

This Document Applies to:
                                                    PLAINTIFFS' INITIAL
                                                    FACT SHEET

FRANCIS MCCARTHY and ANNE MCCARTHY

v.

AIR & LIQUID SYSTEMS CORPORATION,
    A/K/A BUFFALO PUMPS, INC., et al.

------------------------------------------------------------------x


        For each claimant or deceased claimant, please answer each of the following
questions:

    1.     Full name: <u>Francis McCarthy</u>

    2.     Date of Birth: <u>December 17, 1940</u>

    3.     Address: <u>4711 61st Avenue, Bradenton, FL 34210</u>

    4.     Date of death: <u>Not applicable</u>

    5.     Social Security Number: <u>xxx-xx-4395</u>

    6.     Date of claimant's claimed asbestos exposure: <u>Plaintiff claims personal,</u>

           <u>bystander, secondary, and occupation exposure from 1959 to 1985.</u>

    7.     Smoking History:

    For all cigarettes, pipes, cigars, please state the inclusive dates of claimant's smoking

    history, the products smoked and the amount of products consumed per day: <u>Francis</u>

    <u>McCarthy smoked 1 ½ to 2 packs per day from 1958 until April, 2004.</u>

8.    At this preliminary state of the proceedings, please provide as much of the

following information as is presently available worksites, inclusive dates, and

trade or occupation for each site.  (Each worksite should be identified as

specifically as possible, i.e. ships worked on in a given shipyard):

Plaintiff served in the US Navy, from 1959 to 1961, as an engine man (repairing

diesel engines) and signal man on the USS Des Moines, where he was exposed to

asbestos.  From 1961 to 1962, he worked for Sonotone Corporation in Port Chester,

NY where he mixed titration-chemicals for batteries.  From 1962 to 1993, Mr.

McCarthy worked for IBM Corporation in White Plains, NY as a meeting planner for

hotels.  Additionally, from 1972 to 1981, Mr. McCarthy performed personal

construction on his own homes.


9.    Claimed asbestos-related disease, including date of diagnosis and name of

diagnosing physician or institution if known (an attached medical report

would be helpful but is optional)


Records available via Record Track.