# U.S. District Court
## Western District of Virginia (Charlottesville)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00054-NKM

Wood v. General Electric Company et al
Assigned to: Judge Norman K. Moon
Demand: $20,350,000
Case in other court: Albemarle County Circuit Court, CL11000674-00
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 10/05/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Francis B. Wood**
*Administrator of the Estate of Harold Ray Wood, Deceased*

V.

### Defendant

**General Electric Company**

represented by **Anthony Berardo Taddeo , Jr.**
TADDEO STURM PLC
3 WEST CARY STREET
RICHMOND, VA 23220
804-344-8542
Fax: 804-344-8541
Email: taddeo@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**David M. Sturm**
TADDEO STURM PLC
3 WEST CARY STREET
RICHMOND, VA 23220
804-344-8540
Fax: 804-344-8451
Email: sturm@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**Matthew Devins Joss**
JUNKER TADDEO & STURM PLC
3 WEST CARY STREET
RICHMOND, VA 23220
804-344-8545
Fax: 804-344-8541
Email: joss@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*A Delaware Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse") A Delaware Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2012 | 1 | NOTICE OF REMOVAL from Albemarle County Circuit Court, case number CL11000674-00. (Filing fee $ 350 Receipt Number 300002265), filed by General Electric Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet, # 5 Cover Letter)(hnw) |
| 10/05/2012 | 2 | NOTICE of Tag-Along Action by CBS Corporation, General Electric Company, Francis B. Wood (hnw) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/08/2012 14:45:58 | | | |
| **PACER Login:** | jt1678 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00054-NKM |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

VIRGINIA:

IN THE CIRCUIT COURT FOR ALBEMARLE COUNTY

FRANCES B. WOOD, Administrator of the
Estate of HAROLD RAY WOOD, Deceased,

    Plaintiff,

v.                                     Case No.: CL11000674-00

GENERAL ELECTRIC COMPANY
A New York Corporation
SERVE:    Allen C. Goolsby, III, Esq., Registered Agent
              Hunton & Williams
              951 E. Byrd Street
              Richmond, VA 23219

CBS CORPORATION
A Delaware Corporation, f/k/a Viacom Inc., successor by
merger to CBS Corporation, a Pennsylvania corporation,
f/k/a Westinghouse Electric Corporation ("Westinghouse")
A Delaware Corporation
SERVE:    Corporation Service Company, Registered Agent
              11 South 12th Street
              Richmond, VA 23218-000

              Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Frances B. Wood, as Administrator of the Estate of Harold Ray Wood, Deceased, a citizen and resident of the Commonwealth of Virginia, and moves for judgment, jointly and severally, against the Defendants for $20,000,000.00 in damages, pursuant to Virginia's Wrongful Death Act, § 8.01-50 *et seq.* of the Code of Virginia, 1950, as amended, and files her Amended Complaint. In support of her Complaint, the Plaintiff states the following:

## PARTIES

1.  The Plaintiff, Frances B. Wood, is the duly qualified Administrator of the Estate of Harold Ray Wood who died of lung cancer on November 21, 2003.

2.  The following Defendants are hereinafter designated variously as the "Defendants" and are foreign corporations who are amenable to jurisdiction in the Court of Virginia in that they have transacted business and caused tortious injury in the Commonwealth of Virginia. Each foreign corporation manufactures machinery and equipment that contains or is required to contain substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in Virginia.

3.  At all times material hereto, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the Defendants.

4.  The Plaintiff's Decedent was exposed to asbestos-containing products and/or machinery containing, requiring or recommending the use of asbestos and/or asbestos-containing products that were manufactured, supplied, and/or distributed by the defendants. These products were defective and inherently dangerous in the manner in which they were marketed because of their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products. The defective, abnormally and inherently dangerous condition of the products coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust rendered such products unreasonably and inherently dangerous, thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Defendants as a prerequisite to liability.

5. The Defendant, GENERAL ELECTRIC COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied machinery and equipment that contained asbestos products or machinery that required the use of asbestos containing products and has its principal place of business at 12 Corporate Woods Boulevard, 3rd Floor, Albany, New York 12211.

6. The Defendant, CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), is a Pennsylvania corporation authorized to do business in the Commonwealth of Virginia that sold, installed and distributed machinery and equipment that contained asbestos products or required the use of asbestos containing products and has as its principal place of business at 1515 Broadway, New York, New York 10036.

