EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:12-cv-01417-RNC

| | |
|---|---|
| Burns v. General Electric Company et al | Date Filed: 10/03/2012 |
| Assigned to: Judge Robert N. Chatigny | Jury Demand: Defendant |
| Cause: 28:1442 Notice of Removal | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Mary Jo Burns**　　　　　　　　　　　　represented by **Amity L. Arscott**
*Personally and as Personal*　　　　　　　　　　　　　　　　　　Embry & Neusner
*Representative of the Estate of James*　　　　　　　　　　　118 Poquonnock Road
*Burns*　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 1409
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Groton, CT 06340-1409
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　860-449-0341
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 860-449-9070
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: alarscott@embryneusner.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**CBS Corporation**　　　　　　　　　　　represented by **Thomas F. Maxwell , Jr.**
*formerly known as*　　　　　　　　　　　　　　　　　　　　　Pullman & Comley
Viacom Inc.　　　　　　　　　　　　　　　　　　　　　　　　850 Main St., Po Box 7006
*formerly known as*　　　　　　　　　　　　　　　　　　　　　Bridgeport, CT 06601-7006
Westinghouse Electric Corporation　　　　　　　　　　　　　203-330-2252
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (203) 576-8888
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: tmaxwell@pullcom.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**　　　represented by **Bryna Rosen Misiura**
*Successor*　　　　　　　　　　　　　　　　　　　　　　　　　Governo Law Firm LLC
Buffalo Pumps, Inc.　　　　　　　　　　　　　　　　　　　　Two International Place 15th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　617-737-9045
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 617-737-9046
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: bmisiura@governo.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*

|  |  |
|---|---|
|  | *ATTORNEY TO BE NOTICED* |
|  | **Michael D. Simons**<br>Governo Law Firm LLC<br>Two International Place 15th Floor<br>Boston, MA 02110<br>617-737-9045<br>Fax: 617-737-9046<br>Email: MSimons@governo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Electric Boat Corp.**
*Successor*
General Dynamics Corp./Electric Boat Division

**Cross Claimant**

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation** | represented by | **Bryna Rosen Misiura**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael D. Simons**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Cross Defendant**

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation** | represented by | **Bryna Rosen Misiura**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael D. Simons**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

| | | |
|---|---|---|
| **CBS Corporation** | represented by | **Thomas F. Maxwell, Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**Electric Boat Corp.**

**Cross Defendant**

**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2012 | 1 | NOTICE OF REMOVAL by CBS Corporation from Judicial District of Fairfield at Bridgeport, case number ASB FBT-CV-12-6030259-S. Filing fee $ 350 receipt number 0205-2645561, filed by CBS Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Maxwell, Thomas) (Additional attachment(s) added on 10/4/2012: # 3 Replacement Caption page) (Torres, K.). (Entered: 10/03/2012) |
| 10/03/2012 | 2 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 10/03/2012) |
| 10/03/2012 | 3 | Corporate Disclosure Statement by CBS Corporation identifying Corporate Parent National Amusements, Inc. for CBS Corporation. (Maxwell, Thomas) (Entered: 10/03/2012) |
| 10/03/2012 | 4 | NOTICE by CBS Corporation *No Pending Motions* (Maxwell, Thomas) (Entered: 10/03/2012) |
| 10/03/2012 |  | Judge Robert N. Chatigny added. (Torres, K.) (Entered: 10/04/2012) |
| 10/03/2012 | 6 | Order on Pretrial Deadlines: Amended Pleadings due by 12/2/2012 Discovery due by 4/4/2013. Signed by Clerk on 10/3/12. (Blue, A.) (Entered: 10/04/2012) |
| 10/03/2012 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Robert N. Chatigny on 10/3/12. (Attachments: # 1 Efile Attachment)(Blue, A.) (Entered: 10/04/2012) |
| 10/04/2012 | 5 | Docket Entry Correction re 1 Notice of Removal, Updated Caption page (Torres, K.) (Entered: 10/04/2012) |
| 10/04/2012 | 8 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 3 Corporate Disclosure Statement filed by CBS Corporation, 7 Electronic Filing Order, 4 Notice (Other) filed by CBS Corporation, 5 Docket Annotation, 1 Notice of Removal, filed by CBS Corporation, 6 Order on Pretrial Deadlines, 2 Notice of Appearance filed by CBS Corporation. Signed by Clerk on 10/4/12. (Blue, A.) (Entered: 10/04/2012) |
| 10/04/2012 | 9 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 10/04/2012) |
| 10/04/2012 | 10 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 10/04/2012) |
| 10/04/2012 | 11 | ANSWER to Complaint (Notice of Removal) *Affirmative Defenses*, CROSSCLAIM against All Defendants by Air & Liquid Systems Corporation. |

