BEFORE THE UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)      CIVIL ACTION NO. MDL 875

This document relates to the following plaintiff:

| | |
|---|---|
| **JOSEPH A. ARDOIN, JR.** | C.A. No.: 2:10-cv-68064-ER |
|     Plaintiff | (U.S.D.C. Pennsylvania-Eastern) |
| | |
| **VERSUS** | C.A. No.: 3:10-cv-00164-JVP-DLD |
| | (U.S.D.C. Louisiana-Middle) |
| | |
| **DSM COPOLYMER, ET AL.** | |
|     Defendant | |

**MEMORANDUM IN SUPPORT OF MOTION TO
VACATE CONDITIONAL REMAND ORDER**

Defendants, BASF Corporation ("BASF"), Exxon Mobil Corporation ("ExxonMobil"), Georgia-Pacific LLC ("Georgia-Pacific"), and Texaco Inc., f/k/a The Texas Company, erroneously named as "The Texas Company, f/k/a Texaco, Inc." ("Texaco") (collectively referred to as "Defendants") respectfully request that this Court vacate its previously issued conditional remand order, Document No. 9004 for the reasons discussed herein.

**I.      PRELIMINARY STATEMENT**

Defendants oppose Plaintiff's Motion for the Suggestion of Remand and conditional remand order for two primary reasons:

1. Discovery is incomplete in this matter; and

2. Plaintiff failed to meet the requirements under Administrative Order 18 in suggesting remand.

For these reasons, Defendants file this Motion to Vacate the Conditional Remand Order.

## II. BACKGROUND

Plaintiff, Joseph A. Ardoin ("Mr. Ardoin" or "Plaintiff") claims that he developed asbestos-related lung cancer after working as a insulator and painter for several different industrial facilities across southeast Louisiana. Mr. Ardoin alleges that this work occurred for different contracting companies, namely between the years of 1945 and 1980. Specifically against the Defendants, Plaintiff alleges that he worked at ExxonMobil's Baton Rouge facility, BASF's Geismar plant, Georgia-Pacific's paper mill in Port Hudson, Louisiana and Texaco's refinery in Burnside, Louisiana. Mr. Ardoin also smoked one pack of cigarettes per day for nearly 40 years.

On August 10, 2012, Plaintiff moved to remand the matter to the trial court representing that it was ready for trial. On October 1, 2012, this Court issued a conditional remand order, to which Defendants timely filed a notice of opposition.

## III. LAW AND ARGUMENT

### A. Discovery is incomplete.

In their Motion For Suggestion Of Remand, Plaintiff represented that all discovery was complete. This is incorrect. On August 9, 2010, the Eastern District of Pennsylvania issued a Scheduling Order in this matter. The Scheduling Order mandated that all discovery must be complete by December 10, 2010.[1] However, this date was not adhered to and discovery is still pending.

On October 21, 2010, Defendants propounded discovery to Plaintiff, which was never answered.[2] These requests included medical authorizations and requests for information about

---

[1] *See* Exhibit 1, Scheduling Order from the Eastern District of Pennsylvania.
[2] *See* Exhibit 2, Defendants Discovery Requests (the discovery requests made by former defendants DSM Copolymer, Inc. and Shell Oil Company were removed from this exhibit as these defendants were dismissed from suit).

3306236                                         2

Mr. Ardoin's experiences at each facility. Instead of responding, Plaintiff sent a set of Master Discovery Responses to all counsel of record on December 10, 2010, the day discovery supposedly ended.[3] These "Master Discovery Responses" were compiled by Plaintiff, responded and objected to by Plaintiff, and promised supplementation, but did not provide all of the information requested in previous interrogatories by Defendants. Specifically, the following pieces of crucial information were missing and never returned:

1. Signed Medical Authorizations;

2. List of specific products to which Mr. Ardoin claims exposure;

3. Identity of any relevant co-workers; and

4. Any supplementation of the Master Discovery Responses.

As for co-workers, Plaintiff's Master Discovery Responses stated that this information would be provided; it never was. Medical authorizations were also never provided to Defendants by Plaintiff. Defendants instead received these authorizations from a co-defendant on October 4, 2012. These authorizations were immediately forwarded onto Mr. Ardoin's various medical providers and medical records are only now being received. Accordingly, Defendants have never been provided the opportunity to depose any co-workers, other fact witnesses, medical care providers or medical experts.

Defendants are contemporaneously filing a Motion to Amend the Scheduling Order and Extend Pre-Trial Deadlines in the Eastern District of Pennsylvania in order to complete discovery.

