

KEAN MILLER HAWTHORNE D'ARMOND McCOWAN & JARMAN LLP
ATTORNEYS AT LAW

ALLISON N. BENOIT
225.389.3746, FAX 225.2388.9133
ALLISON.BENOIT@KEANMILLER.COM

October 21, 2010

Mr. Michael Mills
BARON & BUDD
9015 Bluebonnet Road
Baton Rouge, LA  70810

Re:    Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al
       19th JDC, Parish of East Baton Rouge, Case No. C587390
       Our File No.: 13356-691

Dear Michael:

Enclosed please find Interrogatories and Requests for Production propounded to your client on behalf of Exxon Mobil Corporation, Texaco Inc., Shell Oil Company,  BASF Corporation, DSM Copolymer, Inc. and Georgia-Pacific LLC.  Please respond within the time delays allowed by law.

Thank you for your courtesies.

Very truly yours,

Allison N. Benoit

ANB/gb
Enclosures
Cc:   Mr. Gary A. Bezet
      Mr. Gregory M. Anding

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

This document relates to the following plaintiffs:

**JOSEPH A. ARDOIN, JR.**                    **C.A. No.: 2:10-cv-68064-ER**
                                             **(U.S.D.C. Pennsylvania-Eastern)**

    **Plaintiff**

                                             **C.A. No.: 3:10-cv-00164-JVP-DLD**
**VERSUS**                                   **(U.S.D.C. Louisiana-Middle)**

**ANCO INSULATIONS, INC., ET AL.**

    **Defendant**

## GEORGIA-PACIFIC LLC'S
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:    PLAINTIFF, Joseph Ardoin
        Through his attorney of record,
        Michael Mills
        BARON & BUDD, PC
        9015 Bluebonnet Blvd.
        Baton Rouge, LA 70810

Georgia-Pacific LLC ("Georgia-Pacific" or "Defendant"), propounds the following Interrogatories and Requests for Production (the "Discovery") to be answered fully and separately in writing and under oath. Plaintiff is notified to answer the Discovery personally and not merely through counsel. The Discovery is propounded pursuant to Federal Rules of Civil Procedure Rule 33 to be answered within thirty (30) days.

If you claim any portion of any of the following is objectionable as encroaching upon a privilege, please: (a) state the precise nature of the privilege; (b) respond to any portion of the interrogatory or request not invasive of any claimed privilege; and (c) provide full and complete details with respect to the factual or other basis for invocation of any such privilege so that a determination can be made by the court.

The Discovery is to be deemed continuing in nature, requiring seasonal supplementation with any additional or corrective information which comes to your attention subsequent to the filing of your original answers and responses.

## DEFINITIONS

As used herein, the following definitions shall apply:

1.  The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Discovery any information which might be deemed outside its scope by another construction.

2.  The terms "identify" or "identification" and "describe" or "description":

    a.  When used in reference to an individual or natural person, shall mean to state his full name (including all names by which he has been known, including nicknames), present or last known residence, occupation, business affiliation, job title, business address and telephone number;

    b.  When used in reference to any entity other than an individual or natural person, shall mean to state its full name; the nature of its organizational form (e.g., corporation, general partnership, limited partnership, trust, etc.), its present or last known street and mailing address, and phone number; and the state or other jurisdiction in or under which it is incorporated or organized; and the state(s) or other jurisdiction(s) in which it is doing or transacting business;

    c.  When used in reference to a "document" or "file", shall mean to state the identifying nomenclature thereon and any type of document including the date appearing thereon, if any, the person or office from whom sent, the person or office to whom sent, and its present location or custodian, or if such document or file was, but no longer is, in your possession the disposition made of it. In lieu of identifying a document as required by an interrogatory, it shall be deemed an acceptable response to these interrogatories to attach a legible copy of the document to your responses and to make reference to the specific document so attached and the appropriate response provided. By responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced;

    d.  When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its terms or conditions, its present location, the name and address of its custodian, and the substance of the

contents thereof. If such agreement or contract has been amended, this must be stated and the above information must be furnished on each amendment;

e. When used in reference to an act, occurrence, occasion, operation, activity, meeting, or transaction ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

f. When used in reference to any communication, oral or otherwise, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

3.    A singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

4.    The terms "you", "your", and "yours" shall refer to the party or parties to whom these written interrogatories are directed, including, without limitation, anyone acting or purporting to act on their behalf, for any purpose whatsoever and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

5.    The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

6.    The term "Georgia-Pacific" includes Georgia-Pacific LLC and any predecessor entities.

## INSTRUCTIONS

1.    The Discovery shall be deemed continuing in nature so as to require you to serve supplemental answers upon the attorneys of record for Defendant if you later obtain information on the basis of which:

    a.  You know that an answer was incorrect when made;

    b.  You know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answer is in substance a knowing concealment.

2.    In your answers to the Discovery, please repeat each interrogatory and request set forth herein and then set forth the answer thereto separately and fully.  As to any interrogatory or request to which you refuse to answer or respond in whole or part, for any reason, please state the grounds for your refusal to answer or respond. Where you believe that a complete answer to a particular interrogatory or request or a part thereof is not possible, please answer or respond to such interrogatory or request to the extent possible and furnish a statement explaining the reason for your inability to answer or respond further.

## INTERROGATORIES

### INTERROGATORY NO. 1

Concerning the allegation that you were exposed to asbestos and/or asbestos-containing materials while working at a Georgia-Pacific facility, please answer the following:

    a.    Please identify the location of each facility owned and/or operated by Georgia-Pacific where you have worked.

    b.    Please identify as precisely as possible the time period(s) during which you were employed at each Georgia-Pacific facility listed.

    c.    Please identify by name, address, and telephone number all employers by whom you were employed while working at each Georgia-Pacific facility listed and for each employer provide the name, address, and telephone number of all co-employees, including without limitation all supervisors.

    d.    Please identify the contractors present at each Georgia-Pacific facility listed when you worked at each facility.

    e.    Please identify all operational and safety training given to you by Georgia-Pacific and/or your employer in anticipation of and during your services with each employer.

f.      For each Georgia-Pacific facility listed, please identify your craft, the type of work you were doing and the time period during which you did it.

g.      Please identify all products which allegedly caused your injuries by brand name, trade name, common name, or, if necessary because the name is unknown, solely by description and purpose of said products.

m.      With respect to the products which allegedly caused your injuries, please state the approximate dates you used or worked around said products at each Georgia-Pacific facility listed, where the products were being used and how, why and by whom the products were being used.

n.      Please identify the date(s) you were allegedly exposed to asbestos and/or asbestos-containing materials manufactured by defendants named in this lawsuit, the nature of the exposure, how you were allegedly exposed, and how the use of asbestos and/or asbestos-containing materials or machinery requiring the use of same at each listed Georgia-Pacific facility created a dangerous condition.

o.      If the products were in a package or container, please identify the package or container, including the writing thereon, the color of the writing and any other descriptions recalled.

p.      Identify the seller or distributor of asbestos and/or asbestos-containing materials you were allegedly exposed.

q.      Identify the conditions/equipment which you and/or your expert witnesses contend should have provided you at the time of your alleged exposures to asbestos and/or asbestos-containing materials and the technology that should have been used to eliminate the potential of developing the asbestos-related disease described in the petition.

r.      Please identify the source (including name, address, and phone number), if any, of your information that the asbestos and/or asbestos-containing materials to which you allege you were exposed was actually present at each Georgia-Pacific facility listed.

s.      Please provide the name, address, and phone number of any employee or representative of Georgia-Pacific and any other individuals regardless by whom employed, that were present when you were allegedly exposed to asbestos and/or asbestos-containing materials or have relevant knowledge regarding the allegations contained in your Petition.

## INTERROGATORY NO. 2

Please state each fact and identify all documents supporting your allegations that you were exposed to asbestos and/or asbestos-containing materials while working at any facility allegedly owned and/or operated by Georgia-Pacific.

## INTERROGATORY NO. 3

With regard to your claims against Georgia-Pacific, what is the first date that you claim that you were exposed to asbestos at any of its facilities?

## INTERROGATORY NO. 4

With regard to your claims against Georgia-Pacific, what is the last date that you claim that you were exposed to asbestos at any of its facilities?

## INTERROGATORY NO. 5

Please identify each person who participated in the preparation of these Answers to this Discovery or who furnished any information used in the preparation of these Answers to this Discovery.

### REQUESTS FOR PRODUCTION

Georgia-Pacific LLC propounds the following Requests for Production of Documents to plaintiffs, pursuant to Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

### DEFINITIONS

1.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence,

communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

2.   The terms "you" and "your" shall mean you and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

## INSTRUCTIONS

1.   These requests for production of documents shall be deemed continuing so as to require you to serve supplemental answers upon the attorney of record for defendant herein.

2.   For any request for production you refuse to answer in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe a complete answer to a particular interrogatory or part thereof is not possible, please answer the interrogatory to the fullest extent possible and state the reasons for your inability to answer.

## REQUESTS FOR PRODUCTION NO. 1

Please produce any documents that you identified in your responses to the Interrogatories propounded with this Request for Production of Document.

## REQUESTS FOR PRODUCTION NO. 2

Please produce all documents that support and/or form the basis of your answers to the preceding Interrogatories.

## REQUEST FOR PRODUCTION NO. 3:

Please produce any and all medical reports, records, notes, charts, written documentation, chest or pulmonary x-rays, films, CT Scans, or test results concerning any examination and/or treatment for any injury, illness or disease you claim you

sustained as a result of exposure to the materials and/or substances at issue. In addition, please complete the attached authorization to obtain such information.

## REQUEST FOR PRODUCTION NO. 4:

Please produce any and all medical reports, records, notes, charts or other written documentation concerning any examination and/or treatment for any injury, illness, disease or condition that is unrelated to alleged exposure to the materials and/or substances at issue and for which you have undergone treatment. In addition, please complete the attached authorization to obtain such information.

## REQUEST FOR PRODUCTION NO. 5:

Please produce copies of all federal and state income tax returns and all attachments filed thereto by plaintiff, jointly or separately, for the last ten (10) years. In addition, please complete the attached authorization to obtain such information.

## REQUEST FOR PRODUCTION NO. 6:

Please produce copies of all records regarding your service in the military, or other branch of the armed forces. In addition, please complete the attached authorization to obtain such information.

## REQUEST FOR PRODUCTION NO. 7:

Please produce copies of all documents related to workers' compensation benefits or disability benefits which you may have received. In addition, please complete the attached authorization to obtain such information.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of your Social Security records of itemized earnings please complete the attached authorizations.  In addition, please complete forms SSA-7050-F4 and SSA-3288 to obtain such information.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all cards or documents reflecting membership in unions or other trade, skill or professional organizations.  In addition, please complete the attached authorization to obtain such information.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of your birth certificate and any marriage license(s).

**REQUEST FOR PRODUCTION NO. 11:**

Please execute the attached Employment Records Release Authorization.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all of your responses to discovery and any depositions that you have given in any other law suit that you have filed.  If you do not have possession of the requested documentation, please identify the persons and/or locations where such documents can be found.

Submitted by:

_(signature)_

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Janice M. Culotta (#23460)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Vionne M. Douglas (31447)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana  70821
Telephone:  (225) 387-0999
Facsimile: (225) 388-9133
***Attorneys for Georgia-Pacific LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories and Requests for Production have been forwarded to plaintiff's counsel via U.S. Mail, postage prepaid and via electronic mail, and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this 21 day of Oct , 2010.

_(signature)_

Allison N. Benoit

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

### Patient Identification

Printed Name: _____

Date of Birth: _____

Present Address: _____

Former Addresses: _____

Social Security No. _____        Telephone No. _____

### Authority to Release Protected Health Information

I hereby authorize _____
("Provider") to release the information identified in this authorization form from the medical records of Provider and provide such information to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D' ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, or any representative thereof.

### The following information is to be released

A Certified Copy of the entire medical records file, **including but not limited to:** office notes, correspondence, existing narrative reports, x-ray films and reports, CT Scan films and reports, diagnostic films and reports, etc., hospital records, lab results, HIV test results, patient intake forms, initial application and information sheets, consultation reports, physical therapist reports, billing records, appointment records, progress notes, handwritten notes, nurses' notes, records of prescriptions, patient orders, pathology slides, insurance claim forms, or any and ALL records compiled by you or in your possession pertinent to the treatment of Joseph A. Ardoin, Jr..

