UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. IV):                    **Civil Action No. MDL 875**

THIS DOCUMENT RELATES TO THE FOLLOWING PLAINTIFFS:

| | | |
|---|---|---|
| JOSEPH A. ARDOIN, JR. | § | CIVIL ACTION NO. 2:10-CV-68064 |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| VS. | § | *(Removed on March 11, 2010 from the 19th* |
| | § | *Judicial District Court for the Parish of* |
| ANCO INSULATION, INC., ET AL | § | *East Baton Rouge, State of Louisiana, No.* |
| | § | *587,390 to the U.S. District Court for the* |
| Defendant(s). | § | *Middle District of Louisiana No.* |
| | § | *3:10-CV-00164.   Transferred on May 12,* |
| | § | *2010 to the U.S. District Court for the* |
| | § | *Eastern District of Pennsylvania, MDL No.* |
| | § | *875.)* |

## PLAINTIFF'S ANSWERS TO DEFENDANTS' MASTER SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    ALL DEFENDANTS, by and through their counsel of record.


Plaintiff, JOSEPH A. ARDOIN, JR,   hereby responds to the Master Set of Interrogatories

and Requests for Production of Documents pursuant to the Louisiana Code of Civil Procedure.

### ANSWERS TO MASTER SET OF INTERROGATORIES


INTERROGATORY NO. 1:

Please state your name, address, Social Security number, driver's license number, date of
birth and residence address for the last ten (10) years.

| ANSWER: | Name: | Joseph A. Ardoin, Jr. |
|---|---|---|
| | Address: | P.O. Box 2045 |
| | | Prairieville, Louisiana 70769 |
| | Social Security number: | 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 |
| | Driver's license number: | Louisiana 000973068 |
| | Date of birth: | 3/21/1929 |


INTERROGATORY NO. 2:

1

**EXHIBIT 3**

Identify your employment history from age 16 to present, including periods of part-time and self-employment. With respect to each employment, provide the following information:

      a.     identify the employer;

      b.     identify the work for each employer including city, county, state, country;

      c.     state the beginning and ending dates of each employment at each worksite

      d.     describe your title or craft (e.g., mechanic), your duties and responsibilities, and the specific place (e.g., particular building, room, ship or vessel) where you performed your job duties;

      e.     rate of pay; and

      f.     state the reasons for the termination of each employment.

      g.     provide the name, address and telephone number of co-workers and supervisors you recall working with at each work site;

      h.     list any contractors or sub-contractors that may have used asbestos-containing products on each work site.

ANSWER:    (a-h) Plaintiffs object to those portions of this Interrogatory which seek information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory as seeking attorney work-product to the extent that it seeks information outside the scope of Plaintiff's personal knowledge and obtained by Plaintiff's attorneys through this litigation. Plaintiff also objects to this Interrogatory for the reason it is vague and over broad. Without waiving these objections, Plaintiffs respond as follows:

                Please see Work History Sheets and Social Security Printout attached hereto as Exhibits "A" and "B", respectively, as well as any and all supplements thereto. Additionally, please refer to and co-workers' depositions in this case, if any. Further, discovery is continuing and Plaintiffs reserve the right to supplement this response.

## INTERROGATORY NO. 3:

        Please list the asbestos-containing products you worked with or were in proximity to at each worksite. In lieu of this answer you may attach a copy of your Product ID Work History Sheet with attachment "A".

ANSWER:    Please see Work History Sheets, attached as Exhibit "A", as well as any and all supplements and/or amendments thereto. Additionally, please see Plaintiff's and Plaintiff's co-worker(s)' depositions in this case. Further, discovery is continuing and Plaintiff reserves the right to supplement this response.

<u>INTERROGATORY NO. 4</u>:

With regard to the plaintiff please state:

a.      The full name of your current spouse;

b.      The date of your marriage;

c.      Whether or not you are currently living together;

d.      If (c) is negative, the spouse's current address;

e.      Place of the marriage;

f.      The full name and address of any previous spouse or spouses and date(s) and place(s) of marriage(s).

g.      The date, manner of, and reason for termination of each previous marriage;

h.      If you are now married, state the following:

     (1)     Your spouse's present employment;

     (2)     The name and address of each spouse's present employer or employers during the period of your marriage;

     (3)     The nature of your spouse's employment;

     (4)     Your spouse's present earnings.

<u>ANSWER</u>:   (a-h) Plaintiffs object to those portions of this Interrogatory which seek information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, Plaintiffs respond as follows:

     Spouse's name:            Margaret Burns Ardoin (divorced)
     Spouse's address:         Unknown
     Date of marriage:         1946
     Place of marriage:        Louisiana
     Spouse's employer:       Retired
     Spouse's employer's address: n/a

     Spouse's name:            Frances Lofton Ardoin (deceased)
     Spouse's address:         n/a
     Date of marriage:         Unknown
     Place of marriage:        Louisiana
     Spouse's employer:       n/a

Spouse's employer's address: n/a

Spouse's name:        Carolyn Susan Scott Ardoin (divorced)
Spouse's address:     Unknown
Date of marriage:     Unknown
Place of marriage:    Louisiana
Spouse's employer:    Unknown
Spouse's employer's address: Unknown


## INTERROGATORY NO. 5:

With regard to the plaintiff, state the full name, age, current address and telephone number of each child.  If any child has died, please state the date and cause of death.

ANSWER:    Children:

Name:                 Cholla Ardoin
Age/Date of Birth:    59 years old/7/15/51
Address:              525 Wright Road
                      Gibsland, Louisiana 71028
Telephone:            (318) 843-6319
Percent dependent on Plaintiff: 0%

Name:                 Crystal Ardoin Haley
Age/Date of Birth:    52 years old/2/17/58
Address:              37198 Mindy Way
                      Prairieville, Louisiana 70726
Telephone:            (225) 802-8488
Percent dependent on Plaintiff: 0%

Name:                 Phillip C. Ardoin
Age/Date of Birth:    49 years old/10/15/61
Address:              P.O. Box 2045
                      Prairieville, Louisiana 70726
Telephone:            Unknown
Percent dependent on Plaintiff: 0%

Name:                 Gregory Ardoin
Age/Date of Birth:    Deceased
Address:              n/a
                      n/a
Telephone:            n/a
Percent dependent on Plaintiff: n/a

Name:                 Kynon J. Ardoin
Age/Date of Birth:    36 years old/1/19/74
Address:              43450 Highway 42
                      Prairieville, Louisiana 70769 .

4

Telephone: (225) 715-7081
Percent dependent on Plaintiff: 0%

## INTERROGATORY NO. 6:

With regard to each person listed in the two previous Interrogatories, please state who is dependent upon you for financial support, their ages, marital status, present employer and relationship to you.

ANSWER: Plaintiffs object to those portions of this Interrogatory which seek information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff responds that none of the referenced persons is dependent upon him for financial support.

## INTERROGATORY NO. 7:

Have you and/or your spouse ever been arrested, indicted, and/or convicted of a crime other than a misdemeanor traffic offense? If yes, state fully and in detail the date, place and nature of each such arrest, indictment, and/or conviction, and the court which handled the matter.

ANSWER: Plaintiffs object to this Interrogatory as requesting information which is irrelevant, immaterial, unduly prejudicial, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs state that Plaintiff has not been convicted of a felony or crime involving moral turpitude within the last ten years.

## INTERROGATORY NO. 8:

Identify fully any trade association or labor union of which you are a member or have ever been a member and please give the following:

> a. Identify your occupation and/or job titles for each trade or labor union to which you have belonged;

> b. The name of the union(s) to which you have belonged;

c. Inclusive dates of your membership in each;

d. Numbers and complete addresses of the local unions to which you have belonged; and

e. All offices or other positions which you have held in each union, identifying the office, position, and the union in which held and inclusive dates the position or office was held.

ANSWER: (a-e) Plaintiff objects to those portions of this Interrogatory which are overly broad and unduly burdensome. Without waiving these objections, Plaintiff responds as follows:

5

| | |
|---|---|
| Name of union: | Asbestos Workers Local |
| Number of local: | 53 |
| Address of local: | 1821 Wooddale |
| | Baton Rouge, Louisiana 70806-1535 |

| | |
|---|---|
| Name of union: | Painters Local |
| Number of local: | 728 |
| Address of local: | 1930 Beaumont Drive |
| | Baton Rouge, Louisiana 70806-1407 |

For further information, please see Plaintiff's Work History Sheets, attached as Exhibit "A" and any supplements and/or amendments thereto.

INTERROGATORY NO. 9:

Please provide your military history including each branch of the service in which you served, each location where you served and the dates of such service, your highest rank, your military identification number, a description of all jobs or occupational specialties you held, the date, place and type of any discharge (s) you received, and the reason for and amount of any disability payments you received subsequent to your discharge.

ANSWER:   Plaintiff objects to this Interrogatory as over broad and unduly burdensome. Without waiving these objections, Plaintiff responds as follows:

| | |
|---|---|
| Branch of service: | United States Navy |
| Location of service: | North Island, San Diego, CA |
| Dates of service: | 1945-1946 |
| Rank obtained: | 1st Seaman |
| Service number: | 2763844 |
| Occupation: | Machinist Mate |
| Type of discharge: | Medical Discharge |
| Reason for disability: | Hearing Loss |

INTERROGATORY NO. 10:

Have you ever been denied health, life insurance or disability insurance have you ever been canceled on any health, life or disability insurance policy?   Please state if any health conditions have been excluded from coverage or whether you have ever been rated on any health, life or disability insurance policy and, if so, identify the insurance company.

ANSWER:   Plaintiff objects to this Interrogatory for the reason that it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Interrogatory for the reason that it is vague, overbroad, and calls for speculation.   Without waiving these objections, Plaintiff responds as follows:

Plaintiff has never been denied or cancelled on any health, life, or disability insurance policy.

## INTERROGATORY NO. 11:

Please state whether you have filed a claim for any personal injury, compensation benefits, unemployment, VA pension or disability benefits (provided by any federal or state law), and if so, state the law under which the claim was made, date of claim, injury or disease for which claim was made and whether suit was filed as a result of the claim.   If suit was filed, please identify the civil action number or cause number of any such claim, the court and state in which any claim is or was pending, the nature of the injury, terms of any judgment, type of disability, if any, and name of attorney representing you.

ANSWER:     Plaintiff objects to this Interrogatory as over broad and unduly burdensome. Plaintiff further objects to this Interrogatory for the reason that it seeks information which is not relevant, not reasonable calculated to lead to the discovery of admissible evidence.   Without waiving these objections, Plaintiff responds as follows:

Claim: VA Pension
Date of Claim: 1948
Nature of Injury: Hearing Loss
Cause Number: Unknown
% Disabled: Unknown

## INTERROGATORY NO. 12:

Please give the full name, current address and telephone number for each doctor or other health care provider who has ever examined or treated the Plaintiff for anything other than any condition you claim is asbestos-related, and for each said person please state:

a.      The date (or inclusive dates) of each examination or treatment;

b.      The medical reason for each examination or treatment;

c.      The type of examination and the type of treatment that each doctor gave the plaintiff;

d.      The full name, current address and telephone number of any person to whom a report of any such examination or treatment was sent, the date of each such report and a summary of the contents or in lieu thereof, please attach a copy of each report.

ANSWER:     (a-d) Plaintiffs object to those portions of this Interrogatory which seek information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to this Interrogatory to the extent that it seeks privileged information regarding experts which is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Also, Plaintiffs object to this Interrogatory as over broad, vague, unduly

burdensome and not properly limited in scope or time. Without waiving these objections, Plaintiff responds as follows:

Please see Physician List and Hospitalization List attached hereto, and all supplements and/or amendments thereto.

Further, medical treatment of Plaintiff is continuing and Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 13:

Please give the full name, current address and telephone number of each hospital, medical facility, or other health care institution at which the plaintiff has ever been treated, examined, confined or admitted for anything other than any condition you claim is asbestos-related, and for each please state:

        a.    The date or inclusive dates including admission and discharge of each such treatment or examination;

        b.    The medical reason for and the nature of each treatment or examination;

        c.    The name and address of the plaintiff's attending physician.

