# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:12-cv-01517-RNC

Shortman v. Electric Boat Corp
Assigned to: Judge Robert N. Chatigny
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 10/24/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Heather Shortman**     represented by    **Amity L. Arscott**
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340-1409
860-449-0341
Fax: 860-449-9070
Email: alarscott@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Electric Boat Corp**     represented by    **Eric W. F. Niederer**
*Successor*
General Dynamics Corp./Electric Boat Division

Wilson, Elser, Moskowitz, Edelman & Dicker , LLP - Stmfd CT
1010 Washington Boulevard
Stamford, CT 06901
203-388-9100
Fax: 203-388-9101
Email: eric.niederer@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erik C. DiMarco**
Wilson, Elser, Moskowitz, Edelman & Dicker - 42nd NY
150 East 42Nd St.
New York, NY 10017-5639
212-490-3000 x2126
Fax: 212-490-3038
Email: erik.dimarco@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2012 | 1 | NOTICE OF REMOVAL by Electric Boat Corp from Superior Court, Bridgeport, filed by Electric Boat Corp. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Part 1, # 3 Exhibit B - Part 2, # 4 Exhibit B - Part 3, # 5 Exhibit C - Part 1, # 6 Exhibit C - Part 2, # 7 Exhibit C - Part 3, # 8 Exhibit D & E, # 9 Civil Cover Sheet)(Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 |   | Filing fee received from Wilson, Elser, Moskowitz, Edelman & Dicker: $350.00, receipt number 805860. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 2 | NOTICE of No Pending Motions by Electric Boat Corp. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 3 | STATEMENT IN REMOVED CASES by Electric Boat Corp. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 4 | DEMAND for Trial by Jury by Electric Boat Corp. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 5 | NOTICE of Appearance by Eric W. F. Niederer on behalf of Electric Boat Corp. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 6 | Order on Pretrial Deadlines: Amended Pleadings due by 12/23/2012. Discovery due by 4/25/2013. Signed by Clerk on 10/24/2012. (Fazekas, J.) (Entered: 10/25/2012) |
| 10/24/2012 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Robert N. Chatigny on 10/24/2012. (Attachments: # 1 Notice re Electronic Filing)(Fazekas, J.) (Entered: 10/25/2012) |
| 10/25/2012 | 8 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 7 Electronic Filing Order, 6 Order on Pretrial Deadlines, 2 Notice of No Pending Motions filed by Electric Boat Corp, 4 Jury Demand filed by Electric Boat Corp, 3 Statement in Removed Cases filed by Electric Boat Corp, 5 Notice of Appearance filed by Eric W. F. Niederer on behalf of Electric Boat Corp, 1 Notice of Removal, filed by Electric Boat Corp. Signed by Clerk on 10/25/2012. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 10/25/2012) |
| 10/26/2012 | 9 | NOTICE of Appearance by Erik C. DiMarco on behalf of Electric Boat Corp (DiMarco, Erik) (Entered: 10/26/2012) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 11/05/2012 15:21:59 | | |
| PACER Login: | we2275 | Client Code: | 07411.00101 1688 |
| Description: | Docket Report | Search Criteria: | 3:12-cv-01517-RNC |
| Billable Pages: | 2 | Cost: | 0.20 |



## Service of Process Transmittal
09/24/2012
CT Log Number 521274719

**TO:** Joseph Chontos
Electric Boat Corporation
75 Eastern Point Road, Dept. 613
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Heather Shortman, Pltf. vs. Electric Boat Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2012 at 11:50 |
| **JURISDICTION SERVED:** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 10/30/2012 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Amity L. Arscott<br>Embry and Neusner<br>118 Poquonnock Road<br>Groton, CT 06340<br>860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2012, Expected Purge Date: 09/29/2012<br>Telephone, Carole McLellan, 860-433-8253<br>Image SOP<br>Email Notification, Carole McLellan cmclella@gdeb.com<br>Email Notification, Kelly A. Lewis klewis2@gdeb.com<br>Email Notification, Joseph Chontos JCHONTOS@EBMAIL.GDEB.COM<br>Email Notification, Susan Pecoraro specorar@gdeb.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS - CIVIL

JD-CV-1 Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport 06604 | (203) 579-6527 | October 30, 2012 |

| ☒ Judicial District   ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session | Bridgeport | Major: T   Minor: 20 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| (860) 449-0341 | |

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: SHORTMAN, Heather<br>Address: 301 Buddington Road, Groton, CT 06340 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: ELECTRIC BOAT CORP., Successor-in-interest to General Dynamics Corp. / Electric Boat Division<br>Address: 75 Eastern Point Road, Groton, CT 06340, c/o C T CORPORATION SYSTEM, ONE CORPORATE CENTER, HARTFORD, CT, 06103-3220 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Amity L. Arscott | Date signed<br>09/20/2012 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Maria Ventura, 118 Poquonnock Road, Groton, CT 06340 |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>9/20/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 82 | Housing Civil Matters |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

Return Date: October 30, 2012

| | |
|---|---|
| HEATHER SHORTMAN,<br>Plaintiff, | SUPERIOR COURT |
| VS. | J.D. OF FAIRFIELD |
| | AT BRIDGEPORT |
| ELECTRIC BOAT CORPORATION successor-in-interest<br>to GENERAL DYNAMICS CORPORATION/<br>ELECTRIC BOAT DIVISION; | |
| Defendants | September 20, 2012 |

## COMPLAINT

### CLAIM ON BEHALF OF HEATHER SHORTMAN

#### FIRST COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY, CONN GEN. STAT. § 52-572m, ON BEHALF OF HEATHER SHORTMAN

1. The Plaintiff HEATHER SHORTMAN was married to Charles Keeler, who worked as a lagger at General Dynamics / Electric Boat Corp., Groton, CT from in or about 1955 until approximately 1967. During his employment, Mr. Keeler was exposed to asbestos causing his clothes and body to become contaminated with asbestos-containing materials. HEATHER SHORTMAN was exposed to said asbestos as a result of the asbestos dust, fibers, and particles which were brought home on Mr. Keeler's clothes and his person.

2. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division ("Electric Boat"), is a corporation with its principal place of business at 75 Eastern Point Road, Groton, CT 06340. Its agent for service is: CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220.

3. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, constructed, designed, assembled, installed, tested and / or sold various asbestos products which Mr. Keeler brought home on his clothes and his person. During the relevant periods of time, the defendant corporation was doing business in the State of Connecticut.

4. While Mr. Keeler worked at General Dynamics, he was exposed to asbestos containing products. He came in contact with asbestos fibers and dust coming from said asbestos containing products. As a result, he brought home asbestos fibers and dust on his person and his clothing whereby the plaintiff, HEATHER SHORTMAN, was exposed to and inhaled the asbestos causing her injuries.

5. As a result of the acts of the Defendant and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendant Electric Boat, Plaintiff HEATHER SHORTMAN is suffering from asbestosis, asbestos-related lung disease, lung disease and / or loss of lung function. She has endured significant pain and mental anguish and will continue to suffer in the future. Her earning capacity has been impaired and she has been severely

restricted in her usual activities. She has been required and will be required to spend large sums of money for medical care and treatment. She is at increased risk of developing further impairment, other asbestos related diseases and cancers, and / or death. She suffers grief, fear and anguish over the effect of her illness, the pain caused by her symptoms and the worsening of her symptoms, condition and disease and her premature death. The foregoing injuries and damages are of a permanent nature, and she has fear of suffering a premature death.

6. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which was installed or used for the operation or function of the defendant's products, were used and employed for the purpose for which they were manufactured, sold and intended to be used, in a manner foreseeable to the Defendant.

7. The Defendants' actions were wrongful under Connecticut Products Liability law, Conn. Gen. Stat. § 52-572m, et seq., in one or more of the following ways:

   a. the products were designed so as to represent an inherent risk of harm to the Plaintiff. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of the Defendant's products were so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendant was aware or should have been aware that asbestos would be applied to its products or recommended or required that asbestos would be used on their products;

   b. the Defendant, as part of its business, manufactured, sold and delivered products that contained, required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did

reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold;

c. the Defendant failed to advise the Plaintiff and Mr. Keeler of the dangerous characteristics of its asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products that contained, required or involved asbestos for use, operation or function, or for its products for which it recommended the use of the asbestos for insulation and other purposes;

d. the Defendant failed or omitted to provide the Plaintiff and Mr. Keeler with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent them from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function;

e. the Defendant failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos related insulation products, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on its products;

f. the Defendant failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which required or involved asbestos for use, operation or function;

g. the Defendant failed to warn or inadequately warned persons such as the Plaintiff and Mr. Keeler of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from its products;

h. the Defendant failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer;

i. the Defendant failed to recommend or require methods to improve the work environment;

j. the Defendant failed to properly test and investigate the safety of the asbestos Defendant were manufacturing, selling and distributing, using, or requiring in the use, operation or function of its products or to develop alternative products;

k. the Defendant failed to provide adequate safety instructions for persons who would reasonably and foreseeably come into contact with its products and the asbestos which would be used in the operation or function of its products;

l. the Defendant failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products;

m. the Defendant failed to eliminate or reduce the amount of asbestos contained in its products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of its products;

n. the Defendant continued to use or require use of a known cancer-causing product, to wit, asbestos;

o. the Defendant intentionally misrepresented that its asbestos, asbestos related insulation products, asbestos-containing products, or products it knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein;

p. the Defendant expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used; and

q. The Defendant breached the said warranties in that its asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from its products.

8. The Defendant became aware of the dangers of breathing asbestos, that Mr. Keeler and the Plaintiff were exposed to Defendant's asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function, but the Defendant intentionally and fraudulently concealed the danger from the Plaintiff, Mr. Keeler, and the public or conspired to do the same and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

9. The Defendant was aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

10. The Defendant, at all relevant times, consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of the Defendant.

11. It was the continuing duty of the Defendant to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function, which duty the Defendant breached.

SECOND COUNT FOR EXEMPLARY OR PUNITIVE
DAMAGES FOR HEATHER SHORTMAN
PURSUANT TO CONN. GEN. STAT. 52-240b

12. Paragraphs 1 through 11 are hereby repeated and realleged as if fully set forth.

13. The injuries and damages were caused by the Defendant in that its actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendant knew or should have known would result.

14. The Defendant, after it learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff and Mr. Keeler of the dangers of their exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public, and the Plaintiff.

15. The Defendant, after it learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By __424685__
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
Firm Juris No 102932

A TRUE COPY ATTEST

CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

Wherefore the Plaintiff, HEATHER SHORTMAN, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 20th day of September, 2012.

By_____424685_____
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
Firm Juris No 102932

*A TRUE COPY ATTEST*
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON