RULE16

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
### CIVIL DOCKET FOR CASE #: 1:12-cv-06676-NLH-JS

| | |
|---|---|
| SCEARCE et al v. 3M COMPANY et al | Date Filed: 10/19/2012 |
| Assigned to: Judge Noel L. Hillman | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Joel Schneider | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1441 Petition for Removal- Asbestos Litigation | Jurisdiction: Federal Question |

**Plaintiff**

**RONALD S. SCEARCE**

represented by **ROBERT E. LYTLE**
SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, PC
QUAKERBRIDGE EXECUTIVE
CENTER
101 GROVERS MILL ROAD
SUITE 200
LAWRENCEVILLE, NJ 08648
(609) 275-0400
Email: rlytle@szaferman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALISA J. SCEARCE**

represented by **ROBERT E. LYTLE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M COMPANY**
*formerly known as*
MINNESOTA MINING &
MANUFACTURING CO.

represented by **CAROLYN LEE MCCORMACK**
LAVIN O'NEIL RICCI CEDRONE &
DISIPIO
1300 ROUTE 73
SUITE 307
MT. LAUREL, NJ 08054
215-627-0303
Email: cmccormack@lavin-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AGILENT TECHNOLOGIES, INC.**
*as successor by merger to Varian, Inc.,*

successor-in-interest to Varian
Associates, Inc,

**Defendant**

**ALPHA WIRE CORP.**

**Defendant**

**AFL TELECOMMUNICATIONS,
LLC**
individually and for its ACA Conductor
Accessories and Dossert Corporation

**Defendant**

**AMERICAN BILTRITE, INC.**

**Defendant**

**AIW-2010 WIND DOWN CORP.**
formerly known as
AMERICAN INSULATED WIRE
CORP.

**Defendant**

**ANIXTER INC.**

**Defendant**

**ATLAS WIRE & CABLE CORP.**

**Defendant**

**BELDEN WIRE AND CABLE
COMPANY,**

**Defendant**

**CBS CORPORATION**
a Delaware corporation, successor by
merger to CBS Corporation, a
Pennslyvania corporation
formerly known as
VIACOM INC.
formerly known as
WESTINGHOUSE ELECTRIC CORP.

**Defendant**

**COOPER INDUSTRIES, INC.**            represented by **LISA PASCARELLA**
individually and as successor-in-                        FORMAN PERRY WATKINS
interest to Cooper Cameron Corp. and                     KRUTZ & TARDY
Cooper-Bessemer Corp.                                    328 NEWMAN SPRINGS ROAD
                                                         RED BANK, NJ 07701
                                                         732-852-4400
                                                         Email: millerk@fpwk.com.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOMCO PRODUCTS OF TEXAS,
LP**
*formerly known as*
AZROCK

**Defendant**

**DUREZ CORPORATION**

**Defendant**

**ELECTRIC SWITCHBOARD**

**Defendant**

**SOLUTIONS, LLC.**
*individually and as successor-in-
interest to Electric Switchboard, Co.,
Inc.*

**Defendant**

**EATON CORPORATION**
*as successor-in-interest to Eaton
Electrical, Inc., and Cutler Hammer,
Inc.*

**Defendant**

**ERICSSON, INC.**
*successor-in-interest to Anaconda Wire
& Cable Company and Continental
Wire & Cable Co.*

**Defendant**

**GENERAL ELECTRIC COMPANY**
*individually and as successor-in-
interest to the Radio Corporation of
America (RCA)*

**Defendant**

**GEORGIA-PACIFIC, LLC**

**Defendant**

**HONEYWELL INTERNATIONAL
INC.**
*as successor-in-interest to The Bendix
Corporation*

**Defendant**

**KAISER-GYPSUM**

**Defendant**
**KENTILE FLOORS, INC.**

**Defendant**
**LEVITON MANUFACTURING CO., INC.**

**Defendant**
**MANNINGTON MILLS**

**Defendant**
**MOTOROLA SOLUTIONS, INC.**
*as successor to Motorola, Inc.*

**Defendant**
**PHELPS DODGE COOPER PRODUCTS CORPORATION**
*individually and for its Habirshaw Cable and Wire Division*

**Defendant**
**RAYTHEON COMPANY**                    represented by **JOHN C. GARDE**
                                                        MCCARTER & ENGLISH, LLP
                                                        FOUR GATEWAY CENTER
                                                        100 MULBERRY STREET
                                                        PO BOX 652
                                                        NEWARK, NJ 07101-0652
                                                        (973) 622-4444
                                                        Email: jgarde@mccarter.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**
**RSCC WIRE & CABLE, INC.**
*formerly known as*
ROCKBESTOS-SURPRENANT CABLE CORP.

**Defendant**
**SQUARE-D COMPANY**

**Defendant**
**TARKETT USA, INC.**
*individually and for its Azrock Flooring*

*formerly known as*
DOMCO TARKETT, INC.

*formerly known as*
TARKETT, INC.

**Defendant**

**THE MARMON GROUP, INC.**
*individually and as successor-in-*
*interest to the Cerro-Maron Corp.,*
*Cerro Corp., Cerro Wire & Cable.,*
*Inc., The Rockbestos Co., and the*
*Rockbestos Products Corp., now known*
*as RSCC Wire & Cable Inc.*

**Defendant**

**THE OKONITE COMPANY**

**Defendant**

**THERMO ELECTRIC COMPANY,**
**INC.**

**Defendant**

**TYCO INTERNATIONAL**
**MANAGEMENT COMPANY, LLC**

**Defendant**

**TYCO ELECTRONICS**
**INTEGRATED CABLE SYSTEMS,**
**LLC**
*formerly known as*
TYCOM INTEGRATED CABLE
SYSTEMS, INC.
*formerly known as*
SIMPLEX WIRE AND CABLE
COMPANY

**Defendant**

**UNION CARBIDE CORP.**

**Defendant**

**UNIROYAL HOLDINGS, INC.**
*formerly known as*
UNIROYAL, INC.

**Defendant**

**UNISYS CORPORATION**

**Defendant**

**UNITED STATES STEEL**
**CORPORATION**
*as successor by merger to the former*

*USX Corporation, successor-in-interest*
*to American Steel & Wire Corp.*
*formerly known as*
UNITED STATES STEEL, LLC

**Defendant**

**WESCO INTERNATIONAL, INC.**
*successor-in-interest to WESCO, A*
*Westinghouse Electric Corporation*
*Company*

**Defendant**

**JOHN DOE CORPORATIONS 1-50**

**Defendant**

**JOHN DOE CORPORATIONS 51-**
**100**

**Defendant**

**EXTECO, INC.**
*formerly known as*
THERMO-ELECTRIC CO., INC.

| Date Filed | # | Docket Text |
|---|---|---|
| 10/19/2012 | 1 | NOTICE OF REMOVAL by RAYTHEON COMPANY from Middlesex County Superior Court, case number MID-L-4657-12AS. ( Filing fee $ 350 receipt number 0312-4636079), filed by RAYTHEON COMPANY. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Exhibit A, # 4 Exhibit B-Answer, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H)(bdk, ) (Entered: 10/24/2012) |
| 10/19/2012 | 2 | Corporate Disclosure Statement by RAYTHEON COMPANY. (bdk, ) (Entered: 10/24/2012) |
| 10/24/2012 | 3 | Order Initial Conference set for 11/28/2012 10:30 AM in Room 2060 before Magistrate Judge Joel Schneider.. Signed by Magistrate Judge Joel Schneider on 10/24/2012. (bdk, ) (Entered: 10/24/2012) |
| 11/01/2012 | 4 | NOTICE of Appearance by CAROLYN LEE MCCORMACK on behalf of 3M COMPANY (MCCORMACK, CAROLYN) (Entered: 11/01/2012) |
| 11/06/2012 | 5 | NOTICE of Appearance by LISA PASCARELLA on behalf of COOPER INDUSTRIES, INC. (PASCARELLA, LISA) (Entered: 11/06/2012) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 11/08/2012 10:49:13 |

SZAFERMAN, LAKIND,
    BLUMSTEIN & BLADER , P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400
Attorneys for Plaintiffs

RECEIVED & FILED
2012 JUL 19 ℗ 1: 09
MASS TORT CIVIL DIV
MIDLESEX VICINAGE

RONALD S. SCEARCE and ALISA J.
SCEARCE,

                    PlaintiffS,

        v.

