BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. IV): | | Civil Action No. MDL 875 |
| JOSEPH A. ARDOIN, JR.<br><br>    Plaintiff,<br><br>VS.<br><br>ANCO INSULATION, INC., ET AL<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EDPA Civil Action No.:<br>2:10-CV-68064<br><br><br><br>Transferor District Court:<br>Middle District of Louisiana<br>Case No. 3:10-CV-00164 |

**PLAINTIFF'S OPPOSITION TO MOTION TO VACATE
CONDITIONAL REMAND ORDER**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joseph A. Ardoin, Jr. ("Plaintiff" or "Mr. Ardoin"), who responds to Defendants BASF Corporation, Exxon Mobil Corporation, Georgia-Pacific LLC, and Texaco, Inc.'s ("Defendants") Motion to Vacate Conditional Remand Order ("Motion to Vacate") and respectfully requests that this Court remand this case to the United States District Court for the Middle District of Louisiana in accordance with this Court's Conditional Remand Order (doc. 9004). Defendants have failed to provide any compelling reason for this Court to vacate its previously issued remand order, and this case is ripe for remand.

**I.    Brief Statement of Relevant Facts.**

Mr. Ardoin's asbestos case was originally filed in Louisiana state court on February 10, 2010, based on Mr. Ardoin's exposure to asbestos from Defendants' products, while employed by Defendants, and/or while working on Defendants' premises and subsequent diagnosis of lung cancer in the case entitled *Joseph A. Ardoin, Jr. v. Anco Insulations, Inc., et al*, No. 587-390 in the

19th Judicial District Court for the Parish of East Baton Rouge. *See* Excerpts of Plaintiff's Original Petition for Damages (exhibits omitted), attached hereto as **Exhibit A**.

Defendant DSM Copolymer, Inc. removed the case to the United States District Court for the Middle District of Louisiana on March 9, 2010. *See* Notice of Removal of Action Under 28 U.S.C §§ 1442 and 1446 (exhibits omitted), attached hereto as **Exhibit B**. The case was transferred to the United States District Court for the Eastern District of Pennsylvania's MDL 875 on May 17, 2010. *See* Transfer Order No. 766, attached hereto as **Exhibit C**. It was given a case number of 2:10-CV-68064. *Id*.

On August 8, 2012, Plaintiff filed a Motion for Suggestion of Remand with the Eastern District of Pennsylvania. *See* Plaintiff's Motion for Suggestion of Remand, August 8, 2012, attached hereto as **Exhibit D** (exhibits omitted). On September 25, 2012, Judge Eduardo Robreno filed a Suggestion of Remand, suggesting that Mr. Ardoin's case be remanded back to the United States District Court for the Middle District of Louisiana. *See* Suggestion of Remand, September 25, 2012, attached hereto as **Exhibit E**.

**II.    Law and Argument.**

It is the policy of the MDL Court to suggest remand of cases that have gone through the summary judgment stage. *See* Suggestion of Remand in *Wright v. A.W. Chesterton Co., et al*, No. 2:11-cv-66748-ER, doc. 259, May 15, 2012 at 2, n.1, attached hereto as **Exhibit F** ("Wright Suggestion of Remand"). Here, Judge Robeno issued Orders on Motions for Summary Judgment in this case over a year ago, on July 28, 2011, and thus, this case is ripe for remand. *See* Order, July 28, 2011, attached hereto as **Exhibit G**.

Defendants base their Motion to Vacate primarily on two issues: (i) their allegation that outstanding discovery remains in this case and (ii) whether Plaintiff complied with each requirement of Administrative Order 18 in seeking remand. However, both of these arguments fail

to demonstrate why this case should not be remanded, and Defendants will not be prejudiced if this Court remands this case to the Middle District of Louisiana.

      A.      <u>Defendants Will Not Be Prejudiced by Remand.</u>

Defendants argue that this case should not be remanded because discovery is not complete. *See* Defendants' Memorandum at 2-3. However, Defendants never indicated that they felt there were outstanding discovery issues that would delay the trial of this matter until they briefed such issues to this Court in their Memorandum in Support of their Motion to Vacate on October 24, 2012, nearly two years after the discovery cutoff in this case. When Plaintiff filed his Motion for Suggestion of Remand after the expiration of the discovery cutoff date and after motions for summary judgment were adjudicated, Plaintiff had no indication that Defendants believed that discovery was still not complete.

Regardless, the presence of outstanding pre-trial issues does not preclude remand. As Judge Robreno has stated, after remand, Defendants can bring any outstanding pre-trial issues to the attention of the transferor court, which, as the trial court for the case, would be best equipped to decide such issues in advance of trial. *See* Wright Suggestion of Remand at 2, n.1. By Defendants' own admission, the median time in which it takes a case to come to trial in the Middle District of Louisiana is 37.8 months. *See* Defendants' Memorandum at 5. Thus, the parties will have ample time in which they can resolve these newly discovered outstanding discovery issues with the trial court prior to trial.

Defendants also argue that this case should not be remanded because Plaintiff did not attach the expert causation report to their Suggestion of Remand in violation of MDL Administrative Order no. 18. *See* Defendants' Memorandum at 4-5. However, Defendants were provided with the report of Plaintiff's expert, Dr. Sunil K. Prashar, stating that Mr. Ardoin's exposure to asbestos was a significant contributing cause of his lung cancer on November 23,

3

2010. *See* Correspondence to All Counsel of Record, November 23, 2010, excerpts attached hereto as **Exhibit H**. Thus, Defendants have been in possession of this expert report linking Mr. Ardoin's exposure to asbestos with his lung cancer for nearly two years and cannot claim that they will be prejudiced if this case is remanded without the report being attached to Plaintiff's Motion for Suggestion of Remand. Moreover, Judge Robreno, who promulgated Administrative Order no. 18, evidently did not find the medical report attached to Plaintiff's Motion for Suggestion of Remand to be insufficient under Administrative Order no. 18, as he granted Plaintiff's Motion for Suggestion of Remand. *See* **Exhibit E**.

Defendants have failed to provide compelling reason for this Court to vacate its Conditional Remand Order, and thus, Plaintiff respectfully requests that this Court deny Defendants' Motion to Vacate Conditional Remand Order.

### III. Conclusion.

Considering the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Motion to Vacate Conditional Remand Order, remand this case to the United States District Court for the Middle District of Louisiana in accordance with its Conditional Remand Order, and for any other relief to which Plaintiff may be entitled.

Respectfully submitted,

**BARON & BUDD, PC**

  /s/ Christopher C. Colley
Christopher Colley, Bar No. 30322
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas   75219
Phone:   (214) 521-3605
Fax:   (214) 520-1181
ccolley@baronbudd.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On November 14th, 2012, I served the following documents by electronically serving the document described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

      /s/ Christopher C. Colley
      Christopher C. Colley