# U.S. District Court
## North Carolina Middle District (NCMD)
## CIVIL DOCKET FOR CASE #: 1:12-cv-01231-CCE
### Internal Use Only

VAUGHAN v. 3M COMPANY, et al
Assigned to: JUDGE CATHERINE C. EAGLES
Case in other court: Eastern District of Pennsylvania, MDL 875
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 11/16/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**GENEVA D. VAUGHAN**
*individually and as Executrix of the
Estate of BILLY RAY VAUGHAN,
Deceased*

represented by **WILLIAM MARC GRAHAM**
WALLACE AND GRAHAM, P.A.
525 N. MAIN ST.
SALISBURY, NC 28144
704-633-5244
Fax: 704-633-9434
Email: bgraham@wallacegraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M COMPANY**
*formerly known as*
MINNESOTA, MINING
*formerly known as*
MANUFACTURING COMPANY

**Defendant**

**A.O. SMITH CORPORATION**

**Defendant**

**AMERICAN OPTICAL
CORPORATION**

**Defendant**

**AMETEK, INC.**
*Individually and as successor-in-
interest to HERCULES, INC.,
successor-in-interest to HAVEG
INDUSTRIES, INC., successor by
merger to HAVEG CORPORATION*

**Defendant**

**ARMSTRONG INTERNATIONAL,**

**INC.**

**Defendant**

**BENJAMIN FOSTER**
*Division of AMCHEM PRODUCTS,*
*INC.*

**Defendant**

**BW/IP, INC.**
*a subsidiary of FLOWSERVE*
*CORPORATION*

**Defendant**

**CARRIER CORPORATION**

**Defendant**

**CBS CORPORATION**
*a Delaware Corporation*
*formerly known as*
VIACOM, INC., successor by merger
to CBS CORPORATION
*formerly known as*
WESTINGHOUSE ELECTRIC
CORPORATION

**Defendant**

**CERTAINTEED CORPORATION**

**Defendant**

**CHAMPLAIN CABLE COMPANY**
*Individually and as successor-in-*
*interest to HERCULES, INC.,*
*Individually and as successor-in-*
*interest to HAVEG INDUSTRIES, INC.*

**Defendant**

**CINCINNATI VALVE COMPANY**
*individually and as successor in interest*
*to LUNKENHEIMER VALVES*

**Defendant**

**CLEAVER BROOKS, INC.**
*Individually and as successor-in-*
*interest to AQUACHEM and*
*NEBRASKA BOILER DIVISION*

**Defendant**

**CRANE CO.**

**Defendant**

**CRANE CO.**
*individually and as successor in interest*
*to CHEMPUMP*

**Defendant**

**CRANE CO.**
*individually and as successor in interest*
*to STOCKHAM VALVE*

**Defendant**

**CROSBY VALVE, INC.**

**Defendant**

**DANIEL INTERNATIONAL**
**CORPORATION**

**Defendant**

**DICKOW PUMP COMPANY**

**Defendant**

**DOW ENGINEERING COMPANY**

**Defendant**

**FISHER CONTROLS**
**INTERNATIONAL, LLC**

**Defendant**

**FLOWSERVE CORPORATION**
*individually and as successor to*
*DURIRON CO, INC., and DURCO*
*INTERNATIONAL, INC.*

**Defendant**

**FLOWSERVE CORPORATION**
*successor in interest to INGERSOLL*
*DRESSER PUMPS*

**Defendant**

**FLUOR DANIEL, INC.**
*formerly known as*
DANIEL CONTRUCTION
COMPANY, INC.

**Defendant**

**FOSTER-WHEELER ENERGY**
**CORPORATION**

**Defendant**

**GENERAL ELECTRIC COMPANY**

**Defendant**

**GENTECH EQUIPMENT
COMPANY**
*formerly known as*
LOUISVILLE DRYER COMPANY
*formerly known as*
FIRST THERMAL SYSTEMS, INC.

**Defendant**

**GOULDS PUMPS, INC.**

**Defendant**

**GRINNELL, INC.**

**Defendant**

**HAJOCA CORPORATION**

**Defendant**

**HERCULES, INC.**
*Individually and as successor-in-
interest to HERCULES POWDER
COMPANY, successor-in-interest to
HAVEG INDUSTRIES, INC., successor
by merger to HAVEG CORPORATION*

**Defendant**

**INDUSTRIAL HOLDINGS
CORPORATION**
*formerly known as*
THE CABORUNDUM COMPANY

**Defendant**

**INGERSOLL-RAND COMPANY**

**Defendant**

**INTERNATIONAL PAPER
COMPANY**
*successor by merger with CHAMPION
INTERNATIONAL CORPORATION
formerly known as*
U.S. PLYWOOD-CHAMPION
PAPERS, INC.

