IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO VI)<br>_____<br>This Document Relates To: | MDL 875 |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:12-cv-00311

| | |
|---|---|
| **BILLY DAVID HARRIS and ROBIN L. HARRIS,** Spouse,<br><br>Plaintiffs,<br><br>v.<br><br>**AJAX BOILER, INC., Individually and as successor-in-interset to AJAX BOILER AND HEATER COMPANY, et al.**<br><br>Defendants. | **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER BY DEFENDANT OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO KEWANNEE BOILER CORPORATION** |

Defendant Oakfabco, Inc., individually and as successor-in-interest to Kewannee Boiler Corporation (hereafter "Oakfabco"), by and through counsel, responds in opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order pertaining to the above-captioned case. In this regard, Defendant Oakfabco would advise the court that:

1) On October 1, 2012, Plaintiffs filed the above-captioned lawsuit in the Western District of North Carolina, at a time when the standing order providing for the transfer of asbestos product lawsuits from North Carolina's Federal District Courts to the MDL was in full force in effect. (**Attached as Exhibit No. 1**).

2) On October 2, 2012, the Clerk of Court for the Western District of North Carolina issued a Summons in connection with Plaintiff's Complaint filed on October 1, 2012, at a time when the standing order providing for the transfer of asbestos product

lawsuits from North Carolina's Federal District Courts to the MDL was in full force in effect. (**Attached as Exhibit No. 2**).

3) Therefore, at the time this lawsuit was filed by Plaintiffs and at the time when the Summons was issued, Plaintiffs were well aware, given the thousands of MDL product liability cases that have been handled by the firm representing Plaintiffs, that this case would reasonably be expected to be handled except for trial purposes at the MDL, and not in the Western District of North Carolina.

4) That the formal mechanism for transfer of the case, to wit, conditional transfer order was filed one day before Judge Roberno filed a suggestion that future North Carolina cases be handled through the North Carolina Federal District Courts is of no moment.

5) In point of fact, all that was done on October 4, 2012, the day before Conditional Transfer Order pertaining to this case was filed, was for Judge Roberno to make a written **suggestion** about future cases being transferred to MDL No. 875 from various Federal District Courts embracing certain states, including but not limited to North Carolina. (**See Plaintiff's Exhibit No. 1, attached as Defendant's Exhibit No. 3**)

6) Rather, what is important, and in fact, dispositive, is a fact inexplicably not mentioned by Plaintiffs' Motion and not included in Plaintiffs' attachments, is that it was not until October 21, 2012 that the United States Judicial Panel on Multidistrict Litigation entered an order stating that the Panel "will therefore immediately cease transferring to MDL No. 875 new tag-along actions commenced in any of these seven jurisdictions" including North Carolina. (**Attached as Exhibit No. 4, 11/21/2012 Order**).

7) By its own terms, the November 21, 2012 Order is **prospective** and not retrospective.  The November 21, 2012 Order applies solely to cases that had not

yet been transferred to MDL No. 875 from any Federal District Court in North Carolina.

8) Plaintiffs' note that an Order granting the early deposition of Mr. Harris was granted by the local Federal District Court Judge is also inconsequential. That Plaintiffs' failed to follow appropriate protocol by failing to make this motion to this court does not serve to strip this court of its jurisdiction.

9) Moreover, given that Plaintiffs' counsel affirmatively represented to an attorney for this law firm, that Mr. Harris was very ill and in end stage, the undersigned is not aware of any defendants having opposed this motion.

10) Plaintiffs' motion is unpersuasive and unfortunately focuses on unimportant facts while ignoring the key and controlling facts, that the November 21, 2012 Order was a _prospective_ order dealing with later-filed cases from North Carolina no longer being transferred to MDL No. 875, _not_ a retroactive order giving any basis to attach already-filed Transfer Orders, such as the Order already in place for at least two (2) weeks when the October 21, 2012 Order was filed.

For the reasons stated above, Defendant Oakfabco respectfully request that the Court deny Plaintiffs' motion to vacate the Transfer Order and retain this case in MDL No. 875.

**This the 28th day of November, 2012.**

**HEDRICK GARDNER KINCHELOE & GAROFALO, LLP**

/s/ Jeremy T. Canipe
**JEREMY T. CANIPE
NC State Bar No. 28465
Attorney for Defendant Oakfabco
P.O. Box 30397
Charlotte, NC  28230
PH:     (704) 366-1101
FAX:   (704) 366-6181
Email:  jcanipe@hedrickgardner.com**

**AMENDED CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2012 I electronically filed the foregoing RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER BY DEFENDANT OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO KEWANNEE BOILER CORPORATION with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of Record via ECF.

This the 30TH day of NOVEMBER, 2012.

/s/ Jeremy T. Canipe
**JEREMY T. CANIPE**
**NC State Bar No. 28465**
**Attorney for Defendant Oakfabco**