UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)            MDL No. 875

ORDER ADOPTING SECOND SUGGESTION TO THE PANEL
CONCERNING FUTURE TAG-ALONG TRANSFERS

**Before the Panel**: On October 3, 2012, the Honorable Eduardo C. Robreno, the transferee judge overseeing MDL No. 875, suggested that the Panel cease transferring to the centralized proceedings tag-along actions commenced in the following seven jurisdictions: the District of Connecticut, the Eastern and Southern Districts of New York, the Eastern, Middle, and Western Districts of North Carolina, and the District of North Dakota. The judge further suggested that the Panel continue to transfer tag-along actions commenced in certain other jurisdictions.[1] The judge's Suggestion is attached hereto as Appendix A.

In his Suggestion, the judge states that, with the exception of the District of Connecticut, fewer than fifty cases from each of the aforementioned seven jurisdictions remain pending in the MDL. With respect to the District of Connecticut, the judge states that most plaintiffs in the actions transferred from that district to that MDL are represented by the same law firm, and that settlement discussions in those actions have been successful in the recent past.

After careful consideration of Judge Robreno's Suggestion and the record in this extraordinary docket, we adopt and endorse the Suggestion. *See In re: Asbestos Prods. Liab. Litig. (No. VI)*, 830 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (endorsing the judge's first Suggestion and concluding that the continued transfer of new asbestos-related actions from most federal jurisdictions would no longer promote the purposes of 28 U.S.C. § 1407(a)). We will therefore immediately cease transferring to MDL No. 875 new tag-along actions commenced in any of these seven jurisdictions.[2]

---

[1] Those jurisdictions are: the Eastern District of Virginia, districts within the Seventh Circuit (but only cases in which plaintiffs are represented by Cascino Vaughan Law Offices, Ltd.), the Northern District of Ohio, and the Northern District of California.

[2] Such actions include any actions of which the Panel was notified between October 4, 2012, the date the Suggestion was filed, and the date of this order.

DEFENDANT'S EXHIBIT 4

- 2 -

We also will immediately suspend Panel Rule 7.1(a) in this docket with respect to any newly-filed asbestos actions commenced in those districts.[3]

IT IS THEREFORE ORDERED that the "Second Suggestion to the Panel on Multidistrict Litigation ('The Panel') Concerning Future Tag-Along Transfers," filed on October 4, 2012, is adopted by the Panel.

IT IS FURTHER ORDERED that the Section 1407 transfer of new tag-along actions from the following districts to MDL No. 875 is terminated, effective immediately: the District of Connecticut, the Eastern and Southern Districts of New York, the Eastern, Middle, and Western Districts of North Carolina, and the District of North Dakota.

IT IS FURTHER ORDERED that Panel Rule 7.1(a), requiring notification to the Clerk of the Panel of potential tag-along actions, is suspended in this litigation until further notice with respect to any new asbestos-related actions commenced in any of those seven districts.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           W. Royal Furgeson, Jr.
Paul G. Barbadoro           Marjorie O. Rendell
Charles R. Breyer           Lewis A. Kaplan

---

[3] Rule 7.1(a) requires any party or counsel in previously-transferred actions to promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears. We note that under our Rules, the parties to an action that is not placed on a Conditional Transfer Order (*i.e.*, the vehicle by which related actions are typically transferred to an MDL) may nevertheless move for Section 1407 transfer to the MDL. *See* Panel Rule 7.1(b)(i). This order thus does not absolutely foreclose a party in a new asbestos action commenced in one of these seven jurisdictions from seeking its transfer to MDL No. 875.

Case MDL No. 875 Document 9057 Filed 10/05/12 Page 2 of 4

Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : CONSOLIDATED UNDER<br>: MDL DOCKET NO. 875 |
| VARIOUS PLAINTIFFS | : |
| v. | : **FILED**<br>: OCT -4 2012<br>: MICHAEL E. KUNZ, Clerk<br>: By_____ Dep. Clerk |
| VARIOUS DEFENDANTS | : |

## SECOND SUGGESTION TO THE PANEL ON MULTIDISTRICT LITIGATION ("THE PANEL") CONCERNING FUTURE TAG-ALONG TRANSFERS

**AND NOW**, this **3rd** day of **October, 2012**, it is hereby **SUGGESTED** that the Panel decline to transfer and consolidate tag-along cases to MDL-875 from the following jurisdictions:[1]

- The District of Connecticut;
- The Southern and Eastern Districts of New York;
- The Western, Middle, and Eastern Districts of North Carolina;
- The District of North Dakota.

---

[1] The Court suggests that the Panel cease future transfers of cases from these jurisdictions for the same reasons set forth in the Suggestion to the Judicial Panel of Multidistrict Litigation Concerning Future Tag-Along Transfers, No. 01-md-875 (E.D. Pa. Nov. 23, 2011), ECF No. 8282. Namely, fewer than fifty cases are pending in each of the jurisdictions listed, except for Connecticut, which had 156 cases pending as of October 1, 2012. Plaintiffs whose cases are transferred to MDL-875 from the District of Connecticut are represented primarily by the same law firm, and settlement discussions in that particular group of cases have been successful in the recent past and are ongoing.

Case MDL No. 875 Document 9097 Filed 10/05/12 Page 4 of 4

The Court further **SUGGESTS**, therefore, that the only jurisdictions from which tag-along cases should continue to be transferred are the following:[2]

- The Eastern District of Virginia (2,421 cases pending);
- The Seventh Circuit, including the Western and Eastern Districts of Wisconsin, the Northern and Southern Districts of Indiana, and the Northern, Central and Southern Districts of Illinois (238 cases pending);
- The Northern District of Ohio, including Maritime Docket (MARDOC) cases (3,459 cases pending);
- The Northern District of California (103 cases pending).

It is so **SUGGESTED**.

*(signature)*

**Eduardo C. Robreno**
**Presiding Judge, MDL-875**

---

[2]  In addition, the MDL Court will continue to hear asbestos cases that originate in the Eastern District of Pennsylvania.