# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** ALLIED PACKING & SUPPLY, INC.; ASTRA FLOORING
*(AVISO AL DEMANDADO):* COMPANY; CBS CORPORATION, fka Viacom, Inc., Successor by
merger to CBS Corporation; FOSTER WHEELER, LLC; FRASER'S BOILER SERVICE, INC.; HILL
BROTHERS CHEMICAL COMPANY; HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER
COMPANY; PARKER HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY COMPANY; M.
SLAYEN AND ASSOCIATES, INC.; J.T. THORPE & SON, INC.; THOMAS DEE ENGINEERING
COMPANY; and DOES ONE through SEVENTY-FIVE, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS MCALLISTER and
VELMA JEAN MCALLISTER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CGC 12-276019 |
| --- | --- |

Superior Court of California
County of San Francisco
400 McAllister Street
San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack K. Clapper                                          (415) 332-4262
Clapper, Patti, Schweizer & Mason
2330 Marinship Way, Suite 140
Sausalito, CA  94965

| DATE: *(Fecha)* APR 09 2012 | CLERK OF THE COURT   DENNIS TOYAMA   Clerk, by _____ , Deputy *(Secretario)*                                      *(Adjunto)* |
| --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify):* Foster Wheeler, LLC

under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 8/24/12

**[SEAL]**

| | |
| --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | Page 1 of 1 |

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

ENDORSED

FILED

San Francisco County Superior Court

APR 09 2012

CLERK OF THE COURT
DENNIS TOYAMA
BY: _____
Deputy Clerk

ASBESTOS
CASE MANAGEMENT CONFERENCE

APR 18 2013 1:30 PM

DEPARTMENT   220

Jack K. Clapper, (State Bar No. 83207)
John P. Mason, (State Bar No. 193949)
CLAPPER, PATTI, SCHWEIZER & MASON
Marina Office Plaza
2330 Marinship Way, Suite 140
Sausalito, CA 94965
Telephone: (415) 332-4262
Facsimile: (415) 331-5387

Attorney for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL JURISDICTION

THOMAS MCALLISTER and
VELMA JEAN MCALLISTER,

    Plaintiffs,

v.

ALLIED PACKING & SUPPLY, INC.;
ASTRA FLOORING COMPANY; CBS
CORPORATION, fka Viacom, Inc.
Successor by merger to CBS
Corporation; FOSTER WHEELER,
LLC; FRASER'S BOILER SERVICE,
INC.; HILL BROTHERS CHEMICAL
COMPANY; HOPEMAN BROTHERS, INC.;
INTERNATIONAL PAPER COMPANY;
PARKER HANNIFIN CORPORATION;
PLANT PRODUCTS & SUPPLY COMPANY;
M. SLAYEN AND ASSOCIATES, INC.;
J.T. THORPE & SON, INC.; THOMAS
DEE ENGINEERING COMPANY; and
DOES ONE through SEVENTY-FIVE,
inclusive,

    Defendants.

Case No. CGC 12-276019

COMPLAINT FOR PERSONAL INJURY

(ASBESTOS)

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

GENERAL ALLEGATIONS

1.   The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through SEVENTY-FIFTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names.   When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly.   Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

2.   At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos Corporation Ltd. was owned by any governmental agency.   Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the plaintiff; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of the other conspiring defendants. Plaintiffs do not allege that Asbestos Corporation Ltd. conspired with any entity during any of the years Asbestos Corporation Ltd.

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

2

1 was owned by any governmental agency.  Plaintiffs are informed and

2 believe, and allege, that at all times herein mentioned defendants

3 FIRST DOE through SEVENTY-FIFTH DOE, inclusive, were and are

4 authorized to do business in the State of California, that said

5 defendants have regularly conducted business in the County of San

6 Francisco, State of California, and that certain of said defendants

7 have designated the County of San Francisco as their principal

8 place of doing business within the State of California.

9 <u>FIRST CAUSE OF ACTION -- NEGLIGENCE</u>

10 PLAINTIFFS COMPLAIN OF DEFENDANTS ALLIED PACKING & SUPPLY,

11 INC.; ASTRA FLOORING COMPANY; CBS CORPORATION, fka Viacom, Inc.

12 Successor by merger to CBS Corporation; FOSTER WHEELER, LLC;

13 FRASER'S BOILER SERVICE, INC.; HILL BROTHERS CHEMICAL COMPANY;

14 HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER COMPANY; PARKER

15 HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY COMPANY; M. SLAYEN

16 AND ASSOCIATES, INC.; J.T. THORPE & SON, INC.; THOMAS DEE

17 ENGINEERING COMPANY; NAMED IN THE FIRST CAUSE OF ACTION, AND DOES

18 ONE THROUGH TWENTY-FIVE, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE

19 ALLEGES:

20 3.  Plaintiffs are informed and believe, and thereon allege

21 that at all times herein mentioned, defendants ALLIED PACKING &

22 SUPPLY, INC.; ASTRA FLOORING COMPANY; CBS CORPORATION, fka Viacom,

23 Inc. Successor by merger to CBS Corporation; FOSTER WHEELER, LLC;

24 FRASER'S BOILER SERVICE, INC.; HILL BROTHERS CHEMICAL COMPANY;

25 HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER COMPANY; PARKER

26 HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY COMPANY; M. SLAYEN

27 AND ASSOCIATES, INC.; J.T. THORPE & SON, INC.; THOMAS DEE

28 ENGINEERING COMPANY; and FIRST DOE through TWENTY FIFTH DOE,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                3

