Cat08

# U.S. District Court
## Northern District of Ohio (Cleveland)
### CIVIL DOCKET FOR CASE #: 1:13-cv-10000-SO

Murphy v. Foster Wheeler Energy Corp. et al  
Assigned to: Judge Solomon Oliver, Jr  
Demand: $25,000  
Case in other court:  Lorain County Court of Common Pleas, 12-cv-178509  
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 01/03/2013  
Jury Demand: Both  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Janet Murphy**  
*Individually and as Executor of the Estate of Deceased*  
Donald Murphy

represented by **Robert A. Marcis , II**  
22649 Lorain Road  
Fairview Park, OH 44126  
440-777-6500  
Fax: 216-373-0602  
Email: rmarcis@marcislaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler Energy Corp.**

**Defendant**

**Carrier Corporation**  
*A Wholly Owned Subsidiary of other*  
United Technologies Corporation

represented by **Jeffrey A. Healy**  
Tucker, Ellis & West  
1150 Huntington Bldg.  
925 Euclid Avenue  
Cleveland, OH 44115  
216-696-3927  
Fax: 216-696-2645  
Email: jhealy@tuckerellis.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**John P. Patterson**  
Tucker, Ellis & West  
1150 Huntington Bldg.  
925 Euclid Avenue  
Cleveland, OH 44115  
216-592-5000  
Fax: 216-592-5009  
Email: jpatterson@tuckerellis.com

|  |  |  |
|---|---|---|
|  |  | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Arun J. Kottha**<br>Tucker Ellis - Cleveland<br>Ste. 1150<br>925 Euclid Avenue<br>Cleveland, OH 44115<br>216-696-2537<br>Fax: 216-592-5009<br>Email: arun.kottha@tuckerellis.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** |  |  |
| **IMO Industries, Inc.** | represented by | **Daniel J. Michalec**<br>Gallagher Sharp - Cleveland<br>6th Floor<br>Bulkley Bldg.<br>1501 Euclid Avenue<br>Cleveland, OH 44115<br>216-522-1090<br>Fax: 216-241-1608<br>Email: dmichalec@gsfn.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Kevin C. Alexandersen**<br>Gallagher Sharp - Cleveland<br>6th Floor<br>Bulkley Bldg.<br>1501 Euclid Avenue<br>Cleveland, OH 44115<br>216-522-1098<br>Fax: 216-241-1608<br>Email: kalexandersen@gallaghersharp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** |  |  |
| **Pentair Water Group, Inc.** |  |  |
| **Defendant** |  |  |
| **Nash Engineering Company** | represented by | **James N. Kline**<br>Ulmer & Berne - Cleveland<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, OH 44113<br>216-583-7160<br>Fax: 216-583-7161 |

|  |  |
|---|---|
|  | Email: jkline@ulmer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **Cooper Industries, Inc.** | represented by | **Bradley K. Shafer**<br>Swartz & Campbell LLC<br>Ste. 1000<br>1233 Main Street<br>Wheeling, WV 26003<br>304-231-0444<br>Fax: 304-233-0014<br>Email: Bradley.Shafer@steptoe-johnson.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Defendant**

**Alfa Laval, Inc.**

**Defendant**

**Fairbanks Morse Pump Corp.**

**Defendant**

**Gardner Denver, Inc.**
*As Successor In Interest to*
*other*
Nash Engineering Company

**Defendant**

**John Doe(s) 1 through 100 inclusive**
*Manufacturers, Sellers, Distributors or*
*Installers of Asbestos and/or Asbestos*
*Containing Products*

**Defendant**

| **Aurora Pumps** | represented by | **Michael D. Eagen**<br>Dinsmore & Shohl - Cincinnati<br>1900 Chemed Center<br>255 East Fifth Street<br>Cincinnati, OH 45202<br>513-977-8578<br>Fax: 513-977-8141<br>Email: michael.eagen@dinslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
|  |  |  |

| | | |
|---|---|---|
| 01/03/2013 | 1 | **Notice of Removal** from Lorain County Court of Common Pleas, case number 12-cv-178509 with jury demand, Filing fee $ 350, receipt number 0647-5760133. Filed by Carrier Corporation. (Attachments: # 1 Exhibit A, complaint # 2 Exhibit B, Horne Declaration# 3 Exhibit C, summons and State Court pleadings) (Kottha, Arun) Modified text on 1/3/2013 (C,B). (Entered: 01/03/2013) |
| 01/03/2013 | 2 | Civil Cover Sheet filed by Carrier Corporation. (Kottha, Arun) (Entered: 01/03/2013) |
| 01/03/2013 | 3 | Corporate Disclosure filed by Carrier Corporation. (Kottha, Arun) (Entered: 01/03/2013) |
| 01/03/2013 | | Judge Solomon Oliver, Jr assigned to case. (C,B) (Entered: 01/03/2013) |
| 01/04/2013 | 4 | Notice of Tag-Along Action filed by Carrier Corporation. (Kottha, Arun) (Entered: 01/04/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/04/2013 10:11:06 | | | |
| **PACER Login:** | te1570 | **Client Code:** | carrier murphy |
| **Description:** | Docket Report | **Search Criteria:** | 1:13-cv-10000-SO |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

FILED
LORAIN COUNTY

2012 NOV 14 P 1:50

CLERK OF COMMON PLEAS
RON NABAKOWSKI

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

JANET M. MURPHY, Individually and as ) CASE NO.: **12CV 178509**
Executor of the Estate of DONALD MURPHY )
11036 Lagrange Rd. )
Elyria, Ohio 44039 ) JUDGE   **JUDGE EDWARD M. ZALESKI**
)
Plaintiffs, )
)
vs. )
)
) **COMPLAINT**
) Jury Trial Demanded
Foster Wheeler Energy Corporation )
A Delaware Corporation )
c/o Statutory Agent )
C.T. Corporation System )
1300 East Ninth St. )
Cleveland, Ohio  44114 )
)
Cooper Industries, Inc. )
c/o Statutory Agent )
C.T. Corporation System )
1021 Main #1150 )
Houston, Texas  77002-6505 )
)
Imo Industries, Inc. )
(Individually and as )
Successor in interest to Imo DeLaval) )
c/o Statutory Agent )
C.T. Corporation System )
1300 East Ninth St. )
Cleveland, Ohio  44114 )
)
Alfa Laval, Inc. )
(as successor in interest to Sharples, Inc.) )
c/o Statutory Agent )

| | |
|---|---|
| C.T. Corporation System<br>1300 East Ninth St.<br>Cleveland, Ohio  44114 | )<br>)<br>)<br>) |
| Aurora Pumps<br>800 Airport Road<br>North Aurora, IL 60542 | )<br>)<br>)<br>)<br>) |
| Fairbanks Morse Pump Corporation<br>3601 Fairbanks Avenue<br>Kansas City, KS 66106 | )<br>)<br>)<br>) |
| Pentair Water Group, Inc.<br>c/o Statutory Agent<br>C.T. Corporation System<br>1300 East Ninth St.<br>Cleveland, Ohio  44114 | )<br>)<br>)<br>)<br>)<br>) |
| Gardner Denver, Inc.<br>(as successor in interest to<br>Nash Engineering Company)<br>c/o Statutory Agent<br>C.T. Corporation System<br>1300 East Ninth St.<br>Cleveland, Ohio  44114 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Carrier Corporation,<br>a wholly owned subsidiary of<br>United Technologies Corporation<br>1 Carrier Place<br>Farmington, CT 06032 | )<br>)<br>)<br>)<br>)<br>) |
| John Doe(s), 1 through 100, inclusive<br>Manufacturers, Sellers, Distributors or<br>Installers of Asbestos and/or<br>Asbestos-Containing Products<br>(Names & Addresses unknown) | )<br>)<br>)<br>)<br>)<br>) |
|             Defendants. | ) |

## **COMPLAINT**

1. Plaintiff, Janet M. Murphy, is a citizen of the State of Ohio and is the Executor for the Estate of Donald Murphy, who died on November 14, 2010 as a result of

2

contracting and suffering from asbestos-related diseases, including but not limited to mesothelioma.

2. Plaintiffs are informed and believe that Defendants are corporations organized and existing under the laws of the State of Ohio, or of some other state of the United States of America, or of some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted, business in the State of Ohio. Each Defendant used, manufactured, supplied and/or distributed asbestos-containing products, including but not limited to equipment which used, contained or had asbestos and/or asbestos-containing parts attached to it in the State of Ohio the (hereinafter referred to as "products" or "products"), in such a manner that caused injuries to Donald Murphy, his spouse, his family and his next-of-kin.

3. Donald Murphy was formerly employed in the State of Ohio, including but not limited to employment with American Ship Builders in Lorain, Ohio from 1957 until 1959 where his job duties included working with, installing, repairing, replacing and/or otherwise handling or working in close proximity to Defendants' asbestos and/or asbestos-containing products and/or equipment used, installed, repaired and/or replaced on the USS Wood County (LST-1178) and the USS Lorain County (LST-1177).

4. At all times mentioned herein, Defendants were the agents, servants, employees, and/or joint ventures of their Co-Defendants and were, as such, acting within the scope, course, and authority of said agency employment, and/or joint venture; and each ratified and approved the acts of its agents, servants, employees, and/or joint ventures, and was responsible in some manner for the injuries and damages to Donald Murphy and to Plaintiff as set forth hereinafter.

5. At all times mentioned herein, Defendants were and are engaged in the business of manufacturing, fabricating, designing, using, assembling, distributing, leasing, buying, selling, inspecting, installing, servicing, repairing, marketing, and/or advertising asbestos and/or other

3

products or components of products containing or using asbestos and Defendants owed Donald Murphy a duty to conduct their business with due care for Donald Murphy's safety.

### **FIRST CAUSE OF ACTION**
### **(NEGLIGENCE)**

6. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth herein.

7. Donald Murphy used, handled, and was otherwise exposed to asbestos and/or asbestos-containing equipment and/or products, as referenced hereinabove, of one all or a combination of Defendants, for a substantial period of years, in a manner that was reasonably foreseeable to Defendants, while on the premises of his employer and/or while working on other work sites during his respective periods of employment.

8. As a direct and proximate result of said exposure to asbestos and/or asbestos-containing products, Donald Murphy sustained permanent and serious injuries to his body, lungs, respiratory system, and cardiovascular system, experienced pain and suffering, incurred medical bills for his care and treatment, lost wages and died.

9. Defendants knew, or in the exercise of reasonable care, should have known, that their products were and are unreasonably harmful to the body, lungs, respiratory system, and cardiovascular system of any person installing handling and/or working around Defendants' asbestos containing products and of any person or family member of any person in the immediate vicinity of their installation, handling, and use.

10. Defendants negligently researched, tested, used, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, serviced, installed, and/or sold the asbestos and/or asbestos containing products to which Donald Murphy was exposed.

11. Plaintiffs' injuries and damages were directly and proximately caused by the negligence of each Defendant, as set forth above, and by each Defendant's:

   a. negligent failure to adequately warn Donald Murphy of the dangers and harms inherent to exposure to its products;

   b. negligent failure to coat, treat, encapsulate, or otherwise process, package or label its products so as to prevent the generation of particulates and dust which are unreasonably dangerous to persons exposed to such products; and

   c. negligent failure to specify, recommend, supply, install, sell and use readily available substitutes for their unreasonably dangerous products when such substitutes would not pose hazards to human health; and

   d. negligent failure to warn Donald Murphy of the dangers of exposure to its asbestos and/or asbestos-containing products and the dangers that such products posed to household members.

12. As a direct and proximate result of the conduct of one, all or a combination of the Defendants, Donald Murphy sustained permanent injuries to his person and body, lungs, respiratory and cardiovascular systems, experienced great physical, mental and nervous pain and suffering and mental anguish, suffered from reasonable and justifiable fears of progressive and irreversible incapacity, increasing discomfort, cancer, shortened life-span, and impairment to his quality of life, and ultimately died.

13. As a direct and proximate result of the conduct of Defendants, Donald Murphy and Plaintiff incurred expenses for medical, hospital, professional, surgical care, burial, funeral and other incidental expenses in an amount not yet determined, was prevented from attending to his usual occupations and activities, lost wages and died.

## SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

5

14. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

15. Plaintiffs state there was, in fact, a defect in the asbestos-containing products manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled, researched, or installed by the Defendants.

16. Plaintiffs state that the aforementioned defect(s) was dangerous to the health and well being of the Donald Murphy and others exposed to such products and that such defect existed at the time the products left the hands of the Defendants.

17. Plaintiffs state that the aforementioned defect(s) was dangerous to the health and well being of Donald Murphy and others exposed to such products and that such defect was the direct and proximate cause of Donald Murphy and Plaintiffs' injuries, losses and death as described above.

18. Defendants researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, used, serviced, installed, and sold to the public, to Donald Murphy's employers, and to others working in the vicinity of Donald Murphy, asbestos and asbestos-containing products, and the Defendants knew that these products would be used and handled by Donald Murphy and others similarly situated without any knowledge of there defects and inherent danger, and without any inspection for defects and dangers.

19. Donald Murphy, in the course and scope of his employment, used, handled, and was otherwise exposed to asbestos and asbestos-containing products, sold or otherwise supplied by Defendants, without receiving any warnings from Defendants of the defects and inherent dangers of the products.

20. The products which were sold by Defendants and/or supplied by Defendants, and to which Donald Murphy was exposed, were defective and unsafe for their intended uses and purposes, in that they were more dangerous than an ordinary consumer or user would expect, and in that the risks incident to the use of the products outweighed any benefits of the utility of the products.

21. As a direct and proximate result of the defective condition of these products, Donald Murphy was injured and as a result of such injuries, experienced physical and mental pain and suffering, incurred medical bills for his care and treatment, lost wages and died.

### THIRD CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

22. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth herein.

23. Defendants expressly warranted that the products described as set forth above, which they manufactured, sold or supplied, and to which Donald Murphy was exposed, were reasonably fit for their intended uses without endangering human life and safety.

24. Defendants breached these express warranties, in that these products described as set forth above were defective and dangerous to reasonably foreseeable users like Donald Murphy who was exposed to said products.

25. Donald Murphy did rely upon the express warranties and representations of Defendants regarding the fitness and safety of their aforesaid products, and as a result, used, handled, and was otherwise exposed to these products.

26. As a direct and proximate result of the Defendants' breaches of their express warranties, Plaintiffs and/or their decedent Donald Murphy were injured and damaged, as set forth above.

### FOURTH CAUSE OF ACTION

7

## (BREACH OF IMPLIED WARRANTY)

27.     Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

28.     Defendants impliedly warranted that the products described as set forth above, which they sold or supplied, and to which Donald Murphy was exposed, were of merchantable quality, were reasonably safe, and were reasonably fit for use in a work place environment for the particular purposes for which they were sold or supplied, without endangering human life and safety.

29.     Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose, in that Defendants' products described as set forth above were defective and dangerous to reasonably foreseeable users and consumes like Donald Murphy as set forth above.

30.     Donald Murphy did rely upon the implied warranties and representations of Defendants regarding their products described as set forth above, and as a result used, handled and was otherwise exposed to these products.

31.     As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiffs and their decedent Donald Murphy were injured and damaged as set forth above.

## FIFTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

32.     Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

33.     As a direct and proximate result of the negligent acts and/or omissions of the Defendants complained of herein, Plaintiff Jan Murphy, spouse of Donald Murphy, and other family members of Donald Murphy suffered a loss of consortium and were deprived of the services, society, companionship, comfort, love and guidance of their decedent Donald Murphy.

8

## SIXTH CAUSE OF ACTION
## (STATUTORY PRODUCTS LIABILITY)

34. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

35. Plaintiffs bring this claim for relief against Defendants named herein and John Does 1- 100 and their predecessors in interest for product liability under Ohio Revised Code Section 2307.71, et seq.  At all times pertinent hereto the aforementioned Defendants and John Does were "manufacturers" and "suppliers" of asbestos and asbestos products as "manufacturer" and "supplier" as defined under Ohio Revised Code Section 2307.71.

36. "The Products" as manufactured and supplied by the aforementioned Defendants and John Does, were defective in manufacture and construction as described in Ohio Revised Code Section 2307.73, were defective in design or formulation as described in Ohio Revised Code  Section 2307.75, were defective due to inadequate warnings and instructions as described in Ohio Revised Code  Section 2307.76 and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code  Section 2307.77.

37. Each of the defective conditions of "The Products" as described above in paragraphs 6 to 31, and pursuant to Ohio Revised Code Section 2307.73, were singularly a proximate cause of the harm to Donald Murphy and his next of kin for which Plaintiffs seek to recover compensatory damages as previously set forth.  Furthermore, each of the aforementioned Defendants are liable as if they were the manufacturers in accordance with Ohio Revised Code Section 2307.78.

## SEVENTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

9

38.     Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

39.     Plaintiffs are informed and believe that the Defendants named herein and their predecessors in interest researched, tested, manufactured, labeled, marketed, used, distributed and sold products described as set forth above with conscious disregard for the safety of Donald Murphy and other users of said products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to their products or products in their premises aforesaid, including, but not limited to, mesothelioma, lung cancer and other forms of cancer, and asbestosis.  Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said Defendants, and which knowledge was obtained by said Defendants during the time said Defendants manufactured, distributed, used or sold their said products.

40.     During the time said Defendants manufactured, distributed, used, or sold their said products, Defendants were aware that Donald Murphy and other members of the general public who would be exposed to their products had no knowledge or information that said products could cause injury, and Defendants knew that Donald Murphy and other users of said products, as well as members of the general public who were exposed to said products, would assume, and in fact did assume, that exposure to said products was safe, when in fact said exposure was extremely hazardous to human life.

41.     Despite this knowledge, Defendants opted to manufacture, distribute, use, and sell said products without attempting to protect Donald Murphy and other users from, or to warn Donald Murphy and other users of, the high risk of injury and death resulting from exposure to said products.  Rather than attempting to protect Donald Murphy and other users

from, or warn Donald Murphy and other users of, the high risk of injury or death resulting from exposure to their asbestos and asbestos-containing products, said Defendants failed to reveal their knowledge of these risks, and intentionally, consciously, and actively concealed and suppressed this knowledge from members of the general public, Donald Murphy's employers and other users, thus impliedly representing to members of the general public, Donald Murphy's employers and other users that these asbestos and asbestos-containing products and products were safe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations and with a conscious disregard of the rights and safety of Donald Murphy and other users.

42. The above-referenced conduct of these Defendants was motivated by the financial interest of said Defendants in the continuing, uninterrupted distribution, use, and marketing of asbestos and asbestos-containing products. In pursuance of this financial motivation, said Defendants consciously disregarded the safety of Donald Murphy and other users of their asbestos and asbestos-containing products, and were consciously willing to permit said asbestos and asbestos-containing products to cause injury to frequenters, users, and bystanders, including Donald Murphy

43. As the above-referenced conduct of said Defendants was and is willful, malicious, outrageous and in conscious disregard and indifference to the safety of Donald Murphy and other users of their asbestos and asbestos-containing products, Plaintiffs, therefore, for the sake of example, and by way of punishing these Defendants, seek punitive damages according to proof.

### EIGHTH CLAIM FOR RELIEF
### FRAUDULENT CONCEALMENT AND REPRESENTATION:
### WILLFUL MISCONDUCT

44. All allegations contained in the previous paragraphs are realleged herein.

11

45.     Defendants made false representations of facts regarding their manufacturing, selling, use, and distributing asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products with knowledge of their falsity or with such utter disregard and recklessness about their falsity and, that Defendants' representations were material to their manufacturing, selling, using, and distributing of their asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants' representations were made with the intent to mislead Donald Murphy into relying upon them. Donald Murphy was justified in relying upon Defendants' representations, and did, in fact, so rely. Donald Murphy's asbestos-related diseases were proximately or directly caused by his and others reliance upon Defendants' representations.

46.     Defendants knowingly concealed facts regarding their manufacturing, selling, using, and distributing asbestos and/or asbestos-containing products which was done when and where there was a duty to disclose. Defendants' concealment was material to their manufacturing, selling, using, and distributing of their asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants' concealment was made with the intent to mislead Donald Murphy into relying upon it. Donald Murphy was justified in relying upon Defendants' concealment, and did, in fact, so rely. Donald Murphy's asbestos-related diseases were proximately or directly caused by their reliance upon Defendants' concealment.

47.     Defendants' acts, as described above, constitute fraudulent representation and/or fraudulent concealment in the following manner:

12

    A.    Defendants intended the publication of false and misleading statements and reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

        (a)    Maintain a favorable atmosphere for the continued sale, use, and distribution of asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

        (b)    Assist in continued pecuniary gain through the control and reduction of claims.

        (c)    Influence proposed legislation to regulate asbestos exposure

        (d)    Provide a defense in lawsuits brought for injury resulting from asbestos disease.

        (e)    Facilitate the continued use of asbestos or asbestos containing products without objection or resistance by their employees.

    B.    Defendants intended reliance upon the published reports regarding the safety of asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

48.    Defendants have, as previously stated, altered, influenced, and created significant portions of medical literature which are false and misleading statements concerning the dangers of asbestos exposure and injury, disease, illness, and disability. In so doing, Defendants, and their aforesaid agents provided a body of medical literature which, when relied upon by persons investigating such literature, lead to a false impression of the dangers of

13

asbestos exposure. Additionally the publication of such literature acted to inhibit the development of the literature and effectively delayed the dissemination of accurate knowledge of the dangers. Defendant's owed a duty to Donald Murphy, and the public as a whole, when contributing to the medical literature to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Defendants' failure to do so constitutes willful and wanton misconduct and a separate intentional tort creating a duty to compensate Donald Murphy for the illness, disability and death he sustained as a proximate result of Defendants' actions.

49.     Defendants have, as previously stated, falsely advised their employees that asbestos or asbestos containing products were safe and such statements were made with knowledge of their falsity or with such utter disregard and recklessness about their falsity. Such false representations were material to Defendants' continued use of asbestos and asbestos containing products and made with the intent to mislead the Donald Murphy into relying upon them. Donald Murphy did in fact rely on Defendant's representations and such reliance proximately caused his diseases.

50.     As a direct and proximate result of Defendants' fraudulent representations and/or fraudulent concealment, Donald Murphy suffered the illness, disability and death and Plaintiffs suffered damages set forth in the foregoing paragraphs, for which Defendants are liable at common law.

### NINTH CAUSE OF ACTION
### (WRONGFUL DEATH)

51.     Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

52. Plaintiff Jan Murphy is the surviving spouse of Decedent Donald Murphy and was appointed executor of the Estate of Donald Murphy by the Lorain County Probate Court on January 26, 2011.

53. Plaintiffs' Decedent Donald Murphy died from mesothelioma on November 14, 2010 as a direct and proximate result of the negligent acts and/or omissions of the Defendants complained of above in Paragraphs 1 through 50.

54. This wrongful death action is brought by Plaintiff Jan Murphy on behalf of herself and the Estate of Donald Murphy.

55. Plaintiff Jan Murphy and the family, next-of-kin and Estate of Decedent Donald Murphy have suffered compensatory damages as a direct and proximate result of the death of Donald Murphy from mesothelioma including but not limited to reasonable and necessary medical and funeral expenses, loss of support from the reasonable expected earning capacity of decedent, as well as from his loss of services, society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education, together with the loss of prospective inheritance and mental anguish incurred by surviving spouse and next-of-kin, and all other damages available at law. Plaintiffs, the family and survivors of Decedent expect to continue to suffer severe mental anguish and emotional distress indefinitely into the future.

WHEREFORE, Plaintiffs demand judgment joint and severally against each Defendant on all causes of action in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) and an amount for punitive damages, costs and attorney's fees and expenses in this action.

15

Respectfully submitted,

_____
Robert A. Marcis, II (0070169)
Law Offices of Robert Marcis, II
Fairview Park, Ohio 44126
Phone: (440) 777-6500
Fax: (216) 373-0602
rmarcis@rmarcis.com

Counsel for Plaintiff

**JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury of the instant action.

_____
Robert A. Marcis, II (0070169)

16