# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
David Luna Sr.

**DEFENDANTS**
CBS Corporation, et al.,

**(b)** County of Residence of First Listed Plaintiff  Hidalgo County, Texas,
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino -- Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607
Phone: (312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excl. vet.)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Inj.

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [x] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 ADA—Employment
- [ ] 446 ADA — Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Security/Commodity/Exch.
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Title 28, United States Sec. 1332
Asbestos injury, occupational exposure

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ >75,000   CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

**IX. This case** [x] is not a refiling of a previously dismissed action.
[ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE  Nov. 29, 2012
SIGNATURE OF ATTORNEY OF RECORD  *Michael P Cascino*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| David Luna Sr.,<br><br>          Plaintiff,<br>v.<br><br>CBS Corporation, a corporation,<br>Commonwealth Edison Company, a corporation,<br>Exelon Corporation, a corporation,<br>General Electric Company, a corporation,<br>Georgia Pacific, LLC, a corporation,<br>Goodrich Corporation, a corporation,<br>Honeywell International Inc., a corporation,<br>Maremont Corporation, a corporation,<br>Midwest Generation EME, LLC, a corporation,<br>Olin Corporation, f/k/a Olin Industries Inc., a corporation,<br>Rapid American Corporation, a corporation,<br>Texaco, Inc., a corporation,<br><br>          Defendants. | Case No. 1:12-cv-9515 |

## COMPLAINT

Now comes the plaintiff, David Luna Sr., (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Texas, resides in McAllen, Texas, and worked in the state of Illinois as a union laborer.

2. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment.

3. **Defendant Commonwealth Edison Company** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

   a.) Collins Power Station in Morris, Illinois

   b.) Com-Ed Power Station 7 in Joliet, Illinois

   c.) Com-Ed Power Station 8 in Joliet, Illinois

   d.) Com-Ed Power Station 9 in Joliet, Illinois

   e.) Com-Ed Power Station 19 in Joliet, Illinois

4. **Defendant Exelon Corporation** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

   a.) Braidwood Nuclear Power Station in Braidwood, Illinois

   b.) Dresden Nuclear Power Station in Morris, Illinois

5. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

6. **Defendant Georgia Pacific LLC** (f/k/a Georgia-Pacific Inc.) manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

7. **Defendant Goodrich Corporation** manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

8. **Defendant Honeywell International Inc.** was formerly known as Allied Signal and is the successor in interest to Allied Corp. which is the successor in interest to The Bendix

Corporation, which manufactured, distributed, sold, and/or designed asbestos products, including without limitation, brake and friction products.

9. **Defendant Maremont Corporation** manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

10. **Defendant Midwest Generation EME, LLC** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Collins Power Station in Morris, Illinois

    b.) Com-Ed Power Station 7 in Joliet, Illinois

    c.) Com-Ed Power Station 8 in Joliet, Illinois

    d.) Com-Ed Power Station 9 in Joliet, Illinois

    e.) Com-Ed Power Station 19 in Joliet, Illinois

11. **Defendant Olin Corporation** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Olin Chemical in Joliet, Illinois

    b.) Blockson Chemical in Joliet, Illinois

12. **Defendant Rapid American Corporation** is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block insulation, cements, board, and air cell and supplied asbestos fibers.

13. **Defendant Texaco Inc.** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Texaco Refining in Lockport, Illinois

14. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Texas and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or

        asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

15. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

16. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

17. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

18. Plaintiff during the course of his employment as a union laborer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

19. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

20. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

21. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with lung cancer on November 29, 2010.

22. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

23. Plaintiff brings this count for negligence against all defendants except Commonwealth Edison Company, Exelon Corporation, Midewst Generation EME LLC, Olin Corporation, and Texaco Inc., and incorporates by reference all general allegations.

24. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

25. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

26. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

27. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

28. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II- NEGLIGENCE - PREMISES OWNER

29. Plaintiff reasserts and re-alleges the above general allegations 1-28 above.

30. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

    **a.)** Commonwealth Edison Company

    **b.)** Exelon Corporation

    **c.)** Midwest Generation EME LLC

    **d.)** Olin Corporation

    **e.)** Texaco Inc.

31. Defendants are responsible for the premises during the dates and times of Plaintiff's exposures to asbestos indicated above.

32. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

33. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

34. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

35. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

36. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

37. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

38.
   a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

   b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

   d. failing to adequately test for asbestos where Plaintiff worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

39. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## PRAYER FOR RELIEF

40. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: November 29, 2012

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email: mcascino@cvlo.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| CBS Corporation | Delaware | Pennsylvania |
| Commonwealth Edison Company | Illinois | Illinois |
| Exelon Corporation | Pennsylvania | Illinois |
| General Electric Company | New York | Connecticut |
| *Georgia Pacific, LLC (see below.) | Delaware | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Honeywell International Inc. | Delaware | New Jersey |
| Maremont Corporation | Delaware | Michigan |
| *Midwest Generation EME, LLC (see below.) | Delaware | California |
| Olin Corporation, f/k/a Olin Industries Inc. | Virginia | Missouri |
| Rapid American Corporation | Delaware | New York |
| Texaco, Inc. | Delaware | New York |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.) for diversity purposes | City | State |
|---|---|---|
| **Georgia Pacific LLC** | | |
| James Hannan | Atlanta | Georgia |
| Wesley Jones | Atlanta | Georgia |
| Tyler L. Woolson | Atlanta | Georgia |
| **Midwest Generation EME LLC** | | |
| Daniel D. McDevitt | Chicago | Illinois |
| Douglas R. McFarlan | Chicago | Illinois |
| Maria Rigatti | Santa Ana | California |

# Exhibit B
Plaintiff's work history

| Job-Site | Site City | Site State | First year at site (approx.) | Last year at site (approx.) |
|---|---|---|---|---|
| Amick automotive dealership / garage | Joliet | IL | 1965 | 1970 |
| Blockson Chemical | Joliet | IL | 1970's | 1970's |
| Braidwood Nuclear Power Station | Braidwood | IL | 1970's | 1970's |
| Collins Power Station | Morris | IL | 1970's | 1970's |
| Commonwealth Edison (Power Station 18) | Joliet | IL | 1970's | 1970's |
| Commonwealth Edison (Power Stations 7 & 8) | Joliet | IL | 1970's | 1970's |
| Joliet Arsenal | Joliet | IL | 1970's | 1970's |
| Mobil Oil Refinery | Joliet | IL | 1970's | 1970's |
| Northern Petro Chem | Morris | IL | 1970's | 1970's |
| Olin Chemical | Joliet | IL | 1970's | 1970's |
| Texaco Refining & Marketing | Lockport | IL | 1970's | 1970's |
| Union Oil Refinery | Lemont | IL | 1970's | 1970's |
| Kerr Glass | Joliet | IL | 1973 | 1974 |
| Commonwealth Edison (Power Station 9) | Joliet | IL | 1980s | 1980s |
| Dresden Nuclear Power Station | Morris | IL | 1980s | 1980s |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| David Luna Sr., <br><br> Plaintiff, <br><br> v. <br><br> CBS Corporation, et al., <br><br> Defendants. | Case No.1:12-cv-9515 |

### NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending to the Federal Court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order.") That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.5(b).

All matters except service and defendants' appearances and answers are stayed.

Dated: November 29, 2012.

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email: mcascino@cvlo.com

MASON

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 5.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:12-cv-09515

| | |
|---|---|
| Luna v. CBS Corporation et al | Date Filed: 11/29/2012 |
| Assigned to: Honorable Joan B. Gottschall | Jury Demand: Defendant |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**David Luna, Sr**  represented by  **Michael Peter Cascino**
*a corporation*  Cascino Vaughan Law Offices, Ltd.
 220 South Ashland Avenue
 Chicago, IL 60607
 (312) 944-0600
 Email: ecf.cvlo@gmail.com
 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**  represented by  **Jacob D. Sawyer**
*a corporation*  Foley & Mansfield, Pllp
*formerly known as*  55 W. Monroe
Westinghouse Electric Corporatioin  Suite 3430
*formerly known as*  Chicago, IL 60603
Viacom Inc  (312) 254-3800
 Email: jsawyer@foleymansfield.com
 *ATTORNEY TO BE NOTICED*

**Defendant**

**Commonwealth Edison Company**
*a corporation*

**Defendant**

**Exelon Corporation**
*a corporation*

**Defendant**

**General Electric Company**  represented by  **John Anthony Fonstad**
*a corporation*  Sidley Austin LLP
 One South Dearborn
 Chicago, IL 60603
 (312) 853-0752
 Email: jfonstad@sidley.com
 *ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia Pacific LLC**
*a corporation*

**Defendant**

**Goodrich Corporation**
*a corporation*

**Defendant**

**Honeywell International Incorporated**
*a corporation*

represented by **Jennifer Jerit Johnson**
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606-6308
(312) 627-4000
Email: jjohnson@tresslerllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maremont Corporation**
*a corporation*

represented by **Valerie Gay Lipic**
Greensfelder, Hemker & Gale, P.c.
200 West Madison Street
Chicago, IL 60606
(312) 345-5006
Email: vgl@greensfelder.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Midwest Generation EME LLC**
*a corporation*
*formerly known as*
Olin Industries Inc

represented by **Edward M Casmere**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
(312) 258-5784
Email: ecasmere@schiffhardin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Olin Corporation**
*also known as*
Olin Industries Incorporated

represented by **Douglas F. McMeyer**
Husch Blackwell, LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 655-1500
Fax: (312) 655-1501
Email: douglas.mcmeyer@huschblackwell.com

*ATTORNEY TO BE NOTICED*

**Jeffrey D. Sigmund**
Husch Blackwell, Llp
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
(314) 480-1500
Email: jeffrey.sigmund@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**    represented by   **Roger K. Heidenreich**
*a corporation*                                    SNR Denton US LLP
                                                   One Metropolitan Square
                                                   Suite 3000
                                                   211 N. Broadway
                                                   St. Louis, MO 63102-2711
                                                   (314)241-1800
                                                   Email: roger.heidenreich@snrdenton.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Texaco Inc.**
*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2012 | 1 | COMPLAINT filed by David Luna, Sr; Jury Demand. Filing fee $ 350, receipt number 0752-7800433. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cascino, Michael) (Entered: 11/29/2012) |
| 11/29/2012 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 11/29/2012) |
| 11/29/2012 | 3 | ATTORNEY Appearance for Plaintiff David Luna, Sr by Michael Peter Cascino (Cascino, Michael) (Entered: 11/29/2012) |
| 11/29/2012 | 4 | Notice of Tag-Along Action by David Luna, Sr (Cascino, Michael) (Entered: 11/29/2012) |
| 11/29/2012 |   | CASE ASSIGNED to the Honorable Joan B. Gottschall. Designated as Magistrate Judge the Honorable Michael T. Mason. (cft, ) (Entered: 11/29/2012) |
| 12/18/2012 | 5 | ATTORNEY Appearance for Defendant Maremont Corporation by Valerie Gay Lipic (Lipic, Valerie) (Entered: 12/18/2012) |

| | | |
|---|---|---|
| 12/18/2012 | 6 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Maremont Corporation(Lipic, Valerie) (Entered: 12/18/2012) |
| 12/18/2012 | 7 | NOTICE by Maremont Corporation *Tag Along Action and Motion to Stay Proceedings* (Lipic, Valerie) (Entered: 12/18/2012) |
| 12/18/2012 | 8 | Financial Disclosure Statement by Maremont Corporation (Lipic, Valerie) (Entered: 12/18/2012) |
| 12/21/2012 | 9 | ATTORNEY Appearance for Defendant Midwest Generation EME LLC by Edward M Casmere (Casmere, Edward) (Entered: 12/21/2012) |
| 12/21/2012 | 10 | SUGGESTION of Bankruptcy as to Midwest Generation EME, LLC (Casmere, Edward) (Entered: 12/21/2012) |
| 12/21/2012 | 11 | SUGGESTION of Bankruptcy as to Edison Mission Energy, et al. (Attachments: # 1 Exhibit A)(Casmere, Edward) (Entered: 12/21/2012) |
| 12/27/2012 | 12 | ATTORNEY Appearance for Defendant Honeywell International Incorporated by Jennifer Jerit Johnson (Johnson, Jennifer) (Entered: 12/27/2012) |
| 12/27/2012 | 13 | ANSWER to Complaint *and Affirmative Defenses* by Honeywell International Incorporated(Johnson, Jennifer) (Entered: 12/27/2012) |
| 12/27/2012 | 14 | Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 by Honeywell International Incorporated (Johnson, Jennifer) (Entered: 12/27/2012) |
| 12/28/2012 | 15 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by CBS Corporation (Sawyer, Jacob) (Entered: 12/28/2012) |
| 12/28/2012 | 16 | JURY Demand (Sawyer, Jacob) (Entered: 12/28/2012) |
| 12/28/2012 | 17 | Disclosure Statement Pursuant to F.R.C.P. 7.1 STATEMENT by CBS Corporation (Sawyer, Jacob) (Entered: 12/28/2012) |
| 12/28/2012 | 18 | ANSWER to Complaint *and Defenses* by CBS Corporation(Sawyer, Jacob) (Entered: 12/28/2012) |
| 12/28/2012 | 19 | NOTICE OF TAG-ALONG ACTION by CBS Corporation (Sawyer, Jacob) (Entered: 12/28/2012) |
| 01/07/2013 | 20 | MINUTE entry before Honorable Joan B. Gottschall: Status Hearing set for 01/29/13 at 9:30 AM. Plaintiff is directed to advise the defendants of the status hearing forthwith. Parties are directed to discuss settlement of case, consent to proceed before the Magistrate Judge and a proposed discovery plan. See Judge Gottschall's civil case management information about pretrial case management procedures. This information is located on the website: http//www.ilnd.uscourts.gov. Mailed notice (mgh, ) (Entered: 01/07/2013) |
| 01/10/2013 | 21 | ATTORNEY Appearance for Defendant Rapid American Corporation by Roger K. Heidenreich (Heidenreich, Roger) (Entered: 01/10/2013) |
| 01/10/2013 | 22 | *DefendantRapid-American Corporation's Answer And Affirmative Defenses To Plaintiff's Complaint* ANSWER to Complaint with Jury Demand by Rapid American Corporation(Heidenreich, Roger) (Entered: 01/10/2013) |

| | | |
|---|---|---|
| 01/10/2013 | 23 | Corporate Disclosure Statement STATEMENT by Rapid American Corporation *Defendant Rapid-American Corporation's Corporate Disclosure Statement Pursuant To FRCP 7.1 And LR 3.2* (Heidenreich, Roger) (Entered: 01/10/2013) |
| 01/15/2013 | 24 | ATTORNEY Appearance for Defendant Olin Corporation by Douglas F. McMeyer (McMeyer, Douglas) (Entered: 01/15/2013) |
| 01/16/2013 | 25 | ATTORNEY Appearance for Defendant Olin Corporation by Jeffrey D. Sigmund (Sigmund, Jeffrey) (Entered: 01/16/2013) |
| 01/24/2013 | 26 | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 27 | ANSWER to Complaint with Jury Demand by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 28 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 29 | Notice of Tag-Along Action by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/24/2013 18:44:19 | | | |
| **PACER Login:** | sa0019 | **Client Code:** | 07900-41030-30152 |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-09515 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |