# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### (a) PLAINTIFFS
Sue Roberts, Individually and as Special Administrator for the Estate of Robert E. Johnson, Deceased,

### DEFENDANTS
A.W. Chesterton Company, et al.,

**(b)** County of Residence of First Listed Plaintiff **Winnebago**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino -- Cascino Vaughan Law Offices, Ltd
220 S. Ashland Avenue, Chicago, IL 60607
Phone: (312) 944-0600, Fax: (312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury— Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | [x] 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | **PROPERTY RIGHTS** | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (excl. vet.) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 830 Patent | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | 840 Trademark | 490 Cable/Satellite TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Inj. | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Security/Commodity/Exch. |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 ADA—Employment | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 ADA — Other | 550 Civil Rights | | | 890 Other Statutory Actions |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
Title 28, United States Sec. 1332
Asbestos injury, occupational exposure

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ >75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## IX. This case
- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE **Dec. 2, 2012**
SIGNATURE OF ATTORNEY OF RECORD
/S/ Michael P. Cascino

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| Sue Roberts, Individually and as Special Administrator for the Estate of Robert E. Johnson, Deceased,<br><br>                                            Plaintiff,<br>v.<br><br>A.W. Chesterton Company, a corporation,<br>CBS Corporation, a corporation,<br>Foster Wheeler Corporation, a corporation,<br>General Electric Company, a corporation,<br>General Refractories Company, a corporation,<br>Owens-Illinois Inc., a corporation,<br>Rapid American Corporation, a corporation,<br>Union Carbide Corporation, a corporation.<br><br>                                            Defendants. | Case No. 3:12-cv-50429 |

## COMPLAINT

Now comes the plaintiff, Sue Roberts (hereinafter "Plaintiff"), individually and as special administrator of the estate of Robert E. Johnson (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### JURISDICTION

1. Plaintiff Sue Roberts is the Step-Daughter of decedent Robert E. Johnson and resides in Rockford, Illinois.

2. Decedent was an adult citizen and resident of Illinois.

3. Decedent died on October 25, 2005.

4. Defendant A. W. Chesterton Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

5. Defendant CBS Corporation is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment.

6. Defendant Foster Wheeler LLC Corporation is responsible for the conduct of Foster Wheeler Corporation and Foster Wheeler Energy Corporation. Foster Wheeler LLC, Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

7. Defendant General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

8. Defendant General Refractories Company manufactured, designed and sold asbestos products, including without limitation, refractory products, cements and mastics.

9. Defendant Owens-Illinois, Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block.

10. Defendant Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

11. Defendant Union Carbide Corporation manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers. .

12. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

13. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

14. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

15. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

16. Decedent during the course of his employment by Commonwealth Edison Company at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

17. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

18. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

19. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with mesothelioma on September 1, 2004.

20. This case is a refiling of a previous case voluntarily dismissed on August 28, 2012 pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-1009.[1]

21. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

22. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

23. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

24. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

---

[1] Circuit Court of Cook County, Illinois, Case No. 2007L009038

25. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

26. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

27. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## WRONGFUL DEATH AND LOSS OF CONSORTIUM

28. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 27 above.

29. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## PRAYER FOR RELIEF

30. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: December 2, 2012

/S/ Michael P. Cascino
Attorney for plaintiff

Robert G. McCoy
Allen D. Vaughan
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
*Defendants' States of Incorporation and Principal Places of Business*

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| CBS Corporation | Delaware | Pennsylvania |
| *Foster Wheeler LLC (see below)* | Pennsylvania | New York |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Union Carbide Corporation | New York | Texas |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.), for diversity purposes. | City | State |
|---|---|---|
| **Foster Wheeler LLC** | | |
| Richard J. Swift | Clinton | New Jersey |
| James Hannan | Atlanta | Georgia |
| Wesley Jones | Atlanta | Georgia |
| Tyler L. Woolson | Atlanta | Georgia |

**Exhibit B**
*Decedent's work history*

| Job-Site | City | State | First year at site (approx.) | Last year at site (approx.) |
|---|---|---|---|---|
| Fordham Generating Station | Rockford | Illinois | 1948 | 1951 |
| Sabrook Generating Station | Rockford | Illinois | 1951 | 1976 |
| Avon Street Generating Station | Rockford | Illinois | 1976 | 1978 |
| Byron Generating Station | Rockford | Illinois | 1978 | 1979 |
| Avon Street Generating Station | Rockford | Illinois | 1979 | 1984 |

MAHONEY

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 5.1.1 (Rockford)
### CIVIL DOCKET FOR CASE #: 3:12-cv-50429

| | |
|---|---|
| Roberts v. A.W. Chesterton Company et al | Date Filed: 12/02/2012 |
| Assigned to: Honorable Philip G. Reinhard | Jury Demand: Both |
| Referred to: Honorable P. Michael Mahoney | Nature of Suit: 368 P.I. : Asbestos |
| Demand: $75,000 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Asbestos Litigation | |

**Plaintiff**

**Sue Roberts**　　　　　　　　　　　　　　　represented by **Michael Peter Cascino**
*Individually and as Special*　　　　　　　　　　　　　　　　Cascino Vaughan Law Offices, Ltd.
*Administrator for the Estate of Robert*　　　　　　　　　　220 South Ashland Avenue
*E. Johnson, Deceased,*　　　　　　　　　　　　　　　　　Chicago, IL 60607
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(312) 944-0600
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: ecf.cvlo@gmail.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**　　　　　　　　represented by **Adam J Jagadich**
*a corporation*　　　　　　　　　　　　　　　　　　　　　Segal, McCambridge, Singer & Mahoney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　233 South Wacker Drive
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 5500
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(312) 645-7800
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 645-7711
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: ajagadich@smsm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*a corporation*

**Defendant**

**Foster Wheeler Corporation**
*a corporation*

**Defendant**

**General Electric Company**　　　　　　　　represented by **John Anthony Fonstad**
*a corporation*　　　　　　　　　　　　　　　　　　　　　Sidley Austin LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One South Dearborn
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603

                (312) 853-0752
                Email: jfonstad@sidley.com
                *ATTORNEY TO BE NOTICED*

**Defendant**

**General Refractories Company**
*a corporation*

**Defendant**

**Owens-Illinois Inc**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

**Defendant**

**Union Carbide Corporation**
*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/02/2012 | 1 | COMPLAINT filed by Sue Roberts; Jury Demand. Filing fee $ 350, receipt number 0752-7809522. (Attachments: # 1 Exhibit A -- (Defendants' States of Incorporation and Business), # 2 Exhibit B - (Decedent's Work History))(Cascino, Michael) (Entered: 12/02/2012) |
| 12/02/2012 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 12/02/2012) |
| 12/02/2012 | 3 | Notice of Potential Tag-Along Action by Sue Roberts (Cascino, Michael) (Entered: 12/02/2012) |
| 12/02/2012 | 4 | ATTORNEY Appearance for Plaintiff Sue Roberts by Michael Peter Cascino (Cascino, Michael) (Entered: 12/02/2012) |
| 12/03/2012 | | THIS matter is referred to the Hon. P. Michael Mahoney pursuant to Internal Operating Procedure 11(d). Case assigned to District Judge Philip G. Reinhard. (jat, ) (Entered: 12/03/2012) |
| 12/03/2012 | 5 | MINUTE entry before Honorable P. Michael Mahoney: Written Status Report due by 1/15/2013. Mailed notice (glg, ) (Entered: 12/03/2012) |
| 01/15/2013 | 6 | STATUS Report by Sue Roberts (Attachments: # 1 Certificate of Service)(Cascino, Michael) (Entered: 01/15/2013) |
| 01/17/2013 | 7 | ATTORNEY Appearance for Defendant A.W. Chesterton Company by Adam J Jagadich (Jagadich, Adam) (Entered: 01/17/2013) |
| 01/17/2013 | 8 | ANSWER to Complaint *and Affirmative Defenses* by A.W. Chesterton Company (Attachments: # 1 Certificate of Service)(Jagadich, Adam) (Entered: 01/17/2013) |

| 01/24/2013 | 9 | MINUTE entry before Honorable P. Michael Mahoney: Written status report received and accepted. Status hearing set for 3/27/2013 at 01:30 PM. Mailed notice (glg, ) (Entered: 01/24/2013) |
| --- | --- | --- |
| 01/24/2013 | 10 | ATTORNEY Appearance for Defendant General Electric Company by John Anthony Fonstad (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 11 | ANSWER to Complaint with Jury Demand by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 12 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |
| 01/24/2013 | 13 | Notice of Tag-Along Action by General Electric Company (Fonstad, John) (Entered: 01/24/2013) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 01/24/2013 19:13:22 | | | |
| **PACER Login:** | sa0019 | **Client Code:** | 07900-41030-30152 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-50429 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |