**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL REMAND ORDER**

The transferee court in this litigation has, in the actions on this conditional remand order: (1) severed all claims for punitive or exemplary damages; and (2) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that all claims in the action(s) on this conditional remand order except the severed damages claims be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Pennsylvania.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Eastern District of Pennsylvania with a stipulation or designation of the contents of the record to be remanded and all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

Inasmuch as no objection is pending at this time, the stay is lifted.

Jan 28, 2013

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                  MDL No. 875

## SCHEDULE FOR CRO

| | TRANSFEREE | | | TRANSFEROR | | |
|---|---|---|---|---|---|---|
| DIST | DIV. | C.A.NO. | DIST | DIV. | C.A.NO. | CASE CAPTION |
| PAE | 2 | 11−64219 | CAN | 3 | 11−00986 | Whelan et al v. General Electric Company et al |
| PAE | 2 | 11−67271 | CAN | 3 | 11−03507 | Gerecke et al v. Huntington Ingalls Incorporated et al |
| PAE | 2 | 09−62999 | CAN | 4 | 07−04240 | LYMAN et al v. UNION CARBIDE CORPORATION et al |
| PAE | 2 | 11−67274 | CAN | 4 | 11−03399 | McClain et al v. United States Steel Corporation et al |
| PAE | 2 | 11−63477 | ND | 1 | 11−00017 | THOMAS v. ABEX CORPORATION et al |
| PAE | 2 | 09−66670 | ND | 1 | 90−00289 | SKAGER v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66671 | ND | 1 | 90−00290 | STIMAC v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66672 | ND | 1 | 90−00291 | STUMPF v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66673 | ND | 1 | 90−00292 | SULLIVAN v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66674 | ND | 1 | 90−00293 | SUNDBY v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66675 | ND | 1 | 90−00294 | TOEPKE v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66676 | ND | 1 | 90−00295 | VOEGELE v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66677 | ND | 1 | 90−00296 | WARD v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66678 | ND | 1 | 90−00297 | WIRTZ v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66679 | ND | 1 | 90−00298 | WOODS v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66680 | ND | 1 | 90−00299 | ZACHMEIER v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66681 | ND | 1 | 90−00300 | ZACHMEIER v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66682 | ND | 1 | 90−00301 | ZACHMEIER v. A.H. BENNETT COMPANY et al |
| PAE | 2 | 09−66683 | ND | 1 | 90−00302 | ZOLLER v. A.H. BENNETT COMPANY et al |
| * PAE | 2 | 09−64060 | CAN | 3 | 08−04461 | Robert Mcmeans v. General Electric Co., et al. |

* − denotes that the civil action has been severed.