DIVERSITY, KO, LS, UNCONSENTED,

# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00042-slc
### Internal Use Only

Moss, Jane v. CBS Corporation et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/18/2013
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Jane Moss**
*Individually and as Special*
*Administrator for the Estate of Harry*
*Moss, Deceased*

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
**CBS Corporation**

### Defendant
**Certainteed Corporation**

### Defendant
**General Electric Company**

### Defendant
**Goulds Pumps Inc.**

### Defendant
**ITT Corporation**

### Defendant
**Ingersoll-Rand Company**

### Defendant
**Oakfabco Inc.**

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**Rapid American Corporation**

**Defendant**

**Trane U.S. Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Weil-McLain Company**
*also known as*
The Marley-Wylain Company

**Defendant**

**Zurn Industries**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/18/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 350 receipt number 0758-1112196.), filed by Jane Moss. (Attachments: <br># 1 Exhibit A (Defendants' States of Incorporation and Principal Business), <br># 2 Exhibit B (Decedent's Work History), <br># 3 JS-44 Civil Cover Sheet (unsigned) (Cascino, Michael) Modified on 1/22/2013; requested attorney refile JS-44 with signature. (mmo). (Additional attachment(s) added on 1/22/2013: <br># 4 JS-44 Civil Cover Sheet) (mmo). (Entered: 01/18/2013) |
| 01/18/2013 | 2 | Corporate Disclosure Statement by Plaintiff Jane Moss (Cascino, Michael) (Entered: 01/18/2013) |
| 01/18/2013 | 3 | Notice by Plaintiff Jane Moss *of Potential Tag-Along Action.* (Cascino, Michael) (Entered: 01/18/2013) |
| 01/18/2013 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (voc) (Entered: 01/18/2013) |
| 01/18/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (voc) (Entered: 01/18/2013) |

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| *Jane Moss*, individually and as Special Administrator of the Estate of Harry W. Moss, Deceased<br><br>      Plaintiff,<br><br>v.<br><br>*CBS Corporation*, a corporation,<br>*Certainteed Corporation*, a corporation,<br>*General Electric Company*, a corporation,<br>*Goulds Pumps, Inc.*, a corporation,<br>*ITT Corporation*, a corporation,<br>*Ingersoll Rand Company*, a corporation,<br>*Oakfabco Inc.*, a corporation,<br>*Owens-Illinois Inc.*, a corporation,<br>*Rapid American Corporation*, a corporation,<br>*Trane U.S. Inc.*, a corporation,<br>*Union Carbide Corporation*, a corporation,<br>*Weil-McLain Company*(a/k/a the Marley- Wylain Company), a corporation,<br>*Zurn Industries*, a corporation, | Case No.  3:13-cv-42 |

## Complaint

Now comes the plaintiff, Jane Moss, (hereinafter "Plaintiff"), individually and as Special

Administrator of the Estate of Harry W Moss (hereinafter "Decedent"), by and through her attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### Jurisdiction and Parties

1.  Plaintiff Jane Moss is the wife of decedent, Harry W. Moss, and resides in Chippewa Falls,

    Wisconsin.

2.  Decedent was an adult citizen and resident of Wisconsin.

3.      **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors and switch gears.  Westinghouse also erected and maintained steam generation equipment.

4.      **Defendant Certainteed Corporation** manufactured, designed, and sold asbestos products including without limitation asbestos-cement sheets, cements, cement pipe, roofing materials, brake and friction products, and wall finishing materials.

5.      **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

6.      **Defendants Goulds Pumps, Inc.** manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

7.      **Defendant ITT Corporation** is responsible for the conduct of Bell & Gossett and Marlow Pumps. ITT Corporation, Bell & Gossett and Marlow pumps manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

8.      **Defendant Ingersoll-Rand Company** manufactured, designed, and sold asbestos products, including without limitation, brake disks, friction products, pumps, valves, compressors, gaskets and packing.

9.      **Defendant Oakfabco Inc.'s** Kewanee boiler division designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes.

10. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation.

11. **Defendant Rapid American Corporation** is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block insulation, cements, board, and air cell and supplied asbestos fibers.

12. **Defendant Trane U.S. Inc.** is responsible for the conduct of American Standard Inc.   The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes.  Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

13. **Defendant Union Carbide Corporation** manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers.

14. **Defendant Weil-McLain Company** is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

15. **Defendant Zurn Industries** designed, manufactured and/or sold steam generation equipment, including without limitation boilers, which were asbestos insulated, and a seller of asbestos products.

16. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred

to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

17.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

18.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

19.    Venue is proper pursuant to Title 28, United States Code, §1391.

### General Allegations

20.    Decedent during the course of his employment as a mason tender at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

21.    Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

22.    Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

23.    As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on January 18, 2010.

24.    Decedent died on February 14, 2010, as a consequence of this lung cancer and asbestosis.

25.    Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## Count I - Products Liability - Negligence

26. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

27. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

28. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

29. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

30. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

31. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## Count II – Product Liability - Unreasonably Dangerous Product

32. This cause of action is asserted against the manufacturing and supplying defendants.

33.   The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

34.   At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

35.   Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

36.   Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a.   Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b.   Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c.   Was not subjected to adequate investigation regarding its hazards to health; and

   d.   Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

37.   Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

### Count III – Declaratory Judgment

38.   Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in

§§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

39.  Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

40.  Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## Wrongful Death and Loss of Consortium

41.  Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 40 above.

42.  Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## Prayer for Relief

43.  Plaintiff prays for relief as follows:

 a.  Judgment against defendants, jointly and severally, for compensatory and general damages.

b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated:  January 18, 2013


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
P: (312) 944-0600
F: (312) 944-1870
E: mcascino@cvlo.com
E: ecf.cvlo@gmail.com