FEB-06-2013(WED) 14:14 MBRK DESROCHERS LAW OFFICES  Case MDL No. 875  Document 9150-2  Filed 02/06/13  Page 1 of 15  P. 006/020

BEFORE THE UNITED STATES JUDICIAL PANEL IN MULIDISTRICT LITIGATION MDL-875

Case: 3:12-cv-899  As of: 02/05/2013 09:26 AM CST  1 of 3

## U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00899-slc

Jacobs, Dianne v. Owens–Illinois Inc. et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity–Asbestos Litigation

Date Filed: 12/07/2012
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Dianne Jacobs**
*Individually and as the Special
Administrator for the Purposes of this
Lawsuit on Behalf of Decedent Rita
Treutel*

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312–944–0600
Fax: 312–944–1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Owens–Illinois Inc.**

represented by **Brian O'Connor Watson**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312–258–5500
Fax: 312–258–5600
Email: bwatson@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Edward M. Casmere**
Schiff Hardin, LLP
233 S. Wacker Dr
Suite 6600
Chicago, IL 60606
312–258–5500
Email: ecasmere@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Matthew John Fischer**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312–258–5500
Fax: 312–258–5700
Email: mfischer@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**

represented by **Mark Russell Feldmann**
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912–0785
920–731–6631
Fax: 920–560–4745
Email: mark–feldmann@mennlaw.com
*ATTORNEY TO BE NOTICED*

FEB-06-2013(WED) 14:15 MDL MARK DESROCHERS LAW OFFICES    Case MDL No. 875   Document 9156-2   Filed 02/06/13   Page 2 of 15    P. 007/020

Case: 3:12-cv-899   As of: 02/05/2013 09:26 AM CST   2 of 3

**Defendant**

Weyerhauser Company                                  represented by **Mark S. DesRochers**
                                                                    DesRochers Law Offices, LLC.
                                                                    2800 East Enterprise Avenue
                                                                    Appleton, WI 54913
                                                                    920–560–4532
                                                                    Fax: 920–882–0232
                                                                    Email: markdesrochers1@gmail.com
                                                                    *ATTORNEY TO BE NOTICED*

**Cross Claimant**

Rapid American Corporation                           represented by **Mark Russell Feldmann**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

Owens–Illinois Inc.                                  represented by **Brian O'Connor Watson**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Edward M. Casmere**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew John Fischer**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Cross Defendant**

Weyerhauser Company

| Date Filed | # | Docket Text |
|---|---|---|
| 12/07/2012 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 350 receipt number 0758–1094064.), filed by Dianne Jacobs. (Attachments: # 1 JS–44 Civil Cover Sheet, # 2 Exhibit A (Defendants' States of Incorporation and Principal Places of Business)) (Cascino, Michael) (Entered: 12/07/2012) |
| 12/07/2012 | 2 | Corporate Disclosure Statement by Plaintiff Dianne Jacobs (Cascino, Michael) (Entered: 12/07/2012) |
| 12/07/2012 | 3 | Notice by Plaintiff Dianne Jacobs *of Potential Tag–Along Action.* (Cascino, Michael) (Entered: 12/07/2012) |
| 12/07/2012 |  | Case non–randomly assigned to Magistrate Judge Stephen L. Crocker. (rep) (Entered: 12/07/2012) |
| 12/07/2012 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (rep) (Entered: 12/07/2012) |
| 01/04/2013 | 4 | Notice of Appearance filed by Brian O'Connor Watson for Defendant Owens–Illinois Inc. (Watson, Brian) (Entered: 01/04/2013) |
| 01/04/2013 | 5 | ANSWER by Defendant Owens–Illinois Inc.. (Watson, Brian) (Entered: 01/04/2013) |

Case: 3:12-cv-899   As of: 02/05/2013 09:26 AM CST   3 of 3

| 01/04/2013 | 6 | Notice of Appearance filed by Matthew John Fischer for Defendant Owens–Illinois Inc. (Fischer, Matthew) (Entered: 01/04/2013) |
|---|---|---|
| 01/07/2013 | 7 | ANSWER with Jury Demand by Defendant Rapid American Corporation. (Feldmann, Mark) (Entered: 01/07/2013) |
| 01/07/2013 | 8 | CROSSCLAIM *against All Other Defendants, including* against Owens–Illinois Inc., Weyerhauser Company, filed by Rapid American Corporation. (Feldmamn, Mark) (Entered: 01/07/2013) |
| 01/07/2013 | 9 | Corporate Disclosure Statement by Defendant Rapid American Corporation (Feldmann, Mark) (Entered: 01/07/2013) |
| 01/07/2013 | 10 | Claim Answer to All Current and Future Cross–Claims by Defendant Rapid American Corporation, Cross Claimant Rapid American Corporation. (Feldmann, Mark) (Entered: 01/07/2013) |
| 01/09/2013 | 11 | Notice of Appearance filed by Edward M. Casmere for Defendant Owens–Illinois Inc. (Casmere, Edward) (Entered: 01/09/2013) |
| 02/01/2013 | 12 | ANSWER by Defendant Weyerhauser Company. (DesRochers, Mark) (Entered: 02/01/2013) |
| 02/01/2013 | 13 | Notice of Appearance filed by Mark S. DesRochers for Defendant Weyerhauser Company (DesRochers, Mark) (Entered: 02/01/2013) |
| 02/01/2013 | 14 | Corporate Disclosure Statement by Defendant Weyerhauser Company (DesRochers, Mark) (Entered: 02/01/2013) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

Dianne Jacobs, Individually and as the Special
Administrator for the Purposes of this Lawsuit
on Behalf of Decedent Rita Treutel,

                                    Plaintiff,

    v.                                               Case No. 12-cv-899

Owens-Illinois Inc., a corporation,
Rapid American Corporation, a corporation
Weyerhaeuser Company, a corporation,

                                    Defendants.

### COMPLAINT

Now comes the plaintiff, Dianne Jacobs, Individually and as the special administrator for

the purposes of this lawsuit on behalf of Rita Treutel (deceased), by and through her attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1.    Plaintiff, Dianne Jacobs, is the daughter of decedent Rita Treutel, is an adult citizen and

      resident of Nevada and currently resides in Fallon, Nevada and brings this lawsuit as

      special administrator on behalf of the decedent.

2.    Decedent Rita Treutel died from mesothelioma on July 24, 2012. Prior to her death,

      decedent was an adult citizen and resident of Marshfield, Wisconsin.

3.    Defendant Owens-Illinois, Inc. manufactured, sold, and designed asbestos products,

      including without limitation fireproof door cores, pipe insulation, and block insulation.

4.    Defendant Rapid American Corporation is responsible for the conduct of Philip Carey

      prior to June 1, 1967. Carey supplied asbestos fibers that were used in products called

FEB-06-2013(WED) 14:15 MARK DESROCHERS LAW OFFICES   P.010/020
Case MDL No. 875   Document 9150-2   Filed 02/06/13   Page 5 of 15

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 2 of 12

Kaylo, during the period of 1961 through 1967.

5.   Defendant Weyerhauser Company was the owner or operator, or is responsible for the conduct of a previous owner or operator of the following premises where asbestos products were used: Weyerhaeuser Plant in Marshfield, WI (f/k/a Roddis Plywood.) Weyerhaeuser Company also polluted the town of Marshfield, WI with asbestos-containing materials and asbestos fibers emanating from asbestos containing materials used at the plant which exposed the citizens of Marshfield to these asbestos fibers. These exposures occurred outside the plant in part because Weyerhauser would drive asbestos through the community and dump asbestos throughout the town. Asbestos would fall out of the trucks that ran through the town when being dumped. Asbestos was dumped on property outside the Weyerhaeuser Plant.

6.   Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin. Please refer to the attached Exhibit A for the states of incorporation and principal place of business of each defendant.

7.   Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

8.   The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

9.   Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

10.   Defedent during the course of her employment as a factory worker at the Weyerhaeuser Plant in Marshfield, Wicsonsin, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed,

FEB-06-2013(WED) 14:15    WORK DESROCHERS LAW OFFICES    P. 011/020
Case MDL No. 875   Document 9150-2   Filed 02/06/13   Page 6 of 15

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 3 of 12

packaged, mined, installed or otherwise placed into commerce by defendants.

11. Decedent was exposed to asbestos fibers used at Weyerhauser. Defendant Owens Illinois supplied the asbestos products during a period time. Defendant Rapid American supplied asbestos fibers to a company named Owens Corning that supplied a product called Kaylo to Weyerhauser.

12. Defendant Weyerhaeuser Company was the employer of the decedent's husband, Leroy Treutel, and two of her children, namely Dianne Jacobs and John Treutel. Decedent Rita Treutel was exposed to asbestos fibers from the Weyerhauser Plant carried on the clothes of her husband and children. Exposures included the family car, the washing of clothes, the furniture, and throughout the home. The decedent would handle and launder the clothes of her husband, and her children Dianne and John, which they brought home from the Weyerhaeuser Plant.

13. Decedent Rita Treutel worked at the Weyerhaeuser Plant from approximately 1966 through 1984.

14. Decedent's husband Leroy Treutel worked at the Weyerhaeuser plant from approximately 1946 through 1983.

15. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

16. Decedent became aware of her asbestos-related conditions and that said conditions were caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

17. As a direct and proximate result of the conduct of Defendants, Decedent developed and

FEB-06-2013(WED) 14:15    MARK DESROCHERS LAW OFFICES    P. 012/020
Case MDL No. 875   Document 9150-2   Filed 02/06/13   Page 7 of 15

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 4 of 12

had been diagnosed with mesothelioma on or about March 30, 2012, and died from this
disease on July 24, 2012.

18.    Decedent suffered great pain, physical impairment, and great mental pain and anguish, is
liable for large sums of money for medical and hospital care, and suffered losses to her
personal property and possessions.

### COUNT I - PRODUCT LIABILITY - NEGLIGENCE

19.    Plaintiff brings this count for negligence and incorporates by reference all general
allegations against the following defendants;

    a. Owens-Illinois Inc.

    b. Rapid American Corporation.

20.    It was reasonably foreseeable that Decedent and other workers would be working with or
in the proximity of defendants' asbestos products and be exposed to airborne asbestos
fibers.

21.    Defendants had a duty to exercise reasonable care for the safety of Decedent and others
who worked with or were exposed to the defendants' asbestos products.

22.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known
asbestos causes disease and death and that Decedent did not know that asbestos products
were dangerous or harmful at the time of their exposures.

23.    Each defendant breached its duty of care and was negligent, including without limitation
in one or more of the following acts or omissions:

    a.    Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b.    Failed to warn Decedent or others of the danger and harm of the asbestos after the
    products or equipment were installed at the premises;

FEB-06-2013(WED) 14:16  MARK DESROCHERS LAW OFFICES  Case MDL No. 875  Document 9150-2  Filed 02/06/13  Page 8 of 15  P. 013/020

Case: 3:12-cv-00899-slc  Document #: 1  Filed: 12/07/12  Page 5 of 12

c.   Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

d.   Failed to instruct Decedent, their employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

e.   Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

24.   As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

25.   Plaintiff brings this count and incorporates by reference all above allegations in lines

1 – 24 against the following defendants:

a. Owens-Illinois Inc.

b. Rapid American Corporation.

26.   The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

27.   At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

28.   Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

FEB-06-2013(WED) 14:15 MARK DESROCHERS LAW OFFICES    Case MDL No. 875 Document 9150-2 Filed 02/06/13 Page 9 of 15    P. 014/020

Case: 3:12-cv-00899-slc Document #: 1 Filed: 12/07/12 Page 6 of 12

29. Defendants manufactured, supplied or installed a product or equipment that was

unreasonably dangerous in nature in that it contained asbestos and in particular:

    a.      Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.      Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.      Was not subjected to adequate investigation regarding its hazards to health; and

    d.      Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

30. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and

installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISES OWNER

31. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

32. Plaintiff restates and re-alleges the allegations above.

33. Weyerhaeuser Company is responsible for the ownership and operation of the

Weyerhaeuser plant during the period of Decedent's exposures.

34. Decedent Rita Treutel was exposed to asbestos from the Weyerhauser plant, as stated

above, from her families clothes that she washed and exposures throughout the town of

Marshfield, WI.

35. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos

fibers to be released and contaminate the air. These exposures occurred at decedent's

home and to the community surrounding the plant.

36. The inhalation of asbestos fibers from contaminated air when Decedent was at home or in

the family car and from the community surrounding the plant.

FEB-06-2013(WED) 14:16    MARK DESROCHERS LAW OFFICES    Case MDL No. 875  Document 9150-2  Filed 02/06/13  Page 10 of 15    P. 015/020

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 7 of 12

37.  The exposures claimed herein are not related to any employment relationship with defendant Weyerhauser.

38.  It was reasonably foreseeable that Decedent would be exposed to Weyerhauser's asbestos fibers.

39.  Defendant had a duty to exercise reasonable care for the safety of the Decedent from asbestos fibers from the Weyerhaeuser plant which would foreseeably be brought into the family's home, automobile, and community air.

40.  Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

41.  Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

42.  Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.  Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b.  Failed to adequately investigate health effects of asbestos;

    c.  Failed to adequately test for air levels for asbestos;

    d.  Failed to adequately instruct Decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

    e.  Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    f.  Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

    g.  Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

h.    Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

i.    Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

j.    Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k.    Failed to take corrective action after being put on notice of the above violations.

43.   The violation of administrative regulations constitutes negligence per se and shifts the burden of proof against the defendant.

44.   As a direct and proximate result of the acts and omissions from the premises defendant above, Decedent was injured as described above.

### COUNT IV - NUISANCE

45.   Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

46.   Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-44 above.

47.   Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Decedent's exposures.

48.   Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant and to be brought home by employees of the plant.

49.   Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

FEB-06-2013(WED) 14:16   MARK DESROCHERS LAW OFFICES   Case MDL No. 875  Document 9150-2   Filed 02/06/13   Page 12 of 15   P. 017/020

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 9 of 12

50.   Breathing uncontaminated public air is a public right.

51.   The release and transport of asbestos fibers as described above caused contamination of

housing, vehicles, and other places frequented by Decedent which contained public air.

52.   Decedent and others inhaled the contaminated public air in the community surrounding

the plant, the family home, family vehicles, and in other places frequented by decedent.

53.   The inhalation of asbestos fibers from contaminated public air in the community

surrounding the plant, family home, family vehicles, and other places frequented by

Decedent was unrelated to any employment relationship with defendant.

54.   The inhalation of asbestos fibers is a health hazard.

55.   The release of asbestos fibers into the public air interfered with and endangered the use of

public places, the right to breath the public air, the use of residences and vehicles, and

other activities of the entire community in one or more of the following ways:

    a.   Violated agency regulations issued pursuant to the United States Occupational
Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by
OSHA dated December 18, 1973;

    b.   Violated other agency regulations, including without limitation the United States
Environmental Protection Agency National Emission Standards for Hazardous Air
Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

    c.   Violated regulations issued by the Wisconsin Industrial Commission, including
without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order
2002; and Wis. Adm. Code Ind 12.20;

    d.   Exceeded other air quality standards or guidelines, including without limitation
the Threshold Limit Values of the American Conference of Governmental
Industrial Hygienists;

    e.   Adversely affected the health interests of the community at large; and

    f.   Interfered with the public health and safety;

56.   As a direct and proximate result of the nuisance, Decedent was injured as described

FEB-06-2013(WED) 14:16   MARK DESROCHERS LAW OFFICES                                    P. 018/020
Case MDL No. 875   Document 9150-2   Filed 02/06/13   Page 13 of 15

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 10 of 12

above.

57.   The violation of regulations constitutes negligence per se and shifts the burden of proof
      against defendant Weyerhaeuser.

## COUNT V – DECLARATORY JUDGMENT

58.   Defendants' conduct alleged herein occurred many years before certain changes in the
      Wisconsin Statutes affecting the law of joint and several liability, as set forth in
      §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in
      1995.

59.   Retroactive application of the 1995 legislation purporting to apply to the new versions of
      §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years
      before the effective date of such legislation, merely because this lawsuit was filed after the
      effective date of such legislation, would materially and adversely affect the interests of
      Plaintiff in this matter.

60.   Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to
      the facts of this case would be unreasonable and unconstitutional, in violation of Article I,
      §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and
      in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary
      to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket
      #91-0016, 1995).

## WRONGFUL DEATH AND LOSS OF CONSORTIUM

61.   Plaintiff brings this count for wrongful death against all defendants and incorporates by
      reference all allegations 1 through 60 above.

62.   Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused

FEB-06-2013(WED) 14:17 MDL MARK DESROCHERS LAW OFFICES Case MDL No. 875 Document 9150-2 Filed 02/06/13 Page 14 of 15 P.019/020

Case: 3:12-cv-00899-slc Document #: 1 Filed: 12/07/12 Page 11 of 12

the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.

Dated: December 7, 2012

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

FEB-06-2013(WED) 14:17 MARK DESROCHERS LAW OFFICES    Case MDL No. 875   Document 9150-2   Filed 02/06/13   Page 15 of 15    P. 020/020

Case: 3:12-cv-00899-slc   Document #: 1   Filed: 12/07/12   Page 12 of 12

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| Owens-Illinois inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Weyerhaeuser Company | Washington | Washington |