# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

| | | |
|---|---|---|
| Joseph A. Ardoin, Jr. v. DSM Copolymer, Inc., et al., | ) | |
| E.D. Pennsylvania, C.A. No. 2:10-68064 | ) | MDL No. 875 |
| (M.D. Louisiana, C.A. No. 3:10-00164) | ) | |

## SEPARATION OF CLAIMS AND REMAND ORDER

**Before the Panel**:[*]  Pursuant to Rule 10.2, defendants BASF Corporation, Exxon Mobil Corporation, Georgia-Pacific LLC, and Texaco Inc. move to vacate our order, entered at the suggestion of the transferee court, conditionally remanding this action (*Ardoin*) to the Middle District of Louisiana, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court.[1]  The *Ardoin* plaintiff opposes the motion.

In opposing remand, defendants argue, *inter alia*, that discovery in the action has not been completed.  They contend, in particular, that plaintiff has never fully responded to discovery propounded to him in October 2010.  We are not persuaded by this argument.  The docket sheet in the transferee court contains no indication that defendants raised this issue in opposition to plaintiff's motion for a suggestion of remand.  Indeed, the docket sheet does not reflect any opposition to that motion, and it also does not show that defendants raised their discovery-related concerns to the transferee judge at any time between the discovery cutoff date (December 10, 2010) and the date the Suggestion of Remand issued (September 26, 2012).  To the extent that discovery remains outstanding, defendants are free, following remand, to seek the Middle District of Louisiana court's leave to conduct that discovery.[2]

After considering all argument of counsel, we find that remand of the non-punitive/exemplary damage claims in *Ardoin* is warranted.  As we have frequently stated, we consistently give "great weight" to a transferee judge's determination that remand of a particular action at a particular time is appropriate, given that the transferee judge supervises the litigation on a day-to-day basis.  *See In*

---

[*]  Judge John G. Heyburn II and Judge W. Royal Furgeson, Jr., took no part in the decision of this matter.

[1]  *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

[2]  Plaintiff's brief indicates that plaintiff is at least amenable to the possibility.  *See* Pl.'s Opp. to Mot. to Vacate, at 3 (stating that following remand, the parties will have "ample time in which they can resolve these newly discovered outstanding discovery issues with the trial court prior to trial").

- 2 -

*re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).  Moving defendants have failed to persuade us that we should not accord such weight here.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims of the *Ardoin* plaintiff, except the severed claims for punitive or exemplary damages, are remanded to the Middle District of Louisiana.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

Paul G. Barbadoro                    Marjorie O. Rendell
Charles R. Breyer                    Lewis A. Kaplan