BEFORE THE UNITED STATES JUDICIAL PANEL
FOR MULTI-DISTRICT LITIGATION

| | |
|---|---|
| **In re: asbestos products liability litigation** | **MDL No. 875** |
| *Jacobs, Diane v. Owens-Illinois Inc., et al.,* <br><br> USDC W.D. WI Case No. 12-cv-899 | JPML CTO-545 |

**Memorandum in Support of Plaintiff's Motion to Vacate
Conditional Transfer Order CTO-545**

___

Plaintiff's counsel, Cascino Vaughan Law Offices, Ltd. ("CVLO"), submits this motion and memorandum in opposition to the conditional transfer order recently entered in the above captioned cases (No. CTO-545, entered on February 7, 2013.)  Plaintiff's counsel is seeking that this judicial panel cease transfers of CVLO-filed cases in the Seventh Circuit to the MDL 875 based on 1) the recommendations of the MDL 875 Judge Robreno; and 2) general case law and statutes regarding transfers.

**BACKGROUND**

Judge Robreno has written multiple suggestions to this panel, recommending that transfers to the MDL 875 cease from jurisdictions all over the country.  In his most recent suggestion, dated October 4, 2012, he wrote that tag-along transfers should cease from the District of Connecticut, the Southern and Eastern Districts of New York, the Districts in North Carolina, and the District of North Dakota.  (Ex 1.)  Judge Robreno specifically stated his reasons for recommending that tag-along transfers be ceased: "Namely, fewer than fifty cases are pending in each of the jurisdictions listed, except for Connecticut." (Ex 1 at 1.)  The Connecticut example is instructive to the captioned

case: Robreno states there are only about 150 cases pending in Connecticut, most of which are filed by one firm. In an order dated November 21, 2012, this panel adopted Robreno's suggestions. (Ex 2.)

Although in this most recent memorandum, Robreno excludes the Seventh Circuit, where there are about 230 cases pending, plaintiff's counsel believes this number is far less for new filings, including the captioned case. What was once a fountain has become a trickle. For the reasons proposed by Judge Robreno and expounded on in terms of the law in the Arguments section below, it no longer makes sense to transfer these cases to the MDL 875.

## ARGUMENT

In an order dated December 13, 2011, this panel expounded on many of the arguments below regarding asbestos and judicial economy. (Ex 3.) Nevertheless, plaintiff's counsel reiterates these arguments in order to demonstrate why the trickle of CVLO-filed cases should no longer be transferred to the MDL 875.

Federal Rule of Civil Procedure 1 provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

The rules also impose a burden on District Courts to facilitate the speedy and inexpensive determination of suits: "District Courts have responsibility to secure just, speedy and inexpensive determination of every action." *Kenney v. California Tanker Co.*, 381 F.2d 775 (3d Cir. 1967). Further, the "District Court has inherent power to control cases before it, provided court exercises power in manner that is in harmony with Federal Rules of Civil Procedure." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (ED Pa 1995).

The statute that governs multi-district transfers, 28 USC § 1407, furthers the purposes stated by Federal Rule of Civil Procedure 1. The first sub-section of § 1407 provides in part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. (Emphasis added)

The statute has been interpreted frequently by this Judicial Panel, which has written that, "Basic purpose underlying enactment of 28 USC § 1407 was to secure, in multidistrict civil litigation, as in all other civil litigation, just, speedy and inexpensive determination of every action." *In re National Student Marketing Litigation* (1973, Jud Pan Mult Lit) 368 F Supp 1311, CCH Fed Secur L Rep P 93743. Further, this Judicial Panel has declined to transfer cases when they found it would not further the interests promoted by the transfer statute: "Motion to transfer was denied where transfer of actions to centralize three actions in one court would not necessarily serve convenience of parties and witnesses or further just and efficient conduct of litigation." *McClam-Brown v Boeing Co.* (In re Boeing Co. Empl. Practices Litig.) (2003, Jud Pan Mult Lit) 293 F Supp 2d 1382.

It is also facile to justify transfer to the MDL on the basis that this is an asbestos case like hundreds before it. In the case of *In re Truck Acci. Near Alamagordo* (1975, Jud Pan Mult Lit) 387 F Supp 732, this panel found that "mere showing that common questions of facts exist" was not sufficient to transfer a case to an MDL when the panel could not find that "overall convenience of parties and witnesses and just and efficient conduct of litigation would be enhanced by transfer." As recently as December of 2012, this court recognized that multidistrict litigation does not remain static and tag-along transfer to an MDL may become unnecessary or even undesirable over time:

As we have previously observed, "multidistrict litigation is not static." *See* MDL No. 1769, *In re: Seroquel Prods. Liab. Litig.,* Order Vacating Conditional Transfer Order, at 1(J.P.M.L. Feb. 5, 2010). Thje relative merits of transferring new tag-along actions to an MDL can change over time as the transferee court completes its primary tasks, and at a certain point the benefits of transfer should not be assumed to continue.

In Re: Bank of America Wage and Hour Employment Practices Litigation, MDL No. 2138, S.D. California 3:12-1559. (Attached as Ex 4.)

Based on the background section of this motion and memorandum, it should be clear that transfer of the captioned cases to the MDL 875 is no longer necessary.

## **RELIEF REQUESTED**

Plaintiffs' counsel seeks an order from this panel denying transfer to the MDL 875 and keeping the captioned cases in the transferor court for all proceedings.

Dated: February 14, 2013

*/s/ Michael P. Cascino*
Attorney for plaintiffs
Michael P. Cascino
Chen Kasher
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, Illinois 60607
Phone: 312.944.0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com