GILBERT

## United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:12−cv−09983

Knezevic v. A.W. Chesterton Company et al  
Assigned to: Honorable Ronald A. Guzman  
Demand: $75,000  
Cause: 28:1332 Diversity−Asbestos Litigation  

Date Filed: 12/14/2012  
Jury Demand: Defendant  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

**Plaintiff**

**Dorothy E. Knezevic**  
*Individually and as Special Administrator for the Estate of Edward J. Knezevic, Deceased,*

represented by **Michael Peter Cascino**  
Cascino Vaughan Law Offices, Ltd.  
220 South Ashland Avenue  
Chicago, IL 60607  
(312) 944−0600  
Email: ecf.cvlo@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Chen Kasher**  
Cascino Vaughan Law Offices Ltd  
220 South Ashland Ave  
Chicago, IL 60607  
(312) 944−0600  
Email: ckasher@cvlo.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**  
*a corporation*

represented by **Adam J Jagadich**  
Segal, McCambridge, Singer &Mahoney  
233 South Wacker Drive  
Suite 5500  
Chicago, IL 60606  
(312) 645−7800  
Fax: (312) 645−7711  
Email: ajagadich@smsm.com  
*ATTORNEY TO BE NOTICED*

**Emily C Zapotocny**  
Segal Mccambridge Singer &Mahoney Ltd.  
233 S. Wacker  
Suite 5500  
Chicago, IL 60606  
(312) 645−8438  
Email: ezapotocny@smsm.com  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Crop Science Inc**  
*a corporation*  
*successor*  
Amchem Products, Inc.  
*successor*  
Rhone Poulenc AG Co.

**Defendant**

represented by



| | |
|---|---|
| **CBS Corporation**<br>*a corporation*<br>*formerly known as*<br>Westinghouse Electric Corporatioin | **Jacob D. Sawyer**<br>Foley &Mansfield, Pllp<br>55 W. Monroe<br>Suite 3430<br>Chicago, IL 60603<br>(312) 254-3800<br>Email: jsawyer@foleymansfield.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Certainteed Corporation**
*a corporation*

**Defendant**

| | |
|---|---|
| **ExxonMobil Oil Corporation,**<br>*a corporation*<br>*formerly known as*<br>Mobil Oil Corporation | represented by **Howard Patrick Morris**<br>Johnson &Bell, Ltd.<br>33 West Monroe Street<br>Suite 2700<br>Chicago, IL 60603<br>(312) 372-0770<br>Email: morrisp@jbltd.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**David Francis Fanning**<br>Johnson &Bell, Ltd.<br>33 West Monroe Street<br>Suite 2700<br>Chicago, IL 60603<br>(312)984-0289<br>Email: fanningd@jbltd.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**General Refractories Company**
*a corporation*

**Defendant**

**Georgia Pacific LLC**
*a corporation*

**Defendant**

**Owens-Illinois Inc.**
*a corporation*
*TERMINATED: 01/22/2013*

**Defendant**

**Rapid American Corporation**
*a corporation*
*successor*
Philip Carey Manufacaturing Corporation

**Defendant**

| | |
|---|---|
| **Texaco Inc.**<br>*a corporation* | represented by **Michael T. Trucco**<br>Stamos &Trucco LLP<br>One East Wacker Drive |

Third Floor
Chicago, IL 60601
(312) 630-7979
Email: mtrucco@stamostrucco.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory T. Goldberg**
Stamos &Trucco LLP
One East Wacker Drive
Suite 300
Chicago, IL 60601
(312) 630-7979
Email: ggoldberg@stamostrucco.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**
*a corporation*

**Defendant**

**Union Oil Company Of California**        represented by   **Michael T. Trucco**
*a corporation*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Gregory T. Goldberg**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2012 | 1 | COMPLAINT filed by Dorothy E. Knezevic; Jury Demand. Filing fee $ 350, receipt number 0752-7855007. (Attachments: #1 Exhibit A (Defendants' States of Incoroporate and Principal Business), #2 Exhibit B (Decedent's Work History), #3 Civil Cover Sheet)(Cascino, Michael) (Entered: 12/14/2012) |
| 12/14/2012 |   | CASE ASSIGNED to the Honorable John F. Grady. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. (nsf, ) (Entered: 12/14/2012) |
| 12/16/2012 | 2 | ATTORNEY Appearance for Plaintiff Dorothy E. Knezevic by Michael Peter Cascino (Cascino, Michael) (Entered: 12/16/2012) |
| 12/16/2012 | 3 | Notice of Tag-Along Action by Dorothy E. Knezevic (Cascino, Michael) (Entered: 12/16/2012) |
| 12/18/2012 | 4 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Ronald A. Guzman pursuant to the provisions of 28 USC 294(b) for all further proceedings. Signed by Executive Committee on 12/18/2012.(et, ) (Entered: 12/20/2012) |
| 01/14/2013 | 5 | ANSWER to Complaint *and Defenses* by CBS Corporation(Sawyer, Jacob) (Entered: 01/14/2013) |
| 01/14/2013 | 6 | Notice of Tag-Along Action by CBS Corporation (Sawyer, Jacob) (Entered: 01/14/2013) |
| 01/14/2013 | 7 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by CBS Corporation (Sawyer, Jacob) (Entered: 01/14/2013) |
| 01/14/2013 | 8 | Disclosure Statement Pursuant to F.R.C.P. 7.1 STATEMENT by CBS Corporation (Sawyer, Jacob) (Entered: 01/14/2013) |
| 01/14/2013 | 9 | JURY Demand (Sawyer, Jacob) (Entered: 01/14/2013) |

| | | |
|---|---|---|
| 01/17/2013 | 10 | ATTORNEY Appearance for Defendant A.W. Chesterton Company by Adam J Jagadich (Jagadich, Adam) (Entered: 01/17/2013) |
| 01/17/2013 | 11 | ANSWER to Complaint *and Affirmative Defenses* by A.W. Chesterton Company (Attachments: # 1 Certificate of Service)(Jagadich, Adam) (Entered: 01/17/2013) |
| 01/21/2013 | 12 | NOTICE of Voluntary Dismissal by Dorothy E. Knezevic *of Defendant Owens–Illinois Inc.* (Attachments: # 1 Text of Proposed Order)(Cascino, Michael) (Entered: 01/21/2013) |
| 01/22/2013 | 13 | MINUTE entry before Honorable Ronald A. Guzman: Pursuant to stipulation to dismiss [doc. 12], it is hereby ordered that this case is dismissed with prejudice, each party to bear its own costs. Any pending motions or schedules are stricken as moot. Civil case terminated. Mailed notice (cjg, ) (Entered: 01/22/2013) |
| 01/22/2013 | 14 | MINUTE entry before Honorable Ronald A. Guzman: Minute entry dated 1/22/13 [doc. 13] is corrected to read as follows: Pursuant to stipulation to dismiss [doc. 12], it is hereby ordered that Defendant Owens–Illinois, Inc. is dismissed with prejudice each party to bear its own costs. Mailed notice (cjg, ) (Entered: 01/22/2013) |
| 01/22/2013 | 15 | MINUTE entry before Honorable Ronald A. Guzman: Enter order of dismissal. (For further detail see separate order). Mailed notice. (et, ) (Entered: 01/23/2013) |
| 01/22/2013 | 16 | ORDER Signed by the Honorable Ronald A. Guzman on 1/22/2013.(et, ) (Entered: 01/23/2013) |
| 01/23/2013 | 17 | ATTORNEY Appearance for Defendants Texaco Inc., Union Oil Company Of California by Gregory T. Goldberg (Goldberg, Gregory) (Entered: 01/23/2013) |
| 01/23/2013 | 18 | ANSWER to Complaint *and Affirmative Defenses to Plaintiff's Complaint* by Texaco Inc.(Goldberg, Gregory) (Entered: 01/23/2013) |
| 01/23/2013 | 19 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Texaco Inc. *(Corporate Disclosure Statement)* (Goldberg, Gregory) (Entered: 01/23/2013) |
| 01/23/2013 | 20 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation, by Howard Patrick Morris (Morris, Howard) (Entered: 01/23/2013) |
| 01/23/2013 | 21 | ANSWER to Complaint *and Affirmative Defenses to Plaintiff's Complaint* by Union Oil Company Of California(Goldberg, Gregory) (Entered: 01/23/2013) |
| 01/23/2013 | 22 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Union Oil Company Of California *(Corporate Disclosure Statement)* (Goldberg, Gregory) (Entered: 01/23/2013) |
| 01/23/2013 | 23 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation, by Howard Patrick Morris (Morris, Howard) (Entered: 01/23/2013) |
| 01/23/2013 | 24 | ATTORNEY Appearance for Defendants Texaco Inc., Union Oil Company Of California by Michael T. Trucco (Trucco, Michael) (Entered: 01/23/2013) |
| 01/23/2013 | 25 | ANSWER to Complaint with Jury Demand by ExxonMobil Oil Corporation, (Attachments: # 1 Certificate of Service)(Morris, Howard) (Entered: 01/23/2013) |
| 01/23/2013 | 26 | ATTORNEY Appearance for Defendant ExxonMobil Oil Corporation, by David Francis Fanning (Fanning, David) (Entered: 01/23/2013) |
| 01/29/2013 | 27 | MINUTE entry before Honorable Ronald A. Guzman: The Court orders the parties to appear for an initial status hearing. All parties shall refer to and comply with Judge Guzman's requirements for the initial appearance as outlined in Judge Guzman's case management procedures, which can be found at: www.ilnd.uscourts.gov. Status hearing set for 2/11/2013 at 09:30 AM. Mailed notice (cjg, ) (Entered: 01/29/2013) |
| 02/01/2013 | 28 | ATTORNEY Appearance for Defendant A.W. Chesterton Company by Emily C Zapotocny (Zapotocny, Emily) (Entered: 02/01/2013) |
| 02/07/2013 | 29 | ATTORNEY Appearance for Plaintiff Dorothy E. Knezevic by Chen Kasher (Attachments: # 1 Certificate of Service)(Kasher, Chen) (Entered: 02/07/2013) |

| | | |
|---|---|---|
| 02/11/2013 | 30 | MINUTE entry before Honorable Ronald A. Guzman: Status hearing held on 2/11/2013. Rule 26(a) disclosures by 3/5/2013. Status hearing set for 3/11/2013 at 09:30 AM. Mailed notice (cjg, ) (Entered: 02/11/2013) |
| 02/12/2013 | 31 | Disclosure STATEMENT by A.W. Chesterton Company *Pursuant to F.R.C.P. 7.1* (Zapotocny, Emily) (Entered: 02/12/2013) |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| Dorothy E. Knezevic, Individually and as Special Administrator for the Estate of Edward J. Knezevic, Deceased,<br><br>Plaintiff,<br>v.<br><br>A.W. Chesterton Company, a corporation,<br>Bayer Crop Science, Inc., a corporation,<br>CBS Corporation, a corporation,<br>Certainteed Corporation, a corporation,<br>ExxonMobil Oil Corporation, a corporation,<br>General Electric Company, a corporation,<br>General Refractories Company, a corporation,<br>Georgia Pacific, LLC, a corporation,<br>Owens-Illinois Inc., a corporation,<br>Rapid American Corporation, a corporation,<br>Texaco, Inc., a corporation,<br>Union Carbide Corporation, a corporation,<br>Union Oil Company of California, a corporation,<br><br>Defendants. | Case No. 1:12-cv-9983 |

## COMPLAINT

Now comes the plaintiff, Dorothy E. Knezevic, (hereinafter "Plaintiff"), individually and as special administrator of the estate of Edward J. Knezevic (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION

1. **Plaintiff Dorothy E. Knezevic** is the widow of decedent Edward J. Knezevic and resides in Montgomery, Illinois.

2. **Decedent** was an adult citizen and resident of Illinois.

3. **Decedent** died on May 20, 2011

4. **Defendant A. W. Chesterton Company** manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

5. **Defendant Bayer Cropscience Inc.** is responsible for Amchem Products, Inc. which is responsible for Benjamin Foster and Rhone-Poulenc AG Company. Benjamin Foster manufactured, designed and/or sold asbestos containing products, including without limitation: mastics and wall finishing products. Rhone-Poulenc AG Company manufactured, designed and/or sold asbestos containing products, including without limitation: mastics and wall finishing products.

6. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment.

7. **Defendant Certainteed Corporation** manufactured, designed, and sold asbestos products including without limitation asbestos-cement sheets, cements, cement pipe, roofing materials, brake and friction products, and wall finishing materials.

8. **Defendant ExxonMobil Oil Corporation** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

      **a.)**    Mobil Oil Refinery in Joliet, Illinois

9. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

10. **Defendant General Refractories Company** manufactured, designed and sold asbestos products, including without limitation, refractory products, cements and mastics.

11. **Defendant Georgia Pacific LLC** (f/k/a Georgia-Pacific Inc.) manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

12. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation..

13. **Defendant Rapid American Corporation** is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block insulation, cements, board, and air cell and supplied asbestos fibers.

14. **Defendant Texaco, Inc.** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

      **a.)**    Texaco Refining & Marketing in Lockport, Illinois

15. **Defendant Union Carbide Corporation** manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers.

16. **Defendant Union Oil Company of California** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Union Oil Refinery in Lamont, Illinois

17. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

18. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

19. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

20. Decedent during the course of his employment as a laborer and iron-worker at various job sites in the state of Illinois, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

21. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

22. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

23. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on December 14, 2010, and died as a result of this lunger cancer on May 20, 2011.

24. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

25. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

26. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

27. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

28. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

29. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

30. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II- NEGLIGENCE - PREMISES OWNER

31. Plaintiff reasserts and re-alleges the above general allegations 1-31 above.

32. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

    a.) ExxonMobil Oil Corporation

    b.) Texaco Inc.

    c.) Union Oil Company of California

33. Defendants are responsible for the premises during the dates and times of Decedent's exposures to asbestos indicated above.

34. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

35. When Decedent worked at the premises, defendants knew or should have known about the health hazards of asbestos.

36. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

37. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

38. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

39. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

40.
   a. failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

   b. failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

   d. failing to adequately test for asbestos where Decedent worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

41. As a direct and proximate result of the acts and omissions of the premise defendants above, Decedent was injured as described above.

## WRONGFUL DEATH AND LOSS OF CONSORTIUM

42. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 42 above.

43. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## PRAYER FOR RELIEF

44. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: December 14, 2012


/S/ Michael P. Cascino
Attorney for plaintiff

Robert G. McCoy
Allen D. Vaughan
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
*Defendants' States of Incorporation and Principal Places of Business*

| Defendant | State of Incorporation | State of Principal Business |
| --- | --- | --- |
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Bayer Crop Science, Inc. | Delaware | North Carolina |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| ExxonMobil Oil Corporation | New York | Texas |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| *Georgia Pacific, LLC (See below) | Delaware | Georgia |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |
| Texaco, Inc. | Delaware | New York |
| Union Carbide Corporation | New York | Texas |
| Union Oil Company of California | California | Texas |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.), for diversity purposes. | City | State |
| --- | --- | --- |
| **Georgia Pacific LLC** | | |
| James Hannan | Atlanta | Georgia |
| Wesley Jones | Atlanta | Georgia |
| Tyler L. Woolson | Atlanta | Georgia |

**Exhibit B**
*Decedent's work history*

| Job-Site | City | State | First year at site (approx.) | Last year at site (approx.) |
|---|---|---|---|---|
| South Works Steel Plant | Chicago | IL | 1960's | 1980's |
| Mobil Oil Refinery | Joliet | IL | 1960's | 1980's |
| Texaco Refining & Marketing | Lockport | IL | 1960's | 1980's |
| Union Oil Refinery | Lemont | IL | 1960's | 1980's |
| Dresden Nuclear Power Station | Braidwood | IL | 1960's | 1980's |
| Com-Ed Joliet 9 Power Station | Joliet | IL | 1960's | 1980's |
| Com-Ed Joliet 18 Power Station | Joliet | IL | 1960's | 1980's |
| St. Joseph's Hospital | Joliet | IL | 1960's | 1980's |
| Joliet Arsenal | Joliet | IL | 1960's | 1970's |
| Durkee Foods | Channahan | IL | 1960's | 1980's |
| Silver Cross Hospital | Joliet | IL | 1960's | 1980's |
| Northern Petrochemical | Morris | IL | 1960's | 1980's |
| Continental Steel | Morris | IL | 1960's | 1980's |
| Rexall Plant | Morris | IL | 1960's | 1980's |