BEFORE THE UNITED STATES JUDICIAL PANEL
FOR MULTI-DISTRICT LITIGATION

| | | |
|---|---|---|
| **In re: Asbestos Products Liability Litigation** | ) | **MDL No.: 875** |
| | ) | |
| **JANE MOSS,** *Individually and as* | ) | |
| *Special Administrator for the Estate of* | ) | |
| **HARRY MOSS, Deceased** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CBS CORPORATION, et al.** | ) | **JPML CTO - 544** |
| | ) | |
| **WI-W Case No. 13-cv-00042** | ) | |

## CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 544

COME NOW, Certain Defendants,[1] (hereinafter "Defendants") by and through Forman Perry Watkins Krutz & Tardy LLP, as counsel, and respectfully move the Court to enter an Order denying Plaintiff's Motion to Vacate Conditional Transfer Order No. 544 and, in support thereof, Defendants[2] state as follows:

### I.    BACKGROUND

This case was filed in the Western District of Wisconsin on January 18, 2013. A notice of tag-along action was filed by Plaintiff's counsel on that same day. Conditional Transfer Order No. 544 (hereinafter "CTO 544") was entered on January 30, 2013. According to the briefing schedule, oppositions were due by February 6, 2013. Plaintiff filed her Motion to Vacate CTO

---

[1] Certain Defendants include: CBS Corporation, A Delaware Corporation, f/k/a Viacom, Inc., Successor by Merger to CBS Corporation, A Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation and Owens-Illinois, Inc. d/b/a O-I.

[2] Defendants CertainTeed Corporation, Ingersoll Rand Company, and Trane U.S. Inc. join in this brief for the limited purpose of opposing plaintiff's motion for remand and do not thereby make a general appearance in this action or waive proper service of the summons and complaint on each of them.

544 on February 1, 2013, arguing that transfers from jurisdictions in the Seventh Circuit are no longer necessary. Based upon the arguments set forth more fully below, Plaintiff's urgings lack merit and should be denied.

## II. ARGUMENT

### A. Plaintiff's contention that transfers to MDL-875 are no longer necessary has been considered and rejected by Judge Eduardo Robreno and this Panel.

On November 23, 2011, U.S. District Judge Eduardo Robreno, presiding judge for asbestos MDL-875 in the Eastern District of Pennsylvania, filed a "Suggestion to the Panel on the Multidistrict Litigation Concerning Future Tag-A-Long Transfers." *See,* November 23, 2011 Suggestion, attached hereto as Exhibit "A." In his suggestion, Judge Robreno distinguished between jurisdictions that no longer require transfer to MDL-875 and those jurisdictions, like the Seventh Circuit, where transfer to MDL-875 is still beneficial. *Id.* As justification for his discontinuance of transfers from approximately seventy-eight (78) judicial districts, Judge Robreno noted that filings of new asbestos cases have declined, that the case "backlog" has been eliminated, that each district court can supervise and adjudicate its own claims, and that the "efficient and economical" adjudication of asbestos cases and the "interest of justice" will be promoted by discontinuing transfers from all districts except those that he recommends be accepted. Conversely, Judge Robreno made a specific exemption for the Seventh Circuit cases, finding that transfer is still justified because:

> the cases were brought by one law firm [Cascino Vaughn Law Offices "CVLO"] and involve litigation in Illinois (Northern and Southern), Indiana and Wisconsin (Eastern and Western). All cases were consolidated before a Magistrate Judge and divided into sub-groups under scheduling orders.

*Id.* The JPML agreed with Judge Robreno's assessment of the state of asbestos litigation and adopted his suggestions on December 13, 2011. *See,* JPML December 13, 2011 Order.

On October 3, 2012, Judge Robreno filed another suggestion, naming an additional seven (7) judicial districts that would no longer benefit from transfers to MDL-875. *See,* October 3, 2012 Suggestion, attached hereto as Exhibit "B." Once again, Judge Robreno found that tag-along cases should continue from the Seventh Circuit and noted that there were 238 cases pending from those judicial districts. *Id.* The JPML adopted Judge Robreno's most recent suggestions on November 21, 2012. *See,* JPML November 21, 2012 Order.

It is clear that Judge Robreno has considered and affirmatively determined that "overall convenience of parties and witnesses and just and efficient conduct of litigation would be enhanced by transfer" of CVLO's Seventh Circuit cases to MDL-875. *See, In re: Truck Accident Near Alamagordo* 387 F.Supp 732 (Jud.Pan.Mult.Lit. 1975). Judge Robreno, the presiding judge over the day-to-day operations of Asbestos MDL-875, is undoubtedly in a better position than CVLO to determine which judicial districts would benefit from transfer to MDL-875. Plaintiff's attempt to cease transfers from the Seventh Circuit is simply an effort to undermine Judge Robreno's authority to determine the best method to facilitate orderly administration of the MDL-875 docket. With no arguments offered other than one that has been considered and dismissed by Judge Robreno on at least two (2) occasions, Plaintiff's Motion to Vacate is without merit and should be denied.

**B. Transfer to MDL-875 is needed for speedy adjudication of CVLO cases.**

All of the CVLO cases are assigned to Magistrate Judge David Strawbridge and involve many of the same defendants. Judge Strawbridge has overseen the orderly administration of these CVLO cases for nearly two (2) years. *See,* April 18, 2011 Order Appointing Judge David Strawbridge as Magistrate for CVLO Cases, attached hereto as Exhibit "C." During this period,

Judge Strawbridge facilitated complete resolution of numerous cases as well as preparation of cases for remand to district courts for trial. Judge Strawbridge is familiar with all counsel, familiar with the nuances of this litigation, and is interested in efficient resolution of the Plaintiffs' claims.

Currently, all CVLO cases are divided into subgroups and subject to various scheduling order deadlines. As of January 31, 2013, there were 201 CVLO cases pending in MDL-875. *See,* MDL-875 Case Load Statistics, attached hereto as Exhibit "D." This is a significant block of plaintiffs who continue to benefit from discovery tracks imposed in MDL-875. All newly filed CVLO cases will also be subjected to similar administration of their claims.

MDL-875 has developed several protocols regarding written discovery and conducting depositions. This protocol has streamlined the way all parties gather information and ensures that resources are not wasted over battles to obtain core information essential to claims and defenses. CVLO has participated and benefitted from these protocols. Recently, CVLO agreed to abide by the MDL-875 protocol for depositions and consented to provide responses to MDL-875's standard set of discovery in the case of *David Luna, Sr., v. CBS Corporation, et al.,* Cause No. 12-cv-09515, from the Northern District of Illinois. *See,* Correspondence from *Luna* matter, attached hereto as Exhibit "E." As here, Plaintiff Luna has filed a motion to vacate a conditional transfer order because transfers are "no longer necessary" despite availing himself to the MDL-875 protocols. It is clear that CVLO agrees that MDL-875's method of driving these cases toward resolution is beneficial.

These protocols as well as Judge Strawbridge's experience with the parties will continue to assist CVLO as well as defense counsel in "just and efficient conduct of litigation" and justify the continued transfer of Seventh Circuit cases to MDL-875. S*ee, In re: Truck Accident Near*

*Alamagordo,* 387 F.Supp 732 (Jud.Pan.Mult.Lit. 1975). Specifically, continued transfer of these cases would avoid duplication of effort and resulting expenses by the parties, witnesses, and the judiciary, would prevent inconsistent decisions, and would assist in efforts to effectuate settlement.

### C. CVLO is attempting to usurp the authority of the MDL-875 Court and its judges.

Since April 18, 2011, Judge Strawbridge has overseen the pre-trial proceedings for thousands of CVLO cases. *See, In re Asbestos Products Liab. Litig. (No.VI),* slip op. at 3 (E.D. Pa. May 29, 2012), attached as Exhibit "F;" *see generally* MDL 875, *Information for Cases Represented by Cascino Vaughn Law Offices,* http://www.paed.uscourts.gov/mdl975r.asp (last visited Feb. 25, 2013). Judge Strawbridge requires strict adherence to scheduling order deadlines unless parties can show good cause sufficient to modify the deadlines. In fact, Judge Robreno has commended Judge Strawbridge for the efficient and effective handling of the CVLO inventory. *See,* Exhibit "F," at p. 3, 5. CVLO, however, has developed a pattern over the course of this massive litigation of unjustified late filings and requests for extension of time. CVLO also has a history of dilatory discovery submissions – including untimely and incomplete submissions of medical records, interrogatory responses, and medical record authorizations.[3] It is CVLO that has created roadblocks preventing the effective and economical resolution of these claims.

As a result of CVLO's constant refusal to obey court orders and deadlines, Judge Strawbridge has admonished the firm for its delays and has stricken pleadings, expert reports,

---

[3] By way of further example of CVLO's refusal to follow court rules, Defendants point to the filing of the Plaintiff's Motion to Vacate in a similar matter styled *Sue Roberts, Individually and as Special Administrator for the Estate of Robert E. Johnson, Deceased v. A.W. Chesterton Company, et al.,* Cause No. 12-cv-50429, JPML CTO 543. Plaintiff filed her Motion to Vacate CTO 543 on February 1, 2013 but, for reasons unknown, withdrew her motion on that same day. Plaintiff filed an Amended Motion to Vacate three (3) days later on February 4, 2013. Plaintiff did not request or receive permission from this Panel to file her opposition out of time prior to her February 1, 2013 deadline.

witnesses and discovery responses. *E.g., Ferguson v. A. C. & S., Inc.,* No. 08-90234, MDL-875, 2012 WL 5839023, at *1-15 (E.D. Pa. Nov. 16, 2012); *Doyle v. A. C.& S., Inc.,* No. 08-89845, MDL-875, 2012 WL 6739912, at *1-7 (E.D. Pa. Dec. 27 2012); *Unzicker v. A.W. Chesterton Co.,* MDL-875, 2012 WL 1966028, at *1-6 (E.D. Pa. May 31, 2012).  Additionally, CVLO has been unsuccessful with both Judge Robreno and Judge Strawbridge in seeking reconsideration of orders entered against its plaintiffs.  Rather than simply complying with orders meant only to efficiently litigate its plaintiffs' claims, CVLO now attempts to circumvent MDL-875 altogether by voluntarily dismissing cases from MDL-875, refiling in the district courts, and opposing transfer back to MDL-875.  There is no just cause to prevent transfer of future Seventh Circuit cases to MDL-875 and, thus, Plaintiff's Motion to Vacate CTO 544 must be denied.

    WHEREFORE PREMISES CONSIDERED, Defendants respectfully request that the Judicial Panel on Multidistrict Litigation issue an order denying Plaintiff's Motion to Vacate Conditional Order No. 544.

    THIS, the 25th day of February, 2013.

Respectfully Submitted,

*/s/ Jennifer M. Studebaker*
JENNIFER M. STUDEBAKER (MSB# 10433)

ATTORNEY FOR:
CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION
OWENS-ILLINOIS, INC. D/B/A O-I

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone:     (601) 960-8600
Facsimile:      (601) 960-8613