EXHIBIT
1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                                MDL No. 875

## ORDER ADOPTING SUGGESTION TO THE PANEL
## CONCERNING FUTURE TAG-ALONG TRANSFERS

**Before the Panel**: On November 23, 2011, the Honorable Eduardo C. Robreno, the transferee judge overseeing this MDL, issued a Suggestion that, subject to certain limited exceptions, the Panel cease transferring tag-along actions to the centralized proceedings after January 1, 2012. The judge's Suggestion is attached hereto as Appendix A.[1]

After careful consideration of the Suggestion and the record in this extraordinary docket, we adopt and endorse the Suggestion. We will therefore immediately stop transferring new tag-along actions to MDL No. 875,[2] subject to the exceptions set forth in the Suggestion. We also will immediately suspend Panel Rule 7.1(a) in this docket, subject to those same exceptions.[3]

Over two decades have passed since we issued our decision centralizing, in the Eastern District of Pennsylvania, all asbestos-related personal injury and wrongful death actions then pending in federal court and not yet in trial.[4]  *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Although we had denied centralization of such actions on five prior occasions, our 1991 decision recognized that asbestos litigation had "reached a magnitude, not contemplated in the record before us [previously], that threaten[ed] the administration of justice and that [thus] require[d] a new, streamlined approach." *Id.* at 417, 418. Indeed, our order cited, *inter*

---

[1]  The exceptions can be found on the second page of the Suggestion.

[2]  We find no compelling reason to delay implementation of the Suggestion until January 1, 2012.

[3]  Rule 7.1(a) requires any party or counsel in previously-transferred actions to promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears Any future notice of potential tag-along action filed in this docket should identify the exception(s) in which the action is believed to fall.

[4]  At the time of the initial order of centralization, the Panel's members were John F. Nangle, the chairman, S. Hugh Dillin, Milton Pollack, Louis H. Pollak, Halbert O. Woodward, Robert R. Merhige, Jr., and William B. Enright.

- 2 -

*alia*, a report by the Judicial Conference *Ad Hoc* Committee on Asbestos Litigation describing "the situation with respect to the problems confronting the courts of this nation arising from [asbestos-related] death and disease" as having "reached critical dimensions," and stating that the situation was only "getting worse." *Id.* at 418 (quoting Report of the Judicial Conference *Ad Hoc* Committee on Asbestos Litigation at 2 (1991)). Our transfer of literally tens of thousand of cases to the MDL over the intervening years amply testifies to the accuracy of the Committee's description, and, to the same extent, reinforces the soundness of the decision to create the MDL.

In ordering centralization, we emphasized that an MDL "offer[ed] no panacea," and that we were under no illusion that centralization "w[ould], of itself, markedly relieve the critical asbestos situation." *Id.* at 424. We cautioned that "[o]nly through the combined and determined efforts of the transferee judge and his judicial colleagues, of the many attorneys involved in asbestos matters, and of the parties, c[ould] true progress be made toward solving the 'asbestos mess.'" *Id.* Our caution proved to be prophetic. This litigation has presented huge challenges to all concerned.

Transferee judges serve on a voluntary basis. Each agrees to take on the many challenges of an MDL in addition to his or her regular judicial duties, and each does so without any additional compensation or other tangible benefit. Although the Panel owes a debt of gratitude to each and every transferee judge, we take this opportunity to accord special recognition and thanks to the herculean efforts of Judge Robreno and his predecessors in this litigation, Judge Charles R. Weiner and Judge James T. Giles.

In his Suggestion, Judge Robreno reports that the backlog of cases in the MDL has been largely eliminated; almost all cases currently pending therein are proceeding under scheduling orders calling for their adjudication, settlement, or Section1407 remand by December 31, 2012; and the current rate at which new asbestos-related cases are being brought in the federal district courts stands at approximately 400 per year. *See* Appendix A at 1. The judge thus concludes that the interests of justice and the "efficient and economical adjudication" of such cases, with the exceptions noted, would be promoted by discontinuing their transfer to the MDL. *Id.* We agree with this conclusion, and correspondingly conclude that, subject to those exceptions, the continued transfer of asbestos personal injury and wrongful death actions to the MDL would no longer serve the purposes of our governing statute. *See* 28 U.S.C. § 1407(a) ("Such transfers shall be made by the [Panel] . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.").

In reaching this conclusion, we, like Judge Robreno, recognize that new asbestos actions are still being brought in the federal courts on a regular basis, and that it is quite likely such filings will continue for some time. The parties involved in those new actions, however, should be able to avail themselves of the discovery already obtained in the MDL (subject, of course, to the same conditions, if any, imposed on parties in the MDL). In addition, the judges presiding over those actions will

almost certainly find useful guidance in the many substantive and thoughtful rulings that have been issued during the lengthy course of the multidistrict proceedings.[5]

IT IS THEREFORE ORDERED that the "Suggestion to the Panel on Multidistrict Litigation ('The Panel') Concerning Future Tag-Along Transfers," issued on November 23, 2011, by the Honorable Eduardo C. Robreno is adopted by the Panel.

IT IS FURTHER ORDERED that, subject to the exceptions set forth in the Suggestion, the Section 1407 transfer of new tag-along actions to MDL No. 875 is terminated, effective immediately.

IT IS FURTHER ORDERED that, subject to the exceptions set forth in the Suggestion, Panel Rule 7.1(a), requiring notification to the Clerk of the Panel of potential tag-along actions, is suspended in this litigation until further notice.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil       W. Royal Furgeson, Jr.
Barbara S. Jones        Paul G. Barbadoro
Marjorie O. Rendell     Charles R. Breyer

---

[5]  A non-exhaustive list of such rulings includes: Administrative Order No. 12 (requiring each plaintiff in the MDL promptly to submit, *inter alia*, a medical diagnosing report or opinion "upon which [he/she] now relies for the prosecution of the claims as if to withstand a dispositive motion") (available on the highly informative MDL website: http://www.paed.uscourts.gov/mdl875.asp); *In re Asbestos Prods. Liab. Litig. (No. VI)*, — F. Supp. 2d —, 2011 WL 5555615 (E.D. Pa. Nov. 14, 2011) (granting, in part, and denying, in part, motions to dismiss predicated upon purported noncompliance with Administrative Order No. 12); *Willis v. BW IP Int'l Inc.*, — F. Supp. 2d —, 2011 WL 3818515 (E.D. Pa. Aug. 29, 2011) (denying motions for summary judgment made pursuant to the government contractor defense); *Conner v. Alfa Laval, Inc.*, — F. Supp. 2d —, 2011 WL 3101810 (E.D. Pa. July 22, 2011) (concluding that maritime law applies to asbestos claims of plaintiffs who were sea-based Navy workers where the allegedly defective product was produced for use on a vessel, but that such law does not govern where the claims stem from predominantly land-based Navy work, even if the allegedly defective product was produced for use on a vessel); and *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010) (holding that removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), is proper where the defendant has identified facts which, viewed in the light most favorable to the defendant, entitle him or her to a complete defense).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS : Consolidated Under
LIABILITY LITIGATION (No. VI) : MDL DOCKET NO. 875
:
VARIOUS PLAINTIFFS :
:
:
v. :
:
:
VARIOUS DEFENDANTS :

### SUGGESTION TO THE PANEL ON MULTIDISTRICT LITIGATION ("THE PANEL") CONCERNING FUTURE TAG-ALONG TRANSFERS

**AND NOW,** this **23rd** day of **November, 2011,**

It appearing that the backlog of cases in MDL-875 has been largely eliminated; and

It appearing that all of the cases currently pending in MDL-875 are under scheduling orders, with the exceptions stated below, which call for their adjudication, settlement, or remand by December 31, 2012; and

It appearing that the filing of new asbestos related personal injury cases in the District Courts now consists of approximately 400 cases per year; and

It appearing that in light of the elimination of the backlog, and the limited number of asbestos-related personal injury cases currently filed in the District Courts, each District Court can supervise and adjudicate these cases without undue administrative burden, to the benefit of the litigants and to the public; and

It appearing, however, that certain limited numbers of jurisdictions are continuing to benefit from the transfer and consolidation of cases under MDL-875; and

It appearing that the efficient and economical adjudication of asbestos-related personal injury claims in the District Courts and the interests of justice will be promoted by discontinuing the practice of referring all tag-along cases to MDL-875, except in certain jurisdictions discussed below;

It is hereby **SUGGESTED** that:

After January 1, 2012, the Panel decline to transfer and consolidate tag-along cases to MDL-875 except in the following jurisdictions, and for the following stated reasons:

1.) E.D. Virginia (4,553 cases)

These cases turn on a preemption issue. This Court found, and the Third Circuit affirmed, that state law causes of action were preempted under federal law. The Supreme Court granted certiorari to decide a conflict and heard oral argument on November 9, 2011 (in Kurns v. Railroad Friction Products Corp., No. 10-879). The cases are stayed pending the decision of the Supreme Court.

2.) Seventh Circuit Cases (1,782 cases)

The cases were brought by one law firm and involve litigation in Illinois (Northern and Southern), Indiana and Wisconsin (Eastern and Western). All cases were consolidated before a Magistrate Judge and divided into sub-groups under scheduling orders.

3.) Maritime Docket (Mardoc) (8,862 cases)

These cases were filed in the Northern District of Ohio. They involve two types of defendants: manufacturers and ship owners. The former are subject to liability under state law; the latter under maritime law. The cases were consolidated before a Magistrate Judge with the assistance of a special master, will be on scheduling orders shortly.

4.) Cases from California Northern; Connecticut; New York Eastern and Southern; North Carolina Eastern, Middle and Western; North Dakota; and non-Mardoc cases from Ohio Northern (1,236 cases)

Each of these jurisdictions has 50 or more cases pending in MDL-875, and the parties are proceeding to pursue settlement under the supervision of a Magistrate Judge.

5.) E.D. Pennsylvania (28 cases)

These cases will continue as related to MDL-875.

While the cases in categories one through four are pending, parallel litigation of asbestos-related claims in the transferor courts would cause confusion and substantially interfere with the scheduling orders currently in place in MDL-875.

The Court is also retaining jurisdiction over approximately 330 cases from a variety of districts (the "pipeline" cases),

which are currently in the pipeline and are subject to scheduling orders.

Additionally, the Court has severed all punitive damages claims in all cases which is has remanded to the transferor courts.

It is so **SUGGESTED**.

Eduardo C. Robreno
Presiding Judge, MDL-875

Total land-based and maritime docket cases:

    122,510 (land) + 60,183 (Mardoc) = 182, 693

Cases terminated in MDL-875:

    114,306 (land) + 51, 321 (Mardoc) = 165,627

Cases pending:

    8,204 (land) + 8,862 (Mardoc) = 17,066