IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *David Luna Sr.*,<br><br>              Plaintiff,<br>     v.<br><br>*CBS Corporation, et al.*,<br><br>              Defendants. | **Case No.** 1:12-cv-9515<br><br>**Judge:** Joan B. Gottschall |

**Plaintiff's Rule 26(a)(1) Disclosures**
**(February 26, 2013)**

---

Pursuant to Federal Rule of Civil Procedure 26(a)(1) plaintiff makes the below disclosures. Any of these disclosures may be offered against any defendant at any job-site. Plaintiff also adopts and incorporates by reference any 26(a)(1) disclosures made by any defendant. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained. Plaintiff's disclosures are:

- (i)     the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Response:**

    **a) - Individual Witnesses.** On information and belief, the individual witnesses identified on Exhibit A will provide testimony, including without limitation, as to the work duties of the plaintiff, the sites where plaintiff worked, contractors working at the job-sites, the types or brand names of asbestos containing products at the job-sites, work performed by other trades, safety precautions at the job-site, the release of asbestos fibers into the air at the job-site and additional subject matter as identified on Exhibit A. Plaintiff reserves the right to supplement as further information is developed.

    For list of plaintiff's job-sites, see Plaintiff's Complaint (ECF Doc. No.1 at Exhibit B)



**b) - Site Workers.** On information and belief, the individuals identified on Exhibit B worked at the same job sites and during the same time period as the decedent and may provide testimony, including without limitation, as to the work duties of the decedent, the sites where decedent worked, the types and/or brand names of asbestos containing products to which the decedent was exposed or the type of work performed by contractors, other trades in the vicinity of the decedent while he performed his job duties, and additional subject matter as identified on Exhibit B.. Plaintiff reserves the right to supplement as further information is developed.

**c) - Medical Providers**. On information and belief, the individuals identified on Exhibit C may testify as to care and treatment of plaintiff, including without limitation, matters expressed in medical records, pre-existing health of plaintiff before the asbestos related condition (including whether such conditions are life threatening or shortening), and/or to establish that the services rendered were reasonable and necessary and the amounts billed are customary, and whether the lung cancer is related to exposure to asbestos (if any opinion on this.)Plaintiff reserves the right to supplement as further information is developed.

Plaintiff also reserves the right to supplement regarding the following:

- If needed, a designated witness to testify to establish that the medical services rendered were reasonable and necessary and the amounts billed are customary; and

- If needed, a designated custodian(s) of medical records for each of the medical facilities at which decedent received treatment for asbestos-related diseases.

**d) - Family members and personal associates.** Plaintiff discloses the individuals contained in Exhibit D who may testify, including without limitation, as to plaintiff's family history, the health of the plaintiff prior to and after developing his asbestos-related conditions including without limitation lung cancer, the pain and suffering of plaintiff, injuries and damages, personal losses of companionship and services, and the impact on other family members. They may also testify regarding the decedent's job duties. Plaintiff reserves the right to supplement as further information is developed.

**e)** Plaintiff also discloses the following lists of individuals and prior testimony:

- Exhibit 1 - CBS Corporation individuals and prior testimony

- Exhibit 2 - Commonwealth Edison Company individuals and prior testimony

- Exhibit 3 - General Electric Company individuals and prior testimony

- Exhibit 4 - Georgia-Pacific LLC individuals and prior testimony

- Exhibit 5 - Rapid American Corporation individuals and prior testimony

- Exhibit 6 - Prior testimony regarding Job-sites of Plaintiff

  Any individuals identified, disclosed, or designated by any defendant.

  Plaintiff reserves the right to supplement as further information is developed.

- (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Response:**

Plaintiff discloses the following records electronically, via *You Send It™*, to all counsel of record and incorporates these documents by reference:

- Plaintiff's medical records from Doctor's Hospital at Renaissance and a B-read and report from Dr. Alvin Schonfeld, bates numbered Luna_2261_Medical_Records 1 - 45;

- Plaintiff's union records, bates numbered Luna_2261_union-records 1 - 9;

- Plaintiff's union medical records, bates numbered Luna_2261_Union-med-info 1 - 100.

These documents can be also made available electronically or via other means upon request of counsel for the defendant. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

Plaintiff's counsel discloses documents relevant to each named defendant, below. Copies of these documents which are stored electronically on DVD-ROM or CD-ROM are being produced, under separate cover, to counsel of record for each named defendant via U.S. Mail. Copies of the same can be made available to other defendants upon request. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- **CBS Corporation**
  CVLO 26(a) Document Disclosures
  CBS Corporation
  Feb. 18, 2013 (3 DVD discs)

- **Commonwealth Edison Company**
  CVLO 26(a) Document Disclosures
  Commonwealth Edison Company
  Feb. 18, 2013 (2 DVD discs)

- **Exelon Corporation**:
  *See* Commonwealth Edison Company, above.

- **General Electric Company**
  CVLO 26(a) Document Disclosures
  General Electric Company
  Feb. 25, 2013 (6 DVD discs)

- **Georgia Pacific, LLC**
  CVLO 26(a) Document Disclosures
  Georgia Pacific LLC
  Feb. 26, 2013 (3 DVD discs)

- **Goodrich Corporation**
  CVLO 26(a) Document Disclosures
  Goodrich Corporation
  Feb. 25, 2013 (1 CD disc)

- **Honeywell International Inc.**
  CVLO 26(a) Document Disclosures
  Honeywell International Inc.
  Feb. 25, 2013 (1 CD disc)

- **Maremont Corporation**
  CVLO 26(a) Document Disclosures
  Maremont Corporation
  Feb. 25, 2013 (1 CD disc)

- **Midwest Generation EME, LLC**
  *See* Commonwealth Edison Company, above.

- **Olin Corporation, f/k/a Olin Industries Inc.**
  Plaintiff, nor Plaintiff's counsel, does not have any responsive documents in their possession, custody, or control. Plaintiff reserves the right to supplement and disclose documents obtained in the future. If obtained, copies of such documents shall be provided to counsel of record for defendant.

- **Rapid American Corporation** document set titled:
  CVLO 26(a) Document Disclosures
  Rapid American Corporation
  Feb. 16, 2013 (1 DVD disc)

- **Texaco, Inc.** document set titled:
  CVLO 26(a) Document Disclosures
  Texaco, Inc.
  Feb. 25, 2013 (1 DVD disc)

<u>Plaintiff's counsel</u> also discloses the below lists of trade organization, professional organization, and government entity documents. Copies of the described documents, which have been provided in past asbestos litigation, are available upon request. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- Exhibit 7 - Government Publication documents

- Exhibit 8 - ACGIH documents

- Exhibit 9 - AIA documents

- Exhibit 10 - AIHA documents

- Exhibit 11 - American Ceramic Society documents

- Exhibit 12 - American Petroleum Institute documents

- Exhibit 13 - ASHVE documents

- Exhibit 14 - ASME documents

- Exhibit 15 - ATI documents

- Exhibit 16 - Gypsum association documents

- Exhibit 17 - IHF documents

- Exhibit 18 - NSC knowledge documents

- Exhibit 19 - NSC membership documents

- Exhibit 20 - Saranac documents

- (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature ad extent of injuries suffered; and

**Response:** Plaintiff discloses the following records electronically, via *You Send It™*, to all counsel of record and incorporates these documents by reference:

- Plaintiff's medical bills from Doctor's Hospital at Renaissance, Bates numbered Luna_2261_Medical_Bills 1 - 30.

These documents can be made available electronically or via other means upon request of counsel for the defendant. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

Investigation continues.

- (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:** Not applicable to plaintiff.


Dated: February 26, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Chen Kasher
Attorneys for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
Ph: 312.944.0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *David Luna Sr.*, <br><br> Plaintiff, <br> v. <br><br> *CBS Corporation, et al.*, <br><br> Defendants. | Case No. 1:12-cv-9515 <br><br> Judge: Joan B. Gottschall |

Notice of Service

TO: ALL COUNSEL OF RECORD. **TAKE NOTICE** that on February 26, 2013, the following documents filed in the above captioned matter were served upon all counsel as outlined in the attached Certificate of Service:

- Plaintiff's Rule 26(a)(1) Disclosures (February 26, 2013)(with Exhibits A-D & 1-20);

- Plaintiff's medical records from Doctor's Hospital at Renaissance and a B-read and report from Dr. Alvin Schonfeld, bates numbered Luna_2261_Medical_Records 1 - 45;

- Plaintiff's union records, bates numbered Luna_2261_union-records 1 - 9;

- Plaintiff's union medical records, bates numbered Luna_2261_Union-med-info 1 - 100.

- Plaintiff's medical bills from Doctor's Hospital at Renaissance, Bates numbered Luna_2261_Medical_Bills 1 - 30.

Dated: February 26, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Chen Kasher
Attorneys for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
Ph: 312.944.0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *David Luna Sr.*, <br><br> Plaintiff, <br> v. <br><br> *CBS Corporation, et al.*, <br><br> Defendants. | Case No. 1:12-cv-9515 <br><br> **Judge:** Joan B. Gottschall |

## Certificate of Service

I, Brett Josef Schmidthuber, a non-attorney, certify under penalties as provided under 28 U.S.C. Sec. 1746 that on February 26, 2013, I served the following documents filed in the above-captioned matter via E-Mail[1] to all counsel of record:

- Plaintiff's Rule 26(a)(1) Disclosures (February 26, 2013)(with Exhibits A-D & 1-20);

- Plaintiff's medical records from Doctor's Hospital at Renaissance and a B-read and report from Dr. Alvin Schonfeld, bates numbered Luna_2261_Medical_Records 1 - 45;

- Plaintiff's union records, bates numbered Luna_2261_union-records 1 - 9;

- Plaintiff's union medical records, bates numbered Luna_2261_Union-med-info 1 - 100.

- Plaintiff's medical bills from Doctor's Hospital at Renaissance, Bates numbered Luna_2261_Medical_Bills 1 - 30.

Dated: February 26, 2013

*/s/ Brett J.S.*

Brett Josef Schmidthuber - Legal Assistant
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, IL 60607
Ph. 312.944.0600 Ext. 115
Email: bschmidthuber@cvlo.com

---

[1] Utilizing the web-based file transfer service YouSendIt™