BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| Dianne Jacobs, Individually and as the Special Administrator for the Purposes of this Lawsuit on Behalf of Decedent Rita Treutel,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Owens-Illinois, Inc., *et al.*,<br><br>　　　　Defendants. | Case No. *3:12-cv-00899* |

**WEYERHAEUSER COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 545**

**COMES NOW** Weyerhaeuser Company ("Defendant" or "Weyerhaeuser"), by and through counsel, and, for its Response in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 545, states as follows:

**PROCEDURAL HISTORY**

Plaintiff Dianne Jacobs, Individually and as the Special Administrator for the Purposes of this Lawsuit on Behalf of Decedent Rita Treutel ("Plaintiff"), filed her Complaint on December 7, 2012 in the United States District Court for the Western District of Wisconsin, Madison Division. The Complaint seeks damages arising out of the decedent, Rita Treutel's alleged exposure to asbestos and/or asbestos-containing products in Wisconsin. Plaintiff simultaneously filed a Notice of Tag Along Action with the Complaint, notifying the Court that the case is a potential "tag-along action" subject to transfer to the Eastern District of Pennsylvania. Defendant Weyerhaeuser filed its responsive pleadings on February 1, 2013. On February 5, 2013, Weyerhaeuser also notified the Clerk of the Judicial Panel on Multidistrict Litigation ("the Judicial Panel") that the case was a potential "tag-along action" to MDL-875. Conditional

1

Transfer Order 545 ("CTO-545") was entered February 7, 2013, conditionally transferring the action under 28 U.S.C. §1407 to the Eastern District of Pennsylvania. Plaintiff filed a Notice of Opposition to CTO-545 on February 14, 2013.

## ARGUMENT

Plaintiff provides no basis for the Judicial Panel to overrule its multiple, prior Orders transferring cases filed by the Casino Vaughn Law Office ("CVLO") in the Seventh Circuit to MDL-875 for consolidated pre-trial proceedings before the Honorable Judge Eduardo C. Robreno. As recently as November 2012, Judge Robreno recommended and the Judicial Panel affirmed the continued transfer of these cases. Plaintiff's Motion to Vacate raises no new evidence or issues for consideration, but merely re-states arguments previously raised by other CVLO clients in opposing similar transfer orders. The Judicial Panel should deny Plaintiff's Motion and transfer this action to MDL-875 for consolidation with similar cases filed by CVLO.

**I.     Plaintiff Offers No Justification for Re-Arguing the Panel's November 2012 Decision Continuing Transfer of Seventh Circuit Cases to MDL-875.**

The arguments raised in Plaintiff's Motion are not new, and do not relate to any fact or evidentiary issues peculiar to Plaintiff's action. Rather, they are part of a persistent effort by CVLO to oppose transfer of all newly filed Seventh Circuit cases to MDL-875 in circumvention of the Judicial Panel's recent Order adopting Judge Robreno's October 3, 2012 Suggestion. Curiously, Plaintiff relies heavily on the reasoning of Judge Robreno's Suggestion and the Judicial Panel's Order while seeking to avoid the conclusion each reached – that continued transfer of CVLO cases will promote the purposes of 28 U.S.C. §1407(a).

Judge Robreno has consistently reserved Seventh Circuit cases from a growing list of jurisdictions in which transfer of newly filed asbestos cases to MDL-875 is unnecessary. Judge Robreno's original Suggestion, dated November 23, 2011 and attached as Exhibit A, requested

2

the continued transfer of cases "brought by one law firm [CVLO]" that "involve litigation in Illinois (Northern and Southern), Indiana and Wisconsin (Eastern and Western). All cases were consolidated before a Magistrate Judge and divided into sub-groups under scheduling orders." The Judicial Panel adopted Judge Robreno's suggestion by Order dated December 13, 2011. Since that time, Judge Robreno has continued to assess the progress of cases transferred to MDL-875 and made additional recommendations for jurisdictions in which transfer is no longer appropriate. *See* Suggestion from J. Robreno, dated October 3, 2012, attached as Exhibit B. It is in this context in which Plaintiff asks the Judicial Panel to do what Judge Robreno has consistently recommended against – removing Seventh Circuit cases from the exception list.

Plaintiff provides no new information that would require the Judicial Panel to overrule its existing and prior Orders, or to justify second-guessing Judge Robreno's timely and well-reasoned Suggestions. For example, Plaintiff relies on anecdotes, but not facts, regarding the purported number of new CVLO filings in the Seventh Circuit. Of course, the Judicial Panel's decision is not based exclusively, or even predominantly, on the number of new filings in the Seventh Circuit. Rather, the Judicial Panel must consider if continued transfer will serve the purposes of 28 U.S.C. §1407(a). On this issue, Plaintiff has nothing new to offer the Panel as relates to her case. As explained more fully below, transfer of this action is fully consistent with the Judicial Panel's Orders and the purposes of Section 1407(a).

Judge Robreno's most recent Suggestion does not support refusal to transfer the action; to the contrary, it recommends the continued transfer of Seventh Circuit cases to MDL-875. Plaintiff fares no better in relying on the Judicial Panel's decision in *In Re: Bank of American Wage and Hour Employment Practices Litigation*, MDL No. 2138, S.D. California 3:12-1559. The relative merits of transferring new tag-along actions can change over time, but Plaintiff

offers no evidence that the Eastern District of Pennsylvania has "complete[d] its primary tasks" with the CVLO Seventh Circuit cases. To the contrary, Judge Robreno and Magistrate Judge David Strawbridge continue to manage – and reduce – a considerable docket of pending CVLO cases. These cases have not reached the "certain point" at which "the benefits of transfer should not be assumed to continue." The Judicial Panel need not rely on any assumptions; Judge Robreno and the Judicial Panel carefully considered this very issue within the last four months and determined that the benefits of transfer are continuing for newly filed CVLO cases in the Seventh Circuit.

## II. Transfer of the Action to MDL-875 Will Serve the Purposes of 28 U.S.C. §1407 and Promote the Just and Efficient Conduct of the Case

Section 1407(a) provides for the transfer and consolidation of pretrial proceedings upon the Judicial Panel's determination that such transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Plaintiff cites no evidence that transfer will be inconvenient for the parties and witnesses, or impedes the just and efficient conduct of the action. To the contrary, CVLO cases are promptly assigned to Magistrate Judge David Strawbridge to facilitate resolution and implement an orderly process for case discovery. The undersigned counsel and CVLO have worked successfully with Magistrate Judge Strawbridge in prior cases involving the same manufacturing facility at issue in this action. Like the present action, some of those cases involved former Weyerhaeuser employees. Judge Strawbridge is very familiar with the legal and factual issues relating to such cases. Additionally, the parties will benefit from the existing protocols for written discovery and depositions and the assignment of cases into sub-groups to facilitate scheduling order deadlines. Under these facts, transfer of the action is convenient for the parties and will promote the just, speedy and inexpensive determination of the action.

**WHEREFORE,** Weyerhaeuser Company requests that the Judicial Panel deny Plaintiff's Motion to Vacate Conditional Transfer Order No. 545.

DATED: March 5, 2013

>Respectfully submitted,
>
>WEYERHAEUSER COMPANY
>
>By counsel

/s/ Christopher E. Trible
Christopher E. Trible (VA Bar No. 48847) (admitted *pro hac vice*)
McGuireWoods LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
Email: ctrible@mcguirewoods.com
Attorneys for WEYERHAEUSER COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2013 I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter, including:

>Michael P. Cascino
>CASCINO VAUGHAN LAW OFFICES, LTD.
>220 South Ashland Avenue
>Chicago, Illinois 60647
>Phone: (312) 944-0600
>Email: mcascino@cvlo.com
>*Attorney for the Plaintiff*

>/s/ Christopher E. Trible___

/46241344.1