Case MDL No. 875 Document 8337-6 Filed 03/12/13 Page 1 of 8
Case 2:11-cv-63482-ER Document 323-4 Filed 03/05/12 Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY ANDERSON, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | Transferred from the |
| | : | Western District |
| v. | : | of Wisconsin |
| | : | (Case No. 11-00061) |
| A.W. CHESTERTON COMPANY, | : | |
| ET AL., | : | |
| | : | E.D. PA CIVIL ACTION NO. |
| Defendants. | : | 2:11-CV-63482-ER |

FILED
APR - 5 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

EXHIBIT 6

**O R D E R**

**AND NOW**, this **5th** day of **April, 2012,** it is hereby
**ORDERED** that the Motion for Summary Judgment of Defendant Procter
& Gamble Paper Products Company (Doc. No. 258) is **DENIED.**[1]

---

[1] This case was transferred in March of 2011 from the United States District Court for the Western District of Wisconsin to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff Beverly Anderson ("Plaintiff") is the administrator of the estate of Lloyd Anderson ("Decedent" or "Mr. Anderson"), who worked as a union electrician at various facilities in and around Green Bay, Wisconsin from about 1947 until his retirement in 1992. Defendant The Procter & Gamble Paper Products Company, ("P&G") is the owner of premises where Decedent worked and where he is alleged to have been exposed to asbestos from numerous products. Plaintiff has alleged such exposure at the following P&G location:

• Procter & Gamble (P&G) - Charmin Paper Mill

Mr. Anderson was diagnosed with lung cancer. He was deposed for one day in July of 2011 and died in November of 2011.

Plaintiff has brought claims against various defendants. Defendant P&G has moved for summary judgment, arguing

that it is entitled to summary judgment because (1) it cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises, and (2) Plaintiff's claims are barred by the Wisconsin statute of repose. The parties agree that Wisconsin law applies.

I.  **Legal Standard**

   A.  Summary Judgment Standard

   Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

   In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

   B.  The Applicable Law

   The parties have agreed that Wisconsin substantive law applies. Therefore, this Court will apply Wisconsin law in deciding P&G's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

2

C. <u>Duty of a Premises Owner re: Employee of an Independent Contractor (Under Wisconsin Law)</u>

The Supreme Court of Wisconsin has held that a "principal employer" (sometimes also referred to as a "general contractor" or "owner") "is generally not liable in tort for injuries sustained by an independent contractor's employee while he or she is performing the contracted work." <u>Tatera v. FMC Corp.</u>, 328 Wis.2d 320, 327 n.4, 336 (Wis. 2010)(citing <u>Wagner v. Continental Casualty Co.</u>, 143 Wis.2d 379, 400-01 (Wis. 1988)). It has recognized two exceptions to this rule: (1) when the principal employer commits an <u>affirmative act of negligence</u>, and (2) when the worked contracted out by the principal employer is <u>extra-hazardous</u>. <u>Id.</u> at 338-39 (citing <u>Barth v. Downey Co.</u>, 71 Wis.2d 775, 783, (Wis. 1976) and <u>Wagner</u>, 143 Wis.2d at 388, 401).

With respect to the first exception, the Supreme Court of Wisconsin has ruled that failure to warn of (or investigate) asbestos hazards is, at most, passive misconduct, and not an affirmative act of negligence. <u>Tatera</u>, 328 Wis.2d at 346.

With respect to the second exception, the Supreme Court of Wisconsin has ruled that "as a matter of law," working with asbestos products is not an extra-hazardous activity (despite the fact that it is inherently hazardous) because protective measures can be taken to avoid inhalation of asbestos dust. <u>Id.</u> at 351.

D. <u>Employer's Duty to Furnish Safe Employment and Place (Under Wisconsin "Safe Place Statute")</u>

The Wisconsin "Safe Place Statute" provides that:

(1) Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

3

> (2)(a) No employer shall require, permit or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide and use safety devices and safeguards, or fail to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe, and no such employer shall fail or neglect to do every other thing reasonably necessary to protect the life, health, safety or welfare of such employees and frequenters; and no employer or owner, or other person shall hereafter construct or occupy or maintain any place of employment, or public building, that is not safe, nor prepare plans which shall fail to provide for making the same safe.

Wis. Stat. § 101.11.

The Supreme Court of Wisconsin has held that this statute also applies to premises owners (such as Defendant P&G). <u>Barry v. Employers Mutual Casualty Co.</u>, 245 Wis.2d 560, 569-70 (Wis. 2001). It has held that this statute requires an employer or premises owner (such as Defendant P&G) to anticipate what the premises will be used for and to inspect them to make sure they are safe. <u>Wisconsin Bridge & Iron Co. v. Industrial Com'n</u>, 8 Wis.2d 612, 618 (Wis. 1959). It has held that the duty of owner or employer under the statute is non-delegable, such that a person (or entity) who has that duty cannot assert that another to whom he has allegedly delegated that duty is to be substituted as a primary defendant in his stead for violation of the statute. <u>Dykstra v. Arthur McKee & Co.</u>, 100 Wis.2d 120, 130-31 (1981). The Supreme Court of Wisconsin has also clarified that the Safe Place Statute is a negligence statute that, rather than creating a distinct cause of action, instead establishes a duty greater than that of ordinary care imposed at common law. <u>Barry</u>, 245 Wis.2d at 569. Finally, it has held that interpreting and applying the safe place statute to facts presents a question of law. <u>Id.</u> at 568.

E. <u>Wisconsin Statute of Repose</u>

The Wisconsin statute of repose invoked by Defendant P&G provides that:

4

> (1) In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.
>
> (2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property. This subsection does not affect the rights of any person injured as the result of any defect in any material used in an improvement to real property to commence an action for damages against the manufacturer or producer of the material.

Wis. Stat. § 893.89. Neither the Supreme Court of Wisconsin nor any appellate court in Wisconsin has addressed the statute of repose in the context of an asbestos case (where the disease at issue is atypical insofar as it involves a latency period).

## II. Defendant P&G's Motion for Summary Judgment

### A. Defendant's Arguments

<u>Duty of Premises Owner to Employee of Independent Contractor</u>

P&G argues that it cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises. In support of this assertion, it cites to <u>Tatera</u>, 328 Wis.2d at n.4 and <u>Wagner</u>, 143 Wis.2d at 400-01.

In its reply brief, P&G argues that Plaintiff should not be permitted to rely upon the Wisconsin Safe Place Statute, as it has first asserted a claim under this statute in its opposition to P&G's motion for summary judgment.

5

Statute of Repose

P&G argues that Wisconsin's statute of repose, Wis. Stat. § 893.89, precludes claims for injury brought more than ten (10) years after the date of substantial completion of an improvement to property. In support of this assertion, it cites to Kohn v. Darlington Comm. Sch., 283 Wis.2d 1, ¶¶ 13-15 (Wis. 2005) and Kallas v. Square D Co., 66 Wis.2d 382, 386 (Wis. 1975). P&G contends that the work performed by Mr. Anderson at its facility (which it contends was during the construction of that facility) was an "improvement."

**B. Plaintiff's Arguments**

Duty of Premises Owner to Employee of Independent Contractor

Plaintiff argues that Wisconsin's Safe Place Statute, Wis. Stat. § 101.11, creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law, such that caselaw pertaining to common law negligence does not govern the duty issue raised by Defendant. Specifically, Plaintiff contends that the statute imposes upon premises owners (and others, e.g., employers) an affirmative and non-delegable duty to inspect premises to ensure they are safe. In support of this assertion, Plaintiff cites to Dykstra, 100 Wis.2d at 130, Wisconsin Bridge & Iron Co., 8 Wis.2d at 618-19, and Barry, 245 Wis.2d 560.

Statute of Repose

Plaintiff argues (in a second, separate brief) that (1) this issue should be remanded for a court in Wisconsin to decide, (2) even if it is not remanded, the Court should deny summary judgment because (a) the statute of repose does not apply to the facts of this situation, because there is an exception pertaining to negligence claims brought against owners of real property, (b) even if the statute is potentially applicable there are genuine issues of fact as to whether the work giving rise to the asbestos exposure took place during "improvements" to the plant – as opposed to "maintenance, operation or inspection of an improvement" to which the statute of repose does not apply, and (c) the statute does not apply to injuries (or damages) sustained prior to April 29, 1994. In support of this assertion, Plaintiff cites to a long list of cases.

### C. Analysis

<u>Duty of Premises Owner to Employee of Independent Contractor</u>

Defendant P&G is correct that, the Supreme Court of Wisconsin has held that, as a general rule, a "principal owner" of a workplace/premises cannot be liable for harm to (i.e., owes no duty to) an employee of an independent contractor who is working on its premises. <u>Tatera</u>, 328 Wis.2d at 327. Defendant is also correct that neither exception to this general rule applies in the context of asbestos-related work. <u>Id.</u> 346, 351. However, Plaintiff is also correct that the Supreme Court of Wisconsin has held that the Safe Place Statute creates non-delegable statutory duties that give rise to legal obligations for premises owners that are distinct from those arising under common law – including the imposition upon employers/premises owners an affirmative and non-delegable duty to inspect premises to ensure they are safe. <u>Barry</u>, 245 Wis.2d at 569-70; <u>Dykstra</u>, 100 Wis.2d at 130-31; and <u>Wisconsin Bridge & Iron Co.</u>, 8 Wis.2d at 618-19.

The Court has considered Defendant's argument that Plaintiff should not be permitted to rely upon the Wisconsin Safe Place Statute because Plaintiff has first asserted a claim under this statute in its opposition to P&G's motion for summary judgment. However, Plaintiff's Second Amended Complaint (the "Complaint") states a claim for "Negligence – Premises Owner," which alleges, <u>inter</u> <u>alia</u>, failure to "test for asbestos where Plaintiff worked" and "allowing the use of asbestos containing products at the premises" while failing to warn and to establish and instruct about safety measures to protect against asbestos hazards. Therefore, it is not clear that Plaintiff put Defendant on notice of a claim governed by the Safe Place Statute for the first time at the summary judgment stage, as such a determination would depend upon a court's construction of the claim in Plaintiff's Complaint. Furthermore, the Court notes that the Supreme Court of Wisconsin has specifically held that the statute is a negligence statute that, rather than creating a distinct cause of action, instead establishes a duty greater than that of ordinary care imposed at common law. <u>Barry</u>, 245 Wis.2d at 569. Therefore, it is not apparent that a Plaintiff must specify (at any point) that it is asserting a claim based on a duty arising under the Wisconsin Safe Place Statute (as opposed to merely asserting a claim for negligence under which a defendant subject to that statute would have a heightened duty).

7

E.D. PA NO. 2:11-63482-ER	**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

In light of the Supreme Court of Wisconsin's recent application of the general common law rule of negligence to a "principal employer"/premises owner in <u>Tatera</u> and its also fairly recent application of a heightened duty to such a "principal employer"/premises owner in <u>Barry</u>, it appears that Wisconsin law is unsettled as to what duty was owed by P&G to Decedent Mr. Anderson. Furthermore, in light of the Wisconsin Supreme Court's clarification in <u>Barry</u> that the statute does not create a distinct cause of action and instead establishes a duty greater than that of ordinary care imposed at common law, it does not appear that reconciliation of these two cases turns properly on whether or not a plaintiff's complaint specifically identifies the Wisconsin Safe Place Statute (as Defendant has argued <u>Barry</u> suggests). Accordingly, because this is an unsettled area of state law, the Court will not rule on it, but rather will remand the issue to the transferor court to decide. See <u>Faddish v. CBS Corp.</u>, No. 09-70626, 2010 WL 4159238 (E.D. Pa. Oct. 22, 2010) (Robreno, J.).

<u>Statute of Repose</u>

There is no caselaw from the Supreme Court of Wisconsin or any appellate court in Wisconsin that has addressed the statute of repose in the context of an asbestos case. Because of the atypical nature of asbestos-related disease (insofar as it is accompanied by a period of latency), it is unclear whether and how this statute is applicable to asbestos-related claims. Rather than predict what the Supreme Court of Wisconsin would do, the Court will also remand this issue for determination by the transferor court. See <u>id.</u>

**D. Conclusion**

Summary judgment in favor of Defendant P&G is denied as to each basis asserted in its motion. Each of these issues will be remanded for determination by a court in Wisconsin.

8