IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :   Consolidated Under
LIABILITY LITIGATION (No. VI)     :   MDL DOCKET NO. 875
                                  :
VARIOUS PLAINTIFFS                :
                                  :
                                  :
        v.                        :
                                  :
                                  :
VARIOUS DEFENDANTS                :

### SUGGESTION TO THE PANEL ON MULTIDISTRICT LITIGATION ("THE PANEL") CONCERNING FUTURE TAG-ALONG TRANSFERS

AND NOW, this **23rd** day of **November, 2011**,

It appearing that the backlog of cases in MDL-875 has been largely eliminated; and

It appearing that all of the cases currently pending in MDL-875 are under scheduling orders, with the exceptions stated below, which call for their adjudication, settlement, or remand by December 31, 2012; and

It appearing that the filing of new asbestos related personal injury cases in the District Courts now consists of approximately 400 cases per year; and

It appearing that in light of the elimination of the backlog, and the limited number of asbestos-related personal injury cases currently filed in the District Courts, each District Court can supervise and adjudicate these cases without undue administrative burden, to the benefit of the litigants and to the public; and

It appearing, however, that certain limited numbers of jurisdictions are continuing to benefit from the transfer and consolidation of cases under MDL-875; and

It appearing that the efficient and economical adjudication of asbestos-related personal injury claims in the District Courts and the interests of justice will be promoted by discontinuing the practice of referring all tag-along cases to MDL-875, except in certain jurisdictions discussed below;


EXHIBIT A

It is hereby **SUGGESTED** that:

After January 1, 2012, the Panel decline to transfer and consolidate tag-along cases to MDL-875 except in the following jurisdictions, and for the following stated reasons:

1.) E.D. Virginia (4,553 cases)

These cases turn on a preemption issue. This Court found, and the Third Circuit affirmed, that state law causes of action were preempted under federal law. The Supreme Court granted certiorari to decide a conflict and heard oral argument on November 9, 2011 (in Kurns v. Railroad Friction Products Corp., No. 10-879). The cases are stayed pending the decision of the Supreme Court.

2.) Seventh Circuit Cases (1,782 cases)

The cases were brought by one law firm and involve litigation in Illinois (Northern and Southern), Indiana and Wisconsin (Eastern and Western). All cases were consolidated before a Magistrate Judge and divided into sub-groups under scheduling orders.

3.) Maritime Docket (Mardoc) (8,862 cases)

These cases were filed in the Northern District of Ohio. They involve two types of defendants: manufacturers and ship owners. The former are subject to liability under state law; the latter under maritime law. The cases were consolidated before a Magistrate Judge with the assistance of a special master, will be on scheduling orders shortly.

4.) Cases from California Northern; Connecticut; New York Eastern and Southern; North Carolina Eastern, Middle and Western; North Dakota; and non-Mardoc cases from Ohio Northern (1,236 cases)

Each of these jurisdictions has 50 or more cases pending in MDL-875, and the parties are proceeding to pursue settlement under the supervision of a Magistrate Judge.

5.) E.D. Pennsylvania (28 cases)

These cases will continue as related to MDL-875.

While the cases in categories one through four are pending, parallel litigation of asbestos-related claims in the transferor courts would cause confusion and substantially interfere with the scheduling orders currently in place in MDL-875.

The Court is also retaining jurisdiction over approximately 330 cases from a variety of districts (the "pipeline" cases),

which are currently in the pipeline and are subject to scheduling orders.

Additionally, the Court has severed all punitive damages claims in all cases which is has remanded to the transferor courts.

It is so **SUGGESTED**.

_____
Eduardo C. Robreno
Presiding Judge, MDL-875

Total land-based and maritime docket cases:

    122,510 (land) + 60,183 (Mardoc) = 182, 693

Cases terminated in MDL-875:

    114,306 (land) + 51, 321 (Mardoc) = 165,627

Cases pending:

    8,204 (land) + 8,862 (Mardoc) = 17,066