# EXHIBIT A

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:13-cv-01039-NC

Blakeney et al v. Crane Co., et al
Assigned to: Magistrate Judge Nathanael M. Cousins
Cause: 28:1442 Petition for Removal- Breach of Contract

Date Filed: 03/07/2013
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Donna C. Ogden Blakeney**
*Individually and as Successor-In-Interest to Billy Ogden, Deceased*

represented by **John Landoc**
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
(214) 521-3605
Fax: (214) 520-1181
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alana K. Ackels**
Baron & Budd PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 72519
214 521-3605
Fax: 214 520-1181
*ATTORNEY TO BE NOTICED*

**Christine Marie Tamer**
Baron & Budd PC
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: ctamer@baronbudd.com
*ATTORNEY TO BE NOTICED*

**Denyse Finn Clancy**
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
(214) 521-3605
Fax: 214 520-1181
Email: dclancy@baronbudd.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Anthony Ogden**                    represented by   **John Landoc**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alana K. Ackels**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christine Marie Tamer**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Denyse Finn Clancy**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Alan R. Ogden**                    represented by   **John Landoc**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alana K. Ackels**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christine Marie Tamer**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Denyse Finn Clancy**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Marian E. Vincent**                represented by   **John Landoc**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alana K. Ackels**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Christine Marie Tamer**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

Denyse Finn Clancy
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kentile Floors, Inc**

V.

**Defendant**

**3M Company**
*individually and*
*formerly known as*
Minnesota, Mining and Manufacturing
Company
*also known as*
3M

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Air & Liquid Systems, Corporation**          represented by    **Glen R. Powell**
*sued as successor-by-merger to Buffalo*                         Gordon & Rees LLP
*Pumps, Inc.*                                                    Embarcadero Center West
                                                                275 Battery Street
                                                                Suite 2000
                                                                San Francisco, CA 94111
                                                                415-986-5900
                                                                Fax: 415-986-8054
                                                                Email: gpowell@gordonrees.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **James G. Scadden**
                                                                Gordon & Rees LLP
                                                                Embarcadero Center West
                                                                275 Battery Street, Twentieth Floor
                                                                San Francisco, CA 94111
                                                                415-989-5900
                                                                Fax: 415 986-8054
                                                                Email: jscadden@gordonrees.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Michael J. Pietrykowski**
                                                                Gordon & Rees LLP
                                                                275 Battery Street, 20th Floor
                                                                Embarcadero Center West
                                                                San Francisco, CA 94111

(415) 986-5900
Fax: 415 986-8054
Email:
mpietrykowski@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alfa Laval, Inc.**
*sued individually and as successor-in-
interest to the Delaval Separator
Company and Sharples Corporation*

**Defendant**

**Allis-Chalmers Corporation Product
Liability Trust**

**Defendant**

**Amcord, Inc.**
*individually and as successor-in-
interest to Riverside Cement*

**Defendant**

**American Standard, Inc.**
*individually and as successor-in-
interest to the Trane Company*

**Defendant**

**American Standard, Inc.**
*individually (Successor -in-interest to
Ideal Boiler Company) and as
successor-in-interest to Kewanee Boiler
Corporation*
*formerly known as*
American Radiator & Standard Sanitary
Corp.
*doing business as*
Arco Boilers and Ideal Boilers

**Defendant**

**Ameron International Corporation**

**Defendant**

**Ametek, Inc.**
*individually and successor-in-interest to
Hercules, Inc., successor-in-interest to
Hercules Powder Company, successor-
in-interest to Haveg Industries, Inc.,
Successor by merger to Haveg
Corporation*

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**Ashland, Inc.**
*individually and as successor-in-
interest to Hercules, Inc., successor-in-
interest to Hercules Powder Company,
successor-in-interest to Haveg
Corporation*

**Defendant**

**Aurora Pump Company**

**Defendant**

**Bechtel Corporation**
*individually and as successor-in-
interest to Sequoia Ventures, Inc.*

**Defendant**

**Blacicmer Pump Company**

**Defendant**

**Buffalo Pumps, Inc**

**Defendant**

**BW/IP International, Inc.**
*individually and as successor-in-
interest to Byron Jackson Pump
Company*

**Defendant**

**Carrier Corporation**
*individually and as successor-in-
interest to Crocker-Wheeler Company*

**Defendant**

**CBS Corporation**
*successor-by-merger to CBS
Corporation, successor-by-merger to
Westinghouse Electric Corporation
formerly known as*
Viacom, Inc.

**Defendant**

**CBS Corporation**
*successor-by-merger to CBS
Corporation, successor-by-merger to*

*Westinghouse Electric Corporation,*
*individually and as successor-in-*
*interest to B.F. Sturtevant Company*
*formerly known as*
Viacom, Inc.

**Defendant**

**Certainteed Corporation**
*individually Plaintiffs' Complaint for*
*Wrongful Death and Survival and as*
*successor by merger to CertainTeed*
*Corporation*
*formerly known as*
Saint-Gobain Investments, Inc

**Defendant**

**Champlain Cable Corporation**
*individually and as successor-in-*
*interest to Haveg Industries, Inc.,*
*successor-by-merger to Haveg*
*Corporation*

**Defendant**

**Cleaver-Brooks, Inc.**
*individually and*
*formerly known as*
Aqua-Chem, Inc.

**Defendant**

**Crane Co.**                          represented by   **Roseanna M Castillo**
*individually and as successor in interest*              K and L Gates LLP
*to Chapman Valves*                                      Four Embarcadero Center
                                                         Suite 1200
                                                         San Francisco, CA 94111
                                                         415-882-8200
                                                         Fax: 415-882-8220
                                                         Email: roseanna.castillo@klgates.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michele Cherie Barnes**
                                                         KL Gates LLP
                                                         4 Embarcadero Center
                                                         Suite 1200
                                                         San Francisco, CA 94111
                                                         415-249-1011
                                                         Fax: 415-882-8220
                                                         Email: michele.barnes@klgates.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Crosby Valve, Inc.**

**Defendant**

**Crown Cork & Seal Company, Inc.**
*individually and as successor-in-*
*interest to Mundet Cork Company*

**Defendant**

**Dap Products, Inc.**

**Defendant**

**Dezurik, Inc**

**Defendant**

**Dorr-Oliver Emico USA, Inc**

**Defendant**

**Douglass Insulation Company, Inc.**

**Defendant**

**Dover Corporation**
*individually, and as successor-in-*
*interest to Blacicmer Pump Company*
*doing business as*
Blackmer branded products

**Defendant**

**Dover Resources, Inc**
*individually and*
*doing business as*
Blackmer branded products

**Defendant**

**Dowman Products, Inc.**

**Defendant**

**Dresser-Rand Company**
*individually and as successor-in-*
*interest to Terry Steam Turbine and*
*Whiton Machine Company*

**Defendant**

**Electric Machinery Manufacturing
Co.**

**Defendant**

**Elliott Turbo Machinery Company**

*also known as*
Elliott Company

**Defendant**

**Envirotech Pump Systems, Inc**

**Defendant**

**Flowserve Corporation**
*individually and as successor by merger
to Durco International, Inc., United
Pumps and Worthington Pumps*

**Defendant**

**Flowserve US, Inc.**
*as successor to Edward Valve, Inc.,
Byron Jackson Pump Company, Wilson
Snyder Pumps, Vogt Valves*

**Defendant**

**FMC Corporation**
*individually, on behalf of and as
successor-in-interest to Peerless Pump
Co.*

**Defendant**

**Formosa Plastics Corporation U.S.A.**
*sued individually and as parent, alter
ego and successor-in-interest to J-M
A/C Pipe Corporation*

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Fraser's Boiler Service, Inc.**

**Defendant**

**Gardner Denver Nash, LLC**
*individually and as successor-in-
interest to The Nash Engineering, Co.*

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific, LLC**
*individually and as successor-in-
interest to Bestwall Gypsum Company
formerly known as*

Georgia-Pacific Corporation

**Defendant**
**Golden Gate Drywall, Inc.**

**Defendant**
**Goulds Pumps Incorporated**

**Defendant**
**Grinnell, L.L.C.**
*formerly known as*
Grinnell Corporation

**Defendant**
**Griscom Russell Company**

**Defendant**
**Hanson Permanente Cement, Inc.**
*individually and as successor-in-*
*interest to Kaiser Gypsum Company,*
*Inc.*
*formerly known as*
Kaiser Cement Corporation

**Defendant**
**Henry Pratt Company**

**Defendant**
**Hercules, Inc.**
*indiviudally and as successor-in-*
*interest to Hercules Powder Company,*
*successor-in-interest to Haveg*
*Industries, Inc., successor by merger to*
*Haveg Corporation*

**Defendant**
**Hollings Worth & Vose Company**

**Defendant**
**Homestead Valves**
*a Division of Olson Technologies, Inc.*

**Defendant**
**Hopeman Brothers, Inc.**

**Defendant**
**IMO Industries, Inc.**
*individually and as successor-in-*
*interest to DeLaval Turbine Inc.*

**Defendant**

**Ingersoll-Rand Company**
*individually and as successor-in-
interest to The Aldrich Company, Terry
Steam Turbine and the Whiton Machine
Company*

**Defendant**

**Ipsen, Inc.**

**Defendant**

**ITT Corporation**
*individually and as successor-in-
interest to "Bell & Gossett" branded
products and Grinnell Corporation
formerly known as*
ITT Industries, Inc.

**Defendant**

**J-M Manufacturing Company, Inc.**
*doing business as*
J-M Pipe Manufacturing Company

**Defendant**

**John Crane, Inc.**
*individually and as successor-in-
interest to Crane Packing Company*

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**Lindberg Engineering, Inc**

**Defendant**

**McNally Industries, LLC**
*sii to Northern Fire Apparatus
Company*

**Defendant**

**MC Wane, Inc**
*individually and as successor by merger
to Clow Corporation and Yeomans
Brothers, Co.*

**Defendant**

**Meadwestvaco Corporation**
*Vida MW Holding Corporation,*

*individually and as successor by merger*
*to Westvaco Corporation and the Mead*
*Corporation*

**Defendant**

**Mohawk Fine Papers Inc**
*formerly known as*
International Paper

**Defendant**

**Oakfabco, Inc.**
*individiually and as successor-in-*
*interest to Kewanee Boiler*
*Manufacturing Co., Inc.*

**Defendant**

**Owens-Illinois, Inc.**
*individually and as successor-in-*
*interest to Owens-Illinois Glass*
*Company and*
*doing business as*
O-I

**Defendant**

**Pentair, Inc**

**Defendant**

**Plant Insulation Company**
*Formerly Asbestos Company of CA*

**Defendant**

**Red-White Valve Company**

**Defendant**

**San Francisco Gravel Company**

**Defendant**

**Spencer Engineering Company, Inc**

**Defendant**

**Spirax Sarco, Inc.**

**Defendant**

**SPX Corporation**
*individually and as successor-in-*
*interest to Kinney Vacuum Pump*
*Company*

**Defendant**

**Sterling Fluid Systems (USA), L.L.C.**
*Vida Sterling Fluid Systems (USA), Inc.*
*and Peerless Pump Company,*
*Individually and as successor-in-*
*interest to Indian Head, Inc*

**Defendant**

**The Nash Engineering, Inc**

**Defendant**

**The Weir Group**

**Defendant**

**Thomas Dee Engineering Co.**

**Defendant**

**U.S. Electric Motors**
*a Division of Emerson Electric Co.*

**Defendant**

**Velan Steam Trap Corporation**

**Defendant**

**Velan Valve Corp.**
*individually and as successor-in-*
*interest to Velan Steam Trap*
*Corporation*

**Defendant**

**Viad Corporation**
*sued individually and as successor-in-*
*interest to Griscom-Russell Company*
*formerly known as*
The Dial Corporation

**Defendant**

**Warren Pumps, L.L.C.**
*formerly known as*
Warren Pumps, Inc.

**Defendant**

**Weil Pump Company**

**Defendant**

**Weir Valves & Controls USA, Inc.**
*individually and as successor-in-*
*interest to Atwood & Morrill Co., Inc*

**Defendant**

**Yarway Corporation**
*individually and as successor-in-
interest to Gimpel Corporation*

<u>Defendant</u>

**Yeomans Chicago Corporation**
*individually and as successor-in-
interest to Yeomans Brothers Co*

<u>Defendant</u>

**York International Corporation**
*individually and as successor-in-
interest to Central Environmental
Systems, Inc
formerly known as*
Borg-Warner Central Environmental
Systems, Inc.; York-Luxaire, Inc.;
Luxaire, Inc., and The C.A. Olsen
Manufacturing company
*doing business as*
Moncreif Furnaces
*doing business as*
York Heating & Air Conditioning

<u>Defendant</u>

**Zurn Industries, LLC**
*Successor-by-merger to Erie City Iron
Works
formerly known as*
Zurn Industries, LLC
*doing business as*
Keystone Branded Products

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2013 | 7 | Certificate of Interested Entities by Air & Liquid Systems, Corporation (Powell, Glen) (Filed on 3/11/2013) (Entered: 03/11/2013) |
| 03/11/2013 | 6 | Joinder re 1 Notice of Removal, by Air & Liquid Systems, Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit A-C to Exh 2, # 4 Exhibit D-E to Exh 2, # 5 Exhibit F to Exh 2, # 6 Exhibit G to Exh 2, # 7 Exhibit H-I to Exh 2, # 8 Exhibit 3, # 9 Exhibit A-C to Exh 3, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6, # 13 Exhibit 7, # 14 Exhibit 8, # 15 Joinder in Notice of Removal to Adverse Party, # 16 Notice of Tag-Along Action) (Powell, Glen) (Filed on 3/11/2013) (Entered: 03/11/2013) |
| 03/07/2013 | 10 | EXHIBITS 4 TO 5 re 1 Notice of Removal, filed byCrane Co. (Related document(s) 1 ) (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/12/2013) |

| 03/07/2013 | 9 | EXHIBITS 3K TO 3U re 1 Notice of Removal, filed byCrane Co. (Related document(s) 1 ) (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/12/2013) |
|---|---|---|
| 03/07/2013 | 8 | EXHIBITS 1 TO 3J re 1 Notice of Removal, filed byCrane Co. (Related document(s) 1 ) (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/12/2013) |
| 03/07/2013 | 5 | CERTIFICATE OF SERVICE by Crane Co., re 4 Certificate of Interested Entities, 1 Notice of Removal, 3 Notice (Other) (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/11/2013) |
| 03/07/2013 | 4 | Certificate of Interested Entities or Persons; by Crane Co. (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/11/2013) |
| 03/07/2013 | 3 | NOTICE OF TAG-ALONG ACTION ; by Crane Co. (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/11/2013) |
| 03/07/2013 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 5/29/2013. Case Management Conference set for 6/5/2013 10:00 AM. Signed by Magistrate Judge Nathanael M. Cousins on 3/7/13. (Attachments: # 1 NC Standing Order, # 2 Standing Order)(aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/11/2013) |
| 03/07/2013 | 1 | NOTICE OF REMOVAL (NO PROCESS); from Superior Court of the State of California, County of San Francisco-Unlimited Jurisdiction. Their case number is CSC-13276128. (Filing fee $350.00 receipt number 34611083900). Filed by Crane Co., (aaa, COURT STAFF) (Filed on 3/7/2013) (Entered: 03/11/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2013 11:07:51 | | |
| **PACER Login:** kl0203 | **Client Code:** | 0213660.00934/11080 |
| **Description:** Docket Report | **Search Criteria:** | 3:13-cv-01039-NC |
| **Billable Pages:** 10 | **Cost:** | 1.00 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

3M Company (Individually and f/k/a Minnesota, Mining and
Manufacturing Company a/k/a "3M")(See Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Donna C. Ogden Blakeney, Individually and as Successor-in-Interest to
Billy Ogden, Deceased (See Additional Parties Attachment)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2/5/13
@ 9:30 am

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Civic Center

400 McAllister Street
San Francisco, CA 94102

*CASE NUMBER:*
*(Número del Caso):*

CGC-13-276128

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John Langdoc, Baron & Budd, P.C., 3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219

CLERK OF THE COURT

DATE: January 30, 2013          JAN 30 2013          Clerk, by _____, Deputy
(Fecha)                                          (Secretario)         ELIAS DET     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

   Crane Co, individually and as successor
   in interest to Chapman Valves

3. [X] on behalf of (specify):

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

#1891 P.005/005

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Donna C. Ogden Blakeney, et al. vs. 3M Company, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ANTHONY OGDEN;
ALAN R. OGDEN;
MARIAN E. VINCENT

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE:<br>Donna C. Ogden Blakeney, et al. vs. 3M Company, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

3M COMPANY (individually and f/k/a Minnesota, Mining and Manufacturing Company a/k/a "3M");
A. W. CHESTERTON COMPANY;
AIR & LIQUID SYSTEMS, CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.);
ALFA LAVAL, INC. sued individually and as successor-in-interest to THE DELAVAL SEPARATOR
COMPANY and SHARPLES CORPORATION;
ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; ·
AMCORD, INC., individually and as successor-in-interest to Riverside Cement;
AMERICAN STANDARD, INC., individually and as successor-in-interest to The TRANE COMPANY;
AMERICAN STANDARD, INC., individually, f/k/a American Radiator & Standard Sanitary Corp.
(successor by merger to American Radiator Company (successor-in-interest to Ideal Boiler Company) d/b/a
"ARCO" Boilers and "IDEAL" Boilers) and as successor-in-interest to Kewanee Boiler Corporation;
AMERON INTERNATIONAL CORPORATION;
AMETEK, INC., individually and successor-in-interest to Hercules, Inc., successor-in-interest to Hercules
Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg
Corporation;
ARMSTRONG INTERNATIONAL, INC.;
ASHLAND, INC., individually and as successor-in-interest to Hercules, Inc., successor-in-interest to
Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg
Corporation;
AURORA PUMP COMPANY;
BECHTEL CORPORATION (individually and as successor to Sequoia Ventures, Inc.);
BLACKMER PUMP COMPANY;
BUFFALO PUMPS, INC.;
BW/IP INTERNATIONAL, INC., individually and as successor-in-interest to BYRON JACKSON PUMP
COMPANY;
CARRIER CORPORATION, individually and as successor-in-interest to Elliott Company,
successor-in-interest to Crocker-Wheeler Company;
CBS CORPORATION, f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger
to Westinghouse Electric Corporation);
CBS CORPORATION, f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger
to Westinghouse Electric Corporation), individually and as successor-in-interest to B.F. Sturtevant
Company;
CERTAINTEED CORPORATION (f/k/a Saint-Gobain Investments, Inc.) individually and as successor by
merger to CertainTeed Corporation;

Page __2__ of __5__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Donna C. Ogden Blakeney, et al. vs. 3M Company, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CHAMPLAIN CABLE CORPORATION, individually and as successor-in-interest to Haveg Industries, Inc., successor-by-merger to Haveg Corporation;
CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.;
CRANE CO., individually and as successor in interest to Chapman Valves;
CROSBY VALVE, INC.;
CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to Mundet Cork Company);
DAP PRODUCTS, INC.;
DEZURIK, INC.;
DORR-OLIVER EMICO USA, INC.;
DOUGLASS INSULATION COMPANY, INC.;
DOVER CORPORATION, individually, d/b/a "Blackmer" branded products, and as successor-in-interest to Blackmer Pump Company;
DOVER RESOURCES, INC., individually and d/b/a "Blackmer" branded products;
DOWMAN PRODUCTS, INC.;
DRESSER-RAND COMPANY, individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company;
ELECTRIC MACHINERY MANUFACTURING CO.;
ELLIOTT TURBO MACHINERY COMPANY a/k/a ELLIOTT COMPANY;
ENVIROTECH PUMP SYSTEMS, INC.;
FLOWSERVE CORPORATION, individually and as successor by merger to Durco International, Inc., United Pumps and Worthington Pumps;
FLOWSERVE US, INC. (as successor to EDWARD VALVE, INC., BYRON JACKSON PUMP COMPANY, WILSON SNYDER PUMPS, VOGT VALVES);
FMC CORPORATION, individually, on behalf of and as successor-in-interest to Peerless Pump Co.;
FORMOSA PLASTICS CORPORATION U.S.A. (sued individually and as parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M A/C PIPE CORPORATION);
FOSTER WHEELER ENERGY CORPORATION;
FRASER'S BOILER SERVICE, INC.;
GARDNER DENVER NASH, LLC, individually and as successor-in-interest to The Nash Engineering Co.;
GENERAL ELECTRIC COMPANY;
GENERAL MOTORS CORPORATION;
GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company;
GOLDEN GATE DRYWALL, INC.;
GOULDS PUMPS INCORPORATED;

Page __3__ of __5__

Page 1 of 1

SUM-200(A)

| SHORT TITLE:<br>Donna C. Ogden Blakeney, et al. vs. 3M Company, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GRINNELL , L.L.C. (f/k/a Grinnell Corporation);
GRISCOM RUSSELL COMPANY;
HANSON PERMANENTE CEMENT, INC., (f/k/a Kaiser Cement Corporation, individually and as successor-in-interest to Kaiser Gypsum Company, Inc.);
HENRY PRATT COMPANY;
HERCULES, INC., individually and as successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg Corporation;
HOLLINGSWORTH & VOSE COMPANY;
HOMESTEAD VALVES, a Division of Olson Technologies, Inc.;
HOPEMAN BROTHERS, INC.;
IMO INDUSTRIES, INC. (individually and as successor-in-interest to DeLaval Turbine, Inc.);
INGERSOLL-RAND COMPANY individually and as successor-in-interest to The Aldrich Company, Terry Steam Turbine and the Whiton Machine Company;
IPSEN, INC.;
ITT CORPORATION f/k/a ITT Industries, Inc., individually and as successor-in-interest to "Bell & Gossett" branded products and Grinnell Corporation;
J-M MANUFACTURING COMPANY, INC. d/b/a J-M Pipe Manufacturing Company;
JOHN CRANE, INC., individually and as successor-in-interest to Crane Packing Company;
KAISER GYPSUM COMPANY, INC.;
KENTILE FLOORS, INC.;
LINDBERG ENGINEERING, INC.;
McNALLY INDUSTRIES, LLC (sii to NORTHERN FIRE APPARATUS COMPANY);
MCWANE, INC., individually and as successor by merger to Clow Corporation and Yeomans Brothers, Co.;
MEADWESTVACO CORPORATION, f/k/a MW Holding Corporation, individually and as successor by merger to Westvaco Corporation and The Mead Corporation;
MOHAWK FINE PAPERS INC. (f/k/a International Paper);
OAKFABCO, INC. (individually and as successor-in-interest to Kewanee Boiler Manufacturing Co., Inc.);
OWENS-ILLINOIS, INC. individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I;
PENTAIR, INC.;
PLANT INSULATION COMPANY, Formerly Asbestos Company of CA;
RED-WHITE VALVE COMPANY;
SAN FRANCISCO GRAVEL COMPANY;
SPENCE ENGINEERING COMPANY, INC.;
SPIRAX SARCO, INC.;
SPX CORPORATION, individually and as successor-in-interest to KINNEY VACUUM PUMP COMPANY;

Page ___4___ of ___5___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE:<br>Donna C. Ogden Blakeney, et al. vs. 3M Company, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

STERLING FLUID SYSTEMS (USA), L.L.C. (f/k/a Sterling Fluid Systems (USA), Inc. and Peerless Pump Company, individually and as successor-in-interest to Indian Head, Inc.);
THE NASH ENGINEERING, INC.;
THE WEIR GROUP;
THOMAS DEE ENGINEERING CO.;
U.S. ELECTRIC MOTORS, a Division of Emerson Electric Co.;
VELAN STEAM TRAP CORPORATION;
VELAN VALVE CORP., individually and as successor-in-interest to Velan Steam Trap Corporation;
VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY);
WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc.;
WEIL PUMP COMPANY, INC.;
WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to Atwood & Morrill Co., Inc.;
YARWAY CORPORATION (individually and as successor-in-interest to GIMPEL CORPORATION);
YEOMANS CHICAGO CORPORATION, individually and as successor-in-interest to Yeomans Brothers Co.;
YORK INTERNATIONAL CORPORATION, individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Heating & Air Conditioning;
ZURN INDUSTRIES, LLC, f/k/a Zurn Industries, Inc., a/k/a and successor-by-merger to Erie City Iron Works and d/b/a "Keystone" branded products, and
DOES 1-300

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

1  John Langdoc, Esq. (SBN 235509)
2  Denyse Clancy, Esq. (SBN 255276)
   Alana K. Ackels, Esq. (SBN 277154)
3  Christine Tamer, Esq. (SBN 281812)
   BARON & BUDD, P.C.
4  3102 Oak Lawn Ave., Suite 1100
   Dallas, TX 72519
5  Telephone: 214/521-3605; 800/222-2766
   Facsimile: 214/520-1181
6
7  Attorneys for Plaintiffs

8
9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

11 DONNA C. OGDEN BLAKENEY,                )  CASE NO. CGC-13-276128
12 Individually and as Successor-In-Interest to )
   BILLY OGDEN, Deceased, ANTHONY        )  PLAINTIFFS' COMPLAINT FOR
13 OGDEN, ALAN R. OGDEN, and MARIAN      )  WRONGFUL DEATH AND
   E. VINCENT,.                          )  SURVIVAL
14                                        )
15            Plaintiffs,                 )  [COMPLEX ASBESTOS LITIGATION-
                                          )  SUBJECT TO THE GENERAL ORDERS
16 vs.                                    )  CONTAINED IN FILE NO. 828684]
                                          )
17 3M COMPANY (individually and f/k/a     ) .
18 Minnesota, Mining and Manufacturing   )
   Company a/k/a "3M");                   )
19 A. W. CHESTERTON COMPANY;             )
   AIR & LIQUID SYSTEMS,                  )
20 CORPORATION (sued as                   )
   successor-by-merger to BUFFALO PUMPS, )
21 INC.);                                 )
   ALFA LAVAL, INC. sued individually and )
22 as successor-in-interest to THE DELAVAL )
   SEPARATOR COMPANY and SHARPLES        )
23 CORPORATION;                           )
   ALLIS-CHALMERS CORPORATION            )
24 PRODUCT LIABILITY TRUST;              )
   AMCORD, INC., individually and as      )
25 successor-in-interest to Riverside Cement; )
   AMERICAN STANDARD, INC.,              )
26 individually and as successor-in-interest to )
27 The TRANE COMPANY;                     )
28

                        -1-

AMERICAN STANDARD, INC., )
individually, f/k/a American Radiator & )
Standard Sanitary Corp. (successor by merger )
to American Radiator Company )
(successor-in-interest to Ideal Boiler )
Company) d/b/a "ARCO" Boilers and )
"IDEAL" Boilers) and as successor-in-interest )
to Kewanee Boiler Corporation; )
AMERON INTERNATIONAL )
CORPORATION; )
AMETEK, INC., individually and )
successor-in-interest to Hercules, Inc., )
successor-in-interest to Hercules Powder )
Company, successor-in-interest to Haveg )
Industries, Inc., successor by merger to Haveg )
Corporation; )
ARMSTRONG INTERNATIONAL, INC.; )
ASHLAND, INC., individually and as )
successor-in-interest to Hercules, Inc., )
successor-in-interest to Hercules Powder )
Company, successor-in-interest to Haveg )
Industries, Inc., successor by merger to Haveg )
Corporation; )
AURORA PUMP COMPANY; )
BECHTEL CORPORATION (individually )
and as successor to Sequoia Ventures, Inc.); )
BLACKMER PUMP COMPANY; )
BUFFALO PUMPS, INC.; )
BW/IP INTERNATIONAL, INC., )
individually and as successor-in-interest to )
BYRON JACKSON PUMP COMPANY; )
CARRIER CORPORATION, individually )
and as successor-in-interest to Elliott )
Company, successor-in-interest to )
Crocker-Wheeler Company; )
CBS CORPORATION, f/k/a Viacom, Inc. )
(successor-by-merger to CBS Corporation, )
successor-by-merger to Westinghouse Electric )
Corporation); )
CBS CORPORATION, f/k/a Viacom, Inc. )
(successor-by-merger to CBS Corporation, )
successor-by-merger to Westinghouse Electric )
Corporation), individually and as )
successor-in-interest to B.F. Sturtevant )
Company; )
CERTAINTEED CORPORATION (f/k/a )
Saint-Gobain Investments, Inc.) individually )

-2-

| | |
|---|---|
| 1 | and as successor by merger to CertainTeed ) |
| | Corporation; ) |
| 2 | CHAMPLAIN CABLE CORPORATION, ) |
| 3 | individually and as successor-in-interest to ) |
| | Haveg Industries, Inc., successor-by-merger to ) |
| 4 | Haveg Corporation; ) |
| | CLEAVER-BROOKS, INC., individually ) |
| 5 | and f/k/a Aqua-Chem, Inc.; ) |
| 6 | CRANE CO., individually and as successor in ) |
| | interest to Chapman Valves; ) |
| 7 | CROSBY VALVE, INC.; ) |
| | CROWN CORK & SEAL COMPANY, ) |
| 8 | INC. (individually and as successor-in-interest ) |
| | to Mundet Cork Company); ) |
| 9 | DAP PRODUCTS, INC.; ) |
| 10 | DEZURIK, INC.; ) |
| | DORR-OLIVER EMICO USA, INC.; ) |
| 11 | DOUGLASS INSULATION COMPANY, ) |
| | INC.; ) |
| 12 | DOVER CORPORATION, individually, ) |
| | d/b/a "Blackmer" branded products, and as ) |
| 13 | successor-in-interest to Blackmer Pump ) |
| 14 | Company; ) |
| | DOVER RESOURCES, INC., individually ) |
| 15 | and d/b/a "Blackmer" branded products; ) |
| | DOWMAN PRODUCTS, INC.; ) |
| 16 | DRESSER-RAND COMPANY, individually ) |
| | and as successor-in-interest to Terry Steam ) |
| 17 | Turbine and Whiton Machine Company; ) |
| 18 | ELECTRIC MACHINERY ) |
| | MANUFACTURING CO.; ) |
| 19 | ELLIOTT TURBO MACHINERY ) |
| | COMPANY a/k/a ELLIOTT COMPANY; ) |
| 20 | ENVIROTECH PUMP SYSTEMS, INC.; ) |
| | FLOWSERVE CORPORATION, ) |
| 21 | individually and as successor by merger to ) |
| 22 | Durco International, Inc., United Pumps and ) |
| | Worthington Pumps; ) |
| 23 | FLOWSERVE US, INC. (as successor to ) |
| | EDWARD VALVE, INC., BYRON ) |
| 24 | JACKSON PUMP COMPANY, WILSON ) |
| 25 | SNYDER PUMPS, VOGT.VALVES); ) |
| | FMC CORPORATION, individually, on ) |
| 26 | behalf of and as successor-in-interest to ) |
| | Peerless Pump Co.; ) |
| 27 | FORMOSA PLASTICS CORPORATION ) |
| | U.S.A. (sued individually and as parent, alter ) |
| 28 | |

-3-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1  ego and successor-in-interest to J-M )
   MANUFACTURING COMPANY and to J-M )
2  A/C PIPE CORPORATION); )
   **FOSTER WHEELER ENERGY** )
3  **CORPORATION;** )
   **FRASER'S BOILER SERVICE, INC.;** )
4  **GARDNER DENVER NASH, LLC,** )
   individually and as successor-in-interest to )
5  The Nash Engineering Co.; )
   **GENERAL ELECTRIC COMPANY;** )
6  **GENERAL MOTORS CORPORATION;** )
   **GEORGIA-PACIFIC, LLC,** f/k/a )
7  Georgia-Pacific Corporation, individually and )
   as successor-in-interest to Bestwall Gypsum )
8  Company; )
   **GOLDEN GATE DRYWALL, INC.;** )
9  **GOULDS PUMPS INCORPORATED;** )
   **GRINNELL , L.L.C.** (f/k/a Grinnell )
10 Corporation); )
   **GRISCOM RUSSELL COMPANY;** )
11 **HANSON PERMANENTE CEMENT,** )
   **INC.,** (f/k/a Kaiser Cement Corporation, )
12 individually and as successor-in-interest to )
   Kaiser Gypsum Company, Inc.); )
13 **HENRY PRATT COMPANY;** )
   **HERCULES, INC.,** individually and as )
14 successor-in-interest to Hercules Powder )
   Company, successor-in-interest to Haveg )
15 Industries, Inc., successor by merger to Haveg )
   Corporation; )
16 **HOLLINGSWORTH & VOSE** )
   **COMPANY;** )
17 **HOMESTEAD VALVES,** a Division of )
   Olson Technologies, Inc. )
18 **HOPEMAN BROTHERS, INC.;** )
   **IMO INDUSTRIES, INC.** (individually and )
19 as successor-in-interest to DeLaval Turbine, )
   Inc.); )
20 **INGERSOLL-RAND COMPANY** )
   individually and as successor-in-interest to )
21 The Aldrich Company, Terry Steam Turbine )
   and the Whiton Machine Company; )
22 **IPSEN, INC.;** )
   **ITT CORPORATION** f/k/a ITT Industries, )
23 Inc., individually and as successor-in-interest )
   to "Bell & Gossett" branded products and )
24 Grinnell Corporation; )

25

26

27

28

-4-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1    J-M MANUFACTURING COMPANY, )
      INC. d/b/a J-M Pipe Manufacturing Company; )
2    JOHN CRANE, INC., individually and as )
      successor-in-interest to Crane Packing )
3    Company; )
      KAISER GYPSUM COMPANY, INC.; )
4    KENTILE FLOORS, INC.; )
      LINDBERG ENGINEERING, INC.; )
5    McNALLY INDUSTRIES, LLC (sii to )
      NORTHERN FIRE APPARATUS )
6    COMPANY); )
      MCWANE, INC., individually and as )
7    successor by merger to Clow Corporation and )
      Yeomans Brothers, Co.; )
8    MEADWESTVACO CORPORATION, )
      f/k/a MW Holding Corporation, individually )
9    and as successor by merger to Westvaco )
      Corporation and The Mead Corporation; )
10   MOHAWK FINE PAPERS INC. (f/k/a )
      International Paper); )
11   OAKFABCO, INC. (individually and as )
      successor-in-interest to Kewanee Boiler )
12   Manufacturing Co., Inc.); )
      OWENS-ILLINOIS, INC. individually and )
13   as successor-in-interest to Owens-Illinois )
      Glass Company and d/b/a O-I; )
14   PENTAIR, INC.; )
      PLANT INSULATION COMPANY, )
15   Formerly Asbestos Company of CA; )
      RED-WHITE VALVE COMPANY; )
16   SAN FRANCISCO GRAVEL COMPANY; )
      SPENCE ENGINEERING COMPANY, )
17   INC.; )
      SPIRAX SARCO, INC.; )
18   SPX CORPORATION, individually and as )
      successor-in-interest to KINNEY VACUUM )
19   PUMP COMPANY; )
      STERLING FLUID SYSTEMS (USA), )
20   L.L.C. (f/k/a Sterling Fluid Systems (USA), )
      Inc. and Peerless Pump Company, individually )
21   and as successor-in-interest to Indian Head, )
      Inc.); )
22   THE NASH ENGINEERING, INC.; )
      THE WEIR GROUP; )
23   THOMAS DEE ENGINEERING CO.; )
      U.S. ELECTRIC MOTORS, a Division of )
24   Emerson Electric Co.; )

25

26

27

28

-5-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1   VELAN STEAM TRAP CORPORATION;    )
    VELAN VALVE CORP., individually and as )
2   successor-in-interest to Velan Steam Trap  )
    Corporation;                              )
3   VIAD CORPORATION f/k/a THE DIAL           )
    CORPORATION (sued individually and as     )
4   successor-in-interest to                  )
5   GRISCOM-RUSSELL COMPANY);                 )
    WARREN PUMPS, L.L.C., f/k/a Warren        )
6   Pumps, Inc.;                              )
7   WEIL PUMP COMPANY, INC.;                  )
    WEIR VALVES & CONTROLS USA,               )
8   INC., individually and as successor-in-interest )
    to Atwood & Morrill Co., Inc.;            )
9   YARWAY CORPORATION (individually          )
    and as successor-in-interest to GIMPEL    )
10  CORPORATION);                             )
11  YEOMANS CHICAGO CORPORATION,              )
    individually and as successor-in-interest to )
12  Yeomans Brothers Co.;                     )
    YORK INTERNATIONAL                        )
13  CORPORATION, individually and as          )
    successor-in-interest to Central Environmental )
14  Systems, Inc., f/k/a Borg-Warner Central  )
15  Environmental Systems, Inc.; York-Luxaire, )
    Inc.; Luxaire, Inc., and The C.A. Olsen   )
16  Manufacturing Company and d/b/a "Moncrief )
    Furnaces" d/b/a York Hearing & Air        )
17  Conditioning;                             )
    ZURN INDUSTRIES, LLC, f/k/a Zurn          )
18  Industries, Inc., a/k/a and successor-by-merger )
19  to Erie City Iron Works and d/b/a "Keystone" )
    branded products, and DOES 1-300          )
20                                            )
                                              )
21           Defendants.                      )
                                              )
     ─────────────────────────────────       )

22           COME NOW, Plaintiffs DONNA C. OGDEN BLAKENEY, Individually and as

23  Successor-In-Interest to BILLY OGDEN, Deceased, ANTHONY OGDEN, ALAN R. OGDEN,

24  and MARIAN E. VINCENT, and for causes of action against Defendants, and each of them,

25  complain and allege as follows:

26

27

28

                                    -6-

     ──────────────────────────────────────────────────────
           PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

## GENERAL ALLEGATIONS

1.    Plaintiffs DONNA C. OGDEN BLAKENEY appears individually and as Decedent's successor-in-interest BILLY OGDEN, Deceased.   A true and correct copy of Plaintiff DONNA C. OGDEN BLAKENEY'S successor-in-interest declaration, pursuant to Cal. Civ. Proc. Code § 377.32, is attached hereto as **Exhibit 2**.  Plaintiffs DONNA C. OGDEN BLAKENEY, ANTHONY OGDEN, ALAN R. OGDEN, and MARIAN E. VINCENT are the heirs at law of decedent.  At all times mentioned herein, these Plaintiffs have been and are citizens of the United States, residing in the State of Texas.

2.    The true names and/or capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, Does 1 through 300, inclusive, are unknown to Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and when the true names and capacities of said Defendants by such fictitious names; and when the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter alleged, either through said Defendant's own conduct or through the conduct of its agents, servants or employees, or due to the ownership, lease or sale of the instrumentality causing the injury, or in some other manner.

3.    Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, Defendants and each of them, were the agents, servants, employees and/or joint venturers of their co-Defendants and were, as such, acting within the scope, course, and authority of said agency, employment and/or joint venture, in that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as the agent, servant, employee and/or joint venturer.

-7-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

4.      Decedent BILLY OGDEN ("Decedent") was a California resident during a substantial period of his asbestos exposure upon which Plaintiffs' claims are based.

5.      Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants 3M COMPANY (individually and f/k/a Minnesota, Mining and Manufacturing Company a/k/a "3M"); A. W. CHESTERTON COMPANY; AIR & LIQUID SYSTEMS, CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.); ALFA LAVAL, INC. sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION; ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; AMCORD, INC., individually and as successor-in-interest to Riverside Cement; AMERICAN STANDARD, INC., individually and as successor-in-interest to The TRANE COMPANY; AMERICAN STANDARD, INC., individually, f/k/a American Radiator & Standard Sanitary Corp. (successor by merger to American Radiator Company (successor-in-interest to Ideal Boiler Company) d/b/a "ARCO" Boilers and "IDEAL" Boilers) and as successor-in-interest to Kewanee Boiler Corporation; AMERON INTERNATIONAL CORPORATION; AMETEK, INC., individually and successor-in-interest to Hercules, Inc., successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg Corporation; ARMSTRONG INTERNATIONAL, INC.; ASHLAND, INC., individually and as successor-in-interest to Hercules, Inc., successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg Corporation; AURORA PUMP COMPANY; BECHTEL CORPORATION (individually and as successor to Sequoia Ventures, Inc.); BLACKMER PUMP COMPANY; BUFFALO PUMPS, INC.; BW/IP INTERNATIONAL, INC., individually and as successor-in-interest to BYRON JACKSON PUMP COMPANY; CARRIER CORPORATION, individually and as successor-in-interest to

-8-

1   Elliott Company, successor-in-interest to Crocker-Wheeler Company; CBS CORPORATION,

2   f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to

3   Westinghouse Electric Corporation); CBS CORPORATION, f/k/a Viacom, Inc.

4   (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric

5   Corporation), individually and as successor-in-interest to B.F. Sturtevant Company;

6   CERTAINTEED CORPORATION (f/k/a Saint-Gobain Investments, Inc.) individually and as

7   successor by merger to CertainTeed Corporation; CHAMPLAIN CABLE CORPORATION,

8   individually and as successor-in-interest to Haveg Industries, Inc., successor-by-merger to Haveg

9   Corporation; CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.; CRANE

10  CO., individually and as successor in interest to Chapman Valves; CROSBY VALVE, INC.;

11  CROWN CORK & SEAL COMPANY, INC. (individually and as successor-in-interest to

12  Mundet Cork Company); DAP PRODUCTS, INC.; DEZURIK, INC.; DORR-OLIVER EMICO

13  USA, INC.; DOUGLASS INSULATION COMPANY, INC.; DOVER CORPORATION,

14  individually, d/b/a "Blackmer" branded products, and as successor-in-interest to Blackmer Pump

15  Company; DOVER RESOURCES, INC., individually and d/b/a "Blackmer" branded products;

16  DOWMAN PRODUCTS, INC.; DRESSER-RAND COMPANY, individually and as

17  successor-in-interest to Terry Steam Turbine and Whiton Machine Company; ELECTRIC

18  MACHINERY MANUFACTURING CO.; ELLIOTT TURBO MACHINERY COMPANY

19  a/k/a ELLIOTT COMPANY; ENVIROTECH PUMP SYSTEMS, INC.; FLOWSERVE

20  CORPORATION, individually and as successor by merger to Durco International, Inc., United

21  Pumps and Worthington Pumps; FLOWSERVE US, INC. (as successor to EDWARD VALVE,

22  INC., BYRON JACKSON PUMP COMPANY, WILSON SNYDER PUMPS, VOGT

23  VALVES); FMC CORPORATION, individually, on behalf of and as successor-in-interest to

24  Peerless Pump Co.; FORMOSA PLASTICS CORPORATION U.S.A. (sued individually and as

28

-9-

1   parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M

2   A/C PIPE CORPORATION); FOSTER WHEELER ENERGY CORPORATION; FRASER'S

3   BOILER SERVICE, INC.; GARDNER DENVER NASH, LLC, individually and as

4   successor-in-interest to The Nash Engineering Co.; GENERAL ELECTRIC COMPANY;

5   GENERAL MOTORS CORPORATION; GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific

6   Corporation, individually and as successor-in-interest to Bestwall Gypsum Company; GOLDEN

7   GATE DRYWALL, INC.; GOULDS PUMPS INCORPORATED; GRINNELL , L.L.C. (f/k/a

8   Grinnell Corporation); GRISCOM RUSSELL COMPANY; HANSON PERMANENTE

9   CEMENT, INC., (f/k/a Kaiser Cement Corporation, individually and as successor-in-interest to

10   Kaiser Gypsum Company, Inc.); HENRY PRATT COMPANY; HOMESTEAD VALVES, a

11   Division of Olson Technologies, Inc.; HERCULES, INC., individually and as

12   successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries,

13   Inc., successor by merger to Haveg Corporation; HOLLINGSWORTH & VOSE COMPANY;

14   HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC. (individually and as

15   successor-in-interest to DeLaval Turbine, Inc.); INGERSOLL-RAND COMPANY individually

16   and as successor-in-interest to The Aldrich Company, Terry Steam Turbine and the Whiton

17   Machine Company; IPSEN, INC.; ITT CORPORATION f/k/a ITT Industries, Inc., individually

18   and as successor-in-interest to "Bell & Gossett" branded products and Grinnell Corporation; J-M

19   MANUFACTURING COMPANY, INC. d/b/a J-M Pipe Manufacturing Company; JOHN

20   CRANE, INC., individually and as successor-in-interest to Crane Packing Company; KAISER

21   GYPSUM COMPANY, INC.; KENTILE FLOORS, INC.; LINDBERG ENGINEERING, INC.;

22   McNALLY INDUSTRIES, LLC (sii to NORTHERN FIRE APPARATUS COMPANY);

23   MCWANE, INC., individually and as successor by merger to Clow Corporation and Yeomans

24   Brothers, Co.; MEADWESTVACO CORPORATION, f/k/a MW Holding Corporation,

25

26

27

28

-10-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

individually and as successor by merger to Westvaco Corporation and The Mead Corporation; MOHAWK FINE PAPERS INC. (f/k/a International Paper); OAKFABCO, INC. (individually and as successor-in-interest to Kewanee Boiler Manufacturing Co., Inc.); OWENS-ILLINOIS, INC. individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-I; PENTAIR, INC.; PLANT INSULATION COMPANY, FORMERLY ASBESTOS COMPANY OF CA; RED-WHITE VALVE COMPANY; SAN FRANCISCO GRAVEL COMPANY; SPENCE ENGINEERING COMPANY, INC.; SPIRAX SARCO, INC.; SPX Corporation, individually and as successor-in-interest to KINNEY VACUUM PUMP COMPANY; STERLING FLUID SYSTEMS (USA), L.L.C. (f/k/a Sterling Fluid Systems (USA), Inc. and Peerless Pump Company, individually and as successor-in-interest to Indian Head, Inc.); THE NASH ENGINEERING, INC.; THE WEIR GROUP; THOMAS DEE ENGINEERING CO.; U.S. ELECTRIC MOTORS, a Division of Emerson Electric Co.; VELAN STEAM TRAP CORPORATION; VELAN VALVE CORP., individually and as successor-in-interest to Velan Steam Trap Corporation; VIAD CORPORATION f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY); WARREN PUMPS, L.L.C., f/k/a Warren Pumps, Inc.; WEIL PUMP COMPANY, INC.; WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to Atwood & Morrill Co., Inc.; YARWAY CORPORATION (individually and as  successor-in-interest to GIMPEL CORPORATION); YEOMANS  CHICAGO  CORPORATION,  individually  and  as successor-in-interest to Yeomans Brothers Co.; YORK INTERNATIONAL CORPORATION, individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning; ZURN INDUSTRIES, LLC., f/k/a Zurn Industries, Inc., a/k/a and

-11-

1    successor-by-merger to Erie City Iron Works and d/b/a "Keystone" branded products and DOES

2    1-300, inclusive, are corporations organized and existing under and by virtue of the laws of the

3    State of California, or the laws of some other state of the United States of America, or some

4    foreign jurisdiction, and that said Defendants were authorized to do and are doing business in the

5    State of California, and that said Defendants have regularly conducted business in the State of

6    California.

7

8        6.    The Federal Courts lack jurisdiction over this action and removal is therefore

9    improper.   There is incomplete diversity of citizenship due to the presence of a California

10   defendant.  Every claim arising under the Constitution, treaties, or laws of the United States is

11   expressly disclaimed.   This includes any claim arising from an act on a Federal Enclave as

12   defined by Article I, section 8, clause 17 of the United States Constitution.  This also includes

13   any claim arising from any act or omission of the United States, any agency thereof, any officer

14   of the United States, or a claim against any other person or entity that is based on an act that was

15   performed under specific direction of the United States, any agency thereof or any Officer of the

16   United States.  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or

17   agency.  Venue is proper in San Francisco County, Superior Court of California.

18

19       7.    At all times mentioned above, Defendants, and each of them, were engaged in the

20   business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying,

21   selling, inspecting, servicing, installing, repairing, marketing, warranting, and advertising a

22   certain substance, the generic name of which is asbestos, and other products containing said

23   substance.

24

25       8.    Decedent BILLY OGDEN was exposed to Defendants' asbestos and

26   asbestos-containing products contributing to and causing the development of mesothelioma. As

27   a result of exposure to Defendants' asbestos and asbestos containing products, asbestos fibers

28

-12-

1    entered his body.  Decedent suffered from mesothelioma and each of Defendants asbestos and

2    asbestos-containing products that entered his body was a substantial factor in bringing about,

3    prolonging, or aggravating Decedent's mesothelioma and, eventually, Decedent's death.  The

4    asbestos, asbestos-containing products, and asbestos-containing component parts or materials

5    used in those products to which decedent was exposed were designed, manufactured, marketed,

6    brokered, distributed, sold, or supplied by a named defendant.

7

8        9.      Plaintiffs DONNA C. OGDEN BLAKENEY, ANTHONY OGDEN, ALAN R.

9    OGDEN, and MARIAN E. VINCENT are each heirs at law of decedent

10       10.     Prior to Decedent's injuries and eventual death as alleged, Plaintiffs DONNA C.

11   OGDEN BLAKENEY, ANTHONY OGDEN, ALAN R. OGDEN, and MARIAN E.

12   VINCENT, as children of the Decedent, enjoyed love, comfort, society, companionship, solace,

13   and moral support of Decedent.  Due to Decedent's death, and as a proximate result thereof,

14   Plaintiffs DONNA C. OGDEN BLAKENEY, ANTHONY OGDEN, ALAN R. OGDEN, and

15

16   MARIAN E. VINCENT will be deprived of such consortium of Decedent in the future, in an

17   amount presently unknown to Plaintiffs, but which will be proved at the time of trial.

18       11.     Discovery of the cause of Plaintiffs' loss of consortium, as herein alleged, first

19   occurred within one year of the date this complaint was filed.

20

21       12.     Further, as a direct and proximate result of the acts of defendants, and each of

22   them, and the severe injuries caused thereby to decedent as set forth in this complaint,

23   Decedent's spouse has suffered, and for a long period of time will continue to suffer loss of

24   consortium, including but not by way of limitation, loss of services, marital relations, society,

25   comfort, companionship, love and affection of said spouse, and has suffered severe mental and

26   emotional distress as a result thereof.

27

28

                                           -13-

## FIRST CAUSE OF ACTION

### (Negligence)

### (Against all Defendants)

13.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the General Allegations above.

14.    At all times herein mentioned, each of the named Defendants and DOES 1 through 300 was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising as certain product, namely asbestos, other products containing asbestos, and asbestos-containing component parts or materials required in those products .  Said entities shall hereinafter collectively be called "Alternate Entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others and advertised a certain product, namely asbestos, other products containing asbestos, and asbestos-containing component parts or materials required in those products. The following Defendants, and each of

-14-

them, are liable for the acts of each and every "Alternate Entity," and each of them, in that there

has been a virtual destruction of Plaintiff's remedy against each such "Alternate Entity;"

Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of

each such "Alternate Entity;" such "Alternate Entity;" Defendants, and each of them, caused the

destruction of Plaintiff's remedy against each such "Alternate Entity;" each such Defendant has

the ability to assume the risk-spreading role of each such "Alternate Entity;" and that each such

Defendant enjoys the goodwill originally attached to each such "Alternate Entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| 3M COMPANY | (individually and f/k/a Minnesota, Mining and Manufacturing Company a/k/a "3M") |
| A. W. CHESTERTON COMPANY | |
| AIR & LIQUID SYSTEMS, CORPORATION | (sued as successor-by-merger to BUFFALO PUMPS, INC.) |
| ALFA LAVAL, INC. | sued individually and as successor-in-interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST | |
| AMCORD, INC. | individually and as successor-in-interest to Riverside Cement |
| AMERICAN STANDARD, INC. | individually and as successor-in-interest to The TRANE COMPANY |
| AMERICAN STANDARD, INC. | individually, f/k/a American Radiator & Standard Sanitary Corp. (successor by merger to American Radiator Company (successor-in-interest to Ideal Boiler Company) d/b/a "ARCO" Boilers and "IDEAL" Boilers) and as successor-in-interest to Kewanee Boiler Corporation |
| AMERON INTERNATIONAL CORPORATION | |
| AMETEK, INC. | individually and successor-in-interest to Hercules, Inc., successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to |

-15-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| | Haveg Corporation |
| ARMSTRONG INTERNATIONAL, INC. | |
| ASHLAND, INC. | individually and as successor-in-interest to Hercules, Inc., successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg Corporation |
| AURORA PUMP COMPANY | |
| BECHTEL CORPORATION | (individually and as successor to Sequoia Ventures, Inc.) |
| BLACKMER PUMP COMPANY | |
| BUFFALO PUMPS, INC. | |
| BW/IP INTERNATIONAL, INC. | individually and as successor-in-interest to BYRON JACKSON PUMP COMPANY |
| CARRIER CORPORATION | individually and as successor-in-interest to Elliott Company, successor-in-interest to Crocker-Wheeler Company |
| CBS CORPORATION | f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation) |
| CBS CORPORATION | f/k/a Viacom, Inc. (successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation), individually and as successor-in-interest to B.F. Sturtevant Company |
| CERTAINTEED CORPORATION | (f/k/a Saint-Gobain Investments, Inc.) individually and as successor by merger to CertainTeed Corporation |
| CHAMPLAIN CABLE CORPORATION | individually and as successor-in-interest to Haveg Industries, Inc., successor-by-merger to Haveg Corporation |
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| CRANE CO. | individually and as successor in interest to Chapman Valves |
| CROSBY VALVE, INC. | |
| CROWN CORK & SEAL COMPANY, INC. | (individually and as successor-in-interest to Mundet Cork Company) |

-16-

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 2 | DAP PRODUCTS, INC. | |
| 3 | DEZURIK, INC. | |
| 4 | DORR-OLIVER EMICO USA, INC. | |
| 5 | DOUGLASS INSULATION COMPANY, INC. | |
| 6-7 | DOVER CORPORATION | individually, d/b/a "Blackmer" branded products, and as successor-in-interest to Blackmer Pump Company |
| 8 | DOVER RESOURCES, INC. | individually and d/b/a "Blackmer" branded products |
| 9 | DOWMAN PRODUCTS, INC. | |
| 10-11 | DRESSER-RAND COMPANY | individually and as successor-in-interest to Terry Steam Turbine and Whiton Machine Company |
| 12-13 | ELECTRIC MACHINERY MANUFACTURING CO. | |
| 14 | ELLIOTT TURBO MACHINERY COMPANY | a/k/a ELLIOTT COMPANY |
| 15 | ENVIROTECH PUMP SYSTEMS, INC. | |
| 16-17 | FLOWSERVE CORPORATION | individually and as successor by merger to Durco International, Inc., United Pumps and Worthington Pumps |
| 18-19 | FLOWSERVE US, INC. | (as successor to EDWARD VALVE, INC., BYRON JACKSON PUMP COMPANY, WILSON SNYDER PUMPS, VOGT VALVES) |
| 20-21 | FMC CORPORATION | individually, on behalf of and as successor-in-interest to Peerless Pump Co. |
| 22-23 | FORMOSA PLASTICS CORPORATION U.S.A. | (sued individually and as parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M A/C PIPE CORPORATION) |
| 24-25 | FOSTER WHEELER ENERGY CORPORATION | |
| 26 | FRASER'S BOILER SERVICE, INC. | |
| 27 | GARDNER DENVER NASH, LLC | individually and as successor-in-interest to The Nash Engineering Co. |

-17-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | |
| GENERAL MOTORS CORPORATION | |
| GEORGIA-PACIFIC, LLC | f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company |
| GOLDEN GATE DRYWALL, INC. | |
| GOULDS PUMPS INCORPORATED | |
| GRINNELL , L.L.C. | (f/k/a Grinnell Corporation) |
| GRISCOM RUSSELL COMPANY | |
| HANSON PERMANENTE CEMENT, INC. | (f/k/a Kaiser Cement Corporation, individually and as successor-in-interest to Kaiser Gypsum Company, Inc.) |
| HENRY PRATT COMPANY | |
| HERCULES, INC. | individually and as successor-in-interest to Hercules Powder Company, successor-in-interest to Haveg Industries, Inc., successor by merger to Haveg Corporation |
| HOLLINGSWORTH & VOSE COMPANY | |
| HOMESTEAD VALVES | A Division of Olson Technologies, Inc. |
| HOPEMAN BROTHERS, INC. | |
| IMO INDUSTRIES, INC. | (individually and as successor-in-interest to DeLaval Turbine, Inc.) |
| INGERSOLL-RAND COMPANY | individually and as successor-in-interest to The Aldrich Company, Terry Steam Turbine and the Whiton Machine Company |
| IPSEN, INC. | |
| ITT CORPORATION | f/k/a ITT Industries, Inc., individually and as successor-in-interest to "Bell & Gossett" branded products and Grinnell Corporation |
| J-M MANUFACTURING COMPANY, INC. d/b/a J-M Pipe Manufacturing Company | |
| JOHN CRANE, INC. | individually and as successor-in-interest to Crane Packing Company |
| KAISER GYPSUM COMPANY, INC. | |

-18-

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| KENTILE FLOORS, INC. | |
| LINDBERG ENGINEERING, INC. | |
| McNALLY INDUSTRIES, LLC | (sii to NORTHERN FIRE APPARATUS COMPANY) |
| MCWANE, INC. | individually and as successor by merger to Clow Corporation and Yeomans Brothers, Co. |
| MEADWESTVACO CORPORATION | f/k/a MW Holding Corporation, individually and as successor by merger to Westvaco Corporation and The Mead Corporation |
| MOHAWK FINE PAPERS INC. | (f/k/a International Paper) |
| OAKFABCO, INC. | (individually and as successor-in-interest to Kewanee Boiler Manufacturing Co., Inc.) |
| OWENS-ILLINOIS, INC. | individually and as successor-in-interest to Owens-Illinois Glass Company and d/b/a O-1 |
| PENTAIR, INC. | |
| PLANT INSULATION COMPANY | Formerly Asbestos Company of CA |
| RED-WHITE VALVE COMPANY | |
| SAN FRANCISCO GRAVEL COMPANY | |
| SPENCE ENGINEERING COMPANY, INC. | |
| SPIRAX SARCO, INC. | |
| SPX Corporation | individually and as successor-in-interest to KINNEY VACUUM PUMP COMPANY |
| STERLING FLUID SYSTEMS | (USA), L.L.C. (f/k/a Sterling Fluid Systems (USA), Inc. and Peerless Pump Company, individually and as successor-in-interest to Indian Head, Inc.) |
| THE NASH ENGINEERING, INC. | |
| THE WEIR GROUP | |
| THOMAS DEE ENGINEERING CO. | |
| U.S. ELECTRIC MOTORS | A Division of Emerson Electric Co. |
| VELAN STEAM TRAP CORPORATION | |
| VELAN VALVE CORP. | individually and as successor-in-interest to Velan Steam Trap Corporation |

-19-

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| VIAD CORPORATION | f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) |
| WARREN PUMPS, L.L.C. | f/k/a Warren Pumps, Inc. |
| WEIL PUMP COMPANY, INC. | |
| WEIR VALVES & CONTROLS USA, INC. | individually and as successor-in-interest to Atwood & Morrill Co., Inc. |
| YARWAY CORPORATION | (individually and as successor-in-interest to GIMPEL CORPORATION) |
| YEOMANS CHICAGO CORPORATION | individually and as successor-in-interest to Yeomans Brothers Co. |
| YORK INTERNATIONAL CORPORATION | individually and as successor-in-interest to Central Environmental Systems, Inc., f/k/a Borg-Warner Central Environmental Systems, Inc.; York-Luxaire, Inc.; Luxaire, Inc., and The C.A. Olsen Manufacturing Company and d/b/a "Moncrief Furnaces" d/b/a York Hearing & Air Conditioning; |
| ZURN INDUSTRIES, LLC. | f/k/a Zurn Industries, Inc., a/k/a and successor-by-merger to Erie City Iron Works and d/b/a "Keystone" branded products |

15.   Defendants had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, and each of them, negligently and carelessly researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, other products containing asbestos, and asbestos-containing component parts or materials required in those products, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1    dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants

2    owe a duty, including Decedent BILLY OGDEN.

3        16.    Decedent BILLY OGDEN was a worker who, for a substantial length of time,

4    has used, handled, and been otherwise exposed to the asbestos, asbestos products, and

5    asbestos-containing component parts or materials required in those products referred to in

6    Paragraph 5 above, in a manner that was reasonably foreseeable, while on the premises of his

7    employers, while he was working as follows:

8

9        (a)    Mr. Ogden worked as a boiler tender in the United States Navy from 1954 to 1973.

10   During this time he was exposed to (i) asbestos-containing boilers and asbestos-containing

11   component parts and/or materials required therein, designed, manufactured, marketed, brokered,

12   distributed, sold, or supplied by Foster Wheeler; (ii) asbestos-containing pumps and

13   asbestos-containing component parts and/or materials required therein, designed, manufactured,

14   marketed, brokered, distributed, sold, or supplied by Aurora Pump Company, Blackmer Pump

15   Co., Buffalo Pumps, Inc. Byron Jackson Pump Company, Delaval, Durco International, United,

16   Worthington, Peerless Pump Co., Gardner Denver Nash, LLC, Goulds Pumps Incorporated,

17   Delaval Turbine, Inc., Bell & Gossett, Northern Pump, The Nash Engineering Company, Spence

18   Engineering Company, Inc., Kinney Vacuum Pump Company, Warren Pumps, Inc., Weil Pump

19   Company, Inc., Wilson Snyder; (iii) asbestos-containing valves, controls, separators, steam traps,

20

21   regulators and asbestos-containing component parts and/or materials required therein, designed,

22   manufactured, marketed, brokered, distributed, sold or supplied by Alfa Laval, The Delaval

23   Separator Company, Armstrong International, Inc., Weir Valve & Controls, Crane Co., Chapman

24   Valves, Crosby Valve, Edward Valve, Henry Vogt, Powell, Grinnell Corp., Johnson Controls,

25   Red-White Valve Corp., Spence Engineering Company, Spirax Sarco, Velan Valve, Gimpel,

26   Yarway Corporation, (iv) asbestos-containing steam traps and asbestos-containing component

27

28

-21-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1  parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed,

2  sold and/or supplied by Armstrong International and Yarway Corporation; (v)

3  asbestos-containing gaskets designed, manufactured, marketed, brokered, distributed, sold, or

4  supplied by A.W. Chesterton Company; (vi) asbestos-containing Cranite brand gaskets

5  designed, manufactured, marketed, brokered, distributed, sold or supplied by Crane Co. (vii)

6  asbestos-containing turbines, engines, motors and parts, and asbestos-containing component

7  parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed,

8  sold, or supplied by B.F. Sturtevant, Crocker-Wheeler Co., General Electric, General Motors

9  Corp., Terry Steam Turbine Co., Westinghouse; (viii) asbestos-containing heat exchangers and

10 asbestos-containing component parts and/or materials required therein, designed, manufactured,

11 marketed, brokered, distributed, sold or supplied by Elliott Co.; (ix) asbestos-containing

12 deaerating feed banks and asbestos-containing component parts and/or materials required therein,

13

14 designed, manufactured, marketed, brokered, distributed, sold or supplied by Elliott Co.; (x)

15 asbestos-containing products supplied, distributed or manipulated by Douglass Insulation Co.,

16 and Thomas Dee Engineering; (xi) asbestos-containing HVAC and refrigeration and

17 asbestos-containing component parts and/or materials required therein, designed, manufactured,

18 marketed, brokered, distributed, sold, or supplied by Carrier Corp, Trane Co., York International;

19 (xii) asbestos-containing distillation units, equipment and parts, and asbestos-containing

20 component parts and/or materials required therein, designed, manufactured, marketed, brokered,

21

22 distributed, sold, or supplied by Griscom-Russell Co., (xiii) asbestos-containing decking

23 designed, manufactured, marketed, brokered, distributed, sold, or supplied by Kentile Floors;

24 (xiv) asbestos-containing stucco designed, manufactured, marketed, brokered, distributed, sold

25 or supplied by Riverside Cement Co., (xv) asbestos-containing board and parts designed,

26

27 manufactured, marketed, brokered, distributed, sold or supplied by Westhinghouse; and (xvi)

28

-22-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1   asbestos-containing air-compressors and asbestos-containing component parts and/or materials

2   required therein, designed, manufactured, marketed, brokered, distributed, sold, or supplied by

3   Ingersoll Rand; (xvii) asbestos-containing force draft blowers and asbestos-containing

4   component parts and/or materials required therein, designed, manufactured, marketed, brokered,

5   distributed, sold or supplied by B.F. Sturtevant.

6

7      (b)    Mr. Ogden worked as a pipefitter at various refineries and chemical plants

8   including, but not limited to, Big Three Industries, Baytown, Texas from 1974 to 1976.   During

9   this time he was exposed to (i) asbestos-containing boilers and asbestos-containing component

10  parts and/or materials required therein; (ii) asbestos-containing pumps and asbestos-containing

11  component parts and/or materials required therein; (iii) asbestos-containing valves, controls,

12  separators, regulators, and asbestos-containing component parts and/or materials required therein

13  (iv) asbestos-containing steam traps and asbestos-containing component parts and/or materials

14  required therein; (v) asbestos-containing gaskets; (vi) asbestos-containing turbines, engines,

15  motors and parts, and asbestos-containing component parts and/or materials required therein;

16  (vii) asbestos-containing air-compressors and asbestos-containing component parts and/or

17  materials required therein; (viii) asbestos-containing caulk and sealants; (ix) asbestos-containing

18  wall board and finishing products; (x) asbestos-containing pipes; and (xi) asbestos-containing

19  paper designed, manufactured, marketed, brokered, distributed, sold or supplied by Defendants,

20  including those outlined in paragraph 5 above.

21

22     (c)    Mr. Ogden worked as a maintenance repair man at Jackson Heat Treat, Jackson,

23  Mississippi, from 1976 to 1978.   During this time he was exposed to asbestos-containing

24  furnaces and asbestos-containing component parts and/or materials required therein designed,

25  manufactured, marketed, brokered, distributed, sold or supplied by Defendants, including those

26  outlined in paragraph 5 above.

27

28

-23-

(d)     Mr. Ogden worked as a maintenance mechanic at Trinity River Authority Waste Treatment Facility , Arlington, Texas from 1980 to 1994.  During this time he was exposed to (i) asbestos-containing boilers and asbestos-containing component parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed, sold, or supplied by Foster Wheeler; (ii) asbestos-containing pumps and asbestos-containing component parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed, sold, or supplied by Aurora Pump Company, Blackmer Pump Co., Buffalo Pumps, Inc. Byron Jackson Pump Company, Delaval, Durco International, United, Worthington, Peerless Pump Co., Gardner Denver Nash, LLC, Goulds Pumps Incorporated, Delaval Turbine, Inc., Bell & Gossett, Northern Pump, The Nash Engineering Company, Spence Engineering Company, Inc., Kinney Vacuum Pump Company, Warren Pumps, Inc., Weil Pump Company, Inc., Wilson Snyder; (iii) asbestos-containing valves, controls, separators, steam traps, regulators and asbestos-containing component parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed, sold or supplied by Alfa Laval, The Delaval Separator Company, Armstrong International, Inc., Weir Valve & Controls, Crane Co., Chapman Valves, Crosby Valve, Edward Valve, Henry Vogt, Powell, Grinnell Corp., Johnson Controls, Red-White Valve Corp., Spence Engineering Company, Spirax Sarco, Velan Valve, Gimpel, Yarway Corporation, (iv) asbestos-containing steam traps and asbestos-containing component parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed, sold or supplied by Armstrong International and Yarway Corporation; (v) asbestos-containing gaskets designed, manufactured, marketed, brokered, distributed, sold, or supplied  by A.W. Chesterton Company; (vi) asbestos-containing Cranite brand gaskets designed, manufactured, marketed, brokered, distributed, sold or supplied by Crane Co. (vii) asbestos-containing turbines, engines, motors and parts, and asbestos-containing component parts and/or materials required therein, designed,

-24-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1   manufactured, marketed, brokered, distributed, sold, or supplied by B.F. Sturtevant,

2   Crocker-Wheeler Co., General Electric, General Motors Corp., Terry Steam Turbine Co.,

3   Westinghouse; (viii) asbestos-containing heat exchangers and asbestos-containing component

4   parts and/or materials required therein, designed, manufactured, marketed, brokered, distributed,

5   sold or supplied by Elliott Co.; (ix) asbestos-containing deaerating feed banks and

6   asbestos-containing component parts and/or materials required therein, designed, manufactured,

7   marketed, brokered, distributed, sold or supplied by Elliott Co.; (x) asbestos-containing products

8   supplied, distributed or manipulated by Douglass Insulation Co., and Thomas Dee Engineering;

9   (xi) asbestos-containing HVAC and refrigeration and asbestos-containing component parts

10  and/or materials required therein designed, manufactured, marketed, brokered, distributed, sold,

11  or supplied by Carrier Corp, Trane Co., York International; (xii) asbestos-containing distillation

12  units, equipment and parts, and asbestos-containing component parts and/or materials required

13  therein, designed, manufactured, marketed, brokered, distributed, sold, or supplied by

14  Griscom-Russell Co., (xiii) asbestos-containing decking designed, manufactured, marketed,

15  brokered, distributed, sold, or supplied by Kentile Floors; (xiv) asbestos-containing stucco

16  designed, manufactured, marketed, brokered, distributed, sold or supplied by Riverside Cement

17  Co., (xv) asbestos-containing board and parts designed, manufactured, marketed, brokered,

18  distributed, sold or supplied by Westhinghouse; and (xvi) asbestos-containing air-compressors

19  and asbestos-containing component parts and/or materials required therein, designed,

20  manufactured, marketed, brokered, distributed, sold, or supplied by Ingersoll Rand; (xvii)

21  asbestos-containing force draft blowers and asbestos-containing component parts and/or

22  materials required therein, designed, manufactured, marketed, brokered, distributed, sold or

23  supplied by B.F. Sturtevant

24

25

26

27

28

17.   As a direct and proximate result of the above-referenced conduct of the Defendants, and each of them, as aforesaid, said exposure to said asbestos caused severe and permanent injury to Decedent's lungs and body, including, but not limited to the disease mesothelioma.

18.   On or about April 18, 2012, Decedent BILLY OGDEN died as a result of the mesothelioma.

19.   Plaintiffs are informed and believe, and thereupon allege, that mesothelioma is a vicious, painful and invariably fatal malignancy of the lining of the lung, stomach, or heart and that said disease results from exposure to asbestos and asbestos products over a period of time. There is no known cure for any form of malignant mesothelioma.

20.   As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Decedent suffered severe and permanent injuries leading to his eventual death from mesothelioma.

21.   As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, Decedent was compelled to and did employ the services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat him, and did incur medical, hospital and professional incidental expenses, including funeral expenses.   When said amounts are ascertained and calculated, plaintiffs will allege said amounts.

22.   The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff's Decedent. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff's Decedent to cruel and unjust hardship

-26-

1  in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or

2  concealment of a material fact known to the defendant with the intention on the part of the

3  defendant of thereby depriving Plaintiff's Decedent of property or legal rights or otherwise

4  causing injury.  Plaintiff therefore, for the sake of example and by way of punishing Defendant,

5  seeks punitive damages, according to proof.

6

7       23.     Plaintiff further alleges all of the foregoing portions of this cause of action

8  specifically against those Defendants who supplied asbestos fibers (as pled against those

9  Defendants who manufactured asbestos products) and any other asbestos fiber supplier or

10  distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent

11  was exposed, as well as any DOE Defendants who may be determined at a later date.

12

### SECOND CAUSE OF ACTION

13

(Strict Liability)

14

(Against all Defendants)

15

16      24.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each

17  and every allegation contained in the First Cause of Action.

18      25.     At all times mentioned herein, Defendants, and each of them, researched,

19  manufactured, tested, designed, labeled, distributed, advertised, marketed, warranted, inspected,

20  repaired, offered for sale, and sold a certain substance, the generic name of which is asbestos,

21  other products containing asbestos, and asbestos-containing component parts and/or materials

22  required therein, which Defendants knew were to be used without inspection for defects and

23  which substance contained design and manufacturing defects, in that same was capable of

24  causing and did, in fact, cause personal injuries to the users, consumers, and bystanders while

25  being used in a reasonably foreseeable manner, thereby rendering same unsafe and dangerous

26  for use by the consumers, users, and bystanders.

27

28

-27-

26.     As a direct and proximate result of the above described conduct by Defendants and each of them, Decedent BILLY OGDEN suffered severe and permanent injuries to his person, as alleged hereinabove.

27.     At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in this substance and products outweighs the benefits of said substance and products.

28.     At all times mentioned herein, the foreseeable use of the asbestos and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, and Defendants failed to adequately warn of the substantial danger.

29.     As a direct and proximate result of the above described conduct by Defendants and each of them, Decedent suffered severe and permanent injuries to his person, including his eventual death, as alleged hereinabove.

30.     The above-referenced conduct of said Defendants was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff's Decedent. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff's Decedent to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff's Decedent of property or legal rights or otherwise

-28-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1  causing injury.  Plaintiff therefore, for the sake of example and by way of punishing Defendant,

2  seeks punitive damages, according to proof.

3      31.    Plaintiff further alleges all of the foregoing portions of this cause of action

4
   specifically against those Defendants who supplied asbestos fibers (as pled against those
5
   Defendants who manufactured asbestos products) and any other asbestos fiber supplier·or
6
7  distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent

8  was exposed, as well as any DOE Defendants who may be determined at a later date.

9                          **THIRD CAUSE OF ACTION**

10                            (Breach of Warranty)

11                           (Against all Defendants)

12     32.    · Plaintiffs hereby incorporate by reference, as though fully set forth herein, each

13
   and every allegation contained in the First and Second Cause of Action.
14
15     33.    Defendants, and each of them, expressly and implicitly, warranted that said

16  substance was reasonably fit for its intended use without endangering human life, and that such

17  substance was of interchangeable quality.

18     34.    Defendants and each of them breached the above described expressed and

19  implied warranties in that said substance was defective, which defects permitted and/or caused

20
   said substance to seriously and permanently cause injury to Decedent BILLY OGDEN
21
   including, but not limited to, the disease mesothelioma and other lung damage, while said
22
23  substance was used in a manner that was reasonably foreseeable.

24     35.    As a direct and proximate result of the above described breaches of warranties by

25  Defendants, and each of them, Decedent suffered severe and permanent injuries to his person,

26  including death, as alleged hereinabove in this complaint.

27

28
                                    -29-

36.     The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff's Decedent. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff's Decedent to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff's Decedent of property or legal rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of punishing Defendant, seeks punitive damages, according to proof.

37.     Plaintiff further alleges all of the foregoing portions of this cause of action specifically against those Defendants who supplied asbestos fibers (as pled against those Defendants who manufactured asbestos products) and any other asbestos fiber supplier or distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent was exposed, as well as any DOE Defendants who may be determined at a later date.

## FOURTH CAUSE OF ACTION

(False Representation Under Restatement of Torts Section 402-B)

(Against All Defendants)

38.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the First through Third Causes of Action.

39.     At the aforementioned time when Defendants, their "Alternate Entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered

-30-

for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as herein above set forth, the Defendants, their "Alternate Entities," and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons," including the Decedent herein and his employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for which they were intended.

40.    The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons," including the Decedent and his employers, relied upon said representations of Defendants, their "Alternate Entities,"and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

41.    Said representations by Defendants, their "Alternate Entities," and each of them, were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, their "Alternate Entities," and each of them, in that asbestos and asbestos-containing products have very dangerous properties and defects whereby said products cause asbestosis, other lung damages and cancer, and have other defects that cause injury and damage to the users of said products and other "exposed persons," thereby threatening the health and life of said persons including Decedent herein.

42.    As a direct and proximate result of said false representations by Defendants, their "Alternate Entities," and each of them, the Decedent sustained the injuries and damages herein above set forth.

43.    The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos

-31-

1   and asbestos products, including Plaintiff's Decedent. Defendant is guilty of oppression, fraud,

2   or malice and engaged in conduct which was intended by the defendant to cause injury to the

3   plaintiff or conduct which was carried on by the defendant with a conscious disregard of the

4   rights or safety of others. Defendant subjected Plaintiff's Decedent to cruel and unjust hardship

5
6   in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or

7   concealment of a material fact known to the defendant with the intention on the part of the

8   defendant of thereby depriving Plaintiff's Decedent of property or legal rights or otherwise

9   causing injury. Plaintiff therefore, for the sake of example and by way of punishing Defendant,

10   seeks punitive damages, according to proof.

11        44.    Plaintiff further alleges all of the foregoing portions of this cause of action

12   specifically against those Defendants who supplied asbestos fibers (as pled against those

13   Defendants who manufactured asbestos products) and any other asbestos fiber supplier or

14   distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent

15
16   was exposed, as well as any DOE Defendants who may be determined at a later date.

17                **FIFTH CAUSE OF ACTION**

18                  (Intentional Tort)

19               (Against All Defendants)

20        45.    Plaintiffs hereby incorporate by reference, as though fully set forth herein, each

21   and every allegation contained in the First through Fourth Causes of Action.

22
23        46.    At all times pertinent hereto, the Defendants, their "Alternate Entities," and each

24   of them, owed Decedent a duty, as provided for in Section 1708, 1709 and 1710 of the Civil

25   Code of the State of California, to abstain from injuring the person, property or rights of the

26   Decedent. When a duty to act was imposed, as set forth herein, the Defendants, their "Alternate

27   Entities," and each of them, did do the acts and omissions in violation of that duty, thereby

28

causing injury to the Decedent as is more fully set forth herein.  Such acts and omissions consisted of acts falling within Section 1709 (Deceit) and Section 1710 (Fraud) and more specifically, included suggestions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, did not believe to be true; assertions of fact which were not true and which Defendants, their "Alternate Entities," and each of them, had no reasonable ground for believing to be true, and the suppression of fact when a duty existed to disclose it, all as are more fully set forth herein; the violation of any one such duty gave rise to a cause of action for violation of the rights of the Decedent as provided for in the aforementioned Civil Code sections.

47.     Since on or before 1930, the Defendants, their "Alternate Entities," and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the asbestos and asbestos-containing products referred to in Plaintiff's First Cause of Action were and are hazardous to the health and safety of Decedent, and others in Decedent's position working in close proximity with such materials. The Defendants, their "Alternate Entities," and each of them, have known of the dangerous propensities of other of the aforementioned materials and products since before that time.  With intent to deceive Decedent, and others in Decedent's position, and with intent that he and such others should be and remain ignorant of such facts with intent to induce Decedent and such others to alter his and their positions to his and their injury and/or risk and in order to gain advantages, the following acts occurred:

(a)     Defendants, their "Alternate Entities," and each of them, did not label any of the aforementioned asbestos-containing materials and products regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials until 1964 when certain of such materials were

-33-

labeled by some, but not all, of Defendants, their "Alternate Entities," and each of them, herein when the knowledge of such hazards was existing and known to Defendants, their "Alternate Entities," and each of them, since on or before 1930. By not labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and each of them, caused to be suggested as a fact to Decedent that it was safe for Decedent to work in close proximity to such materials when in fact it was not true and Defendants, their "Alternate Entities," and each of them, did not believe it to be true.

(b)     Defendants, their "Alternate Entities," and each of them, suppressed information relating the danger of use of the aforementioned materials by requesting the suppression of information to the Decedent and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants, their "Alternate Entities," and each of them, were bound to disclose such information;

(c)     Defendants, their "Alternate Entities," and each of them, sold the aforementioned products and materials to Decedent's employer and others without advising Decedent and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants, their "Alternate Entities," and each of them, knew of such dangers, and had a duty to disclose such dangers all as set forth herein. By said conduct, Defendants, their "Alternate Entities," and each of them, caused to be positively asserted to Decedent that which was not true and that which Defendants, their "Alternate Entities," and each of them, had not reasonable ground for believing to be true, to wit, that it was safe for Decedent to work in close proximity to such materials;

-34-

(d)     Defendants, their "Alternate Entities," and each of them, suppressed from Decedent medical and scientific data and knowledge of the contents of the Lanza report. Although bound to disclose it, Defendants, their "Alternate Entities," and each of them influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Decedent and others to be and remain ignorant thereof.  Defendants, there "Alternate Entities," and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e)     Defendants, their "Alternate Entities," and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants, their "Alternate Entities," and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Decedent by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Decedent at this time;

(f)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities," and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the

-35-

Asbestos Textile Institute and other industry organizations to all other Defendants, their "Alternate Entities," and each of them, herein.  Between 1942 and 1950, the Defendants, their "Alternate Entities," and each of them suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Decedent.  Such facts did mislead Decedent and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Decedent the true facts concerning such knowledge of danger, which Defendants, their "Alternate Entities," and each of them, were bound to disclose;

(g)     Defendants, their "Alternate Entities," and each of them, failed to warn Decedent and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "Alternate Entities," and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h)     Defendants, their "Alternate Entities," and each of them, failed to provide Decedent with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Decedent and others applying and installing such material;

(i)     Defendants, their "Alternate Entities," and each of them, when under a duty to so disclose, concealed from Decedent the true nature of the industrial exposure of Decedent and knew that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer.  Defendants, their "Alternate Entities," and each of them, also concealed from Decedent and others that harmful

-36-

1   materials to which they were exposed would cause pathological effects without noticeable

2   trauma;

3      (j)      Defendants, their "Alternate Entities," and each of them, failed to provide

4   information of the true nature of the hazards of asbestos materials and that exposure to these

5   materials would cause pathological effects without noticeable trauma to the public, including

6   buyers, users, and physicians employed by Decedent and Decedent's employers so that said

7   physicians could examine, diagnose and treat Decedent and others who were exposed to

8   asbestos, despite the fact that Defendants, their "Alternate Entities," and each of them, were

9   under a duty to so inform and said failure was misleading; and

10

11      (k)      Defendants, their "Alternate Entities," and each of them, failed to provide

12   adequate information to physicians and surgeons retained by Decedent's employers and their

13   predecessor companies, for purposes of making physical examinations of Decedent and other

14   employees as to the true nature of the risk of such materials and exposure thereto when they in

15   fact possessed such information and had a duty to disclose it.

16

17      48.      Defendants, their "Alternate Entities," and each of them, willfully failed and

18   omitted to complete and file First Report of Occupational Injury of Illness regarding Decedent's

19   injuries, as required by law, and did willfully fail and omit to file report of injury and

20   occupational disease with the State of California. Decedent was in the class of persons with

21   respect to whom a duty was owed to file such reports and who would have been protected

22   thereby if the fact of danger from products complained of had become known.

23

24      49.      Defendants, their "Alternate Entities," and each of them, having such

25   aforementioned knowledge, and the duty to inform Decedent about the true facts, and knowing

26   the Decedent did not possess such knowledge and would breathe such material innocently, acted

27   falsely and fraudulently and with full intent to cause Decedent to remain unaware of the true

28

-37-

facts and to induce Decedent to work in a dangerous environment, all in violation of sections 1708, 1709 and 1710 of the Civil Code of the State of California.

### SIXTH CAUSE OF ACTION

(Premises Owner/Contractor Liability)

(Against Premises and Contractor Defendants Listed on Exhibit 1)

50.     Plaintiff, by this reference, incorporates the allegations contained in the First through Fifth Causes of Action.

51.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or controlled the premises where Plaintiff's Decedent was present.   Additionally, Plaintiff's Decedent might have been present at these or other Premises Owner/Contractor Liability Defendants' premises at other locations and on other occasions.

52.     Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired and/or removed on each of the aforesaid respective premises, by their own workers and/or by various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to Plaintiff's Decedent and other persons exposed to said asbestos fibers and toxic substances while present at said premises.

53.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and

-38-

unsafe condition and unreasonable risk of harm and personal injury to Plaintiff's Decedent and other workers or persons so exposed present on each of the aforesaid respective premises.

54.     At all times relevant herein, Plaintiff's Decedent entered said premises and used or occupied each of said respective premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants' request and invitation.  In so doing, Plaintiff's Decedent was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability Defendants, and each of them.

55.     Plaintiff's Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

56.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, remained in control of the premises where Plaintiff's Decedent was performing his work.

57.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, owed to Plaintiff's Decedent and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff's Decedent to an unreasonable risk of harm and to avoid causing injury to said person.

58.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff's Decedent of, the existence of the aforesaid dangerous conditions and hazards on said premises.

-39-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

59.     Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff's Decedent.

60.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff's Decedent and others unless special precautions were taken.

61.     In part, Plaintiff's Decedent was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take necessary precautions.

62.     The work of contractors on premises controlled by the Premises Owner/Contractor Defendants created an unsafe premise and an unsafe work place by reason of the release of dangerous quantities of toxic substances including but not limited to asbestos.

63.     The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said negligent conduct includes but is not limited to:

(a)     Failure to warn of asbestos and other toxic dusts;

(b)     Failure to suppress the asbestos-containing or toxic dusts;

(c)     Failure to remove the asbestos-containing and toxic dusts through the use of ventilation or appropriate means;

-40-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

(d)     Failure to provide adequate breathing protection, i.e., approved respirators or masks;

(e)     Failure to inspect and/or test the air;

(f)     Failure to provide medical monitoring.

64.     The Premises Owner/Contractor Defendants' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder.  Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves or others.

65.     Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants.  Such state and federal standards required said Premises Owner/Contractor Liability Defendants to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises

-41-

1   Owner/Contractor Liability Defendants failed to provide the required safeguards and

2   precautions. Defendants' violations of said codes include but are not limited to:

3          (a)     Failing to comply with statutes and allowing ambient levels of airborne asbestos

4   fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

5          (b)     Failing to segregate work involving the release of asbestos or other toxic dusts;

6

7          (c)     Failing to suppress dust using prescribed ventilation techniques;

8          (d)     Failing to suppress dust using prescribed "wet down" techniques;

9          (e)     Failing to warn or educate Plaintiff's Decedent or others regarding asbestos or

10  other toxic substances on the premises;

11         (f)     Failing to provide approved respiratory protection devices;

12         (g)     Failing to ensure "approved" respiratory protection devices were used properly;

13

14         (h)     Failing to provide for an on-going health and screening program for those

15  exposed to asbestos on·the premises;

16         (i)     Failing to provide adequate housekeeping and clean-up of the work place;

17         (j)     Failing to properly warn of the hazards associated with asbestos as required by

18  statute;

19         (k)     Failing to properly report renovation and disturbance of asbestos-containing

20  materials;

21         (l)     Failing to have an asbestos removal supervisor as required by regulation;

22

23         (m)     Failing to get approval for renovation as required by statutes; and

24         (n)     Failing to maintain records as required by statute.

25         66.     Premises Owner/Contractor Liability Defendants, and each of them, were the

26  "statutory employer" of Plaintiff's Decedent as defined by the California Labor Code and

27  California case law.

28                                              -42-

67. Plaintiff's Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances or statutes.

68. At all times mentioned herein, Plaintiff's Decedent was a member of the class of persons whose safety was intended to be protected by the regulations, statutes or ordinances described in the foregoing paragraphs.

69. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations and statutes.

70. As a legal consequence of the foregoing, Plaintiff's Decedent developed an asbestos-related illness - mesothelioma, which has caused great injury and disability as previously set forth, and Plaintiff's Decedent has suffered damages as herein alleged.

71. The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff's Decedent. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff's Decedent to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the

-43-

1    defendant of thereby depriving Plaintiff's Decedent of property or legal rights or otherwise

2    causing injury.  Plaintiff therefore, for the sake of example and by way of punishing Defendant,

3    seeks punitive damages, according to proof.

4          72.     Plaintiff further alleges all of the foregoing portions of this cause of action

5    specifically against those Defendants who supplied asbestos fibers (as pled against those

6
     Defendants who manufactured asbestos products) and any other asbestos fiber supplier or
7
     distributor to manufacturers of the asbestos-containing products to which Plaintiff's Decedent
8
9    was exposed, as well as any DOE Defendants who may be determined at a later date.

10         WHEREFORE, Plaintiff prays judgment against Defendants, and each of them in and

11   amount to be proved at trial in each individual case, as follows:

12
           1.      General damages according to proof;
13

14         2.      Damages for medical and related expenses, according to proof;

15         3.      Damages for funeral, burial, incidental, and related expenses, according to proof;

16         4.      Damages for the present value of financial contributions which Decedent would

17                 have given Plaintiffs had he lived;

18         5.      Damages for the pecuniary value of services which Plaintiffs might have

19                 reasonably expected to receive from Decedent;
20
           6.      Damages for loss of earning capacity, according to proof;
21

22         7.      Damages for loss of earning, according to proof;

23         8.      Damages for Decedent's other economic losses, according to proof;

24         9.      Exemplary or punitive damages according to proof;

25         10.     Plaintiffs' damages for loss of consortium according to proof;

26         11.     Prejudgment interest, according to proof;
27
           12.     Costs of suit incurred herein; and
28

                                            -44-

1    13.    Such other an further relief as this Court may deem just and proper, including

2           costs and prejudgment interest as provided in C.C.P. § 998, C.C.P. § 1032 and

3           related provisions of law.

4    DATED: January 30, 2013                    BARON & BUDD, P.C.

5

6                                        By: *[signature]*

7                                              JOHN LANGDOC, ESQ.
                                               Attorney for Plaintiff:
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -45-

**EXHIBIT 1**

On information and belief, Plaintiffs' counsel will establish that the following contractors were present and controlled some of the premises on which Plaintiff worked as described in Paragraphs 6 and 7 of the above complaint, i.e., these defendants and each of them are being alleged as having contractor liability:

1.    Bechtel Corporation

2.    Douglass Insulation Company, Inc.

3.    Fraser's Boiler Service, Inc.

4.    Golden Gate Drywall

5.    Hopeman Brothers, Inc.

6.    Plant Insulation Company

7.    Thomas Dee Engineering Co.

-46-

PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

# EXHIBIT 2

1   John Langdoc, Esq. (SBN 235509)
     Denyse Clancy, Esq. (SBN 255276)
2   Alana K. Ackels, Esq. (SBN 277154)
     Christine Tamer, Esq. (SBN 281812)
3   **BARON & BUDD, P.C.**
     3102 Oak Lawn Ave., Suite 1100
4   Dallas, TX 72519
     Telephone: 214/521-3605; 800/222-2766
5   Facsimile: 214/520-1181

6

7   Paul Kiesel, Esq. (SBN 119854)
     **KIESEL, BOUCHER & LARSON, LLP**
8   8648 Wilshire Blvd.
     Beverly Hills, CA  90211
9   Telephone: 310/854-4444
     Facsimile: 310/854-0812

10

     Attorneys for Plaintiffs
11

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13         **COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION**

14

15   DONNA C. OGDEN BLAKENEY, et al.   )  Case No. _____
                              )
16         Plaintiffs,       )
                              )  **DECLARATION OF DONNA C. OGDEN**
17                       )  **BLAKENEY**
     vs.                         )
18                       )
     _____, et al.   )
19                       )  Complaint Filed:    N/A
                              )  Trial Date:       N/A
20         Defendants.     )
                              )
21

22   ///

23   ///

24

25   ///

26

27   ///

28

1    I, DONNA C. OGDEN BLAKENEY, declare as follows:

2        1.    I am over 21 years old and of sound mind.  The matters stated herein are true to

3    my own personal knowledge, and if called to testify I could and would competently set forth the

4    below facts.

5        2.    The Decedent's name is Billy Ogden.

6

7        3.    Billy Ogden died on April 18, 2012 in Bell County, Texas.  Billy Ogden died

8    from an asbestos-related disease due to this exposure to asbestos.

9        4.    I am Decedent's daughter.

10       5.    I am the Decedent's surviving heir and his successor-in-interest (as defined in

11   Section 377.11 of the California Code of Civil Procedure) and I succeed to his interest in the

12   instant action.

13       6.    No other person has a superior right to commence the action or proceeding or to

14   be substituted for the Decedent in the pending action or proceeding.

15

16       7.    A true and correct copy of Decedent's death certificate is attached as Exhibit

17   "A."

18       I declare under penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct.

20   Dated:  _12-5-12_                    By: _Donna C. Ogden Blakeney_

21                                        Donna C. Ogden Blakeney
                                          Signature of Declarant
22                                        Successor-in-Interest

23

24

25

26

27

28
                                         -1-
     DECLARATION OF DONNA C. OGDEN BLAKENEY

# EXHIBIT "A"

# CERTIFICATION OF VITAL RECORD

## DEPARTMENT OF STATE HEALTH SERVICES
## VITAL STATISTICS UNIT

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS
JULY 01 2012

| STATE OF TEXAS | CERTIFICATE OF DEATH | STATE FILE NUMBER | 142-12-052302 |
|---|---|---|---|

**1. DECEDENT'S LEGAL NAME** (Include AKA's, if any) (First, Middle, Last): BILLY LEON OGDEN

**ACTUAL OR PRESUMED DATE OF DEATH** (mm-dd-yyyy): APRIL 18, 2012

**4. DATE OF BIRTH** (mm-dd-yyyy): JULY 1, 1937

**5. AGE** (Years): 74

**6. BIRTHPLACE** (City or State or Foreign Country): FRANKSTON, TX

MALE

**8. SOCIAL SECURITY NUMBER:** 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

**9. MARITAL STATUS AT TIME OF DEATH:** ☒ Divorced

**10. SURVIVING SPOUSE'S NAME** (If wife, give name prior to first marriage):

**12a. RESIDENCE-STREET ADDRESS:** 189 PR 1381

**12f. INSIDE CITY LIMITS?** ☒ No

**12c. CITY OR TOWN:** MORGAN

**10a. COUNTY:** BOSQUE

**10b. STATE:** TEXAS

**12e. ZIP CODE:** 76671

**11. FATHER'S NAME:** CLAUDE LEWIS OGDEN

**MOTHER'S NAME PRIOR TO FIRST MARRIAGE:** BONITA ADCOCK

**13. PLACE OF DEATH (CHECK ONLY ONE):**
IF DEATH OCCURRED IN A HOSPITAL: ☒ Inpatient
IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL:

**14. COUNTY OF DEATH:** BELL

**15. CITY/TOWN, ZIP:** TEMPLE, 76508

**16. FACILITY NAME:** SCOTT AND WHITE MEMORIAL HOSPITAL

**17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED:** ANTHONY OGDEN - SON

**18. MAILING ADDRESS OF INFORMANT:** 1905 WINDSOR PLACE CT, ARLINGTON, TX 76015

**19. METHOD OF DISPOSITION:** ☒ Burial

**20. SIGNATURE OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH:** WILLIAM STEPHENSON CALAWAY BY ELECTRONIC SIGNATURE *115033

**22. PLACE OF DISPOSITION** (Name of cemetery, crematory, other place): DFW NATIONAL CEMETERY

**23. LOCATION** (City/Town, and State): DALLAS, TX

**24. NAME OF FUNERAL FACILITY:** CLAYTON KAY VAUGHAN FH For: CLAYTON KAY-VAUGHAN ALVARADO

**25. COMPLETE ADDRESS OF FUNERAL FACILITY** (Street and Number, City, State, Zip Code): 109 S. 3RD STREET, GRANDVIEW, TX 76050

**26. CERTIFIER** (Check only one):

**27. SIGNATURE OF CERTIFIER:** PHILIP RASCOE , BY ELECTRONIC SIGNATURE

**28. DATE CERTIFIED** (mm-dd-yyyy): APRIL 27, 2012

**29. LICENSE NUMBER:** L7858

**30. TIME OF DEATH** (Actual or presumed): 10:25 AM

**31. PRINTED NAME & ADDRESS OF CERTIFIER** (Street and Number, City, State, Zip Code): PHILIP RASCOE 2401 S 31ST ST, TEMPLE, TX 76508    MD

**32. PART I. ENTER THE CHAIN OF EVENTS** — DISEASES, INJURIES, OR COMPLICATIONS — THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON A LINE.

**IMMEDIATE CAUSE** (Final disease or condition resulting in death):
a. HEART FAILURE — Due to (or as a consequence of): 6 HOURS

**Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST:**
b. CARDIAC ARREST — Due to (or as a consequence of): 2 DAYS PRIOR
c. PNEUMONECTOMY FOR MESOTHELIOMA — Due to (or as a consequence of): 7 DAYS PRIOR
d. MESOTHELIOMA — YEARS

**PART II. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I:** NONE

**34. WAS AN AUTOPSY PERFORMED?** ☒ No

**35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH?** ☐ Yes ☐ No

**36. MANNER OF DEATH:** ☒ Natural

**37. DID TOBACCO USE CONTRIBUTE TO DEATH:** ☒ No

**42a. DATE OF INJURY** (mm-dd-yyyy):

**42d. LOCATION** (Street and Number, City, State, Zip Code):

**41. DESCRIBE HOW INJURY OCCURRED:**

**42a. REGISTRAR FILE NO.:** 030554

**42b. DATE RECEIVED BY LOCAL REGISTRAR:** APRIL 30, 2012

**42c. REGISTRAR:** REGISTRAR - CITY OF TEMPLE, ELECTRONICALLY FILED

EDR NUMBER: 000001120720

ARU

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code.

ISSUED    MAY 02 2012

*Geraldine R. Harris*
GERALDINE R. HARRIS
STATE REGISTRAR

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

STATE OF TEXAS