BEFORE THE UNITED STATES JUDICIAL PANEL
FOR MULTI-DISTRICT LITIGATION

| | |
|---|---|
| *In re: asbestos products liability litigation* | **MDL 875** |
| *Knezevic v. A.W. Chesterton Company, et al.,*<br><br>USDC N.D. IL Case No. 12-cv-9983 | **JPML CTO:** CTO-546 |

**Plaintiff's Reply Memorandum in Opposition to
Conditional Transfer Order CTO-546**

Plaintiff's counsel submits this reply in opposition to conditional transfer order No. CTO-546 and the response of "Certain Defendants" (as represented by the firm Forman, Perry, Watkins, Krutz, & Tardy) (ECF Doc. No. 9246.)

**INTRODUCTION**

In 2013, CVLO filed opposition to the transfer of only five cases. Because of the limited number of new filings, transfer of these cases to the MDL 875 will not serve the purposes enumerated in 28 USC § 1407. Additionally, plaintiff's counsel notes that Certain Defendants' response make many allegations concerning cases presently in the MDL 875. These allegations, however, are not relevant to the captioned matter at hand which is currently not within the MDL 875.

**FACTS**

1. On December 13, 2011, an order was entered in the MDL 875 by the United States Judicial Panel adopting Judge Robreno's November 23, 2011 suggestions concerning future tag along transfers. This order ceased the transfer of many tag along cases. The order did not cease

transfer of cases in the 7th Circuit where plaintiffs were represented by Cascino Vaughan Law Offices, LTD. (hereafter, "CVLO") (Exhibit 1.) In the suggestion to the Panel on Multidistrict Litigation concerning future tag along transfers, Judge Robreno expressed concern that "parallel litigation of asbestos-related claims in the transferor courts would cause confusion and substantially interfere with the scheduling orders currently in place in the MDL 875." (*Id*. at 5.)

2. On November 21, 2012, an order was entered in the MDL 875 by the United States Judicial Panel adopting Judge Robreno's October 3, 2012 suggestions concerning further limiting future tag along transfers. This order continues to transfer tag along cases in the 7th Circuit for cases in which plaintiffs are represented by CVLO (Exhibit 2.)

3. On January 29, 2013, The Steering Committees for both Plaintiffs and Defendants filed a joint motion which seeks appointment of a special master to address the issue of future transfers to the MDL 875 (Exhibit 3.)  This motion was signed on behalf of the defendants by attorney Watkins from the Forman, Perry, Watkins, Krutz, & Tardy.

4. On February 27, 2013, plaintiff *Knezevic* filed a Motion and Memorandum in Opposition to Conditional Transfer Orders No. CTO-546 (Doc. No. 9209.)

5. On March 5, 2013, plaintiff *Knezevic* served Rule 26 (a)(1) initial disclosures in the transferor court (attached as Exhibit 4.) These disclosures included, without limitation, plaintiff's medical records, presently known individual witnesses, medical bills, and documents relevant to each named defendant. These disclosures are sufficient to prove that a legally cognizable claim exists to prosecute and could be considered a parallel to the "gatekeeper" function of Administrative Order No. 12.

6. On March 21, 2013, Certain Defendants filed it's response in opposition to Plaintiff's Motion in Opposition to Conditional Transfer Order CTO-546 through it's counsel Jennifer Studebaker of Forman, Perry, Watkins, Krutz, and Tardy. (Doc. No. 9246.)

7. Plaintiffs' law firm filed nine cases in federal courts in 2012 and one case in 2013. A list of these cases is attached as Exhibit 5.

## ARGUMENT

The justification and purpose of the MDL 875 is to prevent inconsistent rulings and confusion. These are no longer an issue because Judge Robreno has or will soon rule on numerous summary judgement motions. Many of the common, or broad, legal issues in the summary judgement process are resolved or will be resolved. Circumstances since Judge Robreno's suggestion dated November 23, 2011, have significantly changed because Judge Robreno has and will rule on summary judgement motions which, when combined, will set precedent for judges in the transferor courts.

The MDL 875 succeeded in consolidating cases for the purpose of consistent rulings on the same issues. Judge Robreno will soon issue at least one hundred opinions regarding the substantive and procedural laws in Wisconsin, Indiana, and Illinois. These precedents can be applied by the local district court judges. Judge Robreno will rule on additional summary judgements in CVLO cases beginning after oral argument hearings on April 23, 2013, June 3, 2013, and on additional dates yet to be determined during the summer of 2013. In addition, Judge Robreno has ruled on motions for summary judgment in cases brought by other plaintiffs' law firms, such as Motley Rice, LLC. These rulings will similarly give the district judges precedent to cite to.

Judge Robreno has deferred ruling on other matters to the transferor courts for certain questions of law. For example, Judge Robreno transferred *Anderson v. A. W. Chesterton, et al* (11-63482), so that a local federal judge could determine the substantive law on the issues of the Wisconsin statute of repose and Wisconsin Premises Owner Liability relating to asbestos claims, neither of which had been ruled upon by any Wisconsin Appellate court. (Exhibit 6.)

Further, there is a Joint Steering Committee motion that addresses the issue of transfer. Should the committees' recommendations be followed, it would be for the special master to advise on these and similar cases, consistent with the purpose of the MDL. It would be contrary to this purpose for the CVLO cases to be treated any differently from any other cases.

The scheduling orders for the CVLO MDL 875 are not affected by this case. The scheduling orders do not cover this case. Therefore, the scheduling orders for the cases currently in the MDL 875, which represent the mass majority of CVLO-cases, will not be negatively impacted by the cessation of transfer.

The MDL 875 must come to an end. Preventing further transfers to the MDL 875 is consistent with the Judge Robreno's goals of concluding the MDL 875.

Finally, the volume of CVLO's new case filings in the federal courts has become manageable. There were only nine cases filed in federal courts by CVLO in 2012 and only a single case this year.

**RELIEF REQUESTED**

These plaintiffs request that Conditional Transfer Order CTO-546 be vacated, leaving this case to advance in it's local district court. In the alternative, the transfer should be stayed pending

resolution of the matters contained in the joint motion by the land-based Joint Plaintiffs'/Defendant's Steering Committee.

Dated: March 28, 2013

*/S/ Michael P. Cascino*
Attorney for plaintiffs
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, Illinois 60607
mcascino@cvlo.com
ecf.cvlo@gmail.com
Ph: 312.944.0600