EXHIBIT

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

MDL DOCKET NO.:   875

Civil Action No. 2:01-md-875

THIS DOCUMENT RELATES TO
ALL ACTIONS

## JOINT MOTION TO APPOINT A SPECIAL MASTER
FOR MDL-875

LIAISON COUNSEL FOR PLAINTIFFS' AND DEFENDANTS' LAND BASED MDL 875 STEERING COMMITTEES (hereinafter MDL 875 Steering Committees), by and through undersigned counsel and pursuant to Rule 53 of the Federal Rules of Civil Procedure, respectfully move this Honorable Court to appoint a Special Master to perform the authorized and limited duties set forth below, and hereby nominates Francis E. McGovern, Esq., Professor of Law at Duke University, for said position.  The MDL 875 Steering Committees would state as follows:

1.       Under F.R.C.P. 53(a)(1), a district court may, *inter alia*, appoint a special master to "perform duties consented to by the parties" or to "address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge."  Moreover, beyond the provisions of Rule 53 for appointing and making reference to Special Masters, a federal district court has the inherent power to supply itself with the instruments for the administration of justice when deemed by it essential.  *Schwimmer v. United States*, 232 F. 2d 855, 865 (8th Cir. 1956)(internal citations and quotation marks omitted).  For example, under its inherent power

and the power of Rule 53, a district court possesses the authority to "appoint expert advisors or consultants" to aid in the administration of litigation. *See Reed v. Cleveland Bd. of Educ.*, 607 F. 2d 737, 746 (6th Cir. 1979). As such, this Court possesses the authority to appoint a special master to aid in the administration of MDL 875 as may be appropriate.

2.      Since the inception of MDL 875, actions transferred to the MDL have, for good cause, had their claims for punitive damages severed and retained in MDL 875. *See, e.g., In re Collins*, 223 F. 3d 809, 810 (3rd Cir. 2000). Furthermore, there are a substantial number of actions that remain on the MDL 875 Bankruptcy Docket for the purpose of making claims against bankrupt defendants. At a recent scheduling conference with liaison counsel for Plaintiffs′ and Defendants′ Steering Committees, the Court acknowledged that these two aspects of MDL 875 posed particularly complicated issues for consideration and determination as the Court seeks to proceed toward the ultimate resolution of MDL 875.

3.      In view of the current substantial allocation of judicial resources to handle the pretrial coordination and litigation of the large number of existing, non-bankrupt claims remaining in MDL 875, as well as those which are newly transferred, the MDL Steering Committees respectfully submit that the appointment of a Special Master to assist the Court with recommendations as to the administrative handling and resolution of these two particular issues unique to asbestos MDL 875, as outlined below, would be appropriate and would serve the interests of justice. The complexity of some multi-district litigation and issues presented therein has been held to plainly warrant the appointment of a special master to assist MDL judges. *See In re: Welding Fumes Producs Liab. Litig.*, 2010 WL 7699456 (MDL No. 1535)(N. D. Ohio June 4, 2010); *In re: Birdgestone/Firestone Inc., ATX, ATX II, and Wilderness Tires Products Liab. Litig.*, Order at 3-5, docket no. 14 (MDL No. 1373)(S. D. Ind. Nov. 1, 2000); *see also, In*

*re: Welding Rod Products Liab. Litig.*, 2004 WL 371162 (MDL No. 1535)(N. D. Ohio Nov. 1, 2004).

4.      Accordingly, the MDL Steering Committees respectfully request that the Court give advance notice as required by F.R.C.P. Rule 53(b)(1), and thereafter appoint a Special Master for MDL 875 explicitly limited to the following specific duties and authorities:

> A.    To make recommendations and reports to the Court, both formal and informal, regarding the administrative handling of, and legal and factual issues pertaining to, the ultimate disposition of claims for punitive damages now severed and retained in MDL 875, *see In re Collins*, 223 F. 3d 809 (3rd Cir. 2000).

> B.    To make recommendations and reports to the Court, both formal and informal, regarding the administrative handling, and ultimate disposition, of the existing Bankruptcy Docket of asbestos claims now authorized and maintained pursuant to Administrative Order No. 12 as amended effective August 27, 2009.

> C.    To make recommendations and reports to the Court, both formal and informal, regarding the ceasing of transfer of cases from certain jurisdictions effective December 16, 2011 and November 26, 2012, and the future transfer of cases to MDL 875.

> D.    With respect to the duties and authorities of the Special Master set forth in A, B, and C above, to entertain comments and proposals, both oral and written, from the Steering Committees, or from any party, regarding the disposition and resolution of the issues set forth in A, B and C; to hold conferences and to serve as a liaison between the Steering Committees for these purposes; and to attempt to mediate insofar as practicable any differences between the Steering Committees regarding same.

5.      MDL 875 Steering Committees submit that, pursuant to F.R.C.P. Rule 53(b)(2)(B) and solely for the purpose of effectuating the duties and authorities set forth in A, B, C, and D above, the Special Master may communicate *ex parte* with the Court or with the Steering Committees.

6.      MDL 875 Steering Committees respectfully request that any order appointing a

Special Master explicitly adopt the provisions of F.R.C.P. 53(f) as applicable. The MDL 875 Steering Committees further request that pursuant to Rule 53(g), any order of appointment provide for compensation for the Special Master, at a reasonable hourly rate and for actual reasonable expenses, as approved by the Court. It is further requested that such compensation be allocated as the responsibility of, and shared between, plaintiffs and defendants in a manner to be agreed upon by the parties., to be submitted by the Special Master to the Court and Committees at the end of each month of the Special Master's appointment and to be paid within 45 days of receipt.

7.     F.R.C.P Rule 53(b)(1) provides that any party may suggest candidates for appointment. To carry out the proposed Special Master duties and authorities described above, where special expertise is required, the MDL Steering Committees respectfully nominate Francis E. McGovern, Esq., Professor of Law at Duke University. It is submitted that Professor McGovern is well qualified for the duties and authorities of Special Master as defined herein, in that he has: served as President of the Academy of Court-Appointed Masters; worked closely with the Judicial Panel on Multi-District Litigation; served as a special master, court expert, mediator, or neutral in dozens of actions including a variety of MDLs and asbestos-related litigation; written published articles on the MDLs, punitive damages, asbestos litigation, and special masters; and worked with MDL 875 in the past. Upon information and belief, Professor McGovern would "not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455." F.R.C.P. Rule 53(a)(2).

WHEREFORE, premises considered, Plaintiffs' and Defendants' Steering Committees respectfully move the Court, pursuant to F.R.C.P. Rule 53 and its inherent authority, to give formal notice of a proposed appointment of a Special Master pursuant to F.R.C.P. Rule 53(b)(1);

to appoint a Special Master for MDL 875 pursuant to the terms, conditions, authorities and limitations set forth in this motion and as further appearing to the Court as necessary and proper in the premises; and to appoint Francis E. McGovern, Esq., Professor of Law at Duke University, as the Special Master.

RESPECTFULLY SUBMITTED, this the 29th day of January, 2013.

  /s/ Joseph F. Rice               /s/ Walter G. Watkins, Jr.
JOSEPH F. RICE                   WALTER G. WATKINS, JR. (MSB #6988)
Motley Rice LLC                  Forman Perry Watkins Krutz & Tardy LLP
28 Bridgeside Boulevard          200 South Lamar Street, Suite 100
Mt. Pleasant, SC 29464           Jackson, MS 39201
(843) 216-9000                   (601) 960-8600

ON BEHALF OF:                    ON BEHALF OF:
MDL 875 PLAINTIFFS' LAND         MDL 875 DEFENDANTS' LAND
BASED STEERING COMMITTEE         BASED STEERING COMMITTEE


## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of January, 2013, I caused to be filed via the CM/ECF system, the foregoing document and that the service will be made on all participants in the case by the CM/ECF system.

                                  /s/ Walter G. Watkins, Jr.
                                 WALTER G. WATKINS, JR.