# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *Dorothy Knezevic, Individually and as Special Administrator for the Estate of Edward J. Knezevic, Deceased,*<br><br>Plaintiff,<br>v.<br><br>*A.W. Chesterton Company, et al.,*<br><br>Defendants. | **Case No.** 1:12-cv-9515<br><br>**Judge:** Ronald A. Guzman |

## Notice of Service

TO: ALL COUNSEL OF RECORD. **TAKE NOTICE** that on March 5, 2013, the following documents in the above captioned matter were served upon all counsel as outlined in the attached Certificate of Service:

- Plaintiff's Rule 26(a)(1) Disclosures (March 5, 2013) (with Exhibits A-D & 1-20);

- Decedent's medical records from Rush Copley Medical Center; B-read and report from Dr. Alvin Schonfeld, decedent's death certificate, exam report from Dr. Ibrahim Sadek, bates numbered Knezevic_0108_Medical_Records 1 - 45

Dated: March 5, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Chen Kasher
Attorneys for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
Ph: 312.944.0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com



EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *Dorothy Knezevic, Individually and as Special Administrator for the Estate of Edward J. Knezevic, Deceased,*<br><br>Plaintiff,<br>v.<br><br>*A.W. Chesterton Company, et al.,*<br><br>Defendants. | **Case No.** 1:12-cv-9515<br><br>**Judge:** Ronald A. Guzman |

## Certificate of Service

I, Brett Josef Schmidthuber, a non-attorney, certify under penalties as provided under 28 U.S.C. Sec. 1746 that on March 5, 2013, I served the following documents filed in the above-captioned matter via E-Mail[1] to all counsel of record:

- Plaintiff's Rule 26(a)(1) Disclosures (March 5, 2013)(with Exhibits A-D & 1-20);

- Decedent's medical records from Rush Copley Medical Center; B-read and report from Dr. Alvin Schonfeld, decedent's death certificate, exam report from Dr. Ibrahim Sadek, bates numbered Knezevic_0108_Medical_Records 1 - 45

I further certify that on March 5, 2013, copies of the above were sent in electronic format on CD-ROM to the following parties, who lack counsel of record, to their Registered Agent addresses via U.S. Mail:

**Bayer CropScience Inc.**
c/o Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

---

[1] Utilizing the web-based file transfer service YouSendIt™

-1-

**Certainteed Corporation**
c/o CT Corporation System
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

**General Refractories Company**
c/o Jamie P. Yadgaroff, Esq.
1 Bala Ave., Ste. 310
Bala Cynwyd, PA 19004

**Georgia-Pacific LLC**
c/o CT Corporation System
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

**Rapid American Corporation**
c/o Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

**Union Carbide Corporation**
c/o CT Corporation System
208 S. LaSalle St., Ste. 814
Chicago, IL 60604


Dated: Match 5, 2013

_/s/ Brett J.S._

Brett Josef Schmidthuber - Legal Assistant
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, IL 60607
Ph. 312.944.0600 Ext. 115
Email: bschmidthuber@cvlo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *Dorothy Knezevic, Individually and as Special Administrator for the Estate of Edward J. Knezevic, Deceased*,<br><br>Plaintiff,<br>v.<br><br>*A.W. Chesterton Company, et al.*,<br><br>Defendants. | **Case No.** 1:12-cv-9515<br><br>**Judge:** Ronald A. Guzman |

**Plaintiff's Rule 26(a)(1) Disclosures**
**(March 5, 2013)**

---

Pursuant to Federal Rule of Civil Procedure 26(a)(1) plaintiff makes the below disclosures. Any of these disclosures may be offered against any defendant at any job-site. Plaintiff also adopts and incorporates by reference any 26(a)(1) disclosures made by any defendant. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained. Plaintiff's disclosures are:

- (i)   the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Response:**

> **a) - Individual Witnesses.** On information and belief, the individual witnesses identified on Exhibit A will provide testimony, including without limitation, as to the work duties of the decedent, the sites where the decedent worked, contractors working at the job-sites, the types or brand names of asbestos containing products at the job-sites, work performed by other trades, safety precautions at the job-site, the release of asbestos fibers into the air at the job-sites and additional subject matter (if any) as identified on Exhibit A. Plaintiff reserves the right to supplement as further information is developed.

-1-

For list of decedent's job-sites, see Plaintiff's Complaint (ECF Doc. No.1 at Exhibit B)

**b) - Site Workers.** On information and belief, the individuals identified on Exhibit B worked at the same job sites and during the same time period as the decedent and may provide testimony, including without limitation, as to the work duties of the decedent, the sites where decedent worked, the types and/or brand names of asbestos containing products to which the decedent was exposed or the type of work performed by contractors, other trades in the vicinity of the decedent while he performed his job duties, and additional subject matter as identified on Exhibit B.. Plaintiff reserves the right to supplement as further information is developed.

**c) - Medical Providers**. On information and belief, the individuals identified on Exhibit C may testify as to care and treatment of the decedent, including without limitation, matters expressed in medical records, pre-existing health of the decedent before the asbestos related condition (including whether such conditions were life threatening or shortening), and/or to establish that the services rendered were reasonable and necessary and the amounts billed are customary, and whether the lung cancer is related to exposure to asbestos (if any opinion on this.) Plaintiff reserves the right to supplement as further information is developed.

Plaintiff also reserves the right to supplement regarding the following:

- If needed, a designated witness to testify to establish that the medical services rendered were reasonable and necessary and the amounts billed are customary; and

- If needed, a designated custodian(s) of medical records for each of the medical facilities at which decedent received treatment for asbestos-related diseases.

**d) - Family members and personal associates.** Plaintiff discloses the individuals contained in Exhibit D who may testify, including without limitation, as to the decedent's family history, the health of the decedent prior to and after developing his asbestos-related conditions including without limitation lung cancer, the pain and suffering of decedent, injuries and damages, personal losses of companionship and services, and the impact on other family members. They may also testify regarding the decedent's job duties. Plaintiff reserves the right to supplement as further information is developed.

**e)** Plaintiff also discloses the following lists of individuals and prior testimony:

- Exhibit 1 - CBS Corporation individuals and prior testimony

- Exhibit 2 - Commonwealth Edison Company individuals and prior testimony

- Exhibit 3 - General Electric Company individuals and prior testimony

- Exhibit 4 - Georgia-Pacific LLC individuals and prior testimony

- Exhibit 5 - Rapid American Corporation individuals and prior testimony

- Exhibit 6 - Prior testimony regarding Job-sites of the decedent.

- Any individuals identified, disclosed, or designated by any defendant.

Plaintiff reserves the right to supplement as further information is developed.

- (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Response:**

Plaintiff discloses the following records electronically, via *You Send It™*, to all counsel of record and incorporates these documents by reference:

- Decedent's medical records from Rush Copley Medical Center; B-read and report from Dr. Alvin Schonfeld, decedent's death certificate, exam report from Dr. Ibrahim Sadek, bates numbered Knezevic_0108_Medical_Records 1 - 45

These documents can be also made available electronically or via other means upon request of counsel for the defendant. Parties without counsel of record shall be served at a Registered Agent address via U.S. Mail. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

Plaintiff's counsel discloses documents, below, relevant to the job-sites where decedent worked who's premises owner (or responsible entity) is not a party to the *instant* matter and these documents by reference. Copies of these documents are being produced either electronically via *You Send It™*, or under separate cover stored electronically on DVD-ROM or CD-ROM via U.S. Mail, to counsel of record for each named defendant as indicated below. Copies of the same can be made available upon request. Parties without counsel of record shall be served at a Registered Agent address via U.S. Mail. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- **Commonwealth Edison Company**
  CVLO 26(a) Document Disclosures
  Commonwealth Edison Company
  Feb. 18, 2013 (2 DVD discs)
  (*Served via U.S. Mail on DVD discs*)

-3-

CVLO 26(a) Document Disclosures
U.S. Steel South Works Steel Plant
March 5, 2013
(*Served via You Send It™)*

CVLO 26(a) Document Disclosures
Joliet Arsenal
March 5, 2013
(*Served via You Send It™)*

<u>Plaintiff's counsel</u> discloses documents relevant to each named defendant, below. Copies of these documents which are stored electronically on DVD-ROM or CD-ROM are being produced, under separate cover, to counsel of record for each named defendant via U.S. Mail. Copies of the same can be made available to other defendants upon request. Parties without counsel of record shall be served at a Registered Agent address via U.S. Mail. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- **A.W. Chesterton Company**
  CVLO 26(a) Document Disclosures
  A.W. Chesterton Company
  Feb. 21, 2013 (1 CD disc)

- **Bayer CropScience Inc.**
  CVLO 26(a) Document Disclosures
  Bayer CropScience Inc. (Rhone-Poulenc)
  Feb. 25, 2013 (1 CD disc)

- **CBS Corporation**
  CVLO 26(a) Document Disclosures
  CBS Corporation
  Feb. 18, 2013 (3 DVD discs)

- **Certainteed Corporation**
  CVLO 26(a) Document Disclosures
  Certainteed Corporation
  Feb. 21, 2013 (1 CD disc)

- **ExxonMobil Oil Corporation**
  CVLO 26(a) Document Disclosures
  ExxonMobil Oil Corporation
  Feb. 25, 2013 (1 CD disc)

- **General Electric Company**
  CVLO 26(a) Document Disclosures
  General Electric Company
  Feb. 25, 2013 (5 DVD discs)

- **General Refractories Company**
  CVLO 26(a) Document Disclosures
  General Refractories Company
  Feb. 25, 2013 (1 CD disc)

- **Georgia Pacific, LLC**
  CVLO 26(a) Document Disclosures
  Georgia Pacific LLC
  Feb. 26, 2013 (3 DVD discs)

- **Rapid American Corporation**
  CVLO 26(a) Document Disclosures
  Rapid American Corporation
  Feb. 16, 2013 (1 DVD disc)

- **Texaco, Inc.**
  CVLO 26(a) Document Disclosures
  Texaco, Inc.
  Feb. 25, 2013 (1 DVD disc)

- **Union Carbide Corporation**
  CVLO 26(a) Document Disclosures
  Union Carbide Corporation
  Feb. 15, 2013 (3 DVD discs)

- **Union Oil Company of California**
  CVLO 26(a) Document Disclosures
  Union Oil Company of California
  Feb. 25, 2013 (1 CD disc)

Plaintiff's counsel also discloses the below lists of trade organization, professional organization, and government entity documents. Copies of the described documents, which have been provided in past asbestos litigation, are available upon request. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- Exhibit 7 - Government Publication documents

- Exhibit 8 - ACGIH documents
- Exhibit 9 - AIA documents
- Exhibit 10 - AIHA documents
- Exhibit 11 - American Ceramic Society documents
- Exhibit 12 - American Petroleum Institute documents
- Exhibit 13 - ASHVE documents
- Exhibit 14 - ASME documents
- Exhibit 15 - ATI documents
- Exhibit 16 - Gypsum association documents
- Exhibit 17 - IHF documents
- Exhibit 18 - NSC knowledge documents
- Exhibit 19 - NSC membership documents
- Exhibit 20 - Saranac documents

- (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature ad extent of injuries suffered; and

**Response:** <u>Plaintiff's counsel</u> is still in the process of obtaining and compiling medical bills and other responsive documents. These documents will be disclosed and furnished after they are obtained. Plaintiff reserves the right to supplement as further information is developed or additional documents are obtained.

- (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:** Not applicable to plaintiff or decedent.

Dated: March 5, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Chen Kasher
Attorneys for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
Ph: 312.944.0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com