BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§ | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN McVAY, Individually and as<br>Executrix of the Estate of Carl L. Wiehe,<br><br>      Plaintiff,<br><br>vs.<br><br>ARMSTRONG INTERNATIONAL, INC.<br>et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:13-cv-10001<br><br><br><br><br>Court of Common Pleas<br>Cuyahoga County, Ohio<br>Case No. 784281 |

**BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL
TRANSFER ORDER (CTO-390)**

I.   PRELIMINARY STATEMENT

Plaintiff respectfully files this brief in support of her Motion to Vacate the Conditional Transfer Order (CTO-547) entered by the Judicial Panel on Multidistrict Litigation March 18, 2013. Pursuant to Panel Rule 7.1(f), this brief is being filed in support of plaintiff's Motion to Vacate, and her previous Notice of Opposition, filed on March 25, 2013 in accordance with Panel Rule 7.1(f) (*See* notice attached as Exhibit "A"). This submission is being filed within 14 days of the filing of the Notice of

1

Opposition. For the reasons stated below, the Conditional Transfer Order should be vacated so that plaintiff can proceed in the timely resolution of her claim in state court.

Plaintiff will soon file a motion for remand in the above case. Despite the fact that the Panel entered its Conditional Transfer Order before the district court judge was able to rule on the motion, that judge has not lost jurisdiction over this case and, therefore, can make a determination as to plaintiff's motion for remand. Faulk v. Owens-Corning Fiberglas Corp., et al., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* Bartley v. Borden, Inc. et al., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

Plaintiff filed here notice of opposition within the prescribed period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by this Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still pending in the original district court to which it was removed. Thus, not only does the United States District Court retain jurisdiction to rule on the motion for remand before it, but it may promptly do so and preserve the plaintiff's right to a timely resolution of their claim.

Plaintiff respectfully requests that her motion to vacate the CTO be granted, so that the court to which the case was removed may resolve her motion for remand.

Respectfully submitted,

/s/ Charles S. Siegel
Charles S. Siegel
Texas State Bar No. 18341875
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244 Telephone
(214) 871-2263 Facsimile

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of this Brief to Vacate the Conditional Transfer Order has been served by ECF on all counsel of record on this 8th day of April, 2013.

/s/ Charles S. Siegel
Charles S. Siegel