TUCKER ELLIS LLP
JOHN K. SON - SBN 238516
john.son@tuckerellis.com
JENNY-ANNE FLORES – SBN 273364
jenny-anne.flores@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Defendant
CARRIER CORPORATION

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL 875 |
|---|---|
| LAURIE DEUYOUR, Individually and as Successor-in-Interest to DANIEL DEUYOUR, Deceased; NICHOLAS DEUYOUR, a nd DESIREE DEUYOUR,<br><br>  Plaintiffs,<br><br>  v.<br><br>BF GOODRICH COMPANY; CARRIER CORPORATION, et al.<br><br>  Defendants. | **DEFENDANT CARRIER CORPORATION'S**<br>**NOTICE OF POTENTIAL TAG-ALONG ACTION**<br><br>Case No. 2:13-cv-02333-ABC-AJW |

**PLEASE TAKE NOTICE** that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order").  That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 1991 filings of the Panel's Order to Show Cause.  MDL Rule 13(e) provides:

> Any party or counsel in actions previously transferred under section 1407 or under consideration by the Panel for transfer under section 1407 shall promptly notify the Clerk of the Panel of any

potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that, for the following reasons, this is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania.

On May 16, 2012, plaintiff Daniel Deuyour filed a personal injury action arising out of his alleged exposure to asbestos in the California Superior Court for the County of San Francisco, bearing Case CGC-12-276047 ("personal injury case").  Attached hereto as **Exhibit A** is a true and correct copy of the personal injury complaint filed on May 16, 2012.  On June 15, 2012, the personal injury case was removed to the United States District Court for the Northern District of California and assigned Case No. 3:12-cv-03096-MEJ.  On July 20, 2012, the personal injury case was transferred to the United States District Court for the Eastern District of Pennsylvania for inclusion in the coordinated pretrial proceedings of MDL 875 pursuant to 28 U.S.C. § 1407, and assigned Case No. 2:12-cv-60167-ER.  On or about August 1, 2012, Aniel Deuyour passed away.

The instant action is for the wrongful death of Daniel Deuyour, filed by his heirs.  The was filed in the Superior Court of the State of California in the County of Los Angeles and removed to the United State District Court for the Central District of California, Case No.  2:13-cv-02333-ABC-AJW ("wrongful death case").  Attached hereto as **Exhibit B** is a true and correct copy of the wrongful death complaint filed on January 28, 2013.  The wrongful death case involves the same subject matter as the personal injury action currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:12-cv-60167-ER.  Both cases arise out of Daniel Deuyour's alleged injuries allegedly caused by exposure to asbestos and asbestos-containing products.  The plaintiffs in the instant action are Daniel Deuyour's heirs.  The plaintiffs' attorneys are the same in both actions. The defendants in both actions are virtually identical.  The allegations in both actions are virtually identical, including the time periods, locations, and products at issue in relation to Daniel Deuyour's alleged exposures to asbestos.

1   The instant wrongful death case should be transferred to the Eastern District of
2 Pennsylvania under the tag-along procedures of 28 U.S.C. § 1407 on several grounds.  First, the
3 proper venue for this case is in the Northern District of California, the district in which the state
4 court personal injury action was filed and where, by implication, venue is proper because that is
5 the district in which the exposures allegedly occurred, and because the Northern District of
6 California is subject to inclusion in MDL 875.  Second, this wrongful death case is related the
7 personal injury action, Case No. 2:12-cv-60167-ER, currently pending in the Eastern District of
8 Pennsylvania.  The wrongful death action and the personal injury action involve the same facts
9 relating to Daniel Deuyour's injuries and his alleged exposure to asbestos.[1]  Transfer of this
10 wrongful death action to the Eastern District of Pennsylvania for consolidation with the case
11 presently pending before the Court will promote uniformity, consistency, and predictability.

12   Based on the foregoing, the Clerk of the Panel is hereby requested to either: (1) enter a
13 conditional transfer order pursuant to MDL Rule 12(a), or (2) file an order to show cause why
14 the action should not be transferred, pursuant to MDL Rule 13(b).

15

16 DATED:  April 11, 2013                              TUCKER ELLIS LLP

17

18                                                                   /s/  John K. Son
                                                                         John K. Son
19                                                                  Attorneys for Defendant
                                                                    CARRIER CORPORATION

---

[1] Carrier is cognizant of the Panel's Order Adopting Suggestion to the Panel Concerning Future Tag-Along Transfers, filed December 13, 2011, suspending the transfer of cases from the Central District of California.  (MDL No. 875, Docket No. 8213.)  However, because the instant case is related to Case No. 2:12-cv-60167-ER, which was previously transferred to the Eastern District of Pennsylvania for inclusion in MDL-875, and both cases involve the same plaintiff/decedent, the same exposure history,  the same products, and the same defendants, UTC requests that the tag-along procedures be utilized to transfer this case to the Eastern District of Pennsylvania to be consolidated with the related case.