TUCKER ELLIS LLP
JOHN K. SON - SBN 238516
john.son@tuckerellis.com
JENNY-ANNE FLORES – SBN 273364
jenny-anne.flores@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Defendant
CARRIER CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE DEUYOUR, Individually and as Successor-in-Interest to DANIEL DEUYOUR, Deceased; NICHOLAS DEUYOUR,a nd DESIREE DEUYOUR, <br><br> Plaintiffs, <br><br> v. <br><br> BF GOODRICH COMPANY; et al., <br><br> Defendants. | Case No. 2:13-cv-02333 ABC (AJWx) <br><br> **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT** |

I, Christine Jones, certify and declare as follows:

1.      I am employed by the law firm of Tucker Ellis LLP.  I am over the age of 18 years, and am not a party to this action.

2.      On April 2, 2013, I served an electronic version of a copy of Defendant Carrier Corporation's Notice to Adverse Party of Removal to United States District Court addressed to all parties via the File & ServeXpress website

A copy of Defendant Carrier Corporation's Notice to Adverse Party of Removal to United States District Court and the File & ServeXpress Transaction Receipt is attached as Exhibit 1.

011939.004787/883832

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April __4__, 2013 at Los Angeles, California.

_Christine Jones_

Christine Jones

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT

011939.004787/883832

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

# EXHIBIT 1

1  TUCKER ELLIS LLP
   JOHN K. SON SBN 238516
2  john.son@tuckerellis.com
   JENNY-ANNE FLORES SBN 273364
3  jenny-anne.flores@tuckerellis.com
   515 South Flower Street, Forty-Second Floor
4  Los Angeles, CA 90071-2223
   Telephone:   213.430.3400
5  Facsimile:   213.430.3409

6  Attorneys for Defendant
   CARRIER CORPORATION

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10

11 Coordination Proceeding              Judicial Council Coordination Proceeding
   Special Title (Rule 3.550)           No.: JCCP 4674
12
   **LAOSD ASBESTOS CASES**            Case No. BC500011
13

14 LAURIE DEUYOUR, Individually and as  Hon. Emilie H. Elias – Dept. 324
   Successor-in-Interest to DANIEL
15 DEUYOUR, Deceased; NICHOLAS          **U.S.D.C. Case Nos.: 2:13-cv-02333 ABC (AJWx)**
   DEUYOUR, and DESIREE DEUYOUR,
16                                      **DEFENDANT CARRIER CORPORATION'S**
           Plaintiffs,                  **NOTICE TO ADVERSE PARTY OF REMOVAL**
17                                      **TO UNITED STATES DISTRICT COURT**
        v.
18                                      Action Filed:  January 28, 2013
   BF GOODRICH COMPANY, et al.,         Trial Date:    None
19
           Defendants.
20

21

22 **TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

23 **RECORD:**

24        **PLEASE TAKE NOTICE** that Defendant Carrier Corporation ("Carrier") has filed a Notice of

25 Removal of Action under 28 U.S.C. §§ 1442(a)(1) to the United States District Court for the Central

26 District of California.  Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal

27 (without exhibits).

28        The Superior Court of the State of California for the County of Los Angeles is hereby requested

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

APR 02 2013

John A. Clarke, Executive Officer/Clerk
By: L. Worku, Deputy

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco



EXHIBIT ___1___

1 to proceed no further with this matter unless and until the case is remanded.

2 DATED: April 2, 2013               TUCKER ELLIS LLP

3

4

5                                    By: _____

6                                        John K. Son
                                         Attorneys for Defendant
7                                        CARRIER CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2

NOTICE TO ADVERSE PARTY OF REMOVAL TO UNITED STATES DISTRICT COURT

011939.004787/883111

*DEUYOUR v BF GOODRICH COMPANY, et al.*

# EXHIBIT A

1 TUCKER ELLIS LLP
JOHN K. SON - SBN 238516
2 john.son@tuckerellis.com
JENNY-ANNE FLORES – SBN 273364
3 jenny-anne.flores@tuckerellis.com
515 South Flower Street
4 Forty-Second Floor
Los Angeles, CA 90071-2223
5 Telephone:     213.430.3400
Facsimile:     213.430.3409
6
Attorneys for Defendant
7 CARRIER CORPORATION



FILED
CLERK, U.S. DISTRICT COURT

APR - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12 LAURIE DEUYOUR, Individually and as      Case No. CV 13-02333 -ABC
   Successor-in-Interest to DANIEL                        (AJWx)
13 DEUYOUR, Deceased; NICHOLAS
   DEUYOUR, and DESIREE DEUYOUR,    DEFENDANT CARRIER
14                                                CORPORATION'S NOTICE OF
                   Plaintiffs,                   REMOVAL OF ACTION UNDER 28
15                                                U.S.C. § 1442(A)(1) (GOVERNMENT
        v.                                        CONTRACTOR IMMUNITY-
16                                                ACTING UNDER DIRECTION OF
   BF GOODRICH COMPANY; CARRIER    FEDERAL OFFICERS)
17 CORPORATION; CBS CORPORATION,
   F/K/A Viacom, Inc., successor by merger
18 to CBS Corporation F/K/A Westinghouse
   Electric Corporation; THE DEXTER
19 CORP., individually and as successor in
   interest to Dexter Aerospace, Hysol,
20 Dexter-Hysol and Dexter Hysol
   Aerospace, Inc.; EATON
21 CORPORATION individually and as
   successor in interest to Cutler-Hammer,
22 Inc.; FOSTER WHEELER ENERGY
   CORPORATION; GENERAL
23 ELECTRIC COMPANY; GEORGIA-
   PACIFIC LLC, F/K/A Georgia Pacific
24 Corporation, successor in interest to
   Bestwell Gypsum Company; THE
25 GOODYEAR TIRE & RUBBER
   COMPANY; HONEYWELL
26 INTERNATIONAL INC., individually
   and as successor interest to Allied Signal,
27 Inc. and Bendix Corporation; IMO
   Industries, Inc. (Individually and as
28 successor in interest to Delaval Steam
   Turbine, Inc.); INGERSOLL-RAND

COPY

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1 COMPANY, individually and as successor
in interest to The Aldrich Company;
2 JERGUSON GAGE & VALVE
COMPANY; KELLY-MOORB PAINT
3 COMPANY, INC.;
MECHANICAL DRIVES & BELTING,
4 f/k/a L.A. Rubber Company;
PARKER HANIFFIN CORPORATION,
5 individually and as successor in interest to
Sacoma Sierra Company; PNEUMO-
6 ABEX, LLC (Individually and as
successor-in-interest to Abex Corporation
7 f/k/a American Brake Shoe Company f/k/a
American Brake Shoe and Foundry
8 Company ;including the American
Brakebloc Division, f/k/a The American
9 Brake Materials Corporation); SAN
FRANCISCO GRAVEL COMPANY;
10 SHELL OIL COMPANY; SOCO WEST,
INC. (f/k/a Brenntag West Inc., f/k/a
11 SoCo-Lynch Corporation, f/k/a SoCo-
Western Chemical Corporation; f/k/a
12 Stinnes-Western Chemical Corporation;
UNION CARBIDE CORPORATION;
13 WARREN PUMPS, LLC; YORK
INTERNATIONAL CORPORATION,
14 individually and as successor-in-interest to
Central Environmental Systems, Inc., f/k/a
15 Borg-Warner Central Environmental
Systems, Inc.; YORK-LUXAIRE, INC.;
16 LUXAIRE, INC., and The C.A. Olsen
Manufacturing Company and d/b/a
17 "Moncrief Furnaces" d/b/a York Heating
& Air Conditioning; and DOES 1-300,
18
Defendants.
19

20

21 **TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR**

22 **ATTORNEYS OF RECORD:**

23      Defendant Carrier Corporation ("Carrier") hereby gives notice of removal of the

24 above-entitled action from the Superior Court of the State of California for the County of

25 Los Angeles to the United States District Court for the Central District of California

26 pursuant to 28 U.S.C. § 1442(a)(1).

27                    **Preliminary Matters**

28      1.      On or about January 28, 2013, plaintiffs Laurie Deuyour, individually and as

2

DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL

011939.004787/882323

*TUCKER ELLIS LLP*
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1   successor-in-interest to Daniel Deuyour, deceased; Nicholas Deuyour; and Desiree

2   Deuyour ("plaintiffs") filed a wrongful death complaint in this action, bearing Case No.

3   BC500011, in the Superior Court of the State of California for the County of Los

4   Angeles. A true and correct copy of the Summons and Complaint are attached hereto as

5   **Exhibit A.**

6       2.      On March 28, 2013, Carrier filed its Answer to the Complaint in the

7   Superior Court of the State of California for the County of Los Angeles, a conformed

8   copy of which is attached hereto as **Exhibit B.**

9       3.      The complaint alleges that decedent Daniel Deuyour's injury was caused by

10  exposure to defendants' asbestos-containing products while serving in the United States

11  Navy between from 1970 to 1974 as a boatswain's mate.

12      4.      This case is removable based on federal officer jurisdiction under 28 U.S.C.

13  § 1442(a)(1), in that any and all equipment produced by Carrier for the United States

14  Navy for use on Navy ships were designed and manufactured in accordance with

15  specifications provided and/or approved by the U.S. Navy, and designed and built under

16  the direction and control of the U.S. Navy and its officers.

17      5.      This Notice of Removal is timely. The 30-day removal period prescribed by

18  28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading

19  setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b).

20  Carrier was personally served through its agent for service of process with the Summons

21  and Complaint on February 28, 2013. The receipt of the Complaint put Carrier on notice

22  for the first time that plaintiffs' claims are based on decedent's alleged exposure to

23  asbestos from military equipment built by Carrier for the United States Navy under the

24  direction and control of the United States Navy and its officers. This Notice of Removal

25  is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of receipt of

26  the Complaint by Carrier.

### Nature of the Case

28      6.      This case is based on plaintiffs' allegations that decedent contracted an

DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL

011939.004787/882323

1    asbestos-related disease as a result of his exposure to asbestos dust and/or fibers.

2        7.    Plaintiffs assert causes of actions against Carrier for negligence, products

3    liability, and premises owner/contractor liability.

4                **Jurisdiction, Venue and Intradistrict Assignment**

5        8.    Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below

6    under Grounds for Removal.

7        9.    Venue is proper in the Central District of California because the state court

8    action, which is subject to this removal petition, was filed in the Superior Court of

9    California for the County of Los Angeles.

10       10.    Furthermore, §1442(a) authorizes such a removal without the consent of any

11   other defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d

12   1310, 1314-1315 (9th Cir. 1981) ("federal officer . . . can remove without other

13   defendants joining the petition, and the entire case is removed to the federal court").

14                        **Grounds for Removal**

15       11.    This is a civil action over which this Court has original jurisdiction under 28

16   U.S.C. § 1331, and is removable to this Court by Carrier pursuant to 28 U.S.C. §

17   1442(a)(1) in that Plaintiff's alleged right to relief depends on the resolution of a

18   substantial question of federal law. "Federal officers, and their agents, may remove cases

19   based on acts performed under the color of their federal office if they assert a colorable

20   defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see*

21   *also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996).

22   "(T)he Supreme Court has mandated a generous interpretation of the federal officer

23   removal statute . . ." and there is a "clear command from both Congress and the Supreme

24   Court that when federal officers and their agents are seeking a federal forum, we are to

25   interpret section 1442 broadly in favor of removal." *Durham,* 445 F.3d at 1252; *see also*

26   *Jefferson County, Alabama v. Acker,* 527 U.S. 423, 431 (1999) (noting that the Supreme

27   Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal]

28   statute.").

DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL

011939.004787/882323

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1      12.    Carrier was at all relevant times a "person" within the meaning of 28 U.S.C.

2  § 1442(a)(1). *Fung v. Abex Corp.,* 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a

3  corporate defendant was a "person").

4      13.    Should plaintiffs file a motion to remand this case, Carrier respectfully

5  requests an opportunity to respond more fully in writing, with supporting declarations,

6  but offers the following authorities at this time:

7      14.    Removal under 28 U.S.C. § 1442(a)(1) is based on a causal connection

8  between the charged conduct and federal authority. *Commonwealth of Pennsylvania v.*

9  *Newcomer*, 618 F.2d 246, 250 (3d Cir. 1980). Removal is appropriate where the moving

10 party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a

11 colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus

12 between plaintiffs' claims and the acts it performed under color of federal office. *See*

13 *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.*,

14 816 F.Supp. 569 (N.D.Cal. 1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99,

15 102 (D.Conn. 2007). "Because it's so important to the federal government to protect

16 federal officers, removal rights under section 1442 are much broader than those under

17 section 1441." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

18 Section 1142 is interpreted broadly in favor or removal. *Ibid.*

19     15.    "While the Court must require that the facts identified by the defendant

20 support the federal defense, the Court is not called upon at this preliminary stage to pierce

21 the pleadings or dissect the facts stated. Nor is the Court's function at this stage to

22 determine credibility, weigh the quantum of evidence or discredit the source of the

23 defense." *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770, 782 (E.D.Pa. 2010). "It is

24 the sufficiency of the facts stated — not the weight of the proof presented — that matters.

25 For policy reasons, Congress has erected a road to federal court for litigants who can

26 invoke a federal defense. It is not the Court's role to impose judicially created tolls on

27 those who seek to travel on it. Thus, the Court concludes that a defense is colorable for

28 purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

5

011939.004787/882323

identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial. *Id.* at 782-83. Here, Carrier identifies facts that establish a colorable government contractor defense and jurisdiction under the federal officer removal statute.

16. Carrier satisfies all three requirements and is entitled to the federal officer removal provision. Plaintiffs claim decedent was exposed to asbestos from products manufactured by Carrier while serving aboard U.S. Naval vessels. Equipment that Carrier manufactured and supplied for the U.S. Navy for installation aboard select Navy vessels included forced draft flowers, air-conditioning, refrigeration equipment. Based on plaintiffs' allegations, Carrier has a colorable federal defense of government contractor immunity in that any equipment designed, manufactured, or supplied by Carrier for use on U.S. Navy vessels would have been designed, manufactured, or supplied under the direction of officers of the United States Navy within the meaning of 28 U.S.C. § 1442(a)(1).

17. Any and all work performed on machinery built and supplied for U.S. Navy ships by vendors such as Carrier Corporation was performed to the requirements specified by the Navy, and the work was reviewed, inspected and tested by Navy personnel in the vendor's plant and in the shipbuilding yards and training facilities. The Navy, through the Naval Sea Systems Command ("NAVSEA") or its predecessor the Bureau of Ships ("BUSHIPS"), exclusively prepared, drafted and issued specifications for air-conditioning and refrigeration plants, and approved all such equipment built for the Navy, whether built directly for the Navy or through the Maritime Commission.

18. Military Specifications and Standards and other Federal Specifications applicable to equipment manufacturers that were supplying forced draft blowers and related equipment, included the following: MIL-F-18602 in its superseded or superseding iteration, TT-P-28, TT-P-645, MIL-B-857, MIL-S-901, MIL-D-963, MIL-Q-9858, MIL-P-15024, Mil-M-15071, MIL-E-15090, MIL-P-15137, MIL-P-15328, MIL-C-15730, MIL-T-16049, MIL-P-17286, MIL-T-17523, MIL-P-17545, MIL-V-18030, MIL-F-21467, MIL-STD-10,

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

6

1  MIL-STD-167, MIL-STD-278, MIL-STD-740, Bureau of Ships (BUSHIP) drawings B-

2  153, B-214 and 5000-S4800-3000, and Bureau of Ships Publications NAVSHIPS-250-637-

3  2, NAVSHIPS-250-648-8, and NAVSHIPS-250-660-30.

4       19.    Military Specifications and Standards and other Federal Specifications

5  applicable to equipment manufacturers that were supplying air-conditioning and

6  refrigeration equipment included the following: MIL-R-16743 in its superseded or

7  superseding iteration, VV-L-825, WW-T-799, MIL-S-901, MIL-E-917, MIL-D-963, MIL-

8  E-2036, MIL-C-2174, MIL-C-2212, MIL-T-2867, MIL-P-15024, MIL-M-15071, MIL-P-

9  15137, MIL-C-15726, MIL-P-16304, MIL-T-16420, MIL-M-17059, MIL-M-17060, MIL-

10  T-17244, MIL-M-17413, MIL-M-17556, MIL-P-17639, MIL-P-17840, MIL-G-18997,

11  MIL-T-19474, MIL-T-19646, MIL-F-20042, MIL-V-20064, MIL-STD-278, and BUSHIP

12  Drawings B-104, 810-1385839, 5000-85904-1385618 and 5000-85904-1385658.

13       20.    The "MilSpecs" were drafted, approved and maintained by the Navy,

14  specifically NAVSEA, to address all aspects of shipboard equipment and materials

15  requirements, including the materials to be used and whether materials were to contain

16  asbestos; and any changes to these specifications were controlled by the Navy. NAVSEA

17  maintained and controlled the MilSpecs largely because it had superior knowledge of the

18  demands and requirements of combat-ready vessels. NAVSEA or BUSHIPS also prepared

19  contract specifications, which incorporated the MilSpecs. These specifications reflected the

20  state of the art and the special needs of combat vessels destined for combat with our sailors.

21       21.    Equipment manufacturers, Naval Machinery Inspectors, and others relied on

22  these Military Specifications, Federal Specifications, Federal Standards and BUSHIP

23  drawings to ensure strict compliance with NAVSEA demands and requirements for combat-

24  ready vessels. Under the command of NAVSEA, as was the case with BUSHIPS, the

25  Navy's shipbuilding structure was comprised of several divisions and levels of authority

26  concerning ship design, construction, repair and inspection. The Commander of Naval Sea

27  Systems and the Commander of Naval Supply directed technical and contractual control

28  over shipboard equipment and material. Each of these two organizations had oversight

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

7

011939.004787/882323

responsibility concerning, among other things, air-conditioning plants and refrigeration equipment built for Navy vessels. Compliance with the standards and specifications required for such equipment built for Navy use was directly monitored by Naval Machinery Inspectors under both of these divisions: The Machinery Inspectors under Naval Supply worked on-site at the vendor's (in this case Carrier Corporation's) manufacturing facility, and the Machinery Inspectors under Naval Sea Systems Commands carried out their responsibilities at the shipbuilding yards. Moreover, it was common for Directors of the Machinery and Propulsion Equipment Groups to inspect the manufacturing process at vendors' plants.

22.    Naval Machinery Inspectors exercised primary, front-line control over the work performed for the Navy by vendors such as Carrier Corporation in the production of equipment, including air-conditioning and refrigeration plants. The Naval Machinery Inspectors were responsible for assuring that contractors such as Carrier Corporation followed the required contract specifications as they relate to naval machinery. The Navy retained the "final say" over the design of any piece of equipment, and made the ultimate decision regarding how to resolve an engineering disagreement between the Navy and an outside supplier.

23.    The Navy specifications also covered the nature of any communication affixed to equipment, including air-conditioning equipment and refrigeration plants, supplied to the Navy. A vendor such as Carrier Corporation would not have been permitted (either under the specifications or, as a matter of Navy practice) to attach any type of warning or cautionary statement not required and approved by the Navy, including any statements related to asbestos, without prior discussion, approval and acceptance by the Navy. Moreover, any attempt to affix on equipment supplied to the Navy a cautionary statement concerning asbestos would have been futile, and would have been rejected as contrary to Navy protocols for instruction and training relating to use of asbestos materials.

///

DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL

011939.004787/882323

24. Carrier asserts a colorable federal defense to plaintiffs' claims, which are affirmatively barred by government contractor immunity as stated by the U.S. Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in *McKay v. Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Pursuant to this federal defense, equipment manufacturers, such as Carrier, cannot be held liable under state law for any injuries caused by the equipment built for the U.S. Navy when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to these specifications; and (3) the equipment supplier warns the military about any hazards involved in the use of the equipment that are <u>known to the equipment supplier but not known to the military</u>. *See Boyle, supra,* 487 U.S. 500 at 512; *McKay, supra,* 704 F.2d. 444 at 451; *Sundstrom, supra,* 816 F.Supp. 587 at 596-97.

25. Here, Carrier has raised a colorable federal defense to this action under government contractor immunity. To the extent plaintiffs' claims against Carrier are based on equipment on board U.S. Navy vessels: (1) such equipment would have been designed and manufactured pursuant to precise specifications provided and approved by the U.S. Navy, (2) the equipment would have conformed to those specifications, and (3) the U.S. Navy, one of the world's leaders in industrial hygiene concerns, would have possessed information superior to that of Carrier concerning issues of industrial hygiene and asbestos medicine, including the potential hazards involved with use of asbestos-containing components or materials associated with Naval equipment. Thus, Carrier would not have had knowledge of any hazards associated with the use of the equipment which was not already known to the U.S. Navy. Carrier has more than a colorable federal defense to this state action under government contractor immunity. *See Boyle, supra,* 487 U.S. at 512; *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

TUCKER ELLIS LLP
Cleveland • Columbus • Denver • Los Angeles • San Francisco

9

26. A causal nexus exists between plaintiffs' claims and the acts taken under the direction of federal officers. Plaintiffs' claims against Carrier arise out of decedent's alleged work on or around equipment supplied to the U.S. Navy for use on board Navy vessels. Any equipment that Carrier would have supplied to the Navy for use on board Navy vessels would have been designed and manufactured pursuant to precise military specifications and standards, and built under the detailed and direct control of federal officers. The alleged conduct attributable to Carrier is inseparable from the government specifications, regulations, and oversight and a clear causal nexus would exist between plaintiffs' claims and the acts performed under color of federal office. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

27. The existence of a single removable claim allows removal of the entire action. 28 U.S.C. § 1441(c). *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

28. Notice of this removal has been, or will be, filed with the state court and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

29. This removal is based upon this Notice of Removal to the United States District Court, the Certificate of Service of Notice to Adverse Party of Removal, the Notice of Related Cases, and any other matters which the Court deems applicable.

WHEREFORE, defendant Carrier prays that this action be removed from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Furthermore, pursuant to the concurrently filed Notice of Pendency of Other Actions or Proceedings and Notice of Petition to the Judicial Panel on Multidistrict Litigation, Carrier further prays that this action be transferred to the United States District Court for the Northern District of California or

011939.004787/882323

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

the Eastern District of Pennsylvania to be consolidated with the related case previously
filed by and on behalf of Daniel Deuyour.

DATED: April 1, 2013                                    TUCKER ELLIS LLP


                                                       By: _____
                                                           John K. Son
                                                           john.son@tuckerellis.com
                                                           Attorneys for Defendant
                                                           CARRIER CORPORATION

DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL

011939.004787/882323

**PROOF OF SERVICE**

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On April 1, 2013, I served the foregoing document entitled DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(A)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS) as follows:

( )     **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District of California ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)     **U. S. MAIL:** I placed ( ) the original(s); ( ) a true and correct copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)     **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on April ____ , 2013 at Los Angeles, California.

_Christine Jones_
Christine Jones

011939.004787/882323

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**SERVICE LIST**

Re: Laurie Deuyour, et al. v BF Goodrich Company, et al.

Eric Brown
Michael Eyerly
DeBlase Brown Eyerly LLP
680 South Sante Fe Avenue
Los Angeles, CA 90021
(310) 575-9955
**Attorneys for Plaintiffs**

XXXX

011939.004787/882267

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and am not a party to this action.  My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071-2223, in said County and State.

     On April 2, 2013, I served the following document(s) entitled : **DEFENDANT CARRIER CORPORATION'S NOTICE TO ADVERSE PARTY OF REMOVAL TO UNITED STATES DISTRICT COURT** as follows:

X   **VIA ELECTRONIC** SERVICE by causing such documents to be served on the interested parties to this action as designated on the Transaction Receipt by submitting an electronic version of the documents via File & ServeXpress website.

___   **BY MAIL:**  By placing ( ) the original(s); (X) a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

☑   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on April 2, 2013 at Los Angeles, California.

_Christine Jones_
Christine Jones

011939.004787/883111

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver♦ Los Angeles ♦ San Francisco

## File & ServeXpress Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 51487273 |
| **Submitted by:** | Christine Jones, Tucker Ellis LLP -Los Angeles |
| **Authorized by:** | John K Son, Tucker Ellis LLP -Los Angeles |
| **Authorize and file on:** | Apr 2 2013 12:26PM PDT |

| | |
|---|---|
| **Court:** | CA Superior Court County of Los Angeles |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Asbestos-JCCP 4674 In Re: LAOSD Asbestos Litigation |
| **Case Type:** | Personal Injury-Asbestos |
| **Case Number:** | BC500011 |
| **Case Name:** | Deuyour, Laurie et al vs BF GoodRich et al (DeBlase) |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | 11939-04787 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**
**7 Document(s)**

**Attached Document, 68 Pages   Document ID: 55506918**

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
Defendant Carrier Corporation's Notice of Removal of Action Under 28 U.S.C. Section 1442(A)(1) (Government Contractor Immunity-Acting Under Direction of Federal Officers)

**Attached Document, 5 Pages   Document ID: 55507012**
Related Document ID: 55506918

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
Defendant Carrier Corporation's Certification and Notice of Interested Parties (Local Rule 7.1-1.)

**Attached Document, 6 Pages   Document ID: 55507089**
Related Document ID: 55506918

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
Defendant Carrier Corporation's Notice of Pendency of Other Actions or Proceedings (Local Rules 83-1.4.1; 83-1.4.2)

**Attached Document, 6 Pages   Document ID: 55507153**
Related Document ID: 55506918

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
Defendant Carrier Corporation's Notice of Petition to the Judicial Panel on Multidistrict Litigation (Local Rule 83-1.4.3)

**Attached Document, 3 Pages   Document ID: 55507239**
Related Document ID: 55506918

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
USDC-CDCA Civil Cover Sheet

**Attached Document, 1 Pages   Document ID: 55507311**
Related Document ID: 55506918

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Notice (Other) | Secure Public | $0.00 | |

**Document title:**
USDC-CDCA Notice of Assignment to United States Magistrate Judge for Discovery

**Attached Document, 17 Pages   Document ID: 55507415**
Related Document ID: 55506918

| Document Type: | | Access: | Statutory Fee: | Linked: |
|---|---|---|---|---|
| Notice (Other) | | Secure Public | $0.00 | |

**Document title:**
Defendant Carrier Corporation's Notice to Adverse Party of Removal to United States District Court

Expand All

⊟ **Sending Parties ( 1 )**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Carrier Corp | Defendant | Son, John K | Tucker Ellis LLP -Los Angeles | Attorney in Charge |

⊟ **Recipients ( 22 )**

⊟ Service List (22)

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | California Superior Court County of Los Angeles | Interested Party | Elias, Emilie | California Superior Court-Los Angeles County-Central Civil West Courthouse | Attorney in Charge | E-Service |
| Service | Deuyour, Daniel Deceased | Plaintiff | Eyerly, Michael | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Daniel Deceased | Plaintiff | Brown, Eric | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Desiree | Plaintiff | Eyerly, Michael | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Desiree | Plaintiff | Brown, Eric | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Laurie | Plaintiff | Eyerly, Michael | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Laurie | Plaintiff | Brown, Eric | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Nicholas | Plaintiff | Eyerly, Michael | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | Deuyour, Nicholas | Plaintiff | Brown, Eric | DeBlase Brown Eyerly LLP | Attorney in Charge | E-Service |
| Service | General Electric Co | Defendant | Johnson, Derek S | Walsworth Franklin Bevins & McCall-Orange | Attorney in Charge | E-Service |
| Service | Goodrich Corp | Defendant | Glaspy, David | Glaspy & Glaspy | Attorney in Charge | E-Service |
| Service | Goodyear Tire & Rubber Co | Defendant | Stone, Elan N | Lewis Brisbois Bisgaard & Smith LLP-Los Angeles | Attorney | E-Service |
| Service | Imo Industries Inc | Defendant | Gatt, Frederick W | Howard Rome Martin & Ridley LLP | Attorney | E-Service |
| Service | Imo Industries Inc | Defendant | Rome, Henry D | Howard Rome Martin & Ridley LLP | Attorney in Charge | E-Service |
| Service | Ingersoll Rand Corp | Defendant | Prindle, Kenneth | Prindle Decker & Amaro LLP-Long Beach | Attorney in Charge | E-Service |
| Service | Mechanical Drives & Belting | Defendant | Calero, Anthony J | Lombardi Loper & Conant | Attorney in Charge | E-Service |
| Service | Parker Hannifin Corp | Defendant | Kum, Robert | Sedgwick LLP-Los Angeles | Attorney in Charge | E-Service |
| Service | Pneumo Abex LLC | Defendant | Kruska, Lara | DeHay & Elliston LLP-California | Attorney in Charge | E-Service |
| Service | San Francisco Gravel Co Inc | Defendant | Cordery, Theodore T | Imai Tadlock Keeney & Cordery LLP | Attorney in Charge | E-Service |
| Service | York International Corp | Defendant | DEANE, JEFFREY W | Selman Breitman LLP-Los Angeles | Attorney in Charge | E-Service |
| Service | York International Corp | Defendant | Counsel, Asbestos SB-LA | Selman Breitman LLP-Los Angeles | Attorney in Charge | E-Service |
| Service | York International Corp | Defendant | OROZCO, PABLO | Selman Breitman LLP-Los Angeles | Attorney in Charge | E-Service |

⊟ Additional Recipients (0)

+| **Case Parties**

Close

File & Serve *Xpress* | About File & ServeXpress | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2013 File & ServeXpress Holdings, LLC. All rights reserved.

**PROOF OF SERVICE**

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On April 4, 2013, I served the foregoing document entitled CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT as follows:

**(X)**   **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District of California ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

**( )**   **U. S. MAIL:** I placed ( ) the original(s); ( ) a true and correct copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

**(X)**   **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on April 4, 2013 at Los Angeles, California.

Christine Jones

011939.004787/883832

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco