ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:13-cv-01618-JSC

Thomas v. Foster Wheeler LLC                              Date Filed: 04/10/2013
Assigned to: Magistrate Judge Jacqueline Scott Corley    Jury Demand: None
Case in other court:  Alameda County Superior Court,     Nature of Suit: 368 P.I. : Asbestos
               RG13-667279                          Jurisdiction: Federal Question
Cause: 28:1442 Petition for Removal

**Plaintiff**

**Bobbie E. Thomas**                   represented by   **William A. Levin**
                                                            Levin Simes LLP
       353 Sacramento Street, 20th Floor
       San Francisco, CA 94111
       415-426-3000
       Fax: 415-426-3001
       Email: wlevin@levinsimes.com
       *LEAD ATTORNEY*
       *ATTORNEY TO BE NOTICED*

       **Timothy F. Pearce**
       LEVIN SIMES LLP
       353 Sacramento Street
       20th Floor
       San Francisco, CA 94111
       415-426-3000
       Email: tpearce@levinsimes.com
       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**                 represented by   **Edward R. Hugo**
       Brydon Hugo & Parker
       135 Main Street, 20th Floor
       San Francisco, CA 94105
       (415) 808-0300
       Fax: (415) 808-0333
       Email: ehugo@bhplaw.com
       *LEAD ATTORNEY*
       *ATTORNEY TO BE NOTICED*

       **Charles S. Park**
       Brydon Hugo & Parker
       135 Main Street, 20th Floor

San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: service@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Thomas J Moses**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: tmoses@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**

**Defendant**

**Allied Packing & Supply Inc.**

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**Aurora Pump Company**

**Defendant**

**Borg-Warner Corporation**
*by its successor-in-interest to Borg-Warner Morse Tec, Inc.*

**Defendant**

**Byron Jackson Pumps, Inc.**

**Defendant**

**CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Crosby Valve, Inc.**

**Defendant**

**Crown, Cork & Seal**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Goulds Pump, Inc.**

**Defendant**

**Hills Brothers Chemical Company**

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**IMO Industries, Inc.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Kunkle Industries, Inc.**

**Defendant**

**Mechanical Drives & Belting**

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Mueller Water Products Inc**

**Defendant**

**Parker-Hannafin Corporation**

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Soco-West, Inc.**

**Defendant**

**Syd Carpenter Marine Contractor, Inc.**

**Defendant**

**The William Powell Company**

**Defendant**

**Thomas Dee Engineering Company, Inc.**

**Defendant**

**Trane U.S., Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Warren Pumps, LLC**

**Defendant**

**Weir Valve & Controls USA, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2013 | 1 | NOTICE OF REMOVAL from Alameda County Superior Court. Their case number is RG13-667279. (Filing fee $350 receipt number 34611085003). Filed byFoster Wheeler LLC. (hph, COURT STAFF) (Filed on 4/10/2013) (Entered: 04/12/2013) |
| 04/10/2013 | 2 | **ADR SCHEDULING ORDER: Case Management Statement due by 7/11/2013. Case Management Conference set for 7/18/2013 01:30 PM in Courtroom F, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order for all judges)(hph, COURT STAFF) (Filed on 4/10/2013) (Entered: 04/12/2013)** |
| 04/10/2013 | 3 | Certificate of Interested Entities by Foster Wheeler LLC (hph, COURT STAFF) (Filed on 4/10/2013) (Entered: 04/12/2013) |
| 04/10/2013 | 4 | NOTICE of Tag-Along Action by Foster Wheeler LLC (hph, COURT STAFF) (Filed on 4/10/2013) (Entered: 04/12/2013) |
| 04/16/2013 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Foster Wheeler LLC.. (Moses, Thomas) (Filed on 4/16/2013) (Entered: 04/16/2013) |
| 04/16/2013 | 6 | AFFIDAVIT re 1 Notice of Removal, 2 ADR Scheduling Order, 3 Certificate of |

| | Interested Entities, 4 Notice (Other) *Certificate of Service of Removal Filing* by Foster Wheeler LLC. (Moses, Thomas) (Filed on 4/16/2013) (Entered: 04/16/2013) |
| --- | --- |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/16/2013 12:42:34 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2844 |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-01618-JSC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** AIR & LIQUID SYSTEMS CORPORATION
**(AVISO AL DEMANDADO):** [ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:** BOBBIE E. THOMAS
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

FEB 13 2013

CLERK OF THE SUPERIOR COURT
By _____ M. Cohen _____
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California
1225 Fallon Street
Oakland 94612

CASE NUMBER:
(Número del Caso):
RG13667879

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Timothy F. Pearce (SBN 215223)    (415) 426-3000    (415) 426-3001
LEVIN SIMES LLP
353 Sacramento Street, 20th Floor
San Francisco, CA 94111

DATE: FEB 13 2013        Pat S. Sweeten        Clerk, by ___ M. Cohen ___, Deputy
(Fecha)                                        (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): FOSTER WHEELER, LLC

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE: BOBBIE E. THOMAS v. AIR & LIQUID SYSTEMS CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AIR & LIQUID SYSTEMS CORPORATION;
ALLIED PACKING & SUPPLY, INC.;
ARMSTRONG INTERNATIONAL, INC.;
ASBESTOS CORPORATION, LTD.;
AURORA PUMP COMPANY;
BORG-WARNER CORPORATION BY ITS SUCCESSOR-IN-INTEREST TO BORG-WARNER MORSE TEC, INC;
BYRON JACKSON PUMPS, INC.;
CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR-BY-MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION;
CERTAINTEED CORPORATION;
CRANE CO.; INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO STOCKHAM VALVES & FITTING, INC.;
CROSBY VALVE, INC.;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;
FOSTER WHEELER LLC;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOULDS PUMP, INCORPORATION;
HILLS BROTHERS CHEMICAL COMPANY;
HONEYWELL INTERNATIONAL, INC., FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
HOPEMAN BROTHERS, INC.;
IMO INDUSTRIES, INC. FKA IMO DELAVAL, INC.;
KENTILE FLOORS, INC.;
KUNKLE INDUSTRIES, INC.;
MECHANICAL DRIVES & BELTING, FKA L.A. RUBBER CO.;
METALCLAD INSULATION CORPORATION;
MUELLER WATER PRODUCTS, INC., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO, AND FKA U.S. PIPE;
O.G. SUPPLY, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;
RAPID-AMERICAN CORPORATION;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY;
SYD CARPENTER MARINE CONTRACTOR, INC.;
THE WILLIAM POWELL COMPANY;
THOMAS DEE ENGINEERING COMPANY, INC.;
TRANE U.S., INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO KEWANEE BOILER;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
WEIR VALVE & CONTROLS USA, INC., FKA ATWOOD MORRILL CO., INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ATWOOD & MORRILL CO., INC.,
YARWAY CORPORATION;
and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

1  WILLIAM A. LEVIN, ESQ. (SBN 98592)
2  TIMOTHY F. PEARCE, ESQ. (SBN 215223)
   **LEVIN SIMES LLP**
3  353 Sacramento Street, 20th Floor
   San Francisco, California 94111
4  Telephone     (415) 426-3000
   Facsimile     (415) 426-3001
5  wlevin@levinsimes.com
   tpearce@levinsimes.com
6  Attorneys for Plaintiff
7  BOBBIE E. THOMAS

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2013

CLERK OF THE SUPERIOR COURT
By _____ M. Cohen Deputy

8                 **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF ALAMEDA**

10                  (UNLIMITED JURISDICTION)

11 | BOBBIE E. THOMAS,                          | Case No.
12 |                              Plaintiff,    | **COMPLAINT FOR DAMAGES**
13 |                   vs.                      | 1.     NEGLIGENCE;
14 | AIR & LIQUID SYSTEMS CORPORATION;          | 2.     STRICT LIABILITY;
   | ALLIED PACKING & SUPPLY, INC.;             |
15 | ARMSTRONG INTERNATIONAL, INC.;             | And Request for PUNITIVE
   | ASBESTOS CORPORATION, LTD.;                | DAMAGES,
16 | AURORA PUMP COMPANY;                       |
   | BORG-WARNER CORPORATION BY ITS             | (Personal Injury)
17 | SUCCESSOR-IN-INTEREST TO BORG-WARNER       | (Asbestos)
   | MORSE TEC, INC;
18 | BYRON JACKSON PUMPS, INC.;
   | CBS CORPORATION, A DELAWARE CORPORATION,
19 | FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR-
   | BY-MERGER TO CBS CORPORATION, A
20 | PENNSYLVANIA CORPORATION, FORMERLY
   | KNOWN AS WESTINGHOUSE ELECTRIC
21 | CORPORATION;
   | CERTAINTEED CORPORATION;
22 | CRANE CO.; INDIVIDUALLY AND AS SUCCESSOR-
   | IN-INTEREST TO STOCKHAM VALVES & FITTING,
23 | INC.;
   | CROSBY VALVE, INC.;
24 | CROWN, CORK & SEAL, INDIVIDUALLY AND AS
   | SUCCESSOR-IN-INTEREST TO MUNDET CORK;
25 | FOSTER WHEELER LLC;
   | GENERAL ELECTRIC COMPANY;
26 | GEORGIA-PACIFIC CORPORATION;
   | GOULDS PUMP, INCORPORATION;
27 | HILLS BROTHERS CHEMICAL COMPANY;
   | HONEYWELL INTERNATIONAL, INC., FKA ALLIED
28 | SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-

773146_1.DOC                   - 1 -        COMPLAINT FOR DAMAGES

IN-INTEREST TO THE BENDIX CORPORATION;
HOPEMAN BROTHERS, INC.;
IMO INDUSTRIES, INC. FKA IMO DELAVAL, INC.;
KENTILE FLOORS, INC.;
KUNKLE INDUSTRIES, INC.;
MECHANICAL DRIVES & BELTING, FKA L.A.
RUBBER CO.;
METALCLAD INSULATION CORPORATION;
MUELLER WATER PRODUCTS, INC.,
INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST,
PARENT ALTER EGO, AND FKA U.S. PIPE;
O.G. SUPPLY, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO SACOMO
SIERRA AND SACOMO MANUFACTURING
COMPANY;
RAPID-AMERICAN CORPORATION;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA
SOCO-LYNCH CORPORATION, INDIVIDUALLY AND
AS SUCCESSOR-IN-INTEREST TO WESTERN
CHEMICAL & MANUFACTURING COMPANY;
SYD CARPENTER MARINE CONTRACTOR, INC.;
THE WILLIAM POWELL COMPANY;
THOMAS DEE ENGINEERING COMPANY, INC.;
TRANE U.S., INC., FKA AMERICAN STANDARD, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
TO KEWANEE BOILER;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
WEIR VALVE & CONTROLS USA, INC., FKA
ATWOOD MORRILL CO., INC., INDIVIDUALLY AND
AS SUCCESSOR-IN-INTEREST TO ATWOOD &
MORRILL CO., INC.,
YARWAY CORPORATION;
and the FIRST DOE through THREE HUNDREDTH DOE,
inclusive,

Defendants.

## GENERAL ALLEGATIONS

1.    The true names and capacities, whether individual, corporate, associate, governmental or

otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to

Plaintiff at this time and Plaintiff therefore sues said defendants by such fictitious names.  When the true

names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint

accordingly.  Plaintiff is informed and believes, and thereon alleges, that each defendant designated

herein as a DOE is responsible, negligently or in some other actionable manner, for the events and

happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiff,

773146_1.DOC                                    - 2 -        COMPLAINT FOR DAMAGES

1  as hereinafter alleged.

2      2.      At all times herein mentioned, each of the defendants, except as otherwise alleged, was the

3  agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said

4  times, each defendant was acting in the full course and scope of said agency, service, employment

5  and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other

6  individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff,

7  BOBBIE E. THOMAS; and such defendants, as co-conspirators, are liable for the acts, or failures to act,

8  of other conspiring defendants.

9      3.      Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned,

10  defendants, AIR & LIQUID SYSTEMS CORPORATION; ALLIED PACKING & SUPPLY, INC.;

11  ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; AURORA PUMP

12  COMPANY; BORG-WARNER CORPORATION BY ITS SUCCESSOR-IN-INTEREST TO BORG-

13  WARNER MORSE TEC, INC; BYRON JACKSON PUMPS, INC.; CBS CORPORATION, A

14  DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR-BY-

15  MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN

16  AS WESTINGHOUSE ELECTRIC CORPORATION; CERTAINTEED CORPORATION; CRANE

17  CO. INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO STOCKHAM VALVES &

18  FITTING, INC.; CROSBY VALVE, INC.; CROWN, CORK & SEAL, INDIVIDUALLY AND AS

19  SUCCESSOR-IN-INTEREST TO MUNDET CORK; FOSTER WHEELER LLC; GENERAL

20  ELECTRIC COMPANY; GEORGIA-PACIFIC CORPORATION; GOULDS PUMP,

21  INCORPORATION; HILLS BROTHERS CHEMICAL COMPANY; HONEYWELL

22  INTERNATIONAL, INC., FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-

23  IN-INTEREST TO THE BENDIX CORPORATION; HOPEMAN BROTHERS, INC.; IMO

24  INDUSTRIES, INC. FKA IMO DELAVAL, INC.; KENTILE FLOORS, INC.; KUNKLE

25  INDUSTRIES, INC.; MECHANICAL DRIVES & BELTING, FKA L.A. RUBBER CO.;

26  METALCLAD INSULATION CORPORATION; MUELLER WATER PRODUCTS, INC.,

27  INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO, AND FKA U.S. PIPE;

28  O.G. SUPPLY, INC.; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS

1  SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING

2  COMPANY; RAPID-AMERICAN CORPORATION; SOCO-WEST, INC. FKA BRENNTAG WEST,

3  INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-

4  INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY; SYD CARPENTER

5  MARINE CONTRACTOR, INC.; THE WILLIAM POWELL COMPANY; THOMAS DEE

6  ENGINEERING COMPANY, INC.; TRANE U.S., INC., FKA AMERICAN STANDARD, INC.,

7  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO KEWANEE BOILER; UNION

8  CARBIDE CORPORATION; WARREN PUMPS, LLC; WEIR VALVE & CONTROLS USA, INC.,

9  FKA ATWOOD MORRILL CO., INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

10  ATWOOD & MORRILL CO., INC., YARWAY CORPORATION; and the FIRST DOE through

11  THREE HUNDREDTH DOE, inclusive, are corporations and/or limited liability companies organized

12  and existing under and by virtue of the laws of the State of California, or the laws of some state or

13  foreign jurisdiction, and that said defendants were and are authorized to do, and are doing business in

14  the State of California and that said defendants have regularly conducted business in the County of

15  Alameda, State of California.  The defendants identified in this paragraph are collectively hereinafter

16  referred to as "**ASBESTOS DEFENDANTS**".

17  4.      At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor,

18  successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or

19  partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing,

20  assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting,

21  handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair,

22  install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products

23  containing said substance.  Said entities shall hereinafter collectively be called "alternate entities".  Each

24  of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor,

25  successor in business, successor in product line or a portion thereof,  assign, predecessor, predecessor in

26  business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial

27  owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that designed,

28  manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised, warranted,

773146_1.DOC                          - 4 -       COMPLAINT FOR DAMAGES

1  handled, disturbed, serviced, repaired, installed, removed and/or contracted to handle, disturb, service,

2  repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other

3  products containing said substance.  The following **ASBESTOS DEFENDANTS**, and each of them, are

4  liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual

5  destruction of Plaintiffs remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and

6  each of them, have acquired the assets and product line of each such "alternate entity"; **ASBESTOS**

7  **DEFENDANTS**, and each of them, caused the destruction of Plaintiffs remedy against each such

8  "alternate entity"; each such **ASBESTOS DEFENDANT** has the ability to assume the risk-spreading

9  role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANT** enjoys the goodwill

10  originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CROWN, CORK & SEAL | MUNDET CORK |
| BORG-WARNER CORPORATION | BORG-WARNER MORSE TEC, INC. |
| CBS CORPORATION | VIACOM, INC., SUCCESSOR-BY-MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION |
| CRANE. CO. | STOCKHAM VALVES & FITTING, INC.; |
| HONEYWELL INTERNATIONAL, INC. | ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION |
| IMO INDUSTRIES | IMO DELAVAL, INC. |
| MECHANICAL DRIVES & BELTING | L.A. RUBBER CO. |
| MUELLER WATER PRODUCTS INC. | U.S. PIPE |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION; WESTERN CHEMICAL & MANUFACTURING COMPANY |
| TRANE U.S. INC. | AMERICAN STANDARD, INC. AND KEWANEE BOILER |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| WEIR VALVE & CONTROLS USA, INC. | ATWOOD MORRILL CO., INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ATWOOD & MORRILL CO., INC |

### FIRST CAUSE OF ACTION – NEGLIGENCE

#### (Personal Injuries)

*PLAINTIFF BOBBIE E. THOMAS COMPLAINS OF DEFENDANTS, AND EACH OF THEM*

*AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES*

    5.    Plaintiff re-alleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

    6.    Plaintiff BOBBIE E. THOMAS alleges exposure to asbestos at locations or jobsites which include but are not limited to the following:

| Employer & Dates | Jobsite(s) | Activities/Job Duties |
|---|---|---|
| U.S. Marines 1951-1954 | USS John Pope, Korea, Paris Island, Camp Pendleton, Treasure Island | Private |
| U.S. Army 1955-1960 | Germany, Arkansas, Kentucky | Paratrooper |
| General Motors 1954-1955 | South Gate, CA | Assembly Line |
| Douglas Aircraft (Approx. 1 year) | Long Beach, CA | Machinist |
| Todd Shipyard 1963-1979 | Los Angeles, CA; Long Beach Shipyard, CA | Shipfitter/Pipefitter |
| Home Repair 1965 | Lakewood, CA | Home Renovation |
| Home Repair 1971 | At residence | Home Renovation |
| Personal auto repair | At residence | Maintained own personal vehicles. |

773146_1.DOC          - 6 -      COMPLAINT FOR DAMAGES

7.     At all times herein mentioned, **ASBESTOS DEFENDANTS** and each of them were engaged in the business of designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance; or are engaged in the business of designing, manufacturing, selling, supplying distributing, and marketing safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos and/or asbestos-containing products and materials in the workplace and other locations.

8.     At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, advertised, warranted, warned and/or failed to warn, handled, disturbed, serviced, repaired, installed, removed, and/or contracted to handle, disturb, service, repair, install, and/or remove, inspected and/or failed to inspect  certain substance, the generic name of which is asbestos, and/or other products containing said substance; and  substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, bystanders and others, including but not limited to Plaintiff herein, while being used in a manner reasonably foreseeable to **ASBESTOS DEFENDANTS,** thereby rendering said substance and said products unsafe and dangerous to the users, consumers, workers, bystanders and others exposed thereto.

9.     At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them, designed, manufactured, sold, supplied, distributed, marketed, advertised and warranted finished products which incorporated asbestos and asbestos parts and materials therein by design, and which were designed to be used with asbestos and other products and materials containing asbestos; and each of the aforementioned finished products was designed and manufactured in such a manner that the ordinary use, operation, repair, maintenance, installation and/or removal of said finished products resulted in the release of respirable asbestos fiber such that persons, including Plaintiff, that worked with and/or around such products, as well as persons who came into contact with such persons, were exposed

1   to and inhaled asbestos fiber. Moreover, each **ASBESTOS DEFENDANT** designed, manufactured,

2   sold, supplied, distributed, marketed, advertised and labeled finished products, which were defective, in

3   that their ordinary foreseeable use, operation, installation, repair and/or removal caused the degradation

4   of integrated asbestos-containing materials parts and components which were incorporated therein by

5   design, both as original equipment and replacement parts.  As a result of such degradation, the asbestos

6   materials contained in said finished products became friable and released airborne, respirable asbestos

7   that users, consumers, workers, bystanders, and others including Plaintiff were exposed to and inhaled.

8   Said exposure substantially contributed to, and caused Plaintiffs injuries alleged herein, including

9   Plaintiffs development of malignant mesothelioma.

10          10.    It was foreseeable to each **ASBESTOS DEFENDANT** that the original asbestos and

11   other asbestos-containing materials, parts and components incorporated into **ASBESTOS**

12   **DEFENDANTS'** finished products, would from time to time, be removed and replaced with new

13   asbestos-containing materials and components as the result of the ordinary and foreseeable operation,

14   use, maintenance and repair of **ASBESTOS DEFENDANTS** products, and that the ordinary operation

15   and use of each of the **ASBESTOS DEFENDANTS** products would affect and degrade both the

16   original asbestos-containing materials parts and components, as well as the replacement asbestos-

17   containing materials parts and components by making them brittle, friable and not reusable.  It was

18   foreseeable to each **ASBESTOS DEFENDANT** that the process of removing the asbestos materials and

19   components incorporated into their products and replacing them with new asbestos materials during

20   ordinary repair and maintenance would further disturb the degraded asbestos-containing materials parts

21   and components contained therein and result in the release of asbestos fibers into the air thereby causing

22   exposure to and inhalation of asbestos fibers by users, consumers, workers, bystanders and others

23   including the Plaintiff herein.  Each **ASBESTOS DEFENDANT** failed to provide any adequate

24   warning to Plaintiff or to similarly situated users, consumers, workers and bystanders of the risks

25   inherent in the replacement of asbestos containing materials, parts and components from **ASBESTOS**

26   **DEFENDANTS'** finished products and failed to warn Plaintiff, other workers and bystanders that their

27   finished product was designed and manufactured in such a way that the asbestos-containing materials,

28   parts and components incorporated therein would be made friable and release asbestos fiber.

773146_1.DOC                              - 8 -     COMPLAINT FOR DAMAGES

11.     Plaintiff herein is a worker, consumer and bystander who used, handled, serviced, repaired, disturbed, installed and/or removed, and/or was around others who used, handled, serviced, repaired, disturbed, installed and/or removed the asbestos and/or asbestos-containing products, as well as the finished products whose defective design and manufacture caused the release of asbestos referred to herein, and Plaintiff was exposed to asbestos in a manner that was reasonably foreseeable to **ASBESTOS DEFENDANTS** and each of them.

12.     As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, Plaintiff has suffered severe and permanent malignant injuries, including, but not limited to, mesothelioma and other bodily damaged, all to his general damages in a sum invoking the unlimited jurisdiction of the Court.

13.     Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive, terminal and latent form of cancer caused by inhalation of asbestos fibers.

14.     At the time of his exposure to asbestos, Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working with or around asbestos and/or products which contained and/or incorporated asbestos.

15.     As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS** and each of them, Plaintiff has incurred, is presently incurring and will incur in the future liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical care and treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

16.     Plaintiff BOBBIE E. THOMAS has lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

17.     In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising marketing, servicing, repairing, disturbing installing and/or removing said products, **ASBESTOS DEFENDANTS** and each of them, did so with conscious disregard for the safety of the users, consumers of said product, as well as bystanders and others who would foreseeably come into

contact with said products and/or the asbestos released therefrom. **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to increased risk of developing severer and terminal diseases such as mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, industrial literature and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

18.    On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

19.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to design, manufacture, sell, distribute, advertise, warrant, handle, service, repair, disturb, install and/or remove said asbestos and asbestos-containing products without attempting to protect users, consumers, bystanders and others who would foreseeably be exposed to asbestos from such products and activities of the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to warn and/or protect users, workers, bystanders and others from the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively concealed and suppressed said knowledge from users, workers, consumers, bystanders and other members of the general public including Plaintiff herein.

20.    The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products, as well as the continuing uninterrupted

business of handling, repairing, servicing, disturbing, installing and/or removing of asbestos and/or asbestos-containing products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of those who work with and around said asbestos and asbestos-containing products, as well as all of those who would foreseeably be exposed to asbestos as a result of **ASBESTOS DEFENDANTS'** conduct. **ASBESTOS DEFENDANTS** were consciously willing to permit asbestos and asbestos products to cause injury to users and consumers thereof, as well as workers, bystanders and all others who would foreseeably be exposed to asbestos released from such asbestos and/or asbestos-containing products, including but not limited to Plaintiff herein.

21.     As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiff, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## SECOND CAUSE OF ACTION – STRICT LIABILITY

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE **ASBESTOS DEFENDANTS** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

22.     Plaintiff re-alleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

23.     **ASBESTOS DEFENDANTS** and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed, warranted, a certain substance, the generic name of which is asbestos and other products containing said substance. which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to users, consumers, bystanders and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Plaintiff herein, while said asbestos and products

containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

24. As a direct and proximate result of the conduct, acts and omissions of each of the **ASBESTOS DEFENDANTS** as set forth above, Plaintiff has suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

WHEREFORE, Plaintiff BOBBIE E. THOMAS prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1. For Plaintiffs' general damages according to proof;

2. For Plaintiff BOBBIE E. THOMAS' medical and related expenses according to proof;

3. For Plaintiffs' prejudgment interest according to proof, pursuant to Civil Code section 3288;

4. For loss of income according to proof;

5. For Plaintiffs' costs of suit herein;

6. As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and

7. For such other and further relief as this Court deems just and proper.


Dated:  February 13, 2013          **LEVIN SIMES LLP**



                                   Timothy F. Pearce, Esq.
                                   Attorneys for Plaintiff