ADRMOP

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:13-cv-01669-MEJ

Kuhnau et al v. Allied Packing & Supply, Inc. et al
Assigned to: Magistrate Judge Maria-Elena James
Case in other court: Alameda County Superior Court, RG 12-630145
Cause: 28:1331 Fed. Question

Date Filed: 04/12/2013
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Jeanene Kuhnau**
*individually and on behalf of the Estate of Quentin Kuhnau*

represented by **Sean P. Worsey**
LEVIN SIMES
353 Sacramento Street
20th Floor
San Francisco, CA 94111
415-426-3000
Fax: 415-426-3001
Email: sworsey@levinsimes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Levin**
Levin Simes LLP
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
415-426-3000
Fax: 415-426-3001
Email: wlevin@levinsimes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Kuhnau**

represented by **Sean P. Worsey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diana Williams**
*Decedent*

represented by **Sean P. Worsey**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Levin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**Ameron International Corporation**
*individually and as Successor-in-interest to American Pipe & Construction Co.*

**Defendant**

**Armstrong International, Inc.**          represented by **Karen Lenae Moore**
Low Ball Lynch
505 Montgomery Street
7th Floor
San Francisco, CA 94111
United Sta
(415) 981-6630
Fax: (415) 339-1506
Email: kmoore@lowball.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sonja E. Blomquist**
Low, Ball & Lynch
505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
415-981-6630
Fax: 415-982-1634
Email: sblomquist@lowball.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**A.W. Chesterson Company**

**Defendant**

**Burnham Corporation**

**Defendant**

**Carrier Corporation**

**Defendant**

**CBS Corporation**
*a Delaware corporation, formerly known as* Viacom Inc.

**Defendant**

**Clayton Industries**

**Defendant**

**Consolidated Supply Co.**

represented by **Eugene C. Blackard**
Archer Norris, Attorneys at Law
2033 North Main Street
Suite 800
P.O. Box 8035
Walnut Creek, CA 94596
925-930-6600
Fax: 925-930-6620
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ioana Mondescu**
Archer Norris
2033 North Main Street
Suite 800
Walnut Creek, CA 94523
925-930-6600 (ext. 235)
Fax: 925-930-6620
Email: imondescu@archernorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**
*and as successor-in-interest to Chapman Valve Co.*

represented by **Bogdan-Alexandru Albu**
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, Ca 94111
415-882-8200
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
K&L Gates LLP
Four Embarcadero Center, Suite 1200

San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.,**
*formerly known as*
Pacific Boiler Corporation

**Defendant**

**Crown, Cork & Seal**
*and as successor-in-interest to Mundet Cork*

**Defendant**

**Douglass Insulation Co Inc**

**Defendant**

**Emerson Electric Co.**
*and as successor-in-interest and parent alter ego to Asco Valve, Inc.*

**Defendant**

**Familian Corporation**
*doing business as*
Familian Pipe & Supply

**Defendant**

**Familian Northwest, Inc.**
*also known as*
Ferguson Enterprises, Inc.

**Defendant**

**Ferguson Enterprises, Inc.**
*and as successor-in-interest to Familian Corporation*
*doing business as*
Familian Pipe & Supply

**Defendant**

**FMC Corporation**
*and as successor-in-interest to Peerless Pump Company*

**Defendant**

**Georgia-Pacific Corporation** represented by **David T. Biderman**

Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000
Fax: 415-344-7050
Email: dbiderman@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Dean Sentlinger**
Perkins Coie LLP
4 Embarcadero Center
Suite 2400
San Francisco, CA 94111
415-344-7072
Fax: 415-344-7288
Email: esentlinger@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Grinnell, LLC**

**Defendant**

**Honeywell International Inc.**
*and as successor-in-interest to The Bendix Corporation*
*formerly known as*
Allied Signal Inc

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**ITT Corporation**
*and as successor-in-interest to Bell & Gossett*
*formerly known as*
ITT Industries, Inc.

**Defendant**

**J.S. Guerin & Company**

**Defendant**

**J.T. Thorpe & Son, Inc.**
*and as successor-in-interest to J.T. Thorpe Northwest, Inc.*

**Defendant**

**Kaiser Gypsum Company Inc.**

**Defendant**

**Kelly-Moore Paint Company, Inc.**

**Defendant**

**Oakfabco, Inc.**
*and as successor-in-interest to Kewanee Boiler Corporation*

**Defendant**

**Owens-Illinios, Inc.**

**Defendant**

**Paker-Hannifin Corporation**
*and as successor-in-interest to Sacomo Sierra and Sacomo Manufacturing Company*

**Defendant**

**Peerless Pacific Company of Oregon**

**Defendant**

**Rapid American Corp.**
*and as successor-in-interest to Philip Carey Manufacturing Corp.*

**Defendant**

**Soco-West, Inc.**
*and as successor-in-interest to Western Chemical & Manufacturing Company*
*formerly known as*
Brenntag West, Inc.
*formerly known as*
Soco-Lynch Corporation

**Defendant**

**Sterling Fluid Systems (USA) LLC**
*formerly known as*
Peerless Pump Company

**Defendant**

**Thermal Ceramics, Inc.**
*and as successor-in-interest to International Vermiculite*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Trane U.S., Inc.**
*and as successor-in-interest to Kewanee Boiler Corporation*
*formerly known as*
American Standard, Inc.

**Defendant**

**Yarway Corporation**

**Defendant**

**Zurn Industries, LLC**
*and as successor-in-interest to Zurn Industries, Inc.*

**Defendant**

**Erie City Iron Works and Keystone Boiler**

**Defendant**

**Doe 11 to 300**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2013 | 1 | NOTICE OF REMOVAL /no process from Alameda County Superior Court. Their case number is RG 12-630145. (Filing fee $350 receipt number 44611010269). Filed byCrane Co.. (gaS, COURT STAFF) (Filed on 4/12/2013) (Entered: 04/17/2013) |
| 04/12/2013 | 2 | Certificate of Interested Entities by Crane Co. re 1 Notice of Removal (gaS, COURT STAFF) (Filed on 4/12/2013) (Entered: 04/17/2013) |
| 04/12/2013 | 3 | NOTICE OF TAG ALONG ACTION by Crane Co. (gaS, COURT STAFF) (Filed on 4/12/2013) (Entered: 04/17/2013) |
| 04/12/2013 | 4 | CERTIFICATE OF SERVICE by Crane Co. re 1 Notice of Removal, 3 Notice (Other), 2 Certificate of Interested Entities (gaS, COURT STAFF) (Filed on 4/12/2013) (Entered: 04/17/2013) |
| 04/12/2013 | 5 | **ADR SCHEDULING ORDER: Case Management Statement due by 7/4/2013. Case Management Conference set for 7/11/2013 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 4/12/13. (Attachments: # 1 Standing Order)(gaS, COURT STAFF) (Filed on 4/12/2013) (Entered: 04/17/2013)** |
| 04/22/2013 | 6 | NOTICE by Crane Co. *NOTICE OF MANUAL FILING* (Albu, Bogdan-Alexandru) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/22/2013 | 7 | ANSWER to Complaint with JURY DEMAND byCrane Co.. (Albu, Bogdan- |

| | | |
|---|---|---|
| | | Alexandru) (Filed on 4/22/2013) (Entered: 04/22/2013) |
| 04/23/2013 | 8 | ANSWER to Complaint byArmstrong International, Inc.. (Blomquist, Sonja) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 | 9 | Certificate of Interested Entities by Armstrong International, Inc. re 8 Answer to Complaint (Blomquist, Sonja) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 | 10 | NOTICE of Appearance by Sonja E. Blomquist (Blomquist, Sonja) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 | 11 | MOTION to Dismiss for Lack of Jurisdiction filed by Consolidated Supply Co.. Motion Hearing set for 5/30/2013 10:00 AM in Courtroom B, 15th Floor, San Francisco before Magistrate Judge Maria-Elena James. Responses due by 5/7/2013. Replies due by 5/14/2013. (Attachments: # 1 Declaration Robert Bruce in support of motion, # 2 Declaration Ioana Mondescu in support of motion, # 3 Request for Judicial Notice, # 4 Proposed Order)(Mondescu, Ioana) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/24/2013 | 12 | ERRATA re 11 MOTION to Dismiss for Lack of Jurisdiction *By Specially Appearing Defendant* by Consolidated Supply Co.. (Mondescu, Ioana) (Filed on 4/24/2013) (Entered: 04/24/2013) |
| 04/25/2013 | 13 | NOTICE by Armstrong International, Inc. *of Initial Disclosures* (Blomquist, Sonja) (Filed on 4/25/2013) (Entered: 04/25/2013) |
| 04/26/2013 | 14 | NOTICE by Georgia-Pacific Corporation *of Re-Filing State Court Answer to First Amended Complaint* (Sentlinger, Eric) (Filed on 4/26/2013) (Entered: 04/26/2013) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2013 08:49:04 | | | |
| **PACER Login:** | kl0203 | **Client Code:** | 0213660.00934/11427 |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-01669-MEJ |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

3/13/13 @ 2:40p.

**AMENDED SUMMONS**
***(CITACION JUDICIAL)***

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

FEB 13 2013

CLERK OF THE SUPERIOR COURT
By M. Cohen Deputy

**NOTICE TO DEFENDANT:** ALLIED PACKING & SUPPLY, INC., [see
***(AVISO AL DEMANDADO):*** attachment for additional defendants]

**YOU ARE BEING SUED BY PLAINTIFF:** JEANENE KUHNAU, individually
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** and on Behalf of the Estate of QUENTIN KUHNAU, Decdent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California County of Alameda
1225 Fallon Street

Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG 12 630145

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sean P. Worsey [SBN 215807] (415) 426-3000 (415) 426-3001
Levin Simes LLP
353 Sacramento St., 20th Floor
San Francisco, CA 94111

DATE: *(Fecha)* FEB 13 2013 Pat S. Sweeten Clerk, by *(Secretario)* M. Cohen, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Case MDL No. 875 Document 9333-1 Filed 05/01/13 Page 11 of 27

SUM-200(A)

| SHORT TITLE: Quentin Kuhnau and Jeanene Kuhnau vs. A.W. Chesterton Company, et al. | CASE NUMBER: RG 12 630145 |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

ALLIED PACKING & SUPPLY, INC.;
AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE & CONSTRUCTION CO.;
ARMSTRONG INTERNATIONAL, INC.;
ASBESTOS CORPORATION, LTD.;
A.W. CHESTERTON COMPANY;
BURNHAM CORPORATION;
CARRIER CORPORATION;
CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION;
CLAYTON INDUSTRIES;
CONSOLIDATED SUPPLY CO.;
~~CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.;~~
CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER CORPORATION;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;
DOUGLASS INSULATION CO., INC.;
EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE, INC.;
FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY;
FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.;
FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.;
FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY;
GEORGIA-PACIFIC CORPORATION;
GENERAL ELECTRIC COMPANY;
GRINNELL LLC;
HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
INGERSOLL-RAND COMPANY;
ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT;
J. S. GUERIN & COMPANY;
J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE NORTHWEST, INC.;
KAISER GYPSUM COMPANY, INC.;
KELLY-MOORE PAINT COMPANY, INC.;
OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA KEWANEE BOILER CORPORATION;
OWENS-ILLINOIS, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;

Page 1 of 2
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Legal Solutions Plus

SUM-200(A)

| SHORT TITLE: Quentin Kuhnau and Jeanene Kuhnau vs. A.W. Chesterton Company, et al. | CASE NUMBER: RG 12 630145 |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

PEERLESS PACIFIC COMPANY OF OREGON;
RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO PHILIP CAREY MANUFACTURING CORP.;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY;
STERLING FLUID SYSTEMS (USA) LLC,
FORMERLY KNOWN AS PEERLESS PUMP COMPANY;
THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE;
UNION CARBIDE CORPORATION;
TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION;
YARWAY CORPORATION;
ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER;
and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal Solutions Plus

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
wlevin@levinsimes.com
sworsey@levinsimes.com

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2013

CLERK OF THE SUPERIOR COURT
By M. Cohen

Attorneys for Plaintiffs

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

(UNLIMITED JURISDICTION)

JEANENE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, DONALD KUHNAU, DIANA WILLIAMS Decedent; and DOES ONE through TEN, inclusive,

Plaintiffs,

vs.

ALLIED PACKING & SUPPLY, INC.; AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE & CONSTRUCTION CO.; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; BURNHAM CORPORATION; CARRIER CORPORATION; CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION; CLAYTON INDUSTRIES; CONSOLIDATED SUPPLY CO.; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.; CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER

Case No. RG 12 630145

Assigned For All Pre-Trial Purposes to Judge Jo-Lynne Q. Lee Department 30

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**(Wrongful Death)**
**(Asbestos)**

1. **Negligence**
2. **Strict Liability**
3. **Survival Action**

COPY

CORPORATION;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;
DOUGLASS INSULATION CO., INC.;
EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE, INC.;
FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY;
FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.;
FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.;
FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY;
GEORGIA-PACIFIC CORPORATION;
GENERAL ELECTRIC COMPANY;
GRINNELL LLC;
HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
INGERSOLL-RAND COMPANY;
ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT;
J. S. GUERIN & COMPANY;
J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE NORTHWEST, INC.;
KAISER GYPSUM COMPANY, INC.;
KELLY-MOORE PAINT COMPANY, INC.;
OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA KEWANEE BOILER CORPORATION;
OWENS-ILLINOIS, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;
PEERLESS PACIFIC COMPANY OF OREGON;
RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO PHILIP CAREY MANUFACTURING CORP.;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL &

MANUFACTURING COMPANY;
STERLING FLUID SYSTEMS (USA) LLC, FORMERLY KNOWN AS PEERLESS PUMP COMPANY;
THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE;
UNION CARBIDE CORPORATION;
TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION;
YARWAY CORPORATION;
ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER;
and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive,

Defendants.

## GENERAL ALLEGATIONS

1. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Decedent, as hereinafter alleged.

2. At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff QUENIN KUHNAU; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiff is informed and believes, and thereon alleges, that at all times

herein mentioned, defendants, ALLIED PACKING & SUPPLY, INC.; AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE & CONSTRUCTION CO.; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; BURNHAM CORPORATION; CARRIER CORPORATION; CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION; CLAYTON INDUSTRIES; CONSOLIDATED SUPPLY CO.; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.; CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER CORPORATION; CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK; DOUGLASS INSULATION CO., INC.; EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE, INC.; FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY; FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.; FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.; FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY; GEORGIA-PACIFIC CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL LLC; HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; INGERSOLL-RAND COMPANY; ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT; J. S. GUERIN & COMPANY; J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE NORTHWEST, INC.; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA KEWANEE BOILER CORPORATION; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY; PEERLESS PACIFIC COMPANY OF OREGON; RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO PHILIP CAREY MANUFACTURING CORP.; SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY; STERLING FLUID SYSTEMS (USA) LLC, FORMERLY KNOWN AS PEERLESS PUMP COMPANY; THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE; UNION CARBIDE CORPORATION; TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION; YARWAY CORPORATION; ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER; and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Alameda, State of California. The defendants identified in this paragraph are collectively hereinafter referred to as "**ASBESTOS DEFENDANTS**".

3. At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff, QUENTIN KUHNAU; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, ALLIED PACKING & SUPPLY, INC.; AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE & CONSTRUCTION CO.; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; BURNHAM CORPORATION; CARRIER

CORPORATION; CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION; CLAYTON INDUSTRIES; CONSOLIDATED SUPPLY CO.; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.; CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER CORPORATION; CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK; DOUGLASS INSULATION CO., INC.; EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE, INC.; FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY; FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.; FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.; FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY; GEORGIA-PACIFIC CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL LLC; HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; INGERSOLL-RAND COMPANY; ITT CORPORATION FKA ITT INDUSTRIES, INC.; INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT; J. S. GUERIN & COMPANY; J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE NORTHWEST, INC.; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA KEWANEE BOILER CORPORATION; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY; PEERLESS PACIFIC COMPANY OF OREGON; RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO PHILIP CAREY MANUFACTURING CORP.; SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO

WESTERN CHEMICAL & MANUFACTURING COMPANY; STERLING FLUID SYSTEMS (USA) LLC, FORMERLY KNOWN AS PEERLESS PUMP COMPANY; THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE; UNION CARBIDE CORPORATION; TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION; YARWAY CORPORATION; ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER; and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Alameda, State of California. The defendants identified in this paragraph are collectively hereinafter referred to as "**ASBESTOS DEFENDANTS**".

4. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for others, packaging and/or advertising a certain substance the generic name for which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic

name of which is asbestos, and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally attached to each such "alternate entity".

DEFENDANT ALTERNATE ENTITY

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMERON INTERNATIONAL CORPORATION | AMERICAN PIPE & CONSTRUCTION CO. |
| CBS CORPORATION | VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION |
| CRANE CO. | CHAPMAN VALVE CO. |
| CRANE CO. | PACIFIC BOILER CORPORATION |
| CROWN, CORK & SEAL | MUNDET CORK |
| EMERSON ELECTRIC CO. | ASCO VALVE, INC. |
| FAMILIAN CORPORATION | FAMILIAN PIPE & SUPPLY |
| FAMILIAN NORTHWEST, INC. | FERGUSON ENTERPRISES, INC. |
| FERGUSON ENTERPRISES, INC. | FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC. |
| FMC CORPORATION | PEERLESS PUMP COMPANY |
| HONEYWELL INTERNATIONAL, INC. | ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION |
| ITT CORPORATION | ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT |
| J. T. THORPE & SON, INC. | J. T. THORPE NORTHWEST, INC. |
| OAKFABCO, INC. | KEWANEE BOILER CORPORATION |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| RAPID AMERICAN CORP. | PHILIP CAREY MANUFACTURING CORP. |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY |
| STERLING FLUID SYSTEMS (USA) LLC | PEERLESS PUMP COMPANY |
| THERMAL CERAMICS, INC. | INTERNATIONAL VERMICULITE |
| TRANE U.S. INC. | AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST KEWANEE BOILER CORPORATION |
| ZURN INDUSTRIES, LLC | ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER |

**FIRST CAUSE OF ACTION-NEGLIGENCE**

(WRONGFUL DEATH)

*PLAINTIFFS JEANENE KUHNAU, DONALD KUHNAU, DIANA WILLIAMS and DOES ONE through TEN, Inclusive, COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:*

5. Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

6. Plaintiffs allege Decedent QUENTIN KUHNAU was exposed to asbestos at jobsites which include but are not limited to the following: Decedent QUENTIN KUHNAU worked from approximately 1941 through 1945 as a machinist in the U.S. Navy and as a Merchant Mariner. During this period, Decedent QUENTIN KUHNAU spent time in various California ports and shipyards, including in the San Francisco Bay Area. He then worked from approximately the mid 1940's through the early 1950's as an apprentice steamfitter at various locations in the Pacific Northwest. Decedent QUENTIN KUHNAU also worked for the Portland School District in Oregon as a steamfitter from approximately 1957 through the mid 1980's.

7. At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, installing, contracting for installation, scraping, fabricating, designing, assembling, distributing, leasing, buying, selling, modifying, disturbing, handling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of

manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

8. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, supplied, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, assembled, installed, removed, ground, abated, tore out, ripped out, drilled, dug out, swept up, discarded, threw away, cut, modified, handled, disturbed, serviced, and sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

9. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other products containing said substance. Each **ASBESTOS DEFENDANT** manufactured, distributed, sold and/or designed products in such a manner that it required the regular replacement of asbestos and/or other materials containing asbestos. Moreover, each **ASBESTOS DEFENDANT** defectively designed, sold, manufactured and/or distributed products which caused the degradation of integrated asbestos-containing products, which contributed to Plaintiff's Decedent's development of mesothelioma. This being so, even despite the fact that alternative feasible designs were available that would not cause degradation and release of asbestos fibers from the original and replacements asbestos materials to the same extent as the design chosen by **ASBESTOS DEFENDANTS**.

10. It was foreseeable to each **ASBESTOS DEFENDANT** that the original asbestos and other materials containing asbestos would be removed and replaced with new asbestos and/or other materials containing asbestos during ordinary operation and maintenance. Indeed, during the time period in question, most if not all, replacement materials were comprised of asbestos. The operation, use and repair of each of the **ASBESTOS DEFENDANTS** products would affect both the original and

replacement asbestos and other products containing asbestos by making them brittle, friable and not reusable. It was foreseeable to each **ASBESTOS DEFENDANT** that the process of removing asbestos materials incorporated into their products and replacing them with new asbestos materials during ordinary repair and maintenance would disturb asbestos and result in the release of asbestos fibers into the air, thereby exposing Plaintiffs' Decedent, other workers and bystanders. Each **ASBESTOS DEFENDANT** failed to warn Plaintiff's Decedent, other workers and bystanders of the risks inherent in the replacement of asbestos containing parts and failed to warn Plaintiffs' Decedent, other workers and bystanders that their product was designed to make asbestos friable.

11. Plaintiffs' Decedent herein was a worker who for or during a substantial length of time used, handled or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

12. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused Plaintiffs' Decedent to contract mesothelioma (cancer) from which he died on May 14, 2012.

13. Plaintiffs did not learn of the causal relationship between Decedent's exposure to asbestos and his death until less than one year before the date on which this complaint was filed.

14. Plaintiffs are the heirs of QUENTIN KUHNAU, deceased, herein referred to as "Decedent," as follows:

| | |
|---|---|
| JEANENE KUHNAU | Spouse |
| DONALD KUHNAU | Son |
| DIANA WILLIAMS | Daughter |

15. As a result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of Decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

16. As a further result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and the death of Decedent, Plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

17. Plaintiffs have lost pre-judgment interest pursuant to Civil Code Section 3288, the exact

amount of which Plaintiff prays leave to insert herein when finally ascertained.

18. As a further direct and proximate result of the said conduct of **ASBESTOS DEFENDANTS**, and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, pension, profits and commissions, a diminished earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this Complaint to conform to proof at the time of trial.

WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**SECOND CAUSE OF ACTION - STRICT LIABILITY**

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, JEANENE KUHNAU, individually and as Personal Representative to the Estate of QUENTIN KUHNAU, Decedent, DONALD KUHNAU, DIANA WILLIAMS; and DOES ONE through TEN, inclusive, COMPLAIN OF THE **ASBESTOS DEFENDANTS** AND EACH OF THEM, AND ALLEGE AS FOLLOWS:*

19. Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

20. **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, modified, handled, disturbed, inspected, repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and other products containing said substance, which substance is defective, in that same was capable of causing and did, in fact, cause personal injuries and/or death including mesothelioma and other lung damage and cancer, to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Decedent and others similarly situated were exposed.

21. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with their equipment would need to be removed

and replaced with new gaskets and packing during ordinary operation and maintenance of their equipment. Heat and pressure generated by operation would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

22. As a direct and proximate result thereof, Decedent suffered the injuries from which he subsequently died and Plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**THIRD CAUSE OF ACTION - SURVIVAL ACTION**

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JEANENE KUHNAU, as Personal Representative to the Estate of QUENTIN KUHNAU; Decedent, DONALD KUHNAU, DIANA WILLIAMS; and DOES ONE through TEN, inclusive, COMPLAINS OF* **ASBESTOS DEFENDANTS**, *AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGES:*

23. Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and make them a part of this, the Third Cause of Action, as though fully set forth herein.

24. Prior to his death, Decedent QUENTIN KUHNAU had a cause of action against **ASBESTOS DEFENDANTS** herein for personal injuries arising from his exposure to asbestos. On May 14, 2012, after the foregoing cause of action arose in his favor, QUENTIN KUHNAU, who would have been the Plaintiff in this action if he had lived, died late in the evening on May 14, 2012.

25. As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

26. As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent was prevented from attending to his usual occupation for a period of time

and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

27. In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

28. On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

29. With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

30. The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution

and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

31. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiffs' Decedent, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS** and each of them as follows:

1. For general damages according to proof;
2. For burial expenses according to proof;
3. For medical and related expenses according to proof;
4. For loss of income according to proof;
5. For punitive damages according to proof;
6. For loss of care, comfort and society.
7. For Plaintiffs' costs of suit herein; and
8. For such other and further relief as this Court deems just and proper, including costs as provided in CCP § 998, CCP § 1032 and related provisions of law.

Dated: February 12, 2013

**LEVIN SIMES LLP**

Sean P. Worsey
Attorneys for Plaintiffs