MDL 875
No. 2:08-CV-92132-ER

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| DANIEL S. WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   Civil Case No. 2:08-CV-92132-ER |
| | )   MDL 875 |
| vs. | ) |
| | )   (Transferred from CD-IL |
| | )    Case No. 2:99-CV-02177) |
| | ) |
| AC & S INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BORGWARNER MORSE TEC INC.'S MOTION TO VACATE THE CONDITIONAL REMAND ORDER OR, IN THE ALTERNATIVE, MODIFY ANY FINAL REMAND ORDER TO ALLOW FOR FURTHER DISCOVERY WITH INCORPORATED LEGAL BRIEF IN SUPPORT**

Defendant BorgWarner Morse TEC Inc. as successor-by-merger to Borg-Warner Corporation ("Defendant") under Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multi-District Litigation ("JPML"), moves to vacate the JPML's Conditional Remand Order ("CRO") of April 9, 2013. In the alternative, Defendant moves JPML to include an instruction to the transferor court in the final remand order that the parties be afforded a period of not less than six (6) months in which to conduct further discovery, including, but not limited to, deposing plaintiff, and plaintiff's fact and expert witnesses, and in support thereof states as follows:

1.      This case was transferred to the United States District Court for the Eastern District of Pennsylvania as part of Multi-District Litigation ("MDL") Docket No. 875 from the District Court for the Central District of Illinois.

2. On or about January 15, 2013, Plaintiff filed his Motion and Memorandum for Issuance of Suggestion of Remand requesting remand of this case and suggesting, erroneously, that the case complies with the factors set forth generally in Administrative Order 18. A copy of the Motion and Memorandum for Issuance of Suggestion of Remand is attached hereto as Exhibit A.

3. Administrative Order No. 18 requires Plaintiff to specify the reasons why remand is appropriate by providing the following information:

    a. A statement of whether Plaintiff has complied with Administrative Order 12 and 12A;

    b. A statement as to whether the parties have submitted a Rule 26(f) report to the Court;

    c. A statement that all relevant discovery has been completed. If not, identify the discovery still to be completed.; and

    d. Information as to the extent settlement conferences have been held in the case and the status of settlement negotiations.

Plaintiff failed to provide any of this information in his Motion for Issuance of Suggestion of Remand.

4. In stating that this cases complies with Administrative Order 18, Plaintiff is suggesting that all relevant discovery in this case has been completed and this case is ready to proceed to trial.

5. On or about February 28, 2013 the United States Court for the Eastern District of Pennsylvania entered a Suggestion of Remand for this case suggesting that this case be remanded to the Central District Court of Illinois for resolution of all matters pending within this case except punitive damages.

6. The Suggestion of Remand lists Defendant Borg Warner as one of the two remaining viable defendants in the case and states that discovery is completed and the case is ready for trial. A copy of the Suggestion of Remand is attached hereto as Exhibit B.

7. With all due respect to the Eastern District of Pennsylvania Court, Defendant objects that discovery is complete and this case is ready for trial as to this Defendant and thus files this motion seeking to either vacate the CRO to allow Defendant an opportunity to conduct basic discovery in this case, or in the alternative, to include an instruction in the final remand order that the transferor court allow the parties a period of not less than six (6) months in which to conduct basic discovery in this case.

8. The undersigned counsel only learned this case was actively pending against Defendant this past summer of 2012.

9. When this case was before the Eastern District Court of Pennsylvania in August of 1999, Defendant was represented by a different law firm: Heyl, Royster, Voelker & Allen.

10. In approximately October of 2002 Defendant changed attorneys, leaving the firm who originally represented them in this matter, and the undersigned (hereinafter "Defendant's counsel") took over the representation.

11. Unfortunately, during the transfer of Defendant's files and cases from its prior attorneys, the file for this particular case was inadvertently misplaced by both Defendant and Defendant's counsel who were not aware of the pendency of this case until the summer of 2012.

12. Upon learning of the existence of this case in the MDL, the Defendant's counsel sought out available information and filed their Entry of Appearance on behalf of Defendant in the MDL case on August 3, 2012 (though the certificate of service includes the wrong date of May 12, 2012). A copy of the file-stamped Entry of Appearance is attached hereto as Exhibit C.

13. At the same time of filing the Entry of Appearance, Defendant's counsel sent a letter to Plaintiff's counsel advising of the Entry of Appearance and asking Plaintiff's counsel for a copy of the

most recent version of the complaint. Defendant's counsel had no record of ever receiving a copy of the complaint and could not locate a copy in the docket entries for this case on Pacer. *See* Letter of August 8, 2012 attached hereto as Exhibit D.

14. To date Defendant's counsel has yet to receive a response from Plaintiff's counsel to this correspondence, let alone a copy of the underlying complaint.

15. Defendant's counsel also learned in the past several months that Plaintiff was deposed in this case on October 14, 2011 in Decatur, Illinois. Defendant was not represented at this deposition and Defendant's counsel has no record of ever receiving notice of this deposition. At this deposition of the Plaintiff, Plaintiff's attorney solicited testimony about his alleged exposure to products associated with Defendant.

16. On or about January 13, 2013 plaintiff filed his Motion and Memorandum for Issuance of Suggestion of Remand requesting remand of this case and suggesting, erroneously, that this case was ready for trial.

17. Nothing in the record of the MDL case indicates Plaintiff's counsel ever informed the MDL court of Defendant's absence from the deposition of the Plaintiff where testimony was solicited alleging exposure to Defendant's products or of Defendant's counsel's letter to Plaintiff's counsel informing of the recently filed entry of appearance and asking for a copy of the complaint. With Defendant being only one of two remaining defendants in the case, this information would arguably put Plaintiff's counsel on notice that further discovery would be needed and the case was not ready for trial.

18. On or about February 4, 2013 Defendant filed its Objection to Plaintiff's Motion and Memorandum for Issuance of Suggestion of Remand arguing that this case was not trial ready in that Defendant has not had an opportunity to depose the Plaintiff or conduct sufficient discovery to properly prepare a defense to this action. A copy of the Defendant's Objection to Plaintiff's Motion and Memorandum for Issuance of Suggestion of Remand is attached hereto as Exhibit E.

19. In its Objection, Defendant also made note of the fact that after Plaintiff informed the MDL court that his case was ready for trial, Plaintiff filed Plaintiff's Amended Statement on Expert Witness Reports seeking to supplement his previously filed Rule 26(a)(2)(b) disclosure of experts Kenneth S. Garza and Stephen Kenoyer (Amended January 21, 2013). Therefore, despite representing to the MDL court on January 13, 2013 that this case was ready for trial, Plaintiff was still seeking to amend his expert disclosure in the case on January 21, 2013. In stating to the Court that the case was ready for remand, which implies discovery is closed in the case, and subsequently amending its expert disclosures and reports, Plaintiff is denying Defendant an opportunity to object to the amended disclosure and reports by conducting further discovery, *i.e.* deposing the experts as to their amended opinions.

20. Unfortunately, Defendant filed its Objection to Remand five days after the deadline for responses and the MDL court issued its Suggestion of Remand. The MDL court also denied as moot Defendant's Motion for Leave to File Objection Late.

21. In its Suggestion to Remand the MDL Court referred to Plaintiff's attempt to file an amended expert report after the discovery by stating:

> The Court notes that Plaintiffs did not seek leave to file an amended
> statement on expert witness reports after the discovery deadline . . . but
> filed it nonetheless. *See* Exhibit B

Thus Plaintiff was never granted leave to file its amended expert witness reports.

22. With this motion, Defendant's counsel is seeking an additional six (6) months leave to depose the Plaintiff and conduct limited discovery, including but not limited to, discovery with respect to any of plaintiff's fact witnesses and the reports and opinions of plaintiff's expert witnesses. Defendant believes six (6) months is sufficient time to complete this discovery.

23. Plaintiff is attempting to deny Defendant its minimal due process rights by forcing a trial in this case before Defendant has had an opportunity to conduct discovery and prepare a proper defense in this case.

24. And despite suggesting to the Court that this case is ready for trial, the Plaintiff is continuing to supplement his case with new evidence (the amended report of Plaintiff's experts) while, at the same time, seeking to prevent Defendant from conducting any discovery as to this new evidence.

25. Allowing Defendant an additional six (6) months to depose the Plaintiff and conduct further, limited discovery in this case will not unduly prejudice Plaintiff. This case was originally filed by Plaintiff in August 1999. However not allowing Defendant the relief requested will unduly prejudice Defendant by denying Defendant its minimal due process right to prepare a proper defense in this case.

26. In the event this Court chooses to deny Defendant an opportunity to conduct further discovery, Defendant would ask that this Court at least strike Plaintiff's expert witnesses since the amended disclosures and reports were filed after the discovery deadline.

WHEREFORE Defendant BorgWarner Morse TEC Inc. as successor-by-merger to Borg-Warner Corporation moves this Court for an order vacating the Conditional Remand Order or, in the alternative, a final remand order which includes an instruction to the transferor court that the parties be afforded a period of not less than six (6) months in which to conduct further discovery, including, but not limited to, deposing plaintiff, and plaintiff's fact and expert witnesses, and for such other and further relief as may be just.

Respectfully submitted,
*/s/ Don W. Ward*
M. Ann Hatch, #3121789
Lead Attorney
Don W. Ward, #6202548
100 N. Broadway, 14th floor
St. Louis, MO  63102
(314) 231-6700 Telephone
(314) 231-4656 Facsimile

MDL 875
No. 2:08-CV-92132-ER

**CERTIFICATE OF SERVICE**

I, Don W. Ward, certify that on the 1st day of May, 2013, the foregoing Defendant BorgWarner Morse TEC Inc.'s Motion to Vacate the Conditional Remand Order or, in the Alternative, Modify any Final Remand Order to Allow for Further Discovery with Incorporated Legal Brief in Support was filed with the Clerk of the Court using the ECF system which sent notification of such filing to all ECF participants.

        Respectfully submitted,
        */s/ Don W. Ward*
        M. Ann Hatch, #3121789
        Lead Attorney
        Don W. Ward, #6202548
        100 N. Broadway, 14th floor
        St. Louis, MO  63102
        (314) 231-6700 Telephone
        (314) 231-4656 Facsimile