No. 2:08-CV-92132-ER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL S. WEBER, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 2:08-CV-92132-ER |
| | ) MDL 875 |
| vs. | ) |
| | ) (Transferred from CD-IL |
| | ) Case No. 2:99-CV02177) |
| AC & S INC., et al., | ) |
| | ) |
| Defendants, | ) |

## DEFENDANT BORG-WARNER CORPORATION'S OBJECTION TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ISSUANCE OF SUGGESTION OF REMAND

COME NOW Borg Warner Morse TEC Inc. as successor-by-merger to Borg-Warner Corporation (named as "Borg Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc."), (hereinafter "Defendant"), by Herzog Crebs LLP and hereby submit to the Court its Objection to Plaintiff's Motion and Memorandum for Issuance of Suggestion of Remand and in support thereof states as follows:

1. On or about January 15, 2013, Plaintiff filed his Motion and Memorandum for Issuance of Suggestion of Remand requesting remand of this case and suggesting, erroneously, that the case complies with the factors set forth generally in Administrative Order 18.

2. Plaintiff filed Plaintiff's Status Report Regarding the December 10, 2012, Final Pre-Remand Hearing on December 4, 2012, prior to his Motion for Issuance of Suggestion of Remand, falsely stating that this case complies with the factors set forth generally in Administrative Order 18.

3. Administrative Order 18 requires Plaintiff to provide with his Motion for Issuance of Suggestion of Remand the diagnosing report or opinion relied upon by plaintiff in



Page 1 of 6

No. 2:08-CV-92132-ER

compliance with Administrative Order no. 12. Plaintiff has failed to comply with this requirement in either his Status Report or Motion for Issuance of Suggestion of Remand.

4. Administrative Order No. 18 requires Plaintiff to specify the reasons why remand is appropriate by providing the following information:

   a. A statement of whether Plaintiff has complied with Administrative Order 12 and 12A;

   b. A statement as to whether the parties have submitted a Rule 26(f) report to the Court;

   c. A statement that all relevant discovery has been completed; and

   d. Information as to the extent settlement conferences have been held in the case and the status of settlement negotiations.

   Plaintiff has failed to provide any of this information in his Motion for Issuance of Suggestion of Remand.

5. Further, on January 24, 2013, (nine days after the filing of Plaintiff's Motion for Issuance of Suggestion of Remand), Plaintiff filed Plaintiff's Amended Statement on Expert Witness Reports indicating that Plaintiff was supplementing his previously filed Rule 26(a)(2)(b) disclosure with an attached General Asbestos Exposure Report of Kenneth S. Garza and Stephen Kenoyer (Amended January 21, 2013).[1] Therefore, despite representing to the Court that this case is ready for remand, thus implying the case is ready for trial and no further discovery is necessary, plaintiff amended his expert report in the case as recently as January 21, 2013. The implication is plaintiff does not want to allow Defendants an opportunity to review this amended report and possibly conduct further discovery to address any additional opinions reflected in the report.

---

[1] Plaintiff fails to attach the amended expert report to this document despite stating as such. One must review the description of the docket entry on Pacer to determine the document is docketed as "Paper #8803 in 01-MD-875"

Page 2 of 6

Case MDL No. 875   Document 9336-5   Filed 05/01/13   Page 3 of 6
Case 2:08-cv-92132-ER   Document 136   Filed 02/04/13   Page 3 of 6

No. 2:08-CV-92132-ER

6. This case has been pending for many years and was dormant for many years during which time defendant changed their usual defense counsel. The undersigned counsel learned this case was actively pending against Defendant this past summer of 2012.

7. Upon learning of the case, undersigned counsel filed their Entry of Appearance on behalf of Defendant in this case on August 3, 2012 (though the certificate of service includes the wrong date of May 12, 2012).

8. At the same time of filing the Entry of Appearance, the Defendant's counsel sent a letter to plaintiff's counsel advising of the Entry of Appearance and asking plaintiff's counsel for a copy of the most recent version of the complaint. Defense counsel has no record of ever receiving a copy of the complaint and could not locate a copy in the docket entries for this case on Pacer. *See* Letter of August 8, 2012 attached hereto as Exhibit 1.

9. Defendant never received a response from plaintiff's counsel to this correspondence.

10. Defendant has since learned that plaintiff was deposed in this case on October 14, 2011 in Decatur, Illinois. Defendant was not represented at this deposition and Defendant's counsel has no record of ever receiving notice of this deposition. At this deposition, Plaintiff was questioned by his attorney and alleged exposure to products allegedly associated with Defendant. Despite plaintiff's testimony alleging exposure to Defendant's products, Defendant is unaware of any attempts by plaintiff's counsel to inform Defendant of this potentially damaging testimony.

11. And now with Plaintiff's Motion for Issuance of Suggestion of Remand, plaintiff comes before this court representing this case is ready to be remanded, and by logical extension is ready to proceed to trial, knowing full well that Defendant has not had an opportunity to cross examine plaintiff as to his testimony regarding Defendant or to conduct any significant discovery in this case.

12. The Amended Case Management and Scheduling Order for CVLO-1&2 dated April 12, 2012 sets forth the discovery deadlines in this case. This order was filed almost four months before Defendant filed their Entry of Appearance in this case. The latest discovery deadline in the Order is dated June 29, 2012. Thus the discovery deadlines in this case had all expired by the time Defendant had filed an Entry of Appearance in this case.

13. Plaintiff is attempting to deny Defendant's their due process rights to properly conduct discovery and formulate an adequate defense in this case by forcing a trial in this case before Defendant's have had an opportunity to conduct discovery and prepare a proper defense in this case. .

14. And despite representing to the Court that this case is ready for remand, the Plaintiff is continuing to supplement his case with new evidence (the amended report of Plaintiff's experts) and deny Defendant's the ability to properly prepare a response to this new evidence.

WHEREFORE Defendant objects to Plaintiff's Motion and Memorandum for Issuance of Suggestion of Remand and requests this Court 1) schedule a case management hearing in this case at which time the parties can seek the entry of a scheduling order setting forth appropriate discovery deadlines, 2) order Plaintiff be tendered for deposition by Defendant and 3) allow Defendant a reasonable opportunity to properly prepare its defense in this case and thereby protect its due process rights and for such other and further relief as may be just.

No. 2:08-CV-92132-ER

Respectfully submitted,

HERZOG CREBS LLP

*/s/ Don W. Ward*
M. Ann Hatch, #3121789
Lead Attorney
Don W. Ward, #6202548
100 N. Broadway, 14th floor
St. Louis, MO 63102
(314) 231-6700 Telephone
(314) 231-4656 Facsimile

ATTORNEYS FOR DEFENDANT BorgWarner Morse TEC Inc. as successor-by-merger to Borg-Warner Corporation

No. 2:08-CV-92132-ER

## CERTIFICATE OF SERVICE

I, Don W. Ward, certify that on the 4th day of February, 2013, the Objection to Plaintiff's Motion and Memorandum for Issuance of Suggestion of Remand Out of Time was filed with the Clerk of the Court using the ECF system which sent notification of such filing to all ECF participants.

Respectfully submitted,

*/s/ Don W. Ward*
M. Ann Hatch, #3121789
Lead Attorney
Don W. Ward, #6202548
100 N. Broadway, 14th floor
St. Louis, MO  63102
(314) 231-6700 Telephone
(314) 231-4656 Facsimile