BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Litigation

Opposing case:
*Laurie Deuyour, et al. v. BF Goodrich Company, et al.,*
C.D. of California C.A. No. CV13-02333-ABC (AJWx)

BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE
CONDITIONAL TRANSFER ORDER CTO-549

I. INTRODUCTION

The transferor Court stayed this case with the exception of requesting the moving Defendant, Carrier Corporation ("Carrier"), to file a status report no later than April 12, 2013 as to whether Carrier has given notice of this action to the Clerk of the Judicial Panel on Multidistrict Litigation. In this attempted transfer from the Central District of California, Carrier is seeking to relate this **wrongful death claim** filed in State Court to **a personal injury action** filed by Mr. Deuyour while he was alive. Mrs. Deuyour chose **not** to participate in the personal injury lawsuit, and in fact, was not only not a party in the personal injury action – she was not even a client of Plaintiffs' Counsel during the personal injury action. The personal injury case has been dismissed and there is no case pending in the MDL regarding Mr. Deuyour's personal injury action. Mrs. Deuyour did not file a loss of consortium claim, and none of the Plaintiffs to this pending lawsuit were parties in any way whatsoever to the lawsuit Carrier asserts is related to this one and forms the basis of this conditional transfer. In sum, these two purportedly "related" cases involve *different* parties and *different* causes of action and the personal injury action has been dismissed – so in fact, there is no "related" action for the wrongful death case to

be consolidated with. Moreover, discovery was conducted in neither the personal injury nor in the wrongful death matter. For these reasons, Plaintiffs suggest this case should not be transferred and consolidated in the MDL No. 875 Court in Pennsylvania.

## II. ARGUMENT

This case should not be transferred or centralized under 28 U.S.C. § 1407. The instant wrongful death lawsuit was filed in state court and then removed to federal court in the Central District of California by Defendant Carrier Corporation. Mr. Deuyour passed away in August of 2012. (*See* Declaration of Stephen T. Blackburn ("Blackburn Decl.") **Ex. A.**) Pursuant to the Order of the United States Judicial Panel on Multidistrict Litigation filed December 13, 2011, the Asbestos MDL Court is no longer taking cases from the Central District of California. (*See* Order Adopting Suggestion to the Panel Concerning Future Tag-Along Transfers, attached to the Declaration of Stephen T. Blackburn as **Ex. C.**) The basis Carrier presented for transferring this matter is its request to consolidate this *wrongful death action* filed in January of 2013 with *a personal injury action* that has already been dismissed in September of 2102. A transfer to the MDL under the guise of an attempt at consolidating it with a case that is no longer pending is improper because it would not serve the convenience of the parties, it would not serve the convenience of the witnesses, and it does not further just and efficient conduct of the litigation. *McClam-Brown v. Boeing Co.*, (*In re Boeing Co. Empl. Practicies Litg.*) (2003, Jud. Pan. Mult. Lit.) 293 F. Supp. 2d 1382.

Plaintiffs oppose the transfer to the MDL because this case is not related to the personal injury action filed by Daniel Deuyour while he was living. Discovery had not begun in Mr. Deuyour's personal injury case while it was pending before this Court and there would be no judicial economy served by relating the two unrelated matters, even were this Panel inclined to

relate this wrongful death cause of action to another separate lawsuit that has been dismissed. Because Mr. Deuyour's wife chose not to be a part of Mr. Deuyour's personal injury action, and was *never* a party to the personal injury action, her claims in the wrongful death case have not been adjudicated in the personal injury action filed by Mr. Deuyour while he was alive. Mr. Deuyour passed away on August 1, 2012, and a suggestion of death was filed in his case on August 23, 2012. During this time-period, Plaintiffs' counsel had a legal services agreement with only Mr. Daniel Deuyour, and not his wife who was not a party to that lawsuit. (*See* Status Conference Statement and Suggestion of the Death of Plaintiff Daniel Deuyour attached to the Declaration of Stephen T. Blackburn as **Ex. D**.) Mr. Deuyour's personal injury lawsuit was dismissed by an order dated September 14, 2012 and filed September 17, 2012 by Judge Robreno of the Eastern District of Pennsylvania overseeing the asbestos MDL. (See Order, filed September 17, 2012 attached to the Declaration of Stephen T. Blackburn as **Ex. E**.) The MDL Court granted the dismissal of the action pursuant to a motion that had been brought by a defendant in the personal injury action which was unopposed because at the time it was pending the only legal services agreement Plaintiffs' counsel had was with the deceased Mr. Deuyour.

In other words, the purportedly related case was a personal injury action on behalf of a single plaintiff, Daniel Deuyour, which was dismissed one month after he passed away. This litigation is a wrongful death claim and is brought by Plaintiffs who were not parties to the personal injury action previously dismissed. Mrs. Deuyour subsequently retained counsel and filed this case involving the wrongful death of Mr. Daniel Deuyour after the dismissal of his personal injury action. The wrongful death complaint was filed in state court on January 28, 2013, some four months after the personal injury action was terminated. She and her children are different parties filling a separate and different cause of action, and for these reasons this case

should not be transferred or centralized under 28 U.S.C. § 1407.

If the case is transferred, Plaintiffs intend to move for an Order for a suggestion of remand to the transferring Court pursuant to MDL Docket No. 875 Judge Robreno's Administrative Order No. 18. Out of an abundance of caution, Plaintiffs hereby comply with Judge Robreno's Administrative Order by providing the following information pursuant to that Administrative Order:

1) This case was originally filed as a wrongful death suit in state court on January 28, 2013 and it was removed from state court on April 1, 2013 to the Central District of California, Case No. CV13-02333-ABC (AJWx) on April 1, 2013.

2) This case has not yet been assigned an Eastern District of Pennsylvania Case Number pending its transfer. The dismissed case Defendant Carrier Corporation is seeking to transfer this matter and consolidate it with was 2:12-cv-60167-ER. This case was dismissed by the MDL Court in September of 2012.

3) The Plaintiffs in this matter are LAURIE DEUYOUR, Individually and as Successor-in-Interest to DANIEL DEUYOUR, Deceased; NICHOLAS DEUYOUR and DESIREE DEUYOUR. These Plaintiffs were **not** parties to any causes of action previously, including the purportedly related case in the Eastern District of Pennsylvania, Civil Action No. 2:12-cv-60167-ER.

4) Plaintiffs submit Mr. Deuyour's death certificate reflecting his causes of death as cardiopulmonary arrest and metastic non-small cell lung cancer as his causes of death (*See* Declaration of Stephen T. Blackburn ("Blackburn Decl.") **Ex. A**) and the report of Richard S. Kronenberg, M.D. dated November 9, 2011, Blackburn Decl. **Ex. B** in Compliance with the MDL Court's Administrative Order No. 12.

5) The defendants still viable in this matter are as follows:

BF GOODRICH COMPANY;

CARRIER CORPORATION;

CBS CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION;

EATON CORPORATION INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CUTLER-HAMMER, INC.;

FOSTER WHEELER ENERGY CORPORATION;

GENERAL ELECTRIC COMPANY;

GEORGIA-PACIFIC LLC, F/K/A GEORGIA PACIFIC CORPORATION, SUCCESSOR IN INTEREST TO BESTWELL GYPSUM COMPANY;

THE GOODYEAR TIRE & RUBBER COMPANY;

HONEYWELL INTERNATIONAL INC., INDIVIDUALLY AND AS SUCCESSOR INTEREST TO ALLIED SIGNAL, INC. AND BENDIX CORPORATION;

IMO INDUSTRIES, INC. INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO DELAVAL STEAM TURBINE, INC.;

INGERSOLL-RAND COMPANY, INDIVIDUALLY AND AS SUCCESSORININTEREST TO THE ALDRICH COMPANY;

JERGUSON GAGE & VALVE COMPANY;

KELLY-MOORE PAINT COMPANY, INC.;

MECHANICAL DRIVES & BELTING, F/K/A L.A. RUBBER COMPANY;

PARKER HANIFFIN CORPORATION, INDIVIDUALLY AND AS

SUCCESSORININTEREST TO SACOMA SIERRA COMPANY;

PNEUMO-ABEX, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ABEX CORPORATION F/K/A AMERICAN BRAKE SHOE COMPANY F/K/A AMERICAN BRAKE SHOE AND FOUNDRY COMPANY; INCLUDING THE AMERICAN BRAKEBLOC DIVISION, F/K/A THE AMERICAN BRAKE MATERIALS CORPORATION;

SAN FRANCISCO GRAVEL COMPANY;

SHELL OIL COMPANY;

SOCO WEST, INC. F/K/A BRENNTAG WEST INC., F/K/A SOCO-LYNCH CORPORATION, F/K/A SOCO-WESTERN CHEMICAL CORPORATION; F/K/A STINNES-WESTERN CHEMICAL CORPORATION;

UNION CARBIDE CORPORATION;

WARREN PUMPS, LLC;

YORK INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CENTRAL ENVIRONMENTAL SYSTEMS, INC., F/K/A BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS, INC.;

YORK-LUXAIRE, INC.;

LUXAIRE, INC., AND THE C.A. OLSEN MANUFACTURING COMPANY AND D/B/A "MONCRIEF FURNACES" D/B/A YORK HEATING & AIR CONDITIONING.

6)  Plaintiffs hereby certify that a copy of this opposition to the conditional transfer order (and therefore notice of the pending motion requesting the suggestion of

remand) has been served upon counsel for all other parties to this action.

7)  The specific reasons why remand is appropriate in this matter are as follows:

   a.  Plaintiffs have not yet complied with Administrative Orders 12 or 12A. This case was transferred less than 30 days ago to the MDL, and its transfer to the MDL was not appropriate.

   b.  Daniel Deuyour is deceased. This is a wrongful death matter.

   c.  The Parties have not yet submitted a Rule 26(f) report to the Court. The case was stayed in the Central District of California pending the Conditional Transfer Order.

   d.  No discovery in this matter has been conducted. The case was stayed in the Central District of California pending the Conditional Transfer Order.

   e.  No settlement conferences have taken place.

   f.  There was an outstanding motion filed by a defendant for a purported failure to state a claim in this matter *after* the Judge in the Central district had already ordered the case stayed pending the conditional transfer.

   g.  This case was removed and then conditionally transferred to this Court without any activity in the Central District Court before the Judge placed a stay in the matter.

   h.  Pursuant to the Order of the United States Judicial Panel on Multidistrict Litigation filed December 13, 2011, the Asbestos MDL Court is no longer taking cases from the Central District of California, as it has been determined that there is no longer a congestion issue in the transferor court's docket. (*See* Order Adopting Suggestion to the Panel Concerning Future Tag-Along Transfers, attached to the Declaration of Stephen T. Blackburn as **Ex. C.**)

Should the Court require any additional information, Plaintiffs will respectfully comply.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs suggest remand to the transferor court would be appropriate and this case should not proceed in the MDL. The Conditional Transfer Order CTO-549 with respect to *Laurie Deuyour, et al. v. BF Goodrich Company, et al.*, C.D. of California C.A. No. CV13-02333-ABC (AJWx) should be vacated for the reasons set forth herein.

Dated: April 24, 2013          DEBLASE BROWN EYERLY LLP

By: *[signature]*

Stephen T. Blackburn, Esq. (CA SBN 232887)
blackburn@dbelegal.com
680 South Santa Fe Avenue
Los Angeles, California 90021
Telephone: (310) 575-9955
Facsimile: (310) 575-9919
Counsel for Plaintiffs

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Litigation

Opposing case:
*Laurie Deuyour, et al. v. BF Goodrich Company, et al.,*
C.D. of California C.A. No. CV13-02333-ABC (AJWx)

# DECLARATION OF STEPHEN T. BLACKBURN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE CONDITIONAL TRANSFER ORDER CTO-549

I, Stephen T. Blackburn, declare:

1. I am an attorney licensed to practice law before all the courts of the State of California and am a partner with DeBlase Brown Eyerly LLP, attorneys of record for plaintiffs herein. I am admitted in the U.S. Federal Court's Central District of California and Northern District of California and am admitted to practice in the MDL No. 875 Court in the Eastern District of Pennsylvania as well. Those matters stated herein are true to my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true. If called upon as a witness, I could and would testify to the following facts.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of Mr. Deyour's Death Certificate reflecting his date of death on August 1, 2012 of cardiopulmonary arrest and metastatic non-small cell lung cancer.

3. Attached hereto as **Exhibit "B"** is a true and correct copy of a report prepared by Richard S. Kronenberg, M.D. on November 9, 2011.

4. Attached hereto as **Exhibit "C"** is a true and correct copy of the Order Adopting Suggestion to the Panel Concerning Future Tag-Along Transfers, filed December 13, 2011.

5. Attached hereto as **Exhibit "D"** is a true and correct copy of the Status Conference Statement and Suggestion of the Death of Plaintiff Daniel Deyour filed on or about August 23, 2012.

6. Attached hereto as **Exhibit "E"** is a true and correct copy of the Order dismissing Daniel Deyour's personal injury action, filed September 17, 2012.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct. Executed on April 22, 2013, at Los Angeles, California.

Stephen T. Blackburn