# U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:13-cv-00267-slc

| | |
|---|---|
| Cootware, Jamie v. American Crane and Equipment Corporation et al | Date Filed: 04/22/2013 |
| Assigned to: Magistrate Judge Stephen L. Crocker | Jury Demand: Both |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Jamie Cootware**    represented by    **Robert G. McCoy**
*Individually and as Special Administrator for the Estate of Bernard J. Cootware*

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: bmccoy@cvlo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Crane and Equipment Corporation**    represented by    **Sarah Thomas Pagels**
Whyte Hirschboeck Dudek S.C.
555. E. Wells St., Ste 1900
Milwaukee, WI 53202
414-978-5635
Fax: 414-223-5000
Email: stpagels@whdlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Honda Motor Co., Inc.**

**Defendant**

**Borg-Warner Inc.**    represented by    **W. Wayne Siesennop**
Siesennop & Sullivan
200 North Jefferson Street, Ste 200

Milwaukee, WI 53202
414-223-7900
Fax: 414-223-1199
Email: jbodanske@s-s-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott John Thomsen**
Siesennop & Sullivan
200 North Jefferson Street, Ste 200
Milwaukee, WI 53202
414-223-1760
Fax: 414-223-1199
Email: sthomsen@s-s-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brake Supply Company, Inc.**

**Defendant**

**Ceco Friction Products, Inc.**

**Defendant**

**Certainteed Corporation**

**Defendant**

**Chrysler Group LLC**

**Defendant**

**Fenner, Inc.**

**Defendant**

**Ford Motor Company**

**Defendant**

**General Motors LLC**
*TERMINATED: 04/26/2013*

**Defendant**

**Genuine Parts Company**

**Defendant**

**Goodrich Corporation**

**Defendant**

**Honeywell International Inc.** represented by **Jerome David Feriancek**
Thibodeau, Johnson & Feriancek, Pllp
800 Lonsdale Building
302 West Superior Street

                                    Duluth, MN 55802
                                    218-722-0073
                                    Fax: 218-722-0390
                                    Email: jdf@trialgroupnorth.com
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Maremont Corporaition**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Michelin North America Inc.**

**Defendant**

**Motion Industries, Inc.**

**Defendant**

**Navistar Inc.**

**Defendant**

**Northwest Crane Parts & Supply Co.**

**Defendant**

**Northwest Tower Crane Service, Inc.**

**Defendant**

**Pneumo Abex Corporation**

**Defendant**

**Standco Industries, Inc.**

**Defendant**

**Toyota Motors North America Inc.**

**Defendant**

**Uniroyal, Inc.**

**Cross Claimant**

**Honeywell International Inc.**        represented by  **Jerome David Feriancek**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

| | | |
|---|---|---|
| **American Crane and Equipment Corporation** | represented by | **Sarah Thomas Pagels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**American Honda Motor Co., Inc.**

**Cross Defendant**

| | | |
|---|---|---|
| **Borg-Warner Inc.** | represented by | **W. Wayne Siesennop**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Scott John Thomsen**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**Brake Supply Company, Inc.**

**Cross Defendant**

**Ceco Friction Products, Inc.**

**Cross Defendant**

**Certainteed Corporation**

**Cross Defendant**

**Chrysler Group LLC**

**Cross Defendant**

**Fenner, Inc.**

**Cross Defendant**

**Ford Motor Company**

**Cross Defendant**

**Genuine Parts Company**

**Cross Defendant**

**Goodrich Corporation**

**Cross Defendant**

**Maremont Corporaition**

**Cross Defendant**

**Metropolitan Life Insurance Company**

**Cross Defendant**

**Michelin North America Inc.**

**Cross Defendant**

**Motion Industries, Inc.**

**Cross Defendant**

**Navistar Inc.**

**Cross Defendant**

**Northwest Crane Parts & Supply Co.**

**Cross Defendant**

**Northwest Tower Crane Service, Inc.**

**Cross Defendant**

**Pneumo Abex Corporation**

**Cross Defendant**

**Standco Industries, Inc.**

**Cross Defendant**

**Toyota Motors North America Inc.**

**Cross Defendant**

**Uniroyal, Inc.**

**Cross Claimant**

| | |
|---|---|
| **American Crane and Equipment Corporation** | represented by **Sarah Thomas Pagels**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Cross Defendant**

**American Honda Motor Co., Inc.**

**Cross Defendant**

| | |
|---|---|
| **Borg-Warner Inc.** | represented by **W. Wayne Siesennop**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Scott John Thomsen**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**Brake Supply Company, Inc.**

**Cross Defendant**

**Ceco Friction Products, Inc.**

**Cross Defendant**

**Certainteed Corporation**

**Cross Defendant**

**Chrysler Group LLC**

**Cross Defendant**

**Fenner, Inc.**

**Cross Defendant**

**Ford Motor Company**

**Cross Defendant**

**Genuine Parts Company**

**Cross Defendant**

**Goodrich Corporation**

**Cross Defendant**

**Honeywell International Inc.**         represented by **Jerome David Feriancek**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Maremont Corporaition**

**Cross Defendant**

**Metropolitan Life Insurance Company**

**Cross Defendant**

**Michelin North America Inc.**

**Cross Defendant**

**Motion Industries, Inc.**

**Cross Defendant**

**Navistar Inc.**

**Cross Defendant**

**Northwest Crane Parts & Supply Co.**

**Cross Defendant**

**Northwest Tower Crane Service, Inc.**

**Cross Defendant**

**Pneumo Abex Corporation**

**Cross Defendant**

**Standco Industries, Inc.**

**Cross Defendant**

**Toyota Motors North America Inc.**

**Cross Defendant**

**Uniroyal, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2013 | 1 | COMPLAINT against American Crane and Equipment Corporation, American Honda Motor Co., Inc., Borg-Warner Inc., Brake Supply Company, Inc., Ceco Friction Products, Inc., Certainteed Corporation, Chrysler Group LLC, Fenner, Inc., Ford Motor Company, General Motors LLC, Genuine Parts Company, Goodrich Corporation, Honeywell International Inc., Maremont Corporaition, Metropolitan Life Insurance Company, Michelin North America Inc., Motion Industries, Inc., Navistar Inc., Northwest Crane Parts & Supply Co., Northwest Tower Crane Service, Inc., Pneumo Abex Corporation, Standco Industries, Inc., Toyota Motors North America Inc., Uniroyal, Inc. Service to be completed by Waiver of Service of Summons. (Filing fee $350, receipt number 0758-1164299) filed by Jamie Cootware. (Attachments:<br># 1 Exhibit A (Defendants' States of Incorporation and Principal Places of Business),<br># 2 Exhibit B (Decedents' Work History),<br># 3 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 04/22/2013) |
| 04/22/2013 | 2 | Corporate Disclosure Statement by Plaintiff Jamie Cootware (Cascino, Michael) (Entered: 04/22/2013) |
| 04/22/2013 | 3 | Notice by Plaintiff Jamie Cootware *of Potential Tag-Along Action*. (Cascino, Michael) (Entered: 04/22/2013) |
| 04/25/2013 | | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (arw) (Entered: 04/25/2013) |
| 04/25/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (arw) (Entered: 04/25/2013) |
| 04/26/2013 | 4 | Notice of Voluntary Dismissal of Defendant General Motors LLC (Cascino, Michael) (Entered: 04/26/2013) |
| 04/26/2013 | | Defendant General Motors LLC terminated pursuant to Fed. R. Civ. P. 41(a)(1) without further order of the court. (arw) (Entered: 04/26/2013) |

| | | |
|---|---|---|
| 04/29/2013 | 5 | Corporate Disclosure Statement by Plaintiff Jamie Cootware (Attachments: # 1 Certificate of Service) (McCoy, Robert) (Entered: 04/29/2013) |
| 05/08/2013 | 6 | Notice of Appearance *with Certificate of Service* filed by Jerome David Feriancek for Defendant Honeywell International Inc. (Feriancek, Jerome) (Entered: 05/08/2013) |
| 05/08/2013 | 7 | ANSWER with Jury Demand, CROSSCLAIM against American Crane and Equipment Corporation, American Honda Motor Co., Inc., Borg-Warner Inc., Brake Supply Company, Inc., Ceco Friction Products, Inc., Certainteed Corporation, Chrysler Group LLC, Fenner, Inc., Ford Motor Company, Genuine Parts Company, Goodrich Corporation, Maremont Corporaition, Metropolitan Life Insurance Company, Michelin North America Inc., Motion Industries, Inc., Navistar Inc., Northwest Crane Parts & Supply Co., Northwest Tower Crane Service, Inc., Pneumo Abex Corporation, Standco Industries, Inc., Toyota Motors North America Inc., Uniroyal, Inc. by Defendant Honeywell International Inc. (Feriancek, Jerome) Modified on 5/9/2013 (jaf). (Entered: 05/08/2013) |
| 05/08/2013 | 8 | Corporate Disclosure Statement by Defendant Honeywell International Inc. (Feriancek, Jerome) (Entered: 05/08/2013) |
| 05/15/2013 | 9 | ANSWER with Jury Demand by Defendant Borg-Warner Inc. (Thomsen, Scott) (Entered: 05/15/2013) |
| 05/15/2013 | 10 | Notice of Appearance filed by Scott John Thomsen for Defendant Borg-Warner Inc. (Thomsen, Scott) (Entered: 05/15/2013) |
| 05/15/2013 | 11 | Corporate Disclosure Statement by Defendant Borg-Warner Inc. (Thomsen, Scott) (Entered: 05/15/2013) |
| 05/15/2013 | 12 | Certificate of Service by Defendant Borg-Warner Inc. (Thomsen, Scott) (Entered: 05/15/2013) |
| 05/16/2013 | 13 | ANSWER with Jury Demand, CROSSCLAIM against American Honda Motor Co., Inc., Borg-Warner Inc., Brake Supply Company, Inc., Ceco Friction Products, Inc., Certainteed Corporation, Chrysler Group LLC, Fenner, Inc., Ford Motor Company, Genuine Parts Company, Goodrich Corporation, Honeywell International Inc., Maremont Corporaition, Metropolitan Life Insurance Company, Michelin North America Inc., Motion Industries, Inc., Navistar Inc., Northwest Crane Parts & Supply Co., Northwest Tower Crane Service, Inc., Pneumo Abex Corporation, Standco Industries, Inc., Toyota Motors North America Inc., Uniroyal, Inc. by Defendants American Honda Motor Co., Inc., Borg-Warner Inc., Brake Supply Company, Inc., Ceco Friction Products, Inc., Certainteed Corporation, Chrysler Group LLC, Fenner, Inc., Ford Motor Company, Genuine Parts Company, Goodrich Corporation, Honeywell International Inc., Maremont Corporaition, Metropolitan Life Insurance Company, Michelin North America Inc., Motion Industries, Inc., Navistar Inc., Northwest Crane Parts & Supply Co., Northwest Tower Crane Service, Inc., Pneumo Abex Corporation, Standco Industries, Inc., Toyota Motors North America Inc., Uniroyal, Inc.. (Pagels, Sarah) (Entered: 05/16/2013) |
| | | |

| 05/16/2013 | 14 | Corporate Disclosure Statement by Defendant American Crane and Equipment Corporation (Pagels, Sarah) (Entered: 05/16/2013) |
| --- | --- | --- |
| 05/16/2013 | 15 | Notice of Tag Along Action sent to MDL. (Attachments: # 1 Docket Sheet, # 2 Complaint) (arw) (Entered: 05/16/2013) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 05/17/2013 09:33:25 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00267-slc |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Jamie Cootware, Individually and as Special Administrator for the Estate of Bernard J. Cootware, Deceased,<br><br>          Plaintiff,<br><br> v.<br><br>American Crane and Equipment Corporation, *a corporation*,<br>American Honda Motor Co., Inc., *a corporation*,<br>Borg-Warner Inc., *a corporation*,<br>Brake Supply Company, Inc., *a corporation*,<br>Ceco Friction Products, Inc., *a corporation*,<br>Certainteed Corporation, *a corporation*,<br>Chrysler Group LLC, *a corporation*,<br>Fenner, Inc., *a corporation*,<br>Ford Motor Company, *a corporation*,<br>General Motors LLC, *a corporation*,<br>Genuine Parts Company, *a corporation*,<br>Goodrich Corporation, *a corporation*,<br>Honeywell International Inc., *a corporation*,<br>Maremont Corporation, *a corporation*,<br>Metropolitan Life Insurance Company, *a corporation*,<br>Michelin North America Inc., *a corporation*,<br>Motion Industries, Inc., as successor to, *a corporation*,<br>Wisconsin Bearing Company, *a corporation*,<br>Navistar Inc., *a corporation*,<br>Northwest Crane Parts & Supply Co., *a corporation*,<br>Northwest Tower Crane Service, Inc., *a corporation*,<br>Pneumo Abex Corporation, *a corporation*,<br>Standco Industries, Inc., *a corporation*,<br>Toyota Motors North America Inc., *a corporation*, and<br>Uniroyal, Inc., *a corporation*,<br>          Defendants. | Case No.  3:13-cv-267 |

**COMPLAINT**

Now comes the plaintiff, Jamie Cootware, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Bernard J. Cootware (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., who complains against defendants as follows:

## JURISDICTION AND PARTIES

1. Plaintiff is the widow of decedent, and resides in Beloit, Wisconsin.

2. Decedent was an adult citizen and resident of Beloit, Wisconsin, at the time of his death.

3. Decedent passed away on December 1, 2010.

4. **Defendant American Crane and Equipment Corporation (a/k/a "ACECO")** designed, manufactured, installed, and/or sold cranes and industrial equipment, which contained asbestos products or utilized asbestos containing products,, including without limitation, brakes.

5. **Defendant American Honda Motor Co., Inc.** designed, manufactured and/or sold equipment which contained and/or utilized asbestos products including without limitation Honda brand automobiles and brake and friction products.

6. **Defendant Borg-Warner Inc.** manufactured, designed, and sold asbestos products including without limitation brake and friction products.

7. **Defendant Brake Supply Company, Inc.** manufactured, designed, and sold asbestos products including without limitation brake and friction products.

8. **Defendant Ceco Friction Products, Inc.** manufactured, designed, and sold asbestos products including without limitation brake and friction products.

9. **Defendant Certainteed Corporation** manufactured, designed, and sold asbestos products including without limitation asbestos-cement sheets, cements, cement pipe, roofing materials, brake and friction products, and wall finishing materials.

10. **Defendant Chrysler Group LLC** designed, manufactured and/or sold equipment which contained and/or utilized asbestos products including without limitation Chrysler and Dodge brand automobiles and brake and friction products.

11. **Defendant Fenner, Inc.** is responsible for the conduct of Fenner America, Ltd. Fenner America, Ltd. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

12. **Defendant Ford Motor Company** designed, manufactured and/or sold equipment which contained and/or utilized asbestos products including without limitation Ford brand automobiles and brake and friction products.

13. **Defendant General Motors LLC** designed, manufactured and/or sold equipment which contained and/or utilized asbestos products including without limitation GMC brand and Chevrolet brand automobiles and brake and friction products.

14. **Defendant Genuine Parts Company** is responsible for Rayloc, who manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

15. **Defendant Goodrich Corporation** manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

16. **Defendant Honeywell International Inc.** was formerly known as Allied Signal and is the successor in interest to Allied Corp. which is the successor in interest to The Bendix Corporation, which manufactured, distributed, sold, and/or designed asbestos products, including without limitation, brake and friction products. Honeywell International Inc. also manufactured, distributed, sold and/or designed asbestos products, including without limitation, pumps and valves.

17. **Defendant Maremont Corporation** manufactured, designed, and sold asbestos products

including without limitation, brake linings and friction products, and is also responsible for Grizzly brand asbestos-containing brake and friction products.

18. **Defendant Metropolitan Life Insurance Company** Metropolitan Life conspired to suppress information about the health hazards of asbestos.

19. **Defendant Michelin North America Inc.** manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

20. **Defendant Motion Industries, Inc.** is responsible for the conduct of Wisconsin Bearing Company. Wisconsin Bearing Company manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

21. **Defendant Navistar Inc.** is responsible for the conduct of International Harvester Inc. International Harvester Inc. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

22. **Defendant Northwest Crane Parts & Supply Co.** designed, manufactured, installed, and/or sold cranes and industrial equipment, which contained asbestos products or utilized asbestos containing products, including without limitation, brakes.

23. **Defendant Northwest Tower Crane Service, Inc.** designed, manufactured, installed, and/or sold cranes and industrial equipment, which contained asbestos products or utilized asbestos containing products, including without limitation, brakes.

24. **Defendant Pneumo Abex Corporation** is responsible for the conduct of Abex Corp., American Brakeblok Division f/k/a American Brake Shoe Co. Abex Corp. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

25. **Defendant Standco Industries, Inc.** manufactured, designed, and sold asbestos products

including without limitation brake and friction products.

26. **Defendant Toyota Motors North America Inc.** designed, manufactured and/or sold equipment which contained and/or utilized asbestos products including without limitation Toyota brand automobiles and brake and friction products.

27. **Defendant Uniroyal, Inc.** designed, manufactured and sold asbestos containing products, including without limitation, cloth, textiles, yarn, gaskets, brakes and friction products.

28. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

29. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

30. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

31. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

32. Decedent during the course of his employment as a mechanic and general worker at various job sites in the states of Illinois and Wisconsin, including without limitation those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

33. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

34. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

35. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on April 23, 2010.

36. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with non-malignant asbestos related disease, including without limitation, asbestos-related bilateral calcified and non-calcified pleural plaques.

37. As a direct and proximate result of the conduct of Defendants, Decedent died from lung cancer on December 1, 2010.

38. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

39. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

40. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

41. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

42. Defendants knew or in the exercise of ordinary or reasonable care ought to have known

asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

43. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

44. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

45. Plaintiff brings this count and incorporates by reference all above allegations in lines 1 - 44 against all defendants.

46. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

47. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

48. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

49. Defendants manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

50. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

### COUNT III – CONSPIRACY

51. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

52. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 50 above.

53. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

54. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary measures required for protection.

55. As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

## COUNT IV – WRONGFUL DEATH AND LOSS OF CONSORTIUM

56. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 - 55 above.

57. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## COUNT V – PUNITIVE DAMAGES

58. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

## COUNT VI – DECLARATORY JUDGMENT

59. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in

§§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

60. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

61. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

62. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: April 22, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com