**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI | MDL No. 875 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEANENE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,<br><br><div align="center">Plaintiffs,</div><br><div align="center">vs.</div><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br><div align="center">Defendants</div> | Case No. 3:13-cv-01669<br><br>Alameda County Superior Court Case No. RG 12 630145 |

<u>**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-552)**</u>

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT AND PROCEDURAL HISTORY ................................. 1

II.  ARGUMENT ........................................................................................................ 2

    A.   THE UNITED STATES DISTRICT JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA STILL HAS JURISDICTION .................................................. 2

    B.   THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT ........................... 3

    C.   THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES ........................................................................................... 4

    D.   TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES ....................................................................................................... 5

    E.   TRANSFER WILL BE UNJUST AND INEFFICIENT ....................................... 5

III. CONCLUSION .................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barley v. Borden, Inc., et al.,* 1996 WL 68482 (E.D. La. 1996).....................................................3

*Fault v. Owens-Corning Fiberglas Corp., et al.,* 48 F. Supp. 2d 563, 657 (E.D. Tex. 1990) ........3

*Frank D. Gaus v. Miles, Inc*., 92 F.2d 564, 566 (9th Cir. 1992).....................................................4

*In Re Air Crash Disaster Near Upperville, Va., on December 1, 1974,* 430 F. Supp. 1295 (JPML 1977) .........................................................................................................................................6

*In Re Asbestos Product Liability Litigation (No. IV),* 771 F. Supp. 415, 422 (JPML 1991)..........5

*In Re Boeing Co. Employment Practices Litigation,* 293 F. Supp. 2d 1382 (JPML 2003) ............5

*In Re Drowning Incident at Quality Inn Northeast Washington, D.C., on May 3, 1974*, 405 F. Supp. 1304, 1306 (JPML 1976) ..............................................................................................5

*In Re Patenaud,* 210 F. 3d. 135, 142 (3rd Circuit 2000) .................................................................6

*In Re Tobacco/Gov. Health Care Costs Litigation,* 76F. Supp. 2d. 7-8 (DDC 1999) ...................6

*In Re Truck Accident Near Almagorod New Mexico on June 18, 1969,* 387 F. Supp. 732, 733 (JPML 1975) .........................................................................................................................5

*Redwood Theatres, Inc., v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir. 1990..............4

**Statutes**

28 of the United States Code, Section 1407(a) ...............................................................................3

28 United States Code Section 1407.................................................................................................5

28 United States Code Section 1442(a)(1)....................................................................................2, 4

**Rules**

Panel Rule 1.5 ..................................................................................................................................3

Panel Rule 7.1(f) ..............................................................................................................................1

## I.      PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

Plaintiffs Jeanene Kuhnau, individually and on Behalf of the Estate of Quentin Kuhnau, Decedent, Donald Kuhnau and Diana Williams (hereinafter "Plaintiffs" or "Movants"), respectfully files this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-552) entered by the Judicial Panel on Multidistrict Litigation (hereinafter "JPML" or "Panel") on May 3, 2013.  Pursuant to Panel Rule 7.1(f), this brief is being filed in support of Plaintiffs' Motion to Vacate, and the Notice of Opposition, filed on May 10, 2013, was done so in accordance with Panel Rule 7.1(f).  (*See* notice attached hereto as **Exhibit A**.)  As such, this submission is being filed within 14 days of the Notice of Opposition.  For reasons stated below, the Conditional Transfer Order should be vacated so that Plaintiffs can proceed in the timely resolution of their claim in state court.

This action for asbestos-related personal injury was originally filed by Plaintiffs Quentin Kuhnau and Jeanene Kuhnau on May 14, 2012, against numerous defendants in the Superior Court of the State of California, in and for the County of Alameda (RG 12 630145).  Quentin Kuhnau passed away late in the evening on May 14, 2012, and the Complaint was amended to reflect wrongful death on February 13, 2013.

Defendant Crane Co. (hereinafter "Crane", "Crane Co." of "Defendant") filed its Notice of Removal on April 12, 2013.  Its alleged ground for removal as stated in the Notice is that Defendant was acting under the direction of an office of the United States within the meaning of 28 United States Code Section 1442(a)(1), and that Defendant has a colorable federal defense to plaintiffs' state court claims.  Plaintiff has filed a Motion to remand to the Alameda County Superior Court based on lack of subject matter jurisdiction.  (*See* Plaintiffs' Motion to Remand to California State Court, attached hereto as **Exhibit B**.)

The Conditional Transfer Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiffs move this Panel to vacate the Conditional Transfer Order in furtherance of

justice, and to defer to the United States District Court for the Northern District of California or the Superior Court for the State of California, County of Alameda to move the case speedily along to trial.

## II.     ARGUMENT

### A.   THE UNITED STATES DISTRICT JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA STILL HAS JURISDICTION

Plaintiffs have filed a Motion for Remand in the above-captioned matter.  Plaintiffs' Motion for Remand has been noticed to be heard on June 20, 2013.  (*See* Plaintiffs' Motion for Remand filed in the United States District Court for the Northern District of California, attached hereto as **Exhibit B**.)   Despite the fact that the Panel entered its Conditional Transfer Order before the United States District Court judge has had a chance to rule on Plaintiffs' Motion for Remand, that United States District Court judge has not lost jurisdiction over this case, and therefore can make a determination as to Plaintiffs' Motion for Remand.  *See Fault v. Owens-Corning Fiberglas Corp., et al.,* 48 F. Supp. 2d 563, 657 (E.D. Tex. 1990); *See* Panel Rule 1.5, 181 F.R.D. 1, 3 (1998); *See also Barley v. Borden, Inc., et al.,* 1996 WL 68482 (E.D. La. 1996) (citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

Plaintiffs filed their notice of opposition within the prescribed period.  Therefore, transmittal of the Conditional Transfer Order was stayed and continues to be stayed until further action by this Panel.  Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still pending in the original district court to which it was removed.  Thus, not only does the United States District Court retain jurisdiction to rule on Plaintiffs' Motion for Remand pending before it, but it may promptly do so and preserve Plaintiffs' rights to a timely resolution of their claim.

Plaintiffs respectfully requests that their Motion to Vacate the Conditional Transfer Order

be granted, so that the court to which the case was removed may resolve Plaintiffs' Motion for Remand.

**B.      THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT**

Title 28 of the United States Code, Section 1407(a) allows for the transfer of a civil action "involving one or more commons questions of fact" on if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  Movants submit that this particular case does not meet these requirements.  Grouping this case with the Multidistrict Litigation's (hereinafter "MDL") inventory of huge and unrelated cases will impeded rather than enhance the process of these cases.

As set forth above, Defendant Crane Co. filed its Notice of Removal on April 12, 2012. Crane Co.'s alleged ground for removal, as stated in its Notice, is that defendant was acting under the direction of an officer of the United States within the meaning of 28 United States Code Section 1442(a)(1), and that defendant has a federal defense to plaintiffs' state court claims.

Crane Co. bases its removal solely on the pleadings set forth in plaintiffs' First Amended Complaint (hereinafter "Complaint").  In doing so, Crane Co. doesn't simply misinterpret the language of the Complaint.  Rather, Crane Co. fabricates allegations that simply ***do not*** appear in the Complaint.  In particular, Crane Co. asserts erroneously in the fourth paragraph of their Notice of Removal the following:

> Plaintiffs also allege that certain defendants, including Crane Co. sold and supplied certain equipment to the United States Navy and naval shipyards, which contained gaskets and/or packing and which were sold by said defendants as after-market replacement parts.

Crane Co.'s assertion, however, is completely unsupported.  **Nowhere in plaintiffs' Complaint is there an allegation that Crane Co., or any other defendant for that matter, supplied any equipment to the United States Navy or any naval shipyards**.

Removal is inappropriate in that Crane Co.'s allegations of plaintiffs' Complaint are in fact inaccurate. Furthermore, removal was improper as a matter of law. The removal statute is strictly construed against removal jurisdiction. *See Frank D. Gaus v. Miles, Inc*., 92 F.2d 564, 566 (9th Cir. 1992). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Id.* "In general, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint. *See Redwood Theatres, Inc., v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir. 1990).

As such, plaintiffs currently have their Motion for Remand pending before the United States District Court for the Northern District of California to remand this case to Alameda County Superior Court in the State of California.

## C.   THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES

Transfer pursuant to 28 United States Code Section 1407 will only be considered if there are common facts present. *See In Re Drowning Incident at Quality Inn Northeast Washington, D.C., on May 3, 1974*, 405 F. Supp. 1304, 1306 (JPML 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *See In Re Boeing Co. Employment Practices Litigation,* 293 F. Supp, 2d 1382 (JPML 2003). A mere showing of common questions of fact is not sufficient alone to merit transfer. *See In Re Truck Accident Near Almagorod New Mexico on June 18, 1969,* 387 F. Supp. 732, 733 (JPML 1975).

Because Movants' case is dissimilar from the multiparty asbestos suits in MDL-875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL-875 cases the common material, asbestos fibers, it is wholly different in its limited scope.

The facts in dispute in these matters (other than generic fact of asbestos exposure) are

entirely unique to decedent's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this specific plaintiff, and will of little possible benefit to the parties in MDL-875.

**D.     TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES**

In its Order creating MDL-875, the Panel explained that since 28 U.S.C. Section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise." *See In Re Asbestos Product Liability Litigation (No. IV),* 771 F. Supp. 415, 422 (JPML 1991).

Movants respectfully submit, however, that effective practices before the Eastern District of Pennsylvania, will unavoidably require to travel to Philadelphia for settlement conferences in chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging for parties and their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *See In Re Air Crash Disaster Near Upperville, Va., on December 1, 1974,* 430 F. Supp. 1295 (JPML 1977). This places a heavy and entirely unnecessary burden on Movants.

**E.     TRANSFER WILL BE UNJUST AND INEFFICIENT**

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the actions in question. *See In Re Patenaud,* 210 F. 3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *See In Re Tobacco/Gov. Health Care Costs Litigation,* 76F. Supp. 2d. 7-8 (DDC 1999) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding

looking to consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience or transfer and remand.")

Consolidated Movants' case with MDL-875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which the MDL was created. This case can be most efficiently handled by the California Superior Court in and for the County of Alameda, or in the Federal District Court of the Northern District of California where trial will take place.

The parties will not benefit from the MDL-875's focus on common asbestos defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufacturers) which was the context in which MDL-875 was created to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal injury action, one that the State Court of California and the parties would be able to move relatively rapidly to trial.

In light of the above, Movant respectfully submits that transfer to MDL-875 would be more inconvenient to the parties and witnesses, and more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will likely serve only to delay the matter, while increasing the judicial workload of the Pennsylvania Court, and accomplishing no effective progress in the action.

### III.        CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of these cases.  It is not suitable for transfer to the MDL.  Most importantly, the United States District Courts lacks federal subject matter jurisdiction.

For these reasons, it is respectfully requested that this Panel vacate the Conditional Transfer Order No. 552.

<div style="margin-left:40%;">

Respectfully submitted,

**LEVIN SIMES LLP**

*/s/ Sean P. Worsey*
Sean P. Worsey
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Tel:    (415) 426-3000
Fax:    (415) 426-3001
Email:  sworsey@levinsimes.com

</div>

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served via electronic filing on all counsel of record listed on the Court's website and by Regular U.S. Main on the parties listed on the attached service list on this 24th day of May, 2013.

<div style="margin-left:40%;">

*/s/ Sean P. Worsey*
Sean P. Worsey

</div>

# Jeanene Kuhnau, et al., vs. A.W. Chesterton Company, et al.
## United States District Court for the Northern District of California, Docket No. 3:13-cv-01669
### SERVICE LIST

**ARMSTRONG & ASSOCIATES LLP** One Kaiser Plaza (Suite 625), Oakland, CA, 94612
   Phone: 510-433-1830; Fax: 510-433-1836
   CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK

**BASSI, EDLIN, HUIE & BLUM, LLP** 500 Washington Street, Suite 700, San Francisco, CA, 94111
   Phone: 415-397-9006; Fax: 415-397-1339
   J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J.T. THORPE NORTWHEST, INC.

**BUTY & CURLIANO** 555 City Center (555 12th Street, Suite 1280), Oakland, CA, 94607
   Phone: 510-267-3000; Fax: 510-267-0117
   PEERLESS PACIFIC COMPANY OF OREGON

**DEHAY & ELLISTON LLP** 1111 Broadway, Suite 1950, Oakland, CA, 94607
   Phone: 510-285-0750; Fax: 510-285-0740
   KAISER GYPSUM COMPANY, INC.

**FITZPATRICK & HUNT, TUCKER, COLLIER, PAGANO, AUBERT, LLP** 633 West Fifth Street, 60th Floor, Los Angeles, CA, 90071
   Phone: 213-873-2100; Fax: 213-873-2125
   THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE

**FOLEY & MANSFIELD, PLLP (Oakland)** 300 Lakeside Drive, Suite 1900, Oakland, CA, 94612
   Phone: 510-590-9500; Fax: 510-590-9595
   AMERON INTERNATIONAL CORPORATION, Individually and as Successor-in-Interest to American Pipe & Construction Co.
   EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE INC.
   ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER

**HAWKINS PARNELL THACKSTON & YOUNG LLP** Three Embarcadero Center (8th Floor), San Francisco, CA, 94111-4024
   Phone: 415-766-3200; Fax: 415-766-3250:
   KELLY-MOORE PAINT COMPANY, INC.

**IMAI TADLOCK KEENEY & CORDERY** 100 Bush Street (Suite 1300), San Francisco, CA, 94104
   Phone: 415-675-7000; Fax: 415-675-7008
   ALLIED PACKING & SUPPLY, INC.
   J.S. Guerin & Company

**JACKSON JENKINS RENSTROM LLP** 55 Francisco Street (6th Floor), San Francisco, CA, 94133
   Phone: Main:: 415-982-3600; Fax: Main:: 415-982-3700
   CLAYTON INDUSTRIES

**K&L GATES, LLP** Four Embarcadero Center, Ste. 1200, San Francisco, CA, 94111
Phone: 415-882-8200; Fax: 415-882-8220
CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.
CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA
PACIFIC BOILER

**LAW OFFICES OF PETER J. NOVA** P.O. Box 1328, Sonoma, CA, 95476
Phone: 707-938-9610; Fax: 707-938-9612
PARKER HANNIFIN CORPORATION INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY

**LOW BALL & LYNCH** 505 Montgomery St. (7th Floor), San Francisco, CA, 94111
Phone: 415-981-6630; Fax: 415-982-1634
ARMSTRONG INTERNATIONAL, INC.

**MORGAN LEWIS & BOCKIUS** Spear Street Tower (One Market Plaza), San Francisco, CA, 94105
Phone: 415-442-1000; Fax: 415-442-1001
GRINNELL LLC
YARWAY CORPORATION

**MURRIN & ASSOCIATES** 3675 Mt Diablo Blvd # 230, Lafayette, CA, 94549
Phone: 925-284-5770; Fax: 925-262-2111
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL &
MANUFACTURING COMPANY

**PERKINS COIE LLP (SF)** Four Embarcadero Center (Suite 2400), San Francisco, CA, 94111
Phone: 415-344-7000; Fax: 415-344-7288
GEORGIA-PACIFIC CORPORATION

**POND NORTH (Los Angeles Office)** 350 South Grand Ave. (Suite 3300), Los Angeles, CA, 90071
Phone: 213-617-6170; Fax: 213-623-3594
FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
COMPANY

**POND NORTH (San Francisco Office)** 100 Spear Street (Suite 1200), San Francisco, CA, 94105
Phone: 415-217-1240; Fax: 415-644-0578
FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
COMPANY

**PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP (SF)** 1 California Street, Suite
1910, San Francisco, CA, 94111
Phone: 415-788-8354; Fax: 415-788-3625
ITT CORPORATION FKA ITT INDUSTRIES, INC.,   INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO BELL & GOSSETT
TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR
INTEREST TO KEWANEE BOILER CORPORATION

**SELMAN BREITMAN LLP (SF)** 33 New Montgomery, 6th Floor, San Francisco, CA, 94105
Phone: 415-979-0400; Fax: 415-979-2099
DOUGLASS INSULATION CO., INC.
OAKFABCO, INC INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/OR FKA AND/OR
FDBA KEWANEE BOILER CORPORATION

**THOMPSON & KNIGHT LLP** 650 California Street, Fifth Floor, San Francisco, CA, 94108
Phone: 415-433-3900; Fax: 415-433-3950
HONEYWELL INTERNATIONAL, INC.  FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION

**TUCKER ELLIS & WEST LLP (SF)** 135 Main St., Suite 700, San Francisco, CA, 94105
Phone: 415-617-2400; Fax: 415-617-2409
CARRIER CORPORATION

**TUCKER ELLIS & WEST, LLP (LA)** 515 South Flower Street (Forty Second Floor), Los Angeles, CA,
90071-2223
Phone: 213-430-3400; Fax: 213-430-3409
CARRIER CORPORATION

**WALSWORTH FRANKLIN BEVINS & MCCALL, LLP** 601 Montgomery Street, 9th Floor, San Francisco,
CA, 94111
Phone: 415-781-7072; Fax: 415-391-6258
GENERAL ELECTRIC COMPANY

**WILSON, ELSER, MOSKOWITZ, EDELMAN, & DICKER LLP** 525 Market St., 17th Floor, San Francisco,
CA, 94105
Phone: 415-433-0990; Fax: 415-434-1370
ASBESTOS CORPORATION, LTD.
BURNHAM CORPORATION

**AGENTS FOR SERVICE OF PROCESS (US MAIL ONLY)**
**Agents:   Please Provide plaintiffs with counsel information**

**BURNHAM CORPORATION**
THE CORPORATION TRUST COMPANY (DE)
1209 Orange Street, Wilmington, DE, 19801

**FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.**
CSC Lawyers Incorporating Service (SAC)
2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA, 95833
Phone: 800-222-2122; Fax: 916-563-2121

**GRINNELL LLC**
CT Corporation System (Plantation-FL)
1200 South Pine Island Road, Plantation, FL, 33324

# Exhibit A

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI | MDL No. 875 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANENE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,<br><br>                              Plaintiffs,<br><br>            vs.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>                              Defendants | Case No. 3:13-cv-01669<br><br>Alameda County Superior Court Case No. RG 12 630145 |

## NOTICE OF OPPOSITION TO

## CONDITIONAL TRANSFER ORDER (CTO-552)

Come now Plaintiffs and file this Notice o Opposition to the Conditional Transfer Order (CTO-552) entered by the Panel on May 3, 2013.

*Jeanene Kuhnau, individually and on Behalf of the Estate of Quentin Kuhnau, Decedent; Donald Kuhnau; and Diana Williams v. Allied Packing & Supply, Inc., et al.,* Docket Number 3:13-cv-01669, is currently pending in the United States District Court for the Northern District of California.  Plaintiffs in the above-captioned matter are represented by LEVIN SIMES LLP.  The above-captioned matter is listed on Conditional Transfer Order 552.  Pursuant to Panel Rule 7.1(c), the plaintiffs file this notice of opposition to appraise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.1(f), plaintiffs will file, within 14 days of the date of the filing of this notice, their motion to vacate the conditional transfer order and supporting brief.

Respectfully submitted,

**LEVIN SIMES LLP**

*/s/ Sean P. Worsey*
Sean P. Worsey
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Tel:    (415) 426-3000
Fax:    (415) 426-3001
Email:  sworsey@levinsimes.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this Notice of Opposition has been served via electronic filing on all counsel of record listed on the Court's website, as well by Regular U.S. Mail Service to the recipients listed on the attached service list on this 10th day of May, 2013.


*/s/ Sean P. Worsey*
Sean P. Worsey

**Jeanene Kuhnau, et al., vs. A.W. Chesterton Company, et al.,**
**United States District Court for the Northern District of California,**
**Docket No. 3:13-cv-01669**
SERVICE LIST

**ARMSTRONG & ASSOCIATES LLP** One Kaiser Plaza (Suite 625), Oakland, CA, 94612
 Phone: 510-433-1830; Fax: 510-433-1836
 CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK

**BASSI, EDLIN, HUIE & BLUM, LLP** 500 Washington Street, Suite 700, San Francisco, CA, 94111
 Phone: 415-397-9006; Fax: 415-397-1339
 J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J.T. THORPE
NORTWHEST, INC.

**DEHAY & ELLISTON LLP** 1111 Broadway, Suite 1950, Oakland, CA, 94607
 Phone: 510-285-0750; Fax: 510-285-0740
 KAISER GYPSUM COMPANY, INC.

**FOLEY & MANSFIELD, PLLP (Oakland)** 300 Lakeside Drive, Suite 1900, Oakland, CA, 94612
 Phone: 510-590-9500; Fax: 510-590-9595
 AMERON INTERNATIONAL CORPORATION, Individually and as Successor-in-Interest to American Pipe
& Construction Co.
 EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER
EGO TO ASCO VALVE INC.
 ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN
INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER

**HAWKINS PARNELL THACKSTON & YOUNG LLP** Three Embarcadero Center (8th Floor), San Francisco,
CA, 94111-4024
 Phone: 415-766-3200; Fax: 415-766-3250:
 KELLY-MOORE PAINT COMPANY, INC.

**IMAI TADLOCK KEENEY & CORDERY** 100 Bush Street (Suite 1300), San Francisco, CA, 94104
 Phone: 415-675-7000; Fax: 415-675-7008
 ALLIED PACKING & SUPPLY, INC.
 J.S. Guerin & Company

**JACKSON JENKINS RENSTROM LLP** 55 Francisco Street (6th Floor), San Francisco, CA, 94133
 Phone: Main:: 415-982-3600; Fax: Main:: 415-982-3700
 CLAYTON INDUSTRIES

**K&L GATES, LLP** Four Embarcadero Center, Ste. 1200, San Francisco, CA, 94111
 Phone: 415-882-8200; Fax: 415-882-8220
 CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.
 CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA
PACIFIC BOILER

**LAW OFFICES OF PETER J. NOVA** P.O. Box 1328, Sonoma, CA, 95476
 Phone: 707-938-9610; Fax: 707-938-9612
 PARKER HANNIFIN CORPORATION INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY

**LOW BALL & LYNCH** 505 Montgomery St. (7th Floor), San Francisco, CA, 94111
    Phone: 415-981-6630; Fax: 415-982-1634
    ARMSTRONG INTERNATIONAL, INC.

**MORGAN LEWIS & BOCKIUS** Spear Street Tower (One Market Plaza), San Francisco, CA, 94105
    Phone: 415-442-1000; Fax: 415-442-1001
    GRINNELL LLC
    YARWAY CORPORATION

**MURRIN & ASSOCIATES** 3675 Mt Diablo Blvd # 230, Lafayette, CA, 94549
    Phone: 925-284-5770; Fax: 925-262-2111
    SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION,
    INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL &
    MANUFACTURING COMPANY

**PERKINS COIE LLP (SF)** Four Embarcadero Center (Suite 2400), San Francisco, CA, 94111
    Phone: 415-344-7000; Fax: 415-344-7288
    GEORGIA-PACIFIC CORPORATION

**POND NORTH (Los Angeles Office)** 350 South Grand Ave. (Suite 3300), Los Angeles, CA, 90071
    Phone: 213-617-6170; Fax: 213-623-3594
    FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
    Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
    FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
    COMPANY

**POND NORTH (San Francisco Office)** 100 Spear Street (Suite 1200), San Francisco, CA, 94105
    Phone: 415-217-1240; Fax: 415-644-0578
    FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
    Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
    FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
    COMPANY

**PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP (SF)** 1 California Street, Suite
1910, San Francisco, CA, 94111
    Phone: 415-788-8354; Fax: 415-788-3625
    ITT CORPORATION FKA ITT INDUSTRIES, INC.,   INDIVIDUALLY AND AS
    SUCCESSOR-IN-INTEREST TO BELL & GOSSETT
    TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR
    INTEREST TO KEWANEE BOILER CORPORATION

**SELMAN BREITMAN LLP (SF)** 33 New Montgomery, 6th Floor, San Francisco, CA, 94105
    Phone: 415-979-0400; Fax: 415-979-2099
    DOUGLASS INSULATION CO., INC.
    OAKFABCO, INC INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/OR FKA AND/OR
    FDBA KEWANEE BOILER CORPORATION

**THOMPSON & KNIGHT LLP** 650 California Street, Fifth Floor, San Francisco, CA, 94108
    Phone: 415-433-3900; Fax: 415-433-3950
    HONEYWELL INTERNATIONAL, INC.   FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS
    SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION

**TUCKER ELLIS & WEST LLP (SF)** 135 Main St., Suite 700, San Francisco, CA, 94105
    Phone: 415-617-2400; Fax: 415-617-2409
    CARRIER CORPORATION

**TUCKER ELLIS & WEST, LLP (LA)** 515 South Flower Street (Forty Second Floor), Los Angeles, CA, 90071-2223
> Phone: 213-430-3400; Fax: 213-430-3409
> CARRIER CORPORATION

**TUCKER, COLLIER, PAGANO, AUBERT, LLP** 633 West Fifth Street, 60th Floor, Los Angeles, CA, 90071
> Phone: 213-873-2100; Fax: 213-873-2125
> THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE

**WALSWORTH FRANKLIN BEVINS & MCCALL, LLP** 601 Montgomery Street, 9th Floor, San Francisco, CA, 94111
> Phone: 415-781-7072; Fax: 415-391-6258
> GENERAL ELECTRIC COMPANY

**WILSON, ELSER, MOSKOWITZ, EDELMAN, & DICKER LLP** 525 Market St., 17th Floor, San Francisco, CA, 94105
> Phone: 415-433-0990; Fax: 415-434-1370
> ASBESTOS CORPORATION, LTD.
> BURNHAM CORPORATION

**AGENTS FOR SERVICE OF PROCESS (US MAIL ONLY)**
**Agents:  Please Provide plaintiffs with counsel information**

**BURNHAM CORPORATION**
> THE CORPORATION TRUST COMPANY (DE)
> 1209 Orange Street, Wilmington, DE, 19801

**FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.**
> CSC Lawyers Incorporating Service (SAC)
> 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA, 95833
> Phone: 800-222-2122; Fax: 916-563-2121

**GRINNELL LLC**
> CT Corporation System (Plantation-FL)
> 1200 South Pine Island Road, Plantation, FL, 33324

**PEERLESS PACIFIC COMPANY OF OREGON**
> Warren, John
> 5 Centerpiece Drive (Suite 240), Lake Oswego, OR, 97035

# Exhibit B

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:    (415) 426-3000
Facsimile:    (415) 426-3001
wlevin@levinsimes.com
sworsey@levinsimes.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEANNE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>Defendants. | Case No. 3:13-CV-01669-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**<br><br>Date:            June 20, 2013<br>Time:            1:30 p.m.<br>Courtroom:    Courtroom 3<br>                    17th Floor<br>Judge:          Honorable Edward M. Chen<br>Removal Date:  April 12, 2013<br>Complaint Filed:  May 14, 2012<br>Trial Date:      None Set |

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, June 20, 2013, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 3, 17th Floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Jeanene Kuhnau, individually and on Behalf of the Estate of Quentin Kuhnau, Decedent; Donald Kuhnau and Diana Williams ("Plaintiffs"), will move this Court for an Order remanding this case to the Superior Court of California, in and for the County of Alameda under 28 United States Code Sections 1446 and 1447.  This motion is based on the supporting Memorandum of Points and Authorities, the Declaration of Sean P. Worsey, argument of counsel as may be presented at the hearing thereof, and all of the papers and files contained herein.

By this motion, Plaintiffs seek the immediate remand of this action to Alameda County Superior Court of the State of California on the grounds that this case cannot be removed to this Court under Federal Officer jurisdiction.  (28 United States Code Section 1442(a)(1).)  Despite Defendant Crane Co.'s assertion to the contrary, plaintiffs have not alleged and are not pursuing liability against Crane for Decedent's exposure to asbestos from Crane products aboard Naval Vessels, or in Naval Shipyards, and as such Federal Officer jurisdiction does not apply to this case.  (28 United States Code Section 1442(a)(1).)


Dated:  May 9, 2013                                    **LEVIN SIMES LLP**


                                                      _/s/ Sean P. Worsey_
                                                      Sean P. Worsey
                                                      Attorneys for Plaintiffs

                                          PLAINTIFFS' NOTICE OF MOTION AND MOTION
                                          TO REMAND CASE TO STATE COURT

1  WILLIAM A. LEVIN, ESQ. (SBN 98592)
   SEAN P. WORSEY, ESQ. (SBN 215807)
2  **LEVIN SIMES LLP**
   353 Sacramento Street, 20th Floor
3  San Francisco, CA 94111
   Telephone:    (415) 426-3000
4  Facsimile:    (415) 426-3001
   wlevin@levinsimes.com
5  sworsey@levinsimes.com

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10               SAN FRANCISCO DIVISION

11  JEANNE KUHNAU, individually and on Behalf      Case No. 3:13-CV-01669-EMC
    of the Estate of QUENTIN KUHNAU, Decedent;
12  DONALD KUHNAU; DIANA WILLIAMS; and
    DOES ONE through TEN, inclusive,
13                                                 **MEMORANDUM OF POINTS AND**
                                                   **AUTHORITIES IN SUPPORT OF**
14                    Plaintiffs,                  **PLAINTIFFS' MOTION TO REMAND CASE**
                                                   **TO CALIFORNIA STATE COURT**
15
                     vs.                           Date:          June 20, 2013
16                                                 Time:          1:30 p.m.
                                                   Courtroom:     Courtroom 3
17  ALLIED PACKING & SUPPLY, INC., et al.,                        17th Floor
                                                   Judge:         Honorable Edward M. Chen
18                   Defendants.                   Removal Date:  April 12, 2013
                                                   Complaint Filed: May 14, 2012
19                                                 Trial Date:    None Set

20

21

22

23

24

25

26

27

28

---

780305_1.docx                          MEMORANDUM OF POINTS AND AUTHORITIES
                                       IN SUPPORT OF PLAINTIFFS' MOTION TO
                                       REMAND CASE TO STATE COURT

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................... 1

II.    STATEMENT OF FACTS ............................................................................ 1

III.   PLAINTIFFS' EFFORTS TO MEET AND CONFER WITH CRANE ........................................ 1

IV.    ARGUMENT .................................................................................................. 2

       A.     DEFENDANT CRANE HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING

              THAT REMOVAL IS PROPER ..................................................................... 2

V.     CONCLUSION .............................................................................................. 3

# **TABLE OF AUTHORITIES**

**Cases**

*Frank D. Gaus v. Miles, Inc.*, 92 F.2d 564, 566 (9th Cir. 1992) .................................................. 2

*Redwood Theatres, Inc., v. Festival Enterprises, Inc.* 908 F.2d 477, 479 (9th Cir. 1990) ......................... 2

**Statutes**

28 United States Code Section 1446 ............................................................................... 1

28 United States Code Section 1447 ............................................................................... 1

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO
REMAND CASE TO STATE COURT

# I.     INTRODUCTION

On April 12, 2013, defendant Crane Co. ("CRANE") served and filed a Notice of Removal, which took this case from the Superior Court of California for the County of Alameda to this Court.  By this motion, plaintiffs seek immediate remand of this action to the Alameda County Superior Court, on grounds that there is no federal subject matter jurisdiction, and in particular, on grounds that CRANE had no actual basis for asserting removal jurisdiction.  *See* 28 United States Code Section 1446, *et seq.* and *see* 28 United States Code Section 1447, *et seq.*

# II.     STATEMENT OF FACTS

CRANE bases its removal solely on the pleadings set forth in plaintiffs' First Amended Complaint (hereinafter "Complaint").  In doing so, CRANE doesn't' simply misinterpret the language of the Complaint.  Rather, CRANE fabricates allegations that simply ***do not*** appear in the Complaint.  In particular CRANE asserts erroneously in the fourth paragraph of their Notice of Removal the following:

> Plaintiffs also allege that certain defendants, including Crane Co. sold and supplied certain equipment to the United States Navy and naval shipyards, which contained gaskets and/or packing and which were sold by said defendants as after-market replacement parts.

CRANE'S assertion, however, is completely unsupported.  **Nowhere in plaintiffs' Complaint is there an allegation that CRANE, or any other defendant for that matter, supplied any equipment to the United States Navy or any naval shipyards**.  (*See* Plaintiffs' Complaint, attached to the Declaration of Sean P. Worsey (hereinafter "Worsey Decl.") as **Exhibit A**.)

While plaintiffs' Complaint alleges exposure to asbestos at various employments, over a forty year period, including four years of service in the United States Navy, most of the alleged employments were civilian in nature, including a twenty eight years stint as a steamfitter for the Portland School District in Oregon.  For purposes of evaluating whether there is federal subject matter jurisdiction, it is important to note that plaintiffs do not allege anywhere in the Complaint that plaintiff was exposed to asbestos from any CRANE products or equipment during his time in the Navy or at any navy shipyard.

# III.     PLAINTIFFS' EFFORTS TO MEET AND CONFER WITH CRANE

After receiving CRANE'S Notice of Removal, plaintiffs' counsel left to phone messages with Michelle Barnes, counsel for CRANE, informing her of the lack of federal subject matter jurisdiction

here, and advising her that plaintiffs have not alleged, and will not be alleging that decedent Mr. Kuhnau was exposed to CRANE'S products during his time in the United States Navy or on any naval vessel or shipyard. To alleviate any doubt that CRANE or Ms. Barnes may have had, plaintiffs' counsel even offered a written stipulation to that effect, and asked if CRANE would be willing to stipulate to Remand. In response Ms. Barnes, left a couple of voice messages for plaintiffs' counsel, but never addressed the substance of plaintiffs' counsel's points or proposal. On May 6, 2013, plaintiffs' counsel wrote counsel for CRANE, and once again explained the lack of federal subject matter jurisdiction and asked for a stipulated remand, but as of the time of this writing, CRANE has not responded. (*See* correspondence to counsel for CRANE, attached to the Worsey Decl. as **Exhibit B**.)

## IV.     ARGUMENT

## A.     DEFENDANT CRANE HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT REMOVAL IS PROPER

The removal statute is strictly construed against removal jurisdiction. *Frank D. Gaus v. Miles, Inc.*, 92 F.2d 564, 566 (9th Cir. 1992). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Id.* "In general, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint. *Redwood Theatres, Inc., v. Festival Enterprises, Inc.* 908 F.2d 477, 479 (9th Cir. 1990).

Here, defendant CRANE's basis for removal is based on language in plaintiffs' Complaint that does not exist. CRANE incorrectly asserts that plaintiffs' Complaint contains language and allegations that it ***does not*** in fact contain. A simple reading of the Complaint reveals that plaintiffs never allege that decedent was exposed to asbestos from any equipment or materials sold or supplied by CRANE while in the Navy or at any Navy shipyard. Indeed, plaintiffs' Complaint does not even allege that CRANE supplied any equipment, materials or products to any jobsite where plaintiff worked. Defendant CRANE therefore has not met its burden of establishing that removal is proper, as its Notice of Removal was based on allegations that simply do not exist. Defendant CRANE was not entitled to remove this case

V. **CONCLUSION**

Defendant CRANE's removal is not supported by the actual allegations of the plaintiffs' Complaint. There are, in fact, no allegations that decedent was exposed to any asbestos from products, equipment or material that CRANE supplied to the United States Navy, and no allegations that decedent was exposed to asbestos from any CRANE product or equipment while serving in the Navy or at any naval shipyard. The Court should immediately remand this action to Dept. 30 of the Superior Court of California for Alameda County.

Dated: May 9, 2013                     **LEVIN SIMES LLP**


                                       */s/ Sean P. Worsey*
                                       Sean P. Worsey
                                       Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES
                                                                       IN SUPPORT OF PLAINTIFFS' MOTION TO
                                                                       REMAND CASE TO STATE COURT

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:     (415) 426-3000
Facsimile:     (415) 426-3001
wlevin@levinsimes.com
sworsey@levinsimes.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEANNE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED PACKING & SUPPLY, INC., et al., <br><br> Defendants. | Case No. 3:13-CV-01669-EMC <br><br> **DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA STATE COURT** <br><br> Date:          June 20, 2013 <br> Time:          1:30 p.m. <br> Courtroom:     Courtroom 3 <br>                17th Floor <br> Judge:         Honorable Edward M. Chen <br> Removal Date:  April 12, 2013 <br> Complaint Filed: May 14, 2012 <br> Trial Date:    None Set |

I, Sean P. Worsey, do hereby declare that the following is true and correct:

1.     I am an attorney at law, licensed to practice in the courts of the State of California.  I am associated with the law firm Levin Simes LLP, attorneys of record for plaintiffs herein.  I have knowledge of the matters stated herein and if called as a witness, could competently testify thereto.

2.     Attached hereto as **Exhibit A** is a true and correct copy of plaintiffs' First Amended Complaint that was filed with the Superior Court of California, County of Alameda, on February 13, 2013.

///

---

780305_1.docx                    - 1 -     DECLARATION OF SEAN P. WORSEY OF
                                            PLAINTIFFS' MOTION TO REMAND CASE TO
                                            STATE COURT

1        3.        Attached hereto as **Exhibit B** is a true and correct copy of plaintiffs' counsel's meet and

2 confer letter to counsel for Defendant Crane Co., faxed to counsel on May 6, 2013.

3        I declare under penalty of perjury pursuant to the laws of the State of California that the

4 foregoing is true and correct, and that this Declaration was executed on Thursday, May 9, 2013, in San

5 Francisco, California.

6

7                                      Sean P. Worsey

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

780305_1.docx                 - 2 -        DECLARATION OF SEAN P. WORSEY OF
PLAINTIFFS' MOTION TO REMAND CASE TO
STATE COURT

# Exhibit A

# AMENDED SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:** ALLIED PACKING & SUPPLY, INC., [see *(AVISO AL DEMANDADO):* attachment for additional defendants] | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* **ENDORSED FILED ALAMEDA COUNTY** FEB 1 3 2013 CLERK OF THE SUPERIOR COURT By _M. Cohen_ Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:** JEANENE KUHNAU, individually
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on Behalf of the Estate of
QUENTIN KUHNAU, Decdent; DONALD KUHNAU; DIANA WILLIAMS;
and DOES ONE through TEN, inclusive,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo an demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: *(Número del Caso:)* RG 12 630145 |
|---|---|
| Superior Court of California County of Alameda 1225 Fallon Street Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sean P. Worsey [SBN 215807]        (415) 426-3000       (415) 426-3001
Levin Simes LLP
353 Sacramento St., 20th Floor
San Francisco, CA 94111

DATE: FEB 1 3 2013    Pat S. Sweeten    Clerk, by _M. Cohen_ , Deputy
*(Fecha)*                  *(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

**SUM-200(A)**

| SHORT TITLE: Quentin Kuhnau and Jeanene Kuhnau vs. A.W. Chesterton Company, et al. | CASE NUMBER:<br>RG 12 630145 |
|---|---|

**INSTRUCTIONS FOR USE**

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☒ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

ALLIED PACKING & SUPPLY, INC.;
AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
AMERICAN PIPE & CONSTRUCTION CO.;
ARMSTRONG INTERNATIONAL, INC.;
ASBESTOS CORPORATION, LTD.;
A.W. CHESTERTON COMPANY;
BURNHAM CORPORATION;
CARRIER CORPORATION;
CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR
BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS
WESTINGHOUSE ELECTRIC CORPORATION;
CLAYTON INDUSTRIES;
CONSOLIDATED SUPPLY CO.;
CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.;
CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC
BOILER CORPORATION;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;
DOUGLASS INSULATION CO., INC.;
EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO
ASCO VALVE, INC.;
FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY;
FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.;
FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN
CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.;
FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
COMPANY;
GEORGIA-PACIFIC CORPORATION;
GENERAL ELECTRIC COMPANY;
GRINNELL LLC;
HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE BENDIX CORPORATION;
INGERSOLL-RAND COMPANY;
ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
BELL & GOSSETT;
J. S. GUERIN & COMPANY;
J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE
NORTHWEST, INC.;
KAISER GYPSUM COMPANY, INC.;
KELLY-MOORE PAINT COMPANY, INC.;
OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA
KEWANEE BOILER CORPORATION;
OWENS-ILLINOIS, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO
SIERRA AND SACOMO MANUFACTURING COMPANY;

Page ___1___ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

**SUM-200(A)**

| SHORT TITLE: Quentin Kuhnau and Jeanene Kuhnau vs. A.W. Chesterton Company, et al. | CASE NUMBER: RG 12 630145 |
|---|---|

**INSTRUCTIONS FOR USE**

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PEERLESS PACIFIC COMPANY OF OREGON;
RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO PHILIP CAREY MANUFACTURING CORP.;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY;
STERLING FLUID SYSTEMS (USA) LLC,
FORMERLY KNOWN AS PEERLESS PUMP COMPANY;
THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE;
UNION CARBIDE CORPORATION;
TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION;
YARWAY CORPORATION;
ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER;
and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive,

Page __2__ of __2__
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions™
Plus

1
WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
2
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
3
San Francisco, CA 94111
Telephone:     (415) 426-3000
4
Facsimile:      (415) 426-3001
wlevin@levinsimes.com
5
sworsey@levinsimes.com

6
Attorneys for Plaintiffs

7

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2013

CLERK OF THE SUPERIOR COURT
By
     M. Cohen

8
## SUPERIOR COURT OF CALIFORNIA

9
## COUNTY OF ALAMEDA

10
(UNLIMITED JURISDICTION)

11
JEANENE KUHNAU, individually and on
Behalf of the Estate of QUENTIN KUHNAU,
12
DONALD KUHNAU, DIANA WILLIAMS
Decedent; and DOES ONE through TEN,
13
inclusive,

14
                          Plaintiffs,

15
              vs.

16
ALLIED PACKING & SUPPLY, INC.;
AMERON INTERNATIONAL
17
CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO AMERICAN
18
PIPE & CONSTRUCTION CO.;
ARMSTRONG INTERNATIONAL, INC.;
19
ASBESTOS CORPORATION, LTD.;
A.W. CHESTERTON COMPANY;
20
BURNHAM CORPORATION;
CARRIER CORPORATION;
21
CBS CORPORATION, A DELAWARE
CORPORATION, FORMERLY KNOWN AS
22
VIACOM, INC., SUCCESSOR BY MERGER
TO CBS CORPORATION, A PENNSYLVANIA
23
CORPORATION, FORMERLY KNOWN AS
WESTINGHOUSE ELECTRIC
24
CORPORATION;
CLAYTON INDUSTRIES;
25
CONSOLIDATED SUPPLY CO.;
CRANE CO., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO CHAPMAN
VALVE CO.;
27
CRANE CO., INDIVIDUALLY, AS
SUCCESSOR-IN-INTEREST, PARENT ALTER
28
EGO TO OR FKA PACIFIC BOILER

Case No. RG 12 630145

Assigned For All Pre-Trial Purposes to
Judge Jo-Lynne Q. Lee
Department 30

**FIRST AMENDED COMPLAINT FOR
DAMAGES**

**(Wrongful Death)**
**(Asbestos)**

| 1. | **Negligence** |
| 2. | **Strict Liability** |
| 3. | **Survival Action** |

COPY

CORPORATION;
CROWN, CORK & SEAL, INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO
MUNDET CORK;
DOUGLASS INSULATION CO., INC.;
EMERSON ELECTRIC CO., INDIVIDUALLY,
AS SUCCESSOR-IN-INTEREST AND
PARENT ALTER EGO TO ASCO VALVE,
INC.;
FAMILIAN CORPORATION, DBA FAMILIAN
PIPE & SUPPLY;
FAMILIAN NORTHWEST, INC., NOW
KNOWN AS FERGUSON ENTERPRISES,
INC.;
FERGUSON ENTERPRISES, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO FAMILIAN CORPORATION
FKA FAMILIAN PIPE & SUPPLY CO., INC.;
FMC CORPORATION, INDIVIDUALLY AND
AS SUCCESSOR-IN-INTEREST TO
PEERLESS PUMP COMPANY;
GEORGIA-PACIFIC CORPORATION;
GENERAL ELECTRIC COMPANY;
GRINNELL LLC;
HONEYWELL INTERNATIONAL, INC. FKA
ALLIED SIGNAL, INC., INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO THE
BENDIX CORPORATION;
INGERSOLL-RAND COMPANY;
ITT CORPORATION FKA ITT INDUSTRIES,
INC., INDIVIDUALLY AND AS SUCCESSOR-
IN-INTEREST TO BELL & GOSSETT;
J. S. GUERIN & COMPANY;
J. T. THORPE & SON, INC., INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO J. T.
THORPE NORTHWEST, INC.;
KAISER GYPSUM COMPANY, INC.;
KELLY-MOORE PAINT COMPANY, INC.;
OAKFABCO, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO AND/R FKA
AND/OR DDBA KEWANEE BOILER
CORPORATION;
OWENS-ILLINOIS, INC.;
PARKER-HANNIFIN CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO SACOMO SIERRA AND
SACOMO MANUFACTURING COMPANY;
PEERLESS PACIFIC COMPANY OF
OREGON;
RAPID AMERICAN CORP., AS SUCCESSOR
IN INTEREST TO PHILIP CAREY
MANUFACTURING CORP.;
SOCO-WEST, INC. FKA BRENNTAG WEST,
INC. FKA SOCO-LYNCH CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO WESTERN CHEMICAL &

MANUFACTURING COMPANY;
STERLING FLUID SYSTEMS (USA) LLC,
FORMERLY KNOWN AS PEERLESS PUMP
COMPANY;
THERMAL CERAMICS, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO INTERNATIONAL
VERMICULITE;
UNION CARBIDE CORPORATION;
TRANE U.S. INC., FKA AMERICAN
STANDARD, INC., INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO KEWANEE
BOILER CORPORATION;
YARWAY CORPORATION;
ZURN INDUSTRIES, LLC, INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO
ZURN INDUSTRIES, INC., ERIE CITY IRON
WORKS AND KEYSTONE BOILER;
and the ELEVENTH DOE through THREE
HUNDREDTH DOE, inclusive,

                              Defendants.

## GENERAL ALLEGATIONS

1.      The true names and capacities, whether individual, corporate, associate, governmental or

otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are

unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names. When

the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this

complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant

designated herein as a DOE is responsible, negligently or in some other actionable manner, for the

events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to

the Decedent, as hereinafter alleged.

2.      At all times herein mentioned, each of the defendants, except as otherwise alleged, was

the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all

said times, each defendant was acting in the full course and scope of said agency, service, employment

and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other

individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff

QUENIN KUHNAU; and such defendants, as co-conspirators, are liable for the acts, or failures to act,

of other conspiring defendants. Plaintiff is informed and believes, and thereon alleges, that at all times

---

771336_2.docx                          - 3 -       FIRST AMENDED COMPLAINT FOR DAMAGES
                                                    (WRONGFUL DEATH) (ASBESTOS)

herein mentioned, defendants, ALLIED PACKING & SUPPLY, INC.; AMERON INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE & CONSTRUCTION CO.; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; BURNHAM CORPORATION; CARRIER CORPORATION; CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION; CLAYTON INDUSTRIES; CONSOLIDATED SUPPLY CO.; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.; CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER CORPORATION; CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK; DOUGLASS INSULATION CO., INC.; EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO VALVE, INC.; FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY; FAMILIAN NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.; FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.; FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY; GEORGIA-PACIFIC CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL LLC; HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; INGERSOLL-RAND COMPANY; ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT; J. S. GUERIN & COMPANY; J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE NORTHWEST, INC.; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY, INC.; OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA AND/OR DDBA KEWANEE BOILER CORPORATION; OWENS-ILLINOIS, INC.; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

1 | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY; PEERLESS PACIFIC
2 | COMPANY OF OREGON; RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO
3 | PHILIP CAREY MANUFACTURING CORP.; SOCO-WEST, INC. FKA BRENNTAG WEST, INC.
4 | FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
5 | WESTERN CHEMICAL & MANUFACTURING COMPANY; STERLING FLUID SYSTEMS (USA)
6 | LLC, FORMERLY KNOWN AS PEERLESS PUMP COMPANY; THERMAL CERAMICS, INC.,
7 | INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE;
8 | UNION CARBIDE CORPORATION; TRANE U.S. INC., FKA AMERICAN STANDARD, INC.,
9 | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION;
10 | YARWAY CORPORATION; ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-
11 | IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE
12 | BOILER; and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations
13 | organized and existing under and by virtue of the laws of the State of California, or the laws of some
14 | state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing
15 | business in the State of California, and that said defendants have regularly conducted business in the
16 | County of Alameda, State of California. The defendants identified in this paragraph are collectively
17 | hereinafter referred to as "**ASBESTOS DEFENDANTS**".

18 |      3.    At all times herein mentioned, each of the defendants, except as otherwise alleged, was
19 | the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all
20 | said times, each defendant was acting in the full course and scope of said agency, service, employment
21 | and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other
22 | individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff,
23 | QUENTIN KUHNAU; and such defendants, as co-conspirators, are liable for the acts, or failures to act,
24 | of other conspiring defendants. Plaintiff is informed and believes, and thereon alleges, that at all times
25 | herein mentioned, defendants, ALLIED PACKING & SUPPLY, INC.; AMERON INTERNATIONAL
26 | CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMERICAN PIPE &
27 | CONSTRUCTION CO.; ARMSTRONG INTERNATIONAL, INC.; ASBESTOS CORPORATION,
28 | LTD.; A.W. CHESTERTON COMPANY; BURNHAM CORPORATION; CARRIER

---

771336_2.docx      - 5 -      FIRST AMENDED COMPLAINT FOR DAMAGES
(WRONGFUL DEATH) (ASBESTOS)

CORPORATION; CBS CORPORATION, A DELAWARE CORPORATION, FORMERLY KNOWN

AS VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA

CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION;

CLAYTON INDUSTRIES; CONSOLIDATED SUPPLY CO.; CRANE CO., INDIVIDUALLY AND

AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.; CRANE CO., INDIVIDUALLY, AS

SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA PACIFIC BOILER

CORPORATION; CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-

INTEREST TO MUNDET CORK;  DOUGLASS INSULATION CO., INC.; EMERSON ELECTRIC

CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO ASCO

VALVE, INC.; FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY; FAMILIAN

NORTHWEST, INC., NOW KNOWN AS FERGUSON ENTERPRISES, INC.; FERGUSON

ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN

CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.; FMC CORPORATION,

INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP COMPANY;

GEORGIA-PACIFIC CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL LLC;

HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC., INDIVIDUALLY AND AS

SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; INGERSOLL-RAND

COMPANY; ITT CORPORATION FKA ITT INDUSTRIES, INC., INDIVIDUALLY AND AS

SUCCESSOR-IN-INTEREST TO BELL & GOSSETT; J. S. GUERIN & COMPANY; J. T. THORPE

& SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J. T. THORPE

NORTHWEST, INC.; KAISER GYPSUM COMPANY, INC.; KELLY-MOORE PAINT COMPANY,

INC.; OAKFABCO, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/R FKA

AND/OR DDBA KEWANEE BOILER CORPORATION; OWENS-ILLINOIS, INC.; PARKER-

HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY; PEERLESS PACIFIC

COMPANY OF OREGON; RAPID AMERICAN CORP., AS SUCCESSOR IN INTEREST TO

PHILIP CAREY MANUFACTURING CORP.; SOCO-WEST, INC. FKA BRENNTAG WEST, INC.

FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO

WESTERN CHEMICAL & MANUFACTURING COMPANY; STERLING FLUID SYSTEMS (USA) LLC, FORMERLY KNOWN AS PEERLESS PUMP COMPANY; THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE; UNION CARBIDE CORPORATION; TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO KEWANEE BOILER CORPORATION; YARWAY CORPORATION; ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER; and the ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Alameda, State of California. The defendants identified in this paragraph are collectively hereinafter referred to as "**ASBESTOS DEFENDANTS**".

4. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for others, packaging and/or advertising a certain substance the generic name for which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic

1   name of which is asbestos, and other products containing said substance.  The following **ASBESTOS**

2   **DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each

3   of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate

4   entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or

5   apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them,

6   caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS**

7   **DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and

8   that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally attached to each such

9   "alternate entity".

10  DEFENDANT                                    ALTERNATE ENTITY

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMERON INTERNATIONAL CORPORATION | AMERICAN PIPE & CONSTRUCTION CO. |
| CBS CORPORATION | VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION |
| CRANE CO. | CHAPMAN VALVE CO. |
| CRANE CO. | PACIFIC BOILER CORPORATION |
| CROWN, CORK & SEAL | MUNDET CORK |
| EMERSON ELECTRIC CO. | ASCO VALVE, INC. |
| FAMILIAN CORPORATION | FAMILIAN PIPE & SUPPLY |
| FAMILIAN NORTHWEST, INC. | FERGUSON ENTERPRISES, INC. |
| FERGUSON ENTERPRISES, INC. | FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC. |
| FMC CORPORATION | PEERLESS PUMP COMPANY |
| HONEYWELL INTERNATIONAL, INC. | ALLIED SIGNAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION |
| ITT CORPORATION | ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BELL & GOSSETT |
| J. T. THORPE & SON, INC. | J. T. THORPE NORTHWEST, INC. |
| OAKFABCO, INC. | KEWANEE BOILER CORPORATION |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| RAPID AMERICAN CORP. | PHILIP CAREY MANUFACTURING CORP. |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY |
| STERLING FLUID SYSTEMS (USA) LLC | PEERLESS PUMP COMPANY |
| THERMAL CERAMICS, INC. | INTERNATIONAL VERMICULITE |
| TRANE U.S. INC. | AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST KEWANEE BOILER CORPORATION |
| ZURN INDUSTRIES, LLC | ZURN INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER |

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (WRONGFUL DEATH)

*PLAINTIFFS JEANENE KUHNAU, DONALD KUHNAU, DIANA WILLIAMS and DOES ONE through TEN, Inclusive, COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:*

5.      Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

6.      Plaintiffs allege Decedent QUENTIN KUHNAU was exposed to asbestos at jobsites which include but are not limited to the following: Decedent QUENTIN KUHNAU worked from approximately 1941 through 1945 as a machinist in the U.S. Navy and as a Merchant Mariner. During this period, Decedent QUENTIN KUHNAU spent time in various California ports and shipyards, including in the San Francisco Bay Area. He then worked from approximately the mid 1940's through the early 1950's as an apprentice steamfitter at various locations in the Pacific Northwest. Decedent QUENTIN KUHNAU also worked for the Portland School District in Oregon as a steamfitter from approximately 1957 through the mid 1980's.

7.      At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, installing, contracting for installation, scraping, fabricating, designing, assembling, distributing, leasing, buying, selling, modifying, disturbing, handling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of

manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

8.      At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, supplied, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, assembled, installed, removed, ground, abated, tore out, ripped out, drilled, dug out, swept up, discarded, threw away, cut, modified, handled, disturbed, serviced, and sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

9.      At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other products containing said substance. Each **ASBESTOS DEFENDANT** manufactured, distributed, sold and/or designed products in such a manner that it required the regular replacement of asbestos and/or other materials containing asbestos. Moreover, each **ASBESTOS DEFENDANT** defectively designed, sold, manufactured and/or distributed products which caused the degradation of integrated asbestos-containing products, which contributed to Plaintiff's Decedent's development of mesothelioma. This being so, even despite the fact that alternative feasible designs were available that would not cause degradation and release of asbestos fibers from the original and replacements asbestos materials to the same extent as the design chosen by **ASBESTOS DEFENDANTS**.

10.      It was foreseeable to each **ASBESTOS DEFENDANT** that the original asbestos and other materials containing asbestos would be removed and replaced with new asbestos and/or other materials containing asbestos during ordinary operation and maintenance. Indeed, during the time period in question, most if not all, replacement materials were comprised of asbestos. The operation, use and repair of each of the **ASBESTOS DEFENDANTS** products would affect both the original and

---

771336_2.docx                                       - 10 -      FIRST AMENDED COMPLAINT FOR DAMAGES
                                                                (WRONGFUL DEATH) (ASBESTOS)

replacement asbestos and other products containing asbestos by making them brittle, friable and not reusable. It was foreseeable to each **ASBESTOS DEFENDANT** that the process of removing asbestos materials incorporated into their products and replacing them with new asbestos materials during ordinary repair and maintenance would disturb asbestos and result in the release of asbestos fibers into the air, thereby exposing Plaintiffs' Decedent, other workers and bystanders. Each **ASBESTOS DEFENDANT** failed to warn Plaintiff's Decedent, other workers and bystanders of the risks inherent in the replacement of asbestos containing parts and failed to warn Plaintiffs' Decedent, other workers and bystanders that their product was designed to make asbestos friable.

11. Plaintiffs' Decedent herein was a worker who for or during a substantial length of time used, handled or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

12. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused Plaintiffs' Decedent to contract mesothelioma (cancer) from which he died on May 14, 2012.

13. Plaintiffs did not learn of the causal relationship between Decedent's exposure to asbestos and his death until less than one year before the date on which this complaint was filed.

14. Plaintiffs are the heirs of QUENTIN KUHNAU, deceased, herein referred to as "Decedent," as follows:

| | |
|---|---|
| JEANENE KUHNAU | Spouse |
| DONALD KUHNAU | Son |
| DIANA WILLIAMS | Daughter |

15. As a result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of Decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

16. As a further result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, and the death of Decedent, Plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

17. Plaintiffs have lost pre-judgment interest pursuant to Civil Code Section 3288, the exact

1    amount of which Plaintiff prays leave to insert herein when finally ascertained.

2        18.    As a further direct and proximate result of the said conduct of **ASBESTOS**

3    **DEFENDANTS**, and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

4    pension, profits and commissions, a diminished earning potential, and other pecuniary losses, the full

5    nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this

6    Complaint to conform to proof at the time of trial.

7        WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of

8    them, as hereafter set forth.

9                    **SECOND CAUSE OF ACTION - STRICT LIABILITY**

10       *AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR*

11   *STRICT LIABILITY, JEANENE KUHNAU. individually and as Personal Representative to the Estate of*

12   *QUENTIN KUHNAU, Decedent, DONALD KUHNAU, DIANA WILLIAMS; and DOES ONE through*

13   *TEN, inclusive, COMPLAIN OF THE **ASBESTOS DEFENDANTS** AND EACH OF THEM, AND*

14   *ALLEGE AS FOLLOWS:*

15       19.    Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs

16   of this Complaint.

17       20.    **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or

18   failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted,

19   modified, handled, disturbed, inspected, repaired, offered for sale and sold a certain substance, the

20   generic name of which is asbestos and other products containing said substance, which substance is

21   defective, in that same was capable of causing and did, in fact, cause personal injuries and/or death

22   including mesothelioma and other lung  damage and cancer, to the users and consumers thereof while

23   being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use

24   by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and

25   each of them, further failed to adequately warn of the risks to which Decedent and others similarly

26   situated were exposed.

27       21.    At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were

28   aware that the original gaskets and packing supplied with their equipment would need to be removed

---

771336_2.docx                          - 12 -        FIRST AMENDED COMPLAINT FOR DAMAGES
                                                     (WRONGFUL DEATH) (ASBESTOS)

and replaced with new gaskets and packing during ordinary operation and maintenance of their equipment. Heat and pressure generated by operation would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous. It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

22. As a direct and proximate result thereof, Decedent suffered the injuries from which he subsequently died and Plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

## THIRD CAUSE OF ACTION - SURVIVAL ACTION

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JEANENE KUHNAU, as Personal Representative to the Estate of QUENTIN KUHNAU, Decedent, DONALD KUHNAU, DIANA WILLIAMS; and DOES ONE through TEN, inclusive, COMPLAINS OF* **ASBESTOS DEFENDANTS**, *AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGES:*

23. Plaintiffs incorporate by reference herein each and every paragraph of the First and Second Causes of Action of this Complaint, and make them a part of this, the Third Cause of Action, as though fully set forth herein.

24. Prior to his death, Decedent QUENTIN KUHNAU had a cause of action against **ASBESTOS DEFENDANTS** herein for personal injuries arising from his exposure to asbestos. On May 14, 2012, after the foregoing cause of action arose in his favor, QUENTIN KUHNAU, who would have been the Plaintiff in this action if he had lived, died late in the evening on May 14, 2012.

25. As a proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

26. As a further, direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent was prevented from attending to his usual occupation for a period of time

771336_2.docx

- 13 -

FIRST AMENDED COMPLAINT FOR DAMAGES
(WRONGFUL DEATH) (ASBESTOS)

and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

27.     In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

28.     On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

29.     With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.  Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

30.     The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution

- 14 -        FIRST AMENDED COMPLAINT FOR DAMAGES
                                                    (WRONGFUL DEATH) (ASBESTOS)

1   and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said

2   **ASBESTOS DEFENDANTS** consciously disregarded the safety of the users of, and persons exposed

3   to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos

4   products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

5       31.     As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile,

6   base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference

7   to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiffs'

8   Decedent, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS**

9   **DEFENDANTS**, seeks punitive damages according to proof.

10      WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS**, and each of

11  them, as hereafter set forth.

12      WHEREFORE, Plaintiffs pray judgment against **ASBESTOS DEFENDANTS** and each of them

13  as follows:

14      1.      For general damages according to proof;

15      2.      For burial expenses according to proof;

16      3.      For medical and related expenses according to proof;

17      4.      For loss of income according to proof;

18      5.      For punitive damages according to proof;

19      6.      For loss of care, comfort and society.

20      7.      For Plaintiffs' costs of suit herein; and

21      8.      For such other and further relief as this Court deems just and proper, including costs as

22  provided in CCP § 998, CCP § 1032 and related provisions of law.

23

24  Dated: February 12, 2013                          **LEVIN SIMES LLP**

25

26

27                                                     Sean P. Worsey
                                                       Attorneys for Plaintiffs
28

771336_2.docx                    - 15 -     FIRST AMENDED COMPLAINT FOR DAMAGES
                                            (WRONGFUL DEATH) (ASBESTOS)

# Exhibit B


# LEVIN
# SIMES

RACHEL B. ABRAMS
MAHZAD KAZEMPOUR HITE
WILLIAM A. LEVIN
MEGHAN E. McCORMICK
SHANNON S. PATEL
TIMOTHY F. PEARCE
LAUREL L. SIMES
SEAN P. WORSEY

AMY ESKIN
*Of Counsel*

Sender's Direct Dial: (415) 426-3121

May 6, 2013

*Sent by Facsimile and Regular U.S. Mail*
(415) 882-8220

Michelle C. Barnes, Esq.
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111

Re:  *Jeanene Kuhnau, et al., v. Allied Packing & Supply, Inc., et al.*
United States District Court for the Northern District of California
Docket No. C13-1669-RS
Alameda County Superior Court Case No. RG 12 630145

Dear Ms. Barnes:

As you know, I've left you a couple of messages over the last couple of weeks concerning Crane Co.'s removal of this matter to federal court. As I noted in my messages, plaintiffs are not pursing and will not pursue any claims against Crane Co. based on any exposure to asbestos that decedent may have had while in the United States Navy, aboard any Navy ships or at any Navy facility. All of the Crane Co. exposure that decedent had occurred as part of his work as a civilian electrician. In my messages I even offered a written stipulation to that effect, and asked that Crane Co. stipulate to remand of this case, as it raises no federal issues and does not rightfully belong in federal court. Under the circumstances, I would ask again that Crane Co. stipulate to this case being remanded to Alameda County Superior Court. Because our remand motion is due this week, I would respectfully ask that you respond to my request one way or another by the end of the day today, May 6, 2013.

Very truly yours,

LEVIN SIMES LLP

Sean P. Worsey

* * * COMMUNICATION RESULT REPORT ( MAY. 6. 2013 11:15AM ) * * *

FAX HEADER 1: LSK&G
FAX HEADER 2: 415-981-1270

TRANSMITTED/STORED : MAY. 6. 2013 11:14AM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 5233 MEMORY TX | G3 : | 14158828220 | OK | 2/2 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER



# FACSIMILE TRANSMITTAL SHEET

**TO:**
Michelle C. Barnes, Esq.

**DATE:**
May 6, 2013

**COMPANY:**
K&L Gates LLP

**FROM:**
Grace Clark, Litigation Secretary

**FAX NUMBER:**
(415) 882-8220

**SENDERS PHONE NUMBER:**
(415) 426-3177

**RE:**

**TOTAL NO. OF PAGES INCLUDING COVER: 2**

*Jeanene Kuhnau, et al., v. Allied Packing & Supply, Inc., et al.*
United States District Court for the Northern District of California Case No. 13-CV-01669-SB
Alameda County Superior Court Case No. RG 12 636648

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The information contained in this facsimile may be attorney-privileged and confidential, and is therefore intended solely for the use of the individual or entity named below. If the reader of this message is neither the intended recipient, nor the employee or agent responsible to deliver it to the intended recipient, you are HEREBY NOTIFIED that any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address listed above



# FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:**<br>Michelle C. Barnes, Esq. | **DATE:**<br>May 6, 2013 |
| **COMPANY:**<br>K&L Gates LLP | **FROM:**<br>Grace Clark, Litigation Secretary |
| **FAX NUMBER:**<br>(415) 882-8220 | **SENDERS PHONE NUMBER:**<br>(415) 426-3177 |
| **RE:** | **TOTAL NO. OF PAGES INCLUDING COVER: 2** |

*Jeanene Kuhnau, et al., v. Allied Packing & Supply, Inc., et al.*
United States District Court for the Northern District of California Case No. 13-CV-01669-SB
Alameda County Superior Court Case No. RG 12 636648

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

The information contained in this facsimile may be attorney-privileged and confidential, and is therefore intended solely for the use of the individual or entity named below. If the reader of this message is neither the intended recipient, nor the employee or agent responsible to deliver it to the intended recipient, you are **HEREBY NOTIFIED** that any dissemination, distribution or copying of this communication is **STRICTLY PROHIBITED.** If you have received this communication in error, please notify us by telephone immediately and return the original message to us at the address listed above

**353 SACRAMENTO STREET, 20TH FLOOR**
**SAN FRANCISCO, CA 94111**
**TELEPHONE: (415) 426.3000 :: FACSIMILE: (415) 426.3001**

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:     (415) 426-3000
Facsimile:      (415) 426-3001
wlevin@levinsimes.com
sworsey@levinsimes.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEANNE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>Defendants. | Case No. 3:13-CV-01669-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**<br><br>Date:            June 20, 2013<br>Time:            1:30 p.m.<br>Courtroom:       Courtroom 3<br>                 17th Floor<br>Judge:           Honorable Edward M. Chen<br>Removal Date:    April 12, 2013<br>Complaint Filed: May 14, 2012<br>Trial Date:      None Set |

Plaintiffs' Motion to Remand Case to California State Court under 28 United States Code Section 1446 came on regularly for hearing on June 20, 2013, at 1:30 p.m. in the above-captioned Court. Plaintiffs were represented by Levin Simes LLP.  Defendants were represented by counsel of record.

After a full consideration of all of the papers filed herein, and upon hearing such oral argument from counsel, the Court rules as follows:

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand Case to California State Court is GRANTED.

Dated:  June 20, 2013

_____
The Honorable Edward M. Chen
Judge of the United States District Court

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:   (415) 426-3000
Facsimile:   (415) 426-3001
wlevin@levinsimes.com
sworsey@levinsimes.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEANNE KUHNAU, individually and on Behalf of the Estate of QUENTIN KUHNAU, Decedent; DONALD KUHNAU; DIANA WILLIAMS; and DOES ONE through TEN, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIED PACKING & SUPPLY, INC., et al.,<br><br>Defendants. | Case No. 3:13-CV-01669-EMC<br><br>**CERTIFICATE OF SERVICE**<br><br>Date:            June 20, 2013<br>Time:           1:30 p.m.<br>Courtroom:   Courtroom 3<br>                      17th Floor<br>Judge:          Honorable Edward M. Chen<br>Removal Date:   April 12, 2013<br>Complaint Filed:   May 14, 2012<br>Trial Date:     None Set |

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 353 Sacramento Street, 20th Floor, San Francisco, CA 94111; and that on the date last written, I served a true copy of the document(s) entitled:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**

**DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA STATE COURT**

Service was effectuated by forwarding the above-noted document in the following manner:

[XX]   By Regular Mail in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEVIN SIMES LLP.

See Attached Service List

[  ]   By Hand Delivery in a sealed envelope, addressed as noted below, through services provided by and billed to LEVIN SIMES LLP.

[  ]   By Facsimile to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of LEVIN SIMES LLP.

[  ]   By Overnight Courier in a sealed envelope, addressed as noted below, through services provided by  (Federal Express, UPS,) and billed to LEVIN SIMES LLP.

[XX]   Electronic service **via ECF/Electronic Court Filing** on the participants of the **ECF/Electronic Court Filings System**, which can be found on the Court's website via **ECF/PACER**.

[  ]   By Email (in lieu of hand delivery), to the recipients at the address as noted below, following the order of the above-entitled court.

I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

Executed on Friday, May 10, 2013, at San Francisco, California.

*/s/ Grace Clark*
Grace Clark

**Jeanene Kuhnau, et al., vs. A.W. Chesterton Company, et al.,
United States District Court for the Northern District of California,
Docket No. 3:13-cv-01669**
SERVICE LIST

**ARMSTRONG & ASSOCIATES LLP** One Kaiser Plaza (Suite 625), Oakland, CA, 94612
   Phone: 510-433-1830; Fax: 510-433-1836
   CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK

**BASSI, EDLIN, HUIE & BLUM, LLP** 500 Washington Street, Suite 700, San Francisco, CA, 94111
   Phone: 415-397-9006; Fax: 415-397-1339
   J. T. THORPE & SON, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO J.T. THORPE
   NORTWHEST, INC.

**DEHAY & ELLISTON LLP** 1111 Broadway, Suite 1950, Oakland, CA, 94607
   Phone: 510-285-0750; Fax: 510-285-0740
   KAISER GYPSUM COMPANY, INC.

**FOLEY & MANSFIELD, PLLP (Oakland)** 300 Lakeside Drive, Suite 1900, Oakland, CA, 94612
   Phone: 510-590-9500; Fax: 510-590-9595
   AMERON INTERNATIONAL CORPORATION, Individually and as Successor-in-Interest to American Pipe
   & Construction Co.
   EMERSON ELECTRIC CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER
   EGO TO ASCO VALVE INC.
   ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ZURN
   INDUSTRIES, INC., ERIE CITY IRON WORKS AND KEYSTONE BOILER

**HAWKINS PARNELL THACKSTON & YOUNG LLP** Three Embarcadero Center (8th Floor), San Francisco,
CA, 94111-4024
   Phone: 415-766-3200; Fax: 415-766-3250:
   KELLY-MOORE PAINT COMPANY, INC.

**IMAI TADLOCK KEENEY & CORDERY** 100 Bush Street (Suite 1300), San Francisco, CA, 94104
   Phone: 415-675-7000; Fax: 415-675-7008
   ALLIED PACKING & SUPPLY, INC.
   J.S. Guerin & Company

**JACKSON JENKINS RENSTROM LLP** 55 Francisco Street (6th Floor), San Francisco, CA, 94133
   Phone: Main:: 415-982-3600; Fax: Main:: 415-982-3700
   CLAYTON INDUSTRIES

**K&L GATES, LLP** Four Embarcadero Center, Ste. 1200, San Francisco, CA, 94111
   Phone: 415-882-8200; Fax: 415-882-8220
   CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.
   CRANE CO., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST, PARENT ALTER EGO TO OR FKA
   PACIFIC BOILER

**LAW OFFICES OF PETER J. NOVA** P.O. Box 1328, Sonoma, CA, 95476
   Phone: 707-938-9610; Fax: 707-938-9612
   PARKER HANNIFIN CORPORATION INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO
   SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY

**LOW BALL & LYNCH** 505 Montgomery St. (7th Floor), San Francisco, CA, 94111
   Phone: 415-981-6630; Fax: 415-982-1634
   ARMSTRONG INTERNATIONAL, INC.

**MORGAN LEWIS & BOCKIUS** Spear Street Tower (One Market Plaza), San Francisco, CA, 94105
   Phone: 415-442-1000; Fax: 415-442-1001
   GRINNELL LLC
   YARWAY CORPORATION

**MURRIN & ASSOCIATES** 3675 Mt Diablo Blvd # 230, Lafayette, CA, 94549
   Phone: 925-284-5770; Fax: 925-262-2111
   SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION,
   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL &
   MANUFACTURING COMPANY

**PERKINS COIE LLP (SF)** Four Embarcadero Center (Suite 2400), San Francisco, CA, 94111
   Phone: 415-344-7000; Fax: 415-344-7288
   GEORGIA-PACIFIC CORPORATION

**POND NORTH (Los Angeles Office)** 350 South Grand Ave. (Suite 3300), Los Angeles, CA, 90071
   Phone: 213-617-6170; Fax: 213-623-3594
   FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
   Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
   FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
   COMPANY

**POND NORTH (San Francisco Office)** 100 Spear Street (Suite 1200), San Francisco, CA, 94105
   Phone: 415-217-1240; Fax: 415-644-0578
   FAMILIAN CORPORATION, DBA FAMILIAN PIPE & SUPPLY
   Familian Northwest, Inc., now known as Ferguson Enterprises, Inc.
   FMC CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PEERLESS PUMP
   COMPANY

**PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP (SF)** 1 California Street, Suite
1910, San Francisco, CA, 94111
   Phone: 415-788-8354; Fax: 415-788-3625
   ITT CORPORATION FKA ITT INDUSTRIES, INC.,   INDIVIDUALLY AND AS
   SUCCESSOR-IN-INTEREST TO BELL & GOSSETT
   TRANE U.S. INC., FKA AMERICAN STANDARD, INC., INDIVIDUALLY AND AS SUCCESSOR
   INTEREST TO KEWANEE BOILER CORPORATION

**SELMAN BREITMAN LLP (SF)** 33 New Montgomery, 6th Floor, San Francisco, CA, 94105
   Phone: 415-979-0400; Fax: 415-979-2099
   DOUGLASS INSULATION CO., INC.
   OAKFABCO, INC INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AND/OR FKA AND/OR
   FDBA KEWANEE BOILER CORPORATION

**THOMPSON & KNIGHT LLP** 650 California Street, Fifth Floor, San Francisco, CA, 94108
   Phone: 415-433-3900; Fax: 415-433-3950
   HONEYWELL INTERNATIONAL, INC.   FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS
   SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION

**TUCKER ELLIS & WEST LLP (SF)** 135 Main St., Suite 700, San Francisco, CA, 94105
   Phone: 415-617-2400; Fax: 415-617-2409
   CARRIER CORPORATION

**TUCKER ELLIS & WEST, LLP (LA)** 515 South Flower Street (Forty Second Floor), Los Angeles, CA, 90071-2223
> Phone: 213-430-3400; Fax: 213-430-3409
> CARRIER CORPORATION

**TUCKER, COLLIER, PAGANO, AUBERT, LLP** 633 West Fifth Street, 60th Floor, Los Angeles, CA, 90071
> Phone: 213-873-2100; Fax: 213-873-2125
> THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO INTERNATIONAL VERMICULITE

**WALSWORTH FRANKLIN BEVINS & MCCALL, LLP** 601 Montgomery Street, 9th Floor, San Francisco, CA, 94111
> Phone: 415-781-7072; Fax: 415-391-6258
> GENERAL ELECTRIC COMPANY

**WILSON, ELSER, MOSKOWITZ, EDELMAN, & DICKER LLP** 525 Market St., 17th Floor, San Francisco, CA, 94105
> Phone: 415-433-0990; Fax: 415-434-1370
> ASBESTOS CORPORATION, LTD.
> BURNHAM CORPORATION

**AGENTS FOR SERVICE OF PROCESS (US MAIL ONLY)**
**Agents: Please Provide plaintiffs with counsel information**

**BURNHAM CORPORATION**
> THE CORPORATION TRUST COMPANY (DE)
> 1209 Orange Street, Wilmington, DE, 19801

**FERGUSON ENTERPRISES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FAMILIAN CORPORATION FKA FAMILIAN PIPE & SUPPLY CO., INC.**
> CSC Lawyers Incorporating Service (SAC)
> 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA, 95833
> Phone: 800-222-2122; Fax: 916-563-2121

**GRINNELL LLC**
> CT Corporation System (Plantation-FL)
> 1200 South Pine Island Road, Plantation, FL, 33324

**PEERLESS PACIFIC COMPANY OF OREGON**
> Warren, John
> 5 Centerpiece Drive (Suite 240), Lake Oswego, OR, 97035