**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 875** |
| LAURIE DEUYOUR, et al., | |
| Plaintiffs, | Transferor Court: |
| v. | C.D.Cal.-CAN/ 13-02333-BRO (AJWx) |
| BF GOODRICH COMPANY; et al., | |
| Defendants. | |

**DEFENDANT CARRIER CORPORATION'S OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 549**

**I.     INTRODUCTION**

The motion of wrongful death plaintiffs Laurie Deuyour, Nicholas Deuyour, and Desiree Deuyour to vacate Conditional Transfer Order No. 549 ("CTO-549") should be denied.  While Carrier Corporation ("Carrier") acknowledges that the Judicial Panel on Multidistrict Litigation ("Panel") no longer transfers cases from the Central District of California, this case is closely related to the Northern District of California case of Daniel Deuyour which was previously transferred to the MDL and is currently pending in the Eastern District of Pennsylvania.  The two cases arise out of the same facts, the same products, virtually identical defendants, and the same history of exposure to asbestos and alleged injuries suffered by decedent Daniel Deuyour, and meet the criteria for transfer under 28 U.S.C. § 1407.  Plaintiffs' forum shopping, which is the only discernible reason this case was filed in the County of Los Angeles (from which the case was removed to the Central District of California) should not prevent this case from being transferred to the MDL as a tag-along action to the factually identical Northern District of California case previously transferred to the MDL.  Carrier respectfully requests that plaintiffs' motion to vacate CTO-549 be denied.

011939.004787/898836

## II.    FACTS

On May 16, 2012, Daniel Deuyour filed a personal injury action arising out of his alleged exposure to asbestos in the state court of California, **County of San Francisco**, bearing case number CGC-12-276047 ("personal injury case"). [Personal Injury Complaint, attached hereto as Exhibit A.]  On June 15, 2012, the personal injury case was removed to the United States District Court for the Northern District of California and assigned case number 3:12-cv-03096-MEJ.  On July 20, 2012, the Panel transferred the personal injury case to the United States District Court for the Eastern District of Pennsylvania ("EDPA") for inclusion in MDL 875 pursuant to 28 U.S.C. § 1407.  The case was assigned number 2:12-cv-60167-ER in the EDPA. On or about August 1, 2012, Mr. Deuyour passed away.

On January 28, 2013, Mr. Deuyour's heirs filed this wrongful death case for the death of Mr. Deuyour ("wrongful death case") in the state court of California, **County of Los Angeles**. [Wrongful Death Complain, attached hereto as Exhibit B.]  This case was removed the United States District Court for the Central District of California, case number 2:13-cv-02333-BRO-AJW.[1]  The wrongful death case involves the same subject matter as the Northern District of California case (the personal injury case) currently pending in the EDPA.  Both cases arise out of Mr. Deuyour's alleged injuries caused by exposure to asbestos and asbestos-containing products, assert the same causes of action, are against virtually identical defendants, and are brought by the same plaintiffs' counsel.[2]

///

///

///

///

---

[1] The case was originally assigned number 2:13-cv-02333-ABC-AJW, but was subsequently reassigned to a new judge and assigned the current number.

[2] The wrongful death case excludes defendants Crane Co. and John Crane Inc., which were in the personal injury case; and includes one additional defendant, Mechanical Drives & Belting, which was not named in the personal injury case.

011939.004787/898836

III.    ARGUMENT

    A.    **Plaintiffs' Wrongful Death Case is Related to the Northern District of California Case Previously Transferred to the EDPA Under 28 U.S.C. § 1407**

Carrier is mindful of the Panel's December 13, 2011 Order suspending the transfer of cases from the Central District of California to the MDL.  [MDL No. 875, Doc. # 8213.] However, because this case is directly related to the Northern District of California case previously transferred to the EDPA, case number 2:12-cv-60167-ER, Carrier requests that the Panel exercise its authority under 28 U.S.C. § 1407 and transfer this case to the MDL as a tag-along action.  Under 28 U.S.C. § 1407:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The Honorable Eduardo C. Robreno has specifically suggested that this case be transferred to the EDPA "as it is closely related to [the] Northern District of California action (E.D. Pa. C.A. No. 2:12-60167) previously transferred to the MDL."  [CTO-549, fn. 1.]  Indeed, the two cases arise out of Mr. Deuyour's alleged exposure to asbestos and involve the same facts, the same injuries to Mr. Deuyour, the same products, virtually identical defendants, the same causes of action, and the same plaintiffs' firm.  The two cases will also involve the same issues, the same defenses, the same discovery, and the same pretrial motions.  The fact that this case involves different plaintiffs is simply a distinction without a difference in determining whether the cases are related for purposes of transferring the wrongful death case to the MDL, which will promote the purposes of 28 U.S.C. § 1407, including judicial economy and the need for decisional consistency.

Plaintiffs' contention that this case is solely a wrongful death action that is unrelated to Mr. Deuyour's personal injury claims is completely without merit and contradicted by their own

CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CTO-549

allegations in the complaint. Both complaints are substantively identical and assert the same causes of action. In fact, plaintiffs do not allege any personal injuries or harm suffered by them as a result of Mr. Deuyour's death independent of the alleged injuries suffered by Mr. Deuyour. Similarly, plaintiffs' complaint appears to include the survival claims of Mr. Deuyour, as plaintiff Laurie Deuyour alleges she is suing on behalf of herself and the estate of Mr. Deuyour as its success-in-interest, and because plaintiffs seek punitive damages which, under California law, are available only in survival actions and not to wrongful death plaintiffs. Cal. Code Civ. Proc., §§ 377.61, 377.34; *Wilson v. John Crane, Inc.*, 81 Cal.App.4th 847, 861.

In short, this case arises out of the same facts and involve the same issues as the Northern District of California case previously transferred to the MDL and should be transferred to the MDL as a tag-along action and consolidated with the related case in the EDPA.

### B. The Northern District of California Case Previously Transferred to the MDL is Active in the Eastern District of Pennsylvania

Contrary to plaintiffs' contention, the previously transferred case is actively pending in the EDPA. Plaintiffs' representation that the entire action was dismissed in the EDPA upon the court's granting of a defendant's motion is controverted by the record. In the court's September 11, 2012 order, and its order dated September 14, 2012, upon which plaintiffs rely, the court granted Document No. 12 on the court's docket, which was defendant John Crane Inc.'s Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on plaintiff's failure to state a claim against John Crane Inc. [Orders Dated September 11 and 12, 2012, Exhibit C hereto; John Crane Inc.'s Motion to Dismiss (Doc. #12 in case no. 2:12-cv-60167-ER), Exhibit D hereto.] The effect of the court's order was a dismissal of the complaint against John Crane Inc., not a dismissal of the entire action.

Accordingly, the related Northern District of California case previously transferred to the MDL is actively pending in the EDPA.

///

///

### C.     Plaintiffs' Forum-Shopping at The Expense of Judicial Economy Should Be Discouraged

This case is clearly the result of forum-shopping by plaintiffs to avoid the MDL and potential adverse rulings in the EDPA. Mr. Deuyour originally filed his personal injury action in the County of San Francisco alleging that venue was proper there. [Personal Injury Complaint, ¶ 11, Exhibit A.] The case was removed by Crane Co., which is not named a defendant in the new wrongful death complaint, and transferred to the EDPA pursuant to 28 U.S.C. § 1407.

On August 23, 2012, plaintiffs' counsel filed notice of Mr. Deuyour's death, stating that "[his] family members are currently contemplating the filing of a wrongful death complaint." [See Status Conference Statement and Suggestion of the Death of Plaintiff Daniel Deuyour, Exhibit E hereto.] Mr. Deuyour's family members failed to file a motion for substitution within the statutory time to do so under Federal Rule of Civil Procedure 25, which provide that a motion for substitution must be filed within 90 days after service of a notice of death, and are apparently trying to circumvent Rule 25 by filing a new complaint in a different forum. Plaintiffs' counsel are now alleging that venue is proper in the County of Los Angeles, not San Francisco, in an obvious attempt to avoid the MDL by re-filing in a venue which no longer transfers cases to the MDL.

Plaintiffs' choice of forum is entitled to little deference when there is evidence of forum shopping. See *Forrand v. Federal Exp. Corp.*, 2008 WL 276389, *3(N.D.Cal. 2008), in which the court, ruling on a motion to transfer venue, noted:

> [T]his Court finds substantial evidence of forum shopping in this case, and Plaintiffs' choice of forum is therefore entitled to "little deference." *Williams*, 157 F.Supp.2d at 1106. While it is true that Forrand was not a named plaintiff in the Karamian action, Plaintiffs are incorrect that Karamian therefore has no relevance to Defendant's motion to transfer. Plaintiffs do not dispute that this case raises the same claims as Karamian, and the two cases were brought by the same counsel. While not a named plaintiff in Karamian, Forrand was part of the putative class. Forrand also resides in Los Angeles County, which is located in the Central District. Most significantly, the timing between Judge Fischer's unfavorable ruling regarding class certification in Karamian and the filing of this case strongly indicates a causal relationship

CARRIER CORPORATION'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CTO-549

between the two.  This Court cannot reach the incredible conclusion that counsel representing a plaintiff who resides in the Central District, where counsel had previously filed a lawsuit asserting claims on behalf of a putative class that included the plaintiff, were not engaged in forum shopping when they chose to file a nearly identical class action in the Northern District days after the judge in the earlier-filed Central District case issued an unfavorable ruling.  To the contrary, the Court concludes that Plaintiffs - including Plaintiff Forrand - filed this case in this district in an improper attempt to forum shop, and the Court therefore need not give substantial deference to Plaintiffs' choice of forum.

Similarly, the Panel should consider plaintiffs' forum shopping as a factor in denying the motion to vacate the conditional transfer order.  There was no legitimate reason, other than forum shopping, for plaintiffs filing a new wrongful death complaint in the County of Los Angeles rather than a timely motion for substitution in the EDPA.  There was no legitimate reason, other than forum shopping, for plaintiffs filing their wrongful death complaint in the County of Los Angeles instead of the County of San Francisco where plaintiffs' counsel previously alleged venue was proper.  Plaintiffs' forum shopping frustrates the purposes of multidistrict litigation and the Panel's prior order transferring the related Northern District of California case to the MDL.  Accordingly, the Panel should deny plaintiffs' motion to vacate CTO-549.

## IV.    CONCLUSION

Common questions of fact exist between plaintiffs' wrongful death case and the Northern District of California case previously transferred to MDL 875.  For all of the foregoing reasons, Carrier  respectfully requests that the Panel deny plaintiffs' motion to vacate CTO-549.

DATED: May 29, 2013                          RESPECTFULLY SUBMITTED,

By:  /s/ John K. Son
John K. Son
TUCKER ELLIS LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
john.son@tuckerellis.com
Attorneys for Defendant
**CARRIER CORPORATION**

6

011939.004787/898836