# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00393-slc

| | |
|---|---|
| Stanford, Jr., Harold v. Building Services Industrial Supply Inc. et al | Date Filed: 06/03/2013 |
| | Jury Demand: Plaintiff |
| Assigned to: Magistrate Judge Stephen L. Crocker | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Harold E. Stanford, Jr.**          represented by   **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Building Services Industrial Supply Inc.**

**Defendant**

**Chemtura Corporation**

**Defendant**

**Cleaver Brooks, Inc.**

**Defendant**

**Crane Co.**

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**ITT Corporation**

**Defendant**

**John Crane Inc.**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Miller Brewing Company**

**Defendant**

**Oakfabco Inc.**

**Defendant**

**Pabst Brewing Company**

**Defendant**

**Sprinkmann Sons Corporation**

**Defendant**

**Trane U.S. Inc.**

**Defendant**

**Weil-McLain Company**

**Defendant**

**Wisconsin Electric Power Company**

**Defendant**

**Youngberg Industries Inc.**

**Third Party Defendant**

**The Attorney General for the State of Wisconsin**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1185245.), filed by Harold E. Stanford, Jr.. (Attachments:<br># 1 Exhibit A (Defendants' States of Incorporation and Principal Business),<br># 2 Exhibit B (Plaintiff's Work History),<br># 3 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 06/03/2013) |
| 06/03/2013 | 2 | Corporate Disclosure Statement by Plaintiff Harold E. Stanford, Jr. (Cascino, Michael) (Entered: 06/03/2013) |
| 06/03/2013 | 3 | Disregard. See docket entry 4 . Requested attorney file with correct document attached. (jaf) Modified on 6/5/2013 (jaf). (Entered: 06/03/2013) |
| 06/04/2013 | 4 | Notice by Plaintiff Harold E. Stanford, Jr. *of Potential Tag-Along Action*. (Cascino, Michael) (Entered: 06/04/2013) |
| 06/04/2013 | | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (voc) (Entered: 06/04/2013) |
| | | |

| | | |
|---|---|---|
| 06/04/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (voc) (Entered: 06/04/2013) |
| 06/05/2013 | 5 | Notice of Tag Along Action sent to MDL. (Attachments:<br># 1 Docket Sheet,<br># 2 Complaint) (voc) (Entered: 06/05/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/05/2013 11:46:49 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00393-slc |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Harold E. Stanford Jr., <br><br> Plaintiff, <br> v. <br><br> Building Services Industrial Supply Inc., *a corp.*; <br> Chemtura Corporation, *a corporation*; <br> Cleaver Brooks, Inc., *a corporation*; <br> Crane Co., *a corporation*; <br> Foster Wheeler LLC, *a corporation*; <br> ITT Corporation, *a corporation*; <br> John Crane Inc., *a corporation*; <br> Metropolitan Life Insurance Company., *a corp.*; <br> Miller Brewing Company, *a corporation;* <br> Oakfabco Inc., *a corporation*; <br> Pabst Brewing Company, *a corporation*; <br> Sprinkmann Sons Corporation, *a corporation*; <br> Trane U.S. Inc., *a corporation*; <br> Weil-McLain Company, *a corporation*; <br> Wisconsin Electric Power Company, *a corp.*; <br> Youngberg Industries Inc., *a corporation*; & <br><br> The Attorney General for the State of Wisconsin <br> (*as a third-party defendant*) <br><br> Defendants. | Case No. 3:13-cv-393 |

## COMPLAINT

Now comes the plaintiff Harold E. Standford Jr. (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION

1. Plaintiff is an adult citizen and resident of Florida and resides in Ocala, Florida. Plaintiff worked at various job-sites in the state of Wisconsin during his career as a steamfitter.

2. **Defendant Building Service Industrial Supply, Inc. (BSIS)** manufactured, distributed, designed, installed, or sold asbestos products including without limitation pipe covering, cement, boards, and blocks. BSIS is responsible for the conduct of Building Service Industrial Sales Company.

3. **Defendant Chemtura Corporation**[1] is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

   a.) Varney Chemical in Beloit, WI

4. **Defendant Cleaver Brooks Inc.** designed, manufactured and/or sold asbestos insulated commercial boilers and was a seller of asbestos products.

5. **Defendant Crane Co.** manufactured, sold, and designed asbestos containing products, including without limitation gaskets, packing and valves.

6. **Defendant Foster Wheeler LLC** is responsible for the conduct of Foster Wheeler Energy Corporation. Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

7. **Defendant ITT Corporation** is responsible for the conduct of Bell & Gossett and Marlow Pumps. ITT Corporation, Bell & Gossett and Marlow pumps manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves. Bell

---

[1] Chemtura Corporation is responsible for Crompton & Knowles, who was responsible for WITCO Corporation, who was responsible for Sherex Chemical Company, who was responsible for Ashland Chemical Company, who was responsible for Northern Petro Chemical Co., who was responsible for Varney Chemical Company, in regards to the former Varney Chemical plant in Beloit, WI.

& Gossett also designed, manufactured, sold, and/or installed boilers which contained asbestos components or utilized asbestos components.

8. **Defendant John Crane Inc.** manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

9. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

10. **Defendant Miller Brewing Company** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Miller Brewery in Milwaukee, WI

11. **Defendant Oakfabco Inc.'s** Kewanee boiler division designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes.

12. **Defendant Pabst Brewing Company** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.) Pabst Brewery in Milwaukee, WI

    b.) Schlitz Brewery in Milwaukee, WI

13. **Defendant Sprinkmann Sons Corporation** was an installer and seller of asbestos products including without limitation pipe covering, cement, boards, blocks, asbestos fibers, and turbine blankets, and a manufacturer of asbestos containing products including without limitation cement, blankets, and block.

14. **Defendant Trane U.S. Inc.** is responsible for the conduct of American Standard Inc. The

    Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

15. **Defendant Weil-McLain Company (a/k/a the Marley-Wylain Company)** is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

16. **Defendant Wisconsin Electric Power Company** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a.)      Oak Creek Power Station, Oak Creek, WI

17. **Defendant Youngberg Industries Inc.** designed, manufactured, sold, and/or installed boilers which which contained asbestos components or utilized asbestos components.

18. **Third-Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. (*See* Plaintiff's Count VI: Declaratory Judgment.)

19. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Florida, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

20. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

21. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

22. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

23. Plaintiff during the course of his employment as a steam-fitter at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

24. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

25. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

26. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with both malignant asbestos-related disease and non-malignant asbestos-related disease.

27. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with bilateral asbestos related pleural disease on February 11, 2013

28. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with lung cancer on August 16, 2012.

29. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for

large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

30. Plaintiff brings this count for negligence against all defendants except Chemtura Corporation; Miller Brewing Company; Pabst Brewing Company; and Wisconsin Electric Power Company, and incorporates by reference all general allegations.

31. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

32. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

33. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

34. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.  Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b.  Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.  Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.  Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.  Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

35. As a direct and proximate result of the acts and omissions of the product defendants above,

Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

36. This cause of action is asserted against the manufacturing and supplying defendants, and is not asserted against Miller Brewing Company; Pabst Brewing Company; or Wisconsin Electric Power Company.

37. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

38. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

39. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

40. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

41. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISES OWNER

42. Plaintiff reasserts and realleges the above general allegations 1 - 42, above.

43. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

  a.) Chemtura Corporation

  b.) Miller Brewing Company

  c.) Pabst Brewing Company

  d.) Wisconsin Electric Power Company

44. Defendants were the owners of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on Exhibit B.

45. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

46. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

47. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

48. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

49. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

50. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

51.
   a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

   b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

   d. failing to adequately test for asbestos where Plaintiff worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

52. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## COUNT IV – CONSPIRACY

53. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

54. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 52, above.

55. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

  b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

56. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary measures required for protection.

57. As a direct and proximate result of the acts of the conspiracy described above, plaintiff was injured as described above.

## COUNT V – PUNITIVE DAMAGES

58. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of plaintiff which plaintiff is entitled to recover punitive damages.

## COUNT VI – DECLARATORY JUDGMENT

59. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

60. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

61. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to

the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

62. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: June 3, 2013


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com