# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00250-slc

| | |
|---|---|
| Zickert, Cindy v. Bayer Crop Science Inc. et al | Date Filed: 04/12/2013 |
| Assigned to: Magistrate Judge Stephen L. Crocker | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Cindy Zickert**  represented by  **Michael P. Cascino**
*Individually and as Special*  Cascino Vaughan Law Offices, Ltd.
*Administrator for the Estate of Frank L.*  220 S. Ashland Avenue
*Zickert, Deceased*  Chicago, IL 60607
  312-944-0600
  Fax: 312-944-1870
  Email: ecf.cvlo@gmail.com
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bayer Crop Science Inc.**  represented by  **Daniel Alexander Manna**
*a corporation*  Foley & Lardner LLP
  777 E. Wisconsin Avenue
  Milwaukee, WI 53202
  414-319-7364
  Fax: 414-297-4900
  Email: dmanna@foley.com
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**Metropolitan Life Insurance Company**  represented by  **William P. Croke**
*a corporation*  von Briesen & Roper, s.c.
  411 E. Wisconsin Ave., #700
  P.O. Box 3262
  Milwaukee, WI 53201-3262
  414-287-1422
  Fax: 414-276-6281
  Email: bcroke@vonbriesen.com
  *ATTORNEY TO BE NOTICED*

| | | | |
|---|---|---|---|
| **Defendant** | | | |
| **Owens-Illinois Inc.**<br>*a corporation* | | represented by | **Brian O'Connor Watson**<br>Schiff Hardin LLP<br>233 South Wacker Drive<br>Suite 6600<br>Chicago, IL 60606<br>312-258-5500<br>Fax: 312-258-5600<br>Email: bwatson@schiffhardin.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Edward M. Casmere**<br>Schiff Hardin, LLP<br>233 S. Wacker Dr<br>Suite 6600<br>Chicago, IL 60606<br>312-258-5500<br>Email: ecasmere@schiffhardin.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Matthew John Fischer**<br>Schiff Hardin LLP<br>233 South Wacker Drive<br>Suite 6600<br>Chicago, IL 60606<br>312-258-5500<br>Fax: 312-258-5700<br>Email: mfischer@schiffhardin.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | | |
| **Weyerhaeuser Company**<br>*a corporation* | | represented by | **Mark S. DesRochers**<br>DesRochers Law Offices, LLC<br>2800 East Enterprise Avenue<br>Appleton, WI 54913<br>920-560-4532<br>Fax: 920-882-0232<br>Email: markdesrochers1@gmail.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2013 | 1 | COMPLAINT against Bayer Crop Science Inc., General Electric Company, Metropolitan Life Insurance Company, Owens-Illinois Inc., Weyerhaeuser Company. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 350 receipt number 0758-1159790.), filed by Cindy Zickert. (Attachments:<br># 1 Exhibit A (Defendants' States of Incorporation and Principal Business),<br># 2 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 04/12/2013) |

| | | |
|---|---|---|
| 04/12/2013 | 2 | Corporate Disclosure Statement by Plaintiff Cindy Zickert (Cascino, Michael) (Entered: 04/12/2013) |
| 04/12/2013 | 3 | Notice by Plaintiff Cindy Zickert *of Potential Tag-Along Action.* (Cascino, Michael) (Entered: 04/12/2013) |
| 04/15/2013 | | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (rep) (Entered: 04/15/2013) |
| 04/15/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (rep) (Entered: 04/15/2013) |
| 04/15/2013 | 4 | Corporate Disclosure Statement by Plaintiff Cindy Zickert (Attachments: # 1 Certificate of Service) (McCoy, Robert) (Entered: 04/15/2013) |
| 05/10/2013 | 5 | Notice of Appearance filed by Brian O'Connor Watson for Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 05/10/2013) |
| 05/10/2013 | 6 | ANSWER by Defendant Owens-Illinois Inc.. (Watson, Brian) (Entered: 05/10/2013) |
| 05/10/2013 | 7 | Corporate Disclosure Statement by Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 05/10/2013) |
| 05/10/2013 | 8 | Notice of Appearance filed by Edward M. Casmere for Defendant Owens-Illinois Inc. (Casmere, Edward) (Entered: 05/10/2013) |
| 05/10/2013 | 9 | Notice of Appearance filed by Matthew John Fischer for Defendant Owens-Illinois Inc. (Fischer, Matthew) (Entered: 05/10/2013) |
| 05/15/2013 | 10 | ANSWER with Jury Demand by Defendant Metropolitan Life Insurance Company. (Attachments:<br># 1 Certificate of Service) (Croke, William) (Entered: 05/15/2013) |
| 05/21/2013 | 11 | ANSWER by Defendant Bayer Crop Science Inc.. (Manna, Daniel) (Entered: 05/21/2013) |
| 05/21/2013 | 12 | Corporate Disclosure Statement by Defendant Bayer Crop Science Inc. (Manna, Daniel) (Entered: 05/21/2013) |
| 05/21/2013 | 13 | Certificate of Service by Defendant Bayer Crop Science Inc. (Manna, Daniel) (Entered: 05/21/2013) |
| 05/22/2013 | 14 | Corporate Disclosure Statement by Defendant Metropolitan Life Insurance Company (Croke, William) (Entered: 05/22/2013) |
| 06/04/2013 | 15 | Amended Corporate Disclosure Statement by Defendant Metropolitan Life Insurance Company (Croke, William) Modified docket text on 6/4/2013 (mmo). (Entered: 06/04/2013) |
| 06/12/2013 | 16 | Notice of Appearance filed by Mark S. DesRochers for Defendant Weyerhaeuser Company (DesRochers, Mark) (Entered: 06/12/2013) |

| | | |
|---|---|---|
| 06/12/2013 | 17 | ANSWER by Defendant Weyerhaeuser Company. (DesRochers, Mark) (Entered: 06/12/2013) |
| 06/12/2013 | 18 | Corporate Disclosure Statement by Defendant Weyerhaeuser Company (DesRochers, Mark) (Entered: 06/12/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/17/2013 07:47:48 | | | |
| PACER Login: | cd2865 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:13-cv-00250-slc |
| Billable Pages: | 3 | Cost: | 0.30 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Cindy Zickert, Individually and as Special Administrator for the Estate of Frank L. Zickert, Deceased,<br><br>Plaintiff,<br>v.<br><br>Bayer Crop Science Inc., a corporation; General Electric Company, a corporation; Metropolitan Life Insurance Company, a corporation; Owens-Illinois Inc., a corporation; and Weyerhaeuser Company, a corporation,<br><br>Defendant | Case No. 13-cv-250 |

## COMPLAINT

Now comes the plaintiff, Cindy Zickert ("Plaintiff"), Individually and as the special administrator for the Estate of Frank L. Zickert ("Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Cindy Zickert is the widow of decedent Frank L. Zickert and is an adult citizen and resident of Wisconsin who resides in Arpin, Wisconsin.

2. Decedent Frank L. Zickert died in the state of Wisconsin on May 17, 2011. Prior to his death, decedent was an adult citizen and resident of Arpin, Wisconsin.

3. **Defendant Bayer Crop Science Inc.** is responsible for Amchem Products, Inc. which is responsible for Benjamin Foster and Rhone-Poulenc AG Company. Benjamin Foster and Rhone Poulenc manufactured, designed and/or sold asbestos containing products, including without limitation: mastics and wall finishing products, cements, and adhesives.

4. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed, installed, or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switch gear, motors, and ballasts, and sold and installed other asbestos materials.

5. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

6. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation. Owens-Illinois Inc. also provided and sold formulas for asbestos containing materials to Roddis Lumber and Veneer Company ("Roddis") and Weyerhaeuser Company (who is responsible for Roddis.).

7. **Defendant Weyerhaeuser Company** was the owner or operator, or is responsible for the conduct of a previous owner or operator of the following premises where asbestos products were used: Weyerhaeuser Plant in Marshfield, WI (f/k/a Roddis Lumber and Veneer Company.) Weyerhaeuser Company also polluted the town of Marshfield, WI with asbestos-containing materials and asbestos fibers emanating from asbestos containing materials used at the plant which exposed the citizens of Marshfield to these asbestos fibers. These exposures occurred outside the plant in part because Weyerhauser would drive asbestos through the community and dump asbestos throughout the town. Asbestos would fall out of the trucks that ran through the town when being dumped. Asbestos was dumped on property outside the Weyerhaeuser Plant.

8. Defendants are all corporations, none of which is incorporated in or has its principal place

of business in the State of Wisconsin. *See* Exhibit A for the states of incorporation and principal place of business of each defendant.

9. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

10. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

12. Decedent during the course of his employment as a factory worker at the Weyerhaeuser Plant in Marshfield, Wisconsin, from 1965 - 1991, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by defendants.

13. Decedent, outside the court of his employment at Weyerhaeuser, was also exposed to fibers emanating from or transported from the Weyerhaeuser Plant throughout the town of Marshfield, Wisconsin.

14. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

15. Decedent became aware of his asbestos-related conditions and that said conditions were caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

16. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on or about June 9, 2010, and died from this disease on

May 17, 2011.

17. Decedent suffered great pain, physical impairment, and great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

18. Plaintiff brings this count for negligence and incorporates by reference all general allegations against all defendants except Weyerhaeuser Company.

19. It was reasonably foreseeable that Decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

20. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

21. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and death and that Decedent did not know that asbestos products were dangerous or harmful at the time of their exposures.

22. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, their employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, mined, or installed unsafe asbestos-containing products or

asbestos-insulated equipment.

23. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

**COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT**

24. Plaintiff brings this count and incorporates by reference all above allegations in lines 1 - 23 against the following defendants:

    a. Owens-Illinois Inc.

    b. Rapid American Corporation.

25. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

26. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

27. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

28. Defendants manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

    a.    Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

  b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

  c. Was not subjected to adequate investigation regarding its hazards to health; and

  d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

29. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISES OWNER

30. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

31. Plaintiff restates and re-alleges the allegations in lines 1 - 29, above.

32. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Decedent's exposures.

33. Decedent was exposed to asbestos from the Weyerhauser plant throughout the town of Marshfield, WI.

34. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released and contaminate the air. These exposures occurred at decedent's home and to the community surrounding the plant.

35. The inhalation of asbestos fibers from contaminated air when Decedent was at home or in the family car and from the community surrounding the plant.

36. The exposures claimed herein are not related to any employment relationship with defendant Weyerhauser.

37. It was reasonably foreseeable that Decedent would be exposed to Weyerhauser's asbestos fibers.

38. Defendant had a duty to exercise reasonable care for the safety of the Decedent from asbestos

fibers from the Weyerhaeuser plant which would foreseeably be brought into the family's home, automobile, and community air.

39. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

40. Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of his exposures.

41. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to adequately investigate health effects of asbestos;

   c. Failed to adequately test for air levels for asbestos;

   d. Failed to adequately instruct Decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

   e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

   g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

   h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

   j. Exceeded other air quality standards or guidelines, including without limitation the

        Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

    k.    Failed to take corrective action after being put on notice of the above violations.

42.    The violation of administrative regulations constitutes negligence per se and shifts the burden of proof against the defendant.

43.    As a direct and proximate result of the acts and omissions from the premises defendant above, Decedent was injured as described above.

### COUNT IV - NUISANCE

44.    Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

45.    Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-43 above.

46.    Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Decedent's exposures.

47.    Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant and to be brought home by employees of the plant.

48.    Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

49.    Breathing uncontaminated public air is a public right.

50.    The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by Decedent which contained public air.

51.    Decedent and others inhaled the contaminated public air in the community surrounding the plant, the family home, family vehicles, and in other places frequented by decedent.

52. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, family home, family vehicles, and other places frequented by Decedent was unrelated to any employment relationship with defendant.

53. The inhalation of asbestos fibers is a health hazard.

54. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

   a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;
   b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;
   c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;
   d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;
   e. Adversely affected the health interests of the community at large; and
   f. Interfered with the public health and safety;

55. As a direct and proximate result of the nuisance, Decedent was injured as described above.

56. The violation of regulations constitutes negligence per se and shifts the burden of proof against defendant Weyerhaeuser.

## COUNT V – DECLARATORY JUDGMENT

57. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in

§§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

58. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

59. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## COUNT VI – WRONGFUL DEATH AND LOSS OF CONSORTIUM

60. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 59 above.

61. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## COUNT VII – CONSPIRACY

62. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

63. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 61 above.

64. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

   b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

65. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary measures required for protection.

66. As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

## COUNT VIII – PUNITIVE DAMAGES

67. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

    a.      Judgment against defendants, jointly and severally, for compensatory and general damages.

    b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

### **JURY TRIAL DEMAND**

Plaintiff hereby demand a trial by a jury of 6.


Dated: April 12, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| Bayer Crop Science Inc. | Delaware | North Carolina |
| General Electric Company | New York | Connecticut |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois inc. | Delaware | Ohio |
| Weyerhaeuser Company | Washington | Washington |