# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00473-slc

| | |
|---|---|
| Sebastian, Alice v. Owens-Illinois Inc. | Date Filed: 07/05/2013 |
| Assigned to: Magistrate Judge Stephen L. Crocker | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Alice Sebastian**     represented by    **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Owens-Illinois Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1200075.), filed by Alice Sebastian. (Attachments:<br># 1 Exhibit A (Defendant's States of Incorporation and Principal Business),<br># 2 Exhibit B (Plaintiff's Work History),<br># 3 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 07/05/2013) |
| 07/05/2013 | 2 | Corporate Disclosure Statement by Plaintiff Alice Sebastian (Cascino, Michael) (Entered: 07/05/2013) |
| 07/05/2013 | 3 | Notice by Plaintiff Alice Sebastian *of Potential Tag-Along Action*. (Cascino, Michael) (Entered: 07/05/2013) |
| 07/05/2013 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (voc) (Entered: 07/05/2013) |
| 07/05/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (voc) (Entered: 07/05/2013) |

| 07/05/2013 | [4](#) | Notice of Tag Along Action sent to MDL. (Attachments: # [1](#) A- Complaint) (voc) (Entered: 07/05/2013) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/08/2013 07:43:37 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00473-slc |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Alice Sebastian<br><br>         Plaintiff,<br><br>v.<br><br>Owens-Illinois Inc., a corporation,<br><br>         Defendant. | Case No. 3: 13-cv-473 |

## COMPLAINT

Now comes the plaintiff, Alice Sebastian (hereinafter "Plaintiff"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in Marshfield, Wisconsin.

2. Defendants is a corporation which is not incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of defendant.

3. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation. Owens-Illinois Inc. also provided and sold formulas for asbestos containing materials to Roddis Lumber and Veneer Company ("Roddis") and Weyerhaeuser Company (who is

responsible for Roddis.)..

4. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

5. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

7. Plaintiff during the course of her employment as a laborer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendant.

8. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

9. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendant's wrongful conduct within the statute of limitations before the filing of this action.

10. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestosis on or about August 30, 2010.

11. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

12. Plaintiff brings this count for negligence against defendant Owens-Illinois, Inc. and incorporates by reference all general allegations.

13. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

14. Defendant had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

15. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of her exposures.

16. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, her employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

17. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

18. This cause of action is asserted against defendant Owens-Illinois, Inc.

19. Defendant's above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

20. At all relevant times, Defendant placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and Defendant expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

21. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, Defendant's asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by Defendant.

22. Defendant manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

23. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by Defendant proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

24. Defendant's conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

25. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

26. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

27. Plaintiff prays for relief as follows:

   a. Judgment against defendant Owens-Illinois Inc., jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: July 5, 2013


 /s/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com