EFILE

# U.S. District Court
# United States District Court for the District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:13-cv-01050-WWE

| | |
|---|---|
| Prentice et al v. Electric Boat Corp. | Date Filed: 07/23/2013 |
| Assigned to: Judge Warren W. Eginton | Jury Demand: Defendant |
| Cause: 28:1441 Petition for Removal- Personal Injury | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Richard Prentice**                 represented by **Christopher Meisenkothen**
Early, Lucarelli, Sweeney &
Meisenkothen, LLC
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email:
cmeisenkothen@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shirlee Prentice**                 represented by **Christopher Meisenkothen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Electric Boat Corp.**                 represented by **Eric W. F. Niederer**

Wilson, Elser, Moskowitz,
Edelman & Dicker , LLP -
Stmfd CT
1010 Washington Boulevard
Stamford, CT 06901
203-388-9100
Fax: 203-388-9101
Email:
eric.niederer@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2013 | 1 | NOTICE OF REMOVAL by Electric Boat Corp. from Superior Court J.D. of Fairfield at Bridgeport, case number FBT-CV-13-6036300. Filing fee $ 400 receipt number 0205-2948196, filed by Electric Boat Corp.. (Attachments: # 1 Exhibit A to Notice of Removal, # 2 Exhibit B - Part 1 to Notice of Removal, # 3 Exhibit B - Part 2 to Notice of Removal, # 4 Exhibit C - Part 1 to Notice of Removal, # 5 Exhibit C - Part 2 to Notice of Removal, # 6 Exhibit D, E & F to Notice of Removal, # 7 Civil Cover Sheet)(Niederer, Eric) (Entered: 07/23/2013) |
| 07/23/2013 | 2 | NOTICE of Appearance by Eric W. F. Niederer on behalf of Electric Boat Corp. (Niederer, Eric) (Entered: 07/23/2013) |
| 07/23/2013 | 3 | NOTICE by Electric Boat Corp. *NOTICE OF PENDING MOTIONS* (Niederer, Eric) (Entered: 07/23/2013) |
| 07/23/2013 | 4 | NOTICE by Electric Boat Corp. *Statement in Removed Cases* (Niederer, Eric) (Entered: 07/23/2013) |
| 07/23/2013 | 5 | DEMAND for Trial by Jury by Electric Boat Corp.. (Niederer, Eric) (Entered: 07/23/2013) |
| 07/23/2013 | | Judge Warren W. Eginton added. (Malone, P.) (Entered: 07/24/2013) |

| 07/23/2013 | 6 | Order on Pretrial Deadlines: Motions to Dismiss due on 10/23/2013. Amended Pleadings due by 9/21/2013. Discovery due by 1/22/2014. Dispositive Motions due by 2/21/2014 Signed by Clerk on 7/23/2013.(Fazekas, J.) (Entered: 07/24/2013) |
|---|---|---|
| 07/23/2013 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Warren W. Eginton on 7/23/2013. (Fazekas, J.) (Entered: 07/24/2013) |
| 07/24/2013 | 8 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 7 Electronic Filing Order, 3 Notice of Pending Motions filed by Electric Boat Corp., 5 Jury Demand filed by Electric Boat Corp., 6 Order on Pretrial Deadlines, 2 Notice of Appearance filed by Eric W. F. Niederer on behalf of Electric Boat Corp., 1 Notice of Removal, filed by Electric Boat Corp., 4 Statement in Removed Cases filed by Electric Boat Corp. Signed by Clerk on 7/24/2013. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 07/24/2013) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/25/2013 11:46:15 | | |
| **PACER Login:** | we2275 | **Client Code:** | 07411.00092 1688 |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-01050-WWE |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

 CT Corporation

**TO:** Joseph Chontos
Electric Boat Corporation
75 Eastern Point Road, Dept. 613
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Prentice and Shirlee Prentice, Pltfs. vs. Electric Boat Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2013 at 13:50 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 07/16/13 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Christopher Meisenkothen<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor<br>One Century Tower<br>New Haven, CT 06508<br>203-777-7799 |
| **REMARKS:** | Documents received have been changed by the process server to define the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2013, Expected Purge Date: 07/03/2013<br>Telephone, Carole McLellan , 860-433-8253<br>Image SOP<br>Email Notification, Carole McLellan cmclella@gdeb.com<br>Email Notification, Kelly A. Lewis klewis2@gdeb.com<br>Email Notification, Joseph Chontos JCHONTOS@EBMAIL.GDEB.COM<br>Email Notification, Susan Pecoraro specorar@gdeb.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of 1 / MF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS<br>CIVIL (except family actions)<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | X ONE OF THE FOLLOWING<br>Amount, legal interest or pro-<br>perty in demand, exclusive of<br>interest and costs is<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>☐ If applicable)<br>☐ Claiming other relief in addi-<br>tion to or in lieu of money<br>damages. |

1.  Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2.  If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3.  Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also,
    if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the com-
    plaint.
4.  After service has been made by officer, file original papers and officers return with the clerk of the court.
5.  The party recognized to pay costs must appear personally before the authority taking the recognizance.
6.  Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49
    for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service
of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION   ☐ G.A. | AT (Town in which writ is returnable)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (Mo., day, yr)<br>07.16.13 | |
|---|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code)<br><br>1061 Main Street, Bridgeport, CT, 06604   (203) 579-6527 | | CASE TYPE(From Judic. Dept. case type list-see<br>back)<br>Major  T            Minor  20 | |

| PARTIES | NOTE: Individual's Names:<br>Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY<br>NO |
|---|---|---|---|---|
| FIRST NAMED<br>PLAINTIFF | Prentice, Richard,  460 Chapel Hill Road, Oakdale, CT  06370 | | | 01 |
| Additional<br>Plaintiff | Prentice, Shirlee,  460 Chapel Hill Road, Oakdale, CT  06370 | | | 02 |
| FIRST NAMED<br>DEFENDANT | Electric Boat Corporation, CT Corp, One Commercial Plaza, Hartford, CT  06103 | | | 50 |
| Additional<br>Defendant | | | | 51 |
| Additional<br>Defendant | | | | 52 |
| Additional<br>Defendant | | | | 53 |

NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that
   each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further
   proceedings, you or your attorney must file a form called an
   Appearance with the Clerk of the above named Court at the
   above Court address on or before the second day after
   the above Return Date.
5. If you or your attorney do not file a written Appearance form
   on time, a judgment may be entered against you by default.

6. The Appearance form may be obtained at the above Court
   address.
7. If you believe that you have insurance that may cover the
   claim that is being made against you in this lawsuit, you
   should immediately take the Summons and Complaint to
   your insurance representative.
8. If you have questions about the Summons and Complaint,
   you should consult an attorney promptly. The Clerk of Court
   is not permitted to give advice on legal questions.

| DATE<br>06.27.13 | SIGNED<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen |
|---|---|---|---|

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor, New Haven, CT  06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>2 | NO. DEFS.<br>1 | NO. CNTS.<br>4 | SIGNED (Official taking recognizance, x proper box)<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE<br><br>TRUE COPY ATTEST |
|---|---|---|---|---|---|

| IF THIS SUMMONS IS SIGNED by a CLERK:<br>a. The signing has been done so that the Plain-<br>tiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to<br>see that service is made in the manner pro-<br>vided by law.<br>c. The Clerk is not permitted to give any legal | advice in connection with any lawsuit<br><br>d. The Clerk signing this Summons at the re-<br>quest of the Plaintiff(s) is not responsible<br>in any way for any errors or omissions in<br>the Complaint, or the service thereof. | Keith D Nizlankiewicz<br>Connecticut State Marshall<br>Indifferent Person |
|---|---|---|
| I hereby certify I have read<br>and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |

SUMMONS, Civil

| IN RE:  ASBESTOS LITIGATION |
|---|

RETURN DATE: JULY 16, 2013       : SUPERIOR COURT

      :

RICHARD PRENTICE AND SHIRLEE PRENTICE       : J.D. OF FAIRFIELD

      :

VS.       :AT BRIDGEPORT

      :

ELECTRIC BOAT CORPORATION       : JUNE 27, 2013

<u>COMPLAINT</u>

COUNT I

1. The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2. The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967.  Plaintiff was also exposed from 1967 through 1977 while a Reservist.  Plaintiff's exposure continued from 1977-1992 while working in various capacities at

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the
plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale
and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the
asbestos products which were contracted for, mined, milled, processed, manufactured, designed,
tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed
and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees,
mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing
products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing
products to the employer(s) of the plaintiff or to others working at the various jobsites where the
plaintiff was employed, or to third persons who, in turn, delivered and sold such products and
materials to such employers or to others working at such jobsites for use by employees, including
the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to
asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was
forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles
coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of
contracting for, mining, milling, processing, manufacturing, designing, testing, assembling,
fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling
asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.     in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The

injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain,

suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and

proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were

mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed,

packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's

capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and

family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical,

hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials

were inherently dangerous to those who used, handled or came in contact with said products and

materials.

18. The defendants failed to provide proper, adequate and correct warnings and

information concerning the dangers of the products and materials to persons using, handling, or

coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and

instruction of safety precautions to be observed by users, handlers and persons, including the

plaintiff, who would reasonably and foreseeably come into contact with the said products and

materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others

working at the various jobsites and places of employment of the plaintiff and the defendants failed

to render proper, adequate and correct warnings, advice, instruction and information and so acted

in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate

and correct warnings, advice, instruction and information and so acted in a grossly negligent,

malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and

wrongfully acted in other respects.

    26. It was the continuing duty of the defendants to advise and warn purchasers,

consumers, and users, and all prior purchasers, consumers, and users, of all dangers,

characteristics, potentialities and/or defects discovered subsequent to their initial marketing or

sale of said asbestos and asbestos products.

    27. The defendants breached these duties by:

        (a)    failing to warn the plaintiff of the dangers, characteristics, and/or
potentialities of the product or products when they knew or should have known that the exposure
to the product(s) would cause disease and injury;

        (b)    failing to warn the plaintiff of the dangers to which the plaintiff was
exposed when they knew or should have known of the dangers;

        (c)    failing to exercise reasonable care to warn the plaintiff of what would be
safe, sufficient, and properly protective clothing, equipment, and appliances when working with,
near or during exposure to asbestos and asbestos products;

        (d)    supplying asbestos or asbestos products that were packaged, bagged, boxed
and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were
inadequate and/or improper;

        (e)    supplying asbestos or asbestos products that were delivered to and reached
the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

        (f)    failing to test the asbestos and asbestos products in order to ascertain the
extent of dangers involved upon exposure;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

### COUNT II

1.- 28.  Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.     At all relevant times, the defendant, Electric Boat Corporation ("EB"), was a corporation licensed to do business in the State of Connecticut.

30.     In the course of his employment, plaintiff inhaled, ingested, contacted and/or handled asbestos and asbestos-containing products either through his own personal work with such products or by being in close proximity to others working with such products.  The use of asbestos and asbestos-containing products at "EB" caused respirable asbestos fibers to be liberated from the debris and caused plaintiff to inhale, ingest or otherwise be exposed to said asbestos fibers.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

31.     The types of asbestos-containing products to which plaintiff was exposed included asbestos fiber, pipe insulation, boiler insulation, turbine insulation, spray fireproofing, floor tiles, ceiling tiles, joint compound, gaskets, packing, fittings, switches, valves, pumps, wires and/or cables.

32.     Asbestos is a "hazardous pollutant" within the meaning of Connecticut General Statutes § 52-577c(a).

33.     The interior and exterior of the defendants' premises and the plaintiff's work sites were "environments" within the meaning of Connecticut General Statutes § 52-577c(a).

34.     The plaintiff's inhalation, ingestion, contact with and/or handling of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites constituted "exposures" within the meaning of Connecticut General Statutes § 52-577c(a).

35.     Asbestos is a "hazardous chemical substance or mixture" within the meaning of Connecticut General Statutes § 52-577c(a).

36.     The use, installation, repair, supply, handling, removal, storage and/or maintenance of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites resulted in the release, dispersion, spread, discharge, injection, emission, leak and/or escape of asbestos into the environment, which constitute "releases" within the meaning of Connecticut General Statutes § 52-577c(a).

37.     At all relevant times, the defendants had control over their premises and/or the plaintiff's work sites while various manufacturing, construction, repairs, maintenance and/or other work was performed by contractors.

38.    At all relevant times, the defendant knew or should have known that asbestos-containing products were present on their premises and/or being used on the plaintiff's work sites for one or more of the following reasons:

a.    at various times in the past, the defendant purchased asbestos fiber to manufacture products;

b.    at various times in the past, the defendants installed said products themselves;

c.    at various times in the past, the defendants hired contactors to install said products;

d.    at various times in the past, the defendants surveyed their premises to determine the nature and/or extent of asbestos-containing products on their premises;

e.    at various times in the past, the defendants abated, removed and/or otherwise disposed of asbestos-containing products on their premises;

f.    the defendants have had one or more employees assert workers' compensation claims alleging that the employees suffered from asbestos-related diseases sustained in the course of their employment for the defendants;

g.    the defendants' premises were inspected by federal OSHA, Conn-OSHA and/or one or more other federal or state agencies concerned with occupational health and safety, and such inspections identified asbestos-containing products on those premises;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

     h.     the defendants maintained supplies of asbestos fiber and various asbestos-containing products on their premises for contractors and workers to use when manufacturing products and for performing work on the defendants' premises.

39.     At all relevant times, the defendants knew or should have known that contractors and workers would come into contact with, disturb, handle, be exposed to, and/or otherwise be in the presence of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites.

40.     At all relevant times, the defendants knew or should have known that asbestos posed a serious health hazard to anyone coming into contact with or otherwise being exposed to asbestos, including but not limited to the potential development of pleural plaques, asbestosis, cancers of the gastrointestinal tract, lung cancer and/or mesothelioma.

41.     The defendants had a duty to use reasonable care in providing safe premises and safe working conditions to contractors, workers and the general public entering the defendants' premises and/or the plaintiff's work sites.

42.     The defendants breached their duty in one or more of the following ways:

     a.     the defendants failed to warn workers and contractors such as Mr. Prentice of the presence of asbestos and asbestos-containing products on their premises and/or on the plaintiff's work sites;

     b.     the defendants failed to adequately identify, label and/or otherwise mark asbestos-containing products on their premises and/or on the plaintiff's

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

work sites in such a way as to notify workers and contractors such as Mr. Prentice of their presence;

c.   the defendants failed to provide adequate protections and safeguards to workers and contractors such as Mr. Prentice to properly protect them from being exposed to asbestos and asbestos-containing products, including but not limited to posting adequate warnings, providing respiratory protection, and/or providing uniforms;

d.   the defendants failed to properly monitor, inspect, maintain and/or otherwise repair asbestos-containing products on their premises and/or on the plaintiff's work sites in order to avoid those products from becoming friable and releasing asbestos fibers into the ambient air;

e.   the defendants failed to abate, remove, replace, dispose of and/or otherwise neutralize the asbestos and asbestos-containing products present on their premises and/or on the plaintiff's work sites in a timely or adequate fashion;

f.   the defendants failed to provide adequate supervision, instruction, management and/or oversight of workers and contractors like Mr. Prentice in order to inform them of potential asbestos hazards on the defendants' premises and/or on the plaintiff's work sites, in order to help them avoid potential asbestos hazards on the defendants' premises, and in order to help them protect themselves from potential asbestos hazards on the defendants' premises.

43.     As a direct and indirect result of the defendants' actions and/or omissions, Mr. Prentice was subjected to intolerable, excruciating and severe amounts of physical and emotional pain, mental anguish and emotional distress in one or more of the following ways and was forced to incur various economic and non-economic losses in one or more of the following ways:

a.      he developed terminal malignant mesothelioma;

b.      he was made to suffer from nausea, fevers, body aches and pains, headaches, loss of appetite, sleeplessness, weakness and fatigue;

c.      he was forced to leave work and lose wages because of his illness, hospitalizations and medical treatments;

d.      he was forced to incur medical and travel expenses relating to his illness, hospitalizations and medical treatment;

e.      he was forced to undergo multiple chemotherapy sessions to combat his mesothelioma and suffered from physical and mental side-effects as a result of the chemotherapy, including but not limited to nausea, fatigue, loss of appetite and sleeplessness;

f.      he could not engage in his usual household activities and responsibilities, including but not limited to helping take care of his house and property;

g.      he suffered, and continues to suffer, severe emotional distress, mental anguish and apprehension over his physical condition, over his illness and over concern for his family in the event that something happens to him.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

44.　　The aforementioned acts and omissions on the part of the defendants directly and indirectly caused, contributed to and/or exacerbated the aforementioned injuries, losses and damages set forth above.

## COUNT III

### (As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-44.　　Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

45.　　As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT IV

1.- 45. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

46. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

47. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

48. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

49. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

50. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE Plaintiffs RICHARD PRENTICE and SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.


THE PLAINTIFF


BY:   s/417342
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

## IN RE:  ASBESTOS LITIGATION

RETURN DATE:  JULY 16, 2013                         : SUPERIOR COURT
                                                    :
RICHARD PRENTICE AND SHIRLEE PRENTICE               : J.D. OF FAIRFIELD
                                                    :
VS.                                                 : AT BRIDGEPORT
                                                    :
ELECTRIC BOAT CORPORATION                           : JUNE 27, 2013

WHEREFORE, the plaintiff, RICHARD PRENTICE AND SHIRLEE PRENTICE claims

as to the defendants:

    1. Full, fair and just money damages;

    2. Punitive and exemplary damages, including attorney's fees;

    3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes

Sections 52-240a and 52-240b (First Count);

    4. Costs of this action.

                THE PLAINTIFF

                BY:   s/417342
                    Christopher Meisenkothen, Esq.
                    Early, Lucarelli, Sweeney & Meisenkothen, LLC
                    One Century Tower, 11th Floor
                    265 Church Street P.O. Box 1866
                    New Haven, CT 06508-1866
                    (203) 777-7799
                    Juris No. 409080
                    Their Attorneys

A TRUE COPY ATTEST:

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE:  ASBESTOS LITIGATION |
|---|

RETURN DATE:  JULY 16, 2013 : SUPERIOR COURT
:
RICHARD PRENTICE AND SHIRLEE PRENTICE : J.D. OF FAIRFIELD
:
VS. : AT BRIDGEPORT
:
ELECTRIC BOAT CORPORATION : JUNE 27, 2013

The amount, legal interest and property in demand is not less than $15,000.00, exclusive

of interest and costs.

THE PLAINTIFF


BY: ___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys


A TRUE COPY ATTEST:

I. Keith D Niziankiewicz
**Connecticut State Marshal**
**Indifferent Person**


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080