BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | MDL NO. 875 |
| | : | |
| | : | |
| | : | |

## BRIEF IN SUPPORT OF ELECTRIC BOAT CORPORATION'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C §1407

Defendant Electric Boat Corporation ("Electric Boat") by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby respectfully submits this motion to transfer the matter captioned Richard Prentice and Shirlee Prentice v. Electric Boat Corporation venued in the United States District Court for the District of Connecticut, Docket No. 3:13-cv-01050-WWE, to the Multi-District Litigation 875 (In re Asbestos Products Liability Litigation) in the United States District Court, Eastern District of Pennsylvania ("MDL").

## I.   INTRODUCTION

Electric Boat's motion to transfer concerns two cases:

1) Richard Prentice and Shirlee Prentice v. Electric Boat, et al. (MDL, 2:12-cv-60159-ER; and

2) Richard Prentice and Shirlee Prentice v. Electric Boat, (United States District Court, District of Connecticut, 3:13-cv-01050-WWE).

Both cases commenced in Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. See plaintiffs' May 8, 2012 complaint, annexed hereto as **Exhibit "A"**; see plaintiff's June 28, 2013 complaint annexed hereto as **Exhibit "B."** Both cases were removed to the United States District Court for the District of Connecticut. The first case was transferred to the MDL where it is currently pending. The second action, pending in District Court in

Connecticut, is not eligible for transfer due to this Panel's November 21, 2012 Order Concerning Future Tag-Along actions. See November 21, 2012 Order Concerning Future Tag-Along actions, annexed hereto as **Exhibit "C."** Electric Boat is the sole remaining defendant in the first case.[1] Electric Boat is the sole defendant in the second case.

The cases at issue concern the quintessential "common questions of fact" and should properly be united in the MDL: the cases were brought by the same plaintiffs in the same jurisdiction and concern identical alleged exposures to asbestos over Mr. Prentice's lifetime. Absent a transfer of the second-filed case, these near-identical cases will be litigated in two different circuits. For the reasons discussed more fully below, Electric Boat respectfully requests that the second action be transferred to the MDL where it can be litigated in the same court as the pending companion case, and where the sole issue that distinguishes the two cases is currently pending.

## II. <u>PROCEDURAL HISTORY AND RELEVANT FACTS</u>

A. <u>The Instant Case and the Related, Prior Action</u>

The two actions at issue arise from Richard Prentice's alleged exposure to asbestos and resultant injuries. Mr. Prentice was allegedly exposed to asbestos during his Navy service and during his employment with Electric Boat and Amerada Hess. He was allegedly injured as a result of this exposure. See Exhibit "A" ¶5; Exhibit "B" ¶5.

The first case, pending in the MDL, ran much of its litigation course, up through dispositive motions. See Scheduling Order, annexed hereto as **Exhibit "D."** On March 14, 2013

---

[1] See United States District Court for the Eastern District of Pennsylvania (MDL), Docket No. 2:12-cv-60159-ER: ECF No. 42 (Order dismissing defendant Air & Liquid), ECF No. 50 (Order dismissing all remaining defendants, except Electric Boat).
Hereinafter all "ECF" references relate to the case pending in the MDL, Docket No. 2:12-cv-60159-ER.

Electric Boat timely filed its motion for summary judgment seeking dismissal of all claims based on, *inter alia*, derivative sovereign immunity (ECF No. 38).  Plaintiffs' opposition was due on April 15, 2013. Plaintiffs filed a same-day request for an extension of time, then missed their own deadline and filed a second request for an extension of time (ECF Nos. 45 and 48). Plaintiffs' opposition was ultimately filed on May 29, 2013 (ECF No. 49). On June 3, 2013, Judge Robreno issued an order denying plaintiffs' requests for an extension of time and granting Electric Boat's motion as unopposed (ECF No. 53).

Plaintiffs subsequently filed three separate motions in an effort to reverse the court's grant of Electric Boat's motion for summary judgment: a Motion for Reconsideration, Motion to Alter Judgment Pursuant to Rule 59(e) and Motion for Relief from a Judgment Pursuant to Rule 60 (ECF Nos. 54, 55 and 56). Electric Boat opposed each of these motions (ECF Nos. 57, 58 and 59). These motions remain pending before Judge Robreno in the MDL.

Approximately one-week after plaintiffs filed these motions for relief in the MDL case, and while the motions were still pending, plaintiffs commenced the second action in Connecticut Superior Court. See Exhibit A. Electric Boat appeared and removed the second case to the United States District Court for the District of Connecticut, where it is currently pending.

B. Transfers to the MDL

On November 21, 2012, the United States Judicial Panel on Multi-District Litigation (the "Panel") issued an Order Adopting the Second Suggestion to the Panel Concerning Future Tag-Alongs. That Order ceased transfers of cases from certain jurisdictions, including the United States District Court, District of Connecticut. See Exhibit "D."

Accordingly, despite the fact that there is a case pending in the MDL concerning the same plaintiffs and the same claims, the referenced Order renders this action ineligible for

transfer to the MDL. Accordingly, Electric Boat's Notice of Tagalong was rejected. See June 26, 2013 electronic notice advising of the Clerk of the Panel's determination that the action is not appropriate for inclusion in MDL, annexed hereto as **Exhibit "E."**

## III.   ARGUMENT

### THE TRANSFER OF THE ACTION TO THE MDL PROMOTES THE JUST AND EFFICIENT RESOLUTION OF THE ACTIONS

28 USC §1404 provides, "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings." See 28 USC §1407(a).

The case which Electric Boat seeks to transfer not only involves common questions of fact with a pending MDL case – it is fundamentally *the same case*. The Complaints in these cases contain three causes of action with *word-for-word* identical allegations. See Exhibits "A" and "B." The sole difference is that the later-filed case, pending in District Court in Connecticut, contains a newly pleaded cause of action: Conn. Gen. Stat. §52-577c. [2] See Exhibit "B."

Significantly, this cause of action is at the crux of the issues pending before Judge Robreno in the MDL case. There, plaintiffs contended in *four* separate motions that it pleaded this very cause of action. Indeed, the gravamen of plaintiffs' untimely opposition to Electric Boat's Motion for Summary Judgment was that the Court failed to consider (and Electric Boat failed to oppose) the Conn. Gen. Stat. §52-577c cause of action. In each of plaintiffs' three post-summary judgment motions – the Motion for Reconsideration, Motion to Alter Judgment Pursuant to Rule 59(e) and Motion for Relief from a Judgment Pursuant to Rule 60 – plaintiffs' raise this "misunderstanding" as one of the bases for relief.[3] Electric Boat opposed each of these

---

[2] Conn. Gen. Stat. 52-577c provides a cause of action for damages caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant.
[3] See ECF No. 54, page 5; ECF No. 55, page 5; ECF No. 56, page 6.

three motions. In each of these oppositions, Electric Boat discussed, *inter alia*, its position with respect to the existence of a Conn. Gen. Stat. §52-577c cause of action and the propriety of plaintiffs' assertions.

Not only is the existence of the Conn. Gen. Stat. §52-577c (in plaintiffs pleadings) pending before Judge Robreno; so too are the merits. Electric Boat argued in the pending post-summary judgment motions that, even if the MDL court were to construe a Section 52-577c cause of action based on the pleadings, Electric Boat cannot be liable based on the arguments set forth in its motion for summary judgment. Therein, Electric Boat detailed Mr. Prentice's alleged exposures in the United States Navy over twenty years, including his specific allegations of exposures aboard various Navy vessels. Electric Boat argued, with expert reports in support, that it is entitled to summary judgment based, *inter alia*, the <u>Feres</u> doctrine and the "combatant activities exception" of the Federal Tort Claims Act.[4] Under these theories, Electric Boat is insulated from liability for all claims alleged or purportedly alleged (i.e., under Section 52-577c or otherwise). These three motions are presently pending before Judge Robreno in the MDL.

As a threshold matter, plaintiffs' filing of a second action, adding the cause of action it vigorously asserts was pleaded in the *pending* MDL case, is an unvarnished attempted end-run around Judge Robreno's decisions in a still-active case. This should not be countenanced.

More practically, should Judge Robreno grant any of plaintiffs' motions, the MDL case will be reinvigorated. The result will be two identical cases pending in two separate district courts in two separate circuits: one in the Eastern District of Pennsylvania, and one in the District of Connecticut. This is not only wildly inefficient and an onerous burden on Electric Boat, but it can lead to non-sensible results, especially should issues arise where the law of different circuits

---

[4] <u>See</u> ECF No 38.

will apply. This is at odds with one of purposes of 28 USCS § 1407; *viz*, to eliminate potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate court in multidistrict related civil actions.  See Utah v American Pipe & Constr. Co. (1970, CD Cal) 316 F Supp 837, 1970 CCH Trade Cases P 73290.

The other potential outcome is that Judge Robreno denies plaintiffs' motions and the MDL case closes. In that scenario, another an entirely redundant action will proceed in District Court in Connecticut requiring Electric Boat's appearance and participation in plaintiffs' *redux* solely because of plaintiffs' fortuitous timing: this Panel's November 2012 Order was issued in the middle of plaintiffs' duplicitous filings – thus keeping two cases with the same claims, parties and issues, filed in the same jurisdictions – in two separate judicial districts. This is a vexing drain on Electric Boat's resources and the judicial system. In the MDL, under Judge Robreno's auspices, plaintiff was deposed; hundreds of pages of ship records and other documents were exchanged; experts were retained; expert reports and affidavits were produced; dispositive motions were filed and opposed. Having to revisit these same issues in a new court – when Judge Robreno is intimately familiar with the case and the salient issues, and while three motions remain under his review – is wasteful and a misuse of judicial resources.

Transferring the second case to the MDL eliminates redundancy and potentially absurd outcomes, and promotes the goals of 28 USCS §1407. These cases share *identical* questions of fact; and the transfer of this case to the MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. See 28 USCS §1407; see also e.g., In re New York City Mun. Sec. Litig. (1978, CA2 NY) 572 F2d 49, CCH Fed Secur L Rep P 96412. Moreover, the "transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that … ensures that pretrial proceedings will be conducted

in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." In re Advanced Inv. Mgmt., L.P., Pension Fund Mgmt. Litig., 254 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003). Centralization under Section 1407 is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Id.

In consideration of the unique history and facts of the subject cases, and the existence of pending issues and motions before Judge Robreno, Electric Boat submits that judicial economy demands an exception to the Panel's November 2012 Order and the transfer of the instant case to the MDL. The transfer of this action will not add to the MDL 875 docket. Rather, the transferred should be allowed to join the companion case where the discovery issues have already been vetted. This will allow for the streamlined conclusion of the actions. The basic purpose underlying enactment of 28 USCS § 1407 was to secure, in multidistrict civil litigation, as in all other civil litigation, just, speedy and inexpensive determination of every action. In re National Student Marketing Litigation (1973, Jud Pan Mult Lit) 368 F Supp 1311, CCH Fed Secur L Rep P 93743. The transfer sought herein is in line with these objectives.

## IV.   **CONCLUSION**

For the foregoing reasons, Electric Boat respectfully requests that this Panel make an exception to the November 21, 2012 Order directing the discontinuance of tag-along actions from this District and issue a Transfer Order in connection with the Richard Prentice and Shirlee Prentice v. Electric Boat, pending in the United States District Court, District of Connecticut, 3:13-cv-01050-WWE) to the MDL.

Dated: August 5, 2013

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

*/s/ Erik C. DiMarco*
Erik C. DiMarco, Esq.
150 E. 42nd Street
New York, New York 10017
Tel.: 212.915.5126
Fax: 212.490.3038
E-mail: erik.dimarco@wilsonelser.com

*Counsel for Plaintiffs*
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen
265 Church Street, 11th Floor
One Century Tower
New Haven, CT 06508
Tel.: 203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
05/08/2012
CT Log Number 520470999

TO: Julie P. Aslaksen
General Dynamics Corporation
2941 Fairview Park Drive, Suite 100
Falls Church, VA 22042-4513

RE: **Process Served in Connecticut**

FOR: General Dynamics Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Prentice & Shirlee Prentice, Pltfs. vs. Air & Liquid Systems Corporation, etc., et al. including General Dynamics Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons(es), Complaint, Amended Complaint, Order(s), Motion(s), Certification(s), Memorandum of Law |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # FBTCV126026705S |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2012 at 14:05 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 05/08/2012 - Summons // On or before the second day after the Return Date - File an Appearance form // 05/22/12 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Christopher Meisenkothen, Esq.<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>One Century Tower, 11th Floor<br>265 Church Street<br>P.O. Box 1866<br>New Haven, CT 06508-1866<br>203-777-7799 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/08/2012, Expected Purge Date: 05/13/2012<br>Image SOP<br>Email Notification, Mike Dufault mdufault@gd.com<br>Email Notification, Julie P. Aslaksen jaslaksen@generaldynamics.com<br>Email Notification, Shauna McCarthy smccarthy@gd.com<br>Email Notification, Barbara Kriel bkriel@generaldynamics.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of  1 / MF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ORDER   421277

DOCKET NO: FBTCV126026705S

SUPERIOR COURT

PRENTICE, RICHARD ET AL
    V.
AIR & LIQUID SYS. CO ET AL

JUDICIAL DISTRICT OF FAIRFIELD
   AT BRIDGEPORT

4/23/2012

## ORDER

ORDER REGARDING:
04/23/12 101.00 MOTION TO CITE ADDITIONAL PARTY

Judicial Notice (JDNO) was sent regarding this order.

The foregoing, having been considered by the Court, is hereby:

ORDER:

It is ordered that on or before 5/10/2012 the complaint be amended to state facts showing the interest of GENERAL DYNAMICS and VIAD CORPORATION in this action and summon GENERAL DYNAMICS and VIAD CORPORATION to appear as a defendant in this action on or before the second day following 5/22/2012, by causing some proper officer to serve on the defendant in the manner prescribed by law a true and attested copy of this order, a true and attested or certified copy of the complaint in this action as amended, and a Summons Civil Form JD-CV-1 and due return make.

421277

Judge: BARBARA N BELLIS

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

FBTCV126026705S   4/23/2012

Page 1 of 1

| IN RE:  ASBESTOS LITIGATION | |
|---|---|

| DOCKET NO.:  FBT CV 12-6026705S | : SUPERIOR COURT |
|---|---|
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 23, 2012 |

## MOTION TO CITE IN PARTY DEFENDANT

The undersigned represents as follows:

1.  This action was commenced by summons and complaint returnable to this Court on

    May 8, 2012.

2.  There are five (5) party defendants named in the original complaint.

3.  The plaintiffs allege that said party defendants manufactured or supplied asbestos

    containing products that caused the injuries for which the plaintiffs seek compensation.

4.  Plaintiffs seek to name the one (2) entities listed below as an additional party defendant in
    this action:

    GENERAL DYNAMICS CORPORATION
    VIAD CORPORATION

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

5. It will be alleged that the entities below engaged in the same tortious acts or omissions toward the plaintiffs as the current defendants in the case (but for the conspiracy defendant, Metropolitan Life Insurance Company), thereby proximately causing the plaintiff's injuries.

Wherefore, the undersigned moves that the plaintiffs' complaint be amended to state facts showing the interests of the defendants listed below in this action, and that they be summoned to appear herein as a co-defendant.

GENERAL DYNAMICS CORPORATION
VIAD CORPORATION


THE PLAINTIFFS


BY_____s/417342_____
         Christopher Meisenkothen, Esq.
         Early Lucarelli Sweeney & Meisenkothen, LLC
         One Century Tower, 11th Floor
         265 Church Street
         P.O. Box 1866
         New Haven, CT 06508-1866
         (203) 777-7799


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

<u>ORDER</u>

It appearing that the foregoing motion should be granted, it is hereby

ORDERED that on or before _____ , the plaintiffs amend their

complaint to state facts showing the interests of the entity listed below to appear as defendant in this

action on or before the second day following _____, by causing some

proper officer to serve on them in the manner prescribed by law, a true and attested copy of this

Order, a true and attested or certified copy of the complaint in this action, as amended, and a

Summons-Civil Form 103.1 and due return make.

GENERAL DYNAMICS CORPORATION
VIAD CORPORATION

BY THE COURT ( _____, J.)


_____

Clerk / Assistant Clerk

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

CERTIFICATION

This is to certify that a copy of the foregoing was served, via certified mail,  to all counsel of record on this 23rd day of April 2012.

BY_____s/417342_____
Christopher Meisenkothen

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE:  ASBESTOS LITIGATION | |
|---|---|

| DOCKET NO.:  FBT CV 12-6026705S | : SUPERIOR COURT |
|---|---|
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 23, 2012 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION TO CITE IN PARTY DEFENDANT

The above captioned plaintiffs, pursuant to Practice Book Section 9-22, are seeking to add the following one (2) additional defendants, GENERAL DYNAMICS CORPORATION and VIAD CORPORATION to the pending lawsuit for plaintiffs' injuries due to asbestos exposure. The plaintiffs allege that said party defendant also manufactured or supplied asbestos containing products that caused the injuries for which this action seeks damages.

All persons with an interest in the subject of an action may be joined as defendants. Conn. Gen. Stat. Section 52-101.  The party that plaintiffs seek to add is similarly situated to all the other defendants in this pending lawsuit (but for Metropolitan Life Insurance Company, which is a defendant under a conspiracy count).  All other defendants manufactured or supplied asbestos containing products which caused the plaintiffs injuries and are named pursuant to the Connecticut Product Liability Action (P.A. 79-483) Conn. Gen. Stat. Section 52-572m et seq.

Wherefore, the undersigned moves that the plaintiffs' complaint be amended to state facts showing the interests of GENERAL DYNAMICS CORPORATION and VIAD CORPORATION in this action, and that they be summoned to appear as a co-defendant.

THE PLAINTIFFS

BY_____ s/417342_____

Christopher Meisenkothen, Esq.
Early Lucarelli Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

## CERTIFICATION

This is to certify that a copy of the foregoing was served, via certified mail, to all counsel of record on this 23rd day of April 2012.

_____s/417342_____
Christopher Meisenkothen, Esq.

A TRUE COPY ATTEST

KEITH D. NIEJANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

**SUMMONS**
**CIVIL (except family actions)**
JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

**INSTRUCTIONS**

| | ⊠X⊠ ONE OF THE FOLLOWING |
|---|---|
| | Amount, legal interest or property in demand, exclusive of interest and costs is |
| ☐ | less than $2,500 |
| ☐ | $2,500 through $14,999.99 |
| ⊠ | $15,000 or more |
| ☐X⊠⊠ | (if applicable) |
| ☐ | Claiming other relief in addition to or in lieu of money damages. |

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ⊠ JUDICIAL DISTRICT | AT (Town in which writ is returnable)(Gen. Stat. 51-349) | RETURN DATE (Mo., day, yr) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. | Bridgeport | 05.22.12 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code) | CASE TYPE(From Judic. Dept. case type list-see back) | |
|---|---|---|
| 1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | Major  T | Minor 20 |

| PARTIES | NOTE: Individual's Names: Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY (No., street, town & zip code) | ⊠ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF ☐ | | Prentice, Richard, 460 Chapel Hill Road, Oakdale, CT  06370 | | 01 |
| Additional Plaintiff | | Prentice, Shirley, 460 Chapel Hill Road, Oakdale, CT  06370 | | 02 |
| FIRST NAMED DEFENDANT ☐ | | General Dynamics Corp., c/ Legal Dept., 3910 Fairview Park Drive, Falls Church, VA  22042-4523 | | 50 |
| Additional Defendant | | Viad Corporation, CT Corp. System, One Commercial Plaza, Hartford, CT  06106 | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ⊠Appearance⊠ form on time, a judgment may be entered against you by default.

6. The Appearance⊠ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | ⊠ Commissioner of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 04.23.12 | s/417342 | | Christopher Meisenkothen, Esq. |

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code) | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Early, Lucarelli, Sweeney & Meisenkothen, LLC 265 Church Street, 11th Floor, New Haven, CT  06510 | 203-777-7799 | 409080 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, ⊠x⊠ proper box) | ⊠ Commissioner of Superior Court ☐ Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 2 | 3 | s/417342 | | FILE DATE |

IF THIS SUMMONS IS SIGNED by a CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST

_[signature]_
KEITH D. NIZ ANKIEWICZ
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

| | |
|---|---|
| **IN RE: ASBESTOS LITIGATION** | |

| | |
|---|---|
| RETURN DATE: MAY 22, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as | : |
| Successor by Merger to Buffalo Pumps, Inc. | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation and as successor in interest to B.F. Sturtevant, | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY, | : |
| GENERAL DYNAMICS CORPORATION, | : |
| VIAD CORPORATION, individually and as successor to | : |
| Griscom Russell. | : APRIL 23, 2012 |

## AMENDED COMPLAINT

### COUNT I

1. The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2. The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4.  The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5.  The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967.  Plaintiff was also exposed from 1967 through 1977 while a Reservist.  Plaintiff's exposure continued from 1977-1992 while working in various capacities at General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6.  During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7.  Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn,

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9.  At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10.  At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11.  The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

        2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

        3.     in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

        (b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

        (c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so

acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)     failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)     failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

## COUNT II

(As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT III

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, RICHARD PRENTICE & SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

THE PLAINTIFF


BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION | |
|---|---|

| RETURN DATE: MAY 22, 2012 | : SUPERIOR COURT |
|---|---|
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 23, 2012 |

WHEREFORE, the plaintiff, RICHARD PRENTICE & SHIRLEE PRENTICE claims

as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General

Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: MAY 22, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 23, 2012 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

# SUMMONS
## CIVIL (except family actions)

JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

**INSTRUCTIONS**

| | | ☒X☒ ONE OF THE FOLLOWING |
|---|---|---|
| | | Amount, legal interest or property in demand, exclusive of interest and costs is |
| | | ☐ less than $2,500 |
| | | ☐ $2,500 through $14,999.99 |
| | | ☒ $15,000 or more |
| | | ☐☒X☒ if applicable) |
| | | ☐ Claiming other relief in addition to or in lieu of money damages. |

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable)(Gen. Stat. 51-349) | RETURN DATE (Mo., day, yr) |
|---|---|---|
| ☐ HOUSING SESSION  ☐ G.A. | Bridgeport | 05.08.12 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code) | CASE TYPE(From Judic. Dept. case type list-see back) | | |
|---|---|---|---|
| 1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | Major  T | Minor  20 |

| PARTIES | NOTE: Individual/s Names: Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY (No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF ☐ | | Prentice, Richard, 460 Chapel Hill Road, Oakdale, CT  06370 | | 01 |
| Additional Plaintiff | | Prentice, Shirley, 460 Chapel Hill Road, Oakdale, CT  06370 | | 02 |
| FIRST NAMED DEFENDANT ☐ | | Air & Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc., CT Corp., 116 Pine Street, Suite 320, Harrisburg, PA 17101 | | 50 |
| Additional Defendant | | CBS Corporation, a Delaware corp, f/k/a Viacom Inc., successor by merger to CBS Corp, a PA corp., f/k/a Westinghouse Electric Corp., Corporation Service Co., 50 Weston Street, Hartford, CT 06120-1537 | | 51 |
| Additional Defendant | | Elliott Turbomachinery Co., Inc., 901 North Fourth Street, Jeannette, PA 15644-1473 | | 52 |
| Additional Defendant | | Foster Wheeler L.L.C. as successor to CH Wheeler , Jack Deones, Perryville Corporate Park, Clintonville, NJ  08809 | | 53 |

## NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.

6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | ☒ Commissioner of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 04.19.12 | s/417342 | ☐ Assistant Clerk | Christopher Meisenkothen, Esq. |

## FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code) | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Early, Lucarelli, Sweeney & Meisenkothen, LLC 265 Church Street, 11th Floor, New Haven, CT  06510 | 203-777-7799 | 409080 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, ☒x☒ proper box) | ☒ Commissioner of Superior Court | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 5 | 3 | s/417342 | ☐ Assistant Clerk | FILE DATE |

## IF THIS SUMMONS IS SIGNED by a CLERK:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal

advice in connection with any lawsuit

d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

**A TRUE COPY ATTEST**

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**SUMMONS, Civil**

**CIVIL SUMMONS**

STATE COURT OF CONNECTICUT
**PAGE 2**

**CONTINUATION OF PARTIES**

**SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**Prentice, Richard**

FIRST NAMED DEFENDANT
**Air & Liquid Systems**

| Additional Defendants | CODE |
|---|---|
| NAME *(Last, First, Middle Initial, if Individual)*    ADDRESS *(No., Street, Town and Zip Code)* | |
| General Electric Company, CT Corp. System, One Commercial Plaza, Hartford, CT 06106 | 54 |

*FOR COURT USE ONLY*

FILE DATE

DOCKET NO.

## IN RE: ASBESTOS LITIGATION

RETURN DATE:  MAY 8, 2012 : SUPERIOR COURT
:
RICHARD PRENTICE & SHIRLEE PRENTICE : J.D. OF FAIRFIELD
:
VS. :AT BRIDGEPORT
:
AIR & LIQUID SYSTEMS CORPORATION, as :
Successor by Merger to Buffalo Pumps, Inc. :
CBS CORPORATION, a Delaware corporation, f/k/a :
Viacom Inc., successor by merger to CBS Corporation, a :
Pennsylvania corporation, f/k/a Westinghouse Electric :
Corporation and as successor in interest to B.F. Sturtevant, :
ELLIOTT TURBOMACHINERY CO., INC., :
FOSTER WHEELER L.L.C., :
GENERAL ELECTRIC COMPANY, : APRIL 19, 2012

### COMPLAINT

#### COUNT I

1.  The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and

resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2.  The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and

resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3.  Each of the defendants, and/or their predecessors in interest (hereinafter referred to as

the "Defendants named in the caption above conducted business in the state of Connecticut,

has produced, manufactured or distributed asbestos and/or asbestos products with the

reasonable expectation that such products were so used or consumed, and/or has committed

the tortious acts set forth below.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967. Plaintiff was also exposed from 1967 through 1977 while a Reservist. Plaintiff's exposure continued from 1977-1992 while working in various capacities at General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)        Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.       in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.       in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.       in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12.  As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers.  The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13.  The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14.  As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22.  The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23.  The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24.  The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25.  Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)  failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)  failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)  failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)  supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)  supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)  failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)  failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)  failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(i)    failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)    generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28. The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

## COUNT II

(As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29. As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT III

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, RICHARD PRENTICE & SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

THE PLAINTIFF


BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys


A TRUE COPY ATTEST

KEITH D. NIZANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

RETURN DATE: MAY 8, 2012        : SUPERIOR COURT

                               :

RICHARD PRENTICE & SHIRLEE PRENTICE    : J.D. OF FAIRFIELD

                               :

VS.                                     : AT BRIDGEPORT

                               :

ALFA LAVAL, INC., et al.              : APRIL 19, 2012

WHEREFORE, the plaintiff, RICHARD PRENTICE & SHIRLEE PRENTICE claims as to the defendants:

     1.  Full, fair and just money damages;

     2.  Punitive and exemplary damages, including attorney's fees;

     3.  Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

     4.  Costs of this action.

                         THE PLAINTIFF

                         BY:___s/417342_____
                         Christopher Meisenkothen, Esq.
                         Early, Lucarelli, Sweeney & Meisenkothen, LLC
                         One Century Tower, 11th Floor
                         265 Church Street P.O. Box 1866
                         New Haven, CT 06508-1866
                         (203) 777-7799
                         Juris No. 409080
                         Their attorneys

                               A TRUE COPY ATTEST
                               KEITH D. NIKIANKIEWICZ
                               CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| RETURN DATE: MAY 8, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 19, 2012 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY:   s/417342
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
06/28/2013
CT Log Number 523017803

**TO:** Joseph Chontos
Electric Boat Corporation
75 Eastern Point Road, Dept. 613
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Prentice and Shirlee Prentice, Pltfs. vs. Electric Boat Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2013 at 13:50 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 07/16/13 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Christopher Meisenkothen<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor<br>One Century Tower<br>New Haven, CT 06508<br>203-777-7799 |
| **REMARKS:** | Documents received have been changed by the process server to define the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2013, Expected Purge Date: 07/03/2013<br>Telephone, Carole McLellan , 860-433-8253<br>Image SOP<br>Email Notification, Carole McLellan cmclella@gdeb.com<br>Email Notification, Kelly A. Lewis klewis2@gdeb.com<br>Email Notification, Joseph Chontos JCHONTOS@EBMAIL.GDEB.COM<br>Email Notification, Susan Pecoraro specorar@gdeb.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS<br>CIVIL (*except family actions*)<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | X ONE OF THE FOLLOWING<br>Amount, legal interest or pro-<br>perty in demand, exclusive of<br>interest and costs is<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>☒ If applicable)<br>☐ Claiming other relief in addi-<br>tion to or in lieu of money<br>damages. |
|---|---|---|

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by proper officer, file original papers and officers return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION   ☐ G.A. | AT (*Town in which writ is returnable*)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (*Mo., day, yr*)<br>07.16.13 |
|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-346, 51-350)(No., st., town & zip code)<br><br>1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | | CASE TYPE(From Judic. Dept. case type list-see back)<br>Major  T        Minor  20 |

| PARTIES | NOTE: *Individual's Names:*<br>*Last, First, Middle Initial* | NAME AND ADDRESS OF EACH PARTY<br>(*No., street, town & zip code*) | ☒ Form JD-CV-2 attached | PTY<br>NO |
|---|---|---|---|---|
| FIRST NAMED<br>PLAINTIFF | Prentice, Richard, 460 Chapel Hill Road, Oakdale, CT 06370 | | | 01 |
| Additional<br>Plaintiff | Prentice, Shirlee, 460 Chapel Hill Road, Oakdale, CT 06370 | | | 02 |
| FIRST NAMED<br>DEFENDANT | Electric Boat Corporation, CT Corp, One Commercial Plaza, Hartford, CT 06103 | | | 50 |
| Additional<br>Defendant | | | | 51 |
| Additional<br>Defendant | | | | 52 |
| Additional<br>Defendant | | | | 53 |

NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written Appearance form on time, a judgment may be entered against you by default.

6. The Appearance form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>06.27.13 | SIGNED<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen |
|---|---|---|---|

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor, New Haven, CT 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>2 | NO. DEFS.<br>1 | NO. CNTS.<br>4 | SIGNED (Official taking recognizance, x proper box)<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED by a CLERK:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit

d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST
Keith D Nizienkiewicz
Connecticut State Marshall
Indifferent Person

| I hereby certify I have read<br>and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

> ### IN RE:  ASBESTOS LITIGATION

RETURN DATE:  JULY 16, 2013        : SUPERIOR COURT

                                            :

RICHARD PRENTICE AND SHIRLEE PRENTICE     : J.D. OF FAIRFIELD

                                            :

VS.                                                :AT BRIDGEPORT

                                            :

ELECTRIC BOAT CORPORATION              : JUNE 27, 2013

### COMPLAINT

### COUNT I

1. The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2. The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967.  Plaintiff was also exposed from 1967 through 1977 while a Reservist.  Plaintiff's exposure continued from 1977-1992 while working in various capacities at

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.     in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The

injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others

working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)     failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)     failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)    failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)    failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)    failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)    generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

<u>COUNT II</u>

1.- 28.  Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.    At all relevant times, the defendant, Electric Boat Corporation ("EB"), was a corporation licensed to do business in the State of Connecticut.

30.    In the course of his employment, plaintiff inhaled, ingested, contacted and/or handled asbestos and asbestos-containing products either through his own personal work with such products or by being in close proximity to others working with such products.  The use of asbestos and asbestos-containing products at "EB" caused respirable asbestos fibers to be liberated from the debris and caused plaintiff to inhale, ingest or otherwise be exposed to said asbestos fibers.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

31.     The types of asbestos-containing products to which plaintiff was exposed included asbestos fiber, pipe insulation, boiler insulation, turbine insulation, spray fireproofing, floor tiles, ceiling tiles, joint compound, gaskets, packing, fittings, switches, valves, pumps, wires and/or cables.

32.     Asbestos is a "hazardous pollutant" within the meaning of Connecticut General Statutes § 52-577c(a).

33.     The interior and exterior of the defendants' premises and the plaintiff's work sites were "environments" within the meaning of Connecticut General Statutes § 52-577c(a).

34.     The plaintiff's inhalation, ingestion, contact with and/or handling of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites constituted "exposures" within the meaning of Connecticut General Statutes § 52-577c(a).

35.     Asbestos is a "hazardous chemical substance or mixture" within the meaning of Connecticut General Statutes § 52-577c(a).

36.     The use, installation, repair, supply, handling, removal, storage and/or maintenance of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites resulted in the release, dispersion, spread, discharge, injection, emission, leak and/or escape of asbestos into the environment, which constitute "releases" within the meaning of Connecticut General Statutes § 52-577c(a).

37.     At all relevant times, the defendants had control over their premises and/or the plaintiff's work sites while various manufacturing, construction, repairs, maintenance and/or other work was performed by contractors.

38.     At all relevant times, the defendant knew or should have known that asbestos-containing products were present on their premises and/or being used on the plaintiff's work sites for one or more of the following reasons:

    a.    at various times in the past, the defendant purchased asbestos fiber to manufacture products;

    b.    at various times in the past, the defendants installed said products themselves;

    c.    at various times in the past, the defendants hired contactors to install said products;

    d.    at various times in the past, the defendants surveyed their premises to determine the nature and/or extent of asbestos-containing products on their premises;

    e.    at various times in the past, the defendants abated, removed and/or otherwise disposed of asbestos-containing products on their premises;

    f.    the defendants have had one or more employees assert workers' compensation claims alleging that the employees suffered from asbestos-related diseases sustained in the course of their employment for the defendants;

    g.    the defendants' premises were inspected by federal OSHA, Conn-OSHA and/or one or more other federal or state agencies concerned with occupational health and safety, and such inspections identified asbestos-containing products on those premises;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

h.     the defendants maintained supplies of asbestos fiber and various asbestos-containing products on their premises for contractors and workers to use when manufacturing products and for performing work on the defendants' premises.

39.    At all relevant times, the defendants knew or should have known that contractors and workers would come into contact with, disturb, handle, be exposed to, and/or otherwise be in the presence of asbestos and asbestos-containing products on the defendants' premises and/or on the plaintiff's work sites.

40.    At all relevant times, the defendants knew or should have known that asbestos posed a serious health hazard to anyone coming into contact with or otherwise being exposed to asbestos, including but not limited to the potential development of pleural plaques, asbestosis, cancers of the gastrointestinal tract, lung cancer and/or mesothelioma.

41.    The defendants had a duty to use reasonable care in providing safe premises and safe working conditions to contractors, workers and the general public entering the defendants' premises and/or the plaintiff's work sites.

42.    The defendants breached their duty in one or more of the following ways:

a.     the defendants failed to warn workers and contractors such as Mr. Prentice of the presence of asbestos and asbestos-containing products on their premises and/or on the plaintiff's work sites;

b.     the defendants failed to adequately identify, label and/or otherwise mark asbestos-containing products on their premises and/or on the plaintiff's

work sites in such a way as to notify workers and contractors such as Mr. Prentice of their presence;

c.   the defendants failed to provide adequate protections and safeguards to workers and contractors such as Mr. Prentice to properly protect them from being exposed to asbestos and asbestos-containing products, including but not limited to posting adequate warnings, providing respiratory protection, and/or providing uniforms;

d.   the defendants failed to properly monitor, inspect, maintain and/or otherwise repair asbestos-containing products on their premises and/or on the plaintiff's work sites in order to avoid those products from becoming friable and releasing asbestos fibers into the ambient air;

e.   the defendants failed to abate, remove, replace, dispose of and/or otherwise neutralize the asbestos and asbestos-containing products present on their premises and/or on the plaintiff's work sites in a timely or adequate fashion;

f.   the defendants failed to provide adequate supervision, instruction, management and/or oversight of workers and contractors like Mr. Prentice in order to inform them of potential asbestos hazards on the defendants' premises and/or on the plaintiff's work sites, in order to help them avoid potential asbestos hazards on the defendants' premises, and in order to help them protect themselves from potential asbestos hazards on the defendants' premises.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

43.     As a direct and indirect result of the defendants' actions and/or omissions, Mr. Prentice was subjected to intolerable, excruciating and severe amounts of physical and emotional pain, mental anguish and emotional distress in one or more of the following ways and was forced to incur various economic and non-economic losses in one or more of the following ways:

a.     he developed terminal malignant mesothelioma;

b.     he was made to suffer from nausea, fevers, body aches and pains, headaches, loss of appetite, sleeplessness, weakness and fatigue;

c.     he was forced to leave work and lose wages because of his illness, hospitalizations and medical treatments;

d.     he was forced to incur medical and travel expenses relating to his illness, hospitalizations and medical treatment;

e.     he was forced to undergo multiple chemotherapy sessions to combat his mesothelioma and suffered from physical and mental side-effects as a result of the chemotherapy, including but not limited to nausea, fatigue, loss of appetite and sleeplessness;

f.     he could not engage in his usual household activities and responsibilities, including but not limited to helping take care of his house and property;

g.     he suffered, and continues to suffer, severe emotional distress, mental anguish and apprehension over his physical condition, over his illness and over concern for his family in the event that something happens to him.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

44.     The aforementioned acts and omissions on the part of the defendants directly and indirectly caused, contributed to and/or exacerbated the aforementioned injuries, losses and damages set forth above.

## COUNT III

### (As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-44.     Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

45.     As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT IV

1.- 45. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

46. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

47. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and

asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

48. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

49. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

50. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE Plaintiffs RICHARD PRENTICE and SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF

BY: ___s/417342_____

Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## IN RE:  ASBESTOS LITIGATION

RETURN DATE:  JULY 16, 2013           : SUPERIOR COURT

                                               :

RICHARD PRENTICE AND SHIRLEE PRENTICE    : J.D. OF FAIRFIELD

                                                 :

VS.                                                     : AT BRIDGEPORT

                                                 :

ELECTRIC BOAT CORPORATION             : JUNE 27, 2013

      WHEREFORE, the plaintiff, RICHARD PRENTICE AND SHIRLEE PRENTICE claims

as to the defendants:

      1. Full, fair and just money damages;

      2. Punitive and exemplary damages, including attorney's fees;

      3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes

Sections 52-240a and 52-240b (First Count);

      4. Costs of this action.

                          THE PLAINTIFF

                         BY:    s/417342
                             Christopher Meisenkothen, Esq.
                             Early, Lucarelli, Sweeney & Meisenkothen, LLC
                             One Century Tower, 11th Floor
                             265 Church Street P.O. Box 1866
                             New Haven, CT 06508-1866
                             (203) 777-7799
                             Juris No. 409080
                             Their Attorneys

A TRUE COPY ATTEST:

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

| IN RE:  ASBESTOS LITIGATION |
|---|

| RETURN DATE:  JULY 16, 2013 | : SUPERIOR COURT |
|---|---|
| | : |
| RICHARD PRENTICE AND SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ELECTRIC BOAT CORPORATION | : JUNE 27, 2013 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY: ___s/417342_____

Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST:

Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :    CONSOLIDATED UNDER
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                               :
VARIOUS PLAINTIFFS             :
                     **FILED**        12-60162
                               :
     v.                   AUG - 2 2012
                               :
                     MICHAEL E. KUNZ; Clerk   Cases listed in Exhibit
VARIOUS DEFENDANTS   By_____Dep. Clerk   "A," attached

### SCHEDULING ORDER

**AND NOW,** this **1st** day of **August, 2012,** it is hereby

**ORDERED** that, for the cases listed in Exhibit "A," attached, the

deadlines[1] are as follows:[2]

> 1.  All discovery must completed by: **November 30, 2012**
>
> 2.  Plaintiff's expert reports must be served by:
>
>     **December 31, 2012**
>
> 3.  Defendant's expert reports must be served by:
>
>     **January 31, 2013**
>
> 4.  Rebuttal expert reports must be served by:
>
>     **February 14, 2013**

---

[1]   This Court does not take lightly requests for
extensions of deadlines outlined in the scheduling order. Any
request for an extension of time must state the "good cause"
basis for the modification pursuant to Federal Rule of Civil
Procedure 16(b)(4). Additionally, the parties are reminded that,
according to Local Rule of Civil Procedure 7.4, no stipulation to
extend deadlines is effective until approved by the Court.

[2]   Defendants must file an answer pursuant to the Federal
Rules of Civil Procedure (as opposed to any state rules of civil
procedure) if they have not already done so.

5.   Summary Judgment motions must be filed by:

**March 14, 2013**

6.   Responses are due: **April 15, 2013**

7.   Replies, if any, are due: **April 29, 2013**

8.   A final pre-remand hearing, including oral argument
on all opposed summary judgment motions, will be held
on **June 10, 2013 at 10:00am in Courtroom 15A, James A.
Byrne United States Courthouses, 601 Market Street,
Philadelphia, Pennsylvania 19106.**


It is further **ORDERED** that the final pre-remand hearing
and oral argument on opposed motions for summary judgment
constitutes the final pre-remand conference in each of these
cases.   Therefore, prior to the hearing date, Plaintiffs' counsel
must inform the Court[3] as to the status of the case, which must
fall into one of the following four (4) categories:

**(1)**   Case should be dismissed to the **"bankruptcy only"**
docket, and a proposed order has been filed.

**(2)**   Case has been **settled**, and a proposed order has

---

[3]    **A status update should be made in writing, filed on the
docket AND either emailed to the MDL 875 law clerk,**
Michele_Ventura@paed.uscourts.gov, **or sent to:**

The Honorable Judge Eduardo C. Robreno
Attn:  MDL 875 Law Clerk
U.S. District Court, Eastern District of Pennsylvania
601 Market Street Room 2609
Philadelphia, PA  19106

been filed.

**(3)**   The case complies with the factors set forth in Administrative Order 18,[4] and the case is ready to be **remanded** to the transferee court.

**(4)**   Case will be voluntarily **dismissed**, and a proposed order has been filed.

It is further **ORDERED** that, if the case is ready to be remanded to the transferee court, Plaintiffs' counsel shall provide to the Court, prior to the hearing date, a list of **all remaining viable defendants to be pursued at trial.** The Court will dismiss all other viable defendants, and stay proceedings against bankrupt defendants.

It is further **ORDERED** that, if there are no pending motions remaining in the case, and counsel informs the Court as to the status of the case prior to the date of the hearing, appearance at the hearing is **excused.** Failure to appear at the hearing without a prior status update may result in the dismissal of the case.

**IT IS SO ORDERED.**

**Eduardo C. Robreno, J.**

---

[4] Administrative Order 18 is available at: http://www.paed.uscourts.gov/documents/MDL/MDL875/Administrative_Order_18.pdf.

3

## EXHIBIT A

| 12-60157 | NC-W | Sellers, Donald |
|----------|------|------------------|
| 12-60158 | CA-N | Mello, Brenda Ann |
| 11-759 | PA-E | Johnson |
| 12-30004 | OH-N | Bugarin, Jose M. |
| 12-60161 | NY-S | Herrick, Arlen |
| 12-60162 | NY-S | Pietromanaco, Mario |
| 12-60163 | NY-S | Leong, George & Florence |
| 12-60164 | NC-W | Stewart, Corey |
| 11-04408 | PA-E | SHEPPARD et al v. CBS CORPORATION et al |
| 11-67659 | AL-N | FRANKLIN et al v. DANA HOLDING CORPORATION et al |
| 12-60159 | CT-D | Prentice, Richard and Shirlee |

4

# EXHIBIT D

## United States Judicial Panel on Multidistrict Litigation
## CIVIL DOCKET FOR CASE #: CT/3:13-cv-01050

Prentice et al v. Electric Boat Corp.

Assigned to: Senior U.S. District Warren W Eginton

Lead case: MDL No. 875 (Transferred)

Transferee district: PAE

Member case: (View Member Case)

Date Filed: 07/23/2013

Jurisdiction: Federal Question

**Plaintiff**

**Richard Prentice**                     represented by **Christopher Meisenkothen**
Early, Lucarelli, Sweeney &
Meisenkothen, LLC
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shirlee Prentice**                     represented by **Christopher Meisenkothen**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Electric Boat Corp.**                     represented by **Eric W. F. Niederer**
Wilson, Elser, Moskowitz, Edelman &
Dicker , LLP - Stmfd CT
1010 Washington Boulevard
Stamford, CT 06901
203-388-9100
Fax: 203-388-9101
Email: eric.niederer@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Erik C. DiMarco**
Wilson, Elser, Moskowitz, Edelman &
Dicker - NY,NY-E.42nd
150 East 42nd St.
New York, NY 10017
212-490-3000 x2126
Fax: 212-490-3038
Email: erik.dimarco@wilsonelser.com

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2013 | 1 | ***TEXT ONLY ENTRY*** <br><br> NOTICE TO COUNSEL - <br> The Clerk of the Panel has determined the listed action(s) is not appropriate for inclusion in this MDL. *See* Rule 7.1(b)(i). <br> -- CT/3:13-cv-01050 <br><br> Signed by Clerk of the Panel Jeffery N. Luthi, on 7/26/2013. <br><br> Associated Cases: MDL No. 875, CT/3:13-cv-01050 (TLL) (Entered: 07/26/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2013 14:11:24 | | | |
| **PACER Login:** | we2275 | **Client Code:** | 07411.00092 1014 |
| **Description:** | Docket Report | **Search Criteria:** | CT/3:13-cv-01050 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |