CT Corporation

**Service of Process Transmittal**
05/08/2012
CT Log Number 520470999

TO:     Julie P. Aslaksen
        General Dynamics Corporation
        2941 Fairview Park Drive, Suite 100
        Falls Church, VA 22042-4513

RE:     **Process Served in Connecticut**

FOR:    General Dynamics Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Prentice & Shirlee Prentice, Pltfs. vs. Air & Liquid Systems Corporation, etc., et al. including General Dynamics Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons(es), Complaint, Amended Complaint, Order(s), Motion(s), Certification(s), Memorandum of Law |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT Case # FBTCV126026705S |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2012 at 14:05 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 05/08/2012 - Summons // On or before the second day after the Return Date - File an Appearance form // 05/22/12 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Christopher Meisenkothen, Esq.<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>One Century Tower, 11th Floor<br>265 Church Street<br>P.O. Box 1866<br>New Haven, CT 06508-1866<br>203-777-7799 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/08/2012, Expected Purge Date: 05/13/2012<br>Image SOP<br>Email Notification, Mike Dufault mdufault@gd.com<br>Email Notification, Julie P. Aslaksen jaslaksen@generaldynamics.com<br>Email Notification, Shauna McCarthy smccarthy@gd.com<br>Email Notification, Barbara Kriel bkriel@generaldynamics.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of 1 / MF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DOCKET NO: FBTCV126026705S

PRENTICE, RICHARD ET AL
    V.
AIR & LIQUID SYS. CO ET AL

ORDER   421277

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
    AT BRIDGEPORT

4/23/2012

## ORDER

ORDER REGARDING:
04/23/12 101.00 MOTION TO CITE ADDITIONAL PARTY

Judicial Notice (JDNO) was sent regarding this order.

The foregoing, having been considered by the Court, is hereby:

ORDER:

It is ordered that on or before 5/10/2012 the complaint be amended to state facts showing the interest of
GENERAL DYNAMICS and VIAD CORPORATION in this action and summon GENERAL
DYNAMICS and VIAD CORPORATION to appear as a defendant in this action on or before the
second day following 5/22/2012, by causing some proper officer to serve on the defendant in the manner
prescribed by law a true and attested copy of this order, a true and attested or certified copy of the
complaint in this action as amended, and a Summons Civil Form JD-CV-1 and due return make.

421277

Judge: BARBARA N BELLIS

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

FBTCV126026705S   4/23/2012

Page 1 of 1

| IN RE:  ASBESTOS LITIGATION |
| --- |

DOCKET NO.:  FBT CV 12-6026705S         : SUPERIOR COURT

RICHARD PRENTICE & SHIRLEE PRENTICE    : J.D. OF FAIRFIELD

VS.                                          : AT BRIDGEPORT

ALFA LAVAL, INC., et al.                : APRIL 23, 2012

### MOTION TO CITE IN PARTY DEFENDANT

The undersigned represents as follows:

1.  This action was commenced by summons and complaint returnable to this Court on

    May 8, 2012.

2.  There are five (5) party defendants named in the original complaint.

3.  The plaintiffs allege that said party defendants manufactured or supplied asbestos

    containing products that caused the injuries for which the plaintiffs seek compensation.

4.  Plaintiffs seek to name the one (2) entities listed below as an additional party defendant in
    this action:

    GENERAL DYNAMICS CORPORATION
    VIAD CORPORATION

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

5. It will be alleged that the entities below engaged in the same tortious acts or omissions toward the plaintiffs as the current defendants in the case (but for the conspiracy defendant, Metropolitan Life Insurance Company), thereby proximately causing the plaintiff's injuries.

Wherefore, the undersigned moves that the plaintiffs' complaint be amended to state facts showing the interests of the defendants listed below in this action, and that they be summoned to appear herein as a co-defendant.

GENERAL DYNAMICS CORPORATION
VIAD CORPORATION


THE PLAINTIFFS


BY_____s/417342_____
      Christopher Meisenkothen, Esq.
      Early Lucarelli Sweeney & Meisenkothen, LLC
      One Century Tower, 11th Floor
      265 Church Street
      P.O. Box 1866
      New Haven, CT 06508-1866
      (203) 777-7799


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

## ORDER

It appearing that the foregoing motion should be granted, it is hereby

ORDERED that on or before _____ , the plaintiffs amend their complaint to state facts showing the interests of the entity listed below to appear as defendant in this action on or before the second day following _____ , by causing some proper officer to serve on them in the manner prescribed by law, a true and attested copy of this Order, a true and attested or certified copy of the complaint in this action, as amended, and a Summons-Civil Form 103.1 and due return make.

GENERAL DYNAMICS CORPORATION
VIAD CORPORATION

BY THE COURT ( _____, J.)


_____
Clerk / Assistant Clerk

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## CERTIFICATION

This is to certify that a copy of the foregoing was served, via certified mail, to all counsel of record on this 23rd day of April 2012.

BY_____s/417342_____
Christopher Meisenkothen

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## IN RE:  ASBESTOS LITIGATION

DOCKET NO.:  FBT CV 12-6026705S            : SUPERIOR COURT
                                                            :
RICHARD PRENTICE & SHIRLEE PRENTICE       : J.D. OF FAIRFIELD
                                                            :
VS.                                                        : AT BRIDGEPORT
                                                            :
ALFA LAVAL, INC., et al.                          : APRIL 23, 2012

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CITE IN PARTY DEFENDANT

The above captioned plaintiffs, pursuant to Practice Book Section 9-22, are seeking to add the following one (2) additional defendants, GENERAL DYNAMICS CORPORATION and VIAD CORPORATION to the pending lawsuit for plaintiffs' injuries due to asbestos exposure. The plaintiffs allege that said party defendant also manufactured or supplied asbestos containing products that caused the injuries for which this action seeks damages.

All persons with an interest in the subject of an action may be joined as defendants. Conn. Gen. Stat. Section 52-101.  The party that plaintiffs seek to add is similarly situated to all the other defendants in this pending lawsuit (but for Metropolitan Life Insurance Company, which is a defendant under a conspiracy count).  All other defendants manufactured or supplied asbestos containing products which caused the plaintiffs injuries and are named pursuant to the Connecticut Product Liability Action (P.A. 79-483) Conn. Gen. Stat. Section 52-572m et seq.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

Wherefore, the undersigned moves that the plaintiffs' complaint be amended to state facts showing the interests of GENERAL DYNAMICS CORPORATION and VIAD CORPORATION in this action, and that they be summoned to appear as a co-defendant.

THE PLAINTIFFS

BY_____s/417342_____
Christopher Meisenkothen, Esq.
Early Lucarelli Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was served, via certified mail,  to all counsel of record on this 23rd day of April 2012.

_____s/417342_____
Christopher Meisenkothen, Esq.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

**SUMMONS**
**CIVIL** (except family actions)
JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

**INSTRUCTIONS**

| | ☒X☒ ONE OF THE FOLLOWING |
|---|---|
| | *Amount, legal interest or property in demand, exclusive of interest and costs is* |
| ☐ | less than $2,500 |
| ☐ | $2,500 through $14,999.99 |
| ☒ | $15,000 or more |
| ☐ | (☐X☐X☒ if applicable) |
| ☐ | Claiming other relief in addition to or in lieu of money damages. |

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable)(Gen. Stat. 51-349) | RETURN DATE (Mo., day, yr) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. | Bridgeport | 05.22.12 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code) | CASE TYPE(From Judic. Dept. case type list-see back) |
|---|---|
| 1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | Major **T**   Minor **20** |

| PARTIES | NOTE: Individual's Names: Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY (No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF ☐ | | Prentice, Richard, 460 Chapel Hill Road, Oakdale, CT  06370 | | 01 |
| Additional Plaintiff | | Prentice, Shirley, 460 Chapel Hill Road, Oakdale, CT  06370 | | 02 |
| FIRST NAMED DEFENDANT ☐ | | General Dynamics Corp., c/ Legal Dept., 3910 Fairview Park Drive, Falls Church, VA  22042-4523 | | 50 |
| Additional Defendant | | Viad Corporation, CT Corp. System, One Commercial Plaza, Hartford, CT  06106 | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.

6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | ☒ Commissioner of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 04.23.12 | s/417342 | ☐ Assistant Clerk | Christopher Meisenkothen, Esq. |

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code) | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Early, Lucarelli, Sweeney & Meisenkothen, LLC | 203-777-7799 | 409080 |
| 265 Church Street, 11th Floor, New Haven, CT  06510 | | |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, ☒x☒ proper) | ☒ Commissioner of Superior Court | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 2 | 3 | s/417342 | ☐ Assistant Clerk | FILE DATE |

**IF THIS SUMMONS IS SIGNED BY a CLERK:**

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST

KEITH M. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| | | | |

SUMMONS, Civil

IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| RETURN DATE: MAY 22, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc. CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant, ELLIOTT TURBOMACHINERY CO., INC., FOSTER WHEELER L.L.C., GENERAL ELECTRIC COMPANY, GENERAL DYNAMICS CORPORATION, VIAD CORPORATION, individually and as successor to Griscom Russell. | : : : : : : : : : : : APRIL 23, 2012 |

## AMENDED COMPLAINT

### COUNT I

1. The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2. The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967. Plaintiff was also exposed from 1967 through 1977 while a Reservist. Plaintiff's exposure continued from 1977-1992 while working in various capacities at General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn,

delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

     (a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

          1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

2.      in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.      in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)      The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)      The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so

acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)     failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)     failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

## COUNT II

(As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT III

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31.  The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32.  The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33.  Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34.  Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, RICHARD PRENTICE & SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

THE PLAINTIFF


BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

RETURN DATE: MAY 22, 2012                               : SUPERIOR COURT
                                                        :
RICHARD PRENTICE & SHIRLEE PRENTICE                     : J.D. OF FAIRFIELD
                                                        :
VS.                                                     : AT BRIDGEPORT
                                                        :
ALFA LAVAL, INC., et al.                                : APRIL 23, 2012

     WHEREFORE, the plaintiff, RICHARD PRENTICE & SHIRLEE PRENTICE claims as to the defendants:

    1.  Full, fair and just money damages;

    2.  Punitive and exemplary damages, including attorney's fees;

    3.  Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

    4.  Costs of this action.

         THE PLAINTIFF


         BY:   s/417342
         Christopher Meisenkothen, Esq.
         Early, Lucarelli, Sweeney & Meisenkothen, LLC
         One Century Tower, 11th Floor
         265 Church Street P.O. Box 1866
         New Haven, CT 06508-1866
         (203) 777-7799
         Juris No. 409080
         Their attorneys


         A TRUE COPY ATTEST

         KEITH D. NIZIANKIEWICZ
         CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## IN RE: ASBESTOS LITIGATION

RETURN DATE:  MAY 22, 2012                          : SUPERIOR COURT
                                                    :
RICHARD PRENTICE & SHIRLEE PRENTICE                 : J.D. OF FAIRFIELD
                                                    :
VS.                                                 : AT BRIDGEPORT
                                                    :
ALFA LAVAL, INC., et al.                            : APRIL 23, 2012


     The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

          THE PLAINTIFF


          BY:___s/417342_____
          Christopher Meisenkothen, Esq.
          Early, Lucarelli, Sweeney & Meisenkothen, LLC
          One Century Tower, 11th Floor
          265 Church Street P.O. Box 1866
          New Haven, CT 06508-1866
          (203) 777-7799
          Juris No. 409080
          Their attorneys


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

**SUMMONS**
**CIVIL** (except family actions)

JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

| | |
|---|---|
| ⊠X⊠ **ONE OF THE FOLLOWING** | |
| *Amount, legal interest or property in demand, exclusive of interest and costs is* | |
| ☐ less than $2,500 | |
| ☐ $2,500 through $14,999.99 | |
| ⊠ $15,000 or more | |
| ⊠⊠X⊠ if applicable) | |
| ☐ Claiming other relief in addition to or in lieu of money damages. | |

**INSTRUCTIONS**

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than 5 defendants, prepare a photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | | |
|---|---|---|---|
| ⊠ **JUDICIAL DISTRICT** | AT *(Town in which writ is returnable)(Gen. Stat. 51-349)* | | **RETURN DATE** *(Mo., day, yr)* |
| ☐ **HOUSING SESSION**    ☐ **G.A.** | Bridgeport | | 05.08.12 |
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED *(GEN. STAT. 51-347, 51-350)(No., st., town & zip code)* | | | CASE TYPE(From Judic. Dept. case type list-on back) |
| 1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | | | Major **T**            Minor **20** |

| PARTIES | NOTE: *Individual's Names:* Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY *(No., street, town & zip code)* | ⊠ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| **FIRST NAMED PLAINTIFF** ☐ | | Prentice, Richard, 460 Chapel Hill Road, Oakdale, CT  06370 | | 01 |
| Additional Plaintiff | | Prentice, Shirley, 460 Chapel Hill Road, Oakdale, CT  06370 | | 02 |
| **FIRST NAMED DEFENDANT** ☐ | | Air & Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc., CT Corp., 116 Pine Street, Suite 320, Harrisburg, PA 17101 | | 50 |
| Additional Defendant | | CBS Corporation, a Delaware corp, f/k/a Viacom Inc., successor by merger to CBS Corp, a PA corp., f/k/a Westinghouse Electric Corp., Corporation Service Co., 50 Weston Street, Hartford, CT 06120-1537 | | 51 |
| Additional Defendant | | Elliott Turbomachinery Co., Inc., 901 North Fourth Street, Jeannette, PA  15644-1473 | | 52 |
| Additional Defendant | | Foster Wheeler L.L.C. as successor to CH Wheeler , Jack Deones, Perryville Corporate Park, Clintonville, NJ  08809 | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ⊠Appearance⊠ form on time, a judgment may be entered against you by default.

6. The Appearance⊠ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 04.19.12 | s/417342 | ⊠ Commissioner of Superior Court  ☐ Assistant Clerk | Christopher Meisenkothen, Esq. |

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE *(No., street, town & zip code)* | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Early, Lucarelli, Sweeney & Meisenkothen, LLC 265 Church Street, 11th Floor, New Haven, CT  06510 | 203-777-7799 | 409080 |
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 *(No., street, town & zip code)* | | SIGNATURE OF PLAINTIFF IF PRO SE |
| Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, ⊠x⊠ proper box) | | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 5 | 3 | s/417342 | ⊠ Commissioner of Superior Court  ☐ Assistant Clerk | FILE DATE |

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, the Complaint, or the service thereof.

**A TRUE COPY ATTEST**

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| | | | |

SUMMONS, Civil

**CIVIL SUMMONS**

STATE COURT OF CONNECTICUT
PAGE 2
SUPERIOR COURT

**CONTINUATION OF PARTIES**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
Prentice, Richard

FIRST NAMED DEFENDANT
Air & Liquid Systems

| Additional Defendants | | |
|---|---|---|
| NAME *(Last, First, Middle Initial, if Individual)*    ADDRESS *(No., Street, Town and Zip Code)* | | CODE |
| General Electric Company, CT Corp. System, One Commercial Plaza, Hartford, CT  06106 | | 54 |

FOR COURT USE ONLY
FILE DATE

DOCKET NO.

| IN RE: ASBESTOS LITIGATION | |
|---|---|

| | |
|---|---|
| RETURN DATE: MAY 8, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as | : |
| Successor by Merger to Buffalo Pumps, Inc. | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation and as successor in interest to B.F. Sturtevant, | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY, | : APRIL 19, 2012 |

## COMPLAINT

### COUNT I

1. The plaintiff, RICHARD PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

2. The plaintiff, SHIRLEE PRENTICE, is a citizen of the State of Connecticut and resides at 460 Chapel Hill Road, Oakdale, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy from 1948 to 1967. Plaintiff was also exposed from 1967 through 1977 while a Reservist. Plaintiff's exposure continued from 1977-1992 while working in various capacities at General Dynamics and Amerada Hess. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users

and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

15.  As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16.  As a further result of said illness, the plaintiff's earning capacity is impaired.

17.  The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18.  The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19.  The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20.  Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22.  The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23.  The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24.  The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25.  Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

26.  It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27.  The defendants breached these duties by:

(a)     failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)     failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

(i)    failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)    generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RICHARD PRENTICE claims damages.

## COUNT II

### (As to Plaintiff SHIRLEE PRENTICE and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SHIRLEE PRENTICE, claims damages.

## COUNT III

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

30. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, RICHARD PRENTICE & SHIRLEE PRENTICE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

THE PLAINTIFF


BY:___s/417342_____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

**IN RE: ASBESTOS LITIGATION**

| | |
|---|---|
| RETURN DATE:  MAY 8, 2012 | : SUPERIOR COURT |
| | : |
| RICHARD PRENTICE & SHIRLEE PRENTICE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ALFA LAVAL, INC., et al. | : APRIL 19, 2012 |

WHEREFORE, the plaintiff, RICHARD PRENTICE & SHIRLEE PRENTICE claims

as to the defendants:

    1.  Full, fair and just money damages;

    2.  Punitive and exemplary damages, including attorney's fees;

    3.  Statutory punitive damages and reasonable attorney's fees pursuant to General

Statutes Sections 52-240a and 52-240b (First Count);

    4.  Costs of this action.

THE PLAINTIFF

BY:  s/417342

Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NIKIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

RETURN DATE: MAY 8, 2012                           : SUPERIOR COURT
                                                   :
RICHARD PRENTICE & SHIRLEE PRENTICE                : J.D. OF FAIRFIELD
                                                   :
VS.                                                : AT BRIDGEPORT
                                                   :
ALFA LAVAL, INC., et al.                           : APRIL 19, 2012


     The amount, legal interest and property in demand is not less than $15,000.00, exclusive

of interest and costs.

                        THE PLAINTIFF


                        BY:___s/417342_____
                        Christopher Meisenkothen, Esq.
                        Early, Lucarelli, Sweeney & Meisenkothen, LLC
                        One Century Tower, 11th Floor
                        265 Church Street P.O. Box 1866
                        New Haven, CT 06508-1866
                        (203) 777-7799
                        Juris No. 409080
                        Their attorneys


A TRUE COPY ATTEST

KEITH D. NIMANKIEWICZ
CONNECTICUT STATE MARSHAL


EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

CLOSED,ASBESTOS,CT,MDL-875

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:12-cv-60159-ER

PRENTICE et al v. AIR & LIQUID SYSTEMS
CORPORATION et al
Assigned to: HONORABLE EDUARDO C. ROBRENO
Case in other court: USDC CT (New Haven), 12-00758
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/18/2012
Date Terminated: 06/04/2013
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**RICHARD PRENTICE**                    represented by **CHRISTOPHER MEISENKOTHEN**

EARLY LUDWICK & SWEENEY
LLC
ONE CENTURY TOWER 11TH FL
265 CHURCH STREET
P.O. BOX 1866
NEW HAVEN, CT 06508-1866
203-777-7799
Email: cmeisenkothen@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELIZABETH M. TAVELLI**
EARLY LUCARELLI SWEENEY &
MEISENKOTHEN
265 CHURCH ST 11TH FL
NEW HAVEN, CT 06508
203-777-7799
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SHIRLEE PRENTICE**                    represented by **CHRISTOPHER MEISENKOTHEN**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELIZABETH M. TAVELLI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AIR & LIQUID SYSTEMS CORPORATION**
*SUCCESSOR BUFFALO PUMPS, INC.*

*TERMINATED: 03/22/2013*

represented by **BRYNA ROSEN MISIURA**
GOVERNO LAW FIRM LLC
260 FRANKLIN ST
SUITE 1500
BOSTON, MA 02110
617-737-9045
Email: bmisiura@governo.com
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**MICHAEL D. SIMONS**
GOVERNO LAW FIRM LLC
260 FRANKLIN ST., 15TH FL
BOSTON, MA 02110
617-737-9045
Email: msimons@governo.com
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**PHILIP TOBIAS STULL**
GOVERNO LAW FIRM LLC
TWO INTERNAITONAL PL 15TH FL

BOSTON, MA 02110
617-737-9045
Email: tstull@governo.com
*TERMINATED: 03/22/2013*

**Defendant**

**CBS CORPORATION**
*f/k/a VIACOM, INC. SUCCESSOR CBS
CORPORATION f/k/a
WESTINGHOUSE ELECTRIC
CORPORATION SUCCESSOR B.F.
STURTEVANT
TERMINATED: 05/20/2013*

represented by **THOMAS F. MAXWELL , JR.**
PULLMAN & COMLEY
850 MAIN STREET
P.O. BOX 7006
BRIDGEPORT, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**Defendant**

**ELLIOTT TURBOMACHINERY CO., INC.**
*TERMINATED: 05/20/2013*

represented by **JEFFREY D. ADAMS**
MORGAN, LEWIS & BOCKIUS LLP
225 FRANKLIN STREET
16TH FLOOR
BOSTON, MA 02110
617-341-7724
Email:
jeffrey.adams@morganlewis.com
*TERMINATED: 05/20/2013*

PATRICK S. TRACEY
MORGAN LEWIS & BOCKIUS, LLP
225 FRANKLIN STREET
16TH FLOOR
BOSTON, MA 02110
617-341-7700
Email: ptracey@morganlewis.com
*TERMINATED: 05/20/2013*

**Defendant**
**FOSTER WHEELER L.L.C.**
*TERMINATED: 06/03/2013*

represented by **KRISTEN WERNER SHERMAN**
ADLER POLLOCK & SHEEHAN PC
ONE CITIZENS PLAZA 8TH FL
PROVIDENCE, RI 02903
401-274-7200
Email: ksherman@apslaw.com
*TERMINATED: 06/03/2013*
*ATTORNEY TO BE NOTICED*

**Defendant**
**GENERAL ELECTRIC COMPANY**
*TERMINATED: 05/20/2013*

represented by **BRETT M. SZCZESNY**
HALLORAN & SAGE LLP
315 POST ROAD WEST
WESTPORT, CT 06880
203-227-2855
Email: szczesny@halloran-sage.com
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**DAN E. LABELLE**
HALLORAN & SAGE
315 POST ROAD WEST
WESTPORT, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**Defendant**
**GENERAL DYNAMICS CORPORATION**
*TERMINATED: 10/12/2012*

represented by **ERIK CHRISTOPHER DIMARCO**
WILSON ELSER MOSKOWITZ
EDELMAN DICKER, LLP
150 EAST 42ND STREET
NEW YORK, NY 10017
212-915-5126
Email: erik.dimarco@wilsonelser.com
*TERMINATED: 10/12/2012*
*LEAD ATTORNEY*

PATRICIA MAHER
WILSON ELSER
150 E. 42ND ST
NEW YORK, NY 10017
212-915-5179
Email: patricia.maher@wilsonelser.com

*TERMINATED: 10/12/2012*

**Defendant**

**VIAD CORPORATION**
*INDVIDUALLY AND AS SUCCESSOR
TO GRISCOM RUSSELL SUCCESSOR
GRISCOM RUSSELL
TERMINATED: 05/20/2013*

represented by **CHRISTOPHER J. LYNCH**
LECLAIRYAN PC
ONE FINANCIAL PLZ
755 MAIN ST STE 2000
HARTFORD, CT 06103
860-656-1935
Email:
christopher.lynch@leclairryan.com
*TERMINATED: 05/20/2013
LEAD ATTORNEY*

**Defendant**

**ELECTRIC BOAT**

represented by **ERIK CHRISTOPHER DIMARCO**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**PATRICIA MAHER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**GENERAL DYNAMICS
CORPORATION**
*TERMINATED: 10/12/2012*

represented by **ERIK CHRISTOPHER DIMARCO**
(See above for address)
*TERMINATED: 10/12/2012
LEAD ATTORNEY*

**PATRICIA MAHER**
(See above for address)
*TERMINATED: 10/12/2012*

V.

**Cross Defendant**

**GENERAL DYNAMICS
CORPORATION**
*TERMINATED: 10/12/2012*

represented by **ERIK CHRISTOPHER DIMARCO**
(See above for address)
*TERMINATED: 10/12/2012
LEAD ATTORNEY*

PATRICIA MAHER
(See above for address)
*TERMINATED: 10/12/2012*

**Cross Defendant**

**AIR & LIQUID SYSTEMS**
**CORPORATION**
*SUCCESSOR BUFFALO PUMPS, INC.*

*TERMINATED: 03/22/2013*

represented by **BRYNA ROSEN MISIURA**
(See above for address)
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**MICHAEL D. SIMONS**
(See above for address)
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**PHILIP TOBIAS STULL**
(See above for address)
*TERMINATED: 03/22/2013*

**Cross Defendant**

**CBS CORPORATION**
*f/k/a VIACOM, INC. SUCCESSOR CBS*
*CORPORATION f/k/a*
*WESTINGHOUSE ELECTRIC*
*CORPORATION SUCCESSOR B.F.*
*STURTEVANT*
*TERMINATED: 05/20/2013*

represented by **THOMAS F. MAXWELL , JR.**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**Cross Defendant**

**ELLIOTT TURBOMACHINERY**
**CO., INC.**
*TERMINATED: 05/20/2013*

**Cross Defendant**

**FOSTER WHEELER L.L.C.**
*TERMINATED: 06/03/2013*

**Cross Defendant**

**GENERAL ELECTRIC COMPANY**
*TERMINATED: 05/20/2013*

represented by **BRETT M. SZCZESNY**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**DAN E. LABELLE**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**Cross Defendant**

**VIAD CORPORATION**

represented by **CHRISTOPHER J. LYNCH**

*INDVIDUALLY AND AS SUCCESSOR*
*TO GRISCOM RUSSELL SUCCESSOR*
*GRISCOM RUSSELL*
*TERMINATED: 05/20/2013*

(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

### Cross Claimant

**ELLIOTT TURBOMACHINERY
CO., INC.**
*TERMINATED: 05/20/2013*

represented by  **PATRICK S. TRACEY**
(See above for address)
*TERMINATED: 05/20/2013*

V.

### Cross Defendant

**AIR & LIQUID SYSTEMS
CORPORATION**
*SUCCESSOR BUFFALO PUMPS, INC.*

*TERMINATED: 03/22/2013*

represented by  **BRYNA ROSEN MISIURA**
(See above for address)
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**MICHAEL D. SIMONS**
(See above for address)
*TERMINATED: 03/22/2013*
*LEAD ATTORNEY*

**PHILIP TOBIAS STULL**
(See above for address)
*TERMINATED: 03/22/2013*

### Cross Defendant

**CBS CORPORATION**
*f/k/a VIACOM, INC. SUCCESSOR CBS*
*CORPORATION f/k/a*
*WESTINGHOUSE ELECTRIC*
*CORPORATION SUCCESSOR B.F.*
*STURTEVANT*
*TERMINATED: 05/20/2013*

represented by  **THOMAS F. MAXWELL , JR.**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

### Cross Defendant

**FOSTER WHEELER L.L.C.**
*TERMINATED: 06/03/2013*

### Cross Defendant

**GENERAL DYNAMICS
CORPORATION**
*TERMINATED: 10/12/2012*

represented by  **ERIK CHRISTOPHER DIMARCO**
(See above for address)
*TERMINATED: 10/12/2012*
*LEAD ATTORNEY*

**PATRICIA MAHER**
(See above for address)
*TERMINATED: 10/12/2012*

United States District Court Eastern District of Pennsylvania
Case MDL No. 875 Document 9470-4 Filed 08/05/13 Page 43 of 50 Page 7 of 14

**Cross Defendant**

**GENERAL ELECTRIC COMPANY**
*TERMINATED: 05/20/2013*

represented by **BRETT M. SZCZESNY**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**DAN E. LABELLE**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

**Cross Defendant**

**VIAD CORPORATION**
*INDVIDUALLY AND AS SUCCESSOR
TO GRISCOM RUSSELL SUCCESSOR
GRISCOM RUSSELL
TERMINATED: 05/20/2013*

represented by **CHRISTOPHER J. LYNCH**
(See above for address)
*TERMINATED: 05/20/2013*
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2012 | 1 | TRANSFER ORDER NO. 1195 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. DISTRICT OF CONNECTICUT, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (tj, ) (Entered: 06/20/2012) |
| 06/18/2012 | 2 | AMENDED ADMINISTRATIVE ORDER NO. 11 THAT THE MODIFICATIONS TO THE EXISTING PROCEDURES FOR THE PROCESSING OF CASES, DOCKETS, PLEADINGS AND ORDERS IN MDL 875 CASES ARE ADOPTED AS OUTLINED IN THIS ORDER, ETC. ENTERED AND COPIES MAILED. (tj, ) (Entered: 06/20/2012) |
| 06/18/2012 | 3 | NOTICE TO COUNSEL (tj, ) (Entered: 06/20/2012) |
| 06/20/2012 | 4 | NOTICE of Appearance by PHILIP TOBIAS STULL on behalf of AIR & LIQUID SYSTEMS CORPORATION with Certificate of Service(STULL, PHILIP) (Entered: 06/20/2012) |
| 06/25/2012 | 5 | NOTICE of Appearance by PATRICIA MAHER on behalf of GENERAL DYNAMICS CORPORATION with Certificate of Service(MAHER, PATRICIA) (Entered: 06/25/2012) |
| 06/25/2012 | 6 | Disclosure Statement Form pursuant to FRCP 7.1 with Certificate of Service by GENERAL DYNAMICS CORPORATION.(DIMARCO, ERIK) (Entered: 06/25/2012) |
| 06/25/2012 | 7 | ANSWER to Complaint , CROSSCLAIM against All Defendants by GENERAL DYNAMICS CORPORATION.(DIMARCO, ERIK) (Entered: 06/25/2012) |

| 07/02/2012 | 8 | ORDER THAT IN THE CASES LISTED IN EXHIBIT "A," ATTACHED, A STATUS AND SCHEUDLING CONFERENCE WILL BE HELD ON 7/30/12 AT 1:30PM IN COURTROOM 15A.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 7/2/12. 7/3/12 ENTERED AND COPIES MAILED, E-MAILED.(dp, ) (Entered: 07/03/2012) |
|---|---|---|
| 07/20/2012 | 9 | NOTICE of Appearance by PATRICK S. TRACEY on behalf of ELLIOTT TURBOMACHINERY CO., INC. with Certificate of Service(TRACEY, PATRICK) (Entered: 07/20/2012) |
| 07/24/2012 | 10 | ANSWER to Complaint *and Special Defenses of Defendant Elliott Company, Improperly Named as "Elliott Turbomachinery Co., Inc."*, CROSSCLAIM *(All Defendants)* against AIR & LIQUID SYSTEMS CORPORATION, CBS CORPORATION, FOSTER WHEELER L.L.C., GENERAL DYNAMICS CORPORATION, GENERAL ELECTRIC COMPANY, VIAD CORPORATION by ELLIOTT TURBOMACHINERY CO., INC..(TRACEY, PATRICK) (Entered: 07/24/2012) |
| 08/01/2012 | 11 | Objections by RICHARD PRENTICE, SHIRLEE PRENTICE re 10 Answer to Complaint, Crossclaim,, *Denial of Affirmative Defenses*. (MEISENKOTHEN, CHRISTOPHER) (Entered: 08/01/2012) |
| 08/01/2012 | 12 | STATUS REPORT *and A.O. 12 Submission* by RICHARD PRENTICE, SHIRLEE PRENTICE. (Attachments: # 1 Exhibit Diagnosing Medical Record)(MEISENKOTHEN, CHRISTOPHER) (Entered: 08/01/2012) |
| 08/02/2012 | 13 | ORDERED THAT, ALL DISCOVERY MUST BE COMPLETED BY 11/30/2012. SUMMARY JUDGMENT MOTIONS MUST BE FILED BY 3/14/2013. A FINAL PRE-REMAND HEARING, INCLUDING ORAL ARGUMENT ON ALL OPPOSED SUMMARY JUDGMENT MOTIONS, WILL BE HELD ON 6/10/2013 AT 10:00 AM IN COURTROOM 15A. IT IS FURTHER ORDERED THAT THE FINAL PRE-REMAND HEARING AND ORAL ARGUMENT ON OPPOSED MOTIONS FOR SUMMARY JUDGMENT CONSTITUTES THE FINAL PRE-REMAND CONFERENCE IN EACH OF THESE CASES, ETC. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 8/1/2012. 8/2/2012 ENTERED AND COPIES MAILED AND E-MAILED.(sg) (Entered: 08/02/2012) |
| 08/09/2012 | 14 | NOTICE of Appearance by KRISTEN WERNER SHERMAN on behalf of FOSTER WHEELER L.L.C. with Certificate of Service(SHERMAN, KRISTEN) (Entered: 08/09/2012) |
| 08/09/2012 | 15 | Joint MOTION to Dismiss filed by FOSTER WHEELER L.L.C..Certificate of Service. (Attachments: # 1 Exhibit 1)(SHERMAN, KRISTEN) (Entered: 08/09/2012) |
| 08/13/2012 | 16 | ORDER THAT FOSTER WHEELER LLC'S JOINT MOTION TO DISMISS IS GRANTED AND THAT ALL CLAIMS AGAINST FOSTER WHEELER,LLC EXCLUDING CROSS-CLAIMS, ARE HEREBY DISMISSED WITH PREJUDICE. THE ACTION SHALL REMAIN PENDING AGAINST ALL OTHER PARTIES.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 8/13/12. 8/13/12 ENTERED AND COPIES MAILED, E-MAILED.(dp, ) (Entered: 08/13/2012) |

| 08/20/2012 | 17 | MOTION to Amend/Correct *by adding party defendant* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (MEISENKOTHEN, CHRISTOPHER) (Entered: 08/20/2012) |
| 09/28/2012 | 18 | Joint MOTION to Dismiss filed by GENERAL DYNAMICS CORPORATION.Certificate of Service. (Attachments: # 1 Text of Proposed Order)(DIMARCO, ERIK) (Entered: 09/28/2012) |
| 10/12/2012 | 19 | ORDER GRANTING GENERAL DYNAMIC CORPORATION'S JOINT MOTION TO DISMISS. IT IS FURTHER ORDERED THAT GENERAL DYNAMIC CORPORATION IS DISMISSED WITH PREJUDICE. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 10/11/2012. 10/12/2012 ENTERED AND COPIES E-MAILED.(stwe, ) (Entered: 10/12/2012) |
| 10/12/2012 | 20 | ORDERED THAT THE COURT, HAVING CONSIDERED THE PLAINTIFF'S MOTION TO CITE ELECTRIC BOAT AS AN ADDITIONAL PART DEFENDANT IS HEREBY GRANTED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 10/11/2012. 10/15/2012 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 10/15/2012) |
| 10/29/2012 | 21 | NOTICE by VIAD CORPORATION *Cross-claim as to all defendants* (LYNCH, CHRISTOPHER) (Entered: 10/29/2012) |
| 11/20/2012 | 22 | Disclosure with Certificate of Service by RICHARD PRENTICE, SHIRLEE PRENTICE. (Attachments: # 1 Exhibit Prentice Depo Vol 1, # 2 Exhibit Prentice Depo Vol 2, # 3 Exhibit Prentice Depo Vol 3, # 4 Exhibit Prentive Video Depo, # 5 Exhibit Answers to Interrogatories, # 6 Exhibit SSP, # 7 Exhibit deposition exhibits)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 23 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit Muster rolls, # 2 Exhibit Overhaul docs, # 3 Exhibit Navy Recs, # 4 Exhibit Navy Recs Cont, # 5 Exhibit Navy Recs Cont, # 6 Exhibit Navy Recs Cont, # 7 Exhibit Navy Recs Cont, # 8 Exhibit EB Docs, # 9 Exhibit EB Docs Cont, # 10 Exhibit EB Docs Cont, # 11 Exhibit EB Docs Cont, # 12 Exhibit EB Docs Cont, # 13 Exhibit EB Docs Cont, # 14 Exhibit EB Docs Cont, # 15 Exhibit EB Docs Cont, # 16 Exhibit EB Docs Cont, # 17 Exhibit EB Docs Cont)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 24 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit CORAL SEA DOCS, # 2 Exhibit CORAL SEA CONT, # 3 Exhibit CORAL SEA CONT, # 4 Exhibit CORAL SEA CONT, # 5 Exhibit CORAL SEA CONT, # 6 Exhibit CORAL SEA CONT, # 7 Exhibit CORAL SEA CONT, # 8 Exhibit CORAL SEA CONT, # 9 Exhibit CORAL SEA CONT, # 10 Exhibit CORAL SEA CONT, # 11 Exhibit CORAL SEA CONT, # 12 Exhibit CORAL SEA CONT, # 13 Exhibit CORAL SEA CONT, # 14 Exhibit CORAL SEA CONT, # 15 Exhibit CORAL SEA CONT, # 16 Exhibit CORAL SEA CONT, # 17 Exhibit CORAL SEA CONT, # 18 Exhibit CORAL SEA CONT, # 19 Exhibit CORAL SEA CONT, # 20 Exhibit CORAL SEA CONT, # 21 Exhibit CORAL SEA CONT, # 22 Exhibit CORAL SEA CONT, # 23 Exhibit CORAL SEA CONT, # 24 Exhibit CORAL SEA CONT) (MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |

| 11/20/2012 | 25 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit Coral Sea docs, # 2 Exhibit Coral Sea docs cont, # 3 Exhibit Coral Sea docs cont, # 4 Exhibit Coral Sea docs cont, # 5 Exhibit Coral Sea docs cont, # 6 Exhibit Coral Sea docs cont, # 7 Exhibit Coral Sea docs cont, # 8 Exhibit Coral Sea docs cont, # 9 Exhibit Coral Sea docs cont, # 10 Exhibit Coral Sea docs cont, # 11 Exhibit Coral Sea docs cont, # 12 Exhibit Coral Sea docs cont, # 13 Exhibit Coral Sea docs cont, # 14 Exhibit Coral Sea docs cont, # 15 Exhibit Coral Sea docs cont, # 16 Exhibit Coral Sea docs cont, # 17 Exhibit Coral Sea docs cont, # 18 Exhibit Coral Sea docs cont, # 19 Exhibit Coral Sea docs cont, # 20 Exhibit Coral Sea docs cont, # 21 Exhibit Coral Sea docs cont, # 22 Exhibit Coral Sea docs cont, # 23 Exhibit Coral Sea docs cont, # 24 Exhibit Coral Sea docs cont, # 25 Exhibit Coral Sea docs cont) (MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 26 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit USS CROAKER DOCS, # 2 Exhibit CROAKER DOCS CONT, # 3 Exhibit CROAKER DOCS CONT, # 4 Exhibit CROAKER DOCS CONT, # 5 Exhibit CROAKER DOCS CONT, # 6 Exhibit CROAKER DOCS CONT, # 7 Exhibit CROAKER DOCS CONT, # 8 Exhibit CROAKER DOCS CONT, # 9 Exhibit CROAKER DOCS CONT, # 10 Exhibit CROAKER DOCS CONT, # 11 Exhibit CROAKER DOCS CONT, # 12 Exhibit CROAKER DOCS CONT, # 13 Exhibit CROAKER DOCS CONT, # 14 Exhibit CROAKER DOCS CONT, # 15 Exhibit CROAKER DOCS CONT, # 16 Exhibit CROAKER DOCS CONT, # 17 Exhibit CROAKER DOCS CONT)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 27 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit USS FDR DOCS, # 2 Exhibit FDR CONT, # 3 Exhibit FDR CONT, # 4 Exhibit FDR CONT, # 5 Exhibit FDR CONT, # 6 Exhibit FDR CONT, # 7 Exhibit FDR CONT, # 8 Exhibit FDR CONT, # 9 Exhibit FDR CONT, # 10 Exhibit FDR CONT, # 11 Exhibit FDR CONT, # 12 Exhibit FDR CONT, # 13 Exhibit FDR CONT, # 14 Exhibit FDR CONT, # 15 Exhibit FDR CONT, # 16 Exhibit FDR CONT, # 17 Exhibit FDR CONT, # 18 Exhibit FDR CONT, # 19 Exhibit FDR CONT)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 28 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit USS TRITON DOCS, # 2 Exhibit TRITON CONT, # 3 Exhibit TRITON CONT, # 4 Exhibit TRITON CONT, # 5 Exhibit TRITON CONT, # 6 Exhibit TRITON CONT, # 7 Exhibit TRITON CONT, # 8 Exhibit TRITON CONT, # 9 Exhibit TRITON CONT, # 10 Exhibit TRITON CONT, # 11 Exhibit TRITON CONT, # 12 Exhibit TRITON CONT, # 13 Exhibit TRITON CONT, # 14 Exhibit TRITON CONT, # 15 Exhibit TRITON CONT, # 16 Exhibit TRITON CONT, # 17 Exhibit TRITON CONT, # 18 Exhibit TRITON CONT, # 19 Exhibit TRITON CONT, # 20 Exhibit TRITON CONT, # 21 Exhibit TRITON CONT, # 22 Exhibit TRITON CONT)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
| 11/20/2012 | 29 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Exhibit USS FULTON DOCS, # 2 Exhibit FULTON DOCS CONT, # 3 Exhibit FULTON DOCS CONT, # 4 Exhibit USS TUSK DOCS, # 5 Exhibit |

| | | TUSK DOCS)(MEISENKOTHEN, CHRISTOPHER) (Entered: 11/20/2012) |
|---|---|---|
| 12/14/2012 | 30 | NOTICE of Appearance by ERIK CHRISTOPHER DIMARCO on behalf of ELECTRIC BOAT with Certificate of Service(DIMARCO, ERIK) (Entered: 12/14/2012) |
| 12/14/2012 | 31 | NOTICE of Appearance by PATRICIA MAHER on behalf of ELECTRIC BOAT with Certificate of Service(MAHER, PATRICIA) (Entered: 12/14/2012) |
| 12/28/2012 | 32 | Disclosure with Certificate of Service by All Plaintiffs. (Attachments: # 1 Abraham Supp Report, # 2 Abraham CV, # 3 Abraham Testimony, # 4 Abraham Prelim Report, # 5 Brody CV, # 6 Brody Report, # 7 Brody Restimony, # 8 Castleman CV, # 9 Castleman Testimony, # 10 Castleman Report, # 11 Finkelstein CV, # 12 Finkelstein Testimony, # 13 Finkelstein Report, # 14 Markowitz Testimony, # 15 Markowitz CV, # 16 Markowitz Rosner Chronology, # 17 Markowitz and Rosner Report, # 18 Rosner CV, # 19 Rosner Testimony)(MEISENKOTHEN, CHRISTOPHER) (Entered: 12/28/2012) |
| 03/01/2013 | 33 | MOTION for Summary Judgment filed by VIAD CORPORATION..(LYNCH, CHRISTOPHER) (Entered: 03/01/2013) |
| 03/01/2013 | 34 | Memorandum re 33 MOTION for Summary Judgment filed by VIAD CORPORATION..(LYNCH, CHRISTOPHER) Modified on 4/5/2013 (lisad, ). (Entered: 03/01/2013) |
| 03/14/2013 | 35 | MOTION to Dismiss *Air & Liquid Systems Corp.* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (MEISENKOTHEN, CHRISTOPHER) (Entered: 03/14/2013) |
| 03/14/2013 | 36 | MOTION for Summary Judgment filed by ELLIOTT TURBOMACHINERY CO., INC..Certificate of Service.(TRACEY, PATRICK) (Entered: 03/14/2013) |
| 03/14/2013 | 37 | Memorandum in Support re 36 MOTION for Summary Judgment filed by ELLIOTT TURBOMACHINERY CO., INC.. (Attachments: # 1 Exhibit A) (TRACEY, PATRICK) (Entered: 03/14/2013) |
| 03/14/2013 | 38 | MOTION for Summary Judgment filed by ELECTRIC BOAT.Memorandum, Certificate of Service. (Attachments: # 1 Memorandum In Support of Motion for Summary Judgment, # 2 Exhibit A, # 3 Exhibit B - 1, # 4 Exhibit B - 2, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E - 1, # 8 Exhibit E - 2, # 9 Exhibit F, # 10 Exhibit G - 1, # 11 Exhibit G - 2, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Text of Proposed Order)(DIMARCO, ERIK) (Entered: 03/14/2013) |
| 03/14/2013 | 39 | MOTION for Summary Judgment filed by GENERAL ELECTRIC COMPANY.Certificate of Service.(LABELLE, DAN) (Entered: 03/14/2013) |
| 03/14/2013 | 40 | Memorandum of Law in Support re 39 MOTION for Summary Judgment filed by GENERAL ELECTRIC COMPANY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(LABELLE, DAN) (Entered: 03/14/2013) |
| 03/14/2013 | 41 | MOTION for Summary Judgment filed by CBS |

| | | |
|---|---|---|
| | | CORPORATION.Memorandum, Certificate of Service. (Attachments: # 1 Memorandum, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E Part 1, # 7 Exhibit E Part 2, # 8 Exhibit F, # 9 Exhibit G, # 10 Text of Proposed Order)(MAXWELL, THOMAS) (Entered: 03/14/2013) |
| 03/22/2013 | 42 | ORDER THAT DEFENDANT AIR & LIQUID SYSTEMS CORPORATION IS DISMISSED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 3/21/2013. 3/22/2013 ENTERED AND COPIES E-MAILED.(jmf, ) (Entered: 03/22/2013) |
| 04/09/2013 | 43 | NOTICE of Appearance by JEFFREY D. ADAMS on behalf of ELLIOTT TURBOMACHINERY CO., INC. (ADAMS, JEFFREY) (Entered: 04/09/2013) |
| 04/15/2013 | 44 | MOTION to Dismiss *Viad, Elliott, General Electric and CBS* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (MEISENKOTHEN, CHRISTOPHER) (Entered: 04/15/2013) |
| 04/15/2013 | 45 | First MOTION for Extension of Time to File Response/Reply as to 38 MOTION for Summary Judgment *(Electric Boat)* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (MEISENKOTHEN, CHRISTOPHER) (Entered: 04/15/2013) |
| 05/20/2013 | 46 | ORDER THAT THE MOTIONS LISTED IN EXHIBIT "A," ATTACHED, ARE GRANTED AS UNOPPOSED.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/16/13. 5/20/13 ENTERED AND COPIES MAILED, E-MAILED.(dp, ) (Entered: 05/20/2013) |
| 05/21/2013 | 47 | ORDER THAT A FINAL PRE-REMAND HEARING, INCLUDING ORAL ARGUMENT ON ALL OPPOSED SUMMARY JUDGMENT MOTIONS, WILL BE HELD ON 6/11/2013 AT 10:00 A.M. IN COURTROOM 15A. OTHER INSTRUCTIONS ARE AS OUTLINED HEREIN. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/20/2013. 5/21/2013 ENTERED AND COPIES E-MAILED.(jmf, ) (Entered: 05/21/2013) |
| 05/22/2013 | 48 | MOTION for Extension of Time to File Response/Reply as to 38 MOTION for Summary Judgment *and to Amend the Schedule* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (MEISENKOTHEN, CHRISTOPHER) (Entered: 05/22/2013) |
| 05/29/2013 | 49 | Objections by RICHARD PRENTICE, SHIRLEE PRENTICE re 38 MOTION for Summary Judgment . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 part A, # 3 Exhibit 2 part B, # 4 Exhibit 2 part C, # 5 Exhibit 2 part D, # 6 Exhibit 2 part E, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14)(MEISENKOTHEN, CHRISTOPHER) (Entered: 05/29/2013) |
| 05/30/2013 | 50 | MOTION for Extension of Time to File Response/Reply as to 49 Objections,, 47 Order, filed by ELECTRIC BOAT.Certificate of Counsel, Certificate of Service. (Attachments: # 1 Text of Proposed Order)(DIMARCO, ERIK) (Entered: 05/30/2013) |

| 06/03/2013 | 51 | ORDER THAT THE ABOVE ACTION IS DISMISSED AS TO THE DEFENDANTS LISTED IN EXHIBIT "A," ATTACHED, ONLY.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/30/13. 6/4/13 ENTERED AND COPIES MAILED, E-MAILED.(dp, ) (Entered: 06/04/2013) |
|---|---|---|
| 06/03/2013 | 52 | ORDER THAT DEFENDANTS' MOTIONS LISTED IN EXHIBIT "A," ATTACHED, ARE GRANTED AS UNOPPOSED.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 6/3/13. 6/4/13 ENTERED AND COPIES MAILED, E-MAILED.(dp, ) (Entered: 06/04/2013) |
| 06/03/2013 | 53 | ORDERED THAT PLAINTIFFS' MOTIONS FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANT ELECTRIC BOAT'S MOTION FOR SUMMARY JUDGMENT (ECF NOS. 45 AND 48) ARE DENIED. IT IS FURTHER ORDERED THAT DEFENDANT ELECTRIC BOAT'S MOTION FOR SUMMARY JUDGMENT (ECF. NO. 38) IS GRANTED AS UNOPPOSED. IT IS APPEARING THAT NO DEFENDANTS NOW REMAIN ACTIVE IN THE CASE, THAT THE CASE BE MARKED CLOSED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 6/3/13. 6/4/13 ENTERED AND COPIES MAILED, E-MAILED.(jaa, ) (Entered: 06/04/2013) |
| 06/11/2013 | 54 | MOTION for Reconsideration re 49 Objections,, 51 Order, Add and Terminate Parties, Add and Terminate Attorneys, 52 Order, Add and Terminate Parties, Add and Terminate Attorneys, 53 Order Dismissing Case,, filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(MEISENKOTHEN, CHRISTOPHER) (Entered: 06/11/2013) |
| 06/12/2013 | 55 | MOTION to Alter Judgment filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(MEISENKOTHEN, CHRISTOPHER) (Entered: 06/12/2013) |
| 06/20/2013 | 56 | MOTION for Relief *from a Judgment* filed by RICHARD PRENTICE, SHIRLEE PRENTICE.Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(MEISENKOTHEN, CHRISTOPHER) (Entered: 06/20/2013) |
| 06/20/2013 | 57 | RESPONSE in Opposition re 54 MOTION for Reconsideration re 49 Objections,, 51 Order, Add and Terminate Parties, Add and Terminate Attorneys, 52 Order, Add and Terminate Parties, Add and Terminate Attorneys, 53 Order Dismissing Case,, filed by ELECTRIC BOAT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order) (DIMARCO, ERIK) (Entered: 06/20/2013) |
| 06/20/2013 | 58 | RESPONSE in Opposition re 55 MOTION to Alter Judgment filed by ELECTRIC BOAT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(DIMARCO, ERIK) (Entered: 06/20/2013) |
| 06/28/2013 | 59 | RESPONSE in Opposition re 56 MOTION for Relief *from a Judgment* filed by ELECTRIC BOAT. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(DIMARCO, ERIK) (Entered: 06/28/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/05/2013 11:03:46 | | |
| **PACER Login:** we2275 | **Client Code:** | 07411.00092 1014 |
| **Description:** Docket Report | **Search Criteria:** | 2:12-cv-60159-ER |
| **Billable Pages:** 11 | **Cost:** | 1.10 |