ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:13-cv-03548-MEJ

| | |
|---|---|
| Chan v. Owens-Illinois, Inc. et al | Date Filed: 07/31/2013 |
| Assigned to: Magistrate Judge Maria-Elena James | Jury Demand: None |
| Cause: 28:1446 Petition for Removal- Personal Injury | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**George Chan**  represented by **Bruce Lee Ahnfeldt**
*as, succesor-in-interest to William*  Law Office of Bruce L. Ahnfeldt
*Chan*  P.O. Box 6078
 Napa, CA 94581
 707 224-6547
 Fax: 707 224-2518
 Email: bruce@ahnfeldtlaw.com
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Owens-Illinois, Inc.**
*a corporation*

**Defendant**

**Asbestos Corporation, Ltd.**
*a corporation*

**Defendant**

**Crown Cork and Seal Company U.S.A., Inc**
*a corporation*

**Defendant**

**Parker-Hannifin Corporation**
*a corporation*

**Defendant**

**J.T. Thorpe & Son, Inc.**
*a corporation*

**Defendant**

**Foster Wheeler Energy Corporation**  represented by **Thomas J Moses**

|  |  |
|---|---|
| *a corporation* | Brydon Hugo & Parker<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105<br>(415) 808-0300<br>Fax: (415) 808-0333<br>Email: tmoses@bhplaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Thomas Dee Engineering Company**
*a corporation*

**Defendant**

**Cleaver-Brooks, Inc.**
*a corporation*

**Defendant**

**Riley Stoker Corporation**
*a corporation*

**Defendant**

**Black & White Company**
*a co-partnership; partners Associated
in business under the common name
and style of Black & White Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2013 | 1 | NOTICE OF REMOVAL ; (NO PROCESS); from Superior Court of California County of Napa. Their case number is 26-60861. (Filing fee $400.00 receipt number 34611088428). Filed byFoster Wheeler Energy Corporation. (aaa, COURT STAFF) (Filed on 7/31/2013) (Entered: 08/02/2013) |
| 07/31/2013 | 2 | **ADR SCHEDULING ORDER:** Case Management Statement due by 10/24/2013. Case Management Conference set for 10/31/2013 10:00 AM. Signed by Magistrate Judge Maria-Elena James on 7/31/13. (Attachments: # 1 MEJ Standing Order, # 2 Standing Order)(aaa, COURT STAFF) (Filed on 7/31/2013) (Entered: 08/02/2013) |
| 07/31/2013 | 3 | Certificate of Interested Entities or Persons/Disclosure Statement ; by Foster Wheeler Energy Corporation (aaa, COURT STAFF) (Filed on 7/31/2013) (Entered: 08/02/2013) |
| 07/31/2013 | 4 | NOTICE OF TAG-ALONG ACTION; by Foster Wheeler Energy Corporation (aaa, COURT STAFF) (Filed on 7/31/2013) (Entered: 08/02/2013) |
| 08/06/2013 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Foster Wheeler Energy Corporation.. (Moses, Thomas) (Filed on 8/6/2013) (Entered: 08/06/2013) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/06/2013 10:34:59 | | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2846 |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-03548-MEJ |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEE ATTACHED LIST

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

George Chan, as successor in interest to William Chan

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
JAN 31 2013
Clerk of the Napa Superior Court
By: C. SALDANHA
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Napa County Superior Court
825 Brown Street
Napa, CA 94559

**CASE NUMBER:** *(Número del Caso)* 26-60861

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bruce L. Ahnfeldt, P. O. Box 6078, Napa, CA 94581; 707-224-6547

DATE: JAN 3 1 2013                Clerk, by   C. SALDANHA  RICHARD D. FELDSTEIN , Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Foster-Wheeler Energy Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/15/2013  2:00 PM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

OWENS-ILLINOIS, INC., a corporation
ASBESTOS CORPORATION,
LTD., a corporation; CROWN CORK
AND SEAL COMPANY U.S.A., INC.,
a corporation; PARKER-HANNIFIN
CORPORATION, a corporation; J. T. THORPE
& SON, INC. a corporation; FOSTER-WHEELER
ENERGY CORPORATION , a corporation; THOMAS
THOMAS DEE ENGINEERING COMPANY, a
corporation; CLEAVER-BROOKS, INC. a
corporation; RILEY STOKER CORPORATION, a
corporation; DOE ONE, a corporation; DOE TWO, a
corporation; DOE THREE, a corporation; DOE FOUR,
a corporation; DOE FIVE, a corporation;
BLACK & WHITE COMPANY, a co-partnership;
DOE SIX and DOE SEVEN, partners Associated in
business under the common name and style of
BLACK & WHITE COMPANY; DOE EIGHT through
DOE ONE HUNDRED,

           Defendants.
_____/

1  BRUCE L. AHNFELDT, ESQ. (SBN 87747)
   LAW OFFICE OF BRUCE L. AHNFELDT
2  Post Office Box 6078
   Napa, California 94581
3  (707) 224-6547; Fax (707) 224-2518

4  Attorney for Plaintiffs

**ENDORSED**
JAN 3 1 2013
Clerk of the Napa Superior Court
By: C. SALDANHA
    Deputy

DELAY REDUCTION CASE

CASE MANAGEMENT CONFERENCE
DATE: 7/10/13
TIME: 8:30am
PLACE: Courtroom C
825 Brown Street, Napa CA 94559

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF NAPA

GEORGE CHAN, as, successor-in-interest to William Chan

Plaintiffs,

vs.

OWENS-ILLINOIS, INC., a corporation
ASBESTOS CORPORATION, LTD., a corporation; CROWN CORK AND SEAL COMPANY U.S.A., INC., a corporation; PARKER-HANNIFIN CORPORATION, a corporation; J. T. THORPE & SON, INC. a corporation; FOSTER-WHEELER ENERGY CORPORATION, a corporation; THOMAS THOMAS DEE ENGINEERING COMPANY, a corporation; CLEAVER-BROOKS, INC. a corporation; RILEY STOKER CORPORATION, a corporation; DOE ONE, a corporation; DOE TWO, a corporation; DOE THREE, a corporation; DOE FOUR, a corporation; DOE FIVE, a corporation; BLACK & WHITE COMPANY, a co-partnership; DOE SIX and DOE SEVEN, partners Associated in business under the common name and style of BLACK & WHITE COMPANY; DOE EIGHT through DOE ONE HUNDRED,

Defendants.

NO. 26-60861
COMPLAINT
(Wrongful Death - Asbestos),

WD COMPLAINT (Asbestos Exposure)                    1

Plaintiffs complain of defendants, their subsidiaries, and each of them, and for cause of action allege:

## FIRST CAUSE OF ACTION

I.

The sole surviving heirs at law of WILLIAM CHAN, deceased, are as follows:

| Name | Relationship to Decedent |
|---|---|
| GEROGE CHAN | Brother |
| ROGER CHAN | Brother |
| TED CHAN | Brother |
| JENETTE CHAN | Sister |

Roger Chan, Ted Chan, and Jeanette Chan, are hereby set forth as nominal defendants only, as set forth in Code of Civil Procedure section 382.

II.

That the true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOE ONE, a corporation, DOE TWO, a corporation, DOE THREE, a corporation, DOE FOUR, a corporation, DOE FIVE, a corporation, BLACK & WHITE COMPANY, a co-partnership, DOE SIX and DOE SEVEN, partners associated in business under the common name and style of BLACK & WHITE COMPANY, and DOE EIGHT through DOE ONE HUNDRED are unknown to plaintiffs who therefore sued said defendants by such fictitious names and will ask leave to amend this complaint to show their true names and capacities when the same have been ascertained.

III.

That at all times mentioned herein, DOE ONE a corporation, DOE TWO, a corporation, DOE THREE, a corporation, DOE FOUR, a corporation, DOE FIVE, a corporation, were and

now are corporations duly organized and existing under and by virtue of the laws of the United States, the names of which plaintiffs do not know and cannot now ascertain and he prays leave to amend this complaint and insert the names of such states when ascertained.

IV.

That the defendant, BLACK & WHITE COMPANY, a co-partnership is sued under the said fictitious name and the true names of such co-partnership are unknown to plaintiffs at this time and plaintiffs pray leave to amend this complaint to insert the true names upon the same being ascertained.

V.

That at all times herein defendant DOE SIX and DOE SEVEN were and now are partners under the common name and style of BLACK & WHITE COMPANY, and as such engaged in business in which said fictitious co-partnership and partners are engaged, and he prays leave to amend this complaint and insert such precise information when ascertained.

VI.

Plaintiffs hereby allege that they are not seeking any recovery nor alleging any liability by defendant ASBESTOS CORPORATION, LTD. during the period of time that said company was owned or managed by any governmental entity, province, or governmental agency of Canada.

VII.

Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, defendants and their subsidiaries were and now are corporations duly organized and existing under and by virtue of the law or laws of the state or states which were presently unknown, and each of said corporations is now and has been at all times mentioned herein authorized to do and doing business in the State of California.

## VIII.

At all times herein mentioned, defendants, and their predecessor companies, were acting in a dual capacity towards plaintiffs' decedent as the manufacturers of asbestos-containing products and/or holders and licensors of patents for asbestos insulation. Defendants and their predecessor companies undertook a set of obligations distinct and separate from its status as employer and, therefore, owed the same duties to plaintiffs' decedent as to the public at large.

## IX.

That defendants and their subsidiaries, and each of them, did negligently, carelessly and recklessly manufacture, install, mine, distribute, sell, lease, advertise, and supply asbestos and insulation products containing asbestos, asbestos fibers, Fiberglas and other materials for general use in the construction industry and knew or should have known that exposure to and use of said asbestos, asbestos fibers, Fiberglas and other materials could and would cause severe personal injuries and lung damage to persons who came in contact with said asbestos and insulation products. Nevertheless, said defendants, and each of them, negligently and carelessly failed to give any warnings to persons exposed to and users of said asbestos and insulation products concerning the inherent dangers to, exposure to and usage of said products and materials

## X.

At all times mentioned herein, defendants, their subsidiaries, and each of them, knew or should have known, that asbestos, asbestos fibers and Fiberglas, and other materials were and are highly dangerous to the health of the persons exposed thereto, particularly asbestos workers and their families, whether such workers are engaged in the manufacture or installation of asbestos, Fiberglas and insulation products in that asbestos, asbestos fibers, Fiberglas and other materials cause or contributed to pulmonary disease commonly known as asbestosis and a wide variety

of cancers including mesothelioma, a cancer of the pleura, the lining of the lung, or the peritoneum, the lining of the abdomen, which is rarely found in persons not exposed to asbestos, asbestos products, and Fiberglas. Asbestosis is a crippling and disabling disease which progressively reduces lung capacity and function and often results in death. Defendants and their subsidiaries, and each of them, have had or should have had knowledge of the lethal qualities of asbestos, asbestos fibers, Fiberglas, and other construction materials for many years, and of the dangers to workers exposed thereto. Said defendants, their subsidiaries, and each of them, negligently failed to warn and communicate such knowledge to asbestos workers exposed thereto, and actively concealed such facts from said workers including the plaintiffs' decedent hereinafter named, and negligently failed to conduct tests on animals to study the effects of asbestos exposure on them, and negligently failed to recommend or provide adequate safety precautions to plaintiffs' decedent or to plaintiff's decedent's employers that would prevent or lessen decedent's exposure to the asbestos materials, and failed to place adequate or any warnings on the products and/or containers to warn the handlers and users thereof of said dangers.

XI.

Plaintiffs' decedent, WILLIAM CHAN, was exposed to asbestos as follows: From approximately 1956 - 1974, decedent was employed at Hunter's Point Naval Shipyard in San Francisco, as a boilermaker, and at Mare Island Naval Shipyard as a boilermaker, from approximately 1974-1990.

In the scope and course of his employment, Decedent utilized and was exposed to materials manufactured or supplied by defendants, their subsidiaries, and each of them.

XII.

That as a result and because of the mortal injuries proximately caused by the use and

exposure of the aforementioned materials, WILIAM CHAN developed Asbestosis, and other diseases of the lungs.

XIII.

That on February 2, 2012, as a direct and proximate result of said negligence of defendants, their subsidiaries, and each of them, and said injuries caused thereby, WILLIAM CHAN died.

XIV.

As a direct and proximate result of the carelessness, recklessness, and negligence of defendants, their subsidiaries, and each of them, plaintiffs' decedent was required to and did employ physicians and surgeons to examine, treat, and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses, and plaintiffs seek recovery of the same according to proof.

XV.

That as a direct and proximate result of the carelessness, recklessness, and negligence of defendants, their subsidiaries, and each of them, plaintiffs have been deprived of the care, comfort, companionship, society, support and maintenance of decedent, and have thereby sustained pecuniary loss in a sum to be proven at trial, which is far in excess of the minimum jurisdictional limitations of this Court, and has been further damaged in a sum to be proven at trial, reasonably expanded for the funeral and burial of the decedent.

WHEREFORE, plaintiffs pray judgment as set out below.

///

///

///

///

## SECOND CAUSE OF ACTION

I.

Plaintiff GEORGE CHAN refers to paragraphs I through XVIII inclusive, of the First Cause of Action and incorporates them herein by reference and makes them a part of the Second Cause of Action as though they were again set out in full.

II.

Defendants, their subsidiaries, and each of them, intended that the asbestos materials, fiberglass and insulation products manufactured and distributed by each of them would be used in industry for insulation and knew full well that the products, and other construction materials, manufactured by each of them would be installed and utilized by persons similarly situated to the plaintiff herein without any knowledge of their inherent danger and without any inspection for defects.

III.

That throughout the period of plaintiffs' decedent's said use and exposure from approximately 1956 on, the asbestos, fiberglass and insulation products produced, manufactured, sold, designed, leased, advertised and supplied by defendants, their subsidiaries, and each of them, for ultimate use by plaintiffs' decedent herein, were defective in manufacture and/or design, also as a result of the defendants' failure to warn of the inherent dangers contained in the use of said products, and as a result of the failure to prevent said products from being unreasonably dangerous and unsafe for their intended purpose, in that said products have lethal qualities and commonly cause asbestosis, a crippling and disabling disease of the lungs.

IV.

As a proximate result of the defects of said products and of the failure to warn the decedent herein, plaintiffs' decedent was a victim of asbestosis, and other diseases of the lungs,

all to his damage in a sum to be proven at trial which is far in excess of the jurisdictional limitations of this Court.

V.

That on February 2, 2012, as a direct and proximate result of the defects of said products and of the failure to warn of said injuries caused thereby, WILLIAM CHAN died.

VI.

Prior to his exposure to these aforementioned materials and diagnosis, plaintiffs' decedent was in good mental and physical condition. Prior to his death, decedent was an adult, age 78.

VII.

That as a direct and proximate result of the carelessness, recklessness, and negligence of defendants, their subsidiaries, and each of them, and the failure of defendants, their subsidiaries, and each of them, to warn plaintiffs' decedent herein, plaintiffs have been deprived of the care, comfort, companionship, society, support and maintenance of decedent, and have thereby sustained a pecuniary loss in a sum to be proven at trial, and sums reasonably expended for the funeral and burial expense of decedent.

VIII.

As a direct and proximate result of the aforementioned use of said defective products, and of the failure to warn plaintiffs' decedent herein, the decedent herein was required to and did employ physicians and surgeons to examine, treat and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses, and plaintiffs seek recovery of the same according to proof at trial.

///

**WHEREFORE**, plaintiffs pray judgment as follows:

1. For general damages according to proof at trial;
2. For medical and incidental expenses according to proof at trial;
3. For burial expenses according to proof at trial;
4. For costs of suit incurred herein, and,
5. For such other and further relief as the Court may deem just and proper.

Dated: ____1/31____, 2013

_____
BRUCE L. AHNFELDT
Attorney for Plaintiffs

WD COMPLAINT (Asbestos Exposure)                    9