ASBST,JURY,NO_CMC,REMOVAL,RHW

# U.S. District Court
## Southern District of Mississippi (Western)
## CIVIL DOCKET FOR CASE #: 5:12-cv-00138-WJG-RHW
### Internal Use Only

Boone v. Phillips 66 Company et al

Assigned to: District Judge Walter J. Gex, III

Referred to: Magistrate Judge Robert H. Walker

Case in other court: Circuit Court of Adams County, Mississippi, 12-KV-0063-J

Cause: 28:1441 Notice of Removal-Personal Injury

Date Filed: 10/09/2012

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

**Plaintiff**

**Phillip Boone**                          represented by **Patrick Cash Malouf**
PORTER & MALOUF, PA
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: patrick@portermalouf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T. Givens**
PORTER & MALOUF, PA
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: johnny@portermalouf.com
*ATTORNEY TO BE NOTICED*

**Timothy W. Porter**
PORTER & MALOUF
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: tim@portermalouf.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Phillips 66 Company**
*Individually and*
*doing business as*
Drilling Specialities Company

represented by **John Jeffrey Trotter**
ADAMS AND REESE
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
601/353-3234
Fax: 601/355-9708
Email: jeff.trotter@arlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bernard H. Booth , IV**
ADAMS AND REESE, LLP -
Ridgeland
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
601/292-0704
Fax: 601/355-9708
Email: bernard.booth@arlaw.com
*ATTORNEY TO BE NOTICED*

**Lindsey N. Oswalt**
ADAMS AND REESE, LLP -
Ridgeland
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157
601/292-0739
Fax: 601/944-9047
Email: lindsey.oswalt@arlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phillips Petroleum Company**
*Individually and*
*doing business as*
Phillips 66 Company

represented by **John Jeffrey Trotter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*doing business as*
Drilling Specialties Company

**Bernard H. Booth , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey N. Oswalt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Drilling Specialties Company, L.L.C.**
*also known as*
DSC Drilling Specialties Company, L.L.C.

represented by **John Jeffrey Trotter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bernard H. Booth , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey N. Oswalt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Conoco Phillips Company**
*Individually and as Successor by Merger to Phillips 66 Company, Phillips Petroleum Company and Drilling Specialties Company*

represented by **John Jeffrey Trotter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bernard H. Booth , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey N. Oswalt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**

represented by **Marcy B. Croft**
FORMAN, PERRY, WATKINS, KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608

(601) 960-8600
Email: mlbryan@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison Elizabeth O'Neal**
OFFICE OF THE ATTORNEY
GENERAL
P.O. Box 220
550 High Street (39201)
Jackson, MS 39205-0220
601/359-2341
Fax: 601-359-2003
Email: aonea@ago.state.ms.us
*ATTORNEY TO BE NOTICED*

**Laura DeVaughn Goodson**
FORMAN, PERRY, WATKINS,
KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608
(601) 960-8600
Email: goodsonld@fpwk.com
*ATTORNEY TO BE NOTICED*

### Defendant

**Dow Chemical Company**
*Individually and as Successor by*
*Merger of Union Carbide*
*Corporation*

represented by **Michael Edward Whitehead**
PAGE, MANNINO, PERESICH &
MCDERMOTT, PLLC - Biloxi
759 Vieux Marche' Mall
P. O. Drawer 289 (39533)
Biloxi, MS 39530
228/374-2100
Email: michael.whitehead@pmp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Baker-Hughes Oilfield**
**Operations, Inc.**
*Individually and as Successor to*
*Baker Hughes Inteq, Inc.*
*also known as*

represented by **Michael N. Watts**
HOLCOMB DUNBAR, P.A.
P. O. Drawer 707
Oxford, MS 38655-0707
662/234-8775

Baker Hughes Inteq Drilling
Fluids, Inc.
*also known as*
Baker International, Inc.
*also known as*
Baker Oil Tools, Inc.
*also known as*
Milpark, Inc.
*also known as*
Newpark Drilling Fluids, Inc.
*also known as*
Laurel Mud and Chemical Corp.
*also known as*
Milchem, Inc.
*formerly known as*
Milwhite Mud Sales Company
*formerly known as*
Hughes Drilling Fluids, Inc.
*formerly known as*
Obi-Hughes, Inc.
*formerly known as*
Oil Base, Inc.

Fax: 662/238-7552
Email: mwatts@holcombdunbar.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin D. West**
HOLCOMB DUNBAR, P.A. -
Oxford
P. O. Drawer 707
400 S. Lamar Blvd., Suite A
Oxford, MS 38655-0707
662/234-8775
Fax: 662/2338-7552
Email: bwest@holcombdunbar.com
*ATTORNEY TO BE NOTICED*

**Jonathan S. Masters**
HOLCOMB DUNBAR, P.A.
P. O. Drawer 707
Oxford, MS 38655-0707
662/234-8775
Fax: 662/238-7552
Email:
jmasters@holcombdunbar.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Baker Hughes, Incorporated**       represented by **Michael N. Watts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin D. West**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan S. Masters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oilfield Service and Supply**       represented by **J. William Manuel**

**Company, Inc.**

BRADLEY ARANT BOULT
CUMMINGS LLP - Jackson
P.O. Box 1789
188 E. Capitol Street, Suite 400
(39201)
Jackson, MS 39215-1789
601/948-8000
Fax: 601/948-3000
Email: wmanuel@babc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Eric Fortenberry**
BRADLEY ARANT BOULT
CUMMINGS LLP - Jackson
P.O. Box 1789
188 E. Capitol Street, Suite 400
(39201)
Jackson, MS 39215-1789
601/948-8000
Fax: 601/592-1472
Email: jfortenberry@babc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi Mud Inc.**                represented by **T. Hunt Cole , Jr.**
FORMAN, PERRY, WATKINS,
KRUTZ & TARDY, LLP - Jackson
P.O. Box 22608
200 S. Lamar Street, Suite 100
(39201-4099)
Jackson, MS 39225-2608
601/969-4288
Email: coleh@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Penrod Drilling Company**

**Defendant**

**Ocean Drilling and**                 represented by **Richard B. Tubertini**
**Exploration Co.**                     HAILEY, MCNAMARA, HALL,

*also known as*
Odeco, and Subsidiaries
*also known as*
Diamond Offshore Drilling, Inc.

LARMANN & PAPALE, LLP -
Gulfport
302 Courthouse Road, Suite A
Gulfport, MS 39507
228/896-1144
Fax: 228/896-1177
Email:
rick.tubertini@haileymcnamara.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Henry John Gutierrez**
HAILEY, MCNAMARA, HALL,
LARMANN & PAPALE, LLP -
Gulfport
302 Courthouse Road, Suite A
Gulfport, MS 39507
228/896-1144
Fax: 228/896-1177
Email:
john.gutierrez@haileymcnamara.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Nobel Corporation**

represented by **Bruce M. Kuehnle , Jr.**
BRUCE M. KUEHNLE, JR., PLLC
P. O. Box 866
Natchez, MS 39121-0866
601/442-2733
Fax: 601/442-4085
Email: kuehnle@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Transocean Offshore, Inc.**

**Defendant**

**Global Marine Drilling Co.,
Inc.**

represented by **John A. Scialdone**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500

P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: jscialdone@frvf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Garner**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: jgarner@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Michael J. Thompson , Jr.**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: mthompson@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Todd G. Crawford**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: tcrawford@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**David New Drilling Co., Inc.**          represented by **Bruce M. Kuehnle , Jr.**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dual Drilling Co.**                  represented by **Lewie G. Negrotto , IV**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: snegrotto@frvf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Schmidt**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: cschmidt@frvf-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1 through 5**

**Defendant**

**John Does 6 through 15**

**Defendant**

**John Does 16 through 30**

**Defendant**

**Montello, Inc.**                  represented by **David C.L. Gibbons , Jr.**
THOMPSON, GIBBONS &
WESTHOLZ, LLC
365 Canal Street, Suite 2960
New Orleans, LA 70130

504/588-2171
Fax: 504/588-2198
Email: dgibbons@tgwlaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2012 | 1 | NOTICE OF REMOVAL by Penrod Drilling Company from Circuit Court of Adams County, Mississippi, case number 12-KV-0063-J. ( Filing fee $ 350 receipt number 34643018226) |
| | | Pursuant to Rule L.U.Civ.R. 5(b): within 14 days removing party must electronically file the entire state court record as a single filing; and all parties shall, within fourteen days after the Case Management Conference, file as **separate docket items** any unresolved motions that were filed in state court which they wish to advance. (Attachments: # 1 State Court Pleadings, # 2 Civil Cover Sheet)(PKM) (Entered: 10/09/2012) |
| 10/09/2012 | | (Court only) ***Set Magistrate Walker Flag and NO CMC. (PKM) (Entered: 10/09/2012) |
| 10/16/2012 | 2 | State Court Record by Defendant Penrod Drilling Company (Schmidt, Christopher) (Entered: 10/16/2012) |
| 10/23/2012 | 3 | Letter sent to Delos E. Flint, Jr. on October 23, 2012, requesting PHV motion, proposed order and fee. (PKM) (Entered: 10/23/2012) |
| 10/23/2012 | | (Court only) ***Set Flags -- Asbestos flag added. (Gex, Kathleen) (Entered: 10/23/2012) |
| 10/24/2012 | 4 | NOTICE of Appearance by Alison Elizabeth O'Neal on behalf of Union Carbide Corporation (O'Neal, Alison) (Entered: 10/24/2012) |
| 10/24/2012 | 5 | NOTICE of Appearance by Laura DeVaughn Goodson on behalf of Union Carbide Corporation (Goodson, Laura) (Entered: 10/24/2012) |
| 11/05/2012 | 6 | MOTION to Remand by Phillip Boone (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Givens, John) (Entered: 11/05/2012) |
| 11/05/2012 | | DOCKET ANNOTATION as to 6 : : L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be |

|            |   |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
|------------|---|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |   | denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings. (PKM) (Entered: 11/05/2012)                                                                                                                                                                                                                                                                                                                                              |
| 11/06/2012 | 7 | ORDER STAYING PROCEEDINGS Signed by Magistrate Judge Robert H. Walker on 11/6/2012 (SR) (Entered: 11/06/2012)                                                                                                                                                                                                                                                                                                                                                                                               |
| 11/15/2012 | 8 | RESPONSE to Motion re 6 MOTION to Remand filed by Penrod Drilling Company (Attachments: # 1 Exhibit 1 - Motion for Relief Pursuant to Mangialardi, # 2 Exhibit 2 - Order, # 3 Exhibit 3 - Memorandum Opinion, # 4 Exhibit 4 - Affidavit, # 5 Exhibit 5 - Residency Chart, # 6 Exhibit 6 - Motion to Dismiss, # 7 Exhibit 7 - Affidavits, Reports and Recommendations, and Orders, # 8 Exhibit 8 - Letter and Proposed Affidavit)(Negrotto, Lewie) (Entered: 11/15/2012)                                         |

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**PHILLIP BOONE**                                                   **PLAINTIFF**

vs.                                                   CIVIL ACTION NO. _12-KV-0063-J_

**PHILLIPS 66 COMPANY,** *et al.*                                **DEFENDANTS**

### SUMMONS

TO:   **ENSCO Offshore Company**
      **Successor in interest to Penrod Drilling Corporation**
      **1209 Orange Street**
      **Wilmington, DE 19801**

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to

PORTER & MALOUF, P.A., the attorney for the Plaintiff, whose mailing address is Post Office

Box 12768, Jackson, Mississippi 39236. Your response must be mailed or delivered within

thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by

default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and seal of said Court, this 31st day of $August$, 2012.

Mr. Edward C. Walker, Clerk
Circuit Court of Adams County, MS
Post Office Box 1224
Natchez, MS 39121



By: _____, D.C.



EXHIBIT

1

**RECEIVED**
**AND FILED**

**JUN 2 7 2012**

EDWARD G. WALKER, CIRCUIT CLERK·
BY _____ D.C

**IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI**

PHILLIP BOONE                                      **PLAINTIFF**

vs.                              **CIVIL ACTION NO.** 12-KV-0063-J

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY; DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP.,
MILCHEM, INC. f/k/a MILWHITE MUD SALES COMPANY,
HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC.
f/k/a OIL BASE, INC; BAKER HUGHES, INCORPORATED;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.; MISSISSIPPI
MUD INC.; PENROD DRILLING COMPANY; OCEAN DRILLING AND
EXPLORATION CO. a/k/a ODECO, AND SUBSIDIARIES a/k/a DIAMOND
OFFSHORE DRILLING, INC.; NOBEL CORPORATION; TRANSOCEAN
OFFSHORE INC.; GLOBAL MARINE DRILLING CO., INC.; DAVID NEW
DRILLING CO., INC.; DUAL DRILLING CO.; JOHN DOES 1 THROUGH 5,
JOHN DOES 6 THROUGH 15, and JOHN DOES 16 THROUGH 30   **DEFENDANTS**

## COMPLAINT

COMES NOW Plaintiff, PHILLIP BOONE, and files his Complaint against the

Defendants and would show unto the Court the following, to-wit:

### I. PLAINTIFF

The Plaintiff is an adult resident citizen of the State of Mississippi, who resides in

Simpson County.

### II. DEFENDANTS

**ASBESTOS DEFENDANTS**

The following are manufacturers, distributors and/or users of asbestos products to

which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are

hereinafter at times collectively referred to as "Asbestos Defendants."

#### A.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do

business in the State of Mississippi, and can be served by serving its registered agent C.T.

Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

#### B.

Defendant, **The Dow Chemical Company,** is a foreign corporation licensed to do

business in the State of Mississippi and can be served by serving its registered agent C.T.

Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

#### C.

Defendant, **Montello, Inc.** is a foreign corporation not registered in the State of

2

Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and can be served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Ann. and Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure.

### D.

The "**PHILLIPS DEFENDANTS**":

Defendant, **ConocoPhillips Company**, individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to **Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company,** is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive #1502, Flowood, Mississippi.

### E.

Defendant, **Baker Hughes Oilfield Operations, Inc.,** individually and as successor to **Baker Hughes Inteq, Inc.** a/k/a **Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud & Chemical Corporation, Milchem, Inc.** a/k/a **Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., OBI-Hughes, Inc.** f/k/a **Oil Base, Inc.,** is a California corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent C.T. Corporation System, 645 Lakeland East Dr.,

3

Suite 101, Flowood, Mississippi.

**F.**

Defendant, **Baker Hughes, Incorporated,** is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi individually and as **Baker Hughes Oilfield Operations, Inc.** and can be served by serving its registered agent CT Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002. It is subject to suit in Mississippi pursuant to the Mississippi Long Arm Statute.

**G.**

Defendant, **Oilfield Service and Supply Company, Inc.** is a Mississippi corporation doing business in the State of Mississippi and can be served by serving its registered agent Robert M. Stone, Jr., 1991 Highway 184, Laurel Mississippi.

**H.**

Defendant, **Mississippi Mud, Inc.** individually and its predecessor and successor corporations have done and are doing business in the State of Mississippi and can be served through its registered agent, Walter P. Tynes, at 13088 Midway Road, Raymond, Mississippi.

## JONES ACT DEFENDANTS

The following are Jones Act employers of Plaintiff who used asbestos drilling mud products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Jones Act Defendants":

4

## I.

Defendant **Ocean Drilling And Exploration Co., a/d/a ODECO, And Subsidiaries a/k/a Diamond Offshore Drilling, Inc.,** individually and its predecessor and successor corporations is a foreign corporation not licensed to do business in the State of Mississippi but doing business in Mississippi and has been served through its registered agent, CT Corporation System 645 Lakeland East, Suite 101, Flowood, Mississippi.

## J.

Defendant **Nobel Corporation,** individually and its predecessor and successor corporations is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi and has been served through its registered agent, CT Corporation System, 645 Lakeland East, Suite 101, Flowood, Mississippi.

## K.

Defendant **Penrod Drilling Corporation,** individually and its predecessor and successor corporations is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi and has been served through its registered agent, CT Corporation System 645 Lakeland East, Suite 101, Flowood, Mississippi.

## L.

Defendant **Transocean Offshore Inc.,** individually and its predecessor and successor corporations is a foreign corporation not licensed to do business in the State of

5

Mississippi but doing business in Mississippi and has been served through its registered agent, CT Corporation System, 645 Lakeland East, Suite 101, Flowood, Mississippi.

### M.

Defendant **Global Marine Drilling Co., Inc.,** individually and its predecessor and successor corporations is a foreign corporation not licensed to do business in the State of Mississippi but doing business in Mississippi and has been served through its registered agent, CT Corporation System, 645 Lakeland East, Suite 101, Flowood, Mississippi.

### N.

Defendant **David New Drilling Co., Inc.** is a Mississippi corporation, licensed to and doing business in the State of Mississippi, and may be served with process by serving its registered agent, David A. New, 231 Highway 61 South, Post Office Box 1487, Natchez, Mississippi 39121.

### O.

Defendant **Dual Drilling Co.** is a Texas corporation licensed to and doing business in the State of Mississippi, and may be served with process by serving its registered agent, CT Corporation System, 645 Lakeland East, Suite 101, Flowood, Mississippi.

**JOHN DOE DEFENDANTS**

### P.

The **John Doe** Defendants are entities known to the Defendants but unknown to the Plaintiff until adequate discovery is allowed in this case.

1.    John Doe Defendants 1 through 5 are Mississippi resident Defendants who

6

participated in the manufacture, sale, packaging, distribution, use, advertising and transportation of asbestos products from 1965 through approximately 1986 because said John Doe Defendants knew or should have known of the unreasonably dangerous character of asbestos products and were negligent in their actions and further responsible in strict liability for their actions to the Plaintiff. These Mississippi resident John Doe Defendants will be added when determined by discovery.

2.     John Does 6 through 15 are Defendants who analyzed, consulted, manufactured, distributed, packaged, transported, sold, used, or participated in any form or fashion in the ultimate use of asbestos product to which the Plaintiff was exposed from approximately 1965 through approximately 1986 to be determined by discovery and joined by amendment when discovered.

3.     John Does 16 through 30 are Jones Act employers of the Plaintiff that are predecessor, successor, part, subsidiary or related entities of the named Defendant(s). "Jones Act employers" may be determined by discovery herein as to the exact corporate entities who were Jones Act employers of Plaintiff prior to 1987 but only known to Plaintiff by common names rather than by a corporate legal name.

### III.

Venue is proper in this County. Plaintiff is a resident of the State of Mississippi claiming damages from exposure to asbestos as alleged herein by Defendants tortious conduct as alleged herein. Plaintiff was either exposed to asbestos in this County, exposed by the products of manufacturing, distributing and/or marketing Defendants

7

joined herein, or exposed by Jones Act employers joined herein pursuant to MRCP Rule 20 and existing State Law.

## IV. CAUSES OF ACTION

1.     This suit arises from injuries caused to Plaintiff because of his frequent and sustained exposure to asbestos products that were negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by UNION CARBIDE, DOW CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., BAKER HUGHES OILFIELD OPERATIONS, INC., individually and as successor to BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK DRILLING FLUIDS, INC., LAUREL MUD & CHEMICAL CORPORATION, DRILLING MUD, INC., MILCHEM, INC. a/k/a MILWHITE MUD SALES COMPANY, HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC., BAKER HUGHES, INCORPORTED, individually, and as BAKER HUGHES OILFIELD OPERATIONS, INC., OILFIELD SERVICE AND SUPPLY COMPANY, INC., and MISSISSIPPI MUD, INC. AND ITS PREDECESSOR AND SUCCESSOR CORPORATIONS, sometimes referred to collectively as "Asbestos Defendants." Plaintiff has developed asbestos maladies as a result of his exposure to these Defendants' products and their use of asbestos products.

2.     The Asbestos Defendants have been in the business of manufacturing, distributing, marketing and selling products containing asbestos for many decades. At the time these

8

products were placed in the stream of commerce the Asbestos Defendants, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants knew and/or should have known of the unreasonably dangerous application of asbestos as it affects this Plaintiff and others similarly situated for all of the exposure time period alleged herein.

3.     Defendants engaged in a continuous and calculated course of conduct in which it exposed workers to its deadly products for decades while knowing full well that these products caused asbestosis, lung cancer and mesothelioma. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they failed to warn and/or protect the Plaintiff.

4.     Additionally, notwithstanding such knowledge, Defendants have manufactured, sold, distributed, failed to warn Plaintiff, and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutory and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiff about the dangers of their product.

5.     Plaintiff worked with and was exposed to asbestos-containing products, including but not limited to drilling mud additives, in his occupation while working in various oil fields and facilities. Plaintiff was exposed, on numerous occasions, to asbestos-containing products, produced, marketed, distributed, sold and/or used by the Defendants and, in doing so, inhaled great quantities of asbestos fibers. Plaintiff handled and was exposed to asbestos

9

drilling mud additives frequently on a regular basis, was frequently and regularly covered in Defendants' asbestos products, and frequently and regularly breathed in Defendants' asbestos products.

6.      Defendants were negligent, and it was the negligence of Defendants that caused Plaintiff to suffer injuries and damages. Defendants also defectively designed, defectively manufactured, and defectively marketed the asbestos-containing products that caused Plaintiff's injuries and damages. The Defendants' asbestos drilling mud products were designed in a defective manner at the time they left the control of Defendants. The defective condition or failure to use a feasible design alternative rendered the asbestos products unreasonably dangerous to Plaintiff; and the defective and unreasonably, dangerous condition of the product, if any, was the proximate cause of the Plaintiff's damages.

7.      Defendants failed to warn Plaintiff regarding the terrible dangers of their products, and, in the alternative, any alleged warning was inadequate and/or defective. Defendants had actual knowledge of the significant dangers associated with their products, but they nevertheless sold raw asbestos drilling mud additives in fifty pound bags for use by oil field workers like Plaintiff in the oil and gas drilling industry from the 1960s to 1980s.

8.      Plaintiff's injuries, illnesses and damages are a direct and proximate result of the negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional actions and reckless indifference to the safety, health and welfare of the Plaintiff and others similarly situated.

10

9. The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claims against the Asbestos Defendants for negligence, defective design, defective manufacture, failure to warn, strict liability, intentional infliction of emotional distress, negligent infliction of emotional distress and fear of cancer under Mississippi Law.

10. In the event that any Defendant alleges that Plaintiff's claims are barred by the statute of limitations, Plaintiff asserts that the limitations period on all causes of action is tolled by virtue of Defendants' fraud, fraudulent concealment, the discovery rule, or the laws of the State of Mississippi. Additionally, each action of Defendant and each incident of injury suffered by Plaintiff established an additional cause of action resulting in a continuous tort against Plaintiff.

11. **GENERAL MARITIME LAW CLAIMS AGAINST ABOVE NAMED ASBESTOS DEFENDANTS:**

To the extent Plaintiff was exposed to asbestos drilling mud and additives negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by the above named "Asbestos Defendants" while Plaintiff worked on oil rigs in the Gulf of Mexico, Plaintiff specifically pleads that general maritime law applies to such periods of exposure and arising injuries. Such GML claims include, but are not limited to, the following:

a. Punitive damages against all named Asbestos Defendants for any exposure and injury suffered while working on navigable water;

·11

b. In the event any parties which may be found to be responsible for any damages owed to the Plaintiff are bankrupt or in bankruptcy protection, said named Asbestos Defendants are liable for such bankrupt responsible party's share of fault;

c. Product liability claims as allowed under GML (in adopting the Restatement 2nd of Torts);

d. General negligence claims as allowed under GML for all negligent actions as outlined above including failing to warn, and exposing Plaintiff to products/substances which were or should have been known to cause injury;

e. Fear of cancer and medical monitoring damages (as well as all other plead below);

f. Pre-judgment interest from date of injury on all past damages; AND

g. All other rights and remedies as provided for by GML.

12.  In regard to the above named Jones Act Defendants, Plaintiff herein worked as Jones Act seamen for such Jones Act Defendants. Plaintiff hereto pleads that he was previously employed by such Defendants as a Jones Act seaman, more or less permanently assigned to a vessel or fleet of vessels under the Jones Act, 46 U.S.C. Sections 30104 et seq (formally 46 U.S.C. Section 688), and during such periods of employments was exposed to drilling mud, or drilling mud additives which were, or which contained, asbestos. Plaintiff brings such claims under the Jones Act in this court pursuant to the 'savings to suitors' clause. These

12

Jones Act Defendants are jointly liable to the Plaintiff in with the aforementioned Asbestos
Defendants.

13.     In regard to each of the above named Jones Act Defendants, Plaintiff alleges each
such Defendant(s) was/were negligent under the Jones Act and Plaintiff pleads the following
non-exclusive acts of negligence under the Jones Act:

       a. Breach of a legally imposed duty of reasonable care owed by the Jones Act
          Defendants to the Plaintiff;

       b. Failing to provide Plaintiff with a safe place to work, to wit, allowing
          dangerous asbestos fibers to be present without providing adequate protection
          or PPE;

       c. Failing to provide adequate health protections including proper PPE;

       d. Failing to warn Plaintiff of health hazards that were known, or should have
          been known, by the Jones Act Defendants;

       e. Exposing Plaintiff to asbestos when such was a known health hazard;

       f. Ignoring then known safety standards and warnings in regard to the use and
          handling of asbestos products, including but not limited any and all applicable
          (or instructive) Federal regulations;

       g. Failing to monitor and supervise Plaintiff to ensure the safe use and handling
          of asbestos products;

       h. And all other acts of negligence as may be discovered and will be
          shown at the trial of this matter.

13

14. Pursuant to the General Maritime Law of the United States of America, the Jones Act Defendant(s) had and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

17. As a result of the aforementioned exposure to asbestos, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as seamen. Plaintiff has not reached maximum cure in connection with his injuries.

18. Therefore, the Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should the Jones Act Defendants fail to honor their maintenance and cure obligations, the Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the Defendants which would result in a deterioration of the Plaintiff's medical conditions.

19. Plaintiff specifically pleads that the subject vessels upon which he worked were rendered unseaworthy due to the above facts.

20. Plaintiff specifically alleges a claim for punitive damages against the Jones Act Defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Jones Act Defendant(s) to pay maintenance and cure benefits but also for any gross negligence of the Jones Act Defendant(s), or unseaworthiness of the vessel(s) as may be allowed under General Maritime Law.

21. Plaintiff further alleges a claim for medical monitoring under the Jones Act and

14

maritime law as against the Jones Act Defendant(s). Such claim includes payment of future medical monitoring costs to ensure Plaintiff's health and to avoid further health damage to Plaintiff due to his asbestos exposure.

22.     The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claim against the Asbestos Defendants for negligence and also strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the Jones Act.

## V. DAMAGES

Plaintiff demands recovery of and from all of the Defendants herein for damages of:

1.     Past and future lost wages;

2.     Past and future medical expenses;

3.     Past and future pain, suffering and mental anguish;

4.     Loss of enjoyment of life;

5.     Punitive damages.

6.     Emotional distress; and

7.     Fear of cancer.

## VI.

The Plaintiff claims all of his rights to his selection of pursuing his claim in the

15

State Courts of Mississippi, as provided through the Savings to Suitors clause of the United States Laws.

**VII.**

Plaintiff herein makes no claim under Federal law other than claims, if any, subject to the Savings for Suitors Clause.

**VIII.  JURY DEMANDED**

Plaintiff demands a trial by jury.

**IX.  PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment of, from and against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 exclusive of costs and interest.  In addition, Plaintiff demands punitive damages, attorneys' fees and all costs of Court herein accruing and all further damages that the Court may deem appropriate in this case.

Respectfully submitted this the $\overset{\text{th}}{\mathcal{J}u}$ day of June, 2012.

PHILLIP BOONE, Plaintiff

BY: _____

PATRICK C. MALOUF

*Attorney for Plaintiff*

16

OF COUNSEL:

Timothy W. Porter (MSB #9687)
Patrick C. Malouf (MSB #9702)
John T. Givens (MSB #101561)
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
Telephone:     (601) 957-1173
Facsimile:     (601) 957-7366

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT - 9 2012

J. T. NOBLIN, CLERK
BY _____ DEPUTY

**PHILLIP BOONE**                                                           **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.** 5:12CV138-WJA-RHW

**PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY; DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO BAKER HUGHES
INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS,
INC., BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP., MILCHEM, INC.
f/k/a MIL WHITE MUD SALES COMPANY, HUGHES DRILLING
FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC;
BAKER HUGHES, INCORPORATED; OILFIELD SERVICE
AND SUPPLY COMPANY, INC.; MISSISSIPPI MUD INC.;
PENROD DRILLING COMPANY; OCEAN DRILLING AND
EXPLORATION CO. a/k/a ODECO, AND SUBSIDIARIES a/k/a
DIAMOND OFFSHORE DRILLING, INC.; NOBEL CORPORATION;
TRANSOCEAN OFFSHORE INC.; GLOBAL MARINE
DRILLING CO., INC.; DAVID NEW DRILLING CO., INC.;
DUAL DRILLING CO.; JOHN DOES 1 THROUGH 5,
JOHN DOES 6 THROUGH 15, and JOHN DOES 16
THROUGH 30**                                                           **DEFENDANTS**

**NOTICE OF REMOVAL**

In accordance with applicable law, including but not limited to, 28 U.S.C. §§ 1332, 1441,

and 1446, ENSCO Offshore Company, as successor-in-interest to Penrod Drilling Corporation

1

(hereinafter "ENSCO"), by and through its counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this Action from the Circuit Court of Adams County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division. As grounds for this Notice of Removal, ENSCO states as follows:

## I. BACKGROUND

1.    This action was commenced on June 27, 2012, by the filing of a Complaint being Cause No. 12-KV-0063-J, in the Circuit Court of Adams County, Mississippi, a court within this judicial district and division.

2.    ENSCO reserves and does not waive any of its Rule 12(b)(6) defenses.

3.    ENSCO alleges summons was improperly served on The Corporation Trust Company in Wilmington, Delaware on September 11, 2012.

4.    In the Complaint, Plaintiff Phillip Boone ("Plaintiff") alleges in general and conclusory fashion with no supporting facts that he was allegedly exposed to and injured by asbestos-containing materials manufactured, distributed and/or used by the defendants.[1]  The Complaint pleads no facts indicating which employer Plaintiff worked for at which time, nor does it provide facts indicating which asbestos containing products were manufactured, distributed, or used by which Defendants. The Complaint further states, in conclusory fashion with no supporting facts, that Penrod Drilling Corporation, as well as several other defendants, are "Jones Act Defendants" and "Jones Act employers of Plaintiff who used asbestos drilling mud products to which Plaintiff was exposed and by which Plaintiff was injured." (*Id.* at 4-5.)

---

[1] *See generally*, Complaint attached hereto (along with the summons) as Exhibit 1.

2

5.     Penrod Drilling Corporation employed people in many different capacities while in existence and Plaintiff fails to provide a basis of his alleged seaman status.  Moreover, Plaintiff has not identified a vessel in navigation that would even indicate it is a Jones Act employer.

## II. DIVERSITY JURISDICTION

6.     This case is properly removable pursuant to 28 U.S .C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought (emphasis added).

7.     This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)     The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -

> 1.     Citizens of different states. . .

## A. DIVERSITY OF CITIZENSHIP

8.　　There is a complete diversity of citizenship between the properly-joined and served parties.

9.　　According to the complaint, Plaintiff is a resident-citizen of the State of Mississippi.

10.　　Several defendants other than ENSCO are alleged to be citizens of the State of Mississippi. However, there is no common transaction or occurrence linking the Plaintiff to all Defendants, and there are no questions of law or fact common to all the Defendants. The Complaint does not establish a distinct litigable event linking this Plaintiff to all Defendants. Insofar as ENSCO is concerned, there could not possibly be a distinct litigable event linking the Plaintiff's claims against ENSCO to his claims against other Defendants, because he provides no basis to support such claim. Therefore, there is no reasonable possibility that a Mississippi court would find that Plaintiff's claims against the other Defendants are properly joined with his claims against ENSCO or that venue is even proper in Adams County, Mississippi. Accordingly, ENSCO has been fraudulently and/or improperly misjoined with these Defendants solely to defeat diversity jurisdiction. *See Willingham v. State Farm Ins. Co.*, 2009 WL 2767679 (N.D. Miss. Aug. 27, 2009). The Court should sever the Plaintiff's claims against each defendant into separate actions, and consider whether there is complete diversity as to each such action. *Id*. As for the Plaintiff's claims against ENSCO, when the presence of the misjoined Defendants is disregarded, there is complete diversity of citizenship between Plaintiff and ENSCO.

11.　　Because Defendants other than ENSCO have been improperly and/or fraudulently misjoined with the claims against ENSCO, their joinder in this notice of removal is not required.

4

## B. AMOUNT IN CONTROVERSY

12.     Plaintiff seeks an unspecified amount of actual and punitive damages, but states in the *ad damnum* paragraph of his Complaint that he seeks damages in excess of $75,000.00. Thus, it is facially apparent from the Complaint that Plaintiff seeks to recover an amount in controversy exceeding the jurisdictional limit of $75,000.00.

13.     Under 28 U.S.C. § 1332, this Court has jurisdiction over this action because the amount in controversy, exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and all properly joined and served Defendants.

14.     ENSCO alleges it has not been properly served. Even if service upon The Corporation Trust Company is considered proper service on ENSCO, which is denied, this Notice of Removal is being filed within thirty (30) days of the complaint being served upon The Corporation Trust Company. Thus, this notice of removal is timely filed.

15.     Inasmuch as Plaintiff has fraudulently and improperly misjoined ENSCO with the other defendants, ENSCO respectfully requests that the Court sever claims against ENSCO from the misjoined claims plead against the other defendants; and, lastly, retain jurisdiction over the claims of Plaintiff against ENSCO.

## C. INSUFFICIENT PLEADINGS TO SHOW ENSCO IS A JONES ACT DEFENDANT

16.     As stated above, Penrod Drilling Corporation was a company that employed many different types of employees at the time Plaintiff alleges asbestos exposure. Moreover, Plaintiff has provided no information that Penrod Drilling Corporation ever operated a vessel in navigation, nor established he was a seaman who worked on a vessel in navigation. Therefore, there is no reasonable possibility that Plaintiff can establish that Penrod Drilling Corporation was his Jones Act employer. Accordingly, Plaintiff's Jones Act claim against ENSCO Offshore

5

Company, as successor-in-interest to Penrod Drilling Corporation, is fraudulently plead and is not a bar to removal. *See Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999) ("In order to recover under the Jones Act, the plaintiff's complained-of injury must have been suffered while he was a seaman and in the course of his employment. [46 U.S.C. App.] 688(a) (authorizing action by [a]ny seaman who shall suffer personal injury in the course of his employment). In order to be a seaman, an individual (among other things) must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."); *see also Mendez v. Anadarko Petroleum Corp.*, 466 Fed.Appx. 316, 2012 WL 1003575 (5th Cir. Mar. 26, 2012) (fraudulently plead Jones Act claim does not bar removal).

17.    Attached hereto as Exhibit 1 are true and correct copies of all process, pleadings, and orders served upon The Corporation Trust Company in this case.

18.    ENSCO reserves the right to amend or supplement this Notice of Removal.

19.    Defendant has notified the Clerk of the Circuit Court of Adams County, Mississippi of the filing of this Notice of Removal, as provided by law.

**WHEREFORE**, ENSCO prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Adams County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division; sever claims against ENSCO from the claims plead against the other misjoined Defendants, and retain jurisdiction over the claims of Plaintiff against ENSCO.

6

Respectfully submitted, this 8th day of October, 2012.

ENSCO OFFSHORE COMPANY, AS SUCCESSOR-IN-INTEREST TO PENROD DRILLING CORPORATION

BY: FOWLER RODRIGUEZ VALDES-FAULI

By: _____

Lewie G. "Skip" Negrotto IV (10060)
Christopher L. Schmidt (10104)
FOWLER RODRIGUEZ VALDES-FAULI
2505 14th Street, Suite 500
P.O. Box 4080 (39502)
Gulfport, MS 39501
Telephone:  (228) 822-9340
Facsimile:   (228) 822-9343
E-Mail: snegrotto@frvf-law.com
E-Mail: cschmidt@frvf-law.com

and

Delos E. Flint, Jr. (PHV application pending)
FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, LA  70130
Telephone:  (504) 523-2600
Facsimile:   (504) 523-2705
E-Mail: dflint@frvf-law.com
*Attorneys for ENSCO Offshore Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of

Removal has been mailed by United States postal mail to:

Edward C. Walker, Circuit Clerk
Post Office Box 1224
Natchez, MS 39121
**CLERK OF THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI**

Timothy W. Porter, Esquire
Patrick C. Malouf, Esquire
John T. Givens, Esquire
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
**ATTORNEYS FOR PLAINTIFF**

Michael N. Watts, Esq.
Jonathan S. Masters, Esq.
Benjamin D. West, Esq.
HOLCOMB DUNBAR ATTORNEYS
P. O. Drawer 707
Oxford, MS 38655
**ATTORNEYS FOR BAKER HUGHES OILFIELD OPERATIONS, INC.; BAKER HUGHES, INCORPORATED**

J. Jeffrey Trotter, Esq.
Bernard H. Booth IV, Esq.
Lindsey N. Oswalt, Esq.
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
**ATTORNEYS FOR PHILLIPS PETROLEUM COMPANY, CONOCO PHILLIPS COMPANY, PHILLIPS 66 COMPANY, DRILLING SPECIALTIES COMPANY**

Bruce M. Kuehnle, Jr., Esq.
BRUCE M. KUEHNLE, JR. PLLC
P. O. Box 866
Natchez, MS 39121
**ATTORNEY FOR DAVID NEW DRILLING CO., INC.; NOBLE CORPORATION**

Richard B. Tubertini, Esq.
Henry John Gutierrez, Esq.
HAILEY, MCNAMARA, HALL, LARMANN & PAPALE, LLP
302 Courthouse Road, Suite A
Gulfport, MS 39507
**ATTORNEYS FOR DIAMOND OFFSHORE DRILLING, INC.**

Michael E. Whitehead, Esq.
PAGE, MANNINO, PERESICH & MCDERMOTT, PLLC
P.O. Drawer 289
Biloxi, MS 39533
**ATTORNEY FOR DOW CHEMICAL COMPANY**

T. Hunt Cole, Jr. Esq.
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre, Suite 100
P. O. Box 22608
Jackson, MS 39225-2608
**ATTORNEY FOR MISSISSIPPI MUD INC.**

David C. L. Gibbons, Jr., Esq.
THOMPSON, GIBBONS & WESTHOLZ, LLC
365 Canal Street, Suite 2960
New Orleans, LA 70130
**ATTORNEY FOR MONTELLO, INC.**

J. William Manuel, Esq.
Jason E. Fortenberry, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
Suite 400, One Jackson Place
188 East Capitol Street
P.O. Box 1789
Jackson, MS 39215-1789
**ATTORNEYS FOR OILFIELD SERVICE AND SUPPLY COMPANY, INC.**

Marcy Bryan Croft, Esq.
Laura D. Goodson, Esq.
Alison E. O'Neal, Esq.
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre, Suite 100
P. O. Box 22608
Jackson, MS 39225-2608
**ATTORNEYS FOR UNION CARBIDE CORPORATION**

I further certify that a true and correct copy of the above and foregoing Notice of

Removal has been hand delivered to:

John A. Scialdone, Esq.
Todd G. Crawford, Esq.
John S. Garner, Esq.
Michael J. Thompson, Jr., Esq.
FOWLER RODRIGUEZ VALDES-FAULI

2505 14th Street, Suite 500
Gulfport, MS 39501
**ATTORNEYS FOR GLOBALSANTAFE DRILLING COMPANY
F/K/A GLOBAL MARINE DRILLING COMPANY**

Lewie G. "Skip" Negrotto IV, Esq.
Christopher L. Schmidt, Esq.
FOWLER RODRIGUEZ VALDES-FAULI
2505 14th Street, Suite 500
P.O. Box 4080 (39502)
Gulfport, MS 39501

Delos E. Flint, Jr., Esq.
FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, LA 70130
**ATTORNEYS FOR ENSCO OFFSHORE COMPANY, AS SUCCESSOR-IN-
INTEREST TO DUAL DRILLING CO.**

This the 8th day of October, 2012.

Lewie G. "Skip" Negrotto IV