JURY,NO_CMC,REMOVAL,RHW

**U.S. District Court**
**Southern District of Mississippi (Hattiesburg)**
**CIVIL DOCKET FOR CASE #: 2:13-cv-00146-WJG-RHW**
**Internal Use Only**

Holifield v. Phillips 66 Company et al
Assigned to: District Judge Walter J. Gex, III
Referred to: Magistrate Judge Robert H. Walker
Case in other court: Circuit Court of Jones County, MS, 13-00035-CV5
Cause: 28:1332 Diversity-Product Liability

Date Filed: 07/05/2013
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Jerry Holifield**

represented by **John T. Givens**
PORTER & MALOUF, PA
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: johnny@portermalouf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurel Li Harris**
PORTER & MALOUF, PA
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: laurelli@portermalouf.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Phillips 66 Company**
*Individually and*
*doing business as*
Drilling Specialties Company

**Defendant**

**Phillips Petroleum Company**
*Individually and*
*doing business as*
Drilling Specialties Company
*doing business as*

Phillips 66 Company

**Defendant**

**Drilling Specialties Company, L.L.C.**
*also known as*
DSC Drilling Specialties Company,
L.L.C.

**Defendant**

**Conoco Phillips Company**
*Individually and as Successor by
Merger to Phillips 66 Company,
Phillips Petroleum Company and
Drilling Specialties Company*

**Defendant**

**Montello, Inc.**                          represented by **David C.L. Gibbons , Jr.**
                                            THOMPSON, GIBBONS &
                                            WESTHOLZ, LLC
                                            365 Canal Street, Suite 2960
                                            New Orleans, LA 70130
                                            504/588-2171
                                            Fax: 504/588-2198
                                            Email: dgibbons@tgwlaw.net
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Dow Chemical Company**
*Individually and as Successor by
Merger of Union Carbide Corporation*

**Defendant**

**Baker-Hughes Oilfield Operations,
Inc.**
*Individually and as Successor to Baker
Hughes Inteq, Inc. a/k/a Baker Hughes
Inteq Drilling Fluids, Baker
International, Inc., Baker Oil Tools,
Inc., Milpark, Inc., Newpark Drilling
Fluids, Laurel Mud & Chemical
Corporation, Milchem, Inc.
also known as*
Milwhite Mud Sales Company
*also known as*
Hughes Drilling Fluids, Inc.
*also known as*
Obi-Hughes, Inc.

*formerly known as*
Oil Base, Inc.

**Defendant**

**Oilfield Service and Supply
Company, Inc.**

**Defendant**

**Mississippi Mud Inc.**

**Defendant**

**Ensco Offshore Company**
*as Successor by Merger to Penrod
Drilling Corporation*

represented by **Christopher L. Schmidt**
FOWLER RODRIGUEZ VALDES-
FAULI - Gulfport
2505 14th Street, Suite 500
P. O. Box 4080 (39502)
Gulfport, MS 39501
228/822-9340
Fax: 228/822-9343
Email: cschmidt@frvf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Grant Geophysical Corporation**
*as Successor by Merger to Loxco, Inc.*

**Defendant**

**Gibson Workover Inc.**

**Defendant**

**Cyclops Drilling Co.**

**Defendant**

**John Does 1 through 5**

**Defendant**

**John Does 6 through 15**

**Defendant**

**John Does 16 through 30**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2013 | 1 | NOTICE OF REMOVAL by Ensco Offshore Company from Circuit Court of Jones County, MS, case number 2013-35-CV5. ( Filing fee $ 400 receipt number 24643002621) |

| | | |
|---|---|---|
| | | Pursuant to Rule L.U.Civ.R. 5(b): within 14 days removing party must electronically file the entire state court record as a single filing; and all parties shall, within fourteen days after the Case Management Conference, file as **separate docket items** any unresolved motions that were filed in state court which they wish to advance. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1 - State Court Summons/Complaint)(LDR) (Entered: 07/05/2013) |
| 07/05/2013 | 🔒 | (Court only) ***Set Flags: RHW, NO_CMC (LDR) (Entered: 07/05/2013) |
| 07/05/2013 | 2 | ANSWER to Complaint by Ensco Offshore Company.(Schmidt, Christopher) (Entered: 07/05/2013) |
| 07/11/2013 | 3 | State Court Record by Defendant Ensco Offshore Company Volumes 1 (Schmidt, Christopher) (Entered: 07/11/2013) |
| 07/12/2013 | 4 | ANSWER to Complaint with Jury Demand by Montello, Inc..(Gibbons, David) (Entered: 07/12/2013) |
| 07/12/2013 | 5 | Corporate Disclosure Statement by Montello, Inc. (Gibbons, David) (Entered: 07/12/2013) |
| 07/12/2013 | 6 | NOTICE of Appearance by David C.L. Gibbons, Jr on behalf of Montello, Inc. (Gibbons, David) (Entered: 07/12/2013) |
| 07/23/2013 | 7 | MOTION to Remand by Jerry Holifield (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B- SSA Earnings, # 3 Exhibit C- Holifield Affidavit)(Harris, Laurel) (Entered: 07/23/2013) |
| 07/23/2013 | 8 | MEMORANDUM IN SUPPORT re 7 MOTION to Remand filed by Jerry Holifield (Harris, Laurel) (Entered: 07/23/2013) |
| 07/24/2013 | 9 | ORDER STAYING PROCEEDINGS Signed by Magistrate Judge Robert H. Walker on 7/24/2013. (SR) (Entered: 07/24/2013) |
| 08/06/2013 | 10 | RESPONSE in Opposition re 7 MOTION to Remand filed by Ensco Offshore Company (Attachments: # 1 Exhibit A - Prior rulings, # 2 Exhibit B - Affidavit)(Schmidt, Christopher) (Entered: 08/06/2013) |
| 08/06/2013 | 11 | MEMORANDUM in Opposition re 7 MOTION to Remand filed by Ensco Offshore Company (Schmidt, Christopher) (Entered: 08/06/2013) |
| 08/09/2013 | 12 | Letter sent to MDL Clerk with docket entries and complaint/notice of removal. (LDR) (Entered: 08/09/2013) |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JUL 05 2013

J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY HOLIFIED                                                   **PLAINTIFF**

VERSUS                                   CIVIL ACTION NO. 2013-35-CV5

2:13CV146 WJG-RHW

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY
and d/b/a PHILLIPS 66 COMPANY and/or d/b/a/ DRILLING
SPECIALTIES COMPANY; DRILLING SPECIALTIES
COMPANY, L.L.C. a.k.a. DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO
PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE
CORPORATION; BAKER-HUGHES OILFIELD
OPERATIONS, INC., INDIVIDUALLY AND AS SUCCESSOR
TO BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER INTERNATIONAL,
INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK
DRILLING FLUIDS, INC., LAUREL MUD AND CHEMICAL
CORP., MILCHEM, INC. f/k/a MILWHITE MUD SALES
COMPANY, HUGHES DRILLING FLUIDS, INC., OBI-HUGHES,
INC. f/k/a OIL BASE, INC; BAKER HUGHES, INCORPORATED;
OILFIELD SERVICE AND SUPPLY COMPANY, INC; MISSISSIPPI
MUD INC.; ENSCO OFFSHORE COMPANY AS SUCCESSOR BY
MERGER TO PENROD DRILLING CORPORATION; GRANT
GEOPHYSICAL CORPORATION AS SUCCESSOR BY MERGER
TO LOXCO, INC; GIBSON WORKOVER INC; CYCLOPS
DRILLING CO.; JOHN DOES 1 THROUGH 5, JOHN DOES 6
THROUGH 15, and JOHN DOES 16 THROUGH 30

                                                    **DEFENDANTS**

## <u>NOTICE OF REMOVAL ON BEHALF OF ENSCO OFFSHORE COMPANY</u>

NOW INTO COURT, through undersigned counsel, comes defendant, ENSCO Offshore

Company ("ENSCO") and, pursuant to 28 U.S.C. §1446, with full reservation of any and all

defenses, objections and objections, hereby gives notice of the removal of this civil action from

the Circuit Court of the Second Judicial District of Jones County, Mississippi to the United States District Court for the Southern District of Mississippi, Hattiesburg Division. A copy of this Notice of Removal was also filed with the Clerk of Court for the Circuit Court of the Second Judicial District of Jones County. As more fully set forth below, this case is properly removed pursuant to 28 U.S.C. §1441. ENSCO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. As grounds for removal, ENSCO respectfully represents:

## Background

1.      This action was commenced by Jerry Holifield in the Circuit Court of the Second Judicial District of Jones County. When the plaintiff filed his Complaint, said action was designated as docket number 2013-35-CV5. Copies of all process and pleadings served upon ENSCO are attached hereto as Exhibit 1 and are hereby incorporated by reference. Pursuant to Local Rule 5(b), a copy of the entire state court record as of the date of this filing will be supplemented to this Court within fourteen days.

2.      ENSCO was served through its registered agent on June 4, 2013. This notice is therefore timely under 28 U.S.C. §1446(b).

3.      This petition alleges causes of action for personal injuries related to alleged asbestos exposure. Plaintiff claims in his complaint compensatory damages in an amount exceeding $75,000. (*See* Complaint ¶ X.)

## Jurisdictional Basis for Removal

4.      This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because 1) the amount in controversy exceeds $75,000, exclusive of interest and

2

costs, and 2) the requisite diversity of citizenship exists between plaintiff and the properly joined and served defendants.

5. The plaintiff made a fraudulent claim for seaman status to bar removability of his claim. Because he has not pled facts to establish that he worked on a particular vessel or fleet of vessels for ENSCO, his Jones Act claim is fraudulent and does not bar removal of the claim. *See Rushing* v. *Pride Int'l, Inc.,* No. H-11-0294, 2011 U.S. Dist. LEXIS 80149, 2011 WL 3021043 (S.D. Tex. July 22, 2011); *Mendez v. Anadarko Pet. Corp.,* No. H-10-1755, 2010 U.S. Dist. LEXIS 134279, 2010 WL 5343181 (S.D. Tex. Dec. 20, 2010).

6. The plaintiff made fraudulent claims against Mississippi defendants in an effort to bar removability of his claim on diversity basis. *See generally Scotty's Recycling, LLC v. Philadelphia-Security,* No. 3:11cv341, 2013 U.S. Dist. LEXIS 15447, at *5 (S.D. Miss. Feb. 5, 2013).

7. The amount in controversy is satisfied in that plaintiff alleges that he is entitled to recover damages for his personal injuries resulting from asbestos exposure throughout his career. Plaintiff alleges in Paragraph X of his complaint that he is entitled to recover damages in an amount to exceed $75,000.

8. Pursuant to 28 U.S.C. §1332(a), the amount in controversy requirement is satisfied on the face of the Complaint.

9. Complete diversity of citizenship exists between plaintiff and defendant. Plaintiff alleges in Paragraph I of his Complaint that plaintiff Charles Brady is an adult resident citizen of Jasper County, Mississippi.

10. For each properly joined and served Defendant, Plaintiff alleges in Section III of his Complaint that each is a foreign entity.

11. Therefore, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. §1332(a) as evidenced by plaintiff's Complaint.

12. Additionally, this Court has federal question jurisdiction to hear this case under the Outer Continental Shelf Lands Act ("the OCSLA") because the facts alleged in the complaint fall within the scope of the OCSLA's statutory jurisdiction. *See Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996); *Moore v. BIS Salamis, Inc.*, 748 F. Supp. 2d 598 (E.D. Tex. 2010).

## Procedural Requirements for Removal

13. Service of process of the petition was made on ENSCO Offshore Company through its registered agent for service of process in Mississippi, CT Corporation, on June 4, 2013.

14. ENSCO filed this Notice of Removal within 30 days of being served with the Complaint. This removal is therefore timely.

15. The United States District Court for the Southern District of Mississippi embraces the county in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §98(a) and 1441(a).

16. Pursuant to 28 U.S.C. §1446(a), the entire record from the state court will be supplemented within fourteen days of removal.

17. Pursuant to 28 U.S.C. §1446(d), defendant is filing written notice of this removal with the Clerk of the Circuit Court of Jones County, Mississippi where the action is currently pending. Copies of the Notice of Filing, together with this Notice of Removal are being served upon plaintiff's counsel.

4

18.     As of the date of filing this removal, Phillips 66 Company/CP Chem and Union Carbide Company filed answers to Plaintiff's complaint in the Circuit Court of Jones County. Both Phillips 66 Company/CP Chem and Union Carbide Company have consented to ENSCO's removal.  ENSCO cannot determine from Jones County Circuit Court Civil Action Number 2013-35-CV5 whether any other defendant has been served.

WHEREFORE, defendant, ENSCO Offshore Company, respectfully removes this action from the Circuit Court of Jones County, Mississippi, Second Judicial District, bearing case number 2013-35-CV5 to this Court, pursuant to 28 U.S.C. §1441.

Respectfully submitted, this the 2nd day of July, 2013.

ENSCO OFFSHORE COMPANY

By: FOWLER RODRIGUEZ

By: _____
Todd G. Crawford (102620)
Christopher L. Schmidt (10104)
**FOWLER RODRIGUEZ**
2505 14th Street, 5th Floor
Gulfport, Mississippi  39501
Tel: 228-822-9340
Fax:  228-822-9343
Email:  tcrawford@frfirm.com
cschmidt@frfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice has been mailed by United States postal mail to all known counsel for the Defendants and to counsel for the Plaintiff as follows:

Timothy W. Porter, Esquire
Patrick C. Malouf, Esquire
John T. Givens, Esquire

Laurel Li Harris, Esquire
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
**ATTORNEYS FOR PLAINTIFF**

This the 2nd day of July, 2013.

_____
Christopher L. Schmidt

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JERRY HOLIFIELD | PHILLIPS 66 COMPANY, INDIVIDUALLY and d/b/a DRILLING SPECIALTIES COMPANY |
| **(b)** County of Residence of First Listed Plaintiff    JASPER<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Washington County, OK<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Laurel Li Harris, Timothy W. Porter, Patrick C. Malouf, John T. Givens,<br>PORTER & MALOUF, P.A., P. O. Box 12768, Jackson, MS 39236-2768<br>(601) 957-1173 | Attorneys *(If Known)*<br>J. Jeffrey Trotter, Bernard H. Booth, Lindsey N. Oswalt, Elizabeth D.<br>Martin, ADAMS AND REESE, LLP, 1018 Highland Colony Parkway,<br>Suite 800, Ridgeland, MS 39157 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☒ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441, and 1446
Brief description of cause:
Plaintiff alleges injuries due to exposure to asbestos products

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE 07/02/2013          SIGNATURE OF ATTORNEY OF RECORD   *CL Scanlon*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT $400.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

246430021621

IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**JERRY HOLIFIELD**                                                      **PLAINTIFF**

vs.                                          CIVIL ACTION NO. _2013-35-CVS_

**PHILLIPS 66 COMPANY, et al.**                                    **DEFENDANTS**

## SUMMONS

TO: **ENSCO Offshore Company**
    **c/o C. T. Corporation System**
    **645 Lakeland East Drive, Suite 101**
    **Flowood, MS**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint to

PORTER & MALOUF, P.A., the attorney for the Plaintiff, whose mailing address is Post Office

Box 12768, Jackson, Mississippi 39236. Your response must be mailed or delivered within

thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by

default will be entered against you for the money or other things demanded in the Complaint.

        You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

        Issued under my hand and seal of said Court, this _13_ day of _May_, 2013.

                              Mr. Bart Gavin, Clerk
                              Circuit Court of Jones County, MS
                              Post Office Box 1468
                              Laurel, MS 39441



                              By: _____, D.C.

EXHIBIT

1

IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JERRY HOLIFIELD                                              **PLAINTIFF**

VS.                                   CIVIL ACTION NO. _2013-35-CV5_

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY;
DRILLING SPECIALTIES COMPANY, L.L.C. a/k/a
DSC DRILLING SPECIALTIES COMPANY, L.L.C.;
CONOCO PHILLIPS COMPANY, INDIVIDUALLY AND
AS SUCCESSOR BY MERGER TO PHILLIPS 66 COMPANY; PHILLIPS
PETROLEUM COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.;
UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP.,
MILCHEM, INC. f/k/a MILWHITE MUD SALES COMPANY,
HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC.
f/k/a OIL BASE, INC; BAKER HUGHES, INCORPORATED;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.;
MISSISSIPPI MUD INC.;
ENSCO OFFSHORE COMPANY AS SUCCESSOR BY MERGER
TO PENROD DRILLING CORPORATION;
GRANT GEOPHYSICAL CORPORATION AS SUCCESSOR BY
MERGER TO LOXCO, INC.;
GIBSON WORKOVER INC;
CYCLOPS DRILLING CO.
JOHN DOES 1 THROUGH 5, JOHN DOES 6 THROUGH 15, and
JOHN DOES 16 THROUGH 30                      **DEFENDANTS**



FILED

MAY 1 3 2013

BART GAVIN
CIRCUIT CLERK
JONES COUNTY, MS

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW Plaintiff, JERRY HOLIFIELD, and files his Complaint against the Defendants and would show unto the Court the following, to-wit:

## I. PLAINTIFF

The Plaintiff is an adult resident citizen of the State of Mississippi, who resides in Jasper County. The Plaintiff resides at 1671 Bonner Road, Heidelberg, MS. The Plaintiff's Social Security Number is XXX-XX-XXXX (will be provided to defense counsel via e-mail).

Plaintiff is alleging that he suffers from asbestosis and asbestos-related lung disease.

## II. WORK HISTORY

The Plaintiff is claiming exposure to asbestos while working in the oil industry from 1969 until 1987. Plaintiff's job classification was roughneck from 1969 until he went to work for Clarkco Contractors, Inc., in 1972. At Clarkco Contractors, Inc., the Plaintiff worked as a roustabout. While working for Clarkco Contractors, Inc., the Plaintiff worked primarily in the mud room. The Plaintiff continued with Clarkco Contractors, Inc., until 1977. Clarkco was based out of Jackson, MS, but Plaintiff worked in various locations in Mississippi including Jones, Jasper, Clay, and Wayne Counties. While working for Clarkco Contractors, Inc., the Plaintiff was exposed to Drilling Specialties/CP Chem – FLOSAL from approximately 1972 until 1977 and to Union Carbide and Montello – Visbestos and Super Visbestos from approximately 1972 until 1977.

Prior to Clarkco Contractors, Inc., the Plaintiff worked for Billups of Laurel, Inc., from 1969 until 1972 in Hammond and Lafayette, LA as a roughneck. After Clarkco Contractors,

2

Inc., Plaintiff worked for numerous oilfield companies throughout Mississippi, Louisiana, and Texas. The Plaintiff worked for Carey Equipment, Inc., as a driller's helper in Hattiesburg, and Wiggins, MS in 1972. The Plaintiff also worked for Geosource Inc., from 1973 until 1974 as a driller's helper in Houston, TX. The Plaintiff worked offshore for Loxco, Inc., in 1975 as a roughneck and a floorhand, shipping out of New Iberia, LA. The Plaintiff worked for Dee Exploration, Inc., in 1975 as a driller's helper in Wayne, Jasper and Jones counties in Mississippi. Plaintiff also worked for Industrial Coating, Inc., as a roustabout in Jackson, AL in 1976. Plaintiff worked for Lohmann Johnson Pollution Control from 1976 until 1977 as a roughneck in Jackson, AL, and J.D. Cooley Oil Field Contracting from 1977 until 1978 as a roustabout in Sandersville, MS. The Plaintiff also worked for Power Rig Drilling Co., Inc., in 1977 as a roughneck and a floorhand in Lafayette, LA. The Plaintiff worked for Fortenberry Drilling Co., Inc., from 1977 until 1979 as a roughneck in Citronelle, AL and Waynseboro, MS. The Plaintiff also worked for Gibson Workover, Inc., as a roughneck in 1977 shipping offshore out of Venice, and Morgan City, LA. The Plaintiff also worked for Helmerich & Payne International Drilling Co., Inc., in Wiggins, MS as a roughneck in 1977. The Plaintiff also worked in 1977 as a roughneck for Penrod Drilling Company offshore out of Venice, LA. Plaintiff worked for Herman V. Parkman in 1978 as a roustabout in Citronelle, AL. Plaintiff worked for David New Drilling Co., Inc., in 1979 as a roughneck in Natchez, MS. Plaintiff worked for Kelley Brothers Contractors, Inc., in 1978 and 1985 in Wayne, Clarke, and Jasper counties in Mississippi as a roustabout. The Plaintiff also worked for Par-Co Drilling, Inc., as a roughneck in Natchez, MS from 1979 until 1980 and 1982 until 1983, and again in 1985. The plaintiff worked for Cyclops Drilling, Co., in 1978 as a roughneck offshore out of New Orleans, LA. The Plaintiff worked for G&G Oil Field Services in 1980 as a roustabout in Laurel, MS.

3

The Plaintiff worked for ACYS Exploration Equipment Rental Co., in 1980 as a driller's helper in Covington, LA. The Plaintiff also worked for MGF Drilling Co- Houston from 1980 until 1981 as a roughneck in Houston and Midland, TX. The Plaintiff also worked for ODOM Welding & Rental Equipment, Inc. from 1981 until 1982 in Waynesboro, MS and Atmore, AL as a roustabout. Plaintiff worked as a roughneck from 1982 until 1983 for Seiscom Delta United Corp in Houston, MS. Plaintiff worked for SEIS pros Services Inc., as a driller's helper in Mt. Vernon, AL in 1983, and Chesley Pruet Drilling Company, Inc. as a roughneck in 1984 in Slidell and Hammond, LA. Plaintiff also worked for Davis Brother Conts. M&C Timber Co. as a roustabout in 1985 in Quitman, LA and Henley Drilling Company from 1985 until 1986 as a roughneck in Waynesboro, MS. While working throughout Mississippi, the Plaintiff's various work sites were supplied drilling mud by Mississippi Mud, Inc. The Plaintiff was exposed to Drilling Specialties/CP Chem – FLOSAL and to Union Carbide and Montello – Visbestos and Super Visbestos while working that these various locations.

## III. DEFENDANTS

## ASBESTOS DEFENDANTS

The following are manufacturers, distributors and/or users of asbestos products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Asbestos Defendants."

### A.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do business in the State of Mississippi, and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

### B.

4

Defendant, **The Dow Chemical Company,** is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

### C.

Defendant, **Montello, Inc.** is a foreign corporation not registered in the State of Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and can be served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Ann. and Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure.

### D.

The "**PHILLIPS DEFENDANTS**"

Defendant, **ConocoPhillips Company,** individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to **Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company,** is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive #1502, Flowood, Mississippi.

### E.

Defendant, **Baker Hughes Oilfield Operations, Inc.,** individually and as successor to **Baker Hughes Inteq, Inc.** a/k/a **Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud & Chemical Corporation, Milchem, Inc.** a/k/a **Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., OBI-Hughes, Inc.** f/k/a **Oil Base, Inc.,** is a California corporation licensed to do

5

business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Dr., Suite 101, Flowood, Mississippi.

### F.

Defendant, **Baker Hughes, Incorporated,** is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi individually and as **Baker Hughes Oilfield Operations, Inc.** and can be served by serving its registered agent CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002. It is subject to suit in Mississippi pursuant to the Mississippi Long Arm Statute.

### G.

Defendant, **Oilfield Service and Supply Company, Inc.** is a Mississippi corporation doing business in the State of Mississippi and can be served by serving its registered agent Robert M. Stone, Jr., 1991 Highway 184, Laurel Mississippi.

### H.

Defendant, **Mississippi Mud, Inc.** individually and its predecessor and successor corporations have done and are doing business in the State of Mississippi and can be served through its registered agent, Walter P. Tynes, at 13088 Midway Road, Raymond, Mississippi.

## JONES ACT DEFENDANTS

The following are Jones Act employers of Plaintiff who used asbestos drilling mud products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Jones Act Defendants":

### I.

Defendant **ENSCO Offshore Company as successor by Merger to Penrod Drilling Corporation,** individually and its predecessor and successor corporations, is a Delaware

6

corporation licensed to do business in the State of Mississippi and can be served through its registered agent, CT Corporation System, 645Lakeland East Dr. Suite 101, Flowood, MS 39232. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to suffer the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

J.

Defendant **Grant Geophysical Corp. as successor by Merger to Loxco, Inc.,** individually and its predecessor and successor corporations is a foreign corporation with its principal place of business in Houston, Texas which was previously authorized to do business in Mississippi and did business in Mississippi and can be served through its registered agent CT Corporation System 5616 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

K.

Defendant **Gibson Workover, Inc.** is a foreign corporation with its principal place of business in New Orleans, LA and who previously has done business in Mississippi and can be served served through its registered agent William E. Gibson P.O. Box 217-RT.1 Box 13C-1, Gilbertown, Alabama 36908. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

L.

Defendant **Cyclops Drilling Company,** individually and its predecessor and successor

7

corporations is a foreign corporation that has previously done business in Mississippi and can be served through its registered agent Neal D. Hobson 1122 Whitney Building, New Orleans, Louisiana 70130. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

## JOHN DOE DEFENDANTS

### M.

The **John Doe** Defendants are entities known to the Defendants but unknown to the Plaintiff until adequate discovery is allowed in this case.

1.    John Doe Defendants 1 through 5 are Mississippi resident Defendants who participated in the manufacture, sale, packaging, distribution, use, advertising and transportation of asbestos products from 1965 through approximately 1986 because said John Doe Defendants knew or should have known of the unreasonably dangerous character of asbestos products and were negligent in their actions and further responsible in strict liability for their actions to the Plaintiff. These Mississippi resident John Doe Defendants will be added when determined by discovery.

2.    John Does 6 through 15 are Defendants who analyzed, consulted, manufactured, distributed, packaged, transported, sold, used, or participated in any form or fashion in the ultimate use of asbestos product to which the Plaintiff was exposed from approximately 1965 through approximately 1986 to be determined by discovery and joined by amendment when discovered.

3.    John Does 16 through 30 are Jones Act employers of the Plaintiff that are predecessor, successor, part, subsidiary or related entities of the named Defendant(s). "Jones Act

8

employers" may be determined by discovery herein as to the exact corporate entities who were Jones Act employers of Plaintiff prior to 1987 but only known to Plaintiff by common names rather than by a corporate legal name.

## IV.

Venue is proper in this County. Plaintiff is a resident of the State of Mississippi claiming damages from exposure to asbestos as alleged herein by Defendants' tortious conduct as alleged herein. Plaintiff is a resident was also exposed to asbestos in this County, exposed by the products of manufacturing, distributing and/or marketing Defendants joined herein, or exposed by Jones Act employers joined herein pursuant to MRCP Rule 20 and existing State Law.

## V. CAUSES OF ACTION

1.     This suit arises from injuries caused to Plaintiff because of his frequent and sustained exposure to asbestos products that were negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by UNION CARBIDE, DOW CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., BAKER HUGHES OILFIELD OPERATIONS, INC., individually and as successor to BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK DRILLING FLUIDS, INC., LAUREL MUD & CHEMICAL CORPORATION, DRILLING MUD, INC., MILCHEM, INC. a/k/a MILWHITE MUD SALES COMPANY, HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC., BAKER HUGHES, INCORPORTED, individually, and as BAKER HUGHES OILFIELD OPERATIONS, INC., OILFIELD SERVICE AND SUPPLY COMPANY, INC., and MISSISSIPPI MUD, INC. AND ITS PREDECESSOR AND SUCCESSOR CORPORATIONS, sometimes referred to

9

collectively as "Asbestos Defendants." Plaintiff has developed asbestos maladies as a result of his exposure to these Defendants' products and their use of asbestos products.

2. The Asbestos Defendants have been in the business of manufacturing, distributing, marketing and selling products containing asbestos for many decades. At the time these products were placed in the stream of commerce the Asbestos Defendants, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants knew and/or should have known of the unreasonably dangerous application of asbestos as it affects this Plaintiff and others similarly situated for all of the exposure time period alleged herein.

3. Defendants engaged in a continuous and calculated course of conduct in which it exposed workers to its deadly products for decades while knowing full well that these products caused asbestosis, lung cancer and mesothelioma. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they failed to warn and/or protect the Plaintiff.

4. Additionally, notwithstanding such knowledge, Defendants have manufactured, sold, distributed, failed to warn Plaintiff, and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutory and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiff about the dangers of their product.

5. Plaintiff worked with and was exposed to asbestos-containing products, including but not limited to drilling mud additives, in his occupation while working in various oil fields and facilities. Plaintiff was exposed, on numerous occasions, to asbestos-containing products,

10

produced, marketed, distributed, sold and/or used by the Defendants and, in doing so, inhaled great quantities of asbestos fibers. Plaintiff handled and was exposed to asbestos drilling mud additives frequently on a regular basis, was frequently and regularly covered in Defendants' asbestos products, and frequently and regularly breathed in Defendants' asbestos products.

6. Defendants were negligent, and it was the negligence of Defendants that caused Plaintiff to suffer injuries and damages. Defendants also defectively designed, defectively manufactured, and defectively marketed the asbestos-containing products that caused Plaintiff's injuries and damages. The Defendants' asbestos drilling mud products were designed in a defective manner at the time they left the control of Defendants. The defective condition or failure to use a feasible design alternative rendered the asbestos products unreasonably dangerous to Plaintiff; and the defective and unreasonably, dangerous condition of the product, if any, was the proximate cause of the Plaintiff's damages.

7. Defendants failed to warn Plaintiff regarding the terrible dangers of their products, and, in the alternative, any alleged warning was inadequate and/or defective. Defendants had actual knowledge of the significant dangers associated with their products, but they nevertheless sold raw asbestos drilling mud additives in fifty pound bags for use by oil field workers like Plaintiff in the oil and gas drilling industry from the 1960s to 1980s.

8. Plaintiff's injuries, illnesses and damages are a direct and proximate result of the negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional actions and reckless indifference to the safety, health and welfare of the Plaintiff and others similarly situated.

9. The action of all of these Defendants jointly, severally, individually and in concert

11

have caused or contributed to the injuries of the Plaintiff for which he now brings his claims against the Asbestos Defendants for negligence, defective design, defective manufacture, failure to warn, strict liability, intentional infliction of emotional distress, negligent infliction of emotional distress and fear of cancer under Mississippi Law.

10. In the event that any Defendant alleges that Plaintiff's claims are barred by the statute of limitations, Plaintiff asserts that the limitations period on all causes of action is tolled by virtue of Defendants' fraud, fraudulent concealment, the discovery rule, or the laws of the State of Mississippi. Additionally, each action of Defendant and each incident of injury suffered by Plaintiff established an additional cause of action resulting in a continuous tort against Plaintiff.

11. **GENERAL MARITIME LAW CLAIMS AGAINST ABOVE NAMED ASBESTOS DEFENDANTS:**

To the extent Plaintiff was exposed to asbestos drilling mud and additives negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by the above named "Asbestos Defendants" while Plaintiff worked on oil rigs in the Gulf of Mexico, Plaintiff specifically pleads that general maritime law applies to such periods of exposure and arising injuries. Such GML claims include, but are not limited to, the following:

    a. Punitive damages against all named Asbestos Defendants for any exposure and injury suffered while working on navigable water;

    b. In the event any parties which may be found to be responsible for any damages owed to the Plaintiff are bankrupt or in bankruptcy protection, said named Asbestos Defendants are liable for such bankrupt responsible party's share of fault;

12

c.   Product liability claims as allowed under GML (in adopting the Restatement 2nd of Torts);

d.   General negligence claims as allowed under GML for all negligent actions as outlined above including failing to warn, and exposing Plaintiff to products/substances which were or should have been known to cause injury;

e.   Fear of cancer and medical monitoring damages (as well as all other plead below);

f.   Pre-judgment interest from date of injury on all past damages; AND

g.   All other rights and remedies as provided for by GML.

12.   In regard to the above named Jones Act Defendants, Plaintiff herein worked as Jones Act seamen for such Jones Act Defendants. Plaintiff hereto pleads that he was previously employed by such Defendants as a Jones Act seaman, more or less permanently assigned to a vessel or fleet of vessels under the Jones Act, 46 U.S.C. Sections 30104 et seq (formally 46 U.S.C. Section 688), and during such periods of employments was exposed to drilling mud, or drilling mud additives which were, or which contained, asbestos. Plaintiff brings such claims under the Jones Act in this court pursuant to the 'savings to suitors' clause. These Jones Act Defendants are jointly liable to the Plaintiff in with the aforementioned Asbestos Defendants.

13.   In regard to each of the above named Jones Act Defendants, Plaintiff alleges each such Defendant(s) was/were negligent under the Jones Act and Plaintiff pleads the following non-exclusive acts of negligence under the Jones Act:

a.   Breach of a legally imposed duty of reasonable care owed by the Jones Act Defendants to the Plaintiff;

b.   Failing to provide Plaintiff with a safe place to work, to wit, allowing dangerous

13

asbestos fibers to be present without providing adequate protection or PPE;

c.  Failing to provide adequate health protections including proper PPE;

d.  Failing to warn Plaintiff of health hazards that were known, or should have been known, by the Jones Act Defendants;

e.  Exposing Plaintiff to asbestos when such was a known health hazard;

f.  Ignoring then known safety standards and warnings in regard to the use and handling of asbestos products, including but not limited any and all applicable (or instructive) Federal regulations;

g.  Failing to monitor and supervise Plaintiff to ensure the safe use and handling of asbestos products;

h.  And all other acts of negligence as may be discovered and will be shown at the trial of this matter.

14.  Pursuant to the General Maritime Law of the United States of America, the Jones Act Defendant(s) had and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

15.  As a result of the aforementioned exposure to asbestos, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as seamen. Plaintiff has not reached maximum cure in connection with his injuries.

16.  Therefore, the Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should the Jones Act Defendants fail to honor their maintenance and cure obligations, the Plaintiff is entitled to attorney's fees, punitive damages and an additional

14

compensatory award for any acts of negligence on the part of the Defendants which would result in a deterioration of the Plaintiff's medical conditions.

17.    Plaintiff specifically pleads that the subject vessels upon which he worked were rendered unseaworthy due to the above facts.

18.    Plaintiff specifically alleges a claim for punitive damages against the Jones Act Defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Jones Act Defendant(s) to pay maintenance and cure benefits but also for any gross negligence of the Jones Act Defendant(s), or unseaworthiness of the vessel(s) as may be allowed under General Maritime Law.

19.    Plaintiff further alleges a claim for medical monitoring under the Jones Act and maritime law as against the Jones Act Defendant(s). Such claim includes payment of future medical monitoring costs to ensure Plaintiff's health and to avoid further health damage to Plaintiff due to his asbestos exposure.

20.    The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claim against the Asbestos Defendants for negligence and also strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the Jones Act.

## VI. DAMAGES

Plaintiff demands recovery of and from all of the Defendants herein for damages of:

1.    Past and future lost wages;

2.    Past and future medical expenses;

15

3. Past and future pain, suffering and mental anguish;

4. Loss of enjoyment of life;

5. Punitive damages.

6. Emotional distress; and

7. Fear of cancer.

## VII.

The Plaintiff claims all of his rights to his selection of pursuing his claim in the State Courts of Mississippi, as provided through the Savings to Suitors clause of the United States Laws.

## VIII.

Plaintiff herein makes no claim under Federal law other than claims, if any, subject to the Savings for Suitors Clause.

## IX. JURY DEMANDED

Plaintiff demands a trial by jury.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment of, from and against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 exclusive of costs and interest. In addition, Plaintiff demands punitive damages, attorneys' fees and all costs of Court herein accruing and all further damages that the Court may deem appropriate in this case.

Respectfully submitted this the 10th day of May, 2013.

16

JERRY HOLIFIELD, Plaintiff

BY: _____
John T. Givens
Attorney for Plaintiff

OF COUNSEL:

Timothy W. Porter (MSB #9687)
Patrick C. Malouf (MSB #9702)
John T. Givens (MSB #101561)
Laurel Li Harris (MSB #104078)
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
Telephone:     (601) 957-1173
Facsimile:     (601) 957-7366

17