# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00459-slc

Heckel, Brian v. 3M Company et al  
Assigned to: Magistrate Judge Stephen L. Crocker  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/27/2013  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Brian Heckel**  
*Individually and as Special Administrator for the Purposes of this Lawsuit on Behalf of Sharon Heckel*

represented by **Michael P. Cascino**  
Cascino Vaughan Law Offices, Ltd.  
220 S. Ashland Avenue  
Chicago, IL 60607  
312-944-0600  
Fax: 312-944-1870  
Email: ecf.cvlo@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**

represented by **Edward J. McCambridge**  
Segal McCambridge Singer & Mahoney, Ltd.  
Sears Tower  
233 S. Wacker Drive, Ste 5500  
Chicago, IL 60606  
312-645-7800x7803  
Fax: 312-645-7811  
Email: EMcCambridge@smsm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Emily Zapotocny**  
Segal McCambridge Singer & Mahoney, Ltd.  
Sears Tower  
233 S. Wacker Drive, Ste 5500  
Chicago, IL 60606  
312-645-8438  
Email: ezapotocny@smsm.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**

represented by **Roshan Nicholas Rajkumar**

                                              Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
612-339-8682
Fax: 612-672-3200
Email: roshan.rajkumar@bowmanandbrooke.com

*ATTORNEY TO BE NOTICED*

**Defendant**
**General Electric Company**

**Defendant**
**Metropolitan Life Insurance Company**   represented by   **William P. Croke**
von Briesen & Roper, s.c.
411 E. Wisconsin Ave., #700
P.O. Box 3262
Milwaukee, WI 53201-3262
414-287-1422
Fax: 414-276-6281
Email: bcroke@vonbriesen.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Owens-Illinois Inc.**   represented by   **Brian O'Connor Watson**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500
Fax: 312-258-5600
Email: bwatson@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Edward M. Casmere**
Schiff Hardin, LLP
233 S. Wacker Dr
Suite 6600
Chicago, IL 60606
312-258-5500
Email: ecasmere@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Matthew John Fischer**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500

Fax: 312-258-5700
Email: mfischer@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weyerhaeuser Company** represented by **Mark S. DesRochers**
DesRochers Law Offices, LLC
2800 East Enterprise Avenue
Appleton, WI 54913
920-560-4532
Fax: 920-882-0232
Email: markdesrochers1@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Attorney General for the State of Wisconsin**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1196684.), filed by All Plaintiffs. (Attachments:<br># 1 Exhibit A - Defendants' States of Incorporation and Principal Places of Business,<br># 2 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 06/28/2013) |
| 06/28/2013 | 2 | Corporate Disclosure Statement by Plaintiff Brian Heckel (Cascino, Michael) (Entered: 06/28/2013) |
| 06/28/2013 | 3 | Notice by Plaintiff Brian Heckel *of Potential Tag-Along Action.* (Cascino, Michael) (Entered: 06/28/2013) |
| 07/01/2013 |  | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (rep) (Entered: 07/01/2013) |
| 07/01/2013 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (rep) (Entered: 07/01/2013) |
| 07/18/2013 | 4 | Request for Issuance of Summons by Plaintiff Brian Heckel. (Cascino, Michael) (Entered: 07/18/2013) |
| 07/19/2013 | 5 | Summons Issued as to The Attorney General for the State of Wisconsin. (rep) (Entered: 07/19/2013) |
| 07/22/2013 | 6 | ANSWER by Defendant Metropolitan Life Insurance Company. (Attachments:<br># 1 Certificate of Service) (Croke, William) (Entered: 07/22/2013) |

| | | |
|---|---|---|
| 07/22/2013 | [7](#) | Corporate Disclosure Statement by Defendant Metropolitan Life Insurance Company (Croke, William) (Entered: 07/22/2013) |
| 07/30/2013 | [8](#) | ANSWER by Defendant CBS Corporation. (Rajkumar, Roshan) (Entered: 07/30/2013) |
| 07/30/2013 | [9](#) | Corporate Disclosure Statement by Defendant CBS Corporation (Rajkumar, Roshan) (Entered: 07/30/2013) |
| 07/30/2013 | [10](#) | Notice of Appearance filed by Edward J. McCambridge for Defendant 3M Company (Attachments:<br># [1](#) Certificate of Service) (McCambridge, Edward) (Entered: 07/30/2013) |
| 07/30/2013 | [11](#) | Notice of Appearance filed by Emily Zapotocny for Defendant 3M Company (Attachments:<br># [1](#) Certificate of Service) (Zapotocny, Emily) (Entered: 07/30/2013) |
| 07/30/2013 | [12](#) | ANSWER with Jury Demand by Defendant 3M Company. (Attachments:<br># [1](#) Notice of Filing 3M's Answer, Affirmative Defenses and Answer to Present and Future Cross Claims) (McCambridge, Edward) (Entered: 07/30/2013) |
| 08/09/2013 | [13](#) | ANSWER by Defendant Owens-Illinois Inc.. (Watson, Brian) (Entered: 08/09/2013) |
| 08/09/2013 | [14](#) | Notice of Appearance filed by Brian O'Connor Watson for Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 08/09/2013) |
| 08/09/2013 | [15](#) | Corporate Disclosure Statement by Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 08/09/2013) |
| 08/09/2013 | [16](#) | Notice of Appearance filed by Edward M. Casmere for Defendant Owens-Illinois Inc. (Casmere, Edward) (Entered: 08/09/2013) |
| 08/09/2013 | [17](#) | Notice of Appearance filed by Matthew John Fischer for Defendant Owens-Illinois Inc. (Fischer, Matthew) (Entered: 08/09/2013) |
| 08/12/2013 | [18](#) | Notice of Appearance filed by Mark S. DesRochers for Defendant Weyerhaeuser Company (DesRochers, Mark) (Entered: 08/12/2013) |
| 08/12/2013 | [19](#) | ANSWER by Defendant Weyerhaeuser Company. (DesRochers, Mark) (Entered: 08/12/2013) |
| 08/12/2013 | [20](#) | Corporate Disclosure Statement by Defendant Weyerhaeuser Company (DesRochers, Mark) (Entered: 08/12/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/13/2013 07:28:25 | | | |
| PACER Login: | cd2865 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:13-cv-00459-slc |

| Billable Pages: | 3 | Cost: | 0.30 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| Brian Heckel, Individually and as the special administrator for the purposes of this lawsuit on behalf of Sharon Heckel, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company, *a corporation*; <br> CBS Corporation, *a corporation*; <br> General Electric Company, *a corporation*; <br> Metropolitan Life Insurance Company, *a corporation*; <br> Owens-Illinois Inc., *a corporation*; <br> Weyerhaeuser Company, *a corporation*; <br><br> and <br><br> The Attorney General for the State of Wisconsin (*as a third-party defendant*), <br><br> Defendants. | Case No. 13-cv-459 |

**Complaint**

Now comes the plaintiff, Brian Heckel, Individually and as the special administrator for the purposes of this lawsuit on behalf of Sharon Heckel(deceased), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1. **Plaintiff Brian Heckel** is the son of decedent Sharon Heckel, and is an adult citizen and resident of Wisconsin and currently resides in Marshfield, Wisconsin, and brings this lawsuit

as special administrator on behalf of the decedent.

2. **Decedent Sharon Heckel** developed and was diagnosed with lung cancer on January 23, 2012, and subsequently died on August 17, 2012. Prior to her death, decedent was an adult citizen and resident of Marshfield, Wisconsin.

3. **Defendant 3M Corporation** manufactured and sold paper masks that were represented to prevent users from breathing asbestos dust, but did not protect the users from inhaling asbestos fibers.

4. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear. Westinghouse also erected and maintained steam generation equipment.

5. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

6. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

7. **Defendant Owens-Illinois Inc.** entered into an agreement with Weyerhaeuser in which Owens-Illinois, Inc. provided the license to Weyerhaeuser to use Owens-Illinois, Inc.'s asbestos containing formulas through at least 1961 and likely for a much longer period. In addition, Owens-Illinois, Inc. licensed, manufactured, sold, and designed asbestos products,

including without limitation fireproof door cores, pipe insulation, and block insulation.

8. **Defendant Weyerhaeuser Company** was the owner or operator, or is responsible for the conduct of a previous owner or operator, of the Weyerhaeuser Plant in Marshfield, Wisconsin (f/k/a Roddis Lumber and Veneer Company), where asbestos products were used. Weyerhaeuser Company also polluted the town of Marshfield, Wisconsin with asbestos-containing materials and asbestos fibers emanating from asbestos-containing materials used at the plant, thereby exposing the citizens of Marshfield to these asbestos fibers. These exposures occurred outside the plant in part because Weyerhaeuser would haul asbestos through the community in trucks and dump asbestos on property outside of the Weyerhaeuser Plant and throughout the town. Asbestos would fall out of these trucks that ran through the town when being dumped.

9. **Third-Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. ( *See* Plaintiff's Count VIII: Declaratory Judgment.)

10. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin (with the exception of the Attorney General for the State of Wisconsin). Please refer to the attached Exhibit A for the states of incorporation and principal place of business of each defendant.

11. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

12. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

13. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

14. Decedent worked as a laborer at the Weyerhaeuser Plant in Marshfield, Wisconsin from 1970 through 1999. During the course of her employment, she was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by defendants.

15. Decedent was exposed to asbestos fibers used at Weyerhaeuser in the plant and outside the plant. Defendant Owens-Illinois supplied the asbestos products during a period of time. Defendant Owens-Illinois also licensed its formula to Weyerhaeuser to use.

16. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by those working with or near asbestos products.

17. Decedent became aware of her asbestos-related conditions and that said conditions were caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

18. As a direct and proximate result of the conduct of the defendants, the decedent was diagnosed with lung cancer on January 23, 2012. Decedent subsequently died on August 17, 2012.

19. Decedent suffered great pain, physical impairment, and great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

### COUNT I - PRODUCT LIABILITY - NEGLIGENCE

20. Plaintiff brings this count for negligence and incorporates by reference all general allegations against all defendants *except* Weyerhaeuser Company and The Attorney General for the State of Wisconsin:

    a. 3M Corporation;

    b. CBS Corporation;

    c. General Electric Company;

    d. Metropolitan Life Insurance Company; and

    e. Owens-Illinois Inc.

21. It was reasonably foreseeable that Decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

22. Defendants had a duty to exercise reasonable care for the safety of the decedent and others who worked with or were exposed to the defendants' asbestos products.

23. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and death and that the decedent did not know that asbestos products were dangerous or harmful at the time of their exposures.

24. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.   Failed to adequately warn the decedent or others of the health hazards of asbestos;

    b.   Failed to warn the decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.   Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.   Failed to instruct the decedent, their employers or others in the use of precautionary

       measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

    f. Defendant 3M manufactured masks that did not protect workers from being exposed to asbestos dust. Defendant 3M was negligent by representing that these masks worked when in fact they did not.

25. As a direct and proximate result of the acts and omissions of the product defendants above, the decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

26. Plaintiff brings this count and incorporates by reference all above allegations in lines 1 - 25 against all defendants *except* Weyerhaeuser Company and The Attorney General for the State of Wisconsin:

    a. 3M Corporation;

    b. CBS Corporation;

    c. General Electric Company;

    d. Metropolitan Life Insurance Company; and

    e. Owens-Illinois Inc.

27. The defendants' above-described asbestos products were licensed, manufactured, supplied, and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the decedent.

28. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach the decedent and other users and consumers without substantial change in the condition they were in when sold.

29. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

30. Defendants manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

31. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISES OWNER

32. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

33. Plaintiff restates and re-alleges the allegations above.

34. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of the decedent's exposures.

35. Decedent Sharon Heckel, when outside the Weyerhaeuser plant, was exposed to asbestos from the Weyerhaeuser plant, on clothes, in the air, and in the car. She was exposed to asbestos throughout the town of Marshfield, Wisconsin.

36. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers

to be released and contaminate the air. These exposures occurred throughout the community surrounding the plant and in areas where Weyerhaeuser dumped asbestos in the community.

37. The exposures claimed herein are not related to any employment relationship with defendant Weyerhaeuser.

38. It was reasonably foreseeable that decedent would be exposed to Weyerhaeuser's asbestos fibers.

39. Defendant had a duty to exercise reasonable care for the safety of the decedent from asbestos fibers from the Weyerhaeuser plant which would foreseeably be brought into the community, community air, the family's home, and the family's automobile.

40. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

41. Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

42. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn decedent or others of the health hazards of asbestos;

   b. Failed to adequately investigate health effects of asbestos;

   c. Failed to adequately test for air levels for asbestos;

   d. Failed to adequately instruct decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

   e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k. Failed to take corrective action after being put on notice of the above violations.

43. The violation of administrative regulations constitutes negligence per se and shifts the burden of proof against the defendant.

44. As a direct and proximate result of the acts and omissions from the premises defendant above, decedent was injured as described above.

### COUNT IV - NUISANCE

45. Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

46. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 44 above.

47. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of decedent's exposures.

48. Weyerhaeuser Company, during operations of the Weyerhaeuser plant, caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant and to be brought home by employees of the plant. The exposures came from within the Weyerhaeuser plant and outside the plant in the ambient air or when Weyerhaeuser dumped

asbestos throughout the community.

49. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

50. Breathing uncontaminated public air is a public right.

51. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent which contained public air.

52. Decedent and others inhaled the contaminated public air in the community surrounding the plant, the family home, family vehicles, and in other places frequented by decedent.

53. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, family home, family vehicles, and other places frequented by decedent was unrelated to any employment relationship with defendant.

54. The inhalation of asbestos fibers is a health hazard.

55. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

    a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

    b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

    c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

      d.      Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

      e.      Adversely affected the health interests of the community at large; and

      f.      Interfered with the public health and safety.

56.    As a direct and proximate result of the nuisance, decedent was injured as described above.

57.    The violation of regulations constitutes negligence per se and shifts the burden of proof against defendant Weyerhaeuser.

### COUNT V – CONSPIRACY

58.    Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

59.    Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 57 above.

60.    Defendant Metropolitan Life and other co-conspirators including Johns Manville and Owens-Illinois, Inc. knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

      a.      Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

      b.      Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

61.    One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary

measures required for protection.

62. As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

### COUNT VI – WRONGFUL DEATH AND LOSS OF CONSORTIUM

63. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 - 62 above.

64. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and Plaintiff.

### COUNT VII – PUNITIVE DAMAGES

65. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

### COUNT VIII – DECLARATORY JUDGMENT

66. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

67. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

68. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995)

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.


Dated: June 28, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian Heckel, individually and as Special Administrator for the purposes of this lawsuit on behalf of Sharon Heckel

## DEFENDANTS
3M Company, et al.

**(b)** County of Residence of First Listed Plaintiff: **Wood**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Foreign**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino, Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave, Chicago, IL 60607 Phone: (312) 944 - 0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **Title 28, United States § 1332**
Brief description of cause: **Asbestos injury, occupational exposure**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **75,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: **06/27/2013**
SIGNATURE OF ATTORNEY OF RECORD: **/S/ Michael P. Cascino**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| 3M Company | Delaware | Delaware |
| CBS Corporation | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois inc. | Delaware | Ohio |
| Weyerhaeuser Company | Washington | Washington |