# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00429-slc

Helms, Harvey v. Owens-Illinois Inc. et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/18/2013
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

## Plaintiff

**Harvey Helms**
*Individually and as Special
Administrator for the Estate of Mabel
Karl, Deceased*

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

## Defendant

**Owens-Illinois Inc.**

represented by **Brian O'Connor Watson**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500
Fax: 312-258-5600
Email: bwatson@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Edward M. Casmere**
Schiff Hardin, LLP
233 S. Wacker Dr
Suite 6600
Chicago, IL 60606
312-258-5500
Email: ecasmere@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Matthew John Fischer**
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312-258-5500

Fax: 312-258-5700
Email: mfischer@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weyerhaeuser Company**                    represented by **Mark S. DesRochers**
DesRochers Law Offices, LLC
2800 East Enterprise Avenue
Appleton, WI 54913
920-560-4532
Fax: 920-882-0232
Email: markdesrochers1@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**3M Company**                              represented by **Edward J. McCambridge**
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-7800x7803
Fax: 312-645-7811
Email: EMcCambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Zapotocny**
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Ste 5500
Chicago, IL 60606
312-645-8438
Email: ezapotocny@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                         represented by **Roshan Nicholas Rajkumar**
Bowman and Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
612-339-8682
Fax: 612-672-3200
Email:
roshan.rajkumar@bowmanandbrooke.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**General Electric Company**

**Defendant**
**Metroplitan Life Insurance**
**Company**

represented by **William P. Croke**
von Briesen & Roper, s.c.
411 E. Wisconsin Ave., #700
P.O. Box 3262
Milwaukee, WI 53201-3262
414-287-1422
Fax: 414-276-6281
Email: bcroke@vonbriesen.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Attorney General For The State Of**
**Wisconsin**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1192459.), filed by Harvey Helms. (Attachments:<br># 1 Exhibit A - (Defendants' states of incorporation and principal places of business),<br># 2 JS-44 Civil Cover Sheet) (Cascino, Michael) (Entered: 06/19/2013) |
| 06/19/2013 | 2 | Corporate Disclosure Statement by Plaintiff Harvey Helms (Cascino, Michael) (Entered: 06/19/2013) |
| 06/19/2013 | 3 | Notice by Plaintiff Harvey Helms *of Potential Tag-Along Action.* (Cascino, Michael) (Entered: 06/19/2013) |
| 06/19/2013 |  | Case randomly assigned to Magistrate Judge Stephen L. Crocker. (rep) (Entered: 06/19/2013) |
| 06/19/2013 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (rep) (Entered: 06/19/2013) |
| 07/17/2013 | 4 | ANSWER with Jury Demand by Defendant Metroplitan Life Insurance Company. (Attachments:<br># 1 Certificate of Service) (Croke, William) (Entered: 07/17/2013) |
| 07/17/2013 | 5 | Corporate Disclosure Statement by Defendant Metroplitan Life Insurance Company (Croke, William) (Entered: 07/17/2013) |
| 07/18/2013 | 6 | ANSWER by Defendant Owens-Illinois Inc.. (Watson, Brian) (Entered: 07/18/2013) |

| 07/18/2013 | 7 | Notice of Appearance filed by Brian O'Connor Watson for Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 07/18/2013) |
|---|---|---|
| 07/18/2013 | 8 | Corporate Disclosure Statement by Defendant Owens-Illinois Inc. (Watson, Brian) (Entered: 07/18/2013) |
| 07/18/2013 | 9 | Notice of Appearance filed by Edward M. Casmere for Defendant Owens-Illinois Inc. (Casmere, Edward) (Entered: 07/18/2013) |
| 07/18/2013 | 10 | Notice of Appearance filed by Matthew John Fischer for Defendant Owens-Illinois Inc. (Fischer, Matthew) (Entered: 07/18/2013) |
| 07/18/2013 | 11 | Request for Issuance of Summons by Plaintiff Harvey Helms. (Cascino, Michael) (Entered: 07/18/2013) |
| 07/23/2013 | 12 | Summons Issued as to Attorney General For The State Of Wisconsin. (rep) (Entered: 07/23/2013) |
| 07/26/2013 | 13 | ANSWER by Defendant CBS Corporation. (Rajkumar, Roshan) (Entered: 07/26/2013) |
| 07/26/2013 | 14 | Corporate Disclosure Statement by Defendant CBS Corporation (Rajkumar, Roshan) (Entered: 07/26/2013) |
| 07/30/2013 | 15 | Notice of Appearance filed by Emily Zapotocny for Defendant 3M Company (Attachments: # 1 Certificate of Service) (Zapotocny, Emily) (Entered: 07/30/2013) |
| 07/30/2013 | 16 | Notice of Appearance filed by Edward J. McCambridge for Defendant 3M Company (Attachments: # 1 Certificate of Service) (McCambridge, Edward) (Entered: 07/30/2013) |
| 07/30/2013 | 17 | ANSWER with Jury Demand by Defendant 3M Company. (Attachments: # 1 Notice of Filing Answer, Affirmative Defenses and Answer to Present and Future Cross Claims) (McCambridge, Edward) (Entered: 07/30/2013) |
| 07/30/2013 | 18 | Notice of Appearance filed by Emily Zapotocny for Defendant 3M Company (Attachments: # 1 Certificate of Service) (Zapotocny, Emily) (Entered: 07/30/2013) |
| 07/30/2013 | 19 | Notice of Appearance filed by Edward J. McCambridge for Defendant 3M Company (Attachments: # 1 Certificate of Service) (McCambridge, Edward) (Entered: 07/30/2013) |
| 07/30/2013 | 20 | ANSWER with Jury Demand by Defendant 3M Company. (Attachments: # 1 Answer, Affirmative Defenses and Answer to Present or Future Cross Claims) (McCambridge, Edward) (Entered: 07/30/2013) |
| 08/12/2013 | 21 | Notice of Appearance filed by Mark S. DesRochers for Defendant Weyerhaeuser Company (DesRochers, Mark) (Entered: 08/12/2013) |
| 08/12/2013 | 22 | ANSWER by Defendant Weyerhaeuser Company. (DesRochers, Mark) (Entered: 08/12/2013) |
| 08/12/2013 | 23 | Corporate Disclosure Statement by Defendant Weyerhaeuser Company |

(DesRochers, Mark) (Entered: 08/12/2013)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/13/2013 08:30:54 | | | |
| **PACER Login:** | cd2865 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00429-slc |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| | |
| Harvey Helms, Individually and as the special administrator for the purposes of this lawsuit on behalf of Mabel Karl, | Case No. 3:13-cv-429 |
| Plaintiff, | |
| v. | |
| 3M Company, *a corporation*; CBS Corporation, *a corporation;* General Electric Company, *a corporation*; Metropolitan Life Insurance Company, *a corporation*; Owens-Illinois Inc., *a corporation*; Weyerhaeuser Company, *a corporation*; | |
| and | |
| The Attorney General for the State of Wisconsin (*as a third-party defendant*), | |
| Defendants. | |

## Complaint

Now comes the plaintiff, Harvey Helms, Individually and as the special administrator for the

purposes of this lawsuit on behalf of Mabel Karl (deceased), by and through her attorneys, Cascino

Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1.    **Plaintiff Harvey Helms** is the son-in-law of decedent Mabel Karl, and is an adult citizen and

resident of Wisconsin and currently resides in Marshfield, Wisconsin, and brings this lawsuit

as special administrator on behalf of the decedent.

2. **Decedent Mabel Karl** developed and was diagnosed with bilateral pleural effusions and extensive asbestosis. Prior to her death, decedent was an adult citizen and resident of Marshfield, Wisconsin. Decedent died on February 27, 2012.

3. **Defendant 3M Corporation** manufactured and sold paper masks that were represented to prevent users from breathing asbestos dust, but did not protect the users from inhaling asbestos fibers.

4. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear. Westinghouse also erected and maintained steam generation equipment.

5. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

6. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

7. **Defendant Owens-Illinois Inc.** entered into an agreement with Weyerhaeuser in which Owens-Illinois, Inc. provided the license to Weyerhaeuser to use Owens-Illinois, Inc.'s asbestos containing formulas through at least 1961 and likely for a much longer period. In addition, Owens-Illinois, Inc. licensed, manufactured, sold, and designed asbestos products,

including without limitation fireproof door cores, pipe insulation, and block insulation.

8.   **Defendant Weyerhaeuser Company** was the owner or operator, or is responsible for the conduct of a previous owner or operator of the following premises where asbestos products were used:  Weyerhaeuser Plant in Marshfield, WI (f/k/a Roddis Lumber and Veneer Company.) Weyerhaeuser Company also polluted the town of Marshfield, WI with asbestos-containing materials and asbestos fibers emanating from asbestos containing materials used at the plant which exposed the citizens of Marshfield to these asbestos fibers. These exposures occurred outside the plant in part because Weyerhauser would drive asbestos through the community and dump asbestos throughout the town. Asbestos would fall out of the trucks that ran through the town when being dumped. Asbestos was dumped on property outside the Weyerhaeuser Plant.

9.   **Third-Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. (*See* Plaintiff's Count VIII: Declaratory Judgment.)

10.   Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin (with the exception of the Attorney General for the State of Wisconsin).  Please refer to the attached Exhibit A for the states of incorporation and principal place of business of each defendant.

11.   Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

12.   The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

13.   Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

14.   Decedent, during the course of her employment as a factory worker at the Weyerhaeuser

Plant in Marshfield, Wisconsin from 1966 through 1988, was exposed to asbestos dust or

fibers emanating from the asbestos products and/or asbestos insulated equipment which was

sold, manufactured, distributed, packaged, mined, installed or otherwise placed into

commerce by defendants.

15.   Decedent was exposed to asbestos fibers used at Weyerhaeuser in the plant and outside the

plant. Defendant Owens-Illinois supplied the asbestos products during a period of time.

Defendant Owens-Illinois also licensed its formula to Weyerhaeuser to use.

16.   Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks

incurred by those working with or near asbestos products.

17.   Decedent became aware of her asbestos-related conditions and that said conditions were

caused by defendants' wrongful conduct within the statute of limitations before the filing of

this action.

18.   As a direct and proximate result of the conduct of the defendants, the decedent was

diagnosed with a condition consistent with asbestosis on March 1, 2012.

19.   Decedent suffered great pain, physical impairment, and great mental pain and anguish, is

liable for large sums of money for medical and hospital care, and suffered losses to her

personal property and possessions.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

20.   Plaintiff brings this count for negligence and incorporates by reference all general allegations

against all defendants *except* Weyerhaeuser Company and The Attorney General for the State

of Wisconsin:

   a. 3M Corporation;

   b. CBS Corporation;

   c. General Electric Company;

   d. Metropolitan Life Insurance Company; and

   e. Owens-Illinois Inc.

21.   It was reasonably foreseeable that Decedent and other workers would be working with or in

the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

22.   Defendants had a duty to exercise reasonable care for the safety of the decedent and others

who worked with or were exposed to the defendants' asbestos products.

23.   Defendants knew or in the exercise of ordinary or reasonable care ought to have known

asbestos causes disease and death and that the decedent did not know that asbestos products

were dangerous or harmful at the time of their exposures.

24.   Each defendant breached its duty of care and was negligent, including without limitation in

one or more of the following acts or omissions:

   a.   Failed to adequately warn the decedent or others of the health hazards of asbestos;

   b.   Failed to warn the decedent or others of the danger and harm of the asbestos after the
        products or equipment were installed at the premises;

   c.   Failed to investigate or test for the health effects of asbestos prior to distribution and
        sale;

   d.   Failed to instruct the decedent, their employers or others in the use of precautionary

measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

e. Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

f. Defendant 3M manufactured masks that did not protect workers from being exposed to asbestos dust. Defendant 3M was negligent by representing that these masks worked when in fact they did not.

25. As a direct and proximate result of the acts and omissions of the product defendants above, the decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

26. Plaintiff brings this count and incorporates by reference all above allegations in lines 1 - 25 against all defendants *except* Weyerhaeuser Company and The Attorney General for the State of Wisconsin:

a. 3M Corporation;

b. CBS Corporation;

c. General Electric Company;

d. Metropolitan Life Insurance Company; and

e. Owens-Illinois Inc.

27. The defendants' above-described asbestos products were licensed, manufactured, supplied, and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the decedent.

28. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach the decedent and other users and consumers without substantial change in the condition they were in when sold.

29. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

30. Defendants manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

31. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

### COUNT III - NEGLIGENCE - PREMISES OWNER

32. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

33. Plaintiff restates and re-alleges the allegations above.

34. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of the decedent's exposures.

35. Decedent Mabel Karl, when outside the Weyerhaeuser plant, was exposed to asbestos from the Weyerhauser plant, as stated above, from her family's clothes that she washed and exposures throughout the town of Marshfield, Wisconsin.

36. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers

to be released and contaminate the air. These exposures occurred throughout the community surrounding the plant and in areas where Weyerhaeuser dumped asbestos in the community.

37. The inhalation of asbestos fibers from contaminated air when decedent was at home or in the family car and from the community surrounding the plant.

38. The exposures claimed herein are not related to any employment relationship with defendant Weyerhaeuser.

39. It was reasonably foreseeable that decedent would be exposed to Weyerhaeuser's asbestos fibers.

40. Defendant had a duty to exercise reasonable care for the safety of the decedent from asbestos fibers from the Weyerhaeuser plant which would foreseeably be brought into the community, community air, the family's home, and the family's automobile.

41. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

42. Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

43. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a.    Failed to adequately warn decedent or others of the health hazards of asbestos;

   b.    Failed to adequately investigate health effects of asbestos;

   c.    Failed to adequately test for air levels for asbestos;

   d.    Failed to adequately instruct decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

   e.    Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers

when substitutes were available;

f.   Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

g.   Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

h.   Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

i.   Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

j.   Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k.   Failed to take corrective action after being put on notice of the above violations.

44.   The violation of administrative regulations constitutes negligence per se and shifts the burden of proof against the defendant.

45.   As a direct and proximate result of the acts and omissions from the premises defendant above, decedent was injured as described above.

## COUNT IV - NUISANCE

46.   Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

47.   Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 45 above.

48.   Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of decedent's exposures.

49.   Weyerhaeuser Company, during operations of the Weyerhaeuser plant, caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant

and to be brought home by employees of the plant. The exposures came from within the Weyerhaeuser plant and outside the plant in the ambient air or when Weyerhaeuser dumped asbestos throughout the community.

50.   Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

51.   Breathing uncontaminated public air is a public right.

52.   The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent which contained public air.

53.   Decedent and others inhaled the contaminated public air in the community surrounding the plant, the family home, family vehicles, and in other places frequented by decedent.

54.   The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, family home, family vehicles, and other places frequented by decedent was unrelated to any employment relationship with defendant.

55.   The inhalation of asbestos fibers is a health hazard.

56.   The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

    a.   Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

    b.   Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

c.   Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

d.   Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

e.   Adversely affected the health interests of the community at large; and

f.   Interfered with the public health and safety.

57.   As a direct and proximate result of the nuisance, decedent was injured as described above.

58.   The violation of regulations constitutes negligence per se and shifts the burden of proof against defendant Weyerhaeuser.

## COUNT V – CONSPIRACY

59.   Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

60.   Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 58 above.

61.   Defendant Metropolitan Life and other co-conspirators including Johns Manville and Owens-Illinois, Inc. knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

a.   Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b.   Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

62.   One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy:  Failed to warn about health hazards of

asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary measures required for protection.

63.    As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

## COUNT VI – WRONGFUL DEATH AND LOSS OF CONSORTIUM

64.    Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 - 63 above.

65.    Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and Plaintiff.

## COUNT VII – PUNITIVE DAMAGES

66.    Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

## COUNT VIII – DECLARATORY JUDGMENT

67.    Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

68.    Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the

effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

69.    Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995)

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

a.    Judgment against defendants, jointly and severally, for compensatory and general damages.

b.    Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.

Dated: June 19, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Harvey Helms, Individually and as Special Administrator for the Estate of Mabel Karl, Deceased,

**DEFENDANTS**
Owens-Illinois Inc., et al.,

**(b)** County of Residence of First Listed Plaintiff   **Wood**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino - Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607, Phone: (312) 966-0600

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | | |
| ☐ 442 Employment | **Habeas Corpus:** | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Title 28, United States § 1332
Brief description of cause:
Asbestos injury, occupational exposure

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
06/18/2013

SIGNATURE OF ATTORNEY OF RECORD
/S/ Michael P. Cascino

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| 3M Company | Delaware | Delaware |
| CBS Corporation | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois inc. | Delaware | Ohio |
| Weyerhaeuser Company | Washington | Washington |