ASBST,JURY,NO_CMC,REMOVAL,RHW

# U.S. District Court
## Southern District of Mississippi (Hattiesburg)
## CIVIL DOCKET FOR CASE #: 2:13-cv-00160-WJG-RHW
## Internal Use Only

Flynn v. Phillips 66 Company et al
Assigned to: District Judge Walter J. Gex, III
Referred to: Magistrate Judge Robert H. Walker
Case in other court: Circuit Court of Jones County, MS, 13-00055-cv-5
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 07/24/2013
Jury Demand: Plaintiff
Nature of Suit: 340 Marine
Jurisdiction: Diversity

## Plaintiff

**Michael Flynn**                            represented by  **Laurel Li Harris**
PORTER & MALOUF, PA
P. O. Box 12768
Jackson, MS 39236
601/957-1173
Fax: 601/957-7366
Email: laurelli@portermalouf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Phillips 66 Company**
*Individually and*
*doing business as*
Drilling Specialties Company

## Defendant

**Phillips Petroleum Company**
*Individually and*
*doing business as*
Phillips 66 Company and/or Drilling
Specialties Company

## Defendant

**Drilling Specialties Company, LLC**
*also known as*
DSC Drilling Specialties Company,
L.L.C.

## Defendant

**Conoco Phillips Company**
*Individually and as Successor by*
*Merger to Phillips 66 Company*

**Defendant**

**Phillips Petroleum Company and**
**Drilling Specialties Company**

**Defendant**

**Montello, Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Dow Chemical Company**
*Individually and as successor by*
*merger of Union Carbide Corporation*

**Defendant**

**Baker-Hughes Oilfield Operations,**
**Inc.**
*Individually and as successor to Baker*
*Hughes Inteq, Inc.*
*also known as*
Baker Hughes Inteq Drilling Fluids,
Inc.
*also known as*
Baker International Inc.
*also known as*
Baker Oil Tools, Inc.
*also known as*
Milpark, Inc.
*also known as*
Newpark Drilling Fluids, Inc.
*also known as*
Laurel Mud and Chemical Corp.
*also known as*
Milchem, Inc.
*formerly known as*
Milwhite Mud Sales Company
*also known as*
Hughes Drilling Fluids, Inc.
*also known as*
Obi-Hughes, Inc.
*formerly known as*
Oil Base, Inc.

**Defendant**

**Baker Hughes, Incorporated**

**Defendant**

**Oilfield Service and Supply Company, Inc.**

represented by **Jason Eric Fortenberry**
BRADLEY ARANT BOULT
CUMMINGS LLP - Jackson
P.O. Box 1789
188 E. Capitol Street, Suite 400 (39201)

Jackson, MS 39215-1789
601/948-8000
Fax: 601/592-1472
Email: jfortenberry@babc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi Mud Inc.**

**Defendant**

**Anadrill, Inc.**
*As Successor by merger to the Analysts Inc., of Texas*

represented by **Mark A. Nelson**
BRYAN NELSON, PA
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
601/261-4100
Email: mnelson@bnlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph A. O'Connell**
BRYAN NELSON, PA - Hattiesburg
P.O. Drawer 18109
6524 U. S. Hwy. 98 (39402)
Hattiesburg, MS 39404-8109
601/261-4100
Email: joconnell@bnlawfirm.com
*ATTORNEY TO BE NOTICED*

**Joseph R. Tullos**
BRYAN NELSON, PA - Hattiesburg
P.O. Drawer 18109
6524 U. S. Hwy. 98 (39402)
Hattiesburg, MS 39404-8109
601/261-4100
Fax: 601/261-4106
Email: jtullos@bnlawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Petrolog Incorporated**

**Defendant**

**Transworld Drilling Company**

**Defendant**

**John Does 1 through 5**

**Defendant**

**John Does 6 through 15**

**Defendant**

**John Does 16 through 30**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2013 | 1 | NOTICE OF REMOVAL by Anadrill, Inc. from Jones County Circuit Court, MS, case number 2013-55-CV5. ( Filing fee $400.00 receipt number 24643002647)<br><br>Pursuant to Rule L.U.Civ.R. 5(b): within 14 days removing party must electronically file the entire state court record as a single filing; and all parties shall, within fourteen days after the Case Management Conference, file as **separate docket items** any unresolved motions that were filed in state court which they wish to advance. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A- state court complaint)(DM) (Entered: 07/24/2013) |
| 07/24/2013 | 🔒 | (Court only) ***Set RHW, NO_CMC Flags (DM) (Entered: 07/24/2013) |
| 07/25/2013 | 2 | State Court Record by Defendant Anadrill, Inc. Volumes 1 (Nelson, Mark) (Entered: 07/25/2013) |
| 07/25/2013 | 3 | MOTION for Extension of Time to File Answer re 1 Notice of Removal,, by Anadrill, Inc. (Nelson, Mark) (Entered: 07/25/2013) |
| 07/26/2013 | | TEXT ONLY ORDER granting 3 Motion for Extension of Time to Answer. Anadrill, Inc. answer due 8/20/2013. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Magistrate Judge Robert H. Walker on July 26, 2013. (Joffe, Sherry) (Entered: 07/26/2013) |
| 07/26/2013 | 4 | NOTICE of Appearance by Joseph R. Tullos on behalf of Anadrill, Inc. (Tullos, Joseph) (Entered: 07/26/2013) |
| 08/02/2013 | 5 | NOTICE of Appearance by Joseph A. O'Connell on behalf of Anadrill, Inc. (O'Connell, Joseph) (Entered: 08/02/2013) |
| 08/09/2013 | 6 | ANSWER to Complaint by Oilfield Service and Supply Company, Inc.. (Fortenberry, Jason) (Entered: 08/09/2013) |
| 08/12/2013 | 7 | MOTION to Remand by Michael Flynn (Attachments: # 1 Exhibit "A" Complaint, # 2 Exhibit "B" Affidavit)(Harris, Laurel) (Entered: 08/12/2013) |
| 08/12/2013 | 8 | MEMORANDUM IN SUPPORT re 7 MOTION to Remand filed by Michael Flynn (Harris, Laurel) (Entered: 08/12/2013) |

| 08/13/2013 | 9 | ORDER STAYING PROCEEDINGS Signed by Magistrate Judge Robert H. Walker on 8/13/2013 (SR) (Entered: 08/13/2013) |
| 08/15/2013 | 🔒 | (Court only) ***Set Asbestos Flag (DM) (Entered: 08/15/2013) |



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
JUL 24 2013
J T NOBLIN CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHAEL FLYNN                                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 2:13cv160WJG-RHW

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY
and d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY; DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE
CORPORATION; BAKER-HUGHES OILFIELD
OPERATIONS, INC., INDIVIDUALLY AND AS
SUCCESSOR TO BAKER HUGHES INTEQ, INC.
a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, INC.,
BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP., MILCHEM, INC.
f/k/a MILWHITE MUD SALES COMPANY, HUGHES
DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a
OIL BASE, INC.; BAKER HUGHES, INCORPORATED;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.;
MISSISSIPPI MUD, INC.; ANADRILL, INC., AS
SUCCESSOR BY MERGER TO THE ANALYSTS INC.
OF TEXAS; PETROLOG INCORPORATED; TRANSWORLD
DRILLING COMPANY; JOHN DOES 1 THROUGH 5,
JOHN DOES 6 THROUGH 15, AND JOHN DOES
16 THROUGH 30                                                       DEFENDANTS

## NOTICE OF REMOVAL ON BEHALF OF ANADRILL, INC.

NOW INTO COURT, through undersigned counsel, comes defendant, Anadrill, Inc. ("Anadrill") and, pursuant to 28 U.S.C. §1446, with full reservation of any and all defenses, objections, rights, benefits, and safeguards, hereby gives notice of the removal of this civil action from the Circuit Court of the Second Judicial District of Jones County, Mississippi to the United States District Court for the Southern District of Mississippi, Hattiesburg Division. A copy of this Notice of Removal was also filed with the Clerk of Court for the Circuit Court of the Second Judicial District of Jones County. As more fully set forth below, this case is properly removed pursuant to 28 U.S.C. § 1441. Anadrill has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1333, and 43 U.S.C. §1349. As grounds for removal, Anadrill respectfully represents:

<u>Background</u>

1.      This action was commenced by Michael Flynn in the Circuit Court of the Second Judicial District of Jones County. When the plaintiff filed his Complaint, said action was designed as docket number 2013-55-CVS. Copies of all process and pleadings served upon Anadrill are attached hereto as Exhibit 1 and are hereby incorporated by reference. Pursuant to Local Rule 5(b), a copy of the entire state court record as of the date of this filing will be supplemented to this Court within fourteen days.

2.      Anadrill was served through its registered agent less than thirty (30) days ago. This notice is therefore timely under 28 U.S.C. § 1446(b).

3.      This petition alleges causes of action for personal injuries related to alleged asbestos exposure.  Plaintiff claims in his complaint compensatory damages in an amount exceeding $75,000.

### Jurisdictional Basis for Removal

4.      This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because 1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and 2) the requisite diversity of citizenship exists between plaintiff and the properly joined and served defendants.

5.      The plaintiff made a fraudulent claim for seaman status to bar removability of his claim.  Because he has not pled facts to establish that he worked on a particular vessel or fleet of vessels for Anadrill, his Jones Act claim is fraudulent and does not bar removal of the claim.  *See Rushing v. Price Int'l, Inc.,* No. H-11-0294, 2011 U.S. Dist. LEXIS 80149, 2011 WL 3021043 (S.D. Tex. July 22, 2011); *Mendez v. Anadarko Pet. Corp.,* No. H-10-1755, 2010 U.S. Dist. LEXIS 134279, 2010 WL 5343181 (S.D. Tex. Dec. 20, 2010).

6.      The Court also has original jurisdiction as a matter in Admiralty as set out in 28 U.S.C. § 1333.

7.      The plaintiff made fraudulent claims against Mississippi defendants in an effort to bar removability of his claim on diversity basis.  *See generally Scotty's Recycling, LLC v. Philadelphia-Security,* No. 3:11cv341, 2013 U.S. Dist. LEXIS 15447, at *5 (S.D. Miss. Feb. 5, 2013).

8.      The amount in controversy is satisfied in that plaintiff alleges that he is entitled to recover damages for his personal injuries resulting from asbestos exposure throughout his career.  Plaintiff alleges in his complaint that he is entitled to recover damages in an amount to exceed $75,000.

9.      Pursuant to 28 U.S.C. § 1332(a), the amount in controversy requirement is satisfied on the face of the Complaint.

10.      Complete diversity of citizenship exists between plaintiff and defendant. Plaintiff alleges that he is an adult resident citizen of Jones County, Mississippi.

11.      For each properly joined and served Defendant, Plaintiff alleges in his complaint that each is a foreign entity.

12.      Therefore, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a) as evidenced by plaintiff's complaint.

13.      Additionally, this Court has federal question jurisdiction to hear this case under the Outer Continental Shelf Lands Act ("the OCSLA") because the facts alleged in the complaint fall within the scope of the OCSLA's statutory jurisdiction. *See Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 154-55 (5th Cir. 1996); *Moore v. BIS Salamis, Inc.,* 748 F. Supp. 2d 598 (E.D. Tex. 2010).

14.      Anadrill filed this Notice of Removal within 30 days of being served with the complaint.  This removal is therefore timely.

15.      The United States District Court for the Southern District of Mississippi embraces the county in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(b)(5) and 1441(a).

16.     Pursuant to 28 U.S.C. § 1446(d), defendant is filing written notice of this removal with the Clerk of the Circuit Court of Jones County, Mississippi where the action is currently pending.  Copies of the Notice of Filing, together with this Notice of Removal are being served upon plaintiff's counsel.

WHEREFORE, defendant, Anadrill respectfully removes this action from the Circuit Court of Jones County, Mississippi, Second Judicial District, bearing case number 2013-55-CVS to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1441 and 43 U.S.C. §1349.

Respectfully submitted, this the 24th day of July, 2013.

ANADRILL, INC., Defendant

Mark A. Nelson, MSB 3808
Joseph A. O'Connell, MSB 3903
BRYAN NELSON PA
P. O. Drawer 18109
Hattiesburg, MS  39404-8109
Telephone:  601-261-4100
Facsimile:  601-261-4106
Email:  mnelson@bnlawfirm.com
           joconnell@bnlawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice

has been mailed by United States postal mail to all known counsel for the Defendants

and to counsel for the Plaintiff as follows:

Timothy W. Porter, Esq.
Patrick C. Malouf, Esq.
John T. Givens, Esq.
Laurel Li Harris, Esq.
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS  39236-2768
**Attorneys for Plaintiff**

David C. L. Gibbons, Jr.
Thompson, Gibbons & Westholz, LLC
One Canal Place
365 Canal St., Suite 2960
New Orleans, LA  70130
**Attorneys for Montello, Inc.**

Jason Fortenberry
Bradley Arant Rose & White, LLP
188 East Capitol Street, Ste. 450
Jackson, MS  39201
**Attorneys for Oilfield Service
and Supply Company, Inc.**

Marcy B. Croft
Laura D. Goodson
Beau Cole
Jordan M. Mason
Forman Perry Watkins Krutz & Tardy, LLP
200 South Lamar Street, Ste. 100
P.O. Box 22608
Jackson, MS 39225-2608
**Attorneys for Union Carbide Corporation**

J. Jeffrey Trotter
Bernard Booth
Elizabeth D. Martin
Lindsey N. Oswalt
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
**Attorneys for Conoco Phillips Company**

Cheri D. Green
Brunini Grantham Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119
**Attorneys for Transworld Drilling Company**

Michael N. Watts
Mark R. Smith
Holcomb Dunbar, PA
1217 Jackson Avenue
Oxford, MS 38655
**Attorneys for Baker Hughes Oilfield**

THIS, the 24th day of July, 2013.

_____
MARK A. NELSON

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

2:13 CV160 KS-RHW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Flynn | Phillips 66 Company |

(b) County of Residence of First Listed Plaintiff    Jones
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. JUL 24 2013
(IN U.S. PLAINTIFF CASES ONLY)

J T NOBLIN CLERK
BY_____ DEPUTY

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Porter & Malouf, P.A.
P. O. Box 12768
Jackson, MS 39236-2768   (601) 957-1173

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☒ 340 Marine   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Personal Injury - Asbestos Exposure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 24 July 2013

SIGNATURE OF ATTORNEY OF RECORD
Mark A. Nelson MB 3808

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT **$400**   APPLYING IFP N/A   JUDGE _____   MAG. JUDGE _____

2464 3002647

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**MICHAEL FLYNN**                                                  **PLAINTIFF**

**vs.**                                          CIVIL ACTION NO. _2013-SS-CYS_

**PHILLIPS 66 COMPANY, et al.**                                    **DEFENDANTS**

### SUMMONS

TO:    Anadrill, Inc. n/k/a
Schlumberger Technology Corporation
c/o National Registered Agents, Inc.
5615 Corporate Blvd., Suite 400B    **400B**
Baton Rouge, LA 70808

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to PORTER & MALOUF, P.A., the attorney for the Plaintiff, whose mailing address is Post Office Box 12768, Jackson, Mississippi 39236. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this _28_ day of May, 2013.

Mr. Bart Gavin, Clerk
Circuit Court of Jones County
Post Office Box 1336
Laurel, MS 39441



By: _____, D.C.



# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  RICHARD HOFFMAN
SCHLUMBERGER LIMITED
5599 SAN FELIPE, 16TH FLOOR
HOUSTON, TX 77056

SOP Transmittal # 522996767

225-922-4490 - Telephone

Entity Served:  SCHLUMBERGER TECHNOLOGY CORPORATION (Domestic State: TEXAS)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of LOUISIANA on this 25 day of June, 2013. The following is a summary of the document(s) received:

1.  **Title of Action:**  Michael Flynn, Pltf. vs. Phillips 66 Company, etc., et al. including Anadrill, Inc. n/k/a Schlumberger Technology Corporation, Dfts.

2.  **Document(s) Served:**  COMPLAINT, SUMMONS
Other: ATTACHMENT

3.  **Court of Jurisdiction/Case Number:**  Second Judicial District Court Jones County, MS
Case # 201355CV5

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

___ Personally served by:           ___ Process Server           ___ Deputy Sheriff           ___ U.S Marshall

_X_ Delivered Via:           _X_ Certified Mail           ___ Regular Mail           ___ Facsimile

___ Other (Explain):

6.  **Date of Receipt:**  06/25/2013

7.  **Appearance/Answer Date:**  Within 30 days

8.  **Received From:**  Laurel Li Harris
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
601-957-1173

9.  **Federal Express Airbill #** 796096860374

10.  **Call Made to:** Not required

11.  **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, RICHARD HOFFMAN RHOFFMAN@EXCHANGE.SLB.COM
Email Notification, SANDY THOMPSON STHOMPSON@SLB.COM
Email Notification, DANIEL YATES YATES1@EXCHANGE.SLB.COM
Email Notification, BEVERLY MELCHOR MELCHOR@SUGAR-LAND.SL.SLB.COM

**NATIONAL REGISTERED AGENTS, INC.**                    Copies To:

Transmitted by Trevor Garoutte

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

**ORIGINAL**

IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

MICHAEL FLYNN                                                    PLAINTIFF

vs.                                        CIVIL ACTION NO. _2013-55-CV5_

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY;  DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
BAKER-HUGHES OILFIELD OPERATIONS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO
BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES
INTEQ DRILLING FLUIDS, INC., BAKER
INTERNATIONAL, INC., BAKER OIL TOOLS, INC.,
MILPARK, INC., NEWPARK DRILLING FLUIDS, INC.,
LAUREL MUD AND CHEMICAL CORP.,
MILCHEM, INC. f/k/a MILWHITE MUD SALES COMPANY,
HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC.
f/k/a OIL BASE, INC; BAKER HUGHES, INCORPORATED;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.;
MISSISSIPPI MUD INC.; ANADRILL, INC., AS SUCCESSOR
BY MERGER TO THE ANALYSTS INC., OF TEXAS;
PETROLOG INCORPORATED; TRANSWORLD DRILLING COMPANY;
JOHN DOES 1 THROUGH 5, JOHN DOES 6 THROUGH 15,
and JOHN DOES 16 THROUGH 30                          DEFENDANTS

<u>COMPLAINT</u>

COMES NOW Plaintiff, MICHAEL FLYNN, and files his Complaint against the

Defendants and would show unto the Court the following, to-wit:

FILED

MAY 2 8 2013

BART GAVIN
CIRCUIT CLERK
JONES COUNTY, MS

## I. PLAINTIFF

The Plaintiff is an adult resident citizen of the State of Mississippi, who resides in Jones County.  The Plaintiff resides at 803 Willow Street, Sandersville, MS 39477.  The Plaintiff's Social Security Number is XXX-XX-XXXX (will be provided to defense counsel via e-mail).

Plaintiff is alleging that he suffers from asbestosis and asbestos-related lung disease.

## II. WORK HISTORY

The Plaintiff is claiming exposure to asbestos while working in the oil industry from 1975 until 1986.  The Plaintiff's job classification was mudlogger the entire time he was in the oil industry.  The Plaintiff worked at The Analysts, Inc. of Texas from 1975 until 1977.  While working at The Analysts, Inc. of Texas, the Plaintiff worked offshore.  He shipped out of Venice, and Grand Isle, LA.  The Plaintiff was in and out of the mud room all the time.  While working for The Analysts, Inc. of Texas, the Plaintiff was exposed to Drilling Specialties/CP Chem – FLOSAL from approximately 1975 until 1977 and to Union Carbide and Montello – Visbestos and Super Visbestos from approximately 1975 until 1977.

The Plaintiff worked for Location Sample Service in Texas in 1980.  The Plaintiff worked for Petrolog Incorporated from 1982 until 1983.  While at Petrolog Incorporated, the Plaintiff only worked offshore and shipped out of Lafayette, LA.  The Plaintiff worked for Transworld Drilling Company from 1984 until 1986 in various locations both on land and offshore throughout Mississippi and Louisiana including Homer, Venice, and Intracoastal, LA.  At all of these jobs, the Plaintiff was a mudlogger.  While working throughout Mississippi, the Plaintiff's various work sites were supplied drilling mud by Mississippi mud, Inc.  The Plaintiff was exposed to Drilling Specialties/CP Chem – FLOSAL and to Union Carbide and Montello –

2

Visbestos and Super Visbestos while working at these various locations.

## III. DEFENDANTS

### ASBESTOS DEFENDANTS

The following are manufacturers, distributors and/or users of asbestos products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Asbestos Defendants."

### A.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do business in the State of Mississippi, and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

### B.

Defendant, **The Dow Chemical Company**, is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

### C.

Defendant, **Montello, Inc.** is a foreign corporation not registered in the State of Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and can be served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Ann. and Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure.

### D.

### The "PHILLIPS DEFENDANTS"

Defendant, **ConocoPhillips Company**, individually, and d/b/a Phillips Petroleum

3

Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to **Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company,** is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive #1502, Flowood, Mississippi.

### E.

Defendant, **Baker Hughes Oilfield Operations, Inc.,** individually and as successor to **Baker Hughes Inteq, Inc. a/k/a  Baker Hughes Inteq Drilling Fluids, Baker International, Inc., Baker Oil Tools, Inc., Milpark, Inc., Newpark Drilling Fluids, Inc., Laurel Mud & Chemical Corporation, Milchem, Inc. a/k/a Milwhite Mud Sales Company, Hughes Drilling Fluids, Inc., OBI-Hughes, Inc. f/k/a Oil Base, Inc.,** is a California corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Dr., Suite 101, Flowood, Mississippi.

### F.

Defendant, **Baker Hughes, Incorporated,** is a Delaware corporation not licensed to do business in the State of Mississippi but doing business in Mississippi individually and as Baker Hughes Oilfield Operations, Inc. and can be served by serving its registered agent CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.  It is subject to suit in Mississippi pursuant to the Mississippi Long Arm Statute.

### G.

Defendant, **Oilfield Service and Supply Company, Inc.** is a Mississippi corporation doing business in the State of Mississippi and can be served by serving its registered agent Robert M. Stone, Jr., 1991 Highway 184, Laurel Mississippi.

4

**H.**

Defendant, **Mississippi Mud, Inc.** individually and its predecessor and successor corporations have done and are doing business in the State of Mississippi and can be served through its registered agent, Walter P. Tynes, at 13088 Midway Road, Raymond, Mississippi .

## JONES ACT DEFENDANTS

The following are Jones Act employers of Plaintiff who used asbestos drilling mud products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Jones Act Defendants":

**I.**

Defendant, **Anadrill, Inc.**, as successor by Merger to **The Analysts Inc.**, of Texas, individually and its predecessor and successor corporations is a foreign corporation with its principal place of business in Sugar Land, Texas, which was previously authorized to do business in Mississippi and did business in Mississippi and can be served through its registered agent CT Corporation System 5616 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to suffer the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

**J.**

Defendant, **Petrolog Incorporated**, individually and its predecessor and successor corporations is a foreign corporation with its principal place of business in Houston, Texas, which previously did business in Mississippi and can be served through its registered agent CT Corporation System 5616 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually

5

caused him to suffer the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

### K.

Defendant, **Transworld Drilling Company**, individually and its predecessor and successor corporations, is a Delaware corporation which was previously licensed to do business in the State of Mississippi and can be served through its registered agent Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. The Plaintiff was employed by the Defendant while being exposed to asbestos which eventually caused him to suffer the injury of asbestosis. Therefore, the Plaintiff is entitled to recover under the Jones Act.

### JOHN DOE DEFENDANTS

### L.

The John Doe Defendants are entities known to the Defendants but unknown to the Plaintiff until adequate discovery is allowed in this case.

1. John Doe Defendants 1 through 5 are Mississippi resident Defendants who participated in the manufacture, sale, packaging, distribution, use, advertising and transportation of asbestos products from 1965 through approximately 1986 because said John Doe Defendants knew or should have known of the unreasonably dangerous character of asbestos products and were negligent in their actions and further responsible in strict liability for their actions to the Plaintiff. These Mississippi resident John Doe Defendants will be added when determined by discovery.

2. John Does 6 through 15 are Defendants who analyzed, consulted, manufactured, distributed, packaged, transported, sold, used, or participated in any form or fashion in the ultimate use of asbestos product to which the Plaintiff was exposed from approximately 1965

6

through approximately 1986 to be determined by discovery and joined by amendment when discovered.

     3.     John Does 16 through 30 are Jones Act employers of the Plaintiff that are predecessor, successor, part, subsidiary or related entities of the named Defendant(s). "Jones Act employers" may be determined by discovery herein as to the exact corporate entities who were Jones Act employers of Plaintiff prior to 1987 but only known to Plaintiff by common names rather than by a corporate legal name.

IV.

     Venue is proper in this County. Plaintiff is a resident of the State of Mississippi claiming damages from exposure to asbestos as alleged herein by Defendants' tortious conduct as alleged herein. Plaintiff is a resident of Jones County, and was exposed by the products of manufacturing, distributing and/or marketing Defendants joined herein, or exposed by Jones Act employers joined herein pursuant to MRCP Rule 20 and existing State Law. In addition, Mississippi Mud, Inc. is a resident of Jones County, Mississippi.

V. CAUSES OF ACTION

     1.     This suit arises from injuries caused to Plaintiff because of his frequent and sustained exposure to asbestos products that were negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by UNION CARBIDE, DOW CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., BAKER HUGHES OILFIELD OPERATIONS, INC., individually and as successor to BAKER HUGHES INTEQ, INC. a/k/a BAKER HUGHES INTEQ DRILLING FLUIDS, BAKER INTERNATIONAL, INC., BAKER OIL TOOLS, INC., MILPARK, INC., NEWPARK DRILLING FLUIDS, INC., LAUREL MUD & CHEMICAL CORPORATION, DRILLING

7

MUD, INC., MILCHEM, INC. a/k/a MILWHITE MUD SALES COMPANY, HUGHES DRILLING FLUIDS, INC., OBI-HUGHES, INC. f/k/a OIL BASE, INC., BAKER HUGHES, INCORPORATED, individually, and as BAKER HUGHES OILFIELD OPERATIONS, INC., OILFIELD SERVICE AND SUPPLY COMPANY, INC., and MISSISSIPPI MUD, INC. AND ITS PREDECESSOR AND SUCCESSOR CORPORATIONS, sometimes referred to collectively as "Asbestos Defendants." Plaintiff has developed asbestos maladies as a result of his exposure to these Defendants' products and their use of asbestos products.

2.      The Asbestos Defendants have been in the business of manufacturing, distributing, marketing and selling products containing asbestos for many decades. At the time these products were placed in the stream of commerce the Asbestos Defendants, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants knew and/or should have known of the unreasonably dangerous application of asbestos as it affects this Plaintiff and others similarly situated for all of the exposure time period alleged herein.

3.      Defendants engaged in a continuous and calculated course of conduct in which it exposed workers to its deadly products for decades while knowing full well that these products caused asbestosis, lung cancer and mesothelioma. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they failed to warn and/or protect the Plaintiff.

4.      Additionally, notwithstanding such knowledge, Defendants have manufactured, sold, distributed, failed to warn Plaintiff, and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutory and case law, such as to submit them to strict

8

liability for their products and for the failure to properly warn the Plaintiff about the dangers of their product.

5.      Plaintiff worked with and was exposed to asbestos-containing products, including but not limited to drilling mud additives, in his occupation while working in various oil fields and facilities.  Plaintiff was exposed, on numerous occasions, to asbestos-containing products, produced, marketed, distributed, sold and/or used by the Defendants and, in doing so, inhaled great quantities of asbestos fibers.  Plaintiff handled and was exposed to asbestos drilling mud additives frequently on a regular basis, was frequently and regularly covered in Defendants' asbestos products, and frequently and regularly breathed in Defendants' asbestos products.

6.      Defendants were negligent, and it was the negligence of Defendants that caused Plaintiff to suffer injuries and damages.  Defendants also defectively designed, defectively manufactured, and defectively marketed the asbestos-containing products that caused Plaintiff's injuries and damages. The Defendants' asbestos drilling mud products were designed in a defective manner at the time they left the control of Defendants.  The defective condition or failure to use a feasible design alternative rendered the asbestos products unreasonably dangerous to Plaintiff; and the defective and unreasonably dangerous condition of the product, if any, was the proximate cause of the Plaintiff's damages.

7.      Defendants failed to warn Plaintiff regarding the terrible dangers of their products, and, in the alternative, any alleged warning was inadequate and/or defective. Defendants had actual knowledge of the significant dangers associated with their products, but they nevertheless sold raw asbestos drilling mud additives in fifty pound bags for use by oil field workers like Plaintiff in the oil and gas drilling industry from the 1960s to 1980s.

8.      Plaintiff's injuries, illnesses and damages are a direct and proximate result of the

9

negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional actions and reckless indifference to the safety, health and welfare of the Plaintiff and others similarly situated.

9.       The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claims against the Asbestos Defendants for negligence, defective design, defective manufacture, failure to warn, strict liability, intentional infliction of emotional distress, negligent infliction of emotional distress and fear of cancer under Mississippi Law.

10.       In the event that any Defendant alleges that Plaintiff's claims are barred by the statute of limitations, Plaintiff asserts that the limitations period on all causes of action is tolled by virtue of Defendants' fraud, fraudulent concealment, the discovery rule, or the laws of the State of Mississippi. Additionally, each action of Defendant and each incident of injury suffered by Plaintiff established an additional cause of action resulting in a continuous tort against Plaintiff.

11.       <u>GENERAL MARITIME LAW CLAIMS AGAINST ABOVE NAMED ASBESTOS DEFENDANTS:</u>

To the extent Plaintiff was exposed to asbestos drilling mud and additives negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by the above named "Asbestos Defendants" while Plaintiff worked on oil rigs in the Gulf of Mexico, Plaintiff specifically pleads that general maritime law applies to such periods of exposure and arising injuries. Such GML claims include, but are not limited to, the following:

a. Punitive damages against all named Asbestos Defendants for any exposure and

10

injury suffered while working on navigable water;

b. In the event any parties which may be found to be responsible for any damages owed to the Plaintiff are bankrupt or in bankruptcy protection, said named Asbestos Defendants are liable for such bankrupt responsible party's share of fault;

c. Product liability claims as allowed under GML (in adopting the Restatement 2nd of Torts);

d. General negligence claims as allowed under GML for all negligent actions as outlined above including failing to warn, and exposing Plaintiff to products/substances which were or should have been known to cause injury;

e. Fear of cancer and medical monitoring damages (as well as all other plead below);

f. Pre-judgment interest from date of injury on all past damages; AND

g. All other rights and remedies as provided for by GML.

12. In regard to the above named Jones Act Defendants, Plaintiff herein worked as Jones Act seamen for such Jones Act Defendants. Plaintiff hereto pleads that he was previously employed by such Defendants as a Jones Act seaman, more or less permanently assigned to a vessel or fleet of vessels under the Jones Act, 46 U.S.C. Sections 30104 et seq (formally 46 U.S.C. Section 688), and during such periods of employments was exposed to drilling mud, or drilling mud additives which were, or which contained, asbestos. Plaintiff brings such claims under the Jones Act in this court pursuant to the 'savings to suitors' clause. These Jones Act Defendants are jointly liable to the Plaintiff in with the aforementioned Asbestos Defendants.

13. In regard to each of the above named Jones Act Defendants, Plaintiff alleges each

11

such Defendant(s) was/were negligent under the Jones Act and Plaintiff pleads the following non-exclusive acts of negligence under the Jones Act:

    a.  Breach of a legally imposed duty of reasonable care owed by the Jones Act Defendants to the Plaintiff;

    b.  Failing to provide Plaintiff with a safe place to work, to wit, allowing dangerous asbestos fibers to be present without providing adequate protection or PPE;

    c.  Failing to provide adequate health protections including proper PPE;

    d.  Failing to warn Plaintiff of health hazards that were known, or should have been known, by the Jones Act Defendants;

    e.  Exposing Plaintiff to asbestos when such was a known health hazard;

    f.  Ignoring then known safety standards and warnings in regard to the use and handling of asbestos products, including but not limited any and all applicable (or instructive) Federal regulations;

    g.  Failing to monitor and supervise Plaintiff to ensure the safe use and handling of asbestos products;

    h.  And all other acts of negligence as may be discovered and will be shown at the trial of this matter.

    14.  Pursuant to the General Maritime Law of the United States of America, the Jones Act Defendant(s) had and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

    15.  As a result of the aforementioned exposure to asbestos, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as seamen. Plaintiff

has not reached maximum cure in connection with his injuries.

16.     Therefore, the Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should the Jones Act Defendants fail to honor their maintenance and cure obligations, the Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the Defendants which would result in a deterioration of the Plaintiff's medical conditions.

17.     Plaintiff specifically pleads that the subject vessels upon which he worked were rendered unseaworthy due to the above facts.

18.     Plaintiff specifically alleges a claim for punitive damages against the Jones Act Defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Jones Act Defendant(s) to pay maintenance and cure benefits but also for any gross negligence of the Jones Act Defendant(s), or unseaworthiness of the vessel(s) as may be allowed under General Maritime Law.

19.     Plaintiff further alleges a claim for medical monitoring under the Jones Act and maritime law as against the Jones Act Defendant(s). Such claim includes payment of future medical monitoring costs to ensure Plaintiff's health and to avoid further health damage to Plaintiff due to his asbestos exposure.

20.     The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claim against the Asbestos Defendants for negligence and also strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the

13

Jones Act.

## VI. DAMAGES

Plaintiff demands recovery of and from all of the Defendants herein for damages of:

1. Past and future lost wages;

2. Past and future medical expenses;

3. Past and future pain, suffering and mental anguish;

4. Loss of enjoyment of life;

5. Punitive damages.

6. Emotional distress; and

7. Fear of cancer.

## VII.

The Plaintiff claims all of his rights to his selection of pursuing his claim in the State Courts of Mississippi, as provided through the Savings to Suitors clause of the United States Laws.

## VIII.

Plaintiff herein makes no claim under Federal law other than claims, if any, subject to the Savings for Suitors Clause.

## IX. JURY DEMANDED

Plaintiff demands a trial by jury.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of, from and against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 exclusive of costs and interest. In addition, Plaintiff demands punitive damages, attorneys' fees

14

and all costs of Court herein accruing and all further damages that the Court may deem appropriate in this case.

Respectfully submitted this the 24 day of May, 2013.

MICHAEL FLYNN, Plaintiff

BY: _Laurel R. Harris_
Laurel Li Harris
*Attorney for Plaintiff*

OF COUNSEL:

Timothy W. Porter (MSB #9687)
Patrick C. Malouf (MSB #9702)
John T. Givens (MSB #101561)
Laurel Li Harris (MSB #104078)
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
Telephone:    (601) 957-1173
Facsimile:    (601) 957-7366

15

CERTIFIED MAIL
7006 2350 0002 2439 8874

04LR20G40728
$07.170
08/11/2013
Mailed From 39157
US POSTAGE

PORTER & MALOUF, P.A.
ATTORNEYS AT LAW

POST OFFICE BOX 12768
JACKSON, MISSISSIPPI 39236

ANADRIL, INC.
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, LA 70808



0498705402B
$07.17⁰
04/20/2013
Mailed from 39157
US POSTAGE

Certified Mail

7006 3450 0002 5305 5647

PORTER & HAN
P.O. BOX C
JACKSON, MS

Asessdrill, Inc. n/k/a
Schlumberger Technology Corporation
c/o National Registered Agents, Inc.
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808