ATTYOPEN

# United States District Court
## Eastern District of Wisconsin (Green Bay)
## CIVIL DOCKET FOR CASE #: 1:13-cv-00391-WCG

| | |
|---|---|
| Hynek v. Bechtel Corporation et al | Date Filed: 04/06/2013 |
| Assigned to: Chief Judge William C Griesbach | Jury Demand: Defendant |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **Claire A Hynek** <br> *Individually and as Special* <br> *Administrator for the Estate of Gary* <br> *L. Hynek, Deceased* | represented by | **Michael P Cascino** <br> Cascino Vaughan Law Offices Ltd <br> 220 S Ashland Ave <br> Chicago, IL 60607 <br> 312-944-0600 <br> Fax: 312-944-1870 <br> Email: ecf.cvlo@gmail.com <br> *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Bechtel Corporation** | represented by | **Thomas A Gilligan** <br> Murnane Brandt <br> 30 E 7th St - Ste 3200 <br> St Paul, MN 55101 <br> 651-227-9411 <br> Fax: 651-223-5199 <br> Email: tgilligan@murnane.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |
| | | **Kathryn R Downey** <br> Murnane Brandt <br> 30 E 7th St - Ste 3200 <br> St Paul, MN 55101 <br> 651-227-9411 <br> Fax: 651-223-5199 <br> Email: kdowney@murnane.com <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **CBS Corporation** <br> *successor* <br> Westinghouse Electric Corp | represented by | **Roshan N Rajkumar** <br> Bowman and Brooke LLP <br> 150 S 5th St - Ste 3000 <br> Minneapolis, MN 55402 |

612-339-8682
Fax: 612-672-3200
Email:
roshan.rajkumar@bowmanandbrooke.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barry J Koopmann**
Bowman and Brooke LLP
150 S 5th St - Ste 3000
Minneapolis, MN 55402
612-339-8682
Fax: 612-672-3200
Email:
barry.koopmann@msp.bowmanandbrooke.com

*TERMINATED: 06/27/2013*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Dossert Corporation**          represented by **Susan Gunty**
                                                Gunty & McCarthy
                                                150 S Wacker Dr - Ste 1025
                                                Chicago, IL 60606
                                                312-541-0022
                                                Fax: 3112-541-0033
                                                Email: susan.gunty@guntymccarthy.com
                                                *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Eaton Corporation**            represented by **Carmen N Anderson**
*successor*                                     von Briesen & Roper SC
Cutler-Hammer Inc                               411 E Wisconsin Ave - Ste 1000
                                                Milwaukee, WI 53202-4427
                                                414-287-1360
                                                Fax: 414-238-6502
                                                Email: canderso@vonbriesen.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Steven G Carlson**
                                                von Briesen & Roper SC
                                                411 E Wisconsin Ave - Ste 1000
                                                Milwaukee, WI 53202-4427
                                                414-287-1560
                                                Fax: 414-276-6281
                                                Email: scarlson@vonbriesen.com
                                                *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Ericsson Inc**
*successor*
Anaconda Company
*successor*
Anaconda Steel & Wire Company

represented by **Laurie J McLeRoy**
Otjen Van Ert & Weir SC
700 N Water St - Ste 800
Milwaukee, WI 53202-4206
414-271-7271
Fax: 414-271-7272
Email: lmcleroy@otjen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

represented by **Nora E Gierke**
Gierke Frank LLC
7604 Harwood Ave - Ste 203
Wauwatosa, WI 53213-2656
414-395-4602
Email: ngierke@gierkefrank.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Graybar Electric Company Inc**

represented by **Timothy J Young**
Lewis Brisbois Bisgaard & Smith LLP
550 W Adams St - Ste 300
Chicago, IL 60661
312-345-1718
Fax: 312-345-1778
Email: tyoung@lbbslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Occidental Chemical Corporation**

*successor*
Hooker Chemical

represented by **Sarah Thomas Pagels**
Whyte Hirschboeck Dudek SC
555 E Wells St - Ste 1900
Milwaukee, WI 53202-3819
414-273-2100
Fax: 414-223-5000
Email: stpagels@whdlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Plastics Engineering Company**
*TERMINATED: 05/29/2013*
*also known as*
Plenco

**Defendant**

**Rogers Corporation**

represented by **Eric D Carlson**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave - Ste 500
Milwaukee, WI 53203-2404

414-271-7722
Fax: 414-271-4438
Email: ecarlson@crivellocarlson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Okonite Company**          represented by     **James A Niquet**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave - Ste 500
Milwaukee, WI 53203-2404
414-271-7722
Fax: 414-271-4438
Email: jniquet@crivellocarlson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E Keeler , III**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave - Ste 500
Milwaukee, WI 53203-2404
414-271-7722
Fax: 414-271-4438
Email: wkeeler@crivellocarlson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Procter & Gamble Paper**          represented by     **Patricia Lynn Jenness**
**Products Company**
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
Fax: 414-277-0656
Email: pljenness@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Paul E Benson**
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
Fax: 414-277-0656
Email: pebenson@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corp**          represented by     **Daniel A Manna**
Foley & Lardner LLP
777 E Wisconsin Ave

Milwaukee, WI 53202-5300
414-319-7364
Fax: 414-297-4900
Email: dmanna@foley.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Bechtel Corporation**   represented by   **Thomas A Gilligan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn R Downey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Bechtel Corporation**   represented by   **Thomas A Gilligan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn R Downey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**The Okonite Company**   represented by   **James A Niquet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E Keeler , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**The Okonite Company**   represented by   **James A Niquet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E Keeler , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Bechtel Corporation**                 represented by   **Thomas A Gilligan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kathryn R Downey**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**                     represented by   **Roshan N Rajkumar**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Barry J Koopmann**
                                                          (See above for address)
                                                          *TERMINATED: 06/27/2013*
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Dossert Corporation**

**Cross Defendant**

**Eaton Corporation**                   represented by   **Carmen N Anderson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Steven G Carlson**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Ericsson Inc**                        represented by   **Laurie J McLeRoy**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**

**Cross Defendant**

**Graybar Electric Company Inc**        represented by   **Timothy J Young**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Occidental Chemical Corporation**     represented by   **Sarah Thomas Pagels**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Rogers Corporation**          represented by   **Eric D Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The Procter & Gamble Paper Products Company**

**Cross Defendant**

**Union Carbide Corp**          represented by   **Daniel A Manna**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2013 | 1 | COMPLAINT with Jury Demand; against Bechtel Corporation, CBS Corporation, Dossert Corporation, Eaton Corporation, Ericsson Inc, General Electric Company, Graybar Electric Company, Occidental Chemical Corporation, Plastics Engineering Company, Rogers Corporation, The Okonite Company, The Procter & Gamble Paper Products Company, Union Carbide Corporation by Claire A Hynek. ( Filing Fee PAID $350 receipt number 0757-1666823) (Attachments: # 1 Exhibit A (Defendant's States of Incorporation and Principal Business), # 2 Exhibit B (Decedent's Job Sites), # 3 Civil Cover Sheet)(Cascino, Michael) |
| 04/06/2013 | 2 | STATEMENT by Claire A Hynek , *Corporate Disclosure*. (Cascino, Michael) |
| 04/06/2013 | 3 | NOTICE by Claire A Hynek *of Potential Tag-Along Action* (Cascino, Michael) |
| 04/08/2013 | | NOTICE Regarding assignment of this matter to Chief Judge William C Griesbach ;Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days;the consent/refusal form is available on our web site (jcl) |
| 04/15/2013 | 4 | NOTICE of Appearance by Eric D Carlson on behalf of Rogers Corporation. Attorney(s) appearing: Eric D. Carlson (Carlson, Eric) |
| 04/15/2013 | 5 | ANSWER to Complaint AND CROSSCLAIM against All Defendants *and Answer to Any and All Crossclaims* filed by Rogers Corporation. (Carlson, Eric) |
| 04/15/2013 | 6 | DISCLOSURE Statement by Rogers Corporation. (Attachments: # 1 Certificate of Service Certificate of Service)(Carlson, Eric) |
| 04/22/2013 | 7 | Refusal to Jurisdiction by US Magistrate Judge by Claire A Hynek. (Cascino, Michael) |
| 05/01/2013 | 8 | ANSWER to Complaint AND CROSSCLAIM with Jury Demand filed by CBS Corporation. (Koopmann, Barry) |

| 05/01/2013 | 9 | DISCLOSURE Statement by CBS Corporation. (Koopmann, Barry) |
|---|---|---|
| 05/09/2013 | 10 | DISCLOSURE Statement by Occidental Chemical Corporation. (Pagels, Sarah) |
| 05/09/2013 | 11 | MOTION to Dismiss *Pursuant to Rule 12(b)(1)* by Occidental Chemical Corporation. (Attachments: # 1 Text of Proposed Order)(Pagels, Sarah) |
| 05/09/2013 | 12 | BRIEF in Support filed by Occidental Chemical Corporation re 11 MOTION to Dismiss *Pursuant to Rule 12(b)(1)* . (Pagels, Sarah) |
| 05/09/2013 | 13 | AFFIDAVIT of Sarah Thomas Pagels *in Support of Motion to Dismiss*. (Attachments: # 1 Exhibit 1: Plaintiff's Complaint)(Pagels, Sarah) |
| 05/29/2013 | 14 | NOTICE of Voluntary Dismissal of Defendant Plastics Engineering Company filed by Claire A Hynek. (Cascino, Michael) Modified on 5/30/2013 (tlf). |
| 05/30/2013 | | Defendant Plastics Engineering Company dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) upon the 14 Notice of Voluntary Dismissal filed by Plaintiff. (tlf) |
| 05/30/2013 | 15 | MOTION for Leave to File *First Amended Complaint* by Claire A Hynek. (Attachments: # 1 Text of Proposed Order, # 2 Proposed First Amended Complaint)(Cascino, Michael) |
| 05/31/2013 | | TEXT ONLY ORDER signed by Chief Judge William C Griesbach on 5/31/2013 granting 15 Motion for Leave to File First Amended Complaint. The 11 Motion to Dismiss is terminated as moot in light of the filing of the amended complaint. (cc: all counsel) (Griesbach, William) |
| 05/31/2013 | 16 | DUPLICATE ENTRY - SEE 17 FIRST AMENDED COMPLAINT with Jury Demand against all Defendants filed by Claire A Hynek.(tlf) Modified on 5/31/2013 (tlf). |
| 05/31/2013 | 17 | AMENDED COMPLAINT *[TERMINATING party: Defendant Plastics Engineering Company]* with Jury Demand against Bechtel Corporation, CBS Corporation, Dossert Corporation, Eaton Corporation, Ericsson Inc, General Electric Company, Graybar Electric Company Inc, Occidental Chemical Corporation, Rogers Corporation, The Okonite Company, The Procter & Gamble Paper Products Company, Union Carbide Corp filed by Claire A Hynek. (Attachments: # 1 Exhibit A - (Defendants' states of incorporation and business), # 2 Exhibit B - (Decedent's job-sites), # 3 Certificate of Service) (Cascino, Michael) |
| 05/31/2013 | 18 | ANSWER to Complaint AND CROSSCLAIM against ANY AND ALL DEFENDANTS with JURY DEMAND filed by The Okonite Company. (Keeler, William) |
| 05/31/2013 | 19 | DISCLOSURE Statement by The Okonite Company. (Keeler, William) |
| 05/31/2013 | 20 | NOTICE of Appearance by William E Keeler, III on behalf of The Okonite Company. Attorney(s) appearing: James A. Niquet and William E. Keeler, III (Keeler, William) |
| 06/03/2013 | | NOTICE of Electronic Filing Error to William Keeler and James A Niquet re |

|  |  |  |
|---|---|---|
|  | 18 | Answer and Crossclaim. All documents should contain the s/signature of the attorney who files the document. This document was signed by James Niquet, but filed by William Keeler. This document does not need to be re-filed. Please refer to the policies and procedures for electronic case filing found at www.wied.uscourts.gov (tlf) |
| 06/03/2013 | 21 | *Short-Form* ANSWER to 1 Complaint,, by Union Carbide Corp.(Manna, Daniel) |
| 06/03/2013 | 22 | DISCLOSURE Statement by Union Carbide Corp. (Manna, Daniel) |
| 06/03/2013 | 23 | CERTIFICATE OF SERVICE by Union Carbide Corp (Manna, Daniel) |
| 06/11/2013 | 24 | *Answer to First Amended Complaint* ANSWER to Complaint AND CROSSCLAIM against All Defendants with Jury Demand filed by Occidental Chemical Corporation. (Pagels, Sarah) |
| 06/13/2013 | 25 | ANSWER to Complaint AND CROSSCLAIM against all co-defendants *and Answer to Any and All Crossclaims* filed by Rogers Corporation. (Carlson, Eric) |
| 06/17/2013 | 26 | ANSWER to 17 Amended Complaint,, by CBS Corporation.(Koopmann, Barry) |
| 06/19/2013 |  | Summons Issued as to Dossert Corporation, Ericsson Inc, General Electric Company, Graybar Electric Company Inc, The Procter & Gamble Paper Products Company. (tlf) |
| 06/24/2013 | 27 | NOTICE of Appearance by Steven G Carlson on behalf of Eaton Corporation. (Carlson, Steven) |
| 06/24/2013 | 28 | DISCLOSURE Statement by Eaton Corporation. (Carlson, Steven) |
| 06/24/2013 | 29 | ANSWER to 17 Amended Complaint,, with Jury Demand by Eaton Corporation.(Carlson, Steven) |
| 06/24/2013 | 30 | NOTICE of Appearance by Kathryn R Downey on behalf of Bechtel Corporation. Attorney(s) appearing: Kathryn R. Downey (Attachments: # 1 Certificate of Service)(Downey, Kathryn) |
| 06/24/2013 | 31 | ANSWER to 17 Amended Complaint,, with Jury Demand , CROSSCLAIM *and Answer to All Anticipated or Filed Cross-Claims* against Bechtel Corporation filed by Bechtel Corporation. by Bechtel Corporation.(Downey, Kathryn) |
| 06/24/2013 | 32 | DISCLOSURE Statement by Bechtel Corporation. (Downey, Kathryn) |
| 06/24/2013 | 33 | NOTICE of Appearance by Thomas A Gilligan on behalf of Bechtel Corporation. Attorney(s) appearing: Thomas A. Gilligan, Jr. (Attachments: # 1 Certificate of Service)(Gilligan, Thomas) |
| 06/26/2013 | 34 | NOTICE of Appearance by Roshan N Rajkumar on behalf of CBS Corporation. Attorney(s) appearing: Roshan N. Rajkumar (Rajkumar, Roshan) |
| 06/26/2013 | 35 | NOTICE efiled as MOTION to Withdraw as Attorney *Barry J. Koopmann* by |

| | | |
|---|---|---|
| | | CBS Corporation. (Rajkumar, Roshan) Modified on 6/27/2013 (mec). |
| 06/28/2013 | 36 | ANSWER to 17 Amended Complaint,, with Jury Demand , CROSSCLAIM against All Defendants filed by The Okonite Company. by The Okonite Company.(Keeler, William) |
| 07/02/2013 | 37 | ANSWER to Complaint AND CROSSCLAIM against all defendants with Jury Demand filed by The Procter & Gamble Paper Products Company. (Benson, Paul) |
| 07/02/2013 | 38 | *Short-Form* ANSWER to 17 Amended Complaint,, by Union Carbide Corp. (Attachments: # 1 Certificate of Service)(Manna, Daniel) |
| 07/03/2013 | 39 | NOTICE of Appearance by Patricia Lynn Jenness on behalf of The Procter & Gamble Paper Products Company. Attorney(s) appearing: Paul E. Benson, Patricia L. Jenness (Jenness, Patricia) |
| 07/11/2013 | 40 | ANSWER to Complaint AND CROSSCLAIM with Jury Demand filed by Ericsson Inc. (McLeRoy, Laurie) |
| 07/11/2013 | 41 | NOTICE of Appearance by Laurie J McLeRoy on behalf of Ericsson Inc. Attorney(s) appearing: Laurie J. McLeRoy (McLeRoy, Laurie) |
| 07/11/2013 | 42 | DISCLOSURE Statement by Ericsson Inc. (McLeRoy, Laurie) |
| 07/11/2013 | 43 | ANSWER to 17 Amended Complaint,, with Jury Demand by General Electric Company.(Gierke, Nora) |
| 07/11/2013 | 44 | DISCLOSURE Statement by General Electric Company. (Gierke, Nora) |
| 07/12/2013 | 45 | NOTICE of Appearance by Timothy J Young on behalf of Graybar Electric Company Inc. Attorney(s) appearing: Timothy J. Young (Young, Timothy) |
| 07/18/2013 | 46 | AMENDED ANSWER to 17 Amended Complaint,, filed by The Procter & Gamble Paper Products Company . (Benson, Paul) |
| 07/18/2013 | 47 | DISCLOSURE Statement by The Procter & Gamble Paper Products Company. (Benson, Paul) |
| 07/19/2013 | 48 | MOTION to Dismiss *Plaintiff's Amended Complaint* by Graybar Electric Company Inc. (Young, Timothy) |
| 07/19/2013 | 49 | BRIEF in Support filed by Graybar Electric Company Inc re 48 MOTION to Dismiss *Plaintiff's Amended Complaint* . (Young, Timothy) |
| 08/09/2013 | 50 | RESPONSE to Motion filed by Claire A Hynek re 48 MOTION to Dismiss *Plaintiff's Amended Complaint* . (Attachments: # 1 BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION, # 2 Text of Proposed Order, # 3 Certificate of Service, # 4 Exhibit 1 - Amended Complaint, # 5 Exhibit 2 - Graybar's Motion & Memorandum)(McCoy, Robert) |
| 08/16/2013 | 51 | NOTICE of Appearance by Susan Gunty on behalf of Dossert Corporation. Attorney(s) appearing: Susan Gunty (Gunty, Susan) |
| 08/16/2013 | 52 | *Dossert Corporation's* ANSWER to Complaint AND CROSSCLAIM with Jury Demand filed by Dossert Corporation. (Gunty, Susan) |

| 08/16/2013 | 53 | CERTIFICATE by Dossert Corporation *of Interest and Certificate of Service* (Gunty, Susan) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/16/2013 13:39:30 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:13-cv-00391-WCG |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

Claire A. Hynek,  individually and as Special
Administrator of the Estate of Gary L. Hynek,
Deceased

                                        Plaintiff,

        v.

Bechtel Corporation, a corporation;
CBS Corporation, a corporation;
Dossert Corporation, a corporation;
Eaton Corporation, a corporation;
Ericsson Inc., a corporation;
General Electric Company, a corporation;
Graybar Electric Company, Inc., a corporation;
Occidental Chemical Corporation, a
corporation;
Plastics Engineering Company, a corporation;
Rogers Corporation, a corporation;
The Okonite Company, a corporation;
The Procter & Gamble Paper Products
Company, a corporation; and
Union Carbide Corporation, a corporation;

                                        Defendants.

Case No.  1:13-cv-391

## COMPLAINT

        Now comes the plaintiff, Claire A. Hynek, (hereinafter "Plaintiff"), individually and as

Special Administrator of the Estate of Gary L. Hynek ("hereinafter "Decedent"), by and through her

attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION AND PARTIES

1.      Plaintiff,  Claire A. Hynek, is the widow of decedent Gary L. Hynek and resides in Kimberly,

        Wisconsin.

2.      Decedent was an adult citizen and resident of Wisconsin.

3.      Decedent passed away on April 7, 2010.

4.      **Defendant Bechtel Corporation** is a contractor who used, removed or installed asbestos-containing products, and designed, engineered, built, or constructed facilities and premises that used asbestos-containing products, including without limitation, Point Beach Nuclear Power Plant near Two Rivers, Wisconsin.

5.      **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors and switch gears.  Westinghouse also erected and maintained steam generation equipment.

6.      **Defendant Dossert Corporation** manufactured, distributed, sold, and/or designed asbestos products, including without limitation wire and cable.

7.      **Defendant Eaton Corporation** is responsible for the conduct of Cutler Hammer.  Cutler Hammer manufactured, designed, and sold asbestos products including without limitation arc shields, switches, wire and other electrical equipment utilizing asbestos containing plastics and phenolics.

8.      **Defendant Ericsson Inc.** is responsible for the conduct of the Anaconda Wire & Cable Company and the Anaconda Company. The Anaconda Wire and Cable Company and the Anaconda Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation wire and cable.

9.      **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

10.  **Defendant Graybar Electric Company Inc.** manufactured, designed, and sold asbestos products including without limitation arc shields, switches, wire and other electrical equipment utilizing asbestos containing plastics and phenolics.

11.  **Defendant Occidental Chemical Corporation** is responsible for the conduct of Hooker Chemical. Hooker Chemical manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

12.  **Defendant The Okonite Company** manufactured, designed, and sold asbestos products including without limitation, wire and cable.

13.  **Defendant Plastics Engineering Company** (a/k/a "Plenco") manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

14.  **Defendant The Procter & Gamble Paper Products Company** is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    •   Procter & Gamble, Green Bay, WI.

15.  **Defendant Rogers Corporation** manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

16.  **Defendant Union Carbide Corporation** manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers.

17.  Defendants are all corporations, none of which is incorporated in or has its principal place

of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products."  (*See* Exhibit A for the state of incorporation and principal place of business of each defendant.)

18.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

19.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

20.    Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

21.    Decedent during the course of his employment as an Electrician at various job sites, including but not limited to those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

22.    Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

23.    As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with both non-malignant asbestos related disease and malignant asbestos related disease.

24.    As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with bilateral asbestos related pleural disease on May 12, 2010.

25.     As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer which was casually connected to asbestos exposure on May 12, 2010.

26.     As a direct and proximate result of the conduct of Defendants, Decedent died from lung cancer on April 7, 2010.

27.     Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

28.     Plaintiff and/or Decedent became aware of Decedent's asbestos-related conditions and that said conditions were caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

29.     Plaintiff brings this count for negligence against all defendants except defendant The Proctor & Gamble Paper Products Company and incorporates by reference all general allegations.

30.     It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

31.     Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

32.     Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

33.     Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

      a.      Failed to adequately warn Decedent or others of the health hazards of asbestos;

      b.      Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

      c.      Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

      d.      Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

      e.      Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

34.    As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

35.    Plaintiff reasserts and re-alleges the above allegations in lines 1 - 34 above.

36.    This cause of action is asserted against the manufacturing and supplying defendants, is not asserted against  defendant The Proctor & Gamble Paper Products Company, and

37.    The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

38.    At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

39.    Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or

anticipated by such defendants.

40.   Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a.   Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.   Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c.   Was not subjected to adequate investigation regarding its hazards to health; and

    d.   Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

41.   Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

### COUNT III- NEGLIGENCE - PREMISES OWNER

42.   Plaintiff reasserts and re-alleges the above general allegations in lines 1 - 41 above.

43.   This claim is brought against the following Defendants (hereinafter "Premises Defendants";

        a. The Proctor & Gamble Paper Products Company

44.   Defendants were the owners of the premises or are otherwise responsible for the premises during the dates and times of Decedent''s exposures to asbestos indicated on exhibit B.

45.   The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

46.   When Decedent worked at the premises, defendants knew or should have known about the health hazards of asbestos.

47.   Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

48.     Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

49.     As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

50.     Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

    a.      failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

    b.      failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

    c.      failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

    d.      failing to adequately test for asbestos where Decedent worked;

    e.      employing any contractor which failed to take reasonable precautions against the danger of asbestos;

    f.      allowing the use of asbestos containing products at the premises;

    g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

51.     As a direct and proximate result of the acts and omissions of the premise defendants above, Decedent was injured as described above.

## <u>COUNT IV – DECLARATORY JUDGMENT</u>

52.     Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

53.     Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

54.     Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## **COUNT V – WRONGFUL DEATH AND LOSS OF CONSORTIUM**

55.     Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations in lines 1 - 54 above.

56.     Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

a.      Judgment against defendants, jointly and severally, for compensatory and general damages.

b.      Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by a jury of 6.


Dated:  April 6, 2013


/S/ Michael P. Cascino_____
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email: mcascino@cvlo.com
Email: ecf.cvlo@gmail.com

**Exhibit A**

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| Bechtel Corporation | Nevada | California |
| CBS Corporation | Delaware | Pennsylvania |
| Dossert Corporation | New York | Connecticut |
| Eaton Corporation | Delaware | Ohio |
| Ericsson Inc. | Delaware | Texas |
| General Electric Company | New York | Connecticut |
| Graybar Electric Company, Inc. | New York | Missouri |
| Occidental Chemical Corporation | New York | Texas |
| Plastics Engineering Company | Wisconsin | Wisconsin |
| Rogers Corporation | Massachusetts | Connecticut |
| The Okonite Company | New Jersey | New Jersey |
| The Procter & Gamble Paper Products Company | Ohio | Ohio |
| Union Carbide Corporation | New York | Texas |

**Exhibit B**
<u>Decedent's work history</u>

| Job site | Site City | Site State | First year at site (approx.) | Last year at site (approx) |
|----------|-----------|------------|------------------------------|----------------------------|
| Rockwood Lime Quarry | Rockwood | WI | 1970s | 1990s |
| Paragon Electric | Two Rivers | WI | 1963 | 1970s |
| Point Beach Nuclear Power Station | Kewaunee | WI | 1970s | 1990s |
| Procter & Gamble | Green Bay | WI | 1970s | 1990s |
| Various residential, commercial, and industrial job sites | | WI | 1970s | 1990s |

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate Box:   ☑ Green Bay Division          ☐ Milwaukee Division

## I. (a) PLAINTIFFS

Claire A. Hynek,

**DEFENDANTS**

Bechtel Corporation, et al.,

**(b)** County of Residence of First Listed Plaintiff   Outagamie
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael P. Cascino - Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60607 -- Phone: (312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Med. Malpractice | ☐ 625 Drug Related Seizure       28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☑ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability       Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product       **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability       Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury       Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
Title 28, United States § 1332

Brief description of cause:
Asbestos Injury - Occupational Exposure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
>75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
April 6, 2013

SIGNATURE OF ATTORNEY OF RECORD
/S/ Michael P. Cascino

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE