ATTYOPEN

# United States District Court
# Eastern District of Wisconsin (Green Bay)
# CIVIL DOCKET FOR CASE #: 1:13−cv−00727−WCG
## *Internal Use Only*

| | |
|---|---|
| Arendt v. AW Chesterton Company et al | Date Filed: 06/26/2013 |
| Assigned to: Chief Judge William C Griesbach | Jury Demand: Defendant |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity−Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Georgia Arendt**  represented by  **Michael P Cascino**
*, individually and as Special Administrator of the Estate of Anthony Arendt, Deceased*
Cascino Vaughan Law Offices Ltd
220 S Ashland Ave
Chicago, IL 60607
312−944−0600
Fax: 312−944−1870
Email: ecf.cvlo@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**

**Defendant**

**Albany Felt Company Inc**  represented by  **Donald H Carlson**
*formerly known as*
Albany International Corp
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave − Ste 500
Milwaukee, WI 53203−2404
414−271−7722
Fax: 414−271−4438
Email: DCarlson@crivellocarlson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric D Carlson**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave − Ste 500
Milwaukee, WI 53203−2404
414−271−7722
Fax: 414−271−4438
Email: ecarlson@crivellocarlson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brandon Drying Fabrics Inc**  represented by  **James A Niquet**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave − Ste 500
Milwaukee, WI 53203−2404
414−271−7722
Fax: 414−271−4438
Email: jniquet@crivellocarlson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **CBS Corporation**<br>*successor*<br>Westinghouse Electric Corp<br>*successor*<br>Viacom Inc | represented by | **Roshan N Rajkumar**<br>Bowman and Brooke LLP<br>150 S 5th St – Ste 3000<br>Minneapolis, MN 55402<br>612–339–8682<br>Fax: 612–672–3200<br>Email: roshan.rajkumar@bowmanandbrooke.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Crane Co** | represented by | **Joshua L Johanningmeier**<br>Godfrey &Kahn SC<br>1 E Main St – Ste 500<br>PO Box 2719<br>Madison, WI 53701–2719<br>608–257–3911<br>Fax: 608–257–0609<br>Email: jjohanni@gklaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**General Electric Company**

**Defendant**

**Georgia–Pacific LLC**

**Defendant**

| | | |
|---|---|---|
| **John Crane Inc** | represented by | **John P Loringer**<br>O'Connell Tivin Miller &Burns LLC<br>400 E Wisconsin Ave – Ste 400<br>Milwaukee, WI 53202<br>414–455–8709<br>Fax: 312–256–8808<br>Email: jloringer@otmblaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**M–E–C Company**
*TERMINATED: 08/02/2013*

**Defendant**

**Metso Paper USA Inc**

**Defendant**

| | | |
|---|---|---|
| **Mount Vernon Mills Inc** | represented by | **Donald H Carlson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Eric D Carlson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Orr Felt Company** | represented by | **Timothy J Pike**<br>Peterson Johnson &Murray SC<br>10505 Corporate Dr – Ste 201A<br>Pleasant Prairie, WI 53158<br>262–997–6300<br>Fax: 262–997–1054 |

Email: tpike@pjmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens–Illinois Inc**

**Defendant**

**Pneumo Abex Corp**
*successor*
Abex Corporation

**Defendant**

**Uniroyal Inc**

**Defendant**

**Xerium Technologies Inc**
*successor*
Weavexx Corporation

**Third Party Defendant**

**Attorney General of the State of Wisconsin**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2013 | 1 | COMPLAINT with Jury Demand; against All Defendants by Georgia Arendt. ( Filing Fee PAID $400 receipt number 0757–1712670) (Attachments: # 1 Exhibit A (Defendants' States of Incorporation and Principal Places of Business), # 2 Exhibit B (Decedent's Work History), # 3 Civil Cover Sheet)(Cascino, Michael) |
| 06/26/2013 | 2 | DISCLOSURE Statement by All Plaintiffs. (Cascino, Michael) |
| 06/26/2013 | 3 | NOTICE by All Plaintiffs *of Potential Tag–Along Action* (Cascino, Michael) |
| 06/26/2013 |   | NOTICE Regarding assignment of this matter to Chief Judge William C. Griesbach; Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days; The consent/refusal form is available on our web site. (nts) (Entered: 06/27/2013) |
| 07/09/2013 | 4 | ANSWER to 1 Complaint, by John Crane Inc. (Attachments: # 1 Certificate of Service)(Loringer, John) |
| 07/09/2013 | 5 | *Cross–Claim and* ANSWER to Crossclaim filed by John Crane Inc. (Attachments: # 1 Certificate of Service)(Loringer, John) |
| 07/09/2013 | 6 | DISCLOSURE Statement by John Crane Inc. (Attachments: # 1 Certificate of Service)(Loringer, John) |
| 07/18/2013 | 7 | DOCUMENT TO BE REFILED. Consent to Jurisdiction by US Magistrate Judge by Georgia Arendt. (Cascino, Michael) Modified on 7/19/2013 (tlf). |
| 07/18/2013 | 8 | REQUEST for Issuance of Summons by Georgia Arendt (Cascino, Michael) |
| 07/19/2013 |   | NOTICE of Electronic Filing Error to Michael P Cascino re 7 Consent to Jurisdiction by US Magistrate Judge filed by Georgia Arendt ; Document must contain the name of the assigned magistrate judge. This document must be RE–FILED. Please refer to the policies and procedures for electronic case filing found at www.wied.uscourts.gov (tlf) |
| 07/19/2013 |   | NOTICE of Electronic Filing Error to Michael P Cascino re 8 Request for Issuance of Summons filed by Georgia Arendt ; The attached summons was not prepared using the version found on our website – please follow the instructions and resubmit the summons using the event Request for Issuance of Summons which is found under the heading other documents. Please refer to the policies and |

| | | |
|---|---|---|
| | | procedures for electronic case filing found at www.wied.uscourts.gov (tlf) |
| 07/23/2013 | | Summons Issued as to Attorney General of the State of Wisconsin. (aw) |
| 07/30/2013 | 9 | ANSWER to 1 Complaint, *and Answer to Anticipated Cross−Claims* by CBS Corporation.(Rajkumar, Roshan) |
| 07/30/2013 | 10 | DISCLOSURE Statement by CBS Corporation. (Rajkumar, Roshan) |
| 08/02/2013 | 11 | NOTICE of Voluntary Dismissal by Georgia Arendt. (Attachments: # 1 Certificate of Service)(Cascino, Michael) |
| 08/02/2013 | | (Court only) *** Party M−E−C Company terminated. (cav) |
| 08/05/2013 | 12 | Consent to Jurisdiction by US Magistrate Judge by Georgia Arendt. (Cascino, Michael) |
| 08/05/2013 | 13 | NOTICE of Appearance by Eric D Carlson on behalf of Albany Felt Company Inc. Attorney(s) appearing: Eric D. Carlson (Carlson, Eric) |
| 08/05/2013 | 14 | ANSWER to Complaint AND CROSSCLAIM against all co−defendants *Answer to Any and All Cross−Claims* filed by Albany Felt Company Inc. (Carlson, Eric) |
| 08/05/2013 | 15 | DISCLOSURE Statement by Albany Felt Company Inc. (Attachments: # 1 Certificate of Service Certificate of Service)(Carlson, Eric) |
| 08/05/2013 | 16 | NOTICE of Appearance by Eric D Carlson on behalf of Mount Vernon Mills Inc. Attorney(s) appearing: Eric D. Carlson (Carlson, Eric) |
| 08/05/2013 | 17 | ANSWER to Complaint AND CROSSCLAIM against all co−defendants *Answer to Any and All Crossclaims* filed by Mount Vernon Mills Inc. (Carlson, Eric) |
| 08/05/2013 | 18 | DISCLOSURE Statement by Mount Vernon Mills Inc. (Attachments: # 1 Certificate of Service Certificate of Service)(Carlson, Eric) |
| 08/05/2013 | 19 | Refusal to Jurisdiction by US Magistrate Judge by John Crane Inc. (Loringer, John) |
| 08/07/2013 | 20 | *Crane Co.'s* ANSWER to 1 Complaint, with Jury Demand *, Affirmative Defenses, and Answer to All Cross−Claims* by Crane Co.(Johanningmeier, Joshua) |
| 08/07/2013 | 21 | DISCLOSURE Statement by Crane Co. (Johanningmeier, Joshua) |
| 08/09/2013 | 22 | ANSWER to Complaint AND CROSSCLAIM against all defendants with Jury Demand *and Reply to All Cross−Claims* filed by Orr Felt Company. (Pike, Timothy) |
| 08/09/2013 | 23 | DISCLOSURE Statement by Orr Felt Company. (Pike, Timothy) |
| 08/09/2013 | 24 | Consent to Jurisdiction by US Magistrate Judge by Orr Felt Company. (Pike, Timothy) |
| 08/12/2013 | 25 | ANSWER to Complaint AND CROSSCLAIM with JURY DEMAND filed by Brandon Drying Fabrics Inc. (Niquet, James) |
| 08/12/2013 | 26 | NOTICE of Appearance by James A Niquet on behalf of Brandon Drying Fabrics Inc. Attorney(s) appearing: James A. Niquet (Niquet, James) |
| 08/12/2013 | 27 | DISCLOSURE Statement by Brandon Drying Fabrics Inc. (Niquet, James) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Georgia Arendt, individually and as Special Administrator of the Estate of Anthony Arendt, Deceased<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>A.W. Chesterton Company, *a corporation*;<br>Albany Felt Company, Inc., *a corporation;*<br>Brandon Drying Fabrics, Inc., *a corporation*;<br>CBS Corporation, *a corporation*;<br>Crane Company, *a corporation*;<br>General Electric Company, *a corporation*;<br>Georgia Pacific, LLC, *a corporation*;<br>John Crane, Inc., *a corporation*;<br>M-E-C Company, *a corporation*;<br>Metso Paper U.S.A., Inc., *a corporation*;<br>Mount Vernon Mills, Inc*., a corporation*;<br>Orr Felt Company, *a corporation*;<br>Owens-Illinois, Inc., *a corporation*;<br>Pneumo Abex Corporation, *a corporation*;<br>Uniroyal, Inc., *a corporation*;<br>Xerium Technologies, Inc., *a corporation*;<br><br>and<br><br>The Attorney General for the State of Wisconsin (*as a third-party defendant*),<br>　　　　　　　　　　　　Defendants. | Case No. 1:13-CV-727 |

## COMPLAINT

Now comes the plaintiff, Georgia Arendt, (hereinafter "Plaintiff"), individually and as Special

Administrator of the Estate of Anthony Arendt (hereinafter "Decedent"), by and through her

attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### JURISDICTION

1.　　　Plaintiff Georgia Arendt is the wife of decedent Anthony Arendt and resides in New

Franken, Wisconsin.

2. Decedent passed away on February 13, 2013.

3. Decedent, prior to his death, was an adult citizen and resident of Wisconsin and resided in New Franken, Wisconsin.

4. **Defendant A. W. Chesterton Company** manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

5. **Defendant Albany Felt Company, Inc.**, f/k/a Albany International Corp., manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

6. **Defendant Brandon Drying Fabrics, Inc.** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

7. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos-containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear. Westinghouse also erected and maintained steam generation equipment.

8. **Defendant Crane Company** designed, manufactured, and/or sold asbestos-containing products, including without limitation gaskets, packing, and valves.

9. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos-containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

10. **Defendant Georgia Pacific, LLC** manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

11. **Defendant John Crane, Inc.** designed, manufactured, and/or sold asbestos products, including without limitation gaskets and packing.

12. **Defendant M-E-C Company** designed, manufactured, sold, erected, installed and/or maintained drying systems and other equipment for the paper-making industry which contained asbestos products, including without limitation, brakes, pipe insulation and other insulated components.

13. **Defendant Metso Paper U.S.A., Inc.** manufactured and sold paper-making machinery and paper-conversion equipment which contained asbestos products, including without limitation, brakes.

14. **Defendant Mount Vernon Mills, Inc.** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

15. **Defendant Orr Felt Company** manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

16. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation.

17. **Defendant Pneumo Abex Corporation** is responsible for the conduct of Abex Corp., American Brakeblok Division f/k/a American Brake Shoe Co.  Abex Corp. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

18. **Defendant Uniroyal, Inc.** manufactured, sold, and/or designed asbestos products,

including without limitation cloth, textiles, yarn, gaskets, brakes and friction products.

19. **Defendant Xerium Technologies, Inc.** is responsible for the conduct of Weavexx Corporation. Weavexx Corporation manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

20. **Third Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that the Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. (*See* Plaintiff's Count III: Declaratory Judgment.)

21. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

22. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

23. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

24. Venue is proper pursuant to Title 28, United States Code, §1391.

## COUNT I: WRONGFUL DEATH AND LOSS OF CONSORTIUM

25. Decedent was employed as a factory worker at Green Bay Paper from 1953 to 1992. Decedent was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed,

packaged, installed or otherwise placed into commerce by defendants prior to 1980.

26. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by those working with or near asbestos products.

27. Decedent became aware of the asbestos-related condition and that the condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

28. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with asbestosis. Decedent died of respiratory failure on February 13, 2013.

29. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

30. It was reasonably foreseeable by defendants that Decedent and other workers would be working with or in the proximity of defendants' asbestos products.

31. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

32. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Decedent did not know that asbestos products were dangerous or harmful.

33. Notwithstanding the aforementioned duty, the defendants were negligent by one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Decedent, his employers, or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment;

    e.    Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

34. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of Decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and Plaintiff.

## COUNT II: PUNITIVE DAMAGES

35. The defendants acted maliciously, with intentional disregard for the rights, health, and safety of the decedent, for which Plaintiff is entitled to recover punitive damages.

## COUNT III: DECLARATORY JUDGMENT

36. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

37. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

38. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats.,

to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

39. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: June 26, 2013


 /S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

# Exhibit A

<u>Defendants' States of Incorporation and Principal Places of Business</u>

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| A. W. Chesterton Company | Massachusetts | Massachusetts |
| Albany Felt Company, Inc. | New York | New York |
| Brandon Drying Fabrics, Inc. | Delaware | South Carolina |
| CBS Corporation | Delaware | Pennsylvania |
| Crane Company | Delaware | Connecticut |
| General Electric Company | New York | Connecticut |
| Georgia Pacific, LLC | New York | Connecticut |
| John Crane, Inc. | Delaware | Illinois |
| M-E-C Company | Kansas | Kansas |
| Metso Paper U.S.A., Inc. | Delaware | Georgia |
| Mount Vernon Mills, Inc. | Maryland | South Carolina |
| Orr Felt Company | Ohio | Ohio |
| Owens-Illinois, Inc. | Delaware | Ohio |
| Pneumo Abex Corporation | Delaware | Connecticut |
| Uniroyal Holdings, Inc. | New Jersey | Connecticut |
| Xerium Technologies, Inc. | Delaware | North Carolina |

**Exhibit B**
<u>Decedent's work history</u>

| Site Location | Site City | Site State | First Year | Last Year |
|---|---|---|---|---|
| Green Bay Paper | Green Bay | WI | 1953 | 1992 |

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Place an X in the appropriate Box:   ☒ Green Bay Division   ☐ Milwaukee Division

## I. (a) PLAINTIFFS
Georgia Arendt

**DEFENDANTS**
A. W. Chesterton Company, et al.

**(b)** County of Residence of First Listed Plaintiff: **Brown**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Foreign**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, 220 S Ashland Ave., (312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States section 1332.

Brief description of cause:
Asbestos Injury, occupational exposure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___   DOCKET NUMBER ___

DATE: June 26, 2013
SIGNATURE OF ATTORNEY OF RECORD: /S/ Michael P. Cascino

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE