BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)<br><br>THIS DOCUMENT RELATES TO: | ) MDL DOCKET NO. 875<br>)<br>)<br>)<br>) |

| | |
|---|---|
| GEORGE BOLTON, an individual, and KAREN BOLTON, an individual,<br><br>                Plaintiffs,<br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>                Defendants. | ) Eastern District of Pennsylvania Civil Action No. 12-cv-60128<br>)<br>) OPPOSITION OF DEFENDANTS AIR & LIQUID SYSTEMS CORP. (SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.) AND BURNHAM CORPORATION TO CONDITIONAL REMAND ORDER FOR CAN/4:12-CV-00723<br>)<br>) Hearing. Date:  NONE<br>) Time:            N/A<br>) Judge: Hon. Edguardo Robreno |

I.  **INTRODUCTION**

Defendants Air and Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc. and Burnham Corporation ("Defendants") file this Opposition to the Judicial Panel on Multidistrict Litigation Conditional Remand Order on the grounds that discovery has not been completed in this case. The proposed Amended Complaint adds a new plaintiff with an individualized claim that has not been the subject of any discovery to date. Defendants have a right to conduct discovery on the new Plaintiff and her claims brought as an individual wrongful death plaintiff before this matter is remanded back to the local district court.

Plaintiff moved the Eastern District of Pennsylvania Court for an Order granting leave to amend the Complaint while simultaneously requesting in a separate motion that this case be remanded on the grounds that all pre-trial proceedings have been completed, including all discovery.[1] That, however, is not an accurate assessment of the status of discovery in this case. The original Plaintiff, George Bolton, recently passed away. His wife predeceased him. Not all discovery was completed in Mr. Bolton's case. Experts, for example, were never deposed[2]. The Bolton's purportedly sole heir, Ms. Lindy Dawn Guenther, was not a party to the Bolton litigation. She was not deposed, and did not respond to any written discovery. The proposed amended complaint will add two new parties: Lindy Dawn Guenther, who will be asserting her individual claim for wrongful death, and Lindy Dawn Guenther in her representative capacity as successor to George Bolton.[3] Defendants should be allowed to conduct necessary discovery.

There is no urgency to remand this case, particularly since there is discovery that has not been completed (expert depositions) and other discovery that has not yet begun

---

[1] Plaintiff's Notice of Motion For Suggestion of Remand, pgs. 2-3 [Docket # 152], attached to Declaration of Glen R. Powell ("Powell Decl.") as Exhibit A.
[2] The Scheduling Order in the Bolton personal injury case did not include a deadline for completing expert depositions. No experts were deposed by plaintiffs or defendants.
[3] *Id.* at pg. 3.

(wrongful death discovery). Defendants are entitled to undertake discovery, including written discovery and a deposition of the new Plaintiff to assess her claims. Ample time should be provided for this. Experts will need to be deposed, and it may be that expert reports will need to be amended. Also, further dispositive motions may be necessary. For these reasons, remand should not be permitted until Defendants are afforded the opportunity to conduct and complete all necessary discovery, including expert discovery, in an orderly manner, and to be afforded the time to file any further dispositive motions prior to remanding this case to the USDC, Northern District of California.

## II. LEGAL ARGUMENT

### A. Defendants Are Entitled To Discovery From a Wrongful Death Plaintiff

Plaintiffs in their notice of motion for suggestion of remand represented that all discovery is complete.[4] This is untrue, both with respect to the personal injury Bolton litigation, and, of course, with respect to the new proposed wrongful death action which involves a new plaintiff and new claims. The parties have not deposed experts, Ms. Lindy Dawn Guenther has not been deposed, and in fact no discovery has taken place in the wrongful death action which has not yet even been filed and served.

Defendants will be substantially prejudiced should Plaintiff's notice of motion for suggestion of remand be granted without reopening discovery. This putative plaintiff, Ms. Lindy Dawn Guenther, is new to this litigation. Her deposition has not been taken, and the basis for her claims has, for obvious reasons, never been explored through discovery.

When the Amended Complaint is filed, there will be two new parties: Mr. Bolton's daughter in her individual capacity seeking damages for wrongful death, and Mr. Bolton's daughter in her representative capacity as successor to her father's estate.

---

[4] On July 17, 2013, this Court granted Plaintiff's Motion for Leave to File a First Amended Complaint [Powell Decl., Exhibit B].

2

Wrongful death damages of an heir are not co-extensive with the damages available to a plaintiff in a personal injury action. (Cal. Code Civ. Proc. § 377.34, § 377.61.) This new Plaintiff will have individual, unique claims for damages. (*Id.*) Wrongful death claims are different from personal injury claims because they involve different parties and different causes of action which entitle Defendants to discovery of the new party and their claims.

Defendants must be allowed to conduct this discovery to defend against these new claims. Ample time should be provided to serve written discovery and take depositions. Ample time should also be provided to accommodate all other relevant pre-trial proceedings such as discovery motions and motions for summary judgment as appropriate.

### B.   Failure to Reopen Discovery Constitutes A Violation of Defendants' Due Process Rights

Due Process requires that Defendants be allowed discovery so that they may adequately prepare their defenses for trial. *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* 37 Cal. App. 4th 855, 867-868 (blanket stay of discovery affects defendants' due process rights). Defendants will be severely prejudiced as to the wrongful death and survival claims without additional discovery. Without this necessary discovery, Defendants will be unable to effectively cross-examine Ms. Guenther, Plaintiff's experts, or prepare it's own witnesses and expert's for trial.

### C.   Remand Is Inappropriate

"The purpose of the MDL statute is to consolidate and coordinate pretrial proceedings in one court to avoid conflicting and duplicative pretrial demands on parties and witnesses in related cases." *In Re Regents of University of California* 964 F. 2d 1128, 1131 (Fed Cir. 1992). Indeed, the original MDL transfer order provided that the 26,639 actions pending in 87 federal districts involving allegations of personal injury or

wrongful death caused by asbestos exposure be transferred for coordinated pre-trial proceedings to the US District Court for the Eastern District of Pennsylvania. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. at 424. The Panel's decision to establish the MDL was motivated by its conclusion that:

> [T]he actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Judicial Panel on Multidistrict Litigation indicated its desire to "avoid duplication of effort" and "prevent inconsistent decisions" as being important considerations. *Id.* at 421 & n.7. The instant case is no different from those previously litigated in MDL 875. Declining to reopen discovery and retain this matter in the MDL to address the wrongful death claims will not promote the JPML's desire to avoid "duplication of effort" or "promote the just and efficient conduct of the litigation." Consequently, reopening discovery and retaining this matter in the MDL for the purpose of addressing the new Plaintiff's wrongful death claims is appropriate to best serve the convenience of the parties and witnesses and promote the overarching aim of the MDL to consolidate and coordinate all pretrial proceedings in MDL 875.

### III. CONCLUSION

Defendants request that the Conditional Remand Order Remand be set aside so that (1) defendants may conduct and complete all necessary discovery, including expert discovery, (2) defendants be afforded the time to file any further dispositive motions prior to remanding this case to the Northern District of California Court, and (3) that this Court retain this case in the MDL for the purpose of coordinating all pretrial proceedings associated with Plaintiff's new wrongful death claims. Decedent's passing has removed any exigency associated with this matter.

Defendants therefore request that this Court allot at least 120 to 180 days for the completion of discovery.

Dated: August 19, 2013                    GORDON & REES LLP

By: /s/ Glen R. Powell
    MICHAEL J. PIETRYKOWSKI
    JAMES G. SCADDEN
    GLEN R. POWELL
    Attorneys for Defendant
AIR & LIQUID SYSTEMS CORP., successor by merger to BUFFALO PUMPS, INC.; BURNHAM CORPORATION

CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.

On the date set forth below, I served a copy of the foregoing document(s) described as:

**OPPOSITION OF DEFENDANTS AIR & LIQUID SYSTEMS CORP. (SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.) AND BURNHAM CORPORATION TO CONDITIONAL REMAND ORDER FOR CAN/4:12-CV-00723**

**DECLARATION OF GLEN R. POWELL IN SUPPORT OF OPPOSITION OF DEFENDANT AIR & LIQUID SYSTEMS CORP., SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. and BURNHAM CORPORATION, TO CONDITIONAL REMAND ORDER**

[X] by electronically serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 19, 2013, at San Francisco, California.

_____
Eileen Spiers

6