**BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | : | MDL NO. 875 |
| LIABILTY LITIGATION | : | |
| | : | |
| | : | ORAL ARGUMENT |
| | : | REQUESTED |

---

**Plaintiffs' Opposition to Electric Boat Corporation's Motion to Transfer**

---

**INTRODUCTION AND BACKGROUND**

The plaintiffs originally filed this action in Connecticut Superior Court against defendant, Electric Boat, seeking damages for personal injuries sustained as the result of Richard Prentice's occupational exposures to asbestos while serving in the United States Navy from 1948 through 1967.  Mr. Prentice was diagnosed with malignant mesothelioma on March 29, 2012.

On May 21, 2012, defendants removed this case to federal court.  The case was then transferred to the MDL Panel in Philadelphia on June 18, 2012.

Electric Boat filed a motion for summary judgment on March 14, 2013.  The plaintiffs' opposition to Electric Boat's motion was due May 15, 2013.  On May 22, 2013, the plaintiffs filed a motion for extension of time to file its opposition and to amend the scheduling order (2:12- cv-60159 ER)(Docket Entry No. 48).  Realizing their mistake in not

filing an opposition by the May 15th deadline, the plaintiffs requested additional time up to June 5, 2013 to object to Electric Boat's motion for summary judgment.  The request for additional time was filed *with Electric Boat's consent* on the condition that Electric Boat be granted thirty days to reply to the plaintiffs' opposition.  On May 29, 2013, the plaintiffs filed their Opposition to Electric Boat's Motion for Summary Judgment (2:12- cv-60159 ER) (Docket Entry No. 49).

On June 3, 2013, the Court denied the plaintiffs' motion for extension of time, granted Electric Boat's motion for summary judgment as unopposed, and ordered that the case be marked as closed (2:12- cv-60159 ER) (Docket Entry No. 53).[1]  The plaintiffs subsequently filed three motions for relief (2:12- cv-60159 ER)(Docket Entries No. 54, 55, and 56) because the Court's June 3rd order failed to properly raise, consider, and address the plaintiffs' negligence allegation in Count III of the plaintiffs' complaint and amounted to

---

[1] As indicated by footnote 2 of the Court's June 3, 2013 order (2:12- cv-60159 ER)(Docket Entry No. 53), the Court determined that there are no genuine issues of material fact based on the "uncontested" evidence presented by the defendant:

> "The basis for Defendant's motion is that there is no genuine dispute as to the material fact of whether Plaintiffs' asbestos-related injuries were caused by products manufactured, supplied, or distributed by these Defendants. See Fed. R. Civ. P. 56(a).  Based on the uncontested evidence presented by Defendants, the Court concludes that the Defendant is entitled to judgment as a matter of law."

manifest injustice.[2]  These motions remain pending though the case was marked closed on June 4, 2013.

Subsequently, the plaintiffs commenced a second action in Connecticut Superior Court.  Electric Boat appeared and removed the second case  to the United States District Court for the District of Connecticut, where it is currently pending as <u>Richard Prentice and Shirlee Prentice v. Electric Boat</u>, (3:13-cv-01050-WWE).

On July 25, Electric Boat filed a Notice of Tagalong Action.  The Clerk determined that the action was not appropriate for inclusion in the MDL in accordance with the November 21, 2012 order by the United States Judicial Panel on Multi-District Litigation that ceased transfers of cases from certain jurisdictions, including the United States District Court for the District of Connecticut.[3]

Notwithstanding this clear mandate from the MDL Panel to cease transfers from the District of Connecticut, the defendant now seeks the transfer of the new Connecticut action (3:13-cv-01050-WWE) to the MDL.[4]

## LEGAL ARGUMENT

---

[2] Granting summary judgment because Richard Prentice was not exposed to asbestos products manufactured by Electric Boat was incorrect.  Whether or not Electric Boat is deemed to be a "product seller" or "manufacturer" under the Product Liability Act is irrelevant as to the negligence alleged in Count III of the Complaint.  The plaintiffs' disregarded May 29, 2013 opposition addressed this issue. (Docket Entry No. 49).
[3] Under 28 USC § 1407(a), the panel may also "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."
[4] Although the Motion to Transfer can be considered in the MDL, activity in the case in the District of Connecticut will not be suspended as a result and will continue as scheduled. See <u>U.S. ex rel Cosens v. Yale-New Haven Hosp.</u>, 233 F. Supp. 2d 319, 321 (D. Conn. 2002).

3

    **A.**    ***The present action was properly brought in Connecticut state court and should remain in the United States District Court for the District of Connecticut where it is currently pending.***

The plaintiffs' original action in the MDL was dismissed and marked as closed after the granting of Electric Boat's motion for summary judgment (without any consideration of the merits of the plaintiffs' claims).  After the MDL action was dismissed and closed, the plaintiffs' commenced a new, second action in Connecticut state court, which has since been removed to the District Court in Connecticut.  The case currently pending in the District Court contains a "new" cause of action with supplemented facts in order to avoid any confusion about the nature of plaintiffs' claim against the defendant.[5]  Although it remains the plaintiffs' position that it is not necessary to recite the applicable statute of limitation in the Complaint, the plaintiffs have brought this action with a clearly pled cause of action citing General Statutes § 52-577c.  As stated in the plaintiffs' opposition to the defendant's motion for summary judgment in the now-dismissed MDL case, this negligence cause of action is not a product liability claim under Connecticut's Product Liability Act (General Statutes § 52-572m, *et seq*.), but is instead a common-law negligence action arising from exposure to a hazardous chemical or substance (asbestos), which is governed by the statute of limitation in General Statutes § 52-577c.

---

5 It is the plaintiffs' position that as long as its original case in the MDL remains closed, its negligence claim and, therefore, the facts supporting it, have not been considered, litigated, or decided on the merits.

4

Connecticut is the proper venue for this negligence action.  The negligence claim concerns a Connecticut-domiciled plaintiff with claims against a Connecticut-based corporation.  The alleged tort occurred in Connecticut.  Further, the Court will be applying Connecticut substantive law.  Moreover, there is no reason why the parties cannot cooperate to avoid duplication of the discovery sought.  Suitable alternatives to a Section 1407 transfer are available and any possibility of duplicative discovery is more illusory than real.  See In re Highway Acc. Near Rockville, Connecticut, on December 30, 1972, 388 F. Supp. 574, 575-76 (J.P.M.L. 1975).  It is in the best interests of the parties and the State of Connecticut for this action to be properly venued in the District of Connecticut.  Taking into account all of the circumstances, on balance, factors of convenience and the interests of justice require that the Motion to Transfer be denied.

The defendant's Motion to Transfer in the instant case should be denied because it would amount to further injustice and would deny the plaintiffs their day in a Connecticut court.

**B.      *The Eastern District of Pennsylvania and the MDL Panel lacks subject matter jurisdiction and personal jurisdiction over the newly-filed Connecticut action and over the plaintiffs and defendant.***

As recited above, the plaintiffs' original lawsuit was initiated in Connecticut state court.  It was involuntarily removed to federal court (District of Connecticut) by the defendants and subsequently transferred (again involuntarily) by the MDL Panel to the Eastern District of Pennsylvania under the then-existing rules that governed the funneling of

all pending federal asbestos lawsuits into MDL 875.  That original action was dismissed and closed by the Eastern District.  On November 21, 2012, after the case was transferred to the Eastern District on June 18, 2012 but before the case was dismissed and closed on June 3, 2013, the MDL Panel ordered that all transfers from the District of Connecticut be ceased as part of the Panel's ongoing efforts to essentially close MDL 875 and return all asbestos cases to their respective (home) transferor courts.  All transfers from the District of Connecticut have now been stopped and any asbestos case pending in the District of Connecticut will remain in the District of Connecticut.

The defendant, however, has now sought to transfer the plaintiffs' newly-filed, second lawsuit back to the now-closed MDL.  This case has no connection to Pennsylvania or to the Eastern District.  The plaintiffs are domiciled in Connecticut.  The defendant is a Connecticut-based corporation that has been located in Groton, CT for more than 70 years. The alleged tortious conduct occurred in Connecticut.  Plaintiffs' counsel is in Connecticut. The MDL Panel has ceased all transfers from the District of Connecticut.  There is simply no connection to Pennsylvania or the Eastern District, and there is no authority to transfer this case away (again) from the District of Connecticut to a foreign jurisdiction in Pennsylvania that has no connection to the parties or to the facts of the case.  In fact, this case is now only

pending in one district.[6]  The Eastern District of Pennsylvania, therefore, lacks subject matter jurisdiction over this newly-filed action and lacks personal jurisdiction over the parties. Subject matter jurisdiction cannot be waived by the parties and challenges to subject matter jurisdiction must be addressed by the Court when raised, and it must be addressed before the Court takes any further action in this case.

Not only does the Eastern District lack subject matter jurisdiction over this action, but it also lacks personal jurisdiction over the parties.  While the defendant may choose to waive its potential personal jurisdiction objections, the plaintiffs do not waive their objections.  The plaintiffs have no connection at all to Pennsylvania or to the Eastern District, with the one exception that their first lawsuit was involuntarily transferred to the Eastern District under the now-defunct rules governing consolidation of federal asbestos claims.  Those rules are no longer in effect, however, and the Eastern District now lacks personal jurisdiction over the plaintiffs.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the Court deny this Motion for Transfer.

---

[6] "When civil actions involving one or more common questions of fact are pending *__in different districts__*, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407 (emphasis added).  "Jurisdiction in these cases is based on diversity."  In re Boardwalk Marketplace Sec. Litig., 668 F. Supp. 115, 116 (D. Conn. 1987).

Respectfully submitted,
THE PLAINTIFFS


/s/Christopher Meisenkothen, Esq.
Christopher Meisenkothen, Esq.
Federal Bar No.: ct20906
Early, Lucarelli, Sweeney, &
Meisenkothen, LLC
265 Church Street, 11th Floor
New Haven, CT  06510
203-777-7799 phone
203-785-1671 fax
jkanca@elslaw.com
Counsel for the Plaintiff


**Certificate of Service**

I hereby certify that on August 20, 2013 a copy of foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


/s/Christopher Meisenkothen, Esq.
Christopher Meisenkothen, Esq.
Federal Bar No.: ct20906
Early, Lucarelli, Sweeney, &
Meisenkothen, LLC
265 Church Street, 11th Floor
New Haven, CT  06510
203-777-7799 phone
203-785-1671 fax
jkanca@elslaw.com
Counsel for the Plaintiff

8