BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : : : : | MDL NO. 875 |

**ELECTRIC BOAT CORPORATION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO TRANSFER PURSUANT TO 28 U.S.C §1407**

Defendant Electric Boat Corporation ("Electric Boat") by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby respectfully submits this reply brief in support of its Motion to Transfer and in accordance with Rule 6.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML" or "Panel").

## I.     INTRODUCTION

On August 5, 2013 Electric Boat filed a motion to transfer pursuant to 28 USC §1407. The motion seeks to transfer the case captioned Richard Prentice and Shirlee Prentice v. Electric Boat, venued in the United States District Court for the District of Connecticut, Docket No. 3:13-cv-01050-WWE, to the Multi-District Litigation 875 (In re Asbestos Products Liability Litigation) in the United States District Court, Eastern District of Pennsylvania ("MDL"). There, it would be joined with Richard Prentice and Shirlee Prentice v. Electric Boat, et al., MDL, 2:12-cv-60159-ER, currently pending before Judge Robreno.

The basis for the motion to transfer is discussed at length in Electric Boat's supporting brief, which Electric Boat incorporates herein by reference.[1] Briefly stated, both cases were brought by the same plaintiffs, in the same jurisdiction and concern identical alleged exposures

---

[1] See JPML Case CT/3:13-cv-01050, Document No. 2-1.

to asbestos over Mr. Prentice's lifetime and alleged resultant injuries. Electric Boat is the sole defendant in both cases.[2] Absent a transfer of the second-filed case, these near-identical cases will be litigated in two different circuits. A transfer of the second-filed case to the MDL is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

On August 20, 2013, plaintiffs opposed Electric Boat's motion to transfer. For the reasons discussed more fully below, plaintiffs arguments in opposition are without merit. Electric Boat reiterates its request to the Panel that the subject action be transferred to the MDL.

## II.    ARGUMENT

Electric Boat's motion to transfer articulated the legal basis for a transfer of the later-filed Connecticut case to the MDL. Plaintiffs' Opposition consists of two arguments; neither of which have any merit. We address each in turn.

### A. PLAINTIFFS ARGUMENT THAT THE CONNECTICUT DISTRICT COURT ACTION WAS "PROPERLY BROUGHT IN CONNECTICUT STATE COURT" IS WITHOUT MERIT AND FAILS TO ADDRESS ELECTRIC BOAT'S ARGUMENTS IN SUPPORT OF THE PROPOSED TRANSFER.

Plaintiffs' primary argument against the transfer is that the MDL case is closed; they filed a case in Connecticut with a "new" cause of action (plaintiffs' themselves use the word "new" in quotation marks); and that case is properly venued in Connecticut where it should remain. Each link in this chain of argument is either incorrect or a disingenuous mischaracterization.

First, while the MDL case was technically marked closed after Electric Boat was granted summary judgment, *plaintiffs* filed three subsequent motions seeking relief from the grant of summary judgment. These motions remain pending. Therefore, the MDL case is pending; and

---

[2] Electric Boat is the sole defendant in the case pending in District Court in Connecticut. See USDC CT 3:13-cv-01050.  Electric Boat is the sole remaining defendant in the case pending in the MDL. See MDL 2:12-cv-60159.

there are two related cases pending in two federal districts, and Electric Boat's motion to transfer is ripe and appropriate.

Second, plaintiffs' "new" cause of action in the second-filed Connecticut case (i.e., Conn. Gen. Stat. §52-577c) is not remotely new. Plaintiffs have argued *ad nauseum* that a Section 52-577c cause of action was pleaded in the MDL case; *to wit*:

1. <u>Plaintiffs' Opposition to Electric Boat's Motion for Summary Judgment</u>: "The prospective cause of action under CGS §52-577c alleges that Electric Boat negligently released a hazardous substance (asbestos) into the environment in and around the Electric Boat shipyard, which led to Mr. Prentice's injury."[3]

2. <u>Plaintiffs' Motion for Reconsideration and Reargument</u>: "The defendant and, subsequently, the Court have misunderstood the nature of the plaintiffs' complaint against the defendant…. this negligence cause of action is not a products liability claim…. but is instead a negligence action governed by the statute of limitations in General Statutes § 52-577c."[4]

3. <u>Plaintiffs' Motion to Alter and Amend a Judgment</u>: "The defendant and, subsequently, the Court have misunderstood the nature of the plaintiffs' complaint against the defendant…. this negligence cause of action is not a products liability claim…. but is instead a negligence action governed by the statute of limitations in General Statutes § 52-577c."[5]

4. <u>Plaintiffs' Motion for Relief from a Judgment</u>: "The defendant and, subsequently, the Court have misunderstood the nature of the plaintiffs' complaint against the defendant…. this negligence cause of action is not a products liability claim…. but is instead a negligence action governed by the statute of limitations in General Statutes § 52-577c."[6]

Despite the creativity and/or repetition of plaintiffs' arguments that a Section 52-577c cause of action was "prospective" or "misunderstood" in the MDL case, the bald truth is that it was not pleaded.[7] Regardless, plaintiffs vigorously assert this position and have sought relief

---

[3] See Plaintiffs' Opposition to Electric Boat's Motion for Summary Judgment, USDC EDPA, 2:12-cv-60159, ECF No. 49, page 9.
[4] See Plaintiffs' Motion for Reconsideration and Reargument, USDC EDPA, 2:12-cv-60159, ECF No. 54, page 5.
[5] See Plaintiffs' Motion to Alter and Amend a Judgment, USDC EDPA, 2:12-cv-60159, ECF No. 55, page 5.
[6] See Plaintiffs' Motion for Relief from a Judgment, USDC EDPA, 2:12-cv-60159, ECF No. 56, page 7.
[7] See plaintiffs' May 8, 2012 complaint annexed as Exhibit A to Electric Boat's Brief in Connection with its Motion to Transfer.

from the MDL court based on this position. Plaintiffs should be required to follow this position to its logical conclusion: both actions are identical and the second-filed case is entirely duplicative – it should therefore be withdrawn as the claim is precluded.

Instead of acknowledging and taking steps to resolve this duplicitous position, plaintiffs explain that the second-filed case was to "avoid any confusion about the nature of plaintiffs' claim against the defendant."[8] To state the obvious, the manner in which to clear up any "confusion" of this variety would have been by way of an Amended Complaint in the MDL case. The time for such an amendment is long past.[9]

Moreover, plaintiffs' stated basis for the second-filed case (i.e., to "avoid confusion") is an acknowledgement that their predicament in the MDL compelled them to file another lawsuit. That lawsuit, by plaintiffs' own contention – is identical to one which is pending. Plaintiffs desire to cure their mistakes on the backs of Electric Boat and the judicial system should not be permitted.

Plaintiffs, on one hand, argue in three motions that they asserted a Section 52-577c claim in their first action. On the other, plaintiffs instituted a second lawsuit purportedly to assert a Section 52-577c claim – that they expressly maintain has already been asserted in the first case. Sorting through these conflicting positions results in one clear conclusion: either plaintiffs frivolously filed three separate motions claiming to have asserted a cause of action not actually pleaded; or plaintiffs have frivolously filed a new case alleging a cause of action which they assert was pleaded in a prior case.[10] Plaintiffs' fast-footed positioning is yet another reason why Electric Boat's motion to transfer should be granted.

The third and final link in plaintiffs' argument is that the action is properly venued in

---

[8] See plaintiff's Opposition to Electric Boat's Motion to Transfer ("Pltf. Opp.") at page 4.
[9] See Scheduling Order, annexed as Exhibit C to Electric Boat's Brief in Connection with its Motion to Transfer.
[10] Electric Boat reserves all rights, defense and relief in connection with plaintiffs' filings.

Connecticut; and that plaintiffs should not be "denied their day in a Connecticut court."[11] This argument is similarly without merit. As to venue, plaintiffs state that the claim involves a Connecticut-domiciled plaintiff a Connecticut-based corporation and a tort that occurred in Connecticut. Plaintiffs then conclude "taking into account all of the circumstances, on balance, factors of convenience and the interests of justice require that the Motion to Transfer be denied."[12] Setting aside the fact that plaintiffs did not consider all relevant venue factors and did not "balance" any test that supports this conclusion, the argument is beside the point.

Plaintiffs appear to confuse Electric Boat's motion to transfer with a 28 USC §1404 motion to change venue. Electric Boat's motion to transfer is made pursuant to 28 USC §1407: Electric Boat seeks to transfer a case to the MDL (which happens to sit in the Eastern District of Pennsylvania) for the purposes of "coordinated or consolidated pretrial proceedings" for cases concerning "common questions of fact [which] are pending in different districts." See 28 USC §1407. The MDL is merely a *location* in a federal district for coordinated or consolidated pretrial proceedings. Transferred actions in the transferee district are remanded to their originating transferor districts by the Judicial Panel at or before the conclusion of centralized pretrial proceedings. See 42 USC §1407. Electric Boat seeks this transfer in the interests of judicial economy and to prevent inconsistent rulings. Venue considerations are not relevant in this context. (Electric Boat incorporates its arguments in Section II(B) herein by reference.)

MDL 875 was established for purposes of pre-trial discovery. A suggestion of remand (to the transferor court) is automatically entered in each case within thirty days of the final summary judgment hearing and pre-remand conference.[13] Thus, in this instance, should the case proceed to trial, it would be remanded to the transferor court *in Connecticut* where plaintiff may

---

[11] See Pltf. Opp at page 5.
[12] See Pltf. Opp at page 5.
[13] See http://www.paed.uscourts.gov/mdl875p.asp#RemandProcedures

have his day in court.

Along this same vein, plaintiffs' claims of denial of a day in Connecticut court are unfounded. Plaintiffs have been afforded a full and broad opportunity to litigate their claims. The subject lawsuit is plaintiffs' *third* arising from the same allegations and injuries. Not only is plaintiff litigating the two pending actions that are the subject of this motion to transfer, but plaintiffs have a third case pending in Connecticut Superior Court.[14] The complaint in that case mirrors the complaint of the case pending in the MDL, verbatim. Plaintiffs pending Connecticut Superior Court action names 46 defendants and has a current February 4, 2014 trial date.[15] Thus, plaintiffs have three contemporaneously pending lawsuits arising from the same alleged occurrences and injuries. Plaintiffs' argument that they have been or may be denied a "day in court" is an affront to the judicial system.

**B. PLAINTIFFS' ARGUMENTS REGARDING THE MDLS LACK OF SUBJECT MATTER OR PERSONAL JURISDICTION ARE INAPPOSITE.**

Plaintiffs' second argument against Electric Boat's requested transfer is that the United States District Court for the Eastern District of Pennsylvania lacks personal jurisdiction over the plaintiffs and lacks subject matter over the action. Plaintiffs' venue and jurisdiction objections reveal plaintiffs' lack of understanding of the multidistrict litigation. These arguments are inapposite in the context of the subject motion.

By way of explanation, In re FMC Corp. Patent Litigation, 422 F. Supp. 1163 (J.P.M.L. 1976), concerned the potential transfer of several actions in several district courts. The claims all derived from FMC Corporation's ("FMC") purported ownership of a single patent. See 422 F. Supp at 1164. In that case, all parties recognized, and the Panel agreed, that the litigation

---

[14] See Richard Prentice and Shirlee Prentice v. Alfa Laval et al, Connecticut Superior Court, FBT-CV12-6026706-S.
[15] Based upon a review of the docket for the pending Connecticut Superior Court action, Electric Boat understands that of the 46 defendants sued therein, the case remains pending against 41 such defendants.

involved common factual questions concerning the validity of the patent held by FMC; and that transfer was necessary to eliminate duplication of discovery and prevent inconsistent pretrial rulings. Id. at 1165. The issue before the Panel was the appropriate transferee district. Defendant Jenkins Equipment Company ("Jenkins") advocated for the Northern District of Ohio because, *inter alia*, the forum had jurisdiction over all parties to the action. Id. Defendant Jenkins contested the District of Kansas forum, arguing that its lack of jurisdiction and venue made the District of Kansas an inappropriate transferee forum because the court would lack authority to enforce it rulings on discovery matters through the imposition of sanctions. Id.

> The Panel held:
>
> "[W]e find these arguments unpersuasive. Jenkins' contentions regarding jurisdiction and venue are based on a total misconception of Section 1407. Transfers under Section 1407 are simply not encumbered by considerations of *in personam* jurisdiction and venue. A transfer under Section 1407 is, in essence, a change of venue for pretrial purposes. Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."

Id (internal citations omitted).

Here, too, plaintiffs' arguments are based on a total misconception of 28 USC §1407. Plaintiffs' personal and subject matter jurisdiction objections are not relevant in the context of the multidistrict litigation. See Id.; see also In re "Agent Orange" Prod. Liab. Litig. (1987, CA2 NY) 818 F2d 145, 7 FR Serv 3d 1003, cert den (1988) 484 US 1004, 98 L Ed 2d 648, 108 S Ct 695 (the District Court, as transferee court acting pursuant to valid transfer order of Judicial Panel on Multidistrict Litigation under 28 USCS § 1407, does not violate Due Process Clause in exercising personal jurisdiction over members of class who lack contacts with forum state which would otherwise be necessary, since § 1407 authorizes exercise of nationwide personal jurisdiction by Judicial Panel on Multidistrict Litigation and its transferee courts.)

The purpose of 28 USCS § 1407 is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation and to assure just and efficient conduct of such actions. See <u>In re New York City Mun. Sec. Litig</u>. (1978, CA2 NY) 572 F2d 49, CCH Fed Secur L Rep P 96412. Plaintiffs claims against Electric Boat in the District Court of Connecticut should be joined with its identical, companion case in the MDL for the reasons described in Electric Boat's motion to transfer and herein. The transfer is necessary to prevent duplicative discovery, inconsistent pretrial rulings, and to conserve resources of parties and the court and Electric Boat's motion should accordingly be granted.

### III.     CONCLUSION

For the foregoing reasons, Electric Boat respectfully requests that this Panel issue a Transfer Order in connection with the <u>Richard Prentice and Shirlee Prentice v. Electric Boat</u>, pending in the United States District Court, District of Connecticut, 3:13-cv-01050-WWE) to the MDL.

Dated: August 22, 2013

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Erik C. DiMarco*
Erik C. DiMarco, Esq.
150 E. 42nd Street
New York, New York 10017
Tel.: 212.915.5126
Fax: 212.490.3038
E-mail: erik.dimarco@wilsonelser.com

*Counsel for Plaintiffs*
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen
265 Church Street, 11th Floor
One Century Tower
New Haven, CT 06508
Tel.: 203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com