GILBERT

## United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:13−cv−05334

Kalis v. A.W. Chesterton Company et al  
Assigned to: Honorable John F. Grady  
Demand: $75,000  
Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 07/26/2013  
Jury Demand: Both  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Robert Kalis**  represented by  **Michael Peter Cascino**  
Cascino Vaughan Law Offices, Ltd.  
220 South Ashland Avenue  
Chicago, IL 60607  
(312) 944−0600  
Email: ecf.cvlo@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**  
*a corporation*

**Defendant**

**Carrier Corporation**  
*a corporation*

**Defendant**

**Cleaver Brooks Inc.**  represented by  **Daniel R. Griffin**  
*a corporation*  O'Connell Tivin Miller &Burns, LLC  
135 South LaSalle Street  
Suite 2300  
Chicago, IL 60603  
312 256 8800  
Fax: 312 256 8808  
Email: dgriffin@otmblaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**  
*a corporation*

**Defendant**

**Dana Holding Corporation**  
*a corporation*

**Defendant**

**General Electric Co.**  
*a corporation*

**Defendant**

**General Refractories Co.**  
*a corporation*



**Defendant**

**Ingersoll-Rand Company**
*a corporation*

**Defendant**

**Owens-Illinois, Inc.**
*a corporation*

**Defendant**

**Trane U.S. Inc.**
*a corporation*

**Defendant**

**York International Corporation**
*a corporation*

**Cross Claimant**

| | |
|---|---|
| **Cleaver Brooks Inc.**<br>*a corporation* | represented by **Daniel R. Griffin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Cross Defendant**

| | |
|---|---|
| **Cleaver Brooks Inc.**<br>*a corporation* | represented by **Daniel R. Griffin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**A.W. Chesterton Company**
*a corporation*

**Cross Defendant**

**CBS Corporation**
*a corporation*

**Cross Defendant**

**Carrier Corporation**
*a corporation*

**Cross Defendant**

**Dana Holding Corporation**
*a corporation*

**Cross Defendant**

**General Electric Co.**
*a corporation*

**Cross Defendant**

**General Refractories Co.**
*a corporation*

**Cross Defendant**

**Ingersoll-Rand Company**
*a corporation*

**Cross Defendant**

**Owens–Illinois, Inc.**
*a corporation*

**Cross Defendant**

**Trane U.S. Inc.**
*a corporation*

**Cross Defendant**

**York International Corporation**
*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2013 | 1 | COMPLAINT filed by Robert Kalis; Jury Demand. Filing fee $ 400, receipt number 0752-8576528. (Attachments: #1 Exhibit A, #2 Exhibit B)(Cascino, Michael) (Entered: 07/26/2013) |
| 07/26/2013 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 07/26/2013) |
| 07/26/2013 |   | CASE ASSIGNED to the Honorable John F. Grady. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. (daj, ) (Entered: 07/26/2013) |
| 07/26/2013 | 3 | Notice by Robert Kalis *of Potential Tag–Along Action* (Cascino, Michael) (Entered: 07/26/2013) |
| 07/26/2013 | 4 | ATTORNEY Appearance for Plaintiff Robert Kalis by Michael Peter Cascino (Cascino, Michael) (Entered: 07/26/2013) |
| 08/12/2013 | 5 | ATTORNEY Appearance for Defendant Cleaver Brooks Inc. by Daniel R. Griffin *and Jury Demand* (Attachments: #1 Certificate of Service)(Griffin, Daniel) (Entered: 08/12/2013) |
| 08/12/2013 | 6 | ANSWER to Complaint by Cleaver Brooks Inc. (Attachments: #1 Certificate of Service)(Griffin, Daniel) (Entered: 08/12/2013) |
| 08/12/2013 | 7 | CROSSCLAIM by Cleaver Brooks Inc. against All Defendants *and Answer to Anticipated Cross–Claims*. (Attachments: #1 Certificate of Service)(Griffin, Daniel) (Entered: 08/12/2013) |
| 08/12/2013 | 8 | Corporate Disclosure Statement by Cleaver Brooks Inc. (Attachments: #1 Certificate of Service)(Griffin, Daniel) (Entered: 08/12/2013) |
| 08/14/2013 | 9 | ATTORNEY Appearance for Defendant Cleaver Brooks Inc. by Daniel R. Griffin *Supplemental Appearance Form* (Griffin, Daniel) (Entered: 08/14/2013) |
| 08/17/2013 | 10 | WAIVER OF SERVICE returned executed by Carrier Corporation. Carrier Corporation waiver sent on 8/17/2013, answer due 10/16/2013. (Molzahn, Lyndon) (Entered: 08/17/2013) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Kalis,<br><br>                Plaintiff,<br><br>v.<br><br>A.W. Chesterton Company, et al.,<br><br>                Defendants. | Case No. 13-cv-5334 |

NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:    CBS Corporation
         c/o Corporation Service Company
         2711 Centerville Rd.
         Wilmington, DE 19808

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in *The United States District Court for the Northern District of Illinois* and has been assigned the case number listed above. This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules and Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on behalf of who you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this July 29, 2013.

                                                                             */s/ Michael P. Cascino*
                                                                             Michael P. Cascino

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Robert Kalis,

              Plaintiff,

v.

A.W. Chesterton Company, et al.,

              Defendants.

Case No. 13-cv-5334

## WAIVER OF SERVICE OF SUMMONS

TO:   Michael P. Cascino
        Cascino Vaughan Law Offices
        220 S. Ashland Ave.
        Chicago, IL 60607

    I acknowledge receipt of your request that I waive service of a summons in the action *Kalis v. A.W. Chesterton Company., et al.,* which is case number 13-cv-5334 in *The United States District Court for the Northern District of Illinois.* I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

    I understand that a judgment may be against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 29, 2013 or within 90 days after the date if request was sent outside of United States.

_____
Date

_____
Signature
Printed Name:_____
[as _____ ]
[of CBS Corporation]

Phone #:_____

Email:_____

See attached for terms of Duty to Avoid Unnecessary Costs of Service of Summons.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Kalis,<br><br>    Plaintiff,<br><br>v.<br><br>A.W. Chesterton Company, et al.,<br><br>    Defendants. | Case No. 13-cv-5334 |

## WAIVER OF SERVICE OF SUMMONS

TO: Michael P. Cascino
   Cascino Vaughan Law Offices
   220 S. Ashland Ave.
   Chicago, IL 60607

  I acknowledge receipt of your request that I waive service of a summons in the action *Kalis v. A.W. Chesterton Company., et al.*, which is case number 13-cv-5334 in *The United States District Court for the Northern District of Illinois*. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

  I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

  I understand that a judgment may be against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 29, 2013 or within 90 days after the date if request was sent outside of United States.

_____
Date

_____
Signature
Printed Name:_____
[as _____ ]
[of CBS Corporation]

Phone #:_____

Email:_____

See attached for terms of Duty to Avoid Unnecessary Costs of Service of Summons.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgement may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than in the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIATION (NO. VI) | |
| Robert Kalis,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A.W. Chesterton Company, *a corporation*,<br>Carrier Corporation, *a corporation*,<br>Cleaver Brooks Inc., *a corporation*,<br>CBS Corporation, *a corporation*,<br>Dana Holding Corporation, *a corporation*,<br>General Electric Co., *a corporation*,<br>General Refractories Co., *a corporation*,<br>Ingersoll-Rand Company, *a corporation*,<br>Owens-Illinois, Inc., *a corporation*,<br>Trane U.S. Inc., *a corporation*, and<br>York International Corporation, *a corporation*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 13-cv-5334 |

## COMPLAINT

Now comes the plaintiff Robert A. Kalis (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

### JURISDICTION AND PARTIES

1. **Plaintiff** is an adult citizen and resident of Illinois, resides in Bolingbrook, Illinois, and worked in the state of Illinois throughout his career as an electrician, stationary engineer, and HVAC mechanic.

2. **Defendant A.W. Chesterton Company** manufactured, distributed, sold, and/or designed

asbestos products, including without limitation packing and gaskets.

3. **Defendant Carrier Corporation** manufactured and sold asbestos-containing products, including without limitation heating, ventilation, and air conditioning products and equipment.

4. **Defendant Cleaver Brooks, Inc.** designed, manufactured and/or sold asbestos insulated commercial boilers and was a seller of asbestos products.

5. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear. Westinghouse also erected and maintained steam generation equipment.

6. **Defendant Dana Holding Corporation** is responsible for the conduct of Dana Corporation, which designed, manufactured and sold asbestos containing products, including without limitation, brake and friction products, gaskets, packing materials, valve covers and spray-coatings. Dana Holding Corporation is also responsible as successor in liability for the conduct of Victor Manufacturing and Gasket Co., which designed, manufactured and sold asbestos containing products, including without limitation, gaskets and packing material.

7. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

8. **Defendant General Refractories Company** manufactured, designed and sold asbestos

products, including without limitation, refractory products, cements and mastics.

9. **Defendant Ingersoll-Rand Company** manufactured, designed, and sold asbestos products, including without limitation, brake disks, friction products, pumps, valves, compressors, gaskets and packing.

10. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation.

11. **Defendant Trane U.S., Inc.** is responsible for the conduct of American Standard Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, insulation, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

12. **Defendant York International Corporation** manufactured and sold asbestos-containing products, including without limitation heating, ventilation, and air conditioning products and equipment.

13. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

14. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

15. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

16. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

17. Plaintiff, during the course of his employment as an electrician, HVAC mechanic, and stationary engineer at various job sites, including without limitation those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

18. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

19. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

20. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and was diagnosed with both non-malignant asbestos-related disease and malignant asbestos-related disease.

21. As a direct and proximate result of the conduct of Defendants, Plaintiff developed was diagnosed with lung cancer on January 28, 2013.

22. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

23. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

24. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

25. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

26. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

27. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

28. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## PRAYER FOR RELIEF

29. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: July 26, 2013

/S/ Michael P. Cascino
_____
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Carrier Corporation | Delaware | Connecticut |
| Cleaver Brooks, Inc. | Delaware | Wisconsin |
| CBS Corporation | Delaware | Pennsylvania |
| Dana Corporation | Virginia | Ohio |
| General Electric Co. | New York | Connecticut |
| General Refractories Co. | Pennsylvania | Pennsylvania |
| Ingersoll-Rand Co. | New Jersey | New Jersey |
| Owens-Illinois, Inc. | Delaware | Ohio |
| Trane U.S., Inc. | Delaware | New Jersey |
| York International Corporation | Delaware | Wisconsin |

**Exhibit B**
Plaintiff's work history

| Job-Site | Site City | Site State | First Year at Site (approx.) | Last Year at Site (approx.) |
|---|---|---|---|---|
| AO 106 (*USS Novasota*) | | | 1959 | 1960 |
| APD 128 (*USS Cavallaro*) | | | 1957 | 1959 |
| AO 47 (*USS Neches*) | | | 1957 | 1957 |
| Chicago Northwestern Railroad | Chicago | IL | 1960 | 1960 |
| Chicago Burlington and Quincy Railroad | Chicago | IL | 1960 | 1967 |
| Motorola | Chicago | IL | 1967 | 1971 |
| Armour Pharmaceuticals | Chicago | IL | 1972 | 1973 |
| Mt. Sinai Hospital | Chicago | IL | 1972 | 1984 |
| Norwegian Hospital | Chicago | IL | 1984 | 1999 |
| Mt. Sinai Hospital | Chicago | IL | 1999 | 2002 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert A. Kalis, | |
| Plaintiff, | |
| v. | |
| A.W. Chesterton Company, et al., | Case No. 13-cv-5334 |
| Defendants. | |

## NOTICE OF POTENTIAL TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending to the Federal Court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order.") That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.5(b).

All matters except service and defendants' appearances and answers are stayed.

Dated: July 26, 2013.

/s/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax
mcascino@cvlo.com

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Robert Kalis

**DEFENDANTS**
A.W. Chesterton Company, et al.

**(b)** County of Residence of First Listed Plaintiff **Will County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices
220 S Ashland Ave., Chicago, IL 60607
(312) 944-0600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury— Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / [x] 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (excl. vet.) | 345 Marine Product Liability / **PERSONAL PROPERTY** | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Inj. / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Security/Commodity/Exch. |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 730 Labor/Mgmt.Reporting & Disclosure Act | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 740 Railway Labor Act | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 ADA—Employment | 540 Mandamus & Other | 790 Other Labor Litigation | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 ADA — Other | 550 Civil Rights | 870 Taxes (U.S. Plaintiff or Defendant) | 890 Other Statutory Actions |
| | 440 Other Civil Rights | 555 Prison Condition | 791 Empl. Ret. Inc. Security Act | |
| | | | 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
Title 28 Sec. 1332
Asbestos Personal Injury, Occupational Exposure

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ >75000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

**IX. This case**
- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE July 26, 2013
SIGNATURE OF ATTORNEY OF RECORD
/s/Michael P. Cascino

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert A. Kalis,<br><br>                Plaintiff,<br><br>v.<br><br>A.W. Chesterton Company, et al.,<br><br>                Defendants. | Case No. 13-cv-5334 |

## CORPORATE DISCLOSURE STATEMENT

The undersigned, counsel of record for plaintiff named above, furnishes the following list in compliance with the General Local Rules of this court:

    A.    The undersigned represents the plaintiff in the above-captioned cause.

    B.    The plaintiff is an individual, not a corporation.

    C.    Cascino Vaughan Law Offices, Ltd. is the name of the only law firm whose partners and associates are expected to appear on behalf of the plaintiff in this court.

Dated this July 26, 2013

/s/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax
mcascino@cvlo.com

**CASCINO VAUGHAN LAW OFFICES, LTD.**
220 S. ASHLAND AVENUE
CHICAGO, IL 60607-5308

RETURN SERVICE REQUESTED

CBS Corporation
c/o Corporation Service Company
2711 Centerville Rd.
Wilmington, DE 19808