# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
BEFORE THE JUDICIAL COUNCIL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.) | Consolidated Under MDL DOCKET NO. 875 |
| | EDPA Civil Action No. 12-cv-60128 |
| **LINDY DAWN GUENTHER**, individually and as successor in interest to GEORGE BOLTON, deceased, | *Transferor District Court*: Northern District of California Civil Action No. CA-N 12-00723 |
| Plaintiff, | |
| v. | |
| **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY; **BURNHAM LLC**, individually and as successor in interest to BURNHAM CORPORATION; **CRANE CO.**; **GEORGIA-PACIFIC LLC**, f/k/a GEORGIA-PACIFIC CORPORATION; **INGERSOLL-RAND COMPANY**, individually and as successor in interest to ALDRICH PUMP COMPANY; **KELLY-MOORE PAINT COMPANY, INC.**; **LENNOX INDUSTRIES, INC.**; and DOES 1 through 400, inclusive, | **FILED** AUG 27 2013 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk |
| Defendants. | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR ACTION**

**COMES NOW**, Plaintiff for causes of action against defendants and DOES 1 through 400, and each of them, inclusive, who file this Complaint and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, LINDY DAWN GUENTHER, is the daughter of decedent, GEORGE BOLTON. Plaintiff, LINDY DAWN GUENTHER, individually and as successor in interest to GEORGE BOLTON, deceased, brings this survivorship action pursuant to §377.30, *et seq.*, of the Code of Civil Procedure on behalf of the estate of decedent, GEORGE BOLTON.

2. Plaintiff, LINDY DAWN GUENTHER the daughter of decedent GEORGE BOLTON brings this wrongful death action pursuant to §377.60, *et seq.*, of the Code of Civil Procedure.

3. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein as a DOE caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged; and that each DOE defendant is liable to the Plaintiff for the acts and omissions alleged herein below, and the resulting injuries to Plaintiff, and damages sustained by the Plaintiff. Plaintiff will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

4. Defendants placed their names, logos, and trademarks on asbestos products as well as put out as their own asbestos products manufactured by others so as to be an apparent manufacturer and liable as the manufacturer.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the agent, servant, employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of them, and at all said times, each defendant and each DOE

defendant was acting in the full course, scope and authority of said agency, service, employment and/or joint venture.

6. Plaintiff is informed and believes, and thereon alleges, that all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as, formerly known as and/or were the successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in an entity or entities engaged in the funding, researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through 400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoy the goodwill originally attached to each such alternate entity, acquired the assets or product line (or portion thereof), and in that there has been a virtual destruction of Plaintiff remedy against each such alternate entity, and that each such defendant has the ability to assume the risk spreading role of each such alternate entity.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are corporations organized and existing under the laws of the State of California

or the laws of some state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are authorized to do and are doing business in the State of California and regularly conducted business in the County of Los Angeles.

8. Decedent GEORGE BOLTON was a worker and end user, including but not limited to, a construction laborer, boiler tender aboard the USS Samuel Roberts and USS Cromwell, and HVAC serviceman who at various locations, including within the State of California, used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of, and/or on or about the premises of, defendants and DOES 1 through 400, and each of them, inclusive; including: **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY (for Buffalo pumps); **BURNHAM LLC**, individually and as successor in interest to BURNHAM CORPORATION (for HVAC systems); **CRANE CO.** (for valves, gaskets); **GEORGIA-PACIFIC LLC**, f/k/a GEORGIA-PACIFIC CORPORATION (for joint compound); **INGERSOLL-RAND COMPANY**, individually and as successor in interest to ALDRICH PUMPS COMPANY (for pumps); **KELLY-MOORE PAINT COMPANY, INC.** (for Georgia Pacific and Paco Joint Compound); **LENNOX INDUSTRIES, INC.** (for HVAC systems), and DOES 1 through 400, inclusive.

9. Plaintiff is informed and believes, and thereon alleges, that asbestos related diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers without perceptible trauma and that said diseases result from exposure to asbestos and asbestos products over a period of time.

10. As set forth herein this complaint, and as a result of decedent GEORGE BOLTON's asbestos exposure to the products of and/or on the premises of defendants

and DOES 1 through 400, and each of them, inclusive, decedent GEORGE BOLTON was diagnosed with mesothelioma on or about July 2011, and as a proximate result GEORGE BOLTON died on April 18, 2013; and as a further proximate result thereof, as set forth herein this complaint, Plaintiff LINDY DAWN GUENTHER has suffered from the loss of love, comfort, society, attention of decedent, and the loss of earnings, earning capacity, services and support of decedent GEORGE BOLTON, as well as incurring attendant medical and burial expenses; all to the Plaintiff's general and special damage in excess of the jurisdictional limits of the unlimited Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Product Defendants and DOES 1 through 400)

11. Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 10 above, inclusive

12. Decedent GEORGE BOLTON was a worker and end user who used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of defendants and DOES 1 through 400, and each of them, inclusive, in a manner that was reasonably foreseeable to said defendants.

13. At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, were engaged in the business of researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and

marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

14. At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other asbestos-containing products, components and assemblies containing said substance, and that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including decedent GEORGE BOLTON, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

15. At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, had a duty to exercise reasonable care while engaging in the activities mentioned above and said defendants breached said duty of reasonable care in that Product Defendants, and each of them, inclusive, failed to safely and adequately design, manufacture and/or sell said defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn those persons who would be exposed, including decedent GEORGE BOLTON, of the health hazards of using said defendants' products; failed to disclose the known or knowable dangers of using said defendants' products; failed to obtain suitable alternative materials to asbestos when such

alternatives were available; and as otherwise stated herein.

16. On or before 1927, and thereafter, defendants and DOES 1 through 400, and each of them, inclusive, were aware and knew of the dangers associated with breathing asbestos containing dust, and said defendants also were aware and knew that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos-containing products, as well as members of the general public who were exposed to asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and propagated misinformation intended to instill in users of said defendants' products a false security about the safety of said defendants' products.

17. The defendants and DOES 1 through 400, and each of them, inclusive, knew and failed to disclose that decedent GEORGE BOLTON and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians such that physicians could not examine, diagnose and treat those who were exposed to asbestos, including decedent.

18. The defendants and DOES 1 through 400, and each of them, inclusive, despite said defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers, including decedent GEORGE BOLTON, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard

7

PLAINTIFF'S FIRST AMENDED COMPLAINT
Lindy Dawn Guenther v. Air & Liquid Systems Corp., et al. (EDPA Civil Action No. 12-cv-60126)

of the rights, safety and welfare of users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including decedent GEORGE BOLTON.

19. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the defendants and DOES 1 through 400, and each of them, inclusive, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in users a false sense of security about the safety of their products.

20. In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, defendants and DOES 1 through 400, and each of them, inclusive, did so with conscious disregard for the safety of the users of said products, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1927, and thereafter.

21. The above referenced conduct of defendants and DOES 1 through 400, and each of them, inclusive, was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-

containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including decedent.

22. With said knowledge, defendants and DOES 1 through 400, and each of them, inclusive, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

23. Plaintiff and decedent were not aware that exposure to asbestos presented any risk of injury and/or disease to decedent GEORGE BOLTON, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

24. Defendants and DOES 1 through 400, and each of them, inclusive, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

25. Plaintiff is informed and believes, and based thereon alleges, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including decedent, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable,

thereby rendering said substance unsafe and dangerous for use by decedent.

26. Plaintiff is informed and believes, and based thereon alleges, that the injuries and death complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants failed to take reasonable care to warn the decedent of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

27. The conduct of the defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of decedent GEORGE BOLTON, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

28. As a direct and proximate result of the conduct of defendants and DOES 1 through 400, and each of them, inclusive, as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to decedent GEORGE BOLTON, including, but not limited to, mesothelioma from which he died on April 18, 2013.

29. As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, Plaintiff has sustained pecuniary loss resulting from the loss of love, comfort, society, attention support and services of decedent all to their special and general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

30. As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, Plaintiff has and/or will suffer loss of

income and earnings, past, present and future and earning capacity all to their special damage in a sum in excess of the jurisdictional limits of this unlimited Court, and in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

31. As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, decedent GEORGE BOLTON was compelled to and did employ medical services and Plaintiff has sustained pecuniary loss resulting therefrom in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

32. As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, and the death of decedent, Plaintiff has incurred funeral and burial expenses in an amount to be subsequently ascertained.

33. As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, Plaintiff did necessarily incur and in the future will incur their own medical expenses and other incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

34. In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in causing his disease and injuries. As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and defendants and DOES 1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of decedent GEORGE BOLTON and of workers exposed to asbestos and asbestos products,

such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTIES
### (Against All Product Defendants and DOES 1 through 400)

35. Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 34 above, inclusive.

36. Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or otherwise supplied the asbestos containing products, materials and equipment to Decedent and/or his employers.

37. That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, defendants and DOES 1 through 400, and each of them, inclusive, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use. However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

38. Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

39. Plaintiff and decedent relied on the express and implied warranties of defendants and DOES 1 through 400, and each of them, inclusive, in the use of and exposure to said asbestos and asbestos products, and decedent GEORGE BOLTON was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

40. Defendants and DOES 1 through 400, and each of them, inclusive, breached the above-described express and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and

permanently cause injury to decedent while using said substance in a manner that was reasonably foreseeable.

41. As a direct and proximate result of the conduct of defendants and DOES 1 through 400, and each of them, inclusive, as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to decedent GEORGE BOLTON, from which he died.

42. The breaches of warranties by defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of GEORGE BOLTON's death and the injuries and damages sustained by Plaintiff as described above.

43. In particular, Plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in causing his disease and injuries. As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and defendants and DOES 1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of decedent GEORGE BOLTON and of workers exposed to asbestos and asbestos products, such that, Plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## THIRD CAUSE OF ACTION
## STRICT LIABILITY IN TORT
### (Against All Product Defendants and DOES 1 through 400)

44. Plaintiff re-alleges and incorporates here by reference, as though fully set

forth at length herein, all of the allegations of paragraphs 1 through 43 above, inclusive.

45. At all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance which were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of defendants and DOES 1 through 400, and each of them, inclusive, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

46. At all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

47. The defendants and DOES 1 through 400, and each of them, inclusive, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including decedent, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

48. The asbestos and asbestos-containing products, components and assemblies of the defendants and DOES 1 through 400, and each of them, inclusive, were

substantially the same as when they left said defendants' possession.

49. The aforementioned asbestos and asbestos-containing products of the defendants and DOES 1 through 400, and each of them, inclusive, were used by decedent and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that decedent GEORGE BOLTON was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

50. The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to decedent GEORGE BOLTON, and decedent had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

51. The failure to warn by and the product defect in the asbestos and asbestos-containing products of defendants and DOES 1 through 400, and each of them, inclusive, were a substantial factor and a legal cause of decedent GEORGE BOLTON's injuries and death and the damages thereby sustained by Plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of decedent GEORGE BOLTON, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

52. As a direct and proximate result of the conduct of the defendants and DOES 1 through 400, and each of them, inclusive, as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to decedent GEORGE BOLTON from which he died.

53. The conduct by the defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of GEORGE BOLTON's death and the injuries and damages sustained by Plaintiff as

described above.

54. In particular, Plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in causing his disease and injuries. As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said defendants and DOES 1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of decedent GEORGE BOLTON and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

**WHEREFORE**, Plaintiff prays judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1. For decedent's medical and related expenses according to proof;
2. For decedent's loss of income and income potential;
3. For exemplary or punitive damages according to proof;
4. For Plaintiff's special damages, including medical and related expenses according to proof;
5. For Plaintiff's special damages, including loss of income and income potential caused by decedent's death, and for Plaintiff' loss of decedent's financial support and financial contributions;
6. For funeral and burial expenses caused by decedent's death;
7. For Plaintiff's general damages according to proof, including damages for loss of love, companionship, comfort, affection, solace, moral support and/or society according to proof caused by decedent's death;

8. For exemplary or punitive damages according to proof;

9. For Plaintiff's cost of suit herein;

10. For prejudgment interest on all damages as allowed by laws.

11. For such other and further relief as the Court deems just and proper.


DATED: August 26, 2013                     **WEITZ & LUXENBERG, P.C.**

BY: _____
BENNO ASHRAFI
VENUS BURNS
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

DATED: August 26, 2013                     **WEITZ & LUXENBERG, P.C.**

BY: _____
BENNO ASHRAFI
VENUS BURNS
Attorneys for Plaintiff

---

17

PLAINTIFF'S FIRST AMENDED COMPLAINT
Lindy Dawn Guenther v. Air & Liquid Systems Corp., et al. (EDPA Civil Action No. 12-cv-60126)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was manually filed by sending a paper copy containing the foregoing document via federal express for this case, on this 26th day of August, 2013.

By: _____
Venus Burns