IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :    Consolidated Under
LIABILITY LITIGATION (No. VI)  :    MDL DOCKET NO. 875
                                                   :
                                                   :    Transferred from the Northern
FARRIS                                 **FILED** District of California
                                                   :    Case No. 08-00231
     v.                                    SEP. 1 6 2013
                                                   :
VARIOUS DEFENDANTS       MICHAEL E. KUNZ, Clerk    PA No. 09-62940
                                           By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **13th** day of **September, 2013,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 4).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

i.    The motion for summary judgment of defendant

Northrop Grumman Shipbuilding was granted in

1

part and denied in part (ECF No. 30).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendant for trial is:

> i.   Huntington Ingalls Incorporated (f/k/a
>      Northrop Grumman Shipbuilding, Inc.)

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

---

[1]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2013

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :    Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                                :
                                :    Transferred from the Northern
ROBERTSON            **FILED**   :    District of California
                                :    Case No. 08-04490
     v.              SEP 16 2013
                                :
VARIOUS DEFENDANTS   MICHAEL E. KUNZ, Clerk  E.D. PA No. 09-64068
                     By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **13th** day of **September, 2013**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 9).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

    i.   The motion for summary judgment of defendant

        Todd Shipyards Corporation was granted in

1

part and denied in part (ECF No. 139).

    ii.    The motion for summary judgment of defendant Huntington Ingalls was granted (ECF No. 128).

    iii.  The motion for summary judgment of defendant Carrier Corporation was granted (ECF No. 129).

    iv.   Plaintiff's appeal of the Court's order granting summary judgment to defendant Huntington Ingalls was dismissed by the United States Court of Appeals for the Third Circuit for failure to timely prosecute (ECF No. 144).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendants for trial are:

    i.    General Electric Company

    ii.   Puget Sound Commerce Center (f/k/a Todd Shipyards Corporation)

h.) Any demand for punitive damages is severed, and claims

2

for punitive or exemplary damages are retained by the MDL-875 Court. <u>See</u> Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. <u>See</u> <u>In re Collins</u>, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); <u>see also</u> <u>In re Roberts</u>, 178 F.3d 181 (3d Cir. 1999).

3

# SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2013

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

## Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

## History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

## Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :     Consolidated Under
LIABILITY LITIGATION (No. VI)  :     MDL DOCKET NO. 875
                                             :
                                             :     Transferred from the Northern
JONES                                    FILED District of California
                                             :     Case No. 09-04605
       v.                                 SEP 16 2013
                                             :
VARIOUS DEFENDANTS          MICHAEL E. KUNZ, Clerk D.  PA No. 09-91850
                                      By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW**, this **13th** day of **September, 2013**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 19).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

i. The motion for summary judgment of defendant

Northrop Grumman Shipbuilding was granted in part

1

and denied in part (ECF No. 36).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendants for trial are:

> i.   General Electric Company
>
> ii.  Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc.)

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

---

[1]   The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

damage claims on remand."); <u>see also</u> <u>In re Roberts</u>, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS　　　:　　Consolidated Under
LIABILITY LITIGATION (No. VI) :　　MDL DOCKET NO. 875
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　**FILED** ansferred from the Northern
WEAVER　　　　　　　　　　　:　　District of California
　　　　　　　　　　　　　SEP 16 2013 e No. 09-04842
　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　MICHAEL E. KUNZ, Clerk
　　　　　　　　　　　　　By　:　　Dep. Clerk
VARIOUS DEFENDANTS　　　　:　　E.D. PA No. 09-92273

### SUGGESTION OF REMAND

**AND NOW**, this **13th** day of **September, 2013**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

　　　a.) Plaintiff has complied with MDL-875 Administrative

　　　Orders 12 and 12A (see the MDL 875 website's Administrative

　　　Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

　　　b.) Parties have completed their obligations under the Rule

　　　16 order issued by the Court (see ECF No. 6).

　　　c.) All discovery has been completed.

　　　d.) The Court has adjudicated all outstanding motions,

　　　including dispositive motions. Particularly relevant rulings

　　　include:

　　　　　　i.　The motion for summary judgment of defendant

　　　　　　　　Todd Pacific Shipyard Corporation was granted

1

in part and denied in part (ECF No. 30).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendant for trial is:

        i.    Vigor Shipyards, Inc. (f/k/a Todd Pacific Shipyards Corporation)

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

---

[1]    The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

3

# SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2013

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

## Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

## History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

## Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

### Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :     Consolidated Under
LIABILITY LITIGATION (No. VI) :       MDL DOCKET NO. 875
                                :
                          **FILED**    Transferred from the Northern
SPILMOM                         :     District of California
                          SEP 1 6 2013 Case No. 09-05649
     v.                         :
                          MICHAEL E. KUNZ, Clerk
                          By_____ Dep. Clerk
VARIOUS DEFENDANTS              :     E.D. PA No. 10-61099

**SUGGESTION OF REMAND**

AND NOW, this **13th** day of **September, 2013,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

   a.) Plaintiff has complied with MDL-875 Administrative

   Orders 12 and 12A (see the MDL 875 website's Administrative

   Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

   b.) Parties have completed their obligations under the Rule

   16 order issued by the Court (see ECF No. 7).

   c.) All discovery has been completed.

   d.) The Court has adjudicated all outstanding motions,

   including dispositive motions. Particularly relevant rulings

   include:

        i.    The motion for summary judgment of defendant

              Northrop Grumman Shipbuilding, Inc. was

1

granted in part and denied in part (ECF No. 45).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendants for trial are:

> i.   Atlas Valve Company, Inc.
>
> ii.  General Electric Company
>
> iii. Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc.)

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters pending within this case except punitive damages.[1]

---

[1]    The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re

2

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2013

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :    Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875
                                  :
                      **FILED**   :    Transferred from the District
KROH                              :    of North Dakota
                    SEP 16 2013   :    Case No. 11-00019
    v.                            :
                  MICHAEL E. KUNZ, Clerk  :
VARIOUS DEFENDANTS___By_____Dep. Clerk  :    E.D. PA No. 11-63479

## SUGGESTION OF REMAND

**AND NOW**, this **16th** day of **September, 2013,** it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

> a.) Plaintiff has complied with MDL-875 Administrative
> Orders 12 and 12A (see the MDL 875 website's Administrative
> Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).
> b.) Parties have completed their obligations under the Rule
> 16 order issued by the Court (see ECF No. 9).
> c.) All discovery has been completed.
> d.) The Court has adjudicated all outstanding motions,
> including dispositive motions.
> e.) Rule 18 settlement discussions have been exhausted at
> this time as to the remaining viable defendants.
> f.) The Court finds that this case is prepared for trial

1

without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendants for trial are:

      i.   Abex Corporation

      ii.  Allied-Signal Inc.

      iii. Asbestos Corporation, Ltd.

      iv.  Bell Asbestos Mines, Ltd.

      v.   Borg-Warner Corporation

      vi.  Carlisle Companies, Inc.

      vii. Carlisle Corporation

      viii. Champion Friction Company

      ix.  Gatke Corporation

      x.   John Crane, Inc.

      xi.  Lear-Siegler Holdings Corporation

      xii. Maremont Corporation

      xiii. Metropolitan Life Insurance Company

      xiv. Pneumo Abex Corporation

      xv.  Reddaway Manufacturing Co.

      xvi. Union Carbide Corporation

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

2

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **District of North Dakota** for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

EDUARDO C. ROBRENO, J.

---

[1]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2012

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov or (410) 962-0782.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :      Consolidated Under
LIABILITY LITIGATION (No. VI) :      MDL DOCKET NO. 875
                                  :
**FILED**                               Transferred from the Northern
ROYAL                                   District of California
                                        Case No. 11-04475
SEP 1 6 2013
     v.                           :

MICHAEL E. KUNZ, Clerk
VARIOUS DEFENDANTS       By_____ Dep. Clerk D. PA No. 11-67706

### SUGGESTION OF REMAND

**AND NOW**, this **13th** day of **September, 2013,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 5).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

          i.    The motion for summary judgment of defendant

                Huntington Ingalls Inc. was granted (ECF No.

1

37).

  ii. Plaintiff's motion for reconsideration of the Court's order granting summary judgment to Huntington Ingalls Inc. was granted (ECF No. 44).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable Defendants for trial are:

  i. CBS Corporation (f/k/a Viacom Inc., f/k/a Westinghouse Electric Corp.)

  ii. General Electric Company

  iii. Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc.)

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Northern District of California** for resolution of all matters

2

pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM
Updated September 5, 2013

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp).
This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject
matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet
to be a helpful resource for transferor courts addressing issues similar to those already addressed
by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable
databases created by LexisNexis and Westlaw. Directions on how to access these databases can be
found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters
relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov),
the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the
Clerk's Office ((267) 299-7012) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge
J. Frederick Motz of the District of Maryland, can assist in the identification and assignment of a
senior judge from another District who is ready, willing and able to preside over the trial of this
case.  If appropriate, please contact Judge Motz at Judge_J_Frederick_Motz@mdd.uscourts.gov
or (410) 962-0782.