# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:13-cv-00654-slc

Prust, Virginia v. Weyerhaeuser Company et al
Assigned to: Magistrate Judge Stephen L. Crocker
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/17/2013
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Virginia Prust**
*Individually and as Special Administrator on Behalf of the Estate of Valmore Prust, Deceased*

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Weyerhaeuser Company**

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Third Party Defendant**

**The Attorney General for the State of Wisconsin**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2013 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1231200.), filed by Virginia Prust. (Attachments:<br># 1 JS-44 Civil Cover Sheet,<br># 2 Exhibit A - Chart of Defts State of Incorporation and Principal State of Business) (Cascino, Michael) Modified exhibit description on 9/18/2013 (mmo). |

| | | |
|---|---|---|
| | | (Entered: 09/17/2013) |
| 09/17/2013 | 2 | Corporate Disclosure Statement by Plaintiff Virginia Prust (Cascino, Michael) (Entered: 09/17/2013) |
| 09/17/2013 | 3 | Notice by Plaintiff Virginia Prust *of Potential Tag-Along Action.* (Cascino, Michael) (Entered: 09/17/2013) |
| 09/18/2013 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (krj) (Entered: 09/18/2013) |
| 09/18/2013 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (krj) (Entered: 09/18/2013) |
| 09/18/2013 | 4 | Notice of Tag Along Action sent to MDL. (krj) (Entered: 09/18/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/18/2013 11:56:01 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00654-slc |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Virginia Prust, Individually and as Special Administrator on behalf of the Estate of Valmore Prust, <br><br> Plaintiff, <br><br> v. <br><br> Weyerhaeuser Company, *a corporation*; Owens-Illinois Inc., *a corporation*; General Electric Company, *a corporation*; Metropolitan Life Insurance Company, *a corporation*; <br><br> and <br><br> The Attorney General for the State of Wisconsin (*as a third-party defendant*), <br><br> Defendants. | Case No. 13-cv-654 |

## COMPLAINT

Plaintiff Virginia Prust, individually and as special administrator on behalf of the estate of Valmore Prust, complains of defendants Weyerhaeuser Company, Owens-Illinois Inc., General Electric Company, and Metropolitan Life Insurance Company as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Virginia Prust is the widow of decedent Valmore Prust and brings this action individually and as the duly appointed special administrator on behalf of the estate of the decedent.

2. Plaintiff is an adult citizen of Wisconsin and resides at 1518 S. Locust Ave., Marshfield, Wisconsin 54449.

3. Prior to his death, decedent was an adult citizen and resident of Wisconsin and resided at 1518 S. Locust Ave., Marshfield, Wisconsin 54449.

4. Decedent was exposed to asbestos at locations in and around Marshfield, Wisconsin.

5. **Defendant Weyerhaeuser Company** was, from 1960 to 2000, the owner of the door manufacturing plant in Marshfield, Wisconsin that caused decedent's non-occupational exposures to asbestos. Weyerhaeuser Company is also responsible by acquisition for the conduct of the previous owner of the plant, Roddis Plywood Corporation ("Roddis").

6. **Defendant Owens-Illinois Inc.** designed, manufactured, and sold asbestos products, including without limitation composite fireproof doors, fireproof door cores, pipe insulation, and block insulation. Owens-Illinois licensed a process patent for a composite fire door that incorporated an asbestos-containing core to Roddis in 1956. In 1960, Weyerhaeuser Company acquired Roddis as well as a license to the process patent for the asbestos-containing fire door. In addition, Owens-Illinois Inc. licensed the process patent for manufacturing asbestos-containing materials to Roddis and Weyerhaeuser Company. Defendant Owens-Illinois received consideration for providing the licenses of these process patents to Roddis and Weyerhaeuser. Owens-Illinois Inc. at various times also provided asbestos-containing door core materials used at the Marshfield plant.

7. **Defendant General Electric Company** manufactured and designed steam generation equipment including, without limitation, turbines. General Electric Company erected and maintained steam generation equipment and manufactured, designed, installed, or sold asbestos-containing electrical equipment, including without limitation asbestos-containing

wires, cables, switch gear, motors, and ballasts, and sold and installed other asbestos materials.

8. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

9. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin. *See* Exhibit A for the states of incorporation and principal place of business of each defendant.

10. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

11. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

12. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

13. Decedent inhaled airborne asbestos fibers released from operations at Weyerhaeuser Company's door division, f/k/a Roddis Plywood, in Marshfield, Wisconsin as a result of the following:

    a. his exposure to Owens-Illinois asbestos-containing door core materials and as a result of Owens-Illinois providing a process patent to Roddis and Weyerhaeuser;

    b. his exposure to asbestos-containing products sold, distributed, and serviced by Defendant General Electric Company;

    c. his living near Roddis and Weyerhaeuser;

    d. transport of asbestos fibers by Roddis and Weyerhaeuser to various other locations outside the plant;

    e. his co-habitation with his wife– an employee of Roddis and Weyerhaeuser Company

for 41 years beginning before 1956– who brought home asbestos fibers on her person.

14. Decedent was exposed to asbestos fibers emanating from or transported from the Weyerhaeuser Plant throughout the town of Marshfield, Wisconsin. In the course of the operation of its Marshfield plant, Weyerhaeuser Company polluted the town of Marshfield with asbestos-containing materials, asbestos dust, and asbestos fibers emanating from asbestos-containing materials used at the plant. Weyerhaeuser Company hauled asbestos-containing dust through Marshfield in open trucks *en route* to dumping the dust at Spickler Landfill in Spencer, Wisconsin and at Mid-State Disposal Landfill, outside of Stratford, Wisconsin. Weyerhaeuser also dumped asbestos in various other locations in Marshfield, including the airport. In so doing, Weyerhaeuser knowingly violated government regulations for the disposal of asbestos and exposed the citizens of Marshfield to these asbestos fibers.

15. During the period of his exposures, decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

16. Decedent was diagnosed with lung cancer on or about January 5, 2010.

17. This malignant disease and injury process began as early as decedent's first exposure, although this disease was not diagnosed until January 5, 2010.

18. All of decedent's exposures to asbestos contributed to the disease.

19. As a result of his lung cancer, decedent died on May 17, 2013.

20. Decedent suffered great pain, physical impairment, and great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

21. At all relevant times, plaintiff Virginia Prust was the wife of decedent, was cohabiting with

him, and was enjoying his services, companionship, society and relationship.

22. As a direct and proximate result of one or more of the wrongful acts or omissions of the defendants, plaintiff:

   a. has been deprived of decedent's services, companionship, society and relationship from the time of his injury;

   b. has been hindered and prevented from attending to her usual business and personal affairs.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

23. Plaintiff brings this count for negligence against defendants Owens-Illinois and General Electric Company and re-alleges paragraphs 1-22 above.

24. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

25. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

26. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that asbestos causes disease and/or death and that plaintiff did not know that asbestos products were dangerous or harmful at the time of their exposures.

27. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn decedent or others of the health hazards of asbestos;

   b. Failed to warn decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct decedent, their employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

    f.    Defective design which did not protect against or prevent the release of asbestos fibers when substitutes were available.

28. As a direct and proximate result of the acts and omissions of the defendants above, decedent and plaintiff were injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

29. Plaintiff brings this count and incorporates by reference all above allegations in lines 1-28 against the following defendants:

    a.    Owens-Illinois Inc.

    b.    General Electric Company

30. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the decedent.

31. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach decedent and other users and consumers without substantial change in the condition they were in when sold.

32. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such

defendants.

33. Defendants manufactured, designed, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

34. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE - PREMISE OWNER

35. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

36. Plaintiff restates and re-alleges the allegations in lines 1-34 above.

37. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of decedent's exposures.

38. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released and contaminate the air. These exposures occurred at decedent's home and to the community surrounding the plant.

39. It was reasonably foreseeable that decedent would be exposed to Weyerhauser's asbestos fibers in the air outside the plant.

40. Decedent inhaled asbestos fibers from contaminated air when decedent was at home, in vehicles, and a various places he frequented in the surrounding community.

41. The exposures claimed herein are not related to any employment relationship with defendant Weyerhaeuser Company.

42. It was reasonably foreseeable that decedent and other persons would be in proximity to Weyerhaeuser Company's Marshfield plant or to other locations to which the asbestos fibers were transported and would inhale airborne asbestos fibers released from the plant's operations.

43. Defendant had a duty to exercise reasonable care for the safety of the decedent from asbestos fibers released during defendant's operations of the plant which would foreseeably contaminate the air surrounding the plant and other locations to which fibers were transported.

44. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

45. Decedent did not know that asbestos products or asbestos were so dangerous or harmful at the time of his exposures.

46. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn decedent or others of the health hazards of asbestos;

    b. Failed to adequately investigate health effects of asbestos;

    c. Failed to adequately test air for levels of asbestos;

    d. Failed to adequately instruct decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

    e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos-containing materials.

g.  Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq.

h.  Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

i.  Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

j.  Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k.  Failed to take corrective action after being put on notice of the above violations.

47. The violation of administrative regulations constitutes negligence *per se* and shifts the burden of proof to the defendant.

48. As a direct and proximate result of the acts and omissions from Defendant Weyerhaeuser Company above, decedent and plaintiff were injured as described herein.

## COUNT IV - NUISANCE

49. Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

50. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-48 above.

51. Weyerhaeuser Company is responsible for the ownership and operation of the door manufacturing plant in Marshfield during the period of plaintiff's exposures.

52. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant and to be brought home by employees of the plant.

53. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport

through various means, including without limitation contaminated worker clothing and vehicles hauling asbestos-containing waste.

54. Breathing uncontaminated public air is a public right.

55. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent.

56. Decedent and others inhaled the public air contaminated with asbestos fibers at home, in the car, and in various places throughout the community frequented by the decedent.

57. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, at home, in family vehicles, and in various places frequented by plaintiff was unrelated to any employment relationship with defendant Weyerhaeuser Company.

58. The inhalation of asbestos fibers is a health hazard.

59. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

   a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

   b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

   d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

   e. Adversely affected the health interests of the community at large; and

    f.    Interfered with the public health and safety;

60. As a direct and proximate result of the nuisance, decedent and plaintiff were injured as described above.

61. The violation of regulations constitutes negligence *per se* and shifts the burden of proof to defendant Weyerhaeuser.

## COUNT V – CONSPIRACY

62. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

63. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-61 above.

64. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a.    Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

    b.    Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

65. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary measures required for protection.

66. As a direct and proximate result of the acts of the conspiracy described above, decedent and plaintiff were injured as described above.

## COUNT VI– DECLARATORY JUDGMENT

67. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

68. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

69. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: September 17, 2013



/S/ Michael P. Cascino

Michael P. Cascino

Attorney for plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com