ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:13-cv-04105-AT
## Internal Use Only

| | |
|---|---|
| Keating v. Asbestos Corporation Limited et al | Date Filed: 06/14/2013 |
| Assigned to: Judge Analisa Torres | Jury Demand: None |
| Case in other court: State Court-Supreme, 190154-13 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1441 Notice of Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Marie Keating**
*individually and as personal*
*representative of the Estate of Leonard*
*Keating*

V.

**Defendant**

**Asbestos Corporation Limited**

**Defendant**

**Air & Liquid Systems Corporation**
*also known as*
Buffalo Pumps, Inc.

**Defendant**

**Armstrong International Inc.**

**Defendant**

**Aurora Pump Company**

**Defendant**

**Brand Insulations, Inc.**                    represented by **Kerryann Marie Cook**
McGivney & Kluger
80 Broad Street
New York, NY 10004
(845) 270-0902
Fax: (212) 509-4420
Email:
kcook@mcgivneyandkluger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brenntag Specialties, Inc.**
*individually*
*successor in interest*
Whittaker, Clark & Daniels, Inc.

<u>**Defendant**</u>

**Carrier Corporation**

<u>**Defendant**</u>

**CBS Corporation**

<u>**Defendant**</u>

**Certainteed Corporation**

<u>**Defendant**</u>

**Cleaver-Brooks, Inc.**
*formerly known as*
Cleaver-Brooks

<u>**Defendant**</u>

**Clifton Associates**
*formerly known as*
Johnson Asbestos Corp., Inc.

<u>**Defendant**</u>

**Crane Co.**                          represented by  **Angela Digiglio**
                                        Kirkpatrick & Lockhart Preston Gates
                                        Ellis LLP( Lex. Ave.)
                                        599 Lexington Avenue
                                        New York, NY 10022
                                        (212)-536-3994
                                        Fax: (212)-536-3901
                                        Email: angela.digiglio@klgates.com
                                        *ATTORNEY TO BE NOTICED*

                                        **Eric Randolph Ian Cottle**
                                        K&L Gates LLP
                                        599 Lexington Avenue
                                        New York, NY 10022
                                        (212)-536-3969
                                        Fax: (212)-536-3901
                                        Email: eric.cottle@klgates.com
                                        *ATTORNEY TO BE NOTICED*

                                        **Nicole Melody Kozin**
                                        K&L Gates LLP (NYC)
                                        599 Lexington Avenue
                                        New York, NY 10022-6030
                                        (212)363-3900
                                        Fax: (212)536-3901

Email: nicole.kozin@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Elliott Company**

**Defendant**

**Ericsson, Inc.**
*sued invidually*
*successor in interest*
Anaconda

**Defendant**

**Flowserve Corporation**
*individually*
*successor in interest*
BW/IP International Inc.
*formerly known as*
Byron Jackson Pumps

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Gardner Denver**

**Defendant**

**Georgia Pacific, L.L.C.**              represented by  **Lawrence Gable Lee**
*formerly known as*                       Lynch Daskal Emery, LLP
Georgia-Pacific Corporation               264 West 40th Street
                                          New York, NY 10018
                                          (212)-302-2400
                                          Fax: (212)-302-2210
                                          Email: lee@lawlynch.com
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**General Cable, Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**General Railway Signal, Inc.**

**Defendant**

**Higbee, Inc.**

represented by **Kerryann Marie Cook**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**
*successor in interest*
AlliedSignal Inc.

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**Illinois Tool Works, Inc.**

represented by **Golriz Shoai-Naini**
LYNCH & LYNCH
142 Joralemon Street
Brooklyn, NY 11201
(212)-710-0049
Fax: (212)-302-2210
Email: shoai-naini@lawlynch.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries**
*sued individually*
*successor in interest*
Delaval Steam Turbine, Inc.

represented by **Gloria E. Koo**
Leader & Berkon LLP
630 Third Avenue, 17th Floor
New York, NY 10017
212-486-2400
Fax: 212-486-3099
Email: gkoo@leaderberkon.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**John Crane, Inc.**

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**MCIC Inc.**
*formerly known as*
The McCormick Asbestos Company

**Defendant**

**New England Insulation Company**

**Defendant**

**SB Decking Inc.**

**Defendant**

**Trane, U.S., Inc.**
*formerly known as*
American Standard, Inc.

**Defendant**

**Union Carbide Corporation**

**Defendant**

**W.L. Blake & Company, Inc.**

**Defendant**

**Warren Pumps, L.L.C.**        represented by   **Gloria E. Koo**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**WLB Holding Co.**

**Defendant**

**Yarway Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2013 | 📄 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 190154-2013. (Filing Fee $ 350.00, Receipt Number 1069757).Document filed by Crane Co.(laq) (jd). (Additional attachment(s) added on 6/18/2013: # 1 1, # 2 2, # 3 3, # 4 3, # 5 3, # 6 3, # 7 3, # 8 3) (jd). (Additional attachment(s) added on 6/18/2013: # 9 3, # 10 3, # 11 3, # 12 3) (jd). (Additional attachment(s) added on 6/18/2013: # 13 4, # 14 4, # 15 4, # 16 4, # 17 4, # 18 4, # 19 4, # 20 5) (jd). (Entered: 06/17/2013) |
| 06/14/2013 | 📄 | Magistrate Judge Gabriel W. Gorenstein is so designated. (laq) (Entered: 06/17/2013) |
| 06/14/2013 | 📄 | Case Designated ECF. (laq) (Entered: 06/17/2013) |
| 06/18/2013 | 📄 2 | NOTICE OF CASE REASSIGNMENT to Judge Analisa Torres. Judge P. Kevin Castel is no longer assigned to the case. (pgu) (Entered: 06/18/2013) |
| 06/19/2013 | 📄 3 | CERTIFICATE OF SERVICE of Crane Co.'s Notice of Removal served on All Parties on 06/14/2013. Service was made by Mail. Document filed by Crane Co.. (Cottle, Eric) (Entered: 06/19/2013) |
| 06/19/2013 | 📄 4 | NOTICE OF APPEARANCE by Kerryann Marie Cook on behalf of Brand Insulations, Inc.. (Cook, Kerryann) (Entered: 06/19/2013) |

| 06/19/2013 | 🌑 5 | NOTICE OF APPEARANCE by Kerryann Marie Cook on behalf of Higbee, Inc.. (Cook, Kerryann) (Entered: 06/19/2013) |
| 06/24/2013 | 🌑 6 | NOTICE OF APPEARANCE by Lawrence Gable Lee on behalf of Georgia Pacific, L.L.C.. (Lee, Lawrence) (Entered: 06/24/2013) |
| 06/24/2013 | 🌑 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Georgia-Pacific Holdings, LLC for Georgia Pacific, L.L.C.. Document filed by Georgia Pacific, L.L.C..(Lee, Lawrence) (Entered: 06/24/2013) |
| 06/25/2013 | 🌑 8 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Higbee, Inc..(Cook, Kerryann) (Entered: 06/25/2013) |
| 06/28/2013 | 🌑 9 | NOTICE OF APPEARANCE by Gloria E. Koo on behalf of Warren Pumps, L.L.C.. (Koo, Gloria) (Entered: 06/28/2013) |
| 06/28/2013 | 🌑 10 | NOTICE OF APPEARANCE by Gloria E. Koo on behalf of IMO Industries. (Koo, Gloria) (Entered: 06/28/2013) |
| 06/28/2013 | 🌑 11 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Colfax Corporation for Warren Pumps, L.L.C.. Document filed by Warren Pumps, L.L.C..(Koo, Gloria) (Entered: 06/28/2013) |
| 06/28/2013 | 🌑 12 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent IMO Holdings, Inc., Corporate Parent Colfax Fluid Handling LLC, Corporate Parent Colfax Corporation for IMO Industries. Document filed by IMO Industries.(Koo, Gloria) (Entered: 06/28/2013) |
| 07/02/2013 | 🌑 13 | NOTICE OF APPEARANCE by Golriz Shoai-Naini on behalf of Illinois Tool Works, Inc.. (Shoai-Naini, Golriz) (Entered: 07/02/2013) |
| 07/02/2013 | 🌑 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Illinois Tool Works, Inc..(Shoai-Naini, Golriz) (Entered: 07/02/2013) |
| 07/11/2013 | 🌑 15 | NOTICE OF APPEARANCE by Angela Digiglio on behalf of Crane Co.. (Digiglio, Angela) (Entered: 07/11/2013) |
| 07/11/2013 | 🌑 16 | NOTICE OF APPEARANCE by Nicole Melody Kozin on behalf of Crane Co.. (Kozin, Nicole) (Entered: 07/11/2013) |

# Exhibit 1


CT Corporation

**Service of Process
Transmittal**
05/17/2013
CT Log Number 522741484

TO: Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC, 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

RE: **Process Served in New York**

FOR: Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Marie Keating, Individually and as Personal Representative of the Estate of Leonard Keating, Pltf. vs. Asbestos Corporation Limited, et al. including Crane Co., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Rider(s), Initial Fact Sheet, Verified Complaint, Verification, Attachment(s) |
| COURT/AGENCY: | New York County: Civil Branch: Supreme Court, NY<br>Case # 19015413 |
| NATURE OF ACTION: | Asbestos Litigation - Fatal Injury/Wrongful Death |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/17/2013 at 15:00 |
| JURISDICTION SERVED : | New York |
| APPEARANCE OR ANSWER DUE: | Within 20 days after the service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Napoli Bern Ripka Shkolnik & Associates, LLP<br>350 Fifth Avenue<br>Suite 7413<br>New York, NY 10018<br>212-267-3700 |
| REMARKS: | Please note the process server underlined, circled, initialed and/or highlighted the entity name being served prior to receipt by CT. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/17/2013, Expected Purge Date: 05/22/2013<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@paceclaims.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| SIGNED: | C T Corporation System |
| PER: | Christopher Tilton |
| ADDRESS: | 111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| TELEPHONE: | 212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP**
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------------X

In Re: NEW YORK CITY
ASBESTOS LITIGATION

-----------------------------------------------------------------------------X

MARIE KEATING, Individually and as PERSONAL
REPRESENTATIVE of the ESTATE of LEONARD KEATING,

*Plaintiff,*

-against-

ASBESTOS CORPORATION LIMITED;
AIR & LIQUID SYSTEMS CORPORATION, a/k/a
    BUFFALO PUMPS, INC.;
ARMSTRONG INTERNATIONAL, INC.;
AURORA PUMP COMPANY;
BRAND INSULATIONS, INC.;
BRENNTAG SPECIALTIES, INC. individually
    and as successor-in-interest to WHITTAKER,
    CLARK & DANIELS, INC.
CARRIER CORPORATION;
CBS CORPORATION, A Delaware Corporation
    f/k/a VIACOM INC., successor by merger to
    CBS CORPORATION, a Pennsylvania Corporation
    f/k/a WESTINGHOUSE ELECTRIC
    CORPORATION;
CERTAINTEED CORPORATION;
CLEAVER BROOKS, INC,;
CLIFTON ASSOCIATES f/k/a JOHNSON
    ASBESTOS CORP., INC.;
CRANE CO.;
CROWN CORK & SEAL COMPANY, INC.;
ELLIOTT COMPANY, individually and as
    successor in interest to ELLIOTT
    TURBOMACHINERY CO., INC.
ERICSSON, INC. sued individually and as successor-
    in-interest to ANACONDA, INC.;
FLOWSERVE CORPORATION, individually and as
    Successor-in-interest to BW/IP
    INTERNATIONAL INC., f/k/a BYRON

**ASBESTOS
MATTER**

NYCAL

Index No: 190154/13

Date filed:

**SUMMONS**

JACKSON PUMPS;
FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER INC.;
GENERAL CABLE, INC.;
GENERAL ELECTRIC COMPANY;
GENERAL RAILWAY SIGNAL, INC.;
GEORGIA PACIFIC, LLC.;
HIGBEE, INC.;
HONEYWELL INTERNATIONAL, INC., f/k/a
   ALLIEDSIGNAL, INC., f/k/a THE BENDIX
   CORPORATION;
HOPEMAN BROTHERS, INC.;
ILLINOIS TOOL WORKS, INC.;
IMO INDUSTRIES sued individually and as successor-in-interest
   to DELAVAL STEAM TURBINE, INC.;
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.;
KAISER GYPSUM COMPANY, INC.;
MCIC INC. f/k/a THE MCCORMICK ASBESTOS COMPANY;
NEW ENGLAND INSULATION COMPANY;
SB DECKING, INC.;
TRANE U.S., INC. f/k/a AMERICAN STANDARD, INC.;
UNION CARBIDE CORPORATION;
W.L. BLAKE & COMPANY, INC.;
WARREN PUMPS, LLC;
WLB HOLDING CO.;
YARWAY CORPORATION;

*Defendants.*

-------------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
April 19, 2013

                           **NAPOLI BERN RIPKA SHKOLNIK &**
                           **ASSOCIATES, LLP**
                           *Attorneys for Plaintiff*

               By: _

                      NAPOLI BERN RIPKA SHKOLNIK &
                         ASSOCIATES, LLP
                      350 Fifth Avenue, Suite 7413
                       New York, NY 10018
                       (212) 267-3700

**DEFENDANTS RIDER:**

1. ASBESTOS CORPORATION LTD.

   840 Ouellet Blvd
   Thetford Mines, Quebec
   G6G7A5

2. AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC.

   874 OLIVER ST.
   NORTH TONAWANDA, NY 14120-3298

3. ARMSTRONG INTERNATIONAL INC

   C/O DAVID DYSKTRA
   900 MAPLE STREET
   THREE RIVERS, MI 49043

4. AURORA PUMP COMPANY

   LYNETTE JONES
   13515 BALLANTYNE CORPORATE PLACE
   CHARLOTTE, NC 28277

5. BRAND INSULATIONS, INC.

   C/O VICTOR BARNHART
   3003 BUTTERFIELD RD
   OAK BROOK, IL 60521

6. BRENNTAG SPECIALTIES, INC. individually and as successor-in-interest to
   WHITTAKER, CLARK & DANIELS, INC.

   C/O CT CORPORATION SYSTEM
   820 BEAR TAVERN RD
   EWING, NJ 08628

7. CARRIER CORPORATION

   CT CORPORATION SYSTEMS
   111 EIGHTH AVENUE
   NEW YORK, NEW YORK, 10011

8. CBS CORPORATION

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

9. CERTAINTEED CORPORATION

R/A: C.T. CORPORATION SYSTEM
208 S. LASALLE STREET, SUITE 814
CHICAGO, ILLINOIS 60604

10. CLEAVER-BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF
AQUA-CHEM, INC.

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

11. CLIFTON ASSOCIATES f/k/a JOHNSON ASBESTOS CORP., INC.

1434 MEMORIAL AVENUE,
WEST SPRINGFIELD, MASS 01089

12. CRANE CO.

C T CORPORATION SYSTEM
1633 BROADWAY
New York, New York 10019

13. CROWN CORK & SEAL COMPANY, INC.

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

14. ELLIOTT COMPANY
901 NORTH FOURTH STREET
JEANETTE, PA 15644

15. ERICSSON, INC. sued individually and as successor-in-interest to ANACONDA,
INC.

C /O CAPITOL CORPORATE SERVICES, INC.
455 CAPITAL MALL, STE. 217
SACRAMENTO, CA 95814

16. FLOWSERVE CORPORATION individually and as successor-in-interest to
BW/IP INTERNATIONAL INC., f/k/a BYRON JACKSON PUMPS

C/O CT CORPORATION SERVICE
350 N. ST. PAUL ST. SUITE 2900
DALLAS, TX 75201

17. FOSTER WHEELER ENERGY CORPORATION

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

18. GARDNER DENVER

1500 LIBERTY RIDGE DR, STE 3000
WAYNE, PA 19087

19. GEORGIA PACIFIC, LLC F/K/A GEORGIA-PACIFIC CORPORATION

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

20. GENERAL CABLE, INC.

4 TESSENEER DR.
HIGHLAND HEIGHTS, KY 41076

21. GENERAL ELECTRIC COMPANY

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

22. GENERAL RAILWAY SIGNAL, INC.

C.T. CORPORATION SYSTEM
208 S. LASALLE STREET, SUITE 814
CHICAGO, IL 60604

23. HIGBEE, INC.

6741 THOMPSON RD
SYRACUSE, NY 13211-2119

24. HONEYWELL INTERNATIONAL INC. (F/K/A ALLIEDSIGNAL INC., AS
SUCCESSOR-IN-INTERST TO THE BENDIX CORPORATION)

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

25. HOPEMAN BROTHERS, INC.

CT CORPORATION SYSTEM
4701 COX RD, STE 301
GLEN ALLEN, VA 23060

26. ILLINOIS TOOL WORKS, INC.

C T CORPORATION SYSTEM
208 SO. LASALLE ST, STE 814
CHICAGO, IL 60604

27. IMO INDUSTRIES sued individually and as successor-in-interest to DELAVAL
STEAM TURBINE, INC.

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

28. INGERSOLL-RAND COMPANY

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

29. JOHN CRANE, INC.

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

30. KAISER GYPSUM COMPANY, INC.

THE CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW SUITE 304
TUMWATER, WA 98501

31. MCIC INC. f/k/a THE MCCORMICK ASBESTOS COMPANY

ROBERT I. MCCORMICK, REGISTERED AGENT OF MCIC

2522 APPALOOSA WAY
FINKSBURG, MD 21048-1624

32. NEW ENGLAND INSULATION COMPANY

C/O RICHARD SHEEHAN
55 NORTH STREET
CANTON, MA 02021

33. SB DECKING INC.

1700 LOGAN SQUARE
PHILADELPHIA, PA 19105

34. TRANE, U.S., INC. F/K/A AMERICAN STANDARD, INC.

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

35. UNION CARBIDE CORPORATION

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

36. W.L. BLAKE & COMPANY, INC.

NICK PELLETIER
138 LEIGHTON RD
AUGUSTA, MAINE 04330

37. WARREN PUMPS, LLC.

C/O CT CORPORATION SYSTEM
115 FEDERAL ST, STE 700
BOSTON, MA 02110

38. WLB HOLDING CO.

FRANK H. FRYE
TEN FREE STREET
P.O. BOX 4510
PORTLAND, MAINE 04112

39. YARWAY CORPORATION

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-------------------------------------------------------------------- x
In Re: NEW YORK CITY                           NYCAL
ASBESTOS LITIGATION                            Index No.
-------------------------------------------------------------------- x
This Document Applies to:

                                               PLAINTIFFS' INITIAL
                                               FACT SHEET

MARIE KEATING, Individually and as Personal
Representative of the Estate of LEONARD KEATING,

                                    *Plaintiff*

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.

                                    *Defendant.*

-------------------------------------------------------------------x


        For each claimant or deceased claimant, please answer each of the following
questions:

        1.      Full name: Leonard W. Keating

        2.      Date of Birth: 03/12/1921

        3.      Address: 10516 Cameo Drive, Sun City, AZ 85351

        4.      Date of death: 2/11/2012

        5.      Social Security Number: xxx-xx-9687

        6.      Date of claimant's claimed asbestos exposure: Plaintiff claims occupational

                exposure from on or about 1930 to on or about 1986.

        7.      Smoking History:

        For all cigarettes, pipes, cigars, please state the inclusive dates of claimant's smoking

        history, the products smoked and the amount of products consumed per day: Client

smoke cigarettes from 1934 to 1980. It is unknown at this time how many cigarettes the Client consumed per day.

8.    At this preliminary state of the proceedings, please provide as much of the following information as is presently available worksites, inclusive dates, and trade or occupation for each site. (Each worksite should be identified as specifically as possible, i.e. ships worked on in a given shipyard):

Plaintiff operated machines at American Insulated Wire Co. in the early 1930's in Providence, Rhode Island. Plaintiff worked for Lovetti's Oil Company in the early 1940's in Providence Rhode Island delivering fuel oil to homes. Plaintiff was a Seaman First Class, USNR V-6 in the United States Navy and worked aboard the USS Satterlee from 1942-1945. Following the USS Satterlee, Plaintiff worked on the USS Walter Raleigh from 1945-1946. In 1946 Plaintiff began working at the Lane and Gem Theaters in Washington Heights, NY maintaining the HVAC and boiler equipment. Plaintiff worked at the Grinnell Corporation in Providence, Rhode Island from approximately 1948-1958. He performed installation, repair and maintenance of fire sprinkler systems. From 1958-1962 Plaintiff worked for Automatic Sprinkler Corporation of American in Newton, Massachusetts, where he performed installation, repair, and maintenance of sprinkler systems. Plaintiff then worked at the Bath Iron Works shipyard in Bath, Maine from 1976-1986 where he worked as a pipefitter, painter, and laborer.

9.    Claimed asbestos-related disease, including date of diagnosis and name of diagnosing physician or institution if known (an attached medical report would be helpful but is optional)

Plaintiff was diagnosed with mesothelioma in September 2012. Medical Records
available via Record Track.

FILED: NEW YORK COUNTY CLERK 04/19/2013
NYSCEF DOC. NO. 1

INDEX NO. 190154/2013
RECEIVED NYSCEF: 04/19/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
In Re: NEW YORK CITY
ASBESTOS LITIGATION
-------------------------------------------------------------------X

MARIE KEATING, Individually and as PERSONAL
REPRESENTATIVE of the ESTATE of LEONARD KEATING,

                *Plaintiff,*

    -against-

ASBESTOS CORPORATION LIMITED;
AIR & LIQUID SYSTEMS CORPORATION, a/k/a
    BUFFALO PUMPS, INC.;
ARMSTRONG INTERNATIONAL, INC.;
AURORA PUMP COMPANY;
BRAND INSULATIONS, INC.;
BRENNTAG SPECIALTIES, INC. individually
    and as successor-in-interest to WHITTAKER,
    CLARK & DANIELS, INC.;
CARRIER CORPORATION;
CBS CORPORATION, A Delaware Corporation
    f/k/a VIACOM INC., successor by merger to
    CBS CORPORATION, a Pennsylvania Corporation
    f/k/a WESTINGHOUSE ELECTRIC
    CORPORATION;
CERTAINTEED CORPORATION;
CLEAVER BROOKS, INC.;
CLIFTON ASSOCIATES f/k/a JOHNSON
    ASBESTOS CORP., INC.;
CRANE CO.;
CROWN CORK & SEAL COMPANY, INC.;
ELLIOTT COMPANY, individually and as
    successor in interest to ELLIOTT
    TURBOMACHINERY CO., INC.;
ERICSSON, INC. sued individually and as successor-
    in-interest to ANACONDA, INC.;
FLOWSERVE CORPORATION, individually and as
    Successor-in-interest to BW/IP
    INTERNATIONAL INC., f/k/a BYRON
    JACKSON PUMPS;

**ASBESTOS
MATTER**

**NYCAL**

Index No:

Date filed:

**VERIFIED
COMPLAINT FOR
WRONGFUL
DEATH AND
SURVIVAL**

FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER INC.;
GENERAL CABLE, INC.;
GENERAL ELECTRIC COMPANY;
GENERAL RAILWAY SIGNAL, INC.;
GEORGIA PACIFIC, LLC.;
HIGBEE, INC.;
HONEYWELL INTERNATIONAL, INC., f/k/a
    ALLIEDSIGNAL, INC., f/k/a THE BENDIX
    CORPORATION;
HOPEMAN BROTHERS, INC.;
ILLINOIS TOOL WORKS, INC.;
IMO INDUSTRIES sued individually and as successor-in-interest
    to DELAVAL STEAM TURBINE, INC.;
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.;
KAISER GYPSUM COMPANY, INC.;
MCIC INC. f/k/a THE MCCORMICK ASBESTOS COMPANY;
NEW ENGLAND INSULATION COMPANY;
SB DECKING, INC.;
TRANE U.S., INC. f/k/a AMERICAN STANDARD, INC.;
UNION CARBIDE CORPORATION;
W.L. BLAKE & COMPANY, INC.;
WARREN PUMPS, LLC;
WLB HOLDING CO.;
YARWAY CORPORATION;

*Defendants.*

--------------------------------------------------------------------------X


Plaintiff MARIE KEATING, Individually and as Personal Representative to the Estate of

LEONARD KEATING, by her attorneys, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES

LLP, upon information and belief, at all times hereinafter mentioned alleges as follows:

     1.    The term "Plaintiff(s)" shall apply to Plaintiff MARIE KEATING as Personal

Representative to the Estate of LEONARD KEATING. Plaintiff currently resides in the State of

Arizona.

     2.    The term "Decedent" shall apply to LEONARD KEATING.

3.     Decedent LEONARD KEATING died on February 11, 2012.

4.     The term "Defendants" shall apply to all named business and/or corporate entities and/or such company's predecessors and/or successors in interest more fully described below.

5.     The Defendants named herein have done business in this State and/or have conducted and/or transacted business in this state, have committed one or more tortuous acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

6.     Defendant ASBESTOS CORPORATION LTD. was and still is a duly organized domestic corporation doing business in the State of New York.

7.     Defendant ASBESTOS CORPORATION LTD. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.     Defendant AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

9.     Defendant AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.    Defendant ARMSTRONG INTERNATIONAL was and still is a duly organized domestic corporation doing business in the State of New York.

11.     Defendant ARMSTRONG INTERNATIONAL was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12.     Defendant AUROA PUMP COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

13.     Defendant AUROA PUMP COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.     Defendant BRAND INSULATIONS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

15.     Defendant BRAND INSULATIONS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

16.     Defendant BRENNTAG SPECIALTIES, INC. individually and as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

17.     Defendant BRENNTAG SPECIALTIES, INC. individually and as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York

18.     Defendant CARRIER CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

19.    Defendant CARRIER CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

20.    Defendant CBS CORPORATION, a Delaware corp. f/k/a VIACOM INC., successor by merger to CBS CORP., a Pennsylvania corp. f/k/a WESTNGHOUSE ELECTRIC CORP. was and still is a duly organized domestic corporation doing business in the State of New York.

21.    Defendant CBS CORPORATION, a Delaware corp. f/k/a VIACOM INC., successor by merger to CBS CORP., a Pennsylvania corp. f/k/a WESTNGHOUSE ELECTRIC CORP. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

22.    Defendant CERTAINTEED CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

23.    Defendant CERTAINTEED CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York

24.    Defendant CLEAVER BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

25.    Defendant CLEAVER BROOKS, INC., F/K/A CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. was and still is a duly organized foreign corporation doing

business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

26. Defendant CLIFTON ASSOCIATES f/k/a JOHNSON ASBESTSOS CORP., INC. was and still is a duly organized domestic corporation doing business in the State of New York.

27. Defendant CLIFTON ASSOCIATES f/k/a JOHNSON ASBESTOS CORP., INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

28. Defendant CRANE CO. was and still is a duly organized domestic corporation doing business in the State of New York.

29. Defendant CRANE CO. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York

30. Defendant CROWN CORK & SEAL COMPANY, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

31. Defendant CROWN CORK & SEAL COMPANY, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

32. Defendant ELLIOTT COMPANY, individually and as successor in interest to ELLIOTT TURBOMACHINERY CO., INC. was and still is a duly organized domestic corporation doing business in the State of New York.

33.     Defendant ELLIOTT COMPANY, individually and as successor in interest to
ELLIOTT TURBOMACHINERY CO., INC. was and still is a duly organized foreign
corporation doing business and/or transacting business in the State of New York and/or should
have expected its acts to have consequences within the State of New York.

34.     Defendant ERICSSON, INC. sued individually and as successor-in-interest to
ANACONDA, INC. was and still is a duly organized domestic corporation doing business in the
State of New York.

35.     Defendant ERICSSON, INC. sued individually and as successor-in-interest to
ANACONDA, INC. was and still is a duly organized foreign corporation doing business and/or
transacting business in the State of New York and/or should have expected its acts to have
consequences within the State of New York.

36.     Defendant FLOWSERVE CORPORATION, individually and as successor-in-
interest to BW/IP INTERNATIONAL INC., f/k/a BYRON JACKSON PUMPS was and still is a
duly organized domestic corporation doing business in the State of New York.

37.     Defendant FLOWSERVE CORPORATION, individually and as successor-in-
interest to BW/IP INTERNATIONAL INC., f/k/a BYRON JACKSON PUMPS was and still is a
duly organized foreign corporation doing business and/or transacting business in the State of
New York.

38.     Defendant FOSTER WHEELER ENERGY CORPORATION was and still is a
duly organized domestic corporation doing business in the State of New York.

39.     Defendant FOSTER WHEELER ENERGY CORPORATION was and still is a
duly organized foreign corporation doing business and/or transacting business in the State of

New York and/or should have expected its acts to have consequences within the State of New York.

40.    Defendant GARDNER DENVER, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

41.    Defendant GARDNER DENVER, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

42.    Defendant GENERAL CABLE, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

43.    Defendant GENERAL CABLE, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

44.    Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

45.    Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

46.    Defendant GENERAL RAILWAY SIGNAL, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

47.    Defendant GENERAL RAILWAY SIGNAL, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

48. Defendant GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

49. Defendant GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

50. Defendant HIGBEE, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

51. Defendant HIGBEE, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

52. Defendant HONEYWELL INTERNATIONAL, INC., f/k/a ALLIEDSIGNAL, INC., f/k/a THE BENDIX CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

53. Defendant HONEYWELL INTERNATIONAL, INC., f/k/a ALLIEDSIGNAL, INC., f/k/a THE BENDIX CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

54. Defendant HOPEMAN BROTHERS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

55.     Defendant HOPEMAN BROTHERS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

56.     Defendant ILLINOIS TOOL WORKS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

57.     Defendant ILLINOIS TOOL WORKS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

58.     Defendant IMO INDUSTRIES sued individually and as successor-in-interest to DELAVAL STEAM TURBINE, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

59.     Defendant IMO INDUSTRIES sued individually and as successor-in-interest to DELAVAL STEAM TURBINE, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

60.     Defendant INGERSOLL-RAND COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

61.     Defendant INGERSOLL-RAND COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

62.     Defendant JOHN CRANE, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

63.     Defendant JOHN CRANE, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

64.     Defendant KAISER GYPSUM COMPANY, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

65.     Defendant KAISER GYPSUM COMPANY, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

66.     Defendant MCIC, INC. f/k/a THE MCCORMICK ASBESTOS COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

67.     Defendant MCIC, INC. f/k/a THE MCCORMICK ASBESTOS COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

68.     Defendant NEW ENGLAND INSULATION COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

69.     Defendant NEW ENGLAND INSULATION COMPANY was and still is a duly organized foreign corporation doing business in the State of New York and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

70.     Defendant SB DECKING, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

71.     Defendant SB DECKING, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

72.     Defendant TRANE U.S., INC., f/k/a AMERICAN STANDARD, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

73.     Defendant TRANE U.S., INC., f/k/a AMERICAN STANDARD, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

74.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

75.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

76.     Defendant W.L. BLAKE & COMPANY, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

77.     Defendant W.L. BLAKE & COMPANY, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

78.     Defendant WARREN PUMPS, LLC. was and still is a duly organized domestic corporation doing business in the State of New York.

79.     Defendant WARREN PUMPS, LLC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York

80.     Defendant WLB HOLDING CO. was and still is a duly organized domestic corporation doing business in the State of New York.

81.     Defendant WLB HOLDING CO. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

82.     Defendant YARWAY CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

83.     Defendant YARWAY CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

84.     Plaintiff repeats, reiterates and realleges each and every prior allegation contained herein above with the same force and effect as if hereinafter set forth at length.

85.     Decedent was exposed to the asbestos and asbestos-containing products and materials mined, manufactured, processed, imported, converted, compounded, installed, or sold by the Defendants. During the course of his employment, Decedent was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused his to develop an asbestos related disease.

86.     Decedent continuously worked with, and thus Decedent was exposed to the asbestos and asbestos-containing products due to defective products, materials and/or masks as a result of

negligent design. During the course of Decedent's employment and as a result thereof, Decedent was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused him to develop an asbestos related disease.

87.     Upon information and belief, the Defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold and/or delivered various asbestos-containing products and materials and/or asbestos containing equipment to which Decedent was exposed during the period of time Decedent was employed.

88.     At all times pertinent hereto the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course of and scope of their employment and in furtherance of the business of said Defendants.

89.     During the scope and course of Decedent's employment she was necessarily and unavoidably exposed to and did inhale and ingest dust and/or asbestos fibers emanating from the asbestos, asbestos-containing products and/or equipment and as a result of negligently designed, manufactured, fabricated, fashioned, distributed, sold, packaged materials and equipment of the Defendants.

90.     As a proximate result of the exposure to the asbestos and asbestos containing products and/or equipment of these Defendants and the unavoidable and necessary inhalation of said asbestos dust and/or fibers, Decedent developed an asbestos-related disease.

91.     At all relevant times, the Defendants knew or should have known that the asbestos and asbestos-containing products and materials which they were providing were inherently dangerous beyond the expectations of the ordinary user or handler who would come into contact with these products.

92.     The Defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith.

93.     The Defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods, which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and/or equipment and materials.

94.     The Defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials.

95.     To the extent that some Defendants may have inquired as to the hazards of said materials, the Defendants negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products.

96.     The Defendants negligently failed to develop, make available and/or provide non-hazardous substitutes, which could have been used for the same purpose as their asbestos-containing products and/or equipment.

97.     The Defendants negligently failed to design asbestos-containing products and/or equipment in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers.

98.     As a direct result of working with or near the asbestos materials supplied by the Defendants with the consequent unavoidable and necessary inhalation and ingestion of said asbestos fibers, Decedent developed an asbestos related disease and as a result was rendered ill and

disabled. Decedent suffered and endured great pain and mental anguish and suffered a loss of enjoyment of life throughout the remainder of his life.

99.     The asbestos related disease of the Decedent was proximately caused by the Defendants' negligent actions in that, *inter alia*, they negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the Decedent was exposed, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful, depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the Decedent, all of which Defendants had due and timely notice.

100.     Defendants negligently failed to render warnings, advise, give instructions and/or information to Decedent so that she could have made an adequate and informed judgment as to the use of said products and were otherwise negligent.

101.     The Defendants individually and as a group since the early 1900's have possessed medical and scientific data which clearly indicates that their asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the Defendants individually and collectively ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users including Decedent of said medical and scientific data and therefore deprived the public at large and the Decedent in particular, of the opportunity of free choice as to whether or not to expose himself to the asbestos and asbestos-containing products of said Defendants; and further willfully, intentionally and wantonly failed to warn Decedent of the serious bodily harm which would result from the inhalation of their asbestos fibers and the dust from their asbestos products.

102.     The Defendants' failure to use reasonable care under all the circumstances was the proximate cause of Decedent's asbestos-related disease.

103. As a result of the foregoing Decedent was seriously injured and said serious injuries ultimately led to his demise.

104. By reason of the foregoing, said Plaintiff(s) have been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS, EXCEPT FOR THOSE ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION: BREACH OF IMPLIED AND EXPRESS WARRANTEES

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

106. The Defendants expressly and impliedly warranted that said asbestos and asbestos-containing materials were of good and merchantable quality and fit for intended use.

107. The implied/express warranties made by the Defendants that their asbestos and asbestos-containing materials were of good and merchantable quality and fit for their particular use were breached in that certain harmful, poisonous and deleterious matter was given off into the atmosphere where Decedent carried out his duties working with and around asbestos and asbestos-containing materials.

108. As a direct and/or proximate cause of the Defendants' breach of the implied/express warranties of good and merchantable quality and fitness for the particular use of their products, Decedent developed an asbestos-related disease and was caused to endure great pain and suffering.

109. Decedent was seriously injured and said injury resulted in Decedent's demise.

110.    By reason of the foregoing, Plaintiff(s) have been damaged as against each
Defendant in the sum of TEN MILLION DOLLARS ($ 10,000,000.00) in compensatory damages
and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
ALL DEFENDANTS, EXCEPT NO CLAIMS ALLEGING A
MANUFACTURE OR DESIGN DEFECT OTHER THAN
FAILURE TO WARN ARE MADE FOR ANY ASBESTOS
EXPOSURES WHICH ARE ALLEGED TO HAVE
OCCURRED ABOARD ANY MILITARY VESSEL OR
VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT
ANY GOVERNMENTAL FACILITY OR LOCATION:
FAILURE TO WARN**

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the
prior paragraphs with the same force and effect as if hereinafter set forth at length.

112.    At all relevant times, Defendants, as part of their business, manufactured, designed,
supplied, developed, fashioned, packaged, distributed, delivered, installed, sold and/or otherwise
placed asbestos and asbestos products and/or equipment and materials into the stream of commerce
in a defective, unsafe and inherently dangerous condition and the products and materials were
expected to and did reach users, handlers and persons coming into contact with the said products
and materials without substantial change in the condition in which they were sold.

113.    The asbestos-containing products and/or equipment sold by the Defendants did not
contain a warning and/or information concerning the dangers to persons using, handling or coming
into contact therewith.

114.    The asbestos-containing products and/or equipment sold by the Defendants did not
contain adequate and/or correct warnings and instructions of safety precautions to be observed by
users, handlers and persons who would reasonably and foreseeably come into contact with said
products and/or equipment.

115.    That at all times herein, the products and/or equipment being used herein were being

employed for the purposes and in the manner normally intended and the defects of the said products

were not discoverable by the Decedent through exercise of reasonable care, nor were the dangers of

said products perceivable on the part of the Decedent and the Decedent could not have otherwise

averted his injury by the exercise of reasonable care.

116.    Said asbestos and asbestos-containing materials were defective and dangerous at the

time they were sold as the products and/or equipment contained a latent defect and were harmful,

poisonous and deleterious when introduced into the atmosphere where the Decedent carried on his

duties.

117.    The Defendants selling their asbestos and asbestos-containing materials in a

defective and dangerous condition to the users thereof, such as the Decedent, are strictly liable to the

Decedent for any illness resulting from said defective products.

118.    As a direct and proximate result of the sale by the Defendants to Decedent's

employers and/or other contractors, of said defective and unreasonably dangerous products and/or

equipment the Decedent sustained serious and permanent injuries and suffered a loss of enjoyment

of his life.

119.    Decedent was seriously injured and his injuries were the proximate cause of and

resulted in his demise.

120.    That by reason of the foregoing, Plaintiff(s) has been damaged as against each

Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages

and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
ALL OTHER DEFENDANTS, EXCEPT NO CLAIMS
ALLEGING A MANUFACTURE OR DESIGN DEFECT
OTHER THAN FAILURE TO WARN ARE MADE FOR**

### ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION: FUNGIBLE PRODUCT(S)

121.    Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

122.    Defendants collectively and individually manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, installed, sold, supplied, delivered and promoted asbestos and asbestos-containing products which were generically similar and fungible in nature; and placed such products into the stream of interstate commerce.

123.    Through no fault of his own, Decedent may not have been able to identify all the asbestos-containing products or their manufacturers, marketers, sellers, distributors, or promoters due to the generic similarity and fungible nature of such products as produced by these Defendants.

124.    As a direct and proximate result of the Defendants' activities, Decedent was exposed to asbestos-containing products and sustained severe personal injuries and damages as described above.

125.    By reason of the foregoing, Defendants are jointly and severally liable to the Decedent for the injuries and damages sustained by his as described above by virtue of industry-wide or enterprise liability.

126.    In the alternative, Defendants herein are jointly and severally liable to Plaintiff as they represent a substantial share of the asbestos-containing product market within the area in which Decedent was employed.

127. Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which Decedent was exposed during the period of his employment.

128. Independent of the above, Defendants are also jointly and severally liable to Plaintiff, as the limitations of liability articulated in CPLR 1601 do not apply to the Plaintiff's cause of action by operation of the exceptions set forth in CPLR 1602, which states that the limitations shall:

    (a)    Not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others.

    (b)    Not apply to any person held liable by reason of the applicability of article ten of the labor law.

    (c)    Not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer.

    (d)    Not apply to any parties found to have acted knowingly or intentionally and in concert, to cause the acts or failures upon which liability is based; provided, however, that nothing in this subdivision shall be construed to create, impair, alter, limit, modify, enlarge, abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant.

129. Therefore defendants are jointly and severally liable for the Decedent's injuries and death, and damages sustained by the Decedent and the Plaintiff individually, which were directly and proximately caused by Decedent's exposure to asbestos-containing products and promoted by the defendants based on the several defendants' pro rata market share within the market described herein.

130. As a result of his exposure to the Defendants' fungible asbestos and asbestos-containing products, Decedent was seriously injured with death resulting.

131. By reason of the foregoing, Plaintiff(s) has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS: UNSAFE WORKPLACE

132. Plaintiff repeats, reiterates, and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

133. Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises at which Decedent was lawfully frequenting and exposed to asbestos.

134. Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

135. At all times relevant hereto, Decedent was lawfully frequenting the premises at which he was exposed to asbestos.

136. At all times relevant hereto, Decedent's presence on the premises on which Decedent was exposed to asbestos was known or knowable to the Defendants.

137. Defendants, their subsidiaries, agents and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exist by specifying, using and/or permitting the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises where the Decedent was exposed to asbestos.

138.    Defendants, their subsidiaries, agents and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the Decedent was present and as a result, Decedent was exposed to asbestos.

139.    Defendants, their subsidiaries, agents and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct this dangerous condition.

140.    Defendants, their subsidiaries, agents and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn the Decedent of the existence of the dangerous condition and/or provide the Decedent the means to protect himself from this dangerous condition.

141.    Defendants, their subsidiaries, agents and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as Decedent, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

142.    Defendants, their subsidiaries, agents and/or servants violated New York Labor Law sections 200 *et seq.*, including, but not limited to, sections 200 and 241(6) and the New York Industrial Code (12 N.Y.C.R.R. §§ 12 and 23) by their failure to provide a safe workplace, including, but not limited to, failing to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known and by their failure to provide reasonable and adequate protection for individuals, such as Decedent, who was lawfully at a construction site owned, maintained and/or controlled by them. *Inter alia*:

    I.   Defendants, their subsidiaries, agents and/or servants violated the New York State Industrial Code section 12, subsection 1.4, which states that:

        a)   All operations or processes, which produce air contaminants, shall be so conducted that the generation, release or dissemination of such

contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control or protective procedures and equipment.

(1) Every employer shall effect compliance with the provisions of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

(2) Every employer shall instruct her employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

(3) No employer shall suffer or permit an employee to work in a room in which there exist dangerous air contaminants in a work atmosphere.

(4) No employer shall suffer or permit dangerous air contaminants to accumulate or remain in any place or area subject to the provisions of this. Part (rule).

II. Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.5, which states that:

(a) Personal respiratory protective equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board

III. Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.6 (formerly section 12.9), which states that:

(a) One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

(1) Substitution of a material or a method, which does not produce dangerous air contaminants.

(2) Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.

(3) Dilution ventilation.

(4) Application of water or other wetting agent.

(5) Enclosure or isolation

(6) Other methods approved by the board.

IV. As evidence of Defendants', their subsidiaries', agents' and/or servants' violation of the abovementioned sections of the New York State Industrial Code, Defendants, their subsidiaries, agents and/or servants permitted

asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

V.  Defendants, their subsidiaries, agents and/or servants violated section 23-3.2(d) of the New York State Industrial Code, which states that:

(d)  Provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with appropriate spraying agents or by other means.

143.  Defendants, their subsidiaries, agents and/or servants negligently designed the construction of the premises on which Decedent was lawfully frequenting and exposed to asbestos by specifying the use of asbestos containing products, equipment and/or fixtures at the premises.

144.  Defendants, their subsidiaries, agents and/or servants negligently breached their contractual duty to the Decedent, third-party beneficiary, to provide for the health, welfare and/or safety of those individuals, such as Plaintiff' Decedent, lawfully frequenting the premises on which Decedent was exposed to asbestos.

145.  Defendants, their subsidiaries, agents and/or servants, breached their warranty to provide for the health, welfare and/or safety of those individuals, such as Decedent, lawfully frequenting the premises on which Decedent was exposed to asbestos.

146.  Defendants, their subsidiaries, agents and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement of the Law, Second, Torts, including, but not limited to, sections 343, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

147.  Defendants' acts and/or omissions constitute willful misconduct and conscious disregard of the health of the public, including the Decedent.

148.    As a direct and proximate result of the Defendants' conduct, Decedent was exposed to asbestos and asbestos containing products and sustained serious injuries as described above that ultimately resulted in his death.

149.    Decedent was seriously injured and his injuries resulted in his death.

150.    By reason of the foregoing, Plaintiff have been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

151.    Plaintiff repeat and reiterate the prior allegations contained in prior paragraphs as if alleged more fully below.

152.    MARIE KEATING is the surviving spouse of LEONARD KEATING.

153.    That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, Plaintiff MARIE KEATING has been deprived of the companionship, love, consortium, society and services of her late husband, LEONARD KEATING.

154.    By reason of the foregoing, Plaintiff MARIE KEATING has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally on each cause of action with interest together with costs and disbursements in this action.

Dated: New York, New York
April 19, 2013

NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
*Attorneys for Plaintiff*

By: _____

NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10018
(212) 267-3700

## VERIFICATION

STATE OF NEW YORK     )
                            ) ss:
COUNTY OF NEW YORK )

            KARDON A. STOLZMAN, an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

            I am the attorney for the Plaintiff(s) in the above entitled-action. I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true and that the contentions herein are not frivolous, as that term is defined in Part 130.

            This verification is made by your affirmant because Plaintiff does not reside in the county where your affirmant maintains an office.

            The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file maintained by this office.

                                   **NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP**
                                     *Attorneys for Plaintiff*

                                   By: _____
                                   NAPOLI BERN RIPKA SHKOLNIK &
                                   ASSOCIATES, LLP
                                   350 Fifth Avenue, Suite 7413
                                   New York, NY 10018
                                   (212) 267-3700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
MARIE KEATING, Individually and as PERSONAL
REPRESENTATIVE of the ESTATE of LEONARD
KEATING,                                                    Index No.:
                               Plaintiff,

      -against-


AIR & LIQUID SYSTEMS CORPORATION f/k/a
BUFFALO PUMPS, INC.,  et al.,


                      Defendants.
--------------------------------------------------------------X

## PLAINTIFF'S VERIFIED COMPLAINT

### NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
*Attorneys for:* Plaintiff
350 Fifth Avenue, Suite 7413
New York, NY 10018
(212) 267-3700

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that she/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).
        By: _/s/ KARDON A. STOLZMAN_

Service of a copy of the within _____ is hereby admitted.
Dated,         _____
ATTORNEY(S) FOR

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an         duly entered in the     office of the clerk of the within named court on _____ 200__.
☐ NOTICE OF SETTLEMENT
that an order    of which the within is a true copy will be presented for settlement to the HON. _____ one of the judges of the within named Court, at _____
on           200__ at _____ O'clock ____.M.

Dated, _____
Yours, etc.

Eric R.I. Cottle (EC 3234)
K & L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
E-mail: eric.cottle@klgates.com
Attorneys for Defendant Crane Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE KEATING, Individually and as      :
PERSONAL REPRESENTATIVE of the     :
ESTATE of LEONARD KEATING,        :
                                     : Docket No.:
                 Plaintiffs,     :
                                     :
            v.           : **DEFENDANT CRANE CO.'S NOTICE**
                                   : **OF REMOVAL PURSUANT TO 28 U.S.C.**
ASBESTOS CORPORATION LIMITED, et : **§ 1442 AND 1446.**
al.,                                 :
                                   :
               Defendants.  :
------------------------------------------------------------x

TO:    THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
        DISTRICT OF NEW YORK

### CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Supreme Court of the State of

New York, County of New York to the United States District Court for the Southern District of

New York based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

Crane Co. provides the following short and plain statement of the grounds for removal:

### BACKGROUND

1.     On or about April 19, 2013, Plaintiffs initiated a civil action entitled Marie

Keating, Individually and as Special Representative of the Estate of Leonard Keating v. Asbestos

Corporation Limited, et al., Index No.: 190154-2013, in the Supreme Court of New York,

County of New York. A copy of the Complaint is attached hereto as Exhibit 1.

2.      In the Complaint, Plaintiffs allege that Mr. Keating was exposed to asbestos-containing products while serving in the United States Navy as a Seaman First Class aboard the USS Satterlee (DD-626) from 1942 to 1945 and the USS Walter Raleigh (CL-7) from 1945 to 1946. Plaintiffs also allege that Mr. Keating was exposed to asbestos at jobsites in Rhode Island, New York and Massachusetts throughout his career from the early 1930s through 1986. See Exhibit 1, Plaintiffs' Initial Fact Sheet, at ¶8.

3.      On May 17, 2013, Crane Co. was served with the Complaint.

4.      Crane Co.'s Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this Notice of Removal within thirty (30) days of receipt, through service, of a copy of the Complaint.  The Complaint alerted Crane Co. that the action was removable – i.e., that Plaintiffs' claims against Crane Co. involved equipment specifically designed and manufactured in accordance with specifications by and under control of the Navy.

5.      Removal to the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Supreme Court of New York, County of New York, which is located within the jurisdiction of this District.

**FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)**

6.      Removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer.  Removal is appropriate under this provision, where the removing defendant establishes that:

(1)      the defendant is a person under the statute;

(2)      the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct;

(3)     there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and

(4)     the defendant has raised a colorable defense based upon federal law.

See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). A "person" includes a corporation. See Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998); Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992). Crane Co. meets all four elements and therefore is entitled to remove this action pursuant to the federal officer removal statute.

7.      With respect to the second element for federal officer removal, Crane Co. was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its valves for and to the Navy. Crane Co. valves were designed and manufactured pursuant to precise contracts and specifications approved by the Navy. See Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached hereto as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached hereto as Exhibit 3. Since the 1950's, the Navy issued Military Specifications (MILSPECs) for various equipment, including valves of the type manufactured by Crane Co., and certain MILSPECs required that internal gaskets in the valves be "asbestos sheet gaskets." Sargent Aff., at ¶¶ 26-27, and 32. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. Unless Crane Co. equipment was first determined to be in conformity with all applicable Navy specifications, it could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. valves, Crane Co. has met this element.

8.      In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. valves detailed above, there exists a strong causal nexus between

Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element. Winters, 149 F.3d at 400 (holding, in a product liability context, the causal nexus test is met when the government (1) provided specifications for product composition, warnings and delivery, (2) compelled the defendant's manufacture of the product, and (3) supervised the defendant's actions). Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

       9.     With respect to the fourth element, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiffs' claims. As set forth in the product liability/design defect context by the Supreme Court of the United States in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. See e.g. Hagen v. Benjamin Foster, 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010) (finding that removal is appropriate under § 1442(a)(1) when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense."); 701 F.3d 1176 (7th Cir. 2012) (reversing a remand order finding that the removing defendants raised a colorable federal defense on facts nearly identical to those presented here).[1]

---

[1] Consistent with its decision in Hagen, the MDL-875 Court denied motions to remand on nearly identical facts as presented here. See e.g., In re Asbestos Products Liability Litig. (No. VI), 2011 WL 925414, at *4-6 (E.D. Pa. 2011); Stone v. Various Defendants, No. 2:09-cv-93726-ER, at 3 n.1 (E.D. Pa. 2011); Neubrand v. Various Defendants, No. 2:10-78901, at 2-3 n.1 (E.D. Pa. 2011); Rabovsky v. Air & Liquid Systems, No. 10-3202 (E.D. Pa. 2011); Constantinides v. Alfa Laval, No. 09-70613 (E.D. Pa. 2011); Floyd v. Air & Liquid Systems, No. 10-69379 (E.D. Pa. 2011). Other district courts that recently analyzed similar claims have consistently denied remands. Leite v. Crane Co., CV No. 11-00636, 2012 WL 1277222 (D. Haw. 2012) (appeal pending); Thompson v. Crane Co., CV No. 11-00638, 2012 WL 1344453 (D. Haw. 2012)

10.     At this stage, Crane Co. is not required to "virtually win [its] case" to remove the action, merely to show that its federal defense has some basis in law and fact. Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Mesa, 489 U.S. at 128; Fung, 816 F. Supp. at 573.

11.     Pursuant to the government contractor defense, Crane Co. cannot be liable under state law for any injuries caused by Crane Co. valves (or any other products) aboard a Navy ship. As detailed above, the Navy provided Crane Co. with precise specifications regarding its valves and Crane Co. delivered valves that conformed to those specifications. Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. See Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached hereto as Exhibit 4. Dr. Forman further testified, he has "not located a single instance in which the Navy, at any time period relevant to this case, instructed or permitted a supplier of equipment, such as valves, to a vessel or facility to affix or provide any asbestos-related warning with its equipment." Forman Aff., at ¶¶ 62-73. Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

12.     Nevertheless, in the past, asbestos plaintiffs have sought to avoid removal to federal court in circumstances like these by relying upon opinions that address the government contractor defense in the context of strict liability/failure-to-warn claims. The United States Court of Appeals for the Ninth Circuit issued its opinion in Getz v. The Boeing Company, which rejects such a narrowed application of the government contractor defense in failure to warn

---

(appeal pending); Brantley v. Borg-Warner Morse Tec, Inc. et al., CV No. 3:12cv540 (S.D. Cal. May 3, 2012); Vedros v. Northrop Grumman Shipbuilding, Inc., 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012).

claims. <u>Getz v. The Boeing Co.</u>, 654 F.3d 852, 867 (9th Cir. Aug. 2, 2011) (rejecting the notion that <u>In re Hawaii Fed. Asbestos Cases</u>, 960 F.2d 806 (9th Cir. 1992) requires a government prohibition of warnings and holding that to limit a failure to warn government contractor defense "to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the [Supreme] Court's decision in <u>Boyle</u>"). Federal courts have unanimously held that the government contractor defense applies to product liability claims based upon a failure to warn theory. <u>See, e.g.</u>, <u>Oliver v. Oshkosh Truck Corp.</u>, 96 F.3d 992, 1003-04 (7th Cir. 1996) (holding that "[i]t is well established that the government contractor defense articulated by the Supreme Court in <u>Boyle</u> may operate to defeat a state failure-to-warn claim"); <u>Hagen</u>, 739 F. Supp. 2d 770, 783 (holding that "courts have recognized the [government contractor] defense's applicability to failure to warn claims"); <u>Faddish v. General Electric Co.</u>, 2010 WL 4146108, at *7 (E.D. Pa. Oct. 20, 2010) ("It is now well established that the government contractor defense is not limited to design defect causes of action, but also applies to failure to warn claims."); <u>Kerstetter v. Pacific Scientific Co.</u>, 210 F.3d 431, 438 (5th Cir. 2000); <u>O'Connell v. Foster Wheeler Energy Corp.</u>, 544 F. Supp. 2d 51, 54 (D. Mass. 2008).

13.     Given the proof of significant Navy control over the warnings in conjunction with the Navy's significant knowledge of asbestos hazards, Crane Co. has established a colorable government contractor defense to Plaintiffs' failure-to-warn and design-defect claims.

14.     Federal officer removal should be interpreted broadly. <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1253 (9th Cir. 2006) (holding that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute"). Indeed, the United States Supreme Court has held that "the right of removal is absolute for conduct performed under

color of federal office" such that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242 (U.S. 1981) (marks omitted); <u>Camacho v. Autoridad de Telefonos de Puerto Rico</u>, 868 F.2d 482, 487 (1st Cir. 1989); <u>Harris v. Rapid Am. Corp.</u>, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007); <u>Hagen</u>, 739 F. Supp. 2d at 783 ("For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it.")

15.　Crane Co. is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). See <u>Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.</u>, 644 F.2d 1310, 1314 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1034 (10th Cir. 1998).

16.　If Plaintiffs file a motion to remand this action, Crane Co. respectfully requests an opportunity to respond more fully in a supplemental memorandum.

17.　As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

18.　Pursuant to 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Supreme Court of the State of New York, County of New York, concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached hereto as Exhibit 5.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
      June 14, 2013

Respectfully submitted,

CRANE CO.
By its attorneys,

_____
Eric R.I. Cottle (EC 3234)
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: eric.cottle@klgates.com
Phone: (212) 536-3900
Fax: (212) 536-3901