# BEFORE THE JUDICIAL COUNCIL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.) _____ | Consolidated Under MDL DOCKET NO. 875 |
| LINDY DAWN GUENTHER, individually and as successor in interest to GEORGE BOLTON, deceased, | EDPA Civil Action No. 12-CV-60128 |
| Plaintiff, vs. | *Transferor District Court*: Northern District of California Civil Action No. CA-N 12-00723 |
| AIR & LIQUID SYSTEMS CORPORATION, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS AIR & LIQUID SYSTEMS CORP. AND BURNHAM CORP.'S MOTION TO VACATE CONDITIONAL REMAND ORDER FOR CAN.4:12-CV-00723

(Plaintiffs' Motion for Leave to File Untimely Opposition filed concurrently.) [1]

LINDY DAWN GUENTHER, Individually and as Successor-in-Interest to GEORGE BOLTON, deceased, ("Plaintiffs"), by and through her undersigned counsel, hereby OPPOSES Defendants Air & Liquid Systems Corp. and Burnham Corp.'s ("Defendants") Motion to Vacate Conditional Remand Order on the grounds that Defendants' bases for vacating the conditional remand are unfounded:

---

[1] Plaintiffs have filed a Motion for Leave to File Untimely Opposition concurrently with the instant motion on grounds of mistake and inadvertence.

1) All fact-based discovery from the personal injury action was completed by July 19, 2012. Fact-based discovery relating to liability issues have been completed – There are no further witnesses to depose as it relates to product identification, the decedent's exposures to Defendants' products or discovery relating to Defendants' liability. Any limited wrongful death discovery in connection with Mr. Bolton's heir, Lindy Dawn Guenther, can be conducted in the Northern District of California ("N.D. Cal.") without any conflicting and duplicative pretrial demands and without any prejudice to defendants or violation of defendants' due process rights.

2) All expert reports were served by October 1, 2012. Any expert discovery can be conducted in the N.D. Cal. without any conflicting and duplicative pretrial demands and without any prejudice to defendants or violation of defendants' due process rights.

3) Dispositive motions have already been ruled upon. Summary judgment motions were to be filed by October 29, 2012 and this Honorable Court ruled on these motions in April and May of 2013.

4) Expert discovery and wrongful death discovery were not been previously addressed in the personal injury action so there would be no conflicting and duplicative demands if these claims are handled by the N.D. Cal.

Defendants' Motion is a thinly-veiled attempt to delay and keep this case from proceeding to trial. For the following reasons, Plaintiff respectfully requests this Court proceed with the Suggestion of Remand and remand this case to the Northern District of California.

## I. BACKGROUND

This lawsuit was originally filed by Mr. George Bolton on November 23, 2011 in the Superior Court of the State of California for the County of Alameda. Mr. Bolton's claims were based on his asbestos-related mesothelioma, which he was diagnosed with on or about July 14, 2011. On or about February 14, 2012, Defendant Crane Co. filed a notice of removal and this case was subsequently transferred to this Honorable Court. On April 19, 2012, this Honorable Court set forth a discovery scheduling order (See Exh. A, Court Order Regarding Pretrial Management). Pursuant to that order, all fact-based discovery was to be completed by July 19, 2012, all expert reports, including rebuttal reports, were to be served by October 1, 2012 and a briefing schedule for summary judgment motions was set. Mr. Bolton's deposition, spanning 6 sessions, commenced on May 16, 2012 and concluded on May 25, 2012. Expert reports were served and this Honorable Court ruled on summary judgment motions in April and May of 2013.

Plaintiff, George Bolton, died on April 18, 2013 and on July 2, 2013, Plaintiff filed a Motion for Leave to file and serve a first amended complaint and to appoint Lindy Dawn Guenther as Successor in Interest to decedent George Bolton. On July 1, 2013, this Court issued an Order requesting that Plaintiffs' counsel indicate whether this case was, among other things, ready to be remanded. (See Exh. B, Order). On or about July 11, 2013, Plaintiff filed its Notice of Motion for Suggestion of Remand indicating that remand would be appropriate pursuant to Administrative Order No. 18. (See Exh. C, Plaintiff's Notice of Motion for Suggestion of Remand). At that time, all discovery in this matter has been completed and all motions had been ruled upon by this Court. On July 16, 2013, Plaintiffs were granted leave to amend their complaint to a Wrongful Death complaint. The only limited areas of discovery as admitted by Defendants relate

solely to the wrongful death claims. Thus, remanding this matter would not produce any conflicting or duplicative pretrial demands.

## II. DEFENDANT'S PURPORTED BASES VACATING REMAND ARE UNFOUNDED.

Plaintiff opposes Defendants' Motion to Vacate the Conditional Remand Order on the grounds that any remaining discovery it needs to conduct is in connection solely with Plaintiff Guenther's wrongful death damages claims. Thus, once this case is remanded to the Northern District of California ("N.D. Cal."), pretrial discovery of Ms. Guenther's wrongful death claims can be conducted without any concern of conflicting and duplicative pretrial demands.

Further, all expert reports were served by October 1, 2012 and no expert depositions have been taken. Defendant Lennox fails to illustrate how any depositions of these experts in the N.D. Cal. would be conflicting or duplicative.

Moreover, dispositive motions have already been ruled upon. Summary judgment motions were to be filed by October 29, 2012 and this Honorable Court ruled on these motions in April and May of 2013.

Thus, any discovery that Defendants need to conduct regarding Ms. Guenther's wrongful death damages can be conducted once the case is remanded to the Northern District of California without any concern of conflicting or duplicative pretrial demands.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Plaintiff respectfully requests that the Court remand this case to the Northern District of California for the reasons set forth above.

DATED: September 25, 2013             Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**

By: _____

VENUS BURNS
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I am a resident of the State of California. I am over the age of 18 years and am not a party to the within action. My business address is 1880 Century Park East, Suite 700, Los Angeles, California 90067.

On the date executed below, I served a copy of the foregoing document(s) described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS AIR & LIQUID SYSTEMS CORP. AND BURNHAM CORP.'S MOTION TO VACATE CONDITIONAL REMAND ORDER FOR CAN.4:12-CV-00723**

Via the United States Judicial Panel on Multidistrict Litigation's Official Court Electronic Document Filing System on the recipients designated on the Notice of Electronic Filing or Other Activity generated by the Court's website.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 9, 2013 at Los Angeles, California.

_____
Razmine Sahakyan