BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)<br><br>THIS DOCUMENT RELATES TO: | ) MDL DOCKET NO. 875<br>)<br>)<br>)<br>) |
| LINDY DAWN GUENTHER, individually as successor in interest to George Bolton, deceased,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | ) Eastern District of Pennsylvania Civil<br>) Action No. 12-cv-60128<br>)<br>) **REPLY BRIEF IN SUPPORT OF**<br>) **MOTION OF DEFENDANTS AIR &**<br>) **LIQUID SYSTEMS CORP.**<br>) **(SUCCESSOR BY MERGER TO**<br>) **BUFFALO PUMPS, INC.) AND**<br>) **BURNHAM CORPORATION TO**<br>) **VACATE CONDITIONAL REMAND**<br>) **ORDER FOR CAN/4:12-CV-00723**<br>)<br>) **Accompanying Document: Declaration**<br>) **of Glen R. Powell**<br>)<br>) Date: December 5, 2013<br>) Time: **Designated for Consideration**<br>) 　　　　**Without Oral Argument**<br>)<br>)<br>) |

# REPLY

This Panel has consistently held that <u>all</u> pre-trial proceedings are to be undertaken in the MDL prior to remand. Transferred actions involving claims of punitive damages provide the only exception to this blanket rule, with the transferee judge typically retaining jurisdiction over punitive damage claims for continuing pre-trial effort. [1] *Plaintiffs admit* that no wrongful death discovery has taken place. *Plaintiffs also admit* that expert witness discovery has not been completed. But they do not direct the Panel to any authority indicating that wrongful death discovery and expert discovery may be conducted in the USDC, Northern District of California. Rather, the relevant authorities instead direct centralization of *all asbestos MDL pre-trial activities* that involve claims of personal injury and wrongful death to the Eastern District of Pennsylvania. Plaintiffs provide no legal support for their request that this Panel allow remand even though no wrongful death discovery has taken place and even though expert discovery is not completed. Plaintiffs are, in effect, asking this Panel to place the very burdens on the local district courts that the MDL was structured and set-up to avoid. The Conditional Remand Order should therefore be vacated.

> **1.   The decisions of this Panel consistently direct that wrongful death pre-trial proceedings take place in the MDL, and prior to remand**

28 U.S.C §1407 states in relevant part that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The Judicial Panel on MultiDistrict Litigation ("JPML") has consistently interpreted the term "pretrial proceedings" to include cases that involve claims for wrongful death. For example, in *In Re Asbestos Product Liability Litigation (No. VI)* 170 F. Supp. 2d 1348 (2001), the Panel interpreted "pretrial proceedings" to include "all pending federal court actions not then in trial involving allegations of personal injury <u>or wrongful death</u> caused

---

[1] *In Re Asbestos Product Liability Litigation (No. VI)* 170 F. Supp. 2d 1348 (2001).

1

by asbestos or asbestos containing products." *See also In Re Asbestos Products Liability Litigation (No. VI.)* 771 F. Supp. 415 (1991); emphasis added. These decisions make clear the Panel should direct that all pre-trial proceedings in this wrongful death action take place in the MDL. No carve-out exception exists that would saddle the local district courts with the burden of managing wrongful death discovery and expert witness discovery in cases not yet ready for trial.

### 2. This case is not ready for trial and should remain in the MDL until all discovery is completed

Plaintiffs argue that defendants' motion to vacate is an attempt to keep this case from proceeding to trial. Such an argument suggests this case is indeed ready for trial when it clearly is not. Even plaintiffs themselves concede, as they must, that this case is not trial ready.

Plaintiffs initially claimed in their notice of motion for suggestion of remand that all discovery is complete.[2] But in their opposition to the present motion to vacate the remand order they now admit that their representations were wrong, both with respect to the personal injury action, and, of course, with respect to the new proposed wrongful death action which involves a new plaintiff and new claims. (Oppo. Pg. 2.) For example, plaintiffs now admit that the parties have not deposed experts and they admit that plaintiff Ms. Lindy Dawn Guenther has not been deposed, and admit that no discovery has taken place in the wrongful death action. (*Id.*)

Indeed, the Amended Complaint for Wrongful Death was filed on August 27, 2013, *after Plaintiffs' Notice for Suggestion of Remand on July 8, 2103*. Thus, the issue of remand was raised before the currently pending wrongful death action was even filed, and before two new parties were added to this litigation. Consequently, even considering remand at this point is placing the cart before the horse. This is particularly evident in

---

[2] Plaintiff's Notice of Motion For Suggestion of Remand, pgs. 2-3 [Docket # 152], attached to Declaration of Glen R. Powell ("Powell Decl.") as Exhibit A.

2

light of the fact that there are these new parties---i.e., Mr. Bolton's daughter in her individual capacity seeking damages for wrongful death, and Mr. Bolton's daughter in her representative capacity as successor to her father's estate---as to whom no discovery whatsoever has yet been conducted[3].

Defendants must be allowed to conduct discovery in the MDL to defend against these new claims. Ample time should be provided to serve written discovery and take depositions. Ample time should also be provided to accommodate all other relevant pre-trial proceedings such as discovery motions and motions for summary judgment in accordance with the requirements of §1407 and this Panel's prior decisions which mandate that wrongful death discovery and expert discovery be undertaken in MDL 875, and prior to remand.

Based on the foregoing, defendant respectfully requests that the Conditional Remand Order be vacated.


Dated: October 16, 2013                         GORDON & REES LLP

                                                By: /s/ Glen R. Powell
                                                    MICHAEL J. PIETRYKOWSKI
                                                    JAMES G. SCADDEN
                                                    JOHN F. HUGHES
                                                    GLEN R. POWELL
                                                    Attorneys for Defendant
                                                    AIR & LIQUID SYSTEMS CORP., successor by merger to BUFFALO PUMPS, INC.; BURNHAM CORPORATION

---

[3] George Bolton's daughter, now a plaintiff in multiple capacities in this wrongful death action, was never deposed in her father's personal injury action.

## CERTIFICATE OF SERVICE

*George Bolton and Karen Bolton v. Air & Liquid Systems Corporation, et al.*
*MDL No. 875 – In Re: Asbestos Products Liability Litigation (No. VI)*
*EDPA Civil Action No. 12-cv-60128*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA  94111.

On the date set forth below, I served a copy of the foregoing document(s) described as:

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS AIR & LIQUID SYSTEMS CORP. (SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.) AND BURNHAM CORPORATION TO VACATE CONDITIONAL REMAND ORDER FOR CAN/4:12-CV-00723**

**DECLARATION OF GLEN. R. POWELL IN SUPPORT OF DEFENDANTS AIR & LIQUID SYSTEMS CORP. (SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.) AND BURNHAM'S REPLY BRIEF IN SUPPORT OF MOTION OF CORPORATION TO VACATE CONDITIONAL REMAND ORDER FOR CAN/4:12-CV-00723**

[X]  by electronically serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 16, 2013, at San Francisco, California.

_____
Vanessa Santellan

4