BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)<br><br>THIS DOCUMENT RELATES TO: | MDL DOCKET NO. 875 |
| GEORGE BOLTON, an individual; and KAREN BOLTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION,<br><br>Defendants. | EASTERN DISTRICT OF PENNSYLVANIA CIVIL ACTION NO. 12-CV-60128<br><br>DEFENDANT LENNOX INDUSTRIES INC.'S BRIEF IN SUPPORT OF MOTION TO VACATE THE SUGGESTED REMAND ORDER |

## I. INTRODUCTION

Defendant LENNOX INDUSTRIES INC. ("Lennox" or "Defendant") files this Motion to Vacate the Suggested Remand Order in the above-entitled action.

On November 23, 2011, Plaintiffs George and Karen Bolton filed this case in the Alameda County Superior Court. On February 14, 2012, defendant Crane Co. removed this case to the United States District Court for the Northern District of California. On April 6, 2012, this case was transferred to the Multidistrict Litigation Panel ("MDL") 875. On June 16, 2012, Plaintiff Karen Bolton died. On April 18, 2013, Plaintiff George Bolton died. On July 16, 2013, Plaintiffs were granted leave to amend their complaint to a Wrongful Death Complaint. On August 12, 2013, the Court issued a Suggestion of Remand to the Northern District of California.

## II. FACTUAL BASIS FOR VACATING THE CONDITIONAL REMAND

Remanding this matter during the pretrial proceedings conflicts with the purpose of 28 U.S.C. § 1407 – to avoid conflicting and duplicative pretrial demands on parties and witnesses in related cases. Plaintiffs have not completed either fact or expert discovery as alleged in their

response to MDL Administrative Order No. 18, and any Order to Remand will not serve the convenience of the parties.

Plaintiffs' Wrongful Death Complaint recently identified Mr. Bolton's heir, Lindy Dawn Guenther, as Mr. Bolton's Successor-In-Interest. Ms. Guenther was never a party to the personal injury litigation. As Successor, Ms. Guenther will have an individual claim for wrongful death as well as a claim as successor to George Bolton, however, she has not yet been deposed and has not yet responded to any written discovery. Defendants should be allowed to conduct pretrial discovery of Mr. Bolton's heir, and the remaining Plaintiff, Ms. Guenther within the MDL as the case is not yet ready for trial. Defendants must also be allowed to file any dispositive motions that may become necessary.

In addition, expert discovery has not yet begun and will include the need to obtain valuable information from Decedent's experts and treating physicians. For these reasons, remand should not be ordered until Defendants are allowed to conduct and complete all necessary pretrial discovery prior to remanding this case to the Northern District of California.

### III. LEGAL ARGUMENT FOR VACATING THE CONDITIONAL REMAND

#### A. REMAND IS INAPPROPRIATE AT THIS TIME

MDL-875 was created by order of the Judicial Panel on Multidistrict Litigation in 1991 to consolidate all of the asbestos-related personal injury actions pending in federal district courts at the time. *See In re Asbestos Products Liability Litigation (No. VI)* (J.P.M.L. 1991) 771 F.Supp. 415. In accordance with 28 U.S.C. § 1407, the statute that permits the creation of multidistrict litigation dockets, MDL-875 is responsible for *pretrial proceedings in asbestos actions, with transferring district courts maintaining responsibility for actually trying cases when warranted.* The purpose of this statute is the avoidance of conflicting and duplicative pretrial demands on parties and witnesses in related cases. *See* H.R.Rep. No. 1130, 90th Cong., 2nd Sess.(1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1899–1900; *In re Plumbing Fixture Cases* (J.P.M.L.1968) 298 F.Supp. 484, 490–92 (emphasis added).

The Committee on Judiciary stated the following: The objective of the legislation is to *provide centralized management under court supervision of pretrial proceedings* of multidistrict litigation to assure the 'just and efficient conduct' of such actions. The committee believes that the possibility for conflict and duplication in discovery and other pretrial procedures in related cases can be avoided or minimized by such centralized management. To accomplish this objective the bill provides for the transfer of venue of an action for the limited purpose of conducting coordinated pretrial proceedings. By the term 'pretrial proceedings' the committee has reference to the practice and procedure which precede the trial of an action. These generally involve deposition and discovery, and, of course, are governed by the *Federal Rules of Civil Procedure. Judicial Panel on Multidistrict Litigation. In re PLUMBING FIXTURE CASES* (1968) 298 F.Supp. 484, at 491, 495 (emphasis added).

This case in not yet prepared for trial. All of the pretrial proceedings in the wrongful death case have yet to go forward and all expert discovery has not yet begun. Granting remand instead of retaining this matter in the MDL to address the wrongful death claims conflicts with the purpose of 28 U.S.C. § 1407 – to avoid conflicting and duplicative pretrial demands on parties and witnesses in related cases. Retaining this matter in the MDL for the purpose of addressing Plaintiff's wrongful death claims is appropriate to best serve the convenience of the parties and witnesses and promote the overarching aim of the MDL to consolidate and coordinate all pretrial proceedings in MDL 875.

### B. PRETRIAL DISCOVERY IS NOT COMPLETE

The wrongful death Plaintiff, Ms. Guenther, will have individual claims for economic and non-economic damages. A wrongful death action may be brought by the statutory claimant. *Code Civ. Proc.* § 377.60. In addition, Ms. Guenther may seek damages beyond potential statutory recovery for decedent's wrongful death. If there are claims for punitive damages, medical bills, lost earnings, property damage, or other losses incurred by the decedent before death, then decedent's successor in interest can plead a separate cause of action seeking

compensation for such losses. *Code Civ. Proc.* § 377.30; and *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264.

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement. (C.C.P. § 377.64)

> In an action under this article, damages may be awarded that, under all the circumstances of the case, may be just, but may not include damages recoverable under Section 377.34. The court shall determine the respective rights in an award of the persons entitled to assert the cause of action. (C.C.P. § 377.61)

Plaintiffs' notice of motion for suggestion of remand states all discovery is complete, which is false. Expert discovery never began in the personal injury claim. More importantly, the Wrongful Death Complaint creates two new claims with very different discovery requirements: Ms. Guenther seeking damages for wrongful death of Mr. Bolton, and Ms. Guenther as successor to her father's estate.

As a wrongful death claimant, Defendant will need to conduct discovery related to all past medical, hospital and other medical related charges; any burial, funeral and related expenses; All past and projected future loss of earnings and support (support includes things like food, clothing, shelter and financial contributions); Loss of services (services includes things like household services following the death of a spouse or parent and parental advice following the death of a parent); Loss of love, comfort, society, companionship, affection and moral support specific to Mrs. Guenther. (*See San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1550 [53 Cal.Rptr.3d 722, 726] brackets added)

As a successor, Defendant will need to conduct discovery related to the loss or damage that Mr. Bolton sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.... (*See Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264-1265 [45 Cal.Rptr.3d 222], italics in original, *citing California Code of Civil Procedure* section 377.34).

In addition, expert discovery has not yet begun and will include the need to obtain valuable information from Decedent's oncologists, thoracic cardiovascular surgeons and pulmonologists. Expert discovery will also include the retention of experts, conducting of expert depositions and amendments to any reports.

Defendant must have sufficient time to conduct all pretrial discovery for both the wrongful death and successor claims available to Ms. Guenther. In addition, Defendant will need time to conduct expert discovery as well as have sufficient time and file and serve any related dispositive motions.

## IV. Conclusion

Defendant requests that the conditional remand of this case to the Northern District of California be vacated and that this Court retain this case in the MDL for the purpose of coordinating all pretrial proceedings associated with Plaintiff's wrongful death claims.

Dated: October 17, 2013     McKENNA LONG & ALDRIDGE LLP

By:     /s/ Andrea J. Casalett
Lisa L. Oberg
Jennifer J. Lee
Andrea J. Casalett
McKenna Long & Aldridge
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
(415) 267-4000

Attorneys for Defendant
Lennox Industries Inc.

# PROOF OF SERVICE VIA UNITED STATES DISTRICT COURT ELECTRONIC DOCUMENT FILING SYSTEM

I am a citizen of the United States and employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Market Plaza, Spear Tower, 24th Floor, San Francisco, California 94105. On **October 17, 2013**, I electronically served a true and correct copy of the within document(s):

**DEFENDANT LENNOX INDUSTRIES INC.'S BRIEF IN SUPPORT OF MOTION TO VACATE THE SUGGESTED REMAND ORDER**

via the United States District Court, Judicial Panel on Multidistrict Litigation's Official Court Electronic Document Filing System on the recipients designated on the Notice of Electronic Filing or Other Activity generated by the Court's website.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I further declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 17, 2013**, at San Francisco, California.

_____
KRISTINA E. CHUNG

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE