BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : | MDL NO. 875 |
| This Document Relates To: | : | |
| GARY SOUJA, Individually and as Special Administrator for the Estate of OSWALD F. SUOJA, Deceased, | : : : : | Transferred from the Western District of Wisconsin Case No. 99-00475 |
| Plaintiff, | : : | |
| v. | : : | Transferred to the Eastern District of Pennsylvania |
| OWENS-ILLINOIS, INC., | : : | Case No. 09-60256 |
| Defendant. | : | |

**DEFENDANT OWENS-ILLINOIS, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CRO**

Pursuant to 28 U.S.C. § 1407(a) and Rule 6.1 of the Procedure of the United States Judicial Panel on Multidistrict Litigation, Defendant Owens-Illinois, Inc. ("Owens-Illinois") submits this Brief in Support of Its Motion to Vacate the CRO.

**ARGUMENT**

Section 1407(a) prohibits remand of this action because all the defendants have been terminated. This asbestos case was transferred from the Western District of Wisconsin to the Eastern District of Pennsylvania for coordinated and consolidated pretrial proceedings in MDL 875. *See* Western District of Wisconsin, Civil Docket for Case No. 3:99-cv-00475 (Ex. A) at 2; Eastern District of Pennsylvania, Civil Docket for Case No. 2:09-cv-60256 (Ex. B) at 3. Plaintiff

brought wrongful death claims against only two defendants, Owens-Illinois and T&N PLC.  Pl.'s Compl. (Ex. C) at 1-8.

Both Owens-Illinois and T&N PLC were terminated in MDL 875.  T&N PLC was dismissed on November 6, 2001, after its bankruptcy filing.  *See* Western District of Wisconsin, Civil Docket for Case No. 3:99-cv-00475 (Ex. A) at 2.  On November 7, 2012, the MDL-875 Court then entered judgment as a matter of law in favor of Owens-Illinois under Federal Rule of Civil Procedure 56, and Owens-Illinois was terminated from the case.  Order (Ex. D) at 1-2; Eastern District of Pennsylvania, Civil Docket for Case No. 2:09-cv-60256 (Ex. B) at 2, 15.  Plaintiff did not file a timely motion for reconsideration, a timely motion to alter or amend the judgment, a timely motion for relief from a final order, or a timely notice of appeal.  E.D. Pa. Loc. R. 7.1(g) (14 days); Fed. R. Civ. P. 59(e) (28 days); Fed. R. Civ. P. 60(c) (reasonable time and no more than one year); F.R.A.P. 4(a) (30 days).

Section 1407(a) states that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred *unless it shall have been previously terminated*."  28 U.S.C. § 1407(a) (emphasis added); *see also* J.P.M.L. R. Proc. 10.1(a) (stating a transferee district court terminates an action by summary judgment, judgment of dismissal, and judgment upon stipulation).  Because there are no remaining defendants in this action, it should have been terminated in MDL 875.  Therefore, Section 1407(a) precludes the Conditional Remand Order and any remand to the Western District of Wisconsin.

- 3 -

## **CONCLUSION**

For these reasons, Defendant Owens-Illinois, Inc. requests that the Panel grant its Motion to Vacate the CRO.

Dated:  January 13, 2014  Respectfully submitted,

By: /s/ Brian O. Watson
    Edward Casmere
    Brian O. Watson
    Schiff Hardin LLP
    233 S. Wacker Dr. Suite 6600
    Chicago, Illinois  60606
    (312) 258-5500
    (312) 258-5600 (facsimile)
    *Attorneys for Owens-Illinois, Inc.*