ATTACHMENT 1 of 4 of 9

89. At all times herein mentioned, defendants, and each of them knew, or in the exercise of reasonable diligence should have known, that absent adequate training and supervision, their employees and bystanders thereto including Plaintiff CHARLES P. LOCKETT were neither qualified nor able to identify asbestos-containing products nor to identify the hazardous nature of their work activities involving asbestos-containing products.

90. At all times herein mentioned, Plaintiff CHARLES P. LOCKETT was unaware of the dangerous condition and unreasonable risk of personal injury created by the aforesaid presence and use of asbestos-containing products and materials.

91. At all times herein mentioned, defendants, and each of them knew, or in the exercise of reasonable diligence should have known, that workers and bystanders thereto, including Plaintiff CHARLES P. LOCKETT would bring dangerous dust home from the workplace and contaminate their homes, potentially causing injury to others off the premises.

92. At all times herein mentioned, defendants had a duty to use due care in the selection, supply, distribution and disturbance of asbestos containing products and materials to its employees, to adequately instruct, train, and supervise their employees and to implement adequate safety policies and procedures to protect workers and persons encountering those workers, including Plaintiff CHARLES P. LOCKETT, from suffering injury as a result of the asbestos hazards encountered and created by the work of defendants' employees and others.

93. Defendants' duties as alleged herein exist and existed independently of defendants' duties to maintain their premises in reasonably safe condition, free from concealed hazards.

94. Defendants negligently selected, supplied, and distributed the asbestos containing materials and failed to adequately train or supervise their employees to identify asbestos-containing products and materials; to ensure the safe handling of asbestos-containing products and materials encountered during the course of their work activities; and to guard against inhalation of asbestos

fibers and against the inhalation of asbestos fibers by those who would come into close contact with them after they had used, disturbed, or handled, said asbestos-containing products and materials during the course and scope of their employment by defendants.

95. Defendants failed to warn its employees and bystanders thereto including Plaintiff CHARLES P. LOCKETT, of the known hazards associated with asbestos and the asbestos materials they were using and/or disturbing.

96. As a direct and proximate result of the conduct of defendants in selecting, supplying, distributing and disturbing asbestos-containing materials and failing to adequately train and supervise their employees and failing to adopt and implement adequate safety policies and procedures as alleged herein, Plaintiff CHARLES P. LOCKETT became exposed to and inhaled asbestos fibers, which was a substantial factor causing Plaintiff CHARLES P. LOCKETT to develop asbestos-related conditions and diseases from which plaintiffs have suffered damages as herein alleged.

97. Defendants are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each of them, and of their officers, directors, and managing agents.

98. Defendants' officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

99. Defendants' officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

100. The herein-described conduct of said defendants was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons." Plaintiff CHARLES P. LOCKETT, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

FIRST AMENDED COMPLAINT

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

[Vicarious Liability of Defendants Based upon Respondent Superior]

AS AND FOR A SEVENTH, FURTHER, AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS ON EXHIBITS "E,"; DOES 301-350 INCLUSIVE; THEIR ALTERNATE ENTITIES, AND EACH OF THEM, PLAINTIFFS BRING THIS SEVENTH CAUSE OF ACTION FOR VICARIOUS LIABILITY OF DEFENDANTS BASED UPON RESPONDEAT SUPERIOR, AND ALLEGE AS FOLLOWS:

101. Plaintiffs incorporate herein by reference, as though fully set forth herein, each and every paragraph of the General Allegations above.

102. Prior to and during all relevant times defendants employed workers (hereinafter "employees") in areas where defendants owned, maintained, controlled, managed and/or conducted business activities where Plaintiff worked and/or spent time as alleged herein in Exhibit A.

103. At all times herein mentioned, defendants' employees frequently encountered asbestos-containing products, materials, and debris during the course and scope of their employment, and during their regular work activities negligently disturbed asbestos-containing materials to which Plaintiff was exposed.

104. Employees handling and disturbing asbestos-containing products in plaintiff's vicinity were the agents and employees of defendants and at all times herein relevant were subject to the control of defendants with respect to their acts, labor, and work involving (a) the removal, transport, installation, cleaning, handling, and maintenance of asbestos-containing products, materials, and debris, and (b) the implementation of safety policies and procedures. Defendants controlled both the means and manner of performance of the work of their employees as described herein.

105. Employees handling and disturbing asbestos-containing products in Plaintiff CHARLES P. LOCKETT's vicinity received monetary compensation from defendants in exchange for the work

performed as described herein, and these employees performed the work as described herein in the transaction and furtherance of the business of defendants.

106. Harmful asbestos fibers were released during defendants' employees' use, handling, breaking, or other manipulation of asbestos-containing products and materials.

107. Once released, the asbestos fibers were inhaled; they also alighted on the clothes, shoes, skin, hair, and body parts of those exposed, including Plaintiff CHARLES P. LOCKETT, and on the surfaces of work areas, where further activity caused the fibers to once again be released into the air and inhaled.

108. The asbestos and asbestos-containing materials were unsafe in that handling and disturbing products which contain asbestos causes the release of asbestos fibers into the air, and onto surrounding surfaces including persons in the area and the inhalation of asbestos fibers causes serious disease and death.

109. Defendants' employees' use, handling and manipulation of asbestos-containing materials, as required by their employment and occurring during the course and scope of their employment, did, in fact cause personal injuries, including Lung Cancer and other lung damage to exposed persons, including Plaintiff CHARLES P. LOCKETT.

110. Defendants' employees were negligent in their use, handling and manipulation in that they failed to isolate their work with asbestos and/or to suppress asbestos fibers from being released into the air and surrounding areas. They also failed to take appropriate steps to learn how to prevent exposure to asbestos, failed to warn and/or adequately warn Plaintiff CHARLES P. LOCKETT that he was being exposed to asbestos, failed to adequately warn him of the harm associated with his exposure to asbestos and/or provide him with protection to prevent his inhalation of asbestos.

111. Defendants' employees knew or should have known that failure to take such steps would result in exposure to bystanders including Plaintiff CHARLES P. LOCKETT.

112. Defendants' employees owed Plaintiff CHARLES P. LOCKETT a duty to exercise due care and diligence in their activities while he was lawfully on the premises so as not to cause him harm.

113. Defendants' employees breached this duty of case as heretofore described.

114. At all times herein mentioned, Plaintiff CHARLES P. LOCKETT was unaware of the dangerous condition and unreasonable risk of personal injury created by defendants' employees' use of and work with asbestos-containing products and materials.

115. As a direct result of the defendants' employees conduct, Plaintiff CHARLES P. LOCKETT's exposure to asbestos and asbestos-containing materials, each individually and together, caused severe and permanent injury to him and the damages and injuries as complained of herein to plaintiffs and each of them.

116. The risks herein alleged and the resultant damages suffered by Plaintiff CHARLES P. LOCKETT were typical of or broadly incidental to defendants' business enterprise. As a practical matter, the losses caused by the torts of defendants' employees as herein alleged were sure to occur in the conduct of defendants' business enterprise. Nonetheless, defendants engaged in, and sought to profit by, their business enterprises, which, on the basis of past experience, involved harm to others through the torts of employees.

117. Based on the foregoing, defendants as the employers of said employees are vicariously liable under the doctrine of respondent superior for all negligent acts and omissions committed by their employees in the course and scope of their work that caused harm to Plaintiff CHARLES P. LOCKETT.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as hereinafter set forth. Eighth

///

## EIGHTH CAUSE OF ACTION

(Loss of Consortium)

AS AND FOR A FURTHER, EIGHTH, SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF DORI LOCKETT COMPLAINS OF DEFENDANTS, DOES 1-500, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

121. Plaintiff DORI LOCKETT incorporates by reference, each and every paragraph of the General Allegations and the First through EIGHTH Causes of Action herein.

122. Plaintiffs CHARLES P. LOCKETT and plaintiff DORI LOCKETT were married on To be Provided at a later date and at all times relevant to this action were, and are now, husband and wife.

123. Subsequent to his injuries, Plaintiff CHARLES P. LOCKETT was and is unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home. As a proximate result thereof, DORI LOCKETT was deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

124. As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff CHARLES P. LOCKETT as set forth in this complaint, Plaintiff DORI LOCKETT has suffered, and for a long period of time will continue to suffer, loss of consortium, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff CHARLES P. LOCKETT:

    1. For plaintiff's general damages according to proof;

    2. For plaintiff's loss of income, wages, and earning potential according to proof;

    3. For plaintiff's medical and related expenses according to proof;

4. For exemplary and punitive damages according to proof;

Plaintiff DORI LOCKETT:

5. For plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs CHARLES P. LOCKETT and DORI LOCKETT:

6. For plaintiffs' cost of suit herein;

7. For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: August 6, 2013

NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

By: _____
Ethan A. Horn
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: August 6, 2013

NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

By: _____
Ethan A. Horn
Attorney for Plaintiffs

## EXHIBIT "A"

Plaintiff CHARLES P. LOCKETT's exposure to asbestos and asbestos-containing products occurred at various locations and times within, among other states, California, as set forth below:

| Employer | Location of Exposure | Position | Start Date | End Date |
|---|---|---|---|---|
| Union/Non Union Work | Various refinery & industrial sites in:<br>• Alameda<br>• Los Angeles<br>• Contra Costa<br>• CA Counties<br>• WA Counties | Pipefitter | 1980 | 2009 |
| Shade Tree | Various Residences in/near Ventua, CA | Mechanic | 1950 | 1960 |
| Contruction (Personal) | Seattle, WA | | 1970 | 1973 |
| Todd Shipyard | Seattle, WA | Pipefitter | 1970 | 1980 |
| Lockheed Shipyard | Seattle, WA | Pipefitter | 1970 | 1980 |

39
FIRST AMENDED COMPLAINT

## EXHIBIT "B"

Plaintiff CHARLES P. LOCKETT's exposure to asbestos and asbestos-containing products caused severe and permanent injury to plaintiff including, but not limited to, breathing difficulties, asbestosis, pleural plaques, lung cancer, mesothelioma and/or other cancer and other lung damage.

Plaintiff CHARLES P. LOCKETT was diagnosed with Lung Cancer in or about January 1, 2012.

FIRST AMENDED COMPLAINT

EXHIBIT "C"

| DEFENDANT | PRODUCTS CONTAINING ASBESTOS MANUFACTURED AND/OR SUPPLIED BY DEFENDANT BASED UPON CURRENT INFORMATION AND BELIEF |
|---|---|
| A.O. SMITH CORPORATION | Boilers, Gaskets, Packing, Insulation |
| AIR & LIQUID SYSTEMS CORPORATION, a/k/a BUFFALO PUMPS, INC.; | Forced Draft Blowers, Pumps |
| ALLIED INSULATION SUPPLY COMPANY, INC. | Insulation Supplier |
| AMERICAN OPTICAL COMPANY | Protective Clothing & Masks |
| ARMSTRONG INTERNATIONAL, INC | Pumps, Valves, Gaskets & Packing |
| ASBESTOS CORPORATION LTD.; | Asbestos Fiber |
| BASF CATALYSTIC, LLC | Fiber Supplier |
| BORGWARNER MORSE TEC, INC. AS SUCCESSOR-BY-MERGER to BORG-WARNER CORPORATION | Automotive Friction |
| BURNHAM LLC, f/k/a BURNHAM CORPORATION | Boilers, Gaskets, Packing & Insulation |
| CARRIER CORPORATION | Boilers, Compressors & HVAC |
| CARVER PUMP COMPANY | Pumps, Gaskets & Packing |
| CBS CORPORATION, A DELAWARE CORP. f/k/a VIACOM INC., SUCCESSOR BY MERGER TO CBS CORP., A PENNSYLVANIA CORP. F/K/A WESTINGHOUSE ELECTRIC CORP. | Turbines, Phoenalics, Pumps, Electrical Equipment |
| CERTAINTEED CORPORATION | Asbestos Cement, Pipe & Building Material |
| CHICAGO PNEUMATIC TOOL COMPANY, LLC | Grinding Wheels |
| CLEAVER-BROOKS, INC | Boilers, Gaskets, Packing & Insulation |
| CRANE CO. | Pumps, Valves, Gaskets & Packing |
| DAP, INC | Building Material |
| DORSETT & JACKSON, INC | Fiber Supplier |
| ELEMENTIS CHEMICALS, INC. | Fiber Supplier |
| ELLIOT COMPANY | Turbines |
| FABCO AUTOMOTIVE CORPORATION | Automotive Friction |
| FERRO ENGINEERING | Foundry Sands |
| FMC CORPORATON INDIVIDUALLY & AS SUCCESSOR TO NORTHERN PUMP COMPANY, COFFIN, PEERLESS PUMP COMPANY AND CHICAGO PUMP COMPANY | Pumps, Gaskets & Packing |
| FORD MOTOR COMPANY | Automotive Friction |
| FOSECO INC. | Foundry Sands & Sleeves |

FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | FOSTER WHEELER ENERGY CORPORATION | Boilers, Gaskets, Packing & Insulation |
| | FRYER-KNOWLES INC. | Asbestos-Containing Decking Material |
| 2 | GENERAL ELECTRIC COMPANY | General Electric Turbines, Electrical Equipment |
| 3 | GENUINE PARTS COMPANY | Automotive Friction Products |
| 4 | GEORGIA PACIFIC, LLC f/k/a GEORGIA-PACIFIC CORPORATION | Building Materials |
| 5 | GRINNELL, LLC | Insulation Supplier |
| | HANSON PERMANENTE CEMENT, INC. | Building Materials |
| 6 | HILL BROTHERS CHEMICAL COMPANY | Asbesots Decking |
| 7 | HOLLINGSWORTH & VOSE COMPANY | Asbestos Fiber Supplier |
| 8 | HOMASOTE COMPANY | Building Materials |
| 9 | HONEYWELL INTERNATIONAL, INC., f/k/a ALLIEDSIGNAL, INC., f/k/a THE BENDIX CORPORATION | Automotive Friction Products |
| 10 | | |
| 11 | IMO INDUSTRIES, INC | Pumps & Valves |
| | INGERSOLL-RAND COMPANY | Pumps, Valves, Compressors, Gaskets & Packing |
| 12 | ITT CORPORATION | Pumps, Valves, Gaskets & Packing |
| 13 | J-M MANUFACTURING COMPANY, INC | Asbestos Cement Pipes |
| 14 | JOHN CRANE, INC. | Packing & Gaskets |
| | JOHN K. BICE, INC. | Fiber Supplier |
| 15 | KAISER GYPSUM COMPANY, INC | Building Materials |
| | KELLY MOORE PAINT COMPANY | Builiding Materials |
| 16 | LORILLARD TOBACCO COMPANY | Asbestos-Containing Cigaretts |
| 17 | MAREMOUNT CORPORATION | Automotive Friction Products |
| | MELRATH GASKET, INC | Packing & Gaskets |
| 18 | METALCLAD INSULATION CORPORATION | Insulation Supplier |
| 19 | NMBFIL, INC. | Autobody Repair Putty |
| | OAKFABCO, INC. | Boilers, Gaskets, Packing & Insulation |
| 20 | PARKER-HANNIFIN CORPORATION | Packing & Gaskets |
| 21 | PEP BOYS MANNY MOE & JACK OF CALIFORNIA | Asbestos Friction Products |
| 22 | PNEUMO ABEX CORPORATION | Automotive Friction Products |
| 23 | PRIMESOURCE BUILDING PRODUCTS, INC. | Building Material |
| 24 | REPUBLIC SUPPLY COMPANY | Insulation Supplier, Equipment Supplier, Gasket/Packing Supplier |
| 25 | RICH-TEX, INC | Building material |
| 26 | RILEY POWER, INC., f/k/a RILEY STOKER CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO UNION IRON WORKS | Boilers, Gaskets, Packing & Insulation |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | RSCC WIRE & CABLE LLC, INDIVIDUALLY AND AS SUCESSOR-IN-INTEREST TO RSCC WIRE & CABLE, INC. | Asbestos Cable & Wire |
| 2 | SCOTT COMPANY OF CALIFORNIA | Scaffolding and related supplies |
| 3 | SOCO-WEST, INC., f/k/a BRENNTAG WEST, INC., f/k/a SOCO-LYNCH CORPORATION, SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING CO | Asbestos Fiber Supplier |
| 4 | THE LUNKENHEIMER COMPANY | Pumps, Valves, Gaskets & Packing |
| 5 | THE WILLIAM POWELL COMPANY | Pumps, Valves, Gaskets & Packing |
| 6 | TRANE US, INC., f/k/a AMERICAN STANDARD, INC | Boilers, Gaskets, Packing & Insulation |
| 7 | UNION CARBIDE CORPORATION | Fiber Supplier |
| 8 | UNION OIL COMPNAY OF CALIFORNIA | Asbestos Insulation |
| 9 | VELAN VALVE CORP | Pumps, Valves, Gaskets & Packing |
| 10 | WARREN PUMPS, LLC | Pumps, Valves, Gaskets & Packing |
| 11 | ZURN INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCESSOR TO ERIE CITY IRONWORKS | Boilers, Gaskets, Packing & Insulation |

EXHIBIT "D"

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| BORGWARNER MORSE TEC, INC. | BORG-WARNER CORPORATION |
| BURNHAM, LLC | BURNHAM CORPORATION |
| CBS CORPORATION | VIACOM INC., PENNSYLVANIA CORP. WESTNGHOUSE ELECTRIC CORP. |
| CLEAVER-BROOKS, INC. | CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. |
| ELLIOTT COMPANY | ELLIOTT TURBOMACHINERY CO., INC. |
| EXXONMOBIL OIL CORPORATION | MOBIL OIL CORPORATION |
| FERRO ENGINEERING | ON MARINE SERVICES |
| FMC CORPORATION | NORTHERN PUMP COMPANY, COFFIN, PEERLESS PUMP COMPANY, CHICAGO PUMP COMPANY |
| GEORGIA PACIFIC, LLC | GEORGIA PACIFIC CORPORATION |
| GRINNELL, LLC | GRINNEL CORPORATION, GRINNEL FIRE PROTECTION SYSTEMS COMPANY, INC. |
| HONEYWELL INTERNATIONAL, INC. | ALLIEDSIGNAL, INC. THE BENDIX CORPORATION |
| OAKFABCO, INC. | KENWANEE BOILER CORP. |
| PARKER HANNIFAN CORPORATION | SACOMO-SIERRA CORP. |
| RILEY POWER, INC. | RILEY STOKER CORPORATION, UNION IRON WORKS |
| RSCC WIRE & CABLE, LLC | RSCC WIRE & CABLE, INC. |

| | |
|---|---|
| SEQUOIA VENTURES, INC. | BECHTEL CORPORATION |
| SOCO-WEST, INC. | BRENNTAG WEST, INC., SOCO-LYNCH CORPORATION, WESTERN CHEMICAL & MANUFACTURING COMPANY |
| TRANE US, INC. | AMERICAN STANDARD, INC. |
| WASHINGTON GROUP INTERNATIONAL INC. | MORRISON-KNUDSEN, INC. |
| ZURN INDUSTRIES, LLC | ERIE CITY IRONWORKS |

# EXHIBIT "E"

## CONTRACTOR/PREMISES DEFENDANTS

BECHTEL CORPORATION

CHEVRON U.S.A. INC

EXXON MOBIL OIL CORPORATION;

EXXONMOBIL OIL CORPORATION f/k/a MOBIL OIL CORPORATION;

FOSTER WHEELER ENERGY CORPORATION

PARSONS CORPORATION

SCOTT COMPANY OF CALIFORNIA

SEQUOIA VENTURES, INC. f/k/a BECHTEL CORPORATION

SHELL OIL COMPANY

THOMAS DEE ENGINEERING CO., INC

UNION OIL COMPNAY OF CALIFORNIA

WASHINGTON GROUP INTERNATIONAL, INC. f/k/a MORRISON-KNUDSEN, INC

DOES 300-400

CHARLES LOCKETT and DORI LOCKETT     CASE NO. RG13086746

vs.

**PRELIMINARY FACT SHEET**
**NEW FILING - ASBESTOS LITIGATION**

A.O. SMITH CORPORATION, et al.

1. Do you anticipate filing a motion for a preferential trial date within the next four months?

    _____ Yes    Not at this time. _____ No

2. Do you anticipate serving notice of Plaintiff's deposition for preservation purposes within the next 60 days?

    __X__ Yes      _____ No

3. Specify the nature or type of asbestos related disease alleged by each exposed person.

    _____ Asbestosis    _____ Mesothelioma    _____ Pleural Thickening/Plaques

    __X__ Lung Cancer Other than Mesothelioma    Other: _____

4. Provide the full name, gender, date of birth, and state of residence of each person alleged to have been exposed to asbestos:

    | FULL NAME | GENDER | DATE OF BIRTH | STATE OF RESIDENCE |
    |---|---|---|---|
    | Charles Lockett | Male | 5/13/1942 | California |

5. Provide EMPLOYMENT information for each person alleged to have been exposed to asbestos: (If all information is provided in the Complaint, you may refer to the Complaint instead.)

    See Exhibit "A" in Complaint.

6. Please provide any other information that you wish to bring to the Court's attention for purposes of scheduling the Initial Case Management Conference or other proceedings or other case management issues.

    n/a

1


_____

_____

_____

_____

_____

_____

7. Are you requesting the Court appoint counsel to coordinate the act as liaison defense counsel (Designated Defense Counsel) in this case?

____X____ Yes  _____ No

Dated: August 6, 2013

_____
Counsel for Plaintiff(s)

2