ATTACHMENT 1 of 5 of 9

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment

Case Number: RG13686746
Case Title:    Lockett VS A.O. Smith Corporation
Date of Filing: 07/09/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the
Local Rules of the Superior Court of California, County of Alameda, this action is
hereby assigned for all pre-trial purposes, by the Presiding Judge, to:

|                |                                |
|----------------|--------------------------------|
| Judge:         | Jo-Lynne Q. Lee                |
| Department:    | 30                             |
| Address:       | U.S. Post Office Building       |
|                | 201 13th Street                |
|                | Oakland CA 94612               |
| Phone Number:  | (510) 268-5104                 |
| Fax Number:    | (510) 267-1510                 |
| Email Address: | Dept.30@alameda.courts.ca.gov  |

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the
court will not provide a court reporter for civil law and motion hearings, any other hearing or
trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may
arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction
cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case
and probate departments, the services of an official court reporter are not normally
available. For civil trials, each party must serve and file a statement before the trial date
indicating whether the party requests the presence of an official court reporter."

### General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at
the court facility where that department is located. The Renè C. Davidson Courthouse is the
filing location for departments situated in the Alameda County Administration Building and
the United States Post Office (see Local Rule, rule 1.9(f) effective as of 10/11/2011). All
documents, with the exception of the original summons and the original civil complaint, shall
have clearly typed on the face page of each document, under the case number, the
following:

ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO

JUDGE Jo-Lynne Q. Lee
DEPARTMENT 30

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 30 by EMAIL ONLY. The use of email is not a substitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or the party's attorney if the party is represented) at the same time that you send the email to the Court and you must show that you have done so in your email. Courtesy copies of all moving, opposition and reply papers should be delivered directly to Dept. 30 at the U.S. Post Office Building, 201 13th Street, Oakland.

### Schedule for Department 30

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Case Management Conferences are held: Friday mornings beginning at 9:15 a.m.

- Law and Motion matters are heard: Friday mornings beginning at 9:30 a.m. in exceptional circumstances, motions may be set at other times.

- Settlement Conferences are heard: Asbestos cases are heard Friday mornings beginning at 10:00 a.m.

- Ex Parte matters are heard: Fridays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:       Dept.30@alameda.courts.ca.gov

  Reservations by email only.

- Ex Parte Matters
  Email:       Dept.30@alameda.courts.ca.gov

  Reservations by email only.

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for Dept. 30

- Phone:  1-866-223-2244

Dated: 07/15/2013

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2013

By

Digital

Deputy Clerk

Napoli Bern Ripka Shkolnik &
Associates, LLP
Attn: Horn, Ethan A.
111 Corporate Drive, Suite 225
Ladera Ranch, CA 92694

## Superior Court of California, County of Alameda

| Lockett | | No. RG13686746 |
| --- | --- | --- |
| | Plaintiff/Petitioner(s) | |
| | VS. | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER |
| A.O. Smith Corporation | | Unlimited Jurisdiction |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/30/2013 Time: 09:15 AM | Department: 30 Location: U.S. Post Office Building Second Floor 201 13th Street, Oakland CA 94612 Internet: http://www.alameda.courts.ca.gov | Judge: Jo-Lynne Q. Lee Clerk: Lynette Rushing Clerk telephone: (510) 268-5104 E-mail: Dept.30@alameda.courts.ca.gov Fax: (510) 267-1510 |
| --- | --- | --- |

## ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
   †Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2013.

By _____

Deputy Clerk





# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA
### Department 30

## FACSIMILE TRANSMITTAL SHEET

FILED
ALAMEDA COUNTY

JUL 1 8 2013

CLERK OF THE SUPERIOR COURT

Date: 07/18/13 _____ Deputy

| | |
|---|---|
| To: Ethan A. Horn | To: Berry & Berry |
| Fax No.: (949) 429-0892 | Fax No.: (510) 835-5117 |

From: Lynette Rushing
Department 30

Re: Lockett *vs.* A.O. Smith Corp.., et al. RG13 686746

Total No. Of Pages Including Cover Sheet: 26

Order Re: Appointment Of Provisional Designated Defense Counsel, Preliminary Fact Sheet, Order Designating Case Complex Litigation & Case Management Order

☐ Urgent ☑ Service By Fax ☐ Please Comment ☐ Per Your Request ☐ Other

### DECLARATION OF SERVICE BY FACSIMILE

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was transmitted via facsimile to the parties and counsel as shown on this document, and that the facsimile of the foregoing and execution of this certificate occurred at 201 13th Street, Oakland, California.

Executed on July 18, 2013

Executive Officer/Clerk of the Superior Court

By *Lynette Rushing*
Deputy Clerk

Post Office Building
Department 30
201 13th Street ♦ Oakland, CA 94612
510-268-5104 ♦ 510-267-1510 (fax)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA


*9714112*

FILED
ALAMEDA COUNTY

JUL 0 9 2013

Case No. RG13 686746

CLERK OF THE SUPERIOR COURT
By _Annette Brown_
Deputy

CHARLES P. LOCKETT AND DORI
LOCKETT,

Plaintiff(s)

A.O SMITH CORPORATION, et al.

Defendants

PRELIMINARY FACT SHEET
NEW FILING – ASBESTOS LITIGATION

ASSIGNED FOR ALL PRE-TRIAL
PURPOSES TO:
JUDGE JO-LYNNE Q. LEE
DEPARTMENT 30

TO: Counsel for Plaintiff(s):

You have filed an action which the Court has determined is complex litigation
pursuant to Standard 3.10 of the California Rules of Court. Accordingly, the following
information in connection with the above captioned matter is critical for the Court to
determine if early and prompt Court intervention is needed, to fashion an appropriate case
management schedule, and otherwise effectively manage this case from the outset of
litigation.

Please fill out this Preliminary Fact Sheet. This Fact Sheet is for administrative
purposes only and shall not be used for any other purpose. The information supplied
herein by counsel is not a representation, statement, admission, or allegation of a party or
counsel nor does it constitute any party's response to discovery nor is it a verification of the
accuracy of the information provided. Plaintiff(s) shall provide a courtesy copy to Dept. 30
within 10 days via email (Dept.30@alameda.courts.ca.gov ) or fax (510 267 1510) and serve
a copy upon each defendant. This Preliminary Fact Sheet shall be served with the
complaint on any subsequently served defendants but shall NOT be filed with the Clerk's
Office.

SO ORDERED.

DATED: ___7|09___, 2013.

_____
Jo-Lynne Q. Lee, Judge

1. Do you anticipate filing a motion for preferential trial date within the next four months?

_____ Yes _____ No

1

2. Do you anticipate serving notice of Plaintiff's deposition for preservation purposes within the next 60 days?

_____ Yes _____ No

3. Specify the nature or type of asbestos-related disease alleged by each exposed person.

_____ Asbestosis _____ Mesothelioma _____ Pleural Thickening/Plaques

_____ Lung Cancer other than Mesothelioma _____ Other: _____

4. Provide the full name, gender, date of birth, and state of residence of each person alleged to have been exposed to asbestos:

FULL NAME          GENDER          DATE OF BIRTH          STATE OF RESIDENCE

_____

_____

_____

_____

6. Provide EMPLOYMENT information for each person alleged to have been exposed to asbestos:

FULL NAME     EMPLOYER     JOB SITE ADDRESS     JOB TITLE          DATES

_____

_____

_____

_____

_____

_____

7. Please provide any other information that you wish to bring to the Court's attention for purposes of scheduling the Initial Case Management Conference or other proceedings or other case management issues.

2

---

_(blank lines)_

8. Are you requesting the Court appoint counsel to coordinate and act as liaison defense counsel (Designated Defense Counsel) in this case? ____ Yes. ____ No.

Dated: _____

_____
Counsel for Plaintiff(s)



*9714116*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY

JUL 0 9 2013

CLERK OF THE SUPERIOR COURT
By _____
Deputy

CHARLES P. LOCKETT AND DORI
LOCKETT,

Plaintiff(s)

A.O. SMITH CORPORATION, et al.

Defendants

Case No. RG13 b86746

INITIAL CASE MANAGEMENT ORDER
ASBESTOS

ASSIGNED FOR ALL PRE-TRIAL
PURPOSES TO:
JUDGE JO-LYNNE Q. LEE
DEPARTMENT 30

Pursuant to California Rules of Court (CRC) 3.400 and 3.403(b), the Court hereby determines that the above captioned asbestos litigation is a complex case and pursuant to CRC 3.750 will hold an Initial Case Management Conference to consider necessary orders for the appropriate coordination and management of this action. Parties shall familiarize themselves with Alameda County Superior Court Local Rules of Court (LRC), Rule 3.250 et seq. governing asbestos cases including service requirements and the conduct and timing of case management conferences and certain discovery.

Counsel are advised that the General Orders for asbestos litigation previously used by the Court have been rescinded by General Directive No. 2011-01 issued by the Presiding Judge on 1/3/2011.

The following order shall apply to all parties in this action:

1. CASE MANAGEMENT CONFERENCES

At the Case Management Conferences the Court will address discovery issues, schedules, designation of Defense liaison counsel/ Designated Defense Counsel and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the all Case Management Conferences. See LRC, Rule 3.290.

Parties may file, in lieu of the Judicial Council Form CM-110, Case Management Conference Statement(s) on pleading paper summarizing the status of the case and subjects for consideration and shall otherwise comply with CRC 3.750 (b). Parties may file a JOINT Case Management Statement in lieu of separate Statements from each party pursuant to CRC 3.725(b). If a Designated Defense Counsel has been appointed by the Court, individual Defendants may, but are not required to file a Case Management Conference Statement; rather, the Designated Defense Counsel shall be responsible for filing a Case Management Conference Statement respecting the status of discovery and other related case management issues on behalf of all defendants. All Case Management Conference Statement(s) shall be filed and served no later than five (5) court days prior to the scheduled conference.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order. If published, this tentative case management order will become the order of the Court unless counsel or self represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. (Please note that the Tentative Rulings postings on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management Orders are found in the Register of Action). The court may be reached at Dept.30@alameda.courts.ca.gov

2. COMPLIANCE WITH LOCAL RULE OF COURT 3.285.

Local Rule of Court (LRC) 3.285 governing use and service of "standard interrogatories" in asbestos cases shall apply in this case.

Pursuant to LRC 3.285(a) "standard interrogatories" to plaintiff(s) are DEEMED SERVED on Plaintiff(s) as of the date of the filing of the Complaint. The reference in Local Rule of Court 3.285(a) and this order to "standard interrogatories to plaintiff" are "Defendants' Standard Interrogatories to Plaintiff" published on the Berry & Berry website (http://www.berryandberry.com/main/default.aspx?PageID=4) and also published on the Alameda County Superior Court - Dept. 30 website in the "documents" folder. Plaintiff(s) shall serve a copy of plaintiff(s) responses to said interrogatories within 60 days of the filing of the Complaint upon any defendant(s) served in this action or, after the 60-day deadline has elapsed, Plaintiff shall serve its responses with service of the Complaint. If Designated Defense Counsel has been appointed, Plaintiff shall serve one original upon Designated Defense Counsel.

Pursuant to LRC 3.285(b) "standard interrogatories" to defendants and cross-defendants will be DEEMED SERVED with the Complaint or Cross-Complaint and responses. The reference in Local Rule of Court 3.285(b) and this Order to "standard interrogatories to defendants and cross-defendants" are the "Plaintiff's First Set of Interrogatories to Defendant" published on the Berry & Berry website (http://www.berryand berry.com/main/default.aspx?PageID=4) and also published on the Alameda County Superior Court - Dept. 30 website in the "documents" folder.

3

EXHIBIT 2 PART 3 OF 3

4.      MOTION FOR PREFERENTIAL TRIAL SETTING

As soon as counsel are aware of facts sufficient to petition the Court for a

preferential trial setting,  counsel shall immediately reserve a hearing date from the clerk

in Dept. 30.  Because the Court recognizes the critical need for expedited discovery of

plaintiff(s) relevant medical and employment records when a trial preference is granted,

parties shall comply with the following, in cases where a motion preferential trial setting

is sought, unless good cause showing:

(a) Contemporaneous or prior to filing of any motion for trial setting

preference, Standard Interrogatories to Plaintiff(s) shall be answered and served

upon all defendants .

(b)  Contemporaneous with the filing of any motion for preference

Plaintiff(s) shall execute authorizations and stipulations for medical and

employment records and shall deliver a copy of all medical and employment records

in plaintiff's possession to the Designated Defense Counsel or comparable

coordinating defense counsel and/or document depository.  If a Designated Defense

Counsel or comparable coordinating defense counsel and/or document depository is not

yet in place at the time the motion is made, the Court will expect defense counsel to meet

and confer to work out an orderly, expedited and efficient process for obtaining,

receiving, copying, sharing and providing access to these materials among and between

all the parties, pending hearing and convey to plaintiff's counsel where documents and

authorizations/stipulations are to be delivered. Defense counsel shall submit a proposed

Order for the court's signature that should, at the minimum, address the need for a single

depository/entity to act on behalf of all defendants to obtain, receive, maintain and copy

4

plaintiff's records and materials as ordered herein and provide access to defendants. Further, the order should identify at a minimum a single entity/defense counsel to obtain records or materials on behalf of all defendants pursuant to the executed stipulations/authorizations ordered herein and coordinate with Plaintiff's counsel with regard to said records and materials. The Court will order that defendants share equally for the costs associated with obtaining, receiving, maintaining, and providing access to records and materials ordered herein (unless otherwise stipulated by defendants counsel). Costs of copying will be borne by individual parties requesting copies. If this matter cannot be resolved between parties, any party shall promptly contact Dept. 30 to have a case management conference advanced for this purpose. Pending hearing on the motion for preference and until further court order is signed, **Plaintiff(s) shall not be required to respond to individual document requests for the same materials or records ordered herein, make the documents or materials ordered herein available for inspection or copying, or to deliver the executed authorizations/stipulations to any individual requesting defendant but shall only be required to deposit the ordered documents and materials, authorizations and stipulations with the identified single designated defense counsel/ coordinating defense counsel and/or document depository.** This order is not meant to preclude document discovery not covered by this Order to proceed pending hearing on the motion for preference.

(c) Any motion for preference shall be accompanied by an affidavit in compliance with C.C.P. § 36 and § 36.5 and shall delineate with specificity the status of pleadings and discovery. Specifically, among other items, counsel shall advise the Court whether the matter is at issue; whether relevant, non-privileged medical and employment

5

reports and materials have been made available to the defense; and whether plaintiff(s) deposition and/or medical examinations (if applicable) have been taken or scheduled.

(d) Following an order granting a motion for preference the Court will require counsel to meet and confer to develop a coordinated discovery schedule on all issues that the Court will review with counsel and may include in a further order.

5.     E-SERVICE.

Counsel shall meet and confer among each other and with Designated Defense Counsel regarding the use of e-service in this case and shall submit a proposed stipulated order directly to Dept. 30 for court approval. Absent a finding of undue hardship as to any party, the Court will order e-service be used for service of discovery and motion papers. Notwithstanding the foregoing, Code-compliant notice of any ex parte application shall be served on all parties in addition to e-service.

6.     NOTICE

Counsel and parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 30 will be published in the Court's website in the Register of Action for this case. The clerk of the court WILL NOT BE DIRECTED to serve copies of future orders to parties. Instead, unless otherwise ordered, **counsel shall obtain copies of all future orders off of the Register of Action posted on the court's website for this case.**

Plaintiff's counsel shall serve a copy of this CASE MANAGEMENT NOTICE AND ORDER upon all parties SERVED with the Complaint and file a proof of service

6

with the Court. The clerk is directed to serve a copy of this INITIAL CASE

MANAGEMENT ORDER upon counsel for Plaintiff.

DATED: 4/5/13

JO-LYNNE Q. LEE, JUDGE


*9714108*

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

FILED

ALAMEDA COUNTY

JUL 0 9 2013

CLERK OF THE SUPERIOR COURT

By _____ Deputy

Case No RG13 08674

| | |
|---|---|
| CHARLES P. LOCKETT AND DORI LOCKETT,<br><br>Plaintiffs | ORDER DESIGNATING CASE COMPLEX LITIGATION PER CRC 3.400 AND ORDER RE: COMPLEX CASE FEE |
| A.O. SMITH CORPORATION, et al.<br><br><br><br>Defendants | ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO: JUDGE JO-LYNNE Q. LEE DEPARTMENT 30 |

**THE COURT HAS ORDERED THE FOLLOWING:**

Upon review of the pleadings in the above captioned matter, pursuant to California Rules of Court (CRC) 3.400 and 3.403(b), the Court hereby determines that the above captioned asbestos litigation is "complex" and shall be governed pursuant to CRC 3.501 et. seq. and 3.750 providing for the coordination and management of complex cases.

Counsel are advised that Government Code Section 70616 provides that, in addition to the first appearance fee required by sections 70611, a complex case fee of shall be paid to the clerk by each party to the litigation. Effective July 2, 2012, the complex case fee is $1,000.00 for plaintiff(s) (one fee for all plaintiffs) and $1,000 per defendant up to a total of $18,000 (per case). Pursuant to Government Code section

1

70616(c) all parties are required to pay the complex case fee prescribed to the clerk of the court within ten (10) calendar days of the filing of the complex determination order.

To make sure your payment of this fee is receipted correctly, please submit the check to the attention of the Complex Litigation Clerk, RCD Room 109, Alameda County Superior Court, 1225 Fallon Street, Oakland, CA 94612.

The clerk is directed to serve a filed-endorsed copy of this order upon counsel for Plaintiff(s). Counsel for Plaintiffs shall serve a copy of this order upon all defendants who have been or are served in this action.

SO ORDERED.

DATED: _____ 7/9/13

Jo-Lynne Q. Lee, Judge



*9714104*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY

JUL 0 9 2013

CLERK OF THE SUPERIOR COURT
By [signature] Deputy

| | |
|---|---|
| CHARLES P. LOCKETT AND DORI LOCKETT, Plaintiff(s), | Case No. RG13 686746 ORDER RE: APPOINTMENT OF DESIGNATED DEFENSE COUNSEL |
| A.O. SMITH CORPORATION, et. al. Defendants, | ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO: JUDGE JO-LYNNE Q. LEE DEPARTMENT 30 |

**THE COURT HAS ORDERED THE FOLLOWING:**

Pursuant to California Rules of Court (CRC) 3.400 and 3.403(b), the Court hereby determines that the above captioned asbestos litigation is a "complex case" and shall be governed pursuant to CRC 3.501 et. seq. and 3.750 providing for the coordination and management of complex cases. Pursuant to CRC Rule 3.750, the Court finds that the appointment of a "Designated Defense Counsel" to coordinate certain discovery by and between the multiple parties involved in this complex litigation is necessary to curtail and prevent unnecessary, repetitious and/or burdensome discovery and motion practice, and will assist parties to reasonably prepare for trial in the most efficient, rational and least oppressive manner.

The Court further finds that the law firm of Berry & Berry has acted as Designated Defense Counsel in asbestos litigation in Alameda County, by prior General Orders of this Court, for more than a decade and in that time has developed working relationships with plaintiff and defense counsel, service providers, government entities,

and others and has in place the procedures necessary to immediately initiate critical medical and employment records discovery required under the circumstances of this case.

WHEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.    The law firm of Berry & Berry, 2930 Lakeshore Avenue, Oakland, CA 94610 is PROVISIONALLY designated by the Court as Designated Defense Counsel to coordinate defense medical and employment records discovery in this action and is authorized to immediately initiate necessary medical and/or employment records discovery on behalf of all defendants.

2.    Plaintiff shall meet and confer with Berry & Berry to provide all necessary information and execute and provide all necessary authorizations, stipulations, subpoenas for procurement of relevant medical and employment records and other medical evidence (specimens, photographs, radiographs, etc.).

3.    This order specifying the respective responsibilities and duties of Berry & Berry as Designated Defense Counsel and the parties (including defendants obligation to pay the reasonable attorneys' fees and costs associated with this appointment shall remain in effect until further order of this Court, or rescission of or vacating of this order provisionally designating Berry & Berry as Designated Defense Counsel.

4.    Any party moving for rescission of this order, appointment of an alternative Designated Defense Counsel, or alternative defense coordination procedure and/or any other relief in connection with this provisional designation of Berry & Berry as Designated Defense Counsel shall serve said motion on all parties and upon Berry & Berry.  Moving party shall meet and confer with other defendants concerning the alternative designation and/or relief requested and present the results of that meet and confer in any affidavit accompanying any motion for alternative designation.  If Plaintiffs and all defendants stipulate, the Court will sign an order setting aside the orders for Designated Defense Counsel.

5.    Designated Defense Counsel shall coordinate the procurement, exchange and scheduling of certain joint pre-trial discovery, as specified below:

(a)    The Designated Defense Counsel herein is appointed solely to coordinate the procurement and scheduling of certain pretrial discovery activities described herein and to report progress of said coordinated discovery  activities to the Court as required.

2