ATTACHMENT 1 of 8 of 9

**Eighteenth Affirmative Defense**

(Advised, Informed and Warned)

Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, and storage of the products, substances, equipment and at premises in which exposure is claimed, as well as to asbestos "in-place," all as is described in the Complaint, and Plaintiffs are therefore barred from any relief prayed for therein.

**Nineteenth Affirmative Defense**

(Compliance with Statutes)

Answering Defendant alleges that all of its conduct and activities as alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

**Twentieth Affirmative Defense**

(Compliance with Specifications)

Answering Defendant alleges that the asbestos products or asbestos used or in place at any premises, if any, for which Answering Defendant had any legal responsibility, were manufactured, packaged, distributed or sold in accordance with contract specifications imposed by its co-defendants, by the U.S. Government, by the State of California, by Plaintiffs' employers, or by third parties yet to be identified.

**Twenty-first Affirmative Defense**

(Military Contract Defense)

Answering Defendant alleges that the asbestos products or asbestos supplied, used or in place at any premises, if any, for which Answering Defendant had any legal responsibility were designed, manufactured, packaged, distributed or sold in accordance with specifications imposed upon Answering Defendant by the U.S. Military, and Answering Defendant shared any superior knowledge Answering Defendant may have had of dangers related to such products with the military, and thus Answering Defendant is immune from any and all liability in the instant lawsuit. (See, e.g., *McLaughlin v. Sikorsky Aircraft* (1983) 148 Cal.App.3d 203.)

6

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**Twenty-second Affirmative Defense**

(No Liability for Affixed Parts)

Answering Defendant alleges that any liability it is claimed to have for equipment or products it manufactured, distributed or supplied does not extend to or include any liability for any parts affixed to, added to, combined with, and/or used with any of Answering Defendant's equipment or products, which parts were manufactured, supplied, and/or distributed by a third party. *O'Neil v. Crane Co.*, 53 Cal.4th 335 (2012) .

**Twenty-third Affirmative Defense**

(No Liability for Replacement/Component Parts)

Answering Defendant alleges that any liability it is claimed to have for equipment or products it manufactured, distributed or supplied does not extend to or include any liability for any replacement and/or component parts for such equipment or products, which replacement and/or component parts were manufactured, supplied, and/or distributed by a third party.

**Twenty-fourth Affirmative Defense**

(State-of-the-Art)

Answering Defendant alleges that all of its activities, products, materials and its premises at issue herein, if any, at all times were conducted, used, produced, marketed, and operated in conformity with the existing scientific, medical, industrial hygiene and consumer knowledge, practice and state-of-the-art.

**Twenty-fifth Affirmative Defense**

(No Foreseeable Risk to Plaintiffs)

The state of the medical, scientific, and industrial hygiene knowledge and practice was at all material times such that Answering Defendant neither breached any alleged duty owed Plaintiffs, nor knew, nor could have known, that its activities, materials, products or premises presented a foreseeable risk of harm to Plaintiffs in the normal and expected course of such activities and use of such materials and products.

///

///

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1  **Twenty-sixth Affirmative Defense**

2  (No Right to Control)

3       Answering Defendant alleges that any loss, injury, or damage incurred by Plaintiffs was

4  proximately and legally caused by the negligent or willful acts or omissions of parties which

5  Answering Defendant neither controlled, nor had the right to control, and was not proximately

6  caused by any acts, omissions, or other conduct of Answering Defendant.

7  **Twenty-seventh Affirmative Defense**

8  (Action for Relief)

9       Answering Defendant alleges the causes of action, if any, attempted to be stated and set forth

10  in the Complaint, are barred by the provisions of the Code of Civil Procedure of the State of

11  California and/or other statutes of the State of California, including without limitation Code of Civil

12  Procedure section 338(d).

13  **Twenty-eighth Affirmative Defense**

14  (Misuse and Improper Use of Products)

15       Answering Defendant alleges that if the Plaintiffs allegedly suffered injuries attributable to

16  the disturbance or use of any product for which Answering Defendant had any legal responsibility,

17  which allegations are expressly denied herein, the injuries were solely caused by, and attributable to,

18  the unreasonable, unforeseeable, and inappropriate purpose and improper use and abuse which was

19  made of said product by persons or entities other than Answering Defendant.

20  **Twenty-ninth Affirmative Defense**

21  (Due Care and Diligence)

22       Answering Defendant alleges that Answering Defendant exercised due care and diligence in

23  all of the matters alleged in the Complaint, and no act or omission by Answering Defendant was the

24  proximate cause of any damage, injury or loss to Plaintiffs.

25  **Thirtieth Affirmative Defense**

26  (Alteration of Product)

27       Answering Defendant alleges that an insubstantial amount, if any at all, of the products

28  allegedly containing asbestos disturbed, used, supplied by Answering Defendant or used or in place

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

at any premises owned or controlled by Answering Defendant, were not disturbed or used in the

presence of Plaintiffs and not supplied to Plaintiffs, and if so, were substantially altered by others

and/or used in a manner inconsistent with the labeled directions.

**Thirty-first Affirmative Defense**

(Equal or Greater Knowledge of Hazards)

Answering Defendant alleges that any and all products allegedly containing asbestos used,

disturbed or supplied by Answering Defendant were used, disturbed or supplied to, or for, persons or

entities who had knowledge with respect to the hazards, if any, resulting from exposure to products

containing asbestos, which is equal to or greater than, the knowledge of Answering Defendant.

**Thirty-second Affirmative Defense**

(Other Parties' Liability and Negligence)

Answering Defendant alleges that if there was any negligence or any other form of liability

on the part of any of the parties named herein, it was the sole and exclusive negligence and liability

of the other persons or entities and not of Answering Defendant.

**Thirty-third Affirmative Defense**

(Apportionment and Offset)

Answering Defendant is informed and believes and thereon alleges that Plaintiffs' acts and

omissions, including the acts and omissions of Plaintiffs' agents, servants, and/or employees acting

within the course and scope of their employment, and others, contributed to the alleged damages,

injury, or loss, if any, sustained by Plaintiffs. Answering Defendant requests that the Court apply the

principles of apportionment and offset so as to permit the Court or jury to apportion liability

according to fault and to grant Answering Defendant a corresponding offset against any damages

awarded to Plaintiffs.

**Thirty-fourth Affirmative Defense**

(Contribution/Equitable Indemnity)

Answering Defendant alleges that in the event it is held liable to Plaintiffs, which liability is

expressly denied herein, and any other co-defendants are likewise held liable, Answering Defendant

///

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1    is entitled to a percentage contribution of the total liability from said co-defendants in accordance

2    with the principles of equitable indemnity and comparative contribution.

3                        **Thirty-fifth Affirmative Defense**

4                                (Maritime Law)

5           Answering Defendant alleges that maritime law is applicable to the extent the Complaint

6    purports to allege exposure from Plaintiff's work with asbestos-containing equipment aboard a

7    vessel on navigable waters. *Conner v. Alfa Laval, Inc.,* 799 F. Supp. 2d 455 (2011).   Under federal

8    maritime law, Answering Defendant is not responsible for injuries caused by component parts which

9    it did not manufacture or distribute (the "bare metal defense").  *Conner v. Alfa Laval, Inc.,* 2012 WL

10   288364, at *3-7 (E.D. Pa. 2012); *Hickman v. Saberhagen Holdings, Inc., et al.,* 2011 WL 346822, at

11   *4-6 (E.D. Pa. 2011), adopted 2011 WL 359696, at *3 (E.D. Pa. 2011); *Lindstrom v. A-C Prod.*

12   *Liab. Trust,* 424 F.3d 488, 494-95 (6th Cir. 2005); *Delatte v. A.W. Chesterton Co.,* 2011 WL

13   4907772 at *3 (E.D. Pa. 2011); *see also O'Neil v. Crane Co.*, 53 Cal. 4th 335 (2012)  (finding that a

14   product manufacturer is not liable for failure to warn of the dangers of another manufacturer's

15   replacement parts or adjacent products that caused harm); *Taylor v. Elliott Turbomachinery Co., Inc.*

16   171 Cal.App.4th 564, 571 (2009) (recognizing that bare metal defense under California law negates

17   a defendant's duty to warn of and liability for hazards inherent in defective products manufactured or

18   supplied by third parties).

19                        **Thirty-sixth Affirmative Defense**

20                        (Assumption of Risk by Plaintiffs' Employers)

21          Answering Defendant alleges that the Complaint and each cause of action alleged therein are

22   barred on the grounds that Plaintiffs' employer or employers knowingly entered into and engaged in

23   the operations, acts and conduct alleged in the Complaint, and voluntarily and knowingly assumed

24   all of the risks incident to said operations, acts and conduct at the times and places mentioned in the

25   Complaint.

26                        **Thirty-seventh Affirmative Defense**

27                                (Assumption of Risk)

28          Answering Defendant alleges that Plaintiffs assumed the risk of the matters referred to in the

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1   Complaint and that Plaintiffs knew and appreciated the nature of the risk and that Plaintiffs

2   voluntarily accepted this risk.

**Thirty-eighth Affirmative Defense**

(No Market Share)

5   Answering Defendant alleges that Answering Defendant did not have an appreciable share of

6   the market for the asbestos-containing products that allegedly caused Plaintiffs' injuries, which

7   occurrence and inclusion of asbestos Answering Defendant expressly denies. Accordingly,

8   Answering Defendant may not be held liable to Plaintiffs based on its alleged share of the applicable

9   product market.

**Thirty-ninth Affirmative Defense**

(Plaintiffs Fail to Join a Substantial Market Share)

12  The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a

13  cause of action against Answering Defendant, in that Plaintiffs have failed to join a substantial

14  market share of the producers or products to which Plaintiffs were allegedly exposed.

**Fortieth Affirmative Defense**

(Not a Substantial Factor)

17  Answering Defendant alleges that the Complaint and each cause of action therein presented

18  are barred on the grounds that the products, conduct, materials or premises of Answering Defendant

19  as referred to in the Complaint, if any, were not a substantial factor in bringing about the injuries and

20  damages complained of by Plaintiffs and did not increase the risk that Plaintiffs would suffer the

21  injuries and damages complained of therein.

**Forty-first Affirmative Defense**

(Insufficient Facts to Show Substantial Market Share of Answering Defendant)

24  To the extent the Complaint asserts Answering Defendant's alleged "alternative," "market

25  share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a cause of

26  action against Answering Defendant.

27  ///

28  ///

11

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**Forty-second Affirmative Defense**

(Insufficient Exposure)

Any exposure of Plaintiffs to Answering Defendant's activities or products, or exposure to asbestos or asbestos-containing products at Answering Defendant's premises, if any, was so minimal as to be insufficient to establish by a reasonable degree of probability that any such activity, product or premises caused any alleged injury, damage, or loss to Plaintiffs.

**Forty-third Affirmative Defense**

(No Successor Liability)

Answering Defendant alleges that Answering Defendant has no liability for the acts, omissions or otherwise of any other defendant or any other entity because Answering Defendant did not become legally responsible for the acts of any such defendant or entity given the facts and circumstances of the pertinent transactions and never was, nor is, a successor-in-interest, a successor-in-liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

**Forty-fourth Affirmative Defense**

(Lack of Privity)

Answering Defendant alleges that Plaintiffs have failed to state a cause of action in that the Complaint fails to allege that there was privity between Answering Defendant on the one hand, and Plaintiffs on the other, and furthermore, such privity did not exist between Answering Defendant on the one hand, and Plaintiffs on the other.

**Forty-fifth Affirmative Defense**

(Civil Code section 1431.2)

Answering Defendant alleges that the provisions of California Civil Code section 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiffs' Complaint and to each cause of action therein.

**Forty-sixth Affirmative Defense**

(Workers' Compensation Exclusive Remedy)

Answering Defendant alleges that the Complaint is barred by the exclusivity provisions of

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1    the California workers' compensation laws, including, but not limited to, California Labor Code

2    section 3600, *et seq.*

### Forty-seventh Affirmative Defense

(Offset for Workers' Compensation Benefits)

Answering Defendant alleges that to the extent Plaintiffs herein recovered, or in the future

may recover, any monies in connection with any claim for workers' compensation benefits, any

amounts recovered in this action are subject to a claim by defendant for a credit or offset.

### Forty-eighth Affirmative Defense

(Contractual Indemnity)

Answering Defendant alleges that if Plaintiffs claim exposure to asbestos or asbestos-

containing products at an Answering Defendant premises, which is expressly denied herein,

Answering Defendant contracted with Plaintiffs and/or Plaintiffs' employer(s) for them to fully

assume all responsibility for insuring Plaintiffs' safety, to guarantee that no hazardous condition

existed, and/or to warn and protect against any such conditions during the performance of Plaintiffs'

work and, further, to fully indemnify Answering Defendant, and to hold Answering Defendant

harmless, for all responsibility and liability arising out of said work and/or any injuries allegedly

incurred by Plaintiffs as a result of any of said work.  Answering Defendant reserves all rights to

assert these provisions of contractual indemnity.

### Forty-ninth Affirmative Defense

(Consent)

Answering Defendant alleges that at all times mentioned, Plaintiffs consented to the alleged

acts or omissions of Answering Defendant.

### Fiftieth Affirmative Defense

(Unusual Susceptibility)

Answering Defendant alleges that each of Plaintiffs' injuries and damages, if any, was

proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual

susceptibility, or hypersensitivity reactions for which Answering Defendant is not liable.

///

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**Fifty-first Affirmative Defense**

(Good Faith)

Answering Defendant alleges that Plaintiffs' claim for punitive damages is barred because Answering Defendant at all times and places mentioned in the Complaint acted reasonably and in good faith, and without malice or oppression toward Plaintiffs.

**Fifty-second Affirmative Defense**

(Sophisticated User – Employer/Premises Owner)

Answering Defendant alleges that Answering Defendant was under no legal duty to warn Plaintiffs of the hazard associated with the use of products containing asbestos or their existence at any premises owned, operated, controlled or otherwise by Answering Defendant. The purchasers of said products, Plaintiff, Plaintiff's employers, his/her unions or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiffs of the risk associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiffs' damages herein, if any.

**Fifty-third Affirmative Defense**

(Sophisticated User – Plaintiff)

Answering Defendant alleges that it was under no legal duty to warn Plaintiffs of the hazards associated with the use or handling of products containing asbestos, or of their existence at any premises owned, operated, controlled by Answering Defendant, or where products were otherwise claimed to be provided by Answering Defendant. Answering Defendant further alleges that Plaintiff was a knowledgeable and sophisticated user and had or should have had knowledge of the potential hazards associated with using products containing asbestos. Plaintiff's knowledge of the potential hazards associated with using products containing asbestos resulted in Plaintiff assuming the risk and being the proximate and superseding cause of Plaintiffs' damages, if any. *Johnson v. American Standard* (2008) 43 Cal.4th 56.

///

///

14

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**Fifty-fourth Affirmative Defense**

(Work Hazard Precautions)

Answering Defendant alleges that Plaintiffs' employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable contact with, or storage and disposal of, the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

**Fifty-fifth Affirmative Defense**

(Failure to Join Indispensable Parties)

Plaintiffs herein have failed to join indispensable parties (California Code of Civil Procedure section 389) and the Complaint is thereby defective, and Plaintiffs are thereby precluded from any recovery whatsoever as prayed for therein.

**Fifty-sixth Affirmative Defense**

(No Standing Under California Civil Code sections 1708-1710)

Plaintiffs have no standing nor right to sue for fraud and conspiracy, breach of warranty, deceit, or any cause of action under California Civil Code sections 1708-1710, and therefore the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Answering Defendant.

**Fifty-seventh Affirmative Defense**

(Failure to Allege with Particularity)

Answering Defendant alleges that Plaintiffs' Complaint fails to set out their claims with sufficient particularity to permit Answering Defendant to raise all appropriate defenses and, thus, Answering Defendant reserves the right to add additional defenses as the factual basis for these claims becomes known.

**Fifty-eighth Affirmative Defense**

(Punitive Damage Prohibited)

Answering Defendant alleges that Plaintiffs' Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against Answering Defendant. The Complaint,

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1 to the extent that it seeks exemplary or punitive damages, violates Answering Defendant's right to

2 procedural due process under the Fourteenth Amendment of the United States Constitution, and the

3 Constitution of the State of California, and fails to state a cause of action upon which either punitive

4 or exemplary damages can be awarded.

### Fifty-ninth Affirmative Defense

#### (Punitive Damages Prohibited)

Answering Defendant alleges that the Complaint, to the extent that it seeks punitive or

exemplary damages, violates Answering Defendant's right to protection from excessive fines as

provided in the Eighth Amendment of the United States Constitution and Article I, section 17, of the

Constitution of the State of California, and violates Answering Defendant's right to substantive due

process as provided in the Fifth and Fourteenth Amendments of the United States and California

Constitutions, and thus fails to state a cause of action supporting an award of punitive or exemplary

damages.

### Sixtieth Affirmative Defense

#### (Punitive Damages Prohibited)

Plaintiffs' claims for punitive or exemplary damages against Answering Defendant, if any,

are barred by the "double jeopardy" clause of the Fifth Amendment to the United States

Constitution, as applied to the States through the Fourteenth Amendment.

### Sixty-first Affirmative Defense

#### (Punitive Damages Prohibited)

The causes of action asserted herein by Plaintiffs fail to state facts sufficient to constitute a

cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would

violate the prohibition against laws impairing the obligation of contracts set forth in Article I, section

10, of the United States Constitution.

### Sixty-second Affirmative Defense

#### (Contravention of Answering Defendant's Constitutional Rights to Due Process of Law)

The Complaint, and each cause of action thereof, which is admittedly based upon a lack of

identification of the manufacturer of, and contractor using or disturbing the alleged injury-causing

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

1  product, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted a

2  claim for relief which, if granted, would contravene Answering Defendant's constitutional rights to

3  substantive and procedural due process of law as preserved for Answering Defendant by the

4  Fourteenth Amendment of the United States Constitution and by Article I, section 7, of the

5  Constitution of the State of California.

6  **Sixty-third Affirmative Defense**

7  (Fraud and Conspiracy are Not Separate Forms of Damages)

8  Fraud and conspiracy do not constitute a separate and distinct form of damages from general

9  damages, and therefore any prayer for damages for fraud and conspiracy in addition to general

10  damages does not sufficiently support or constitute a separate claim for damages against Answering

11  Defendant, but is simply cumulative and included in general damages.

12  **Sixty-fourth Affirmative Defense**

13  (No Conspiracy)

14  Answering Defendant alleges that Answering Defendant has no liability for the acts,

15  omissions or otherwise of any other defendant or entity because Answering Defendant did not

16  become legally responsible for the acts of any such defendant or entity by any communication,

17  alleged, implied, or actual, or act, action, or activity, and never was, nor is, a conspirator or co-

18  conspirator with any other defendant or entity.

19  **Sixty-fifth Affirmative Defense**

20  (Independent, Intervening or Superseding Cause)

21  Answering Defendant alleges that if Plaintiffs suffered any injuries attributable to the use of

22  any product containing asbestos which was used, disturbed or sold by Answering Defendant, which

23  allegations are expressly denied herein, the injuries were solely caused by an unforeseeable,

24  independent, intervening and/or superseding event beyond the control and unrelated to any conduct

25  of Answering Defendant. Answering Defendant's actions, if any, were superseded by the negligence

26  and wrongful conduct of others.

27  ///

28  ///

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**Sixty-sixth Affirmative Defense**

(Insufficient Facts to Show Conspiracy of Answering Defendant)

To the extent the Complaint asserts Answering Defendant's alleged conspiracy, which allegation is expressly denied herein, the Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant.

**Sixty-seventh Affirmative Defense**

(Fraud, Oppression, or Malice)

The Complaint, and each cause of action alleged therein, does not state sufficient facts constituting "fraud," "oppression," or "malice," as these terms are used in Civil Code §3294.

**Sixty-eighth Affirmative Defense**

(Waiver of Breach of Warranty)

At all times and places mentioned in the Complaint, Plaintiffs have waived whatever rights they might otherwise have had to claim a breach of warranty, in that Plaintiffs failed to notify Answering Defendant of any alleged breach of warranty, express or implied, and if any alleged defects existed in any asbestos or asbestos-containing products produced or distributed by Answering Defendant, Plaintiffs discovered or should have discovered said defect or non-conformity, if any existed, and failure to do so within a reasonable time prejudices Answering Defendant from being able to fully investigate and defend the allegations made against it in the Complaint.

**Sixtieth-ninth Affirmative Defense**

(Right to Amend)

Answering Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation, and reserves the right to amend its answer to assert such defenses.

WHEREFORE, Answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint or any claims stated therein;

2. That Plaintiffs' Complaint, and each cause of action contained therein, be dismissed with prejudice against Answering Defendant;

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

3. For costs of suit; and,

4. For such other and further relief as the Court deems just and appropriate in the

circumstances.

Dated:  January 9, 2014                    POND NORTH LLP

By: _____

JUSTIN F. CRONIN
Attorneys for Defendant FMC Corporation , on behalf of
its former Turbo Pump Operation, and its former Peerless
Pump, Chicago Pump and Northern Pump businesses

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 350 South Grand Avenue, Suite 3300, Los Angeles, CA 90071.

On January 9, 2014, I served the following document(s): **ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

Napoli Bern Ripka Shkolnik & Associates
111 Corporate Drive, Suite 225
Ladera Ranch, CA 92694

☐ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☐ By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☒ By E-Service: I electronically served the above document(s) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

☐ By Personal Service: I caused to be delivered by courier **Nationwide Legal Express,** such envelope by hand to the offices of the above addressee(s).

☐ By Personal Service: I delivered such envelope by hand to the offices of the addressee(s).

☐ By Facsimile Machine: The document was transmitted by facsimile transmission to the number(s) indicated and was reported as complete and without error.

Executed: January 9, 2014

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan M. Combs
4710.0564

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

4710-0564:1101714.1

EXHIBIT 7



E-SERVICE
54765108
Dec 27 2013
03:59PM
File & ServeXpress

1  Ethan A. Horn      CA Bar No. 190296
   Michael J. Carey   CA Bar No. 249171
2  E. Page Allinson   CA Bar No. 287040
3  **NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP**
   111 Corporate Drive, Suite 225
4  Ladera Ranch, California 92694
   Telephone:    (949) 234-6032
5  Facsimile:    (949) 429-0892

6
   Attorneys for Plaintiffs
7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                        **FOR THE COUNTY OF ALAMEDA**
10

11  CHARLES P. LOCKETT and DORI            Case No. RG13686746
    LOCKETT,
12                                          Hon. Jo-Lynne Q. Lee
13                  Plaintiffs,
                                           **PLAINTIFFS' AMENDED RESPONSES**
14  vs.                                    **TO STANDARD INTERROGATORIES**
                                           **PROPOUNDED BY DEFENDANTS**
15  A.O. SMITH CORPORATION, et. al.,
                                           Complaint Filed: July 9, 2013
16                  Defendants.            Trial Date: None Set
17

18  PROPOUNDING PARTY:    DEFENDANTS

19  RESPONDING PARTY:     PLAINTIFFS, CHARLES P. LOCKET and DORI LOCKETT

20  SET:                  ONE

21

22                              **INTERROGATORIES**

23  **INTERROGATORY NO. 1**:

24          (a) Name:

25          (b) Date of Birth:

26          (c) Place of Birth:

27          (d) Address:

28          (e) Height:

          PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 1

(f) Social Security Number:

(g) Kaiser Number:

(h) Government Serial Number:

(i) Military Serial Number:

(j) Driver's License Number & State:

(k) All of the names by which YOU have been known:

(l) Highest grade level completed:

(m) Current Spouse's Name:

(n) Spouse's Date of Birth:

(o) Date of Current Marriage:

(p) Spouse's Current Address:

(q) Spouse's Occupation/Employer:

(r) Name of any Former Spouse:

(s) Date of any Former Marriage:

(t) Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated:

**RESPONSE TO STANDARD INTERROGATORY NO. 1.**

(a) Charles Lockett;

(b) ████/1942;

(c) Pescadero, CA;

(d) 3208 Neptune Way, Modesto, CA 95355;

(e) 5' 10";

(f) ████-9053;

(g) Not applicable;

(h) Not applicable;

(i) U.S. Army, RA ████731;

(j) ████96 CA;

(k) Charles Lockett;

(l)  General Education Degree;

(m) Dorothy Lockett;

(n) ██/1944;

(o) 6/15/1991;

(p) 3208 Neptune Way, Modesto, CA 95355;

(q) Hairstylist/self-employed;

(r)  Diana Ragan;

(s) 7/4/1971;

(t)  Divorced, mid-1970s.


**INTERROGATORY NO 2**:

For each child of any marriage (either natural or adopted), please state: (Attach additional sheets, if necessary.)

**RESPONSE TO STANDARD INTERROGATORY NO. 2.**

(1) Shane Lockett

(2) Oakdale, CA; exact address unknown at this time

(3) Currently unemployed


All information presently known to Plaintiff has been included in response to this interrogatory.  Should more information become available to Plaintiff, Plaintiff will supplement this response.


**INTERROGATORY NO 3**:

Are either of YOUR natural parents alive? If YOUR answer is "yes", please state for each parent:

(a) Current age(s)


PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 3

(b) Any history of cancer or respiratory disease.

**RESPONSE TO STANDARD INTERROGATORY NO. 3.**

No.

**INTERROGA/TORY NO. 4**:

If either of YOUR natural parents are deceased, please state for each parent:

(a) Name of deceased parent(s)

(b) Age at death;

(c) Date of death;

(d) Place where the deceased parent(s)'s death certificate is filed.

**RESPONSE TO STANDARD INTERROGATORY NO. 4.**

(a) Robert Lockett;

(b) Approximately 68;

(c) 1966;

(d) Los Angeles, CA;


(a) Melinda Lorraine Mitchell;

(b) Approximately late 40s;

(c) Approximately 1969;

(d) Tulsa, Oklahoma.


All information presently known to Plaintiff has been included in response to this interrogatory. Should more information become available to Plaintiff, Plaintiff will supplement this response.

**INTERROGATORY NO. 5**:

Have any of YOUR blood relatives (parents, grandparents, siblings, aunts, uncles, or cousins) had cancer of any type? If so, please state:

(a) The name and exact relationship of each such person;

(b) The present residence address for each such living person; and

(c) The type of primary site of cancer.

**RESPONSE TO STANDARD INTERROGATORY NO. 5.**

(a) ████████████; sister

(b) Oakview, CA

(c) ████████████

**INTERROGATORY NO. 6**:

If any person identified in YOUR answer to Interrogatory No. 5 is deceased, please state for each such person:

(a) His/Her complete name;

(b) Date of death;

(c) Place of death;

(d) Place where his/her death certificate would be on file; and

(e) Cause of death.

**RESPONSE TO STANDARD INTERROGATORY NO. 6.**

Not applicable.

**INTERROGATORY NO. 7**:

State the complete address of each of YOUR residences from January first of the year in which YOU contend that YOU were first exposed to asbestos to the present, and the inclusive dates of each period of such residence.

**RESPONSE TO STANDARD INTERROGATORY NO. 7.**

Los Angeles, CA (1963-1966);

Smokey Point, WA (1969-1970);

Marysville, WA (1970-1971);

Everett, WA (1971-mid 1970s);

Simi Valley, CA (late 1970s, early 1980s; 6-8 months);

Everett, WA (early 1980s-1989);

Oakdale, CA (1989-1991);

215 Floyd St., #3, Modesto, CA (1991-1992);

Modesto, CA (1992-2003);

3913 Gatesville St., Modesto, CA (2000-2003);

3208 Neptune Way, Modesto, CA (2003-Present).

**INTERROGATORY NO. 8**:

Please state YOUR educational background and IDENTIFY all institutions attended, including any apprenticeship courses, formal on-the-job training, and safety classes YOU have taken, the date graduated from each institution, YOUR major course of study, and any special scholastic honors or degrees received.

**RESPONSE TO STANDARD INTERROGATORY NO. 8.**

Attended Ventura Senior High School until 1960 .

**INTERROGATORY NO. 9**:

Have YOU ever been convicted of a felony? If so, please state fully and in detail the date, place, and nature of each such felony conviction.

**RESPONSE TO STANDARD INTERROGATORY NO. 9**:

Plaintiff objects to this interrogatory as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff has been convicted of a felony (assault, July 1966, Los Angeles County).

**INTERROGATORY NO. 10**:

Have YOU ever been a member of the Armed Forces? If YOU have, please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU

served; and, YOUR duties at each place. If YOU have not ever been a member of the Armed Forces for health reasons, please state those reasons.

**RESPONSE TO STANDARD INTERROGATORY NO. 10.**

Yes.  Plaintiff served in the U.S. Army from 1960 until 1962.  His service number is RA ████81. Plaintiff was a private, and served at the Fort Still, Oklahoma (1960-1961); Fort Dix, New Jersey (1961); Germany (1961-1962); Fort Hamilton, New York (1962).

**INTERROGATORY NO. 11**:

For every doctor who has ever treated or examined YOU during the last ten (10) years for any condition, and beyond ten (10) years for conditions related to the lungs, respiratory system, internal organs, circulatory system and/or musculo-skeletal system of the trunk, and any additional complaints or conditions stated in Response to Interrogatory NO. 17, please complete the following:  (If more space is needed, please attach additional sheets containing the requested information.)

**RESPONSE TO STANDARD INTERROGATORY NO.  11:**

**Doctor's Name and Address**:  Dr. Paul Golden; 1401 Spanos Ct., Suite 109, Modesto, CA 95355; 1330 Nelson Ave, Suite C; Modesto, CA 95350.

**Dates of Treatment**:  Various.

**Reason for Treatment**: Family doctor.  Please see Plaintiff's medical records for further information.

**Doctor's Name and Address**:  Dr. Diaz Gervacio; 2013 Coffee Road, Modesto, CA 95355.

**Dates of Treatment**:  Various.

**Reason for Treatment**: Family doctor.  Please see Plaintiff's medical records for further information.

**Doctor's Name and Address**:  Dr. Yan Meng; Sutter Gould Medical Foundation, 600 Coffee Road, Modesto, CA 95355.

**Dates of Treatment**:  Various.

**Reason for Treatment**: Pulmonologist.  Please see Plaintiff's medical records for further information.

**Doctor's Name and Address**:  Dr.Mojab Abdol; California Cancer Care Group, 1325 Melrose Ave., Modesto, CA 95350.

**Dates of Treatment**:  Various.

**Reason for Treatment**: Oncologist.  Please see Plaintiff's medical records for further information.

## INTERROGATORY NO. 12

For every hospital in which YOU have ever been treated, tested, or examined, whether as an "in-patient" or as an "out-patient", during the last ten (10) years for any condition, and beyond ten (10) years for conditions related to the lungs, respiratory system, internal organs, circulatory system, and/or musculo-skeletal system of the trunk, and additional complaints or conditions stated in Response to Interrogatory No. 11, please complete the following:  (If more space is needed, please attach additional sheets containing the requested information.)

## RESPONSE TO STANDARD INTERROGATORY NO. 12:

**(a) Name and Address of Hospital:** Doctor's Hospital, 1441 Florida, Modesto, CA 93350

**(b) Dates of Test/Treatment/Examination or Hospitalization:** 2011-Present

**(c) Reason for hospital visit:** Diagnosis of Lung Cancer

**(a) Name and Address of Hospital:** Modesto Radiological Imaging Center, 1524 McHenry Ave #100, Modesto, CA 95350

**(b) Dates of Test/Treatment/Examination or Hospitalization:** 2012-Present

**(c) Reason for hospital visit:** Diagnosis, treatment, imaging

For further response, please see Plaintiff's medical records.

**INTERROGATORY NO. 13**:

For every X-ray of the "trunk" that has ever been taken of YOU, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

**RESPONSE TO STANDARD INTERROGATORY NO. 13:**

Information responsive to this request will be contained in the medical records from Doctor's Medical Center and Modesto Radiological Imaging Center, which will be posted on File&Serve Xpress.

**INTERROGATORY NO. 14**:

For every pulmonary function test that YOU have undergone, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

**RESPONSE TO STANDARD INTERROGATORY NO. 14:**

Any record of a pulmonary function test undergone by Plaintiff will be contained in Plaintiff's medical records, which will be served via File&Serve Xpress.

**INTERROGATORY NO. 15:**

Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last ten (10) years, specifying the purpose of use.

**RESPONSE TO STANDARD INTERROGATORY NO. 15:**

Information responsive to this request will be contained in the medical records from Doctor's Medical Center and Modesto Radiological Imaging Center, which will be posted on File&Serve Xpress.

**INTERROGATORY NO. 16:**

Do YOU or YOUR attorney have any medical reports from any persons, hospitals, doctors, medical practitioner or institutions that have ever treated or examined YOU at any time?

If so, please attach copies of YOUR reports to these interrogatories. If YOU will not voluntarily attach copies of reports to the answers of these interrogatories, then please state fully and in detail:

(a) The identity of the report, or reports, by date, subject matter, name, address, job title or capacity of the persons to whom it is addressed or directed, and the job title or capacity of the persons or persons who prepared the same;

(b) The name, address, and present whereabouts of the person who has present custody or control thereof and the purpose of said preparation.

**RESPONSE TO STANDARD INTERROGATORY NO. 16:**

(a) Whole Body Positron Emission Computed Tomography (PET-CT); January 3, 2012; Michael R. Klieger, M.D., NeuroRadiologist; Modesto Radiologic Imaging Center; 1524 McHenry Ave, #100, Modesto, CA 95350;

(b) Authorizations for obtaining these records are in the possession of defense coordinating counsel, Berry & Berry.

(a) Pathology; January 17, 2012; R. Purvis Jr., M.D., S. Cui, M.D., directors of Pathology; Doctors Medical Center of Modesto, 1441 Florida Ave, Modesto, CA 95350.

(b) Authorizations for obtaining these records are in the possession of defense coordinating counsel, Berry & Berry.

**INTERROGATORY NO. 17:**

For each and every complaint, symptom, adverse reaction, or other injury which YOU contend is directly or indirectly related to YOUR alleged exposure to asbestos or asbestos-containing products, please state: (If more space is needed, please attach additional sheets containing the requested information.)

(a) The date on which YOU first began exhibiting signs of the complaint, symptom, adverse reaction, or injury;

(b) The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

(c) Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction, or injury;

(d) Each part of YOUR body which YOU contend has been affected;

(e) State the date upon which each complaint, symptom, adverse reaction, or injury was reported to a doctor or physician;

(f) State the name, address, and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

(g) Whether YOU have lost any time from work as a result of YOUR asbestos-related injury or medical condition; and

(h) If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work.

**RESPONSE TO STANDARD INTERROGATORY NO. 17:**

(a) Plaintiff began exhibiting signs and symptoms of his lung cancer in late 2011, early 2012.

(b) Not applicable.

(c) Plaintiff's current symptoms include general pain as well as feelings of weakness and lethargy, continuing shortness of breath, and chest pain. Plaintiff's medical treatments, medications and increasing pain levels have affected his ability to engage in his usual activities of daily living activities in the same manner as before the onset of symptoms and complications of his lung cancer. Further, his relationships with family and friends have been adversely affected and he is limited in enjoying his favorite recreational activities.

In addition to the physical changes he has experienced, Plaintiff has also experienced changes in his mental state. Plaintiff has experienced many of the recognized emotional stressors associated with dealing with cancer including but not limited to: fear, anger, and apprehension over his future; anxiety over his diminished and dwindling ability to care for himself and the stress of adjusting to being dependent upon others for his daily needs.

(d) General pain throughout Plaintiff's entire body; see response to the previous subpart;

(e) Plaintiff was diagnosed with lung cancer on or around January 19, 2012;

(f) Please see responses to Interrogatories Nos. 11, 12, and 16;

(g) Plaintiff stopped working in 2009 but has not been able to return to any form of work since his diagnosis;

(h) Not applicable.

**INTERROGATORY NO. 18:**

Please state when YOU were first advised that YOU were suffering from an asbestos-related disease. Please include in YOUR answer: (If more space is needed, please attach additional sheets containing the requested information.)

(a) The date and time YOU were so advised;

(b) The name, address, and telephone number of the physician and/or other person who so advised YOU;

(c) The name, address, and telephone number of the physician who made the evaluation;

(d) The method and information upon which such determination was based;

(e) The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

(f) The name, address, and telephone number of every person, including YOUR relatives, employer, or anyone acting on YOUR behalf, who was so advised. Please include the date when such persons were so advised;

(g) The name, address, and telephone number of YOUR employer(s) at the time YOUR were so advised;

(h) The specific course(s) of treatment or therapy, including any medicine prescribed, as a result of such a determination and the name, phone number, and telephone number of each prescribing physician;

(i) State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction, or injury; and

(j) Please state the name and addresses of any other physicians or practitioner subsequently affirming or making the same determination.

**RESPONSE TO STANDARD INTERROGATORY NO. 18:**

(a) Plaintiff was diagnosed with lung cancer on or around January 19, 2012;

(b) Please see responses to Interrogatories Nos. 11, 12, and 16;

(c) Please see responses to Interrogatories Nos. 11, 12, and 16;

(d) Please see responses to Interrogatories Nos. 11, 12, and 16;

(e) Please see responses to Interrogatories Nos. 11, 12, and 16;

(f) Plaintiff as advised of his diagnosis on or around January 19, 2012;

(g) Not applicable;

(h) Please see responses to Interrogatories Nos. 11, 12, and 16;

(i) Yes;

(j) Please see responses to Interrogatories Nos. 11, 12, and 16.

**INTERROGATORY NO. 19:**

Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions, or injuries may have been caused by factors other than exposure to asbestos or asbestos-containing products? If so, please state:

(a) The other factors or reasons involved;

(b) The names, addresses, and telephone numbers of the physicians believing or suspecting such other factors or reasons to be involved;

(c) The dates that said physicians told YOU that they believed or suspected that other factors or reasons might be involved; and

(d) The reason that said factors or reasons were excluded as possible sources of causes of the symptoms.

**RESPONSE TO STANDARD INTERROGATORY NO. 19:**

Please see Plaintiff's medical records.

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 13

**INTERROGATORY NO. 20:**

Please list all respiratory complaints and/or symptoms which YOU have suffered during YOUR lifetime, and list the inclusive dates for each such complaint.

**RESPONSE TO STANDARD INTERROGATORY NO. 20:**

Plaintiff sought treatment for asbestosis during the 1990s.

**INTERROGATORY NO. 21:**

Have YOU ever had any biopsies or tissue samples taken? If YOUR answer is in the affirmative, please state for each such procedure:

(a) The name of the doctor performing such procedure;

(b) The address where such procedure was performed;

(c) The date which such procedure was performed; and

(d) The results, conclusions, and/or diagnosis from such procedure.

**RESPONSE TO STANDARD INTERROGATORY NO. 21:**

Yes. Please see responses to Interrogatories Nos. 11, 12, and 16 and the attached medical records.

**INTERROGATORY NO. 22:**

Do YOU know of any pathology slides that were made from any of YOUR tissue samples at any time? If YOUR answer is in the affirmative, for each set of slides made please state: (If more than one, please attach list.)

(a) The name of the hospital;

(b) The name of the doctor;

(c) The current location;

(d) The date said slides were made.

**RESPONSE TO STANDARD INTERROGATORY NO. 22:**

Please see responses to Interrogatories Nos. 11, 12, and 16 and the attached medical records.

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 14

**INTERROGATORY NO. 23:**

Please IDENTIFY: (If more space is needed, please attach additional sheets containing the requested information.)

(a) Each doctor who has treated or examined YOU, except consultants, for asbestos-related disease, or who has reviewed any of YOUR medical records, films, tissue samples, or anything else concerning YOUR medical condition for the purpose of forming any medical opinion;

(b) YOUR medical records, film, tissue samples, documents, and other materials relating to YOUR medical condition; and

(c) Each diagnosis of asbestos-related disease.

**RESPONSE TO STANDARD INTERROGATORY NO. 23:**

Please see responses to Interrogatories Nos. 11, 12, and 16 and the attached medical records.

**INTERROGATORY NO. 24:**

Have YOU sustained any injury, separate and apart from YOUR injuries or condition giving rise to this lawsuit, since the date YOUR complaint was filed? If "yes" please state:

(a) The nature of every such injury;

(b) The time, place, and location of any such injury;

(c) The name and address of any physician treating YOU for any such injury; and

(d) Whether YOU contend that YOUR injury or condition giving rise to this lawsuit was aggravated by any such sub-sequent injury, and if so, the facts upon which YOU base this contention.

**RESPONSE TO STANDARD INTERROGATORY NO. 24:**

Plaintiff was diagnosed with asbestosis during the 1990s.

**INTERROGATORY NO. 25:**

Have you ever smoked tobacco products of any type?

**RESPONSE TO STANDARD INTERROGATORY NO. 25:**

Yes.

**INTERROGATORY NO. 26:**

If YOUR response to the above interrogatory is "yes", please state fully and in detail:

(a) The dates and time periods during which YOU have smoked;

(b) The type of tobacco products YOU smoke, or have smoked. Please state whether YOU inhaled the smoke or not;

(c) The daily frequency with which YOU smoke or have smoked;

(d) For any time period during which YOU ceased smoking tobacco products, please state YOUR reasons for stopping;

(e) For any time period that YOU commenced smoking tobacco products after a period of having stopped smoking, please state YOUR reasons for beginning again;

(f) If YOU have ever smoked cigarettes, please state the average number of packs per day YOU smoked; and

(g) Please state the commercial brand name(s) of any tobacco products that YOU have used.

**RESPONSE TO STANDARD INTERROGATORY NO. 26:**

(a)     Plaintiff began smoking when he was approximately 11 years old until 2012;

(b)     Cigarettes;

(c)     Daily;

(d)     Plaintiff stopped smoking to better his health;

(e)     Not applicable;

(f)     A pack daily;

(g)     Marlboros, Lucky Strikes, Camels, Kent, Kool.

**INTERROGATORY NO. 27:**

Have YOU ever been advised by a physician to stop smoking? If so, give the date and the name and address of each physician who gave any such advice. Please state whether YOU followed such advice; if so, for how long did YOU follow such advice? If YOU did not follow such advice, state why YOU did not do so.

**RESPONSE TO STANDARD INTERROGATORY NO. 27:**

Yes. 2012, and Plaintiff quit permanently.

**INTERROGATORY NO. 28:**

Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week.

**RESPONSE TO STANDARD INTERROGATORY NO. 28:**

Plaintiff is a social consumer of beverages. Plaintiff does not consumer alcohol regularly.

**INTERROGATORY NO. 29:**

For every type of employment that YOU have ever had, whether self-employed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

Employers' Name and Address; Job Title, Date Started and Date Ended, Description of Job Duties; Do you claim exposure to asbestos at each place of employment?

**RESPONSE TO STANDARD INTERROGATORY NO. 29:**

(a) Employer Name/Address: Hancock Gas Station, Oak View, CA

(b) Job Title:          Attendant

(c) Date Started:       1954

(d) Date Ended:         1958 (intermittently)

(e) Job Duties:         Pumped gas/washed windshields

(f) Exposure to asbestos?:     No

(a) Employer Name/Address: Union 76, Monecito, CA

(b) Job Title:          Attendant

(c) Date Started:       1959

(d) Date Ended:         1959

(e) Job Duties:          Oil changes, lube changes

(f) Exposure to asbestos?:  Yes

Case 3:14-cv-00379-RBL Document 11-5 Filed 01/29/14 Page 35 of 84

(a) Employer Name/Address:  Chicken Ranch, Oak View, CA

(b) Job Title:          Laborer

(c) Date Started:       1960

(d) Date Ended:         1960

(e) Job Duties:          Fed chickens, collected eggs, cared for animals

(f) Exposure to asbestos?: No


(a) Employer Name/Address:  United States Army; Fort Ord (boot camp); Fort Sill; Kelly Base, Stuttgart, Germany;

(b) Job Title:          Flash Ranger

(c) Date Started:       1960

(d) Date Ended:         1962

(e) Job Duties:         Flash Ranger

(f) Exposure to asbestos?:      Investigation and discovery continues


(a) Employer Name/Address:  Talley Corporation, Newbury Park, California

(b) Job Title:   Aerospace Contracting/Plater

(c) Date Started:       1962

(d) Date Ended:         1963

(e) Job Duties:          Metal plating for hydraulics, landing gear, chrome and nickel plated equipment

(f) Exposure to asbestos?:      Investigation and discovery continues


(a) Employer Name/Address:  Transformer Manufacturing Plant, El Segundo, CA

(b) Job Title:          Laborer

(c) Date Started:        1963

(d) Date Ended:          1966

(e) Job Duties:          Worked on line manufacturing transformers

(f) Exposure to asbestos?: Investigation and discovery continues


(a) Employer Name/Address:  Veeter-Root, Burbank, CA

(b) Job Title:          Laborer

(c) Date Started:          1966

(d) Date Ended:          1966

(e) Job Duties:          Production line for manufacturing gasoline station pumps

(f) Exposure to asbestos?:      Investigation and discovery continues


(a) Employer Name/Address:  Was not in the workforce

(b) Job Title:   n/a

(c) Date Started:          1966

(d) Date Ended:          1969

(e) Job Duties:          n/a

(f) Exposure to asbestos?:      n/a


(a) Employer Name/Address:  Joe Jones Roofing, Seattle, WA

(b) Job Title:          Roofer

(c) Date Started:          1969

(d) Date Ended:          1969

(e) Job Duties:          Installation, removal, repair, renovation for residential roofing projects;
worked with shingles, removed and installed roofing materials; mostly consisted of new construction

(f) Exposure to asbestos?:      Yes


(a) Employer Name/Address:  Weyerhaeuser Corp.

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 19

(b) Job Title:   Laborer

(c) Date Started:      1969

(d) Date Ended:       1975

(e) Job Duties:         Saw operator

(f) Exposure to asbestos?: No.

///

///

///

(a) Employer Name/Address:  Self-Employed Real Estate Sales, Everett, WA (Capri and American Properties)

(b) Job Title:           Real Estate Agent

(c) Date Started:       1975

(d) Date Ended:         1977

(e) Job Duties:          Sale of homes

(f) Exposure to asbestos?:      No

(a) Employer Name/Address:  General Business Machine

(b) Job Title:           Salesman

(c) Date Started:       1977

(d) Date Ended:         1977

(e) Job Duties:            Sale of copy machines, calculators, dictation machines

(f) Exposure to asbestos?:      No

(a) Employer Name/Address:   Todd Shipyard, Harbor Island, Seattle, WA

(b) Job Title:   Pipefitter/welder

(c) Date Started:       1977-1979; 1980-1989; 1993-1994

(d) Date Ended:        see above

(e) Job Duties: Pipefitter, welder, worked with valves, pumps, piping, boilers, gaskets, packing, insulation, turbines, electrical equipment, phoenalics, grinding wheels, decking material, and scaffolding;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address:  Free-Drop Top, Simi Valley, CA

(b) Job Title:    Maintenance worker

(c) Date Started:        1979

(d) Date Ended:        1980

(e) Job Duties:        Plant maintenance worker; general repairs; welding; electrical work; installation of heavy machinery; maintenance of heavy machinery;

(f) Exposure to asbestos?:     Yes


(a) Employer Name/Address:        Lockheed Shipbuilding, Seattle, WA

(b) Job Title:   Pipefitter/welder

(c) Date Started:        1984

(d) Date Ended:        1986

(e) Job Duties:        Pipefitter, welder, worked with valves, pumps, piping, boilers, gaskets, packing, insulation, turbines, electrical equipment, phoenalics, grinding wheels, decking material, and scaffolding;

(f) Exposure to asbestos?:     Yes


(a) Employer Name/Address:  Dillingham Corporation, Swan Island, Portland, OR

(b) Job Title:    Pipefitter

(c) Date Started: 1986

(d) Date Ended:  1986

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?:      Yes


(a) Employer Name/Address: Wright Schutgart & Harbor (Fletcher General Incorporated), West Seattle, WA

(b) Job Title:     Pipefitter

(c) Date Started: 1987

(d) Date Ended: 1987

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address: Colberg Incorporated, Stockton, CA

(b) Job Title:     Pipefitter

(c) Date Started: 1988

(d) Date Ended: 1989

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address: JE Merit Constructors, Cogen Plant, Stockton, CA

(b) Job Title:     Pipefitter

(c) Date Started: 1989

(d) Date Ended: 1989

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

(a) Employer Name/Address:  DCR Engineers

(b) Job Title:    Pipefitter

(c) Date Started: 1990

(d) Date Ended: 1991

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

(a) Employer Name/Address:  KCI Contractors, in and around Sacramento, CA

(b) Job Title:    Pipefitter

(c) Date Started: 1990

(d) Date Ended: 1991

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

(a) Employer Name/Address:  Dennis Lawson, Eagle Mechanical, Kelseyville, CA

(b) Job Title:    Pipefitter

(c) Date Started: 1990

(d) Date Ended: 1990

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

(a) Employer Name/Address:  Jackrabbit Services, Ripon, CA

(b) Job Title:    Hydraulic Technician

(c) Date Started: 1990

(d) Date Ended: 1990

(e) Job Duties:  Repaired chipping machines

(f) Exposure to asbestos?: Investigation and discovery continues


(a) Employer Name/Address:  Process Construction Incorporated, Madera, CA

(b) Job Title:    Pipefitter

(c) Date Started: 1990

(d) Date Ended: 1990

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address:  Hawaiian Pacific, Boeing Facility, Wichita, KS

(b) Job Title:    Pipefitter

(c) Date Started: 1991

(d) Date Ended: 1991

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address:  Solecon Plumbing and Piping Incorporated, Modesto, CA

(b) Job Title:    Pipefitter

(c) Date Started: 1991

(d) Date Ended: 1992

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 24

(a) Employer Name/Address:  Cory Delta, Benicia, CA

(b) Job Title:    Pipefitter, welder

(c) Date Started: 1992

(d) Date Ended: 1994

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

(a) Employer Name/Address:  Johnson Plumbing, Stanislaus Foods, Beatrice Foods, Modesto, CA

(b) Job Title:    Pipefitter

(c) Date Started: 1993

(d) Date Ended: 1994

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address:  Goebel Paving Grading & Underground, Bay Area (San Francisco, Oakland), CA

(b) Job Title:    Pipefitter; socket welder

(c) Date Started: 1994

(d) Date Ended: 1994

(e) Job Duties:  Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes


(a) Employer Name/Address:  Swinerton Walberg & Baugh Industrial, Sacramento, CA

(b) Job Title:   Pipefitter, mechanic

(c) Date Started: 1994

(d) Date Ended: 1999

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Yes

///

///

(a) Employer Name/Address:  Hyundai Microchip Plant, Modesto, CA

(b) Job Title:   Laborer

(c) Date Started: 1997

(d) Date Ended: 1998

(e) Job Duties:  Installed equipment used to create microchips

(f) Exposure to asbestos?: Investigation and discovery continues

(a) Employer Name/Address:  Fullman, Intel, Aloha Campus, Portland, OR

(b) Job Title:   Laborer

(c) Date Started: 1997

(d) Date Ended: 1998

(e) Job Duties:  Installed equipment used to create microchips

(f) Exposure to asbestos?: Investigation and discovery continues

(a) Employer Name/Address:  Babcock & Wilcox, Tosca Refinery, Martinez, CA

(b) Job Title:    Pipefitter, mechanic

(c) Date Started: 1999

(d) Date Ended: 1999

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Investigation and discovery continues

(a) Employer Name/Address:  DECCO, Del Monte Foods, Modesto, CA

(b) Job Title:   Pipefitter

(c) Date Started: February 2000

(d) Date Ended: June 2000

(e) Job Duties: Pipefitter; installed, removed, maintained, repaired pipe, flanges, pumps, valves, gaskets, packing, associated insulation;

(f) Exposure to asbestos?: Investigation and discovery continues

At the time Plaintiff was working with these products and/or equipment, Plaintiff does not recall or believe there were any warnings, written instructions or recommendations, regarding the hazards of asbestos, on these products and equipment.  As a result, Plaintiff was unaware of his need for any type of safety devices to specifically reduce his possible exposure to, or inhalation of, asbestos.

**INTERROGATORY NO. 30:**

For each employment in which YOU claim YOU were exposed to asbestos, please list: (If more space is needed, please attach additional sheets containing the requested information.)

(a) The date of YOUR claimed exposure to asbestos;

(b) The manner and duration of exposure;

(c) Whether YOUR duties included the installation of asbestos-containing materials;

(d) Whether your duties included the tearing out or removal of asbestos-containing materials;

(e) The type of asbestos-containing materials to which YOU were exposed;

(f) The location of each job site, including the name of each plant, state, and city where located, along with the beginning and ending date of each job;

(g) If YOU have at any time worked in a shipyard, please IDENTIFY the names of all ships upon which YOU worked;

(h) For each such job identified in response to subpart (f) and/or (g), please state the name and last known address of YOUR immediate supervisor or job superintendent on such job;

(i) For each such job identified in response to subparts (f) and/or (g), please state:

    (1) The names and last known addresses of all persons     with whom YOU worked regularly on such job;

    (2) The job site where YOU worked with each person;

    (3) The inclusive dates during which YOU worked with each person.

(j) Any other persons YOU are aware of that have any information regarding the supply, use, or distribution of products containing asbestos to which YOU may have been exposed. For each such person, please state:

    (1) The person's name;

    (2) The person's place of employment;

    (3) The inclusive dates of said employment; and

    (4) The current address and phone number of the person.

**RESPONSE TO STANDARD INTERROGATORY NO. 30:**

(a)     Plaintiff was exposed to asbestos beginning in 1962 and continuing through the 1990s through his work as a pipefitter and welder at various shipyards and industrial sites.

(b)     Through his work as a pipefitter at these various industrial sites and shipyards listed above Plaintiff was exposed to asbestos on a daily basis on average five (5) days a week if not more. On a typical day plaintiff would be tasked with removing and replacing asbestos-containing gaskets, packing, and insulation directly associated with the pipes, boilers, turbines, forced draft blowers, and other heavy machinery plaintiff was tasked with maintaining, repairing, and working on. The majority of plaintiff's duties as a pipefitter and welder involved removing insulation from pipes, scrape out and remove and replace old asbestos-containing gaskets (which was a dusty process) – the scraping of which took place with a scraper or a grinder, or the scraping or picking out of old packing material

(also a dusty process), or accessing and removing internal insulation in the heavy machinery that he was repairing or maintaining. Plaintiff was also exposed to insulation inside boilers and the gaskets on boiler doors;

(c)    Yes; plaintiff installed, removed, and replaced asbestos containing gaskets, packing, refractory bricks, and internal insulation on heavy machinery;

(d)    Plaintiff occasionally had to remove or disturb asbestos-insulation associated with and supplied by the original equipment manufacturer of the heavy machinery on which he was performing his pipe-fitting duties;

(e)    Gaskets, packing, refractory bricks, internal insulation, decking materials, building materials and other; for further response please see Exhibit "C" to Plaintiff's complaint for a full list of those asbestos-containing materials to which plaintiff was exposed;

(f)    Please see Plaintiffs' response to the previous interrogatory;

(g)    Plaintiff has worked on several ships, several of which he cannot recall at this time; however, at this time Plaintiff can recall the following ships:

       1.    USS Thomaston (1977-1979)

       2.    Polar Star (1977-1979)

       3.    Polar Sea (1977-1979)

       4.    President Line Ships (1977-1979)

       5.    President Adams

       6.    President Jefferson

       7.    President Madison

       8.    President Wilson

       9.    President Taylor

       10.    President Cleveland

       11.    Sea-Land Ships

       12.    Alaskan State Ferry

       13.    Washington State Ferry

14.     The Stark

15.     The Elliott

16.     Exxon-Long Beach

17.     Chevron Standard

(h)     Please see Plaintiffs' responses to Interrogatories 36, 37, and 38 for information regarding Plaintiffs' co-workers and supervisors at these sites; Plaintiff is unaware of any other contact information related to these individuals at this time;

(i)     Please see Plaintiffs' responses to Interrogatories 36, 37, and 38 for information regarding Plaintiffs' co-workers and supervisors at these sites; Plaintiff is unaware of any other contact information related to these individuals at this time;

(j)     Please see Plaintiffs' responses to Interrogatories 36, 37, and 38 for information regarding Plaintiffs' co-workers and supervisors at these sites; Plaintiff is unaware of any other contact information related to these individuals at this time.

For further response, Please see Plaintiff's response to Interrogatory No. 29 and Work History Sheet attached as Exhibit A.  Discovery is continuing, and Plaintiff reserves the right to amend and/or supplement this response at any time.

**INTERROGATORY NO. 31:**

Were YOU ever exposed to asbestos products outside of YOUR work environment? If so, please state:

(a) Date and place of such exposure;

(b) The circumstances surrounding each exposure; and

(c) The manner and duration of exposure.

**RESPONSE TO STANDARD INTERROGATORY NO. 31:**

Plaintiff CHARLES LOCKETT performed personal automotive work on his own cars, friends' cars, and family members' cars between the 1950s and 1990s.  Plaintiff performed this work in his

driveway or garages of his homes. Plaintiff would replace brakes on four wheels at a time and would replace clutches and any number of gaskets. The amount of time Plaintiff performed any one of these repair or replacement jobs varied from one hour to several hours. This work included removing and replacing various asbestos-containing products, including but not limited to asbestos-containing brakes and brake linings manufactured, designed, supplied, sold, or distributed by BORGWANER MORSE TEC, FABCO AUTOMOTIVE CORPORATION, FORD MOTOR COMPANY, GENUINE PARTS COMPANY, THE BENDIX CORPORATION, MAREMONT CORPORATION, NMBFIL, INC., PEP BOYS MANNY MOE & JACK OF CALIFORNIA, AND PNUEMO ABEX CORPORATION. Plaintiff owned and worked on vehicles that he owned including, but not limited to: 1941 Ford Vehicle, multiple 1964 model Fords, a 1968 Ford Tourino, a 1971 Ford Ranchero, a Ford pickup truck, and a Chevrolet model pickup truck. Of the Ford vehicles that Plaintiff owned, these were used vehicles but were all only 1-3 years old. Plaintiff recalls that these vehicles had original manufacturer parts when Plaintiff removed the brakes, clutches, and gaskets from these vehicles.

These cars were purchased either new or only two-three years old and contained the original manufacturer component parts including the brakes, clutches, and gaskets. When Plaintiff replaced any brakes clutches or gaskets on these vehicles Plaintiff used original manufacturer replacement parts or parts purchased from Pep Boys stores or Genuine Parts stores that included BorgWarner brand clutches, Bendix brakes, Fabco brake, clutch, friction, or axle parts, Maremont, Grizzly, and Leland brakes, Bondo sealer, and Pneumo Abex, Rayloc, Velvet Touch, and American Eagle brakes.

Plaintiff's work required him to fabricate, install, abrade, remove, clean up, handle, or otherwise disturb the above-mentioned asbestos-containing products. Plaintiff's work with and around Defendant's asbestos-containing products resulted in the release of respirable asbestos fibers, which Plaintiff inhaled. This exposure to asbestos resulted in Plaintiff developing asbestos-related diseases, including but not limited to asbestosis and lung cancer.

Plaintiff CHARLES LOCKETT worked intermittently in the construction industry from the late 1960s through the 1970s. Plaintiff's work involved remodeling residential homes on the weekend with his brother-in-law. As a construction worker Plaintiff worked with or around various asbestos-

containing products and products designed to be used with asbestos-containing products, including but not limited to joint compound, wall board, and tape. Plaintiff's work in construction required him to fabricate, install, apply, abrade, remove, clean up, handle, or otherwise disturb the above-mentioned asbestos-containing products. In addition plaintiff was in the vicinity of others while they performed such work on asbestos-containing products. Plaintiff's work with and around Defendant's asbestos-containing products resulted in the release of respirable asbestos fibers, which Plaintiff inhaled. This exposure to asbestos resulted in Plaintiff developing asbestos-related diseases, including but not limited to asbestosis and lung cancer.

**INTERROGATORY NO. 32:**

For each type of asbestos material and/or asbestos-containing product for which YOU claim exposure, please state:

(a) The employer, job site, and dates where contact with each such asbestos material or product occurred;

(b) The name of the manufacturer of that asbestos material or product;

(c) The trade name of that material or product;

(d) Any name used by yourself for other workers in referring to that material or product, such as a nickname or slang term for that material or product.

(e) A description of the box, container, or wrapping that contained that product, including size, color, and all writing on that box, including size and color of writing; and

(f) A description of any labels, tags, or warnings on the box, container, or wrapping advising of possible health hazards or advising of methods of use or precautions to be taken.

**RESPONSE TO STANDARD INTERROGATORY NO. 32:**

Please see Plaintiff's response to Interrogatory No. 29 and Work History Sheet attached as Exhibit A. Discovery is continuing, and Plaintiff reserves the right to amend and/or supplement this response at any time.

///

**INTERROGATORY NO. 33:**

At any location where YOU claim exposure to asbestos, were any cartons, containers, or wrappings bearing the name, the trade name, or any other identification of any of the defendants in this lawsuit? If so, please state separately for each defendant:

(a) Each location, the inclusive dates, and the frequency that these cartons, containers, or wrappings were present;

(b) The identity of each person who can testify that such cartons, containers, or wrappings were present;

(c) The identity of each document that indicates that such cartons, containers, or wrappings were present;

(d) All evidence known to YOU that these cartons, containers, or wrappings contained asbestos material and/or asbestos-containing products; and

(e) The type of asbestos material and/or asbestos-containing products which were contained in each carton, container, or wrapping.

**RESPONSE TO STANDARD INTERROGATORY NO. 33:**

Plaintiff can recall seeing cartons, containers, or wrappings bearing the name, the trade name, or any other identification of any of the defendants in this lawsuit at all of the locations at which Plaintiffs are claiming exposure to asbestos. However, Plaintiff cannot recall each and every instance during which he viewed these articles or the identity of any persons, other than those co-workers and supervisors listed below, that could testify to Plaintiff's knowledge of viewing these articles. Plaintiff is aware of no other documents other than Plaintiffs' complaint and responses to standard and special discovery. For further response, please see Plaintiff's response to Interrogatory No. 29 and Work History Sheet attached as Exhibit A. Discovery is continuing, and Plaintiff reserves the right to amend and/or supplement this response at any time.

**INTERROGATORY NO. 34:**

If YOU have ever been exposed to asbestos products manufactured by companies not named as defendants in this lawsuit, please state:

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 33

(a) The identity of the manufacturer of said product;

(b) The date and place of each such exposure;

(c) The circumstances surrounding each such exposure (i.e., whether YOU were working with the product or merely near an area where it was being used);

(d) The nature of the product; and

(e) As to any such exposure in a work situation, the identity of YOUR employer, as well as the address of the particular job site at which YOU were so exposed.

**RESPONSE TO STANDARD INTERROGATORY NO. 34:**

Asbestos-related clinical diseases are total dose-response diseases and, given sufficient minimum latency, all occupational exposures, because they contribute to any worker's total aggregate dose, are substantial factors in bringing about the response of asbestos-related clinical disease. *Cadlo v Metalclad Insulation Corporation* (2007) 151 Cal.App.4th 1311; (See Laura S. Welch, MD, Asbestos Exposure Causes Mesothelioma, But Not This Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court, INT J OCCUP ENVIRON HEALTH, 2007; Vol 13:318-327). Given plaintiff's understanding as to the nature of the request to admit, and not beyond, and to the extent that plaintiff is able to present evidence of all demonstrably more likely than not likely occupational exposures, including those reasonably assessed retrospectively by an industrial hygienist experienced in asbestos products, plaintiff admits those exposures contribute to the total aggregate dose and therefore contribute to the production of clinical disease. *Rutherford v. Owens-Corning, Inc.* (1997) 16 Cal.4th 953; *Cadlo v Metalclad Insulation Corporation* (2007) 151 Cal.App.4th 1311. Plaintiffs reserve, and in hereby responding do not rely upon or incorporate, information subject to all privileges, including but not limited to attorney-work product and attorney client privileges, and objections, including but not limited to relevancy at trial and burden. Plaintiffs reserve the right to supplement and amend this response. Pursuant to C.C.P. § 2030.220, after a reasonable and good faith inquiry to persons and organizations, Plaintiffs have no further information responsive to this Request at this time. Pursuant to C.C.P. § 2030.310(a), Plaintiffs' investigation and discovery are continuing and Plaintiffs reserve the right to supplement and/or amend this response.

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 34

**INTERROGATORY NO. 35:**

To the best of the plaintiff's own knowledge or recollection, what percentage of YOUR total alleged contact or exposure to asbestos, or materials containing asbestos, do YOU attribute to each individual or entity which YOU claim was a manufacturer or supplier of asbestos or materials containing asbestos?

(a) Please indicate the manner and factors relied upon in making each such percentage calculation;

(b) Please state the identity, capacities, and job titles of all individuals assisting YOU or otherwise involved in calculating the above percentages;

(c) Please IDENTIFY all DOCUMENTS, WRITINGS or other records, if any relied upon in calculating the percentages referred to above, and further, state the present location and the identity of the present custodian of each such document or writing; and

(d) If YOU are unable to attribute such percentages, please state all efforts YOU have made to ascertain such percentages.

**RESPONSE TO STANDARD INTERROGATORY NO. 35:**

Asbestos-related clinical diseases are total dose-response diseases and, given sufficient minimum latency, all occupational exposures, because they contribute to any worker's total aggregate dose, are substantial factors in bringing about the response of asbestos-related clinical disease. *Cadlo v Metalclad Insulation Corporation* (2007) 151 Cal.App.4th 1311; (See Laura S. Welch, MD, Asbestos Exposure Causes Mesothelioma, But Not This Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court, INT J OCCUP ENVIRON HEALTH, 2007; Vol 13:318-327). Given plaintiff's understanding as to the nature of the request to admit, and not beyond, and to the extent that plaintiff is able to present evidence of all demonstrably more likely than not likely occupational exposures, including those reasonably assessed retrospectively by an industrial hygienist experienced in asbestos products, plaintiff admits those exposures contribute to the total aggregate dose and therefore contribute to the production of clinical disease. *Rutherford v. Owens-Corning, Inc.* (1997) 16 Cal.4th 953; *Cadlo v Metalclad Insulation Corporation* (2007) 151 Cal.App.4th 1311. Plaintiffs reserve, and

in hereby responding do not rely upon or incorporate, information subject to all privileges, including but not limited to attorney-work product and attorney client privileges, and objections, including but not limited to relevancy at trial and burden. Plaintiffs reserve the right to supplement and amend this response. Pursuant to C.C.P. § 2030.220, after a reasonable and good faith inquiry to persons and organizations, Plaintiffs have no further information responsive to this Request at this time. Pursuant to C.C.P. § 2030.310(a), Plaintiffs' investigation and discovery are continuing and Plaintiffs reserve the right to supplement and/or amend this response.

**INTERROGATORY NO. 36:**

For each person that YOU worked with during any time in which YOU claim exposure to asbestos, please state:

(a) That person's name;

(b) That person's place of employment where said asbestos exposure occurred;

(c) The inclusive dates during which YOU worked with that person;

(d) The current address of that person; and

(e) The current telephone number of that person.

**RESPONSE TO STANDARD INTERROGATORY NO. 36:**

Plaintiff can recall the following co-workers at the shipyards and industrial and power plant facilities: Charlie Glenn; James Deaureux, deceased; David Duffy, Seattle, Washington; Bob Rose; Lou Crumholtz, Stockton, California; Donnie Keesler; Kelly Stinlan, Spokane, Washington; Leon Secki; Gary Talley; Landen Carter; Mike Harris, Seattle, Washington; Donnie Kessler; Kevin Haggard, Portland, Oregon; John Comacho. Plaintiffs can make no representation as to the facts known by each of these individuals, if any.

Plaintiff can recall the following supervisors at the shipyards and industrial and power plant facilities: Ron Keys, Wenatchee, Washington; Warren Gregory, Seattle, Washington; Dick Henry, Monroe, Washington; Mike Hoar, deceased; Harry "Bill" Timpson, Seattle, Washington; Lonnie Sasslin, Seattle, Washington; Jack Biggs; Duncan Richardson, Riverbank, California; Jim Safari; Pat

1  Waylen. Plaintiffs can make no representation as to the facts known by each of these individuals, if

2  any.

3      Plaintiff cannot recall any contact information for any of these individuals at this time.

4  Investigation and discovery continues and if any information relative to the phone number or address

5  of any of these individuals becomes available, Plaintiffs will provide that information.

6

7  **INTERROGATORY NO. 37:**

8      Please IDENTIFY those individuals who worked at any location where YOU may have been

9  exposed to asbestos, whether or not their employment coincided with yours, and list:

10      (a) The person's place of employment where the asbestos exposure allegedly occurred;

11      (b) The inclusive dates of that person's employment;

12      (c) The current address of that person; and

13      (d) The current telephone number of that person.

14  **RESPONSE TO STANDARD INTERROGATORY NO. 37:**

15      Please see Plaintiff's response to the previous Interrogatory.  Discovery is continuing, and

16  Plaintiff reserves the right to amend and/or supplement this response at any time.

17

18  **INTERROGATORY NO. 38:**

19      For any person that YOU are aware of that has any information whatsoever regarding the

20  supply, use, or distribution of products containing asbestos to which YOU may have been exposed,

21  please state:

22      (a) That person's name;

23      (b) That person's place of employment;

24      (c) The dates of said employment;

25      (d) The address of said person; and

26      (e) The telephone number.

27  ///

28

**RESPONSE TO STANDARD INTERROGATORY NO. 38:**

Please see Plaintiff's response to the previous Interrogatory. Discovery is continuing, and Plaintiff reserves the right to amend and/or supplement this response at any time.

**INTERROGATORY NO. 39:**

Please IDENTIFY by date, purchaser, seller, and product each and every invoice, bill, or statement in YOUR possession, custody, or control, including any in YOUR attorneys' possession or control, which YOU contend demonstrates the sale of asbestos-containing products to any location at which YOU were employed.

**RESPONSE TO STANDARD INTERROGATORY NO. 39:**

A reasonable inquiry concerning the matter in this request has been made, and no such document requested in this interrogatory is in Plaintiffs' possession at this time.

**INTERROGATORY NO. 40:**

Did YOU at any time receive, have knowledge, or possess any advice, publication, warning, order, directive, requirement, or recommendation, whether oral or written, which purported to advise or warn YOU of the possible harmful effects of exposure to, or inhalation of, asbestos or asbestos-containing products?

If so, please state:

(a) The nature and exact wording of such advice, warning, or recommendation, etc.;

(b) The complete identity of each source of such advice, warning, or recommendation, etc.;

(c) The date, time, place, manner, and circumstances when each such advice, warning, or recommendation, etc., was given; and

(d) The name, address, telephone number, and job title of each and every witness to the reception of such advice, warning, or recommendation, etc.

**RESPONSE TO STANDARD INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to these objections and without waiving the same, upon information and belief, no. Plaintiff discovery is ongoing.

**INTERROGATORY NO. 41:**

Did anyone ever suggest or recommend that YOU should use any device to reduce YOUR possible exposure to, or inhalation of, asbestos dust or fibers? If YOUR answer is in the affirmative, please state for each and every such person:

(a) The name, address, and telephone number of such person;

(b) The date, time, and place when such suggestion or recommendation was made;

(c) The name, address, and telephone number of each person present when such suggestion or recommendation was made to or received by YOU;

(d) The exact wording and content of such suggestion or recommendation;

(e) Whether such suggestion or recommendation was written or oral; and

    (1) If written, please IDENTIFY in detail each such

       writing; and

    (2) If oral, please set forth all persons involved and

       the details as to the manner in which such

       suggestion or recommendation was presented.

(f) The type, make, and model of each device referred to in each suggestion or recommendation;

(g) The nature of any action, if any taken by YOU in response to such suggestion or recommendation; and

(h)     Describe in detail YOUR reasons for any response to such suggestion or recommendation, short of complete conformance thereto.

///

///

///

**RESPONSE TO STANDARD INTERROGATORY NO. 41:**

No. Plaintiff does not recall seeing instructions and warnings for other hazards either on the packaging of the product or in the technical manual. Plaintiff's investigation and discovery are continuing and Plaintiff reserves the right to amend his response to this interrogatory at any time.

**INTERROGATORY NO. 42:**

Have YOU ever seen any warning labels on packages or containers of asbestos products? If so, please state:

(a) The type of product;

(b) The name of the manufacturer;

(c) Where YOU saw the labels;

(d) On what occasions; and

(e) The nature of the warnings.

**RESPONSE TO STANDARD INTERROGATORY NO. 42:**

No. Plaintiff does not recall seeing instructions and warnings for other hazards either on the packaging of the product or in the technical manual. Plaintiff's investigation and discovery are continuing and Plaintiff reserves the right to amend his response to this interrogatory at any time.

**INTERROGATORY NO. 43:**

Please state whether any of YOUR employers have either required, or make available, physical examinations for their employees. If such physical examinations have either been required or made available to YOU, please state:

(a) The nature and extent of examinations;

(b) The frequency of examinations;

(c) Whether they were required or optional;

(d) Whether X-ray examination was included;

(e) The frequency, including specific dates and times with which YOU submitted to such examinations;

(f) Whether YOU received the results of any such examinations, the dates that they were given to YOU, and the nature of the results;

(g) The name, address, and telephone number of the examining physician, nurse, or technician; and

(h) YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit.

**RESPONSE TO STANDARD INTERROGATORY NO. 43:**

(a) Does not recall;

(b) Does not recall;

(c) Does not recall;

(d) Does not recall;

(e) Does not recall;

(f) Does not recall;

(g) Does not recall;

(h) Not applicable.

**INTERROGATORY NO. 44:**

Are YOU or have YOU been a member of any labor union, including, but not limited to, the Heat, Frost, Insulation, and Asbestos Workers Union? If your answer is "yes", please state for each such union membership:

(a) The name, address, and telephone number of each such international union and its number, along with the local number of each such union;

(b) The date and time periods during which YOU maintained membership in such union; and

(c) The offices YOU have held or committees on which YOU have served, including places and dates when such offices were held and such committees served; and

(d) Any health or safety work-related factors that influenced YOUR decision to withdraw from any union.

**RESPONSE TO STANDARD INTERROGATORY NO. 44:**

(a) United Association of Pipefitters & Steamfitters, Local 32;

(b) Mid 1970s – early 1980s;

(c) N/A;

(d) No.

**INTERROGATORY NO. 45:**

Did YOU ever receive any issue of "The Asbestos Worker"? If so, please IDENTIFY:

(a) The manner of receipt, i.e., subscription, provided by union or employer, purchased, etc.;

(b) Frequency of receipt, i.e., regularly, occasionally, rarely, etc.;

(c) Every person or entity which provided this publication to YOU;

(d) The publication date, issue, and volume number of each issue received by YOU in any fashion; and

(f) Whether YOU read the publication.

**RESPONSE TO STANDARD INTERROGATORY NO. 45:**

No, Plaintiff is unaware of the publication.

**INTERROGATORY NO. 46:**

Other than "The Asbestos Worker", did YOU ever receive any newspapers, newsletters, or other publications from any labor union of which YOU were a member? If so, please state:

(a) The name and type of publication received;

(b) The frequency with which YOU received such publication;

(c) Whether YOU read such publication; and

(d) If such publications ever discussed asbestos, the nature of said discussion, and the date or dates thereof.

**RESPONSE TO STANDARD INTERROGATORY NO. 46:**

(a) Does not recall the name;

(b) Monthly;

1    (c) On occasion;

2    (d) Does not recall.

3

4    **INTERROGATORY NO. 47:**

5    Have YOU ever attended any international or local union meetings, seminars, conferences, or

6    conventions which discussed (in whole or in part) occupational exposure to asbestos? If so, please

7    IDENTIFY:

8    (a) The date and place;

9    (b) YOUR reason and/or official capacity for attending;

10    (c) The information presented concerning asbestos;

11    (d) Each speaker on the said topic; and

12    (e) Any other person with whom YOU discussed the information presented.

13    **RESPONSE TO STANDARD INTERROGATORY NO. 47:**

14    No.

15

16    **INTERROGATORY NO. 48:**

17    Are YOU presently employed? If so, please state:

18    (a) The name and address of YOUR present employer;

19    (b) The name and address of YOUR immediate superior, boss, or foreman;

20    (c) YOUR job title;

21    (d) The nature of work YOU do;

22    (e) The date YOUR employment began;

23    (f) YOUR starting position if different from YOUR current position; and

24    (g) YOUR present rate of pay.

25    **RESPONSE TO STANDARD INTERROGATORY NO. 48:**

26    No.

27
///
28

**INTERROGATORY NO. 49:**

If YOUR answer to Interrogatory No. 48 is "no", please state the last date worked and the reason that YOU are not currently employed. Are YOU receiving any form of disability pension? If so, please state:

(a) From whom;

(b) The amounts received each month; and

(c) The anticipated duration of the disability pension.

**RESPONSE TO STANDARD INTERROGATORY NO. 49:**

2008, Plaintiff is retired.  Plaintiff does not receive any form of disability pension.

**INTERROGATORY NO. 50:**

State fully and in detail YOUR annual earnings for the past ten (10) years:

**RESPONSE TO STANDARD INTERROGATORY NO. 50:**

Please see Plaintiff's Social Security Records.

**INTERROGATORY NO. 51:**

State the total hospital expenses, if any, that YOU have incurred to date as a result of the injuries, complaints, etc., which YOU attribute to YOUR alleged exposure to asbestos. Please itemize each charge, if more than one hospital is involved.

**RESPONSE TO STANDARD INTERROGATORY NO. 51:**

Plaintiff's total hospital expenses are unknown at this time, are ongoing, continue to accrue and will be subject to proof at the trial of this case.  For further response, Plaintiff defers to his medical records.  The medical, imaging, and billing records presently within Plaintiff's possession will be exchanged.

///

///

///

**INTERROGATORY NO. 52:**

State the total medical expenses (other than hospitalization) which YOU have incurred, or which has been incurred on YOUR behalf, to date as a result of the injuries, complaints, etc., which YOU attribute to YOUR alleged exposure to asbestos, itemizing each such charge.

**RESPONSE TO STANDARD INTERROGATORY NO. 52:**

Plaintiff's total medical expenses are unknown at this time, are ongoing, continue to accrue and will be subject to proof at the trial of this case. For further response, Plaintiff defers to his medical records. The medical, imaging, and billing records presently within Plaintiff's possession will be exchanged.

**INTERROGATORY NO. 53:**

Has any insurance company, union, or any other person, firm, or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If so, please list such expenses, itemizing the dates incurred, the nature of such expenses, and the names and addresses of the insurance company, union, person, firm, or corporation who or which has paid, or is obligated to pay for, the payment of, or reimbursement for, said expenses.

**RESPONSE TO STANDARD INTERROGATORY NO. 53:**

Plaintiff objects to this interrogatory on the grounds that the question seeks to ascertain if some part of plaintiff's expenses were paid by collateral sources, and as such, seeks information that is inadmissible. Subject to the objection, Plaintiff states that he has medical coverage through Medicare. Plaintiff would defer to his medical records for a list of such expenses.

**INTERROGATORY NO. 54:**

As a result of YOUR alleged exposure to asbestos, have YOU lost, or do YOU claim of, any wages or earnings? If so, please state:

(a) How much time was lost from work or employment, listing the dates involved and the name and address of the employer;

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 45

1   (b) The gross amount of salary or earnings which YOU received each payday, stating the

2 intervals of such paydays (e.g., weekly, bi-monthly, monthly);

3   (c) State the gross amount of salary or earnings actually lost due to the exposure;

4   (d) Of the total sum stated in response to subpart (c) of this interrogatory, state YOUR net take-

5 home pay after deduction of taxes and all other authorized deductions;

6   (e) If self-employed, state the total time lost from business, listing the dates involved and the

7 gross financial loss to YOU, stating the nature of such loss and how incurred; and

8   (f) Of the sum stated in YOUR response to subpart (e) of this interrogatory, state YOUR net

9 loss after deduction of taxes.

10 **RESPONSE TO STANDARD INTERROGATORY NO. 54:**

11   Not applicable.

12

13 **INTERROGATORY NO. 55:**

14   Have YOU ever incurred any expense or financial loss, including property damage, other than

15 as listed above, which YOU attribute in any degree to YOUR asbestos products? If so, please state

16 such financial losses, expenses and property damage, giving the dates incurred and the amounts

17 involved and the nature of each such expense or loss.

18 **RESPONSE TO STANDARD INTERROGATORY NO. 55:**

19   In addition to medical expenses and hospital expenses, Plaintiff has incurred prescription

20 medication and travel expenses while seeking consultation/treatment with his doctors.  The total

21 amount of these expenses is unknown at the present time.  These expenses began accruing shortly after

22 Plaintiff's diagnosis of lung cancer, are ongoing, continuing to accrue and will be subject to proof at

23 trial.  For further response, Plaintiff defers to his medical records.  Plaintiff's investigation and

24 discovery are continuing and Plaintiff reserves the right to amend this response at any time.

25

26 ///

27 ///

28 ///

**INTERROGATORY NO. 56:**

Has any insurance company, union, or other person, firm or corporation paid for, or reimbursed YOU for, or become obligated to pay for, or reimburse, YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits, loss of earnings, property damage or any other item resulting from the alleged exposure to asbestos?

**RESPONSE TO STANDARD INTERROGATORY NO. 56:**

Plaintiff objects to this interrogatory on the grounds that the question seeks to ascertain if some part of plaintiff's expenses were paid by collateral sources, and as such, seeks information that is inadmissible. Subject to the objection, Plaintiff states that he has medical coverage through Medicare. Plaintiff has not received disability or other benefits, money for loss of earnings, property damage, or any other item resulting from the alleged exposure to asbestos.

**INTERROGATORY NO. 57:**

If YOUR answer to the preceding interrogatory is "yes", please state:

(a) The sum or sums of money expended, itemizing the dates incurred;

(b) The nature of the obligation giving rise to the payment or reimbursement; and

(c) The name and address of the insurance company, union, or other person, firm or corporation, who or which has paid for, or is obligated for, payment of or reimbursement for such sums of money.

Please attach copies of the documentation of this information to these interrogatories.

**RESPONSE TO STANDARD INTERROGATORY NO. 57:**

Plaintiff objects to this interrogatory on the grounds that the question seeks to ascertain if some part of plaintiff's expenses were paid by collateral sources, and as such, seeks information that is inadmissible. Subject to the objection, Plaintiff refers Defendants to his medical records for a list of such expenses.

///

**INTERROGATORY NO. 58:**

Have YOU at any time made a claim for, or received, any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payments, or veterans disability compensation. (This interrogatory is limited to <u>any</u> asbestos-related claim, or any non-asbestos-related claim in which the claims made or monies received for such claims is or was <u>in excess of $500.00</u> and/or disability/accident claims involving more than four (4) weeks off work). If so, please state: (If more than one, please attach a list.)

(a) The illness, injury, or injuries, for which YOU made the claim;

(b) The date when such injury or injuries were sustained, the place of occurrence, and the nature of the accident or incident causing such injury;

(c) The names and addresses of YOUR employer(s) at the time of each injury or illness;

(d) The names and addresses of the examining doctors for each injury or illness;

(e) The name of the board, tribunal, or superior officer before which or to whom the claim or claims were made or filed;

(f) The claim, file, or other number by which YOUR claim was identified;

(h) The present status of such claims (pending settlement, dismissal, etc.);

(i) The amounts of the benefits, awards, or payments;

(j) The dates covering the times during which YOU received the benefits, awards, or payments; and

(k) The identity of the agencies or insurance companies from whom YOU received the awards, benefits, or payments.

**RESPONSE TO STANDARD INTERROGATORY NO. 58:**

Discovery is ongoing.

**INTERROGATORY NO. 59:**

If YOU ever had an application for life, health, accident, medical, hospital, or liability insurance rejected, please state:

(a) The date of application(s);

(b) The date of rejection(s);

(c) The type of insurance for which YOU applied;

(d) The identity of the insurance company with which each application was filed; and

(e) The reason for the rejection(s).

**RESPONSE TO STANDARD INTERROGATORY NO. 59:**

To the best of Plaintiff's knowledge, Plaintiff has never been refused insurance coverage for life, health, accident, medical, hospital, or liability insurance.

**INTERROGATORY NO. 60:**

If YOU have ever been a party to an action for damages for any personal injury YOU suffered, please state:

(a) The identity of all parties to the action(s) and their attorneys;

(b) The court and place where each such action was filed and the date(s) of the filing;

(c) The nature and extent of the injuries claimed whether any permanent disability remains; and

(d) The present status of each action, and if concluded, the final result thereof, including the amount of any settlement or judgment.

**RESPONSE TO STANDARD INTERROGATORY NO. 60:**

Yes. Discovery is ongoing.

**INTERROGATORY NO. 61:**

Have YOU ever made claim for personal injury other than against this defendant, or other defendants named in this lawsuit, for the same injuries which YOU now claim are related to YOU alleged exposure to asbestos? If so, please state:

(a) The nature of such injury or injuries;

(b) The date when such injury or injuries were sustained in each instance, the place of occurrence, and the nature of the incident or accident causing this injury;

(c) The names and addresses of all persons and companies to whom said claims were made; and

(d) The present status of such claims (pending settlement, dismissal, etc.)

**RESPONSE TO STANDARD INTERROGATORY NO. 61:**

Discovery is ongoing.

**INTERROGATORY NO. 62:**

Have YOU received any payment of reimbursements, or have any payments been made on YOUR behalf, from any source as a result of YOUR alleged exposure to asbestos, including settlements with either a party or potential defendant? If so, for each payment, please state:

(a) The name of the party making such payment;

(b) The total amount of said payment;

(c) The year of payment.

**RESPONSE TO STANDARD INTERROGATORY NO. 62:**

This request is objectionable on the following grounds: The privacy of settlement negotiations is protected under California law (Cal. Evid. Code sections 1152, and 1154).  "The privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and therefore supports attendant needs for confidentiality." (*Hinshaw, Winkler, Draa, Marsh & Still v. Superior Court* (1996) 51 Cal.App. 4th 233, 239.)  This confidentiality is protected as a constitutional right to privacy.  "Article I, Section I's 'inalienable right' to privacy is a 'fundamental interest' of our society, essential to those rights … guaranteed by the First, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution … it may be abridged when but only when there is a compelling and opposing state interest." (*City of Santa Barbara v. Adamson (1980) 27 Cal. 3d 123, 130-131*.)  Since privacy rights are constitutional in nature they cannot be waived by a technical shortfall. (*Boler v. Superior Court* (Everet)(1987) 201 Cal. App.3d 457, 472.)  Plaintiffs further object that the documents and information sought hereby regarding plaintiff's settlement negotiations and communications are neither relevant, nor reasonably calculated to lead to discovery of relevant or admissible evidence,

pursuant to Evidence Code § 1152 and Code of Civil Procedure § 2017. Settlement offers and negotiations are undiscoverable under both Evidence Code § 1152 and Code of Civil Procedure § 2017. Evidence Code § 1152 precludes admission of settlement offers, and conduct or statements made in settlement negotiations, to prove liability; ergo, prior to verdict, defendants have no right of access to settlement information. (*See, generally*, Weil & Brown, *Civil Procedure Before Trial* (The Rutter Group) at ¶ 8:107, p. 8C-10, citing *Covell v. Superior Court (Drasin)* (1984) 159 Cal.App.3d 39, 43.] Exclusion of settlement offers and negotiations is grounded in the "strong public policy favoring settlement negotiations and the necessity of candor in conducting them." [*C&K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 13.] Subject to and without waiving these objections, plaintiffs respond: Offset and credit issues, if any, will be addressed if and when this information becomes relevant, i.e. post-judgment.

Plaintiffs' investigation and discovery are continuing and ongoing. Plaintiffs reserve the right to supplement and/or amend their responses to these and all other Requests.

**INTERROGATORY NO. 63:**

Please IDENTIFY, by name, address, and phone number each person known to you, or YOUR attorneys, who can IDENTIFY the manufacturer or distributor of any of the asbestos-containing products YOU allege as having been in YOUR general vicinity during any period in which YOU allege exposure to asbestos-containing products.

**RESPONSE TO STANDARD INTERROGATORY NO. 63:**

Please see Plaintiff's response to Interrogatory Nos. 36, 37, and 38. Discovery is continuing, and Plaintiff reserves the rights to amend and/or supplement this response at any time.

**INTERROGATORY NO. 64:**

Please IDENTIFY each and every tangible item (not already identified above) including photographs, diagrams, correspondence, or objects which YOU contend evidences YOUR exposure to asbestos-containing products.

**RESPONSE TO STANDARD INTERROGATORY NO. 64:**

Plaintiff is in possession of no such documents other than Plaintiffs' complaint and responses to discovery as well as medical records. Discovery is continuing, and Plaintiff reserves the rights to amend and/or supplement this response at any time.

**INTERROGATORY NO. 65:**

Please IDENTIFY any work diaries, photographs, calendars, company brochures, medical bills, invoices, business cards, and physical objects (e.g., asbestos pipe), which are in YOUR personal care, custody, or control, relevant to the subject matter of this lawsuit.

**RESPONSE TO STANDARD INTERROGATORY NO. 65:**

Plaintiff is in possession of no such documents other than Plaintiffs' complaint and responses to discovery as well as medical records. Discovery is continuing, and Plaintiff reserves the rights to amend and/or supplement this response at any time.

**INTERROGATORY NO. 66:**

Have YOU or anyone on YOUR behalf requested from the Social Security office a listing of all past employers and dates of employment? If so, please either attach a copy or give the employer's name, address, date, and quarterly Social Security credit for each employer listed.

**RESPONSE TO STANDARD INTERROGATORY NO. 66:**

Plaintiffs have requested verified Social Security Records listing of all past employers and dates of employment, however, Plaintiffs have not yet received these documents and so are not in possession of them. Plaintiffs will make these documents available to defendants as soon as they are available to Plaintiffs.

**INTERROGATORY NO. 67:**

Please state the name, address, and telephone number of every person who assisted YOU in any way in answering these interrogatories.

///

PLAINTIFF'S AMENDED RESPONSES TO STANDARD INTERROGATORIES - 52

**RESPONSE TO STANDARD INTERROGATORY NO. 67:**

My attorneys at Napoli Bern Ripka Shkolnik & Associates, LLP helped me by physically typing these responses based on the information I provided to them.


Dated: December 27, 2013                    NAPOLI BERN RIPKA SHKOLNIK &
                                             ASSOCIATES, LLP



                                             _____
                                             E. Page Allinson
                                             ATTORNEY FOR PLAINTIFFS

**EXHIBIT A**

**WORK HISTORY SHEET**

NAME: CHARLES P. LOCKETT

EMPLOYER: VARIOUS GAS STATIONS        SUPERVISOR: VARIOUS

JOB SITES: OAKVIEW, MONTECITO          CITY: OAKVIEW, MONTECITO
STATE: CALIFORNIA                      COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1966
DUTIES AT THIS JOB SITE:               ON THE JOB EXPOSURE:
PUMP GAS

|  | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS |  | X |  |
| FUMES |  | X |  |
| GASES |  | X |  |
| CHROMIUM |  | X |  |
| CADMIUM |  | X |  |
| ANY OTHER |  | X |  |

WAS THE JOB NEW CONSTRUCTION? NO
REPAIR WORK? NO  BOTH? __
WAS THE JOB INDOORS? NO  OUTDOORS?
_YES__ BOTH? __ __
REASON FOR LEAVING?
_JOINED ARMY___
WAGE RATE/HOUR? UNKNOWN
AVERAGE HOURS WORKED/WEEK? UNKNOWN
PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS:  Unknown at this time

PRODUCT        Asbestos-containing products,
LIST:          see list

ASBESTOS MATERIALS USED ON THIS JOB:   DID YOU WEAR A RESPIRATOR, MASK, OR
                                       OTHER PROTECTIVE DEVICE ON THIS JOB TO
(SEE ATTACHED EXHIBIT B)               AVOID INHALATION OF ANY DUST OR
                                       FUMES INCLUDING ASBESTOS DUST?
                                       YES ___ NO_X__

EMPLOYER: TALLY CORPORATION                SUPERVISOR: UNKNOWN

JOB SITES: NEWBERRY PARK, CALIFORNIA       CITY: NEWBERRY PARK
STATE: CALIFORNIA                          COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1962-1963
DUTIES AT THIS JOB SITE:                   ON THE JOB EXPOSURE:
PLATER

|  | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS |  |  | X |
| FUMES |  |  | X |
| GASES |  |  | X |
| CHROMIUM |  |  | X |
| CADMIUM |  |  | X |
| ANY OTHER |  |  | X |

WAS THE JOB NEW CONSTRUCTION? <u>NO</u>
REPAIR WORK? <u>YES</u>  BOTH? <u>YES</u>
WAS THE JOB INDOORS? <u>YES</u> OUTDOORS?  <u>NO</u>
BOTH? ____
REASON FOR LEAVING?
 <u>OBTAINED NEW JOB</u>
WAGE RATE/HOUR?  UNKNOWN
AVERAGE HOURS WORKED/WEEK? 40
PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS:  <u>Unknown at this time</u>

PRODUCT          Asbestos-containing  products,
LIST:            see list

ASBESTOS MATERIALS USED ON THIS JOB:       DID YOU WEAR A RESPIRATOR, MASK, OR
                                           OTHER PROTECTIVE DEVICE ON THIS JOB TO
(SEE ATTACHED EXHIBIT B)                    AVOID INHALATION OF ANY DUST OR
                                           FUMES INCLUDING ASBESTOS DUST?
                                           YES ___ NO <u>X</u>

EMPLOYER: UNKNOWN RESTAURANT                SUPERVISOR: OWNER

JOB SITES: UNKNOWN                          CITY: UNKNOWN
STATE: CALIFORNIA                           COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1963
DUTIES AT THIS JOB SITE:                    ON THE JOB EXPOSURE:
COOK

|  | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS |  |  | X |
| FUMES |  |  | X |
| GASES |  |  | X |
| CHROMIUM |  |  | X |
| CADMIUM |  |  | X |
| ANY OTHER |  |  | X |

WAS THE JOB NEW CONSTRUCTION? <u>NO</u>
REPAIR WORK? <u>NO</u>  BOTH?
WAS THE JOB INDOORS? <u>YES</u> OUTDOORS? <u>NO</u>
BOTH? ____
REASON FOR LEAVING?
_OBTAINED NEW JOB___
WAGE RATE/HOUR? _<u>UNKNOWN</u>___
AVERAGE HOURS WORKED/WEEK? 40
PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS: <u>Unknown at this time</u>

PRODUCT        Asbestos-containing    products,
LIST:          see list

ASBESTOS MATERIALS USED ON THIS JOB:        DID YOU WEAR A RESPIRATOR, MASK, OR
                                            OTHER PROTECTIVE DEVICE ON THIS JOB TO
(SEE ATTACHED EXHIBIT B)                     AVOID INHALATION OF ANY DUST OR
                                            FUMES INCLUDING ASBESTOS DUST?
                                            YES ____ NO__X__

EMPLOYER: WEYERHOUSE CORP.              SUPERVISOR: UNKNOWN

JOB SITES: SAWMILL                      CITY: SEATTLE
STATE: WASHINGTON                       COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1969-1973
DUTIES AT THIS JOB SITE:                ON THE JOB EXPOSURE:
LUMBER GRADER

|  | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS | | | X |
| FUMES | | | X |
| GASES | | | X |
| CHROMIUM | | | X |
| CADMIUM | | | X |
| ANY OTHER | | | X |

WAS THE JOB NEW CONSTRUCTION? NO
REPAIR WORK? NO  BOTH?
WAS THE JOB INDOORS? YES OUTDOORS?  YES
BOTH?  YES
REASON FOR LEAVING?
 OBTAINED NEW JOB
WAGE RATE/HOUR? _UNKNOWN___
AVERAGE HOURS WORKED/WEEK? 40
PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS:  Unknown at this time

PRODUCT LIST:          Asbestos-containing products, see list

ASBESTOS MATERIALS USED ON THIS JOB:    DID YOU WEAR A RESPIRATOR, MASK, OR
                                        OTHER PROTECTIVE DEVICE ON THIS JOB TO
(SEE ATTACHED EXHIBIT B)                AVOID INHALATION OF ANY DUST OR
                                        FUMES INCLUDING ASBESTOS DUST?
                                        YES ____ NO__X__

| | |
|---|---|
| EMPLOYER: SELF | SUPERVISOR: SELF |

JOB SITES: VARIOUS — CITY: UNKNOWN
STATE: WASHINGTON — COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1973-1975
DUTIES AT THIS JOB SITE:     ON THE JOB EXPOSURE:
REAL ESTATE AGENT

| | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS | | | X |
| FUMES | | | X |
| GASES | | | X |
| CHROMIUM | | | X |
| CADMIUM | | | X |
| ANY OTHER | | | X |

WAS THE JOB NEW CONSTRUCTION? <u>NO</u>
REPAIR WORK? <u>NO</u>  BOTH?

WAS THE JOB INDOORS? <u>YES</u> OUTDOORS?  <u>YES</u>
BOTH? <u>YES</u>

REASON FOR LEAVING?
<u>OBTAINED NEW JOB</u>

WAGE RATE/HOUR? <u>UNKNOWN</u>

AVERAGE HOURS WORKED/WEEK? 40

PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS: <u>Unknown at this time</u>

PRODUCT        Asbestos-containing   products,
LIST:              see list

ASBESTOS MATERIALS USED ON THIS JOB:

DID YOU WEAR A RESPIRATOR, MASK, OR
OTHER PROTECTIVE DEVICE ON THIS JOB TO

(SEE ATTACHED EXHIBIT B)

AVOID INHALATION OF ANY DUST OR
FUMES INCLUDING ASBESTOS DUST?
YES <u>    </u> NO <u>  X  </u>

| | | |
|---|---|---|
| 1 | EMPLOYER: TODD SHIPYARD | SUPERVISOR: UNKNOWN |
| 2 | JOB SITES: SEATTLE | CITY: SEATTLE |
| 3 | STATE: WASHINGTON | COWORKERS AND JOB TITLES: UNKNOWN |

EMPLOYER: TODD SHIPYARD          SUPERVISOR: UNKNOWN

JOB SITES: SEATTLE               CITY: SEATTLE
STATE: WASHINGTON                COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1975-1989
DUTIES AT THIS JOB SITE:         ON THE JOB EXPOSURE:
PIPEFITTER

|  | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS |  |  | X |
| FUMES |  |  | X |
| GASES |  |  | X |
| CHROMIUM |  |  | X |
| CADMIUM |  |  | X |
| ANY OTHER |  |  | X |

WAS THE JOB NEW CONSTRUCTION? <u>NO</u>
REPAIR WORK? <u>YES</u>   BOTH?

WAS THE JOB INDOORS? <u>YES</u> OUTDOORS? <u>YES</u>
BOTH? <u>YES</u>

REASON FOR LEAVING?
<u>OBTAINED NEW JOB</u>

WAGE RATE/HOUR? <u>UNKNOWN</u>

AVERAGE HOURS WORKED/WEEK? 40

PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS: <u>Unknown at this time</u>

PRODUCT LIST: Asbestos-containing products, see list

ASBESTOS MATERIALS USED ON THIS JOB:

(SEE ATTACHED EXHIBIT B)

DID YOU WEAR A RESPIRATOR, MASK, OR
OTHER PROTECTIVE DEVICE ON THIS JOB TO
AVOID INHALATION OF ANY DUST OR
FUMES INCLUDING ASBESTOS DUST?
YES <u>____</u> NO <u>X</u>

EMPLOYER: LOCKHEED SHIPYARD

SUPERVISOR: UNKNOWN

JOB SITES: SEATTLE

CITY: SEATTLE

STATE: WASHINGTON

COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1975-1989

DUTIES AT THIS JOB SITE:

ON THE JOB EXPOSURE:

PIPEFITTER

| | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS | | | X |
| FUMES | | | X |
| GASES | | | X |
| CHROMIUM | | | X |
| CADMIUM | | | X |
| ANY OTHER | | | X |

WAS THE JOB NEW CONSTRUCTION? NO REPAIR WORK? YES   BOTH?

WAS THE JOB INDOORS? YES OUTDOORS?  YES BOTH?  YES

REASON FOR LEAVING?  OBTAINED NEW JOB

WAGE RATE/HOUR? UNKNOWN

AVERAGE HOURS WORKED/WEEK? 40

PERCENTAGE OF TIME EXPOSED TO ASBESTOS PRODUCTS: Unknown at this time

PRODUCT LIST: Asbestos-containing products, see list

ASBESTOS MATERIALS USED ON THIS JOB:

(SEE ATTACHED EXHIBIT B)

DID YOU WEAR A RESPIRATOR, MASK, OR OTHER PROTECTIVE DEVICE ON THIS JOB TO AVOID INHALATION OF ANY DUST OR FUMES INCLUDING ASBESTOS DUST?
YES ____ NO  X

EMPLOYER: VARIOUS REFINERIES

SUPERVISOR: UNKNOWN

JOB SITES: TOSCO, STANDARD OIL, SHELL, UNION OIL, EXXON

CITY: VARIOUS

STATE: CALIFORNIA

COWORKERS AND JOB TITLES: UNKNOWN

DATE OF JOB: 1989-2008
DUTIES AT THIS JOB SITE:
PIPEFITTER

ON THE JOB EXPOSURE:

| | YES | NO | DON'T KNOW |
|---|---|---|---|
| CHEMICALS | | | X |
| FUMES | | | X |
| GASES | | | X |
| CHROMIUM | | | X |
| CADMIUM | | | X |
| ANY OTHER | | | X |

WAS THE JOB NEW CONSTRUCTION? NO
REPAIR WORK? YES  BOTH?
WAS THE JOB INDOORS? YES OUTDOORS?  YES
BOTH? _YES_
REASON FOR LEAVING?
_OBTAINED NEW JOB___
WAGE RATE/HOUR? _UNKNOWN___
AVERAGE HOURS WORKED/WEEK? 40
PERCENTAGE OF TIME EXPOSED TO ASBESTOS
PRODUCTS: _Unknown at this time_

PRODUCT LIST: Asbestos-containing products, see list

ASBESTOS MATERIALS USED ON THIS JOB:

(SEE ATTACHED EXHIBIT B)

DID YOU WEAR A RESPIRATOR, MASK, OR OTHER PROTECTIVE DEVICE ON THIS JOB TO AVOID INHALATION OF ANY DUST OR FUMES INCLUDING ASBESTOS DUST?
YES ____ NO __X___

**EXHIBIT B**

**ASBESTOS MATERIALS USED:**

| | WITH | AROUND |
|---|---|---|
| **BRAKES / CLUTCHES / GASKETS** | | |
| BORGWARNER MORSE TEC., INC. | X | X |
| FABCO AUTOMOTIVE CORPORATION | X | X |
| GENUINE PARTS COMPANY | X | X |
| HONEYWELL INTERNATIONAL, INC. | X | X |
| PEP BOYS | X | X |
| FORD MOTOR COMPANY | X | X |
| MAREMOUNT CORPORATION | X | X |
| PNEUMO ABEX CORPORATION | X | X |
| | | |
| **JOINT COMPOUND / DRYWALL** | | |
| GEORGIA PACIFIC | X | X |
| KAISER GYPSUM COMPANY | X | X |
| KELLY MOORE PAINT COMPANY | X | X |
| RICH-TEX, INC. | X | X |
| | | |
| **BUULDING MATERIALS** | | |
| HOMASOTE COMPANY | X | X |
| PRIMESOURCE BUILDING PRODUCTS, INC. | X | X |
| DAP, INC. | X | X |
| CERTAINTEED CORPORATION | X | X |
| | | |
| **CEMENT** | | |
| HANSON PERMANENTE CEMENT, INC. | X | X |
| | | |
| **PUMPS/VALVES** | | |
| AIR & LIQUID SYSTEMS CORPORATION | X | X |
| ARMSTRONG INTERNATIONAL, INC. | X | X |
| CARVER PUMP COMPANY | X | X |
| CRANE CO. | X | X |
| FMC CORPORATION | X | X |
| IMO INDUSTRIES, INC. | X | X |
| INGERSOLL-RAND COMPANY | X | X |
| ITT CORPORATION | X | X |
| THE LUNKENHEIMER COMPANY | X | X |
| THE WILLIAM POWELL COMPANY | X | X |
| VELAN VALVE CORP. | X | X |
| WARREN PUMPS, LLC | X | X |
| | | |
| **BOILERS** | | |
| A.O. SMITH CORPORATION | X | X |
| BURNHAM LLC, f/k/a BURNHAM CORPORATION | X | X |
| CARRIER CORPORATION | X | X |
| CLEAVER BROOKS, INC. | X | X |
| FOSTER WHEELER | X | X |
| OAKFABCO, INC. | X | X |
| RILEY STOKER | X | X |
| AMERICAN STANDARD | X | X |
| ZURN INDUSTRIES, LLC | X | X |
| | | |
| **TURBINES/GENERATORS** | | |
| WESTINGHOUSE | X | X |
| ELLIOT COMPANY | X | X |
| GENERAL ELECTRIC COMPANY | X | X |

**GASKETS/PACKING**

| | | |
|---|---|---|
| JOHN CRANE, INC. | X | X |
| MELRATH GASKET, INC. | X | X |
| PARKER-HANNIFIN CORPORATION | X | X |
| REPUBLIC SUPPLY COMPANY | X | X |

**RAW ASBESTOS**

| | | |
|---|---|---|
| JOHN K. BICE, INC. | | |
| UNION CARBIDE CORPORATION | X | X |
| SOCO-WEST | X | X |
| ASBESTOS CORPORATION LTD. | X | X |
| BASF CATALYSTIC, LLC | X | X |
| DORSETT & JACKSON, INC. | X | X |
| ELEMENTIS CHEMICALS, INC. | X | X |
| HOLLINGSWORTH & VOSE COMPANY | X | X |

**FOUNDRY SANDS**

| | | |
|---|---|---|
| FERRO ENGINEERING | X | X |
| FOSECO INC. | X | X |

**INSULATION**

| | | |
|---|---|---|
| ALLIED INSULATION SUPPLY COMPANY, INC. | X | X |
| METALCLAD INSULATION CORP. | X | X |
| UNION OIL COMPANY OF CALIFORNIA | X | X |
| GRINNELL, LLC | X | X |

**ASBESTOS DECKING**

| | | |
|---|---|---|
| FRYER-KNOWLES, INC. | X | X |
| HILL BROTHERS CHEMICAL COMPANY | X | X |

**CABLE/WIRE**

| | | |
|---|---|---|
| RSCC WIRE & CABLE | X | X |

**GRINDING WHEEL**

| | | |
|---|---|---|
| CHICAGO PNEUMATIC TOOL COMPANY, LLC | X | X |

**APPAREL/MASKS**

| | | |
|---|---|---|
| AMERICAN OPTICAL COMPANY | X | X |

**CEMENT PIPE**

| | | |
|---|---|---|
| J-M MANUFACTURING COMPANY, INC. | X | X |

**CIGARETTES**

| | | |
|---|---|---|
| LORILLARD TOBACCO COMPANY | X | X |

**AUTO REPAIR PUTTY**

| | | |
|---|---|---|
| NMBFIL, INC. | X | X |

**SCAFFOLDING**

| | | |
|---|---|---|
| SCOTT COMPANY OF CALIFORNIA | X | X |

Case 3:14-cv-00359-RC Document 46-1-5 Filed 01/29/14 Page 83 of 84

1

**<u>VERIFICATIONS TO FOLLOW</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA            )
                                              )
3     COUNTY OF LOS ANGELES        )

4

5          I am employed in the County of Los Angeles, State of California.  I am over eighteen years of age and not a party to the within action; my business address is 525 S. Douglas Street, Suite 260, El Segundo, CA 90245.

6

7     On the date set forth below, I served the foregoing document(s) described as:

8

9          **PLAINTIFFS' AMENDED RESPONSES TO STANDARD INTERROGATORIES
          PROPOUNDED BY DEFENDANTS**

10          On all interested parties in this action through the use of the "Asbestos Consolidated Cases" website maintained by File & ServeXpress to the following parties:

11

12          **SEE SERVICE LIST PROVIDED BY FILE & SERVEXPRESS**

13          **[X]**     BY ELECTRONIC SERVICE: I electronically served the above document(s) on all

14     interested parties in this action (see attached service list) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

15

16          I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

17

18          Executed this 27th day of December, 2013, at El Segundo, California.

19

20          _____
                Dorielle Hammonds

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES LOCKETT AND DORI LOCKETT | A.O. SMITH CORPORATION, et al., |

**(b)** County of Residence of First Listed Plaintiff    Stanislaus County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ethan A. Horn (SBN 190296); Keenan Ng (SBN 267779)
Napoli Bern Ripka Shkolnik & Associates, LLP, 111 Corporate Dr., #225,
Ladera Ranch, CA 92694; T: (949) 234-6032/F: (949) 429-0892

Attorneys *(If Known)*
Kevin D. Jamison (SBN 222105); Kimberly L. Rivera (SBN 205528);
Mary K. Back (SBN 234021), Pond North LLP, 350 So. Grand Ave.,
#3300, Los Angeles, CA 90071; T: (213) 617-6170/F: (213) 623-3594

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1442(a)(1)
Brief description of cause:
Asbestos personal injury - negligence, strict liability, false representation, premises liability, loss of consortium

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 1/24/2014

SIGNATURE OF ATTORNEY OF RECORD *Mary K Back*

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)* ☑ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.