BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| SUOJA et al v. INC. OWENS-ILLINOIS et al | Trans. to PA-ED Case No. 09-CV-60256<br>Trans. from WI-WD Case No. 3:99-cv-475 |

**PLAINTIFF'S RESPONSE TO OWENS-ILLINOIS INC.'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CRO**

Plaintiff opposes Owens-Illinois Inc.'s (OI) motion to vacate the conditional remand order and states as follows:

OI's motion must be denied as a matter of law. The sole basis for requested relief is a misstatement of the procedural history of the case. In OI's brief in support of its motion OI states, "[28 U.S.C. [s]ection 1407(a) prohibits remand of this action because all the defendants have been terminated." (Ex. 1 at 1.) Contrary to OI's assertion, OI is still a defendant in the case.

PROCEDURAL HISTORY

Plaintiff originally filed this case in the Western District of Wisconsin on August 3, 1999. (Ex. 1.) OI was listed in four of the five counts; two counts for products liability, one for conspiracy, and one derivative loss of consortium claim. (Ex. 1 at 2-4, 6.) After the case had been transferred to the MDL 875, OI filed a motion for partial summary judgment on October 9, 2012, for the conspiracy claim and punitive damages only. (Ex. 2.) In its prayer for relief in the October 9th motion OI asked the court, "enter an order granting summary judgment in its favor and against Plaintiff on civil conspiracy and punitive damages, granting it fees and costs, and awarding such further relief as this Court deems just and proper. (Ex. 2 at 11-12.) On October 29, 2012, Plaintiff's counsel filed a statement of non-opposition which conceded the conspiracy

charge but asked the court to defer or deny the motion on the issue of punitive damages, consistent with previous orders severing punitive damages proceedings in the MDL. (Ex. 3.) On November 7, 2012, MDL 875 supervising Judge Eduardo Robreno entered a group order granting numerous motions as unopposed. (Ex. 4.) The court ordered, "that the motions listed in Exhibit 'A,' attached, are granted as unopposed.[1]" (Ex. 4.) Among the motions listed in exhibit "A" was OI's motion for partial summary judgment from October 9, 2012. (Ex. 4 at 2.)

On December 13, 2013, Judge Robreno entered an order suggesting that this case be remanded back to the Western District of Wisconsin for trial. (Ex. 6.) On January 9, 2014 this panel filed a conditional remand order (CRO) for this case. (Ex. 7.) Subsequently, OI filed its motion and brief to vacate the CRO on January 13, 2014. (Ex. 5.) OI's filing cited to the ECF docket page which erroneously listed OI as "terminated" following Robreno's group order of November 7, 2012. (Ex. 8.) Plaintiff filed a motion to correct this clerical mistake pursuant to F.R.C.P. 60(a) concurrently with this response to OI's motion to vacate the CRO. (Ex. 9.)

ARGUMENT

OI's entire motion to vacate the CRO is premised on the mistaken on the ECF docket page for this case. (Ex. 8.) While Plaintiff acknowledges that the ECF page has OI designated as "*TERMINATED* 11/08/2012," there is nothing in the procedural history of this case to support the conclusion that the products liability counts against OI have been dismissed. OI's contention that

---

[1] OI's brief opposing remand makes reference to the language in the footnote of Judge Robreno's order, "enter[ing] judgment as a matter of law in favor of Owens-Illinois under Federal Rule of Civil Procedure 56. . ." (Ex. 4 at 1; Ex. 5 at 2.) The language highlighted by OI is only the court's statement that the requisite factual findings exist under the local rules to grant the various motions listed in the order. It does not alter the relief granted, nor is it intended to be a substantive ruling of the court independent of the motions granted. This is made clear by the fact that it makes no individual reference to any of the 18 motions the court granted. (Ex. 4 at 1.) Further, the particular argument cited in the footnote was not even invoked in OI's motion for partial summary judgment that was being ruled on. (*Compare* Ex. 4 at 1 *with* Ex. 2.)

the Plaintiff failed to timely file a motion challenging the dismissal order is irrelevant. The order entered by Judge Robreno on November 7, 2012 did not dismiss OI from this case, rather it "granted as unopposed" the motions listed in exhibit "A." (Ex. 4 at 1.) The granted motion in the instant case, listed in exhibit "A," was OI's motion for partial summary judgment on the conspiracy count.[2] (Ex. 4 at 2; Ex. 2.) Pursuant to the order, the conspiracy charge against OI was dismissed. However, the complaint alleged three additional counts against OI which were not affected by the order or part of the relief sought in OI's motion to dismiss. (*See* Ex. 1 at 2-4, 6.)

Nowhere in Judge Robreno's order does he use the word "dismissed" or "terminated." (Ex. 4.) Even on the ECF docket page for this case, where entry of the order appears, it says "the motions listed in exhibit 'A,' are granted as unopposed." (Ex. 8 at 15.) Therefore, there is no reason, based on the language in the order, to believe that OI was dismissed from this case.[3] This is evidenced in the suggestion of remand itself, which shows that Judge Robreno had no intention of dismissing OI from this case. The only reason OI claims they were dismissed is the designation on the ECF docket page. OI suggests that the plaintiff should have filed "a timely motion for reconsideration, a timely motion to alter or amend the judgment, a timely motion for relief from a final order, or a timely notice of appeal." (Ex. 5 at 2.) These assertions fail because they again misrepresent the procedural history of this case. As the record shows, Robreno's order

---

[2]OI's failure to include its original Motion for Partial Summary Judgment is a telling omission, since the plain language of Judge Robreno's 11/07/12 order requires reference to this motion to determine the relief actually granted by the order. Instead, OI relies on the necessarily broad language of a group order, and the change in OI's status on the ECF docket, to create a false inference that the order was intended to dismiss OI from the case. At no point does OI even acknowledge the possibility that this was in error, though it is clear from the record.

[3]Nor does Plaintiff concede the punitive damages claim was dismissed. The punitive damages issue is addressed in a statement by Judge Robreno in the remand order noting it was severed. (Ex. 6.)

granted only unopposed partial summary judgment and only because it was unopposed. (Ex. 4 at 1.) Plaintiff had no reason to challenge or appeal that order or judgment because the order correctly reflected the motion being granted. The relief granted to OI in the November 7th group order establishes the ECF entry is incorrect. An incorrect ECF entry does not change the order actually entered. As such, Plaintiff did not have any basis or reason to timely file any of the motions suggested by OI.

OI argues remand is improper because "there are no remaining defendants in this case." (Ex. 5 at 2.) However, as the record outlined above shows, OI is still a defendant in this case for three counts of the complaint. (*See* Ex. 1.) OI's contention that it has been dismissed is not supported by the record, as OI cannot point to any order actually dismissing it from this case.

## CONCLUSION

For all the above reasons, the court should enter an order denying OI's Motion to Vacate the CRO, granting Plaintiff fees and costs, and awarding such other relief this Court deems just and proper.

**Dated:** February 4, 2104

/s/ *Robert G. McCoy*
Attorney for the plaintiff

Robert G. McCoy
Attorney for the Plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com