IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**EXHIBIT**

tabbies®

**1**

DELORES AGNES SUOJA, individually and as special
administrator for the estate of OSWALD F. SUOJA, deceased,

        Plaintiff,

    v.

OWENS-ILLINOIS, INC., a corporation T & N PLC, a
corporation;

        Defendants.

CASE NO.

99  0475 C

**COMPLAINT**

## COMPLAINT

Now comes the plaintiff, DELORES AGNES SUOJA (hereinafter "Plaintiff/Spouse"), individually
and as special administrator for the estate of Oswald F. Suoja (hereinafter "Decedent"), by and through her
attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants, as follows:

### JURISDICTION

1.    Decedent, Oswald F. Suoja, was an adult citizen of Wisconsin. Plaintiff/Spouse's address is 1902
Maryland Avenue, Superior, Wisconsin 54880. Decedent's Social Security number is ████████
Decedent worked with asbestos at various job sites in the state of Wisconsin during his career as an
ASBESTOS WORKER and .

2.    The defendants are all corporations, none of which is incorporated in or has its principal place of
business in the State of Wisconsin, and at all times relevant to the allegations contained herein were
engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing
products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please
refer to the attached Exhibit A for the state of incorporation and principal place of business of each
defendant.

3.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States
Code, §1332.

4.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.
    and costs.

5.  Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6.  Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by these defendants.

7.  Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

8.  Decedent became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

9.  At all times relevant hereto, plaintiff/spouse was married to decedent and cohabitated with him.

10. As a direct and proximate result of the conduct of defendants, Decedent developed and has been diagnosed as having Malignant Mesothelioma. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

11. Decedent suffered great pain and physical impairment and plaintiff and decedent suffered great mental pain and anguish, are liable for large sums of money for medical and suffered losses to their personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

12. Plaintiff brings this count for negligence against all defendants, less METROPOLITAN LIFE INSURANCE COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, and incorporates by reference all general allegations.

13. It was reasonably foreseeable by defendants that Decedent and other workers would be working with

2

or in the proximity of defendants' asbestos products.

14. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked
14. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked

with or were exposed to the defendants' asbestos products.

15. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that

exposure to their asbestos products caused disease and/or death and that Decedent did not know that

asbestos products were dangerous or harmful.

16. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or

more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products
   or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures
   relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-
   insulated equipment.

17. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff and

decedent were injured as described above.

## COUNT 2 -- PRODUCT LIABILITY (UNREASONABLY DANGEROUS PRODUCT)

18. This cause of action is asserted against the manufacturing and supplying defendants.

19. The defendants' above-described asbestos products were manufactured, supplied and installed in an

unreasonably dangerous condition presenting dangers to the life and health of the ultimate users

thereof and to persons in the position of the Decedent.

20. At all relevant times, the defendants placed their asbestos products on the market knowing that they

would be used without inspection for such unreasonably dangerous defects and defendants expected

such asbestos products to reach Decedent and other users and consumers without substantial change

in the condition they were in when sold.
in the condition they were in when sold.

21.     Decedent used and handled, or was otherwise exposed to, the supplying defendants' asbestos

products in the conditions in which they left the control of such defendants and in a manner that was

reasonably foreseeable and/or anticipated by such defendants.

22.     Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably

dangerous in nature in that it contained asbestos, and in particular:

a.      Was not accompanied by an adequate warning relating to the health hazards of asbestos
        products;

b.      Was not accompanied by instructions concerning precautionary measures to be taken to
        minimize the risk of health hazards associated with asbestos products,

c.      Was not subjected to adequate investigation regarding its hazards to health; and

d.      Was improperly designed with, or specified for, the use of asbestos as opposed to non-
        asbestos substitutes.

23.     Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed

by the defendants proximately caused injuries set forth above.

## COUNT 3 – CONSPIRACY

24.     This claim is brought against all defendants herein for civil conspiracy and plaintiff incorporates the

general allegations above.

25.     The civil conspiracy defendants and other unnamed coconspirators knowingly and willfully

combined, agreed, and conspired with each other for the purpose of accomplishing one or more of

the following unlawful purposes:

a.      Suppressing information about the health hazards of asbestos, including medical and
        scientific data, from those persons who would be exposed to the asbestos from the products
        made and sold by the conspirators,

b.      Affirmatively asserting, in a manner not warranted by the information possessed by the
        conspirators, claims that the conspirators knew were false, namely, that it was safe to work

4

with and in close proximity to asbestos.

26.   The conspirators in communications between each other and through participation in trade
26.   The conspirators in communications between each other and through participation in trade

organizations and committees of such trade organizations ratified and adopted the unlawful purposes

and conduct of the conspiracy.

27.   One or more of the conspirators performed the following tortious acts in furtherance of the

conspiracy:

a.   Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to
which the Decedent was exposed.

b.   Failed to warn about health hazards of asbestos, failed to investigate health hazards of
asbestos or failed to instruct about precautionary measures required for protection;

28.   The agreement of the conspirators and acts done in furtherance of the agreement were the proximate

causes of the injuries set forth above.

## COUNT 4 – DECLARATORY JUDGMENT

29.   Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin

Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis.

Stats., were enacted as part of so-called "tort reform" in 1995.

30.   Retroactive application of the 1995 legislation purporting to apply to the new versions of

§§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before

the effective date of such legislation, merely because this lawsuit was filed after the effective date

of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

31.   Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts

of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth

and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV,

§17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of

Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

5

### COUNT 5 - LOSS OF CONSORTIUM

32.    Plaintiff brings this claim based upon underlying theories of negligence and strict liability, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims.

33.    As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, plaintiff:

    a.    Has been deprived of the services, companionship, society and relationship of her husband from the time of his injury.

    b.    Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## PUNITIVE DAMAGES

34.    Defendants acted maliciously, with willful and wanton disregard for the rights of Decedent for which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

    a.    Judgement against defendants, jointly and severally, for compensatory and general damages.

    b.    Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

6

Dated this _3rd_ day of ~~July~~ *August*, 1999,

_One of the Plaintiff's Attorneys_

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
403 West North Avenue
Chicago, Illinois 60610-1117
312-944-0600
312-944-1870 fax

Exhibit A
Defendants' Home States and Principal Places of Business

| | | |
|---|---|---|
| Owens-Illinois Corporation | Delaware | Ohio |
| T&N PLC | Delaware | |

Wednesday, July 28, 1999 · ANSWER Page 1

| SSN | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|---|---|---|---|---|---|
| | 1951 | 1952 | INDIANA MICHIGAN POWER CO (TANNERS CREEK) | LAWRENCEBUR | IN |
| | 1952 | 1954 | MILWAUKEE HOUSE OF CORRECTION | MILWAUKEE | WI |
| | | | CORRECTION | | |
| | 1954 | 1956 | BADGER ORDNANCE WORKS | BARABOO | WI |
| | 1970'S | 1970'S | SUNDSTRAND | ROCKFORD | IL |



PLAINTIFF'S
EXHIBIT
B

12/13/96   FRI 11:10 FAX 218 723 8714          HS TECH CENTER          002

**ST. MARY'S MEDICAL CENTER**
ST. MARY'S MEDICAL CENTER
407 EAST 3RD STREET, DULUTH, MN 55805          218-726-4019
407 EAST 3RD STREET, DULUTH, MN 55805          218-726-4019

PATHOLOGISTS:   DR. ISAM      DOR. MINKE      DR. LELSON
                DR. VIDYARTHI         J. WITHAK   DR. GANDHI
                DR. VIDYARTHI         J. WITHAK   DR. GANDHI

### SURGICAL PATHOLOGY REPORT

ACCESSION NO.   S-96-12844      COLL/SURG DATE: 11/11/96   REC'D. DATE: 11/11/96

SPECIMEN STATED TO BE:
  A) Pelvic peritoneum   B) Mesentery   C) Omentum   D) Left diaphragm

  FROZEN SECTION PREPARED

CLINICAL DIAGNOSIS:
  Abdominal pain

MACROSCOPIC:
  A)  First specimen consists of two gray-white glistening mucinous appearing
  nodules each measuring approximately 2 mm in diameter.

  Frozen section shows a mucin producing neoplasm.  Possibilities include
  metastatic adenocarcinoma versus mesothelioma.  All tissue is sectioned.

  B)  Second specimen consists of a single tissue fragment measuring 2 mm in
  maximum dimension.  Specimen is submitted in toto.

  C)  Third specimen consists of a single tissue fragment measuring 2.5 mm in
  maximum dimension.  Specimen is submitted in toto.

  D)  Fourth specimen consists of a single tissue fragment measuring 3 mm in
  maximum dimension.  Specimen is submitted in toto.

  BXX:SS   11/11/96

MICROSCOPIC:
  Microscopic sections of biopsies A-D all show tissue fragments diffusely
  infiltrated by neoplasm.  The neoplasm is comprised of epithelioid cells
  arranged in sheets, cords, and occasional tubular structures.  Individual
  cells have varying amounts of eosinophilic cytoplasm.  There is prominent
  cytoplasmic vacuolization in some cells with vacuoles displaying marked
  variation in size.  Some of the vacuolated cells have a signet ring
  appearance.  Individual cells display mild to moderate pleomorphism with most
  cells having a fairly prominent eosinophilic nucleolus.  Varying amounts of
  hyalin to myxoid stroma accompany the tumor cells.  There is minimal mitotic
  activity.  Mucicarmine stains do demonstrate focal generally faint
  cytoplasmic positivity in some of the tumor cells, however, the degree of
  positivity is considerably less than the control slide.  Alcian blue stains
  show pronounced positivity with intra and extra-cytoplasmic accumulation of
  mucopolysaccharide that is completely removed by hyaluronidase.  The
  cytoarchitectural features of the tumor and stain results are all consistent
  with an epithelial mesothelioma.

DIAGNOSIS:
  Peritoneal biopsies from above listed sites A-D:  epithelial mesothelioma.

Adm. Date: 11/11/96                  ** CONTINUE TO NEXT PAGE **       Patient Name: **SUOJA, OSWALD F**
Adm. Doctor: WIIG, THOMAS H                                           Medical Record #: (0000)000653243
Surgeon:    WIIG, THOMAS H                                            Patient Account #: 8323319
Consulting Doctor:                                                    DOB:              Age: 73 YRS   Sex: M
Print Date/Time: 11/13/96   1345                                     Room/Bed:                      Page: 1

**PATHOLOGY REPORT**


PLAINTIFF'S
EXHIBIT

12/13/96   FRI 11:20 FAX 218 723 8711        HIS TECH CENTER                      ☒003

**ST. MARY'S MEDICAL CENTER**
407 EAST 3RD STREET, DULUTH, MN 55805      218-726-4019
407 EAST 3RD STREET, DULUTH, MN 55805      218-726-4019

PATHOLOGISTS:   DR. ELIA     DR. HENKE     DR. NELSON
                DR. VOYARDI   DR. WITRAK    DR. CARLETH
                DR. VOYARDI   DR. WITRAK    DR. CARLETH

### SURGICAL PATHOLOGY REPORT

ACCESSION NO.   S-96-12844   COLL/SURG DATE: 11/11/96   REC'D. DATE: 11/11/96

DIAGNOSIS:

    3903 x 3, 3907
    MCSS:  1

    B.W. HENKE, M.D., PATHOLOGIST              /BY:DMK    11/13/96
       (AUTHORIZED SIGNATURE)


····· END OF CHART ·····

Adm. Date: 11/11/96
Adm. Doctor: WIIG, THOMAS H
Surgeon:   WIIG, THOMAS H
Consulting Doctor:
Print Date/Time: 11/13/96   1345

*Patient Name:* **SUOJA, OSWALD F**
*Medical Record #:* (0000) 000653243
*Patient Account #:* 8323319
*DOB:*              *Age:* 73 YRS   *Sex:* M
*Room/Bed:* 7113-01                *Page:* 2

*PATHOLOGY REPORT*

# DOUGLAS COUNTY REGISTER OF DEEDS

*State of Wisconsin - County of Douglas*

*State of Wisconsin - County of Douglas*

*This is to certify that this document is a true and correct reproduction of the record filed in the Register of Deeds Office, Douglas County, Wisconsin.*

*Without the raised seal this is an uncertified copy. It is illegal to copy this record unless specifically authorized by law.*

JAN 1 4 1997

*Kathy F. Hanson*

*Date* — *Register of Deeds* — *Deputy Register of Deeds*

THE BACK OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

## ORIGINAL CERTIFICATE OF DEATH

STATE OF WISCONSIN — DEPARTMENT OF HEALTH AND SOCIAL SERVICES

LOCAL FILE NUMBER 400

| Decedent's Name | Oswald | F | SUOJA |
| --- | --- | --- | --- |

Date of Death: Dec. 29, 1996 — Hour: 11:12 A

Age: 73 — Date of Birth: January 29, 1923 — County of Death: Douglas — City: Superior

Place of Death: 1902 Maryland Avenue

Residence State: Wisconsin — County: Douglas — City: Superior — Street: 1902 Maryland Avenue — Zip: 54880

Birthplace: Minnesota — Father's Name: Herman Suoja — Mother's Name: Sigrid Henrickson

Race: White — Usual Occupation: Asbestos Worker — Kind of Business/Industry: HEAT and FROST INSULATORS

Education: 12

Informant: Delores Suoja — Mailing Address: 1902 Maryland Avenue, Superior, Wisconsin 54880

Method of Disposition — Place of Disposition: Greenwood Cemetery, Superior, WI

Date: December 30, 1996

Funeral Home: Lenroot-Maetzold Funeral Home, 1209 E 5th Street, Superior, Wisconsin 54880

License No. 4689

Certifying Physician — Date: Dec. 29, 1996

Medical Certifier: Betsy Smith DME

2872 E. Michecky Road, Foxboro, Wisconsin 54836

Registrar Signature: *Kathy F. Hanson* — Date: January 13, 1997

Registrar No. 000016

| CAUSE OF DEATH | | Interval between onset and death |
| --- | --- | --- |
| IMMEDIATE CAUSE (a) | Mesothelia | Months |
| DUE TO (b) Asbestos Exposure | | Years |

PART II Other significant conditions: Diabetes/Type 1