

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------ x
IN RE:  ASBESTOS PRODUCTS                     :
LIABILITY LITIGATION (NO. VI)                 :    CIVIL ACTION NO. MDL 875
------------------------------------------------------------ x
This Document Relates To:                     :
------------------------------------------------------------ x
 DELORES AGNES SUOJA, Individually            :
 and as Special Administrator for the Estate  :
 of OSWALD F. SUOJA, Deceased,                :    Transferee E.D. Pa.
                                              :       Case No. 09-CV-60256
            Plaintiff,                        :
                                              :    Transferor W.D. Wis.
       v.                                     :       Case No. 99-CV-0475-C
                                              :
 OWENS-ILLINOIS, INC.,                        :    Oral Argument Requested
                                              :    Under Local Rule 7.1(f).
            Defendant.                        :
------------------------------------------------------------ x
```

# DEFENDANT OWENS-ILLINOIS, INC.'S
# MOTION FOR PARTIAL SUMMARY JUDGMENT

Robert H. Riley
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant
Owens-Illinois, Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  FACT DISCOVERY............................................................................................................1

III. LEGAL STANDARD ..........................................................................................................3

    A.   The Summary Judgment Standard. ...............................................................................3

    B.   The Applicable Law of Wisconsin. ................................................................................4

IV.  ARGUMENT........................................................................................................................5

    A.   Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Civil
        Conspiracy Claim...........................................................................................................5

        1.   Civil Conspiracy Under Wisconsin Law. .....................................................5

        2.   Plaintiff Has Produced No Evidence that Owens-Illinois
            Ever Committed a Civil Conspiracy. ...........................................................7

        3.   Plaintiff's "Expert" Admits There Is No Evidence that
            Owens-Illinois Ever Committed a Civil Conspiracy. ..................................7

        4.   Courts Nationwide Have Held that Owens-Illinois Did Not
            Commit a Civil Conspiracy............................................................................9

    B.   Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's
        Punitive Damages Claim.............................................................................................. 10

V.   CONCLUSION ..................................................................................................................11

I.  INTRODUCTION

Plaintiff alleges that her deceased husband, Oswald F. Suoja, contracted peritoneal mesothelioma as a result of exposure to asbestos-containing products in Wisconsin between 1951 and the 1970s.[1]  Plaintiff brings state law-based claims of product liability, civil conspiracy, loss of consortium, punitive damages against Owens-Illinois, Inc. ("Owens-Illinois").  As set forth below, Owens-Illinois is entitled to summary judgment on Plaintiff's civil conspiracy and punitive damages claims because she has failed to produce even the most basic threshold evidence to support any of her allegations during fact discovery.

II.  FACT DISCOVERY

Fact discovery closed in this matter on July 13, 2012.  Plaintiff never provided any initial disclosures under Rule 26(a)(1), nor did she serve any complete, properly verified answers to the Court-ordered standard interrogatories.[2]  Plaintiff also failed to serve complete, properly verified responses to Owens-Illinois product-specific discovery.[3]  Thus, Plaintiff had at least three separate opportunities and obligations to disclose information or identify her witnesses against Owens-Illinois, and she failed to do so.

In these CVLO MDL-875 cases, "standard interrogatories were approved by the court on October 5, 2010 and were deemed to be served in each individual CVLO MDL-875 case as of October 1, 2010.  Each individual plaintiff in each case was to answer the interrogatories utilizing the information unique to his or her case."[4]  This Court ordered, again and further, that each plaintiff must respond without objection to the standard

---

[1] Ex. A, Pl.'s Compl. ¶¶ 6-11.

[2] Ex. B, Pl.'s Resp. Standard Interrog.

[3] Ex. C, Pl.'s Resp. Def.'s Product-Specific Discovery. In fact, Plaintiff refused even to answer the interrogatories and requests to produce as issued. (*Compare id. with* Ex. D, Def.'s Product-Specific Discovery.)

[4] *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875, slip op. at 3 (E.D. Pa. July 17, 2012), *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 9, 2012).

- 1 -

interrogatories by February 21, 2011.[5]  On June 9, 2012, this Court entered its referral order "to conduct pretrial procedures, supervision of discovery, settlement conferences, and preparation for trial," as well as "impose sanctions and/or costs against any party not in compliance with this notice and the orders specifically incorporated by reference and any orders issued in furtherance hereof."[6]

After entering scores of discovery sanction orders against CVLO, this Court was blunt and clear about summary judgment:

> [I]f the plaintiff has a thought that simply presenting a declaration from somebody whose name might appear on that sheet in connection with an opposition to motion for summary judgment as a discovery matter would appear to me to be very inappropriate, and if they expect to rely upon some such affidavit or declaration, some such thing or some such witness, they need to do a much more substantial disclosure within the context of the time period for discovery such as to give the defendants an opportunity to challenge that evidence if they choose to do so by way of deposition.[7]

Plaintiff still failed to disclose information or identify her witnesses in any initial disclosures under Rule 26(a)(1), the Court-ordered standard interrogatories,[8] or Owens-Illinois product-specific discovery.[9]  Indeed, Owens-Illinois has a pending sanctions motion on these discovery violations before Magistrate Judge Strawbridge.[10]  Put simply, any evidence that Plaintiff could present against Owens-Illinois "in connection with an

---

[5] *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875 (E.D. Pa. Nov. 15, 2010), *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 9, 2012).

[6] Ex. E, Order of Referral at 1, June 9, 2012 (bolding, capitalization, and underlying removed).

[7] Ex. F, Hr'g Tr. at 34:6-16, Aug. 1, 2012.

[8] *Supra* n.2, Ex. B, Pl.'s Resp. Standard Interrog. No. 20.

[9] *Supra* n.3, Ex. C. Resp. Def.'s Product-Specific Interrog. No. 6.

[10] Def.'s Mot. Strike, ECF No. 82.

opposition to motion for summary judgment as a discovery matter would . . . be very inappropriate."[11]

The relevant facts about Owens-Illinois are not disputed. Owens-Illinois is, and always has been, a glass company. Owens-Illinois is named as a defendant because for a limited period of time ending on April 30, 1958, it made and sold a high temperature thermal insulation product named "Kaylo." On April 30, 1958, Owens-Illinois left the insulation business altogether and sold the "Kaylo" business to Owens Corning Fiberglas — a separate company that continued to make and sell "Kaylo" into the 1970s. Owens-Illinois did not make or sell "Kaylo," or any other insulation product, after April 30, 1958.[12]

It is therefore undisputed as of April 30, 1958, Owens Corning Fiberglas manufactured and distributed "Kaylo," Owens Corning Fiberglas was solely responsible for its product, and Owens Corning Fiberglas made its own alterations to the formula and composition of its product.[13] In other words, Owens-Illinois cannot be held liable for any alleged exposure to any asbestos-containing insulation product manufactured or sold after April 30, 1958. Plaintiff seeks to circumvent those undisputed facts by alleging a vast "civil conspiracy" among companies that manufactured asbestos-containing products.[14]

## III.   LEGAL STANDARD

### A.   The Summary Judgment Standard.

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am.*

---

[11] *Supra* n.7, Hr'g Tr. at 34:6-16, Aug. 1, 2012.

[12] Ex. G, Def.'s Resp. Pl.'s Interrog.

[13] Ex. H, Owens-Corning Affidavits and Documents.

[14] *Supra* n.1, Pl.'s Compl. ¶¶ 24-28.

*Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "Summary judgment must be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law." *Orson Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). "When the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case." *Id.*

B.   **The Applicable Law of Wisconsin.**

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was initially filed in the Western District of Wisconsin. (*See* Pl.'s Compl. ¶¶ 1-5.) To determine what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Plaintiff has only alleged exposure to asbestos-containing products in Wisconsin (*see* Pl.'s

Compl. ¶¶ 6-11), so Wisconsin substantive law governs her claims. As such, this Court should apply Wisconsin substantive law.

IV.   **ARGUMENT**

Owens-Illinois is entitled to summary judgment on Plaintiff's civil conspiracy and punitive damages claims. *First*, there is no evidence to support any element of her civil conspiracy claim against Owens-Illinois. *Second*, there is no evidence of malicious or intentional disregard to claim punitive damages. Therefore, the Court should grant summary judgment because that there is no genuine dispute as to any material fact and judgment should be entered as a matter of law.

   A.   **Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Civil Conspiracy Claim.**

Plaintiff has failed to produce any evidence to support her civil conspiracy claim during discovery, and in fact, her own expert concedes and courts nationwide hold that her allegations are demonstrably false.

   1.   **Civil Conspiracy Under Wisconsin Law.**

In Wisconsin, civil conspiracy is an agreement between two or more persons to achieve an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Maleki v. Fine-Lando Clinic*, 162 Wis. 2d 73, 76, 469 N.W.2d 629, 630 (Wis. 1991); *Abdella v. Catlin*, 79 Wis. 2d 270, 275, 255 N.W.2d 516, 519 (Wis. 1977). To survive summary judgment, a plaintiff must produce competent evidence creating an issue of material fact on each of three elements: (1) the formation and operation of the conspiracy; (2) acts in furtherance of the conspiracy; and (3) damage to plaintiff caused by the conspiracy. *Onderank v. Lamb*, 79 Wis. 2d 241, 247, 255 N.W.2d 507, 510 (Wis. 1977); *Edwardson v. Am. Family Mut. Ins. Co.*, 223 Wis. 2d 754, 760, 589 N.W.2d 436, 438 (Wis. Ct. App. 1998).

Civil conspiracy therefore requires evidence that a defendant made an agreement to work toward an illegal objective or with illegal means. *Edwardson*, 223 Wis. 2d at 762. "At a minimum, to show a conspiracy there must be facts that show some agreement, explicit or otherwise, between the alleged conspirators on the common end sought and some cooperation toward the attainment of that end." *Augustine v. Anti-Defamation League of B'nai B'rith*, 75 Wis. 2d 207, 216, 249 N.W.2d 547, 552 (Wis. 1977). Parallel activity is insufficient to prove an agreement, as is membership in a trade organization. *Collins v. Eli Lilly Co.*, 116 Wis. 2d 166, 188, 342 N.W.2d 37, 47-48 (Wis. 1984); *see also Thomas v. Mallett*, 285 Wis. 2d 236, 701 N.W.2d 523 (Wis. 2005). Under the innocent construction rule, where evidence supports equal inferences of lawful and unlawful action, the claim of conspiracy "should not be submitted to the jury." *Maleki*, 162 Wis. 2d at 85; *see also Modern Materials, Inc. v. Advanced Tooling Specialists, Inc.*, 206 Wis. 2d 435, 447-48, 557 N.W.2d 835, 840 (Wis. Ct. App. 1996).

Further, a defendant cannot unwittingly be part of a civil conspiracy; instead, there must be evidence that the conspiracy was knowingly formed and that defendant knowingly participated in the unlawful plan with the intent to advance an object of the conspiracy. *Bruner v. Heritage Cos.*, 225 Wis. 2d 728, 736, 593 N.W.2d 814, 818 (Wis. Ct. App. 1999) ("[T]o form a conspiracy there must be an agreement to violate or disregard the law and the persons must knowingly be members of the conspiracy." (quotation and brackets omitted)); *Edwardson*, 223 Wis. 2d at 762 ("[M]ere knowledge, acquiescence or approval of a plan, without cooperation or agreement to cooperate, is not enough to make a person a party to a conspiracy."). Accordingly, a plaintiff must prove by more than mere suspicion or conjecture that there was a conspiracy. *Maleki*, 162 Wis. 2d at 85.

### 2. Plaintiff Has Produced No Evidence that Owens-Illinois Ever Committed a Civil Conspiracy.

Although Plaintiff has pleaded under Rule 11(b) that Owens-Illinois "knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes," she has produced no evidence to support those representations. (Pl.'s Compl. ¶¶ 24-28.) Her civil conspiracy claim and her factual contentions do not have, and never had, any evidentiary support whatsoever. Faced with discovery, Plaintiff refused even to answer or produce evidence to support her civil conspiracy allegations. (*Compare* Ex. D, Def.'s Interrog. No. 15 *with* Ex. C, Pl.'s Ans. Interrog. No. 15.) Not only has Plaintiff failed to present any evidence to survive summary judgment on her civil conspiracy claim, but she cannot escape Rule 11(b) with regard to her own allegations.

### 3. Plaintiff's "Expert" Admits There Is No Evidence that Owens-Illinois Ever Committed a Civil Conspiracy.

The testimony of Plaintiff's own proffered "expert," Barry Castleman, provides a basis to grant summary judgment as well. *See Yahnke v. Carson*, 2000 WI 74, 236 Wis. 2d 257, 613 N.W.2d 102 (Wis. 2000) (holding admissions of a party's experts controlling, and granting summary judgment); *Collignon v. Milwaukee County*, 163 F.3d 982, 990 (7th Cir. 1998) (same). Dr. Castleman is disclosed as an "expert" on "the knowledge and conduct of specific companies, including without limitation . . . Owens-Illinois." (*See* Pl.'s Statement of Expert Witness Reports at 1(g), ECF No. 84-7.)

Contrary to Plaintiff's own allegations that Owens-Illinois "knowingly and willfully combined, agreed, and conspired" to suppress information, Dr. Castleman testified as follows:

> Q. Dr. Castleman, you have no information that Owens-Illinois ever attempted to suppress the publication of any scientific research, do you?

> THE WITNESS:     Nothing comes to mind.
>
> Q.   You have no information that Owens-Illinois ever attempted to edit the scientific research of any other company or any other scientist?
>
> THE WITNESS:     I don't believe I have seen evidence of that.
>
> * * *
>
> Q.   You have no information that Owens-Illinois ever encouraged or tried to convince anybody to change published information about asbestos health hazards, correct?
>
> THE WITNESS:     Correct, is my answer to the question.
>
> Q.   You haven't seen any proof in the form of correspondence, company documents, testimony, or any other documentation that indicates that Owens-Illinois was ever a part of any agreement not to put warnings on asbestos products, correct?
>
> THE WITNESS:     Right.

(*See* Ex. I, Barry Castleman Dep. 62-94, Feb. 2, 2000.)

> Q.   Are you aware, Dr. Castleman, of any documents or other evidence showing that any company ever solicited Owens-Illinois' view about whether or not they should put a warning label on asbestos-containing materials?
>
> A.   No.
>
> Q.   Are you aware of any document or evidence of any kind showing that any company ever solicited Owens-Illinois' view about what warnings or cautions about asbestos health effects should appear or should not appear on asbestos-containing products?
>
> A.   No.
>
> Q.   Did Owens-Illinois ever, to your knowledge, participate in any other company's decision about whether or not to put a warning on an asbestos-containing product?
>
> A.   Not as far as I'm aware.
>
> Q.   Did Owens-Illinois, to your knowledge, ever participate in any other company's decision about the content of any warning or caution about the health risks of asbestos?
>
> A.   No.

(*See* Ex. J, Barry Castleman Dep. 145-46, Jan. 4, 2012.)

Therefore, Plaintiff's very own "expert" on "the knowledge and conduct of" Owens-Illinois concedes there is no evidence to support the allegations of civil conspiracy. These

admissions leave no fact issue. Based on her expert's concessions, as well as her failures in discovery, Plaintiff simply has not provided — nor could she ever provide — any evidence to support her allegations of civil conspiracy against Owens-Illinois.

> **4. Courts Nationwide Have Held that Owens-Illinois Did Not Commit a Civil Conspiracy.**

Courts nationwide have held that there is insufficient evidence as a matter of law to find Owens-Illinois liable for civil conspiracy. *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999); *Caldo v. Owens-Illinois, Inc.*, 23 Cal. Rtpr. 3d 1, 7-8 (Cal. Ct. App. 2004); *Andonian v. AC & S., Inc.*, 647 N.E.2d 190, 191 (Ohio App. Ct. 1994); *Garrelts v. Honeywell Int'l*, No. 11-L-121 (Ill. Cir. Ct. McLean Cty. Feb. 7, 2012) (attached as Ex. K); *Bowles v. Pneumo Abex*, No. 09-L-65 (Ill. Cir. Ct. Adams Cty. June 28, 2012) (attached as Ex. L); *Poole v. Pneumo Abex*, No. 06-L-9 (Ill. Cir. Ct. Morgan Cty. June 29, 2012) (attached as Ex. M).

Most notably, the Illinois Supreme Court has scrutinized similar allegations of conspiracy and held there was insufficient as a matter of law to support a conspiracy claim against Owens-Illinois. *McClure*, 188 Ill. 2d at 107-08, 720 N.E.2d at 790. It not only ruled the civil conspiracy claim should never have reached a jury, but took the extraordinary step of ordering the entry of *j.n.o.v.* in favor of Owens-Illinois. No reasonable jury, the Illinois Supreme Court held, could properly conclude that Owens-Illinois conspired. Even when the evidence presented was viewed most favorably to the plaintiffs, "no . . . verdict based on that evidence could ever stand." *Id.* at 132, 720 N.E.2d at 257 (citation omitted). Just like the failed conspiracy claim against Owens-Illinois in *McClure*, California and Ohio courts have rejected a legal theory related to conspiracy, called concert of action, when brought against Owens-Illinois. *Caldo*, 23 Cal. Rtpr. 3d at 7-8 (affirming trial court's demurrer of

concert of action against Owens-Illinois); *Andonian*, 647 N.E.2d at 191 (affirming trial court's directed verdict on concert of action against Owens-Illinois).

So too, Plaintiff has not and cannot come forward with any evidence to support her allegations of civil conspiracy. She cannot even come forward with any evidence to support her initial representations, and indeed, her own "expert" concedes and the courts nationwide hold that her civil conspiracy claim is baseless. At a minimum, the bare minimum, Owens-Illinois is entitled to summary judgment on her civil conspiracy claim.

**B.   Owens-Illinois Is Entitled to Summary Judgment on Plaintiff's Punitive Damages Claim.**

Under Wisconsin law, Plaintiff must provide clear and convincing evidence that Owens-Illinois acted maliciously, or with the intentional disregard for Plaintiff's rights, to claim punitive damages. *Strenke v. Hogner*, 279 Wis. 2d 52, 694 N.W.2d 296 (Wis. 2005). The Wisconsin Supreme Court has adopted the common law meaning of the word "malicious," requiring acts that are "the result of hatred, ill will, a desire for revenge or inflicted under circumstances where insult or injury is intended." *Id.* (quoting *Ervin v. City of Kenosha*, 159 Wis. 2d 464, 483, 464 N.W.2d 654 (Wis. 1991)). In this case, Plaintiff has not and cannot offer any evidence that Owens-Illinois intended to injure anyone. Furthermore, Plaintiff has not and cannot offer any evidence that Owens-Illinois acted in any manner that could be construed as the result of hatred, ill will, or a desire for revenge against any potential plaintiff.

Plaintiff also has not, nor can she, produce any evidence that Owens-Illinois ever acted with an intentional disregard of the rights of Plaintiff. When the Wisconsin Supreme Court examined the legislative history of the punitive damages statute, it determined the meaning of "intentional disregard of the rights of the plaintiff." *Id.* The *Strenke* Court held that "a result or consequence is intentional if the person acts with a purpose to cause the

result or consequence or is aware that the result or consequence is substantially certain to occur from the person's conduct." *Id.* Mere negligent conduct is insufficient to warrant punitive damages. *Id.*

As such, Plaintiff's allegations require clear and convincing evidence that Owens-Illinois knew that its conduct was substantially certain, and not merely likely, to cause harm. The term "substantially certain," as used in the context of punitive damages, is similar to the term "practically certain" in criminal law to determine intent. It means that the outcome to be produced from the conduct must be nearly inevitable. *Id.*; *see also Gouger v. Hardtke*, 167 Wis. 2d 504, 512-13, 482 N.W.2d 84, 88 (Wis. 1992) (finding "substantially certain" must approach inevitability). At a minimum, therefore, Plaintiff must provide evidence that Owens-Illinois had actual knowledge that failing to warn users that asbestos dust should be kept below the prescribed maximum was almost inevitable to lead to Plaintiff's rights being disregarded. *Strenke*, 279 Wis. 2d 52, ¶¶ 35-36.

Plaintiff has not provided any such evidence that Owens-Illinois was aware that its asbestos-containing thermal insulation was substantially certain to cause injury, nor could she. At the time Owens-Illinois manufactured insulation, it was not aware of any studies that its asbestos-containing thermal insulation products, when used normally, would produce respirable dust in excess of the then-prescribed maximum and could cause injury — let alone substantially certain to cause injury. Accordingly, Plaintiff cannot prove Owens-Illinois ever acted in a manner that would allow punitive damages under Wisconsin law, Wis. Stat. § 895.043, and the Court should enter summary judgment on Plaintiff's punitive damages claim.

V.  **CONCLUSION**

For these reasons, Owens-Illinois, Inc. respectfully requests this Court enter an order granting summary judgment in its favor and against Plaintiff on civil conspiracy and

punitive damages, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

Dated:  October 9, 2012                                    Respectfully submitted,

                  By: /s/ Brian O. Watson
                     Robert H. Riley
                     Edward Casmere
                     Brian O. Watson
                     Schiff Hardin LLP
                     233 S. Wacker Dr. Suite 6600
                     Chicago, Illinois  60606
                     (312) 258-5500
                     (312) 258-5600 (facsimile)

                     *Attorneys for Defendant*
                     *Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 9, 2012, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-0889
CH2\11910516.1