ASBST,JURY,MTP,NO_CMC,REMOVAL

# U.S. District Court
## Southern District of Mississippi (Southern)
## CIVIL DOCKET FOR CASE #: 1:14-cv-00060-KS-MTP
### Internal Use Only

Patton v. Phillips 66 Company et al
Assigned to: District Judge Keith Starrett
Referred to: Magistrate Judge Michael T. Parker
Case in other court: Circuit Court of Harrison County,
                     Mississippi, A2401-13-00291
Cause: 28:1441 Notice of Removal-Asbestos Litigation

Date Filed: 02/21/2014
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Richard Patton**                        represented by **Laurel Li Harris**
                                                         PORTER & MALOUF, PA
                                                         P. O. Box 12768
                                                         Jackson, MS 39236
                                                         601/957-1173
                                                         Fax: 601/957-7366
                                                         Email: laurelli@portermalouf.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Phillips 66 Company**                   represented by **Lindsey N. Oswalt**
*individually*                                           ADAMS AND REESE, LLP -
*doing business as*                                      Ridgeland
Drilling Specialties Company                             1018 Highland Colony Parkway
                                                         Suite 800
                                                         Ridgeland, MS 39157
                                                         601/292-0739
                                                         Fax: 601/944-9047
                                                         Email: lindsey.oswalt@arlaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **William C. Brabec**
                                                         ADAMS AND REESE, LLP -
                                                         Ridgeland
                                                         1018 Highland Colony Parkway
                                                         Suite 800
                                                         Ridgeland, MS 39157
                                                         601/353-3234
                                                         Fax: 601/355-9708

Email: bill.brabec@arlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phillips Petroleum Company**
*individually*
*doing business as*
Drilling Specialties Company
*doing business as*
Phillips 66 Company

**Defendant**

**Drilling Specialties Company, LLC**
*also known as*
DSC Drilling Specialties Company,
LLC

**Defendant**

**Conoco Phillips Company**      represented by **Lindsey N. Oswalt**
*Individually and as Successor by*              (See above for address)
*Merger to Phillips 66 Company,*                *LEAD ATTORNEY*
*Phillips Petroleum Company and*               *ATTORNEY TO BE NOTICED*
*Drilling Specialties Company*

                                **William C. Brabec**
                                (See above for address)
                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Montello, Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Dow Chemical Company**
*Individually and as Successor by*
*Merger of Union Carbide Corporation*

**Defendant**

**Oilfield Service and Supply
Company, Inc.**

**Defendant**

**GEO Drilling Fluids, Inc.**
*Individually and as Successor by*
*Merger with Mississippi Mud, Inc.*

**Defendant**

**John Does 1 through 5**

**Defendant**

**John Does 6 through 15**

**Defendant**

**John Does 16 through 30**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2014 | 1 | NOTICE OF REMOVAL by Conoco Phillips Company, Phillips 66 Company from Circuit Court of Harrison Co., MS, 1st Jud. Dist., case number A2401-13-291. (Filing fee $400.00, receipt number 14643005459)<br><br><span style="color:red">Pursuant to Rule L.U.Civ.R. 5(b): within 14 days removing party must electronically file the entire state court record as a single filing; and all parties shall, within fourteen days after the Case Management Conference, file as **separate docket items** any unresolved motions that were filed in state court which they wish to advance.</span> (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit State Court Complaint) (RLW) (Entered: 02/21/2014) |
| 02/21/2014 | 🔒 | (Court only) ***Set Magistrate MTP and NO CMC Flags (RLW) (Entered: 02/21/2014) |
| 02/24/2014 | 2 | Letter sent to MDL Clerk with docket entries and complaint/notice of removal. (wld) (Main Document 2 replaced on 2/24/2014) (wld) (Entered: 02/24/2014) |
| 02/24/2014 | | DOCKET ANNOTATION as to #2. MDL letter will be replaced with correct asbestos MDL letter. (wld) (Entered: 02/24/2014) |



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICHARD PATTON**                                                                                    **PLAINTIFF**

**VS.**                                       CIVIL ACTION NO: 1:14cv60KS-mTP

**PHILLIPS 66 COMPANY, INDIVIDUALLY and**
**d/b/a DRILLING SPECIALTIES COMPANY;**
**PHILLPS PETROLEUM COMPANY, INDIVIDUALLY and**
**d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING**
**SPECIALTIES COMPANY; DRILLING SPECIALTIES**
**COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES**
**COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,**
**INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO**
**PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM COMPANY**
**AND DRILLING SPECIALTIES COMPANY; MONTELLO, INC.;**
**UNION CARBIDE CORPORATION; DOW CHEMICAL**
**COMPANY, INDIVIDUALLY AS SUCCESSOR BY MERGER**
**OF UNION CARBIDE CORPORATION; OILFIELD SERVICE**
**AND SUPPLY COMPANY, INC.; GEO DRILLING FLUIDS, INC.**
**INDIVIDUALLY AND AS SUCCESSOR BY MERGER**
**WITH MISSISSIPPI MUD, INC.; JOHN DOES 1 THROUGH 5,**
**JOHN DOES 6 THROUGH 15, and**
**JOHN DOES 16 THROUGH 30**                                          **DEFENDANTS**

## NOTICE OF REMOVAL

COMES NOW Defendant Chevron Phillips Chemical Company, LP, incorrectly

identified in Plaintiff's Complaint as Conoco Phillips Company and Phillips 66 Company,

formerly d/b/a Drilling Specialties Company, and as successor in interest to Phillips Petroleum

Company and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 hereby removes this cause to this

Court and in support thereof would show as follows:

1.      On or about November 27, 2013, Plaintiff Richard Patton ("Plaintiff")

commenced this action styled *Richard Patton v. Phillips 66 Company, et al.*, by filing his

Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial District, Civil Action No. A2401-13-291.

2.      Chevron Phillips Chemical Company, LP, incorrectly identified in Plaintiff's Complaint as Conoco Phillips Company and Phillips 66 Company, formerly d/b/a Drilling Specialties Company, and as successor in interest to Phillips Petroleum Company was served on January 21, 2014.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999).  In accordance with L.U. R5(b), a certified copy of the state court record as of the date of this filing will be supplemented to this Court within fourteen days.

3.      All properly joined and served Defendants consent to this removal.[1]  *See* Signature Page, attached.  By filing this Notice of Removal, Defendants have appeared and do not waive, but hereby affirmatively assert, any and all affirmative and/or other defenses available and/or applicable to them, including those set forth under Mississippi and/or Federal Rules of Civil Procedure 8 and 12.

4.      This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.  On the face of his Complaint, Plaintiff asserts General Maritime Law claims against all "asbestos defendants."  He specifically alleges exposure to asbestos-containing products while working offshore.  *See* Complaint at § II.

---

[1]      The Dow Chemical Company is a "nominal" or "formal" party who need not consent to removal. *See Farias v. Bexas County Bd. of Trustees for Mental Health Mental Retardation Svs.*, 925 F.2d 866, 871 (5th Cir. 1991) (declining to require consent to removal by "nominal" parties against whom Plaintiff could not establish a cause of action in state court).  Here, the Court may take judicial notice that The Dow—sued as successor-in-interest to UCC—did not acquire UCC until 2001, nearly twenty years after the latest allegation of product exposure in Plaintiff's Complaint.  Plaintiff therefore could not have had any expectation that The Dow would be responsible for UCC's actions in tort at the time these alleged torts were committed.  Nor does Mississippi law permit a parent company to be held liable for the unlawful acts of its subsidiary. *Penn Nat'l Gaming v. Ratliff*, 954 So. 2d 427, 431-32 (Miss. 2007).

5.    Under 28 U.S.C. § 1333, district courts "have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil action of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled." This provision preserves the right of maritime suitors to pursue nonmaritime remedies. *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996). It does not, the Fifth Circuit has held, guarantee them a nonfederal forum or limit the right of defendants to remove such actions to federal court. *Id.* Rather, prior to January 1, 2012, claims under the General Maritime Law were not removable because the federal removal statute, 28 U.S.C. § 1441(a), allowed only removal of claims over which the district court had original jurisdiction, "*[e]xcept as otherwise expressly provided by Act of Congress.*" 28 U.S.C.A. § 1441(b) (West 2006) (emphasis added). Section 1441(b) supplied such an Act of Congress preventing removal of maritime law claims. Specifically, the prior version of Section 1441(b) limited federal question removal to actions over which the district court had original jurisdiction "founded on a claim or right under the Constitution, treaties or laws of the United States" 28 U.S.C.A. § 1441(b) (West 2006). General Maritime Law claims indisputably do not arise under the Constitution, treaties or laws of the United States. Accordingly, the Fifth Circuit determined that Section 1441(b) prohibited removal of General Maritime Law claims under Section 1441(a). *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959).

6.    However, effective January 1, 2012, Section 1441(b) was amended to eliminate the provision that only claims "founded on a claim or right under the Constitution, treaties or laws of the United States" were removable as federal questions. 28 U.S.C. A. § 1441(a) & (b) (West Supp. 2012). Accordingly, Congress removed from the code the only "Act of Congress" preventing removal of claims made under the General Maritime Law.

7.    In *Ryan v. Hercules Offshore, Inc.*, 2013 WL 1967315, *5 (S.D. Tex. May 13, 2013), a district court in this circuit interpreted the amended version of Section 1441 to allow removal of claims made under the General Maritime Law.  The *Ryan* court presumed Congress was aware that the prior version of Section 1441(b) was the anchor by which General Maritime Law claims were preserved to state court, and therefore concluded Congress intended to remove that anchor when amending Section 1441(b).  *Id.* at *2; *Bowen v. Massachusetts*, 487 U.S. 879, 896 (1988).  Because federal district courts have "original jurisdiction" over maritime claims, there remained no barrier to removal of such claims. *Id.* at *5.

8.      Likewise, a Louisiana District Court just last month adopted the Report and
Recommendation of a Magistrate Judge finding that General Maritime Law claims are
removable following the amendments to Section 1441. *Bridges v. Phillips 66 Co.*, 2013 WL
6092803 (M.D.La. Nov. 19, 2013). The court adopted the reasoning in *Ryan* wholesale. *Id.* at
*4. Importantly, the Louisiana court further concluded that the inclusion of a non-removable
Jones Act claim did not prevent removal of General Maritime Law Claims. *Id.* at *4; *see also
Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322, *3 (S.D. Tex. June 18, 2013).

9.      CPChem, after filing this Notice of Removal, will promptly give notice to all
adverse parties and to the Circuit Clerk for Harrison County, Mississippi, First Judicial District,
and will further file a copy of this Notice of Removal with the Circuit Clerk of Harrison County,
Mississippi, First Judicial District.

10.     CPChem further reserves the right to amend and/or supplement this Notice of
Removal.

WHEREFORE, PREMISES CONSIDERED, Defendant Chevron Phillips Chemical
Company LP, as successor in interest to ConocoPhillips Company f/k/a Phillips Petroleum
Company and Phillips 66, formerly d/b/a Drilling Specialties Company, without waiving any
defenses available under the Federal or State Rules of Civil Procedure, respectfully requests that
this Court assume jurisdiction over the cause herein as provided by law.

RESPECTFULLY SUBMITTED this the 20th day of February 2014.

**Chevron Phillips Chemical Company LP, as successor in
interest to Phillips Petroleum Company f/k/a ConocoPhillips
and n/k/a Phillips 66 Company and Phillips 66 Company
formerly d/b/a Drilling Specialties Company, and incorrectly
identified in Plaintiff's Complaint as ConocoPhillips Company
and Phillips 66 Company**

William C. Brabec

OF COUNSEL:

J. Jeffrey Trotter
MS Bar No. 9670
William C. Brabec
MS Bar No. 4240
Lindsey N. Oswalt
MS Bar No. 103329
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone: 601-353-3234
Facsimile: 601-355-9708

## CERTIFICATE OF SERVICE

I, Lindsey N. Oswalt, hereby certify that I have this day caused a true and correct copy of the foregoing document to be served on counsel for the Plaintiff as listed below, and to all defense counsel of record via electronic mail:

Patrick C. Malouf
Laurel Li Harris
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, MS 39236

Dated: February 20, 2014.

LINDSEY N. OSWALT

CONSENTED TO BY:

_____

Tara S. Clifford
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215-1084
Telephone: 601.914.5248

*Counsel for GEO Drilling Fluids, Inc.*

_____

Marcy B. Croft
Laura D. Goodson
Jordan M. Mason
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Jackson, MS 39201
Telephone: 601.960.8600

*Counsel for Union Carbide Corporation*

_____

Jason E. Fortenberry
Bradley Arant Boult Cummings LLP
Suite 400, One Jackson Place
188 East Capitol St.
Jackson, MS 39201
Telephone: 601.948.8000

*Counsel for Oilfield Service and Supply Company, Inc.*

_____

David C.L. Gibbons, Jr.
Thompson, Gibbons & Westholz, LLC
One Canal Place,
365 Canal St., Suite 2960
New Orleans, LA 70130

Andrew S. Hartman
Hartman, Blacksock & Moore
P. O. Box 700450
Tulsa, OK 74710

*Counsel for Montello, Inc.*

5

CONSENTED TO BY:

Tara S. Clifford  MSB #/100062
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215-1084
Telephone: 601.914.5248

*Counsel for GEO Drilling Fluids, Inc.*

Marcy B. Croft
Laura D. Goodson
Jordan M. Mason
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Jackson, MS 39201
Telephone: 601.960.8600

*Counsel for Union Carbide Corporation*

Jason E. Fortenberry
Bradley Arant Boult Cummings LLP
Suite 400, One Jackson Place
188 East Capitol St.
Jackson, MS 39201
Telephone: 601.948.8000

*Counsel for Oilfield Service and Supply Company, Inc.*

David C.L. Gibbons, Jr.
Thompson, Gibbons & Westholz, LLC
One Canal Place,
365 Canal St., Suite 2960
New Orleans, LA 70130

Andrew S. Hartman
Hartman, Blacksock & Moore
P. O. Box 700450
Tulsa, OK 74710

*Counsel for Montello, Inc.*

CONSENTED TO BY:

_____

Tara S. Clifford
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215-1084
Telephone: 601.914.5248

*Counsel for GEO Drilling Fluids, Inc.*

_____
Marcy B. Croft
Laura D. Goodson
Jordan M. Mason
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Jackson, MS 39201
Telephone: 601.960.8600

*Counsel for Union Carbide Corporation*

_____

Jason E. Fortenberry
Bradley Arant Boult Cummings LLP
Suite 400, One Jackson Place
188 East Capitol St.
Jackson, MS 39201
Telephone: 601.948.8000

*Counsel for Oilfield Service and Supply Company, Inc.*

_____

David C.L. Gibbons, Jr.
Thompson, Gibbons & Westholz, LLC
One Canal Place,
365 Canal St., Suite 2960
New Orleans, LA 70130

Andrew S. Hartman
Hartman, Blacksock & Moore
P. O. Box 700450
Tulsa, OK 74710

*Counsel for Montello, Inc.*

CONSENTED TO BY:

_____
Tara S. Clifford
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215-1084
Telephone: 601.914.5248

*Counsel for GEO Drilling Fluids, Inc.*

_____
Marcy B. Croft
Laura D. Goodson
Jordan M. Mason
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Jackson, MS 39201
Telephone: 601.960.8600

*Counsel for Union Carbide Corporation*

_____
Jason E. Fortenberry
Bradley Arant Boult Cummings LLP
Suite 400, One Jackson Place
188 East Capitol St.
Jackson, MS 39201
Telephone: 601.948.8000

*Counsel for Oilfield Service and Supply Company, Inc.*

_____
David C.L. Gibbons, Jr.
Thompson, Gibbons & Westholz, LLC
One Canal Place,
365 Canal St., Suite 2960
New Orleans, LA 70130

Andrew S. Hartman
Hartman, Blacksock & Moore
P. O. Box 700450
Tulsa, OK 74710

*Counsel for Montello, Inc.*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

SOUTHERN DISTRICT OF MISSISSIPPI

**FILED**

FEB 21 2014

ARTHUR JOHNSTON
BY _____ DEPUTY

1:14cv60KS-MTP

## I. (a) PLAINTIFFS

Richard Patton

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Patrick Malouf and Laurel Li Harris, Porter & Malouf, P.A., P.O. Box 12768, Jackson, MS 39236, 601.957.1173.

## DEFENDANTS

Phillips 66 Company, individually and d/b/a Drilling Specialties Company, et al.

County of Residence of First Listed Defendant  **Montgomery County, Texas**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Jeff Trotter and Lindsey Oswalt, Adams and Reese LLP, 1018 Highland Colony Pkwy, Ste 800, Ridgeland, MS 39157

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 1441, 28 U.S.C. sec. 1333
Brief description of cause:
Plaintiff alleges injuries resulting from use of asbestos-containing products in the oilfield.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  02/19/2014

SIGNATURE OF ATTORNEY OF RECORD
*Lindsey N. Oswalt*

FOR OFFICE USE ONLY

RECEIPT #  1:14-3005459  AMOUNT $ 400.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

RICHARD PATTON **FILED** PLAINTIFF

NOV 27 2013

GAYLE PARKER
CIRCUIT CLERK

VS. CIVIL ACTION NO. A2401-13-291

BY_____DC

PHILLIPS 66 COMPANY, INDIVIDUALLY and
d/b/a DRILLING SPECIALTIES COMPANY;
PHILLIPS PETROLEUM COMPANY, INDIVIDUALLY and
d/b/a PHILLIPS 66 COMPANY and/or d/b/a DRILLING
SPECIALTIES COMPANY; DRILLING SPECIALTIES
COMPANY, L.L.C. a/k/a DSC DRILLING SPECIALTIES
COMPANY, L.L.C.; CONOCO PHILLIPS COMPANY,
INDIVIDUALLY AND AS SUCCESSOR BY MERGER
TO PHILLIPS 66 COMPANY, PHILLIPS PETROLEUM
COMPANY and DRILLING SPECIALTIES COMPANY;
MONTELLO, INC.; UNION CARBIDE CORPORATION;
DOW CHEMICAL COMPANY, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER OF UNION CARBIDE CORPORATION;
OILFIELD SERVICE AND SUPPLY COMPANY, INC.;
GEO DRILLING FLUIDS, INC. INDIVIDUALLY AND AS
SUCCESSOR BY MERGER WITH MISSISSIPPI MUD, INC.;
JOHN DOES 1 THROUGH 5, JOHN DOES 6 THROUGH 15,
and JOHN DOES 16 THROUGH 30 **DEFENDANTS**

COMPLAINT

COMES NOW Plaintiff, Richard Patton, and files his Complaint against the Defendants

and would show unto the Court the following, to-wit:

I. PLAINTIFF

The Plaintiff is an adult resident citizen of the State of Mississippi, who resides in

Harrison County. The Plaintiff resides at 21117 Saucier Advance Road, Saucier, MS 39574.

The Plaintiff's Social Security Number is XXX-XX-XXXX (will be provided to defense counsel

via e-mail).

Plaintiff is alleging that he suffers from asbestosis and asbestos-related lung disease.

## II. WORK HISTORY

The Plaintiff is claiming exposure to asbestos while working in the oil industry from 1978 until 1982. The Plaintiff was a Boat Captain for Elevating Boats from 1978 until 1980. While employed by Elevating Boats the Plaintiff would have to pull his boat up to active drilling rigs in the Gulf of Mexico. The Plaintiff shipped out of Braithwaite, LA while employed for Elevating Boats. The Plaintiff also worked for Boson Marin from 1981 until 1982 as a boat captain, shipping out of New Orleans, LA. The Plaintiff would pull his boat up to active drilling rigs while employed for Elevating Boats and Boson Marine. While employed by Elevating Boats, the Plaintiff's boat was contracted to Kerr and Magee. Plaintiff was required to stay on site in case there was a need to evacuate from the rig. During these times Plaintiff was nearby where drilling mud was constantly being mixed. While employed for Elevating Boats and Boson Marine, the Plaintiff was exposed to Drilling Specialties/CP Chem – FLOSAL from approximately 1978 until 1982 and to Union Carbide and Montello – Visbestos and Super Visbestos from approximately 1978 until 1982.

## III. DEFENDANTS

### ASBESTOS DEFENDANTS

The following are manufacturers, distributors and/or users of asbestos products to which Plaintiff was exposed and by which Plaintiff was injured. These Defendants are hereinafter at times collectively referred to as "Asbestos Defendants."

### A.

Defendant, **Union Carbide Corporation** is a foreign corporation licensed to do business in the State of Mississippi, and can be served by serving its registered agent CT Corporation

2

System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

**B.**

Defendant, The Dow Chemical Company, is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

**C.**

Defendant, Montello, Inc. is a foreign corporation not registered in the State of Mississippi but doing business in the State of Mississippi, having committed a tort in whole or in part in the State of Mississippi, and participated in the making and/or performance in the State of Mississippi, and can be served pursuant to §§13-3-49 and 13-3-57 of the Miss. Code Ann. and Rule 4(C)(5) and 4(D)(4) of the Mississippi Rules of Civil Procedure.

**D.**

The "PHILLIPS DEFENDANTS"

Defendant, ConocoPhillips Company, individually, and d/b/a Phillips Petroleum Company, and/or d/b/a Phillips 66 Company and/or d/b/a Drilling Specialties Company, and as successor by merger to Phillips Petroleum Company, Phillips 66 Company and Drilling Specialties Company, is a foreign corporation licensed to do business in the State of Mississippi and can be served by serving its registered agent CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive #1502, Flowood, Mississippi.

**G.**

Defendant, Oilfield Service and Supply Company, Inc. is a Mississippi corporation doing business in the State of Mississippi and can be served by serving its registered agent Robert M. Stone, Jr., 1991 Highway 184, Laurel, Mississippi.

3

**H.**

Defendant, **GEO Drilling Fluids, Inc.**, individually, and as successor in interest through

merger with **Mississippi Mud, Inc.**, is a Delaware corporation which was previously licensed to

and did business in the State of Mississippi and can be served by serving its registered agent, The

Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400 Wilmington, Delaware

19808. Plaintiff worked with asbestos-containing drilling mud additives sold, distributed,

supplied and/or otherwise placed in the stream of commerce by Mississippi Mud, Inc.

## JOHN DOE DEFENDANTS

**I.**

The **John Doe** Defendants are entitles known to the Defendants but unknown to the

Plaintiff until adequate discovery is allowed in this case.

1. John Doe Defendants 1 through 5 are Mississippi resident Defendants who

participated in the manufacture, sale, packaging, distribution, use, advertising and transportation

of asbestos products from 1965 through approximately 1986 because said John Doe Defendants

knew or should have known of the unreasonably dangerous character of asbestos products and

were negligent in their actions and further responsible in strict liability for their actions to the

Plaintiff. These Mississippi resident John Doe Defendants will be added when determined by

discovery.

2. John Does 6 through 15 are Defendants who analyzed, consulted, manufactured,

distributed, packaged, transported, sold, used, or participated in any form or fashion in the

ultimate use of asbestos product to which the Plaintiff was exposed from approximately 1965

through approximately 1986 to be determined by discovery and joined by amendment when

discovered.

4

3.    John Does 16 through 30 are Jones Act employers of the Plaintiff that are predecessor, successor, part, subsidiary or related entities of the named Defendant(s). "Jones Act employers" may be determined by discovery herein as to the exact corporate entities who were Jones Act employers of Plaintiff prior to 1987 but only known to Plaintiff by common names rather than by a corporate legal name.

IV.

Venue is proper in this County. Plaintiff is a resident of Harrison County in the State of Mississippi claiming damages from exposure to asbestos as alleged herein by Defendants' tortious conduct as alleged herein. Plaintiff was exposed to asbestos in this County, exposed by the products of manufacturing, distributing and/or marketing Defendants joined herein, or exposed by Jones Act employers joined herein pursuant to MRCP Rule 20 and existing State Law.

V. CAUSES OF ACTION

1.    This suit arises from injuries caused to Plaintiff because of his frequent and sustained exposure to asbestos products that were negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by UNION CARBIDE, DOW CHEMICAL COMPANY, the "PHILLIPS DEFENDANTS," MONTELLO, INC., OILFIELD SERVICE AND SUPPLY COMPANY, INC., and MISSISSIPPI MUD, INC. AND ITS PREDECESSOR AND SUCCESSOR CORPORATIONS, sometimes referred to collectively as "Asbestos Defendants." Plaintiff has developed asbestos maladies as a result of his exposure to these Defendants' products and their use of asbestos products.

2.    The Asbestos Defendants have been in the business of manufacturing, distributing, marketing and selling products containing asbestos for many decades. At the time

5

these products were placed in the stream of commerce the Asbestos Defendants, both collectively and individually, had actual knowledge of the unreasonably dangerous propensities of asbestos. These Defendants knew and/or should have known of the unreasonably dangerous application of asbestos as it affects this Plaintiff and others similarly situated for all of the exposure time period alleged herein.

3.      Defendants engaged in a continuous and calculated course of conduct in which it exposed workers to its deadly products for decades while knowing full well that these products caused asbestosis, lung cancer and mesothelioma. The Defendants were manufacturers and/or knowledgeable distributors or sellers of asbestos and asbestos products at a time when the dangers of asbestos were known or should have been known to them and they failed to warn and/or protect the Plaintiff.

4.      Additionally, notwithstanding such knowledge, Defendants have manufactured, sold, distributed, failed to warn Plaintiff, and used asbestos negligently and in violation of the laws of the State of Mississippi, both statutory and case law, such as to submit them to strict liability for their products and for the failure to properly warn the Plaintiff about the dangers of their product.

5.      Plaintiff worked with and was exposed to asbestos-containing products, including but not limited to drilling mud additives, in his occupation while working in various oil fields and facilities. Plaintiff was exposed, on numerous occasions, to asbestos-containing products, produced, marketed, distributed, sold and/or used by the Defendants and, in doing so, inhaled great quantities of asbestos fibers. Plaintiff handled and was exposed to asbestos drilling mud additives frequently on a regular basis, was frequently and regularly covered in Defendants' asbestos products, and frequently and regularly breathed in Defendants' asbestos products.

6

6.  Defendants were negligent, and it was the negligence of Defendants that caused Plaintiff to suffer injuries and damages. Defendants also defectively designed, defectively manufactured, and defectively marketed the asbestos-containing products that caused Plaintiff's injuries and damages. The Defendants' asbestos drilling mud products were designed in a defective manner at the time they left the control of Defendants. The defective condition or failure to use a feasible design alternative rendered the asbestos products unreasonably dangerous to Plaintiff; and the defective and unreasonably, dangerous condition of the product, if any, was the proximate cause of the Plaintiff's damages.

7.  Defendants failed to warn Plaintiff regarding the terrible dangers of their products, and, in the alternative, any alleged warning was inadequate and/or defective. Defendants had actual knowledge of the significant dangers associated with their products, but they nevertheless sold raw asbestos drilling mud additives in fifty pound bags for use by oil field workers like Plaintiff in the oil and gas drilling industry from the 1960s to 1980s.

8.  Plaintiff's injuries, illnesses and damages are a direct and proximate result of the negligence of Defendants and the unreasonably dangerous products they designed, manufactured, marketed, sold, and used. Such negligence and strict liability was also the result of intentional actions and reckless indifference to the safety, health and welfare of the Plaintiff and others similarly situated.

9.  The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claims against the Asbestos Defendants for negligence, defective design, defective manufacture, failure to warn, strict liability, intentional infliction of emotional distress, negligent infliction of emotional distress and fear of cancer under Mississippi Law.

7

10.    In the event that any Defendant alleges that Plaintiff's claims are barred by the statute of limitations, Plaintiff asserts that the limitations period on all causes of action is tolled by virtue of Defendants' fraud, fraudulent concealment, the discovery rule, or the laws of the State of Mississippi. Additionally, each action of Defendant and each incident of injury suffered by Plaintiff established an additional cause of action resulting in a continuous tort against Plaintiff.

11.    <u>GENERAL MARITIME LAW CLAIMS AGAINST ABOVE NAMED ASBESTOS DEFENDANTS:</u>

To the extent Plaintiff was exposed to asbestos drilling mud and additives negligently and defectively designed, manufactured, marketed, distributed, supplied, sold and used by the above named "Asbestos Defendants" while Plaintiff worked on oil rigs in the Gulf of Mexico, Plaintiff specifically pleads that general maritime law applies to such periods of exposure and arising injuries. Such GML claims include, but are not limited to, the following:

    a.  Punitive damages against all named Asbestos Defendants for any exposure and injury suffered while working on navigable water;

    b.  In the event any parties which may be found to be responsible for any damages owed to the Plaintiff are bankrupt or in bankruptcy protection, said named Asbestos Defendants are liable for such bankrupt responsible party's share of fault;

    c.  Product liability claims as allowed under GML (in adopting the Restatement 2nd of Torts);

    d.  General negligence claims as allowed under GML for all negligent actions as outlined above including failing to warn, and exposing Plaintiff to

products/substances which were or should have been known to cause injury;

e. Fear of cancer and medical monitoring damages (as well as all other plead below);

f. Pre-judgment interest from date of injury on all past damages; AND

g. All other rights and remedies as provided for by GML.

12. In regard to the above named Jones Act Defendants, Plaintiff herein worked as Jones Act seamen for such Jones Act Defendants. Plaintiff hereto pleads that he was previously employed by such Defendants as a Jones Act seaman, more or less permanently assigned to a vessel or fleet of vessels under the Jones Act, 46 U.S.C. Sections 30104 et seq (formally 46 U.S.C. Section 688), and during such periods of employments was exposed to drilling mud, or drilling mud additives which were, or which contained, asbestos. Plaintiff brings such claims under the Jones Act in this court pursuant to the 'savings to suitors' clause. These Jones Act Defendants are jointly liable to the Plaintiff in with the aforementioned Asbestos Defendants.

13. In regard to each of the above named Jones Act Defendants, Plaintiff alleges each such Defendant(s) was/were negligent under the Jones Act and Plaintiff pleads the following non-exclusive acts of negligence under the Jones Act:

a. Breach of a legally imposed duty of reasonable care owed by the Jones Act Defendants to the Plaintiff;

b. Failing to provide Plaintiff with a safe place to work, to wit, allowing dangerous asbestos fibers to be present without providing adequate protection or PPE;

c. Failing to provide adequate health protections including proper PPE;

d. Failing to warn Plaintiff of health hazards that were known, or should have been known, by the Jones Act Defendants;

9

e. Exposing Plaintiff to asbestos when such was a known health hazard;

f. Ignoring then known safety standards and warnings in regard to the use and handling of asbestos products, including but not limited any and all applicable (or instructive) Federal regulations;

g. Failing to monitor and supervise Plaintiff to ensure the safe use and handling of asbestos products;

h. And all other acts of negligence as may be discovered and will be shown at the trial of this matter.

14. Pursuant to the General Maritime Law of the United States of America, the Jones Act Defendant(s) had and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

15. As a result of the aforementioned exposure to asbestos, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as seamen. Plaintiff has not reached maximum cure in connection with his injuries.

16. Therefore, the Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should the Jones Act Defendants fail to honor their maintenance and cure obligations, the Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the Defendants which would result in a deterioration of the Plaintiff's medical conditions.

17. Plaintiff specifically pleads that the subject vessels upon which he worked were rendered unseaworthy due to the above facts.

10

18.    Plaintiff specifically alleges a claim for punitive damages against the Jones Act Defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Jones Act Defendant(s) to pay maintenance and cure benefits but also for any gross negligence of the Jones Act Defendant(s), or unseaworthiness of the vessel(s) as may be allowed under General Maritime Law.

19.    Plaintiff further alleges a claim for medical monitoring under the Jones Act and maritime law as against the Jones Act Defendant(s). Such claim includes payment of future medical monitoring costs to ensure Plaintiff's health and to avoid further health damage to Plaintiff due to his asbestos exposure.

20.    The action of all of these Defendants jointly, severally, individually and in concert have caused or contributed to the injuries of the Plaintiff for which he now brings his claim against the Asbestos Defendants for negligence and also strict liability under Mississippi Law and against the Jones Act Asbestos Defendants for negligence and strict liability under Mississippi Law and further for their claims against the Jones Act Asbestos Defendants under the Jones Act.

## VI. DAMAGES

Plaintiff demands recovery of and from all of the Defendants herein for damages of:

1.    Past and future lost wages;

2.    Past and future medical expenses;

3.    Past and future pain, suffering and mental anguish;

4.    Loss of enjoyment of life;

5.    Punitive damages.

6.    Emotional distress; and

7.    Fear of cancer.

### VII.

The Plaintiff claims all of his rights to his selection of pursuing his claim in the State Courts of Mississippi, as provided through the Savings to Suitors clause of the United States Laws.

### VIII.

Plaintiff herein makes no claim under Federal law other than claims, if any, subject to the Savings for Suitors Clause.

### IX.  JURY DEMANDED

Plaintiff demands a trial by jury.

### X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of, from and against these Defendants, both jointly and severally, in a sum and amount to exceed $75,000 exclusive of costs and interest.  In addition, Plaintiff demands punitive damages, attorneys' fees and all costs of Court herein accruing and all further damages that the Court may deem appropriate in this case.

Respectfully submitted this, the 26th day of _November_, 2013.

RICHARD PATTON, Plaintiff

BY: _____

Laurel Li Harris
*Attorney for Plaintiff*

OF COUNSEL:

Timothy W. Porter (MSB #9687)

12

Patrick C. Malouf (MSB #9702)
John T. Givens (MSB #101561)
Laurel Li Harris (MSB #104078)
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, MS 39236-2768
Telephone:     (601) 957-1173
Facsimile:     (601) 957-7366