ECF Western District of Wisconsin                                          https://ecf.wiwd.circ7.dcn/cgi-bin/DktRpt.pl?252069785741212-L_1_0-1

Case MDL No. 875 Document 9665-1 Filed 02/24/14 Page 1 of 19
Case: 3:14-cv-00143-slc Document #: 3-1 Filed: 02/24/14 Page 1 of 2

DIVERSITY, UNCONSENTED,

# U.S. District Court
# Western District of Wisconsin (Madison)
# CIVIL DOCKET FOR CASE #: 3:14-cv-00143-slc
# Internal Use Only

| | |
|---|---|
| Prust, Virginia v. Weyerhaeuser Company et al | Date Filed: 02/21/2014 |
| Assigned to: Magistrate Judge Stephen L. Crocker | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

## Plaintiff

**Virginia Prust**
*Individually and as Special Administrator
on behalf of the Estate of Valmore Prust*

represented by **Michael P. Cascino**
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
312-944-0600
Fax: 312-944-1870
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

## Defendant

**Weyerhaeuser Company**
*a corporation*

## Defendant

**3M Company**
*a corporation*

## Defendant

**Clarkson Industries Inc.**
*a corporation*

## Defendant

**Donaldson Company, Inc.**
*a corporation*

## Defendant

**Gardner-Denver Inc.**

## Defendant

**Metropolitan Life Insurance Company**
*a corporation*

ECF Western District of Wisconsin https://ecf.wiwd.circ7.dcn/cgi-bin/DktRpt.pl?252069785741212-L_1_0-1

Case: MDL No. 875 Document 9665-1 Filed 02/24/14 Page 2 of 19
Case: 3:14-cv-00143-slc Document #: 3-1 Filed: 02/24/14 Page 2 of 2

**Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Defendant**

**Joseph Wendlick**
*an individual*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2014 | | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to a Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (voc) (Entered: 02/24/2014) |
| 02/24/2014 | | Case non-randomly assigned to Magistrate Judge Stephen L. Crocker. (voc) (Entered: 02/24/2014) |
| 02/22/2014 | 2 | Corporate Disclosure Statement by Plaintiff Virginia Prust (Cascino, Michael) (Entered: 02/22/2014) |
| 02/21/2014 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1302780.), filed by Virginia Prust. (Attachments:<br># 1 Exhibit A - Defendants' States of Incorporation and Principal Places of Business,<br># 2 JS-44 Civil Cover Sheet) (Cascino, Michael) Modified on 2/24/2014 (jaf). (Entered: 02/21/2014) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Virginia Prust, Individually and as Special Administrator for the Estate of Valmor Prust, Deceased,<br><br>               Plaintiff,<br>   v.<br><br>Weyerhaeuser Company, *a corporation;*<br>3M Company, *a corporation*;<br>Clarkson Industries, Inc., *a corporation*;<br>Donaldson Company, Inc., *a corporation*;<br>Gardner Denver, Inc., *a corporation*;<br>Metropolitan Life Insurance Company*, a corporation*;<br>Owens-Illinois, Inc., *a corporation*;<br>Joseph Wendlick, *an individual*;<br><br>               Defendants. | Case No. 14-cv-143 |

## COMPLAINT

Now comes the plaintiff, Virginia Prust, by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Virginia Prust is the widow of decedent Valmore Prust and is an adult citizen and resident of Marshfield, Wisconsin.

2. Decedent Valmore Prust died in the state of Wisconsin on May 17, 2013. Prior to his death, decedent was an adult citizen and resident of Marshfield, Wisconsin.

3. **Defendant Weyerhaeuser Company** ("Weyerhaeuser") is the former owner of the Marshfield, Wisconsin door manufacturing plant ("Marshfield plant") where asbestos products were manufactured and used. Defendant Weyerhaeuser Company is also legally responsible for the conduct of Roddis Plywood Corporation.

4. **Defendant 3M Company** ("3M") designed, manufactured, and sold masks, including without limitation the 3M 8710. 3M represented that its masks prevented exposure to asbestos, but they failed to protect Decedent against such exposures.

5. **Defendant Clarkson Industries, Inc.** ("Clarkson") designed, manufactured, and sold dust control devices, including without limitation Hoffman dust collection systems. Clarkson represented its Hoffman dust collection systems as preventing asbestos dust from contaminating the plant and the surrounding environment. However, the Hoffman system at the Marshfield plant routinely malfunctioned, exposing decedent to asbestos dust both in the plant and in the surrounding environment.

6. **Defendant Donaldson Company, Inc.** ("Donaldson") is responsible for the conduct of Carter Day. Carter Day designed, manufactured, and sold dust control devices, including without limitation baghouse dust collectors. Carter Day represented that its baghouses prevented asbestos dust from contaminating the plant and the surrounding environment. However, the Carter Day bag filter houses at the Marshfield plant routinely malfunctioned, exposing decedent to asbestos dust both in the plant and in the surrounding environment.

7. **Defendant Gardner Denver, Inc.** ("Gardner Denver") is responsible for the conduct of Clarkson Industries, Inc. (See above.)

8. **Defendant Joseph Wendlick** ("Wendlick") was Weyerhaeuser's Industrial Hygienist. As such, he was responsible for the safety procedures as well as the specification, installation, and/or maintenance of engineering controls and protective equipment—including without limitation baghouses, dust collection systems, and masks— at the Marshfield plant. Decedent was exposed to asbestos dust as a result of improper specification, installation, and/or maintenance of engineering controls at the Marshfield plant.

9. **Defendant Metropolitan Life Insurance Company** ("MetLife") conspired and acted to conceal information about the health hazards of asbestos from both individual end-users and industry.

10. **Defendant Owens-Illinois, Inc.** ("O-I") manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation. Owens-Illinois Inc. also licensed a process patent for the manufacture of fire doors incorporating asbestos-containing cores to Roddis Plywood Corporation and Weyerhaeuser Company.

11. Defendant Joseph Wendlick is an individual and resides in the State of Washington. All other defendants are corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin. *See* Exhibit A for the states of incorporation and principal place of business of each defendant.

12. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

13. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

14. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

15. Decedent inhaled airborne asbestos fibers released from operations at Weyerhaeuser's door manufacturing plant, f/k/a Roddis Plywood Corporation, in Marshfield, Wisconsin, as a result of the following:

    a. his employment at Weyerhaeuser beginning in 1958;

    b. his residence in the surrounding community;

        c.      Weyerhaeuser's transport of asbestos fibers to other locations frequented by Decedent.

16. During the period of his exposures, Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by working with or near asbestos-containing materials.

17. As a direct and proximate result of the conduct of Defendants, Decedent suffered from asbestos related diseases, including without limitation lung cancer diagnosed on or about January 5, 2010 and non-malignant asbestos conditions including without limitation bilateral calcified pleural plaques.

18. When decedent was diagnosed with lung cancer, his wife, plaintiff Virginia Prust, and his daughter Lori Adler were present. They asked the diagnosing physician whether decedent's cancer was caused by asbestos, and the diagnosing physician told them that it was not. As a result, plaintiff did not possess medical evidence of a probable link between the defendants' conduct and her decedent's cancer until much later.

19. The asbestos disease process and injury began before April, 1994.

20. All exposures to asbestos that decedent received contributed to and caused the decedent's asbestos related conditions

21. As a result of the asbestos related diseases, decedent died on May 17, 2013.

22. Decedent suffered great pain, physical impairment, and great mental pain and anguish. He is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions. Further, as a result of decedent's death, funeral, cemetery, and related expenses and costs have been incurred.

23. At all times, Plaintiff Virginia Prust was the wife of Decedent and was cohabitating with

him and was enjoying his services, companionship, society and relationship.

24. As a result of Decedent's disease and his resulting death, his next of kin have suffered and will suffer in the future pecuniary losses and have suffered and will suffer in the future a loss of society and companionship with Decedent.

25. As a direct and proximate result of the one or more of the wrongful acts or omissions of the defendants, plaintiff

   a. has been deprived of decedent's services, companionship, society, and relationship from the time of his injury;

   b. has been hindered and prevented from transacting and attending to her usual business and personal affairs.

26. Plaintiff brings this claim as a wrongful death action pursuant to Wis. Stat. § 895.04 and as a survival action pursuant to Wisconsin law.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

27. Plaintiff brings this claim for negligence and restates and realleges the allegations in paragraphs 1 - 26 above.

28. Plaintiff brings this claim against the following defendants for designing, manufacturing, selling, erecting, installing, or removing asbestos products or fibers to which decedent may have been exposed:

   a. Owens-Illinois, Inc.

   b. Weyerhaeuser Company

29. It was reasonably foreseeable that plaintiff and other workers would be working with or in the proximity of defendant's asbestos products and be exposed to airborne asbestos fibers.

30. Defendant had a duty to exercise reasonable care for the safety of plaintiff and others who worked with or were exposed to the defendant's asbestos products.

31. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

32. Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

33. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

34. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn decedent or others of the health hazards of asbestos;

    b. Failed to investigate or test for the health effects of asbestos;

    c. Failed to instruct decedent, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

    d. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    e. Failed to warn decedent or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

    f. Used unsafe techniques, methods, or processes in the installation or removal of asbestos containing products.

35. As a direct and proximate result of the acts and omissions of the product defendants above, decedent and plaintiff were injured as described above.

**COUNT II – PRODUCT LIABILITY (UNREASONABLY DANGEROUS PRODUCT)**

36. Plaintiff brings this claim for strict product liability and restates and realleges the allegations in paragraphs 1 – 26 above.

37. This claim is asserted against the product defendants as set forth in the first cause of action allegations above.

38. Defendants are in the business of selling asbestos products.

39. Defendants placed their asbestos products into the stream of commerce with the expectation that they would reach decedent and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.

40. Decedent, or persons working in his proximity, removed, installed, and handled, or was otherwise exposed to, the defendants' asbestos products in the conditions in which they left the possession or control of such defendants.

41. Defendants' asbestos products were defective and unreasonably dangerous at the time they left the possession or control of defendants in one or more of the following ways:

    a. Failed to adequately warn decedent or others of the health hazards of asbestos;

    b. Failed to investigate or test for the health effects of asbestos;

    c. Failed to instruct decedent, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

    d. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    e. Failed to warn decedent or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

    f. Failed to specify proper techniques, methods or processes in the installation or removal of asbestos containing products

42. As a direct and proximate result of the acts and omissions of the product defendants above, decedent and plaintiff were injured as described above.

## COUNT III - NEGLIGENCE

43. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

44. Plaintiff restates and realleges the general allegations in lines 1 - 42 above.

45. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser door manufacturing facility (f/k/a Roddis Plywood Corporation) in Marshfield during the period of plaintiff's exposures.

46. Weyerhaeuser Company, during its operations of the Marshfield plant, caused asbestos fibers to be released and contaminate the air:

    a.  in the community surrounding the plant; and

    b.  in areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles hauling asbestos waste materials to various sites throughout Marshfield.

47. The inhalation of asbestos fibers from contaminated air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedemt is unrelated to any employment relationship with Weyerhaeuser Company.

48. It was reasonably foreseeable that Decedent and other persons would be in proximity to the Weyerhaeuser facility, or to the other locations to which the fibers were transported, and inhale airborne asbestos fibers released from Weyerhaeuser's Marshfield operations.

49. Weyerhaeuser Company had a duty to exercise reasonable care for the safety of Decedent from asbestos fibers released during Weyerhaeuser's operations of the Marshfield plant which would foreseeably contaminate the air surrounding the plant and other locations to which the fibers were transported.

50. Weyerhaeuser Company knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

51. Decedent did not know that asbestos or asbestos products were so dangerous or harmful at the time of his exposures.

52. Weyerhaeuser Company breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to adequately investigate health effects of asbestos;

   c. Failed to adequately test for air levels of asbestos;

   d. Failed to adequately instruct Decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

   e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos-containing materials.

   g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq.

   h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; And Wis. Adm. Code Ind 12.20;

   j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

   k. Failed to take corrective action after being put on notice of the above violations.

53. As a direct and proximate result of the acts and omissions of the premises defendant above, Decedent was injured as described above.

**COUNT IV – NUISANCE**

54. Plaintiff incorporates by reference all general allegations above and brings this count against defendant Weyerhaeuser Company.

55. Weyerhaeuser Company is responsible for the ownership and operation of the door manufacturing plant in Marshfield, Wisconsin during the period of Decedent's exposures.

56. Weyerhaeuser Company, during operations of its Marshfield plant, caused asbestos fibers to be released into and contaminate the public air in, at, and around the plant.

57. Weyerhaeuser Company, during operations of the Marshfield plant, caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles hauling asbestos waste materials.

58. Breathing uncontaminated public air is a public right.

59. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent which contained public air.

60. Decedent and others inhaled the contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedent.

61. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Decedent is unrelated to any employment relationship with defendant.

62. The inhalation of asbestos fibers is a health hazard.

63. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

   a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by

OSHA dated December 18, 1973;

b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

e. Adversely affected the health interests of the community at large; and

f. Interfered with the public health and safety;

2. As a direct and proximate result of the nuisance, decedent was injured as described above.

3.

## COUNT V – PRODUCTS LIABILITY – STRICT LIABILITY

64. Plaintiff brings this claim for strict liability against defendants Donaldson, Clarkson, and Gardner Denver.

65. Plaintiff restates and re-alleges the allegations set forth in lines 1-63 above.

66. Defendants were at all relevant times in the business of selling dust control devices.

67. Defendants designed, manufactured, and/or sold dust control devices that malfunctioned or otherwise failed to adequately control dust, exposing decedent to asbestos dust at the Marshfield plant and in the surrounding environment.

68. Defendants' dust control devices reached the Marshfield plant without substantial or unforeseeable change in the condition in which they were sold.

69. As a direct and proximate result, decedent was injured as described above.

## COUNT VI – PRODUCTS LIABILITY – NEGLIGENCE

70. Plaintiff brings this cause of action for negligence against defendants Donaldson, Clarkson, and Gardner Denver.

71. Plaintiff re-states and re-alleges the allegations set forth in lines 1-69 above.

72. It was reasonably foreseeable that defendants' dust control devices would be used for asbestos-containing dust.

73. Defendants failed to exercise reasonable care in the manufacture of the dust control devices.

74. As a result of defendants' negligence, decedent was injured as described above.

## COUNT VII – PRODUCTS LIABILITY – STRICT LIABILITY

75. Plaintiff brings this claim for strict liability against defendant 3M.

76. Plaintiff re-states and re-alleges the allegations set forth in lines 1-74 above.

77. Defendant 3M was at all relevant times in the business of selling personal protective equipment, including without limitation masks.

78. Defendant designed, manufactured, and/or sold masks that failed to protect decedent from breathing asbestos fibers.

79. Defendant's personal protective equipment reached decedent without substantial or unforeseeable change in the condition in which it was sold.

80. As a direct and proximate result, decedent was injured as described above.

## COUNT VIII – PRODUCTS LIABILITY – NEGLIGENCE

81. Plaintiff brings this claim for negligence against defendant 3M.

82. Plaintiff re-states and re-alleges the allegations set forth in lines 1-74 above.

83. It was reasonably foreseeable that defendant 3M's personal protective equipment would be

used to prevent exposure to asbestos.

84. Defendant failed to exercise reasonable care in manufacturing and/or labeling its personal protective equipment.

85. As a result of defendant's negligence, plaintiff was injured as described above.

## COUNTY IX – NEGLIGENCE

86. Plaintiff brings this cause of action for negligence against defendant Joseph Wendlick.

87. During all or part of decedent's employment at Weyerhaeuser, Wendlick was the industrial hygienist responsible for the safety procedures and engineering controls at the Marshfield plant.

88. As a result of Wendlick's failure to exercise reasonable care in his capacity as industrial hygienist, decedent was injured as described above.

## COUNT X – CIVIL CONSPIRACY

89. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

90. Plaintiff restates and re-alleges the allegations set forth in lines 1 – 70 above.

91. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

   b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

92. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy:

    a. Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos;

    b. interfered with scientific and medical studies about the health hazards of asbestos; or

    c. failed to instruct about precautionary measures required for protection.

93. As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

## COUNT XI – WRONGFUL DEATH

94. Plaintiff brings this count individually and on behalf of decedent's next of kin for wrongful death against all defendants and incorporates by reference all allegations 1 - 75 above.

95. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by plaintiff and decedent's next of kin.

## COUNT XII – PUNITIVE DAMAGES

96. Defendants acted maliciously, with intentional disregard for the rights of decedent and plaintiff for which plaintiff is entitled to recover punitive damages.

## COUNT XIII - DECLORATORY JUDGMENT – UNCONSTITUTIONAL

97. In 1995 Wisconsin enacted Act 17 which created restrictions on recoveries by victims of personal injuries.

98. In 2011 Wisconsin enacted Act 2 which created restrictions on recoveries by victims of personal injuries.

99. Plaintiff seeks a declaration that retroactive application of 2005 Act 155 and 2011 Act 2 to limit the recovery in this case is unconstitutional.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Punitive damages in an amount to be determined against each defendant.

c. A declaration that 1995 Act 17 and 2011 Act 2 are unconstitutional as applied to this case.

d. Such further legal and equitable relief as the court orders to do justice in this case, including without limitation award of costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury.

Dated: February 21, 2014

/s/ Michael P. Cascino
Michael P. Cascino
Attorney for plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: ecf.cvlo@gmail.com
Email2: mcascino@cvlo.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| Clarkson Industries, Inc. | New York | Connecticut |
| Gardner Denver, Inc. | Delaware | Pennsylvania |
| Donaldson Company, Inc. | Delaware | Minnesota |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois Inc. | Delaware | Ohio |
| Weyerhaeuser Company | Washington | Washington |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Virginia Prust, Individually and as Special Administrator on Behalf of the Estate of Valmore Prust, Deceased

**DEFENDANTS**
Weyerhaeuser Company, et al.

(b) County of Residence of First Listed Plaintiff: **Wood**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Foreign**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino, Cascino Vaughan Law Offices
220 S. Ashland Ave. Chicago, IL
(312) 944-0600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- [x] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States § 1322
Brief description of cause:
Asbestos injury

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ **>75,000**
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 02/21/2014
SIGNATURE OF ATTORNEY OF RECORD: /S/ Michael P. Cascino

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____