ATTYOPEN

# United States District Court
## Eastern District of Wisconsin (Green Bay)
## CIVIL DOCKET FOR CASE #: 1:14-cv-00819-WCG
## Internal Use Only

| | |
|---|---|
| Mehlin et al v. CBS Corporation et al | Date Filed: 07/14/2014 |
| Assigned to: Chief Judge William C Griesbach | Jury Demand: Both |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Marjorie Ann Mehlin**        represented by   **Lynn R Laufenberg**
Laufenberg Stombaugh & Jassak SC
115 S 84th St - Ste 250
Milwaukee, WI 53214
414-778-0700
Fax: 414-778-1770
Email: lrl@lauflaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Dixon Mehlin**        represented by   **Lynn R Laufenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**        represented by   **Roshan N Rajkumar**
Bowman and Brooke LLP
150 S 5th St - Ste 3000
Minneapolis, MN 55402
612-339-8682
Fax: 612-672-3200
Email:
roshan.rajkumar@bowmanandbrooke.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**International Paper Company**

**Defendant**

**Metropolitan Life Insurance**        represented by   **Smitha Chintamaneni**
**Company**
von Briesen & Roper SC
411 E Wisconsin Ave - Ste 1000

Milwaukee, WI 53202-4427
414-287-1515
Fax: 414-238-6581
Email: schintam@vonbriesen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corp**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2014 | 1 | COMPLAINT with Jury Demand; against All Defendants by Marjorie Ann Mehlin, John Dixon Mehlin. ( Filing Fee PAID $400 receipt number 0757-1923639) (Attachments: # 1 Summons CBS Corp, # 2 Summons International Paper Co, # 3 Summons Metropolitan Life Ins Co, # 4 Summons Union Carbide, # 5 Civil Cover Sheet)(Laufenberg, Lynn) |
| 07/14/2014 | | NOTICE Regarding assignment of this matter to Chief Judge William C Griesbach; Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days; The consent/refusal form is available on our web site; Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (nts) |
| 07/14/2014 | 2 | DISCLOSURE Statement by All Plaintiffs. (Laufenberg, Lynn) |
| 07/15/2014 | | Summons Issued as to CBS Corporation, International Paper Company, Metropolitan Life Insurance Company, Union Carbide Corp. (cav) |
| 07/17/2014 | | Summons Reissued as to CBS Corporation per Atty. Laufenberg's request, did not receive it with other summonses issued. (mec) |
| 08/04/2014 | 3 | Consent to Jurisdiction by US Magistrate Judge by All Plaintiffs. (Laufenberg, Lynn) |
| 08/05/2014 | 4 | NOTICE of Appearance by Roshan N Rajkumar on behalf of CBS Corporation. Attorney(s) appearing: Roshan N. Rajkumar (Rajkumar, Roshan) |
| 08/05/2014 | 5 | ANSWER to 1 Complaint, with Jury Demand *and Affirmative Defenses and Answer to Anticipated Cross-Claims* by CBS Corporation.(Rajkumar, Roshan) |
| 08/05/2014 | 6 | DISCLOSURE Statement by CBS Corporation. (Rajkumar, Roshan) |
| 08/06/2014 | 7 | ANSWER to 1 Complaint, with Jury Demand by Metropolitan Life Insurance Company.(Chintamaneni, Smitha) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MARJORIE ANN MEHLIN
12776 Overbrook Road
Leawood, KS 66209

JOHN DIXON MEHLIN
12776 Overbrook Road
Leawood, KS 66209

Case No. _____

Plaintiffs,

vs.

CBS CORPORATION (a Delaware Corporation) f/k/a      **COMPLAINT AND DEMAND**
VIACOM, INC. (sued as successor-by-merger to CBS      **FOR JURY TRIAL**
CORPORATION (a Pennsylvania Corporation) f/k/a
WESTINGHOUSE ELECTRIC CORPORATION),
A Delaware Corporation
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

INTERNATIONAL PAPER COMPANY (sued as
successor-in-interest to CHAMPION
INTERNATIONAL CORPORATION f/k/a
CHAMPION INTERNATIONAL f/k/a U.S.
PLYWOOD-CHAMPION PAPERS, INC.),
A New York Corporation
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

METROPOLITAN LIFE INSURANCE COMPANY,
A New York Corporation
c/o Kaiper Wilson
Law Department
1095 Avenue of the Americas
New York, NY  10036

UNION CARBIDE CORPORATION,
A New York Corporation
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

                         Defendants.

---

NOW COME the above-named Plaintiffs, Marjorie Ann Mehlin and John Dixon Mehlin, by their attorneys, Laufenberg, Jassak & Laufenberg, S.C. and Simon Greenstone Panatier Bartlett, S.C., and for their Complaint against the above-named Defendants, allege and show to the Court as follows:

## PARTIES

1.      Plaintiffs Marjorie Ann Mehlin and John Dixon Mehlin are adult citizens and residents of the State of Kansas, and reside at 12776 Overbrook Road, Leawood, KS 66209. Plaintiff Marjorie Ann Mehlin was exposed to asbestos-containing products that were manufactured and/or placed into the stream of commerce by the above-named Defendants.

2.      Plaintiffs bring this action for monetary damages as a result of Plaintiff Marjorie Ann Mehlin contracting an asbestos-related disease. Plaintiff Marjorie Ann Mehlin was diagnosed with mesothelioma on May 12, 2014.

3.      The Defendant, CBS Corporation (a Delaware Corporation) f/k/a Viacom, Inc. (sued as successor-by-merger to CBS Corporation (a Pennsylvania Corporation) f/k/a Westinghouse Electric Corporation), is a Delaware corporation, with its principal place of business located at 51 W. 52nd St., New York, NY 10019, and the office of its Registered Agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. At all times material hereto, CBS Corporation (a Delaware Corporation) f/k/a Viacom, Inc. (sued as successor-by-merger to CBS Corporation (a Pennsylvania Corporation) f/k/a

2

Westinghouse Electric Corporation), was authorized to, and did conduct substantial, regular and sustained, business in the State of Wisconsin and was engaged in the business of designing, manufacturing, distributing, and selling Micarta in the State of Wisconsin.

4.      The Defendant, International Paper Company (sued as successor-in-interest to Champion International Corporation f/k/a Champion International f/k/a U.S. Plywood-Champion Papers, Inc.), is a New York corporation, with its principal place of business located at, 6400 Poplar Avenue, Memphis, TN 38197, and the offices of its Registered Agent, CT Corporation System, located at 8040 Excelsior Drive, Suite 200, Madison, WI 53717. At all times material hereto, International Paper Company (sued as successor-in-interest to Champion International Corporation f/k/a Champion International f/k/a U.S. Plywood-Champion Papers, Inc.), owned and operated the U.S. Plywood Premise located in Algoma in the State of Wisconsin.

5.      The Defendant, Metropolitan Life Insurance Company, is a New York corporation, with its principal place of business and address for service of process located at 1095 Avenue of the Americas, New York, NY  10036.  At all times material hereto, Metropolitan Life Insurance Company was authorized to, and did conduct substantial, regular and sustained, business in the State of Wisconsin.  At all material times, the Defendant, Metropolitan Life Insurance Company, conspired with other Defendants to disseminate false and misleading medical and/or scientific information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Plaintiff Marjorie Ann Mehlin.

6.      The Defendant, Union Carbide Corporation, is a New York corporation, with its principal place of business located at 1254 Enclave Parkway, Houston, TX 77077, and the offices of its Registered Agent, CT Corporation System, located at 8040 Excelsior Drive, Suite

3

200, Madison, WI   53717.   At all times material hereto, Union Carbide Corporation was authorized to, and did conduct substantial, regular and sustained, business in the State of Wisconsin and was engaged in the business of distributing and selling asbestos fibers in the State of Wisconsin.

7.      At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

8.      At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiff Marjorie Ann Mehlin and Plaintiff Marjorie Ann Mehlin's Grandfather, Walter Scherer's, employer or to such other entities so that these materials were caused to be used at Plaintiff Marjorie Ann Mehlin's Grandfather's jobsite.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1), because the parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

10.     This Court has personal jurisdiction over the Defendants because, at all times material hereto, they transacted business in the State of Wisconsin and the wrongs complained of arose in the State of Wisconsin.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district, and because the Defendants transacted business in this district.

4

## DISCOVERY RULE

12.     Despite the exercise of reasonable care and diligence, the Plaintiff Marjorie Ann Mehlin, did not discover that her injuries may have been caused by the Defendants' asbestos-containing products until a date less than three years from the filing of the Original Complaint in this case.  Exercise of reasonable care and/or diligence would not have resulted in the discovery of the link between Plaintiff Marjorie Ann Mehlin's injury and Defendants' asbestos-containing products.

## GENERAL ALLEGATIONS

13.     Plaintiff Marjorie Ann Mehlin was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in her daily life and through her deceased Grandfather, Walter Scherer.  Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiff Marjorie Ann Mehlin was exposed through her deceased Grandfather, Walter Scherer, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers.

14.     In the event that Plaintiff Marjorie Ann Mehlin is unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs will show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or

5

asbestos-containing products at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

15.     On or about May 12, 2014, Plaintiff Marjorie Ann Mehlin, was diagnosed with mesothelioma, as a result of her previous exposure to asbestos-containing products. Plaintiffs allege that Mrs. Mehlin was exposed to respirable asbestos from various types of asbestos-containing products directly and through her deceased Grandfather, Walter Scherer, who worked as a laborer from approximately 1954-1956 at the U.S. Plywood Plant in Algoma, Wisconsin, as listed on the attached Schedule I. Those asbestos products included but were not necessarily limited to, Micarta, Kaylo, fireproof door cores and other asbestos-containing materials.  Marjorie Ann Mehlin resided in the city of Algoma, Wisconsin, and county of Kewaunee during all times of her exposure.

16.      As a consequence of mesothelioma and the negligence and liability of the Defendants as hereafter alleged, Plaintiff Marjorie Ann Mehlin experienced severe physical and mental pain and suffering and impairment of normal function, required substantial medical care and treatment with associated expense, and incurred financial loss, in an amount to be determined by a jury.

17.     As a consequence of his wife's mesothelioma and the negligence and liability of the Defendants as hereafter alleged, John Dixon Mehlin experienced the loss of his wife's society, companionship and support, and has suffered pecuniary loss, all to his damage in an amount to be determined by a jury.

18.     Plaintiffs allege that Plaintiff Marjorie Ann Mehlin was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or

asbestos-containing products in her daily life and through her deceased Grandfather, Walter Scherer.  Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff had been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers.  Further, Plaintiffs allege, as more specifically set out below, that Plaintiff has suffered injuries proximately caused by her exposure to asbestos-containing products designed, manufactured and sold by Defendants. In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

### FIRST CLAIM FOR RELIEF
### ALLEGATIONS AGAINST ALL DEFENDANTS
### (Against all named Defendants except Metropolitan Life Insurance Company.)

19.    Plaintiff Marjorie Ann Mehlin was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as fireproof door cores and/or machinery in industrial operations through her deceased Grandfather, Walter Scherer.  Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants.  Plaintiffs would show that Defendants'

7

asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs would show that this market defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

20.     The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Plaintiff Marjorie Ann Mehlin.

21.     Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

22.     Plaintiff Marjorie Ann Mehlin and her deceased Grandfather, Walter Scherer, were unaware of the hazards and defects in the asbestos-containing products of the Defendants,

which made them unsafe for purposes of manipulation and/or installation.  Similarly, Plaintiff Marjorie Ann Mehlin and her deceased Grandfather, Walter Scherer, were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

23.     During the periods that Plaintiff Marjorie Ann Mehlin was exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by Defendants.

24.     In the event that Plaintiff Marjorie Ann Mehlin is unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

25.     The illness and disabilities of Plaintiff Marjorie Ann Mehlin are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff Marjorie Ann Mehlin's health and well-being.  Certain Defendants created hazardous and deadly conditions to which Plaintiff Marjorie Ann Mehlin through her deceased Grandfather, Walter Scherer, was

9

exposed and which caused Plaintiff Marjorie Ann Mehlin to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff Marjorie Ann Mehlin's illness and disabilities:

(a)     in failing to timely and adequately warn Plaintiff Marjorie Ann Mehlin's deceased Grandfather and Plaintiff Marjorie Ann Mehlin of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiff Marjorie Ann Mehlin's deceased Grandfather and Plaintiff Marjorie Ann Mehlin with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff Marjorie Ann Mehlin from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)    in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)    in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)    in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)    in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)    in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

11

**SECOND CLAIM FOR RELIEF:**
**ALLEGATIONS AGAINST ALL DEFENDANTS**
**STRICT LIABILITY**
**(Against all named Defendants except Metropolitan Life Insurance Company.)**

26.      All of the allegations contained in the previous paragraphs are realleged herein.

27.      On or about May 12, 2014, Plaintiff Marjorie Ann Mehlin, was diagnosed with mesothelioma, as a result of her previous exposure to asbestos-containing products through her daily life and through her deceased Grandfather, Walter Scherer. Plaintiffs allege that Marjorie Ann Mehlin was exposed to respirable asbestos from various types of asbestos-containing products directly and through her deceased Grandfather, Walter Scherer, who worked as a laborer from approximately 1954-1956 at the U.S. Plywood Plant in Algoma, Wisconsin, as listed on the attached Schedule I. Those asbestos products included but were not necessarily limited to, Micarta, Kaylo, fireproof door cores and other asbestos-containing materials.  The products were so defective in design, by reason of their asbestos content, as to be unreasonably dangerous to users and others exposed to them, including Plaintiff Marjorie Ann Mehlin.  The asbestos-containing products were in this defective condition at the time they were designed by and/or left the hands of Defendants.  Defendants' asbestos-containing products were further defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs will show that this market defect rendered such products unreasonably dangerous to users and others exposed to them, including Marjorie Ann Mehlin, at the time they were designed or left the hands of the Defendants.

28.      Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing

12

products and/or machinery requiring or calling for asbestos or asbestos-containing products. These asbestos-containing products and/or machinery reached the ultimate user, including Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce.

29.     The described defective and unreasonably dangerous condition was a cause of the injuries of Plaintiff Marjorie Ann Mehlin and consequent damages to Plaintiff John Dixon Mehlin.

<strong><u>THIRD CLAIM FOR RELIEF:</u></strong><br><strong><u>CLAIMS AGAINST ALL DEFENDANTS</u></strong><br><strong><u>NEGLIGENCE</u></strong><br><strong><u>(Against all named Defendants except Metropolitan Life Insurance Company.)</u></strong>

30.     All of the allegations contained in the previous paragraphs are realleged herein

31.     Defendants knew that their asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

32.     Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin were unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation and/or installation.  Similarly, Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

13

33.     During the periods that Plaintiff Marjorie Ann Mehlin was exposed to the asbestos-containing products and/or machinery of Defendants, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by Defendants.

34.     The illness, injuries and disabilities of Plaintiff Marjorie Ann Mehlin are a direct and proximate result of the negligence of Defendants and/or their predecessors-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff Marjorie Ann Mehlin's health and well-being.  Certain Defendants created hazardous and deadly conditions to which Plaintiff Marjorie Ann Mehlin was exposed and which caused her to be exposed to a large amount of asbestos fibers. Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff Marjorie Ann Mehlin's illness, injuries, and/or disabilities:

(a)     In failing to timely and adequately warn Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, or Plaintiff Marjorie Ann Mehlin of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     In failing to provide Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin, with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff

14

Marjorie Ann Mehlin from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     In failing to place timely and adequate warnings on the containers of said asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)     In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)     In failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)     In failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     In failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

15

(h)     In failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

**FOURTH CLAIM FOR RELIEF:**
**ALLEGATIONS AGAINST SUPPLIER DEFENDANTS**

35.     All of the allegations contained in the previous paragraphs are realleged herein.

36.     For all pertinent times, Union Carbide Corporation (a Supplier Defendant), individually sold, distributed, and supplied asbestos-containing product(s), which Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin came in contact with, utilized, and inhaled, causing her injuries, illnesses, and disabilities.

37.     The Supplier Defendant is liable to Plaintiff Marjorie Ann Mehlin as professional vendors of asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products it sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

38.     Further, the Supplier Defendant made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing companies to use the Supplier Defendant's asbestos instead of safer alternatives. The Supplier Defendant marketed its asbestos as a refined product, rather than merely a raw material. The Supplier Defendant's refined products were unreasonably dangerous, defectively designed, and marketed by Defendants in an unsafe fashion, resulting in their sale in deleterious form within products to which Plaintiff Marjorie Ann Mehlin alleges exposure. Supplier Defendant knew the specific

16

use for which its refined asbestos products would be incorporated into other products and had unique expertise into the physical and chemical properties of their specially refined asbestos and its health hazards. Supplier Defendant unsafely marketed its asbestos products as uniquely safe, and non-carcinogenic, at times when Supplier Defendant knew or should have known such claims were false and/or without adequate scientific support. As a consequence of Supplier Defendant's misrepresentations, customers and ultimate users of the products (users, including Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer) were deceived as to the true nature and extent of the health hazards posed by Supplier Defendant's asbestos. The Supplier Defendant is liable to Plaintiff Marjorie Ann Mehlin for the suffering and injuries from a disease caused by exposure to the Supplier Defendant's asbestos, because the Supplier Defendant's fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendant's raw asbestos into their finished product(s) and (2) by Plaintiff Marjorie Ann Mehlin who was exposed to the asbestos-containing product(s).

39.     Finally, each Supplier Defendant is liable to Plaintiff Marjorie Ann Mehlin because it knew or should have known that the asbestos products, which it sold and supplied, were unreasonably dangerous in normal use, and its failure to communicate this information constitutes negligence. This negligence was the cause of Plaintiff Marjorie Ann Mehlin's injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease, and other ill health effects.

### FIFTH CLAIM FOR RELIEF:
### CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

40.     All of the allegations contained in the previous paragraphs are realleged herein.

41.     Plaintiffs further allege that the Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with

other entities to cause Plaintiff Marjorie Ann Mehlin's injuries, diseases, and illness by exposing Plaintiff Marjorie Ann Mehlin to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.  The Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin, of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers.  The Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to the Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

     42.     In furtherance of said conspiracies, the Defendants performed the following overt acts:

     (a)     For many decades, the Defendants individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports, which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

18

(b)     Despite the medical and scientific data, literature and test reports possessed by and available to the Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     Withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff Marjorie Ann Mehlin who was being exposed to the Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     Caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which the Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     Distorted the results of medical examinations conducted upon workers, such as Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer and Plaintiff Marjorie Ann Mehlin, who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of

19

asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff Marjorie Ann Mehlin and others such as Plaintiff Marjorie Ann Mehlin have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations, such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation), to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect individuals, such as Plaintiff Marjorie Ann Mehlin, from contracting asbestos disease or cancer.

(e)    In furtherance of said conspiracies, the Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers, such as Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin, even if complied with.

(f)    As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, the Defendants individually, jointly, and in conspiracy with each other, intended to induce Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to the Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

43.    As a direct and proximate result, Plaintiff Marjorie Ann Mehlin's deceased Grandfather, Walter Scherer, and Plaintiff Marjorie Ann Mehlin reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

44.     As a direct and proximate result of Plaintiff Marjorie Ann Mehlin's reliance on the Defendants' false and fraudulent representations, omissions and concealments, Plaintiff Marjorie Ann Mehlin sustained damages including injuries, illnesses, and disabilities and was deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

### SIXTH CLAIM FOR RELIEF:
### ALLEGATIONS AGAINST METROPOLITAN LIFE

45.     All of the allegations contained in the previous paragraphs are realleged herein.

46.     The Defendant, Metropolitan Life Insurance, rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff Marjorie Ann Mehlin was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff Marjorie Ann Mehlin's illness, injuries, and disabilities.

47.     The Defendant, Metropolitan Life, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to Plaintiff Marjorie Ann Mehlin by the testing of asbestos workers and the conduct of scientific studies.  These duties included without limitation, the duty:

    (a)     To test fully and adequately for health risks concomitant to the normal and intended use of their products; and

    (b)     To instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

22

In undertaking these duties, Metropolitan Life knew or should have known that it was providing testing services for the ultimate protection of third persons, including Plaintiff Marjorie Ann Mehlin.

48.     In both conducting said tests and in publishing their alleged results, Metropolitan Life failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos.  Metropolitan Life also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

49.     Plaintiff Marjorie Ann Mehlin unwittingly, but justifiably, relied upon the thoroughness of Metropolitan Life's tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

50.     As a direct and proximate contributing result of Metropolitan Life's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Marjorie Ann Mehlin from asbestos exposure was increased, and (ii) Plaintiff Marjorie Ann Mehlin suffered the injuries described below.

51.     Metropolitan Life acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including Plaintiff Marjorie Ann Mehlin, in failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain.

**SEVENTH CLAIM FOR RELIEF:**
**NEGLIGENCE PER-SE ALLEGATIONS AGAINST ALL DEFENDANTS**

52.     All of the allegations contained in the previous paragraphs are realleged herein.

53.     The actions of all the Defendants also constituted negligence per-se.

54.     Each Defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per-se or negligence as a matter of law.  Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff Marjorie Ann Mehlin.

55.     The negligence per-se of each Defendant was a proximate cause of the Plaintiff Marjorie Ann Mehlin's injuries.

**EIGHTH CLAIM FOR RELIEF:**
**PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

56.     All of the allegations contained in the previous paragraphs are realleged herein.

57.     The actions and inactions of the Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages, and injuries of Plaintiff Marjorie Ann Mehlin. The Defendants' conduct was specifically intended by the Defendants to cause substantial injury to Plaintiff Marjorie Ann Mehlin, or was carried out by the Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of the Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm.  More specifically, the Defendants and their predecessors-in-interest consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Plaintiff Marjorie Ann Mehlin and should be held liable in punitive and exemplary damages to the Plaintiffs.

24

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

1.      In favor of the Plaintiffs for compensatory damages in an amount to be determined by a jury.

2.      In favor of the Plaintiffs for punitive damages in an amount to be determined by a jury.

3.      In favor of the Plaintiffs for costs, disbursements and interest as permitted by law.

4.      For such further legal and equitable relief as may be required or justified.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS HEREBY DEMAND A TRIAL BY A TWELVE (12) PERSON JURY IN THE ABOVE MATTER.**

Respectfully Submitted,


Dated:  July 14, 2014                            By:  s/Lynn R. Laufenberg
                                                     Lynn R. Laufenberg
                                                     State Bar No. 0106236
                                                     Laufenberg, Jassak & Laufenberg, S.C.
                                                     115 S. 84th Street, Suite 250
                                                     Milwaukee, WI  53214
                                                     Phone:  (414) 778-0700
                                                     Fax:  (414) 778-1770
                                                     Email:  lrl@lauflaw.com

                                                     AND

                                                     Kevin W. Paul (*to be admitted pro hac vice*)
                                                     Maryland State Bar No. 43730
                                                     Simon Greenstone Panatier Bartlett, PC
                                                     3232 McKinney Avenue, Suite 610
                                                     Dallas, TX  75204
                                                     Phone:  (214) 276-7680
                                                     Fax:  (214) 276-7699
                                                     Email:  kpaul@sgpblaw.com

Marjorie Ann Mehlin
SCHEDULE I
Plaintiff Employment History
Asbestos Exposure Worksite Information

**EXPOSURE THROUGH DECEASED GRANDFATHER, WALTER SCHERER**

OCCUPATION:
Laborer

EMPLOYER/WORKSITE:                              APPROXIMATE DATES:

U.S. Plywood Plant                              Approximately 1954-1956
Algoma, WI

PRODUCTS CONTAINING ASBESTOS:

Micarta, Kaylo, fireproof door cores and other asbestos-containing materials.

26

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| Marjorie Ann Mehlin and John Dixon Mehlin | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as
successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a
WESTINGHOUSE ELECTRIC CORPORATION)
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| | |
|---|---|
| c/o: Lynn R. Laufenberg | Kevin Paul |
| Laufenberg, Jassak & Laufenberg, S.C. | Simon Green Panatier Bartlett, PC |
| 115 S. 84th Street, Suite 250 | 3232 McKinney Ave., Suite 610 |
| Milwaukee, WI  53214 | Dallas, TX 75204 |


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


JON W. SANFILIPPO
_____
*CLERK OF COURT*


Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| Marjorie Ann Mehlin and John Dixon Mehlin | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as | ) |
| successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a | ) |
| WESTINGHOUSE ELECTRIC CORPORATION) et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  INTERNATIONAL PAPER COMPANY (sued as successor-in-interest to CHAMPION INTERNATIONAL CORPORATION f/k/a CHAMPION INTERNATIONAL f/k/a U.S. PLYWOOD-CHAMPION PAPERS, INC.)
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  c/o: Lynn R. Laufenberg                Kevin Paul
Laufenberg, Jassak & Laufenberg, S.C.      Simon Green Panatier Bartlett, PC
115 S. 84th Street, Suite 250            3232 McKinney Ave., Suite 610
Milwaukee, WI  53214              Dallas, TX 75204

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JON W. SANFILIPPO
_____
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| Marjorie Ann Mehlin and John Dixon Mehlin | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   METROPOLITAN LIFE INSURANCE COMPANY;
c/o Kaiper Wilson, Law Department
1095 Avenue of the Americas
New York, NY  10036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

c/o: Lynn R. Laufenberg                      Kevin Paul
Laufenberg, Jassak & Laufenberg, S.C.        Simon Green Panatier Bartlett, PC
115 S. 84th Street, Suite 250                3232 McKinney Ave., Suite 610
Milwaukee, WI  53214                         Dallas, TX 75204

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JON W. SANFILIPPO
*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| Marjorie Ann Mehlin and John Dixon Mehlin | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNION CARBIDE CORPORATION
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| | |
|---|---|
| c/o: Lynn R. Laufenberg | Kevin Paul |
| Laufenberg, Jassak & Laufenberg, S.C. | Simon Green Panatier Bartlett, PC |
| 115 S. 84th Street, Suite 250 | 3232 McKinney Ave., Suite 610 |
| Milwaukee, WI  53214 | Dallas, TX 75204 |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JON W. SANFILIPPO
_____
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box:   ☒ Green Bay Division   ☐ Milwaukee Division

### I. (a)  PLAINTIFFS
Marjorie Ann Mehlin and John Dixon Mehlin

**DEFENDANTS**
CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) et al

**(b)**  County of Residence of First Listed Plaintiff  Johnson County, KS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New Castle County, DE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Lynn R. Laufenberg                          Kevin Paul (to be admitted Pro Hac Vice)
Laufenberg, Jassak & Laufenberg, S.C.       Simon Greenstone Panatier Bartlett, PC
115 S. 84th Street, Suite 250, Milw., WI 53214   3232 McKinney Ave., Suite 610, Dallas, TX 75204
Phone:  (414) 778-0700                       Phone:  (214) 276.7680

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|                                   | PTF | DEF |                                              | PTF | DEF |
|-----------------------------------|-----|-----|----------------------------------------------|-----|-----|
| Citizen of This State             | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place            | ☐ 4 | ☐ 4 |
|                                   |     |     | of Business In This State                    |     |     |
| Citizen of Another State          | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place           | ☐ 5 | ☒ 5 |
|                                   |     |     | of Business In Another State                 |     |     |
| Citizen or Subject of a           | ☐ 3 | ☐ 3 | Foreign Nation                               | ☐ 6 | ☐ 6 |
| Foreign Country                   |     |     |                                              |     |     |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☒ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | Employment / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | |
| | Other / ☐ 560 Civil Detainee - | Alien Detainee | | |
| | ☐ 448 Education   Conditions of | (Prisoner Petition) | | |
| | Confinement | ☐ 465 Other Immigration | | |
| | | Actions | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     *(specify)*

☐ 6  Multidistrict
     Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. §1332(a)(1)
Brief description of cause:
Personal injury as a result of exposure to asbestos-containing products

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☑ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
07/14/2014

SIGNATURE OF ATTORNEY OF RECORD
s/Lynn R. Laufenberg

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.        Example:        U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.