BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**IN RE:** Asbestos Products Liability Litigation
(No. VI)                                                                         MDL No. 875

NOTICE OF POTENTIAL TAG-ALONG ACTION

Defendants Crane Co., Caterpillar, Inc., Trane U.S., Inc., and Ingersoll-Rand Company write to notify the Clerk of the Panel of the potential tag-along action *Valerie K. Presley, Individually and as Special Administrator of the Estate of Cleveland Kite, Deceased v. Air & Liquid Systems Corporation*, No. 14-CV-00712-NJR-SCW, listed on the attached Schedule of Action.

On July 29, 1991, the Judicial Panel of Multidistrict Litigation entered an order transferring all asbestos cases then pending in federal courts to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order also applied to tag-along actions or actions involving common questions of fact filed after January 17, 1991.

On December 13, 2011, the Panel adopted the Hon. Eduardo C. Robreno's Suggestion that, subject to certain exceptions, the Panel cease transferring tag-along actions to the centralized proceedings after January 1, 2012. The Panel terminated MDL No. 875 and suspended Rule 7.1(a) subject to the exceptions set forth in Judge Robreno's Suggestion.

Rule 7.1(a) provides:

Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly no-

tify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Clerk of the Panel that the aforementioned case is a tag-along action that should be transferred to the Eastern District of Pennsylvania even though it does not appear on its face to fall within one of the exceptions in Judge Robreno's Suggestion. Given the unique factual circumstances, Defendants believe the case should be transferred and consolidated with an identical action in the MDL to promote justice, maximize the convenience of the parties and witnesses, and eliminate prejudice to all defendants. The Suggestion noted that the court "is also retaining jurisdiction over approximately 330 cases from a variety of districts (the 'pipeline' cases), which are currently in the pipeline and are subject to scheduling orders." *See* Suggestion to the Panel on Multidistrict Litigation ("The Panel") Concerning Future Tag-Along Transfers, Doc. 8213, App'x A, pp. 2-3, MDL No. 875. The aforementioned case is factually identical to one of those pipeline cases, namely, *Cleveland G. Kite v. Bill Van Company, Inc.*, No. 11-CV-67753-ER.

The *Cleveland G. Kite* pipeline case ("*Kite I*") was originally filed in the Circuit Court of Marengo County, Alabama, in May 2011. Defendants Crane Co. and Caterpillar, Inc. were among the defendants named in that case. Then-Plaintiff, Cleveland G. Kite, alleged that he was exposed to asbestos-containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold, or placed into the stream of commerce by the defendants during his employment as a machinist, engine-room worker, and security guard. *See Kite I* Complaint & Docket, Exh. A. He alleged that he was diagnosed with an asbestos-related disease as a result of his exposure to the asbestos-containing materials and products between 1957 and 1993. *Id.* at 4, 11.

*Kite I* was removed to the U.S. District Court for the Southern District of Alabama, *see Cleveland G. Kite v. Bill Vann Company, Inc.*, No. 11-CV-00444, then transferred to MDL No. 875 in the U.S. District Court for the Eastern District of Pennsylvania, *see Cleveland G. Kite v. Bill Vann Company, Inc.*, No. 11-CV-67753-ER. Caterpillar was dismissed without prejudice on February 17, 2012. After discovery was conducted, Crane Co. and several other defendants filed motions for summary judgment. *See, e.g.*, Crane Co. Motion for Summary Judgment, Exh. B. Before the court had ruled on Crane Co.'s motion for summary judgment, however, Plaintiff Valerie K. Presley, having been substituted as the special administrator of Decedent Cleveland G. Kite's estate, moved to voluntarily dismiss all defendants without prejudice. The court recently denied that motion, noting that the scheduling order had run, discovery was completed, and summary-judgment motions had been filed and were ripe for disposition. *See* Doc. 206, No. 11-CV-67753-ER.

Meanwhile, the same plaintiff, Valerie K. Presley, filed a new complaint on May 22, 2014, in the Circuit Court of St. Clair County, Illinois, against Crane Co., Caterpillar, Inc., and 25 other defendants[1] from *Kite I* arising out of the same underlying facts and circumstances alleged in *Kite I*. *See Valerie K. Presley, Individually and as Special Administrator of the Estate of Cleveland Kite, Deceased v. Air & Liquid Systems Corporation*, No. 14-L-146. The case was removed to the U.S. District Court for the Southern District of Illinois. *See Valerie K. Presley, Individually and as Special Administrator of the Estate of Cleveland Kite, Deceased v. Air &*

---

[1] Foster Wheeler Corp. (sued as Foster Wheeler Energy Corp. in *Kite II*), Goulds Pumps, Inc., Aurora Pump Co., A.W. Chesterton Co., Buffalo Pumps Inc., Flowserve Corporation, Schneider Electric USA Inc., Cameron International Corp., The Goodyear Tire & Rubber Company, CBS Corporation, Crown Cork & Seal Co., Inc., Crown Holdings Inc., Dana Companies LLC, Union Carbide Corporation, Eaton Corporation, General Electric Company, Georgia-Pacific LLC, Gorman-Rupp Company, John Crane Inc., Honeywell International Inc., Metropolitan Life Insurance Company, Saint-Gobain Abrasives Inc., Viking Pump Inc., Cummins Inc., and Warren Pumps LLC.

*Liquid Systems Corporation*, No. 14-CV-00712-NJR-SCW. In this new case ("*Kite II*"), Plaintiff again alleges that Decedent Cleveland G. Kite developed mesothelioma as the result of exposure to asbestos fibers emanating from products manufactured, sold, distributed, or installed by numerous defendants, including Defendants Crane Co., Caterpillar, Trane U.S., and Ingersoll-Rand Company during the course of his employment. *See Kite II* Complaint & Docket, Exh. C.

Defendants submit that *Kite II* is a tag-along action that merits transfer to the Eastern District of Pennsylvania even though it does not appear on its face to fall within one of the exceptions recognized by the Panel. "'Tag-along action' refers to a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under [28 U.S.C.] Section 1407. Rule 1.1(h). The Panel would consider transferring under § 1407 "[w]hen civil actions involving one or more common questions of fact are pending in different districts … . Such transfers shall be made … upon [the Panel's] determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

*Kite II* involves identical questions of fact to an action previously transferred to an existing MDL, *Kite I*. The same Plaintiff in both cases alleges that the same Decedent in both cases was exposed to asbestos fibers during his employment from products manufactured or sold by numerous defendants, at least 27 of whom are (or were) in both cases, and that the exposure caused Decedent to develop mesothelioma.[2] Whether Decedent worked with or around the de-

---

[2] As noted, some defendants, including Caterpillar, Inc., have been dismissed from *Kite I*.

fendants' products, whether the products contained asbestos, and whether Decedent was exposed to any such asbestos are factual issues identical in both cases.

Transfer would also serve the convenience of parties and witnesses, and promote the just and efficient conduct of these actions. Discovery has already been completed in *Kite I*. It will serve the convenience of the parties and witnesses in *Kite II* to avail themselves of that discovery. And any additional discovery in *Kite II* should be conducted under Judge Robreno's review to minimize duplication and burden to the parties. Moreover, transfer will promote the just and efficient conduct of these actions. *Kite I* has been proceeding in the Eastern District for over two and a half years. Many defendants have either been dismissed from *Kite I* or have filed motions for summary judgment. They risk prejudice, and all parties risk inconsistent rulings, of *Kite II* proceeds in the Southern District of Illinois. At the moment, many defendants are seeking dismissal in *Kite II* based on the similarity of claims alleged in *Kite I*. Even that determination would be more efficiently made in the Eastern District, where the court is by now thoroughly familiar with the factual, legal, and procedural issues.

WHEREFORE, Defendants Crane Co., Caterpillar, Inc., Trane U.S., Inc., and Ingersoll-Rand Company pray that the Panel transfer the *Kite II* case from the Southern District of Illinois, No. 14-CV-00712-NJR-SCW, to the Eastern District of Pennsylvania, MDL No. 875, and consolidate it with *Kite I*, No. 11-CV-67753-ER.

This Notice has been electronically filed using the United States Judicial Panel on Multidistrict Litigation's CM/ECF system. The docket sheet and complaint from *Kite II* are attached. *See Kite II* Complaint & Docket, Exh. C.

**DEFENDANTS DEMAND TRIAL BY JURY**

        Respectfully submitted,

        /s/ Benjamin J. Wilson_____
        Benjamin J. Wilson      S.D. Ill. #63329
        HEPLERBROOM LLC
        hbasbfed@heplerbroom.com
        130 N. Main Street
        P.O. Box 510
        Edwardsville, Illinois 62025-0510
        Phone:  (618) 656-0184
        Fax:  (618) 656-1364
        *Attorney for Defendants Crane Co., Caterpillar,*
        *Inc., Trane U.S., Inc., and Ingersoll-Rand Company*