UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO: | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CLEVELAND KITE | E.D. Pa. No. 2:11-cv-67753-ER |
| Plaintiff, | (Judge Eduardo C. Robreno) |
| v. | Transferor District Court: Southern District of Alabama |
| BILL VANN COMPANY, INC., et al., | Case No. 11-cv-00444 |
| Defendants. | |

### DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT

Defendant Crane Co., by and through its undersigned counsel, hereby moves for summary judgment as to all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. In support of this motion, Crane Co. states the following:

1. Plaintiff originally filed a Complaint in the Circuit Court of Marengo County, Alabama on May 4, 2011. This case was removed to the Southern District of Alabama, and it was subsequently transferred to the MDL 875 in the United States District Court for the Eastern District of Pennsylvania. Plaintiff alleges that he developed mesothelioma as the result of exposure to asbestos while serving in the Navy and Coast Guard from 1957 to 1978, while working at L&N/CSX Railroad from 1978 to 1985, and while working as a machinist at Ingalls Shipyard in the late 1980's.

2. Crane Co. is entitled to summary judgment because there is no evidence of record that Mr. Kite worked with or around an asbestos-containing product manufactured or supplied by Crane Co.

3. Plaintiff's claims should also be dismissed because they are barred by the applicable statute of limitations.

4. Crane Co. is also entitled to summary judgment because Crane Co. has no duty to warn about, and is not liable for, asbestos-containing products it neither manufactured nor supplied.

5. Furthermore, Plaintiff's claims should be dismissed because Crane Co. is immune to Plaintiff's state law tort claims pursuant to the government contractor defense.

6. Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

7. Here, Plaintiff has failed to establish a genuine issue of material fact on the issue of causation because he has failed to produce any evidence establishing that Crane Co. manufactured or supplied any asbestos-containing product to which he may have been exposed. Plaintiff's claims should also be dismissed because they are barred by the applicable statute of limitations. Moreover, Crane Co. cannot be held liable for products it did not make, design, or sell. Lastly, the government contractor defense bars Plaintiff's state law tort claims. Accordingly, Crane Co. is entitled to summary judgment on Plaintiff's claims.

WHEREFORE, Crane Co. respectfully requests entry of summary judgment in its favor and against Plaintiff and all other Defendants.

- 3 -

Dated: October 10, 2012　　　　　　　　　Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T:  412-355-6500
F:  412-355-6501
*Attorneys for Defendant Crane Co.*

- 3 -

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO: | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CLEVELAND KITE | E.D. Pa. No. 2:11-cv-67753-ER |
| Plaintiff, | (Judge Eduardo C. Robreno) |
| v. | Transferor District Court: Southern District of Alabama |
| BILL VANN COMPANY, INC., et al., | Case No. 11-cv-00444 |
| Defendants. | |

**DEFENDANT CRANE CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant Crane Co. respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment dismissing Plaintiff's Complaint and any cross-claims asserted against Crane Co.

Summary judgment should be granted because there is no evidence of record that Plaintiff worked with or around any asbestos-containing products made or supplied by Crane Co. Under maritime law, Crane Co. has no legal duty to warn about, and cannot be held liable for, products it neither manufactured nor supplied. Put simply, Crane Co. is not liable for Plaintiff's alleged exposures to third-parties' asbestos-containing replacement parts used with Crane Co. valves. Plaintiff's claims should also be dismissed because they are barred by the applicable statute of limitations. Moreover, Crane Co. is immune from Plaintiff's state law tort claims under

the government contractor defense, and his negligence and strict liability claims are barred as a matter of law. Accordingly, Crane Co.'s Motion for Summary Judgment should be granted.

## II. BRIEF STATEMENT OF FACTS

Plaintiff originally filed a Complaint in the Circuit Court of Marengo County, Alabama on May 4, 2011. This case was removed to the Southern District of Alabama, and it was subsequently transferred to the MDL 875 in the United States District Court for the Eastern District of Pennsylvania. Plaintiff alleges that he developed mesothelioma as the result of exposure to asbestos while serving in the Navy and Coast Guard from 1957 to 1978, while working at L&N/CSX Railroad from 1978 to 1985, and while working as a machinist at Ingalls Shipyard in the late 1980's.

Plaintiff was deposed in this matter over the course of five days between July 2011 and January 2012.[1] Plaintiff identified only one Crane Co. product that he believes he worked with throughout his career—Crane Co. valves. He testified that he worked with those valves on a number of different ships while he served in the Navy and the Coast Guard.[2] He believes he worked with asbestos-containing packing and flange gaskets on those valves, but he does not know whether any of those materials were original to the valves.[3] Accordingly, there is no evidence that Mr. Kite worked with any packing or gasket materials that were supplied by Crane Co.

---

[1] Mr. Kite was deposed on the following dates: July 12 and 18, 2011; November 16, 2011; and January 23-24, 2012. Crane Co. has attached two of those transcripts to this motion. *See* Deposition of Cleveland Kite from July 18, 2011 ("Kite Dep. I") (attached as Exhibit "A") and Deposition of Cleveland Kite from November 16, 2011 ("Kite Dep. II") (attached as Exhibit "B").

[2] *See* Kite Dep. I at 164:8-11.

[3] *Id.* at 168:13-170:16. He did not work with any internal bonnet gaskets on Crane Co. valves, just flange gaskets. *Id.*

- 2 -

While Mr. Kite testified that he worked with packing and gasket materials that he associates with the name "Crane," he did not testify—and there is no other evidence—that those materials were made by Crane Co. as opposed to another entity that shared the "Crane" name,[4] such as company known as Crane Packing Company.[5] Crane Co. is primarily a manufacturer of industrial equipment—mainly steel and metal valves. Crane Co. did not manufacture any packing or gasket materials, let alone the specific materials at issue in this case.[6] Put simply, since Crane Co. did not make packing or gasket materials, the identification of "Crane" as the manufacturer of packing and gasket materials cannot lead to an inference that Crane Co.—the valve manufacturer—made packing or gasket materials at issue here. Nor is there any record evidence that Crane Co. supplied any such packing or gasket materials.[7]

## III. ARGUMENT

### A. Summary Judgment Standard

Summary judgment exists "to isolate and dispose of factually unsupported claims." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). "The court shall grant summary judgment if the

---

[4] *See* Kite Dep. I at 140:5-141:6 (making clear that "Crane" is the only name he knows, and he cannot testify whether the materials were made or supplied by Crane Packing Company, Crane Co., or anything more specific than just the word "Crane").

[5] Crane Co. **is not** the successor to Crane Packing Company; in fact, Crane Co. is not and never was related to Crane Packing Company. *See, e.g.*, Deposition of Anthony Pantaleoni (Crane Co.'s corporate representative), dated March 10, 2010, in *Ayer v. A.W. Chesterton Co., et al.*, No. 275284 (Sup. Ct. of California, San Francisco County), at 59:5-19, a copy of which is attached as Exhibit "C."

[6] *See, e.g.*, Deposition of Anthony Pantaleoni (Crane Co.'s corporate representative), dated October 25, 2007, in *Martin v. Bayer Cropscience, Inc., et al.*, No. 07-CP-23-02483 (Ct. Com. Pl., Greenville C'ty, S.C.), at 62:24-63:6, a copy of which is attached as Exhibit "D."

[7] Such an assumption would be inaccurate considering Crane Co. did not even supply flange gaskets with any valves that it supplied to the Navy—the "Crane gaskets" that Mr. Kite identified were flange gaskets. *See* Deposition of Anthony Pantaleoni (Crane Co.'s corporate representative), dated May 3, 2006, in *Church v. Crane Co., et al.*, No. 14913*RM01 (Brazoria County Court, Texas), at 20:19-23 and 22:11-15, (attached as Exhibit "E").

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> **B.      Plaintiff has failed to establish that exposure to a Crane Co. product caused his alleged injuries.**

Under maritime law,[8] a plaintiff must prove that he was exposed to a particular defendant's product, and that this product was a substantial factor in causing plaintiff's injury. *See, e.g.*, *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (holding under maritime law that plaintiff must show "that (1) he was exposed to defendant's product, and (2) the product was a substantial factor in causing the injury suffered."). Accordingly, summary judgment based upon insufficient product identification is appropriate where there is no evidence that a plaintiff worked regularly and frequently in the vicinity of asbestos-containing products supplied or manufactured by a particular defendant. *Lindstrom*, 424 F.3d at 492.

The evidence in this case fails to create a genuine issue of material fact on the issue of causation. The only Crane Co. products that Plaintiff alleges working with are metal valves. There is no evidence that he worked with or around asbestos-containing packing or gasket materials manufactured or supplied by Crane Co. *See supra* at § II. Moreover, Plaintiff's allegations that he worked with "Crane packing" or "Crane gaskets" are not sufficient to withstand summary judgment because those are not Crane Co. products and there is no evidence to the contrary. Indeed, Crane Co. never manufactured such products, so there can be no reasonable inference that those are Crane Co. products simply because they share the "Crane"

---

[8] Maritime law applies to the claims against Crane Co. in this case, because (i) Mr. Kite's alleged work with and around Crane Co. products was performed on U.S. Navy and Coast Guard vessels, (ii) his alleged asbestos exposures are potentially disruptive to maritime commerce, and (iii) his work bore a substantial relationship to maritime activity. *See, e.g., Conner v. Alfa Laval, Inc.*, Civil Action No. 09-67099, MDL Docket No. 875, 2011 WL 3101810 at *1 (E.D. Pa. July 22, 2011); *John Crane, Inc. v. Jones*, 650 S.E.2d 851 (Va. 2007); *Deuber v. Asbestos Corp. Ltd.*, Case No. 2:10-78931 (E.D. Pa. Dec. 2, 2011).

- 4 -

name. In order to withstand summary judgment, Plaintiff must demonstrate that the "Crane packing" material to which he was allegedly exposed was manufactured or supplied by Crane Co. *See Lindstrom v. A-C Prods. Liab. Trust, et al.*, 264 F. Supp. 2d 583, 594 (N.D. Ohio 2003) (holding that Crane Co. cannot be held liable for allegations of exposure to "Crane packing" when the evidence presented by plaintiff does not "clearly establish that Crane Co. was the manufacturer or supplier of a specific asbestos-containing product"). Plaintiff cannot establish that Crane Co. was actually the manufacturer or supplier of these products. Accordingly, Crane Co. is entitled to summary judgment.

### C. Plaintiff's claims are barred by the Alabama statute of limitations applicable to pre-1979 asbestos exposure.

In Alabama, where the claim was originally filed, claims arising from alleged exposures to asbestos prior to 1979 are barred by a one-year statute of limitations that begins running at the date of last exposure, not upon discovery of an asbestos-related disease. *See Archer, et al. v. Mead Corp.*, MDL No. 875, Case Nos. 09-cv-70093, et al., 2011 WL 3240827 (E.D. Pa. July 29, 2011); *see also Johnson v. Garlock, Inc.*, 682 So.2d 25 (Ala. 1996); *Tyson v. Johns-Manville Sales Corp.*, 399 So.2d 263 (Ala. 1979). While the Alabama legislature, by statute on May 19, 1980, created a new discovery rule for asbestos cases—the date that asbestos claims accrue changed from the date of last exposure to the date a claimant should have reason to discover the injury giving rise to a civil action—the Alabama Supreme Court has held that the new rule cannot be applied retroactively to revive claims that were already barred at the time the new rule was enacted. *See Tyson*, 399 So. 2d at 267-70. The Alabama Supreme Court has held in an asbestos action that a plaintiff's claims are time-barred where the last exposure occurred on or before May 19, 1979, and the plaintiff fails to file a cause of action within one year of the last exposure. *See Johnson*, 682 So.2d at 25-27. Accordingly, to withstand summary judgment,

Plaintiff must demonstrate that his last "exposure" to a Crane Co. product occurred at some point after May 19, 1979.

All of Mr. Kite's alleged exposures to asbestos from component parts used with Crane Co. valves took place prior to 1978. Mr. Kite testified that while he worked with Crane Co. valves in 1988 on the USS Wisconsin, his work was limited—he did not work with packing or gaskets on those valves, and was not otherwise exposed to asbestos from that work. *See* Kite Dep. I at 159:3-161:13; 478:5-10. In response to leading questions and mischaracterizations of past testimony from his counsel, Mr. Kite appeared to change his testimony on this issue. *See* Kite Dep. II at 34:4-39:12. That testimony should be stricken from the record and Plaintiff should be excluded from relying on it. To the extent the Court strikes that testimony, the record evidence establishes that Mr. Kite was not exposed to asbestos from any work he performed in conjunction with a Crane Co. valve after 1978. Accordingly, Plaintiff's claims are barred by Alabama's relevant one-year statute of limitations.

### D. **Crane Co. is not liable for asbestos-containing materials that it did not manufacture, sell, or design.**

Crane Co. is entitled to summary judgment because it did not manufacture, sell, or design any of the asbestos-containing packing or gasket materials that Plaintiff might have worked with or around on Navy or Coast Guard vessels during his career. Under maritime law, Crane Co. cannot be held liable for alleged exposures to third-parties' asbestos-containing packing or gasket materials. *See, e.g.*, *Lindstrom*, 424 F.3d at 493-97; *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012) (adopting *Lindstrom* and holding that, under maritime law, "a manufacturer is not liable for harm caused by, and owes no duty to warn of hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute"); *see also Cardaro v. Aerojet Gen. Corp.*, MDL-875 No. 2:11-cv-66763 (E.D. Pa. July 26, 2012); *Serini v. A.W.*

- 6 -

*Chesterton Co.*, MDL-875 Case No. 07-69109-ER (E.D. Pa. May 14, 2012); *Miller v. A.W. Chesterton Co.*, MDL-875 Case No. 07-67107-ER (E.D. Pa. May 14, 2012); *Floyd v. Air & Liquid Systems Corp.*, Case No. 2:10-cv-69379 (E.D. Pa. Feb. 8, 2012); *Lyautey v. Alfa Laval, Inc.*, MDL-875 Case No. 10-cv-84922-ER (E.D. Pa. March 19, 2012).[9]

> E. **Crane Co.'s motion for summary judgment should be granted because Crane Co. was acting as a government contractor when supplying products to the Navy and the Coast Guard.**

Crane Co. is also entitled to summary judgment because Crane Co. was acting as a government contractor when supplying valves to the Navy and the Coast Guard with which Plaintiff alleges he worked. The evidence here supporting summary judgment is parallel to the evidence in the *Faddish* case where the Court found no issues of fact regarding the government contractor defense. *Faddish v. General Electric Co. et al.*, MDL No. 875, No. 09-70626, 2010 WL 4146108, at *6-9 (E.D. Pa. Oct. 20, 2010).[10]

As this Court has confirmed, government contractors are immune from state law tort claims when (1) the United States Government exercised its discretion and approved reasonably

---

[9] *Accord O'Neil v. Crane Co.*, 266 P.3d 987 (Cal. 2012) (holding that a manufacturer is not liable for products it did not make or supply and that foreseeability does not create a duty under any theory of liability); *Surre v. Foster Wheeler LLC*, 831 F. Supp. 2d 797, 801 (S.D.N.Y. 2011) (clarifying that New York follows the stream-of-commerce test and holding that "a manufacturer has no duty to warn against defects in such third-party products so long as the manufacturer had no control over the production of the defective product and did not place it into the stream of commerce"); *Faddish v. Buffalo Pumps*, Case No. 08-80724-civ, 2012 WL 3140200 at * 10-11 (S.D. Fla. Aug. 2, 2012) (predicting that the Florida Supreme Court would follow the national trend and holding, under Florida law, that "[b]ecause defendants were not in the chain of distribution of the dangerous asbestos-containing products causing injury. . ., they cannot be charged with a duty to warn under negligence or strict liability theory.").

[10] *See, e.g.*, Affidavit of David Sargent, retired Rear Admiral of the United States Navy, Jan. 26, 2010 ("Sargent Aff."), attached as Exhibit "F"; 45V17 (INT), Bureau of Engineering Specification, Valves, Gate, For Air Exhaust, Steam, Oil, or Water Services (Shipboard Use) May 13, 1938 (attached as Exhibit 1 to Sargent Aff.); Mil-V-22052D (SH), Military Specification, Valves, Stop and Stop Check, Globe, Angle, and Y Pattern, Cast or Forced Carbon or Alloy Steel, Outside Screw and Yoke), 20 March 1978 (attached as Exhibit 2 to Sargent Aff.); Report of David Sargent, retired Rear Admiral of the United States Navy, Sept. 21, 2010 ("Sargent Report"), attached as Exhibit "G"; Affidavit of Anthony Pantaleoni, Jan. 25, 2010 ("Pantaleoni Aff.") at ¶¶ 5-6, attached as Exhibit "H"; Affidavit and Report of Dr. Samuel Forman, August 9, 2012 ("Forman Aff. & Report"), attached as Exhibit "I".

- 7 -

precise specifications for the product at issue, (2) the equipment conformed to those specifications, and (3) the contractor warned the United States about dangers in the use of the equipment that were known to it, but not known to the United States. *Faddish*, 2010 WL 4146108, at *6 (citing *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988)). This Court has held that the government contractor defense is not limited to design defect causes of actions—it also applies to failure to warn claims. *Id.* at * 7. The elements of the government contractor defense are met here, and Crane Co. is entitled to summary judgment on this basis.

With respect to the first prong, the test is whether the Navy or Coast Guard "exercised its discretion," not whether they "prohibited" a manufacturer from placing warnings on its products. This Court has already rejected other plaintiffs' arguments that a defendant must show the Navy specifically forbade it from placing warnings on its products. *See, e.g., id.* at * 7-8; *see also Hanson v. ACandS, Inc.*, Case No. 2:09-66701 (E.D. Pa. June 23, 2011).

### 1. The Navy and the Coast Guard provided warning directives with respect to the types of products for which Crane Co. is allegedly responsible and Crane Co. complied with those directives.

Crane Co. has produced extensive evidence regarding the government's involvement in the design and manufacture of products, such as valves and sealing materials, for shipboard use on U.S. Navy warships and Coast Guard vessels. *See* Sargent Aff. (Ex. F); Sargent Report (Ex. G). For example, Admiral Sargent confirmed that the Navy developed specifications used in the contract design package and that thousands of such military specifications were developed for various specific materials, equipment, components, books, manuals, and label plates. *See* Sargent Aff. (Ex. F) at ¶ 24. The Coast Guard employed specifications that were substantially similar to those used by the Navy. *See* Sargent Report (Ex. G) at 18-28. Manufacturers such as Crane Co. were required to comply with technical specifications in all details in order for the Navy (or

- 8 -

Coast Guard) to accept the equipment being manufactured, tested, and shipped. *Id.* at ¶ 26.

Specifically with respect to warnings, Admiral Sargent explains,

> The Navy had precise specifications as to the nature of any markings, communications or directions affixed to or made a part of any equipment supplied by manufacturers such as Crane Co. for ultimate use aboard Navy ships. Such manufacturers would not have been permitted, under the specifications, associated regulations and procedures, nor under the actual practice as it evolved in the field, to vary or to deviate in any respect from the Navy specifications in supplying equipment, including affixing any type of warning or caution statement to equipment intended for installation in a Navy ship, beyond those specifically required by the Navy without prior discussion and expressed approval by the Navy.

*Id.* at ¶ 46. Crane Co.'s corporate witness, Anthony Pantaleoni, confirms that Crane Co. complied with the applicable government specifications in providing such products. *See* Pantaleoni Aff. (Ex. H).

Both Admiral Sargent and Mr. Pantaleoni cite illustrative examples of military specifications applicable to valves supplied to the Navy for shipboard use. *See, e.g.*, 45V17 (INT), Bureau of Engineering Specification, Valves, Gate, For Air Exhaust, Steam, Oil, or Water Services (Shipboard Use) May 13, 1938 (attached as Exhibit 1 to Sargent Aff.); Mil-V-22052D (SH), Military Specification, Valves, Stop and Stop Check, Globe, Angle, and Y Pattern, Cast or Forced Carbon or Alloy Steel, Outside Screw and Yoke, 20 March 1978 (attached as Exhibit 2 to Sargent Aff.). Each of these specifications provides precise instructions, labeling, and markings demonstrating that the government exercised its discretion regarding warnings to be placed on defendants' products. For example, Mil-V-22052D sets forth the exact information that manufacturers are to include on valve label plates. *See* Mil-V-22052D at ¶ 3.4.2. Likewise, specification 45V17 also identifies information to be included on the valve by manufactures. *See* 45V17 at ¶ D-11.

- 9 -

### 2. The Navy had superior knowledge about the hazards of asbestos.

This Court has surveyed extensive, and uncontroverted, evidence regarding the Navy's historical knowledge regarding certain hazards associated with the use of asbestos-containing materials. *Faddish*, 2010 WL 4146108, at *9. Similarly, Crane Co. has presented evidence explaining the extensive depth and breadth of the Navy's historical knowledge regarding asbestos hazards. *See, e.g.*, Forman Aff. & Report (Ex. I).

Crane Co. has established that the United States exercised its discretion regarding the type and content of warnings that could be supplied with the various Crane Co. products which were supplied to the Navy and the Coast Guard, all of which were subject to governing military specifications, and that Crane Co. complied with those specifications. Moreover, the overwhelming evidence is that the United States Navy was a leader regarding hazards associated with asbestos. Accordingly, the elements of the government contractor defense are met here, and Crane Co. is entitled to summary judgment on this basis.

## IV. CONCLUSION

Crane Co. is entitled to summary judgment in this case. Plaintiff has failed to establish a genuine issue of material fact on the issue of causation, because he failed to come forth with evidence establishing that he worked with or near a Crane Co. product that may have released asbestos to which he was exposed. Plaintiff's claims are also barred by the applicable statute of limitations. Moreover, Crane Co. is not liable for products that it did not make, sell or design. There is no evidence that the "Crane gasket" and "Crane packing" materials that Mr. Kite alleges working with were Crane Co products. Finally, Crane Co. is entitled to summary judgment on the basis of the government contractor defense. Accordingly, Crane Co. respectfully requests that this Court grant its motion for summary judgment and dismiss Plaintiff's claims in their entirety.

Dated: October 10, 2012 Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T: 412-355-6500
F: 412-355-6501
*Attorneys for Defendant Crane Co.*

- 11 -

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendant Crane Co.'s Motion for Summary Judgment and Defendant Crane Co.'s Memorandum of Law in Support of its Motion for Summary Judgment were electronically served on Plaintiff's counsel and all counsel of record on October 10, 2012 and are available for viewing and downloading from the Court's ECF system.

/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.