IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :       Consolidated Under
LIABILITY LITIGATION (No. VI)   :       MDL DOCKET NO. 875
                                :
POLISE                          FILED   Transferred from the Southern
                                :       District of New York
   v.                           SEP 15 2014   Case No. 12-04653
                                :
VARIOUS DEFENDANTS              MICHAEL E. KUNZ, Clerk   . Pa No. 12-60165
                                By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **September, 2014**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,

2009), ECF No. 6197, the Court finds that, as to the above-

captioned case:

a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A (see the MDL 875 website's Administrative

Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule

16 order issued by the Court (see ECF No. 6).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions,

including dispositive motions. Particularly relevant rulings

include:

      i.    The motion for summary judgment of Defendant

           Crane Co. was denied (ECF No. 63).

ii.   The motion for summary judgment of Defendant
      Velan Valves was denied with leave to refile
      in the transferor court (ECF No. 65).

e.) Rule 18 settlement discussions have been exhausted at
this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial
without delay once on the transferor court's docket, subject
to any trial-related motions in limine (including Daubert
challenges).

g.) According to Plaintiff, the remaining viable defendants
for trial are:

i.   Crane Co.

ii.  Electrolux Home Products, Inc.

iii. FMC Corporation

iv.  General Electric Company

v.   Goulds Pumps, Inc.

vi.  Ingersoll-Rand Company

vii. Trane U.S. Inc.

viii. U.S. Rubber Company (Uniroyal)

ix.  Velan Valve Corporation

x.   Warren Pumps, LLC

xi.  Pfizer, Inc.

h.) Any demand for punitive damages is severed, and claims
for punitive or exemplary damages are retained by the MDL-

875 Court. <u>See</u> Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Southern District of New York** for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[1]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. <u>See</u> <u>In re Collins</u>, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); <u>see also</u> <u>In re Roberts</u>, 178 F.3d 181 (3d Cir. 1999).

3

## SUGGESTION OF REMAND MEMORANDUM

Updated April 7, 2014

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

## Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

## Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge Royce C. Lamberth of the District of Columbia, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Lamberth at Royce_C._Lamberth@dcd.uscourts.gov or (202) 354-3380.

## Special Master

The Court has designated Professor Francis McGovern to act as special master for remand purposes to assist the trial and/or transferor court in any manner deemed appropriate by those courts to insure the smooth and consistent remand of cases from MDL 875. If appropriate, please contact Professor McGovern at McGovern@law.duke.edu.

## Additional information pertaining to MDL 875

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by contacting the MDL 875 law clerk.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :    Consolidated Under
LIABILITY LITIGATION (No. VI) :    MDL DOCKET NO. 875

MOSKOWITZ                           **FILED** Transferred from the Southern
                                    SEP 15 2014 District of New York
       v.                      :    Case No. 12-06959
                               MICHAEL E. KUNZ, Clerk
VARIOUS DEFENDANTS             By_____ Dep. Clerk  Pa No. 12-60192

### SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **September, 2014**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A (see the MDL 875 website's Administrative
Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).
b.) Parties have completed their obligations under the Rule
16 order issued by the Court (see ECF No. 32).
c.) All discovery has been completed.
d.) The Court has adjudicated all outstanding motions,
including dispositive motions. Particularly relevant rulings
include:

    i.   The motion for summary judgment of Defendant
Rheem Manufacturing Company was denied with

1

leave to refile in the transferor court (ECF No. 187).

    ii.  The motion for summary judgment of Defendant Crane Co. was denied with leave to refile in the transferor court (ECF No. 188).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable defendants for trial are:

    i.   American Biltrite, Inc.

    ii.  Bell & Gossett

    iii. Burnham Corporation

    iv.  Carrier Corporation

    v.   Crane Company

    vi.  Crown Boiler Co.

    vii. FMC Corporation

    viii. General Electric Company

    ix.  Goulds Pumps, Inc.

    x.   Grinnell LLC

    xi.  IMO Industries Inc.

2

xii.  Ingersoll Rand Company

xiii. J.H. France Refractories Company

xiv. Kennedy Valve Manufacturing

xv.  Kohler Company

xvi. Oakfabco, Inc.

xvii. Owens-Illinois, Inc.

xviii. Pfizer, Inc.

xix. Rapid-American Corporation

xx.  Rheem Manufacturing Company

xxi. TDY Industries, Inc.

xxii. The Goodyear Tire and Rubber Company

xxiii. Trane U.S. Inc

xxiv. U.S. Rubber Company (UNIROYAL)

xxv. Utica Boilers, Inc.

xxvi. Warren Pumps, LLC

xxvii. Weinman Pump & Supply Co.

h.) Any demand for punitive damages is severed, and claims

for punitive or exemplary damages are retained by the MDL-

875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-

captioned case should be **REMANDED** to the United States District

Court for the **Southern District of New York** for resolution of all

3

matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1]      The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

4

## SUGGESTION OF REMAND MEMORANDUM
Updated April 7, 2014

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

5

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

### Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge Royce C. Lamberth of the District of Columbia, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Lamberth at Royce_C._Lamberth@dcd.uscourts.gov or (202) 354-3380.

### Special Master

The Court has designated Professor Francis McGovern to act as special master for remand purposes to assist the trial and/or transferor court in any manner deemed appropriate by those courts to insure the smooth and consistent remand of cases from MDL 875. If appropriate, please contact Professor McGovern at McGovern@law.duke.edu.

### Additional information pertaining to MDL 875

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by contacting the MDL 875 law clerk.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :   Consolidated Under
LIABILITY LITIGATION (No. VI) :     MDL DOCKET NO. 875

                                :
TUCKFELT                        FILED  Transferred from the Southern
                                :      District of New York
     v.                         SEP 15 2014 Case No. 12-07100

                                :
VARIOUS DEFENDANTS              MICHAEL E. KUNZ, Clerk D. Pa No. 12-60194
                                By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **September, 2014**, it is hereby
**ORDERED** that, upon review of the above captioned case under MDL-
875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30,
2009), ECF No. 6197, the Court finds that, as to the above-
captioned case:

a.) Plaintiff has complied with MDL-875 Administrative
Orders 12 and 12A (see the MDL 875 website's Administrative
Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).
b.) Parties have completed their obligations under the Rule
16 order issued by the Court (see ECF No. 30).
c.) All discovery has been completed.
d.) The Court has adjudicated all outstanding motions,
including dispositive motions. Particularly relevant rulings
include:

   i.    The motion for summary judgment of Defendant
         Rheem Manufacturing Company was denied with

1

leave to refile in the transferor court (ECF No. 178).

    ii.  The motion for summary judgment of Defendant Crane Co. was denied with leave to refile in the transferor court (ECF No. 177).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable defendants for trial are:

    i.   American Biltrite, Inc.

    ii.  Bell & Gossett

    iii. Burnham Corporation

    iv.  Carrier Corporation

    v.   Crane Company

    vi.  Aurora Pump Company

    vii. FMC Corporation

    viii. General Electric Company

    ix.  Peerless Industries, Inc.

    x.   Grinnell LLC

    xi.  IMO Industries Inc.

2

xii. Ingersoll Rand Company

xiii. J.H. France Refractories Company

xiv. Kennedy Valve Manufacturing

xv.  Kohler Company

xvi. Oakfabco, Inc.

xvii. Owens-Illinois, Inc.

xviii. Pfizer, Inc.

xix. Rapid-American Corporation

xx.  Rheem Manufacturing Company

xxi. TDY Industries, Inc.

xxii. The Goodyear Tire and Rubber Company

xxiii. Trane U.S. Inc

xxiv. U.S. Rubber Company (UNIROYAL)

xxv. Utica Boilers, Inc.

xxvi. Warren Pumps, LLC

xxvii. Weinman Pump & Supply Co.

xxviii. Goulds Pumps, Inc.

xxix. Superior Boiler Works, Inc.

xxx. The Fairbanks Company

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. <u>See</u> Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District

3

Court for the **Southern District of New York** for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**

---

[1]     The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

4

## SUGGESTION OF REMAND MEMORANDUM

Updated April 7, 2014

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the
Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's
Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court
can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial
Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury
damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the
Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District
of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against
multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and
up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in
2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The
policy involves giving newly transferred cases scheduling orders; setting cases for settlement
conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in
the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the
parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of
Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all
Administrative Orders issued in this litigation (including current Orders and those no longer in
effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

5

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

**Contact information for the MDL 875 Court**

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

**Intercircuit Assignment Committee**

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge Royce C. Lamberth of the District of Columbia, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case.  If appropriate, please contact Judge Lamberth at Royce_C._Lamberth@dcd.uscourts.gov or (202) 354-3380.

**Special Master**

The Court has designated Professor Francis McGovern to act as special master for remand purposes to assist the trial and/or transferor court in any manner deemed appropriate by those courts to insure the smooth and consistent remand of cases from MDL 875. If appropriate, please contact Professor McGovern at McGovern@law.duke.edu.

**Additional information pertaining to MDL 875**

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by contacting the MDL 875 law clerk.