IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
OCT 20 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| SPYCHALLA | : | Transferred from the Eastern |
| | : | District of Wisconsin |
| v. | : | Case No. 11-00497 |
| | : | |
| VARIOUS DEFENDANTS | : | E.D. Pa No. 12-60004 |

**SUGGESTION OF REMAND**

**AND NOW**, this **20th** day of **October, 2014**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30, 2009), ECF No. 6197, the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A (see the MDL 875 website's Administrative Orders page, at http://www.paed.uscourts.gov/mdl875d.asp).

b.) Parties have completed their obligations under the Rule 16 order issued by the Court (see ECF No. 41).

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions, including dispositive motions. Particularly relevant rulings include:

    i. The motion for summary judgment of Defendant Boeing Aerospace Operations, Inc. was denied

1

with leave to refile in the transferor court (ECF No. 335).

ii. The motion for summary judgment of Defendant Cessna Aircraft Company was denied with leave to refile in the transferor court (ECF No. 342).

e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the remaining viable defendants for trial are:

i. Boeing Aerospace Operations Inc.

ii. Cessna Aircraft Company

iii. General Electric Company

iv. Medicare

h.) Any demand for punitive damages is severed, and claims for punitive or exemplary damages are retained by the MDL-875 Court. See Fed. R. Civ. P. 42(b).

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Eastern District of Wisconsin** for resolution of all

matters pending within this case except punitive damages.[1]

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the MDL-875 Court in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000) ("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); see also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

3

# SUGGESTION OF REMAND MEMORANDUM
Updated April 7, 2014

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

### Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge Royce C. Lamberth of the District of Columbia, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Lamberth at Royce_C._Lamberth@dcd.uscourts.gov or (202) 354-3380.

### Special Master

The Court has designated Professor Francis McGovern to act as special master for remand purposes to assist the trial and/or transferor court in any manner deemed appropriate by those courts to insure the smooth and consistent remand of cases from MDL 875. If appropriate, please contact Professor McGovern at McGovern@law.duke.edu.

### Additional information pertaining to MDL 875

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by contacting the MDL 875 law clerk.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| VARIOUS PLAINTIFFS | : | Transferred from the Western |
| | : | District of Wisconsin |
| v. | : | |
| | : | Certain "CVLO" cases listed |
| VARIOUS DEFENDANTS | : | in Exhibit "A," attached |

### SUGGESTION OF REMAND

**AND NOW**, this **20th** day of **October, 2014**, it is hereby **ORDERED** that Plaintiffs' motions for a suggestion of remand, listed in Exhibit "A," attached, are **GRANTED**.[1]

Accordingly, the Court **SUGGESTS** that the cases listed in Exhibit "A," attached, should be **REMANDED** to the United States District Court for the **Western District of Wisconsin** for resolution of all matters pending.[2]

FILED
OCT 20 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

---

[1] Plaintiffs' motions were not opposed.

[2] On April 5, 2014, Plaintiffs moved for a suggestion of remand to the transferor court - the Western District of Wisconsin. Plaintiffs asserted that their claims arose from asbestos exposure at a manufacturing plant owned by Defendant Weyerhaeuser Company. Plaintiffs stated that similar cases were filed in the Western District of Wisconsin and averred that the instant cases shared similar evidentiary and legal issues as the cases in the transferor court. Accordingly, Plaintiffs stated that remanding the cases "would allow for coordinated discovery, motion practice, and legal rulings in front of the judge where the cases will be tried." Defendants Weyerhaeuser Company, 3M Company, and CBS Corporation opposed Plaintiffs' motion. On April 30, 2014, the Court denied Plaintiffs' motion for remand. The Court noted that remanding the cases at that time would not promote the just and efficient resolution of their claims.

1

**AND IT IS SO ORDERED.**

_/s/ Eduardo C. Robreno_
EDUARDO C. ROBRENO, J.

---

On September 4, 2014, Defendant Weyerhaeuser Company concurrently filed a Motion for Judgment on the Pleadings and a Motion to Stay in the instant three cases. Weyerhaeuser asserts that Plaintiffs' claims are barred by the strict exclusivity provision of the Wisconsin Worker's Compensation Act. Weyerhaeuser also asserts that the Western District of Wisconsin recently dismissed Weyerhaeuser with prejudice from six "nearly identical companion cases, all involving former Weyerhaeuser employees." Weyerhaeuser requested that the Court stay all discovery and proceedings until the Court resolved its motions for judgment on the pleadings. After a telephone conference, Judge Strawbridge granted Weyerhaeuser's motion to stay on September 17, 2014.

On September 26, 2014, Plaintiffs filed renewed motions for a suggestion of remand. Plaintiffs assert that circumstances have changed and remand to the transferor court would now promote the just and efficient resolution of their cases. Particularly, Plaintiffs assert that in the event there are appeals of this Court's orders, the appeals should be heard by a single circuit. Defendant Weyerhaeuser submitted a "Statement of No Opposition" in response to Plaintiffs' motions to remand. Defendant Owens-Illinois also filed a "Statement of No Opposition." No other defendant responded to Plaintiffs' motions. Accordingly, Plaintiffs' motions for a suggestion of remand are unopposed.

This MDL Court is charged under 28 U.S.C. § 1407 to coordinate or consolidate (i.e., simplify) pre-trial issues. The Western District of Wisconsin is familiar with the issues raised in these cases and remand at this time would facilitate the just and efficient resolution of Plaintiffs' claims. For the sake of consistency, and because Defendants do not oppose Plaintiffs' motions, the Court deems it appropriate to remand the cases in their entirety to the transferor court in Wisconsin. Accordingly, all other pending motions are denied, with leave to refile in the transferor court after remand. See, e.g., Faddish v. CBS Corp., No. 09-70626, 2010 WL 4159238 (E.D. Pa. Oct. 22, 2010) (Robreno, J.).

2

## Exhibit A

| E.D. Pa. Case No. | W.D. Wisc. Case No. | Case Name | ECF Mtn No. |
|---|---|---|---|
| 13-60011 | 12-00899 | Jacobs | 110 |
| 13-60013 | 13-00250 | Zickert | 79 |
| 13-60019 | 13-00459 | Heckel | 91 |

## SUGGESTION OF REMAND MEMORANDUM
Updated April 7, 2014

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18 (see http://www.paed.uscourts.gov/mdl875d.asp).

Specific information regarding the history of a specific case while it was in the MDL 875 Court can be found in the Suggestion of Remand (above) that the MDL Court submitted to the Judicial Panel on Multidistrict Litigation in connection with its Order.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. It currently consists of about 3,000 cases transferred by the Judicial Panel on Multidistrict Litigation, which has been transferring cases to the Eastern District of Pennsylvania since 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 (see http://www.paed.uscourts.gov/mdl875d.asp) in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involves giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts, or, in the alternative, holding trials in the Eastern District of Pennsylvania (if so requested by the parties).

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/mdl875a.asp. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/mdl875d.asp.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on

4

substantive and procedural matters since 2008 (see http://www.paed.uscourts.gov/mdl875n.asp). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL-875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL-875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/mdl875n.asp.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), the MDL 875 law clerk (Christopher_Lucca@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

### Intercircuit Assignment Committee

The Intercircuit Assignment Committee of the Judicial Conference, under the leadership of Judge Royce C. Lamberth of the District of Columbia, can assist in the identification and assignment of a senior judge from another District who is ready, willing and able to preside over the trial of this case. If appropriate, please contact Judge Lamberth at Royce_C._Lamberth@dcd.uscourts.gov or (202) 354-3380.

### Special Master

The Court has designated Professor Francis McGovern to act as special master for remand purposes to assist the trial and/or transferor court in any manner deemed appropriate by those courts to insure the smooth and consistent remand of cases from MDL 875. If appropriate, please contact Professor McGovern at McGovern@law.duke.edu.

### Additional information pertaining to MDL 875

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by contacting the MDL 875 law clerk.