BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | )<br>) | CONSOLIDATED UNDER<br>MDL DOCKET NO.: 875 |

| | | |
|---|---|---|
| VALERIE K. PRESLEY, as Personal<br>Representative of the Estate of<br>CLEVELAND G. KITE, deceased | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | E.D. PA. CASE NO.:<br>2:11-CV-67753 |
| BILL VANN COMPANY<br>LLC., et al., | )<br>)<br>) | |
| Defendants. | )<br>) | Transferred from USDC-S.D. AL.<br>CASE NO.: 2:11-cv-00444 |

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION TO VACATE CONDITIONAL REMAND ORDER

COME NOW Defendants CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; Saint-Gobain Abrasives, Inc. f/k/a Norton Company; Honeywell International, Inc.; Dana Companies, LLC f/k/a Dana Corporation; Crane Co.; Cameron International Corporation; and Cummins, Inc. (hereinafter collectively "Defendants"), pursuant to Rule 10.2(e), R.P.J.P.M.L., 277 F.R.D. 280 (2011) and submit herewith their Brief in Support of Motion to Vacate Conditional Remand Order [J.P.M.L. Doc. 9790].  In support hereof, Defendants say as follows:

1

## BACKGROUND AND POSTURE OF THE CASE

This matter was filed by Cleveland G. Kite (hereinafter "Kite") on May 4, 2011, in the Circuit Court of Marengo County, Alabama. [S.D.A.L. Doc. 1, Ex. E]. On August 5, 2011, certain Defendants removed this action to the Federal District Court for the Southern District of Alabama. [S.D.A.L. Doc. 1]. On Aug 15, 2011, a Conditional Transfer Order was entered conditionally transferring this action to the MDL, and on November 3, 2011, the transfer to the MDL was made final. [J.P.M.L. Doc. 1 and E.D. Pa. Doc. 1, respectively].

A Scheduling Order governing this action was entered on January 25, 2012, and the parties began discovery. Pursuant to a joint motion of the parties, on June 4, 2012, certain Scheduling Order deadlines were extended. [E.D. Pa. Doc. 17 and E.D. Pa. Doc. 27, respectively]. Written discovery was exchanged between the parties, and the deposition of Kite was conducted. Following completion of initial fact discovery, in the fall of 2012, the parties engaged in extensive summary judgment briefing on issues including product identification and the statute of limitations. On August 13, 2014, the Eastern District of Pennsylvania Court issued Orders on pending summary judgment motions, granting some summary judgment motions, while denying others.

With summary judgment motions disposed of, on September 15, 2014, an Order to Show Cause was issued to Plaintiff as to why the case should not be remanded to the Southern District of Alabama. [E.D. Pa. Doc. 232]. On September 29, 2014, Plaintiff filed *Plaintiff's Response to Order to Show Cause (DOC 232)* and subsequently filed *Plaintiff's Amended Response to Order to*

*Show Cause (DOC 232)* on October 14, 2014, setting forth her view of the status of this action. [E.D. Pa. Doc. 234 and E.D. Pa. Doc. 236, respectively]. In both submissions, Plaintiff represented to the Court that "[f]act discovery has been substantially completed" and "Plaintiff's expert depositions have now been completed." Prior to the expiration of fifteen days, on October 21, 2014, the Eastern District of Pennsylvania entered a Suggestion of Remand. [E.D.P.A. 237]. Just three days later, on October 24, 2014, this Panel issued a Conditional Remand Order notifying the parties that this matter would be remanded to the Southern District of Alabama absent submission of Notice of Opposition from any party. [J.P.M.L. Doc. 9790]. Defendants submitted their Notice of Opposition to the Conditional Remand Order on October 31, 2014. [J.P.M.L. Doc. 9792]. On the same day, the Panel published a briefing schedule requiring Defendants to file a Motion to Vacate and Brief in Support of Motion to Vacate, by November 14, 2012. [J.P.M.L. Docket Text Entry October 31, 2014].

**ARGUMENT**

Defendants disagree with Plaintiff's assessment that discovery is complete in this matter and, instead, assert that limited fact and expert discovery is needed to adequately prepare for this action trial. Therefore, as set forth more fully below, Defendants oppose remand of this matter only to the extent that certain limited discovery remains to be completed prior to this action being ready for trial in the Southern District of Alabama.

Although legal authority from the Panel is extremely limited on this issue,

3

the Panel's denial of remand is certainly not unheard of.  *In re Great Southern Life Insurance Company Sales Practices Litigation*, 217 F.Supp. 2d 1379 (2002); *In re Silicone Gel Breast Implants Products Liability Litigation*, 173 F.Supp.2d 1381 (J.P.M.L. 2001).  While great deference is generally afforded the transferee court's Suggestion of Remand, the question of whether remand is appropriate for an action in any particular multidistrict litigation is based on the totality of the circumstances involved in that docket.  *In re Managed Care Litigation*, 416 F.Supp.2d 1347, 1348 (J.P.M.L. 2006).

For example, in *Great Southern*, the Panel held that denial of remand of an action to the transferor court was warranted when circumstances surrounding the action had changed.  217 F.Supp. 2d 1379-1380 (2002).  *Great Southern* involved life insurance policy holders who had opted out of a class action settlement against their life insurance carrier.  *Id.* at 1379.  One of several factors considered by the Panel was the fact that "because all proceedings were stayed pending class wide settlement negotiations…very few pretrial proceedings had been conducted in [the actions] in the transferee court…"  *Id.*  The Panel vacated remand concluding that although "great deference is normally given to suggestions of remand by transferee judges, the changed circumstance in this docket lead the Panel to conclude that [these actions] should remain in the transferee court."  *In re Great Southern Life Insurance Company Sales Practices Litigation*, 217 F.Supp. 2d 1379, 1380 (2002).

Although for different reasons, the instant action likewise suffers from "changed circumstances" which warrant the Panel vacating the Conditional

4

Remand Order.  The most significant change in circumstances includes the death of the original Plaintiff—Kite.  On April 3, 2014, during the pendency of motions for summary judgment, Plaintiff filed a Suggestion of Death notifying the parties and the Court that Kite passed away on January 26, 2014.  [E.D. Pa. Doc. 186]  Along with the Suggestion of Death, Plaintiff filed a *Motion to Substitute Valerie K. Presley as Personal Representative of the Estate of Cleveland Kite, Deceased as Party Plaintiff*.  [E.D. Pa. Doc. 187].  Plaintiff's Motion to Substitute was granted on May 1, 2014.  [E.D. Pa. Doc. 188].

As a consequence of Kite's death, under Alabama law, Plaintiff's cause of action which was previously exclusively a personal injury action, then gave rise to a statutory wrongful death cause of action.  § 6-5-410 *Code of Ala.* (1975).  Alabama Code section 6-5-410 permits a personal representative to commence an action to assert a wrongful death claim on behalf of the Decedent.

> (a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.

6-5-410 *Code of Ala.* (1975).  Section 6-5-410 was initially interpreted to mean that "should the plaintiff die as a result of the injuries alleged in the original personal injury suit, the properly substituted personal representative *may* amend the original complaint to add a wrongful death claim." *King v. National Spa and Pool Institute, Inc.*, 607 So.2d 1241 (Ala. 1992).  However, section 6-5-410 has been further interpreted to <u>require</u> the properly substituted personal

5

representative to amend an existing complaint in order to assert a wrongful death claim. *Ex parte Burnham Service, Co., Inc.*, 649 So.2d 1270 (1994). That said, under Alabama law, although the action for Kite's personal injuries does not abate with his death, in order to maintain a wrongful death claim, Plaintiff must file an amendment to her Complaint to assert such a claim. Such an amendment would necessarily set into motion additional responsive pleadings, and additional discovery regarding the wrongful death component of Plaintiff's claims. However, Plaintiff in our case has yet to amend her Complaint to assert a claim for the wrongful death of Kite.

Assuming Plaintiff is pursuing a wrongful death claim, no discovery has been conducted with respect to Kite's cause of death. Plaintiff has not furnished a Death Certificate for Kite, and Plaintiff has not furnished expert reports relating Kite's death to exposure to any Defendant's products. In order to adequately prepare this action for trial before the Southern District of Alabama, at a minimum, Defendants require discovery regarding the circumstances surrounding Kite's final illness, the deposition testimony of his personal representative, medical records and testimony of his treating physicians, and reports and depositions testimony from Plaintiff's expert witnesses regarding the circumstances and cause of Kite's death. Consequently, Defendants may need to supplement their own expert reports based on what is learned about Kite's death, and Plaintiff may require her own depositions regarding Defendants' expert opinions.

On the subject of experts, one additional change in circumstances

6

supports the need for limited discovery. During the pendency of summary judgment motions, one of Plaintiff's originally identified expert witnesses, Richard Hatfield, became unable to testify due to his declining health. In August, 2013, with leave of court, Plaintiff was required to substitute a new expert witness, George Pineda. [E.D. Pa. Doc. 172]. Although Plaintiff's new expert witness Pineda adopted the original expert report of Hatfield, Defendants must address the need for a deposition of this new expert witness. Defendants need to examine Pineda on his background, experience and qualifications, versus those of Hatfield, as well as the bases for each of his opinions contained in his report as they will no doubt differ from those of Hatfield.

In addition to discovery with regard to Plaintiff's anticipated wrongful death claims, and Plaintiff's newly identified expert witness, as a result of the passage of time and Plaintiff's failure to provide certain information, additional discovery is needed with regard to issues such as (1) prior settlements on behalf of Kite, (2) Bankruptcy Trust claims and payments, (3) medical care provided to Kite in the years prior to his death, as well as (4) Medicare payments on Kite's behalf.

WHEREFORE, the above premises considered, Defendants submit their Brief in Support of Motion to Vacate Conditional Remand Order opposing remand of this action to the extent, as set forth above, limited additional discovery must necessarily be completed prior to this action being ready for trial in the Southern District of Alabama.

        s/ James A. Harris, III
James A. Harris, III
**Bar ID #: ASB-0683-R74J**
Nicole M. Hardee
**Bar ID #:  ASB-0073-P71G**

**OF COUNSEL:**

**HARRIS & HARRIS, LLP**
2501 20th Place South, Suite 450
Birmingham, Alabama 35223
TEL:  (205) 871-5777
FAX:  (205) 871-0029
Email: jamey@harris-harris.com
Email: nicole@harris-harris.com

*Attorneys for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation*

s/ Robert H. Sprain, Jr. *(with permission)*
Robert H. Sprain, Jr., Esq.
**Bar ID #: ASB-4177-A38R**

**OF COUNSEL:**

**SPRAIN LAW FIRM, PC**
1707 29th Court South
Birmingham, AL  35209
TEL: (205) 437-3232
FAX: (205) 802-7083
Email: rhs@sprainlaw.com

*Attorney for Defendant Saint-Gobain Abrasives, Inc. f/k/a Norton Company*

/s/Frank E. Lankford, Jr. *(with permission)*
Frank E. Lankford, Jr., Esquire
**Bar ID #: ASB-8409-K71F**
Stewart W. McCloud, Esquire
**Bar ID #: ASB-9656-A50M**

OF COUNSEL:

**HUIE, FERNAMBUCQ & STEWART, LLP**
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
TEL: (205) 251-1193
FAX: (205) 251-1256
Email: fel@hfsllp.com
Email: swm@hfsllp.com

*Attorneys for Defendant Honeywell International Inc.*

/s/ Evelyn F. Davis
Evelyn F. Davis
**Bar ID #: ASB-1485-C19E**
Catherine McCormack
**Bar ID #: ASB-5582-I63M**

**OF COUNSEL:**

**HAWKINS PARNELL THACKSTON & YOUNG** LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308-3243
TEL: (404) 614-7400
FAX: (404) 614-7500
Email: edavis@hptylaw.com
Email: cmcormack@hptylaw.com

*Attorneys for Defendant Dana Companies, LLC, f/k/a Dana Corporation*

/s/ F. Grey Redditt, Jr. *(with permission)*
F. Grey Redditt, Jr.
**Bar ID #: ASB-5142-R64F**
Timothy A. Clarke
**Bar ID #: ASB-1440-R67T**

**OF COUNSEL:**

**VICKERS, RIIS, MURRAY and CURRAN, L.L.C.**

Post Office Drawer 2568
Mobile, Alabama 36652-2568
TEL: (251) 432-9772
FAX: (251) 432-9781
E-Mail: gredditt@vickersriis.com
E-Mail: tclarke@vickersriis.com

*Attorneys for Crane Co.*

/s/ Steward W. McCloud *(with permission)*
Stewart W. McCloud, Esquire
**Bar ID #: ASB-9656-A50M**
Christopher S. Rodgers
**Bar ID #: ASB-4665-G54C**

**OF COUNSEL:**

**HUIE, FERNAMBUCQ & STEWART, LLP**
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
TEL: (205) 251-1193
FAX: (205) 251-1256
Email: swm@hfsllp.com
Email: CRodgers@huielaw.com

*Attorneys for Defendant Cameron International Corporation*

s/ William T. Mills, II  *(with permission)*
William T. Mills, II
**Bar ID #: ASB-0402-L72W**

**OF COUNSEL:**

**PORTERFIELD, HARPER, MILLS, MOTLOW & IRELAND, P.A.**
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242
TEL: (205) 980-5000
FAX: (205) 980-5001 Fa
E-mail:  wtm@phm-law.com

*Attorneys for Cummins, Inc.*