BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No.VI) | ) ) ) | CONSOLIDATED UNDER MDL DOCKET NO. 875 |
| THIS DOCUMENT RELATES TO: CLEVELAND KITE, Plaintiff, vs. BILL VANN COMPANY, INC., et al. Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:11-CV-67753 (Case No. 2:11-CV-00444 in the U.S. District Court, S.D. Alabama, N. Division) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF OPPOSITION TO CONDITIONAL REMAND ORDER

COMES NOW the Plaintiff, VALERIE K. PRESLEY, Individually and as Special Administrator of the Estate of CLEVELAND KITE, Deceased, and hereby responds to defendants' notice of opposition to conditional remand order, filed 10/31/2014. (Doc. 9792)

Defendant Crane Co. stated in a motion dated June 17, 2014, that "all pretrial litigation has already been completed in the MDL 875" and that "discovery closed long ago."[1] All remaining defendants filed joinders to Crane's motion.[2] Defendants' now argue precisely the opposite position, stating they "require discovery regarding the circumstances surrounding [Mr.] Kite's final illness, the deposition testimony of his personal representative, medical records and

---

[1] See Crane Co.'s Response to Plaintiff's Motion to Voluntarily Dismiss all Remaining Defendants, Doc 190, pg1, attached as Exhibit 'A'
[2] See MDL Docs. 189-205

testimony of his treating physicians, and testimony from Plaintiff's expert witnesses regarding the circumstances and cause of Kite's death."[3] Plaintiff does not oppose producing documents related to Mr. Kite's death. Attached to this response is Mr. Kite's death certificate which clearly states the cause of his death was mesothelioma.[4] Plaintiff has already produced volumes of medical records and expert reports proving Mr. Kite suffered from mesothelioma. Reopening discovery would unnecessarily burden Plaintiff with producing the same experts to give the same reports and opinions *yet again*.

There is no dispute in the medical community that mesothelioma is a fatal disease in nearly 100% of cases. Plaintiff has already offered expert reports and medical records to prove Mr. Kite suffered from mesothelioma caused by the inhalation of asbestos fibers. Mr. Kite's death certificate clearly states he died of mesothelioma. Defendants' request to depose Plaintiff's expert Mr. Pineda would yield fruitless as he has already fully adopted the report of Mr. Hatfield. Despite Plaintiff's making them available pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order, defendants did not seek to depose either Mr. Pineda or Mr. Hatfield in this case before the deadline and they should not be afforded an opportunity to do so now. Mr. Hatfield and Mr. Pineda are well known and respected industrial hygienists that have extensive experience in asbestos litigation. Their opinions are not new or novel and are not unknown by these defendants as they have testified in similar mesothelioma cases many times over.

Defendants' request for information regarding prior settlements, bankruptcy trust claims, and medical care is premature at best. Any such information is strictly confidential and the discovery of such is irrelevant in determining Mr. Kite's exposure to the remaining defendants' asbestos-containing products.

---

[3] *See* Defendants' motion, pg3
[4] *See* Exhibit 'B', attached

As Defendants' admit, the discovery period in this case has long since closed. Plaintiff understands Defendants' desire to obtain documents related to Mr. Kite's death and Plaintiff will furnish the appropriate documents. Any further reopening of discovery would unduly burden Plaintiff, would be repetitive, yield of no new information, and would further delay resolution of this litigation. As such, Defendants' request to broadly reopen discovery should be denied.

Respectfully submitted this the 5th day of December, 2014.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:     205-871-0707
FACSIMILE: 205-871-0801
EMAIL:     efile@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2014, I have caused service of the foregoing on the parties of record by electronic filing with the Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, and by e-mail to those parties not registered to receive notice from the Clerk of Court, specifically:

George M. Keahey
P.O. Box 934
Grove Hill, AL 36451
marc@keaheeylawoffice.com

Joi C. Scott
Alabama State University
Office of General Counsel
P.O. 271
Montgomery, AL 36101
jscott@alasu.edu

s/ G. Patterson Keahey
Attorney for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Asbestos Products Liability Litigation (No. VI) | } } } } } | MDL Docket No. MDL 875 |
| This document relates to: | } | |
| Valerie K. Presley, Individually and as Special Administrator of the Estate of Cleveland Kite, | } } } } | E.D. Pa. No. 2:11-cv-67753 (Judge Eduardo C. Robreno) |
| Plaintiff, | } } } | Transferor District Court: Southern District of Alabama Case No. 11-cv-00444 |
| v. | } } | |
| Bill Vann Co., Inc., et al., | } } } | |
| Defendants. | } | |

### DEFENDANT CRANE CO.'S RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ALL REMAINING DEFENDANTS

Plaintiff's motion to voluntarily dismiss all defendants *without prejudice* should be denied. If plaintiff truly intends to dismiss her case against the defendants, it should be a dismissal *with prejudice* because all pretrial litigation has already been completed in the MDL 875. Indeed, this case has been pending since May 2011 and it has been in the MDL since November 2011. Discovery closed long ago and dispositive motions have already been filed. Defendant Crane Co. filed its motion for summary judgment on October 10, 2012 and that motion is still pending before the Court. This case is ripe for disposition, so it should not be dismissed without prejudice.

Earlier this year, plaintiff filed a complaint in the circuit court, twentieth judicial circuit for St. Clair County, Illinois, seeking damages for the same injuries in this case. *See* Complaint attached as Exhibit "A." In other words, plaintiff appears to be trying to dismiss her case in the MDL 875 without prejudice so she can re-litigate the exact same case in state court in Illinois. This tactic should be rejected.

In determining whether to grant a motion to voluntarily dismiss a case under F.R.C.P. 41(a)(2), the Court should consider (1) whether the expense of any second litigation would be excessive and duplicative, (2) how much effort and expense the defendants have expended in preparing for trial, (3) the extent to which the case has progressed, (4) plaintiff's diligence and explanation in bringing the motion to dismiss, (5) whether the proposed dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose, and (6) whether a dispositive motion is pending by a non-moving party. *See, e.g., D.C.G v. Wilson Area School District*, No. 07-cv-1357, 2009 WL 838548 at *3 (E.D. Pa. March 27, 2009) (internal citation omitted). Every single one of these factors indicates that plaintiff's motion to voluntarily dismiss this case should be denied. The parties have litigated this case extensively and, as noted, Crane Co. has a dispositive motion pending. Plaintiff has offered no explanation for seeking the dismissal, and it does not appear that there is any explanation for it other than plaintiff's desire to "re-litigate" this case over again in another forum.

Crane Co. respectfully requests the Court to either (1) deny plaintiff's motion to voluntarily dismiss this case, or (2) grant plaintiff's motion to voluntarily dismiss this case *with prejudice*.

Dated: June 17, 2014            Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T: 412-355-6500
F: 412-355-6501

*Attorneys for Defendant Crane Co.*

## Certificate of Service

I hereby certify that a true and correct copy of Defendant Crane Co.'s Response to Plaintiff's Motion to Voluntarily Dismiss All Remaining Defendants was electronically served on Plaintiff's counsel and all counsel of record on June 17, 2014 and is available for viewing and downloading from the Court's ECF system.

/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.

# EXHIBIT B

# ALABAMA
## Center for Health Statistics
### ALABAMA CERTIFICATE OF DEATH

State File Number: 101 2014-04320

| Field | Value |
|---|---|
| 1. Deceased Legal Name | Cleveland Grover Kite |
| 2. Date and Time of Death | Jan 26, 2014  1115 |
| 3. Alias Name (if any) | None Given |
| 4. Date and Time Pronounced Dead | |
| 5. County of Death | Mobile |
| 6. City, Town or Location of Death and ZIP | Semmes, 36575 |
| 7. Place of Death | 1861 N SCHILLINGER |
| 8. Hispanic Origin | No |
| 9. Race | White |
| 10. Sex | Male |
| 11. Served in Armed Forces | Yes |
| 12. Age | 75 |
| 13. Date of Birth | Apr 19, 1938 |
| 14. State of Birth | Florida |
| 15. Social Security Number | 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 |
| 16. Marital Status | Widowed |
| 17. Surviving Spouse | |
| 18. Residence State | Alabama |
| 19. Residence County | Mobile |
| 20. City, Town or Location and ZIP | Semmes, 36575 |
| 21. Street Address | 1861 N SCHILLINGER |
| 22. Informant Name, Relationship and Address | Valerie Kelley, Relationship: Daughter, 1861 N SCHILLINGER Semmes, Alabama 36575 |
| 23. Occupation | Chief |
| 24. Business or Industry | United States Coast Guard |
| 25. Father's Name | Grover Cleveland Kite |
| 26. Mother's Maiden Name | Lula Rodgers |
| 27. Disposition of Body | Burial |
| 28. Date of Disposition | Feb 3, 2014 |
| 29. Cemetery or Crematory | Valhalla Memorial Gardens |
| 30. Location | Semmes, Alabama |
| 31. Funeral Home Name and Address | Valhalla Memorial Gardens, P O Box 318, Semmes, AL 36575 |
| 32. License Number | |
| 33. Funeral Director | Greg Sims |
| 34. License Number | |
| 35. Date Signed | Feb 14, 2014 |
| 36. Medical Certification | X Certifying Physician |
| 37. Name | Jeffery R George MD |
| 38. License Number | 23656 |
| 39. Date Signed | Jan 27, 2014 |
| 40. Address of Person Who Completed Cause of Death | 6701 Airport Blvd Bld B T Level, Mobile, Alabama 36608 |
| 41. Registrar | Catherine Molchan Donald |
| 42. Date Filed | Feb 14, 2014 |

### CAUSE OF DEATH

| Part I. Diseases, Injuries or Complications That Caused Death | Interval |
|---|---|
| Immediate Cause: A. mesothelioma | 3 years |
| B. Due to (or as a consequence of): | |
| C. Due to (or as a consequence of): | |
| D. Due to (or as a consequence of): | |

44. Part II. Other Significant Conditions Contributing to Death:

| 45. Manner of Death | 46. Pregnancy in Last 42 Days | 47. Autopsy | 48. Findings Considered | 49. Date and Time of Injury |
|---|---|---|---|---|
| Natural Cause | No | Unk | | |

50. How Injury Occurred:

| 51. Injury at Work | 52. Place of Injury | 53. Location of Injury |
|---|---|---|

ADPH HS E1/REV 07-13

This is an official certified copy of the original record filed in the Center of Health Statistics, Alabama Department of Public Health, Montgomery, Alabama. 2014-153 768-7

February 24, 2014

Catherine Molchan Donald
State Registrar of Vital Statistics