BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
_____
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | CONSOLIDATED UNDER |
| LIABILITY LITIGATION (NO. VI) | ) | MDL DOCKET NO. 875 |

| | | |
|---|---|---|
| DONNA FRANKLIN, | ) | |
| Administratrix of the Estate of | ) | |
| RAY FRANKLIN, deceased, | ) | |
| | ) | E.D. PA. CASE NO. 2:11-CV-67659 |
| Plaintiff, | ) | |
| | ) | Transferred from USDC-N.D. ALA. |
| versus | ) | CASE NO. 1:11-cv-02731 |
| | ) | |
| DANA COMPANIES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANT DANA COMPANIES' BRIEF IN SUPPORT OF MOTION
TO VACATE CONDITIONAL REMAND ORDER**

Pursuant to Rule 10.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Defendant Dana Companies, LLC, f/k/a Dana Corporation (hereinafter "Dana"), hereby submits this brief in support of Defendant Dana Companies' Motion to Vacate Conditional Remand Order. For the reasons discussed below, Dana requests that the Panel vacate the Conditional Remand Order entered in this case on December 10, 2014. (JPML Doc. 9845.)

**I.**

**BACKGROUND**

On May 5, 2011, Ray and Donna Franklin brought this action against Dana and several other defendants in the Circuit Court of Calhoun County, Alabama, alleging that Mr. Franklin

had developed asbestosis as a result of exposure to asbestos-containing products. (N.D. Ala. Docket Entry ("D.E.") No. 1.) On July 29, 2011, codefendant Eaton Corporation removed this case to the United States District Court for the Northern District of Alabama. (*Id.*) On September 6, 2011, the Judicial Panel on Multidistrict Litigation entered an order transferring this case to the federal multi-district proceeding for asbestos litigation, *In Re: Asbestos Products Liability Litigation (No. VI)*, MDL 875, in the United States District Court for the Eastern District of Pennsylvania. (N.D. Ala. D.E. No. 16.; E.D. Pa. D.E. No. 1.)

In MDL 875, the Court entered a scheduling order in this case on November 10, 2011. (E.D. Pa. D.E. No. 7.) Upon notification that Mr. Franklin had died on October 23, 2011, however, the Court vacated the scheduling order on December 14, 2011. (E.D. Pa. D.E. No. 16.) On January 25, 2012, Donna Franklin, as Personal Representative and Administratrix of Mr. Franklin's estate, filed a motion to be substituted as plaintiff and for leave to file an amended complaint alleging wrongful death. (E.D. Pa. D.E. No. 20.) The Court entered an order granting this motion on February 17, 2012, and the amended complaint was filed the same date. (E.D. Pa. D.E. Nos. 22 and 23.)

The Court entered a new scheduling order in this case on August 12, 2012. (E.D. Pa. D.E. No. 37.) This new scheduling order set the deadline for completion of all discovery as November 30, 2012. (*Id.* at 1.) The scheduling order's deadlines for serving expert reports, however, fell *after* the end of discovery: Plaintiff was required to serve her expert reports by December 31, 2012, the Defendants' expert reports were due January 31, 2013, and rebuttal expert reports were due February 14, 2013. (*Id.*) Thus, the scheduling order did not allow the parties an opportunity to conduct discovery regarding the opinions expressed in the expert reports, including expert depositions.

Following fact discovery, Dana filed a motion for summary judgment on March 14, 2013, in accordance with the deadline established in the scheduling order. (E.D. Pa. D.E. No. 69.) Dana argued that Plaintiff had insufficient evidence that Mr. Franklin had worked with Dana products. (*Id.* at 8-15.) Dana further argued, *inter alia,* that Plaintiff had no evidence that any Dana products at Mr. Franklin's workplace contained asbestos, and showed that the Dana product at issue, clutch facings, did not include asbestos after January 1, 1984, ten years before Mr. Franklin began working at the jobsite at issue in 1994. (*Id.*; E.D. Pa. D.E. No. 79 at 4-8.) Nevertheless, the Court denied Dana's motion for summary judgment in an order entered on August 8, 2014. (E.D. Pa. D.E. No. 101.) The Court also denied Dana's subsequent motions for reconsideration. (E.D. Pa. D.E. Nos. 104, 110, 116, 124.)

On October 20, 2014, the Court issued an ordered directing Plaintiff to show cause why the case should not be dismissed or remanded to the Northern District of Alabama. (E.D. Pa. D.E. No. 115.) Plaintiff filed a report responding to the show cause order on October 29, 2014, and an amended report responding to the show cause order on October 31, 2014. (E.D. Pa. D.E. Nos. 117, 118.) Plaintiff asserted that this action was ready for remand to the Northern District of Alabama. (E.D. Pa. D.E. No. 118.) Plaintiff represented, *inter alia,* that she had complied with MDL 875 Administrative Orders 12 and 12A. (*Id.* at 2.) Plaintiff further represented that all relevant discovery had been completed and that "[t]rial depositions of any physicians unwilling to appear in court can be taken in the local court." (*Id.*) Plaintiff also stated that she was "prepared for trial without delay" on Northern District of Alabama's normal docket. (*Id.* at 3.)

On November 10, 2014, the Court entered a Suggestion of Remand. (E.D. Pa. D.E. No. 125.) The Court found that Plaintiff had complied with MDL 875 Administrative Orders 12

and 12A, that all discovery had been completed, and that the case was "prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine." (*Id.* at 1-2.) The Court therefore suggested that the case be remanded to the Northern District of Alabama. (*Id.* at 2.)

On December 10, 2014, this Panel issued a Conditional Remand Order notifying the parties that this matter would be remanded to the Northern District of Alabama absent submission of a notice of opposition from any party. (JPML Doc. 9845.) On December 17, 2014, Dana filed a notice of opposition to the remand. (JPML Doc. 9866.)

## II.

## ARGUMENT

Dana opposes remand of this case to the Northern District of Alabama because the case is not ready for trial. Contrary to Plaintiff's representation, discovery is not complete: the parties still need to conduct expert discovery, and Dana also intends to seek an update of Plaintiff's written discovery. Furthermore, Dana has recently learned that Plaintiff Donna Franklin filed a second, separate action in the Circuit Court of Calhoun County, Alabama, seeking damages for the same claims asserted in the instant case but naming different defendants. Plaintiff failed to disclose this second action, even though MDL 875 Administrative Order No. 12 requires plaintiffs to disclose other court or administrative actions they have filed seeking damages for asbestos-related injuries.

The question whether remand is appropriate for an action in any particular multidistrict docket "is based upon the totality of circumstances involved in that docket." *In re Managed Care Litig.,* 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006). Although the Judicial Panel on Multidistrict Litigation gives great weight to the transferee judge's suggestion of remand, the

Panel will nevertheless decline remand if the circumstances so warrant. In *In re Silicone Gel Breast Implants Products Liability Litigation,* 173 F. Supp. 2d 1381 (J.P.M.L. 2001), for example, the Panel declined remand where the suggestion of remand did not indicate whether the transferee court had considered a potentially dispositive argument raised by the defendant. 173 F. Supp. 2d at 1381-82. In *In re Great Southern Life Insurance Company Sales Practices Litigation,* 217 F. Supp. 2d 1379 (J.P.M.L. 2002), the Panel vacated a conditional remand order where it determined that remand was inappropriate due to "changed circumstances," including the defendant's filing of separate declaratory judgment actions in several federal courts. 217 F. Supp. 2d at 1379-80. In this case, remand is inappropriate because discovery is incomplete and because Dana has learned that Plaintiff filed a separate action that she failed to disclose.

Contrary to Plaintiff's representation in her response to the show-cause order and the MDL 875 Court's subsequent finding based thereon, discovery in this case is not complete and this case is not ready for trial. The parties still need to conduct expert discovery. As discussed above, the scheduling order entered in this case set the deadline for completion of discovery prior to the deadlines for the parties to serve their expert reports. As a result, the parties did not have an opportunity to conduct depositions and other discovery regarding the opinions expressed by the experts in their reports. In asbestos cases, such expert discovery is essential to preparation of the case for trial. The parties need to conduct expert discovery on issues such as the correctness of the decedent's medical diagnosis, the cause of his alleged disease, and an assessment of his exposures. Due to the MDL 875 Court's familiarity with the issues that arise in asbestos litigation, this expert discovery is better conducted while the case is still pending in MDL 875 because that Court is better equipped to address any discovery disputes or motions that might arise.

Remand is also premature because Dana recently learned that Plaintiff had filed a second action seeking damages for the same claims underlying the instant action. In her response to the Court's order directing Plaintiff to show cause why the case should not be dismissed or remanded, Plaintiff represented that she had complied with MDL 875 Administrative Order 12. (E.D. Pa. D.E. No. 118 at 2.) Administrative Order 12 required, *inter alia,* that the Plaintiff disclose other actions she has filed seeking compensation for the same asbestos-related injury:

> Each plaintiff shall identify each and every prior or pending court or administrative action brought with the intent of satisfying in whole or in part, the damages sustained by the plaintiffs alleged asbestos-related personal injury. In each such instance, the plaintiff shall identify the claim the parties involved, and the results of any action thereon.

MDL 875 Amended Administrative Order 12 (as Amended Effective August 27, 2009) (attached hereto as Exhibit A). Plaintiff filed a status report pursuant to Administrative Order 12 on November 3, 2011, and filed a supplement to that report on November 10, 2011. (E.D. Pa. D.E. Nos. 6, 8.)

Subsequently, Plaintiff Donna Franklin, individually and as personal representative of the Estate of Ray Franklin, filed a separate action in the Circuit Court of Calhoun County, Alabama: *Donna Franklin, Individually and as Personal Representative of the Estate of Ray Franklin, Deceased v. Caterpillar Incorporated et al.*, Case No. 11-CV-2013-900183.00. (*See* Exhibit B, attached hereto.) That action was filed on March 29, 2013, and was later removed to the United States District Court for the Northern District of Alabama, where it is currently pending as *Donna Franklin, Individually and as Personal Representative of the Estate of Ray Franklin, Deceased v. Caterpillar Incorporated et al.*, Case No. 1:13-0088-KOB. (*See* Exhibit C, attached hereto.) That action seeks damages for the same claims asserted in the instant case: *i.e.,* Ray Franklin's alleged injuries resulting from asbestos exposure, his alleged wrongful death as a

result of those injuries, and Donna Franklin's loss of consortium. Three of the four defendants sued in that case were not named in the instant case, and the one defendant common to the two cases (Honeywell International) was apparently never served with process in the instant case.

Plaintiff did not file an updated Administrative Order 12 report revealing her second asbestos case. Furthermore, she did not reveal the second case in her response to the Court's order directing her to show cause why the case should not be remanded or her amended response to that order, even though she represented therein that she had complied with Administrative Orders 12. (E.D. Pa. D.E. Nos. 117, 118.) Dana recently discovered the second action through independent means.

The instant action should remain in MDL 875 so that the Court may consider Plaintiff's failure to disclose her second action and the consequences of this omission. The Court also needs to consider whether and how the two actions should be consolidated or otherwise coordinated. In addition, Dana needs to conduct discovery regarding Plaintiff's allegations in the second action and the evidence that has been developed in that action regarding Mr. Franklin's work history, exposures, disease, medical history, and other matters. Dana also needs to seek discovery regarding any other court or administrative actions Plaintiff may have filed for the purpose of obtaining compensation for Mr. Franklin's injury and death, including claims filed with asbestos bankruptcy trusts.

Finally, Dana also plans to request updates of Plaintiff's responses to Defendants' interrogatories and requests to produce. More than three (3) years have passed since Plaintiff served her responses. In the interim, there has been at least one major development that should have changed the Plaintiff's responses to one subject matter addressed in the Defendants' discovery: *i.e.,* the existence of other litigation. Dana needs to determine whether Plaintiff has

- 8 -

updated information or documents responsive to any of the other interrogatories or document requests propounded by the Defendants.

WHEREFORE, for the reasons demonstrated above, Dana respectfully requests that the Panel vacate the Conditional Remand Order entered in this case and allow the case to remain in MDL 875 until discovery is complete and this case is actually ready for trial.

Respectfully submitted this 2nd day of January, 2015.

                  H<small>AWKINS</small> P<small>ARNELL</small> T<small>HACKSTON</small> & Y<small>OUNG</small> <small>LLP</small>

                  */s/ Evelyn F. Davis*
                  Evelyn F. Davis (FLE 019)
                  Alabama Bar No. ASB-1485-C19E
                  edavis@hptylaw.com
                  Catherine A. McCormack (MCC 177)
                  Alabama Bar No. ASB-5582-l163M
                  cmcormack@hptylaw.com
                  4000 SunTrust Plaza
                  303 Peachtree Street NE
                  Atlanta, GA 30308-3243
                  404-614-7400 (telephone)
                  404-614-7500 (facsimile)

                  Counsel for Defendant Dana Companies, LLC, f/k/a Dana Corporation