# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :
     LIABILITY LITIGATION (NO. VI)    :    CIVIL ACTION NO.: MDL 875

This Document Relates to:
    <u>ALL ACTIONS</u>

---

## AMENDED ADMINISTRATIVE ORDER NO.12
## (AS AMENDED EFFECTIVE AUGUST 27, 2009)

THE COURT, after examination of current procedures in place in this matter, and with a desire to facilitate the expeditious movement of pending cases on the MDL docket, and having had the benefit of input from the court-appointed plaintiff and defendant steering committees, hereby imposes the following filing requirements and procedures:

1.     <u>SUBMISSION OF IDENTIFICATION INFORMATION</u>

      All plaintiffs shall submit to the Court a report identifying each plaintiff by full name, date of birth, last four digits of plaintiffs SSN, and a statement indicating the status of the plaintiff in the case before the Court; ie., asbestos-related injury victim, spouse of injured party, administrator of injured party or deceased injured party, executor(trix), child of injured party, etc.

2.     <u>SUBMISSION OF RELATED COURT ACTIONS</u>

      Each plaintiff shall identify each and every prior or pending court or administrative action brought with the intent of satisfying in whole or in part, the damages sustained by the plaintiffs alleged asbestos-related personal injury. In each such instance, the plaintiff shall identify the claim, the parties involved, and the results of any action thereon.

3.     <u>SUBMISSION OF STATEMENT OF CASE STATUS</u>

      The plaintiff in each case shall identify all of the named defendants in the following manner:

      a)      Each defendant with whom the plaintiff has achieved resolution of his/her claim, whether by settlement or agreement to dismiss without payment or by payment of a claim through the bankruptcy court, shall be identified and, where a dismissal has not yet been entered of record, a proposed order shall be submitted;

b)    Each defendant that the plaintiff now desires to dismiss from the action, with or without prejudice, the reason for the dismissal, and a proposed order;

c)    Each remaining defendant that is currently in bankruptcy with a claim pending, together with an order for the transfer of the claim to an active docket which the court has created for the holding of such claims; and

d)    Each non-bankrupt unsettled defendant.

4.    **SUBMISSION OF MEDICAL REPORTS**

Each plaintiff asserting a claim based upon an alleged asbestos-related **malignancy** shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claims as if to withstand a dispositive motion.

Each plaintiff asserting a claim based upon an alleged **non-malignant** injury or condition shall submit to the court a copy of the medical diagnosing report or opinion upon which the plaintiff now relies for the prosecution of the claim as if to withstand a dispositive motion.

Each report or opinion submitted hereunder shall be based upon objective and subjective data which shall be identified and descriptively set out within the report or opinion.

5.    **ALTERNATIVE PLAINTIFF SUBMISSION**

Alternative submissions to the court are acceptable under the following circumstances:

a)    If the plaintiff has remaining claims only against bankrupt parties and is desirous of seeking payment on those claims through the bankruptcy action, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the transfer of this case to the "Bankrupts Only" docket in the form attached.

b)    If the plaintiff has viable claims remaining against both bankrupt and non-bankrupt parties and wishes to pursue through the bankruptcy action only those claims remaining against the bankrupt parties, then, as an alternative to the required submissions under sections 2. and 4. above, the plaintiff may submit a proposed order for the dismissal of the non-bankrupt parties with prejudice and the transfer of the remaining claims against the bankrupt parties to the "Bankrupts Only" docket in the form attached.

c)    The plaintiff may at any time submit to the court a proposed order to dismiss his/her case against all parties with prejudice. Plaintiff may also request a dismissal against any or all parties without prejudice; however, notice must be given to all parties, any of whom may file an objection within thirty (30) days

thereafter.  The court will hold a hearing if deemed necessary.

6.    **TIMING REQUIREMENTS**

Plaintiffs shall submit required documentation and proposed orders to the court in accordance with the schedule set forth:

a)    Plaintiffs whose cases were filed during the years 2007, 2006, and before July 29, 1991 shall file with the court their required papers on or before August 1, 2007.

b)    Plaintiffs whose cases were filed between July 29, 1991 and December 31, 1995 shall file with the court their required papers on or before September 1, 2007.

c)    Plaintiffs whose cases were filed in 1996, 1997 and 1998, shall file with the court their required papers on or before October 1, 2007.

d)    Plaintiffs whose cases were filed in 1999, 2000, 2001 and 2002, shall file with the court their required papers on or before November 1, 2007.

e)    Plaintiffs whose cases were filed in 2003, 2004, and 2005, shall file with the court their required papers on or before December 1, 2007.

The court may dismiss pursuant to F.R.C.P. 41(b) the cases of any plaintiffs who fail to comply with the requirements set forth.

7.    **SCREENED CASES**

Current litigation efforts in this court and in the silica litigation have revealed that many mass screenings lack reliability and accountability and have been conducted in a manner which failed to adhere to certain necessary medical standards and regulations.  The result is that mass screenings create an inherent suspicion as to their reliability.  Where screenings have been conducted by the Sheet Metal Occupational Health Institute Trust and other organizations utilizing standards and protocols established by the American Thoracic Society (ATS), the Association of Occupational and Environmental Clinics (AOEC), and other accredited health organizations, there is a larger probability of adequacy for the reliability foundation necessary for admissibility.  This court will therefore entertain motions and conduct such hearings as may be necessary to resolve questions of evidentiary sufficiency in non-malignant cases supported only by the results of mass screenings which allegedly fail to comport with acceptable screening standards.

8.      **EXCLUSIONS**

        The case designated as 2MDL 875 (MARDOC) shall be excluded from the requirements set forth and those actions shall continue to be governed by the requirements of previous orders of this court concerning the management of the MARDOC cases.

9.      **SETTLEMENT CONFERENCES / SUGGESTIONS OF REMAND**

        The court intends upon stepping up the pace of settlement conferences and will accordingly, issue orders to that effect.  Counsel are expected to comply with all requirements of the notice and be prepared at the conference.  All parties shall submit to the court at the time of the first settlement conference in any case, a <u>short</u> position paper stating their position relative to disease, exposure and damages.  Mitigating factors for the purposes of settlement shall also be set forth.

        If the parties have failed to achieve settlement following one or more settlement conferences and working with the court, the case may be referred to mediation or, if the court finds that the parties have negotiated in good faith without success, the court may suggest the case for remand.  A determination of good faith may not be necessary with regard to all defendants.  The court will continue to prioritize malignant and exigent cases.

10.     **MANNER OF SUBMISSIONS**

        All submissions to be made to the court pursuant to this order shall be paper filings with copies provided to all remaining viable parties in accordance with Rule 5, F.R.C.P.

11.     **SUBMISSIONS TO BE ELECTRONIC**

        From the date of this order forward, all submissions and changes or corrections thereto, shall be made and entered into the database at MDL875Submissions.com without the need to submit paper copies to the Court.  The requirement for service upon other parties in accordance with Rule 5, F.R.C.P. shall remain.  The Court has designated the law firms of Motley Rice (contact person: Lane Andrae) and Forman, Perry, Watkins, Krutz & Tardy (contact person: Mary Margaret Gay) as the Court's designees in assisting counsel with any problems that may occur with database submissions.  Further communications with the designer of the software system for the database (Intercon Inc.) for administration purposes relative to Administrative Order No. 12 are now inappropriate as the contract between the Court and Intercon Inc. does not allow for payment of such services.

12.     **INCLUSIVENESS OF SUBMISSIONS**

        Except for those plaintiffs excluded under Administrative Order No. 12 by reason of their designation as part of 2 MDL 875 (MARDOC), **ALL PLAINTIFFS** with causes currently in MDL 875 are required to comply with the submission requirements set forth within Administrative Order No. 12.  If any plaintiff was not included in the original schedule, i.e., plaintiffs with cases filed in the calendar year 2008, they shall comply within 30 days of the date of this order.  The submission requirements shall further apply to all new actions assigned to MDL 875.  Cases transferred subsequent to the date of this order shall comply within 30 days of the final date of transfer to the Eastern District of

Pennsylvania.  Asbestos-related personal injury cases filed directly in the Eastern District of
Pennsylvania shall be treated by counsel as if they were transferred into MDL 875 on the date of filing.

IT IS SO ORDERED.

Date: 9/3/09

BY THE COURT

EDUARDO C.  ROBRENO, J.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :
    LIABILITY LITIGATION (NO. VI)    :    CIVIL ACTION NO.: MDL 875

---

## This Document Relates to:

---

### UNITED STATES DISTRICT COURT
### FOR THE (Name of Transferor District)

DOE, John and Mary          :
                     :
            v.            :    CIVIL ACTION No.  (Transferor Court No.)
                     :
ABC Corp., et al.          :

---

## MOTION AND ORDER TO TRANSFER TO "BANKRUPT'S ONLY" DOCKET

Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the only remaining claims in this action are against defendants in bankruptcy and that the defendant wishes at this time to pursue those claims through the bankruptcy claim process.

Plaintiff therefore moves that this action be transferred to the Court's administrative "Bankrupt's Only" docket.  The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12, petition the Court to have this action reinstated against certain defendants.

Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:                SO ORDERED.

_____      _____
(Counsel for Plaintiff)          EDUARDO C.  ROBRENO, J.

DATE: _____      DATE: _____

Address: _____

Phone: _____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :
       LIABILITY LITIGATION (NO. VI)     :      CIVIL ACTION NO.: MDL 875

---

### This Document Relates to:

---

## UNITED STATES DISTRICT COURT
## FOR THE (Name of Transferor District)

DOE, John and Mary             :
                            :
         v.                 :     Civil Action No.  (Transferor Court No.)
                            :
ABC Corp., et al.             :

---

## MOTION AND ORDER TO TRANSFER TO "BANKRUPT'S ONLY" DOCKET

        Plaintiff hereby submits to the Court, in accordance with this Court's Administrative Order No. 12, that the remaining claims in this action are against bankrupt and non-bankrupt defendants. Plaintiff desires to dismiss with prejudice all claims against the remaining non-bankrupt defendants and pursue those claims remaining against the bankrupt defendants through the bankruptcy claim process.

        The remaining non-bankrupt defendants to be dismissed with prejudice are:

### (List non-bankrupt defendants to be dismissed with prejudice)

        Plaintiff therefore moves that, following the dismissal of the non-bankrupt defendants, this action be transferred to the Court's administrative "Bankrupt's Only" docket.  The Plaintiff understands that should there be a change of circumstances, the Plaintiff may, upon compliance with Administrative Order No. 12, petition the Court to have this action reinstated against certain bankrupt defendants.

        Plaintiff further understands that it is Plaintiff's responsibility to submit a final dismissal order to this Court when all claims have been resolved.

SUBMITTED BY:                                 SO ORDERED.

_____       _____
(Counsel for Plaintiff)                   EDUARDO C.  ROBRENO, J.

DATE: _____       DATE: _____

Address: _____

Phone: _____

# EXHIBIT B



| ALABAMA SJIS CASE DETAIL | PREPARED FOR: CANDICE SHERMAN |
|---|---|

alacourt.com

County: 11　　Case Number: CV-2013-900183.00　　Court Action:
Style: DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

Real Time

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 11-CALHOUN | Case Number: | CV-2013-900183.00 | Judge: | JCT:HON JOHN C THOMASON |
| Style: | DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL | | | | |
| Filed: | 03/29/2013 | Case Status: | ACTIVE | Case Type: | WRONGFUL DEATH |
| Trial Type: | BENCH | Track: | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 4 | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Disposition Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Mistrial: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subpoenas: | | Last Update: | 04/01/2013 | Updated By: | VIR |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - FRANKLIN DONNA

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | FRANKLIN DONNA | Type: | I-INDIVIDUAL |
| Index: | D CATERPILLAR | Alt Name: | | Hardship: No | JID: JCT |
| Address 1: | 1125 NOBLE STREET | | | Phone: | (256) 237-9586 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Address 2: | | | | | | | |
| City: | ANNISTON | State: | AL | Zip: | 36201-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost | $0.00 | Date Satisfied: |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type | |
| Served: | Service Type | Service On: | Served By: | |
| Answer: | Answer Type | Notice of No Service: | Notice of No Answer: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | KNI009 | | KNIGHT THOMAS JAMES | HUBBARDKNIGHT@MSN.COM | (256) 237-9586 |
| Attorney 2 | MOR122 | | MORRIS STEVEN ROBERT | STEVEMORRISLAW@YAHOO.COM | (256) 357-9211 |

## Party 2 - Defendant BUSINESS - CATERPILLAR INCORPORATED C/O CT CORPORATION

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | CATERPILLAR INCORPORATED C/O CT CORPORATION | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | SUITE 605 | | | Phone: | (256) 000-0000 | |
| Address 2: | 2 NORTH JACKSON ST. | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost | $0.00 | Date Satisfied: |
| Comment: | 7012 1640 0002 4908 7896 | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 04/09/2013 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | 04/16/2013 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| | | | | | |

### Party 3 - Defendant BUSINESS - CARLISLE COMPANIES INCORPORATED

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | CARLISLE COMPANIES INCORPORATED | | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | 11605N COMMUNITY HOUSE RD | | | Phone: | (256) 000-0000 | | |
| Address 2: | SUITE 600 | | | | | | |
| City: | CHARLOTTE | State: | NC | Zip: | 28277-0000 | Country | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | 7012 1640 0002 4908 7902 | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

#### Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | 04/09/2013 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | 04/12/2013 | Service Type | C-CERTIFIED MAIL | Service On: | | Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer | |

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| | | | | | |

### Party 4 - Defendant BUSINESS - HONEYWELL INTERNATIONAL, INC.

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | HONEYWELL INTERNATIONAL, INC. | | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | CSC LAWYERS INC. SVC. INC | | | Phone: | (256) 000-0000 | | |
| Address 2: | 150 SOUTH PERRY STREET | | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | 7012 1640 0002 4908 7919 | | Arrest Date |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 04/09/2013 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 04/11/2013 | Service Type: C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| | | | | | |

### Party 5 - Defendant BUSINESS - FEDERAL-MOGUL CORPORATION

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D004-Defendant | Name: | FEDERAL-MOGUL CORPORATION | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: No | JID: | JCT |
| Address 1: | CSC LAWYERS INC. SVC. | | | Phone: (256) 000-0000 | | |
| Address 2: | 150 SOUTH PERRY STREET | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | 7012 1640 0002 4908 7926 | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 04/09/2013 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 04/11/2013 | Service Type: C-CERTIFIED MAIL | Service On: | Served By: |
| Answer | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| | | | | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $29.48 | $29.48 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $17.22 | $17.22 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV06 | C001 | 000 | $356.00 | $356.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | **Total:** | $447.70 | $447.70 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Account | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|-----------|----------|------------|-----------|--------|----------|----------|
| 04/08/2013 | CREDIT | CONV | 2013115 | 710650 | $17.22 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | AOCC | 2013115 | 710640 | $29.48 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | CV06 | 2013115 | 710660 | $356.00 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | VADM | 2013115 | 710570 | $45.00 | C001 | 000 | | N | | | VIR |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 3/29/2013 | 11:32 AM | EODCMP | COMPLAINT E-FILED | KNI009 |
| 3/29/2013 | 11:39 AM | ORIG | ORIGIN: INITIAL FILING    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | FILE | FILED THIS DATE: 03/29/2013    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | EORD | E-ORDER FLAG SET TO "N"    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | TDMN | BENCH/NON-JURY TRIAL REQUESTED    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | SCAN | CASE SCANNED STATUS SET TO: N    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | ASSJ | ASSIGNED TO JUDGE: JOHN C THOMASON    (AV01) | AJA |
| 3/29/2013 | 11:39 AM | C001 | C001 E-ORDER FLAG SET TO "N"    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | C001 | INDIGENT FLAG SET TO: N    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | C001 | LISTED AS ATTORNEY FOR C001: KNIGHT THOMAS JAMES | AJA |
| 3/29/2013 | 11:39 AM | C001 | LISTED AS ATTORNEY FOR C001: MORRIS STEVEN ROBERT | AJA |
| 3/29/2013 | 11:39 AM | C001 | C001 PARTY ADDED: FRANKLIN DONNA    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | D001 PARTY ADDED: CATERPILLAR INCORPORATED    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | INDIGENT FLAG SET TO: N    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | CERTIFIED MAI ISSUED: 03/29/2013 TO D001    (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | D001 E-ORDER FLAG SET TO "N"    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | D002 PARTY ADDED: CARLISLE COMPANIES INCORPORATED | AJA |
| 3/29/2013 | 11:40 AM | D002 | INDIGENT FLAG SET TO: N    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | D002 E-ORDER FLAG SET TO "N"    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | CERTIFIED MAI ISSUED: 03/29/2013 TO D002    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | D003 PARTY ADDED: HONEYWELL INTERNATIONAL, INC. | AJA |

| 3/29/2013 | 11:40 AM | D003 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
|-----------|----------|------|--------------------------------------|-----|
| 3/29/2013 | 11:40 AM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | CERTIFIED MAI ISSUED: 03/29/2013 TO D003   (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | D003 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | D004 PARTY ADDED: FEDERAL MOGUL CORPORATION (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | D004 E-ORDER FLAG SET TO "N".        (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE        (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | CERTIFIED MAI ISSUED: 03/29/2013 TO D004   (AV02) | AJA |
| 3/29/2013 | 11:40 AM | EFILE | COMPLAINT - SUMMONS | |
| 4/1/2013 | 3:01 PM | SCAN | CASE SCANNED STATUS SET TO: Y        (AV01) | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 NAME CHANGED FROM: CATERPILLAR INCORPORATED | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 ADDR1 CHANGED FROM: C/O C T CORPORATION SYSTEM | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 ADDR2 CHANGED FROM: 2 NORTH JACKSON ST,STE605 | VIR |
| 4/9/2013 | 11:27 AM | D001 | CERTIFIED MAI ISSUED: 04/09/2013 TO D001   (AV02) | VIR |
| 4/9/2013 | 11:27 AM | D002 | CERTIFIED MAI ISSUED: 04/09/2013 TO D002   (AV02) | VIR |
| 4/9/2013 | 11:29 AM | D003 | CERTIFIED MAI ISSUED: 04/09/2013 TO D003   (AV02) | VIR |
| 4/9/2013 | 11:29 AM | D004 | CERTIFIED MAI ISSUED: 04/09/2013 TO D004   (AV02) | VIR |
| 4/9/2013 | 11:32 AM | D004 | D004 ADDR1 CHANGED FROM: CSC LAWYERS INC. SVC. INC | VIR |
| 4/15/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/15/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/16/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/15/2013 | 4:04 PM | ESCAN | SCAN - FILED 4/12/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/15/2013 | 4:04 PM | D003 | SERVICE OF CERTIFIED MAI ON 04/11/2013 FOR D003 | AJA |
| 4/15/2013 | 4:04 PM | D004 | SERVICE OF CERTIFIED MAI ON 04/11/2013 FOR D004 | AJA |
| 4/16/2013 | 4:04 PM | ESCAN | SCAN - FILED 4/11/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/15/2013 | 4:04 PM | D002 | SERVICE OF CERTIFIED MAI ON 04/12/2013 FOR D002 | AJA |
| 4/15/2013 | 4:05 PM | ESCAN | SCAN - FILED 4/11/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/23/2013 | 11:28 AM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/23/2013 | 11:28 AM | ESCAN | SCAN - FILED 4/16/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/23/2013 | 11:30 AM | D001 | SERVICE OF CERTIFIED MAI ON 04/16/2013 FOR D001 | AJA |

 **END OF THE REPORT**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**11-CV-201**<br>Date of Filing:<br>03/29/2013 |  |
|---|---|---|---|

ELECTRONICALLY FILED
3/29/2013 11:32 AM
11-CV-2013-900183.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
ELI HENDERSON, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF CALHOUN COUNTY, ALABAMA
### DONNA FRANKLIN v. CATERPILLAR INCORPORATED ET AL

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other            ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT      _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  KNI009      3/29/2013 11:32:48 AM      /s/ THOMAS JAMES KNIGHT

**MEDIATION REQUESTED:**  ☐ Yes  ☐ No  ☑ Undecided



ELECTRONICALLY FILED
3/29/2013 11:32 AM
11-CV-2013-900183.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
ELI HENDERSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **DONNA FRANKLIN, INDIVIDUALLY** ) | |
| **AND AS PERSONAL REPRESENTATIVE** ) | |
| **OF THE ESTATE OF RAY FRANKLIN,** ) | |
| **DECEASED,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:_____** |
| ) | |
| **CATERPILLAR INCORPORATED,** ) | |
| ) | |
| **CARLISLE COMPANIES** ) | |
| **INCORPORATED;** ) | |
| ) | |
| **FEDERAL- MOGUL CORPORATION;** ) | |
| ) | |
| **HONEYWELL INTERNATIONAL,** ) | |
| ) | |
| **and A, B, C & D whose true names are** ) | |
| **otherwise unknown to Plaintiffs but** ) | |
| **will be added by amendment when** ) | |
| **correctly ascertained.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**NOW COMES** the Plaintiff Donna Franklin, Individually and as Personal

Representative of the Estate of Ray Franklin and states her claims against the above-

named Defendants, as follows:

### I. STATEMENT OF JURISDICTION AND VENUE

1.      The plaintiff and defendants are subject to the jurisdiction of this Court in

that plaintiff is a resident citizen of and was injured in this State and County, said injuries

giving rise to this claim, that material transactions which are the subject matter of this civil

action took place in this state and county, that the defendants caused injury to plaintiff in

this state and county, in that defendants conduct business by agent in this state and county, and that the Court otherwise has jurisdiction of the subject matter and of the persons of the parties in this civil action.

2.     Plaintiff's decedent, Ray Franklin was  employed by several companies at their facilities located in Alabama, and employed by them in various locations in this county and in state of Alabama.

3.     Defendants were severally the marketer, promoter, seller, manufacturer, distributor and entity which did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, fail to warn, and otherwise handle and distribute asbestos containing products. Each defendant does business in Alabama and in Calhoun County, and at all times relevant each sold in Alabama and in Calhoun  County, the aforementioned hazardous product, asbestos, or is otherwise subject to this Court's jurisdiction. The defendants do business by agent in this state and county and have caused tortious injury in this state and county by manufacturing and selling a dangerous and defective product. Each defendant, acting directly or by agent, is legally responsible to Plaintiffs as a consequence of that defendants' (A) transacting any business in this state, (B) contracting to supply services or goods in this state, (C) causing tortious injury or damage by an act or omission in this state, (D) causing tortious injury or damage in this state by an act or omission outside this state and the defendant regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state, (E) causing injury or damage in this state to a person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the defendant might reasonably have expected

such other person to use, consume, or be affected by the goods in this state, and the defendant also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state, and otherwise had or has some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the defendant to come to this state to defend an action. The amount in controversy in this civil action exceeds the jurisdictional minimum for the Circuit Courts. This Court has jurisdiction hereof both as to the subject matter and in personam.

## II. STATEMENT OF BACKGROUND FACTS - PLAINTIFFS

4.     Plaintiff's decedent, Ray Franklin contracted one or more asbestos-related diseases including Asbestosis. The Plaintiff's decedent, Ray Franklin was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed. During the course of his employment, the Plaintiff's decedent, Ray Franklin, worked from approximately 1978 to June, 2009. He worked in various places of employment, as a mechanic. During the course of his employment, he changed brake shoes, whose brake dust contained significant amounts of asbestos-containing products and materials which floated throughout the workplace, as a mechanic changing clutch plates, the dust from the clutch plates, which contained significant amounts of asbestos-containing products and materials, floated throughout the workplace.

5.     Plaintiff's decedent, Ray Franklin has now been diagnosed with Asbestosis.

6.     On or about May, 2010, the Plaintiff's decedent, Ray Franklin, received an

injury or injuries arising out of and in the course of plaintiff's employment, he discovered this in April, 2011, when he received confirmation from his doctor that he had Asbestosis.

7.      As a direct and proximate result of Plaintiff's decedent, Ray Franklin's, said injuries, the he suffered both temporary total disability and a permanent loss earning capacity and eventually total disability as a result of permanent loss of use of his lung capacity, of which is said by the doctors to be inevitable, and finally, on October 23, 2011, died as a result of said injuries.

8.      As a further direct and proximate result of Plaintiff's decedent, Ray Franklin's said injuries, the he was caused to need and to obtain medical care and treatment and incur expenses for such care and treatment.

9.      Plaintiff Donna Franklin is also entitled to compensation for loss of consortium. As a proximate consequence of the negligence, recklessness, and wantonness and other actionable conduct of the Defendants, Plaintiff's decedent, Ray Franklin was seriously injured and has suffered both temporary total disability and a permanent loss earning capacity and eventually total disability as a result of permanent loss of use of his lung capacity, and on October 23, 2011, death. Plaintiff Donna Franklin is the wife of Ray Franklin and is entitled by law to such damages as would reasonably compensate the Plaintiff Donna Franklin for damages sustained by loss of her husband's consortium, including help, love, companionship, affection, society, comfort, solace, support, relations and services. Plaintiffs also suffered substantial medical, hospital and other related damages, lost wages, loss of income, disability, loss of consortium, property damage and loss of use, and other loss, cost and expenses, for which Plaintiff Donna Franklin is entitled to recover from Defendants under applicable law.

## III. STATEMENT OF BACKGROUND FACTS -DEFENDANTS

10.     The Plaintiffs adopts, alleges, and incorporates herein by reference all of

the averments and allegations set forth in the preceding paragraphs of this complaint as

if fully set forth herein.

11.     The term "Producer Defendant" refers to each and every one of those

defendants which produced and/or manufactured asbestos-containing products and/or

materials and placed the asbestos-containing products and/or materials into the stream

of commerce.

12.     The following defendants are "Producer Defendants". (The asbestos

containing products produced by each defendant that have been identified at plaintiffs

workplaces, during his employment years there, are set out hereinbelow).

13.     **CATERPILLAR INCORPORATED** is a Delaware corporation whose

principal place of business is 1209 Orange Street, Wilmington, DE 19801.

14.     **CARLISLE COMPANIES INCORPORATED** is a North Carolina

corporation whose principal place of business is 11605 N. Community House Road,

Suite 600, Charlotte, NC 28277.

15.     **FEDERAL- MOGUL CORPORATION** is a Michigan corporation whose

principal place of business is 26555 Northwestern Highway, Southfield, MI 48033.

16.     **HONEYWELL INTERNATIONAL, INCORPORATED** is a Delaware

corporation whose principal place of business is 1209 Orange Street, Wilmington, DE

19801.

17.     Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's adjunct or instrumentality.

### DEFENDANTS' CONDUCT AND PLAINTIFF'S INJURY

18.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

19.     The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

20.     Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

21.     The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious

health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

22.     Plaintiff's decedent, Ray Franklin was injured as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

A.     Producing and/or manufacturing and placing into the stream of commerce asbestos- containing products and/or materials.

B.     Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

C.     Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants, and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

D.     Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

E.     Failing to properly design and manufacture asbestos-containing products and/or materials.

F.     Failing to properly test asbestos-containing products and/or materials before

they were released for consumer use.

G.     Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

H.     Failing to specify for use on equipment safe substitutes for asbestos containing products and/or materials.

I.     Failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

J.     Failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs from being harmed and disabled by exposure to asbestos-containing products and/or materials.

K.     Failing to take precautions to protect Plaintiffs from exposure to asbestos-containing products and/or materials while Plaintiff was an invitee on premises occupied, controlled, and/or owned by the Defendants.

L.     Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

M.     Failing to take reasonable precautions or to exercise reasonable care to

publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

N.     Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

O.     Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

P.     Specifically disregarding the safety of Plaintiffs and fraudulently concealing from Plaintiffs the dangerous nature of the asbestos fibers to which Plaintiffs was exposed.

Q.     Otherwise (a) causing and/or contributing to cause Plaintiffs to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs from being secondarily exposed to asbestos-containing products and/or materials.

The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiff's decedent, Ray Franklin, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

23.     The Plaintiff adopts, alleges, and incorporates herein by reference

all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

24.    The initial cause of action for personal injury is grounded in the Alabama Extended Manufacturer's Liability Doctrine.

25.    The asbestos-containing products and/or materials to which Plaintiff's decedent, Ray Franklin was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

A.    The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

B.    The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

26.    The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiff's decedent, Ray Franklin was exposed and suffered grave and progressive bodily injuries.

27.    The Defendants knew or should have known in the exercise of ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to recall the

asbestos-containing products and/or materials. The Defendants thus allowed Plaintiff's decedent, Ray Franklin to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiff's decedent, Ray Franklin from asbestos exposure, as a proximate result of which Plaintiff's decedent, Ray Franklin suffered grave and progressive bodily injury.

## COUNT TWO

### Negligence and Intentional Tort

28.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

29.    The second cause of action for personal injury is grounded in legal theories of negligence and wantonness and intentional tort.

30.    The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

31.    The Defendants reached an agreement or understanding to inflict a wrong against Plaintiff's decedent, Ray Franklin and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries to Plaintiff's decedent, Ray Franklin. In short, the Defendants formulated a preconceived plan with unity of design and purpose to misrepresent, conceal and/or

destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

32. The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the negligent and wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

33. The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiff's decedent, Ray Franklin and others about the health hazards of asbestos.

34. Plaintiff's decedent, Ray Franklin and others similarly situated were the targets of the intentional acts of deception and misrepresentation, negligence and wantonness.

35. In particular, the Defendants, acting through their own medical departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

36. Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to

destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

37.     Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

38.     The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently and wantonly, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and coconspirators not sued herein with whom they acted in concert.

39.     As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that asbestos-containing products and/or materials were used in virtually every brake shoe, and clutch plate, in the United States and a large part of the rest of the industrialized world, (c) that safe substitutes were not developed by industry until after asbestos-containing products and/or materials had already been made and distributed by the Defendants, and (d) that a large number of people who have come into contact with asbestos-containing products and/or

materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

40.    Plaintiff's decedent, Ray Franklin was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the negligent and wanton conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials. Plaintiff's decedent, Ray Franklin was caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, was exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries, including death.

## COUNT THREE

### Negligence in the Course of Employment

41.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

42.    The third cause of action for personal injury is grounded in a legal theory of negligence and intentional tort.

43.    Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers. The Defendants knew or should have known that Plaintiff's decedent, Ray Franklin, in the course of his employment, was being exposed to asbestos-containing products and/or materials which would injure Plaintiff, and the Defendants

owed a duty of care to Plaintiff to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

44.     The Defendants specifically disregarded the safety and health of Plaintiff's decedent, Ray Franklin and failed to protect him from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn him that he was being exposed to dangerous asbestos containing products, and by (b) failing to remove the dangerous asbestos containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

45.     The Defendants further concealed from Plaintiff's decedent, Ray Franklin the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed in his work environment.

46.     As a proximate result of the conduct of the Defendants, Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers which caused him grave bodily injury, including death.

## COUNT FOUR

**Fraudulent Concealment / Misrepresentation /Alteration of Medical Studies**

**/Conspiracy /Aiding and Abetting Conspiracy**

47.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

48.     Defendants used a number of trade and industrial hygiene associations to

further the goals of their conspiracy to control the dissemination of research and information regarding the hazards of asbestos and other substances to lend an air of independence and legitimacy to the information which was published, albeit in edited form.

49.     Defendants named herein, individually and/or as successors-in-interest of other corporations, and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufactures and distributors to injure Plaintiff's decedent, Ray Franklin.

50.     As a proximate result of the conduct of the Defendants, Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers which caused him grave bodily injury, including death.

## COUNT FIVE

### Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy

51.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

52.     The fifth cause of action is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

53.     As a result of Defendants' actions, Plaintiff's decedent, Ray Franklin was exposed to unreasonably dangerous, defective, negligently manufactured and marketed

asbestos containing products and/or materials, which caused grave and progressive bodily injury to Plaintiff's decedent, Ray Franklin.

54.     Plaintiffs assert that they have filed suit either within the applicable state statute of limitations period, and/or that their claims are timely as a matter of law pursuant to 42 U.S.C. § *9658,* a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § *9658(b)(4)(A).* The provision'"creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... ' " *Kowaiski v. Goodyear Tire and Rubber Co.,* 841 F. Supp. 104, 107 (W.D.N.Y. 1994)(quoting *Soo Line Ry. Co. v. B.J. Carney & Co.,* 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id.* at 107-08.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff   Donna Franklin, Individually and as Personal Representative of the Estate of Ray Franklin,  demands judgment jointly and severally against all of the Defendants in an amount to be assessed by the Court as proper and just, together with all special and general damages, plus punitive damages,  permitted under applicable law as the Court deems proper and just.

*/s/ Thomas J. Knight*
Thomas J. Knight
Attorney for Plaintiffs
HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36201
Phone: 256-237-9586
Facsimile: 256-237-9594
email: hubbardknight@msn.com

*/s/ Steve R. Morris*
Steve R. Morris
Attorney for Plaintiff
P.O. Box 814
Wedowee, Alabama 36278
Phone: (256) 357-9222
Facsimile: 256-237-9594
email: stevemorrislaw@yahoo.com

**Defendants may be served at the following addresses:**

Caterpillar Incorporated
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama  36104

Carlisle Corporate Headquarters
11605 N. Community House Rd.
Suite 600
Charlotte, NC 28277

Honeywell International, Inc.
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Federal-Mogul Corporation
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
| --- | --- | --- |

IN THE CIVIL COURT OF CALHOUN, ALABAMA
DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO    CATERPILLAR INCORPORATED, C/OC T CORPORATION SYSTEM 2 NORTH JACKSON ST,STE605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DONNA FRANKLIN
   pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s THOMAS JAMES KNIGHT |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                         Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
|---|---|---|

IN THE CIVIL COURT OF CALHOUN, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO  _____

CARLISLE COMPANIES INCORPORATED, 11605N COMMUNITY HOUSE RD SUITE 600, CHARLOTTE, NC 28277

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT _____

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  DONNA FRANKLIN _____
    pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s THOMAS JAMES KNIGHT _____

                                  Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____     _____

Date                   Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>11-CV-2013-900183.00 |
|---|---|---|

## IN THE CIVIL COURT OF CALHOUN, ALABAMA
## DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO   HONEYWELL INTERNATIONAL, INC., CSC LAWYERS INC. SVC. INC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS  1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DONNA FRANKLIN
   pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s THOMAS JAMES KNIGHT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____

Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
| --- | --- | --- |

IN THE CIVIL COURT OF CALHOUN, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

FEDERAL-MOGUL CORPORATION, CSC LAWYERS INC. SVC. INC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT _____

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DONNA FRANKLIN
   pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s THOMAS JAMES KNIGHT | · |
| --- | --- | --- |
| | Plaintiff's/Attorney's Signature | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____

Date                  Server's Signature

# EXHIBIT C

PROTECTIVE ORDER

# U.S. District Court
## Northern District of Alabama (Eastern)
## CIVIL DOCKET FOR CASE #: 1:13-cv-00888-KOB

Franklin v. Caterpillar Incorporated et al
Assigned to: Chief Judge Karon O Bowdre
Case in other court: Circuit Court of Calhoun County,
                     Alabama, CV-13-900183
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 05/10/2013
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2013 | 1 | NOTICE OF REMOVAL by Caterpillar Incorporated from Circuit Court of Calhoun County, Alabama, case# CV-2013-900183, filed by Caterpillar Incorporated. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(AVC) (Entered: 05/10/2013) |
| 05/10/2013 | 2 | NOTICE REGARDING CONSENT (AVC) (Entered: 05/10/2013) |
| 05/10/2013 | | Filing Fee Received: $400, Receipt# 1126-1921989 (ALND# B4601043674) (Waudby, William) Modified on 5/13/2013 (AVC). (Entered: 05/10/2013) |
| 05/10/2013 | 3 | Corporate Disclosure Statement by Caterpillar Incorporated. (Waudby, William) Modified on 5/13/2013 (AVC). (Entered: 05/10/2013) |
| 05/13/2013 | | Set/Reset Scheduling Order Deadlines: Rule 26 Meeting Report due by 6/27/2013. (SCL, ) (Entered: 05/13/2013) |
| 05/13/2013 | 4 | ALND UNIFORM INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS-reminding parties of their obligations under FRCP 26(f) and Local Rule LR26.1(d) - with appendices attached. Signed by Judge Robert B Propst on 5/13/2013. (AVC) (Entered: 05/13/2013) |
| 05/13/2013 | 5 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Honeywell International (Lankford, Frank) (Entered: 05/13/2013) |
| 05/13/2013 | 6 | Corporate Disclosure Statement by Honeywell International. (Lankford, Frank) Modified on 5/13/2013 (AVC). (Entered: 05/13/2013) |
| 05/13/2013 | 7 | NOTICE of Appearance by Stewart W McCloud on behalf of Honeywell International (McCloud, Stewart) (Entered: 05/13/2013) |
| 05/14/2013 | 8 | ANSWER to Complaint by Caterpillar Incorporated.(Waudby, William) Modified on 5/14/2013 (AVC). (Entered: 05/14/2013) |
| 05/14/2013 | 9 | ANSWER to Complaint by Carlisle Companies Incorporated.(Evans, Jenelle) (Entered: 05/14/2013) |
| 05/16/2013 | 10 | |

| | | |
|---|---|---|
| | | ANSWER to Complaint by Honeywell International.(Lankford, Frank) (Entered: 05/16/2013) |
| 05/17/2013 | 11 | Corporate Disclosure Statement by Carlisle Companies Incorporated. (Evans, Jenelle) Modified on 5/17/2013 (AVC). (Entered: 05/17/2013) |
| 05/17/2013 | 12 | DEMAND for Trial by Jury by Donna Franklin(Knight, Thomas) Modified on 5/17/2013 (AVC). (Entered: 05/17/2013) |
| 06/26/2013 | 13 | REPORT of Rule 26(f) Planning Meeting. (Waudby, William) (Entered: 06/26/2013) |
| 06/27/2013 | | ORDER approving 13 Report of Rule 26(f) Planning Meeting. Signed by Judge Robert B Propst on 6/27/2013. (SCL, ) (Entered: 06/27/2013) |
| 06/27/2013 | | Set/Reset Scheduling Order Deadlines: Discovery due by 1/31/2014; proposed pretrial conference set 3/20/2014 to be set by separate order at later date (SCL, ) (Entered: 06/27/2013) |
| 09/11/2013 | 14 | NOTICE by Donna Franklin (Knight, Thomas) (Entered: 09/11/2013) |
| 09/20/2013 | 15 | Opposition to re 14 *Rule 30(b)(5) & (6) Notice of Deposition* filed by Caterpillar Incorporated. (Waudby, William) (Entered: 09/20/2013) |
| 09/23/2013 | | CASE REFERRED to Magistrate Judge John E Ott on 15 objections to notice of deposition (SCL, ) (Entered: 09/23/2013) |
| 09/27/2013 | 16 | ORDER-re: 15 Objections. To the extent that Caterpillar's filing is offered as a motion, it is hereby DENIED and with leave to refile a motion that complies with FRCP 7(b). Signed by Magistrate Judge John E Ott on 9/27/2013. (AVC) (Entered: 09/27/2013) |
| 09/27/2013 | 17 | NOTICE by Donna Franklin (Knight, Thomas) (Entered: 09/27/2013) |
| 10/30/2013 | 18 | MOTION for Hipaa Order by Carlisle Companies Incorporated. (Evans, Jenelle) (Entered: 10/30/2013) |
| 10/31/2013 | | ORDER granting Motion for HIPAA Order 18 . Signed by Judge Robert B Propst on 10/31/2013. (AVC) (Entered: 10/31/2013) |
| 10/31/2013 | 19 | QUALIFIED HIPAA PROTECTIVE ORDER. Signed by Judge Robert B Propst on 10/31/2013. (AVC) (Entered: 10/31/2013) |
| 12/19/2013 | 20 | MOTION to Amend/Correct by Carlisle Companies Incorporated, Catepillar Incorporated, Federal Mogul Corporation, Donna Franklin, Honeywell International. (Knight, Thomas) (Entered: 12/19/2013) |
| 12/26/2013 | | ORDER granting 20 Motion to Amend/Correct. Signed by Judge Robert B Propst on 12/26/2013. (SCL, ) (Entered: 12/26/2013) |
| 12/26/2013 | | Set/Reset Scheduling Order Deadlines: Discovery due by 7/31/2014; proposed pretrial conference reset for 10/23/2014 to be set by separate order at later date (SCL, ) (Entered: 12/26/2013) |
| 06/26/2014 | 21 | Joint MOTION to Amend/Correct *Motion to Amend Scheduling Order Dates* by Caterpillar Incorporated. (Waudby, William) (Entered: 06/26/2014) |

| | | |
|---|---|---|
| 06/30/2014 | | ORDER granting 21 Motion to Amend/Correct. Signed by Judge Robert B Propst on 6/30/2014. (SCL, ) (Entered: 06/30/2014) |
| 06/30/2014 | | Set/Reset Scheduling Order Deadlines: Discovery deadline extended to 2/27/2015. (SCL, ) (Entered: 06/30/2014) |
| 07/10/2014 | 22 | MOTION for Summary Judgment by Honeywell International. (Lankford, Frank) (Entered: 07/10/2014) |
| 07/10/2014 | 23 | Brief in Support of Motion for Summary Judgment 22 .(Lankford, Frank) (Entered: 07/10/2014) |
| 07/10/2014 | 24 | MOTION for Summary Judgment by Carlisle Companies Incorporated. (Attachments: # 1 Supplement Brief in Support of Motion for Summary Judgment, # 2 Supplement Evidentiary Submission in Support of Motion for Summary, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Evans, Jenelle) (Entered: 07/10/2014) |
| 07/10/2014 | 25 | Evidentiary Material re: 23 Brief *in Support of Honeywell International Inc..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Lankford, Frank) (Entered: 07/10/2014) |
| 07/10/2014 | 26 | MOTION for Summary Judgment by Caterpillar Incorporated. (Waudby, William) (Entered: 07/10/2014) |
| 07/10/2014 | 27 | Brief re 26 MOTION for Summary Judgment filed by Caterpillar Incorporated. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # (5 Exhibit 5, # 6 Exhibit 6)(Waudby, William) (Entered: 07/10/2014) |
| 07/14/2014 | 28 | SUBMISSION ORDER- re: 22 MOTION for Summary Judgment by Honeywell International. By 7/21/2014, the movants will submit briefs and affidavits, depositions extracts, etc., in support of said motion. The opposing parties will respond by 8/11/2014. Movants will have until 8/25/2014 to reply. Signed by Judge Robert B Propst on 7/14/2014. (AVC) (Entered: 07/14/2014) |
| 07/14/2014 | 29 | SUBMISSION ORDER- re: 24 MOTION for Summary Judgment by Carlisle Companies Incorporated. By 7/21/2014, the movant will submit briefs and affidavits, depositions extracts, etc., in support of said motion. The opposing parties will respond by 8/11/2014. Movant will have until 8/25/2014 to reply to briefs. Signed by Judge Robert B Propst on 7/14/2014. (AVC) (Entered: 07/14/2014) |
| 07/14/2014 | 30 | SUBMISSION ORDER- re: 26 MOTION for Summary Judgment by Caterpillar Incorporated. By 7/21/2014, the movant will submit briefs and affidavits, depositions extracts, etc., in support of said motion. The opposing parties will respond by 8/11/2014. Movant will have until 8/25/2014 to reply to briefs. Signed by Judge Robert B Propst on 7/14/2014. (AVC) (Entered: 07/14/2014) |
| 08/08/2014 | 31 | MOTION to Compel Discovery by Donna Franklin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Knight, Thomas) (Entered: 08/08/2014) |

| | | |
|---|---|---|
| 08/11/2014 | | MOTIONS 31 MOTION to Compel REFERRED to Magistrate Judge Ott. (SCL ) (Entered: 08/11/2014) |
| 08/11/2014 | 32 | RESPONSE and Opposition to Motions for Summary Judgment 22 , 24 , and 26 filed by Donna Franklin. (Attachments: # 1 Exhibit A, # 2 Affidavit B, # 3 Affidavit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Affidavit F, # 7 Exhibit G)(Knight, Thomas) (Entered: 08/11/2014) |
| 08/14/2014 | 33 | SUPPLEMENT to Response to Motions for Summary Judgment 32 filed by Donna Franklin. (Attachments: # 1 Supplement Order 8-8-2014, # 2 Supplement Amended Order 8-12-14)(Knight, Thomas) (Entered: 08/14/2014) |
| 08/15/2014 | 34 | RESPONSE in Opposition to Motion to Compel Discovery 31 filed by Caterpillar Incorporated. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Waudby, William) (Entered: 08/15/2014) |
| 08/22/2014 | 35 | REPLY to Response in Opposition to Motion to Compel Discovery 34 filed by Donna Franklin. (Knight, Thomas) (Entered: 08/22/2014) |
| 08/25/2014 | 36 | REPLY to re 32 *Plaintiff's Response to Honeywell International Motion for Summary Judgment* filed by Honeywell International. (Lankford, Frank) (Entered: 08/25/2014) |
| 08/25/2014 | 37 | REPLY to Response to Motion re 26 MOTION for Summary Judgment *CATERPILLARS REPLY TO PLAINTIFFS RESPONSE AND* filed by Caterpillar Incorporated. (Attachments: # 1 Exhibit 7)(Waudby, William) (Entered: 08/25/2014) |
| 08/25/2014 | 38 | REPLY to Response to Motion re 24 MOTION for Summary Judgment filed by Carlisle Companies Incorporated. (Evans, Jenelle) (Entered: 08/25/2014) |
| 08/25/2014 | 39 | MOTION to Strike 32 Response in Opposition to Motion, *Affidavit of Beverly Olds [Doc 32-3]* by Carlisle Companies Incorporated. (Evans, Jenelle) (Entered: 08/25/2014) |
| 08/25/2014 | 40 | MOTION to Strike 32 Response in Opposition to Motion, by Caterpillar Incorporated. (Waudby, William) (Entered: 08/25/2014) |
| 08/26/2014 | 41 | ORDER -The Clerk is DIRECTED to REASSIGN this case. Case reassigned to Chief Judge Karon O Bowdre for all further proceedings. Please use case# **1:13-cv-0888-KOB** on all subsequent pleadings. Signed by Judge Robert B Propst on 8/25/2014. (AVC) (Entered: 08/26/2014) |
| 09/03/2014 | 42 | RESPONSE in Opposition re 40 MOTION to Strike 32 Response in Opposition to Motion, , 39 MOTION to Strike 32 Response in Opposition to Motion, *Affidavit of Beverly Olds [Doc 32-3]* filed by Donna Franklin. (Knight, Thomas) (Entered: 09/03/2014) |
| 09/04/2014 | 43 | ORDER Setting Hearing on Motion 31 MOTION to Compel Discovery : Motion Hearing set for 9/10/2014 10:00 AM in Hugo L Black US Courthouse, |

| | | Birmingham, AL before Magistrate Judge John E Ott; Signed by Magistrate Judge John E Ott on 9/4/2014. (BST, ) (Entered: 09/04/2014) |
|---|---|---|
| 09/04/2014 | 44 | TEXT ORDER resetting Hearing on 31 Plaintiff's motion to compel discovery: The hearing is reset for 9/17/2014 at 11:00 AM in Hugo L Black U.S. Courthouse, Birmingham, AL before Magistrate Judge John E. Ott. Signed by Magistrate Judge John E. Ott on 9/04/2014. (SJB) (Entered: 09/04/2014) |
| 09/04/2014 | | Set/Reset Hearings (per 44 Text Order): Motion Hearing reset for 9/17/2014 at 11:00 AM in Hugo L Black US Courthouse, Birmingham, AL before Magistrate Judge John E Ott. (SAC ) (Entered: 09/04/2014) |
| 09/09/2014 | 45 | MOTION *JOINT MOTION FOR ENTRY OF STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIALS* by Caterpillar Incorporated. (Attachments: # 1 Text of Proposed Order STIPULATION AND PROTECTIVE ORDER)(Waudby, William) (Entered: 09/09/2014) |
| 09/09/2014 | 46 | RESPONSE in Support re 40 MOTION to Strike 32 Response in Opposition to Motion, *CATERPILLAR'S REPLY IN SUPPORT OF MOTION TO STRIKE* filed by Caterpillar Incorporated. (Waudby, William) (Entered: 09/09/2014) |
| 09/10/2014 | 47 | Witness List *of Plaintiff* by Donna Franklin. (Knight, Thomas) (Entered: 09/10/2014) |
| 09/11/2014 | 48 | STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIALS Signed by Chief Judge Karon O Bowdre on 9/11/14. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(SAC ) (Entered: 09/11/2014) |
| 09/17/2014 | | Minute Entry for proceedings held before Magistrate Judge John E Ott: Motion Hearing held on 9/17/2014 re 31 MOTION to Compel Discovery filed by Donna Franklin; court's preliminary remarks; oral argument between the parties. (Court Reporter Margaret Wasmund.) (BST, ) (Entered: 09/17/2014) |
| 09/18/2014 | 49 | MOTION for Leave to Appear Pro Hac Vice *of Deirdre C. McGlinchey* by Caterpillar Incorporated. (Waudby, William) (Entered: 09/18/2014) |
| 09/18/2014 | | PHV Fee paid: $50.00, ALND receipt number B4601056055. (SAC ) (Entered: 09/19/2014) |
| 09/20/2014 | 50 | TEXT ORDER granting 49 Motion for Admission of Deirdre C. McGlinchey Pro Hac Vice. Counsel is advised that at least one attorney for each party may be required to be physically present at every hearing and status conference. Signed by Chief Judge Karon O Bowdre on 9/20/14. (MMW) (Entered: 09/20/2014) |
| 09/23/2014 | 51 | MOTION for Leave to Appear Certification in Support of Motion for Admission Pro Hac Vice of Deirdre C. McGlinchey by Caterpillar Incorporated. (Waudby, William) (Entered: 09/23/2014) |
| 09/24/2014 | 52 | ORDER For reasons noted within, Plaintiff's motion to compel under Rule 37(a) is DENIED without prejudice. Signed by Magistrate Judge John E Ott on 9/24/14. (SAC ) (Entered: 09/24/2014) |
| 12/31/2014 | 53 | |

| | | ORDER TO SHOW CAUSE. Plaintiff perfected service on Defendant Federal-Mogul Corporation on April 11, 2013. No answer has been filed by Defendant Federal-Mogul Corporation, nor has Plaintiff applied for entry of default by the Clerk of Court. Plaintiff is directed to show cause in writing by Monday, January 12, 2015, why Defendant Federal-Mogul Corporation should not be dismissed for failure to prosecute. Signed by Chief Judge Karon O Bowdre on 12/31/2014. (FNC) (Entered: 12/31/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/31/2014 11:09:53 | | | |
| PACER Login: | fh0039:2549023:0 | Client Code: | 6102-236447 gwa |
| Description: | Docket Report | Search Criteria: | 1:13-cv-00888-KOB |
| Billable Pages: | 4 | Cost: | 0.40 |