MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CIVIL DOCKET FOR CASE #: 1:15-cv-00002-RJA
## Internal Use Only

| | |
|---|---|
| Cuddihy V. T&N Limited, et al | Date Filed: 01/02/2015 |
| Assigned to: Hon. Richard J. Arcara | Jury Demand: None |
| Case in other court: Erie County, 813649/2014 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**David cuddihy**
*as Executor of the Estate of Joan Cuddihy,*
*Deceased, by his agent, The*
*Federal-Mogul Asbestos Personal Injury*
*Trust*

represented by **John P. Comerford**
Lipsitz & Ponterio, LLC
135 Delaware Avenue
Suite 500
Buffalo, NY 14202-2410
716-849-0701
Fax: 716-849-0708
Email: jpc@lipsitzponterio.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**T&N Limited**
*T&N Limited, f/k/a T&N PLC, Turner &*
*Newall PLC, f/k/a Turner & Newall*
*Limited*

represented by **Judith A. Yavitz**
Darger Errante Yavitz & Blau LLP
116 East 27th Street
New York, NY 10016
212-452-5300
Fax: 212-452-5301
Email: jyavitz@deybllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAF International Limited**
*f/k/a Turners Asbestos Fibres Limited f/k/a*
*Raw Asbestos Distributors Limited*

represented by **Judith A. Yavitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 01/02/2015 | 1 | NOTICE OF REMOVAL by TAF International Limited, T&N Limited from New York Supreme Court County of Erie, case number 813649/2014. (Filing fee $ 400 receipt number 0209-2174524), filed by TAF International Limited, T&N Limited. (Attachments: # 1 Exhibit Exhibit A - Index of Pleadings Served in State Court Action, # 2 Exhibit Tab 1 - Notice of Commencement of Action Subject to Mandatory Electronic Filing, # 3 Exhibit Tab 2 - Summons and Complaint with attached Plaintiff's Statement, # 4 Civil Cover Sheet, # 5 Certificate of Service)(Yavitz, Judith) (Entered: 01/02/2015) |
| --- | --- | --- |
| 01/05/2015 | | Case Assigned to Hon. Richard J. Arcara. (DLC) (Entered: 01/05/2015) |
| 01/05/2015 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution (DLC) (Entered: 01/05/2015) |
| 01/05/2015 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form is available for download at http://www.uscourts.gov/forms /AO085.pdf (DLC) (Entered: 01/05/2015) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DAVID CUDDIHY, Executor of the Estate of JOAN      Civil Action No. _____
CUDDIHY, Deceased, by his agent, THE FEDERAL-
MOGUL ASBESTOS PERSONAL INJURY TRUST,

                     Plaintiff(s),

            -against-                   **NOTICE OF REMOVAL**
                                                **UNDER 28 U.S.C. §§ 1332, 1441**
T&N Limited, f/k/a T&N PLC, Turner & Newall        **AND 1446**
PLC, f/k/a Turner & Newall Limited; and TAF
INTERNATIONAL LIMITED, f/k/a Turners
Asbestos Fibres Limited f/k/a Raw Asbestos
Distributors Limited,
                     Defendants.
-----------------------------------------------------------------x

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NEW YORK:**

       **PLEASE TAKE NOTICE** that defendants T&N Limited (f/k/a T&N PLC, Turner &

Newall PLC, f/k/a Turner & Newall Limited) ("T&N") and TAF International Limited (f/k/a

Turners Asbestos Fibres Limited, f/k/a Raw Asbestos Distributors Limited) ("TAF") hereby

jointly file this notice of Removal of the above-captioned action to the United States District

Court for the Western District of New York from the Supreme Court of the State of New York,

Erie County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 *et seq.*  In support of this Notice,

T&N and TAF state as follows:

**I.      PLAINTIFFS' COMPLAINT AND NATURE OF THIS ACTION**

      1.      On or about December 2, 2014, David Cuddihy, Executor of the Estate of Joan

Cuddihy, Deceased, by his agent, The Federal-Mogul Asbestos Personal Injury Trust (the

"Trust"), filed a Summons and Complaint ("Complaint") in the Supreme Court of the State of

New York, Erie County (the "State Court"), captioned *David Cuddihy, Executor of the Estate of*

*Joan Cuddihy, Deceased, by his agent, The Federal-Mogul Asbestos Personal Injury Trust v. T&N Limited, et al.* A copy of the Complaint is annexed as Tab 2 to **Exhibit A**. The Complaint and Plaintiff's Statement were served on T&N and TAF on or about December 15, 2014.

    2.      The Trust alleges that the decedent, Joan Cuddihy developed mesothelioma as a result of her exposure to asbestos from products attributable to the Defendants.

    3.      The Trust alleges that David Cuddihy is a citizen and resident of the State of New York. (Complaint ¶1)

    4.      T&N was incorporated in England in 1920 as Turner & Newall, Ltd. T&N is a public limited company organized and doing business under and by virtue of the laws of the United Kingdom, with its office and principal place of business located at Manchester International Office Centre, Styal Road, Manchester M22 5TN, England.

    5.      TAF was incorporated in the United Kingdom on July 26, 1906. Its office and principal place of business were located at Manchester International Office Centre, Styal Road, Manchester M22 5TN, England.

## II.    THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF AND THE DEFENDANTS

    6.      Complete diversity exists pursuant to 28 U.S.C. §1332(a)(2), as Plaintiffs are citizens of New York, and T&N and TAF are citizens of the United Kingdom.

    7.      Accordingly, removal of this action is proper under 28 U.S.C. §1441.

## III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

    8.      In diversity cases, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a). The amount in controversy requirement is satisfied here because the Trust has alleged severe physical and emotional injuries as well as substantial related pecuniary loss, and has alleged in paragraph 33 of the Complaint

"damage in an amount exceeding the jurisdictional limits of all other courts which would otherwise have jurisdiction over this matter." Hence, it is clear from the pleadings that more than $75,000, exclusive of interest and costs, is in controversy in this action. *See Zido v. Werner Enters, Inc.,* 498 F. Supp. 2d 512, 513-14 (N.D.N.Y 2006) (where complaint did not assert specific amount of damages in vehicle accident case, jurisdictional limit met by allegation of "serious injury"); *James v. Gardner,* No. 04-CV-1380, 2004 WL 2624004, at &*3-4 (E.D.N.Y. Nov. 10, 2004) (finding reasonable probability that $75,000 limit met where complaint alleged serious injuries).

## IV. THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED WITH ALL REQUIRED PROCESS, PLEADINGS, AND ORDERS ATTACHED AS EXHIBITS TO THIS NOTICE

9.      In accordance with 28 U.S.C. §1446(a), and Local Rule 81, an index identifying each document filed and/or served in the state court action (excluding discovery) is annexed as **Exhibit A**, and copies of each document filed and/or served in the state court action (excluding discovery), individually tabbed and arranged in chronological order are attached hereto as Tabs 1 and 2 to **Exhibit A**.

10.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions.

11.     T&N and TAF are the only defendants in this action; as they have joined in this notice of removal, §1441(b)(2)(A) is satisfied.

12.     This Notice of Removal is timely filed under 28 U.S.C. §1446(b)(3) because it is filed within thirty (30) days after T&N and TAF were served with the initial pleading, the Complaint.

13.     Removal to this Court is proper because the action is being removed from the Supreme Court of the State of New York, Erie County.

14.     Written Notice of Filing of the Notice of Removal will be given to the Trust promptly after the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

15.     A true and correct copy of this Notice of Removal will be filed with the Clerk of Erie County Supreme Court, State of New York, promptly after filing of this Notice of Removal, as is required by 28 U.S.C. §1446(d).

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of T&N or TAF's right to assert any defense or affirmative matter.

17.     The undersigned counsel for Defendants has read the forgoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

WHEREFORE, Defendants T&N and TAF hereby respectfully request that the above action now pending against them in the Supreme Court of the State of New York, Erie County, be removed to this Court.  If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument.

Dated:    New York, New York
          January 2, 2015

Respectfully submitted,

_____

Judith Yavitz, Esq.
DARGER ERRANTE YAVITZ & BLAU LLP
116 East 27th Street, 12th Floor
New York, New York 10016
Telephone:  212-452-5300
Facsimile:  212-452-5301
jyavitz@deybllp.com
*Attorneys for Defendants*
*T&N Limited and TAF International Limited*

# TAB 2

SUPREME COURT OF THE STATE OF NEW YORK
EIGHTH JUDICIAL DISTRICT
_____

In Re   Eighth Judicial District
        Asbestos Litigation
_____

This Document Applies to:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
_____

DAVID CUDDIHY, Executor of the Estate of
JOAN CUDDIHY, Deceased, by his agent,
THE FEDERAL-MOGUL ASBESTOS
PERSONAL INJURY TRUST,
3 Ridgewood Drive
Orchard Park, NY  14127

                                    Plaintiff,

        vs.

T&N LIMITED
    f/k/a T&N PLC
    f/k/a Turner & Newall PLC
    f/k/a Turner & Newall Limited
ATTN:  Ms. Jamie Coury
c/o Federal-Mogul Corporation
26555 Northwestern Highway
Southfield, MI 48033

TAF INTERNATIONAL LIMITED
    f/k/a Turners Asbestos Fibres Limited
    f/k/a Raw Asbestos Distributors Limited
ATTN:  Ms. Jamie Coury
c/o Federal-Mogul Corporation
26555 Northwestern Highway
Southfield, MI 48033

                                    Defendants.
_____

**EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION**

**Index No.** _____

**Date:** _____

**Plaintiff designates ERIE County
as the place of trial.**

**The basis of the venue is plaintiff's
residence.**

**SUMMONS**

Plaintiff resides at
3 Ridgewood Drive
Orchard Park, NY 14127

County of Erie

**TO THE ABOVE NAMED DEFENDANTS:**

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); or, in the alternative, where this case is an asbestos personal injury or wrongful death action governed by Case Management Order No. 8 in the Eighth Judicial District Asbestos Litigation signed and granted by the Honorable James B. Kane, Justice of the Supreme Court, on January 24, 2000, and duly filed under Master Index No. H-95716 in the Erie County Clerk's Office, you are hereby summoned and required to serve upon Plaintiff's Attorney(s) an acknowledgement of service or answer or motion or other response to the complaint in this action not later than sixty (60) days from the date of service of this summons and complaint; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JOHN P. COMERFORD, ESQ.
LIPSITZ & PONTERIO, LLC
Attorney(s) for Plaintiff
Office and P.O. Address
135 Delaware Avenue, Fifth Floor
Buffalo, NY 14202-2415
(716) 849-0701

SUPREME COURT OF THE STATE OF NEW YORK
EIGHTH JUDICIAL DISTRICT

---

In Re   Eighth Judicial District
        Asbestos Litigation

---

This Document Applies to:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

DAVID CUDDIHY, Executor of the Estate of
JOAN CUDDIHY, Deceased, by his agent,
THE FEDERAL-MOGUL ASBESTOS
PERSONAL INJURY TRUST,

                                    Plaintiff,

        vs.

T&N LIMITED
        f/k/a T&N PLC
        f/k/a Turner & Newall PLC
        f/k/a Turner & Newall Limited,

TAF INTERNATIONAL LIMITED
        f/k/a Turners Asbestos Fibres Limited
        f/k/a Raw Asbestos Distributors Limited,

                                    Defendants.

---

**EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION**


**COMPLAINT**

        The plaintiff, DAVID CUDDIHY, Executor of the Estate of JOAN CUDDIHY, Deceased,

by his agent, THE FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, by his

attorneys, LIPSITZ & PONTERIO, LLC, for his Complaint against each and every defendant

alleges:

        1.      That at all times hereinafter mentioned, the plaintiff, DAVID CUDDIHY, was and

still is a citizen of the State of New York and a resident of the County of Erie.

2.      That on or about the 11th day of September, 2008, the plaintiff, DAVID CUDDIHY, was appointed Executor of the Estate of JOAN CUDDIHY, pursuant to an Order of the Surrogate's Court of the County of Erie, State of New York, and Letters Testamentary of the Estate of JOAN CUDDIHY were served on the plaintiff, DAVID CUDDIHY, and the said plaintiff thereupon duly qualified and thereafter acted and is still acting as such Executor.

3.      The FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST (the "TRUST") is a Delaware statutory trust, established pursuant to the terms of the Fourth Amended Joint Plan of Reorganization for Federal-Mogul Corporation and various of its affiliates (the "Plan"), confirmed by the United States Bankruptcy Court for the District of Delaware, effective as of December 27, 2007.

4.      Pursuant to the terms of the Plan, in exchange for a beneficial interest in the TRUST, by way of the right to file a claim against the TRUST, David Cuddihy irrevocably appointed the TRUST as his agent to assert claims against the defendants in this action, and assigned his right to any proceeds from such claims to the TRUST.   The TRUST, accordingly, is exercising such agency in this action.

5.      If it is deemed that Article 16 of the CPLR applies to this action, the plaintiff asserts that this action falls within one or more of the exceptions set forth in CPLR 1602 including, but not limited to, the exception for cases where a person is held liable for causing the claimant's injury by having acted with reckless disregard for the safety of others (CPLR 1602(7)); the exception for cases involving any person held liable for causing claimant's injury by having unlawfully released into the environment a substance hazardous to public health, safety or the environment (CPLR 1602(9)); the exception for any parties found to have acted knowingly or intentionally and in concert to cause the acts or failures upon which liability is based (CPLR 1602(11)); the exception based upon defendants' non-delegable duty to warn of the health hazards of asbestos (CPLR

1602(2)(iv)); the exception pertaining to claims against a defendant where the claimant has sustained a "grave injury" as defined in Section eleven of the Workers' Compensation law to the extent of the equitable share of any person against whom the claimant is barred from asserting a cause of action because of the applicability of the Workers' Compensation law (CPLR 1602(4)); and the exception for persons held liable in a product liability action where the manufacturer of the product is not a party to the action and jurisdiction over the manufacturer could not with due diligence be obtained (CPLR 1602(10)).

6.      That upon information and belief, at all times hereinafter mentioned, the defendant T&N LIMITED (hereinafter "T&N") formerly known as T&N plc, Turner & Newall PLC, and Turner & Newall Limited, a subsidiary of Federal-Mogul Corporation, was and still is a foreign business corporation transacting business in the State of New York and committing a tortious act within this state, with its principal place of business outside the State of New York.  At all times relevant it has engaged in the manufacture, sale and distribution of materials and products containing the substance asbestos.

7.      That upon information and belief, at all times hereinafter mentioned, the defendant TAF INTERNATIONAL LIMITED ("TAF") formerly known as Turners Asbestos Fibres Limited and Raw Asbestos Distributors Limited, a U.K. subsidiary of T&N, was and still is a foreign business corporation and transacting business in the State of New York and committing a tortious act within this state, with its principal place of business outside the State of New York.  At all times relevant it has engaged in the manufacture, sale and distribution of materials and products containing the substance asbestos.

8.      That upon information and belief, asbestos and asbestos-containing products and materials were mined, manufactured, compounded and fabricated by the defendants, acting

through their agents, employees and representatives, and were subsequently placed in the market and sold in commerce.

9.     That upon information and belief, the named defendants mined, manufactured, marketed, sold, distributed, relabeled and commingled those asbestos-containing products which the plaintiff's decedent's husband was exposed to during the course of his employment; and plaintiff's decedent was actually exposed to the asbestos fibers or asbestos-containing products of each individual defendant named herein.

10.     That upon information and belief, at all times relevant hereto, each of the defendants were miners, manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers and/or suppliers of asbestos, asbestos-containing products, or products designed to be used with asbestos-containing products, or products designed to be used with products defendants knew, or should have known, would likely contain asbestos (hereinafter referred to as "asbestos products").  In addition, the above-named defendants, acting through their servants, agents and employees, placed such asbestos products into the stream of commerce and/or caused such asbestos products to be sold and placed into the stream of commerce, and/or caused asbestos fibers to become airborne through their work with or around such products.

11.     For a number of years, plaintiff's husband, JAMES F. CUDDIHY, was employed as a Local 9 Plasterer and a Local 43 Painter.

12.     JOAN F. CUDDIHY and JAMES F. CUDDIHY were married on September 14, 1957.

13.     While working as a plaster and as a painter, JAMES F. CUDDIHY was so exposed to asbestos fibers that his clothing, hair and body became contaminated with asbestos fibers.

- 4 -

14. JAMES F. CUDDIHY was unaware of the hazardous and carcinogenic nature of asbestos fibers, and he contaminated his automobile and home with asbestos fibers adhering to his clothing, hair, and body.

15. From the date of their marriage in 1957 until the late 1970s, JOAN F. CUDDIHY was exposed to asbestos fibers on her husband's person and clothing. JOAN F. CUDDIHY regularly shook out and laundered her husband's clothes, causing her to inhale large quantities of asbestos fibers, thereby causing and contributing to the development of mesothelioma in decedent, JOAN F. CUDDIHY.

16. That upon information and belief, the defendants failed to disclose to decedent, decedent's husband and those similarly situated, or warn them of the known dangers associated with exposure to asbestos dust from defendants' asbestos-containing products. Defendants manufactured, supplied and distributed those asbestos-containing products to which decedent and decedent's spouse were exposed during the course of decedent's spouse's employment and are therefore liable for all of the personal injuries and death suffered by the decedent. Defendants' negligent action in failing to timely and to adequately warn of the dangers of exposure to asbestos caused plaintiff's decedent to suffer injurious exposure to asbestos resulting in personal injuries in the form of mesothelioma as set forth below.

17. That upon information and belief, defendants failed to disclose to decedent, decedent's husband and those similarly situated, or warn them of the known dangers associated with exposure to asbestos dust from defendants' asbestos and asbestos-containing products. Defendants manufactured, supplied and distributed those asbestos-containing products to which plaintiff's decedent was exposed during the course of her husband's employment and are therefore liable for all of the personal injuries plaintiff suffered therefrom.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE
DEFENDANTS NAMED HEREIN, THE PLAINTIFF, ALLEGES:

18.     The plaintiff repeats and realleges each and every allegation contained in
paragraphs "1" through "17" of the Complaint herein with the same force and effect as if fully set
forth herein.

19.     The inhalation of asbestos dust and asbestos-containing particles is highly
dangerous, proximately causing mesothelioma, asbestosis and other severe lung diseases, and
cancer.

20.     That upon information and belief, by reason of exposure to and inhalation of
asbestos particles and dust, and other contaminates found in the products and materials of each and
every defendant named herein, individually, collectively, or both, the plaintiff's decedent
contracted an incurable asbestos-related disease which ultimately led to her premature death.

21.     That upon information and belief it is well established and has been well-known for
many years that the inhalation of asbestos dust and particles is extremely hazardous and
dangerous.  The defendants, as manufacturers or distributors of asbestos products and materials
knew, or should have known, of its hazards and dangers.

22.     That upon information and belief, the defendants knew, or should have known, that
the decedent and decedent's husband would not have knowledge of the hazards of asbestos
products and materials with which decedent's husband worked and which the defendants
manufactured and marketed.

23.     That upon information and belief, the defendants did not adequately test their
asbestos and asbestos-containing products and materials and did not take reasonable precautions in
their manufacture and marketing, nor did they exercise reasonable care to warn of the dangers of

- 6 -

use or exposure to their products and materials; they also failed to give sufficient instructions in the safe use and handling thereof.

24.     That upon information and belief, the defendants intentionally and willfully failed to adequately warn of the known dangers of exposure to their products and materials and/or to give adequate instruction in the safe use and handling thereof.

25.     That upon information and belief, the defendants did not design their products so that said products avoided unreasonable risk of harm to anyone likely to be exposed to danger when the product was used in the fashions in which they were intended and/or in foreseeable, unintended fashions.

26.     That upon information and belief, the defendants knew their asbestos and asbestos-containing products and materials to be unsafe to the health of purchasers, users, or those otherwise exposed.

27.     That upon information and belief, one or more of the defendants falsely stated, advertised, or otherwise represented to the decedent, to other purchasers and users of defendants' products and materials, and to the public that, as a matter of fact, there were no health hazards of any significance associated with the purchase, use, or exposure to defendants' asbestos and asbestos-containing products and materials.

28.     That upon information and belief, the defendants knew such statements, representations and advertisements to be false, misleading or incomplete at the time they were made.

29.     That upon information and belief, the defendants made such statements, advertisements or misrepresentations with reckless indifference as to whether they were true or complete at the time they were made.

- 7 -

30.     That upon information and belief, as a proximate result of the defendants' negligence in their failure to properly manufacture, test and label their materials and products, and its willful and intentional failure to warn decedent, decedent's husband, and other reasonably foreseeable users of the severe hazards inherent in the use of or exposure to their asbestos materials and products, the decedent contracted an incurable asbestos-related disease.

31.     The decedent did not contribute in any manner to her own injuries.

32.     By reason of the injuries to and the death of plaintiff's decedent, the Estate of the decedent has paid for necessary medical treatment, hospitalization and funeral expenses.

33.     As a result of the foregoing, the deceased prior to her premature death, sustained bodily injury and suffered great pain and suffering, all to her damage in an amount exceeding the jurisdictional limits of all other courts which would otherwise have jurisdiction over this matter.

34.     The intentional and willful conduct above complained of against the defendants was aimed against the public as well as the decedent; was grossly unjust and involved high moral culpability for which punitive damages should be assessed in a sum of money to be determined by the trier of fact.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS NAMED HEREIN, THE PLAINTIFF, ALLEGES:

35.     Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "34" of the Complaint herein with the same force and effect as if fully set forth herein.

36.     That upon information and belief, the defendants willfully and intentionally refused to disclose known defects and hazards in the asbestos-containing products they manufactured and/or placed into the stream of commerce.

37.     That upon information and belief, as a result of the defendants' failure, among other things, to test their products for hazards, or to give adequate warning of their danger, or to give

instructions in their use and handling, the defendants' materials and products were manufactured and marketed in a defective condition, were unreasonably dangerous to users such as decedent, and proximately caused decedent's death, injuries and damages.

38.    Decedent's spouse used the products manufactured and sold by defendants for the purpose and in the manner normally intended which caused exposure to decedent resulting in her mesothelioma.

39.    Decedent could not have, in the exercise of reasonable care, discovered the defects and hazardous nature of the products manufactured and marketed by the defendants, nor perceived the dangers thereof, nor otherwise averted his injuries and damages.

40.    By reason of the foregoing, the defendants are strictly liable to the plaintiff's decedent in the amount and respects set forth in paragraphs numbered "32", "33" and "34" of this Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS NAMED HEREIN, THE PLAINTIFF, ALLEGES:

41.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "40" of the Complaint herein with the same force and effect as if fully set forth herein.

42.    Decedent died of an incurable disease caused exclusively by exposure to asbestos.

43.    Decedent left her children, DAVID CUDDIHY, MICHAEL CUDDIHY and JOHN CUDDIHY, who were dependent upon her at the date of her death.

44.    The said DAVID CUDDIHY, MICHAEL CUDDIHY and JOHN CUDDIHY were to a degree dependent upon the deceased for their moral support, and have been damaged in an amount exceeding the jurisdictional limits of all other courts which would otherwise have jurisdiction over this matter.

45. The intentional and willful conduct above complained of against the defendants was aimed against the public as well as the decedent; was grossly unjust and involved high moral culpability for which punitive damages should be assessed in a sum of money to be determined by the trier of fact.

46. Decedent died on July 8, 2008, solely as a result of injuries inflicted by the defendants acting individually, in concert, as participants in a joint enterprise, in various combinations with one another, and as profiteers in the asbestos products market.

WHEREFORE, plaintiff demands judgment against the defendants in the First, Second, and Third Cause of Action in an amount exceeding the jurisdictional limits of all other courts which would otherwise have jurisdiction over this matter; punitive damages in a sum of money to be determined by the trier of fact; and for such other and further relief as may be just and proper, together with the costs and disbursements of this action.

Yours, etc.,

JOHN P. COMERFORD, ESQ.
LIPSITZ & PONTERIO, LLC
Attorneys for Plaintiff
Office and Post Office Address
135 Delaware Avenue, Fifth Floor
Buffalo, New York 14202-2415
(716) 849-0701

- 10 -

SUPREME COURT OF THE STATE OF NEW YORK
EIGHTH JUDICIAL DISTRICT

_____

In re   EIGHTH JUDICIAL DISTRICT
       ASBESTOS LITIGATION

_____

This document applies to:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

_____

DAVID CUDDIHY, Executor of the Estate of JOAN CUDDIHY,
Deceased, by his agent, THE FEDERAL-MOGUL ASBESTOS
PERSONAL INJURY TRUST,

                               Plaintiff,

      vs.

T&N LIMITED, et al.

                           Defendants.

_____

EIGHTH JUDICIAL DISTRICT
ASBESTOS LITIGATION

PLAINTIFF'S STATEMENT

Index No.

PLEASE STATE:
      Nature of Action:    Personal Injury      X
                       Wrongful Death     X

As to PLAINTIFF:
    1.     Full Name: David Cuddihy

    2.     Date of Birth: 02/04/1965

    3.     Present Address: 3 Ridgewood Drive, Orchard Park, NY 14127

    4.     Social Security Number: XXX-XX-XXXX

As to PLAINTIFF'S SPOUSE, if applicable:
    5.     Full Name: N/A

    6.     Date of Birth:

    7.     Present Address:

    8.     Social Security Number:

1

As to PLAINTIFF'S DECEDENT, if applicable:

9.      Full Name: JOAN F. CUDDIHY

10.     Date of Birth: 9/26/1936

11.     Last Address: 369 Eckhardt Rd., Hamburg, NY 14075

12.     Social Security Number: XXX-XX-XXXX

13.     Date and Place of Death: 7/08/2008; Cheektowaga, NY

14.     Cause of Death: Mesothelioma

As to alleged ASBESTOS EXPOSURE:

15.     Indicate which of the following types of activities resulted in plaintiff's/decedent's alleged exposure to asbestos:

(a)     Insulating Trade: _____

(b)     Boiler Trade (indicate trade): _____
        _____

(c)     Construction Trade (indicate trade): _____
        _____

(d)     Plant Worker (indicate plant): _____
        _____

(e)     Brake Lining or Friction Worker: _____
        _____

(f)     Non-Occupational (describe): <u>paraoccupational exposure to asbestos fibers</u>
        <u>brought home on spouse's clothing and as further specified in Plaintiff's</u>
        <u>complaint.</u>

(g)     Other (describe): _____
        _____

16.     Date of First Exposure:        1957

17.     Date of Last Exposure:         late 1970s

2

18.    Asbestos containing products to which plaintiff/decedent was allegedly exposed:

This information will be supplied during the course of discovery.

19.    Nature of alleged asbestos related illness and date of diagnosis:

<u>Date of Diagnosis</u>

Asbestosis          _____

Lung Cancer      _____

Mesothelioma    <u>March 2007</u>_____

Pleural Changes  _____

Other _____                                        _
              (identify)

20.    Has plaintiff or did decedent ever smoke cigarettes?

Yes _____X_____          No _____

If so, state the number of years and the number of packs per day of plaintiff's/decedent's smoking:

Joan Cuddihy smoked approximately one pack of cigarettes or less per day from approximately 1959 until 1980.

21.    Has plaintiff been or was decedent exposed to non-asbestos containing products or substances which have been demonstrated to cause or contribute to lung disease, injury or dysfunction?

Yes _____          No _____X_____

If so, state all such products or substances:

To the extent plaintiff's (or decedent's) asbestos-related injuries (and subsequent death) are peculiarly associated with exposure to asbestos, no.

3

22.    State all other prior or pending asbestos actions:

Title:   *Joan F. Cuddihy v. Builders Supply & Lumber, Inc., et al.*

Venue:   Supreme Court of State of New York, Eighth Judicial Circuit, County of Erie

Index or Docket Number:   2007-3580

Status of Action: Closed

----------------------------------------------------------------------------------------

Title:   None

Venue:

Index or Docket Number:

Status of Action:

----------------------------------------------------------------------------------------

Title:   None

Venue:

Index or Docket Number:

Status of Action:

----------------------------------------------------------------------------------------

Dated: December 1, 2014

By:   _____

     JOHN P. COMERFORD, ESQ.
     LIPSITZ & PONTERIO, LLC
     Attorneys for Plaintiff
     Office and P.O. Address
     135 Delaware Avenue, Fifth Floor
     Buffalo, New York 14202-2415
     (716) 849-0701