UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                                           MDL No. 875


## SEPARATION OF CLAIMS AND REMAND ORDER

**Before the Panel:**[*] Defendants[1] move under Panel Rule 10.2 to vacate the Panel's order, issued at the suggestion of the transferee judge, conditionally remanding the action (*Presley*) listed on the attached Schedule A to the Southern District of Alabama, with the exception of any claims for punitive or exemplary damages that the transferee court has already severed.[2] Responding plaintiff opposes the motion.

In opposing remand, defendants principally argue that contrary to the Suggestion of Remand, some discovery remains to be taken in the action. Defendants note that on May 1, 2014, the named plaintiff (Valerie K. Presley) was substituted for the originally named (Cleveland G. Kite), following the latter's death on January 26, 2014. Defendants assert that no discovery has been conducted with respect to Kite's cause of death, and that plaintiff has not yet furnished either a death certificate[3] or expert reports relating the death to exposure of any defendant's products. Defendants also contend that they may need to depose George Pineda, one of plaintiff's experts, who was designated in August 2013, after one of plaintiff's originally identified experts became unable to testify.

Defendants' arguments do not withstand scrutiny. In opposing plaintiff's June 16, 2014, motion to dismiss the then-remaining defendants, moving defendants argued to the transferee court that discovery had closed "long ago," and that the action was "ripe for disposition." Defendants made that argument months after Kite's death, and more than a month after Presley was substituted as plaintiff. Defendants' argument that they might need to depose Pineda is even less persuasive, as he was substituted as plaintiff's expert in the latter half of 2013.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] CBS Corporation, Saint-Gobain Abrasives, Inc., Honeywell International, Inc., Dana Companies, LLC, Crane Co., Cameron International Corporation, and Cummins, Inc.

[2] *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

[3] Plaintiff attached a copy of Kite's death certificate to her response to the Panel.

- 2 -

IT IS THEREFORE ORDERED that all claims in *Presley*, except the severed claims for punitive or exemplary damages, are remanded to the Southern District of Alabama.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**                                                      MDL No. 875

## SCHEDULE A

<u>Southern District of Alabama</u>

PRESLEY v. BILL VANN COMPANY, INC., ET AL., C.A. No. 2:11-00444