BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA (NORTHERN DIVISION)

| | | |
|---|---|---|
| **VALERIE K. PRESLEY, as Personal Representative for the Estate of Cleveland G. Kite, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | 11-cv-00444 |
| vs. | ) ) | |
| **BILL VANN COMPANY, INC., et al.,** | ) ) | |
| **Defendants.** | ) ) ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S TAG-ALONG MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1407

COMES NOW the Plaintiff, pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and hereby files this Plaintiff's Brief in Support of Plaintiff's Tag-along Motion to Transfer.

### INTRODUCTION

#### Original Transfer and Remand

This Panel entered its Conditional Transfer Order dated August 15, 2011 transferring this case under 28 U.S.C. §1407 to the United States District Court for the Eastern District of Pennsylvania (transferee court) for the reasons stated in this Panel's order of July 29, 1991 and,

1

with the consent of that court, assigned it to the Honorable Eduardo C. Robreno.[1] This Panel remanded this action to the United States District Court for the Southern District of Alabama, Northern Division (transferor court) on February 5, 2015.[2]

### Procedural History after Remand

On February 5, 2015, the transferor court entered an order requesting the parties to file a Joint Status Report by February 18, 2015 and to appear at a hearing regarding the same on February 24, 2015.[3] The parties filed the Joint Status Report with the transferor court on February 18, 2015.[4] As a matter of courtesy to the Defendants, Plaintiff agreed in the Joint Status Report to produce certain documents that the Defendants requested at the time of preparing the same.[5] At the hearing on February 24, 2015, the Defendants argued that they are entitled to additional discovery and to file additional dispositive motions. The Plaintiff argued that the Defendants are not entitled to additional discovery or to file additional dispositive motions. On February 26, 2015, the Plaintiff filed her Amendment to and Clarification of the Joint Status Report eliminating the Defendants' assertion that the Plaintiff may amend the complaint to add a cause of action for wrongful death.[6] On February 27, 2015, the transferor court entered its Rule 16(b) Scheduling Order allowing the Defendants to conduct additional discovery and to file new dispositive motions (see Paragraphs 4 and 9).[7] On March 2, 2015, Plaintiff filed a Motion for Clarification of the Rule 16(b) Scheduling Order with respect to Defendants filing duplicative or

---

[1] *See* Exhibit "A", attached
[2] *See* Exhibit "B", attached
[3] *See* Exhibit "C", attached
[4] *See* Exhibit "D", attached
[5] *Id.*
[6] *See* Exhibit "E", attached
[7] *See* Exhibit "F", attached

substantively duplicative dispositive motions.[8] On March 3, 2015, the transferor court entered its order granting Plaintiff's Motion for Clarification.[9]

## Argument

This transferor court's Rule 16(b) Scheduling Order allows the Defendants to conduct additional discovery including the deposition of some of the Plaintiff's expert witnesses and the substituted plaintiff.[10] The order further allows the Defendants to file additional, non-duplicative (or substantively duplicative) dispositive motions.[11]  When this Panel originally entered its Conditional Transfer Order in this action, it intended for the transferee court to complete all pretrial litigation, discovery and dispositive motion practice prior to remand. Additionally, the transferee court has ruled on all prior discovery issues and dispositive motion practice (including numerous rulings on dispositive motions filed by numerous defendants based upon numerous factual and legal grounds). Finally, it was the expectation of this Panel when it entered its order of July 29, 1991 that the transferee court would complete all pretrial litigation prior to remand. Therefore, this action should be transferred to the transferee court to complete all outstanding discovery and dispositive motions authorized by the transferor court in its Rule 16(b) Scheduling Order.

s/G. Patterson Keahey<br>
G. Patterson Keahey, ASB-6357-A64G<br>
<em>Attorney for the Plaintiff</em>

THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone:    (205)871-0707
Email: efile@mesohelp.com

---

[8] *See* Exhibit "G", attached
[9] *See* Exhibit "H", attached
[10] Exhibit "G"
[11] Exhibit "H"

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2015, I have caused service of the foregoing on the parties of record by electronic filing of a Notice of Filing Plaintiff's Brief in Support of Plaintiff's Tag-Along Motion To Transfer with the ALSD Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, and by first-class mail to those parties not registered to receive notice from the Clerk of Court.

s/G. Patterson Keahey<br>
G. Patterson Keahey