# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VALERIE K. PRESLEY, *personal representative for the Estate of Cleveland G. Kite, deceased*,     Plaintiff, | ) ) ) ) ) |
| v. | )   CIVIL ACTION NO. 11-00444-WS-N |
| | ) |
| BILL VANN COMPANY, INC., *et al.*,     Defendants. | ) ) |

## RULE 16(b) SCHEDULING ORDER

The United States Judicial Panel on Multidistrict Litigation recently remanded to this Court "all claims in [the above-styled action], except the severed claims for punitive or exemplary damages…" (Doc. 125). At the Court's direction, the parties filed a joint status report (Doc. 135), and status/scheduling conference was held before the undersigned on February 24, 2015. On February 26, 2015, the Plaintiff filed an "Amendment to and Clarification of Joint Status Report" (Doc. 139), which has not been signed by any other party. Upon consideration, the following scheduling order is entered pursuant to Rule 16(b)[1]:[2]

    1.     <u>NOTICE REGARDING SUPPLEMENTATION</u>.

        a.     <u>Electronically Stored Information (ESI)</u>.[3]     Without proper

---

[1]     Unless otherwise indicated, "Rule" citations herein refer to the Federal Rules of Civil Procedure.

[2]     "All civil actions shall be automatically referred[ to the full-time magistrate judges of this District] for the purpose of conducting a pretrial conference and the entry of a Fed. R. Civ. P. 16(b) scheduling order." SD ALA LR 72.2(c)(1).

[3]     *See, e.g.,* Rule 34(b)(2)(D), (E).

advance planning, ESI can needlessly increase the cost of litigation and impose avoidable hardships on the parties and the Court. To the extent ESI will be a significant issue in this action, the parties should consider filing a supplement to their planning report which addresses (1) <u>the scope of ESI to be preserved</u> (including the identification of key custodians, the imposition of temporal limitations, and the reasonable accessibility of sources—i.e., whether any sources are unduly burdensome or cost prohibitive); and (2) <u>the design of effective search methodology and how best to efficiently conduct such searches</u>. Parties requesting ESI discovery and parties responding to such requests are, moreover, expected to cooperate in the development of procedures to achieve ***proportionality*** in ESI discovery. *See* Rule 26(b)(2)(B)-(C).

    b. <u>Protective Order</u>. The parties shall consider the usefulness of presenting to the Court an agreed protective order to safeguard the confidentiality of documents exchanged during discovery and are further encouraged to both consider Federal Rule of Evidence 502 generally and whether an agreement on the effect of disclosure, pursuant to that rule, should be incorporated into any agreed protective order.

**The parties are also directed to <u>closely review ¶ 10, *infra*</u>, which sets forth procedures with regard to settlement and alternative dispute resolution.**

  2. <u>FINAL PRETRIAL CONFERENCE</u>. This action is set for a final pretrial conference before Chief United States District Judge William H. Steele at

2

the United States Courthouse in Mobile, Alabama, on **Tuesday, October 20, 2015, at 2:00 p.m.** This is a firm setting and the parties are expected to be ready for trial on that date. **A COPY OF CHIEF JUDGE STEELE'S SPECIAL REQUIREMENTS FOR FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICE REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE GIVEN.**

  3. TRIAL AND JURY VENIRE (NORTHERN DIVISION CASES).

    a. As the parties are aware, this case is pending in the Northern Division of this District (consisting of Alabama's Dallas, Hale, Marengo, Perry, and Wilcox Counties). Although parties formerly had the option to try Northern Division cases in Selma, Alabama, that option is no longer available due to safety and security concerns with the federal courthouse there. Therefore, **this case will be tried at the federal courthouse in Mobile, Alabama.**

    b. Because, customarily, juries at the federal courthouse in Mobile are selected from a venire drawn solely from the Southern Division of this District (consisting of Alabama's Baldwin, Choctaw, Clark, Conecuh, Escambia, Mobile, Monroe, and Washington Counties), **the Court currently plans try this action with a jury drawn from the Southern Division _only_. _However_, the parties have the option to select a jury from a venire drawn from the district-at-large (_i.e.,_ both the Northern and Southern Divisions).** Therefore, any party who desires a jury venire drawn from the district-at-large shall

3

file a notice with the Court so indicating no later than **Monday, March 30, 2015**.[4]

      c.    Jury selection shall be on **Tuesday, November 3, 2015, at 8:45 a.m.** This action is set for trial in Mobile during the month of **November 2015**, the specific dates to be set at the Final Pretrial Conference, *see* ¶ 2, *supra*.[5]

    4.    SUPPLEMENTAL DISCOVERY COMPLETION. Upon consideration of arguments from counsel at the status/scheduling conference, the Court will allow additional supplemental discovery as follows:

    a.    Depositions (each deposition is limited in duration to **eight (8) hours** unless extended by agreement of the parties):

- Valerie K. Presley
- George Pineda
- Richard Kradin
- Dr. David Rosner

    b.    Documents:

- Cleveland Kite's medical records and medical expenses
- Paperwork/forms submitted by Kite to various bankruptcy trusts

All of the above-stated supplemental discovery is to be completed on or before

---

[4] The Court's current "Plan for the Qualification and Random Selection of Grand and Petit Jurors" (www.alsd.uscourts.gov/documents/forms/juryplan.pdf) does not provide for a petit jury attending court in Mobile to be drawn solely from the Northern Division. For a trial held in Mobile, a petit jury must be drawn either solely from the Southern Division or from the district-at-large. The Court may not modify the plan without approval of the Judicial Council of the Eleventh Circuit. *See* 28 U.S.C. § 1863(a).

[5] Chief Judge Steele's civil trial months are: February, May, August, and November.

**Friday, June 19, 2015**. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; and motions to compel timely filed to give adequate time for the court to consider them; and non-party subpoenas (for production of evidence or to permit inspection) served. *See also infra*, ¶ 8.

**Please Note**: The following language has been added to the District Judges' Scheduling Order Governing Final Pretrial Conferences, a copy of which is attached to this order: "All challenges to expert witnesses, including *Daubert* motions, must be filed not later than two weeks prior to the Final Pretrial Conference."

5. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. No further motions for leave to join additional parties or amend the pleadings are permitted.

6. <u>SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Rule 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

7. <u>PRETRIAL DISCLOSURES</u>. The disclosure of information regarding the evidence that each party may present at trial as required by Rule 26(a)(3) is to be

5

made on or before **Tuesday, September 29, 2015**.

8. <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions filed in this Court:

a. <u>Conferencing by Counsel</u>. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery related issues. This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Rules 26(c) (motion for a protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical and mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(c) (protection of persons subject to subpoena). In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.[6]

---

[6] *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a ***good faith*** effort to resolve the outstanding

6

    b.  <u>Time of Filing; Form</u>. A motion for protective order pursuant to Rule 26(c), a motion for physical and mental examination pursuant to Rule 35(a), a motion to determine sufficiency pursuant to Rule 36(a), and a motion to compel pursuant to Rule 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete

---

discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—"'conferment' [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '**converse, confer, compare views, consult and deliberate**'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (emphasis added))).

  Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed "***must*** accurately and specifically convey to the court ***who, where, how, and when*** the respective parties attempted to personally resolve the discovery dispute." 170 F.R.D. at 170 (emphasis added). ***Motions with certifications lacking this level of detail will be stricken.***

7

original.

        c.    <u>Time for Responses</u>.  Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

        d.    <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Rule 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

    9.    <u>DISPOSITIVE MOTIONS</u>.  Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **Friday, July 10, 2015**.

The motions for summary judgment filed by Defendants Cummins, Inc. and Cameron International Corp. (Docs. 130 – 132) prior to the entry of this Scheduling Order remain subject to the briefing schedule set by Chief Judge Steele (Doc. 136). <u>For all other dispositive motions</u>, responses shall be filed no later than **Friday, July**

8

**31, 2015**, and any replies to the responses shall be filed no later than **Friday, August 14, 2015**.

Neither the final pretrial conference nor the trial of this action will be delayed pending a ruling on such motions. In submitting exhibits, the parties are reminded of S.D. ALA. L.R. 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

10. **SETTLEMENT/ADR**. On or before **Friday, May 29, 2015**, counsel for the plaintiff(s) shall contact counsel for the defendant(s) to arrange an ***in-person*** conference among the parties (in the case of a party that is a governmental entity or a private organization (e.g. corporation, LLC, partnership), an authorized representative who has final settlement authority) and their respective lead counsel to discuss, in ***good faith***, settlement of the case.

If the conference does not produce a settlement, the parties shall file with the Clerk of Court, no later than **Friday, June 26, 2015**, a joint statement setting forth the status of settlement negotiations and the parties' positions regarding settlement of this action through any of the approved alternative dispute resolution procedures.

Notwithstanding the above-referenced deadlines, the parties may contact the undersigned United States Magistrate Judge ***at any stage of the proceedings*** if they believe mediation or a settlement conference would be beneficial. Given that most actions settle, early settlement negotiations are strongly encouraged. A copy

9

of the Court's Alternative Dispute Resolution Plan is available on the Court's website.[7]

11. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

a. A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to a brief do not count toward the page limitation. *See* S.D. ALA. L.R. 7.1(b).

b. An application to the Court for an order shall be by motion, not by letter. *See* FED. R. CIV. P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter. *See* S.D. ALA. L.R. 5.1(d).

c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

---

[7] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

  d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

  12. <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that, pursuant to Rule 16(b)(4), this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule; that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16 (e).

  13. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website (www.alsd.uscourts.gov/documents/forms/local-rules.pdf). S.D. Ala. L.R. 5.5(a) proscribes the filing of most discovery materials.

  14. <u>SANCTIONS</u>. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney

11

to one or more of the sanctions authorized by Rule 16(f).

**DONE** and **ORDERED** this the 27th day of February 2015.

                          <u>*/s/ Katherine P. Nelson*</u>
                          **KATHERINE P. NELSON**
                          **UNITED STATES MAGISTRATE JUDGE**