# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VALERIE K. PRESLEY, *personal representative for the Estate of Cleveland G. Kite, deceased,* </br>    Plaintiff, | ) </br> ) </br> ) </br> ) </br> ) |
| v. | ) CIVIL ACTION NO. 11-00444-WS-N </br> ) |
| BILL VANN COMPANY, INC., *et al.,* </br>    Defendants. | ) </br> ) |

## ORDER

This action is before the Court on the "Motion for Clarification of Rule 16(b) Scheduling Order" (Doc. 141) filed by the Plaintiff. Section 9 of the Court's Fed. R. Civ. P. 16(b) Scheduling Order (Doc. 140) sets forth provisions governing the filing of dispositive motions in this action. The Plaintiff represents that a number of dispositive motions were previously filed, ruled on, and denied reconsideration while this action was pending in multidistrict litigation in the United States District Court for the Eastern District of Pennsylvania (MDL No. 875). The Plaintiff requests clarification as to whether, in permitting the further filing of dispositive motions, the Court has "granted unconditional authority to re-file duplicative or substantially duplicative dispositive motions to those that were filed, considered by and denied by MDL No. 875."

The Court finds the Plaintiff's motion to be a request to modify the Scheduling Order under Federal Rule of 16(b)(4), rather than a request for clarification. However, the Plaintiff has shown "good cause" for such a modification. Accordingly, it is **ORDERED** that the Plaintiff's motion (Doc. 141) is **GRANTED** and that section 9 of the Court's Scheduling Order (Doc. 140 at 8-9) is **AMENDED** to include

the following additional provision:

> No party is permitted to raise in any dispositive motion any matter or issue that was previously *raised and ruled on* by the court while this action was pending in multidistrict litigation in the United States District Court for the Eastern District of Pennsylvania (MDL No. 875). Notwithstanding this limitation, no party shall be prevented from *properly* seeking relief from, *see* Fed. R. Civ. P. 60, or reconsideration of a previous court order or decision, *see* Fed. R. Civ. P. 54(b) (Unless the court has directed the "entry of final judgment as to one or more, but fewer than all, claims or parties… any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Any motion for relief from or reconsideration of a previous order or decision must be made by separate motion. The parties are advised to closely review *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1379-80 (S.D. Ala. 2009) (Steele, J.) regarding the propriety of motions to reconsider.

The Scheduling Order (Doc. 140) remains otherwise unchanged by this Order.

**DONE** and **ORDERED** this the 3rd day of March 2015.

                         */s/ Katherine P. Nelson*
                         **KATHERINE P. NELSON**
                         **UNITED STATES MAGISTRATE JUDGE**