BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE: ASBESTOS PRODUCTS           §
LIABILITY LITIGATION (NO. VI)      §                    MDL No. 875

---

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| **VALERIE K. PRESLEY, as Personal Representative for the Estate of Cleveland G. Kite, deceased,** ) ) ) ) ) | |
| **Plaintiff,** ) ) | **Civil Action No: 11-00444-WS-N** |
| ) ) | |
| vs. ) ) | |
| **BILL VANN COMPANY, INC., ET AL.,** ) ) | |
| **Defendants.** ) | |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S TAG-ALONG MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1407

Comes now the Plaintiff, Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and files her Supplemental Brief in Support of Plaintiff's Tag-Along Motion to Transfer (Alabama Southern, ALS, 2, 11-00444, Kite v. Bill Vann Company, Inc., *et al*.) back to the United States Judicial Panel on Multidistrict Litigation and as grounds therefor, states as follows:

**Defendants' Response in Opposition to Plaintiff's Notice of Filing
Motion to Transfer Filed in the Transferor Court**

The Defendants jointly filed their Response in Opposition to Plaintiff's Notice of Filing Motion to Transfer in the United States District Court for the Southern District of Alabama, Northern Division (transferor court) on March 12, 2015.[1] The Defendants assert that the Plaintiff's Motion to Transfer "is nothing more than a transparent attempt to shop for what she perceives to be a more favorable forum in which to resolve any dispositive motions that could terminate her claims prior to trial."[2]  The Defendants further assert the following:

> Contrary to Plaintiff's assertions, there is no legal or statutory authority that prevents this Court from permitting the parties to complete discovery prior to trial.  Likewise, there is no legal or statutory authority that forbids this Court from permitting the parties to file dispositive motions, which, if meritorious, would clearly entitle the moving defendants(s) to judgment as a matter of law on Plaintiff's claims.  Nothing in the JPML's Separation of Claims and Remand Order limits this Court's power on remand or constrains the scope of litigation in this case, including discovery and motion practice, prior to trial. [J.P.M.L. Doc. 9939].[3]

**Argument**

The primary grounds supporting the Plaintiff's Motion to Transfer this action back to this Panel is the elimination of forum shopping.  Contrary to their assertions referenced above, it is the Defendants who would be allowed to forum shop if the Plaintiff's motion is denied.  If denied, then the Defendants would be allowed to refrain from filing certain dispositive motions before the transferee court if they prefer to file those identical motions before the transferor court.  Denial of the Plaintiff's motion

---

[1] *See* Exhibit "A", attached.
[2] Exhibit "A", page 1.
[3] Exhibit "A", page 3, Paragraph 5.

would constitute judicial sanctioning of the Defendants' right to choose the forum to file their dispositive motions in all pending and future actions transferred by this Panel's Conditional Transfer Order.

This action was originally filed in state court.[4]  The Defendants removed this action to federal court and then moved for it to be transferred to this Panel over the Plaintiff's objection.[5]  This action was pending before the United States District Court for the Eastern District of Pennsylvania (transferee court) from 2011 – 2015.  The transferee court entered a scheduling order requiring the defendants to file all dispositive motions on or before October 10, 2012.[6]  Some of the defendants inexplicably refrained from filing dispositive motions on all available grounds and at least one defendant may have failed to file a dispositive motion.  The dispositive motions were ruled on by the transferee court (most of which were granted), the Defendants' motions to reconsider were denied and no further dispositive motion practice was allowed.  Additionally, as noted by this Panel in its Separation of Claims and Remand Order of February 4, 2015:

> Defendants move under Panel Rule 10.2 to vacate the Panel's order, issued at the suggestion of the transferee judge, conditionally remanding the action (*Presley*) listed on the attached Schedule A to the Southern District of Alabama, with the exception of any claims for punitive or exemplary damages that the transferee court has already severed. Responding plaintiff opposes the motion.
>
> In opposing remand, defendants principally argue that contrary to the Suggestions of Remand some discovery remains to be taken in the action. Defendants' note that on May 1, 2014, the named plaintiff (Valerie K. Presley) was substituted for the originally named (Cleveland G. Kite), following the latter's death on January 26, 2014. Defendants assert that no discovery has been conducted with respect to Kite's cause of death to

---

[4] *See* Exhibit "B", attached.

[5] *See* Exhibit "C", "D" and "E", attached.  Additionally, since the defendants chose to remove this case to federal court and have it transferred by this Panel, it is illogical for them to now object to it being transferred back to this Panel to complete all pretrial litigation.

[6] *See* Exhibit "F", attached.

exposure of any defendant's products.  Defendants also contend that they may need to depose George Pineda, one of plaintiff's experts, who was designated in August 2013, after one of the plaintiff's originally identified experts became unavailable to testify.

Defendants' arguments do not withstand scrutiny.  In opposing plaintiff's June 16, 2014, motion to dismiss the then-remaining defendants, moving defendants argued to the transferee court that discovery had closed "long ago," and that the action was "ripe for disposition."  Defendants made that argument months after Kite's death, and more than a month after Presley was substituted as plaintiff.  Defendants' argument that they might need to depose Pineda is even less persuasive, as he was substituted as plaintiff's expert in the latter half of 2013.[7]

Shortly after this action was remanded and without first obtaining leave of court, and even prior to the transferor court's first status hearing, two of the Defendants[8] filed new dispositive motions.[9]  These motions were filed in direct violation of the transferee court's prior orders and in direct contradiction to the representations those Defendants made to that court as referenced in this Panel's Separation of Claims and Remand Order of February 4, 2015.[10]  Moreover, the Defendants jointly asserted at the transferor court's status hearing that they were entitled to the same discovery previously denied by the transferee court and this Panel.[11]  The Defendants not only asserted that this Panel's orders carry no weight in the transferor court, but openly expressed contempt for the transferee court's opinions denying their dispositive motions.  It is all too clear that the Defendants, particularly after filing their Response in Opposition to The Plaintiff's Motion to Transfer, view remand as an opportunity to re-open discovery and motion practice which they were specifically denied by this Panel and/or the transferee court.

---

[7] See Exhibit "G", attached.
[8] Cameron International Corporation and Cummins, Inc.
[9] See Exhibit "H" and "I", attached.
[10] Exhibit "G".
[11] Exhibit "G".

Allowing Defendants to succeed in their all too common attempts to re-open pretrial litigation in an action after remand by this Panel: (1) undermines the authority of this Panel and eliminates its relevance; (2) establishes precedent to be followed by defendants in all future cases allowing them to decide whether to comply with the transferee court's scheduling order or wait to conduct discovery and file dispositive motions after remand; (3) prejudices the plaintiff because it forces her to perform duplicative work, delays her trial date and only allows for the reconsideration of motions denied instead of both those granted and denied; (4) allows the defendants to practice fraud on the court through their (now apparently false) representation "that discovery had closed 'long ago,' and that the action was 'ripe for disposition.'"; (5) displaces the considered opinion of a far more experienced court - the transferee court has more experience than any court in the United States ruling on dispositive motions in asbestos cases; (6) justifies the Defendants' apparent contempt for the transferee court and this Panel; (7) creates the potential for inconsistent application of law by having two courts rule on dispositive motions in the same case instead of one (the transferee court has previously ruled on numerous dispositive motions in this case including the specific grounds raised by the new motions filed before the transferor court);[12] (8) prejudices the Plaintiff for the Defendants' failure to complete discovery and file dispositive motions when it had a full and fair opportunity to do the same before the transferee court; (9) increases the amount of work required by transferor courts after remand by having it, rather than the transferee court, complete pretrial litigation; (10) encourages defendants to forum shop between the transferee and transferor courts with respect to filing dispositive

---

[12] Exhibit "H" and "I".

motions; and (11) wastes judicial assets by invalidating the prior orders of this Panel and the transferee court.

## Conclusion

If the transferor court does indeed have the authority to reconsider all prior orders entered by the transferee court and this Panel, then the only procedural method that may eliminate the significant problems created thereby (as referenced herein), is to transfer this case back to this Panel and, ultimately, to the transferor court to complete all pretrial litigation. Therefore, the Plaintiff respectfully requests that this Panel enter its order transferring this action back to the transferee court to complete all pretrial litigation.

Respectfully Submitted,

*s/G. Patterson Keahey*
G. Patterson Keahey
Counsel for Plaintiff
Law Office of G. Patterson Keahey
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
E-Mail: efile@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March 2015, I have served the foregoing pleading on all parties of record by electronic filing with the Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record. I further certify that I have filed a copy of the foregoing pleading by electronic filing with the Clerk of Court for the Southern District of Alabama, Northern Division using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record.

*s/G. Patterson Keahey*
G. Patterson Keahey