# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VALERIE K. PRESLEY, as Personal Representative for the Estate of Cleveland G. Kite, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 11-00444-WS-N<br>) |
| v. | )<br>) |
| BILL VANN COMPANY, INC., et al., | )<br>) |
| Defendants. | ) |

## RESPONSE IN OPPOSITION TO
## PLAINTIFF'S NOTICE OF FILING MOTION TO TRANSFER

COME NOW certain Defendants, and file this Response in Opposition to Plaintiff's Notice of Filing Motion to Transfer the above-captioned case back to the Eastern District of Pennsylvania (herein "MDL-875") [Doc. 144]. Plaintiff's Motion to Transfer is nothing more than a transparent attempt to shop for what she perceives to be a more favorable forum in which to resolve any dispositive motions that could terminate her claims prior to trial – matters that are well within this Court's authority and competence to handle. In further opposition to Plaintiff's Notice of Filing Motion to Transfer, Defendants state as follows:

1

1. This matter was filed on May 4, 2011, in the Circuit Court of Marengo County, Alabama. [Doc. 1]. On August 5, 2011, Defendants removed this action to the United States District for the Southern District of Alabama. [Doc. 1]. On August 15, 2011, a Conditional Transfer Order was entered conditionally transferring this action to MDL-875, and on November 3, 2011, the transfer to MDL-875 was made final. [J.P.M.L. Doc. 1 and E.D. Pa. Doc. 1, respectively].

2. On February 2, 2015, the Judicial Panel on Multidistrict Litigation (herein "JPML") entered a Separation of Claims and Remand Order [J.P.M.L. Doc. 9939], remanding all claims in this case, with the exception of punitive and exemplary damages, back to the United States District Court for the Southern District of Alabama. [J.P.M.L. Doc. 9939].

3. On February 5, 2015, following remand by the JPML, this Court entered an Order [Doc. 127] instructing the parties to submit a Joint Status Report and setting a Status/Scheduling Conference for February 24, 2015 before United States Magistrate Judge Nelson. [Doc. 127].

4. During the February 24, 2015 Status Conference, Plaintiff's counsel raised the same flawed arguments upon which Plaintiff now relies in support of her

2

misguided attempt to circumvent this Court's jurisdiction and orders and have this case *re-transferred* back to MDL-875.

5. As Judge Nelson correctly stated during the Status Conference, "this Court now has jurisdiction over this case." Contrary to Plaintiff's assertions, there is no legal or statutory authority that prevents this Court from permitting the parties to complete discovery prior to trial. Likewise, there is no legal or statutory authority that forbids this Court from permitting the parties to file dispositive motions, which, if meritorious, would clearly entitle the moving defendant(s) to judgment as a matter of law on Plaintiff's claims. Nothing in the JPML's Separation of Claims and Remand Order limits this Court's power on remand or constrains the scope of litigation in this case, including discovery and motion practice, prior to trial. [J.P.M.L. Doc. 9939].

6. On February 27, 2015, this Court entered a Rule 16(b) Scheduling Order, setting this matter for trial in November 2015. [Doc. 140, pg. 5]. The Court's Scheduling Order further sets out the deadlines for completing narrowly-tailored discovery specified by this Court, as well as the deadlines for filing and responding to dispositive motions. [Doc. 140].

7. Plaintiff does not allege that the narrow discovery ordered by this Court is onerous or burdensome. Plaintiff does not maintain that dispositive

3

motions should be precluded altogether. Plaintiff does not contend that any of the deadlines imposed by the Court in its Scheduling Order are unreasonable. Yet Plaintiff, apparently displeased with the manner in which this Court has handled the case on remand, now seeks to circumvent this Court's jurisdiction and have the case *re-transferred* back to MDL-875. Plaintiff's Motion to Transfer is nothing more than unabashed forum-shopping, in hopes of obtaining more favorable rulings in a different venue.

8. Plaintiff has failed to articulate a legitimate factual or legal basis for displacing this Court's jurisdiction and re-transferring this matter back to the MDL, which remanded the case to this Court on February 4, 2015.

9. Plaintiff's request to re-transfer the case to MDL-875 would neither serve the convenience of the parties and witnesses, nor promote the just and efficient adjudication of this case. Quite the opposite, this Court is in a better position than the MDL, both procedurally and logistically, to oversee the disposition of this case set for trial in November 2015.

10. Contrary to Plaintiff's suggestion, the mere fact that the parties participated in discovery and dispositive motion practice in MDL-875 before does not mean that the parties are prohibited from doing so in this Court now. MDL-875 does not have exclusive jurisdiction over discovery matters and dispositive

4

motions in this case. Moreover, the mere fact that the judge in MDL-875 ruled on dispositive motions that were brought before him does not mean that this Court is not fully capable of ruling on non-duplicative dispositive motions filed in this case. The matters covered by the Court's Scheduling Order are well within this Court's authority and competence to handle, and should remain so.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully submit this Response in Opposition to Plaintiff's Notice of Filing Motion to Transfer. This Court can and should retain jurisdiction in this matter.

                                         Respectfully submitted,

                                         \s\ Stewart W. McCloud
                                         Christopher S. Rodgers
                                         ASB-4665-G54C
                                         Stewart W. McCloud
                                         ASB-9656-A50M
                                         Attorneys for Cameron International
                                         Corporation

**OF COUNSEL**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
Attorneys for Cameron International
Corporation

                                  s/James A. Harris, III
James A. Harris, III
ASB: 0683-r74j
Nicole M. Hardee
ASB: 0073-p71g
Attorneys for CBS Corporation, a
Delaware corporation, f/k/a Viacom
Inc., successor by merger to CBS
Corporation, a Pennsylvania
corporation, f/k/a Westinghouse
Electric Corporation

**OF COUNSEL:**
HARRIS & HARRIS, LLP
BB&T Bank Building, Suite 450
2501 20th Place South
Birmingham, Alabama 35223
FAX: (205) 871-0029
TEL: (205) 871-5777
Email: jamey@harris-harris.com
Email: nicole@harris-harris.com

                                  /s/Frank E. Lankford, Jr.
Frank E. Lankford, Jr., Esquire
ASB-8409-K71F
Stewart W. McCloud, Esquire
ASB-9656-A50M
Attorneys for Honeywell
International Inc.

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
TEL: (205) 251-1193
FAX: (205) 251-1256

/s/ Robert H. Sprain, Jr.
Robert H. Sprain, Jr., Esq.
ASB-4177-A38R
Email: rhs@sprainlaw.com
Attorney for Defendant Saint-Gobain Abrasives, Inc. f/k/a Norton Company

**OF COUNSEL:**
SPRAIN LAW FIRM, PC
1707 29th Court South
Birmingham, AL 35209
TEL: (205) 437-3232
FAX: (205) 802-7083

/s/ William T. Mills, II
William T. Mills, II
ASB-0402-L72W
Attorney for Cummins, Inc.

OF COUNSEL:
Porterfield, Harper, Mills, Motlow & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242
TEL: (205) 980-5000
FAX: (205) 980-5001 Fa
E-mail: wtm@phm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing pleading electronically with the Clerk of Court using the CM-ECF system which will send notification of same to all parties of record on this the 12th day of March 2015.

G. Patterson Keahey, Esq.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209

/s/ Stewart W. McCloud
Of Counsel