# EXHIBIT D

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: Asbestos Products Liability Litigation   )        MDL No. 875
(No. VI)                            )

<u>NOTICE OF TAG-ALONG ACTION</u>

      The Defendant Warren Pumps LLC (improperly designated in the complaint as Warren Pumps, Inc.) gives notice to the Clerk of a "tag-along" action that was removed to the U.S. District Court for the Southern District of Alabama. That action is styled as <u>Cleveland G. Kite v. Bill Vann Company, Inc., et al.</u>, Civil Action No. 2:11-cv-444 (S.D. Ala.). A copy of the docket sheet and complaint are attached to this notice.

      Warren Pumps respectfully requests that the Panel transfer this tag-along action under 28 U.S.C. § 1407 and consolidate it with the other actions pending in MDL No. 875.

      Date: August 11, 2011

                                Respectfully submitted,

                                s/ Stephen J. Austin
                                Stephen J. Austin
                                Porterfield Harper Mills & Motlow PA
                                22 Inverness Center Parkway, Suite 600
                                Birmingham, AL 35242
                                Tel. (205) 980-5000
                                Fax (205) 980-5001
                                Email sja@phm-law.com

                                One of the Counsel for Warren Pumps LLC

<u>CERTIFICATE OF SERVICE</u>

      I certify that I have served a copy of the foregoing on the following counsel by filing same with the CM/ECF system, which will send notices to:

<u>Counsel for the Plaintiff</u>
G. Patterson Keahey Jr., Esq. ([info@mesohelp.com](mailto:info@mesohelp.com))
Law Offices of G. Patterson Keahey P.C.
One Independence Plaza, Suite # 612
Birmingham, AL 35209

<u>Counsel for the Plaintiff</u>
Marc Keahey, Esq. ([marc_keahey@yahoo.com](mailto:marc_keahey@yahoo.com))
PO Box 934
Grove Hill, AL 36451

<u>Counsel for Bill Vann Company Inc., Crane Co., Foster Wheeler Corporation, and Goulds Pumps Inc.</u>
F. Grey Redditt, Esq. ([gredditt@vickersriis.com](mailto:gredditt@vickersriis.com))
Timothy A. Clarke, Esq. ([tclarke@vickersriis.com](mailto:tclarke@vickersriis.com))
Roy W. Harrell III, Esq. ([tharrell@vickersriis.com](mailto:tharrell@vickersriis.com))
Vickers Riis Murray and Curran LLC
PO Drawer 2568
Mobile, AL 36652-2568

<u>Counsel for Motion Industries Inc.</u>
Robert F. Northcutt, Esq. ([rfn@chlaw.com](mailto:rfn@chlaw.com))
Capell & Howard P.C.
PO Box 2069
Montgomery, AL 36102-2069

<u>Counsel for Warrior 1-Stop Building Supply</u>
G. Stephen Wiggins, Esq. ([swiggins@hsmbb.com](mailto:swiggins@hsmbb.com))
Christopher L. McIlwain Sr., Esq. ([cmcilwain@hsmbb.com](mailto:cmcilwain@hsmbb.com))
Raley L. Wiggins, Esq. ([rwiggins@hsmbb.com](mailto:rwiggins@hsmbb.com))
Hubbard Wiggins McIlwain & Brakefield P.C.
PO Box 2427
Tuscaloosa, AL 35403

Counsel for Aurora Pump Co.
Jennifer T. Walters, Esq. (jennifer.walters@nelsonmullins.com)
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th St. NW, Suite 1700
Atlanta, GA 30363

Counsel for A.W. Chesterton Co., Buffalo Pumps Inc., Flowserve Corporation, and Schneider
Electric USA Inc.
Edward B. McDonough, Jr., Esq. (ebm@emcdonoughlaw.com)
Edward B. McDonough Jr. PC
PO Box 1943
Mobile, AL 36633

Counsel for Cameron International Corp.
Christopher S. Rodgers, Esq. (csr@hfsllp.com)
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Counsel for Caterpillar Inc. and The Goodyear Tire & Rubber Company
William L. Waudby, Esq. (bwaudby@bakerdonelson.com)
Baker Donelson Bearman Caldwell & Berkowitz PC
420 North 20th St., Suite 1600
Birmingham, AL 35203

Counsel for CBS Corporation
James A. Harris III, Esq. (jamey@harris-harris.com)
Nicole M. Hardee, Esq. (nicole@harris-harris.com)
Harris & Harris LLP
2501 20th Place South, Suite 450
Birmingham, AL 35223

Counsel for Crown Cork & Seal Co. Inc. and Crown Holdings Inc.
Walter T. Gilmer Jr., Esq. (wgilmer@mcdowellknight.com)
Anne Laurie McClurkin, Esq. (amcclurkin@mcdowellknight.com)
McDowell Knight Roedder & Sledge LLC
PO Box 350
Mobile, AL 36601

Counsel for Dana Companies LLC, Dana Holding Corporation, and Union Carbide Corporation
Evelyn F. Davis, Esq. (edavis@hptylaw.com)
Catherine A. McCormack, Esq. (cmccormack@hptylaw.com)
Hawkins Parnell Thackston & Young LLP
4000 SunTrust Plaza
303 Peachtree St. NE
Atlanta, GA 30308

Counsel for Eaton Corporation
John A. Smyth III, Esq. (smythj@maynardcooper.com)
Katherine A. Collier, Esq. (kcollier@maynardcooper.com)
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Counsel for General Electric Company
S. Allen Baker Jr., Esq. (abaker@balch.com)
Jenelle R. Evans, Esq. (jevans@balch.com)
Balch & Bingham LLP
PO Box 306
Birmingham, AL 35201-0306

Counsel for Georgia-Pacific LLC
Allan R. Wheeler, Esq. (awheeler@burr.com)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

Counsel for The Gorman-Rupp Company and Sepco Corporation
Frank E. Lankford Jr., Esq. (fel@hfsllp.com)
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Counsel for The Gorman-Rupp Company, John Crane Inc., Honeywell International Inc., and
Sepco Corporation
Woodford W. Dinning Jr., Esq. (wwdjr@ldllc.com)
Lloyd & Dinning LLC
PO Drawer 740
Demopolis, AL 36732

Counsel for Honeywell International Inc.
Frank E. Lankford Jr., Esq. (fel@hfsllp.com)
Stewart W. McCloud, Esq. (swm@hfsllp.com)
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Counsel for Metropolitan Life Insurance Company
Michael A. Vercher, Esq. (mavercher@csattorneys.com)
Joi C. Scott, Esq. (jcscott@csattorneys.com)
Christian & Small LLP
505 North Twentieth St.
1800 Financial Center
Birmingham, AL 35203

Counsel for Saint-Gobain Abrasives Inc.
Robert H. Sprain Jr., Esq. (rhs@sprainlaw.com)
Sprain Law Firm PC
1707 29th Court South
Birmingham, AL 35209

Counsel for Viking Pump Inc.
Richard M. Crump, Esq. (crumprm@fpwk.com)
Donald C. Partridge, Esq. (partridgedc@fpwk.com)
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar St.
City Centre, Suite 100
PO Box 22608
Jackson, MS 39225

Counsel for Cummins Inc. and Warren Pumps LLC
William T. Mills II, Esq. (wtm@phm-law.com)
Porterfield Harper Mills & Motlow PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242

DONE this the 11th day of August, 2011.

s/ Stephen J. Austin
OF COUNSEL

# U.S. District Court
## Southern District of Alabama (Selma)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00444-WS-N

Kite v. Bill Vann Company, Inc. et al
Assigned to: Chief Judge William H. Steele
Referred to: Magistrate Judge Katherine P. Nelson
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 08/05/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Cleveland G. Kite**                 represented by     **George M. Keahey**
P.O. Box 934
Grove Hill, AL 36451
251-275-3127
Email: marc@keaheylawoffice.com
*ATTORNEY TO BE NOTICED*

**Grover Patterson Keahey , Jr.**
#1 Independence Plaza, Suite 612
Birmingham, AL 35209
205-871-0707
Email: efile@mesohelp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bill Vann Company, Inc.**           represented by     **F. Grey Redditt , Jr.**
Vickers, Riis, Murray & Curran, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
(334) 432-9772
Email: gredditt@vickersriis.com
*ATTORNEY TO BE NOTICED*

**Roy Wallace Harrell , III**
Vickers, Riis, Murray & Curran, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
251-432-9772
Email: tharrell@vickersriis.com
*ATTORNEY TO BE NOTICED*

**Timothy A. Clarke**
Vickers, Riis, Murray & Curran, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
(334) 432-9772

Email: tclarke@vickersriis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**                     represented by  **F. Grey Redditt , Jr.**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Roy Wallace Harrell , III**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Timothy A. Clarke**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Corporation**    represented by  **F. Grey Redditt , Jr.**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Roy Wallace Harrell , III**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Timothy A. Clarke**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps Inc.**             represented by  **F. Grey Redditt , Jr.**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Roy Wallace Harrell , III**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Timothy A. Clarke**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Motion Industries Inc.**        represented by  **Robert F. Northcutt**
                                                 Capell & Howard, P.C.
                                                 P.O. Box 2069
                                                 Montgomery, AL 36102-2069
                                                 (334) 241-8000
                                                 Fax: 3342418282
                                                 Email: rfn@chlaw.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Warrior 1-Stop Building Supply**     represented by   **Christopher L. McIlwain**
Hubbard, Smith, McIlwain, Brakefield
& Browder, P.C.
P. O. Box 2427
Tuscaloosa, AL 35403-2427
205-345-6789
Email: cmcilwain@hsmbb.com
*ATTORNEY TO BE NOTICED*

**G. Stephen Wiggins**
Davidson, Wiggins & Crowder, P. C.
Post Office Box 1939
Tuscaloosa, Al 35403
(205)759-5771
*ATTORNEY TO BE NOTICED*

**Raley Livingston Wiggins**
P.O. Box 2427
Tuscaloosa, AL 35403
205-345-6789
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aurora Pump Co.**     represented by   **Jennifer Thompson Walters**
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6176
Email:
jennifer.walters@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Co.**     represented by   **Edward B. McDonough , Jr.**
McDonough Law Firm
P.O. Box 1943
Mobile, AL 36633
251-432-3296
Fax: 2514323300
Email: ebm@emcdonoughlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps Inc.**     represented by   **Edward B. McDonough , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve Corporation**                  represented by   **Edward B. McDonough , Jr.**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

Defendant

**Schneider Electric USA Inc.**            represented by   **Edward B. McDonough , Jr.**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

Defendant

**Cameron International Corp.**            represented by   **Christopher S. Rodgers**
                                                            Huie, Fernambucq & Stewart
                                                            Three Protective Center, Ste. 200
                                                            2801 Hwy 280 South
                                                            Birmingham, AL 35223-2484
                                                            Email: csr@hfsllp.com
                                                            *ATTORNEY TO BE NOTICED*

Defendant

**Caterpillar Inc.**                       represented by   **William Leroy Waudby**
                                                            Baker, Donelson, Bearman, Caldwell &
                                                            Berkowitz, P.C.
                                                            1600 Wachovia Tower
                                                            420 North 20th Street
                                                            Birmingham, AL 35203
                                                            205-244-3894
                                                            Fax: 205-488-3737
                                                            Email: bwaudby@bakerdonelson.com
                                                            *ATTORNEY TO BE NOTICED*

Defendant

**The Goodyear Tire & Rubber**            represented by   **William Leroy Waudby**
**Company**                                                 (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

Defendant

**CBS Corporation**                        represented by   **James A. Harris , III**
                                                            Harris & Harris, LLP
                                                            2501-20th Place South
                                                            Suite 450
                                                            Birmingham, AL 35223
                                                            205-871-5777
                                                            Fax: 205-871-0029
                                                            Email: jamey@harris-harris.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicole Mapp Hardee**
                                                            2501 20th Place South, Suite 450
                                                            Birmingham, AL 35223
                                                            205-871-5777

Email: nicole@harris-harris.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Cork & Seal Co. Inc.**          represented by   **Anne Laurie McClurkin**
McDowell Knight Roedder & Sledge,
L.L.C.
P.O. Box 350
Mobile, AL 36601
251-432-5300
Email:
amcclurkin@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Walter T. Gilmer , Jr.**
McDowell Knight Roedder & Sledge,
L.L.C.
P.O. Box 350
Mobile, AL 36601
(251) 432-5300
Fax: 2514325303
Email: wgilmer@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Holdings Inc.**               represented by   **Anne Laurie McClurkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Walter T. Gilmer , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Companies LLC**                represented by   **Catherine A. McCormack**
303 Peachtree Street NE, Suite 4000
Atlanta, GA 30308
*ATTORNEY TO BE NOTICED*

**Evelyn Fletcher Davis**
303 Peachtree Street NE, Suite 4000
Atlanta, GA 39308
404-614-7571
Email: edavis@hptylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Holding Corporation**          represented by   **Catherine A. McCormack**
(See above for address)
*ATTORNEY TO BE NOTICED*

 

                                    **Evelyn Fletcher Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**        represented by   **Catherine A. McCormack**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                    **Evelyn Fletcher Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eaton Corporation**        represented by   **John A. Smyth , III**
Maynard, Cooper, and Gale P.C.
1901 6th Ave. N., Ste. 2400
Birmingham, AL 35203
205-254-1000
Email: jsmyth@maynardcooper.com
*ATTORNEY TO BE NOTICED*

                                    **Katherine Ann Collier**
Maynard, Cooper, and Gale P.C.
1901 6th Ave. N., Ste. 2400
Birmingham, AL 35203
205-254-1863
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**        represented by   **Jenelle R. Evans**
Balch & Bingham
P.O. Box 306
Birmingham, AL 35201
(205) 251-8100
Email: jevans@balch.com
*ATTORNEY TO BE NOTICED*

                                    **S. Allen Baker , Jr.**
Balch & Bingham
P.O. Box 306
Birmingham, AL 35201
(205) 226-3416
Email: abaker@balch.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**        represented by   **Allan R. Wheeler**
Burr & Forman LLP

420 North 20th Street, Ste. 3400
Birmingham, AL 35203
(205) 251-3000
Fax: (205) 458-5100
Email: awheeler@burr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gorman-Rupp Company**                    represented by   **Frank E. Lankford , Jr.**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 S., Suite 200
Birmingham, AL 35223
205-251-1256
Email: fel@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Stewart D. McCloud**
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
205-251-1193
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Woodford W. Dinning , Jr.**
Lloyd & Dinning, L.L.C.
P. O. Drawer 740
Demopolis, AL 36732
334-289-0556
Email: wwdjr@ldllc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**                       represented by   **Frank E. Lankford , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stewart D. McCloud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Woodford W. Dinning , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc.**                         represented by   **Stewart D. McCloud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Woodford W. Dinning , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**        represented by   **Frank E. Lankford , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stewart D. McCloud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Woodford W. Dinning , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance**        represented by   **Joi C. Scott**
**Company**                                            505 20th Street North, Suite 1800
Birmingham, AL 35203
205-795-6588
Email: jcscott@csattorneys.com
*ATTORNEY TO BE NOTICED*

**Michael Anthony Vercher**
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203-2696
205-795-6588
Email: mavercher@csattorneys.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Saint-Gobain Abrasives Inc.**        represented by   **Robert H. Sprain , Jr.**
1707 29th Court
Birmingham, AL 35209
205-437-3232
Email: rhs@sprainlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viking Pump Inc.**        represented by   **Donald C. Partridge**
P. O. Box 22608
Jackson, MS 39225
601-974-8775
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Richard M. Crump
Crump & Davis, P.C.
P.O. Box 22608
Jackson, MS 39225
Email: crumprm@fpwk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cummins Inc.**                          represented by   **William T. Mills , II**
Porterfield, Harper Mills & Motlow,
P.A.
22 Inverness Center Parkway Suite 600
Birmingham, AL 35242-4821
205-980-5000
Fax: 205-980-5001
Email: wtm@phm-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps LLC**                       represented by   **William T. Mills , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2011 | 1 | NOTICE OF REMOVAL by Warren Pumps LLC, Cummins Inc. from Circuit Court of Marengo County, Alabama, case number CV-2011-900034. ( Filing fee $ 350, Receipt number 1128-1130817, Online Credit Card Payment.), filed by Warren Pumps LLC, Cummins Inc.. (Attachments: # 1 Exhibit A - Deposition of Kite, # 2 Exhibit B - Affidavit of Roland Doktor, # 3 Exhibit C - Text of Illinois General Laws of 1899, pp. 375-76, # 4 Exhibit D - Consents and Joinders in Removal based on Federal Enclave Jurisdiction, # 5 Exhibit E - State Court Clerk's Record) (Mills, William) (Additional attachment(s) added on 8/5/2011: # 6 Civil Cover Sheet) (mpp, ). (Entered: 08/05/2011) |
| 08/05/2011 | 2 | NOTICE of Filing Exhibits *to Notice of Removal* by Cummins Inc., Warren Pumps LLC re: 1 Notice of Removal,, (Attachments: # 1 Exhibit E - Continuation of State Court Clerk's Record, # 2 Exhibit E - Continuation of State Court Clerk's Record, # 3 Exhibit E - Continuation of State Court Clerk's Record, # 4 Exhibit E - Continuation of State Court Clerk's Record) (Mills, William) (Entered: 08/05/2011) |
| 08/05/2011 | 3 | Corporate Disclosure Statement filed by Defendant Cummins Inc.. (Mills, William) (Entered: 08/05/2011) |
| 08/05/2011 | 4 | Corporate Disclosure Statement filed by Defendants Warren Pumps LLC, Colfax Corporation identifying Corporate Parent Colfax Corporation for Warren Pumps LLC.. (Mills, William) (Entered: 08/05/2011) |
| 08/05/2011 | 5 | NOTICE by Warren Pumps LLC *of Tag-Along Action* (Mills, William) |

| | | |
|---|---|---|
| | | (Entered: 08/05/2011) |
| 08/05/2011 | 6 | NOTICE by CBS Corporation *of Consent to Removal* (Harris, James) (Entered: 08/05/2011) |
| 08/05/2011 | 7 | Joinder in NOTICE OF REMOVAL by Buffalo Pumps Inc. () (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2-A, # 4 Exhibit 3, 3-A) (McDonough, Edward) (Entered: 08/05/2011) |
| 08/05/2011 | 8 | NOTICE of Filing Exhibits by Buffalo Pumps Inc. re: 7 Joinder in Notice of Removal (Attachments: # 1 Exhibit 3-D, # 2 Exhibit 4, # 3 Exhibit 5) (McDonough, Edward) (Entered: 08/05/2011) |
| 08/05/2011 | 9 | NOTICE of Filing Exhibits by Buffalo Pumps Inc. re: 7 Joinder in Notice of Removal (Attachments: # 1 Exhibit 6, # 2 Exhibit 6-A, # 3 Exhibit 6-B, # 4 Exhibit 6-C) (McDonough, Edward) (Entered: 08/05/2011) |
| 08/05/2011 | 10 | NOTICE of Filing Exhibits by Buffalo Pumps Inc. re: 7 Joinder in Notice of Removal (Attachments: # 1 Exhibit 7, # 2 Exhibit 7-A, # 3 Exhibit 7-B, # 4 Exhibit 7-C, # 5 Exhibit 7-D, # 6 Exhibit 7-E, # 7 Exhibit 7-F, # 8 Exhibit 7-G, # 9 Exhibit 7-H, # 10 Exhibit 7-I) (McDonough, Edward) (Entered: 08/05/2011) |
| 08/05/2011 | 11 | NOTICE of Filing Exhibits by Buffalo Pumps Inc. re: 7 Joinder in Notice of Removal (Attachments: # 1 Exhibit 8, # 2 Exhibit 8-A, # 3 Exhibit 9) (McDonough, Edward) (Entered: 08/05/2011) |
| 08/05/2011 | 12 | Corporate Disclosure Statement filed by Defendant Buffalo Pumps Inc.. (McDonough, Edward) (Entered: 08/05/2011) |
| 08/08/2011 | 13 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 12 filed by Buffalo Pumps Inc. (Steele, William) (Entered: 08/08/2011) |
| 08/08/2011 | 14 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 3 filed by Cummins Inc. (Steele, William) (Entered: 08/08/2011) |
| 08/08/2011 | 15 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 4 filed by Warren Pumps LLC. (Steele, William) (Entered: 08/08/2011) |
| 08/08/2011 | 16 | Document endorsed NOTED by Magistrate Judge Katherine P. Nelson: Corporate Disclosure Statement 3 filed by Cummins Inc., Corporate Disclosure Statement 4 filed by Warren Pumps LLC, Corporate Disclosure Statement 12 filed by Buffalo Pumps Inc. Review of these corporate disclosure statements pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action (dhf) (Entered: 08/08/2011) |
| 08/08/2011 | 17 | Corporate Disclosure Statement filed by Defendant CBS Corporation. (Harris, James) (Entered: 08/08/2011) |
| 08/08/2011 | 18 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                      |
|------------|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Disclosure Statement 17 filed by CBS Corporation. (Steele, William) (Entered: 08/08/2011)                                                                                                                                                                                                                                                                                           |
| 08/08/2011 | 19 | Corporate Disclosure Statement filed by Defendant General Electric Company. (Evans, Jenelle) (Entered: 08/08/2011)                                                                                                                                                                                                                                                                   |
| 08/08/2011 | 20 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 19 filed by General Electric Company. (Steele, William) (Entered: 08/08/2011)                                                                                                                                                                                                                |
| 08/08/2011 | 21 | Corporate Disclosure Statement filed by Defendant Viking Pump Inc.. (Partridge, Donald) (Entered: 08/08/2011)                                                                                                                                                                                                                                                                        |
| 08/08/2011 | 22 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 21 filed by Viking Pump Inc. (Steele, William) (Entered: 08/08/2011)                                                                                                                                                                                                                         |
| 08/09/2011 | 23 | Document endorsed NOTED by Magistrate Judge Katherine P. Nelson: Corporate Disclosure Statement 19 filed by General Electric Company, Corporate Disclosure Statement 17 filed by CBS Corporation, Corporate Disclosure Statement 21 filed by Viking Pump Inc. Review of these corporate disclosure statements pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action (dhf) (Entered: 08/09/2011) |
| 08/09/2011 | 24 | Corporate Disclosure Statement filed by Defendants Motion Industries Inc., Genuine Parts Company identifying Corporate Parent Genuine Parts Company for Motion Industries Inc... (Northcutt, Robert) (Entered: 08/09/2011)                                                                                                                                                             |
| 08/09/2011 | 25 | Corporate Disclosure Statement filed by Defendant Eaton Corporation. (Smyth, John) (Entered: 08/09/2011)                                                                                                                                                                                                                                                                             |
| 08/10/2011 | 26 | Document endorsed NOTED by Magistrate Judge Katherine P. Nelson: Corporate Disclosure Statement 25 filed by Eaton Corporation. Review of the corporate disclosure statement pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action (dhf) (Entered: 08/10/2011) |
| 08/10/2011 | 27 | Documents endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 25 filed by Eaton Corporation; Corporate Disclosure Statement 24 filed by Motion Industries Inc. (Steele, William) (Entered: 08/10/2011)                                                                                                                                                     |
| 08/10/2011 | 28 | Corporate Disclosure Statement filed by Defendant Caterpillar Inc.. (Waudby, William) (Entered: 08/10/2011)                                                                                                                                                                                                                                                                          |
| 08/10/2011 | 29 | Corporate Disclosure Statement filed by Defendant The Goodyear Tire & Rubber Company. (Waudby, William) (Entered: 08/10/2011)                                                                                                                                                                                                                                                        |
| 08/10/2011 | 30 | Corporate Disclosure Statement filed by Defendant John Crane Inc.. (McCloud, Stewart) (Entered: 08/10/2011)                                                                                                                                                                                                                                                                          |
|            |    |                                                                                                                                                                                                                                                                                                                                                                                      |

| 08/10/2011 | 31 | Corporate Disclosure Statement filed by Defendant Honeywell International Inc.. (McCloud, Stewart) (Entered: 08/10/2011) |
|---|---|---|
| 08/10/2011 | 32 | Corporate Disclosure Statement filed by Defendant Sepco Corporation. (McCloud, Stewart) (Entered: 08/10/2011) |
| 08/10/2011 | 33 | Corporate Disclosure Statement filed by Defendant Gorman-Rupp Company. (McCloud, Stewart) (Entered: 08/10/2011) |
| 08/10/2011 | 34 | Corporate Disclosure Statement filed by Defendants Crown Cork & Seal Co. Inc., Crown Holdings Inc.. (Gilmer, Walter) (Entered: 08/10/2011) |
| 08/10/2011 | 35 | Documents endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 30 filed by John Crane Inc.; Corporate Disclosure Statement 33 filed by Gorman-Rupp Company; Corporate Disclosure Statement 34 filed by Crown Holdings Inc., Crown Cork & Seal Co. Inc.; Corporate Disclosure Statement 29 filed by The Goodyear Tire & Rubber Company; Corporate Disclosure Statement 28 filed by Caterpillar Inc.; Corporate Disclosure Statement 31 filed by Honeywell International Inc.; Corporate Disclosure Statement 32 filed by Sepco Corporation. (Steele, William) (Entered: 08/10/2011) |
| 08/10/2011 | 36 | Document endorsed NOTED by Magistrate Judge Katherine P. Nelson: Corporate Disclosure Statement 30 filed by John Crane Inc., Corporate Disclosure Statement 33 filed by Gorman-Rupp Company, Corporate Disclosure Statement 34 filed by Crown Holdings Inc., Crown Cork & Seal Co. Inc., Corporate Disclosure Statement 29 filed by The Goodyear Tire & Rubber Company, Corporate Disclosure Statement 28 filed by Caterpillar Inc., Corporate Disclosure Statement 31 filed by Honeywell International Inc., Corporate Disclosure Statement 32 filed by Sepco Corporation, Corporate Disclosure Statement 24 filed by Motion Industries Inc. (Nelson, Katherine) (Entered: 08/10/2011) |
| 08/10/2011 | 37 | Corporate Disclosure Statement filed by Defendants Metropolitan Life Insurance Company, MetLife, Inc. identifying Corporate Parent MetLife, Inc. for Metropolitan Life Insurance Company.. (Scott, Joi) (Entered: 08/10/2011) |
| 08/10/2011 | 38 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 37 filed by Metropolitan Life Insurance Company. (Steele, William) (Entered: 08/10/2011) |
| 08/10/2011 | 39 | Document endorsed NOTED by Magistrate Judge Katherine P. Nelson: Corporate Disclosure Statement 37 filed by Metropolitan Life Insurance Company (Nelson, Katherine) (Entered: 08/10/2011) |
| 08/11/2011 | 40 | Corporate Disclosure Statement filed by Defendant Saint-Gobain Abrasives Inc.. (Sprain, Robert) (Entered: 08/11/2011) |
| 08/11/2011 | 41 | Document endorsed NOTED by Chief Judge William H. Steele: Corporate Disclosure Statement 40 filed by Saint-Gobain Abrasives Inc. (Steele, William) (Entered: 08/11/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/11/2011 14:35:54 | | | |
| **PACER Login:** | ph0076 | **Client Code:** | 189-2011-101 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-00444-WS-N |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

ELECTRONICALLY FILED
5/4/2011 10:52 AM
CV-2011-900034.00
CIRCUIT COURT OF
MARENGO COUNTY, ALABAMA
RUSTY NICHOLS, CLERK

## IN THE CIRCUIT COURT OF MARENGO COUNTY, STATE OF ALABAMA

| | | |
|---|---|---|
| CLEVELAND G. KITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BILL VANN COMPANY, INC. | ) | |
| | ) | |
| MOTION INDUSTRIES, INC. | ) | |
| | ) | |
| WARRIOR 1-STOP BUILDING | ) | Civil Action No.: |
| SUPPLY | ) | |
| | ) | |
| ABB, INC. | ) | _____ |
| | ) | |
| AMERICAN STANDARD, INC. | ) | |
| | ) | |
| AURORA PUMP | ) | |
| | ) | JURY DEMAND |
| A.W. CHESTERTON COMPANY | ) | |
| | ) | |
| BUFFALO PUMPS, INC. | ) | |
| | ) | |
| CAMERON INTERNATIONAL | ) | |
| CORPORATION | ) | |
| | ) | |
| CATERPILLAR, INC. | ) | |
| | ) | |
| CBS CORPORATION, f/k/a | ) | |
| Viacom, Inc., successor by merger to | ) | |
| CBS Corporation, f/k/a | ) | |
| Westinghouse Electric Corporation | ) | |
| | ) | |
| CLEAVER-BROOKS, INC., a | ) | |
| division of Aqua Chem, Inc. | ) | |
| | ) | |
| COOPER INDUSTRIES, INC. | ) | |
| | ) | |
| CRANE COMPANY | ) | |
| | ) | |
| CROWN CORK & SEAL | ) | |
| COMPANY, INC., individually and | ) | |
| as successor in interest to Mundet | ) | |
| Cork Corporation | ) | |
| | ) | |

CROWN HOLDINGS, INC.                      )
                                          )
CUMMINS, INC.                             )
                                          )
DANA COMPANIES, LLC, f/k/a                )
**Dana Corporation**, as successor in     )
interest to **Victor Manufacture &**      )
**Gasket Company**                        )
                                          )
DANA HOLDING                              )
CORPORATION                               )
                                          )
EATON CORPORATION                         )
                                          )
EATON HYDRAULICS, LLC,                    )
individually and as successor in          )
interest to **Vickers, Inc.**             )
                                          )
FLOWSERVE CORPORATION,                    )
f/k/a **Durco International, Inc.**,       )
successor in interest to the **Duriron**  )
**Company, Inc.**                         )
                                          )
FOSTER-WHEELER                            )
CORPORATION                               )
                                          )
GENERAL ELECTRIC                          )
COMPANY                                   )
                                          )
GENERAL MOTORS LLC,                       )
individually and as successor in          )
interest to **ACDelco**                   )
                                          )
GEORGIA-PACIFIC LLC                       )
                                          )
GOODYEAR TIRE & RUBBER                    )
COMPANY                                   )
                                          )
GORMAN-RUPP COMPANY                       )
                                          )
GOULDS PUMPS,                             )
INCORPORATED                              )
                                          )
HONEYWELL                                 )
INTERNATIONAL, INC.                       )
                                          )

2

INGERSOLL-RAND COMPANY )
)
JOHN CRANE, INC., f/k/a John )
Crane Packing Company )
)
LESLIE CONTROLS, INC. )
)
METROPOLITAN LIFE )
INSURANCE COMPANY )
)
OAKFABCO, INC., f/k/a Kewanee )
Boiler Corporation )
)
ROCKWELL AUTOMATION, )
INC., a/k/a Rockwell International )
Corporation )
)
SAINT-GOBAIN ABRASIVES, )
INC., f/k/a Norton Company )
)
SCHNEIDER ELECTRIC USA, )
INC., individually and on behalf of )
Square D Company )
)
SEPCO CORPORATION )
)
TRANE U.S., INC. )
)
UNION CARBIDE )
CORPORATION, f/k/a Union )
Carbide Chemicals and Plastics )
Company, Inc. )
)
UNITED TECHNOLOGIES )
CORPORATION, individually and )
as successor in interest to Pratt & )
Whitney )
)
VIKING PUMP )
)
WARREN PUMPS, INC. )
)
YORK INTERNATIONAL )
CORPORATION )
)
JOHN DOE, 1-100, inclusive )

3

premises owners, manufactures,　　　)
sellers or installers of asbestos-　　　)
containing materials and products　　)
(Names & Addresses unknown)　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　**Defendants.**　　　　　　　)

## COMPLAINT

**COMES NOW** Plaintiff by and through counsel and files this Complaint stating as follows:

### BACKGROUND FACTS – PLAINTIFF

1.　　Plaintiff, CLEVELAND G. KITE, (hereinafter "Kite" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a machinist, engine room worker, and security guard.

2.　　As a result of his exposure to asbestos dust, asbestos particles, asbestos containing materials and products, Kite has been injured and suffers damages including being diagnosed with an asbestos related disease.

3.　　At all times relevant hereto, with the exception of Metropolitan Life Insurance Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products"). In addition, each of the above-named Defendants, acting by and through their servants, agents and employees, caused such asbestos products to be sold and placed in the stream of commerce.

### BACKGROUND FACTS - THE DEFENDANTS

4

4.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

5.    With the exception of defendant, Metropolitan Life Insurance Company, each and every one of the following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

6.    Bill Vann Company, Inc., an Alabama corporation, may be served through its registered agent c/o William O. Vann, 2944 Redmont Park Lane, Birmingham, AL 35205.

7.    Motion Industries, Inc., a Delaware corporation with its principal place of business in Alabama, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

8.    Warrior 1-Stop Building Supply, an Alabama corporation incorporated in Marengo County, Alabama, may be served through its highest ranking officer at its principal place of business at 1005 Cypress Point East, Demopolis, AL 36732.

9.    ABB, Inc., f/k/a Asea Brown Boveri, f/k/a BBC Brown Boveri Electric, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

10.    American-Standard, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

11.     Aurora Pump, an Illinois corporation, may be served through its registered agent c/o Lynette Jones, 13175 Balantyne Corporate Place, Charlotte, NC 28277.

12.     A.W. Chesterton Company, a Massachusetts corporation, may be served through its registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

13.     Buffalo Pumps, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

14.     Cameron International Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

15.     Caterpillar, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

16.     CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation, may be served through its highest ranking officer at 1515 Broadway, 51st Floor, New York, NY 10036.

17.     Cleaver-Brooks, Inc., a division of Aqua Chem, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

18.     Cooper Industries, Inc., an Ohio corporation, may be served through its registered agent c/o CT Corporation System, 707 Virginia Street East, Charleston, WV 25301.

19.     Crane Company, an Illinois corporation, may be served through its registered agent c/o CT Corporation System, 208 South LaSalle Street, Chicago, IL 60604.

20.     Crown Cork & Seal Company, Inc., individually and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation, may be served through its highest

6

ranking officer at One Crown Way, Philadelphia, PA 19154.

21.     Crown Holdings, Inc., a Pennsylvania corporation, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA 19154.

22.     Cummins, Inc., an Indiana corporation, may be served through its registered agent c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, AL 36104.

23.     Dana Companies, LLC, f/k/a Dana Corporation, as successor in interest to Victor Manufacture & Gasket Company, a Virginia corporation, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

24.     Dana Holding Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

25.     Eaton Corporation, an Ohio corporation, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

26.     Eaton Hydraulics, LLC, individually and as successor in interest to Vickers, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

27.     Flowserve Corporation, f/k/a Durco International, Inc., successor in interest to the Duriron Company, Inc., a New York corporation, may be served through its registered agent c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

28.     Foster-Wheeler Corporation, a New York corporation, may be served through its registered agent c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

29.     General Electric Company, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery,

7

AL 36104.

30.     General Motors LLC, individually and as successor in interest to ACDelco, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

31.     Georgia-Pacific LLC, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

32.     Goodyear Tire & Rubber Company, an Ohio corporation, may be served through its registered agent c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, AL 36104.

33.     Gorman-Rupp Company, an Ohio corporation, may be served through its registered agent c/o James C. Gorman, 600 South Airport Road, Mansfield, OH 44903.

34.     Goulds Pumps, Incorporated, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

35.     Honeywell International, Inc., individually and as successor in interest to Allied Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation, may be served through its registered agent c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, AL 36104.

37.     Ingersoll-Rand Company, a New Jersey corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

38.     John Crane, Inc., f/k/a John Crane Packing Company, a Delaware corporation,

8

may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

39.     Leslie Controls, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

40.     Metropolitan Life Insurance Company, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104. Metropolitan Life Insurance Company did not produce or distribute asbestos or asbestos containing products; rather, Metropolitan Life Insurance Company insured asbestos products.

41.     Oakfabco, Inc., f/k/a Kewanee Boiler Corporation, an Illinois corporation, may be served through its registered agent c/o Vanessa Cici Fry, 210 West 22nd Street, Suite 105, Oak Brook, Illinois 60523.

42.     Rockwell Automation, Inc., a/k/a Rockwell International Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

43.     Saint-Gobain Abrasives, Inc., f/k/a Norton Company, a Massachusetts corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

44.     Schneider Electric USA, Inc., individually and on behalf of Square D Company, Inc., a Delaware corporation, may be served through its registered agent c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, AL 36104.

45.     Sepco Corporation, a California corporation, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

46.     Trane U.S., Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

47.     Union Carbide Corporation, f/k/a Union Carbide Chemicals and Plastics Company, Inc., a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

48.     United Technologies Corporation, individually and as successor interest to Pratt & Whitney, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

49.     Viking Pump, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 500 East Court Avenue, Des Moines, IA 50309.

50.     Warren Pumps, Inc., a Massachusetts corporation, may be served through its registered agent c/o CT Corporation System, 101 Federal Street, Boston, MA 02110.

51.     York International Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

52.     Defendants JOHN DOE, 1-100, inclusive manufacturers, sellers, or installers of asbestos-containing products (Names & Addresses unknown), and/or in control of premises where asbestos containing products are/were in use, are Alabama or foreign corporations, partnerships, associations or other legal entities which transact business in the State of Alabama and in this county and which is capable of being sued. Once the identity and whereabouts of John Doe, 1-100, are established, said Defendants will be served with a copy of summons and complaint as provided by law.  Defendants JOHN DOE, 1-100, are subject to the jurisdiction and venue of this Court.

10

## ALLEGATIONS

53.     Kite has been diagnosed with and suffers from an asbestos related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos".

54.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers.  Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and can easily be "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use.  Suspended asbestos fibers settle on all objects introduced into such environments, including, but not limited to, work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Such asbestos-laden clothing can contaminate a home, car or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

55.     From approximately 1957 through 1993, Kite was exposed to asbestos and asbestos containing products.

56.     During the above-stated years, Kite, while working with and around asbestos and asbestos products manufactured and supplied by Defendants, was caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

11

57.    At all times pertinent hereto, the product or products manufactured, distributed, sold and supplied by the defendant corporations reached Kite without any substantial changes in the condition of the product or products from the time they were sold.

58.    Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Kite with respirable asbestos fibers by one or more of the following means:

a.    installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying and/or selling ACMs;

b.    recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold;

c.    failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

d.    failing to maintain the work sites of Kite in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e.    failing to adequately warn Kite of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate her exposure to asbestos;

12

    f. In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

    g. In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

  59. At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Kite's home and work environment, virtually insuring that he would constantly be exposed to asbestos.

## REMOVAL

  60. Removal of this action is improper for the following reasons: (a) the federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c) there is lack of complete diversity of citizenship between the Plaintiff and Defendants; (d) the presence of Alabama Defendants eliminates the Defendants' right of removal even when there is complete diversity of citizenship between the Plaintiff and Defendants; (e) the Plaintiff expressly disclaims every claim arising under the Constitution, treaties or law of the United States (including any claim arising from an act or omission on a federal enclave, or by

13

any officer of the United States or any agency or person acting under him/her under color of such office); (f) no claim of admiralty or maritime law is raised; and (g) the Circuit Court of Marengo County, Alabama is proper venue for this action.

61.    Removal based in whole or in part on the bankruptcy of any Defendant, whether named or fictitious, any joint tortfeasors and/or any predecessor, successor, subsidiary, affiliate, assignee, etc., thereof, would be frivolous. Under Alabama law, the Defendants are jointly and severally liable to Plaintiff with no right of contribution and/or indemnity among or between themselves, any other joint tortfeasors and/or third persons. The Plaintiff in his/her sole discretion may choose to pursue a claim against one joint tortfeasor, all tortfeasors, or of any combination thereof. Moreover, the Plaintiff, in his/her sole discretion, may choose to collect any judgment entered against multiple Defendants from one, all, or any combination thereof. Therefore, the bankruptcy of any entity referenced hereinabove will have no effect on removing Defendant's liability to the Plaintiff whatsoever.

**VENUE**

62.    Venue is proper in this Court pursuant to *Ala. Code* § 6-3-7 (a) (1975). One of the Defendants who manufactured, sold, distributed, and/or supplied asbestos-containing products to which Plaintiff was exposed was incorporated in and/or has its principal place of business in Marengo County, Alabama. Venue is appropriate with regard to the remaining Defendants by virtue of the fact that they are joint tortfeasors with the resident Defendant. In addition, Cleveland Kite worked in and around Marengo County and thus would have been exposed to asbestos-containing products in Marengo County. Therefore, venue is proper in Marengo County, Alabama.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

14

63.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

64.   At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance,  the above-named defendants are liable to the plaintiff jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

a.     For carelessly and negligently installing, distributing, supplying, manufacturing and selling the said asbestos and asbestos products so as to cause injury to the plaintiff-decedent;

b.     For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

c.     For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

d.     For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

e.     For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply and sale of the said products;

f.     For failing to warn and/or adequately warn of the dangers of the product or products when the defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

g.     For failing to take reasonable precautions to warn of the dangers to which plaintiff-decedent was exposed when the defendants knew or should have known of the said dangers;

h.     In failing to warn the plaintiff-decedent what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

i.     For negligently failing to inform the plaintiff-decedent of what would be

15

safe, sufficient and proper protective equipment and appliances when using or being exposed to the products.;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.      For failing to warn the plaintiff-decedent's employer of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

16

## SECOND CAUSE OF ACTION
## <u>STRICT LIABILITY</u>

·65.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

66.   At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance, the above-named defendants are strictly liable to the plaintiff as follows:

a.    For failure to properly, adequately and safely label the produce or products;

b.    For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.    For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.    For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## THIRD CAUSE OF ACTION
## GROSS, WILLFUL AND WANTON MISCONDUCT

67.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

68.    The Defendants are liable to the Plaintiff for their gross, willful and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to the plaintiff-decedent's health and physical condition.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION
## PREMISE LIABILITY AS TO DEFENDANTS JOHN DOE, 1-100

69.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

18

70.     Plaintiff was exposed to asbestos while on the premises of the Premise Defendants. Plaintiff was on Premises Defendants' premises at their express or implied invitation and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted or may have resulted in their mutual economic benefit.

71.     The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families, including Kite. The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that Plaintiff arrived at the premises. The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

72.     While Plaintiff was working at these premises, his work activity included being exposed to asbestos particles and asbestos dust.

73.     As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

74.     Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect Plaintiff from the danger.  Premises Defendants failed to adequately warn Plaintiff of the presence and hazards of asbestos, asbestos dust and others working with asbestos and failed to make this condition reasonably safe.  These failures were a proximate cause of Plaintiff's injuries and damages.

75.     Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiff secondarily to asbestos particles and/or asbestos dust. Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts,

·19

wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendant's facilities, each of which, independently or in combination with one another, amount to negligence. This negligent activity, omission or undertaking was a proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

**FIFTH CAUSE OF ACTION**
**CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY**

76.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

77.     Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

78.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published

20

favorable portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

79.     Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping the Plaintiff, other business invitees, users, bystanders, household members, members of the general public and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

80.     Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        a.     Had no adequate basis for such representations;

        b.     Knew that a significant health hazard to human life existed from asbestos.

81.     Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiff, other business invitees, users, bystanders, household members, members of the general public and others similarly situated would be exposed to asbestos.

82.     Even after the dangers of asbestos finally began to be known to Plaintiff, other business invitees, users, bystanders, household members, members of the general public or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past

wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

      a.    Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

      b.    Defeat and/or delay such legal actions and the final collection of any judgment.

    83.    Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

    84.    As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff was exposed to asbestos and Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

    85.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff. Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions. Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

    WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to

Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## DAMAGES

86.     Plaintiff adopts, alleges, and incorporates herein by reference all of the applicable averments, allegations, and disclaimers set forth in the preceding paragraphs of this complaint as if fully set forth herein and further state:

87.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff. Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions. Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries

23

and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

This 4th day of May, 2011.

s/G. Marc Keahey
George Marshall Keahey

Keahey Law Office
PO Box 934
Grove Hill, Alabama 36451
PHONE. 251-275-3127
FACSIMILE. 251-275-3129
EMAIL. marc_keahey@yahoo.com

s/G. Patterson Keahey
G. PATTERSON KEAHEY  (KEA004)
ASB-6357-A64G
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:      205-871-0707
FACSIMILE: 205-871-0801
EMAIL:       alasbestos@mesohelp.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

s/G. Patterson Keahey
G. PATTERSON KEAHEY

24

NOTICE TO THE CLERK OF COURT:

PLEASE SERVE A COPY OF THIS COMPLAINT UPON ALL DEFENDANTS BY U.S.

CERTIFIED MAIL.