BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: Asbestos Products Liability Litigation (No. VI) | } } } } } } } | MDL No. 875 |
| _____ | | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **Valerie K. Presley, as Personal Representative for the Estate of Cleveland G. Kite, deceased,** | } } } } | |
| **Plaintiff,** | } } } | **Case No. 11-00444-WS-N** |
| v. | } } | |
| **Bill Vann Co., Inc., et al.,** | } } } | |
| **Defendants.** | } | |

### DEFENDANT CRANE CO.'S RESPONSE TO PLAINTIFF'S TAG-ALONG MOTION TO TRANSFER

Plaintiff's motion to transfer this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania should be denied. The Panel, at the suggestion of the Honorable Eduardo C. Robreno, has already ruled that it will no longer transfer cases to the MDL-875 from this jurisdiction. *See In re: Asbestos Products Liability Litigation (No. IV)*, 830 F. Supp. 2d 1377 (J.P.M.L. 2011). Plaintiff's motion provides no reason why the Panel should create an exception to that ruling.

This case already progressed through pretrial proceedings in the MDL-875, and it was remanded back to the transferor court earlier this year. After remand, the transferor court issued an order permitting limited discovery and motions practice. Plaintiff argues that those pretrial activities permitted by the transferor *must* take place under the

jurisdiction of the MDL-875 because the case was previously transferred there for pretrial proceedings. But Plaintiff cites no authority for this proposition.

Contrary to Plaintiff's assumptions, the mere fact that the Panel previously transferred this case to the MDL-875 for pretrial proceedings does not strip the transferor court of its authority to allow further pretrial proceedings after remand. Indeed, "[a]fter an MDL action is remanded, the transferor court resumes exclusive jurisdiction over further proceedings." *See, e.g., In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir. 2006) (citing MANUAL FOR COMPLEX LITIGATION § 20.133). Here, the Southern District of Alabama—the transferor court—has exclusive jurisdiction over this case and it unquestionably had the authority to grant all the relief it granted after the case was remanded. Plaintiff's motion to transfer should be denied.

Dated:   March 27, 2015                     Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T:  412-355-6500
F:  412-355-6501

*Attorneys for Defendant Crane Co.*

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of Defendant Crane Co.'s Response to Plaintiff's Tag-Along Motion to Transfer was electronically served on plaintiff's counsel and all counsel of record via the Court's CM/ECF system on March 27, 2015.

/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.
