# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE K. PRESLEY, as Personal | ) | |
| Representative for the Estate of | ) | |
| Cleveland G. Kite, deceased, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 11-00444-WS-N |
| | ) | |
| v. | ) | |
| | ) | |
| BILL VANN COMPANY, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### Defendant Cummins Inc.'s Opposition to Plaintiff's Second Motion to Modify Rule 16(b) Scheduling Order

_____

COMES NOW the Defendant, designated as Cummins Inc. ("Cummins"), and offers the following in opposition to Plaintiff's Second Motion to Modify the Court's Rule 16(b) Scheduling Order [Doc. 154]:

1.      Plaintiff contends that Cummins' summary judgment motion [Doc. 130] was filed "in direct violation of the transferee court's orders and in direct contravention to the representations … made to that court as referenced in the Judicial Panel's Separation of Claims and Remand Order of February 4, 2015." [Doc. 154, ¶ 5].

Case 2:11-cv-00444-WSN Document 155 Filed 03/27/15 Page 2 of 5

2.      To the contrary, there is nothing in the transferee court's orders that precludes Cummins from filing a motion for summary judgment following remand to this Court.

3.      In fact, this Court recognized the propriety of defendants filing non-duplicative summary judgment motions following remand in its Rule 16(b) Scheduling Order. [Doc. 140, ¶ 9]. Cummins has done nothing other than what this Court expressly authorized, and Plaintiff is now essentially accusing this Court of directly violating the transferee court's orders. Moreover, there are no representations referenced in the Judicial Panel's Separation of Claims and Remand Order that have anything to do with Cummins filing a non-duplicative motion for summary judgment.

4.      Plaintiff's claim that Cummins has somehow waived its right to file a summary judgment motion or that its motion is untimely since it was filed prior to the entry of this Court's Rule 16(b) Scheduling Order is equally misplaced. [Doc. 154, ¶¶ 6, 8]. Plaintiff offers no cogent argument or legal authority to support the theory that, had Cummins simply waited to file its motion for summary judgment until after the Rule 16(b) Scheduling Order was entered, it would be in the clear; but since the motion was filed before entry of the Rule 16(b) Scheduling Order, the motion should be deemed waived or untimely. In short, Plaintiff's argument is a non-starter.

5.      Plaintiff's reliance on *Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988), and *Price v. Trans Union, LLC*, 737 F.Supp.2d 276 (E.D.Pa. 2010), is also unavailing. The district court in neither case (unlike here) had entered a Rule 16(b) Scheduling Order that allowed the belated filing at issue. In contrast, this Court's Rule 16(b) Scheduling Order allows the filing of non-duplicative summary judgment motions up to Friday, July 10, 2015 and specifically notes that Cummins' motion for summary judgment will be subject to the briefing schedule previously set by Chief Judge Steele. [Doc. 140, ¶ 9]. It is without dispute that Cummins filed its motion for summary judgment well in advance of this Court's July 10, 2015 deadline. As such, *Dedge* and *Price* are inapposite.

6.      Indeed, the whole point of requiring parties to comply with deadlines in a Rule 16(b) Scheduling Order is to ensure there are no delays that would negatively impact the "effective administration of justice[.]" *See, Price*, 737 F.Supp.2d at 279. There is nothing about Cummins' pending motion for summary judgment that interferes with this Court's effective administration of justice. Rather, Cummins' motion was proactive and timely in the spirit of this Court's directive in its Rule 16(b) Scheduling Order that dispositive motions "are to be filed as soon as possible but in no event later than Friday, July 10, 2015[.]" [Doc. 140, ¶ 9].

7.      Furthermore, Cummins' summary judgment motion is dispositive of Plaintiff's claims and will save the Court and the parties from going through a needless trial when the Plaintiff has failed to produce any evidence to support an essential element of her claims. Plaintiff has already filed a response in opposition to Cummins' motion for summary judgment, and Cummins intends to file its reply by the April 2, 2015 deadline imposed by Chief Judge Steele and reiterated by the Court in its Rule 16(b) Scheduling Order. It is the Plaintiff, not Cummins, that is acting contrary to the effective administration of justice.

8.      When the transferee court remanded this case from MDL-875 back to this Court as the transferor court, it relinquished jurisdiction over Plaintiff's claims. This Court has jurisdiction over all  matters now pending before it. This Court can and should put Plaintiff's objections to rest and proceed, accordingly, with the summary judgment proceedings authorized in its Rule 16(b) Scheduling Order.

WHERFORE, Plaintiff's Second Motion to Modify the Rule 16(b) Scheduling Order should be denied.

Respectfully submitted,

*s/ William T. Mills, II*
William T. Mills, II
Attorney for Cummins Inc.
Porterfield, Harper, Mills, Motlow
        & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242

4

(205) 980-5000 / (205) 980-5001 Fax
ASB-0402-L72W; MIL014
E-Mail: wtm@phm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on **March 27, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

*s/ William T. Mills, II*
OF COUNSEL