BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS § | | |
| LIABILITY LITIGATION (NO. VI) § | | MDL No. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE K. PRESLEY, as Personal Representative for the Estate of Cleveland G. Kite, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-00444-WS-N |
| BILL VANN COMPANY, INC., *et al*., | ) ) | |
| Defendants. | ) | |

**DEFENDANT CUMMINS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TAG-ALONG MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1407**

Defendant Cummins Inc. ("Cummins"), by counsel, respectfully submits this Response in Opposition to Plaintiff's Tag-Along Motion to Transfer Pursuant to 28 U.S.C. § 1407 ("Motion to Transfer") [JPML Docs. 9971, 9971-1, 9979, and 9986].

**INTRODUCTION**

On February 4, 2015, the Panel remanded all claims in this action, with the exception of claims for punitive or exemplary damages, to the Southern District of Alabama. Unhappy with how the case has progressed since returning to the Alabama district court, and less than two months later, Plaintiff seeks to transfer the claims, once again, to the Eastern District of Pennsylvania. There is no legal or factual basis for allowing this action to ping-pong back and

forth between the Alabama district court and the Pennsylvania district court presiding over MDL-875.

Plaintiff's Motion to Transfer is nothing more than a transparent attempt to circumvent the Alabama district court's jurisdiction and avoid the narrow discovery and dispositive motions authorized by its Rule 16(b) Scheduling Order following remand. The discovery, motions, and legal issues particular to this case, including Cummins' assertion of the bare metal defense under Alabama state law, are matters well within the Alabama district court's jurisdiction and superior expertise to handle. Plaintiff fails to mention, much less establish, the three criteria for transfer under 28 U.S.C. § 1407. Indeed, Plaintiff ignores this Panel's determination that it will no longer transfer cases for disposition in MDL-875. Neither the convenience of the parties nor the just and efficient conduct of MDL-875 will be served by re-transferring this action back to the Eastern District of Pennsylvania. Accordingly, the Panel should deny Plaintiff's Motion to Transfer.

## BACKGROUND AND PROCEDURAL HISTORY

On February 4, 2015, the Panel entered a Separation of Claims and Remand Order remanding "all claims [in this case], except the severed claims for punitive or exemplary damages, . . . to the Southern District of Alabama." [Ex. B to JPML Doc. 9971-1]. Nothing in the Separation of Claims and Remand Order limits the Alabama district court's jurisdiction over the remanded claims or constrains the scope of proceedings on remand. [Ex. B to JPML Doc. 9971-1]. Nothing in the Separation of Claims and Remand Order forecloses the power of the Alabama district court to order, or the ability of the parties to participate in, additional discovery and dispositive motion practice. [Ex. B to JPML Doc. 9971-1].

On February 5, 2015, the Alabama district court ordered the parties to submit a Joint Status Report by February 18, 2015, and to appear at a status hearing on February 24, 2015. [Ex. C to JPML Doc. 9971-1]. Thereafter, the Alabama district court, as required by local rule, entered a Rule 16(b) Scheduling Order.[1] [Ex. F to JPML Doc. 9971-1]. The Rule 16(b) Scheduling Order permits narrowly-tailored supplemental discovery to be completed by June 19, 2015. [Ex. F to JPML Doc. 9971-1, ¶ 4]. Under the Rule 16(b) Scheduling Order, "[m]otions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **Friday, July 10, 2015**." [Ex. F to JPML Doc. 9971-1, ¶ 9]. The Alabama district court subsequently amended its Rule 16(b) Scheduling Order, at Plaintiff's request, to prohibit the filing of summary judgment motions that are duplicative or substantially duplicative of any summary judgment motions filed in MDL-875. [Ex. G and Ex. H to JPML Doc. 9971-1].

Cummins filed a Motion for Summary Judgment in the Alabama district court on February 16, 2015. [S.D. Ala. Doc. 130]. Cummins' pending Motion for Summary Judgment asserts the bare metal defense under Alabama state law. Specifically, Cummins argues that the record is devoid of any evidence that Cleveland Kite was exposed to an asbestos-containing product manufactured or supplied by Cummins and that, absents facts to support this essential element of Plaintiff's claims, Cummins is entitled to judgment as a matter of law. Cummins' Motion for Summary Judgment based on the bare metal defense is not duplicative of an earlier summary judgment motion that was filed (and ultimately denied) in MDL-875 based on statute of limitations grounds. [E.D. Pa. Docs. 31, 207]. In its Rule 16(b) Scheduling Order, the Alabama district court directed the parties to follow a briefing schedule on Cummins' Motion for

---

[1] "All civil actions shall be automatically referred [to the full-time magistrate judges of this District] for the purpose of conducting a pretrial conference and the entry of a Fed. R. Civ. P. 16(b) scheduling order." S.D. Ala. L.R. 72.2(c)(1).

Summary Judgment.  [Ex. F to 9971-1, ¶ 9].  In accordance with the Court's Rule 16(b) Scheduling Order, Plaintiff filed her Response in Opposition to Cummins' Motion for Summary Judgment in the Alabama district court on March 19, 2015.  [S.D. Ala. Doc. 152].  Cummins expects to file its Reply in Support of its Motion for Summary Judgment on April 2, 2015.  This case is set for trial in the Alabama district court in November 2015.  [Ex. F to 9971-1, ¶ 3(c)].

## ARGUMENT

Plaintiff contends that "this action should be transferred to the [Eastern District of Pennsylvania] to complete all outstanding discovery and dispositive motions authorized by the [Alabama district court] in its Rule 16(b) Scheduling Order."  [JPML Doc. 9971-1, p. 3].  There is no legal or factual basis upon which to re-transfer this case back to the Pennsylvania district court presiding over MDL-875.  Plaintiff's Motion to Transfer should be denied for multiple reasons.

First, it is well settled that "[a]fter an MDL action is remanded, the transferor court resumes exclusive jurisdiction over further proceedings."  *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (citing MANUAL FOR COMPLEX LITIGATION § 20.133).  "Remand does not require that all pretrial proceedings have been completed in every action[,]" MULTIDISTRICT LITIGATION MANUAL § 10:6, and "[t]he transferor court conducts further pretrial proceedings, as needed[.]" MANUAL FOR COMPLEX LITIGATION § 20.133.  Once this case was remanded by the Panel, the Alabama district court resumed jurisdiction over Plaintiff's claims and, thus, "'ha[d] broad discretion in controlling its own docket.'" *Johnson-Mosely v. Alabama Unified Judicial Sys.*, No. 12-0184-CG-N, 2014 WL 3725339, at *2 (S.D. Ala. July 25, 2014) (citation omitted).  That is exactly what the Alabama district court exercised here in entering its Rule 16(b) Scheduling Order, and the Panel should

decline Plaintiff's invitation to interfere with the Alabama district court's authority and the progress of these proceedings. *See* MULTIDISTRICT LITIGATION MANUAL § 10:6 ("Remand does not give the Panel an opportunity to review or control the progress of the transferred cases."), § 3:11 (noting that Panel "does not become involved in directing either [the transferee or transferor] court in the handling of the cases").

Moreover, Plaintiff fails to mention, much less establish, the three criteria for transfer under 28 U.S.C. § 1407. Transfer must be for the convenience of the parties and witnesses and must advance the just and efficient conduct of the actions – i.e., the MDL litigation as a whole. *See* 28 U.S.C. § 1407(a). Here, neither the convenience of the parties nor the just and efficient conduct of MDL-875 will be served by re-transferring this case back to the Eastern District of Pennsylvania. *See In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. 1343, 1345 (J.P.M.L. 1980) (concluding that although common questions of fact exist among the actions, "movants have not met their burden of demonstrating that transfer will further the purposes of Section 1407"). To conclude otherwise would be contrary to the Panel's prior assessment that it will immediately stop transferring tag-along actions to MDL No. 875, subject to certain exceptions,[2] because "the continued transfer of asbestos personal injury and wrongful death actions to the MDL would no longer serve the purposes of our governing statute." *See In Re: Asbestos Prods. Liab. Litig. (No. VI)*, 830 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011). Plaintiff makes no attempt to show why an exception to the Panel's ruling is justified in this case. It is not.

Finally, Plaintiff's Motion to Transfer overlooks the Pennsylvania district court's repeated deference to the transferor court to decide motions for summary judgment based on a defendant's assertion of the bare metal defense under applicable state law. As Judge Robreno

---

[2] [*See* JPML Docs. 8213, 9090, 9310, 9458].

has explained in those instances, "the merits of the 'bare metal defense' is best left for determination in the transferor court, . . . which has more experience and familiarity with the application of . . . state substantive law." *Curry v. Am. Standard*, No. 09-65685, 2010 WL 3221918, at *5 (E.D. Pa. Aug. 12, 2010) (declining to rule on summary judgment motion based on bare metal defense under New York state law); *accord Faddish v. CBS Corp.*, No. 09-70626, 2010 WL 4159238, at *5 (E.D. Pa. Oct. 22, 2010) (finding issue of bare metal defense on summary judgment "best left to the transferee court, with superior expertise and familiarity in the application of Florida law"); Order at 10, *Pray v. AC and S, Inc.*, No. 08-91884 (E.D. Pa. Dec. 17, 2012) (declining to rule on summary judgment motion based on bare metal defense under Illinois law because "[a] court situated in Illinois is closer to – and has more familiarity with – Illinois law and policy."). There would be no point to re-transferring this action to the Eastern District of Pennsylvania, only to have the case remanded a second time to the Southern District of Alabama for a ruling on Cummins' Motion for Summary Judgment based on the bare metal defense under Alabama state law. *See In re: Accutane Prods. Liab. Litig.*, 560 F. Supp. 1370, 1370-71 (J.P.M.L. 2008) (vacating conditional transfer order where defendant's summary judgment motion pending in the transferor court involved an issue of state law that was potentially dispositive, and transfer would not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation).

The timing and focus of Cummins' Motion for Summary Judgment in the Alabama district court on remand are especially appropriate given the recent developments in Alabama state law on the bare metal defense. In *Morgan v. Bill Vann Co., Inc.*, 969 F.Supp.2d 1358 (S.D. Ala. 2013), the Alabama district court predicted that the Alabama Supreme Court would follow the "majority rule" with respect to the bare metal defense. *Id.* at 1366-67. *Morgan* reinforces the

Alabama district court's "superior expertise and familiarity" in the application of Alabama state law and underscores the impropriety and inefficiency of re-transferring this action back to the Eastern District of Pennsylvania.  *See Faddish*, 2010 WL 4159238, at *5.

## CONCLUSION

Allowing this case to bounce back and forth between the Alabama district court and the Pennsylvania district court is not what the Panel or the principles behind 28 U.S.C. § 1407 intended.  The Alabama district court can and should retain jurisdiction over this case.  There is no reason, consistent with 28 U.S.C. § 1407, to re-transfer this action back to the Eastern District of Pennsylvania.  Accordingly, the Panel should deny Plaintiff's Motion to Transfer.

    Respectfully submitted,

*s/William T. Mills, II*
William T. Mills, II
Attorney for Cummins Inc.
PORTERFIELD, HARPER, MILLS,
    MOTLOW & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242
(205) 980-5000 / (205) 980-5001 Fax
ASB-0402-L72W; MIL014
E-Mail: wtm@phm-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on **March 30, 2015**, I electronically filed the above document with the Clerk of the Court for the United States Judicial Panel on Multidistrict Litigation using the CM/ECF system which will send notification of such filing to the following:

Attorney for Plaintiff
G. Patterson Keahey
Law Office Of G. Patterson Keahey
One Independence Plaza, Suite 612
Birmingham, Alabama 35209

Attorney for CBS
James A. Harris, III
Harris & Harris, LLP
2501 20th Place South, Suite 450
Birmingham, Alabama 35223

Attorney for Saint Gobain
Robert H. Sprain, Jr.
Sprain Law Firm, PC
1707 29th Court South
Birmingham, AL 35209

Attorney for Dana Companies f/k/a Dana Corporation
Evelyn F. Davis
Hawkins Parnell Thackston & Young LLP
4000 SunTrust Plaza
303 Peachtree Street N E
Atlanta, GA 30308-3243

Attorney for Crane Co.
Timothy A. Clarke
Vickers, Riis, Murray and Curran, L.L.C.
Post Office Drawer 2568
Mobile, Alabama 36652-2568

Attorney for Cameron International
Stewart McCloud
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223

Attorney for Honeywell International
Frank E. Lankford, Jr.
Huie Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

Respectfully submitted,

*s/William T. Mills, II*
OF COUNSEL