UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)  MDL No. 875

ORDER DENYING TRANSFER

**Before the Panel:** Plaintiff in the Southern District of Alabama action (*Presley*) listed on the attached Schedule A moves under 28 U.S.C. § 1407(c)(i) to transfer the action to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants CBS Corporation, Crane Co., and Cummins Inc. oppose the motion.

We previously transferred the *Presley* action to this MDL in November 2011. Following transfer, the transferee court oversaw various pretrial proceedings. The parties conducted discovery, and a number of summary judgment motions were filed and ruled upon. Thereafter, in October 2014, with pretrial proceedings substantially completed, the transferee court issued a Suggestion of Remand recommending that *Presley* be remanded to the Southern District of Alabama for trial. In February of this year, we ordered Section 1407 remand of the action with the exception of any clams for punitive or exemplary damages previously severed by the transferee court. *See* Separation of Claims & Remand Order (J.P.M.L. Feb. 4, 2015) (ECF No. 9399). Plaintiff supported remand, but certain defendants opposed it, arguing that a limited amount of discovery still needed to be conducted in the action. *See id.* at 1.

In now seeking the action's re-transfer to the MDL, the *Presley* plaintiff asserts that, post-remand, the Southern District of Alabama court has entered a scheduling order permitting a limited amount of additional discovery, as well as the filing of dispositive motions on matters not previously raised or ruled upon by the transferee court. Plaintiff contends that this scheduling order is inconsistent with orders entered by the transferee court while the action was pending in the MDL, as well as with representations that certain defendants made to the transferee judge concerning the status of the case. Plaintiff argues that transfer is necessary so that any additional pretrial proceedings are conducted in the MDL. We find this argument unconvincing. We lack the authority to dictate the manner in which a transferor judge chooses to conduct an action following Section 1407 remand. *See In re: Capital Underwriters, Inc. Sec. Litig.*, 464 F. Supp. 955, 959 n.4 (J.P.M.L. 1979). We also note that it is not unusual for a limited amount of discovery to occur following remand, and that plaintiff is free to seek appellate review of any orders entered by the Alabama court that she believes directly conflict with decisions made by the transferee judge.

- 2 -

IT IS THEREFORE ORDERED that the *Presley* plaintiff's motion for transfer is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                            MDL No. 875

**SCHEDULE A**

<u>Southern District of Alabama</u>

PRESLEY v. BILL VANN COMPANY, INC., ET AL., C.A. No. 2:11-00444