## FOR A FIRST CAUSE OF ACTION

7. The factual and jurisdictional allegations of Paragraphs 1 through 6 are re-alleged and incorporated herein as if repeated verbatim.

As to the Defendants identified above, the Plaintiff alleges as follows:

8. The Defendants are or were miners, manufacturers, processors, importers, converters, compounders and/or retailers of machinery and equipment that either contained asbestos or machinery and equipment that required the use of asbestos containing products.

9. The Defendants, acting through their agents, servants and/or employees have caused certain machinery or equipment requiring the use of asbestos and asbestos-related insulation materials and other asbestos-containing products to be placed in the stream of

3

interstate commerce with the result that said asbestos and asbestos-related materials came into use by the Plaintiff's Decedent prior to 1980.

10. For over thirty (30) years the Plaintiff's Decedent worked as an ASBESTOS INSULATOR and prior to 1980 was exposed to the asbestos and asbestos-related insulation materials and other asbestos-containing products that was required to be used on machinery and equipment manufactured by the Defendants, said exposure being throughout the Commonwealth of Virginia.

11. During the course and scope of his employment and prior to 1980, the Plaintiff's Decedent was exposed to asbestos and asbestos related insulation materials and other asbestos-containing products required to be used on Defendants' machinery and equipement, which exposure directly and proximately caused the Plaintiff's Decedent to develop an illness known and designated as LUNG CANCER.

12. The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, machinery and equipment which required asbestos and asbestos-related insulation materials and other asbestos-containing products which the Defendants knew, or in the exercise of ordinary care, should have known, were deleterious, poisonous and highly harmful to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health.

13. The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known,

4

that the asbestos and asbestos-related insulation materials and other asbestos-containing products were deleterious, poisonous and highly harmful to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

a. Failed to advise the Plaintiff's Decedent of the dangerous characteristics of the asbestos and asbestos-related insulation products, and other asbestos-containing products required to be used on its machinery and equipment;

b. Failed or omitted to provide the Plaintiff's Decedent with information concerning reasonably safe wearing apparel and proper protective equipment and appliances;

c. Failed and omitted to place any warnings or sufficient warnings on their product to warn of the dangers to health in coming in contact with said asbestos and asbestos insulation materials and other asbestos-containing products;

d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products required to be used on their machinery and equipment;

e. Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff's Decedent of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, and other asbestos-containing products;

f. Failed to recommend methods to improve the work environment to prevent an unreasonable risk to the Plaintiff's Decedent's health;

g. Failed to test the safety of the products required to be used on their products or develop alternative products that were safe;

14. As a direct and proximate result of the foregoing negligence, gross negligence, and willful disregard for the Plaintiff's Decedent's health and safety as aforesaid, Plaintiff's Decedent contracted lung cancer and died on November 21, 2003.

## FOR A SECOND CAUSE OF ACTION

15. Paragraphs 1 through 14 are re-alleged and incorporated as if fully set forth herein.

16. That at various times from 1929 to the filing of this lawsuit, the Defendants had actual knowledge of the dangers to the Plaintiff's Decedent of asbestos exposure. Nevertheless, the Defendants deliberately, intentionally and purposefully:

   a. Failed to warn prior users of the need for monitoring due to prior asbestos exposure;

   b. Failed to issue recall type letters or notices to prior users;

   c. Frustrated the publication of articles on the asbestos health hazards in the literature;

   d. Failed to advise the Plaintiff's Decedent of medical findings known to the Defendants concerning the dangers of asbestos exposure;

   e. Suppressed the dissemination of information to the Plaintiff's Decedent concerning the hazards of asbestos exposure.

17. The foregoing deliberate, intentional and purposeful acts of the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries and damages hereinafter described.

## FOR A THIRD CAUSE OF ACTION

18. Paragraphs 1 through 17 are re-alleged and incorporated as if fully set forth herein.

19. The Defendants were negligent in some or all of the following respects, and such negligence proximately caused or substantially contributed to cause the Plaintiff's Decedent's mesothelioma and other injuries and disabilities:

   a. In providing a defective product in the stream of commerce in that they failed to warn Plaintiff's Decedent and others similarly situated, of the known risks and dangers, including the fatal disease of lung cancer associated with the uncontrolled, intended use of, inhalation, and/or ingestion of the asbestos fibers and dust contained in the asbestos and/or asbestos-containing products and arising from the normal and intended use of such products these Defendants produced and/or supplied or required for their machinery and/or equipment.

   b. In failing to adequately warn Plaintiff's Decedent of the dangerous characteristics of the asbestos and/or asbestos-containing products they manufactured or supplied

6

in that each Defendant failed to warn Plaintiff's Decedent that he could develop fatal injuries, including but not limited to, lung cancer as a result of being exposed to, inhaling, or ingesting asbestos dust and fibers released from these asbestos or asbestos-containing products.

c. In continuing to manufacture, sell, distribute and/or install machinery and equipment that required the use of asbestos products when each Defendant knew, should have known or had reason to know that such products were unavoidably unsafe and unreasonably dangerous absent reasonable warnings and precautions, which were not implemented, and caused injuries or death from lung cancer in those persons exposed to the ordinary and foreseeable use of asbestos products;

d. In failing to adequately test their asbestos-containing products before offering them for sale and/or use so that Plaintiff's Decedent and other persons similarly situated, could be accurately and adequately warned of the dangers of exposure to asbestos dust and fibers resulting from the inhalation and/or ingestion of such dust and fibers during the ordinary and foreseeable use, maintenance and construction of their machinery and/or equipment.

e. In failing to exercise reasonable care in the design, hazard analysis, testing, manufacture, and/or sale of their products, and putting into the stream of commerce unreasonably dangerous and defective products, which, when used in a manner reasonably foreseeable to Defendants, was inherently and imminently dangerous because of the harmful effects of breathing asbestos dust generated by the products and of which the Defendants knew, should have known, or had reason to know would or may cause serious injury or death.

20. The asbestos-containing products required to be used on defendant machinery and equipment to which Plaintiff's Decedent was exposed and which proximately caused or substantially contributed to Plaintiff's Decedent's injury were used in the manner in which the Defendants intended them to be used, and the Defendants knew, should have known or had reason to know of the inherently dangerous, unavoidably unsafe, and/or unreasonably dangerous character and nature of their respective asbestos containing products. As a direct and proximate result of the negligence, gross negligence, and/or willful disregard for the Plaintiff's Decedent's health and safety as aforesaid, Plaintiff's Decedent's contracted lung cancer and died of November 21, 2003.

7

## FOR A FIFTH CAUSE OF ACTION

21. Paragraphs 1 through 20 are re-alleged and incorporated as if fully set forth herein.

22. Defendants impliedly warranted that their machinery and equipment containing asbestos products were reasonably fit for use and safe for their intended purposes.

23. At the time of the manufacture and sale of their products, the Defendants knew, should have known or had reason to know, that their products would be used by the Plaintiff's Decedent or those similarly situated, as the ultimate user or consumer of their products and that Plaintiff's Decedent would be exposed to asbestos containing products required to be used on these products.

24. Throughout the years that the Plaintiff's Decedent was exposed to Defendants' machinery and/or equipment that contained asbestos products, the Defendants expected that their products would be installed and maintained requiring the use of asbestos products.

25. The Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of merchantable quality and not unreasonably dangerous.

26. The Defendants' products were sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said Defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in the asbestos-containing products required to be used on their products.

27. The Defendants breached said warranties to the Plaintiff's Decedent in that their products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and

purposes in light of the fact that the Defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting lung cancer.

28. The Defendants further breached their implied warranty by selling their products which were not reasonably fit for their ordinary and reasonably foreseeable purposes and which were unreasonably dangerous because of their dangerous propensity to release toxic, injurious, and/or deadly asbestos dust, thereby potentially injuring or killing those who were reasonably, foreseeably exposed.

29. The Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

30. The foregoing breach of warranties by the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries and damages hereinafter described.

## DAMAGES

31. The Plaintiff hereby incorporates by reference Paragraphs 1 through 30, inclusive, as if the same were hereto set forth at length.

32. Plaintiff brings this action to recover damages under Virginia's Wrongful Death Statues, §8.01-50 *et seq.*, Code of Virginia (1950 as amended).

33. As a result of his exposure to asbestos, the Plaintiff's Decedent developed LUNG CANCER, endured severe suffering and died on November 21, 2003. This claim is not barred by the statute of limitations as evidenced by the joint stipulation attached hereto as Exhibit A.

9

34. The Plaintiff's Decedent was in good health prior to contracting the LUNG CANCER from which he died.

35. The Plaintiff's Decedent is survived by his wife, Frances B. Wood; his adult daughter, Brenda F. Wood; his adult son, William C. Wood; his adult son, Bruce B. Wood and his adult son, Linwood R. Wood.

36. Harold Ray Wood's wife, Frances B. Wood, and his adult children, Brenda F. Wood, William C. Wood, Bruce B. Wood and Linwood R. Wood are the wrongful death beneficiaries of Harold Ray Wood under §8.01-53 of the Code of Virginia (1950 as amended), and they have suffered severe and substantial damages, including but not limited to the following:

   a. Grief, sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance and advice;

   b. Services, protection, care and assistance provided by Harold Ray Wood;

   c. Expenses for the care, treatment and hospitalization of Harold Ray Wood; and

   d. Funeral expenses.

37. In addition to the above damages Plaintiff is entitled to interest at the statutory rate from November 21, 2003, pursuant to §8.01-382 of the Code of Virginia.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, individually and jointly and severally, for compensatory damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00) and punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) together with interest from the date of diagnosis of asbestos-induced disease plus costs of this suit and such other and further relief as is just and proper.

**PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES TO WHICH HE IS ENTITLED BY LAW TO A JURY.**

FRANCES B. WOOD, Administrator of the
Estate of HAROLD RAY WOOD, Deceased
By Counsel

*signature*

Gary W. Kendall, Esquire (VSB No. 15651)
J. Gregory Webb, Esquire (VSB No. 38157)
E. Kyle McNew, Esquire (VSB No. 73210)
Michie Hamlett Lowry
  Rasmussen & Tweel PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, Virginia 22902-0298
(434) 951-7200; (434) 951-7218 Facsimile

John Herrick, Esquire
Motley Rice, LLC
Post Office Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000; (843) 216-9450 Facsimile

*Counsel for the Plaintiff*

Dated: October 19th, 2011

11

| | | |
|---|---|---|
| IN RE: BALTIMORE CITY ASBESTOS CASES | * | IN THE |
| | * | CIRCUIT COURT |
| | * | FOR |
| | * | BALTIMORE CITY |

\* \* \* \* \* \* \*   \* \* \* \* \* \*

| | | |
|---|---|---|
| William Connelly | * | July 18, 2011 Trial Group |
| Plaintiffs, | * | |
| v. | * | Consolidated No. 24x09000437 |
| ACandS, Inc., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*   \* \* \* \* \* \*

Cases Affected:
Harold Wood                    *         Case No. 24x05000832

\* \* \* \* \* \* \*   \* \* \* \* \* \*

**STIPULATION OF DISMISSAL**

Defendants General Electric Company and CBS Corporation and Plaintiff, by their undersigned counsel, pursuant to Maryland Rule 2-506 (a) hereby stipulate to the dismissal of plaintiffs' claims against General Electric Company and CBS Corporation in the above-referenced case, without prejudice and without consideration. Further, Defendants General Electric and CBS Corporation agree not to assert the defense of statute of limitations if the case is filed in the Commonwealth of Virginia within 365 days of the date of filing of this stipulation in the Circuit Court for Baltimore City.

/s/ Donald S. Meringer                    /s/ Joseph A. Vansant
Donald S. Meringer                         Joseph A. Vansant

PLAINTIFF'S EXHIBIT A

| | |
|---|---|
| Meringer, Zois & Quigg, LLC<br>320 North Charles Street<br><br>Baltimore, MD 21201<br>(443) 524-7978<br><br>*Attorneys for General Electric Company* | Law Offices of Peter G. Angelos<br>One Charles Center<br><br>100 North Charles Street<br>Baltimore, MD 21201<br>(410) 649-2000<br><br>*Attorneys for Plaintiff* |

*/s/ Philip A. Kulinski*
Philip A. Kulinski
Evert Weathersby Houff
SunTrust Bank Building
120 E. Baltimore Street, Suite 1300
Baltimore, Maryland 21202
(443) 573-8500
pakulinski@ewhlaw.com

*Attorneys for Defendant CBS Corporation*