|  |  |  |
|---|---|---|
|  |  | (Simons, Michael) (Entered: 10/04/2012) |
| 10/04/2012 | 12 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 10/04/2012) |
| 10/05/2012 | 13 | NOTICE by CBS Corporation *pursuant to Standing Order* (Maxwell, Thomas) (Entered: 10/05/2012) |
| 10/08/2012 | 14 | ANSWER to Complaint (Notice of Removal) *and Special Defenses* by CBS Corporation.(Maxwell, Thomas) (Entered: 10/08/2012) |
| 10/09/2012 | 15 | NOTICE by CBS Corporation *of Potential Tag-Along Action* (Maxwell, Thomas) (Entered: 10/09/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/09/2012 15:25:34 | | | |
| **PACER Login:** | pc0033 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-01417-RNC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# SUMMONS - CIVIL
JD-CV-1   Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport 06604 | ( 203 ) 579-6527 | October 2, 2012 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District ☐ Housing Session | G.A. Number: | Bridgeport | Major: T   Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 449-0341 | |

Number of Plaintiffs: 1   Number of Defendants: 3   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: BURNS, MARY JO, personally and as personal representative of the Estate of James Burns<br>Address: 699 Alford Street SE, Palm Bay, FL 32909 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: GENERAL ELECTRIC COMPANY<br>Address: c/o CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: CBS CORPORATION f/k/a VIACOM, INC. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.<br>Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: AIR & LIQUID SYSTEMS CORPORATION as s/b/m to Buffalo Pumps, Inc.<br>Address: 874 Oliver Street, North Tonawanda, NY 14120-3298, c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left<br>Amity L. Arscott | Date signed<br>8/29/12 |
|---|---|---|---|

**If this Summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Maria Ventura, 118 Poquonnock Road, Groton, CT 06340 |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 8/29/12 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 30 | Railroads |
|  |  |  |  | V 40 | Snowmobiles |
|  | M 82 | Housing Civil Matters |  | V 90 | All other |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

Return Date:   October 2, 2012

| | |
|---|---|
| MARY JO BURNS, PERSONALLY AND AS : | SUPERIOR COURT |
| PERSONAL REPRESENTATIVE : | |
| OF THE ESTATE OF JAMES BURNS, : | |
|     Plaintiff, : | |
| : | |
| : | J.D. OF FAIRFIELD |
| VS. : | |
| : | |
| GENERAL ELECTRIC COMPANY; : | |
| CBS CORPORATION f/k/a VIACOM INC., : | |
|     successor-by-merger with CBS CORPORATION : | |
|     f/k/a WESTINGHOUSE ELECTRIC : | |
|     CORPORATION; : | |
| AIR & LIQUID SYSTEMS CORPORATION : | |
|     as successor-by-merger to BUFFALO PUMPS, : | |
|     INC.; : | |
| ELECTRIC BOAT CORPORATION successor-in-interest : | |
|     to GENERAL DYNAMICS CORPORATION/ : | |
|     ELECTRIC BOAT DIVISION; : | |
|     Defendants : | August 29, 2012 |

## COMPLAINT

CLAIM ON BEHALF OF MARY JO BURNS, PERSONAL REPRESENTATIVE OF
THE ESTATE OF JAMES BURNS, AND MARY JO BURNS, PERSONALLY

FIRST COUNT BASED ON
PRODUCTS LIABILITY, CONN GEN. STAT. § 52-572m,
ON BEHALF OF THE ESTATE OF JAMES BURNS

1. The Plaintiff, Mary Jo Burns, was appointed Personal Representative for the Estate of James Burns in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Probate Division, on or about August 31, 2011.

2. The decedent, James Burns, was employed by General Dynamics from in or about 1962 until approximately 1996. He worked in various positions, including but not limited to electronics mechanic from 1962 to 1963 and quality assurance and quality control from 1973 to 1996 at Electric Boat, Groton, CT. Mr. Burns was employed as an inspector and in quality control from 1963 to 1973 at other facilities owned by General Dynamics. Mr. Burns served as a sonar operator in the United States Navy from 1957 to 1961. During his employment and military service, he was exposed to asbestos products or products containing, involving or requiring the use of asbestos, and was exposed to asbestos fibers and materials manufactured by the Defendants and otherwise placed into the stream of commerce by the Defendants. During his employment and military service, he was around and with the Defendants' products, which were designed to require or incorporate asbestos for use, operation or function.

3.
   a. General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

   b. CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

   c. Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., is a foreign corporation which does business in the State of Connecticut with its principal place of business at 874 Oliver Street, North Tonawanda, NY

14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

4. The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "Defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions Plaintiff claims the named Defendant(s) is(are) liable.

5. The Defendants listed in paragraphs 3a. through 3c. were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or they manufactured, distributed, sold or otherwise placed into the stream of commerce products which contained, required, or incorporated asbestos for use, operation or function; or they acted jointly with companies and corporations that were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or that manufactured, distributed, sold or otherwise placed into the stream of commerce products which contained, required, or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

6. During James Burns' employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the Defendants and otherwise placed into the stream of

commerce by the Defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

7. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which was installed or used for the operation or function of the Defendants' products, were used and employed for the purpose for which they were manufactured, sold and intended to be used, in a manner foreseeable to the Defendants.

8. The Defendants' actions were wrongful under Connecticut Products Liability law, Conn. Gen. Stat. § 52-572m, et seq., in one or more of the following ways:

   a. the Defendants' products were designed so as to represent an inherent risk of harm to the decedent. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of the Defendants' products were so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products;

   b. the Defendants, as part of their business, manufactured, sold and delivered products that contained, required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Decedent, without substantial change in the condition in which they were sold;

   c. the Defendants failed to advise the Decedent of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products that contained, required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes;

d. the Defendants failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function;

e. the Defendants failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products;

f. the Defendants failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which required or involved asbestos for use, operation or function;

g. the Defendants failed to warn or inadequately warned persons such as the Decedent of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products;

h. the Defendants failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer;

i. the Defendants failed to recommend or require methods to improve the work environment;

j. the Defendants failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products;

k. the Defendants failed to provide adequate safety instructions for persons who would reasonably and foreseeably come into contact with their products and the asbestos which would be used in the operation or function of their products;

l. the Defendants failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products;

m. the Defendants failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products;

n. the Defendants continued to use or require use of a known cancer-causing product, to wit, asbestos;

o. the Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Decedent injuries stated herein;

p. the Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used; and

q. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

9. All or some of the Defendants became aware of the dangers of breathing asbestos that Decedent was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use,

operation or function but they intentionally and fraudulently concealed the danger from the Decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

10. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Decedent and other human beings.

11. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

12. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function, which duty the Defendants breached.

13. As a result of the acts of the Defendants as aforesaid and the decedent's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function that were

manufactured, sold and distributed by the Defendants, the decedent was diagnosed as suffering from lung cancer, asbestos-related cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He endured significant pain and mental anguish. His earning capacity was impaired and he was severely restricted in his usual activities. He was required to spend large sums of money for medical care and treatment. He suffered grief, fear and anguish over the effect of his illness; the pain caused by his symptoms; the worsening of his symptoms, condition, and disease; his premature death; and the effect his illness had, and his premature death would have, on his family. As a consequence of his asbestos-related injuries, James Burns died on or about September 14, 2010, and he and his estate were denied life's enjoyment, earnings, and incurred expenses for medical care and treatment and funeral bills, for which just compensation is sought.

### SECOND COUNT FOR LOSS OF CONSORTIUM
### ON BEHALF OF MARY JO BURNS

14. Paragraphs 1 through 13 are hereby repeated and realleged as if fully set forth.

15. At all relevant times, Mary Jo Burns was the spouse of the Decedent, James Burns.

16. The illness and injuries James Burns suffered prior to his death resulting from exposure to asbestos products deprived his spouse, Mary Jo Burns, of the comfort, support, service and consortium to which she is entitled.

17. As a result of James Burns' exposure to asbestos products produced or supplied by Defendants and his resulting injuries and damages, Mary Jo Burns has been deprived of

the comfort, support, and consortium to which she was entitled. Pursuant to C.G.S.A. 52-555a&b, James Burns' death resulting from his asbestos-induced injuries has denied his spouse, Mary Jo Burns, his society, affection, moral support, service, and companionship, resulting in injuries and damages to her.

18. The injuries and damages suffered by Mary Jo Burns were caused by the Defendants jointly and severally as aforesaid.

### THIRD COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR THE ESTATE OF JAMES BURNS AND MARY JO BURNS PURSUANT TO CONN. GEN. STAT. 52-240b

19. Paragraphs 1 through 18 are hereby repeated and realleged as if fully set forth.

20. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

21. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Decedent of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public, and the Decedent.

22. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Decedent from the known dangers of asbestos.

THE PLAINTIFF

By__424685_____
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
alarscott@embryneusner.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

WHEREFORE, the Plaintiff, Mary Jo Burns, personally and as personal representative for the Estate of James Burns, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 29th day of August, 2012.

THE PLAINTIFF

By__424685_____
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
alarscott@embryneusner.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

STATE OF CONNECTICUT:
: ss: HARTFORD          SEPTEMBER 4, 2012
COUNTY OF HARTFORD :

Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original Writ, Summons and Complaint, with and in the hands of MARY ELLEN FORAN, FULLFILLMENT SPECIALIST OF C T CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE and duly authorized to accept service for the within named defendant corporation **GENERAL ELECTRIC COMPANY,** in the said town of HARTFORD, County of Hartford.

And also, on the 4th day of SEPTEMBER, 2012, I left a verified true and attested copy of the original Writ, Summons and Complaint, with and in the hands of SHAUNTEL MCKOY, SPECIAL SECRETARY OF CORPORATION SERVICE COMPANY, REGISTERED AGENT FOR SERVICE and duly authorized to accept service for the within named defendant corporation **CBS CORPORATION F/K/A VIACOM, INC.,** in the said town of HARTFORD, County of Hartford.

And also, on the 4th day of SEPTEMBER, 2012, and pursuant to Connecticut General Statutes (33-929), I made due and legal service upon the within named defendant **AIR & LIQUID SYSTEMS CORPORATION,** by depositing in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7011 2000 0001 9933 3148, return receipt requested, a verified true and attested copy of the original Writ, Summons and Complaint, with my doings thereon endorsed, addressed to the within named defendant corporation:

**THE SECRETARY
AIR & LIQUID SYSTEMS CORPORATION
116 PINE STREET
SUITE 320
HARRISBURG, PA. 17101**

SUPPLEMENTAL RETURN TO FOLLOW

The within is the original Writ, Summons and Complaint, with my doings thereon endorsed.

| | | |
|---|---|---|
| Verified pages | $39.00 | ATTEST: |
| Endorsements | 3.60 | |
| Service | 90.00 | KEITH NIZIANKIEWICZ |
| Travel | 20.00 | CT STATE MARSHAL |
| Certified mail | 6.60 | HARTFORD COUNTY |
| Total | $159.20 | |

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 610-0295