---

[3] *See* Exhibit 3, Plaintiffs' Master Discovery Responses.

**B. Plaintiff's Motion for the Suggestion for Remand was procedurally improper.**

As required by Administrative Order 18, Plaintiff was required to submit several items of information to warrant remand. However, two items remain outstanding: 1) The diagnosing report or opinion relied upon by plaintiff in compliance with Administrative Order 12; and 2) the status of congestion in the transferor court docket.

**i. Diagnosing report.**

Administrative Order 12 provides that

> Each plaintiff asserting a claim based upon an alleged asbestos-related malignancy shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claims ***as if to withstand a dispositive motion***.[4]

Plaintiff only attached his surgical pathology report to their request for remand. This pathology report merely states that Mr. Ardoin contracted non-small cell carcinoma. There is no mention that his disease was caused by asbestos-exposure in this report. However, the simple pathology report, without an opinion on the issue of causation, would certainly **not** be enough to withstand a dispositive motion as required by Administrative Order 12. This is particularly true since Mr. Ardoin smoked a pack of cigarettes, per day, for 39 years.[5]

In toxic tort actions, the question of specific causation is proven through expert evidence and usually challenged in dispositive motions. Specific causation is often defined as whether or not the plaintiff's asbestos exposures either at each defendant's facility or to each defendant's product were significant enough to become a significant contributing factor to his or her

---

[4] *See* Administrative Order 12, §4.
[5] *See* Exhibit 3, Master Discovery Responses, Interrogatory No. 15.

asbestos-related disease.[6]  As stated by the Eastern District of Louisiana in *Pick v. American Medical Systems, Inc.* in an autoimmune disease case:

> Assuming, but without deciding, that the evidence which has been ruled admissible above would be sufficient to go to the jury on the question of general causation, **the plaintiff's claims must also produce sufficient admissible evidence on specific causation to survive dismissal of their claims**.[7]

Plaintiff failed to attach a report or opinion regarding specific causation to survive a dispositive motion to his Motion for the Suggestion of Remand. Without this report, Plaintiff did not comply with Administrative Order 18 or 12 as required in filing a Motion for the Suggestion of Remand.

### ii. There is no status on the congestion of the transferee court.

Furthermore, as provided in Administrative Order No. 18 Section 7(H), Plaintiff is required to provide the status of congestion in the transferee court docket.  Plaintiff represented that the Middle District of Louisiana was unable to inform Plaintiff's counsel as to status of congestion.  However, this information on the congestion of the Court's docket is available online at http://www.uscourts.gov. Currently, the Middle District of Louisiana has the second-highest median time in which it takes a case to come to trial: 37.8 months.[8] Compared to its peers, the docket is severely congested.

## IV. CONCLUSION

Plaintiff's representations regarding the status of discovery in this matter and its preparation for trial are inaccurate.  As a result, discovery in this matter is far from complete and a Motion to Re-Open Discovery is pending before the Eastern District of Pennsylvania. Additionally, the Middle District of Louisiana is one of the most congested dockets in the district court system; vacating the remand will not unduly delay these proceedings. For these reasons,

---

[6] *Lucas v. Hopeman Brothers, Inc.,* 2010-1037 (La. App. 4 Cir. 2/16/11) 60 So.3d 690.
[7] *Pick v. American Medical Systems, Inc.*, 958 F .Supp 1151, 1164 (E.D. La., 1997) (emphasis added).
[8] *See* Exhibit 4,Table C-5, U.S. District Courts – Median Time Intervals from Filing to Disposition of Civil Cases.

Defendants respectfully request that the conditional remand order be vacated and that the parties in this matter be given additional time to prepare for trial.

Respectfully submitted:

/s Sarah K. Weissman
Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Janice M. Culotta (#23460)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Sarah K. Weissman (#32763)
KEAN MILLER LLP
400 Convention Street, Suite 700
II City Plaza
P. O. Box 3513
Baton Rouge, LA  70821
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
***Attorneys for Defendants BASF Corporation, Exxon Corporation, Georgia-Pacific LLC, and Texaco Inc., f/k/a The Texas Company, erroneously named as "The Texas Company, f/k/a Texaco, Inc."***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all parties by the Court's electronic filing system (CM/ECF), which will send a notice of electronic filing to all known counsel of record.

Baton Rouge, Louisiana this 24th day of October, 2012.

/s Sarah K. Weissman
Sarah K. Weissman (#32763)
Sarah.Weissman@keanmiller.com

3306236                                        6