This release authorizes the release of tangible medical information only and does not authorize verbal communication by the health care provider to the requesting party. A photocopy of this medical authorization may be used for the release of these records.

### Purpose of the Requested Disclosure of Protected Health Information

I am authorizing the release of Joseph A. Ardoin, Jr.'s Protected Health Information for the following purposes: at the request of the individual and legal matters.

### Drug and/or Alcohol Abuse, and/or Psychiatric, and/or HIV/AIDS Records Release

I understand if Joseph A. Ardoin, Jr.'s medical or billing record contains information in reference to drug and/or alcohol abuse, psychiatric care, sexually transmitted disease, hepatitis B or C testing, and/or other sensitive information, I agree to its release. I further understand if **Joseph A. Ardoin, Jr.'s** medical or billing record contains information in reference to HIV/AIDS (Human Immunodeficiency Virus/Acquired Immunodeficiency Syndrome) testing and/or treatment I agree to its release.

### Right to Revoke Authorization

Except to the extent that action has already been taken in reliance on this authorization, the authorization may be revoked at any time by submitting a written notice to Provider. Unless revoked, this authorization will expire after the dismissal, with prejudice, of the lawsuit entitled "**Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al,**" Case Number: **MDL 875, Eastern District of Pennsylvania.**

### Re-disclosure

I understand the information disclosed by this authorization may be subject to re-disclosure by the recipient and no longer be protected by the Health Insurance Portability and Accountability Act of 1996.

### Signature of Patient or Personal Representative Who May Request Disclosure

2050379_1.DOC1

I understand that I do not have to sign this authorization and **Joseph A. Ardoin, Jr.'s** treatment or payment for services will not be denied if I do not sign this form.  I can inspect or copy the protected health information to be used or disclosed.

Copies of this document are to be accepted with the same authority as the original, **and I specifically authorize you to release medical records without the necessity of an original authorization.**

Signature: _____          Date: _____

Printed name: _____

2013290-1

## <u>PAYROLL, PERSONNEL AND EMPLOYMENT RECORDS AUTHORIZATION</u>

TO WHOM IT MAY CONCERN:_____

I hereby authorize you to provide to: KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821 ATTN: Gregory M. Anding, a complete copy of all records pertaining to, **Joseph A. Ardoin, Jr.'s** employment, including, but not limited to, all personnel, payroll, medical or hospital records pertaining to **Joseph A. Ardoin, Jr., Social Security Number:** _____, **Date of Birth:** _____.

_____
**Joseph A. Ardoin, Jr.**

_____
Date

Copies of this document are to be accepted with the same authority as the original.

Signature:                                             Date:

_____            _____

## AUTHORIZATION FOR RELEASE OF UNEMPLOYMENT INFORMATION

I hereby authorize the Louisiana State Office of Employment Security to release to Gregory M. Anding and/or KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P., Post Office Box 3513,  Baton Rouge, Louisiana 70821-3513, any and all information the Louisiana State Office of Employment Security has in its possession:

      1.    All claims, past and present that **Joseph A. Ardoin, Jr.** has made for unemployment compensation, including all records, reports, notes and any other written information the Office of Employment Security may have concerning **Joseph A. Ardoin, Jr., Social Security Number:** _____, **Date of Birth:** _____;

      2.    The amount of unemployment compensation received by **Joseph A. Ardoin, Jr.,**  including all records, reports, notes and other written information; and

      3.    The date(s) that **Joseph A. Ardoin, Jr.** has received unemployment compensation including past and present claims.

I further authorize the Louisiana State Office of Employment Security to authenticate the documents produced through certification or testimony as requested by Gregory M. Anding.

_____       _____

**Joseph A. Ardoin, Jr.**                DATE:

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2010.

_____
NOTARY PUBLIC
Louisiana Bar Roll No. _____

## **AUTHORIZATION FOR RELEASE OF INCOME TAX INFORMATION**

STATE OF _____

PARISH OF _____

BEFORE ME, the undersigned authority, personally came and appeared:

**Joseph A. Ardoin, Jr.**
Date of Birth: _____
Social Security No.: _____

who, after being first duly sworn, did depose and state:

That he/she does hereby authorize the Internal Revenue Service of the United States, or the Department of Revenue & Taxation of the State of Louisiana or any other state to release to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, any and all income tax information requested and/or copies of any and all income tax returns and related information.

That a photostatic copy of this authorization may serve as an original; and that the date of execution of this authorization is not to be considered as a limitation of its period of effectiveness.

_____
Date

_____
Printed Name

_____
Signature

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2010.

_____
NOTARY PUBLIC
Louisiana Bar Roll No. _____

2013290-1

## AUTHORIZATION FOR RELEASE OF MILITARY RECORDS

**Joseph A. Ardoin, Jr., Social Security Number** _____**, Date of Birth,**
_____.

served in the following branches of the United States Military:

United States Air Force
Dates of Service:

_____

United States Marines
Dates of Service:

_____

United States Navy
Dates of Service:

_____

United States Coast Guard
Dates of Service:

_____

United States Army
Dates of Service:

_____

The National Guard
Dates of Service:

_____

Reserve Status
Dates of Service:

_____

     I hereby authorize the release of all records pertinent to **Joseph A. Ardoin, Jr.'s** service in the above-referenced branch(es) to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, or any agent or representatives thereof.

     A photo static copy of this authorization may serve as an original.

_____

Signature

_____

Date

2013290-1

## AUTHORIZATION TO DISCLOSE INFORMATION
## CONCERNING UNION MEMBERSHIP

I HEREBY AUTHORIZE full disclosure to Gregory M. Anding or any other member of the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, of any information regarding, **Joseph A. Ardoin, Jr.'s** membership with your organization, or other files or records you have pertaining to **Joseph A. Ardoin, Jr., Social Security Number,** _____**, Date of Birth** _____. This includes information regarding dates of membership, conduct, employment history and earnings and any information relative to medical history and accidents. Please permit Gregory M. Anding, or any agent appointed by him to inspect, review, examine and make copies of such records.

I agree that a photostatic copy of this authorization may be used with the same authority as the original.

_____                    _____
**Joseph A. Ardoin, Jr.**                                                   **Date**

2013290-1

## AUTHORIZATION TO RELEASE
## WORKERS' COMPENSATION RECORDS

BEFORE    ME,    the    undersigned    authority,    personally    came    and    appeared, _____, who after being duly sworn did depose and state:

I hereby authorize the Louisiana State Office of Workers' Compensation to release to Gregory M. Anding or any other representative of the law firm of **KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN**, P. O. Box 3513, Baton Rouge, Louisiana, 70821, any and all information the Louisiana State Office of Workers' Compensation has in its possession:

1. All claims, past and present, **Joseph A. Ardoin, Jr.** has made for workers' compensation benefits and medical expenses, including all records, reports, notes or any other written information the Office of Workers' Compensation may have concerning **Joseph A. Ardoin, Jr,** **Social Security Number:**_____, **Date of Birth:** _____.

2. The amount of workers' compensation benefits and medical expenses paid to **Joseph A. Ardoin, Jr.** on any claim.

3. The date(s) that **Joseph A. Ardoin, Jr.** has received workers' compensation benefits, including past and present claims.

I further authorize the Louisiana State Office of Workers' Compensation to authenticate the documents produced through certification or testimony as requested by **Gregory M. Anding.**

_____                    _____
**Joseph A. Ardoin, Jr.**                                              DATE

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public, this _____ day of _____, 2010.

_____
Notary Public
Louisiana State Bar Roll No. _____

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

**Patient Identification**

Printed Name: _____

Date of Birth: _____

Present Address: _____

Former Addresses: _____

Social Security No. _____    Telephone No. _____

**Authority to Release Protected Health Information**

I hereby authorize _____
("Provider") to release the information identified in this authorization form from the medical records of Provider and provide such information to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D' ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, or any representative thereof.

**The following information is to be released**

A Certified Copy of the entire medical records file, **including but not limited to:** office notes, correspondence, existing narrative reports, x-ray films and reports, CT Scan films and reports, diagnostic films and reports, etc., hospital records, lab results, HIV test results, patient intake forms, initial application and information sheets, consultation reports, physical therapist reports, billing records, appointment records, progress notes, handwritten notes, nurses' notes, records of prescriptions, patient orders, pathology slides, insurance claim forms, or any and ALL records compiled by you or in your possession pertinent to the treatment of **Joseph A. Ardoin, Jr.**.

This release authorizes the release of tangible medical information only and does not authorize verbal communication by the health care provider to the requesting party. A photocopy of this medical authorization may be used for the release of these records.

**Purpose of the Requested Disclosure of Protected Health Information**

I am authorizing the release of Joseph A. Ardoin, Jr.'s Protected Health Information for the following purposes: at the request of the individual and legal matters.

**Drug and/or Alcohol Abuse, and/or Psychiatric, and/or HIV/AIDS Records Release**

I understand if **Joseph A. Ardoin, Jr.'s** medical or billing record contains information in reference to drug and/or alcohol abuse, psychiatric care, sexually transmitted disease, hepatitis B or C testing, and/or other sensitive information, I agree to its release. I further understand if **Joseph A. Ardoin, Jr.'s** medical or billing record contains information in reference to HIV/AIDS (Human Immunodeficiency Virus/Acquired Immunodeficiency Syndrome) testing and/or treatment I agree to its release.

**Right to Revoke Authorization**

Except to the extent that action has already been taken in reliance on this authorization, the authorization may be revoked at any time by submitting a written notice to Provider. Unless revoked, this authorization will expire after the dismissal, with prejudice, of the lawsuit entitled "**Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al,**" **Case Number: MDL 875, Eastern District of Pennsylvania.**

**Re-disclosure**
I understand the information disclosed by this authorization may be subject to re-disclosure by the recipient and no longer be protected by the Health Insurance Portability and Accountability Act of 1996.

**Signature of Patient or Personal Representative Who May Request Disclosure**

2050379_1.DOC1

I understand that I do not have to sign this authorization and **Joseph A. Ardoin, Jr.'s** treatment or payment for services will not be denied if I do not sign this form. I can inspect or copy the protected health information to be used or disclosed.

Copies of this document are to be accepted with the same authority as the original, **and I specifically authorize you to release medical records without the necessity of an original authorization.**


Signature: _____          Date: _____

Printed name: _____

## AUTHORIZATION FOR RELEASE OF INCOME TAX INFORMATION

STATE OF _____

PARISH OF _____

BEFORE ME, the undersigned authority, personally came and appeared:

**Joseph A. Ardoin, Jr.**
Date of Birth: _____
Social Security No.: _____

who, after being first duly sworn, did depose and state:

That he/she does hereby authorize the Internal Revenue Service of the United States, or the Department of Revenue & Taxation of the State of Louisiana or any other state to release to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, any and all income tax information requested and/or copies of any and all income tax returns and related information.

That a photostatic copy of this authorization may serve as an original; and that the date of execution of this authorization is not to be considered as a limitation of its period of effectiveness.

_____

Date

_____

Printed Name

_____

Signature

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2010.

_____
NOTARY PUBLIC
Louisiana Bar Roll No. \_\_\_\_\_

## <u>AUTHORIZATION FOR RELEASE OF MILITARY RECORDS</u>

**Joseph A. Ardoin, Jr., Social Security Number** _____, **Date of Birth,**

_____.

served in the following branches of the United States Military:

United States Air Force
Dates of Service:

_____

United States Marines
Dates of Service:

_____

United States Navy
Dates of Service:

_____

United States Coast Guard
Dates of Service:

_____

United States Army
Dates of Service:

_____

The National Guard
Dates of Service:

_____

Reserve Status
Dates of Service:

_____

    I hereby authorize the release of all records pertinent to **Joseph A. Ardoin, Jr.'s** service in the above-referenced branch(es) to Gregory M. Anding and/or the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, or any agent or representatives thereof.

    A photo static copy of this authorization may serve as an original.

_____
Signature

_____
Date

2013290-1

## AUTHORIZATION TO RELEASE
## WORKERS' COMPENSATION RECORDS

BEFORE   ME,   the   undersigned   authority,   personally   came   and   appeared, _____, who after being duly sworn did depose and state:

I hereby authorize the Louisiana State Office of Workers' Compensation to release to Gregory M. Anding or any other representative of the law firm of **KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN**, P. O. Box 3513, Baton Rouge, Louisiana, 70821, any and all information the Louisiana State Office of Workers' Compensation has in its possession:

1. All claims, past and present, **Joseph A. Ardoin, Jr.** has made for workers' compensation benefits and medical expenses, including all records, reports, notes or any other written information the Office of Workers' Compensation may have concerning **Joseph A. Ardoin, Jr.**, Social Security **Number:**_____**, Date of Birth:** _____**.**

2. The amount of workers' compensation benefits and medical expenses paid to **Joseph A. Ardoin, Jr.** on any claim.

3. The date(s) that **Joseph A. Ardoin, Jr.** has received workers' compensation benefits, including past and present claims.

I further authorize the Louisiana State Office of Workers' Compensation to authenticate the documents produced through certification or testimony as requested by **Gregory M. Anding.**

_____                    _____

**Joseph A. Ardoin, Jr.**                                                      DATE

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public, this _____ day of _____, 2010.

_____
Notary Public
Louisiana State Bar Roll No. _____

2050379_1.DOC

## AUTHORIZATION TO DISCLOSE INFORMATION
## CONCERNING UNION MEMBERSHIP

I HEREBY AUTHORIZE full disclosure to Gregory M. Anding or any other member of the law firm of KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821, of any information regarding, **Joseph A. Ardoin, Jr.'s** membership with your organization, or other files or records you have pertaining to **Joseph A. Ardoin, Jr., Social Security Number,** _____, **Date of Birth** _____. This includes information regarding dates of membership, conduct, employment history and earnings and any information relative to medical history and accidents. Please permit Gregory M. Anding, or any agent appointed by him to inspect, review, examine and make copies of such records.

I agree that a photostatic copy of this authorization may be used with the same authority as the original.

_____
**Joseph A. Ardoin, Jr.**

_____
                         **Date**

2013290-1

## PAYROLL, PERSONNEL AND EMPLOYMENT RECORDS AUTHORIZATION

TO WHOM IT MAY CONCERN:_____

 

I hereby authorize you to provide to: KEAN, MILLER, HAWTHORNE, D'ARMOND, MCCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821 ATTN: Gregory M. Anding, a complete copy of all records pertaining to, **Joseph A. Ardoin, Jr.'s** employment, including, but not limited to, all personnel, payroll, medical or hospital records pertaining to **Joseph A. Ardoin, Jr., Social Security Number:** _____, **Date of Birth:** _____.

 

_____

**Joseph A. Ardoin, Jr.**

_____

Date

 

Copies of this document are to be accepted with the same authority as the original.

Signature:                                              Date:

_____                    _____

## <u>AUTHORIZATION FOR RELEASE OF UNEMPLOYMENT INFORMATION</u>

I hereby authorize the Louisiana State Office of Employment Security to release to Gregory M. Anding and/or KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P., Post Office Box 3513, Baton Rouge, Louisiana 70821-3513, any and all information the Louisiana State Office of Employment Security has in its possession:

    1.    All claims, past and present that **Joseph A. Ardoin, Jr..** has made for unemployment compensation, including all records, reports, notes and any other written information the Office of Employment Security may have concerning **Joseph A. Ardoin, Jr., Social Security Number:** _____, **Date of Birth:** _____;

    2.    The amount of unemployment compensation received by **Joseph A. Ardoin, Jr.,** including all records, reports, notes and other written information; and

    3.    The date(s) that **Joseph A. Ardoin, Jr.** has received unemployment compensation including past and present claims.

I further authorize the Louisiana State Office of Employment Security to authenticate the documents produced through certification or testimony as requested by Gregory M. Anding.

_____      _____

**Joseph A. Ardoin, Jr.**                DATE:

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2010.

_____
NOTARY PUBLIC
Louisiana Bar Roll No. \_\_\_\_\_

2013290-1

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

Print the Name, Social Security Number (SSN), and date of birth below.

Name _____     Social Security Number _____

Other Name(s) Used
(Include Maiden Name) _____     Date of Birth
(Mo/Day/Yr) _____

2. What kind of information do you need?

☐ **Detailed Earnings Information**
(If you check this block, tell us below why you need this information.)

For the period(s)/year(s): _____

_____
_____

☐ **Certified Total Earnings For Each Year.**
(Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement)

For the year(s): _____

3. If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   A. $ _____

Do you want us to certify the information?     ☐ Yes   ☐ No

If yes, enter $15.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   B. $ _____

ADD the amounts on lines A and B, and enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . . . . . . .   C. $ _____

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payble to "Social Security Administration"
- DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

SIGN your name here
(Do not print)   > _____     Date _____

Daytime Phone Number _____
(Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)
Name   Barrye P. Miyagi and/or Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman LLP   Address   P.O. Box 3513

City, State & Zip Code _____ Baton Rouge, LA 70821 _____

6. Mail Completed Form(s) To:     **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:

Social Security Administration
Division of Earnings Record Operations
P.O. Box 33003
Baltimore Maryland  21290-3003

Social Security Administration
Division of Earnings Record Operations
300 N. Greene St.
Baltimore Maryland  21290-0300

Form SSA-7050-F4 (01-2004)  EF (09-2008)                    2

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

How Much Do I Have to Pay For Detailed Earnings?

1. Count the number of years for which you need detailed earnings information. Be sure to add in both the first and last year requested. However, do not add in the current calendar year since this information is not yet available.

2. Use the chart below to determine the correct fee.

| Number of Years Requested | Fee | Number of Years Requested | Fee | Number of Years Requested | Fee |
|---|---|---|---|---|---|
| 1 | $15.00 | 15 | $43.75 | 28 | $64.50 |
| 2 | 17.50 | 16 | 45.50 | 29 | 66.00 |
| 3 | 20.00 | 17 | 47.25 | 30 | 67.50 |
| 4 | 22.50 | 18 | 49.00 | 31 | 68.75 |
| 5 | 25.00 | 19 | 50.75 | 32 | 70.00 |
| 6 | 27.00 | 20 | 52.50 | 33 | 71.25 |
| 7 | 29.00 | 21 | 54.00 | 34 | 72.50 |
| 8 | 31.00 | 22 | 55.50 | 35 | 73.75 |
| 9 | 33.00 | 23 | 57.00 | 36 | 75.00 |
| 10 | 35.00 | 24 | 58.50 | 37 | 76.25 |
| 11 | 36.75 | 25 | 60.00 | 38 | 77.50 |
| 12 | 38.50 | 26 | 61.50 | 39 | 78.75 |
| 13 | 40.25 | 27 | 63.00 | 40 | 80.00 |
| 14 | 42.00 | | | | |

**For Requests Over 40 Years, Please Add 1 Dollar for Each Additional Year.**

- **Whose Earnings Can Be Requested**

  **1. Your Earnings**

  You can request earnings information from your own record by completing the attached form; we need your handwritten signature. If you sign with an "X", your mark must be witnessed by two disinterested persons who must sign their name and address.

  **2. Someone Else's Earnings**

  You can request earnings information from the record of someone else if that person tells us in writing to give the information to you. This writing or "authorization" must be presented to us within 60 days of the date it was signed by that person.

  **3. A Deceased Person's Earnings**

  You can request earnings information from the record of a deceased person if you are the legal representative of the estate, a survivor (that is, the spouse, parent, child, divorced spouse of divorced parent), or an individual with a material interest (example-financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

  Proof of death must be included with your request. Proof of appointment as representative or proof of your relationship to the deceased must also be included.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD

As a convenience, we offer you the option to make your payment by credit card. However, regular credit card rules will apply. You may also pay by check or money order.

Please fill in all the information below and return this form along with your request to:

Social Security Administration
Division of Earnings Record Operations
P.O. Box 33003
Baltimore Maryland  21290-3003

**Exception:**
If using private contractor (e.g., FedEx) to mail form(s), use:

Social Security Administration
Division of Earnings Record Operations
300 N. Greene St.
Baltimore Maryland  21290-0300

### Note: Please read Paperwork/Privacy Act Notice

| | |
|---|---|
| CHECK ONE | ☐ Visa  ☐ American Express  ☐ MasterCard  ☐ Discover  ☐ Diners Card |
| Credit Card Holder's Name (Enter the name from the credit card) | First Name, Middle Initial, Last Name |
| Credit Card Holder's Address | Number & Street  City, State, & Zip Code |
| Daytime Telephone Number | Area Code  Telephone Number |
| Credit Card Number | |
| Credit Card Expiration Date | Month  Year |
| Amount Charged | $ |
| Credit Card Holder's Signature | |

| DO NOT WRITE IN THIS SPACE OFFICE USE ONLY | Authorization |
|---|---|
| | Name  Date |
| | Remittance Control # |

### PRIVACY ACT NOTICE

The Social Security Administration (SSA) has authority to collect the information requested on this form under section 205 of the Social Security Act. Giving us this information is voluntary. You do not have to do it. We will need this information only if you choose to make payment by credit card. You do not need to fill out this form if you choose another means of payment (for example, by check or money order).

If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card account and SSA's account. We may also provide this information to another person or government agency to comply with federal laws requiring the release of information from our records. You can find these and other routine uses of information provided to SSA listed in the Federal Register. If you want more information about this, you may call or write any Social

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name _____

   Social Security
   Number _____

   Other Name(s) Used
   (Include Maiden Name) _____

   Date of Birth
   (Mo/Day/Yr) _____

2. What kind of information do you need?

   ☐ **Detailed Earnings Information**
   (If you check this block, tell us below
   why you need this information.)

   For the period(s)/year(s): _____

   _____

   ☐ **Certified Total Earnings For Each Year.**
   (Check this box only if you want the information
   certified. Otherwise, call 1-800-772-1213 to
   request Form SSA-7004, Request for Earnings
   and Benefit Estimate Statement)

   For the year(s): _____

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 · · · · · · · · · · · · · · · · · · · · · · · · · · ·   A. $ _____

   Do you want us to certify the information?          ☐ Yes   ☐ No

   If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · · · · · · · · · ·   B. $ _____

   ADD the amounts on lines A and B, and
   enter the TOTAL amount · · · · · · · · · · · · · · · · · · · · · · · · · · ·   C. $ _____

   - You can pay by CREDIT CARD by completing and returning the form on page 4, or
   - Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   - DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
   (Do not print)  > _____          Date _____

   Daytime Phone Number _____
   (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)
   Name   Barrye P. Miyagi and/or Kean, Miller, Hawthorne,
   D'Armond, McCowan & Jarman LLP   Address   P.O. Box 3513

   City, State & Zip Code   Baton Rouge, LA 70821

6. Mail Completed Form(s) To:          **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:

   Social Security Administration
   Division of Earnings Record Operations
   P.O. Box 33003
   Baltimore Maryland  21290-3003

   Social Security Administration
   Division of Earnings Record Operations
   300 N. Greene St.
   Baltimore Maryland  21290-0300

Form SSA-7050-F4 (01-2004) EF (09-2008)          2

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

How Much Do I Have to Pay For Detailed Earnings?

1. Count the number of years for which you need detailed earnings information. Be sure to add in both the first and last year requested. However, do not add in the current calendar year since this information is not yet available.

2. Use the chart below to determine the correct fee.

| Number of Years Requested | Fee | Number of Years Requested | Fee | Number of Years Requested | Fee |
|---|---|---|---|---|---|
| 1 | $15.00 | 15 | $43.75 | 28 | $64.50 |
| 2 | 17.50 | 16 | 45.50 | 29 | 66.00 |
| 3 | 20.00 | 17 | 47.25 | 30 | 67.50 |
| 4 | 22.50 | 18 | 49.00 | 31 | 68.75 |
| 5 | 25.00 | 19 | 50.75 | 32 | 70.00 |
| 6 | 27.00 | 20 | 52.50 | 33 | 71.25 |
| 7 | 29.00 | 21 | 54.00 | 34 | 72.50 |
| 8 | 31.00 | 22 | 55.50 | 35 | 73.75 |
| 9 | 33.00 | 23 | 57.00 | 36 | 75.00 |
| 10 | 35.00 | 24 | 58.50 | 37 | 76.25 |
| 11 | 36.75 | 25 | 60.00 | 38 | 77.50 |
| 12 | 38.50 | 26 | 61.50 | 39 | 78.75 |
| 13 | 40.25 | 27 | 63.00 | 40 | 80.00 |
| 14 | 42.00 | | | | |

**For Requests Over 40 Years, Please Add 1 Dollar for Each Additional Year.**

- **Whose Earnings Can Be Requested**

  ### 1. Your Earnings

  You can request earnings information from your own record by completing the attached form; we need your handwritten signature. If you sign with an "X", your mark must be witnessed by two disinterested persons who must sign their name and address.

  ### 2. Someone Else's Earnings

  You can request earnings information from the record of someone else if that person tells us in writing to give the information to you. This writing or "authorization" must be presented to us within 60 days of the date it was signed by that person.

  ### 3. A Deceased Person's Earnings

  You can request earnings information from the record of a deceased person if you are the legal representative of the estate, a survivor (that is, the spouse, parent, child, divorced spouse of divorced parent), or an individual with a material interest (example-financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

  Proof of death must be included with your request. Proof of appointment as representative or proof of your relationship to the deceased must also be included.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD

As a convenience, we offer you the option to make your payment by credit card.  However, regular credit card rules will apply.
You may also pay by check or money order.

Please fill in all the information below and return
this form along with your request to:

Social Security Administration
Division of Earnings Record Operations
P.O. Box 33003
Baltimore Maryland  21290-3003

**Exception:**
If using private contractor (e.g., FedEx) to mail form(s), use:

Social Security Administration
Division of Earnings Record Operations
300 N. Greene St.
Baltimore Maryland  21290-0300

### Note: Please read Paperwork/Privacy Act Notice

CHECK ONE

☐ Visa ☐ American Express
☐ MasterCard ☐ Discover ☐ Diners Card

Credit Card Holder's Name
(Enter the name from the credit card)

First Name, Middle Initial, Last Name

Credit Card Holder's Address

Number & Street

City, State, & Zip Code

Daytime Telephone Number

Area Code          Telephone Number

Credit Card Number

Credit Card Expiration Date

Month          Year

Amount Charged

$

Credit Card Holder's Signature

| DO NOT WRITE IN THIS SPACE OFFICE USE ONLY | Authorization |
| | Name | Date |
| | Remittance Control # |

### PRIVACY ACT NOTICE

The Social Security Administration (SSA) has authority to collect the information requested on this form under section 205 of the Social Security Act.  Giving us this information is voluntary.  You do not have to do it.  We will need this information only if you choose to make payment by credit card.  You do not need to fill out this form if you choose another means of payment (for example, by check or money order).

If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card account and SSA's account.  We may also provide this information to another person or government agency to comply with federal laws requiring the release of information from our records.  You can find these and other routine uses of information provided to SSA listed in the Federal Register.  If you want more information about this, you may call or write any Social

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)      CIVIL ACTION NO. MDL 875

This document relates to the following plaintiffs:

**JOSEPH A. ARDOIN, JR.**            **C.A. No.: 2:10-cv-68064-ER**
                                    **(U.S.D.C. Pennsylvania-Eastern)**

     **Plaintiff**

                                    **C.A. No.: 3:10-cv-00164-JVP-DLD**
**VERSUS**                              **(U.S.D.C. Louisiana-Middle)**

**ANCO INSULATIONS, INC., ET AL.**

     **Defendant**

### TEXACO INC.'S
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:    PLAINTIFF, Joseph Ardoin
          Through his attorney of record,
          Michael Mills
          BARON & BUDD, PC
          9015 Bluebonnet Blvd.
          Baton Rouge, LA 70810

      Texaco Inc., f/k/a The Texas Company, erroneously named as "The Texas Company, f/k/a Texaco, Inc." ("Texaco" or "Defendant"), propounds the following Interrogatories and Requests for Production (the "Discovery") to be answered fully and separately in writing and under oath. Plaintiff is notified to answer the Discovery personally and not merely through counsel. The Discovery is propounded pursuant to Federal Rules of Civil Procedure Rule 33 to be answered within thirty (30) days.

      If you claim any portion of any of the following is objectionable as encroaching upon a privilege, please: (a) state the precise nature of the privilege; (b) respond to any portion of the interrogatory or request not invasive of any claimed privilege; and (c) provide full and complete details with respect to the factual or other basis for invocation of any such privilege so that a determination can be made by the court.

2046812

The Discovery is to be deemed continuing in nature, requiring seasonal supplementation with any additional or corrective information which comes to your attention subsequent to the filing of your original answers and responses.

## DEFINITIONS

As used herein, the following definitions shall apply:

1.  The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Discovery any information which might be deemed outside its scope by another construction.

2.  The terms "identify" or "identification" and "describe" or "description":

    a.  When used in reference to an individual or natural person, shall mean to state his full name (including all names by which he has been known, including nicknames), present or last known residence, occupation, business affiliation, job title, business address and telephone number;

    b.  When used in reference to any entity other than an individual or natural person, shall mean to state its full name; the nature of its organizational form (e.g., corporation, general partnership, limited partnership, trust, etc.), its present or last known street and mailing address, and phone number; and the state or other jurisdiction in or under which it is incorporated or organized; and the state(s) or other jurisdiction(s) in which it is doing or transacting business;

    c.  When used in reference to a "document" or "file", shall mean to state the identifying nomenclature thereon and any type of document including the date appearing thereon, if any, the person or office from whom sent, the person or office to whom sent, and its present location or custodian, or if such document or file was, but no longer is, in your possession the disposition made of it. In lieu of identifying a document as required by an interrogatory, it shall be deemed an acceptable response to these interrogatories to attach a legible copy of the document to your responses and to make reference to the specific document so attached and the appropriate response provided. By responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced;

    d.  When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its terms or conditions, its present location, the name and address of its custodian, and the substance of the

2046812

-2-

contents thereof. If such agreement or contract has been amended, this must be stated and the above information must be furnished on each amendment;

    e.  When used in reference to an act, occurrence, occasion, operation, activity, meeting, or transaction ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

    f.  When used in reference to any communication, oral or otherwise, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

3.    A singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

4.    The terms "you", "your", and "yours" shall refer to the party or parties to whom these written interrogatories are directed, including, without limitation, anyone acting or purporting to act on their behalf, for any purpose whatsoever and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

5.    The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

6.    The term "Texaco" includes Texaco Inc. and any predecessor entities.

## INSTRUCTIONS

1.    The Discovery shall be deemed continuing in nature so as to require you to serve supplemental answers upon the attorneys of record for Defendant if you later obtain information on the basis of which:

    a.  You know that an answer was incorrect when made;

2046812

b. You know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answer is in substance a knowing concealment.

2. In your answers to the Discovery, please repeat each interrogatory and request set forth herein and then set forth the answer thereto separately and fully. As to any interrogatory or request to which you refuse to answer or respond in whole or part, for any reason, please state the grounds for your refusal to answer or respond. Where you believe that a complete answer to a particular interrogatory or request or a part thereof is not possible, please answer or respond to such interrogatory or request to the extent possible and furnish a statement explaining the reason for your inability to answer or respond further.

## INTERROGATORIES

### INTERROGATORY NO. 1

Concerning the allegation that you were exposed to asbestos and/or asbestos-containing materials while working at a Texaco facility, please answer the following:

a. Please identify the location of each facility owned and/or operated by Texaco where you have worked.

b. Please identify as precisely as possible the time period(s) during which you were employed at each Texaco facility listed.

c. Please identify by name, address, and telephone number all employers by whom you were employed while working at each Texaco facility listed and for each employer provide the name, address, and telephone number of all co-employees, including without limitation all supervisors.

d. Please identify the contractors present at each Texaco facility listed when you worked at each facility.

e. Please identify all operational and safety training given to you by Texaco and/or your employer in anticipation of and during your services with each employer.

f. For each Texaco facility listed, please identify your craft, the type of work you were doing and the time period during which you did it.

2046812

- 4 -

g.      Please identify all products which allegedly caused your injuries by brand name, trade name, common name, or, if necessary because the name is unknown, solely by description and purpose of said products.

m.      With respect to the products which allegedly caused your injuries, please state the approximate dates you used or worked around said products at each Texaco facility listed, where the products were being used and how, why and by whom the products were being used.

n.      Please identify the date(s) you were allegedly exposed to asbestos and/or asbestos-containing materials manufactured by defendants named in this lawsuit, the nature of the exposure, how you were allegedly exposed, and how the use of asbestos and/or asbestos-containing materials or machinery requiring the use of same at each listed Texaco facility created a dangerous condition.

o.      If the products were in a package or container, please identify the package or container, including the writing thereon, the color of the writing and any other descriptions recalled.

p.      Identify the seller or distributor of asbestos and/or asbestos-containing materials you were allegedly exposed.

q.      Identify the conditions/equipment which you and/or your expert witnesses contend should have provided you at the time of your alleged exposures to asbestos and/or asbestos-containing materials and the technology that should have been used to eliminate the potential of developing the asbestos-related disease described in the petition.

r.      Please identify the source (including name, address, and phone number), if any, of your information that the asbestos and/or asbestos-containing materials to which you allege you were exposed was actually present at each Texaco facility listed.

s.      Please provide the name, address, and phone number of any employee or representative of Texaco and any other individuals regardless by whom employed, that were present when you were allegedly exposed to asbestos and/or asbestos-containing materials or have relevant knowledge regarding the allegations contained in your Petition.

2046812

## INTERROGATORY NO. 2

Please state each fact and identify all documents supporting your allegations that you were exposed to asbestos and/or asbestos-containing materials while working at any facility allegedly owned and/or operated by Texaco.

## INTERROGATORY NO. 3

If you were ever exposed to and/or worked with the asbestos and/or asbestos-containing materials at a facility owned or operated by a company, government agency or other entity not named as a defendant in this lawsuit, please identify:

      a.     Your employer;

      b.     The owner and operator of the facility or location;

      c.     Your job title, trade, the dates of your employment and the nature of your work; and

      d.     The address of the facility or location.

## INTERROGATORY NO. 4

Please identify by name, address and telephone number all witnesses capable of identifying any of the asbestos and/or asbestos-containing materials to which you were or may have been exposed which was manufactured or supplied by the defendants named in the petition and by any entities with whom you have settled.

## INTERROGATORY NO. 5

For each of the manufacturers/suppliers identified by the witness in the previous interrogatory, please further specify the type and brand name of asbestos and/or asbestos-

containing materials as well as the identity of every facility where the witness has knowledge the product was used.

## INTERROGATORY NO. 6

Please provide the basis for your contention that you were exposed to asbestos and/or asbestos-containing materials manufactured or supplied by the manufacturers/suppliers named as defendants in your petition and by the entities with whom you have settled.

## INTERROGATORY NO. 7

Please state the name, address, and relationship to you of each and every person who has any knowledge of the facts relevant to this lawsuit and whom you may or will call to testify as witnesses at trial, and the substance of the witnesses' testimony.

## INTERROGATORY NO. 8

Please identify each and every expert witness, medical and otherwise, whom you have contacted regarding your claims and/or whom you may call to testify during trial and briefly identify his or her opinions, the facts or data which support these opinions, and identify all other cases in which the witness has given similar testimony. If you have consulted with any expert who is not expected to testify at trial, please identify the name, address and telephone number of said expert.

## INTERROGATORY NO. 9

Please identify each and every document you may use at trial and/or any deposition in this case, whether as an exhibit or otherwise.

2046812

**INTERROGATORY NO. 10**

Did you keep any "Time Book," log, diary, notes or other documents or recording related to your work and/or to your alleged exposure to asbestos and/or asbestos-containing materials?   If you claim the requested information is privileged, please produce a privilege log identifying the author, date, subject matter of the document(s), and the current custodian of said document(s).

**INTERROGATORY NO. 11**

Identify every agreement and/or understanding and the terms thereof, you, either directly or through counsel, have reached (either tentative or final) with any person or entity, including any trusts, regardless of whether that person or entity was ever a defendant in this case, settling your claims or regarding whether the ultimate outcome of your claims against such entity or defendant or the manner in which these cases, or some of them, will be tried.   Your answer should include but not be limited to: Settlement agreements, contingent settlement agreements, partial settlement agreements, releases, covenants not to sue, covenants not to execute, "Mary Carter" agreements, "high/low" agreements, loan receipt agreements, sliding scale agreements, guaranteed verdict agreements and similar agreements or understandings.   Your answer specifically should include agreements or understandings in which you agree to waive claims against any participating entity or defendant or in which any participating entity or defendant agrees not to raise one or more defenses or not to contest certain elements of alleged liability, or in which the participating parties agree to minimum and maximum amounts of

2046812

compensatory liability, or in which the participating parties agree not to disclose the terms of such agreements or understandings.

## INTERROGATORY NO. 12

If your answer to the preceding interrogatory is anything other than an unqualified negative, then separately for each such agreement or understanding:

a.   Identify all parties to the agreement or understanding;

b.   State the date or approximate date on which the agreement was made or the understanding reached;

c.   Identify all persons who knew of the agreement or understanding prior to the date of your answers to these interrogatories;

d.   State each and every term or provision of the agreement or understanding, including (without limitation): the amount to be paid and received; if the amount is contingent, each factor which is applicable to fixing the amount; the maximum amount ultimately to be paid and received; the minimum amount ultimately to be paid and received; each and every claim waived; each and every defense waived; each and every agreement or understanding regarding disclosure or non-disclosure of the underlying agreement or understanding; and

e.   Identify each document that constitutes, evidences, contains, incorporates, refers to, describes, discusses, or otherwise relates to the agreement or understanding.

## INTERROGATORY NO. 13

With regard to your claims against Texaco, what is the first date that you claim that you were exposed to asbestos at any of its facilities?

## INTERROGATORY NO. 14

With regard to your claims against Texaco, what is the last date that you claim that you were exposed to asbestos at any of its facilities?

2046812

## INTERROGATORY NO. 15

Please identify each person who participated in the preparation of these Answers to this Discovery or who furnished any information used in the preparation of these Answers to this Discovery.

## REQUESTS FOR PRODUCTION

Texaco Inc. propounds the following Requests for Production of Documents to plaintiffs, pursuant to Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

## DEFINITIONS

1.    The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

2.    The terms "you" and "your" shall mean you and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

## INSTRUCTIONS

1.    These requests for production of documents shall be deemed continuing so as to require you to serve supplemental answers upon the attorney of record for defendant herein.

2.    For any request for production you refuse to answer in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe a complete answer to a particular interrogatory or part thereof is not possible, please answer the interrogatory to the fullest extent possible and state the reasons for your inability to answer.

2046812

## REQUESTS FOR PRODUCTION NO. 1

Please produce any documents that you identified in your responses to the Interrogatories propounded with this Request for Production of Document.

## REQUESTS FOR PRODUCTION NO. 2

Please produce all documents that support and/or form the basis of your answers to the preceding Interrogatories.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Janice M. Culotta (#23460)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Vionne M. Douglas (31447)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana   70821
Telephone:  (225) 387-0999
Facsimile: (225) 388-9133
*Attorneys for Texaco Inc.*

2046812

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories and Requests for Production have been forwarded to plaintiff's counsel via U.S. Mail, postage prepaid and via electronic mail, and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this $\underline{21}$ day of $\underline{\text{Oct}}$ , 2010.

_____
Allison N. Benoit

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                CIVIL ACTION NO. MDL 875

This document relates to the following plaintiffs:

**JOSEPH A. ARDOIN, JR.**              **C.A. No.: 2:10-cv-68064-ER**
                                        **(U.S.D.C. Pennsylvania-Eastern)**

    **Plaintiff**

                                        **C.A. No.: 3:10-cv-00164-JVP-DLD**
**VERSUS**                              **(U.S.D.C. Louisiana-Middle)**

**ANCO INSULATIONS, INC., ET AL.**

    **Defendant**

---

## EXXON MOBIL CORPORATION'S
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:   PLAINTIFF, Joseph Ardoin
     Through his attorney of record,
     Michael Mills
     BARON & BUDD, PC
     9015 Bluebonnet Blvd.
     Baton Rouge, LA  70810

Exxon Mobil Corporation ("Exxon" or "Defendant"), propounds the following Interrogatories and Requests for Production (the "Discovery") to be answered fully and separately in writing and under oath. Plaintiff is notified to answer the Discovery personally and not merely through counsel. The Discovery is propounded pursuant to Federal Rules of Civil Procedure Rule 33 to be answered within thirty (30) days.

If you claim any portion of any of the following is objectionable as encroaching upon a privilege, please: (a) state the precise nature of the privilege; (b) respond to any portion of the interrogatory or request not invasive of any claimed privilege; and (c) provide full and complete details with respect to the factual or other basis for invocation of any such privilege so that a determination can be made by the court.

The Discovery is to be deemed continuing in nature, requiring seasonal

supplementation with any additional or corrective information which comes to your attention subsequent to the filing of your original answers and responses.

## DEFINITIONS

As used herein, the following definitions shall apply:

1. The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Discovery any information which might be deemed outside its scope by another construction.

2. The terms "identify" or "identification" and "describe" or "description":

   a. When used in reference to an individual or natural person, shall mean to state his full name (including all names by which he has been known, including nicknames), present or last known residence, occupation, business affiliation, job title, business address and telephone number;

   b. When used in reference to any entity other than an individual or natural person, shall mean to state its full name; the nature of its organizational form (e.g., corporation, general partnership, limited partnership, trust, etc.), its present or last known street and mailing address, and phone number; and the state or other jurisdiction in or under which it is incorporated or organized; and the state(s) or other jurisdiction(s) in which it is doing or transacting business;

   c. When used in reference to a "document" or "file", shall mean to state the identifying nomenclature thereon and any type of document including the date appearing thereon, if any, the person or office from whom sent, the person or office to whom sent, and its present location or custodian, or if such document or file was, but no longer is, in your possession the disposition made of it. In lieu of identifying a document as required by an interrogatory, it shall be deemed an acceptable response to these interrogatories to attach a legible copy of the document to your responses and to make reference to the specific document so attached and the appropriate response provided. By responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced;

   d. When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its terms or conditions, its present location, the name and address of its custodian, and the substance of the contents thereof. If such agreement or contract has been amended, this must be

stated and the above information must be furnished on each amendment;

e.  When used in reference to an act, occurrence, occasion, operation, activity, meeting, or transaction ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

f.  When used in reference to any communication, oral or otherwise, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

3.  A singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

4.  The terms "you", "your", and "yours" shall refer to the party or parties to whom these written interrogatories are directed, including, without limitation, anyone acting or purporting to act on their behalf, for any purpose whatsoever and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

5.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

6.  The term "Exxon" includes Exxon Mobil Corporation and any predecessor entities.

## INSTRUCTIONS

1.  The Discovery shall be deemed continuing in nature so as to require you to serve supplemental answers upon the attorneys of record for Defendant if you later obtain information on the basis of which:

a.  You know that an answer was incorrect when made;

   b. You know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answer is in substance a knowing concealment.

2. In your answers to the Discovery, please repeat each interrogatory and request set forth herein and then set forth the answer thereto separately and fully. As to any interrogatory or request to which you refuse to answer or respond in whole or part, for any reason, please state the grounds for your refusal to answer or respond. Where you believe that a complete answer to a particular interrogatory or request or a part thereof is not possible, please answer or respond to such interrogatory or request to the extent possible and furnish a statement explaining the reason for your inability to answer or respond further.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please state the date you first experienced any respiratory health problems and/or any lung or breathing problems and describe in layman's language what your physical complaints were at that time.

### INTERROGATORY NO. 2

How and under what circumstances did you learn that asbestos and/or asbestos-containing materials could be harmful to your health?

### INTERROGATORY NO. 3

When did you first believe that the lung problems or breathing problems of which you complain might have been related to asbestos and/or asbestos-containing materials?

### INTERROGATORY NO. 4

Do you contend that you are suffering from any medical condition related to exposure to asbestos and/or asbestos-containing materials, including but not limited to any pleural or pulmonary problems? If so, please identify:

a. The name of the disease process for which you claim injury;

b. Date and time of such diagnosis;

c. The diagnosing physician, including any physician who either concurred in the diagnosis and/or reviewed the radiographs or radiographic or pathology reports concerning the diagnosis, including the full names, addresses, specialty and curriculum vitae of each and every physician and/or potential witness who has made such a diagnosis, formed such an opinion, expressed such an opinion to you, or whose opinion has been communicated to you directly or indirectly;

d. The method and information upon which such diagnosis was based;

e. Identify each and every health care provider, hospital, medical institution, laboratory, physician, nurse or laboratory technician involved in any part of such diagnosis or treatment;

f. Identify each and every person, including your relatives, employers, or anyone acting on their and/or your behalf, to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and phone number of anyone witnessing said revelation;

g. Identify your employer at the time of the diagnosis; and

h. Describe in detail the specific course(s) of treatment and/or therapy received, including prescriptions and recommendations, particularly stating any reasons for failure to comply fully with such prescriptions and/or recommendations.

## INTERROGATORY NO. 5

Upon what date were you advised by a physician that the symptoms, described in your answers to the preceding interrogatories, resulted from your alleged exposure to asbestos and/or asbestos-containing materials? Please provide the name and address of the physician making the diagnosis described above.

**INTERROGATORY NO. 6**

Have you ever been treated with radiotherapy or radiation for any reason? If so, when, by whom, and for what purpose? Please identify all physicians who treated you with those therapies, the dates of such treatment(s) and the facilities where those therapies were received

**INTERROGATORY NO. 7**

For every chest x-ray, pulmonary function test, biopsy, thoracentesis, thoracoscopy, bronchoscopy or any other procedure to obtain pathology and/or fluid that you have undergone, please identify:

        a.     The place of the exam and/or test and/or procedure;

        b.     The date;

        c.     The reason why the exam and/or test and/or procedure was taken or performed;

        d.     The interpretive or diagnostic results, conclusions or possibilities derived from each;

        e.     The name and address of the physician who recommended, performed, interpreted and/or ordered each, and;

        f.     The present location and custodian of each x-ray film and/or pathology material or other physical evidence obtained and/or reports or written findings of each.

**INTERROGATORY NO. 8**

Have you ever been diagnosed with any cancer, sarcoma or other malignancy? If so, please state:

        a.     Date and time of such diagnosis;

b.     Identity of the diagnosing and any concurring physicians;

c.     The method and information upon which such diagnosis was based;

d.     The identify of each and every hospital, medical institution, laboratory, physician, nurse or laboratory technician involved in any part of such diagnosis;

e.     The identity of each and every person, including relatives of the plaintiff, employers, or anyone acting in your behalf, to whom such diagnosis was made known, including the date, time, and place of such revelation, and the name, address, and phone number of anyone witnessing said revelation;

f.     Describe in detail the specific course(s) of treatment or therapy, including any medication prescribed as a result of such diagnosis, and the name, address, and telephone number of each prescribing physician;

g.     The identity of your employer at the time of the diagnosis;

h.     If the said diagnosis resulted in any prescribed or recommended change in your occupation, behavior, life-style, or working habits or conditions, state:

(1)     Nature, extent, and exact content of such prescription or recommendation; and

(2)     You response to same and reasons for such response; particularly stating any reason for failure to comply fully with such prescriptions or recommendations.

## INTERROGATORY NO. 9

Concerning the allegation that you were exposed to asbestos and/or asbestos-containing materials while working at an Exxon facility, please answer the following:

a.     Please identify the location of each facility owned and/or operated by Exxon where you have worked.

b.     Please identify as precisely as possible the time period(s) during which you were employed at each Exxon facility listed.

c.   Please identify by name, address, and telephone number all employers by whom you were employed while working at each Exxon facility listed and for each employer provide the name, address, and telephone number of all co-employees, including without limitation all supervisors.

d.   Please identify the contractors present at each Exxon facility listed when you worked at each facility.

e.   Please identify all operational and safety training given to you by Exxon and/or your employer in anticipation of and during your services with each employer.

f.   For each Exxon facility listed, please identify your craft, the type of work you were doing and the time period during which you did it.

g.   Please identify all products which allegedly caused your injuries by brand name, trade name, common name, or, if necessary because the name is unknown, solely by description and purpose of said products.

m.   With respect to the products which allegedly caused your injuries, please state the approximate dates you used or worked around said products at each Exxon facility listed, where the products were being used and how, why and by whom the products were being used.

n.   Please identify the date(s) you were allegedly exposed to asbestos and/or asbestos-containing materials manufactured by defendants named in this lawsuit, the nature of the exposure, how you were allegedly exposed, and how the use of asbestos and/or asbestos-containing materials or machinery requiring the use of same at each listed Exxon facility created a dangerous condition.

o.   If the products were in a package or container, please identify the package or container, including the writing thereon, the color of the writing and any other descriptions recalled.

p.   Identify the seller or distributor of asbestos and/or asbestos-containing materials you were allegedly exposed.

q.   Identify the conditions/equipment which you and/or your expert witnesses contend should have provided you at the time of your alleged exposures to asbestos and/or asbestos-containing materials and the technology that

should have been used to eliminate the potential of developing the asbestos-related disease described in the petition.

r.   Please identify the source (including name, address, and phone number), if any, of your information that the asbestos and/or asbestos-containing materials to which you allege you were exposed was actually present at each Exxon facility listed.

s.   Please provide the name, address, and phone number of any employee or representative of Exxon and any other individuals regardless by whom employed, that were present when you were allegedly exposed to asbestos and/or asbestos-containing materials or have relevant knowledge regarding the allegations contained in your Petition.

## INTERROGATORY NO. 10

Please state each fact and identify all documents supporting your allegations that you were exposed to asbestos and/or asbestos-containing materials while working at any facility allegedly owned and/or operated by Exxon.

## INTERROGATORY NO. 11

With regard to your claims against Exxon, what is the first date that you claim that you were exposed to asbestos at any of its facilities?

## INTERROGATORY NO. 12

With regard to your claims against Exxon, what is the last date that you claim that you were to asbestos at any of its facilities?

## INTERROGATORY NO. 13

Please identify each person who participated in the preparation of these Answers to this Discovery or who furnished any information used in the preparation of these Answers to this Discovery.

## REQUESTS FOR PRODUCTION

Exxon Mobil Corporation propounds the following Requests for Production of Documents to plaintiffs, pursuant to Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

## DEFINITIONS

1.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

2.  The terms "you" and "your" shall mean you and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

## INSTRUCTIONS

1.  These requests for production of documents shall be deemed continuing so as to require you to serve supplemental answers upon the attorney of record for defendant herein.

2.  For any request for production you refuse to answer in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe a complete answer to a particular interrogatory or part thereof is not possible, please answer the interrogatory to the fullest extent possible and state the reasons for your inability to answer.

## REQUESTS FOR PRODUCTION NO. 1

Please produce any documents that you identified in your responses to the Interrogatories propounded with this Request for Production of Document.

## REQUESTS FOR PRODUCTION NO. 2

Please produce all documents that support and/or form the basis of your answers

to the preceding Interrogatories.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Janice M. Culotta (#23460)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Vionne M. Douglas (31447)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana   70821
Telephone:  (225) 387-0999
Facsimile: (225) 388-9133
*Attorneys for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories and Requests for Production have been forwarded to plaintiff's counsel via U.S. Mail, postage prepaid and via electronic mail, and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this 21 day of Oct , 2010.

Allison N. Benoit

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          CIVIL ACTION NO. MDL 875

This document relates to the following plaintiffs:

**JOSEPH A. ARDOIN, JR.**                **C.A. No.: 2:10-cv-68064-ER**
                                         **(U.S.D.C. Pennsylvania-Eastern)**

    **Plaintiff**

                                         **C.A. No.: 3:10-cv-00164-JVP-DLD**
**VERSUS**                               **(U.S.D.C. Louisiana-Middle)**

**ANCO INSULATIONS, INC., ET AL.**

    **Defendant**

## BASF CORPORATION'S
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:   PLAINTIFF, Joseph Ardoin
      Through his attorney of record,
      Michael Mills
      BARON & BUDD, PC
      9015 Bluebonnet Blvd.
      Baton Rouge, LA 70810

    BASF Corporation ("BASF" or "Defendant"), propounds the following Interrogatories and Requests for Production (the "Discovery") to be answered fully and separately in writing and under oath. Plaintiff is notified to answer the Discovery personally and not merely through counsel. The Discovery is propounded pursuant to Federal Rules of Civil Procedure Rule 33 to be answered within thirty (30) days.

    If you claim any portion of any of the following is objectionable as encroaching upon a privilege, please: (a) state the precise nature of the privilege; (b) respond to any portion of the interrogatory or request not invasive of any claimed privilege; and (c) provide full and complete details with respect to the factual or other basis for invocation of any such privilege so that a determination can be made by the court.

    The Discovery is to be deemed continuing in nature, requiring seasonal

2046768                              - 1 -

supplementation with any additional or corrective information which comes to your attention subsequent to the filing of your original answers and responses.

## DEFINITIONS

As used herein, the following definitions shall apply:

1.  The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of this Discovery any information which might be deemed outside its scope by another construction.

2.  The terms "identify" or "identification" and "describe" or "description":

    a.  When used in reference to an individual or natural person, shall mean to state his full name (including all names by which he has been known, including nicknames), present or last known residence, occupation, business affiliation, job title, business address and telephone number;

    b.  When used in reference to any entity other than an individual or natural person, shall mean to state its full name; the nature of its organizational form (e.g., corporation, general partnership, limited partnership, trust, etc.), its present or last known street and mailing address, and phone number; and the state or other jurisdiction in or under which it is incorporated or organized; and the state(s) or other jurisdiction(s) in which it is doing or transacting business;

    c.  When used in reference to a "document" or "file", shall mean to state the identifying nomenclature thereon and any type of document including the date appearing thereon, if any, the person or office from whom sent, the person or office to whom sent, and its present location or custodian, or if such document or file was, but no longer is, in your possession the disposition made of it. In lieu of identifying a document as required by an interrogatory, it shall be deemed an acceptable response to these interrogatories to attach a legible copy of the document to your responses and to make reference to the specific document so attached and the appropriate response provided. By responding in this fashion, you agree to waive all objections to the authenticity of the copy of the document so produced;

    d.  When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its terms or conditions, its present location, the name and address of its custodian, and the substance of the contents thereof. If such agreement or contract has been amended, this must be

2046768                                    - 2 -

stated and the above information must be furnished on each amendment;

    e.  When used in reference to an act, occurrence, occasion, operation, activity, meeting, or transaction ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

    f.  When used in reference to any communication, oral or otherwise, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

3.     A singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

4.     The terms "you", "your", and "yours" shall refer to the party or parties to whom these written interrogatories are directed, including, without limitation, anyone acting or purporting to act on their behalf, for any purpose whatsoever and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

5.     The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

6.     The term "BASF" includes BASF Corporation and any predecessor entities.

## INSTRUCTIONS

1.     The Discovery shall be deemed continuing in nature so as to require you to serve supplemental answers upon the attorneys of record for Defendant if you later obtain information on the basis of which:

    a.  You know that an answer was incorrect when made;

b.  You know that an answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend your answer is in substance a knowing concealment.

2.  In your answers to the Discovery, please repeat each interrogatory and request set forth herein and then set forth the answer thereto separately and fully.  As to any interrogatory or request to which you refuse to answer or respond in whole or part, for any reason, please state the grounds for your refusal to answer or respond. Where you believe that a complete answer to a particular interrogatory or request or a part thereof is not possible, please answer or respond to such interrogatory or request to the extent possible and furnish a statement explaining the reason for your inability to answer or respond further.

## INTERROGATORIES

### INTERROGATORY NO.1

Please identify:

a.  Your full name and all other names by which you have been known;

b.  Your date and place of birth;

c.  Your last home address and telephone number;

d.  In chronological order, the resident addresses where you have resided since your eighteenth birthday and state the inclusive dates of your residence and each location;

e.  Your last occupation and business address, if applicable;

f.  Your Social Security Number;

g.  The license number and issuing authority of each automobile operator, chauffeur, or commercial license, which you possessed in the past; and with respect to each license, please state the following:

(1)  License number;

(2)  Date of issuance; and

(3)  Expiration date.

h.   Your parents' full names, dates of birth and address(es). If your parents are deceased, please indicate the date and cause of death; and

i.   Your siblings' full names, dates of birth and address(es). If your siblings are deceased, please indication the date and cause of death.

## INTERROGATORY NO. 2

Please identify the date of each of your marriages and date and reason for termination (divorce, death, etc.) of each. Identify each spouse and identify each of your children, if any, by each spouse.

## INTERROGATORY NO. 3

Please identify each person dependent upon you for support. Describe in detail the nature and amount of the support.

## INTERROGATORY NO. 4

Please identify your military history, including each branch of the service in which you served, each location where served and the dates of such service, highest rank, military identification number/service number, a description of all jobs or occupational specialties held, the date, place and type of any discharge(s) received from each tour of duty or enlistment, and the reason for and amount of any disability payments received subsequent to discharge.

## INTERROGATORY NO. 5

Please identify your educational history, including names and attendance dates at all schools, whether the were public, private, military or trade schools, a description of and the dates of all certificates, diplomas and degrees awarded, if any, and a full description of all fields of study.

## INTERROGATORY NO. 6

Identify fully any trade association or labor union of which you are a member or have ever been a member and please give the following:

      a.    The name of the union(s) to which you have belonged;

      b.    Identify your occupation and/or job titles for each trade or labor union to which you have belonged;

      c.    Inclusive dates of your membership in each;

      d.    Numbers and complete addresses of the local unions to which you have belonged;

      e.    All offices or other positions which you have held in each union, identifying the office, position, and the union in which held, and inclusive dates the position or office was held;

      f.    Identify any and all publications distributed by the union and whether you read such publications.

## INTERROGATORY NO.7

Please identify in detail your employment history, including all periods of self-employment and part-time employment, by identifying each employer, the dates of each employment, immediate supervisor and co-workers in each employment, job title and duties in each employment, the locations and dates of work with each employer and the reason each employment was terminated. Please also specifically identify your employer and the sites of each and every exposure to asbestos and/or asbestos-containing materials and the co-workers or other witnesses with information regarding the same.

**INTERROGATORY NO.8**

Were you ever examined through a company or union screening program for lung or respiratory disease? If so, give the dates, places, details of all of the examinations, results of all examinations and identify the companies or unions sponsoring the program. In addition, indicate if you or your attorney has a copy of the reports issued from each examination. **Please note that this request seeks information on each and every examination that you have ever had in your life for a lung or respiratory disease.**

**INTERROGATORY NO. 9**

Please identify your medical history including dates of and descriptions of all illnesses suffered during your lifetime and all surgeries you had during your lifetime, and the names and addresses of treating, examining or consulting physicians, surgeons, chiropractors, doctors of osteopathy, or other practitioners of the healing arts ("physicians") who were involved with each illness and/or surgery, as well as the names and addresses of all hospitals or other institutions at which you were treated for each illness or at which each surgery was performed. Please include the dates of admission and discharge for any hospitalizations and/or out-patient surgeries. Please include information regarding non-illness related routine medical examinations and tests.

**INTERROGATORY NO. 10**

Please identify each doctor or health care provider who has ever examined, treated, or diagnosed you, and identify each hospital, medical facility, and/or other health care institution at which you were ever treated, examined, confined, admitted, or diagnosed, providing the date (or inclusive dates) of each examination, treatment,

diagnosis, admission and discharge, the medical reason for each examination or treatment, and the type of examination, and treatment that each doctor or health care provider gave you and the diagnosis and/or findings made by each.

## INTERROGATORY NO. 11

Concerning the allegation that you were exposed to asbestos and/or asbestos-containing materials while working at a BASF facility, please answer the following:

a.    Please identify the location of each facility owned and/or operated by BASF where you have worked.

b.    Please identify as precisely as possible the time period(s) during which you were employed at each BASF facility listed.

c.    Please identify by name, address, and telephone number all employers by whom you were employed while working at each BASF facility listed and for each employer provide the name, address, and telephone number of all co-employees, including without limitation all supervisors.

d.    Please identify the contractors present at each BASF facility listed when you worked at each facility.

e.    Please identify all operational and safety training given to you by BASF and/or your employer in anticipation of and during your services with each employer.

f.    For each BASF facility listed, please identify your craft, the type of work you were doing and the time period during which you did it.

g.    Please identify all products which allegedly caused your injuries by brand name, trade name, common name, or, if necessary because the name is unknown, solely by description and purpose of said products.

m.    With respect to the products which allegedly caused your injuries, please state the approximate dates you used or worked around said products at each BASF facility listed, where the products were being used and how, why and by whom the products were being used.

n.    Please identify the date(s) you were allegedly exposed to asbestos and/or asbestos-containing materials manufactured by defendants named in this lawsuit, the nature of the exposure, how you were allegedly exposed, and how the use of asbestos and/or asbestos-containing materials or machinery requiring the use of same at each listed BASF facility created a dangerous condition.

o.    If the products were in a package or container, please identify the package or container, including the writing thereon, the color of the writing and any other descriptions recalled.

p.    Identify the seller or distributor of asbestos and/or asbestos-containing materials you were allegedly exposed.

q.    Identify the conditions/equipment which you and/or your expert witnesses contend should have provided you at the time of your alleged exposures to asbestos and/or asbestos-containing materials and the technology that should have been used to eliminate the potential of developing the asbestos-related disease described in the petition.

r.    Please identify the source (including name, address, and phone number), if any, of your information that the asbestos and/or asbestos-containing materials to which you allege you were exposed was actually present at each BASF facility listed.

s.    Please provide the name, address, and phone number of any employee or representative of BASF and any other individuals regardless by whom employed, that were present when you were allegedly exposed to asbestos and/or asbestos-containing materials or have relevant knowledge regarding the allegations contained in your Petition.

## INTERROGATORY NO. 12

Please state each fact and identify all documents supporting your allegations that you were exposed to asbestos and/or asbestos-containing materials while working at any facility allegedly owned and/or operated by BASF.

**INTERROGATORY NO. 13**

With regard to your claims against BASF, what is the first date that you claim that you were exposed to asbestos at any of its facilities?

**INTERROGATORY NO. 14**

With regard to your claims against BASF, what is the last date that you claim that you were exposed to asbestos at any of its facilities?

**INTERROGATORY NO. 15**

Please identify each person who participated in the preparation of these Answers to this Discovery or who furnished any information used in the preparation of these Answers to this Discovery.

## REQUESTS FOR PRODUCTION

BASF Corporation propounds the following Requests for Production of Documents to plaintiffs, pursuant to Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

## DEFINITIONS

1.  The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist, including without limiting the generality of the foregoing, all drafts, contracts, diaries, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these requests.

2.  The terms "you" and "your" shall mean you and every other individual who, because he is acting as your representative, can be required by you to furnish information, including any person acting on your behalf as your representative in the investigation or preparation of this action.

## INSTRUCTIONS

1.  These requests for production of documents shall be deemed continuing so as to require you to serve supplemental answers upon the attorney of record for defendant herein.

2.  For any request for production you refuse to answer in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe a complete answer to a particular interrogatory or part thereof is not possible, please answer the interrogatory to the fullest extent possible and state the reasons for your inability to answer.

## REQUESTS FOR PRODUCTION NO. 1

Please produce any documents that you identified in your responses to the

Interrogatories propounded with this Request for Production of Document.

## REQUESTS FOR PRODUCTION NO. 2

Please produce all documents that support and/or form the basis of your answers

to the preceding Interrogatories.

Submitted by:

Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Janice M. Culotta (#23460)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Vionne M. Douglas (31447)
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN
Post Office Box 3513
One American Place, 22nd Floor
Baton Rouge, Louisiana 70821
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
*Attorneys for BASF Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories and Requests for Production have been forwarded to plaintiff's counsel via U.S. Mail, postage prepaid and via electronic mail, and via electronic mail to all known counsel of record.

Baton Rouge, Louisiana this 21 day of Oct , 2010.

_____
Allison N. Benoit

## MEDICARE MANDATORY REPORTING INFORMATION FORM
### Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist CMS and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.

**If you are Medicare eligible, please answer the questions in this form so that we may comply with this law.**

Please review the picture of the Medicare card below to determine if you have, or have ever had, a similar Medicare card:



*Provide the name of the Alleged Injured Party in this form EXACTLY as it appears*
*on the Party's Social Security card or Medicare card if available.  The name you enter MUST match the name on card.*

*Each question and/or field is defined on the attached definitions sheet to assist in completing this form.*

## MEDICARE MANDATORY REPORTING INFORMATION FORM
### Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007

| Case Name:  Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al. | Case Number:  MDL 875 |
|---|---|

The information in this form should be filled out only as it relates to the following defendant(s):

| Section A | ALLEGED INJURED PARTY INFORMATION (if party is DECEASED, also complete Section E) |
|---|---|

**1.** Are you presently, or have you ever been, enrolled in Medicare Part A or Part B?  ☐ Yes  ☐ No

| **2.  Full Name:** *(Please print name exactly as it appears on SSN or Medicare card if available.)* | **3.  Date of Birth:** (MM/DD/YYYY) |
|---|---|

| **4.  Medicare Claim Number:** *(also known as HICN)* | **5.  Sex:**  ☐ Male  ☐ Female |
|---|---|

| **6.  Social Security Number:** *(If Medicare Claim No. is N/A)* | **7.  Deceased?**  ☐ Yes  ☐ No  *(If Yes, please complete Section E.)* |
|---|---|

| Section B | ALLEGED INCIDENT INFORMATION |
|---|---|

| **8.  CMS Date of Incident:** | **9.  Industry Date of Incident:** | **10.  State of Venue:** |
|---|---|---|

**11.   Description of Alleged Incident:**

**12.   Product Liability Indicator:**  ☐ No  ☐ Yes; Not Mass Tort Situation  ☐ Yes; Mass Tort Situation
*If Product Liability Indicator is "Yes, Mass Tort Situation," fields 13 -16 are required. If otherwise, continue to Section C.*

| **13.  Product Generic Name:** | **14.  Product Brand Name:** | **15.  Product Manufacturer:** |
|---|---|---|

**16.   Product Alleged Harm:**

| Section C | ALLEGED INJURED PARTY'S ATTORNEY OR OTHER REPRESENTATIVE INFORMATION |
|---|---|

**17.   Representative Type (please check one):**
☐ A = Attorney   ☐ G = Guardian/Conservator   ☐ P = Power of Attorney   ☐ O = Other

| **18.   Representative Name (First and Last Name):** | **19.   Representative Firm Name:** |
|---|---|

| **20.  TIN/EIN, If Firm/Entity:** | **21.  Social Security #, if an Individual:** | **22.  Phone:** | **23.  Ext. (if any):** |
|---|---|---|---|

| **24.  Mailing Address:** | **25.  City:** | **26.  State:** | **27.  Zip Code +4:** |
|---|---|---|---|

| Section D | SIGNATURE / ATTESTATION |
|---|---|

I understand that the information requested in this Medicare Mandatory Reporting Information Form is to assist in accurately coordinating benefits with Medicare and to meet the mandatory reporting obligations under Medicare law.

_____     _____
Alleged Injured Party Name (Please Print)                                            Claim Number

_____
Name of Person Completing This Firm if Alleged Injured Party is Unable (Please Print)

_____     _____
Signature of Person Completing This Form                                          Date

Subscribed and sworn to before me this _____ day of _____, 20 _____.

By: _____

*If you have completed this page in its entirety and Alleged Injured Party in Section A is not deceased, stop here.*

## MEDICARE MANDATORY REPORTING INFORMATION FORM

| Case Name : Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al. | Case Number: MDL 875 |
|---|---|

### ATTENTION

If Alleged Injured Party is NOT DECEASED and you have completed Page 2, stop here.



*Please continue to Section E (Claimant Information) only if Alleged Injured Party in Section A is deceased.*
*At least Claimant 1 information is required if Alleged Injured Party is deceased.*

## MEDICARE MANDATORY REPORTING INFORMATION FORM

| Case Name: | Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al. | Case Number: | MDL 875 |
|---|---|---|---|

**Section E**   **CLAIMANT INFORMATION** *(Use only if Alleged Injured Party in Section A is deceased.)*

### CLAIMANT 1

**28.** Claimant's Relationship to Alleged Injured Party:
☐ E = Estate (Individual)   ☐ X = Estate (Entity)   ☐ O = Other (Individual)
☐ F = Family (Individual)   ☐ Y = Family (Entity)   ☐ Z = Other (Entity)

| 29. Claimant Name (First, Middle & Last Name) OR Entity/Organization Name: | 30. Phone: | 31. Ext. (if any): |
|---|---|---|
| | | |

| 32. Social Security Number, if Individual: | 33. TIN/EIN, if Entity: |
|---|---|

| 34. Mailing Address: | 35. City: | 36. State: | 37. Zip Code +4: |
|---|---|---|---|
| | | | |

**38.** Claimant Representative Type:
☐ A = Attorney   ☐ G = Guardian/Conservator   ☐ P = Power of Attorney   ☐ O = Other

| 39. Claimant Representative Name (First and Last Name): | 40. Claimant Representative Firm Name: |
|---|---|

| 41. TIN/EIN, if Firm/Entity: | 42. Social Security #, if an Individual: | 43. Phone: | 44. Ext. (if any): |
|---|---|---|---|
| | | | |

| 45. Representative Mailing Address: | 46. City: | 47. State: | 48. Zip Code +4: |
|---|---|---|---|
| | | | |

_____   _____   _____
Signature(s) of Claimant 1 / Claimant 1 Representative       Date       Printed Name

Subscribed and sworn to before me this _____ day of _____, 20 _____.

_____
By:

### CLAIMANT 2

**28.** Claimant's Relationship to Alleged Injured Party:
☐ E = Estate (Individual)   ☐ X = Estate (Entity)   ☐ O = Other (Individual)
☐ F = Family (Individual)   ☐ Y = Family (Entity)   ☐ Z = Other (Entity)

| 29. Claimant Name (First, Middle & Last Name) OR Entity/Organization Name: | 30. Phone: | 31. Ext. (if any): |
|---|---|---|
| | | |

| 32. Social Security Number, if Individual: | 33. TIN/EIN, if Entity: |
|---|---|

| 34. Mailing Address: | 35. City: | 36. State: | 37. Zip Code +4: |
|---|---|---|---|
| | | | |

**38.** Claimant Representative Type:
☐ A = Attorney   ☐ G = Guardian/Conservator   ☐ P = Power of Attorney   ☐ O = Other

| 39. Claimant Representative Name (First and Last Name): | 40. Claimant Representative Firm Name: |
|---|---|

| 41. TIN/EIN, if Firm/Entity: | 42. Social Security #, if an Individual: | 43. Phone: | 44. Ext. (if any): |
|---|---|---|---|
| | | | |

| 45. Representative Mailing Address: | 46. City: | 47. State: | 48. Zip Code +4: |
|---|---|---|---|
| | | | |

_____   _____   _____
Signature(s) of Claimant 2 / Claimant 2 Representative       Date       Printed Name

Subscribed and sworn to before me this _____ day of _____, 20 _____.

_____
By:

## MEDICARE MANDATORY REPORTING INFORMATION FORM

| Case Name: Joseph A. Ardoin, Jr. Sr. v. Anco Insulations, Inc., et al. | Case Number: MDL 875 |
| --- | --- |

**Section E CONTINUED      CLAIMANT INFORMATION *(Use only if Alleged Injured Party in Section A is deceased.)***

### CLAIMANT 3

**28.  Claimant's Relationship to Alleged Injured Party:**
- ☐ E = Estate (Individual)
- ☐ F = Family (Individual)
- ☐ X = Estate (Entity)
- ☐ Y = Family (Entity)
- ☐ O = Other (Individual)
- ☐ Z = Other (Entity)

| 29.  Claimant Name (First, Middle & Last Name) OR Entity/Organization Name: | 30.  Phone: | 31.  Ext. (if any): |
| --- | --- | --- |
| | | |

| 32.  Social Security Number, if Individual: | 33.  TIN/EIN, if Entity: | | |
| --- | --- | --- | --- |
| **34.  Mailing Address:** | **35.  City:** | **36.  State:** | **37.  Zip Code +4:** |

**38.  Claimant Representative Type:**
- ☐ A = Attorney
- ☐ G = Guardian/Conservator
- ☐ P = Power of Attorney
- ☐ O = Other

| 39.  Claimant Representative Name (First and Last Name): | 40.  Claimant Representative Firm Name: |
| --- | --- |
| | |

| 41.  TIN/EIN, if Firm/Entity: | 42.  Social Security #, if an Individual: | 43.  Phone: | 44.  Ext. (if any): |
| --- | --- | --- | --- |
| **45.  Representative Mailing Address:** | **46.  City:** | **47.  State:** | **48.  Zip Code +4:** |

```
_____        _____        _____
Signature(s) of Claimant 3 / Claimant 3 Representative    Date        Printed Name

        Subscribed and sworn to before me this _____ day of _____, 20 _____.

                            _____
                            By:
```

### CLAIMANT 4

**49.  Claimant's Relationship to Alleged Injured Party:**
- ☐ E = Estate (Individual)
- ☐ F = Family (Individual)
- ☐ X = Estate (Entity)
- ☐ Y = Family (Entity)
- ☐ O = Other (Individual)
- ☐ Z = Other (Entity)

| 50.  Claimant Name (First, Middle & Last Name) OR Entity/Organization Name: | 51.  Phone: | 52.  Ext. (if any): |
| --- | --- | --- |
| | | |

| 53.  Social Security Number, if Individual: | 54.  TIN/EIN, if Entity: | | |
| --- | --- | --- | --- |
| **55.  Mailing Address:** | **56.  City:** | **57.  State:** | **58.  Zip Code +4:** |

**59.  Claimant Representative Type:**
- ☐ A = Attorney
- ☐ G = Guardian/Conservator
- ☐ P = Power of Attorney
- ☐ O = Other

| 60.  Claimant Representative Name (First and Last Name): | 61.  Claimant Representative Firm Name: |
| --- | --- |
| | |

| 62.  TIN/EIN, if Firm/Entity: | 63.  Social Security #, if an Individual: | 64.  Phone: | 65.  Ext. (if any): |
| --- | --- | --- | --- |
| **66.  Representative Mailing Address:** | **67.  City:** | **68.  State:** | **69.  Zip Code +4:** |

```
_____        _____        _____
Signature(s) of Claimant 4 / Claimant 4 Representative    Date        Printed Name

        Subscribed and sworn to before me this _____ day of _____, 20 _____.

                            _____
                            By:
```

## MEDICARE MANDATORY REPORTING INFORMATION FORM

*The following definitions are provided to assist in the completion of the MEDICARE MANDATORY REPORTING INFORMATION FORM.*

| # | Field Name / Question: | Definition: |
|---|---|---|
| 1 | ARE YOU PRESENTLY, OR HAVE YOU EVER BEEN, ENROLLED IN MEDICARE? | Select YES or NO stating whether Alleged Injured Party is presently or has ever been enrolled in Medicare. |
| 2 | FULL NAME | Provide full name of Alleged Injured Party exactly as it appears on Social Security Card or Medicare Card if available. |
| 3 | DATE OF BIRTH | Provide Alleged Injured Party's Date of Birth. |
| 4 | MEDICARE CLAIM NUMBER (HICN) | Provide Alleged Injured Party's Medicare Health Insurance Claim Number (if one has been issued). This number can be found on Medicare Card if available. |
| 5 | SEX | Indicate Alleged Injured Party's Sex by selecting MALE OR FEMALE. |
| 6 | SOCIAL SECURITY NUMBER | Provide Alleged Injured Party's Social Security Number only if Medicare Claim Number (HICN) is not available. |
| 7 | DECEASED? | Indicate if the Alleged Injured Party is deceased by selecting YES or NO. |
| 8 | CMS DATE OF INCIDENT | Provide Date of Incident (DOI). DOI as defined by CMS: For an automobile wreck or other accident, the date of incident is the date of the accident. For claims involving exposure (including, for example, occupational disease and any associated cumulative injury) the DOI is the date of FIRST exposure . For claims involving ingestion (for example, a recalled drug), it is the date of FIRST ingestion . For claims involving implants, it is the date of the implant (or date of the first implant if there are multiple implants). |
| 9 | INDUSTRY DATE OF INCIDENT | Provide Industry Date of Incident (DOI) routinely used by the insurance/ workers' compensation industry: For an automobile wreck or other accident, the date of the incident is the date of the accident. For claims involving exposure, ingestion, or implantation, the date of the incident is the date of LAST exposure, ingestion, or implantation. |
| 10 | STATE OF VENUE | Provide the US postal abbreviation corresponding to the US State whose state law controls resolution of the claim. Use "US" where the claim is a Federal Tort Claims Act liability insurance matter or a Federal worker's compensation claim. |
| 11 | DESCRIPTION OF ALLEGED INCIDENT | Enter a free-form text description of alleged illness or injury. Include description of major body part allegedly injured (e.g., head, arm, leg, etc.) and cause of alleged illness/injury. |
| 12 | PRODUCT LIABILITY INDICATOR | Indicate whether injury, illness or incident was allegedly caused by/ contributed to by a particular product. Some product liability situations involve a product which allegedly results in situations involving falls or other accidents. Others may involve exposure to, implantation of, or ingestion of a particular product. 1 = No 2 = Yes, Not Mass Tort Situation. 3 = Yes, Mass Tort Situation. |
| 13 | PRODUCT GENERIC NAME | Provide generic name of product alleged to be cause of injury, illness or incident if required. If no generic name is applicable, supply brand name. This field is only required if #12. Product Liability Indicator is "Yes, Mass Tort Situation." |
| 14 | PRODUCT BRAND NAME | Provide brand name of product alleged to be cause of injury, illness or incident. This field is only required if #12. Product Liability Indicator is "Yes, Mass Tort Situation." |
| 15 | PRODUCT MANUFACTURER | Provide maker of product named in Fields 13 and/or 14 above. This field is only required if #12. Product Liability Indicator is "Yes, Mass Tort Situation." |
| 16 | PRODUCT ALLEGED HARM | Provide free-form description of harm allegedly caused by product named in Fields 13 and/or 14 above. This field is only required if #12. Product Liability Indicator is "Yes, Mass Tort Situation." |
| 17 | REPRESENTATIVE TYPE | Indicate the type of representative that the Alleged Injured Party has. Select from the options provided: A = Attorney G = Guardian/Conservator P = Power of Attorney O = Other Blank = None If Alleged Injured Party has more than one representative, provide attorney information if available. |
| 18 | REPRESENTATIVE NAME | Provide Firm and Last Name of Representative. |

## MEDICARE MANDATORY REPORTING INFORMATION FORM

| # | Field Name / Question: | Definition: |
|---|---|---|
| 19 | REPRESENTATIVE FIRM NAME | Provide the Name of the Representative's Firm. |
| 20 | TIN/EIN, IF FIRM/ENTITY | Provide Alleged Injury Party's Representative's Federal Tax Identification Number (TIN). If |
| 21 | SOCIAL SECURITY NUMBER, IF INDIVIDUAL | representative is part of a firm, supply the firm's Employer Identification Number (EIN), otherwise supply the representative's Social Security Number (SSN). |
| 22 | PHONE | Provide telephone number of alleged injured party's representative. |
| 23 | PHONE EXTENSION, IF ANY | Provide telephone extension of alleged injured party's representative, if extension is available. |
| 24 | MAILING ADDRESS | Provide mailing address for the alleged injured party's representative named above. |
| 25 | CITY | Provide mailing address city for the alleged injured party's representative named above. |
| 26 | STATE | Provide mailing address state for the alleged injured party's representative named above. |
| 27 | ZIP CODE+4 | Provide mailing address zip code for the alleged injured party's representative named above. Include Zip+4 code if known; if not known enter 0000. |
| | *The following Claimant fields are only required if the Alleged Injured Party is deceased.* | |
| 28 | CLAIMANT'S RELATIONSHIP TO ALLEGED INJURED PARTY | Indicate relationship of the claimant to the alleged injured party/Medicate beneficiary by selecting from the options provided.<br>E = Estate, Individual Name Provided<br>F = Family Member, Individual Name Provided<br>O = Other, Individual Name Provided<br>X = Estate, Entity Name Provided (e.g., "The Estate of John Doe")<br>Y = Family, Entity Name Provided (e.g., "The Family of John Doe")<br>Z = Other, Entity Name Provided (e.g., "The Trust of John Doe")<br>Blank = Not applicable (rest of the section will be ignored) |
| 29 | CLAIMANT NAME | Provide Name of Claimant. If claimant is an individual (claimant relationship is "E," "F," or "O"), provide first and last name. If claimant is an entity or organization (claimant relationship is "X," "Y," or "Z"), provide entity name; e.g., "The Estate of John Doe," "The Family of John Doe," "The Trust of John Doe," etc. |
| 30 | PHONE | Provide telephone number of the claimant. |
| 31 | PHONE EXTENSION, IF ANY | Provide telephone extension of claimant, if extension is available. |
| 32 | SOCIAL SECURITY NUMBER, IF INDIVIDUAL | Provide Claimant's Social Security Number (SSN) if individual. |
| 33 | TIN/EIN, IF ENTITY | Federal Tax Identification Number (TIN)/Employer Identification Number (EIN) if claimant is an entity. |
| 34 | MAILING ADDRESS | Provide mailing address for claimant. |
| 35 | CITY | Provide mailing address city of the claimant. |
| 36 | STATE | Provide mailing address state of the claimant. |
| 37 | ZIP CODE+4 | Provide mailing address zip code for the claimant. Include Zip+4 code if available. |
| 38 | CLAIMANT REPRESENTATIVE TYPE | Indicate the type of representative the claimant has by selecting from the option types provided:<br>A = Attorney<br>G = Guardian/Conservator<br>P = Power of Attorney<br>O = Other<br>Blank = Not applicable (rest of the section will be ignored) |
| 39 | CLAIMANT REPRESENTATIVE NAME | Provide the first and last name of the Claimant's Representative. |
| 40 | CLAIMANT REPRESENTATIVE FIRM NAME | Provide the Name of the Claimant's Representative's Firm or Entity. |
| 41 | TIN/EIN, IF ENTITY | Claimant's Representative's Federal Tax Identification Number (TIN). If representative is part of a firm, supply the firm's Employer Identification Number (EIN), otherwise supply the representative's Social Security Number (SSN). |
| 42 | SOCIAL SECURITY NUMBER, IF INDIVIDUAL | |
| 43 | PHONE | Provide telephone number of the claimant's representative. |
| 44 | PHONE EXTENSION, IF ANY | Provide telephone extension of claimant's representative, if extension if available. |
| 45 | REPRESENTATIVE MAILING ADDRESS | Provide mailing address for the claimant's representative. |
| 46 | CITY | Provide mailing address city for the claimant's representative. |
| 47 | STATE | Provide mailing address state for the claimant's representative. |
| 48 | ZIP CODE+4 | Provide mailing address zip code for the claimant's representative. |

Page 1 of 2

The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary, and recover after the other insurance pays.

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a new federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist CMS and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.

We are asking you to the answer the questions below so that we may comply with this law.

**Please review this picture of the Medicare card to determine if you have, or have ever had, a similar Medicare card.**



## Section I

| Are you presently, or have you ever been, enrolled in Medicare Part A or Part B? | | | ☐Yes | ☐No |
|---|---|---|---|---|
| If yes, please complete the following. If no, proceed to Section II. | | | | |
| Full Name: (Please print the name exactly as it appears on your SSN or Medicare card if available.) | | | | |

| Medicare Claim Number: | Date of Birth (Mo/Day/Year) | |
|---|---|---|

| Social Security Number: (If Medicare Claim Number is Unavailable) | Sex | ☐Female ☐Male |
|---|---|---|

## Section II

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate benefits with Medicare and to meet its mandatory reporting obligations under Medicare law.

_____          _____
Claimant Name (Please Print)          Claim Number

_____
Name of Person Completing This Form If Claimant is Unable (Please Print)

_____          _____
Signature of Person Completing This Form          Date

*If you have completed Sections I and II above, stop here. If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

**Section III**

_____        _____
**Claimant Name (Please Print)**              **Claim Number**

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

<u>**Reason(s) for Refusal to Provide Requested Information**</u>:

_____

_____

_____

_____

_____        _____
**Signature of Person Completing This Form**        **Date**



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information,* even if you want to authorize Medicare to release any and all of your personal health information.

- Then proceed to question 2B.

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1** To **include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2** To **exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

**Information to Help You Fill Out the**
**"1-800-MEDICARE Authorization to Disclose Personal Health Information" Form**

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. **Print Name**                     **Medicare Number**                **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B: Complete <u>only</u> if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
      beginning: (mm/dd/yyyy)_____ and ending: (mm/dd/yyyy) _____

**4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

1. Name: _____

   Address: _____

   _____

2. Name: _____

   Address: _____

   _____

3. Name: _____

   Address: _____

   _____

**5.**

**I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____   _____   _____
Signature                              Telephone Number              Date (mm/dd/yyyy)

Print the address of the person with Medicare (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.