ANSWER:    (a-c) Plaintiffs object to this Interrogatory as seeking information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks privileged information regarding experts which is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Also, Plaintiffs object to this Interrogatory as overbroad, vague, unduly burdensome and not properly limited in scope or time. Without waiving these objections, please see Physician List and Hospitalization List attached hereto and all supplements or amendments thereto.

Further, medical treatment of Plaintiff is continuing and Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 14:

Itemize the medical expenses you have incurred as a result of each medical problem you allege was caused by exposure to asbestos and state:

        a.    Who provided the care;

        b.    When the care was provided;

        c.    The amount of the expense.

ANSWER:    (a-c) Plaintiffs object to this Interrogatory as vague and unduly burdensome. Without waiving these objections, please see answers to Interrogatory No. 12, and

13, and any expert medical records for which an authorization will be provided to all Defendants.     Furthermore, Plaintiff's medical experts will testify that hospital and medical bills caused by   asbestos-related disease within reasonable medical probability will be between $100,000.00 and $1,000,000.00. Medical bills or other evidence of such damages will be supplemented.

## INTERROGATORY NO. 15:

Has the plaintiff ever smoked/used any kind of cigarette, cigar, pipe or other tobacco product?  If so, please state:

> a.     The type and brand of product smoked/used; if cigarettes were smoked, state whether the particular brand was filtered or unfiltered;
>
> b.     The approximate date or age begun;
>
> c.     The number of cigars, cigarettes or pipe bowls per day;
> d.     The date of cessation, if applicable;
>
> e.     The reason for stopping;
>
> f.     Whether any physician or medical personnel ever advised you to stop smoking.  If so, when?

ANSWER:     (a-f) Plaintiff objects to this Interrogatory in its entirety for the reason that it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.    Without waiving this objection:

> Please see Plaintiff's tobacco questionnaire attached hereto.

## INTERROGATORY NO. 16:

Has any person who ever lived with plaintiff ever smoked cigarettes and if so, then please state:

> a.     Name of person and relationship to plaintiff;
>
> b.     The type and brand of product smoked/used; if cigarettes were smoked, state whether the particular brand was filtered or unfiltered;
>
> c.     Dates when plaintiff lived with said person;
>
> d.     Number of cigarettes per day.

ANSWER:     (a-d) Plaintiff objects to this Interrogatory in its entirety for the reason that it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.    Further, Plaintiff objects to this Interrogatory as overbroad.   Without waiving this objection, Plaintiff responds as follows:

a. Margaret Ardoin and Francis Lofton Ardoin; former spouses

b. Filtered cigarettes, brand unknown

c. Unknown

d. Unknown

<u>INTERROGATORY NO. 17</u>:

For every chest x-ray that plaintiff has undergone, please give the following:

a.      The place of the exam;

b.      The date;

c.      The reason why the x-ray was taken;

d.      The interpretive or diagnostic results, conclusions or possibilities derived from each such examination;

e.      The name and address of the physician who recommended or ordered the chest x-ray.

<u>ANSWER</u>:      (a-e) Plaintiffs object to this Interrogatory as overbroad and not properly limited in time or scope.  Further, Plaintiffs object to this Interrogatory to the extent that it seeks attorney-client and/or attorney work product privileged information and/or non-discoverable information regarding experts which is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465.  Without waiving these objections, please see answers to Interrogatory No. 12 and 13.

Further, Plaintiff is providing all Defendants with a medical authorization which enables Defendants to obtain Plaintiff's medical records independently.

<u>INTERROGATORY NO. 18</u>:

For every pulmonary function test that plaintiff has undergone, please give the following:

a.      The place of the exam;

b.      The date;

c.      The reason why the test was taken;

d.      The technician's impression who performed the test;

e.      The interpretive or diagnostic results, conclusions or possibilities derived from each such examination;

       f.     The name and address of the physician who recommended or ordered the test.

ANSWER:    (a-f) Plaintiffs object to this Interrogatory as overbroad and not properly limited in time or scope. Plaintiffs further object to this Interrogatory to the extent that it seeks attorney-client and/or attorney work product privileged information and/or seeks information regarding experts with is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Without waiving these objections, please see answers to Interrogatory No. 12 and 13.

            Further, Plaintiff is providing all Defendants with a medical authorization which enables Defendants to obtain Plaintiff's medical records independently..

## INTERROGATORY NO. 19:

Do you contend that the plaintiff is suffering from any medical condition related to asbestos exposure, including but not limited to any pleural or pulmonary problems? If so, please state:

       a.     The name of the disease process for which plaintiff claims injury;

       b.     Date and time of such diagnosis;

       c.     Identity of the diagnosing physician and any physician who either concurred in the diagnosis or reviewed the radiographs or radiographic reports concerning the diagnosis;

       d.     The method and information upon which such diagnosis was based;

       e.     The identity of each and every health care provider, hospital, medical institution, laboratory, physician, nurse or laboratory technician involved in any part of such diagnosis;

       f.     The identity of each and every person, including relatives of the plaintiff, employers, or any acting in the plaintiff's behalf, to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and phone number of anyone witnessing said revelation;

       g.     Description in detail of the specific course(s) of treatment or therapy, including any medication prescribed as a result of such diagnosis, and the name, address, and telephone number of each prescribing physician;

       h.     The identity of the plaintiff's employer at the time of the diagnosis;

       i.     If the said diagnosis resulted in any prescribed or recommended change in the plaintiff's occupation, behavior, life-style, or working habits or conditions and state:

            (1)    Nature, extent and exact content of such prescription or recommendation;

             (2)     Plaintiffs response to same and reasons for such response; particularly stating any reasons for failure to comply fully with such prescriptions or recommendations.

ANSWER:    (a-i) Plaintiffs object to this Interrogatory as vague, overly broad and unduly burdensome as worded. Plaintiffs further object to this Interrogatory to the extent it seeks attorney-client and/or attorney work product privileged information and/or information regarding experts protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Additionally, Plaintiffs object to portion (f) of this Interrogatory for the reason that much of the information sought is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

           Yes. For further information, please see Plaintiff's expert medical report, attached hereto, in which the relevant, non-privileged information sought is being provided to all Defendants, and all amendments and supplements thereto. Further, please see Plaintiff's medical records for which an authorization is being provided to all Defendants.

## INTERROGATORY NO. 20:

Upon what date did the plaintiff first see a physician regarding treatment of those symptoms described in the preceding interrogatory? Give the name and address of the first physician the plaintiff saw and all subsequent physicians that he has seen or consulted in connection with his diagnosis.

ANSWER:    Plaintiffs object to this Interrogatory as vague and ambiguous. Further, Plaintiffs object to this Interrogatory to the extent it seeks privileged information regarding experts which is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Without waiving these objections, Plaintiff responds as follows:

           Please see Physician List, expert report, and Hospitalization List attached hereto, and all supplements and/or thereto. In addition, please see medical records for which an authorization is being provided to all Defendants.

## INTERROGATORY NO. 21:

Upon what date was the plaintiff advised by a physician that the symptoms, described in answer to Interrogatory No. 18 resulted from the plaintiff's alleged exposure to asbestos and/or asbestos-containing products. Please provide the name and address of the physician making the diagnosis described above.

ANSWER:    Plaintiffs object to this Interrogatory as vague and ambiguous. Further, Plaintiffs object to this Interrogatory to the extent it seeks attorney work product privileged information and/or information regarding experts which is protected from disclosure under Louisiana Code of Civil Procedure 1422, 1425, 1461 and 1465. Without waiving these objections, Plaintiffs respond as follows:

By way of further answer, please see Plaintiff's Physician List attached hereto.

## INTERROGATORY NO. 22:

Has the physician identified in answer to Interrogatory No. 20 been paid for the services which resulted in the discovery of plaintiff's asbestos-related symptoms?  If so, when and by whom?  If not, please state whether payment of the physician's fees is contingent upon the plaintiff's recovery in the litigation?

ANSWER:    Plaintiffs object to this Interrogatory as vague and for the reason that it seeks information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to this Interrogatory to the extent it can be construed to seek privileged information regarding Plaintiff's retained experts.   Without waiving this objection, Plaintiffs respond as follows:

Plaintiff's diagnosing physician has been paid.

## INTERROGATORY NO. 23:

Has the physician identified in answer to Interrogatory No. 20 (including his partnerships or professional corporations) entered into any contract, written or otherwise, pursuant to the terms of which plaintiff was examined?  If so, describe in detail the terms and conditions of such contract, including the date of the contract, the term of the contract and identify the parties to the contract.

ANSWER:    Plaintiffs object to this Interrogatory as vague and for the reason that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to this Interrogatory to the extent it can be construed to seek privileged information regarding Plaintiff's retained experts and to the extent it violates the attorney work-product privilege.

## INTERROGATORY NO. 24:

Please state what medication the plaintiff is currently on and any other medication which plaintiff has used during the past ten years in connection with any injury, complaint or illness.   In response to this Interrogatory please state, with regard to each type of medication:

    a.    The name, dosage and date of prescription;

    b.    The name and address of prescribing physician;

        c.    The injury complained of or illness for which it was prescribed;

        d.    The dates during which it was used including but not limited to the number of refills, the last date or refill, and the span of time over which the medication was taken.

ANSWER:     (a-d) Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and to
the extent it seeks information that is not relevant nor reasonably calculated to lead
to the discovery of admissible evidence.   Without waiving these objections, please
see medical records for which an authorization is being provided to all Defendants.

## INTERROGATORY NO. 25:

Has plaintiff been diagnosed as being disabled?   If so, please state the date, nature and
cause of disability; date of determination of disability; nature of benefits which you are receiving
or have received; the source of those benefits; the name of the physician who has rendered this
diagnosis and the date upon which it was made.

ANSWER:     Plaintiff objects to this Interrogatory as overbroad and unduly burdensome.
Plaintiff further objects to this Interrogatory for the reason it seeks information not
reasonably calculated to lead to the discovery of admissible evidence.   Without
waiving these objections, Plaintiff responds as follows:

Nature of disability: Back injury
Cause of disability: Fell while working
Date of disability: 1982
Benefits: Unknown

Additionally, please see answers to Interrogatory No. 12 and 13.

## INTERROGATORY NO. 26:

Does plaintiff now or did plaintiff suffer from any other pulmonary disease including but
not limited to bronchitis, pneumonia, polio, COPD, chest trauma, asthma, tuberculosis,
emphysema or allergies?   If so, please state:

a.     Date and time of such diagnosis;

b.     Identity of the diagnosing and any concurring physician;

c.     The method and information upon which such diagnosis was based;

d.     The identity of each and every hospital, medical institution, laboratory,
physician, nurse or laboratory technician involved in any part of such diagnosis;

e.     The identity of each and every person, including relatives of the plaintiff,
employers, or any acting in the plaintiff's behalf, to whom such diagnosis was made
known, including the date, time and place of such revelation, and the name, address
and phone number of anyone witnessing said revelation;

f.     Description in detail of the specific course(s) of treatment or therapy,
including any medication prescribed as a result of such diagnosis, and the name,
address, and telephone number of each prescribing physician;

g.      The identity of the plaintiff's employer at the time of the diagnosis;

h.      If the said diagnosis resulted in any prescribed or recommended change in the plaintiff's occupation, behavior, life-style, or working habits or conditions and state:

     (1)     Nature, extent and exact content of such prescription or recommendation;

     (2)     Plaintiff's response to same and reasons for such response; particularly stating any reasons for failure to comply fully with such prescriptions or recommendations.

ANSWER:     (a-h) Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, harassing and oppressive.   Additionally, Plaintiffs object to portions of this Interrogatory for the reason that it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs also object to this Interrogatory to the extent it seeks privileged information regarding consulting experts or attorney work product.   Without waiving these objections, Plaintiffs respond as follows:

Please see answers to Interrogatory No. 12 and 13.   In addition, please see medical records for which an authorization is being provided to all Defendants.

## INTERROGATORY NO. 27:

Have you ever been diagnosed with any cancer, sarcoma or other malignancy?   If so, please state:

a.      Date and time of such diagnosis;

b.      Identity of the diagnosing and any concurring physician;

c.      The method and information upon which such diagnosis was based;

d.      The identity of each and every hospital, medical institution, laboratory, physician, nurse or laboratory technician involved in any part of such diagnosis;

e.      The identity of each and every person, including relatives of the plaintiff, employers, or any acting in the plaintiff's behalf, to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and phone number of anyone witnessing said revelation;

f.      Description in detail of the specific course(s) of treatment or therapy, including any medication prescribed as a result of such diagnosis, and the name, address, and telephone number of each prescribing physician;

g.      The identity of the plaintiff's employer at the time of the diagnosis;

15

h.      If the said diagnosis resulted in any prescribed or recommended change in the plaintiff's occupation, behavior, life-style, or working habits or conditions and state:

(1)     Nature, extent and exact content of such prescription or recommendation;

(2)     Plaintiff's response to same and reasons for such response; particularly stating any reasons for failure to comply fully with such prescriptions or recommendations.

ANSWER:     (a-h) Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive and harassing. Plaintiffs further object to portions of this Interrogatory including but not limited to portion (e), for the reason that the information sought is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiffs object to this Interrogatory to the extent it seeks privileged information regarding consulting experts or attorney work product. Without waiving these objections, Plaintiffs respond as follows:

Please see answers to Interrogatory No. 12 and 13. In addition, please see medical records for which an authorization is being provided to all Defendants.

## INTERROGATORY NO. 28:

Please identify fully any carcinoma, sarcoma, mesothelioma or any other cancers, or any pulmonary disease which any brother, sister or either of your parents or grandparents or your spouse has ever contracted.

ANSWER:     Plaintiffs object to this Interrogatory as overbroad and for the reason that the information sought is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiffs respond as follows:

Margaret Ardoin (former spouse): Pulmonary disease

## INTERROGATORY NO. 29:

If you ever had a biopsy performed or tissue sample taken, please identify the following information for each procedure performed:

a.      The name and address of the office or hospital where such procedures were performed;

b.      Reasons as to why such procedures were performed;

c.      The date(s) on which such procedures were performed;

d.      The information reported to you from medical practitioners as a result of such procedures;

16

   e.  The person(s) who performed such procedure and the person(s) who made such findings;

   f.  The location of any tissue sample or any other physical evidence obtained in the performance of such procedures; and

   g.  The location and custodian of any reports or written findings of any such procedures.

ANSWER: (a-g) Plaintiffs object to this request as overbroad and for the reason that the information sought is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent it seeks privileged or non-discoverable information regarding experts. Without waiving this objection, Plaintiffs respond as follows:

    Please see answers to Interrogatory No. 12 and 13. In addition, please see  medical records for which an authorization is being provided to all Defendants.

INTERROGATORY NO. 30:

   In the case of a decedent, please state whether:

   a.  An autopsy was performed;

   b.  Date of autopsy;

   c.  Where the autopsy was performed;

   d.  All persons present at the autopsy;

   e.  Who requested the autopsy;

   f.  Custodian of the autopsy report.

ANSWER: (a-f) Not applicable.

INTERROGATORY NO. 31:

   If you are claiming in this action lost wages, future lost wages or future loss of earnings by impairment of earning capacity, please state the amount of such loss of earnings and the detailed basis upon which you computed that amount.

ANSWER: Plaintiffs object to this Interrogatory for the reason that it seeks to violate the attorney work-product privilege. Without waiving this objection, documentation regarding lost earnings, if any, will be supplemented.

INTERROGATORY NO. 32:

If you or any of your immediate family members have ever been employed by any of the defendants in this action, please identify and describe the date, location, all supervisors and the duties for each person's employment.

ANSWER:     Plaintiffs object to this Interrogatory for the reason that it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Interrogatory as overbroad and unduly burdensome.  Further, given the intricate corporate structures of the various Defendants, the Defendants would have superior knowledge and information in this regard.

INTERROGATORY NO. 33:

Was the plaintiff ever employed where his duties involved tearing out of insulation or other materials which allegedly contained asbestos?  If so, please state for each such employment:

   a.     Name, address, telephone number of employer;

   b.     Name and location of job site(s);

   c.     Dates of such employment period(s);

         d.     Detailed job description and description of work methods and techniques.

ANSWER:     (a-d) Plaintiffs object to this Interrogatory as overbroad and vague. Without waiving these objections, Plaintiffs respond as follows: Please see Work History Sheets, attached hereto.

INTERROGATORY NO. 34:

Have you worked as a sandblaster, sandblaster's helper, welder or welder's helper?  If so, please state where and when said activity took place.

ANSWER:     Plaintiffs object to this Interrogatory to the extent it seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows: Please see Work History Sheets, attached hereto.

INTERROGATORY NO. 35:

State whether any respiratory protective equipment and/or masks were made available to you for your use during any job that you ever performed.   If such equipment was made available, state:

         a.     The name of each ship on which or facility at which such equipment was available;

       b.     The type of equipment, (including model number and manufacturer) available, and where such equipment was located and/or stored;

       c.     Whether you were given instructions for the use of such equipment, and, if so, the name and rank of the person giving such instruction;

       d.     The date the repair work was performed when such equipment was available;

       e.     The nature and extent of the repair work performed when such equipment was available;

       f.     Your duties in connection with each repair;

       g.     Whether you used and/or wore the available protective equipment, and, if not, why.

ANSWER:    (a-g) Plaintiffs object to this Interrogatory as vague and speculative. Without waiving these objections, Plaintiffs respond as follows: Please see Work History Sheets attached as Plaintiff further refers the Defendants to the testimony of Plaintiff and co-workers, via deposition or otherwise, in this case. As discovery is still ongoing, Plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 36:

Please state whether you have ever performed any installation or repair work on the interior of a boiler. If so, please state the name of each facility at which or the facility at which such repair work was performed, the date of each such repair, the nature and extent of the work performed, and the manufacturer, distributor, seller or supplier of the boiler.

ANSWER:    Plaintiffs object to this Interrogatory as over broad and vague. Without waiving these objections, Plaintiffs respond as follows: Please see Work History Sheets, attached hereto. Plaintiffs further refer the Defendant to the testimony of Plaintiff and co-workers, via deposition or otherwise given or to be given, in this case.

## INTERROGATORY NO. 37:

State whether you, either directly or through counsel, have at any time made an agreement or reached an understanding (either tentative or final) with any defendant or defendants regarding either the ultimate outcome of your claims against such defendant or defendants or the manner in which these cases, or some of them, will be tried. Your answer should include but not be limited to: settlement agreements, contingent settlement agreements, partial settlement agreements, releases, covenants not to sue, covenants not to execute, "Mary Carter" agreements, "high/low" agreements, loan receipt agreements, sliding scale agreements, guaranteed verdict agreements and similar agreements or understandings. Your answer specifically should include agreements or understandings in which you agree to waive claims against any participating defendant or defendants (for example a claim for punitive damages) or in which any participating defendant agrees not to raise one or more defenses or not to contest certain elements of alleged liability, or in which the participating parties agree to minimum and maximum amounts of compensatory

liability, or in which the participating parties agree not to disclose the terms of such agreements or understandings.

ANSWER: Plaintiffs object to this Interrogatory to the extent it seeks attorney work-product privileged and confidential information. Subject to and without waiving this objection, Plaintiffs respond as follows:

> Kaiser Aluminum, AC&S, Anco, A.P. Green, Asbestos Corp., Babcock, BASF, Borden, Celotex, Center, Combust, Eagle, Fort James, Forty Eight, Garlock, GE, Georgia-Pacific, Halliburton, HK Porter, Honeywell, JT Thorpe, Johns Manville, McCarty, Narco, National Gypsum, Ormet, Owens Corning, Owens Illinois, Dow, Entergy, Reilly Benton, Shell Oil, Shook, Unarco, Uni Royal, Westinghoele, WR Grace, Zurn

## INTERROGATORY NO. 38:

If your answer to the preceding interrogatory is anything other than an unqualified negative, then separately for each such agreement or understanding:

> a. Identify all parties to the agreement or understanding;
>
> b. State the date or approximate date on which the agreement was made or the understanding reached;
>
> c. Identify all persons who knew of the agreement or understanding prior to the date of your answers to these interrogatories;
>
> d. State each and every term or provision of the agreement or understanding, including (without limitation): the amount to be paid and received; if the amount is contingent, each factor which is applicable to fixing the amount; the maximum amount ultimately to be paid and received; the minimum amount ultimately to be paid and received; each and every claim waived; each and every defense waived; each and every agreement or understanding regarding disclosure or non-disclosure of the underlying agreement or understanding; and
>
> e. Identify each document that constitutes, evidences, contains, incorporates, refers to, describes, discusses, or otherwise relates to the agreement or understanding.

ANSWER: (a-e) Plaintiffs object to this Interrogatory to the extent it seeks attorney work-product privileged and confidential information. Plaintiffs further object to this Interrogatory for the reason that the majority of the information sought is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, please see Plaintiff's Answer to Interrogatory No. 37 for other information relevant to this request.

INTERROGATORY NO. 39:

Please identify by name, addresses and telephone number all witnesses capable of identifying any asbestos-containing product to which plaintiff was or may have been exposed which was manufactured or supplied by:

      a.     Owens Corning Fiberglass Corporation;
      b.     Pittsburgh Corning Corporation;
      c.     Garlock, Inc.;
      d.     Crown Cork and Seal Company, Inc.
      e.     Metropolitan Life Insurance Co.;
      f.     W.R. Grace & Co.-Conn.;
      g.     The Anchor Packing Company;
      h.     North American Refractories Co.;
      i.     General Refractories Co.;
      j.     Georgia-Pacific Corporation;
      k.     U.S. Mineral Products Co.;
      l.     Harbison-Walker Refractories Co.;
      m.     Uniroyal, Inc.;
      n.     The McCarty Corporation;
      o.     Rapid-American Corporation;
      p.     Raymark Corporation;
      r.     Anco Insulations, Inc.;
      s.     A.P. Green Industries, Inc.;
      t.     Armstrong World Industries, Inc.;
      u.     CertainTeed Corporation;
      v.     Dana Corporation;
      w.     Gasket Holding, Inc.
      x.     GAF, Inc.;
      y.     Asbestos Claims Management Corporation;
      z.     Quigley Company, Inc.; and
      aa.    U.S. Gypsum Company.

ANSWER:    (a-aa) Plaintiffs object to this Interrogatory as speculative in that Plaintiffs do not know all witnesses capable of identifying asbestos-containing products to which Decedent may have been exposed. Further, Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Plaintiffs also object to this Interrogatory as premature. Discovery is not yet completed and Plaintiff will identify her/his witnesses at such time the Court requires and/or pursuant to the Court Scheduling Order to be entered in this case. Subject to and without waiving these objections, please see Plaintiffs' Witness List, and any supplements and/or amendments thereto, in which the information sought will be provided at such time the Court requires and/or in accordance with the Scheduling Order to be entered in this case and Work History Sheet, attached hereto and any supplements and/or amendments thereto. Please also see deposition testimony given in this case. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this Interrogatory.

INTERROGATORY NO. 40:

For each of the manufacturers/suppliers identified by the witness in the previous interrogatory, please further specify the insulation type and brand name, as well as the identify of every facility/plant the witness has knowledge the insulation product was used.

ANSWER:     Plaintiffs object to this Interrogatory as speculative in that Plaintiffs do not know all witnesses capable of identifying asbestos-containing products to which Decedent may have been exposed.   Further, Plaintiffs object to this Interrogatory as vague and confusing as worded. Plaintiffs also object to this Interrogatory as premature. Discovery is not yet completed and Plaintiff will identify her/his witnesses at such time the Court requires and/or pursuant to the Scheduling Order to be entered in this case.   Subject to and without waiving these objections, please see Plaintiff's Work History Sheet, attached hereto and any supplements and/or amendments thereto and Plaintiff's Witness List, and any supplements and/or amendments thereto, in which the information sought will be provided to all Defendants at such time the Court requires and/or in accordance with the Scheduling Order to be entered in this action.   As discovery is still ongoing, Plaintiff reserves the right to supplement the response to this Interrogatory.

INTERROGATORY NO. 41:

Please provide the basis for your contention that the plaintiff was exposed to asbestos containing products manufactured by the manufacturers/suppliers listed below, and for each manufacturer/supplier describe the evidence which supports your basis:

a.   Owens Corning Fiberglass Corporation;
b.   Pittsburgh Corning Corporation;
c.   Garlock, Inc.;
d.   Crown Cork and Seal Company, Inc.
e.   Metropolitan Life Insurance Co.;
f.   W.R. Grace & Co.-Conn.;
g.   The Anchor Packing Company;
h.   North American Refractories Co.;
i.   General Refractories Co.;
j.   Georgia-Pacific Corporation;
k.   U.S. Mineral Products Co.;
l.   Harbison-Walker Refractories Co.;
m.   Uniroyal, Inc.;
n.   The McCarty Corporation;
o.   Rapid-American Corporation;
p.   Raymark Corporation;
r.   Anco Insulations, Inc.;
s.   A.P. Green Industries, Inc.;
t.   Armstrong World Industries, Inc.;
u.   CertainTeed Corporation;
v.   Dana Corporation;
w.   Gasket Holding, Inc.

    x.     GAF, Inc.;
    y.     Asbestos Claims Management Corporation;
    z.     Quigley Company, Inc.; and
    aa.    U.S. Gypsum Company.

ANSWER:    (a-aa) Plaintiffs object to this Interrogatory as vague, overly broad, oppressive and unduly burdensome. Plaintiffs further object to this Interrogatory for the reason that it seeks to violate the attorney-client and attorney work-product privileges. Plaintiffs also object to this Interrogatory as premature in that it requires Plaintiffs to fully allege all facts to support their case prior to the completion of discovery.

## INTERROGATORY NO. 42:

Please state the name, address, and relationship to you of each and every witness, including experts, who has any knowledge of the facts relevant to this lawsuit and whom you may or will call to testify as witnesses at trial, the substance of the testimony of each expert and other witnesses and summary of the grounds for opinions expressed by each expert or lay witness. If you have consulted with any expert who is not expected to testify at trial; please identify the name, address and telephone number of said expert.

ANSWER:    Plaintiffs object to this Interrogatory to the extent that it seeks information regarding experts protected by the attorney client privilege, attorney work-product privilege and/or seeks information protected from disclosure by Louisiana Code of Civil Procedure Articles 1422, 1425, 1461 and 1465. Additionally, Plaintiffs object to this Interrogatory as premature. Plaintiffs will identify their expert and fact witnesses at such time as the Court requires and/or in accordance with the Scheduling Order adopted in this case. Subject to and without waiving these objections, please see Plaintiff's Witness List, and any supplements and/or amendments thereto, which will be provided to Defendants at such time as the Court requires and/or in accordance with the Scheduling Order to be entered in this matter, as well as all of Plaintiffs' discovery and supplemental discovery responses in this case. Plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 43:

In plaintiffs' pleadings, you allege that you were exposed to asbestos and asbestos-containing materials while working at various defendants' premises. Concerning this allegation, please answer the following questions.

    a.    Please identify as precisely as possible the time period(s) during which you were employed on the defendants' premises or at their facility(ies).

    b.    Please identify by name, address and telephone number all employers by whom you were employed while working at the defendants' premises and for each employer provide the name, address and telephone number of all co-employees, including without limitation all supervisors.

    c.    Please describe the type of work you were doing and the time period you were doing it while working at the defendants' premises.

d.    Please identify the name of the asbestos or asbestos-containing materials to which you were allegedly exposed while at the defendants' premises, the date of each such exposure, the nature of the exposure, describe how you were allegedly exposed and describe how the use of asbestos and asbestos-containing materials at the defendants' premises created a dangerous condition.

e.    Please identify the name of the manufacturer of the asbestos products you contend you were exposed to while at the defendants' premises.

f.    State specifically the conditions which you and/or your experts or witnesses contend the defendants' premises should have provided to plaintiff at the time of the alleged litigation-inducing event and the technology that should have been used to eliminate the potential of developing asbestos-related diseases;

g.    Please identify the source (including name, address, and phone number), if any, of your information that the asbestos to which you allege you were exposed while on the defendants' premises was actually present at the facilities?

h.    Please identify the manner in which you allege the conditions allegedly present at the defendants' premises contributed to or caused your alleged health complications.

i.    For each premises defendant, please provide the name, address and phone number of any employee or representative of the premises defendant that was present when you were allegedly exposed to asbestos, or has relevant knowledge regarding the allegations contained in your complaint.

j.    Please provide the name, address and phone number of any person to you or your attorney's knowledge that has relevant information regarding the allegations contained in your complaint against each premises defendant.

ANSWER:    (a-j) Plaintiffs object to this Interrogatory as vague, over broad and unduly burdensome. Further, Plaintiffs object to this Interrogatory to the extent that it seeks information regarding experts protected by the attorney client privilege, attorney work-product privilege and/or seeks information protected from disclosure by Louisiana Code of Civil Procedure Articles 1422, 1425, 1461 and 1465. Additionally, Plaintiff objects to this Interrogatory as premature. Plaintiffs will identify their expert and fact witnesses at such time as the Court requires and/or in accordance with the Scheduling Order adopted in this case. Subject to and without waiving these objections, please see coworkers' deposition testimony to be given in this case, and Plaintiff's Witness List, and any supplements and/or amendments thereto, which will be provided to Defendants at such time as the Court requires and/or in accordance with the Scheduling Order to be entered in this matter. Additionally, please see Work History Sheet, attached hereto, and any supplements and/or amendments thereto. Please also see all of Plaintiff's discovery and supplemental discovery responses in this case. As discovery is still ongoing, Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 44:

In plaintiffs' pleadings, you allege that each premises defendant is liable to you for its failure to exercise reasonable care to protect you from the foreseeable dangers associated with exposure to asbestos and to keep the premises safe for its invitees and that each premises defendant knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect plaintiffs from said risk of harm.   Concerning these allegations, please describe each and every failure on each premises defendant's part; the date each such failure occurred; the danger or harm involved; the specific asbestos or asbestos-containing products involved; and state in detail the measures which you, your experts or witnesses contend each premises defendant should have taken and the technology it should have used to make the premises safe for plaintiffs; and the name, address, telephone number, and occupation of any witness upon which you may rely to support your allegation.

ANSWER:   Plaintiffs object to this Interrogatory as vague, ambiguous, harassing, over broad, speculative and unduly burdensome.   Further, Plaintiffs object to this Interrogatory to the extent that it seeks information regarding experts protected by the attorney client privilege, attorney work-product privilege and/or seeks information protected from disclosure by Louisiana Code of Civil Procedure Articles 1422, 1425, 1461 and 1465.   Plaintiff also objects to this Interrogatory as seeking attorney work product to the extent it seeks information outside the scope of Plaintiff's personal knowledge and obtained by Plaintiff's attorneys through litigation.   Additionally, Plaintiff objects to this Interrogatory as premature. Plaintiff will identify her/his expert and fact witnesses at such time as the Court requires and/or in accordance with the Scheduling Order adopted in this case. Subject to and without waiving these objections, please see the deposition testimony of Decedent and her/his fact and expert witnesses to be given in this case, and Plaintiff's Witness List, and any supplements and/or amendments thereto, which will be provided to Defendants at such time as the Court requires and/or in accordance with the Scheduling Order to be entered in this matter.   Additionally, please see   Work History Sheet, attached hereto, and any supplements and/or amendments thereto.   Please also see all of Plaintiff's discovery and supplemental discovery responses in this case.   As discovery is still ongoing, Plaintiff reserves the right to supplement this response.

## RESPONSES TO MASTER SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce any and all medical reports, records, notes, charts, written documentation, chest or pulmonary X-rays, films, CT scans, or test results concerning any examination and/or treatment for any injury, illness or disease you claim you sustained as a result of exposure to asbestos. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:   Plaintiffs object to this request as over broad, vague, unduly burdensome and in violation of La. Code of Civil Procedure Articles 1422 and 1428. Plaintiffs object to this request to the extent that it seeks privileged information regarding retained experts protected from disclosure. Without waiving these objections, Plaintiffs respond as follows:

Plaintiffs are providing all Defendants with a signed authorization to enable Defendants to obtain medical records. Further, Plaintiff will produce to Defense liaison counsel for inspection any such materials in Plaintiff's possession, upon request, at a mutually agreeable time. Until such a request is made, counsel for Plaintiff will retain possession of these materials.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any and all medical reports, records, notes, charts or other written documentation concerning any examination and/or treatment for any injury, illness, disease or condition that is unrelated to alleged asbestos exposure and for which you have undergone treatment. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:   Plaintiffs object to this request as over broad, vague and unduly burdensome. Plaintiffs also object to this request to the extent that it seeks privileged information regarding retained experts protected from disclosure. Further, Plaintiffs object that this request seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows:

Plaintiffs are providing all Defendants with a signed authorization to enable Defendants to obtain medical records. Plaintiffs requests Defendants to notify Plaintiff's counsel if Defendants are unable to obtain records with the authorization previously provided.

### REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all federal and state income tax returns and all attachments filed thereto by plaintiffs, jointly or separately, for the last ten (10) years. If you are currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:    Plaintiffs are providing all Defendants with a signed authorization to enable Defendants to obtain tax records. Plaintiffs request Defendants to notify Plaintiff's counsel if Defendants are unable to obtain records with the authorization previously provided.

REQUEST FOR PRODUCTION NO. 4:

Please produce copies of all records regarding your service in the military, or other branch of the armed forces. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:    Plaintiffs are providing all Defendants with a signed authorization to enable Defendants to obtain military records. Plaintiffs request Defendants to notify Plaintiff's counsel if Defendants are unable to obtain records with the authorization previously provided.

REQUEST FOR PRODUCTION NO. 5:

Please produce copies of all documents related to workers' compensation benefits or disability benefits which you may have received. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:    Plaintiffs object to this request as over broad. Without waiving this objection, Plaintiff responds as follows:

Plaintiffs are providing all Defendants with a signed authorization to enable Defendants to obtain the requested records. Plaintiffs request Defendants to notify Plaintiff's counsel if Defendants are unable to obtain records with the authorization previously provided.

REQUEST FOR PRODUCTION NO. 6:

Please produce copies of your Social Security records of itemized earnings. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:    Plaintiffs are providing all Defendants with Social Security Printout, and has also provided all Defendants with an authorization to obtain social security records independently. Plaintiffs request Defendants to notify Plaintiff's counsel if Defendants are unable to obtain records with the authorization previously provided.

REQUEST FOR PRODUCTION NO. 7:

Please produce copies of all cards or documents reflecting membership in unions or other trade, skill or professional organizations. If you are not currently in possession of such documents, please complete the attached authorization to obtain such information.

RESPONSE:    Plaintiffs object to this request as over broad, vague, oppressive and not limited in time or scope.   Further, no authorization to complete was attached to Defendants' Master Discovery for Plaintiff's signature; therefore, Plaintiffs are unable to comply with this request.

REQUEST FOR PRODUCTION NO. 8:

    Please produce a copy of your birth certificate and any marriage license(s).

RESPONSE:    Plaintiffs object to this request as harassing for the reason that such documents are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Should Defendants wish to obtain these documents, they are public record.

REQUEST FOR PRODUCTION NO. 9:

    In the case of deceased plaintiffs, please produce a copy of the death certificate.

RESPONSE:    Not applicable.

REQUEST FOR PRODUCTION NO. 10:

    Please produce a completed work history exposure sheet.

RESPONSE:    Plaintiffs are providing all Defendants with Work History Sheets.

REQUEST FOR PRODUCTION NO. 11:

    Please execute the attached Employment Records Release Authorization.

RESPONSE:    Plaintiffs are providing Defendants with a signed authorization to obtain these records.   Plaintiffs request Defendants to notify Plaintiff's counsel if Defendants are unable to obtain   records with the authorization previously provided.

Respectfully submitted,

Lindsey Goldstein
*Pro Hac Vice*
BARON & BUDD, P.C.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
Phone: 214/521-3605
Fax: 214/520-1181
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

A true and correct copy of Plaintiff's Answers to Defendants' Master Set of Interrogatories and Requests for Production of Documents was served on all counsel of record on this date, *December 20*, 2010, via the method indicated below:

{ ✓ } facsimile *or Emailed*
{ } certified mail
{ } electronic filing/service
{ } federal express/hand delivery

Lindsey Goldstein

**EXHIBIT "A": WORK HISTORY SHEETS FOR JOSEPH A. ARDOIN, JR.**

9/22/2010

# Client Work History Report

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

### Disease Processes

**Ardoin, Joseph A Jr.**

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

---

**Employer   K Way Maintenance**

Employer Start Date   01/01/1945                     Employer End Date   12/31/1945

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [Baton Rouge LA] | 01/01/1945 | 12/31/1945 | | |
| Occupation   Insulator | | | | |

**Employer   K Way Maintenance**

Employer Start Date   01/01/1945                     Employer End Date   12/31/1948

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [Baton Rouge LA] | 01/01/1945 | 12/31/1948 | X | Worked off and on for K Way at Exxon. No specific dates. |
| Occupation   Painter | | | | |
| Site Name Maryland Tank Farm  [Baton Rouge LA] | 01/01/1945 | 12/31/1948 | X | Worked off and on |
| Occupation   Painter | | | | |
| Site Name Maryland Tank Farm [Baton Rouge LA] | 01/01/1945 | 12/31/1948 | X | |
| Occupation   Painter | | | | |

**Employer   Cannon Sline Inc.**

Employer Start Date   01/01/1950                     Employer End Date   01/01/1954

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [Baton Rouge LA] | 01/01/1950 | 01/01/1954 | X | also sandblasting |
| Occupation   Painter | | | | |
| Gulf States Utilities [Plaquemine LA] | 01/01/1950 | 01/01/1954 | X | also sandblasting |
| Occupation   Painter | | | | |
| Copolymer [ ] | 01/01/1950 | 01/01/1954 | X | also sandblasting |
| Occupation   Painter | | | | |
| Kaiser Aluminum [Baton Rouge LA] | 01/01/1950 | 01/01/1954 | X | sandblasting |
| Occupation   Painter | | | | |
| Solvay Chemical [ ] | 01/01/1950 | 01/01/1954 | X | also sandblasting |
| Occupation   Painter | | | | |

9/22/2010

# Client Work History Report

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

**Ardoin, Joseph A Jr.**

**Disease Processes**

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

---

**Employer     Caldwell & McCann**

Employer Start Date  01/01/1953          Employer End Date  01/01/1953

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Ethyl Corporation [Baton Rouge LA] | 01/01/1953 | 01/01/1953 | X | |
| | Occupation | | | |

**Employer     M W Kelloss Co**

Employer Start Date  01/01/1953          Employer End Date  01/01/1953

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [ ] | 01/01/1953 | 01/01/1953 | X | |
| | Occupation | | | |

**Employer     Old Dutch Paint Shop**

Employer Start Date  01/01/1953          Employer End Date  01/01/1953

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Copolymer [ ] | 01/01/1953 | 01/01/1953 | X | |
| | Occupation | | | |

**Employer     W F Asbell Co**

Employer Start Date  01/01/1953          Employer End Date  01/01/1953

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [ ] | 01/01/1953 | 01/01/1953 | X | |
| | Occupation  Painter | | | |
| Gulf States Utilities [Plaquemine LA] | 01/01/1953 | 01/01/1953 | X | |
| | Occupation  Painter | | | |

**Employer     W F Asbell Co**

Employer Start Date  01/01/1955          Employer End Date  01/01/1957

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [ ] | 01/01/1955 | 01/01/1957 | X | |
| | Occupation  Painter | | | |
| Gulf States Utilities [Plaquemine LA] | 01/01/1955 | 01/01/1957 | X | |
| | Occupation  Painter | | | |
| US Rubber Corporation [ ] | 01/01/1955 | 01/01/1957 | X | |
| | Occupation  Painter | | | |

9/22/2010                                          **Client Work History Report**

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

| Ardoin, Joseph A Jr. | | | Disease Processes | | |
|---|---|---|---|---|---|
| **Disease** | | Cessation Date | Diagnosis Date | Reported to Firm | Notes |
| Diagnosed Asbestotic | | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | | |

**Employer    Nichols Construction Corporation**

Employer Start Date   01/01/1956                    Employer End Date   01/01/1957

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1956 | 01/01/1957 | X | also sandblasting |
| | Occupation    Painter | | | |
| Monochem [ ] | 01/01/1956 | 01/01/1957 | X | also sandblasting |
| | Occupation    Painter | | | |
| Exxon [ ] | 01/01/1956 | 01/01/1957 | X | also sandblasting |
| | Occupation    Painter | | | |

**Employer    Fluor Constructors International, Inc.**

Employer Start Date   01/01/1958                    Employer End Date   01/01/1958

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1958 | 01/01/1958 | X | |
| | Occupation    Painter | | | |

**Employer    Bagwell-Neal Inc.**

Employer Start Date   01/01/1960                    Employer End Date   01/01/1964

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1960 | 01/01/1964 | X | |
| | Occupation    Painter | | | |

**Employer    Bagwell-Neal Inc., Baton Rouge, LA**

Employer Start Date   01/01/1960                    Employer End Date   01/01/1964

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Kaiser Aluminum [Baton Rouge LA] | 01/01/1960 | 01/01/1964 | X | |
| | Occupation    Painter | | | |
| Kaiser Aluminum [Gramercy LA] | 01/01/1960 | 01/01/1964 | X | |
| | Occupation    Painter | | | |

**Employer    Bagwell-Neal, Inc., Baton Rouge, LA**

Employer Start Date   01/01/1960                    Employer End Date   01/01/1964

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Dow Chemical [Plaquemine LA] | 01/01/1960 | 01/01/1964 | X | |
| | Occupation    Painter | | | |

9/22/2010                                    **Client Work History Report**

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

**Disease Processes**

Ardoin, Joseph A Jr.

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Copolymer [ ] | 01/01/1960 | 01/01/1964 | X | |
| | Occupation Painter | | | |

**Employer**    W D Gunnels Company

Employer Start Date  01/01/1962        Employer End Date  01/01/1963

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [Baton Rouge LA] | 01/01/1962 | 01/01/1963 | X | |
| | Occupation Painter | | | |

**Employer**    Barnard & Burk Industrial Corp.

Employer Start Date  01/01/1962        Employer End Date  01/01/1964

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Monochem [ ] | 01/01/1962 | 01/01/1964 | X | |
| | Occupation Painter | | | |

**Employer**    Barnard & Burk Industrial Corp.

Employer Start Date  01/01/1962        Employer End Date  01/01/1969

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1962 | 01/01/1969 | X | |
| | Occupation Painter | | | |
| Kaiser Aluminum [Gramercy LA] | 01/01/1962 | 01/01/1969 | X | |
| | Occupation Painter | | | |
| Ormet [Burnside LA] | 01/01/1962 | 01/01/1969 | X | |
| | Occupation Painter | | | |

**Employer**    C S Falco & Co

Employer Start Date  01/01/1964        Employer End Date  01/01/1964

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Kaiser Aluminum [Baton Rouge LA] | 01/01/1964 | 01/01/1964 | X | |
| | Occupation Sandblaster | | | |

**Employer**    Nichols Construction Corporation

Employer Start Date  01/01/1964        Employer End Date  01/01/1965

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [ ] | 01/01/1964 | 01/01/1965 | X | |
| | Occupation Painter | | | |

9/22/2010                              **Client Work History Report**

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

Ardoin, Joseph A Jr.                     **Disease Processes**

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Dow Chemical [Plaquemine LA] | 01/01/1964 | 01/01/1965 | X | |
| | Occupation   Insulator | | | |
| Site Name | Start Date | End Date | Verified | Comments |
| Copolymer Rubber [Addis LA] | 01/01/1964 | 01/01/1965 | X | |
| | Occupation   Insulator | | | |

**Employer**     *Homer Knost Construction Co*
Employer Start Date   01/01/1965           Employer End Date   01/01/1966

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1965 | 01/01/1966 | X | Foreman |
| | Occupation   Painter | | | |

**Employer**     *Gabler Insulation*
Employer Start Date   01/01/1966           Employer End Date   01/01/1967

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Texaco [Burnside LA] | 01/01/1966 | 01/01/1967 | X | |
| | Occupation   Insulator | | | |

**Employer**     *Barnard & Burk Industrial Corp.*
Employer Start Date   01/01/1966           Employer End Date   01/01/1969

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Monochem [] | 01/01/1966 | 01/01/1969 | X | |
| | Occupation   Painter | | | |

**Employer**     *C S Falco & Co Inc*
Employer Start Date   01/01/1967           Employer End Date   01/01/1967

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Kaiser Aluminum [Baton Rouge LA] | 01/01/1967 | 01/01/1967 | X | |
| | Occupation   Painter | | | |

**Employer**     *Nichols Construction Corporation*
Employer Start Date   01/01/1967           Employer End Date   01/01/1969

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [] | 01/01/1967 | 01/01/1969 | X | |
| | Occupation   Painter | | | |
| Site Name | Start Date | End Date | Verified | Comments |
| Dow Chemical [Plaquemine LA] | 01/01/1967 | 01/01/1969 | X | |
| | Occupation   Insulator | | | |

9/22/2010

# Client Work History Report

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

**Ardoin, Joseph A Jr.**

### Disease Processes

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Copolymer Rubber [Addis LA] | 01/01/1967 | 01/01/1969 | X | |
| | Occupation | Insulator | | |

**Employer    No Info**

Employer Start Date   01/01/1967        Employer End Date   01/01/1982

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Standard Oil [ ] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| Dow Chemical [Plaquemine LA] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| Borden Chemical [Geismar LA] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| Georgia Pacific [Plaquemine LA] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| Crown Zellerbach [ ] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| Ormet [Burnside LA] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |
| BASF Corporation [Geismar LA] | 01/01/1967 | 01/01/1982 | Verified | Comments |
| | Occupation | Insulator | | |

**Employer    Process Insulators Inc**

Employer Start Date   01/01/1968        Employer End Date   01/01/1968

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Shell [ ] | 01/01/1968 | 01/01/1968 | X | |
| | Occupation | Insulator | | |

**Employer    B & B Engineering & Supply Co of Louisiana, Inc.**

Employer Start Date   01/01/1968        Employer End Date   03/01/1968

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1968 | 03/01/1968 | X | Worked off and on between dates. |
| | Occupation | Painter | | |

9/22/2010                                    **Client Work History Report**

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-9054 | 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 | 81 |

**Ardoin, Joseph A Jr.**

| | | **Disease Processes** | | |
|---|---|---|---|---|
| Disease | Cruention Date | Diagnosis Date | Reported to Firm | Notes |
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

---

**Employer    ANCO Insulations, Inc.**

Employer Start Date   01/01/1968        Employer End Date   01/01/1982

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1968 | 01/01/1982 | X | |
| | Occupation  Insulator | | | |

**Employer    Homer Knost Construction**

Employer Start Date   01/01/1969        Employer End Date   01/01/1970

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1969 | 01/01/1970 | X | Foreman |
| | Occupation  Painter | | | |

**Employer    Nichols Construction Corporation**

Employer Start Date   01/01/1970        Employer End Date   01/01/1974

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Exxon [ ] | 01/01/1970 | 01/01/1974 | X | |
| | Occupation  Insulator | | | |
| Dow Chemical [Plaquemine LA] | 01/01/1970 | 01/01/1974 | X | |
| | Occupation  Insulator | | | |
| Copolymer Rubber [Addis LA] | 01/01/1970 | 91/01/1974 | X | |
| | Occupation  Insulator | | | |

**Employer    Barnard & Burk Industrial Corp.**

Employer Start Date   01/01/1971        Employer End Date   01/01/1971

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Monochem [ ] | 01/01/1971 | 01/01/1971 | X | |
| | Occupation  Insulator | | | |

**Employer    Lurgi-Knost Inc.**

Employer Start Date   01/01/1971        Employer End Date   01/01/1972

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Borden Chemical [Geismar LA] | 01/01/1971 | 01/01/1972 | | |
| | Occupation  Insulator | | | |

**Employer    Plant Maintenance Inc.**

Employer Start Date   01/01/1972        Employer End Date   01/01/1972

9/22/2010                                        **Client Work History Report**

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

**Disease Processes**

Ardoin, Joseph A Jr.

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Georgia Pacific Paper Mill [ ] | 01/01/1972 | 01/01/1972 | X | |
| Occupation Insulator | | | | |

**Employer    McCarty Corporation, The**

Employer Start Date  01/01/1974          Employer End Date   01/01/1977

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Dow Chemical [Plaquemine LA] | 01/01/1974 | 01/01/1977 | X | |
| Occupation  Insulator | | | | |

**Employer    Babcock & Wilcox**

Employer Start Date  01/01/1976          Employer End Date   01/01/1976

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Gulf States Utilities/Willow Glenn [St. Gabriel LA] | 01/01/1976 | 01/01/1976 | X | |
| Occupation  Insulator | | | | |

**Employer    Insul-Contractors Inc**

Employer Start Date  01/01/1976          Employer End Date   01/01/1976

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Georgia Pacific Paper Mill [ ] | 01/01/1976 | 01/01/1976 | X | |
| Occupation  Insulator | | | | |

**Employer    B & E Insulation of Louisiana, Inc.**

Employer Start Date  10/01/1976          Employer End Date   09/01/1977

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| Gulf States Utilities [Plaquemine LA] | 10/01/1976 | 09/01/1977 | X | Worked between dates. |
| Occupation  Insulator | | | | |

**Employer    HULLUNGHOIST INDUSTRIES**

Employer Start Date  01/01/1977          Employer End Date   01/01/1978

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1977 | 01/01/1978 | X | |
| Occupation  Insulator | | | | |

**Employer    Branton Insulations, Inc.**

Employer Start Date  01/01/1978          Employer End Date   01/01/1979

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1978 | 01/01/1979 | X | |
| Occupation  Insulator | | | | |

9/22/2010

# Client Work History Report

| ClientName | LMW Id | SSN | Age |
|---|---|---|---|
| Ardoin, Joseph A Jr. | 300-0054 | 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 | 81 |

**Disease Processes**

Ardoin, Joseph A Jr.

| Disease | Causation Date | Diagnosis Date | Reported to Firm | Notes |
|---|---|---|---|---|
| Diagnosed Asbestotic | | | 09/17/1993 | |
| Diagnosed Pleural Disease | | | | |

**Employer** HULLUNGHOIST INDUSTRIES

Employer Start Date 01/01/1980 Employer End Date 01/01/1980

| Site Name | Start Date | End Date | Verified | Comments |
|---|---|---|---|---|
| BASF Corporation [Geismar LA] | 01/01/1980 | | | |

Occupation

**EXHIBIT "B": SOCIAL SECURITY PRINTOUT FOR JOSEPH A. ARDOIN, JR.**

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS         JOB:
VERSION 1984.002 * * *    FOR SSN 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        * * *
```

FROM:   SOCIAL SECURITY ADMINISTRATION
        OFFICE OF CENTRAL RECORDS OPERATIONS
        BALTIMORE, MARYLAND  21235-0000

LEBLANC MAPLES AND WADDELL LLC           NUMBER HOLDER NAME:
                                         JOSEPH A ARDOIN JR
ATTN M GARRISON

5353 ESSEN LANE
BATON ROUGE               LA  70809

PERIOD REQUESTED   JANUARY 1944  THRU  DECEMBER 1994

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|

EMPLOYER NUMBER:  72-0337218

A E TRAKE & G G JOHNSTON
GRAFETTE BOTTLING CO
E BATON ROUGE   LA

| 1944 | | 18.00 | 144.90 | 16.00 $ | 178.90 |
|---|---|---|---|---|---|
| 1945 | 76.00 | | | $ | 76.00 |

EMPLOYER NUMBER:  72-0146225
CAPITAL THEATRES INC
239 S GENOIS ST
NEW ORLEANS LA 70119-0000

| 1944 | | | 25.77 | 160.25 $ | 186.02 |
|---|---|---|---|---|---|
| 1945 | 40.46 | | | $ | 40.46 |

EMPLOYER NUMBER:  75-0370410
K A ANDERSON
K WAY MAINTENANCE CO
ELKHART HIGHWAY
PALESTINE   TX 00000-0000

| 1945 | | | 254.40 | 357.53 $ | 611.93 |
|---|---|---|---|---|---|
| 1946 | 265.85 | | | $ | 265.85 |
| 1947 | | | | 113.50 $ | 113.50 |
| 1948 | 142.50 | | | $ | 142.50 |

PAGE 001

```
SSA-1826                    ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *    FOR SSN 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        * * *


YEAR   JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC       TOTAL


EMPLOYER NUMBER:  62-0203490
FORCUM JAMES CO
BOX 339
DYERSBURG  TN 00000-0000

1946                                  16.88       59.63 $       76.51

EMPLOYER NUMBER:  72-0162495
DAN B COHEN & CHAS W MARIS
CRESCENT CIGARETTE SERVICE
501 ESPLANADE AVE
NEW ORLEANS LA 00000-0000

1947                                175.00                $    175.00
1948                                 65.00       20.00 $        85.00

EMPLOYER NUMBER:  13-0755171
THE GREAT ATLANTIC & PACIFIC TEA CO
1401 CEDAR SPRINGS
DALLAS  TX 00000-0000

1947                                            336.90 $       336.90

EMPLOYER NUMBER:  72-0376938
GULF STATES MASONRY COMPANY
S M BEVIS & D T OATLEY PTRS
3841 PLANK ROAD
BATON ROUGE LA 00000-0000

1948                        324.00   110.25                $   434.25

EMPLOYER NUMBER:  72-0369114
CARRUTH PIPE LINCE CORPORATION
PO BOX 2194
BATON ROUGE LA 00000-0000

1948                                 76.80      698.18 $       774.98
1949        463.80                                      $      463.80

                          PAGE 002
```

```
SSA-1826                    ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *    FOR SSN 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       * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

```
EMPLOYER NUMBER:  72-0378199
J H JENKINS CONTRACTOR INC
BOX 15279
BATON ROUGE LA 70815-0000
```

| 1948 | | | 9.60 | $ | 9.60 |
|------|---|---|------|---|------|

```
EMPLOYER NUMBER:  72-0378354
DUNHAM-WILSON MFG CO INC
CHOCTAW ROAD
BATON ROUGE LA 00000-0000
```

| 1948 | | | 214.50 | $ | 214.50 |
|------|--------|--------|--------|------------|----------|
| 1949 | 215.55 | 831.90 | 822.45 | 786.45 $ | 2,656.35 |
| 1950 | 603.00 | 616.50 | 219.90 | $ | 1,439.40 |

```
EMPLOYER NUMBER:  72-0161120
COTTONS INC
BOX 1589
BATON ROUGE LA 70821-1589
```

| 1950 | | | 132.53 | 48.49 $ | 181.02 |
|------|---|---|--------|----------|--------|
| 1952 | | | | 459.44 $ | 459.44 |

```
EMPLOYER NUMBER:  34-0176110
DAVEY TREE EXPERT CO
1500 N MANTUA ST
KENT  OH 44240-2372
```

| 1950 | | | | 100.70 $ | 100.70 |
|------|---|---|---|----------|--------|

```
EMPLOYER NUMBER:  74-1082362
CANNON SLINE INC
PO BOX 2726
HOUSTON  TX 77252-2726
```

| 1950 | | | | 368.69 $ | 368.69 |
|------|--------|--------|--------|------------|----------|
| 1951 | 725.32 | 825.38 | 837.25 | 1,072.50 $ | 3,460.45 |
| 1952 | 891.75 | | | $ | 891.75 |

PAGE 003

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *    FOR SSN 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      * * *


YEAR   JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC      TOTAL

1953                  647.59      356.64               $    1,004.23
1954       114.59                                      $      114.59
1965                   16.99                           $       16.99

EMPLOYER NUMBER:  13-1600079
BOC GROUP INC
575 MOUNTAIN AVE
NEW PROVIDENCE NJ 07974-2097

1952                  794.00      232.19               $    1,026.19

EMPLOYER NUMBER:  23-1293253
KAISER METAL PRODUCTS INC
BRISTOL  PA 00000-0000

1952                                          67.00 $         67.00
1953        58.63                                    $        58.63

EMPLOYER NUMBER:  72-0365102
GEO A CALDWELL PROP
CALDWELL & MCCANN
P O BOX 477
BATON ROUGE LA 70821-0000

1953      906.95     155.20                            $    1,062.15

EMPLOYER NUMBER:  22-1034240
M W KELLOSS CO
FT OF DANFORTH AVE
JERSEY CITY NJ 00000-0000

1953                  176.93       84.40     126.18 $        387.51

EMPLOYER NUMBER:  72-0363908
ALFRED HIJUELOS OWNER
OLD DUTCH PAINT SHOP
2723 SO BROAD ST
NEW ORLEANS LA 00000-0000

1953                              491.82               $      491.82

                              PAGE 004
```

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *      FOR SSN 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      * * *


YEAR   JAN - MARCH  APRIL -JUNE   JULY - SEPT    OCT - DEC      TOTAL


EMPLOYER NUMBER:  48-0542059
W F ASBELL CO
PO BOX 634
WICHITA  KS 00000-0000

1953                                              1,101.61 $     1,101.61

EMPLOYER NUMBER:  72-0403987
TASTY BAKING CO INC
902 E WASHINGTON ST
BATON ROUGE LA 70802-0000

1954       426.00                                          $      426.00

EMPLOYER NUMBER:  72-0388860
HORACE B RICKEY INC IN BANKRUPTCY
PO BOX 53073
LAFAYETTE  LA 70505-3073

1954                    139.13    1,473.99    1,714.08 $      3,327.20
1955     1,618.78       520.70                          $      2,139.48

EMPLOYER NUMBER:  13-1682795
C B N CORP FORM COLOMBIAN CARBON
380 MADISON AVE
NEW YORK NY 10017-0000

1955                    119.00                             $      119.00

EMPLOYER NUMBER:  72-0468038
W F ASBELL CO INC
P O BOX 3035
BATON ROUGE LA 70805-0000

1955                     72.12       62.29             $        134.41
1956       451.81     1,433.48      563.14             $      2,448.43
1957     1,100.28       674.32                         $      1,774.60

                              PAGE 005
```

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *     FOR SSN 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       * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

EMPLOYER NUMBER:  72-0195480
LANDMARK LAND CO INC &
 SUBSIDIARIES
ONE STATE ST
NEW YORK NY 10004-1506

| 1955 | | | 278.36 | 768.84 $ | 1,047.20 |

EMPLOYER NUMBER:  72-0449769
HOME BUILDERS OF BATON ROUGE INC
BOX 15264
BATON ROUGE LA 70815-0000

| 1955 | | | 483.00 | $ | 483.00 |

EMPLOYER NUMBER:  72-0461793
PETER W MURTES
MURTES INSURANCE AGENCY
4237 S CLAIBORNE AV
NEW ORLEANS LA 70125-0000

| 1956 | 32.70 | | | $ | 32.70 |

EMPLOYER NUMBER:  72-0477469
COASTAL ALUMINUM PRODUCTS INC
4500 WINBOURNE AVE
BATON ROUGE     LA

| 1956 | | | 51.25 | $ | 51.25 |

EMPLOYER NUMBER:  72-0488282
INTERNATIONAL ALUMINUM CORP
PO BOX 15567 BROADVIEW STA
BATON ROUGE LA 70815-0000

| 1956 | | | 270.00 | 360.00 $ | 630.00 |
| 1957 | | 1,000.00 | 1,200.00 | 20.00 $ | 2,220.00 |

SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *    FOR SSN 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      * * *

YEAR   JAN - MARCH   APRIL -JUNE   JULY - SEPT    OCT - DEC      TOTAL

EMPLOYER NUMBER:  72-0404481
NICHOLS CONSTRUCTION CO INC
PO BOX 2750
BATON ROUGE LA 00000-0000

| 1956 | | | | | 513.19 $ | 513.19 |
| 1957 | 416.00 | | | | $ | 416.00 |

EMPLOYER NUMBER:  06-0446990
F H  MCGRAW AND CO INC    SUITE 1900
2 PENN CENTER PLAZA
PHILADELPHIA  PA 19102-0000

1957                                          267.43 $      267.43

EMPLOYER NUMBER:  72-0481285
WILLIAMS MCWILLIAMS INDUSTRIES INC
BOX 52677
NEW ORLEANS LA 70150-0000

| 1957 | | | | | 1,545.65 $ | 1,545.65 |
| 1958 | 1,613.63 | | | | $ | 1,613.63 |
| 1967 | | | | | 234.00 $ | 234.00 |
| 1968 | 487.50 | | | | $ | 487.50 |

EMPLOYER NUMBER:  95-0740960
FLUOR CORP
% PAYROLL TAX UNIT D1Z
3353 MICHELSON DR 551N
IRVINE  CA 92698-0010

1958     23.20   1,618.70   1,660.00     898.10 $   4,200.00

EMPLOYER NUMBER:  75-0911599
EDDIE H SHAHAN INC
2828 LOMBARDY LA
DALLAS  TX 75220-0000

1958                                          735.07 $      735.07

PAGE 007

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS         JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1959 | 1,227.35 | 521.99 | | | $ | 1,749.34 |

```
EMPLOYER NUMBER:  94-1389894
YUBA INDUSTRIES INC
612 HOWARD ST
SAN FRANCISCO CA 94105-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1959 | | | 984.86 | 1,556.51 | $ | 2,541.37 |
| 1960 | 1,905.91 | 1,905.65 | 373.70 | | $ | 4,185.26 |

```
EMPLOYER NUMBER:  72-0508771
BAGWELL-NEAL INC
4828 E BROOKSTOWN
BATON ROUGE LA 70805-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1960 | | | 1,361.33 | 409.85 | $ | 1,771.18 |
| 1961 | 322.02 | 1,761.67 | 1,449.24 | | $ | 3,532.93 |
| 1963 | 55.88 | 1,633.44 | 1,949.40 | 1,161.28 | $ | 4,800.00 |
| 1964 | 551.24 | 260.48 | | | $ | 811.72 |

```
EMPLOYER NUMBER:  13-0569340
CHEMICAL CONSTR CORP
ONE PENN PLAZA
NEW YORK NY 10001-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1961 | | | | 399.41 | $ | 399.41 |
| 1962 | 184.67 | | | | $ | 184.67 |
| 1966 | | 7.55 | | | $ | 7.55 |

```
EMPLOYER NUMBER:  64-0389655
O L SIMS COMPANY OF LOUISIANA INC
P O BOX 1828
HATTIESBURG  MS 39403-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1961 | | | | 364.51 | $ | 364.51 |

PAGE 008

```
SSA-1826                    ITEMIZED STATEMENT OF EARNINGS            JOB:
VERSION 1984.002 * * *      FOR SSN 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        * * *


YEAR   JAN - MARCH   APRIL -JUNE   JULY - SEPT    OCT - DEC      TOTAL


EMPLOYER NUMBER:  23-1173910
RAYTHEON ENGINEERS & CONSTRUCTORS
 INC
30 S 17TH ST
PHILADELPHIA  PA 19103-4021

1962    1,093.79      736.94        1.93                  $   1,832.66

EMPLOYER NUMBER:  72-0491908
DORMAN STRAHAN
STRAHAN PAINTING CO
730 PAPWORTH AVE
METAIRIE  LA 70005-3014

1962                  737.48                              $     737.48

EMPLOYER NUMBER:  25-0996816
USX CORPORATION
600 GRANT ST RM 2477
PITTSBURGH  PA 15219-2702

1962                              1,199.91     496.41 $   1,896.32

EMPLOYER NUMBER:  58-0618927
BATON ROUGE LERNER SHOPS INC
MCCRORY CORPORATION
888 SEVENTH AVE
NEW YORK NY 10019-0000

1962                               59.48                  $      59.48

EMPLOYER NUMBER:  59-0832536
BARNARD & BURK INDUSTRIAL CORP
PO BOX 15648
BATON ROUGE LA 70815-0000

1962                              141.19                $      141.19
1963      139.21                                       $      139.21
1964                              215.98                $      215.98

                                  PAGE 009
```

```
SSA-1826                       ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *       FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|--------------|-------------|-----------|---|-------|
| 1966 | 63.40 | | . | | $ | 63.40 |
| 1967 | | | 1,228.25 | 1,241.34 | $ | 2,469.59 |
| 1969 | | 871.88 | | | $ | 871.88 |

```
EMPLOYER NUMBER:  72-0548884
CASCIO & CASCIO
CASCIOS PARTY MART
1212 N 18 ST
MONROE  LA 71201-0000
```

| 1962 | | | | 65.22 | $ | 65.22 |
|------|---|---|---|-------|---|-------|

```
EMPLOYER NUMBER:  74-1181623
W D GUNNELS COMPANY
BOX 2005
FREEPORT  TX 77541-0000
```

| 1962 | | | | 512.58 | $ | 512.58 |
|------|---|---|---|--------|---|--------|
| 1963 | 515.79 | | | | $ | 515.79 |

```
EMPLOYER NUMBER:  72-0543229
C S FALCO
C S FALCO & CO 248 LAFITTE DR
BOX 15073
BATON ROUGE LA 70815-0000
```

| 1964 | | 122.40 | 306.00 | | $ | 428.40 |
|------|---|--------|--------|---|---|--------|

```
EMPLOYER NUMBER:  72-0550977
NICHOLS CONSTRUCTION CORPORATION
PO BOX 2750
BATON ROUGE LA 70821-2750
```

| 1964 | | | 1,092.12 | 357.81 | $ | 1,449.93 |
|------|--------|----------|----------|----------|---|----------|
| 1965 | | 60.40 | | | $ | 60.40 |
| 1967 | | 37.00 | | | $ | 37.00 |
| 1968 | 148.75 | 91.88 | | | $ | 240.63 |
| 1969 | | | 828.00 | 2,462.06 | $ | 3,290.06 |
| 1970 | 173.60 | 2,050.42 | | | $ | 2,224.02 |
| 1973 | | | 847.02 | 1,919.84 | $ | 2,766.86 |

.PAGE 010

```
SSA-1826                ITEMIZED STATEMENT OF EARNINGS           JOB:
VERSION 1984.002 * * *     FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|--------------|-------------|-----------|-------|
| 1974 | 1,226.26 | | | | $ 1,226.26 |

```
EMPLOYER NUMBER:  74-1469764
WALLACE PAINTING CORP
PO BOX 300265
HOUSTON  TX 77230-0265
```

| | | | | | |
|------|-------------|--------------|-------------|-----------|-------|
| 1964 | | | | 103.50 $ | 103.50 |

```
EMPLOYER NUMBER:  72-0202460
GULF ENGINEERING CO INC
615 HILL ST
JEFFERSON  LA 70121-1000
```

| | | | | | |
|------|-------------|--------------|-------------|-----------|-------|
| 1965 | 201.50 | 193.75 | | | $ 395.25 |

```
EMPLOYER NUMBER:  72-0548886
HOMER KNOST CONSTRUCTION CO INC
BOX 1415
BATON ROUGE LA 70821-0000
```

| | | | | | |
|------|-------------|--------------|-------------|-----------|-------|
| 1965 | 1,459.45 | | 2,034.83 | 1,515.42 $ | 5,009.70 |
| 1966 | 2,224.88 | 1,902.21 | 1,132.18 | $ | 5,259.27 |
| 1969 | | | 1,586.78 | $ | 1,586.78 |
| 1970 | | | 225.00 | 1,424.94 $ | 1,649.94 |

```
EMPLOYER NUMBER:  72-0535923
GABLER INSULATIONS INC
1330 TCHOUPITOULAS ST
NEW ORLEANS LA 70130-0000
```

| | | | | | |
|------|-------------|--------------|-------------|-----------|-------|
| 1966 | | | 874.43 | 1,531.86 $ | 2,406.29 |
| 1967 | 1,577.80 | 1,520.30 | | $ | 3,098.10 |

```
EMPLOYER NUMBER:  74-1362094
GENE NELSON INTERNATIONAL INC
AND SUBSIDARIES
10302 FM 2004
SANTA FE TX 77510-9609
```

| | | | | | |
|------|-------------|--------------|-------------|-----------|-------|
| 1966 | | | 31.80 | | $ 31.80 |

PAGE 011

```
SSA-1826                  ITEMIZED STATEMENT OF EARNINGS           JOB:
VERSION 1984.002 * * *      FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

EMPLOYER NUMBER:  72-0596165
C S FALCO & CO INC
PO BOX 15688
BATON ROUGE LA 70895-5688

| 1967 | | | 19.46 | | $ | 19.46 |

EMPLOYER NUMBER:  74-1301542
B & B ENGINEERING & SUPPLY
CO OF LOUISIANA INC
BOX 2531
HOUSTON  TX 77001-0000

| 1968 | 869.75 | | | | $ | 869.75 |
| 1969 | | | | 44.40 | $ | 44.40 |

EMPLOYER NUMBER:  72-0644131
PROCESS INSULATORS INC
7600 AIRLINE HWY
PO BOX 66422
BATON ROUGE LA 70814-0000

| 1968 | | 1,807.95 | 2,119.23 | 51.50 | $ | 3,978.68 |

EMPLOYER NUMBER:  72-0600676
ANCO INSULATIONS INC
PO BOX 83730
BATON ROUGE LA 70884-3730

| 1968 | | | | 2,520.93 | $ | 2,520.93 |
| 1969 | 1,872.03 | | | | $ | 1,872.03 |
| 1970 | 177.60 | 444.00 | | | $ | 621.60 |
| 1974 | | 501.09 | | | $ | 501.09 |
| 1976 | | 537.60 | 4,017.60 | 497.75 | $ | 5,052.95 |
| 1980 | - | - | - | - | $ | 17,033.22 |
| 1981 | - | - | - | - | $ | 24,223.42 |
| 1982 | - | - | - | - | $ | 1,642.19 |

PAGE 012

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS             JOB:
VERSION 1984.002 * * *    FOR SSN 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        * * *
```

YEAR  JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC     TOTAL

EMPLOYER NUMBER: 64-0442503
T & M STEEL ERECTORS INC
PO BOX 2305
COLUMBUS  MS 39704-2305

1969                    213.38                      $      213.38

EMPLOYER NUMBER: 72-0596563
NATIONAL PAINTING COMPANY
 INCORPORATED
5180 MADISON AVE
BATON ROUGE LA 70806-1031

1970                                         18.88 $       18.88

EMPLOYER NUMBER: 72-0687306
MARSHALL-KOEHL INC
986 W AIRLINE HWY
KENNER  LA 70062-0000

1970                                        897.25 $      897.25
1971      158.63                                   $      158.63

EMPLOYER NUMBER: 72-0488158
BARNARD BURK INC
% AEROJET-GENERAL CORP
10300 N TORREY PINES RD
LA JOLLA CA 92037-1065

1971    2,360.80    1,407.40                       $    3,768.20

EMPLOYER NUMBER: 72-0695767
AMERICAN COATINGS CONTRACTORS INC
P O BOX 15783
BATON ROUGE LA 70895-0000

1971               202.12                          $      202.12

PAGE 013

```
SSA-1826                    ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *      FOR SSN 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          * * *
```

```
YEAR   JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC      TOTAL
```

```
EMPLOYER NUMBER:  72-0690605
LURGI-KNOST INC
PO BOX 1415
BATON ROUGE LA 70821-0000
```

|      |        |        |          |          |      |          |
|------|--------|--------|----------|----------|------|----------|
| 1971 |        |        | 1,935.87 | 865.97   | $    | 2,801.84 |
| 1972 | 215.05 |        |          |          | $    | 215.05   |

```
EMPLOYER NUMBER:  72-0700689
AMEC PLANT SERVICES INC
PO BOX 15339
BATON ROUGE LA 70895-5339
```

|      |          |          |            |      |          |
|------|----------|----------|------------|------|----------|
| 1971 |          | 192.00   | 1,845.00   | $    | 2,037.00 |
| 1973 | 1,351.79 |          |            | $    | 1,351.79 |

```
EMPLOYER NUMBER:  72-0710080
PLANT MAINTENANCE INC
PO BOX 661
PLAQUEMINE  LA 70764-0000
```

|      |          |  |      |          |
|------|----------|--|------|----------|
| 1972 | 3,202.86 |  | $    | 3,202.86 |

```
EMPLOYER NUMBER:  74-1693927
PAYNE & KELLER OF LOUISIANA INC
PO BOX 12546
HOUSTON  TX 77217-0000
```

|      |          |          |          |          |      |          |
|------|----------|----------|----------|----------|------|----------|
| 1972 |          | 3,325.07 | 1,800.88 | 3,295.93 | $    | 8,421.88 |
| 1973 | 2,419.61 | 250.36   |          |          | $    | 2,669.97 |

```
EMPLOYER NUMBER:  72-0697088
CONTROLLED MAINTENANCE INC
PO BOX 550
GONZALES  LA 70707-0550
```

|      |          |        |  |      |          |
|------|----------|--------|--|------|----------|
| 1972 |          | 138.60 |  | $    | 138.60   |
| 1973 | 1,991.93 |        |  | $    | 1,991.93 |

PAGE 014

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS              JOB:
VERSION 1984.002 * * *     FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

EMPLOYER NUMBER:  72-0700548
INDUSTRIAL PLANT MAINTENANCE INC
PO BOX 88
ST GABRIEL LA 70776-0088

| 1973 | | | 46.64 | $ | 46.64 |
|------|--|--|-------|---|-------|

EMPLOYER NUMBER:  34-0077640
AUSTIN COMPANY
3650 MAYFIELD RD
CLEVELAND HTS OH 44121-1734

| 1973 | | | | 89.18 $ | 89.18 |
|------|--|--|--|---------|-------|

EMPLOYER NUMBER:  72-0654240
TEROTECHNOLOGY CORP
PO BOX 2294
BATON ROUGE LA 70821-2294

| 1974 | 928.29 | | | $ | 928.29 |
|------|--------|--|--|---|--------|

EMPLOYER NUMBER:  72-0490787
MCCARTY CORPORATION
5012 E BLUEBELL
BATON ROUGE LA 70808-8617

| 1974 | | 670.45 | 510.40 | 4,453.86 $ | 5,634.71 |
|------|--|--------|--------|------------|----------|
| 1975 | 2,750.42 | 2,542.43 | 3,244.83 | 3,520.65 $ | 12,058.33 |
| 1976 | 3,584.39 | 2,824.80 | | 18.10 $ | 6,427.29 |
| 1977 | | | | 124.41 $ | 124.41 |

EMPLOYER NUMBER:  72-0741772
TRIPLE R PAINTING & DECORATING
CO INC
PO BOX 4315
ALEXANDRIA  LA 71301-0000

| 1974 | | | 16.62 | $ | 16.62 |
|------|--|--|-------|---|-------|

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *    FOR SSN 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        * * *


YEAR   JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC     TOTAL


EMPLOYER NUMBER:  72-0713775
ST GABRIEL INDUSTRIAL
 ENTERPRISES INC
LOCAL
ST GABRIEL LA 70776-0000

1974                                           56.96 $       56.96

EMPLOYER NUMBER:  13-1675427
J RAY MCDERMOTT & CO INC
BABCOCK & WILCOX
14TH FLOOR BNO BLDG 1010 COMMON ST
NEW ORLEANS LA 70112-0000

1976                                          868.81 $      868.81

EMPLOYER NUMBER:  72-0693893
INSUL-CONTRACTORS INC
10770 N DUAL
BATON ROUGE LA 70814-4903

1976                                        2,561.15 $    2,561.15

EMPLOYER NUMBER:  74-1791878
B & B INSULATION OF LOUISIANA INC
PO BOX 2531
HOUSTON  TX 77252-2531

1976                                          271.50 $      271.50
1977     2,950.30    4,104.00     3,313.20    933.80 $   11,301.30

EMPLOYER NUMBER:  72-0694346
HULLINGHORST INDUSTRIES INC
% TRUST SPECIAL SERVICES
12360 LEISURE RD
BATON ROUGE LA 70807-1498

1977                                        1,601.70 $    1,601.70
1978       -           -            -              -  $    2,933.64

                             PAGE 016
```

```
SSA-1826                    ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *      FOR SSN 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          * * *


YEAR    JAN - MARCH   APRIL -JUNE   JULY - SEPT    OCT - DEC      TOTAL

1979        -              -             -             -        $  21,469.44
1980        ~              -             -             -        $   5,431.52

EMPLOYER NUMBER:  72-0632328
BRANTON INSULATIONS INC
PO BOX 10536
NEW ORLEANS LA 70181-0536

1978        -              ~             -             -        $  13,703.75
1979        -              ~             ~             - .      $     535.50
```

THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS SOCIAL SECURITY
NUMBER FOR THE PERIOD(S) REQUESTED.

EARNINGS FOR THE YEARS AFTER   1998 MAY NOT BE SHOWN, OR ONLY
PARTIALLY SHOWN, BECAUSE THEY MAY NOT YET BE ON OUR RECORDS.

PAGE 017 END

**LIST OF PHYSICIANS FOR JOSEPH A. ARDOIN, JR.**

NAME:_ Joseph A. Ardoin, Jr.

## LIST OF PHYSICIANS

| | |
|---|---|
| Physician | Dr. M. Patrick Stagg / Medical Oncology |
| Address: | 8119 Picardy Avenue. |
| City, State: | Baton Rouge, Louisiana 70809 |
| Date(s) of Treatment: | 2010 |
| Reason for Treatment: | Lung Cancer |
| Were Chest X-Rays Taken: | Yes |

| | |
|---|---|
| Physician: | Dr. Maurice L. King / Mary Bird Perkins Hospital |
| Address: | 1104 West Hwy 30 |
| City, State: | Gonzales, La. 70737 |
| Date(s) of Treatment: | 2010 |
| Reason for Treatment: | Lung Cancer |
| Were Chest X-Rays Taken: | Yes |

| | |
|---|---|
| Physician: | Dr. Thomas D. Perkins |
| Address: | 17609 Old Jefferson Highway, Suite D |
| City, State: | Prairieville, La. 70769 |
| Date(s) of Treatment: | 2008-2010 |
| Reason for Treatment: | General Health Care, Breathing Problems |
| Were Chest X-Rays Taken: | Yes |

LIST OF HOSPITALS FOR JOSEPH A. ARDOIN, JR.

NAME:  Joseph A. Ardoin, Jr.

## LIST OF HOSPITALIZATIONS

Hospital/Clinic:                    Veterans Administration Medical Center- Alexandria
Address:                         2495 Shreveport Highway
City, State:                      Pineville, Louisiana 71360
Date(s) of Treatment:         1987-2010
Reason for Treatment:         General Health Care, Lung Problems
Were Chest X-Rays Taken:  Yes

Hospital/Clinic:                    St. Elizabeth Hospital
Address:                         1125 W. Highway 30
City, State:                      Gonzales, La.  70006
Date(s) of Treatment:         2008-2010
Reason for Treatment:         Lung Cancer, Chemotherapy
Were Chest X-Rays Taken:  Yes

Hospital/Clinic:                    East Jefferson General Hospital
Address:                         4200 Houma Blvd.
City, State:                      Metairie, La.  70006
Date(s) of Treatment:         2009-2010
Reason for Treatment:         Lung Problems, Biopsy
Were Chest X-Rays Taken:  Yes

Hospital/Clinic:                    Pulmonary & Digestive Clinic
Address:                         1429 East Highway 30
City, State:                      Gonzales, Louisiana  70737
Date(s) of Treatment:         2007-2010
Reason for Treatment:         Sleep Apnea, Shortness of breath, Cough
Were Chest X-Rays Taken:   No

Hospital/Clinic:                    Opelousas General Hospital
Address:                         4200 Houma Blvd.
City, State:                      Metairie, La.  70006
Date(s) of Treatment:         1987-2010
Reason for Treatment:         Lung Problems, Chest pain, Pleural Effusion, Thoracentesis
Were Chest X-Rays Taken:   Yes

Hospital/Clinic:                    Ochsner Clinic of Baton Rouge
Address:                         9001 Suma Avenue
City, State:                      Baton Rouge,  Louisiana
Date(s) of Treatment:         2000
Reason for Treatment:         Evaluation of Asbestos Related Disease
Were Chest X-Rays Taken:   Yes

Hospital/Clinic:                    Mary Bird Perkins Cancer Center
Address:                         1104 West Highway 30.
City, State:                      Gonzales, Louisiana  7037
Date(s) of Treatment:         2009-2010
Reason for Treatment:         Lung Cancer
Were Chest X-Rays Taken:   Yes

**TOBACCO QUESTIONNAIRE FOR JOSEPH A. ARDOIN, JR.**

NAME:   Joseph A. Ardoin, Jr.

DID DECEDENT EVER USE:  CIGARETTES (x) CHEWING TOBACCO ( ) CIGARS ( )
    PIPE ( ) SNUFF ( )

IF PLAINTIFF SMOKED CIGARS OR CIGARETTES, DID HE INHALE? YES (X) NO ( )

DATES PLAINTIFF SMOKED: 1948-1987

HOW MUCH TOBACCO PRODUCT DID PLAINTIFF USE EACH DAY? 1 pack per day

IF PLAINTIFF EVER STOPPED SMOKING, PLEASE STATE REASONS FOR QUITTING: Health reasons

IF, AFTER QUITTING SMOKING, PLAINTIFF STARTED SMOKING AGAIN, PLEASE GIVE
THE REASON RESTARTED: Plaintiff never started smoking again

NAME ALL BRANDS OF TOBACCO PLAINTIFF USED:
Pall-Mall Gold Filtered YEARS USED: Approximately 1948-1987

HAD PLAINTIFF EVER BEEN ADVISED BY A PHYSICIAN TO QUIT SMOKING?
    YES (x) NO ( )

NAME AND ADDRESS OF PHYSICIAN ADVISING PLAINTIFF TO QUIT: Plaintiffs do not recall

DID PLAINTIFF QUIT?  YES (x)  NO ( )  Not applicable ( )

HAD PLAINTIFF BEEN ADVISED THAT CIGARETTE SMOKING WAS HARMFUL?
    YES (X) NO ( )

HAD PLAINTIFF BEEN ADVISED THAT CIGARETTE SMOKING COULD CAUSE CANCER?
    YES ( ) NO (X)

HOW DID PLAINTIFF LEARN ABOUT THIS INFORMATION?  Through the media

WAS PLAINTIFF AWARE OF THE WARNING BY THE SURGEON GENERAL REGARDING THE
DANGERS OF SMOKING?   YES (X) NO ( )

IF YES, WHEN DID PLAINTIFF FIRST LEARN?  Plaintiff does not recall

HAVE YOU EVER READ THE SURGEON GENERAL'S REPORT?  YES ( )  NO (X)

HAVE YOU USED TOBACCO PRODUCTS SINCE READING THE SURGEON GENERAL'S
REPORT?  YES ( )  NO ( )  Not applicable (X)