3M COMPANY f/k/a Minnesota
Mining & Manufacturing Co.;
AGILENT TECHNOLOGIES, INC., as
successor by merger to Varian,
Inc., successor-in-interest to
Varian Associates, Inc.; ALPHA
WIRE CORP.; AFL
TELECOMMUNICATIONS, LLC,
individually and for its ACA
Conductor Accessories and
Dossert Corporation; AMERICAN
BILTRITE, INC.; AIW - 2010
WIND DOWN CORP., f/k/a
American Insulated Wire Corp.;
ANIXTER INC.; ATLAS WIRE &
CABLE CORP.; BELDEN WIRE AND
CABLE COMPANY; CBS
CORPORATION, a Delaware
corporation, f/k/a Viacom
Inc., successor by merger to
CBS Corporation, a
Pennsylvania corporation,
f/k/a Westinghouse Electric
Corp.; COOPER INDUSTRIES,
INC., individually and as
successor-in-interest to
Cooper Cameron Corp. and
Cooper-Bessemer Corp.; DOMCO
PRODUCTS OF TEXAS, LP f/k/a
Azrock; DUREZ CORPORATION;
ELECTRIC SWITCHBOARD

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MIDDLESEX COUNTY.

DOCKET NO.: MID-L-4657-12AS

Civil Action - Asbestos
Litigation

FIRST AMENDED COMPLAINT, JURY
DEMAND, DEMAND FOR ANSWERS TO
STANDARD INTERROGATORIES AND
DESIGNATION OF TRIAL COUNSEL

1

652936.1

SOLUTIONS, LLC, individually and as successor-in-interest to Electric Switchboard, Co., Inc.; EATON CORPORATION, as successor-in-interest to Eaton Electrical, Inc., and Cutler Hammer, Inc.; ERICSSON, INC., successor-in-interest to Anaconda Wire & Cable Company and Continental Wire & Cable Co.; GENERAL ELECTRIC COMPANY, individually and as successor-in-interest to the Radio Corporation of America (RCA); GEORGIA-PACIFIC, LLC; HONEYWELL INTERNATIONAL INC., f/k/a Allied Signal, Inc., as successor-in-interest to The Bendix Corporation; KAISER-GYPSUM; KENTILE FLOORS, INC.; LEVITON MANUFACTURING CO., INC.; MANNINGTON MILLS; MOTOROLA SOLUTIONS, INC., as successor to Motorola, Inc.; PHELPS DODGE COOPER PRODUCTS CORPORATION, individually and for its Habirshaw Cable and Wire Division; RAYTHEON COMPANY; RSCC WIRE & CABLE, INC., f/k/a Rockbestos-Surprenant Cable Corp; SQUARE-D COMPANY; TARKETT USA, INC., f/k/a Domco Tarkett, Inc. and Tarkett, Inc., individually and for its Azrock Flooring; THE MARMON GROUP, INC., individually and as successor-in-interest to the Cerro-Maron Corp., Cerro Corp., Cerro Wire & Cable., Inc., The Rockbestos Co., and the Rockbestos Products Corp., now known as RSCC Wire & Cable Inc.; THE OKONITE COMPANY; THERMO ELECTRIC COMPANY, INC.; TYCO INTERNATIONAL MANAGEMENT COMPANY, LLC; TYCO ELECTRONICS INTEGRATED CABLE SYSTEMS, LLC, f/k/a Tycom Integrated Cable Systems, Inc. and Simplex Wire

2

652936.1

and Cable Company; UNION
CARBIDE CORP.; UNIROYAL ✓
HOLDINGS, INC., f/k/a
Uniroyal, Inc.; UNISYS
CORPORATION; UNITED STATES
STEEL CORPORATION f/k/a United
States Steel, LLC, as
successor by merger to the
former USX Corporation,
successor-in-interest to
American Steel & Wire Corp.;
WESCO INTERNATIONAL, INC.,
successor-in-interest to
WESCO, A Westinghouse Electric
Corporation Company; John Doe
Corporations 1-50; John Doe
Corporations 51-100; EXTECO,
INC.,f/k/a Thermo-Electric
Co., Inc.,

                Defendants.

Plaintiffs, Ronald S. Scearce and Alisa J. Scearce, by way
of complaint against Defendants alleges and says:

### PARTIES - PLAINTIFFS

1.   Plaintiffs, Ronald S. Scearce and Alisa J. Scearce, are
husband and wife, residing at 2133 Stony Mill Rd., Danville, VA
24541.

2.   The Plaintiff, Ronald S. Scearce, (hereafter, Mr.
Scearce) was diagnosed with mesothelioma in February 2012, caused
by exposure to Defendants' asbestos products.

3.   In or about approximately 1981-82, Mr. Scearce was
exposed to asbestos-containing flooring products while working as
an assistant to flooring mechanics.

4.   Mr. Scearce was also exposed to asbestos during this

652936.1

same time period while doing various home repair projects, including work with flooring, drywall and joint compound.

5.   From approximately 1983 to 2004, Mr. Scearce was exposed to asbestos-containing products while conducting electric repair work at various Air Force base sites, including McGuire Air Force Base in New Jersey. Mr. Scearce was additionally exposed to asbestos from communications equipment being installed and used during the same time period at that location.

6.   Mr. Scearce was additionally exposed to asbestos while performing automobile repair work, including brake jobs on his personal automobiles in the 1980s.

7.   As a direct and proximate result of the above exposures, the Plaintiff, Ronald S. Scearce, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

## PARTIES - DEFENDANTS

8.   Defendants, 3M COMPANY f/k/a Minnesota Mining & Manufacturing Co.; AGILENT TECHNOLOGIES, INC., as successor by merger to Varian, Inc., successor-in-interest to Varian Associates, Inc.; ALPHA WIRE CORP.; AFL TELECOMMUNICATIONS, LLC, individually and for its ACA Conductor Accessories and Dossert Corporation; AMERICAN BILTRITE, INC.; AIW - 2010 WIND DOWN CORP., f/k/a American Insulated Wire Corp.; ANIXTER INC.; ATLAS WIRE & CABLE CORP.; BELDEN WIRE AND CABLE COMPANY; CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse

4

652936.1

Electric Corp.; COOPER INDUSTRIES, INC., individually and as
successor-in-interest to Cooper Cameron Corp. and Cooper-Bessemer
Corp.; DOMCO PRODUCTS OF TEXAS, LP f/k/a Azrock; DUREZ
CORPORATION; ELECTRIC SWITCHBOARD SOLUTIONS, LLC, individually
and as successor-in-interest to Electric Switchboard, Co., Inc.;
EATON CORPORATION, as successor-in-interest to Eaton Electrical,
Inc., and Cutler Hammer, Inc.; ERICSSON, INC., successor-in-
interest to Anaconda Wire & Cable Company and Continental Wire &
Cable Co.; GENERAL ELECTRIC COMPANY, individually and as
successor-in-interest to the Radio Corporation of America (RCA);
GEORGIA-PACIFIC, LLC; HONEYWELL INTERNATIONAL INC., f/k/a Allied
Signal, Inc., as successor-in-interest to The Bendix Corporation;
KAISER-GYPSUM; KENTILE FLOORS, INC.; LEVITON MANUFACTURING CO.,
INC.; MANNINGTON MILLS; MOTOROLA SOLUTIONS, INC., as successor to
Motorola, Inc.; PHELPS DODGE COOPER PRODUCTS CORPORATION,
individually and for its Habirshaw Cable and Wire Division;
RAYTHEON COMPANY; RSCC WIRE & CABLE, INC., f/k/a Rockbestos-
Surprenant Cable Corp; SQUARE-D COMPANY; TARKETT USA, INC., f/k/a
Domco Tarkett, Inc. and Tarkett, Inc., individually and for its
Azrock Flooring; THE MARMON GROUP, INC., individually and as
successor-in-interest to the Cerro-Maron Corp., Cerro Corp.,
Cerro Wire & Cable., Inc., The Rockbestos Co., and the Rockbestos
Products Corp., now known as RSCC Wire & Cable Inc.; THE OKONITE
COMPANY; THERMO ELECTRIC COMPANY, INC.; TYCO INTERNATIONAL
MANAGEMENT COMPANY, LLC; TYCO ELECTRONICS INTEGRATED CABLE

652936.1

SYSTEMS, LLC, f/k/a Tycom Integrated Cable Systems, Inc. and Simplex Wire and Cable Company; UNION CARBIDE CORP.; UNIROYAL HOLDINGS, INC., f/k/a Uniroyal, Inc.; UNISYS CORPORATION; UNITED STATES STEEL CORPORATION f/k/a United States Steel, LLC, as successor by merger to the former USX Corporation, successor-in-interest to American Steel & Wire Corp.; WESCO INTERNATIONAL, INC., successor-in-interest to WESCO, A Westinghouse Electric Corporation Company; and EXTECO, INC., f/k/a Thermo-Electric Co., Inc., were manufacturers, suppliers, distributors, users or installers of asbestos fibers, dust, minerals, particles and other finished and unfinished asbestos products to which Plaintiff, Ronald S. Scearce, was exposed.

9.   John Doe Corporations 1 through 50 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who mined, manufactured, sold, marketed, used, installed and/or removed asbestos or asbestos containing products to which Ronald S. Scearce was exposed.

10.   John Doe Corporations 51 through 75 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, used, installed and/or removed asbestos, or asbestos containing products, to which Ronald S. Scearce was exposed.

652936.1

## FIRST COUNT

11.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 10 as though hereinafter set forth at length.

12.  The Defendants conduct and/or have conducted business in New Jersey at all times relevant herein. The Defendants breached their warranties, both express and implied, for fitness of purpose and merchantability.

13.  The Defendants are strictly liable in tort.

14.  As a direct and proximate result of Defendants' negligence, breach of warranties, both express and implied, and strict liability in tort, the Plaintiff, Ronald S. Scearce, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

15.  It was foreseeable to the Defendants that the Plaintiff, Ronald S. Scearce, and others similarly situated, would be injured as a result of the Defendants' actions and misconduct.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a)  Compensatory damages;

    b)  Punitive damages;

    c)  Pre-judgment and post judgment interest;

    d)  Costs;

652936.1

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

<u>SECOND COUNT</u>

16.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 as though hereinafter set forth at length.

17.  The Defendants, jointly and severally, marketed an ultra-hazardous product and placed that product in the stream of commerce.

18.  As a direct and proximate result of the Defendants' actions, the Plaintiff, Ronald S. Scearce, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

<u>THIRD COUNT</u>

19.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 as though hereinafter set forth at length.

8

20. Defendants breached their non-delegable duty to warn and negligently supplied defective materials and products without ensuring that the Plaintiff, Ronald S. Scearce, and his employers were warned about the dangers of asbestos exposure.

21. Defendants' actions prevented Ronald S. Scearce's employers from educating Mr. Scearce, and their other employees, on the dangers of asbestos exposure and from taking action to minimize the risks of exposure in and out of the workplace.

22. As a direct and proximate result of the Defendants' actions and inaction, the Plaintiff, Ronald S. Scearce, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and proper.

## FOURTH COUNT

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 as though

652936.1

hereinafter set forth at length.

24. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from the Plaintiff, Ronald S. Scearce, his employers and the general public concerning the known hazards associated with the use of, and exposure to, asbestos products.

25. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from the Plaintiff, Ronald S. Scearce, his employers and the public relating to the fact that asbestos fiber inhalation could be fatal.

26. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to disseminate false product safety information to the Plaintiff, Ronald S. Scearce's employers and the public.

27. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

28. Defendants willfully, wantonly and intentionally failed to take appropriate action to minimize the risks of asbestos exposure to the Plaintiff and the general public.

29. As a direct and proximate result of Defendants' willful, wanton and intentional acts, Plaintiff, Ronald S. Scearce, contracted mesothelioma and has suffered, and continues

10

652936.1

to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

   a) Compensatory damages;

   b) Punitive damages;

   c) Pre-judgment and post judgment interest;

   d) Costs;

   e) Attorney fees and litigation expenses; and

   f) Such other relief as the Court may deem just and proper.

**FIFTH COUNT**

30.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 as though hereinafter set forth at length.

31.  Plaintiff, Alisa J. Scearce, is the wife of Plaintiff, Ronald S. Scearce.

32.  Due to the actions of the Defendants and Premises Defendants, the Plaintiff, Alisa J. Scearce, was wrongfully deprived of her husband's society, services and consortium.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

   a) Compensatory damages;

   b) Punitive damages;

   c) Pre-judgment and post judgment interest;

11

652936.1

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

Plaintiff hereby incorporates by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the Asbestos Manual.  A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website: http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

## DISCLAIMER OF FEDERAL JURISDICTION

Plaintiffs specifically disclaim any federal cause of action or any claim that would give rise to federal jurisdiction.  To the extent that any of Plaintiff's asbestos exposure took place on a federal enclave, or to the extent that any of Plaintiff's asbestos exposure occurred on board vessels of the United States military (including Naval ships), or in the construction, maintenance and/or repair of United States military vessels and/or aircraft, Plaintiff's negligence claims against manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels and/or aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that

652936.1

the United States Government or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code. This disclaimer pertains to all of Plaintiff's claims, including those of negligence and products liability, as asserted herein.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury as to all issues of fact so triable.

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER , P.C.
Attorneys for Plaintiff

By:
Robert E. Lytle, Esq.

Dated: July 19, 2012

<u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R. 4:25-4, notice is hereby given that Moshe Maimon, Esq. is designated as trial counsel in the above captioned matter.

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER , P.C.
Attorneys for Plaintiff

By:
Robert E. Lytle, Esq.

Dated: July 19, 2012

13

652936.1

## DEMAND FOR INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B. which can be found at http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/generalorder1.pdf, Plaintiff hereby demands that the above listed Defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order. A copy of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website: http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/attache.pdf

```
                        SZAFERMAN, LAKIND,
                        BLUMSTEIN & BLADER , P.C.
                        Attorneys for Plaintiff

           By:
                        Robert E. Lytle, Esq.
```

Dated: July 19, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that I am not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joiner pursuant to R.

652936.1

4:29-1 (b) because of potential liability to any party on the basis of the same facts.

I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false that I am subject to punishment.

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER , P.C.
Attorneys for Plaintiff

By:   Robert E. Lytle, Esq.

Dated: July 19, 2012

15

652936.1

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for Initial Law Division
### Civil Part pleadings (not motions) under *Rule* 4:5-1.
### Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO.: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME<br>Robert G. Stevens, Jr., Esq. | TELEPHONE NUMBER<br>( 609 ) 275-0400 | COUNTY OF VENUE<br>Middlesex County |
| --- | --- | --- |
| FIRM NAME (if applicable)<br>Szaferman, Lakind, Blumstein & Blader, P.C. | | DOCKET NUMBER (when available)<br>MID-L          -12AS |
| OFFICE ADDRESS<br>101 Grovers Mill Road<br>Suite 200<br>Lawrenceville, NJ 08648 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND      ☒ YES      ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Darrel David Haberler, Plaintiff | CAPTION<br>Haberler, et al. v. 3M Company, et al. |
| --- | --- |
| CASE TYPE NUMBER (See reverse side for listing)<br>601 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br><br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br><br>☐ NONE   ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP<br>☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) _____<br>☐ FAMILIAL                    ☐ BUSINESS |
| --- | --- |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?
☐ YES   ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

> SUPERIOR COURT
> MIDDLESEX COUNTY
> RECEIVED & FILED
>
> MAY 2 3 2012
>
> GREGORY EDWARDS
> DEPUTY CLERK
> OF SUPERIOR COURT

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- | --- |
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE


Powered by
HotDocs

Printed by ALL-STATE LEGAL®<br>A Division of ALL-STATE International, Inc.<br>www.aslegal.com   800.222.0510   Page 1

**SIDE 2** 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (briefly describe nature of action) _____ |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge/450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**
| | | | |
|---|---|---|---|
| 280 | ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 | ZOMETA/AREDIA | 287 | YAZ/YASMIN/OCELLA |
| 278 | GADOLINIUM | 601 | ASBESTOS |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:
☐ Verbal Threshold       ☐ Putative Class Action       ☐ Title 59

Powered by
**HOTDOCS**

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2