**Defendant**

**ITT CORPORATION**

**Defendant**

**JOHN CRANE, INC**

**Defendant**

**MET-PRO CORPORATION**

**Defendant**

**MINE SAFETY APPLIANCES
COMPANY**

**Defendant**

**PARKER HANNIFIN
CORPORATION**

**Defendant**

**PLASTIC COATINGS
CORPORATION**
*successor-in-interest to THE
WIDDECOMBE CORPORATION,
successor by merger to PLASTIC
COATINGS CORPORATION*

**Defendant**

**RAPID AMERICAN
CORPORATION**

**Defendant**

**RILEY POWER, INC.**
*formerly known as*
BABCOCK BORSIG POWER, INC.
*formerly known as*
D.B. RILEY, INC.
*formerly known as*
RILEY STOKER CORPORATION

**Defendant**

**SEPCO CORPORATION**

**Defendant**

**SPIRAX SARCO COMPANY, INC.**
*Individually and as successor-in-
interest to SARCO COMPANY, INC.*

**Defendant**

**THE WILLIAM POWELL
COMPANY**

**Defendant**

**TRANE US INC.**
*formerly known as*

AMERICAN STANDARD

**Defendant**

**UNION CARBIDE CORPORATION**

**Defendant**

**UNITED CONVEYOR
CORPORATION**

**Defendant**

**VELAN VALVE CORPORATION**

**Defendant**

**VIMASCO CORPORATION**

**Defendant**

**WIDDECOMBE CORPORATION**
*Individually and as successor by
merger to PLASTIC COATINGS
CORPORATION*

**Defendant**

**YARWAY CORPORATION**

**Defendant**

**ZURN INDUSTRIES, INC.**
*individually and as successor in interest
to ERIE CITY IRON WORKS*

**Defendant**

**AIR & LIQUID SYSTEMS
CORPORATION**
*successor by merger to BUFFALO
PUMPS, INC.*

**Defendant**

**U.S. PLYWOOD-CHAMPION
PAPERS, INC.**
*successor by merger with UNITED
STATES PLYWOOD CORPORATION*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2012 | 1 | COMPLAINT against ALL DEFENDANTS (Filing fee $350 receipt number 0418-1211806), filed by GENEVA D. VAUGHAN. (GRAHAM, WILLIAM) Modified on 11/16/2012 to fix all party names in case caption and to take them out of docket text. (Garland, Leah) (Entered: 11/16/2012) |
| 11/16/2012 | 2 | Summons Issued as to All Defendants. (Garland, Leah) (Entered: |

Case MDL No. 875   Document 9088-1   Filed 11/20/12   Page 7 of 45

| | | 11/16/2012) |
|---|---|---|
| 11/16/2012 | 3 | Notice of Right to Consent. Counsel shall serve the attached form on all parties. (Garland, Leah) (Entered: 11/16/2012) |
| 11/19/2012 | 🔒 | (Court only) Case ASSIGNED to JUDGE CATHERINE C. EAGLES. (Garland, Leah) (Entered: 11/19/2012) |

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILE NO.: 1:12-cv-1231

GENEVA D. VAUGHAN, individually and as Executrix of the Estate of BILLY RAY VAUGHAN, Deceased,

      Plaintiff,

v.

3M COMPANY f/k/a MINNESOTA, MINING and MANUFACTURING COMPANY;
A.O. SMITH CORPORATION;
AIR & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO PUMPS, INC.;
AMERICAN OPTICAL CORPORATION;
AMETEK, INC., Individually and as successor-in-interest to HERCULES, INC., successor-in-interest to HERCULES POWDER COMPANY, successor-in-interest to HAVEG INDUSTRIES, INC., successor by merger to HAVEG CORPORATION;
ARMSTRONG INTERNATIONAL, INC.;
BENJAMIN FOSTER, Division of AMCHEM PRODUCTS, INC.
BW/IP, INC., a subsidiary of FLOWSERVE CORPORATION;
CARRIER CORPORATION;
CBS CORPORATION, a Delaware Corporation f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION;
CERTAINTEED CORPORATION;
CHAMPLAIN CABLE COMPANY, Individually and as successor-in-

**CIVIL ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

interest to HERCULES, INC., )
Individually and as successor-in- )
interest to HAVEG INDUSTRIES, )
INC.; )
CINCINNATI VALVE COMPANY, )
individually and as successor in )
interest to LUNKENHEIMER )
VALVES; )
CLEAVER BROOKS, INC., )
Individually and as successor-in- )
interest to AQUACHEM and )
NEBRASKA BOILER DIVISION; )
CRANE CO.; )
CRANE CO, individually and as )
successor in interest to )
CHEMPUMP; )
CRANE CO, individually and as )
successor in interest to )
STOCKHAM VALVE; )
CROSBY VALVE, INC.; )
DANIEL INTERNATIONAL )
CORPORATION; )
DICKOW PUMP COMPANY; )
DOW ENGINEERING COMPANY; )
FISHER CONTROLS )
INTERNATIONAL, LLC; )
FLOWSERVE CORPORATION, )
individually and as successor to )
DURIRON CO, INC., and DURCO )
INTERNATIONAL, INC. )
FLOWSERVE CORPORATION, )
successor in interest to INGERSOLL )
DRESSER PUMPS; )
FLUOR DANIEL, INC., f/k/a DANIEL )
CONSTRUCTION COMPANY, )
INC. )
FOSTER-WHEELER ENERGY )
CORPORATION; )
GENERAL ELECTRIC COMPANY )
GENERAL REFRACTORIES )
COMPANY; )
GENTECH EQUIPMENT COMPANY )
f/k/a LOUISVILLE DRYER )
COMPANY f/k/a FIRST )
THERMAL SYSTEMS, INC.; )
GOULDS PUMPS, INC.; )

GRINNELL, INC.;                                   )
HAJOCA CORPORATION;                               )
HERCULES, INC., Individually and as              )
    successor-in-interest to HERCULES        )
    POWDER COMPANY, successor-              )
    in-interest to HAVEG                     )
    INDUSTRIES, INC., successor by          )
    merger to HAVEG                         )
    CORPORATION;                            )
INDUSTRIAL HOLDINGS                               )
    CORPORATION, f/k/a THE                  )
    CABORUNDUM COMPANY;                      )
INGERSOLL-RAND COMPANY;                           )
INTERNATIONAL PAPER                               )
    COMPANY, successor by merger            )
    with CHAMPION                           )
    INTERNATIONAL                           )
    CORPORATION, f/k/a U.S.                 )
    PLYWOOD – CHAMPION                      )
    PAPERS, INC., successor by merger       )
    with UNITED STATES PLYWOOD              )
    CORPORATION;                            )
ITT CORPORATION;                                  )
JOHN CRANE, INC.;                                 )
MET-PRO CORPORATION;                              )
MINE SAFETY APPLIANCES                            )
    COMPANY;                                )
PARKER HANNIFIN                                   )
    CORPORATION;                            )
PLASTIC COATINGS                                  )
    CORPORATION, successor-in-              )
    interest to THE WIDDECOMBE              )
    CORPORATION, successor by               )
    merger to PLASTIC COATINGS              )
    CORPORATION;                            )
RAPID AMERICAN CORPORATION;                       )
RILEY POWER, INC. f/k/a BABCOCK                   )
    BORSIG POWER, INC., f/k/a D.B.          )
    RILEY, INC., f/k/a RILEY                )
    STOKER CORPORATION;                     )
SEPCO CORPORATION;                                )
SPIRAX SARCO COMPANY, INC.,                       )
    Individually and as successor-in-       )
    interest to SARCO COMPANY,              )
    INC.;                                   )
THE WILLIAM POWELL                                )

COMPANY;                                        )
TRANE US INC., f/k/a AMERICAN                    )
   STANDARD;                      )
UNION CARBIDE CORPORATION;                       )
UNITED CONVEYOR                                  )
   CORPORATION;                    )
U.S. PLYWOOD – CHAMPION                          )
   PAPERS, INC., successor by merger )
   with UNOTED STATES              )
   PLYWOOD CORPORATION;            )
VELAN VALVE CORPORATION;                         )
VIMASCO CORPORATION;                             )
WIDDECOMBE CORPORATION,                          )
   Individually and as successor by )
   merger to PLASTIC COATINGS      )
   CORPORATION;                    )
YARWAY CORPORATION;                              )
ZURN INDUSTRIES, INC.,                           )
   individually and as successor in )
   interest to ERIE CITY IRON      )
   WORKS;                          )
                                             )
      Defendants.   )

## CIVIL ACTION COMPLAINT

PLAINTIFF, Geneva D. Vaughan, individually and as Executrix of the Estate of Billy Ray Vaughan, Deceased, by and through her attorneys, Wallace and Graham, PA, hereby brings this Civil Action Complaint, against the above-named Defendants for compensatory and punitive damages, whereas the following is alleged:

1.      This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 et seq., for the wrongful death of Billy Ray Vaughan on behalf of all persons entitled to recover damages as a result of his contracting an incurable asbestos cancer.

2.      Billy Ray Vaughan was diagnosed with mesothelioma on or about March

14, 2012 and died on June 1, 2012, in Person County, North Carolina.

## PARTIES

3.      Plaintiff Geneva D. Vaughan, is the surviving spouse of Billy Ray Vaughan, Deceased (hereinafter "Decedent") and is the Executrix of the Estate of Billy Ray Vaughan, Deceased. Plaintiff Geneva D. Vaughan and the Decedent were, at all times relevant, citizens and residents of the State of North Carolina.

4.      Plaintiff Geneva D. Vaughan was appointed Executrix of the Estate of Billy Ray Vaughan, Deceased on or about June 29, 2012. Plaintiff Geneva D. Vaughan maintains this action on behalf of the Estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3 and on behalf of herself individually as a result of her loss of consortium of her husband, the Decedent, during his illness.

5.      Plaintiff Geneva D. Vaughan brings this action pursuant to the Decedent's diagnosis of Malignant Mesothelioma, a signal tumor for exposure to asbestos. The Decedent worked full days in an industrial environment where he was exposed to asbestos beginning in approximately 1953. During the time period the Decedent was exposed to asbestos, the manufacturers of asbestos products failed to adequately warn of the lethal hazards of breathing asbestos dust, often failing to issue any waning at all, despite the fact that these asbestos companies knew that breathing small amounts of asbestos dust could be fatal.  When the asbestos dust is breathed in, it can cause asbestos cancer forty years later.  The scientific and regulatory communities around the world are in unanimous agreement that all types of asbestos released from asbestos products cause cancer, and that there is no safe level of exposure to asbestos. The Decedent's work in the

industrial insulation trade placed him around asbestos-containing insulation, mastics, gaskets, packing, boilers, valves, pumps, steam traps, piping, turbines, and panels all of which can release vast amounts of asbestos dust into the air when disturbed. The investigation continues into the Decedent's work with asbestos products and his exposures to those products.   At present, it is known the Decedent's industrial employment related to these allegations includes the following work site: DuPont, Kinston, North Carolina, 1953-1955; 1957-1992.

6.      All of the named defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. Mr. Vaughan was exposed to various asbestos-containing products while working at various job sites listed in Paragraph 5 above.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

8.      Further, this Court has diversity jurisdiction over the parties because the Plaintiff is a citizen of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

9.      Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
**(Against all named Defendants except Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

10.      Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

11.      At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

12.      The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Decedent.

13.      The dangers of breathing asbestos were first published in the medical literature in the 1890s.  By the late 1950s, there were hundreds of medical articles highlighting the dangers of being around asbestos dust.   Confidential corporate documents from many of the named defendant companies reveal that (a) the dangers of

asbestos were well understood; (b) asbestos was cheaper to use in the products than replacement substances such as clay; (c) the product manufacturing industry actively fought governmental regulation and the banning of asbestos.  To this day industry has been successful in their lobbying efforts to keep asbestos legal in the United States.

14.     Throughout the course of his employment, the Decedent worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

15.     During the course and scope of his employment, the Decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

16.    Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

17.     The Decedent, whose livelihood was dependent upon the work that he did at the work site listed in Paragraph 5 above was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed, such as the Decedent, would be required to and

would come into contact with and would work in close proximity to said products.

18.     The Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of his reasonable care. The Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to the Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that the Decedent would not know of such danger to his health.

19.     The Decedent's illness and disability are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to plaintiffs body, lungs, respiratory system, skin, and health.

20.     Defendants breached their duties and were negligent in the following acts and/or omissions:

    (a)     Failed to advise the Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

    (b)     Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth

they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit: asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

21.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the defendants.

22.     Defendants were negligent and breached their duty of due care to the Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

23.    The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to the Decedent were reasonably foreseeable, or should have been reasonably foreseen by defendants.

24.    As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled, damaged and has since died.

25.    As a result of the above, Plaintiff Geneva D. Vaughan seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
**(Against all named Defendants except Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

26.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.    The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

28.    The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

29.    As a direct and proximate result of the implied warranty of good and

merchantable quality and fitness for the particular intended use, the Decedent developed an illness, to-wit: mesothelioma.

30.     As a result of the above, Plaintiff Geneva D. Vaughan seeks damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendants Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

31.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

32.     At all material times, Defendants are or were engaged in the business of supplying, installing, replacing, repairing, and/or tearing out asbestos or asbestos-containing products during the course of construction or maintenance activities at the various job-sites listed in Paragraph 5.

33.     Upon information and belief, Defendants entered into various contracts to perform construction, maintenance, renovation and/or asbestos abatement work at some or all of the jobsites listed in Paragraph 5.

34.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be used, applied, installed, repaired, or torn out in the vicinity of the Decedent while he was working at his various job-sites.

35.     The Defendants herein, contracted, employed, retained and/or otherwise hired individuals, servants, agents, and/or employees to perform the work described herein and for which the Defendants had been hired, retained and/or contracted.

36.     Defendants herein are vicariously responsible for the negligent, willful and/or wanton acts of their employees, servants and/or agents, who, while committing such negligent, willful and/or wanton acts were acting generally within the scope of their assigned, duties and employment with said Defendant employers.

37.     In furtherance of its duties as general contractor, Defendants, by its agents, servants and/or employees, purchased, transported, cut, fitted, sawed, installed, and otherwise handled asbestos containing materials in and throughout certain jobsites identified on Paragraph 5.

38.     The construction, maintenance, and installation of asbestos-containing insulation and other asbestos-containing materials, occurred while the Decedent was employed and actively working in and throughout the plant and in close proximity to the Defendants' workers and employees.

39.     The Decedent, for a long period of time, worked with or around and was exposed to the asbestos and asbestos-containing materials, products or equipment installed, replaced, repaired, and/or torn out by the Defendants, with the exposure being within the State of North Carolina.

40.     During the course and scope of his employment, the Decedent has been exposed to Defendants' use of asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

41.     At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

42.     The Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to perform work as described herein in a reasonably safe manner and a duty to prevent injury to individuals, including the Decedent, who were working in and around the work and/or job areas of the Defendants, their agents, servants, and/or employees.

43.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Decedent and other foreseeable individuals working in and around the work and or job areas of the Defendants, their agents, servants, and or employees of the dangers associated with asbestos exposure which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

44.     The decedent, whose livelihood was dependent upon the work that he did at the job sites listed in Paragraph 5, was required to work with and around asbestos and or asbestos-containing products, materials or equipment that were used, applied, installed, torn out, or replaced by Defendants. Defendants knew or should have known that persons employed as the Decedent would be required to and would come into contact with and would work in close proximity to said products.

45.     The Decedent sustained injuries and death caused by no fault of his own and which could not be avoided through the use of his reasonable care. The Decedents development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they supplied, applied, installed, replaced, repaired, and or tore out said asbestos or asbestos containing products, materials or equipment while they knew, or in the exercise of ordinary care should have known, that said

products were deleterious, poisonous, cancer-causing and or inherently dangerous and harmful to the Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that the Decedent would not know of such danger to his health.

46.     The Decedent's illness, disability and death are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to plaintiffs body, lungs, respiratory system, skin, and health.

47.     The Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     While performing their duties and obligations to provide general and/or specific plant maintenance the Defendants, their employees, agents and/or servants, handled and/or distributed asbestos-containing material in such a way as to expose the Decedent herein to airborne asbestos dust and fibers.

(b)     F ailed to provide a safe work environment for the Decedent and others working in the vicinity of Defendant;

(c)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(d)     Failing to properly warn the Decedent of the presence of airborne asbestos fibers which had been released into the air as a direct and proximate result of the defendants, their employees, agents and/or servants;

(e)     Failing to properly label areas of the plant, plant appurtenances and structures, including but not limited to buildings, insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos containing material;

(f)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to the Decedent, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Decedent from overall exposure to asbestos-containing materials.

(g)     Failed to advise plaintiff of the dangerous characteristics of the asbestos and/or asbestos-containing materials, products or equipment used at Decedent's job-site;

(h)     Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(i)     Failed and omitted to place any warnings or sufficient warnings on the containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(j)     Failed and omitted to take reasonable precautions or to exercise reasonable

care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(k)    Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(l)    Did not recommend methods to improve the work environment;

(m)    Did not use alternative products;

(n)    Continued to use a known cancer-causing product, to-wit: asbestos;

(o)    During the time period that the Defendants constructed and/or maintained the plant at which the Decedent worked, including its buildings and appurtenances, the Defendants, their agents, servants, and/or employees failed to provide employees of the plant, including the Decedent, who were employed and working in the plant at the time, with any and/or all inadequate protection from exposure to airborne asbestos materials and fibers which were negligently released into the work area by Defendants, their employees, agents and/or servants; and

(p)    After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Decedent of the need for monitoring and periodic evaluations.

48.    At all material times, Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with exposure to asbestos or asbestos-

containing products.

49.     The Defendants were negligent and breached their duty of due care to the Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the negligent use and application of the asbestos and/or asbestos-containing products, materials or equipment at issue.

50.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to the Decedent were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

51.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed Mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled, damaged and died.

52.     As a result of the above, Plaintiff Geneva D. Vaughan seeks damages as are hereinafter demanded.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING AND/OR
### SUPERVISION OF EMPLOYEES
**(Against Defendants Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

53.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

54.     That each of the Defendants herein hired, retained and/or otherwise employed individuals in order to perform the Defendants' obligations and duties at certain jobsites listed in Paragraph 5.

55.     The Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner, and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

56.     The Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments, including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolition, removal and/or packaging of asbestos and asbestos-containing materials.

57.     The Defendants were negligent in that they failed to properly train, inform, equip and monitor supervisors and employees and the activities of its workers who were employed at the various sites listed on the attached Paragraph 5.

58.     That the transportation, installation, cutting, removal and/or otherwise handling of asbestos and asbestos-containing materials by Defendant, employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work area at times appeared like clouds of white smoke, and that the dust-contained asbestos was like a snowstorm, clouding and fogging the entire room and work areas.

59.     The handling of asbestos-containing materials by Defendants, their responsible employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls, and other areas.

60.     The Defendants, their employees, agents and/or servants handled and worked with asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated or properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied the Decedent.

61.     As a direct and proximate result of the Defendants negligent hiring, training and/or supervision of its employees, agents and/or servants, the Decedent was exposed to airborne asbestos dust and fibers causing injury , damages and death.

62.     Accordingly, Plaintiff Geneva D. Vaughan seeks damages as are hereinafter demanded.

## FIFTH CAUSE OF ACTION
## <u>GROSS NEGLIGENCE-WILFUL, WANTON, AND RECKLESS CONDUCT</u>
### (Against all named Defendants)

63.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

64.     The Decedent and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in the Decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

65.     The Defendants have known or should have known since at least 1929, and possibly as early as 1890, of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and

safety of the Decedent and others in the Decedent's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Decedent has been severely damaged as is set forth herein.

66.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through the 1970s, thus denying the Decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

67.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of the Decedent and

others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of the Decedent and others similarly situated, and Plaintiff Geneva D. Vaughan is thereby entitled to punitive damages.

68.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as the Decedent, Plaintiff Geneva D. Vaughan therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

### SIXTH CAUSE OF ACTION
### FALSE REPRESENTATION
#### (Against all named Defendants)

69.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

70.     During, before, and after the Decedent's exposure to asbestos products manufactured, installed or otherwise used by defendants, the defendants falsely

represented facts, including the dangers of asbestos exposure, to the Decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as the Decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

71.     The foregoing representations were material conditions precedent to the Decedent's continued exposure to asbestos containing products, and Defendants each intended that the Decedent act upon the representations by continuing his exposure to the asbestos products. The Decedent was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

72.     As a direct and proximate result of the Decedent's reliance upon Defendants' false representations, the Decedent has suffered injury, damages and death hereinafter described.

**SEVENTH CAUSE OF ACTION**
**<u>FAILURE TO WARN</u>**
**(Against all named Defendants except Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)**

73.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

74.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos.

75.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use

and/or inhalation of asbestos dust and fibers.

76.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned the Decedent of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as the Decedent;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to

protect the Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to the Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     otherwise failing to act reasonably under the totality of the circumstances.

77.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, for the Decedent's employer, and these products were used by the Decedent's various employers. Thus, Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

78.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

79.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

80.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused the Decedent to develop Mesothelioma as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

81.     As a result of the Defendants' failure to warn, the Decedent suffered injury, damages and death hereinafter alleged.

## EIGHTH CAUSE OF ACTION
## FAILURE TO WARN
### (Against Defendants Daniel International Corporation and Flour Daniel, Inc., f/k/a Daniel Construction Company, Inc.)

82.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

83.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-

containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Decedent s development of Mesothelioma.

84.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

85.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff of the dangers, including but not limited to:

(a)     Failing to properly enclose, encapsulate, seal, contain and/or safeguard the worksite in and around asbestos-containing materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

(b)     Failing to properly warn Plaintiff of the presence of airborne asbestos fibers which had been released in the air as a direct and proximate result of the defendants, their employees, agents and/or servants;

(c)     Failing to properly label areas of the plant, plant appurtances and structures, including but not limited to, building insulation, pipes, boilers, walls, ceilings, floors, and other areas as to the existence of friable or potentially friable asbestos containing material;

(d)     Failing to take reasonable precautions to publish, disseminate or otherwise make available to Plaintiff, warnings of the dangerous nature of the existence in the plant of asbestos and/or asbestos-containing material and/or prepare, implement or disseminate any reasonable plan to protect the Plaintiff from

overall exposure to asbestos-containing materials.

(e)    otherwise failing to act reasonably under the totality of the circumstances.

86.    Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

87.    As a direct and proximate result of the Defendants' failure to warn, the Decedent suffered and will continue to suffer the irreparable harm, injury and damages, as described herein.

## DAMAGES
### (As to all Defendants)

88.    Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

89.    Plaintiff Geneva D. Vaughan files this action under and pursuant to N.C. Gen. Stat §§ 28A-18-1, et seq. and seeks to recover any and all damages allowable and incurred by the Estate of Billy Ray Vaughan and all beneficiaries.

90.    As a result of the above alleged conduct of the Defendants, the Decedent developed mesothelioma, suffered and sustained very serious injury to his person and died, a consequence of which he was damaged as follows:

91.    As a result of the development of asbestos related diseases, the Decedent suffered and sustained very serious injuries to his person, to wit: mesothelioma.

92.    The Decedent suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

93.     The Decedent's enjoyment of life has been greatly impaired; that the Decedent incurred substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

94.     Plaintiff Geneva D. Vaughan alleges that as a result of the aforesaid illnesses, the Decedent was forced to incur large amounts of medical expenses by way of doctor and drug bills.

95.     The Decedent required domestic help and nursing care due to his disabilities and was required to pay for such domestic help and nursing services.

96.     Prior to the onset of his symptoms, the Decedent was extremely active and participated in numerous hobbies and activities, and as a result of his illness, the Decedent was prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease. The Decedent was otherwise prevented from participating in and enjoying the benefits of a full and complete life.

97.     WHEREFORE, the Plaintiff Geneva D. Vaughan verily believes the Decedent is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## DAMAGES FOR LOSS OF CONSORTIUM
### (As to all Defendants)

98.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

99.     As a direct and proximate result of the injuries and damages complained of herein with respect to the Decedent, and as a direct and proximate result of the acts and omissions of the defendants, Plaintiff Geneva D. Vaughan has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband, the Decedent; and therefore Plaintiff Geneva D. Vaughan is entitled to damages for her loss of consortium, both past and future. The Decedent was unable to perform the necessary duties of a spouse and the work and service usually performed in the care, maintenance, and management of the family home, and the Decedent will be unable to perform such work, services, and duties in the future.

100.     As a proximate result thereof, Plaintiff Geneva D. Vaughan, has been permanently deprived and will be deprived of the consortium of her husband, the Decedent, including the performance of duties, all to her damages, in an amount presently unknown to Plaintiffs but which will be proved at the time of trial.

101.     Discovery of the cause of Geneva D. Vaughan's loss of consortium, as herein alleged, occurred within one year of the date this complaint was filed.

102.     WHEREFORE, the Plaintiff prays for judgment against all Defendants for actual and punitive damages, lost wages and special damages in amounts to be determined by the trier of fact, and plus costs of this action.

## PUNITIVE DAMAGES
### (As to all Defendants)

103.     Plaintiff Geneva D. Vaughan incorporates by reference the preceding paragraphs as if fully set forth herein.

104.     As a result of the willful, wanton and gross misconduct and gross

negligence of the Defendants as alleged herein, the Plaintiff Geneva D. Vaughan seeks and requests punitive or exemplary damages. Defendants malicious and outrageous disregard for the safety of users of asbestos products, including the Decedent, including but not limited to their intentional concealment of the dangers of asbestos that they knew of yet consciously refused to warn users of those dangers evidences a conscious indifference to the safety and health of users and bystanders of the products they profited from selling.

105.    WHEREFORE, Plaintiff Geneva D. Vaughan therefore for example and by way of punishing Defendants, seeks punitive damages, according to proof.

**<u>PLAINTIFF'S REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>.**

Respectfully submitted,
WALLACE AND GRAHAM, P.A.

/s/William M. Graham
William M. Graham
NC Bar No. 17972
Cathy A. Williams
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

<u>Date: 11/16/2012</u>

## DEFENDANT SERVICE LIST

3M Company f/k/a Minnesota Mining and Manufacturing Company
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

A.O. Smith Corporation
The Prentice Hall Corporation System
327 Hillsborough Street
Raleigh, NC 27603

Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc.
874 Oliver St.
North Tanawanda, NY 14120-3298

American Optical Corporation
North Carolina Secretary of State
2 South Salisbury Street
Raleigh, NC 27601

Ametek, Inc., Individually And As Successor-In-Interest To Hercules, Inc., Successor-In-
Interest To Hercules Powder Company, Successor-In-Interest To Haveg Industries, Inc.,
Successor By Merger To Haveg Corporation;
100 West Tenth Street
Wilmington, DE 19801

Armstrong International, Inc.
David Dykstra, Registered Agent
900 Maple St.
Three Rivers, MI 49093

Benjamin Foster, a Division of Amchem Products, Inc.
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

BW/IP, a subsidiary of Flowserve Corporation
Flowserve Legal Department
5212 N. O'Conner Blvd.
Irving, TX 75039

Carrier Corporation
CT Corporation System
150 Fayetteville St. Box 1011
Raleigh, NC 27601

CBS Corporation, a Delaware Corporation f/k/a Viacom, Inc., successor by merger to
CBS Corporation f/k/a Westinghouse Electric Corporation
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Certainteed Corporation
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Champlain Cable Company, Individually And As Successor-In-Interest To Hercules,
Inc., Individually And As Successor-In-Interest To Haveg Industries, Inc.
175 Hercules Drive
Colchester, VT 05446

Cincinnati Valve Co., individually and as successor in interest to Lunkenheimer Valves
Rick A. Hopkins, Registered Agent
602 Main Street
Cincinnati, OH 45202

Cleaver Brooks, Inc., Individually And
As Successor-In-Interest to AquaChem
And Nebraska Boiler Division
11950 W Lake Park Dr
Milwaukee, WI 53224

Crane Co.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Crane Co., Individually And As Successor-In-Interest To Chempump;
Corporation trust Company
1209 Orange Street
Wilmington, DE 19801

Crane Co., Individually And As Successor-In-Interest To Stockham Valve
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Crosby Valve
9 Roszel Road
Princeton, NJ 08540

Daniel International Corporation
Registered Agent, NC Secretary of State
2 South Salisbury Street
Raleigh, NC 27601

Dickow Pump Co., Inc.
James Gross, Registered Agent
1738 Sands Place SE #200
Marietta, GA 30067

Dow Engineering Company
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Fisher Controls International, LLC
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Flowserve Corporation, individually and as successor to Duriron Co., Inc. and Durco
International, Inc.
5215 N. O'Conner Blvd. Suite 2300
Irving, TX 75039

Flowserve Corporation, individually and as successor to Ingersoll Dresser Pumps
5215 N. O'Conner Blvd. Suite 2300
Irving, TX 75039

Flour Daniel, Inc. f/k/a Daniel Construction Company, Inc.
Corporation Service Co.
327 Hillsborough Street
Raleigh, NC 27603

Foster-Wheeler Energy Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

General Electric Company
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

General Refractories Company
1 Bala Ave. Suite 310
Bala Cynwyd, PA 19004

Genetec Equipment Company f/k/a Louisville Dryer Company f/k/a First Thermal
Systems, Inc.
Michawl R. Mercer, Registered Agent
12711 Townepark Way
Louisville, KY 40243

Goulds Pumps, Inc.
240 Fall Street
Seneca Falls, NY 131148

Grinnell, Inc.
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Hajoca Corporation
Corporation Service Company
327 Hillsborough Street
Raleigh, NC  27603

Hercules, Inc., Individually And As Successor-In-Interest To Hercules Powder Company,
Successor-In-Interest To Haveg Industries, Inc., Successor By Merger To Haveg
Corporation
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Industrial Holdings Corporation f/k/a The Carborundum Company
2351 Whirlpool Street
Niagara Falls, NY 14305

Ingersoll-Rand Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

International Paper Company
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

ITT Corporation

CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

John Crane Co.
CT Corporation System
150 Fayetteville St.
Box 1011
Raleigh, NC 27601

Met-Pro Corporation
PO Box 144
Harleysville, PA 19438

Mine Safety Appliances
CT Corporation System
150 Fayetteville St.
Box 1011
Raleigh, NC 27601

Parker Hannifin Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Plastic Coatings Corporation
P.O. Box 1068
St. Albans, WV 25177

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd Ste 400
Wilmington, DE 19808

Riley Power, Inc, Individually And As Successor-In-Interest To Babcock Borsig Power,
Inc. And Riley Stoker Corporation, Individually And As Successor-In-Interest To D.B.
Riley
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Sepco Corporation
CT Corporation System
818 W Seventh St
Los Angeles, CA 90017

Spirax Sarco Company, Inc., Individually and As Successor-In-Interest To Sarco
Company, Inc.
1150 Northpoint Blvd.
Blythewood, SC 29016

The William Powell Company
D. R. Cowart, Registered Agent
2503 Spring Grove Ave.
Cincinnati, OH 45214

Trane U.S. Inc., f/k/a American Standard Inc.
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Union Carbide Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

United Conveyor Corporation
North Carolina Secretary of State
2 South Salisbury Street
Raleigh, NC 27601

U.S. Plywood – Champion Papers, Inc., successor by merger with United States Plywood
Corporation
North Carolina Secretary of State
2 South Salisbury Street
Raleigh, NC 27601

Velan Valve Corporation
94 Ave C
Williston, VT 05495-9732

Vimasco Corporation
P.O. Box 516
Nitro, WV 25143

Widdecomb Corporation, individually and as successor by merger to plastics Coatings
Corporation
P.O. Box 1068
St. Albans, WV 25177

Yarway Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601

Zurn Industries
Individually and as successor-in-interest
to Erie City Iron Works
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601