1   inclusive, were and are corporations organized and existing under

2   and by virtue of the laws of the State of California, or the laws

3   of some other state or foreign jurisdiction, and that said

4   defendants, and each of them, were and are authorized to do and are

5   doing business in the State of California, that said defendants

6   have regularly conducted business in the County of San Francisco,

7   State of California, and that certain of said defendants have

8   designated the County of San Francisco as their principal place of

9   doing business within the State of California.

10      4.   At all times herein mentioned, each of the defendants was

11  the successor, successor in business, successor in product line or

12  a portion thereof, assign, predecessor, predecessor in business,

13  predecessor in product line or a portion thereof, parent,

14  subsidiary, alter-ego, agent and/or fiduciary wholly or partially

15  owned by, or the whole or partial owner of or member in an entity

16  researching, studying, manufacturing, fabricating, designing,

17  labeling, assembling, distributing, leasing, buying, offering for

18  sale, selling, inspecting, servicing, installing, contracting for

19  installation, repairing, marketing, warranting, rebranding,

20  manufacturing for others, packaging and advertising a certain

21  substance, the generic name of which is asbestos, and other

22  products containing said substance.   Said entities shall

23  hereinafter collectively be called "alternate entities".   Each of

24  the herein named defendants are liable for the tortious conduct of

25  each successor, successor in business, successor in product line or

26  a portion thereof, assign, predecessor, predecessor in business,

27  predecessor in product line or a portion thereof, parent,

28  subsidiary, whole or partial owner, or wholly or partially owned

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

4

1  entity, or entity that it was a member of, or funded, that

2  researched, studied, manufactured, fabricated, designed, labeled,

3  assembled, distributed, leased, bought, offered for sale, sold,

4  inspected, serviced, installed, contracted for installation,

5  repaired, marketed, warranted, rebranded, manufactured for others

6  and advertised a certain substance, the generic name of which is

7  asbestos, and other products containing said substance.  The

8  following defendants, and each of them, are liable for the acts of

9  each and every "alternate entity", and each of them, in that there

10  has been a virtual destruction of plaintiff's remedy against each

11  such "alternate entity"; defendants, and each of them, have

12  acquired the assets, product line, or a portion thereof, of each

13  such "alternate entity"; defendants, and each of them, caused the

14  destruction of plaintiff's remedy against each such "alternate

15  entity"; each such defendant has the ability to assume the risk-

16  spreading role of each such "alternate entity"; and that each such

17  defendant enjoys the goodwill originally attached to each such

18  "alternate entity."

19 | DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION | VIACOM, INC. WESTINGHOUSE ELECTRIC CORPORATION |
| HOPEMAN BROTHERS, INC. | WAYNE MANUFACTURING |
| INTERNATIONAL PAPER COMPANY | CHAMPION INTERNATIONAL PAPER U S PLYWOOD |
| PARKER-HANNIFIN CORP. | SACOMO SACOMO MANUFACTURING, INC. SACOMO SIERRA, INC. |

26      5.  At all times herein mentioned, defendants, and each of

27  them, were and are engaged in the business of researching,

28  manufacturing, fabricating, designing, labeling, assembling,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1   distributing, leasing, buying, offering for sale, selling,

2   supplying, inspecting, servicing, installing, contracting for

3   installation, repairing, removing and/or demolishing, marketing,

4   warranting, rebranding, manufacturing for others, packaging and

5   advertising a certain substance, the generic name of which is

6   asbestos, and other products containing said substance.

7        6.   At all times herein mentioned, defendants, and each of

8   them, singularly and jointly, negligently and carelessly

9   researched, manufactured, fabricated, designed, tested or failed to

10  test, warned or failed to warn, labeled, assembled, distributed,

11  leased, bought, offered for sale, sold, supplied, inspected,

12  serviced, installed, contracted for installation, contracting for

13  fabrication, repaired, removed and/or demolished, marketed,

14  warranted, rebranded, manufactured for others, packaged and

15  advertised, a certain substance, the generic name of which is

16  asbestos, and other products containing said substance, in that

17  said substance proximately caused personal injuries to users,

18  consumers, workers, bystanders and others, including the Plaintiff

19  herein, (hereinafter collectively called "exposed persons"), while

20  being used in a manner that was reasonably foreseeable, thereby

21  rendering said substances unsafe and dangerous for use by "exposed

22  persons".

23       7.   Defendants, and each of them, had a duty to exercise due

24  care in the pursuance of the activities mentioned above and

25  defendants, and each of them, breached said duty of due care.

26       8.   Plaintiff has used, handled or been otherwise exposed to

27  asbestos and asbestos-containing products referred to herein in a

28  manner that was reasonably foreseeable.   Plaintiff's exposure to

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

6

1  asbestos and asbestos-containing products occurred at various

2  locations both within and outside the State of California,

3  including but not limited to: Early 1960's, San Diego Marine, San

4  Diego, Ca, helper, welder; early 1960's - 1968, NASSCO, San Diego,

5  CA, pipefitter, shipbuilder; late 1960's - 1978, Triple A South,

6  San Diego, CA, welder, pipefitter; 1979 - 2006, Solar Turbines, San

7  Diego, CA, welder.  Plaintiff does not claim he was exposed to

8  Asbestos Corporation Ltd.'s asbestos fibers during any of the years

9  Asbestos Corporation Ltd. was owned by any governmental agency.

10      Plaintiff's disability within the meaning of CCP 340.2 either

11  has yet to occur or occurred less than a year before the filing of

12  this complaint.

13      9.   As a direct and proximate result of the conduct of the

14  defendants, and each of them, as aforesaid, plaintiff's exposure to

15  defendants' asbestos fibers and defendants' asbestos-containing

16  products caused severe and permanent injury to the plaintiff

17  including, but not limited to breathing difficulties, asbestosis,

18  increased risk of cancer, and/or other lung damage.

19      10.  Plaintiffs are informed and believe, and thereon allege,

20  that progressive lung disease, cancer and other serious diseases

21  are caused by inhalation of asbestos fibers without perceptible

22  trauma and that said disease results from exposure to asbestos and

23  asbestos-containing products over a period of time.

24      11.  Plaintiff suffers from a condition related to exposure

25  to asbestos and asbestos-containing products.  Plaintiff was not

26  aware at the time of exposure that asbestos or asbestos-containing

27  products presented any risk of injury and/or disease.  The asbestos

28  fibers and asbestos-containing products of each named defendant and

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

7

1  each DOE defendant were a substantial factor in contributing to,

2  and in causing, injury to plaintiff as set forth herein.

3      12.   In researching, mining, shipping, manufacturing,

4  fabricating, designing, testing or failing to test, warning or

5  failing to warn, labeling, assembling, distributing, leasing,

6  buying, offering for sale, selling, inspecting, servicing,

7  installing, contracting for installation, repairing, marketing,

8  warranting, rebranding, manufacturing for others, packaging and

9  advertising asbestos and asbestos-containing products, defendants,

10 their "alternate entities", and each of them, did so with conscious

11 disregard for the safety of "exposed persons" who came in contact

12 with said asbestos and asbestos-containing products, in that said

13 defendants, their "alternate entities", and each of them, had prior

14 knowledge that there was a substantial risk of injury or death

15 resulting from exposure to asbestos or asbestos-containing

16 products, including, but not limited to, asbestosis, other lung

17 disabilities and cancer.  Said knowledge was obtained, in part,

18 from scientific studies performed by, at the request of, or with

19 the assistance of, said defendants, their "alternate entities", and

20 each of them, and which knowledge was obtained by said defendants,

21 their "alternate entities", and each of them on or before 1930, and

22 thereafter.

23      13.   On or before 1930, and thereafter, said defendants, their

24 "alternate entities" and each of them, were aware that members of

25 the general public and other "exposed persons", who would come in

26 contact with asbestos and asbestos-containing products, had no

27 knowledge or information indicating that asbestos or

28 asbestos-containing products could cause injury, and said

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                          8

1  defendants, their "alternate entities", and each of them, knew that
2  members of the general public and other "exposed persons", who came
3  in contact with asbestos and asbestos-containing products, would
4  assume, and in fact did assume, that exposure to asbestos and
5  asbestos-containing products was safe, when in fact said exposure
6  was extremely hazardous to health and human life.

7      14.   With said knowledge, said defendants, their "alternate
8  entities", and each of them, opted to research, manufacture, mine,
9  ship, fabricate, design, label, assemble, distribute, lease, buy,
10 offer for sale, inspect, service, install, contract for
11 installation, repair, market, warrant, rebrand, manufacture for
12 others, package and advertise said asbestos and asbestos-
13 containing products without attempting to protect "exposed
14 persons" from or warn "exposed persons" of, the high risk of injury
15 or death resulting from exposure to asbestos and
16 asbestos-containing products.  Rather than attempting to protect
17 "exposed persons" from, or warn "exposed persons" of, the high risk
18 of injury or death resulting from exposure to asbestos and
19 asbestos-containing products, defendants, their "alternate
20 entities", and each of them, intentionally failed to reveal their
21 knowledge of said risk, and consciously and actively concealed and
22 suppressed said knowledge from "exposed persons" and members of the
23 general public, thus impliedly representing to "exposed persons"
24 and members of the general public that asbestos and
25 asbestos-containing products were safe for all reasonably
26 foreseeable uses.  Defendants, their "alternate entities", and each
27 of them, engaged in this conduct and made these implied
28 representations with the knowledge of the falsity of said implied

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                    9

1   representations.

2       15.   The above-referenced conduct of said defendants, their

3   "alternate entities", and each of them, was motivated by the

4   financial interest of said defendants, their "alternate entities",

5   and each of them, in the continuing, uninterrupted research,

6   manufacture, fabrication, design, labeling, assembly, design,

7   distribution, lease, purchase, sale, offer for sale, inspection,

8   installation, contracting for installation, repair, marketing,

9   warranting, rebranding, manufacturing for others, packaging and

10  advertising of asbestos and asbestos-containing products.   In

11  pursuance of said financial motivation, said defendants, their

12  "alternate entities", and each of them, consciously disregarded the

13  safety of "exposed persons" and were in fact consciously willing

14  and intended to permit asbestos and asbestos-containing products to

15  cause injury to "exposed persons" and induced persons to work with

16  and be exposed thereto, including plaintiff.

17      16.   Defendants, their "alternate entities, and each of them,

18  and their officers, directors and managing agents participated in,

19  authorized, expressly and impliedly ratified, and had full

20  knowledge of, or should have known of, each of the acts set forth

21  herein.

22      17.   Defendants, and each of them, are liable for the

23  fraudulent, oppressive, and malicious acts of their "alternate

24  entities", and each of them, and each defendants' officers,

25  directors and managing agents participated in , authorized,

26  expressly and impliedly ratified, and had full knowledge of, or

27  should have known of, the acts of each of their "alternate

28  entities" as set forth herein.   Plaintiffs do not allege any such

CLAPPER. PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                    10

1  fraudulent, oppressive, or malicious acts by Asbestos Corporation

2  Ltd. during the years Asbestos Corporation Ltd. was owned by any

3  governmental agency.

4      18.  The above-referenced conduct of said defendants, their

5  "alternate entities", and each of them, was and is willful,

6  despicable, malicious, fraudulent, outrageous and in conscious

7  disregard and indifference to the safety and health of "exposed

8  persons".   Plaintiffs, for the sake of example and by way of

9  punishing said defendants, seek punitive damages according to

10  proof.

11     19.  As a direct and proximate result of the aforesaid conduct

12  of defendants, and each of them, plaintiff has suffered, and

13  continues to suffer, permanent injuries and/or future increased

14  risk of injuries to his person, body and health, including, but not

15  limited to, asbestosis, other lung damage, and cancer, and the

16  mental and emotional distress attendant thereto, all to his general

17  damage in the sum in excess of the jurisdictional limits of the

18  Municipal Court.

19     20.  As a direct and proximate result of the aforesaid conduct

20  of the defendants, and each of them, plaintiffs have incurred, are

21  presently incurring, and will incur in the future, liability for

22  physicians, surgeons, nurses, hospital care, medicine, hospices, x-

23  rays and other medical treatment, the true and exact amount thereof

24  being unknown to plaintiffs at this time, and plaintiffs pray leave

25  to amend this complaint accordingly when the true and exact cost

26  thereof is ascertained.

27     21.  As a further direct and proximate result of the said

28  conduct of the defendants, and each of them, plaintiff has

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                          11

1  incurred, and will incur, loss of income, wages, profits and

2  commissions, a diminishment of earning potential, and other

3  pecuniary losses, the full nature and extent of which are not yet

4  known to plaintiffs; and leave is requested to amend this complaint

5  to conform to proof at the time of trial.

6      WHEREFORE, plaintiffs pray judgment against defendants, and

7  each of them, as hereinafter set forth.

8              SECOND CAUSE OF ACTION -- STRICT LIABILITY

9      PLAINTIFFS COMPLAIN OF DEFENDANTS ALLIED PACKING & SUPPLY,

10  INC.; ASTRA FLOORING COMPANY; CBS CORPORATION, fka Viacom, Inc.

11  Successor by merger to CBS Corporation; FOSTER WHEELER, LLC;

12  FRASER'S BOILER SERVICE, INC.; HILL BROTHERS CHEMICAL COMPANY;

13  HOPEMAN BROTHERS, INC.; INTERNATIONAL PAPER COMPANY; PARKER

14  HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY COMPANY; M. SLAYEN

15  AND ASSOCIATES, INC.; J.T. THORPE & SON, INC.; THOMAS DEE

16  ENGINEERING COMPANY; AND DOES FIFTEEN THROUGH FIFTY, AND FOR A

17  CAUSE OF ACTION FOR STRICT LIABILITY ALLEGES:

18      22.  Plaintiffs incorporate herein by reference, as though

19  fully set forth herein, paragraphs 1 through 4, and paragraphs 7

20  through 13.

21      23.  FIRST DOE through TENTH DOE is responsible for, and

22  liable for the acts of ELEVENTH DOE through FIFTIETH DOE,

23  inclusive. The defendants, their "alternate entities", and each of

24  them, are corporations organized and existing under and by virtue

25  of the laws of the State of California, or the laws of some other

26  state or foreign jurisdiction, and said defendants, their

27  "alternate entities", and each of them, were and are authorized to

28  do and are doing business in the State of California, and said

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

12

1  defendants, their "alternate entities", and each of them, have

2  regularly conducted business in the City and County of San

3  Francisco, State of California, during the period of Plaintiff's

4  employment.

5      24.  Defendants, their "alternate entities", and each of them,

6  researched, manufactured, fabricated, designed, tested or failed to

7  test, labeled, assembled, distributed, leased, bought, offered for

8  sale, sold, inspected, serviced, installed, contracted for

9  installation, repaired, marketed, warranted, rebranded,

10 manufactured for others, packaged and advertised a certain

11 substance, the generic name of which is asbestos, and other

12 products containing said substance.

13     25.  Defendants, their "alternate entities", and each of them,

14 knew and intended that the above referenced asbestos and other

15 products containing asbestos would be used by the purchaser or user

16 without inspection for defects therein or in any of its component

17 parts and without knowledge of the hazards involved in such use.

18     26.  Defendants, their "alternate entities," and each of them,

19 knew, or should have known, and intended that the aforementioned

20 asbestos and products containing asbestos would be used for

21 insulation purposes, would require sawing, chipping, hammering,

22 scraping, sanding, breaking, removal, "rip-out," and other

23 manipulation which would result in the release of airborne asbestos

24 fibers, and that through such foreseeable use "exposed persons"

25 would use or be in proximity to and exposed to said asbestos

26 fibers.

27     27.  Said asbestos and products containing asbestos were

28 defective and unsafe for their intended purpose in that the

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury          13

1  inhalation of asbestos fibers causes serious disease and/or death.
2  The defect existed in the said products at the time they left the
3  possession of defendants, their alternate entities, and each of
4  them.   Said products did, in fact, cause personal injuries,
5  including asbestosis, other lung damage, and cancer to "exposed
6  persons" while being used in a reasonably foreseeable manner,
7  thereby rendering the same unsafe and dangerous for use.

8      28.  "Exposed persons" did not know of the substantial danger
9  of using said products.  Said dangers were not readily recognizable
10 by "exposed persons".  Said defendants, their "alternate entities",
11 and each of them, further failed to adequately warn of the risks to
12 which plaintiff and others similarly situated were exposed.

13     29.  Plaintiff alleges that the aforementioned defendants,
14 their "alternate entities", and each of them impliedly warranted
15 their asbestos and asbestos-containing products to be safe for
16 their intended use but that their asbestos and asbestos- containing
17 products created an unreasonable risk of bodily harm to exposed
18 persons.

19     30.  Plaintiff further alleges his injuries are a result of
20 cumulative exposure to asbestos and various asbestos-containing
21 products manufactured, fabricated, inadequately researched,
22 designed, inadequately tested, labeled, assembled, distributed,
23 leased, bought, offered for sale, sold, inspected, serviced,
24 installed, contracted for installation, repaired, marketed,
25 warranted, rebranded, manufactured for others, packaged and
26 advertised by the aforementioned defendants, their "alternate
27 entities", and each of them and that plaintiff cannot identify
28 precisely which asbestos or asbestos-containing product(s) caused

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                                   14

1  the injuries complained of herein.

2      31.    Plaintiff relied upon defendants', their "alternate

3  entities" and each of their representations, lack of warnings, and

4  implied warranties of fitness of asbestos and their

5  asbestos-containing products.  As a direct, foreseeable and

6  proximate result thereof, plaintiff has been injured permanently as

7  alleged herein.

8      32.   As a direct and proximate result thereof, plaintiff has

9  suffered the injuries and damages previously alleged.

10     THIRD CAUSE OF ACTION - PREMISES OWNERS/GENERAL CONTRACTORS -

11  MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT

12      AS AND FOR A THIRD, SEPARATE, CAUSE OF ACTION FOR

13  MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT, PLAINTIFFS

14  COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF

15  THEM, AND ALLEGE AS FOLLOWS:

16      33.   Plaintiffs reallege and incorporate herein by reference

17  paragraphs 1 through 14 as though fully set forth herein.

18      34.   At relevant times defendants, and each of them, owned,

19  managed, and/or controlled certain premises in which asbestos-

20  containing products had been installed, maintained, used, and/or

21  replaced and as a result, dangerous quantities of asbestos fibers

22  were present on said premises.

23      35.   At relevant times said defendants knew that the asbestos-

24  containing products and the asbestos fibers released therefrom

25  created an unreasonable risk of harm to persons entering said

26  premises.

27      36.   At relevant times said defendants knew, or in the

28  exercise of ordinary care should have known, that said premises

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury                    15

1  would be entered by persons without knowledge of, or inspection

2  for, defects or dangerous conditions and that said persons would

3  not be aware of the aforesaid unreasonable risk of harm.

4  Defendants had a duty to disclose the presence of, and dangers

5  presented by, the asbestos-containing products and the asbestos

6  fibers released therefrom.

7       37.   Despite said knowledge, defendants misrepresented that

8  their premises was safe and free of defects, and/or failed to

9  disclose, and concealed, the presence of the asbestos-containing

10  products and asbestos fibers which created the unreasonable risk of

11  harm to persons entering said premises.

12       38.   In reliance upon the foregoing, plaintiff entered and

13  performed work in said premises which was to defendants' benefit

14  and advantage and at defendants' request and invitation.   In so

15  doing, plaintiff was exposed to dangerous quantities of asbestos

16  fibers.

17       39.   Plaintiff was unaware of the unreasonable risk of harm

18  created by the aforesaid presence of asbestos-containing products

19  and asbestos fibers on said premises.

20       40.   As a legal consequence of the foregoing, plaintiff

21  developed asbestos-related illness from which he suffers as

22  previously set forth and plaintiff has suffered general and special

23  damages as herein being alleged in an amount in excess of the

24  jurisdictional limits of the Municipal Court.

25  FOURTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT EXERCISE OF

26  RETAINED CONTROL - RESTATEMENT SECOND OF TORTS, SECTION 414

27       AS AND FOR A FOURTH, SEPARATE, CAUSE OF ACTION FOR PREMISES

28  LIABILITY, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

16

1  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

2      41.  Plaintiffs reallege and incorporates herein by reference

3  paragraphs 1 through 14 as though fully set forth herein.

4      42.  At all relevant times defendants, and each of them,

5  owned, managed, and/or controlled certain premises in which

6  asbestos-containing products were being, or had been, installed,

7  maintained, used, removed and/or replaced.

8      43.  At all relevant times said defendants knew, or in the

9  exercise of ordinary care should have known, that the presence,

10  and/or disturbance, of the asbestos-containing products would

11  create an unreasonable risk of harm to persons entering said

12  premises.

13      44.  At all relevant times said defendants knew, or in the

14  exercise of ordinary and reasonable care should have known, that

15  work would be performed on said premises by persons without

16  knowledge of, or inspection for, defects or dangerous conditions

17  and that said persons would not be aware of the aforesaid

18  unreasonable risk of harm, and that without the implementation of

19  proper safety precautions, and/or the use of proper work practices,

20  the risk of serious personal injury would result.

21      45.  Despite said knowledge of the aforesaid unreasonable risk

22  of harm, defendants retained control of the work and negligently

23  failed to implement, and/or failed to have others implement, proper

24  safety precautions, and/or the use of proper work practices, with

25  the result that the asbestos-containing products created an

26  unreasonable risk of harm to persons entering said premises.

27      46.  Plaintiff entered and performed work in said premises

28  which was to defendants' benefit and advantage and at defendants'

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

17

1  request and invitation.  In so doing, plaintiff was exposed to

2  dangerous quantities of asbestos fibers.

3      47.  Plaintiff was unaware of the risk of harm created by the

4  aforesaid presence of asbestos products and materials on said

5  premises.

6      48.  At all times mentioned herein, said defendants, and each

7  of them, controlled the operative details of the work and

8  negligently failed to maintain, manage, inspect, survey, or control

9  said premises, or to abate or correct, or to warn plaintiff of the

10  existence of the aforesaid dangerous conditions and hazards on said

11  premises.

12      49.  As a legal consequence of the foregoing, plaintiff

13  developed asbestos-related illness from which he suffered as

14  previously set forth and plaintiff has suffered general and special

15  damages as herein being alleged in an amount in excess of the

16  jurisdictional limits of the Municipal Court.

17  FIFTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT PROVISION OF

18  UNSAFE EQUIPMENT - RESTATEMENT SECOND OF TORTS, SECTION 414

19      AS AND FOR A FIFTH, SEPARATE, CAUSE OF ACTION FOR PREMISES

20  LIABILITY, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

21  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

22      50.  Plaintiffs reallege and incorporate herein by reference

23  paragraphs 1 through 14 as though fully set forth herein.

24      51.  At all relevant times defendants, and each of them,

25  owned, managed, and/or controlled certain premises in which

26  asbestos-containing products were being, or had been, installed,

27  maintained, used, removed and/or replaced.

28      52.  At all relevant times said defendants knew, or in the

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 331-4262

Thomas McAllister/Complaint for Personal Injury                    18

exercise of ordinary care should have known, that the presence,
and/or disturbance, of the asbestos-containing products would
create a risk of harm to persons entering said premises.

53.   At all relevant times said defendants knew, or in the
exercise of ordinary and reasonable care should have known, that
work would be performed on said premises by persons without
knowledge of, or inspection for, defects or dangerous conditions
and that without the proper equipment the risk of serious personal
injury would result.

54.   Despite said knowledge of the aforesaid risk of harm,
defendants negligently provided unsafe equipment which created a
risk of harm to persons entering said premises.

55.   Plaintiff entered and performed work in said premises
which was to defendants' benefit and advantage and at defendants'
request and invitation.   In so doing, plaintiff was exposed to
dangerous quantities of asbestos fibers.

56.   Plaintiff was unaware of the risk of harm created by the
aforesaid presence of asbestos products and materials on said
premises.

57.   As a legal consequence of the foregoing, plaintiff
developed asbestos-related illness from which he suffered as
previously set forth and plaintiff has suffered general and special
damages as herein being alleged in an amount in excess of the
jurisdictional limits of the Municipal Court.

SIXTH CAUSE OF ACTION - CONCEALED, PRE-EXISTING DANGEROUS
CONDITION ON PREMISES

AS AND FOR A SIXTH, SEPARATE, CAUSE OF ACTION FOR A CONCEALED, PRE-
EXISTING DANGEROUS CONDITION ON THE PREMISES, PLAINTIFFS COMPLAIN

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

19

1  OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF THEM, AND

2  ALLEGE AS FOLLOWS:

3      58.  Plaintiffs reallege and incorporate herein by reference

4  paragraphs 1 through 14 as though fully set forth herein.

5      59.  At relevant times defendants, and each of them, owned,

6  managed, contracted to perform work within and/or controlled

7  certain premises in which asbestos-containing products had been, or

8  were being, installed, maintained, used, and/or replaced.

9      60.  At relevant times said defendants knew, or in the

10  exercise of ordinary care should have known, that the presence of

11  the asbestos-containing products and asbestos fibers created a

12  concealed, per-existing hazardous condition on its premises.

13      61.  At relevant times said defendants knew, or in the

14  exercise of ordinary care should have known, that said premises

15  would be entered by persons, including contractors and/or sub-

16  contractors, who would be without knowledge of, or reasonably could

17  ascertain the condition.

18      62.  Despite said knowledge, defendants failed to maintain the

19  premises free of defects, and/or failed to abate the asbestos-

20  containing products and asbestos fibers which created the

21  unreasonable risk of harm to persons entering said premises and

22  failed to warn the persons entering said premises, including

23  contractors and/or sub-contractors.

24      63.  Plaintiff entered and performed work in said premises

25  which was to defendants' benefit and advantage and at defendants'

26  request and invitation. Due to defendants' negligent conduct,

27  and/or the negligent conduct of persons for whom defendant is

28  responsible, plaintiff was exposed to the aforementioned dangerous

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

20

1  quantities of asbestos fibers which were present at said premises.

2      64.  Both plaintiff and plaintiff's employer were unaware of,

3  and could not reasonably ascertain, the aforesaid dangerous

4  condition on said premises.

5      65.  As a legal consequence of the foregoing, plaintiff

6  developed asbestos-related illness from which he suffered as

7  previously set forth and plaintiff has suffered general and special

8  damages as herein being alleged in an amount in excess of the

9  jurisdictional limits of the Municipal Court.

10      SEVENTH CAUSE OF ACTION - NEGLIGENT UNDERTAKING

11  AS AND FOR A SEVENTH, SEPARATE, CAUSE OF ACTION FOR NEGLIGENT

12  PERFORMANCE OF AN UNDERTAKING - RESTATEMENT SECOND OF TORTS,

13  SECTION 324A, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

14  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

15      66.  Plaintiffs reallege and incorporate herein by reference

16  paragraphs 1 through 14 as though fully set forth herein.

17      67.  At relevant times defendants, and each of them, owned,

18  managed, and/or controlled certain premises in which asbestos-

19  containing products had been installed, maintained, used, and/or

20  replaced.

21      68. At relevant times defendants, and each of them, undertook,

22  gratuitously or for consideration, to render services which said

23  defendants should have recognized as necessary for the protection

24  of plaintiff.  Plaintiff suffered the harm complained of herein due

25  to defendants failure to exercise reasonable care in said

26  undertaking so that (a) defendants failure to exercise reasonable

27  care increased the risk of harm to plaintiff, or (b) defendant

28  undertook to perform a duty owed to plaintiff by another, or (c)

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1 said harm was suffered because of plaintiff's reliance, or the

2 reliance of another, upon the undertaking by defendant.

3     69.   As a legal consequence of the foregoing, plaintiff

4 developed asbestos-related illness from which he suffered as

5 previously set forth and plaintiff has suffered general and special

6 damages as herein being alleged in an amount in excess of the

7 jurisdictional limits of the Municipal Court.

8               EIGHTH CAUSE OF ACTION - LOSS OF CONSORTIUM

9     AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF

10 ACTION, PLAINTIFF VELMA JEAN MCALLISTER COMPLAINS OF DEFENDANTS,

11 INCLUDING DOE DEFENDANTS AND EACH OF THEM AND ALLEGES:

12     70.   Plaintiff incorporates herein by reference, as set forth

13 fully herein, all paragraphs of the First through Seventh Causes of

14 Action herein.

15     71.   Plaintiffs are currently husband and wife.

16     72.   Plaintiff Thomas McAllister sustained injuries caused by

17 inhalation of asbestos fibers.   Prior to the aforesaid injuries,

18 said spouse was able to and did perform duties as a spouse.

19 Subsequent to the injuries, and as a proximate result thereof, said

20 spouse was unable to perform the necessary duties as a spouse and

21 the work and service usually performed in the care, maintenance and

22 management of the family home.   By reason thereof, plaintiff was

23 deprived of the consortium of plaintiff's spouse, including the

24 performance of said duties, all to plaintiff's damages.

25     WHEREFORE, plaintiffs pray judgment against defendants, their

26 "alternate entities", and each of them, as follows:

27     1.   For plaintiff's general damages according to proof;

28     2.   For plaintiff's loss of income, wages and earning

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 100
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

22

potential according to proof;

    3.   For plaintiff's medical and related expenses according to proof;

    4.   For plaintiffs' cost of suit herein;

    5.   For exemplary or punitive damages according to proof; and

    6.   For such other and further relief as the court may deem just and proper, including costs as provided in CCP §998, CCP §1032 and related provisions of law.

Dated: April 5, 2012.        CLAPPER, PATTI, SCHWEIZER & MASON

By: _____
            John R. Mason
            Attorney for Plaintiffs

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

Thomas McAllister/Complaint for Personal Injury

23

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-06034-JSC

McAllister et al v. Allied Packing & Supply, Inc. et al
Assigned to: Magistrate Judge Jacqueline Scott Corley
Case in other court:  San Francisco County Superior Court,
                      CGC 12-276019
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 11/28/2012
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Thomas McAllister**                          represented by   **Jack K. Clapper**
                                                                Clapper & Patti
                                                                Marina Office Plaza
                                                                2330 Marinship Way
                                                                Suite 140
                                                                Sausalito, CA 94965
                                                                415/332-4262
                                                                Fax: 415-331-5387
                                                                Email: jkc@clapperlaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John Peter Mason**
                                                                Clapper & Patti
                                                                Marina Office Plaza
                                                                2330 Marinship Way
                                                                Suite 140
                                                                Sausalito, CA 94965
                                                                415-332-4262
                                                                Fax: 415-331-5387
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Velma Jean McAllister**                      represented by   **Jack K. Clapper**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John Peter Mason**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**Astra Flooring Company**

**Defendant**

**CBS Corporation**
*successor by merger to CBS*
*Corporation*
*formerly known as*
Viacom, Inc.

**Defendant**

**Foster Wheeler LLC**                    represented by    **Charles S. Park**
                                                            Brydon Hugo & Parker
                                                            135 Main Street, 20th Floor
                                                            San Francisco, CA 94105
                                                            415-808-0300
                                                            Fax: 415-808-0333
                                                            Email: service@bhplaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Edward R. Hugo**
                                                            Brydon Hugo & Parker
                                                            135 Main Street, 20th Floor
                                                            San Francisco, CA 94105
                                                            (415) 808-0300
                                                            Fax: (415) 808-0333
                                                            Email: ehugo@bhplaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas J Moses**
                                                            Brydon Hugo & Parker
                                                            135 Main Street, 20th Floor
                                                            San Francisco, CA 94105
                                                            (415) 808-0300
                                                            Fax: (415) 808-0333
                                                            Email: tmoses@bhplaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Fraser's Boiler Service, Inc.**

**Defendant**

**Hill Brothers Chemical Company**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**International Paper Company**

**Defendant**

**Parker Hannifin Corporation**

**Defendant**

**Plant Products & Supply Company**

**Defendant**

**M. Slayen & Associates, Inc.**

**Defendant**

**J.T. Thorpe & Sons, Inc.**

**Defendant**

**Thomas Dee Engineering Company**

**Defendant**

**Does 1 - 75**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2012 | 1 | NOTICE OF REMOVAL /no process from San Francisco County Superior Court. Their case number is CGC 12-276019. (Filing fee $350 receipt number 34611080938). Filed byFoster Wheeler LLC. (gaS, COURT STAFF) (Filed on 11/28/2012) (Entered: 12/03/2012) |
| 11/28/2012 | 2 | Certificate of Interested Entities by Foster Wheeler LLC re 1 Notice of Removal (gaS, COURT STAFF) (Filed on 11/28/2012) (Entered: 12/03/2012) |
| 11/28/2012 | 3 | NOTICE OF TAG-ALONG ACTION by Foster Wheeler LLC re 1 Notice of Removal (gaS, COURT STAFF) (Filed on 11/28/2012) (Entered: 12/03/2012) |
| 11/28/2012 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 3/14/2013. Case Management Conference set for 3/21/2013 01:30 PM in Courtroom F, 15th Floor, San Francisco.. Signed by Judge Jacqueline Scott Corley on 11/28/12. (Attachments: # 1 Standing Order)(gaS, COURT STAFF) (Filed on 11/28/2012) (Entered: 12/03/2012) |
| 12/03/2012 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Foster Wheeler LLC.. (Moses, Thomas) (Filed on 12/3/2012) (Entered: 12/03/2012) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 12/03/2012 14:46:19 | | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2774 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-06034-JSC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |