SL DOC, TRLSET

# U.S. District Court
## Middle District of Florida (Jacksonville)
## CIVIL DOCKET FOR CASE #: 3:14–cv–01096–BJD–JBT
### *Internal Use Only*

Dugas et al v. 3M Company et al
Assigned to: Judge Brian J. Davis
Referred to: Magistrate Judge Joel B. Toomey
Case in other court:  State Court: 8/14/14,
                16–2014–CA–5804–XXXX
Cause: 28:1442 Notice of Removal

Date Filed: 09/10/2014
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Federal Question

**Plaintiff**

**Darryl S. Dugas**

represented by **Alan M. Pickert**
Terrell Hogan, PA
8th Floor
233 E Bay St
Jacksonville, FL 32202
904/632–2424
Fax: 904–632–0549
Email: pickert@terrellhogan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Case A. Dam**
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
713/659–5200
Fax: 713/659–2204
Email: case.dam@lanierlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H.W. Trey Jones**
Lanier Law Firm
6810 FM 1960 W
Houston, TX 77069
713/659–5200
Fax: 713/659–2204
Email: trey.jones@lanierlawfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark A. Linder**
Lanier Law Firm
6810 FM 1960 W
Houston, TX 77069
281/716–4979
Fax: 713/659–2204
Email: mark.linder@lanierlawfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**W. Mark Lanier**
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
713/659–5200
Fax: 713/659–2204

Email: mark.lanier@lanierlawfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marsga Dugas**                          represented by   **Alan M. Pickert**
*his wife*                                                 (See above for address)
*TERMINATED: 09/25/2014*                                   *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Case A. Dam**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marsha Dugas**                          represented by   **Alan M. Pickert**
*his wife*                                                 (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Case A. Dam**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **H.W. Trey Jones**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Mark A. Linder**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **W. Mark Lanier**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                            represented by   **Dara D. Mann**
*also known as*                                            Dentons US LLP
Minnesota Mining &Manufacturing                            Ste 3500
Company                                                    303 Peachtree St NE
                                                           Atlanta, GA 30308−3265
                                                           404/527−8579
                                                           Fax: 404/527−8849
                                                           Email: dara.mann@dentons.com
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Mary A. Wells**
                                                           Wells, Anderson &Race LLC

Suite 1020
1700 Broadway
Denver, CO 80290
303−830−1212
Fax: 303−830−0898
Email: mwells@warllc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Monica L. Irel**
Dentons US LLP
Ste 303
10700 N Kendall Dr
Miami, FL 33175
305/670−4843
Fax: 305/670−4846
Email: Monica.Irel@dentons.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sada J. Baby**
Dentons US LLP
Ste 3500
303 Peachtree St NE
Atlanta, GA 30308−3265
404/527−8391
Fax: 404/527−7049
Email: sada.baby@dentons.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allison Advanced Development
Company, Inc.**
*individualy and as successor−in−interest
to ALLISON ENGINE COMPANY*
*TERMINATED: 11/10/2014*

**Defendant**

| | | |
|---|---|---|
| **Bigham Insulation and Supply
Company**
*TERMINATED: 02/11/2015* | represented by | **John B. Liebman**
O'Neill, Liebman &Cooper, PA
Suite 320
2699 Lee Rd
Winter Park, FL 32789
407/647−9550
Fax: 407/647−9554
Email: jliebman@olclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Goodrich Corporation**
*TERMINATED: 03/02/2015* | represented by | **Eduardo J. Medina**
Bice Cole Law Firm, PL
Suite 710
999 Ponce de Leon Blvd
Coral Gables, FL 33134
Email: emedina@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED* |

**Melanie E. Chung−Tims**

Bice Cole Law Firm, PL
Suite 710
999 Ponce de Leon Blvd
Coral Gables, FL 33134
305–444–1225
Fax: 305–446–1598
Email: chungtims@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Anthony Covone**
Bice Cole Law Firm, PL
Suite 710
999 Ponce de Leon Blvd
Coral Gables, FL 33134
305/444–1225
Fax: 305/446–1598
Email: covone@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan J. Cole**
Bice Cole Law Firm, PL
Suite 710
999 Ponce de Leon Blvd
Coral Gables, FL 33134
305/444–1225
Fax: 305/446–1598
Email: cole@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**
*individually and as successor–in–interest
to ALLIEDSIGNAL, INC., successor to
BENDIX CORPORATION, successor to
BENDIX AUTOLITE CORPORATION
and successor to ALLIED CHEMICAL
&DYE CORP.
TERMINATED: 03/23/2015*

represented by **William T. Stone**
Saalfield Shad, PA
Suite 400
245 Riverside Ave
Jacksonville, FL 32202–1569
904/355–4401
Fax: 904/355–3503
Email: wstone@saalfieldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**
*individually and as successor–in–interest
to ADEL FASTENERS, and WIGGINS
CONNECTORS*

represented by **Eduardo J. Medina**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melanie E. Chung–Tims**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Anthony Covone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan J. Cole**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lockheed Martin Corporation**
*TERMINATED: 03/03/2015*

represented by **Edward J. Briscoe**
Fowler White Burnett, PA
14th Floor
1395 Brickell Ave
Miami, FL 33131
305/789–9200
Fax: 305/789–9201
Email: ejb@fowler–white.com
*LEAD ATTORNEY*

**Guy P. Glazier**
Glazier Yee LLP
707 Wilshire Boulevard
Suite 2025
Los Angeles, CA 90017
213/312–9200
Fax: 213/312–9201
Email: glazier@glazieryee.com
*LEAD ATTORNEY*
*PRO HAC VICE*

**Peter J. Melaragno**
Fowler White Burnett, PA
14th Floor
1395 Brickell Ave
Miami, FL 33131
305/789–9200
Fax: 305/789–9201
Email: pjm@fowler–white.com
*LEAD ATTORNEY*

**Helaine S. Goodner**
Fowler White Burnett, PA
14th Floor
1395 Brickell Ave
Miami, FL 33131
305/789–9200
Fax: 305/789–9201
Email: hgoodner@fowler–white.com

**Robert Frederick Bouchard**
Fowler White Burnett, PA
14th Floor
1395 Brickell Ave
Miami, FL 33131
954/377–8104
Fax: 305/789–9201
Email: rbouchard@fowler–white.com

**Defendant**

**Pratt &Whitney Rocketdyne, Inc.**
*TERMINATED: 01/27/2015*

represented by **Seth R. Goldberg**
Conroy Simberg Ganon Krevans Abel
Lurvey Morrow &Schefer PA
2nd Floor
3440 Hollywood Blvd
Hollywood, FL 33021
954/961–1400
Fax: 954/967–8577
Email: sgoldberg@conroysimberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Xaverie L Baxley–Hull
Conroy Simberg Ganon Krevans Abel
Lurvey Morrow &Schefer PA
2nd Floor
3440 Hollywood Blvd
Hollywood, FL 33021
954–961–1400
Fax: 954–967–8577
Email: xbaxleyhull@conroysimberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rolls–Royce Corporation**
*individually and as successor–in–interest*
*to ALLISON ENGINE COMPANY*
*TERMINATED: 11/03/2014*

**Defendant**

**Rolls–Royce North America, Inc.**
*individually and as successor–in–interest*
*to ROLLS–ROYCE PLC,*
*ROLLS–ROYCE CORPORATION AND*
*ALLISON ENGINE COMPANY*
*TERMINATED: 11/03/2014*

**Defendant**

**Rolls–Royce PLC**
*individually and as successor–in–interest*
*to ALLISON ENGINE COMPANY*
*TERMINATED: 11/03/2014*

**Defendant**

**United Technologies Corporation**                 represented by   **David M. Hawthorne**
*as successor–in–interest to PRATT*                                   Akerman Senterfitt, LLP
*&WHITNEY ENGINE SERVICES, INC.*                                      Suite 1600
                                                                      350 E Las Olas Blvd
                                                                      Ft Lauderdale, FL 33301–2229
                                                                      954/463–2700
                                                                      Email: david.hawthorne@akerman.com
                                                                      *TERMINATED: 01/16/2015*
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Eduardo J. Medina**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Hugh J. Turner , Jr.**
                                                                      Akerman Senterfitt, LLP
                                                                      Suite 1600
                                                                      350 E Las Olas Blvd
                                                                      Ft Lauderdale, FL 33301–2229
                                                                      954/463–2700
                                                                      Fax: 954–463–2224
                                                                      Email: hugh.turner@akerman.com
                                                                      *TERMINATED: 01/16/2015*
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Knight S. Anderson**

Tucker Ellis LLP
Suite 1100
950 Main St.
Cleveland, OH 44113–7213
216/592–5000
Fax: 216/592–5009
Email: Knight.Anderson@TuckerEllis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melanie E. Chung–Tims**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Anthony Covone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan J. Cole**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vought Aircraft Industries, Inc.**
*individually and as successor–in–interest*
*to LING–TEMCO–VOUGHT*
*TERMINATED: 01/13/2015*

**Defendant**

**BASF Corporation**          represented by  **David M. Hawthorne**
*TERMINATED: 02/26/2015*                     (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Hugh J. Turner , Jr.**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Joseph Ianno , Jr.**
                                             Carlton Fields Jorden Burt, PA
                                             525 Okeechobee Blvd – Ste 1200
                                             PO Box 150
                                             West Palm Beach, FL 33401
                                             561/659–7070 Ext 3808
                                             Fax: 561/659–7368
                                             Email: jianno@CFJBLaw.com
                                             *TERMINATED: 12/03/2014*
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Daniel C. Johnson**
                                             Carlton Fields Jorden Burt, PA
                                             PO Box 1171
                                             Orlando, FL 32802–1171
                                             407/849–0300
                                             Fax: 407–648–9099
                                             Email: DJohnson@cfjblaw.com
                                             *TERMINATED: 12/03/2014*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Cirrus Enterprises, LLC**
*individually and as a*
*successor–in–interest to EV Roberts*
*&Associates, Inc. And Evra, Inc.*
*TERMINATED: 11/14/2014*

**Defendant**

**Dexter Hysol Aerospace, LLC**                represented by    **Billie Jo Taylor**
*formerly known as*                                             Boyd &Jenerette, PA
Dexter Hysol Aerospace, Inc.                                    Suite 400
                                                               201 N Hogan St
                                                               Jacksonville, FL 32202
                                                               904/353–6241
                                                               Fax: 904/493–5655
                                                               Email: btaylor@boyd–jenerette.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kristen M. Van der Linde**
                                                               Boyd &Jenerette, PA
                                                               Suite 400
                                                               201 N Hogan St
                                                               Jacksonville, FL 32202
                                                               904/353–6241
                                                               Fax: 904/493–3739
                                                               Email: kvanderlinde@boyd–jenerette.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **R. Scott Masterson**
                                                               Lewis, Brisbois, Bisgaard &Smith, LLP
                                                               Suite 2900
                                                               1180 Peachtree St NE
                                                               Atlanta, GA 30309
                                                               404/348–8570
                                                               Fax: 404/467–8845
                                                               Email: r.scott.masterson@lewisbrisbois.com
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Henkel Corporation**                         represented by    **Billie Jo Taylor**
*individually and as successor–in–interest*                      (See above for address)
*to Dexter Hysol Aerospace, Inc.*                                *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kristen M. Van der Linde**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **R. Scott Masterson**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Novartis Corporation**                       represented by    **David M. Hawthorne**
*TERMINATED: 02/26/2015*                                         (See above for address)

*formerly known as*
Ciba–Geigy Corp
*TERMINATED: 02/26/2015*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hugh J. Turner , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Ianno , Jr.**
(See above for address)
*TERMINATED: 12/03/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Johnson**
(See above for address)
*TERMINATED: 12/03/2014*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shell Oil Company**                represented by   **Evelyn Fletcher Davis**
Hawkins &Parnell, LLP
Suite 4000
303 Peachtree St
Atlanta, GA 30308–3243
404/614–7400
Fax: 404/614–7500
Email: efletcher@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Carlton Alley**
Hawkins Parnell Thackston &Young LLP
4000 SunTrust Plaza, 303 Peachtree Street NE
Atlanta, GA 30308
404–614–7523
Fax: 404–614–7500
Email: talley@hptylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**        represented by   **Joseph C. Wilson , IV**
Pierce, Herns, Sloan &Wilson, LLC
321 E Bay St
PO Box 22437
Charleston, SC 29401
843/722–7733
Fax: 843/722–7732
Email: joewilson@phswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G. Kennedy**
Pierce, Herns, Sloan &Wilson, LLC
321 E Bay St
PO Box 22437
Charleston, SC 29401
843/722–7733
Fax: 843/722–7732
*TERMINATED: 12/04/2014*
*PRO HAC VICE*

## Defendant

**Wyeth Holdings Corporation**
*individually and as successor−in−interest*
*to American Cyanamid*
*TERMINATED: 03/02/2015*

represented by **Eduardo J. Medina**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melanie E. Chung−Tims**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Anthony Covone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan J. Cole**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/10/2014 | 1 | NOTICE OF REMOVAL from Fourth Judicial Circuit in and for Duval County, Florida, case number 16−2014−CA−5804−XXXX filed in State Court on 8/14/2014. Filing fee $ 400, receipt number JAX13698 filed by Lockheed Martin Corporation. (Attachments: # 1 State Court Record, # 2 Civil Cover Sheet)(BD) (Entered: 09/11/2014) |
| 09/10/2014 | 2 | COMPLAINT against 3M Company, Allison Advanced Development Company, Inc., Bigham Insulation and Supply Company, Goodrich Corporation, Honeywell International, Inc., IMO Industries, Inc., Lockheed Martin Corporation, Pratt &Whitney Rocketdyne, Inc., Rolls−Royce Corporation, Rolls−Royce North America, Inc., Rolls−Royce PLC, United Technologies Corporation, Vought Aircraft Industries, Inc. with Jury Demand filed by Marsga Dugas, Darryl S. Dugas (Originally filed in State Court) (Attachments: # 1 Exhibit A)(BD) Modified on 9/12/2014 to upload redacted version of Exhibit A (BD). Modified on 9/15/2014 to edit text (BD). (Entered: 09/11/2014) |
| 09/10/2014 | 3 | CORPORATE disclosure statement by Lockheed Martin Corporation(Originally filed in State Court) (BD) Modified on 9/15/2014 to edit text (BD) (Entered: 09/11/2014) |
| 09/10/2014 | 4 | MOTION to Dismiss and Motion to strike portions of Plaintiff's Complaint by IMO Industries, Inc.. (Originally filed in State Court) (BD) Modified on 9/15/2014 to edit text (BD). Modified on 9/16/2014 STRICKEN per Order (Doc. 8 ) (KJR). (Entered: 09/11/2014) |
| 09/10/2014 | 5 | MOTION to Dismiss and Motion to strike portions of Plaintiff's complaint by Goodrich Corporation. (Originally filed in State Court)(BD) Modified on 9/15/2014 to edit text (BD). Modified on 9/16/2014 STRICKEN per Order (Doc. 8 ) (KJR). (Entered: 09/11/2014) |
| 09/11/2014 | | (Court only) *** 5 MOTION to Dismiss and Motion to Strike Portions of Plaintiff's complaint, 4 MOTION to Dismiss and Motion to Strike Portions of Plaintiff's complaint REFERRED to Magistrate Judge Joel B. Toomey. (BD) (Entered: 09/11/2014) |
| 09/12/2014 | 6 | NOTICE of designation under Local Rule 3.05 − Track 2. Signed by Deputy Clerk on 9/12/2014. (Attachments: # 1 Case Management Report Form, # 2 Consent Letter and Form)(AMP) (Entered: 09/12/2014) |
| 09/15/2014 | 7 | NOTICE for Joinder in *Defendant's Notice of Removal of Action Under 28 U.S.C. § 1442(a)(1) (Government Contractor Immunity − Acting Under Direction of Federal Officer)* by United Technologies Corporation. (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Hawthorne, David) Modified on 9/17/2014 to edit text (KJR). (Entered: 09/15/2014) |
| 09/15/2014 | 8 | ENDORSED ORDER striking without prejudice 4 Defendant, IMO Industries Inc.'s Motion to Dismiss and Motion to Strike Portions of Plaintiffs' Complaint and 5 Defendant, Goodrich Corporation's, Motion to Dismiss and Motion to Strike Portions of Plaintiffs' Complaint, as both motions rely on state procedural law. IMO Industries Inc. and Goodrich Corporation may refile the motions in accordance with the applicable Federal Rules of Civil Procedure and Local Rules no later than September 29, 2014. Defendant(s) should file any motion to dismiss separately from any motion to strike, so that the Court can consider each individually. Signed by Magistrate Judge Joel B. Toomey on 9/15/2014. (VVR) (Entered: 09/15/2014) |
| 09/16/2014 | | (Court only) *** 7 MOTION for Joinder *in Defendant's Notice of Removal of Action Under 28 U.S.C. § 1442(a)(1) (Government Contractor Immunity – Acting Under Direction of Federal Officer)* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/16/2014) |
| 09/16/2014 | 9 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by 3M Company.(Irel, Monica) (Entered: 09/16/2014) |
| 09/17/2014 | | (Court only) ***Motions terminated: 7 MOTION for Joinder *in Defendant's Notice of Removal of Action Under 28 U.S.C. § 1442(a)(1) (Government Contractor Immunity – Acting Under Direction of Federal Officer)* filed by United Technologies Corporation. (KJR) (Entered: 09/17/2014) |
| 09/18/2014 | 10 | ANSWER and Affirmative Defenses to Complaint by Lockheed Martin Corporation.(Melaragno, Peter) Modified on 9/24/2014 to edit text (KJR). (Entered: 09/18/2014) |
| 09/19/2014 | 11 | MOTION to Dismiss Plaintiff's Complaint by Goodrich Corporation. (Medina, Eduardo) (Entered: 09/19/2014) |
| 09/19/2014 | 12 | MOTION to Dismiss Plaintiff's Complaint by IMO Industries, Inc.. (Medina, Eduardo) (Entered: 09/19/2014) |
| 09/19/2014 | 13 | MOTION to Strike 2 Complaint *Portions of Plaintiff's* by Goodrich Corporation. (Medina, Eduardo) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/19/2014) |
| 09/19/2014 | 14 | MOTION to Strike 2 Complaint *Portions of Plaintiff's* by IMO Industries, Inc.. (Medina, Eduardo) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/19/2014) |
| 09/23/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Sada J. Baby, appearing on behalf of 3M Company (Filing fee $10 receipt number JAX013802.). (TSW) (Entered: 09/23/2014) |
| 09/23/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Dara D. Mann, appearing on behalf of 3M Company (Filing fee $10 receipt number JAX013801.). (TSW) (Entered: 09/23/2014) |
| 09/24/2014 | 15 | NOTICE of Appearance by Case A. Dam on behalf of Darryl S. Dugas (Pickert, Alan) Modified on 9/26/2014 to correct text(KJR). (Entered: 09/24/2014) |
| 09/24/2014 | 16 | NOTICE of Appearance by Alan M. Pickert on behalf of Darryl S. Dugas (Pickert, Alan) (Entered: 09/24/2014) |
| 09/24/2014 | 17 | MOTION to Amend/Correct *Complaint* by All Plaintiffs. (Pickert, Alan) Modified on 9/25/2014 to edit text (KJR). (Entered: 09/24/2014) |
| 09/25/2014 | | (Court only) *** 17 First MOTION to Amend/Correct *Complaint* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/25/2014) |

| 09/25/2014 | 18 | ORDER granting 17 Motion to Amend/Correct; denying as moot 11 Motion to Dismiss; denying as moot 12 Motion to Dismiss; denying as moot 13 Motion to Strike; denying as moot 14 Motion to Strike. All Defendants who have currently appeared shall answer or otherwise respond to Plaintiffs' First Amended Complaint on or before October 9, 2014. Signed by Magistrate Judge Joel B. Toomey on 9/25/2014. (VVR) (Entered: 09/25/2014) |
| --- | --- | --- |
| 09/25/2014 | 19 | AMENDED COMPLAINT against 3M Company, Allison Advanced Development Company, Inc., Bigham Insulation and Supply Company, Goodrich Corporation, Honeywell International, Inc., IMO Industries, Inc., Lockheed Martin Corporation, Pratt &Whitney Rocketdyne, Inc., Rolls–Royce Corporation, Rolls–Royce North America, Inc., Rolls–Royce PLC, United Technologies Corporation, Vought Aircraft Industries, Inc. with Jury Demand. filed by Marsga Dugas, Darryl S. Dugas.(KJR) (Entered: 09/25/2014) |
| 09/25/2014 | | (Court only) ***COPIES mailed to Counsel: Dara D. Mann, Sada J. Baby; re 18 Order on motion to dismissOrder on Motion to StrikeOrder on Motion to Amend/Correct (KJR) (Entered: 09/25/2014) |
| 09/25/2014 | | (Court only) Set Deadlines as to Defendants Responses due by 10/9/2014 (KJR) (Entered: 09/25/2014) |
| 09/25/2014 | | (Court only) *** Party Marsga Dugas (his wife) terminated per Order 19 . (BD) (Entered: 09/25/2014) |
| 09/25/2014 | 20 | Unopposed MOTION for Dara D. Mann to appear pro hac vice by 3M Company. (Irel, Monica) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/25/2014) |
| 09/25/2014 | 21 | Unopposed MOTION for Sada J. Baby to appear pro hac vice by 3M Company. (Irel, Monica) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/25/2014) |
| 09/26/2014 | 22 | CERTIFICATE of interested persons and corporate disclosure statement by 3M Company. (Irel, Monica) (Entered: 09/26/2014) |
| 09/26/2014 | 23 | NOTICE of Appearance by Xaverie L Baxley–Hull on behalf of Pratt &Whitney Rocketdyne, Inc. (Baxley–Hull, Xaverie) (Entered: 09/26/2014) |
| 09/26/2014 | 24 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand by Pratt &Whitney Rocketdyne, Inc..(Baxley–Hull, Xaverie) (Entered: 09/26/2014) |
| 09/26/2014 | 25 | ENDORSED ORDER granting 20 21 Unopposed Motions for Permission to Appear Pro Hac Vice. If Dara D. Mann, Esq. and Sada J. Baby, Esq., have not already done so, they each shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 9/26/2014. (TSP) (Entered: 09/26/2014) |
| 09/26/2014 | | (Court only) ***COPIES mailed to Counsel: Dara D. Mann, Sada J. Baby; re 25 Order on motion to appear pro hac vice (TSP) (Entered: 09/26/2014) |
| 09/29/2014 | 26 | MOTION to Dismiss Plaintiff's First Amended Complaint (Doc. 19 ) by IMO Industries, Inc. (Medina, Eduardo) Modified on 9/29/2014 to edit text and create relationship to Doc. 19(KJR). (Entered: 09/29/2014) |
| 09/29/2014 | 27 | MOTION to Dismiss Plaintiff's First Amended Complaint (Doc. 19 ) by Goodrich Corporation. (Medina, Eduardo) Modified on 9/29/2014 to edit text and create relationship to Doc. 19(KJR). (Entered: 09/29/2014) |
| 09/29/2014 | 28 | MOTION to Strike 19 Amended Complaint *Portions of Plaintiff's* by Goodrich Corporation. (Medina, Eduardo) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/29/2014) |
| 09/29/2014 | 29 | MOTION to Strike 19 Amended Complaint *Portions of Plaintiff's* by IMO Industries, Inc.. (Medina, Eduardo) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/29/2014) |
| 09/29/2014 | 30 | MOTION for miscellaneous relief, specifically Issuance of Alias Summons *for Vought Aircraft and Allison Advanced* by All Plaintiffs. (Attachments: # 1 Exhibit |

| | | Exh A to Plaintiffs' Motion for Issuance of Alias Summons, # 2 Exhibit Exh B to Plaintiffs' Motion for Issuance of Alias Summons, # 3 Exhibit Exh C to Plaintiffs' Motion for Issuance of Alias Summons, # 4 Text of Proposed Order Plaintiffs' Proposed Order)(Dam, Case) (Entered: 09/29/2014) |
|---|---|---|
| 09/29/2014 | 31 | SUMMONS issued as to Cirrus Enterprises, LLC, Shell Oil Company, Union Carbide Corporation. (KJR) (Entered: 09/29/2014) |
| 09/30/2014 | | (Court only) *** 30 MOTION for miscellaneous relief, specifically Issuance of Alias Summons *for Vought Aircraft and Allison Advanced* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/30/2014) |
| 09/30/2014 | 32 | ENDORSED ORDER granting 30 Plaintiffs' Motion for Issuance of Alias Summons. The Clerk is directed to issue alias summonses for Defendants Vought Aircraft Industries, Inc., sued individually and as successor–in–interest to Ling–Temco–Vought, and Allison Advanced Development Company, Inc., sued individually and as successor–in–interest to Allison Engine Company. Signed by Magistrate Judge Joel B. Toomey on 9/30/2014. (TSP) (Entered: 09/30/2014) |
| 09/30/2014 | 33 | Unopposed MOTION for Mark A. Linder to appear pro hac vice by All Plaintiffs. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/30/2014) |
| 10/01/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Mark A. Linder, appearing on behalf of Darryl S. Dugas, Marsha Dugas (Filing fee $10 receipt number JAX013899.). (TSW) (Entered: 10/01/2014) |
| 10/01/2014 | 34 | SUMMONS issued as to BASF Corporation, Dexter Hysol Aerospace, LLC, Henkel Corporation, Novartis Corporation, Wyeth Holdings Corporation. (KJR) (Entered: 10/01/2014) |
| 10/01/2014 | 35 | ORDER denying without prejudice 33 Unopposed Motion for Admission Pro Hac Vice of Mark A. Linder and Written Designation and Consent to Act for failure to state whether Mr. Linder is "a member in good standing of the bar of any District Court of the United States." M.D. Fla. R. 2.02(a). Signed by Magistrate Judge Joel B. Toomey on 10/1/2014. (TSP) (Entered: 10/01/2014) |
| 10/01/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder; re 35 Order on motion to appear pro hac vice (TSP) (Entered: 10/01/2014) |
| 10/01/2014 | 36 | CERTIFICATE of interested persons and corporate disclosure statement by United Technologies Corporation. (Turner, Hugh) (Entered: 10/01/2014) |
| 10/07/2014 | 37 | ANSWER and affirmative defenses with Jury Demand to 19 Amended Complaint by 3M Company.(Mann, Dara) (Entered: 10/07/2014) |
| 10/07/2014 | 38 | CERTIFICATE of interested persons and corporate disclosure statement by Goodrich Corporation (Medina, Eduardo) Modified on 10/8/2014 to edit text(KJR). (Entered: 10/07/2014) |
| 10/07/2014 | 39 | CERTIFICATE of interested persons and corporate disclosure statement by IMO Industries, Inc. (Medina, Eduardo) Modified on 10/8/2014 to edit text(KJR). (Entered: 10/07/2014) |
| 10/08/2014 | 40 | MOTION to Dismiss Count III of First Amended Complaint by United Technologies Corporation. (Turner, Hugh) Modified on 10/9/2014 to edit text (KJR). (Entered: 10/08/2014) |
| 10/09/2014 | 41 | ANSWER and affirmative defenses to Plaintiff's First Amended Complaint, re 19 Amended Complaint by Lockheed Martin Corporation.(Melaragno, Peter) Modified on 10/10/2014 to edit text (KJR). (Entered: 10/09/2014) |
| 10/09/2014 | 42 | ANSWER and affirmative defenses with Jury Demand to 19 Amended Complaint by Pratt &Whitney Rocketdyne, Inc..(Baxley–Hull, Xaverie) (Entered: 10/09/2014) |

| 10/13/2014 | 43 | RESPONSE (Consolidated Brief) in Opposition re 26 MOTION to Dismiss Plaintiff's First Amended Complaint, 27 MOTION to Dismiss Plaintiff's First Amended Complaint , 28 MOTION to Strike, 29 MOTION to Strike , and in the alternative, Motion for leave to Cure Any Pleading Defects identified by the Court filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 10/15/2014 to edit text (KJR). (Entered: 10/13/2014) |
| --- | --- | --- |
| 10/14/2014 | 44 | RETURN of service executed on 10/3/2014 by Darryl S. Dugas, Marsha Dugas as to BASF Corporation. (Dam, Case) Modified on 10/15/2014 to edit text(KJR). (Entered: 10/14/2014) |
| 10/14/2014 | 45 | RETURN of service executed on 10/7/2014 by Darryl S. Dugas, Marsha Dugas as to Henkel Corporation. (Dam, Case) Modified on 10/15/2014 to edit text(KJR). (Entered: 10/14/2014) |
| 10/14/2014 | 46 | RETURN of service executed on 10/7/2014 by Darryl S. Dugas, Marsha Dugas as to Novartis Corporation. (Dam, Case) Modified on 10/15/2014 to edit text (KJR). (Entered: 10/14/2014) |
| 10/14/2014 | 47 | RETURN of service executed on 10/2/2014 by Darryl S. Dugas, Marsha Dugas as to Union Carbide Corporation. (Dam, Case) Modified on 10/15/2014 to edit text (KJR). (Entered: 10/14/2014) |
| 10/14/2014 | 48 | RETURN of service executed on 10/3/2014 by Darryl S. Dugas, Marsha Dugas as to Wyeth Holdings Corporation. (Dam, Case) Modified on 10/15/2014 to edit text (KJR). (Entered: 10/14/2014) |
| 10/15/2014 | 49 | MOTION for miscellaneous relief, specifically Issuance of Alias Summons *for defendants Cirrus and Dexter Hysol* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit Exh. A – Summons issued for Defendants Cirrus and Dexter Hysol, # 2 Exhibit Affidavit of Due Diligence on Cirrus, # 3 Exhibit Affidavit of Due Diligence on Dexter Hysol, # 4 Text of Proposed Order Proposed Order Granting Motion for Issuance of Alias Summons on Cirrus and Dexter Hysol)(Dam, Case) (Entered: 10/15/2014) |
| 10/16/2014 | | (Court only) *** 49 MOTION for miscellaneous relief, specifically Issuance of Alias Summons *for defendants Cirrus and Dexter Hysol* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 10/16/2014) |
| 10/17/2014 | 50 | SUMMONS issued as to Vought Aircraft Industries, Inc., sued individually and as successor–in–interest to Ling–Temco–Vought re, Order 32 (KJR) (Entered: 10/17/2014) |
| 10/20/2014 | 51 | CERTIFICATE of interested persons and corporate disclosure statement *of Plaintiffs* by Darryl S. Dugas, Marsga Dugas identifying Corporate Parent Darryl S. Dugas, Corporate Parent Marsga Dugas for Darryl S. Dugas, Marsga Dugas.. (Dam, Case) (Entered: 10/20/2014) |
| 10/20/2014 | 52 | ENDORSED ORDER granting 49 Plaintiffs' Motion for Issuance of Alias Summons. The Clerk is directed to issue alias summonses for Defendants Dexter Hysol Aerospace, LLC (f/k/a Dexter Hysol Aerospace, Inc., successor by merger with Hysol Corporation), and Cirrus Enterprises, LLC (sued individually and as successor–in–interest to EV Roberts &Associates, Inc. and Evra, Inc.). Signed by Magistrate Judge Joel B. Toomey on 10/20/2014. (VVR) (Entered: 10/20/2014) |
| 10/21/2014 | 53 | ORDER denying 28 Motion to Strike; denying 29 Motion to Strike. Signed by Magistrate Judge Joel B. Toomey on 10/21/2014. (VVR) (Entered: 10/21/2014) |
| 10/22/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder; re 52 Order on Motion for Miscellaneous Relief, 53 Order on Motion to Strike (Electronic filing reminder included) (KJR) Modified on 10/22/2014 to edit text(KJR). (Entered: 10/22/2014) |
| 10/22/2014 | 54 | NOTICE of Appearance of Susan J. Cole, Melanie Chung–Tims, Neil A. Covone and Eduardo J. Medina by Eduardo J. Medina on behalf of Wyeth Holdings Corporation (Medina, Eduardo) Modified on 10/22/2014 to edit text (KJR). (Entered: 10/22/2014) |

| 10/22/2014 | 55 | MOTION to Dismiss Plaintiff's First Amended Complaint, re Doc. 19 by Wyeth Holdings Corporation. (Medina, Eduardo) Modified on 10/22/2014 to edit text and update relationship (KJR). (Entered: 10/22/2014) |
|---|---|---|
| 10/22/2014 | 56 | MOTION for Expedited Trial Date by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit)(Dam, Case) Modified on 10/23/2014 to edit text(KJR). (Entered: 10/22/2014) |
| 10/22/2014 | 57 | RESPONSE in Opposition re 26 MOTION to Dismiss Plaintiff's First Amended Complaint , 40 MOTION to Dismiss First Amended Complaint , 55 MOTION to Dismiss Plaintiff's First Amended Complaint *Opposition to Defendants IMO Industries, Inc., United Technologies Corporation,and Wyeth Holdings Corporation's Respective Motions to Dismiss Count III of Plaintiffs' First Amended Complaint and, Alternatively, Motion for Leave any Pleading Defects* filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 10/22/2014) |
| 10/23/2014 | 58 | ANSWER and affirmative defenses with Jury Demand to 19 Amended Complaint by Shell Oil Company.(Davis, Evelyn) Modified on 10/23/2014 to edit text (PAM). (Entered: 10/23/2014) |
| 10/23/2014 | 59 | MOTION to Dismiss Complaint *Amended* by Union Carbide Corporation. (Wilson, Joseph) (Entered: 10/23/2014) |
| 10/23/2014 | 60 | ANSWER and affirmative defenses to 19 Amended Complaint by Union Carbide Corporation.(Wilson, Joseph) (Entered: 10/23/2014) |
| 10/23/2014 | 61 | CERTIFICATE of interested persons and corporate disclosure statement by Union Carbide Corporation. (Wilson, Joseph) (Entered: 10/23/2014) |
| 10/23/2014 | 62 | ENDORSED ORDER shortening the time for Defendants to file their response(s) in opposition, if any, to Plaintiffs' Motion for Expedited Trial Date 56 . Defendants shall file any response(s) in opposition no later than October 31, 2014. Signed by Judge Brian J. Davis on 10/23/2014. (AMP) (Entered: 10/23/2014) |
| 10/23/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, Joseph C. Wilson, IV, James G. Kennedy re 62 Order (PAM) Notice to Counsel Regarding Electronic Filing Sent (Entered: 10/23/2014) |
| 10/23/2014 | 63 | SUMMONS issued as to Cirrus Enterprises, LLC AND Dexter Hysol Aerospace, LLC. (NAS) (Entered: 10/23/2014) |
| 10/23/2014 | 64 | UNOPPOSED MOTION for Extension of Time to File Answer re 19 Amended Complaint by BASF Corporation. (Ianno, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 10/24/2014 to edit text (PAM). (Entered: 10/23/2014) |
| 10/23/2014 | | (Court only) Set Deadlines as to 56 MOTION to Expedite . Responses due by 10/31/2014 (PAM) (Entered: 10/24/2014) |
| 10/24/2014 | 65 | ENDORSED ORDER granting 64 Defendant, BASF Corporation's Unopposed Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and Memorandum of Law. Defendant BASF Corporation shall have up to and including November 10, 2014, to respond to Plaintiff's First Amended Complaint 19 . Signed by Magistrate Judge Joel B. Toomey on 10/24/2014. (TSP) (Entered: 10/24/2014) |
| 10/24/2014 | | (Court only) ***Set/reset deadlines Answer due by 11/10/2014. (TSP) (Entered: 10/24/2014) |
| 10/24/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, Joseph C. Wilson, IV, James G. Kennedy; re 65 Order on motion for extension of time to answer (TSP) Notice to Counsel Regarding Electronic Filing Sent (Entered: 10/24/2014) |
| 10/24/2014 | 66 | NOTICE of adoption of and joinder re: 26 MOTION to Dismiss Plaintiff's First Amended Complaint and 59 MOTION to Dismiss Plaintiff's First Amended Complaint by IMO Industries, Inc., Shell Oil Company, Union Carbide Corporation. (Davis, Evelyn) Modified on 10/24/2014 to edit text (PAM). (Entered: 10/24/2014) |

| 10/24/2014 | | (Court only) ***Motions terminated: 66 MOTION to Dismiss Plaintiffs' First Amended Complaint filed by Union Carbide Corporation, Shell Oil Company, IMO Industries, Inc. (PAM) Chambers notified (Entered: 10/24/2014) |
|---|---|---|
| 10/24/2014 | 67 | CERTIFICATE of interested persons and corporate disclosure statement by Shell Oil Company identifying Corporate Parent Shell Peteroleum Inc, Other Affiliate Shell Petroleum N.V., Other Affiliate Royal Dutch Shell PLC for Shell Oil Company. (Davis, Evelyn) Modified on 10/27/2014 to exit text (PAM). (Entered: 10/24/2014) |
| 10/27/2014 | 68 | NOTICE of voluntary dismissal by Darryl S. Dugas, Marsga Dugas (Dam, Case) (Entered: 10/27/2014) |
| 10/27/2014 | 69 | UNOPPOSED MOTION for H.W. Trey Jones to appear pro hac vice by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 10/28/2014 to edit text (PAM). (Entered: 10/27/2014) |
| 10/27/2014 | 70 | MOTION for Disclosure by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 10/28/2014 to edit text (PAM). Modified on 10/29/2014 (PAM). Stricken Per Order Doc. 72 (Entered: 10/27/2014) |
| 10/28/2014 | | (Court only) ***Motions terminated: 70 First MOTION for Disclosure filed by Marsga Dugas, Darryl S. Dugas. (PAM) Per Chamber. (Entered: 10/28/2014) |
| 10/28/2014 | 71 | ENDORSED ORDER granting 69 Unopposed Motion for Admission Pro Hac Vice of H.W. Trey Jones and Written Designation and Consent to Act. If H. W. Trey Jones, Esq., has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 10/28/2014. (TSP) (Entered: 10/28/2014) |
| 10/28/2014 | | (Court only) ***COPIES mailed to Counsel: H.W. Trey Jones, Mark A. Linder, Joseph C. Wilson, IV, James G. Kennedy; re 71 Order on motion to appear pro hac vice (TSP) (Entered: 10/28/2014) |
| 10/28/2014 | 72 | ORDER striking without prejudice 70 Plaintiffs' Rule 26(a)(1) Initial Disclosures. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 10/28/2014. (VVR) (Entered: 10/28/2014) |
| 10/29/2014 | | (Court only) ***COPIES mailed to Counsel: H.W. Trey Jones, Mark A. Linder, Joseph C. Wilson, IV, James G. Kennedy; re 72 Order pdf (PAM) Notice to Counsel Regarding Electronic Filing Sent Modified on 10/29/2014 to edit text (PAM). (Entered: 10/29/2014) |
| 10/29/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney H.W. Trey Jones, appearing on behalf of Darryl S. Dugas, Marsha Dugas (Filing fee $10 receipt number JAX014170.). (TSW) (Entered: 10/29/2014) |
| 10/29/2014 | 73 | NOTICE of voluntary dismissal as to defendant Allison Advanced Development Company, Inc only by Darryl S. Dugas, Marsga Dugas (Dam, Case) Modified on 10/29/2014 to edit text(KJR). (Entered: 10/29/2014) |
| 10/30/2014 | 74 | RETURN of service executed on 10/24/2014 by Darryl S. Dugas, Marsha Dugas as to Vought Aircraft Industries, Inc.(Dam, Case) Modified on 10/30/2014 to edit text (KJR). (Entered: 10/30/2014) |
| 10/30/2014 | | (Court only) ***Counsel notified to use correct event type when filing, re Doc. 74 (KJR) (Entered: 10/30/2014) |
| 10/31/2014 | 75 | RETURN of service executed on 10/28/2014 by Darryl S. Dugas, Marsha Dugas as to Dexter Hysol Aerospace, LLC. (Dam, Case) (Entered: 10/31/2014) |
| 10/31/2014 | 76 | RESPONSE in Opposition re 56 MOTION to Expedite *Trial Date* filed by 3M Company, BASF Corporation, Honeywell International, Inc., Lockheed Martin Corporation, Pratt &Whitney Rocketdyne, Inc., Shell Oil Company, Union Carbide Corporation, United Technologies Corporation. (Hawthorne, David) (Entered: 10/31/2014) |

| 10/31/2014 | 77 | ORDER dismissing without prejudice the claims against Defendants, Rolls–Royce Corporation, Rolls–Royce North America, Inc. and Rolls–Royce, PLC. The Clerk is directed to terminate these Defendants from the Court docket. Signed by Judge Brian J. Davis on 10/30/2014. (AMP) (Entered: 10/31/2014) |
| --- | --- | --- |
| 11/03/2014 | 78 | RETURN of service executed on 10/29/2014 by Darryl S. Dugas, Marsha Dugas as to Cirrus Enterprises, LLC. (Dam, Case) (Entered: 11/03/2014) |
| 11/03/2014 | | (Court only) *** Party Rolls–Royce PLC (individually and as successor–in–interest to ALLISON ENGINE COMPANY), Rolls–Royce Corporation (individually and as successor–in–interest to ALLISON ENGINE COMPANY) and Rolls–Royce North America, Inc. (individually and as successor–in–interest to ROLLS–ROYCE PLC, ROLLS–ROYCE CORPORATION AND ALLISON ENGINE COMPANY) terminated. (KJR) (Entered: 11/03/2014) |
| 11/03/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, H.W. Trey Jones, James G. Kennedy; re 77 Order pdf (Electronic filing reminders included) (KJR) (Entered: 11/03/2014) |
| 11/03/2014 | 79 | ORDER taking under advisement 56 Motion for Expedited Trial Date. Signed by Judge Brian J. Davis on 11/3/2014. (AMP) (Entered: 11/03/2014) |
| 11/03/2014 | 80 | NOTICE of HEARING: Plaintiffs' Motion for Expedited Trial Date is set for hearing on 11/12/2014 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis.(AMP) (Entered: 11/03/2014) |
| 11/03/2014 | 81 | CASE MANAGEMENT REPORT. (Dam, Case) Modified on 11/10/2014 STRICKEN per Order (Doc. 96 ) (KJR). (Entered: 11/03/2014) |
| 11/04/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 79 Order on Motion to Expedite (Electronic filing reminders included) (KJR) (Entered: 11/04/2014) |
| 11/04/2014 | 82 | ANSWER and affirmative defenses to 19 Amended Complaint by Henkel Corporation.(Taylor, Billie) Modified on 11/5/2014 to edit text(KJR). (Entered: 11/04/2014) |
| 11/04/2014 | 83 | ANSWER and affirmative defenses to 19 Amended Complaint *by Plaintiffs* by Dexter Hysol Aerospace, LLC.(Taylor, Billie) Modified on 11/5/2014 to edit text (KJR). (Entered: 11/04/2014) |
| 11/05/2014 | 84 | Unopposed MOTION for Extension of Time to File Answer re 19 Amended Complaint by Novartis Corporation. (Ianno, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 11/05/2014) |
| 11/05/2014 | 85 | ENDORSED ORDER granting 84 Defendant, Novartis Corporation's Unopposed Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and Memorandum of Law. Defendant, Novartis Corporation shall have up to and including November 10, 2014, to respond to Plaintiff's First Amended Complaint 19 . Signed by Magistrate Judge Joel B. Toomey on 11/5/2014. (TSP) (Entered: 11/05/2014) |
| 11/05/2014 | | (Court only) ***Set/reset deadlines Answer due by 11/10/2014. (TSP) (Entered: 11/05/2014) |
| 11/05/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 85 Order on motion for extension of time to answer (Electronic filing reminders included) (KJR) (Entered: 11/05/2014) |
| 11/05/2014 | 86 | NOTICE of Appearance by William T. Stone on behalf of Honeywell International, Inc. (Stone, William) (Entered: 11/05/2014) |
| 11/05/2014 | 87 | MOTION to Dismiss 19 First Amended Complaint *and Notice of Adoption and Joinder* re 26 MOTION to Dismiss, 27 MOTION to Dismiss and 55 MOTION to Dismiss First Amended Complaint and MOTION to Strike Portions of First Amended Complaint by Honeywell International, Inc. (Stone, William) Modified on 11/7/2014 to edit text and create docket entry relationships(KJR). (Entered: 11/05/2014) |

| 11/06/2014 | | (Court only) ***Counsel will refile their Notice of Appearance, re doc. 86 (KJR) (Entered: 11/06/2014) |
|---|---|---|
| 11/06/2014 | 88 | Consolidated BRIEF in Opposition re 66 MOTION to Dismiss Plaintiffs' First Amended Complaint , 59 MOTION to Dismiss Complaint *Amended* and Alternatively, Motion for Leave to Cure Any Pleading Defects filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 11/7/2014 to edit text(KJR). (Entered: 11/06/2014) |
| 11/07/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney James G. Kennedy, appearing on behalf of Union Carbide Corporation (Filing fee $10 receipt number JAX014307.). (TSW) (Entered: 11/07/2014) |
| 11/07/2014 | 89 | AMENDED MOTION for Mark A. Linder to appear pro hac vice by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 11/10/2014 to edit text (PAM). (Entered: 11/07/2014) |
| 11/07/2014 | 90 | UNOPPOSED MOTION for James G. Kennedy to appear pro hac vice by Union Carbide Corporation. (Wilson, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 11/10/2014 to edit text (PAM). (Entered: 11/07/2014) |
| 11/07/2014 | 91 | ANSWER and affirmative defenses to 19 Amended Complaint by Bigham Insulation and Supply Company.(Liebman, John) (Entered: 11/07/2014) |
| 11/07/2014 | 92 | NOTICE of voluntary dismissal by Darryl S. Dugas, Marsga Dugas (Dam, Case) (Entered: 11/07/2014) |
| 11/10/2014 | | (Court only) *** COUNSEL notified to re−file Doc. #91. Incorrect case number reflected and no date on certificate of service. Chambers notified. (PAM) (Entered: 11/10/2014) |
| 11/10/2014 | 93 | ENDORSED ORDER granting 89 Plaintiffs' Amended and Unopposed Motion for Admission Pro Hac Vice of Mark A. Linder and Written Designation and Consent to Act. If Mark A. Linder, Esq. has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 11/10/2014. (TSP) (Entered: 11/10/2014) |
| 11/10/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 93 Order on motion to appear pro hac vice (TSP) (Entered: 11/10/2014) |
| 11/10/2014 | 94 | ORDER denying 90 Unopposed Motion for Admission Pro Hac Vice of James G. Kennedy and Written Designation and Consent to Act without prejudice to refiling an amended motion at any time when the requirements of Local Rule 2.02(a) are satisfied. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 11/10/2014. (VVR) (Entered: 11/10/2014) |
| 11/10/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 93 Order on motion to appear pro hac vice, 94 Order on motion to appear pro hac vice (KJR) (Entered: 11/10/2014) |
| 11/10/2014 | 95 | ANSWER and affirmative defenses to 19 Amended Complaint by Bigham Insulation and Supply Company.(Liebman, John) Modified on 11/10/2014 to edit text and create docket relationship (KJR). (Entered: 11/10/2014) |
| 11/10/2014 | 96 | ORDER striking 81 Case Management Report. The parties shall have up to and including December 8, 2014, to file a joint Case Management Report. Failure to do so may result in imposition of sanctions or the dismissal of this action. Signed by Judge Brian J. Davis on 11/6/2014. (EAM) (Entered: 11/10/2014) |
| 11/10/2014 | 97 | ORDER dismissing without prejudice the claims raised against Defendant Allison Advanced Development Company, Inc. The Clerk of the Court is directed to terminate Defendant Allison Advanced Development Company, Inc. from the Court docket. Signed by Judge Brian J. Davis on 11/6/2014. (EAM) (Entered: 11/10/2014) |
| 11/10/2014 | 98 | MOTION to Dismiss 19 First Amended Complaint *and Notice of Adoption and Joinder re 59 MOTION to Dismiss Complaint Amended by Union Carbide* |

| | | |
|---|---|---|
| | | *Corporation* by BASF Corporation. (Ianno, Joseph) Modified on 11/10/2014 to edit text and create docket relationship(KJR). (Entered: 11/10/2014) |
| 11/10/2014 | | Set/Reset Scheduling Order Deadlines: Rule 26 Meeting Report due by 12/8/2014. (KJR) (Entered: 11/10/2014) |
| 11/10/2014 | 99 | MOTION to Dismiss 19 First Amended Complaint *and Notice of Adoption and Joinder re* 59 *MOTION to Dismiss Complaint Amended by Union Carbide Corporation* by Novartis Corporation. (Ianno, Joseph) Modified on 11/10/2014 to edit text and create docket relationship (KJR). (Entered: 11/10/2014) |
| 11/10/2014 | | (Court only) *** Party Allison Advanced Development Company, Inc. (individualy and as successor–in–interest to ALLISON ENGINE COMPANY) terminated. (KJR) (Entered: 11/10/2014) |
| 11/10/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 96 Order pdf, 97 Order pdf (KJR) (Entered: 11/10/2014) |
| 11/11/2014 | 100 | NOTICE of Appearance by Daniel C. Johnson on behalf of BASF Corporation, Novartis Corporation (Johnson, Daniel) (Entered: 11/11/2014) |
| 11/12/2014 | 101 | Minute Entry for proceedings held before Judge Brian J. Davis: MOTION HEARING held on 11/12/2014; taking under advisement 56 Plaintiffs' Motion for Expedited Trial Date. Court Reporter: Shelli Kozachenko (EAM) (Entered: 11/12/2014) |
| 11/13/2014 | 102 | ORDER dismissing without prejudice the claims raised against Defendant Cirrus Enterprises, LLC. The Clerk of the Court is directed to terminate Defendant Cirrus Enterprises, LLC from the Court docket. Signed by Judge Brian J. Davis on 11/13/2014. (EAM) (Entered: 11/13/2014) |
| 11/14/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 102 Order pdf (Electronic filing reminders included) (KJR) (Entered: 11/14/2014) |
| 11/14/2014 | 103 | Consolidated BRIEF in Opposition re 87 98 99 MOTIONS to Dismiss 19 First Amended Complaint and, Alternatively, Motion for Leave to Cure Any Pleading Defects filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 11/14/2014 to edit text (KJR). (Entered: 11/14/2014) |
| 11/14/2014 | 104 | CASE MANAGEMENT AND SCHEDULING ORDER: Conduct mediation hearing by 2/2/2015; Discovery due by 3/6/2015; Dispositive motions due by 3/23/2015; Pretrial statement due by 4/15/2015; Final Pretrial Conference set for 4/22/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis; Jury Trial set for trial term commencing on 5/4/2015 at 09:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. Signed by Judge Brian J. Davis on 11/14/2014. (Attachments: # 1 Mediation Report Form, # 2 Docket Sheets)(AMP) (Entered: 11/14/2014) |
| 11/14/2014 | 105 | NOTICE of STATUS CONFERENCES: The following dates and times are set for 1 hour status conferences to occur each month until Trial – 12/15/2014 at 10:00 AM; 1/14/2015 at 10:00 AM; 2/18/2015 at 10:00 AM and 3/24/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis.(AMP) (Entered: 11/14/2014) |
| 11/17/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder, James G. Kennedy; re 105 Notice of hearing, 104 Case management and scheduling order (Electronic filing reminders included) (KJR) (Entered: 11/17/2014) |
| 11/19/2014 | 106 | CERTIFICATE of interested persons and corporate disclosure statement by Honeywell International, Inc.. (Stone, William) (Entered: 11/19/2014) |
| 11/19/2014 | 107 | MOTION for leave to file Second Amended Complaint with Jury Demand filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Plaintiff's Proposed Second Amended Complaint, # 2 Order Granting Motion for Leave to File Second Amended Complaint)(Dam, Case) Modified on 11/20/2014 to edit text and correct event type (KJR). (Entered: 11/19/2014) |

| 11/20/2014 | 108 | NOTICE of Appearance by Hugh J. Turner, Jr, David M. Hawthorne on behalf of BASF Corporation (Turner, Hugh) Modified on 11/21/2014 to edit text(KJR). (Entered: 11/20/2014) |
| 11/20/2014 | 109 | NOTICE of Appearance by Hugh J. Turner, Jr, David M. Hawthorne on behalf of Novartis Corporation (Turner, Hugh) Modified on 11/21/2014 to edit text(KJR). (Entered: 11/20/2014) |
| 11/20/2014 | 110 | NOTICE of Appearance by Todd Carlton Alley on behalf of Shell Oil Company (Alley, Todd) (Entered: 11/20/2014) |
| 11/20/2014 | 111 | ORDER taking under advisement 107 Motion for Leave to File Second Amended Complaint. Plaintiffs shall propose a Second Amended Complaint no later than November 24, 2014. Objections are due no later than November 28, 2014. Signed by Judge Brian J. Davis on 11/20/2014. (AMP) (Entered: 11/20/2014) |
| 11/20/2014 | 112 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Wyeth Holdings Corporation identifying Corporate Parent Wyeth Holdings Corporation for Wyeth Holdings Corporation.. (Medina, Eduardo) (Entered: 11/20/2014) |
| 11/21/2014 | | (Court only) ***COPIES mailed to Counsel: Mark A. Linder; re 111 Order on Motion for Leave to File (Electronic filing reminder included) (KJR) (Entered: 11/21/2014) |
| 11/24/2014 | 113 | SECOND AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Darryl S. Dugas, Marsga Dugas.(Dam, Case) Modified on 11/25/2014 to edit text (KJR). Modified on 12/3/2014 to edit text(KJR). (Entered: 11/24/2014) |
| 11/26/2014 | 114 | RESPONSE in Opposition re 107 MOTION for leave to file Second Amended Complaint filed by 3M Company. (Attachments: # 1 Affidavit Declaration of Dara D. Mann)(Mann, Dara) Modified on 11/28/2014 to edit text(KJR). (Entered: 11/26/2014) |
| 12/01/2014 | 115 | MOTION to Substitute Attorney by BASF Corporation. (Ianno, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/01/2014) |
| 12/01/2014 | 116 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by BASF Corporation. (Hawthorne, David) (Entered: 12/01/2014) |
| 12/01/2014 | 117 | CORPORATE Disclosure Statement by BASF Corporation. (Hawthorne, David) (Entered: 12/01/2014) |
| 12/01/2014 | 118 | CORPORATE Disclosure Statement by United Technologies Corporation. (Hawthorne, David) (Entered: 12/01/2014) |
| 12/01/2014 | 119 | CORPORATE Disclosure Statement by Goodrich Corporation. (Medina, Eduardo) (Entered: 12/01/2014) |
| 12/01/2014 | 120 | CORPORATE Disclosure Statement by IMO Industries, Inc.. (Medina, Eduardo) (Entered: 12/01/2014) |
| 12/01/2014 | 121 | CORPORATE Disclosure Statement by Wyeth Holdings Corporation. (Medina, Eduardo) (Entered: 12/01/2014) |
| 12/01/2014 | 122 | CORPORATE Disclosure Statement by Shell Oil Company identifying Corporate Parent Shell Oil Company for Shell Oil Company.. (Alley, Todd) (Entered: 12/01/2014) |
| 12/01/2014 | 123 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Dexter Hysol Aerospace, LLC identifying Corporate Parent Dexter Hysol Aeorspace, LLC for Dexter Hysol Aerospace, LLC.. (Van der Linde, Kristen) (Entered: 12/01/2014) |
| 12/01/2014 | 124 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Henkel Corporation identifying Corporate Parent Henkel Corporation for Henkel Corporation.. (Van der Linde, Kristen) (Entered: 12/01/2014) |

| 12/01/2014 | 125 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Lockheed Martin Corporation. (Melaragno, Peter) (Entered: 12/01/2014) |
| --- | --- | --- |
| 12/01/2014 | 126 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Novartis Corporation. (Hawthorne, David) (Entered: 12/01/2014) |
| 12/01/2014 | 127 | CORPORATE Disclosure Statement by Novartis Corporation. (Hawthorne, David) (Entered: 12/01/2014) |
| 12/01/2014 | 128 | CERTIFICATE of interested persons and corporate disclosure statement re 104 Case management and scheduling order by Pratt &Whitney Rocketdyne, Inc.. (Baxley–Hull, Xaverie) Modified on 12/2/2014 to edit text and create docket entry relationship(KJR). (Entered: 12/01/2014) |
| 12/01/2014 | 129 | CORPORATE Disclosure Statement by Union Carbide Corporation. (Wilson, Joseph) (Entered: 12/01/2014) |
| 12/01/2014 | 130 | CORPORATE Disclosure Statement by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 12/01/2014) |
| 12/01/2014 | 131 | Joint MOTION to extend time to disclose expert reports and for mediation by Shell Oil Company. (Alley, Todd) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/01/2014) |
| 12/02/2014 | 132 | MOTION to Substitute Attorney by Novartis Corporation. (Ianno, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/02/2014) |
| 12/02/2014 | | (Court only) ***Motions no longer referred: 131 Joint MOTION to extend time to disclose expert reports and mediation . (KJR) (Entered: 12/02/2014) |
| 12/02/2014 | | (Court only) ***Motions terminated: 56 MOTION to Expedite filed by Marsga Dugas, Darryl S. Dugas. (per Chambers) (KJR) (Entered: 12/02/2014) |
| 12/02/2014 | 133 | MOTION for James G. Kennedy to withdraw as attorney by Union Carbide Corporation. (Wilson, Joseph) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/02/2014) |
| 12/02/2014 | 134 | ORDER Granting 107 Motion for Leave to File Second Amended Complaint. Motions to Dismiss 26 , 27 , 40 , 55 , 59 , 87 , 98 and 99 are DENIED as moot. Signed by Judge Brian J. Davis on 12/2/2014. (AMP) (Entered: 12/02/2014) |
| 12/03/2014 | 135 | NOTICE of unavailability of counsel by Pratt &Whitney Rocketdyne, Inc. from 12/24/2014 to 01/06/2015. (Baxley–Hull, Xaverie) (Entered: 12/03/2014) |
| 12/03/2014 | 136 | ENDORSED ORDER granting to the extent necessary 133 Defendant Union Carbide Corporation's motion for Withdrawal of Counsel. James G. Kennedy has not been admitted pro hac vice in this case. See 94 . However, it appears Mr. Kennedy has been added to the docket. Thus, the Clerk is directed to terminate James G. Kennedy as counsel of record in this case. Signed by Magistrate Judge Joel B. Toomey on 12/3/2014. (VVR) (Entered: 12/03/2014) |
| 12/03/2014 | 137 | ENDORSED ORDER granting 115 132 Stipulations and Motions for Substitution of Counsel. Hugh J. Turner, Jr., Esquire, and David M. Hawthorne, Esquire, of the law firm Akerman LLP, are hereby substituted as counsel for Joseph Ianno, Jr., Esquire, and Daniel C. Johnson, Esquire, of the law firm Carlton Fields Jorden Burt, P.A. for Defendants BASF Corporation and Novartis Corporation. The Clerk is directed to terminate Mr. Ianno and Mr. Johnson as counsel of record for those Defendants. Signed by Magistrate Judge Joel B. Toomey on 12/3/2014. (TSP) (Entered: 12/03/2014) |
| 12/03/2014 | 138 | ORDER Granting 131 Joint Proposal to Extend Certain Deadlines. See order for details. Signed by Judge Brian J. Davis on 12/3/2014. (AMP) (Entered: 12/03/2014) |
| 12/03/2014 | 139 | AMENDED ORDER Granting 131 Joint Proposal to Extend Certain Deadlines. Signed by Judge Brian J. Davis on 12/3/2014. (AMP) (Entered: 12/03/2014) |

| 12/03/2014 | 140 | NOTICE OF RESCHEDULING HEARING: The Final Pretrial Conference previously scheduled for 04/22/2015 has been rescheduled to 4/28/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. (AMP) (Entered: 12/03/2014) |
|---|---|---|
| 12/04/2014 | | (Court only) ***Set/reset deadlines Conduct mediation hearing by 4/8/2015. (KJR) (Entered: 12/04/2014) |
| 12/08/2014 | 141 | MOTION to Dismiss 113 Second Amended Complaint by IMO Industries, Inc.. (Medina, Eduardo) Modified on 12/8/2014 to edit text and create docket relationship (KJR). (Entered: 12/08/2014) |
| 12/08/2014 | 142 | MOTION to Dismiss 113 Second Amended Complaint by Goodrich Corporation. (Medina, Eduardo) Modified on 12/8/2014 to edit text and create docket relationship (KJR). (Entered: 12/08/2014) |
| 12/08/2014 | 143 | MOTION to Dismiss 113 Second Amended Complaint by Wyeth Holdings Corporation. (Medina, Eduardo) Modified on 12/8/2014 to edit text and create docket relationship (KJR). (Entered: 12/08/2014) |
| 12/09/2014 | 144 | MOTION to Dismiss 113 Second Amended Complaint *and Incorporated Memorandum of Law* by Honeywell International, Inc. (Stone, William) Modified on 12/9/2014 to edit text and create docket relationship(KJR). (Entered: 12/09/2014) |
| 12/10/2014 | 145 | MOTION to Dismiss 113 Second Amended Complaint by United Technologies Corporation. (Hawthorne, David) Modified on 12/10/2014 to edit text and create docket relationship(KJR). (Entered: 12/10/2014) |
| 12/10/2014 | 146 | ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by Dexter Hysol Aerospace, LLC.(Taylor, Billie) Modified on 12/11/2014 to edit text(KJR). (Entered: 12/10/2014) |
| 12/10/2014 | 147 | ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by Henkel Corporation.(Taylor, Billie) Modified on 12/11/2014 to edit text (KJR). (Entered: 12/10/2014) |
| 12/11/2014 | 148 | ANSWER and affirmative defenses with Jury Demand to 113 Amended Complaint by Union Carbide Corporation.(Wilson, Joseph) (Entered: 12/11/2014) |
| 12/12/2014 | 149 | MOTION to Dismiss Second Amended Complaint by BASF Corporation. (Hawthorne, David) (Entered: 12/12/2014) |
| 12/12/2014 | 150 | MOTION to Dismiss Second Amended Complaint by Novartis Corporation. (Hawthorne, David) (Entered: 12/12/2014) |
| 12/15/2014 | 151 | ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by Pratt &Whitney Rocketdyne, Inc.(Baxley−Hull, Xaverie) Modified on 12/16/2014 to edit text (PAM). (Entered: 12/15/2014) |
| 12/15/2014 | 152 | Minute Entry for proceedings held before Judge Brian J. Davis: STATUS CONFERENCE held on 12/15/2014. Plaintiffs shall file responses to the Defendants' Motions to Dismiss on or before December 19, 2014. Court Reporter: Allison Murray/Cornerstone (EAM) (Entered: 12/15/2014) |
| 12/15/2014 | | (Court only) Reset Deadlines as to 142 MOTION to Dismiss Plaintiff's Second Amended Complaint , 145 MOTION to Dismiss Second Amended Complaint , 150 MOTION to Dismiss Second Amended Complaint , 143 MOTION to Dismiss Plaintiff's Second Amended Complaint , 141 MOTION to Dismiss Plaintiff's Second Amended Complaint , 144 MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law*, 149 MOTION to Dismiss Second Amended Complaint . Responses due by 12/19/2014 (PAM) (Entered: 12/16/2014) |
| 12/16/2014 | 153 | ANSWER and affirmative defenses to 113 Second Amended Complaint by Shell Oil Company.(Alley, Todd) Modified on 12/17/2014 to edit text(KJR). (Entered: 12/16/2014) |

| 12/16/2014 | 154 | MOTION to Dismiss and/or Strike Claims re 113 Second Amended Complaint by Shell Oil Company. (Alley, Todd) Modified on 12/17/2014 to edit text and create docket relationship (KJR). (Entered: 12/16/2014) |
| 12/16/2014 | 155 | ANSWER and affirmative defenses to 113 Second Amended Complaint by Lockheed Martin Corporation.(Melaragno, Peter) Modified on 12/17/2014 to edit text (KJR). (Entered: 12/16/2014) |
| 12/16/2014 | 156 | MOTION to Dismiss and/or Strike Claims re 113 Second Amended Complaint by 3M Company. (Mann, Dara) Modified on 12/17/2014 to edit text and create docket relationship (KJR). (Entered: 12/16/2014) |
| 12/16/2014 | 157 | ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by 3M Company.(Mann, Dara) Modified on 12/17/2014 to edit text(KJR). (Entered: 12/16/2014) |
| 12/18/2014 | 158 | ORDER directing Plaintiffs to file proposed Third Amended Complaint no later than December 23, 2014. See order for other filing deadlines. Signed by Judge Brian J. Davis on 12/18/2014. (AMP) (Entered: 12/18/2014) |
| 12/18/2014 | | (Court only) ***Set deadlines Proposed Third Amended complaint due by 12/23/2014 (KJR) Modified on 12/18/2014 to edit text(KJR). (Entered: 12/18/2014) |
| 12/19/2014 | 159 | CONSOLIDATED Brief in Opposition re 149 MOTION to Dismiss Second Amended Complaint , 145 MOTION to Dismiss Second Amended Complaint , 144 MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law*, 154 MOTION to Dismiss AND/OR STRIKE CLAIMS OF PLAINTIFFS' SECOND AMENDED COMPLAINT , 142 MOTION to Dismiss Plaintiff's Second Amended Complaint , 156 MOTION to Dismiss and/or Strike Claims of Plaintiffs' Second Amended Complaint , 143 MOTION to Dismiss Plaintiff's Second Amended Complaint , 141 MOTION to Dismiss Plaintiff's Second Amended Complaint , 150 MOTION to Dismiss Second Amended Complaint *and Alternatively, Motion for Leave to Cure Any Pleadings Defects* filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 12/19/2014 to edit text (PAM). (Entered: 12/19/2014) |
| 12/23/2014 | 160 | PROPOSED Third Amended Complaint against All Defendants filed by All Plaintiffs.(Dam, Case) Modified on 12/23/2014 to edit text (KJR). (Entered: 12/23/2014) |
| 12/30/2014 | 161 | Joint RESPONSE in Opposition re 160 Proposed Third Amended Complaint filed by Shell Oil Company. (Alley, Todd) Modified on 12/31/2014 to edit text(KJR). (Entered: 12/30/2014) |
| 12/30/2014 | 162 | MOTION to Compel Defendant BASF Corporation's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit Exhibit "A", # 2 Exhibit Exhibit "B", # 3 Exhibit Exhibit "C", # 4 Exhibit Exhibit "D", # 5 Exhibit Exhibit "E", # 6 Exhibit Exhibit "F", # 7 Exhibit Exhibit "G", # 8 Exhibit Exhibit "H", # 9 Exhibit Exhibit "I")(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/30/2014) |
| 12/31/2014 | 163 | ENDORSED ORDER shortening the time to respond to 162 Plaintiffs' Opposed Motion to Compel Defendant BASF Corporation's Discovery Responses. Defendant BASF Corporation shall file a response to this Motion by January 12, 2015, or else it will be deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 12/31/2014. (VVR) (Entered: 12/31/2014) |
| 12/31/2014 | 164 | MOTION to Compel Defendant 3M Company's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit Exhibit "A", # 2 Exhibit Exhibit "B", # 3 Exhibit Exhibit "C", # 4 Exhibit Exhibit "D–1", # 5 Exhibit Exhibit "D–2", # 6 Exhibit Exhibit "E", # 7 Exhibit Exhibit "F", # 8 Exhibit Exhibit "G", # 9 Exhibit Exhibit "H")(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 12/31/2014) |
| 01/05/2015 | 165 | ENDORSED ORDER shortening the time to respond to 164 Plaintiffs' Opposed Motion to Compel Defendant 3M Company's Discovery Responses. Defendant 3M Company shall file a response to this Motion by January 14, 2015, or else it will be |

| | | |
|---|---|---|
| | | deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 1/5/2015. (VVR) (Entered: 01/05/2015) |
| 01/05/2015 | | (Court only) Set/Reset Deadlines as to 162 MOTION to Compel Defendant BASF Corporation's Discovery Responses . Responses due by 1/12/2015 (KJR) (Entered: 01/05/2015) |
| 01/05/2015 | 166 | MOTION to Compel Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporations' Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit Exhibit "A", #2 Exhibit Exhibit "B", #3 Exhibit Exhibit "C", #4 Exhibit Exhibit "D", #5 Exhibit Exhibit "E", #6 Exhibit Exhibit "F", #7 Exhibit Exhibit "G", #8 Exhibit Exhibit "H", #9 Exhibit Exhibit "I", #10 Exhibit Exhibit "J")(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/05/2015) |
| 01/06/2015 | | (Court only) Set/Reset Deadlines as to 164 MOTION to Compel Defendant 3M Company's Discovery Responses . Responses due by 1/14/2015 (KJR) (Entered: 01/06/2015) |
| 01/06/2015 | 167 | ENDORSED ORDER shortening the time to respond to 166 Plaintiffs' Opposed Motion to Compel Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Discovery Responses. Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation shall file a response to this Motion by January 16, 2015, or else it will be deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 1/6/2015. (VVR) (Entered: 01/06/2015) |
| 01/06/2015 | | (Court only) Set/Reset Deadlines as to 166 MOTION to Compel Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporations' Discovery Responses . Responses due by 1/16/2015 (KJR) (Entered: 01/06/2015) |
| 01/07/2015 | 168 | MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit "A", #2 Exhibit "B", #3 Exhibit "C", #4 Exhibit "D", #5 Exhibit "E", #6 Exhibit "F", #7 Exhibit "G", #8 Exhibit "H")(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/07/2015) |
| 01/07/2015 | 169 | MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit "A", #2 Exhibit "B", #3 Exhibit "C", #4 Exhibit "D", #5 Exhibit "E", #6 Exhibit "F", #7 Exhibit "G", #8 Exhibit "H")(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/07/2015) |
| 01/08/2015 | | (Court only) ***Motions terminated: 168 MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses filed by Marsga Dugas, Darryl S. Dugas. (See, Doc. 169 MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses) (KJR) (Entered: 01/08/2015) |
| 01/08/2015 | 170 | ENDORSED ORDER shortening the time to respond to 169 Plaintiffs' Opposed Motion to Compel Defendant Lockheed Martin Corporation's Discovery Responses. Defendant Lockheed Martin Corporation shall file a response to this Motion by January 20, 2015, or else it will be deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 1/8/2015. (VVR) (Entered: 01/08/2015) |
| 01/08/2015 | | (Court only) Set/Reset Deadlines as to 169 MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses . Responses due by 1/20/2015 (KJR) (Entered: 01/08/2015) |
| 01/09/2015 | 171 | JOINT MOTION to extend time to extend deadlines for expert disclosures and Defendant 3M Company's Response to Plaintiffs' Motion to Compel Discovery Responses by 3M Company. (Attachments: #1 Text of Proposed Order)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 1/12/2015 to edit text (PAM). (Entered: 01/09/2015) |
| 01/09/2015 | 172 | NOTICE of voluntary dismissal by Darryl S. Dugas, Marsga Dugas (Dam, Case) (Entered: 01/09/2015) |
| 01/09/2015 | 173 | RESPONSE re 161 Response *Reply to Defendants' Joint Response in Opposition to Plaintiffs' Proposed Third Amended Complaint* by Darryl S. Dugas, Marsga Dugas. |

| | | (Dam, Case) (Entered: 01/09/2015) |
|---|---|---|
| 01/10/2015 | 174 | MOTION for Extension of Time to File Response/Reply as to 166 MOTION to Compel Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporations' Discovery Responses by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/10/2015) |
| 01/12/2015 | 175 | RESPONSE in Opposition re 162 MOTION to Compel Defendant BASF Corporation's Discovery Responses filed by BASF Corporation. (Attachments: # 1 Exhibit Exhibit A)(Hawthorne, David) (Entered: 01/12/2015) |
| 01/12/2015 | 176 | DECLARATION of David M. Hawthorne re 175 Response in Opposition to Motion by BASF Corporation. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Hawthorne, David) (Entered: 01/12/2015) |
| 01/12/2015 | 177 | NOTICE of Appearance by Edward J. Briscoe on behalf of Lockheed Martin Corporation (Briscoe, Edward) (Entered: 01/12/2015) |
| 01/13/2015 | 178 | ORDER dismissing without prejudice the claims raised against Defendant Vought Aircraft Industries, Inc. The Clerk of the Court is directed to terminate Defendant Vought Aircraft Industries, Inc. from the Court docket. Signed by Judge Brian J. Davis on 1/13/2015. (EAM) (Entered: 01/13/2015) |
| 01/13/2015 | 179 | MOTION for Guy P. Glazier to appear pro hac vice by Lockheed Martin Corporation. (Briscoe, Edward) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/13/2015) |
| 01/14/2015 | 180 | ENDORSED ORDER granting 179 Unopposed Motion for Admission Pro Hac Vice of Guy P. Glazier and Written Designation and Consent to Act. If Guy P. Glazier, Esq., has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 1/14/2015. (TSP) (Entered: 01/14/2015) |
| 01/14/2015 | | (Court only) ***COPIES mailed to Counsel Guy P. Glazier re 180 Order on motion to appear pro hac vice (TSP) (Entered: 01/14/2015) |
| 01/14/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Guy P. Glazier, Esq., appearing on behalf of Lockheed Martin Corporation (Filing fee $150 receipt number JAX014908.). (TSW) (Entered: 01/14/2015) |
| 01/14/2015 | 181 | NOTICE by Darryl S. Dugas, Marsha Dugas *Advisory on Case Law Cited at the Status Conference* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dam, Case) (Entered: 01/14/2015) |
| 01/14/2015 | 187 | ORAL MOTION for the Court to consider deposition time frames by Darryl S. Dugas, Marsha Dugas. (EAM) (Entered: 01/16/2015) |
| 01/14/2015 | 188 | Minute Entry for proceedings held before Judge Brian J. Davis: STATUS CONFERENCE held on 1/14/2015; taking under advisement 187 Plaintiffs' Oral Motion for the Court to consider deposition time frames. Court Reporter: Shannon Bishop (EAM) (Entered: 01/16/2015) |
| 01/15/2015 | 182 | MOTION and Stipulation for Substitution of Counsel by United Technologies Corporation. (Cole, Susan) Modified on 1/15/2015 to edit text and court event(KJR). (Entered: 01/15/2015) |
| 01/15/2015 | 183 | TRANSCRIPT of Status Hearing held on January 14, 2015 before Judge Brian J. Davis. Court Reporter/Transcriber Shannon M. Bishop, RDR, CRR; dsmabishop@yahoo.com,Telephone number (904)549–1307. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter.. Redaction Request due 2/5/2015, Redacted Transcript Deadline set for |

| | | 2/17/2015, Release of Transcript Restriction set for 4/15/2015. (SB) Modified on 1/15/2015 to edit text (KJR). (Entered: 01/15/2015) |
|---|---|---|
| 01/15/2015 | 184 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Shannon Bishop, RDR, CRR; dsmabishop@yahoo.com; (904)549–1307. (SB) (Entered: 01/15/2015) |
| 01/15/2015 | | (Court only) *** 182 MOTION and Stipulation for Substitution of Counsel REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/15/2015) |
| 01/15/2015 | | (Court only) ***Counsel notified to use correct event type when filing future pleadings, re Doc. 182 (KJR) (Entered: 01/15/2015) |
| 01/15/2015 | 185 | RESPONSE re 181 Notice Advisory on Case Law Cited at the Status Conference by Lockheed Martin Corporation. (Attachments: # 1 Exhibit Exhibit 1 to Lockheed Martin Corporation's Response to Plaintiffs' "Advisory on Case Law Cited at the Status Conference")(Melaragno, Peter) Modified on 1/16/2015 to edit text(KJR). (Entered: 01/15/2015) |
| 01/16/2015 | 186 | CERTIFICATE of service by Lockheed Martin Corporation re 185 Response to Plaintiffs' "Advisory on Case Law Cited at the Status Conference". (Melaragno, Peter) (Entered: 01/16/2015) |
| 01/16/2015 | 189 | ENDORSED ORDER granting 182 Stipulation and Motion for Substitution of Counsel. Susan J. Cole, B.C.S., Neil A. Covone, Esq., and Bice Cole Law Firm, P.L. are hereby substituted as counsel for Hugh J. Turner, Jr., Esquire, David M. Hawthorne, Esq., and the law firm Akerman, LLP, for Defendant United Technologies Corporation. The Clerk is directed to terminate Mr. Turner and Mr. Hawthorne as counsel of record for that Defendant. Signed by Magistrate Judge Joel B. Toomey on 1/16/2015. (TSP) (Entered: 01/16/2015) |
| 01/16/2015 | 190 | ENDORSED ORDER: Plaintiffs and Defendants shall submit argument supported by appropriate memorandum of law of no more than seven (7) pages regarding an appropriate time limit for the deposition of Plaintiff, Darryl Dugas no later than January 22, 2015. Signed by Judge Brian J. Davis on 1/16/2015. (JAL) (Entered: 01/16/2015) |
| 01/20/2015 | 191 | RESPONSE in Opposition re 169 MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses *and Request for Sanctions Pusuant to Federal Rule of CIvil Procedure 37(a)(5)(B)* filed by Lockheed Martin Corporation. (Briscoe, Edward) (Entered: 01/20/2015) |
| 01/20/2015 | 192 | DECLARATION of Michael D. Smith re 191 Response in Opposition to Motion by Lockheed Martin Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Briscoe, Edward) (Entered: 01/20/2015) |
| 01/20/2015 | 193 | ORDER taking under advisement 162 Plaintiffs' Opposed Motion to Compel Defendant BASF Corporation's Discovery Responses; 164 Plaintiffs' Opposed Motion to Compel Defendant 3M Company's Discovery Responses; 166 Plaintiffs' Opposed Motion to Compel Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Discovery Responses; and 169 Plaintiffs' Opposed Motion to Compel Defendant Lockheed Martin Corporation's Discovery Responses; granting to the extent stated in the Order 171 Joint Motion to Extend Deadlines for Expert Disclosures and Defendant 3M Company's Response to Plaintiffs' Motion to Compel Discovery Responses; and 174 Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Motion for Extension of Time to Respond to Plaintiffs' Motion to Compel. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 1/20/2015. (VVR) (Entered: 01/20/2015) |

| 01/21/2015 | 194 | ORDER directing that Plaintiff's Second Amended Complaint 113 shall be the operative complaint in this case. Signed by Judge Brian J. Davis on 1/20/2015. (AMP) (Entered: 01/21/2015) |
|---|---|---|
| 01/21/2015 | 195 | MOTION for Discovery Status Conference by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 1/22/2015 to edit text(KJR). (Entered: 01/21/2015) |
| 01/21/2015 | 196 | RESPONSE in Opposition re 195 MOTION for *Discovery Status Conference* filed by Lockheed Martin Corporation. (Briscoe, Edward) Modified on 1/22/2015 to edit text(KJR). (Entered: 01/21/2015) |
| 01/22/2015 | | (Court only) *** 195 MOTION for Hearing *Discovery Status Conference* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/22/2015) |
| 01/22/2015 | 197 | JOINT MEMORANDUM in support re 188 Status Conference, 187 Motion for Miscellaneous Relief, 190 Order *Several Defendants' Joint Memorandum in Support of Extending The Time Limit to Depose Plaintiff Darryl Dugas* filed by 3M Company, BASF Corporation, Bigham Insulation and Supply Company, Dexter Hysol Aerospace, LLC, Goodrich Corporation, Henkel Corporation, Honeywell International, Inc., IMO Industries, Inc., Lockheed Martin Corporation, Novartis Corporation, Pratt &Whitney Rocketdyne, Inc., Shell Oil Company, United Technologies Corporation, Wyeth Holdings Corporation. (Attachments: # 1 Affidavit)(Cole, Susan) Modified on 1/23/2015 to edit text (PAM). (Entered: 01/22/2015) |
| 01/22/2015 | 198 | DECLARATION of Guy P. Glazier in Support of Defendants' Joint Memorandum in Support of Extending the Time Limit to Depose Plaintiff Darryl Dugas re 188 Status Conference, 187 MOTION for miscellaneous relief, specifically, 190 Order, 197 Memorandum in support by Lockheed Martin Corporation. (Glazier, Guy) (Entered: 01/22/2015) |
| 01/22/2015 | 199 | MEMORANDUM in support re 190 Order *Deposition Limits for Plaintiff Darryl S. Dugas* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit A)(Dam, Case) (Entered: 01/22/2015) |
| 01/23/2015 | | (Court only) *** COUNSEL notified to re−file Doc. 199 due to personal identifiers e.g. date of births, Social Security Numbers, home addresses and etc (PAM) (Entered: 01/23/2015) |
| 01/23/2015 | 200 | ORDER denying 195 Plaintiffs' Opposed Motion for Discovery Status Conference. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 1/23/2015. (VVR) (Entered: 01/23/2015) |
| 01/23/2015 | 201 | STIPULATION of Dismissal *without Prejudice as to Aerojet Rocketdyne of DE, Inc.* by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 01/23/2015) |
| 01/27/2015 | 202 | ORDER Denying 187 Oral Motion to Limit Deposition Duration. See order for details. Signed by Judge Brian J. Davis on 1/26/2015. (AMP) (Entered: 01/27/2015) |
| 01/27/2015 | 203 | ORDER dismissing without prejudice the claims raised against Defendant Aerojet Rocketdyne of DE, Inc. The Clerk of the Court is directed to terminate Defendant Aerojet Rocketdyne of DE, Inc. from the Court docket. Signed by Judge Brian J. Davis on 1/27/2015. (EAM) (Entered: 01/27/2015) |
| 01/27/2015 | | (Court only) *** Party terminated: Aerojet Rocketdyne of DE, Inc f/k/a Pratt &Whitney Rocketdyne, Inc. (PAM) Per Doc. # 203 (Entered: 01/28/2015) |
| 01/28/2015 | 204 | JOINT MOTION to extend time to deadlines by BASF Corporation. (Attachments: # 1 Text of Proposed Order)(Hawthorne, David) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 1/28/2015 to edit text (PAM). (Entered: 01/28/2015) |
| 01/28/2015 | 205 | CORRECTED MOTION to extend time to for Deadlines by BASF Corporation. (Attachments: # 1 Text of Proposed Order Order Granting Joint Motion to Extend Deadlines)(Hawthorne, David) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 1/28/2015 to edit text (PAM). (Entered: 01/28/2015) |

| 01/28/2015 | | (Court only) ***Motions terminated: 204 Joint MOTION to extend time to deadlines filed by BASF Corporation. (PAM) See Doc. # 205 (Entered: 01/28/2015) |
|---|---|---|
| 01/28/2015 | | (Court only) ***Motions no longer referred: 205 CORRECT MOTION to extend time to for Deadlines. (PAM) (Entered: 01/28/2015) |
| 01/29/2015 | 206 | ORDER Granting 205 Joint Motion to Extend Deadlines. Signed by Judge Brian J. Davis on 1/29/2015. (AMP) (Entered: 01/29/2015) |
| 01/29/2015 | | (Court only) Reset Deadlines as to Discovery due by 3/20/2015, Dispositive and Daubert Motions due by 3/27/2015 Responses due by 4/6/2015 as to 156 MOTION to Dismiss and/or Strike Claims of Plaintiffs' Second Amended Complaint , 142 MOTION to Dismiss Plaintiff's Second Amended Complaint , 145 MOTION to Dismiss Second Amended Complaint , 154 MOTION to Dismiss AND/OR STRIKE CLAIMS OF PLAINTIFFS' SECOND AMENDED COMPLAINT , 149 MOTION to Dismiss Second Amended Complaint , 150 MOTION to Dismiss Second Amended Complaint , 143 MOTION to Dismiss Plaintiff's Second Amended Complaint , 141 MOTION to Dismiss Plaintiff's Second Amended Complaint , 144 MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law*. (PAM) (Entered: 01/30/2015) |
| 01/30/2015 | 207 | MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* by Lockheed Martin Corporation. (Attachments: # 1 Exhibit 1 Declaration of Laura Patricia Yee, # 2 Exhibit 2 Correspondence dated January 30, 2015)(Briscoe, Edward) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 01/30/2015) |
| 02/02/2015 | 208 | NOTICE of Joinder by Goodrich Corporation, IMO Industries, Inc., United Technologies Corporation, Wyeth Holdings Corporation re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* (Medina, Eduardo) Modified on 2/2/2015 to edit text (KJR). (Entered: 02/02/2015) |
| 02/02/2015 | 209 | DECLARATION of Susan J. Cole re 208 Notice of Joinder by Goodrich Corporation, IMO Industries, Inc., United Technologies Corporation, Wyeth Holdings Corporation. (Medina, Eduardo) Modified on 2/2/2015 to edit text(KJR). (Entered: 02/02/2015) |
| 02/02/2015 | 210 | ENDORSED ORDER shortening the time to respond to 207 Defendant Lockheed Martin Corporation's Motion for a Protective Order and Sanctions Regarding the Deposition of Darryl Dugas. Plaintiffs shall file a response to the Motion by February 6, 2015, or else it will be deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 2/2/2015. (VVR) (Entered: 02/02/2015) |
| 02/02/2015 | 211 | ENDORSED ORDER denying as moot 171 Joint Motion to Extend Deadlines for Expert Disclosures and Defendant 3M Company's Response to Plaintiffs' Motion to Compel Discovery Responses, to the extent it was not already granted by 193 , in light of the Court's Order 206 . Signed by Magistrate Judge Joel B. Toomey on 2/2/2015. (VVR) (Entered: 02/02/2015) |
| 02/02/2015 | | (Court only) Set/Reset Deadlines as to 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law*. Plaintiffs Responses due by 2/6/2015 (KJR) (Entered: 02/02/2015) |
| 02/02/2015 | 212 | JOINDER in motion by Shell Oil Company re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation . (Alley, Todd) (Entered: 02/02/2015) |
| 02/02/2015 | 213 | DECLARATION of Todd C. Alley re 212 Joinder in motion by Shell Oil Company. (Alley, Todd) (Entered: 02/02/2015) |
| 02/02/2015 | 214 | JOINDER in motion by BASF Corporation re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation . (Hawthorne, David) (Entered: 02/02/2015) |

| 02/02/2015 | 215 | JOINDER in motion by Novartis Corporation re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation . (Hawthorne, David) (Entered: 02/02/2015) |
|---|---|---|
| 02/02/2015 | 216 | DECLARATION of David M. Hawthorne re 215 Joinder in motion, 214 Joinder in motion by BASF Corporation, Novartis Corporation. (Hawthorne, David) (Entered: 02/02/2015) |
| 02/04/2015 | 217 | ORDER directing the parties to advise the Court of the status of mediation on or before February 20, 2015. Signed by Judge Brian J. Davis on 2/4/2015. (AMP) Modified on 2/5/2015 (PAM). Vacated Per Order Doc. 218 (Entered: 02/04/2015) |
| 02/04/2015 | | (Court only) ***Set deadlines Status of the mediation due by 2/20/2015. (PAM) (Entered: 02/04/2015) |
| 02/05/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 02/05/2015. (PAM) (Entered: 02/05/2015) |
| 02/05/2015 | 218 | ENDORSED ORDER VACATING the Court's February 4, 2015, order 217 in light of the Court's December 3, 2014, order 139 . Signed by Judge Brian J. Davis on 2/5/2015. (AMP) Modified on 2/6/2015 to edit text: Chambers notified (PAM). (Entered: 02/05/2015) |
| 02/05/2015 | 219 | STIPULATION of Dismissal *without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)* by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 02/05/2015) |
| 02/06/2015 | 220 | RESPONSE to Motion re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law Brief in Opposition* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit "1", # 2 Exhibit "2", # 3 Exhibit "3", # 4 Exhibit "4", # 5 Exhibit "5", # 6 Exhibit "6", # 7 Exhibit "7", # 8 Exhibit "8", # 9 Exhibit "9", # 10 Exhibit "10", # 11 Exhibit "11", # 12 Exhibit "12", # 13 Exhibit "13", # 14 Exhibit "14", # 15 Exhibit "15", # 16 Exhibit "16", # 17 Exhibit "17")(Dam, Case) (Entered: 02/06/2015) |
| 02/09/2015 | 221 | NOTICE of Appearance by Helaine S. Goodner on behalf of Lockheed Martin Corporation (Goodner, Helaine) (Entered: 02/09/2015) |
| 02/09/2015 | 222 | NOTICE of Appearance by Robert Frederick Bouchard on behalf of Lockheed Martin Corporation (Bouchard, Robert) (Entered: 02/09/2015) |
| 02/09/2015 | 223 | MOTION for leave to file a Reply in Support of its Motion for Protective Order and Sanctions Regarding The Deposition of Darryl Dugas by Lockheed Martin Corporation. (Bouchard, Robert) (Entered: 02/09/2015) |
| 02/10/2015 | | (Court only) *** 223 MOTION for leave to file a Reply in Support of its Motion for Protective Order and Sanctions Regarding The Deposition of Darryl Dugas REFERRED to Magistrate Judge Joel B. Toomey. (PAM) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 02/10/2015) |
| 02/10/2015 | 224 | ORDERED: Defendant Lockheed Martin Corporation's Motion for Reply 223 is granted; Plaintiffs are also permitted to file a surreply. The reply is due no later than February 12, 2015. The surreply is due no later than 12:00 p.m. on February 17, 2015. A hearing is set on 207 Defendant Lockheed Martin Corporation's Motion for Protective Order. The hearing is set for February 18, 2015 at 10:00 a.m. in Jacksonville Courtroom 5A before Magistrate Judge Joel B. Toomey. With the consent of the District Judge, the undersigned will conduct the February status conference contemplated by 104 on this date and time in Courtroom 5A. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 2/10/2015. (VVR) (Entered: 02/10/2015) |
| 02/11/2015 | | (Court only) Set/Reset Deadlines as to 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law*. Reply due no later than 2/12/2015, surreply due by 2/17/2015., Motion Hearing set for 2/18/2015 at 10:00 AM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey. (KJR) (Entered: |

| | | 02/11/2015) |
|---|---|---|
| 02/11/2015 | | (Court only) ***Set/reset hearings: Status Conference set for 2/18/2015 at 10:00 AM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey (KJR) (Entered: 02/11/2015) |
| 02/11/2015 | 225 | ORDER dismissing without prejudice the claims raised against Defendant Bigham Insulation and Supply Company, Inc. The Clerk of the Court is directed to terminate Defendant Bigham Insulation and Supply Company, Inc. from the Court docket. Signed by Judge Brian J. Davis on 2/10/2015. (EAM) (Entered: 02/11/2015) |
| 02/11/2015 | | (Court only) *** Party Bigham Insulation and Supply Company terminated, per Order Doc. 225 . (KJR) (Entered: 02/11/2015) |
| 02/12/2015 | 226 | NOTICE of mediation conference/hearing to be held on Monday, April 6, 2015 at 9:30 a.m. before Brett Q. Lucas, Esquire.(Lucas, Brett) (Entered: 02/12/2015) |
| 02/12/2015 | 227 | REPLY to Response to Motion re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation. (Briscoe, Edward) (Entered: 02/12/2015) |
| 02/17/2015 | 228 | SURREPLY BRIEF in Opposition to 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 2/18/2015 to edit text(KJR). (Entered: 02/17/2015) |
| 02/17/2015 | | (Court only) ***Deadlines terminated. Redacted Transcript Deadline 02/17/2015. (PAM) (Entered: 02/17/2015) |
| 02/18/2015 | 229 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: STATUS CONFERENCE held on 2/18/2015, MOTION HEARING held on 2/18/2015 re 207 MOTION for Protective Order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation. Court Reporter: Cindy Packevicz (TSP) (Entered: 02/18/2015) |
| 02/18/2015 | 230 | ORDER taking under advisement 207 Defendant Lockheed Martin Corporation's Motion for a Protective Order and Sanctions Regarding the Deposition of Darryl Dugas. Plaintiffs' supplemental response is due on or before March 4, 2015. The parties' joint statement is due on or before March 4, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 2/18/2015. (VVR) (Entered: 02/18/2015) |
| 02/19/2015 | | (Court only) Set/Reset Deadlines as to 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law*. Plaintiff's Supplemental Response due by 3/4/2015, Parties' joint statement due by 3/4/2015 (KJR) (Entered: 02/19/2015) |
| 02/23/2015 | 231 | NOTICE of voluntary dismissal by Darryl S. Dugas, Marsga Dugas (Dam, Case) (Entered: 02/23/2015) |
| 02/23/2015 | 232 | NOTICE of voluntary dismissal by Darryl S. Dugas, Marsga Dugas (Dam, Case) (Entered: 02/23/2015) |
| 02/25/2015 | 233 | STIPULATION of Dismissal *without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)* by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 02/25/2015) |
| 02/25/2015 | 234 | ORDER dismissing without prejudice the claims raised against Defendants BASF Corporation and Novartis Corporation. The Clerk of the Court is directed to terminate Defendants BASF Corporation and Novartis Corporation from the Court docket. Signed by Judge Brian J. Davis on 2/25/2015. (EAM) (Entered: 02/25/2015) |
| 02/25/2015 | 235 | NOTICE of withdrawal of motion by Lockheed Martin Corporation re 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation (Briscoe, Edward) (Entered: 02/25/2015) |

| 02/26/2015 | 236 | NOTICE of withdrawal of all pending motions by Lockheed Martin Corporation (Briscoe, Edward) Modified on 2/26/2015 to edit text (KJR). (Entered: 02/26/2015) |
|---|---|---|
| 02/26/2015 | | (Court only) *** Party BASF Corporation and Novartis Corporation terminated, Per Order (Doc. 234 ). (KJR) (Entered: 02/26/2015) |
| 02/26/2015 | | (Court only) ***Motions terminated: 207 MOTION for protective order *and Sanctions Regarding the Deposition of Darryl Dugas and Supporting Memorandum of Law* filed by Lockheed Martin Corporation. Per Doc. 235 , Notice of Withdrawal (KJR) (Entered: 02/26/2015) |
| 02/26/2015 | | (Court only) ***Motions terminated: 149 MOTION to Dismiss Second Amended Complaint filed by BASF Corporation, 150 MOTION to Dismiss Second Amended Complaint filed by Novartis Corporation. (per chambers) (KJR) (Entered: 02/26/2015) |
| 02/27/2015 | 237 | ORDER dismissing without prejudice the claims raised against Defendants Goodrich Corporation and Wyeth Holdings Corporation. The Clerk of the Court is directed to terminate Defendants Goodrich Corporation and Wyeth Holdings Corporation from the Court docket. Signed by Judge Brian J. Davis on 2/26/2015. (EAM) (Entered: 02/27/2015) |
| 02/27/2015 | 238 | Witness List by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit A–Report of Darrell A. Bevis, # 2 Exhibit B–Report of Dr. Edwin C. Holstein, M.D., # 3 Exhibit B–Report of Dr. Edwin C. Holstein, # 4 Exhibit C–Report of Dr. William E. Longo, Ph.D., # 5 Exhibit C–Report of Dr. William E. Longo, Ph.D., # 6 Exhibit C–Report of Dr. William E. Longo, Ph.D., # 7 Exhibit D–Report of Captain William A. Lowell, USNR, # 8 Exhibit E–Report of John C. Maddox, MD)(Dam, Case) Modified on 3/2/2015 STRICKEN per Order (Doc. 239 )(KJR). (Entered: 02/27/2015) |
| 03/02/2015 | | (Court only) *** Party Goodrich Corporation and Wyeth Holdings Corporation (individually and as successor–in–interest to American Cyanamid) terminated, per Order (Doc. 237 ) (KJR) (Entered: 03/02/2015) |
| 03/02/2015 | 239 | ORDER to strike re: 238 Expert Disclosures filed by Marsha Dugas, Darryl S. Dugas. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/2/2015. (VVR) (Entered: 03/02/2015) |
| 03/02/2015 | 240 | MOTION for protective order *and Memorandum of Law in Support* by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Covone, Neil) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/02/2015) |
| 03/02/2015 | 241 | ORDER dismissing without prejudice the claims raised against Defendant Lockheed Martin Corporation. The Clerk of the Court is directed to terminate Defendant Lockheed Martin Corporation from the Court docket. Signed by Judge Brian J. Davis on 3/2/2015. (EAM) (Entered: 03/02/2015) |
| 03/03/2015 | | (Court only) *** Party Lockheed Martin Corporation terminated per Order (Doc. 241 ) (KJR) (Entered: 03/03/2015) |
| 03/03/2015 | | (Court only) ***Motions terminated: 143 MOTION to Dismiss Plaintiff's Second Amended Complaint filed by Wyeth Holdings Corporation, 142 MOTION to Dismiss Plaintiff's Second Amended Complaint filed by Goodrich Corporation. (per chambers) (KJR) (Entered: 03/03/2015) |
| 03/03/2015 | 242 | NOTICE by Dexter Hysol Aerospace, LLC *of Withdrawal of its Seventeenth Affirmative Defense* (Taylor, Billie) (Entered: 03/03/2015) |
| 03/03/2015 | 243 | NOTICE by Henkel Corporation *Withdrawal of its Seventeenth Affirmative Defense* (Taylor, Billie) (Entered: 03/03/2015) |
| 03/03/2015 | | (Court only) ***Motions terminated: 169 MOTION to Compel Defendant Lockheed Martin Corporation's Discovery Responses filed by Marsga Dugas, Darryl S. Dugas, 162 MOTION to Compel Defendant BASF Corporation's Discovery Responses filed by Marsga Dugas, Darryl S. Dugas. (per chambers) (KJR) (Entered: 03/03/2015) |

| 03/04/2015 | 244 | MOTION for Extension of Time to File Defendant's Expert Report Disclosure by Honeywell International, Inc. (Attachments: #1 Exhibit A – Defendant Honeywell's Notice of Service of Verified Answers and Objections to Plaintiff's First Set of Interrogatories, #2 Exhibit B – Plaintiff's Answers to First Interrogatories of Defendant, Honeywell to Plaintiff, #3 Exhibit C – Plaintiff's Responses to Defendant United Technologies Requests for Admissions of Facts to Plaintiff)(Stone, William) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 3/5/2015 to edit text(KJR). (Entered: 03/04/2015) |
|---|---|---|
| 03/04/2015 | 245 | STIPULATION *Joint Statement Regarding Scheduling of the Remainder of Plaintiff Darryl S. Dugas' Deposition* by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit 1–Affidavit of Anup Lal, M.D., #2 Exhibit 1A–Affidavit of Marsha Dugas, #3 Exhibit 1B–Samman Note)(Dam, Case) (Entered: 03/04/2015) |
| 03/05/2015 | 246 | MOTION for protective order *and Supporting Memorandum of Law* by 3M Company. (Attachments: #1 Affidavit, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Exhibit D, #6 Exhibit E, #7 Exhibit F, #8 Exhibit G, #9 Exhibit H, #10 Exhibit I, #11 Exhibit J, #12 Exhibit K, #13 Exhibit L, #14 Exhibit M, #15 Exhibit N, #16 Exhibit O)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/05/2015) |
| 03/05/2015 | 247 | AFFIDAVIT of Dara Mann, Filing Exhibits P–U re: 246 MOTION for protective order *and Supporting Memorandum of Law* by 3M Company. (Attachments: #1 Exhibit P, #2 Exhibit Q, #3 Exhibit R, #4 Exhibit S, #5 Exhibit T, #6 Exhibit U)(Mann, Dara) Modified on 3/6/2015 to edit text(KJR). (Entered: 03/05/2015) |
| 03/05/2015 | 248 | AFFIDAVIT of Dara Mann, Filing Exhibits V–DD re: 246 MOTION for protective order and Supporting Memorandum of Law filed by 3M Company. (Attachments: #1 Exhibit V, #2 Exhibit W, #3 Exhibit X, #4 Exhibit Y, #5 Exhibit Z, #6 Exhibit AA, #7 Exhibit BB, #8 Exhibit CC, #9 Exhibit DD)(Mann, Dara) Modified on 3/6/2015 to edit text and create docket relationship(KJR). (Entered: 03/05/2015) |
| 03/05/2015 | 249 | NOTICE by 3M Company *of Joinder re 244 MOTION for Extension of Time to File Defendant's Expert Report Disclosure* (Mann, Dara) Modified on 3/6/2015 to edit text and create docket relationship (KJR). (Entered: 03/05/2015) |
| 03/05/2015 | 250 | MOTION to extend time to disclose experts by Shell Oil Company, Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 3/6/2015 to edit text(KJR). (Entered: 03/05/2015) |
| 03/06/2015 | 251 | ORDER denying as moot 207 Lockheed Martin Corporation's Motion for a Protective Order and Sanctions Regarding the Deposition of Darryl Dugas to the extent it requests that the Court compel the continuation of Mr. Dugas's deposition on five consecutive days, keeping under advisement the issue of fees and costs requested in the Motion, and accepting the parties' agreed upon schedule for the continuation of Mr. Dugas's deposition, as described in the Joint Statement on the Scheduling of the Remainder of Plaintiff Darryl S. Dugas' Deposition 245 . See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/6/2015. (VVR) (Entered: 03/06/2015) |
| 03/06/2015 | 252 | MOTION to Compel Defendant United Technologies Corporation's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J, #11 Exhibit K, #12 Exhibit L, #13 Exhibit M, #14 Exhibit N, #15 Exhibit O, #16 Exhibit P)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/06/2015) |
| 03/06/2015 | 253 | NOTICE by United Technologies Corporation *Notice of Service of Expert Witness Disclosures* (Covone, Neil) Modified on 3/9/2015 STRICKEN per Order (Doc. 255 )(KJR). (Entered: 03/06/2015) |
| 03/06/2015 | 254 | MOTION to Compel Depositions of Defendants' 30(b)(6) Witnesses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3, #4 Exhibit 4, #5 Exhibit 5, #6 Exhibit 6, #7 Exhibit 7, #8 Exhibit 8, #9 Exhibit 8a, #10 Exhibit 8b, #11 Exhibit 9, #12 Exhibit 10, #13 Exhibit 11, #14 Exhibit |

| | | |
|---|---|---|
| | | 12, #15 Exhibit 13, #16 Exhibit 14, #17 Exhibit 15, #18 Exhibit 16, #19 Exhibit 17, #20 Exhibit 18, #21 Exhibit 19, #22 Exhibit 20, #23 Exhibit 21, #24 Exhibit 22, #25 Exhibit 23, #26 Exhibit 24, #27 Exhibit 25, #28 Exhibit 26, #29 Exhibit 27, #30 Exhibit 28, #31 Exhibit 29, #32 Exhibit 30, #33 Exhibit 31, #34 Exhibit 32, #35 Exhibit 33, #36 Exhibit 34, #37 Exhibit 35, #38 Exhibit 36, #39 Exhibit 37, #40 Exhibit 38, #41 Exhibit 39, #42 Exhibit 40)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/06/2015) |
| 03/09/2015 | 255 | ORDER to strike re: 253 Notice (Other) filed by United Technologies Corporation. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/9/2015. (VVR) (Entered: 03/09/2015) |
| 03/09/2015 | 256 | MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC's & Henkel Corporation's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3, #4 Exhibit 4, #5 Exhibit 5, #6 Exhibit 6, #7 Exhibit 7, #8 Exhibit 8, #9 Exhibit 9, #10 Exhibit 10, #11 Exhibit 11, #12 Exhibit 12, #13 Exhibit 13, #14 Exhibit 14, #15 Exhibit 15, #16 Exhibit 16, #17 Exhibit 17, #18 Exhibit 18, #19 Exhibit 19, #20 Exhibit 20, #21 Exhibit 21, #22 Exhibit 22, #23 Exhibit 23, #24 Exhibit 24)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/09/2015) |
| 03/11/2015 | 257 | RESPONSE in Opposition re 246 MOTION for protective order *and Supporting Memorandum of Law of 3M Company* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3, #4 Exhibit 4, #5 Exhibit 5, #6 Exhibit 6, #7 Exhibit 7, #8 Exhibit 8, #9 Exhibit 9, #10 Exhibit 10, #11 Exhibit 11, #12 Exhibit 12, #13 Exhibit 13, #14 Exhibit 14, #15 Exhibit 15, #16 Exhibit 16, #17 Exhibit 17, #18 Exhibit 18, #19 Exhibit 19, #20 Exhibit 20, #21 Exhibit 21)(Dam, Case) (Entered: 03/11/2015) |
| 03/12/2015 | 258 | TRANSCRIPT of Status Conference/Motion Hearing held on 2–18–15 before Judge Joel B. Toomey. Court Reporter/Transcriber Cindy Packevicz, RPR, FCRR; Telephone number 904–301–6843; cpackevicz@comcast.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter.. Redaction Request due 4/2/2015, Redacted Transcript Deadline set for 4/13/2015, Release of Transcript Restriction set for 6/10/2015. (CLP) (Entered: 03/12/2015) |
| 03/12/2015 | 259 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Cindy Packevicz, RPR, FCRR. 904–301–6843. cpackevicz@comcast.net (CLP) (Entered: 03/12/2015) |
| 03/16/2015 | 260 | ORDER denying 246 Defendant 3M Company's Motion for Protective Order. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/16/2015. (VVR) (Entered: 03/16/2015) |
| 03/16/2015 | 261 | PLAINTIFF'S BRIEF in Opposition re 240 MOTION for protective order *and Memorandum of Law in Support* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J, #11 Exhibit K, #12 Exhibit L, #13 Exhibit M, #14 Exhibit N, #15 Exhibit O, #16 Exhibit P, #17 Exhibit Q, #18 Supplement R)(Dam, Case) Modified on 3/17/2015 to edit text(KJR). (Entered: 03/16/2015) |
| 03/18/2015 | 262 | STIPULATION of Voluntary Dismissal Without Prejudice for Honeywell International, Inc. Pursuant to FDRC 41(a)(1)(A)(ii) by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 3/18/2015 to edit text (KJR). (Entered: 03/18/2015) |
| 03/18/2015 | 263 | PLAINTIFF'S BRIEF in Opposition re 250 MOTION to extend time to disclose experts, 249 Notice of Joinder re 244 MOTION for Extension of Time to File |

| | | Defendant's Expert Report Disclosure filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Dam, Case) Modified on 3/19/2015 to edit text(KJR). (Entered: 03/18/2015) |
|---|---|---|
| 03/19/2015 | 264 | ORDER granting 240 Defendant United Technologies Corporation's Motion for Protective Order. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/19/2015. (VVR) (Entered: 03/19/2015) |
| 03/19/2015 | 265 | CONFIDENTIALITY/PROTECTIVE ORDER. Signed by Magistrate Judge Joel B. Toomey on 3/19/2015. (VVR) (Entered: 03/19/2015) |
| 03/20/2015 | 266 | RESPONSE to Motion re 254 MOTION to Compel Depositions of Defendants' 30(b)(6) Witnesses filed by Shell Oil Company. (Attachments: # 1 Exhibit A)(Alley, Todd) (Entered: 03/20/2015) |
| 03/20/2015 | 267 | ORDER dismissing without prejudice the claims raised against Defendant Honeywell International, Inc. The Clerk of the Court is directed to terminate Defendant Honeywell International, Inc. from the court docket. Signed by Judge Brian J. Davis on 3/20/2015. (EAM) (Entered: 03/20/2015) |
| 03/20/2015 | 268 | RESPONSE in Opposition re 252 MOTION to Compel Defendant United Technologies Corporation's Discovery Responses filed by United Technologies Corporation. (Covone, Neil) (Entered: 03/20/2015) |
| 03/20/2015 | 269 | NOTICE of Joinder by United Technologies Corporation re 266 Response to motion 254 MOTION to Compel Depositions of Defendants' 30(b)(6) Witnesses (Covone, Neil) Modified on 3/23/2015 to edit text(KJR). (Entered: 03/20/2015) |
| 03/20/2015 | 270 | RESPONSE to Motion re 254 MOTION to Compel Depositions of Defendants' 30(b)(6) Witnesses filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Henkel/Dexter's Resp to MTC Exhibit 1, # 2 Exhibit Henkel/Dexter's Resp to MTC Exhibit 2)(Taylor, Billie) (Entered: 03/20/2015) |
| 03/20/2015 | 271 | MOTION to Continue Trial Date and Other Pretrial Deadlines by 3M Company. (Attachments: # 1 Affidavit Affidavit of Dara D. Mann)(Mann, Dara) Modified on 3/23/2015 to edit text(KJR). (Entered: 03/20/2015) |
| 03/20/2015 | 272 | NOTICE of Joinder by 3M Company re 266 Response to motion re 254 MOTION to Compel Depositions of Defendants' 30(b)(6) Witnesses (Mann, Dara) Modified on 3/23/2015 to edit text(KJR). (Entered: 03/20/2015) |
| 03/23/2015 | | (Court only) *** Party Honeywell International, Inc. (individually and as successor–in–interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL &DYE CORP.) terminated, per Order (Doc. 267 ) (KJR) (Entered: 03/23/2015) |
| 03/23/2015 | | (Court only) ***Motions terminated: 144 MOTION to Dismiss Plaintiff's Second Amended Complaint *and Incorporated Memorandum of Law* filed by Honeywell International, Inc. (KJR) (Entered: 03/23/2015) |
| 03/23/2015 | 273 | NOTICE of Adoption and Joinder by Shell Oil Company re 271 MOTION to Continue Trial Date and Other Pretrial Deadlines (Alley, Todd) Modified on 3/24/2015 to edit text(KJR). (Entered: 03/23/2015) |
| 03/23/2015 | 274 | ENDORSED ORDER: The Status Conference scheduled for March 24, 2015, is hereby CANCELLED. Signed by Judge Brian J. Davis on 3/23/2015. (AMP) (Entered: 03/23/2015) |
| 03/23/2015 | 275 | AMENDED MOTION to Compel Defendant 3M Company's Discovery Responses by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 |

| | | |
|---|---|---|
| | | Exhibit 19, #_20_ Exhibit 20, #_21_ Exhibit 21, #_22_ Exhibit 22, #_23_ Exhibit 23, #_24_ Exhibit 24, #_25_ Exhibit 25)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 3/24/2015 to edit text (KJR). (Entered: 03/23/2015) |
| 03/23/2015 | 276 | RESPONSE in Opposition re_256_ MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC's &Henkel Corporation's Discovery Responses filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 03/23/2015) |
| 03/23/2015 | 277 | ORDER granting_244_ Motion to Extend Defendant's Expert Report Disclosure Deadline; granting_250_ Defendants Henkel Corporation, Dexter–Hysol Aerospace, LLC, and Shell Oil Company's Motion to Extend Defendants' Expert Disclosure Deadline; denying as moot_271_ Defendant 3M Company's Motion to Continue Trial Date and Other Pretrial Deadlines. Defendants' Expert Report Disclosures due by 4/3/2015; Discovery due by 4/17/2015; Dispositive and Daubert motions due by 4/24/2015; Responses to Dispositive and Daubert Motions due by 5/4/2015; Motions in Limine due by 5/11/2015; Responses to Motions in Limine due by 5/18/2015; All Other Motions due by 5/18/2015; Pretrial statement due by 5/18/2015; Final Pretrial Conference set for 5/26/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis; Jury Trial set for trial term commencing on 6/1/2015 at 09:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/23/2015. (VVR) Modified on 3/24/2015 to edit text (KJR). (Entered: 03/23/2015) |
| 03/24/2015 | | (Court only) ***Motions terminated:_164_ MOTION to Compel Defendant 3M Company's Discovery Responses filed by Marsga Dugas, Darryl S. Dugas. Amended Motion filed, re Doc._275_ . (KJR) (Entered: 03/24/2015) |
| 03/24/2015 | | (Court only) ***Set/reset deadlines/hearings Discovery due by 4/17/2015, Dispositive motions due by 4/24/2015, Pretrial statement due by 5/18/2015, Final Pretrial Conference set for 5/26/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis, Trial Term begins 6/1/2015 (KJR) (Entered: 03/24/2015) |
| 03/24/2015 | 278 | ORDER denying as moot_254_ Plaintiffs' Omnibus Motion to Compel the Depositions of Defendants' 30(b)(6) Witnesses. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/24/2015. (VVR) (Entered: 03/24/2015) |
| 03/30/2015 | 279 | ORDER granting in part and denying in part_252_ Plaintiffs' Opposed Motion to Compel Defendant United Technologies Corporation's Discovery Responses. Defendant United Technologies Corporation's discovery responses due by 4/9/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 3/30/2015. (VVR) (Entered: 03/30/2015) |
| 03/31/2015 | 280 | Joint MOTION to extend the Date for Mediation and to Allow Parties to Appear Telephonically at Mediation by Shell Oil Company. (Alley, Todd) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 3/31/2015 to edit text (KJR). (Entered: 03/31/2015) |
| 03/31/2015 | 281 | Joint MOTION for miscellaneous relief, specifically Order to Allow Limited Appearance of Counsel at Depositions by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 03/31/2015) |
| 03/31/2015 | | (Court only) *** _281_ Joint MOTION for miscellaneous relief, specifically Order to Allow Limited Appearance of Counsel at Depositions REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 03/31/2015) |
| 04/01/2015 | 282 | **ENDORSED ORDER granting_280_ Joint Agreed Motion to Extend the Date for Mediation and to Allow Parties to Appear Telephonically at Mediation. The mediation deadline is extended until May 14, 2015. The parties and their insurers may appear telephonically at the mediation. Signed by Magistrate Judge Joel B. Toomey on 4/1/2015. (VVR)** (Entered: 04/01/2015) |
| 04/01/2015 | 283 | **ENDORSED ORDER granting_281_ Joint Motion for Limited Appearance of Counsel at Depositions. Attorneys otherwise eligible for membership in the Middle District of Florida may make a limited appearance at depositions as** |

| | | |
|---|---|---|
| | | requested without general or special admission to this District. Signed by Magistrate Judge Joel B. Toomey on 4/1/2015. (VVR) (Entered: 04/01/2015) |
| 04/01/2015 | | (Court only) ***Reset deadlines The mediation deadline is extended until 5/14/2015. Lead counsel to coordinate parties. (PAM) (Entered: 04/01/2015) |
| 04/01/2015 | 284 | AMENDED NOTICE of mediation conference to be held on Thursday, May 14, 2015 at 9:30 a.m. before Brett Q. Lucas, P.A.(Lucas, Brett) Modified on 4/1/2015 to edit text (PAM). (Entered: 04/01/2015) |
| 04/01/2015 | 285 | STIPULATION of Partial Dismissal with Prejudice of Claims Against Defendant 3M Company by 3M Company. (Attachments: # 1 Text of Proposed Order)(Mann, Dara) (Entered: 04/01/2015) |
| 04/02/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 04/02/2015. (PAM) (Entered: 04/02/2015) |
| 04/02/2015 | 286 | **ORDER granting in part and denying in part Plaintiffs' Opposed Motion to Compel Defendants Dexter–Hysol Aerospace, LLC's &Henkel Corporation's Discovery Responses 256 , denying as moot Plaintiffs' original Motion to Compel Defendants Dexter–Hysol Aerospace, LLC's and Henkel Corporation's Discovery Responses 166 . Defendants' discovery responses due by 4/16/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/2/2015. (VVR)** (Entered: 04/02/2015) |
| 04/02/2015 | 287 | CONSENT MOTION to extend time to for 3M to Respond to Plaintiffs' Amended Motion to Compel Defendant 3M Company's Discovery Responses by 3M Company. (Attachments: # 1 Text of Proposed Order)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/3/2015 to edit text (PAM). (Entered: 04/02/2015) |
| 04/03/2015 | 288 | **ENDORSED ORDER granting 287 Consent Motion to Extend Time for 3M to Respond to Plaintiffs' Amended Motion to Compel Defendant 3M Company's Discovery Responses. The deadline for Defendant to file its response to Plaintiffs' Amended Motion to Compel Defendant 3M Company's Discovery Responses 275 is extended to April 13, 2015. Signed by Magistrate Judge Joel B. Toomey on 4/3/2015. (TSP)** (Entered: 04/03/2015) |
| 04/06/2015 | 289 | Consent MOTION for Entry of Stipulated Protective Order Concerning 3M Documents and Information by 3M Company. (Attachments: # 1 Text of Proposed Order Stipulated Protective Order Concerning 3M Documents and Information)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/6/2015 to edit text (KJR). (Entered: 04/06/2015) |
| 04/07/2015 | 290 | **ORDER directing each party remaining in this case to, no later than April 10, 2015, file a notice stating whether or not it agrees to entry of the Stipulated Protective Order Concerning 3M Documents and Information [289–1] as modified in this Order; directing Defendant 3M Company to e–mail a copy of the Stipulated Order to Chambers no later than April 10, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/7/2015. (VVR)** (Entered: 04/07/2015) |
| 04/08/2015 | 291 | RESPONSE to Order 290 , re 289 Consent MOTION for Entry of Stipulated Protective Order Concerning 3M Documents and Information filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Modified on 4/8/2015 to edit text and docket link (KJR). (Entered: 04/08/2015) |
| 04/09/2015 | 292 | AMENDED MOTION for Entry of Stipulated Protective Order Concerning 3M Documents and Information by 3M Company. (Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/10/2015 to edit text(KJR). (Entered: 04/09/2015) |
| 04/10/2015 | 293 | RESPONSE re 290 Order pdf filed by Shell Oil Company. (Alley, Todd) (Entered: 04/10/2015) |
| 04/10/2015 | 294 | RESPONSE re 290 Order pdf filed by United Technologies Corporation. (Covone, Neil) (Entered: 04/10/2015) |

| 04/10/2015 | 295 | CONSENT MOTION for protective order by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Text of Proposed Order Confidentiality Stipulation and Order)(Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/13/2015 to edit text (PAM). (Entered: 04/10/2015) |
|---|---|---|
| 04/10/2015 | 296 | **ORDER regarding 207 Motion for a Protective Order and Sanctions Regarding the Deposition of Darryl Dugas. Plaintiffs and Defendants IMO Industries, Inc., United Technologies Corporation, and Shell Oil Company shall file a joint notice on or before April 20, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/10/2015. (VVR)** (Entered: 04/10/2015) |
| 04/10/2015 | 297 | **ORDER granting 292 Amended Consent Motion for Entry of Stipulated Protective Order Concerning 3M Documents and Information; denying as moot 289 original Consent Motion for Entry of Stipulated Protective Order Concerning 3M Documents and Information. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/10/2015. (VVR)** (Entered: 04/10/2015) |
| 04/10/2015 | 298 | **STIPULATED PROTECTIVE ORDER CONCERNING 3M DOCUMENTS AND INFORMATION. Signed by Magistrate Judge Joel B. Toomey on 4/10/2015. (VVR)** (Entered: 04/10/2015) |
| 04/13/2015 | 299 | **ORDER regarding 295 Defendant Henkel Corporation and Dexter–Hysol Aerospace, LLC's Consent Motion for Confidentiality Stipulation and Order. If any party objects to entry of the Confidentiality Stipulation and Order [295–1] as modified in this Order, it shall file a notice explaining any such objection no later than April 15, 2015. Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC shall e–mail a copy of the Confidentiality Stipulation and Order to Chambers no later than April 15, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/13/2015. (VVR)** (Entered: 04/13/2015) |
| 04/13/2015 | 300 | JOINT MOTION for Extension of Time to Complete Discovery *and Daubert Motions by One Week* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Text of Proposed Order)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/13/2015 to edit text (PAM). (Entered: 04/13/2015) |
| 04/13/2015 | 301 | NOTICE of withdrawal of motion by Darryl S. Dugas, Marsga Dugas re 275 AMENDED MOTION to Compel Defendant 3M Company's Discovery Responses (Dam, Case) Modified on 4/14/2015 to edit text (PAM). (Entered: 04/13/2015) |
| 04/13/2015 | 302 | OBJECTION re 279 Order on motion to compel *and Request for Expedited Disposition*. (Dam, Case) (Entered: 04/13/2015) |
| 04/13/2015 | 303 | OBJECTION re 286 Order on motion to compel *and Request for Expedited Disposition*. (Dam, Case) (Entered: 04/13/2015) |
| 04/14/2015 | | (Court only) ***Motions terminated: 275 AMENDED MOTION to Compel Defendant 3M Company's Discovery Responses filed by Marsga Dugas, Darryl S. Dugas. (PAM) Modified on 4/14/2015 (PAM). Per Doc. # 301 (Entered: 04/14/2015) |
| 04/14/2015 | | (Court only) ***Deadlines terminated. Redacted Transcript Deadline 04/13/2015. (PAM) (Entered: 04/14/2015) |
| 04/14/2015 | 304 | **ENDORSED ORDER deeming withdrawn 275 Plaintiffs' Amended Motion to Compel Defendant 3M Company's Discovery Responses in light of the filing of 301 Plaintiffs' Notice of Withdrawal of Plaintiffs' Amended Motion to Compel Defendant 3M Company's Discovery Responses; denying as moot 164 Plaintiffs' Opposed Motion to Compel Defendant 3M Company's Discovery Responses. Signed by Magistrate Judge Joel B. Toomey on 4/14/2015. (VVR)** (Entered: 04/14/2015) |
| 04/14/2015 | 305 | **ORDER Granting 300 Joint Motion to Extend Deadlines. See order for details. Signed by Judge Brian J. Davis on 4/14/2015. (AMP)** (Entered: 04/14/2015) |

| 04/15/2015 | | Set/Reset Scheduling Order Deadlines: Discovery due by 4/24/2015, Dispositive and Daubert motions due by 5/1/2015, Responses to Daubert and Dispositive motions due by 5/11/2015 (KJR) (Entered: 04/15/2015) |
|---|---|---|
| 04/15/2015 | 306 | EMERGENCY MOTION to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing, And Request for Expedited Consideration by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 4/16/2015 to edit text(KJR). (Entered: 04/15/2015) |
| 04/15/2015 | 307 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: TELEPHONIC HEARING held on 4/15/2015. (Digital) (TSP) (Entered: 04/15/2015) |
| 04/16/2015 | 308 | **ORDER shortening the time to respond to 306 Plaintiffs' Emergency Opposed Motion to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing. Defendant's response due no later than 12:00 p.m. on April 17, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/16/2015. (VVR)** (Entered: 04/16/2015) |
| 04/16/2015 | | (Court only) Set/Reset Deadlines as to 306 MOTION to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing, And Request for Expedited Consideration . Responses due by 4/17/2015 (KJR) (Entered: 04/16/2015) |
| 04/16/2015 | 309 | **ORDER granting 295 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Consent Motion for Confidentiality Stipulation and Order. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/16/2015. (VVR)** (Entered: 04/16/2015) |
| 04/16/2015 | 310 | **CONFIDENTIALITY STIPULATION AND ORDER. Signed by Magistrate Judge Joel B. Toomey on 4/16/2015. (VVR)** (Entered: 04/16/2015) |
| 04/17/2015 | 311 | RESPONSE re 306 EMERGENCY MOTION to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing, And Request for Expedited Consideration filed by United Technologies Corporation. (Covone, Neil) (Entered: 04/17/2015) |
| 04/17/2015 | 312 | NOTICE of Filing Corrected Exhibit B by United Technologies Corporation re 311 Response to 306 Emergency Motion to Compel Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing (Covone, Neil) Modified on 4/20/2015 to edit text (KJR). (Entered: 04/17/2015) |
| 04/17/2015 | 313 | **ORDER granting in part, taking under advisement in part 306 Plaintiff's Emergency Opposed Motion to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing. Defendant United Technologies Corporation is directed to produce the subject export–controlled documents to those who have been screened and complied with the protective order no later than 12:00 p.m. (EDT) on April 20, 2015. The parties are directed to file a joint notice regarding the remainder of the Motion on or before April 27, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/17/2015. (VVR)** (Entered: 04/17/2015) |

| 04/20/2015 | 314 | RESPONSE re 313 Order on motion to compel filed by Shell Oil Company. (Alley, Todd) (Entered: 04/20/2015) |
| 04/20/2015 | 315 | RESPONSE re 296 Order pdf filed by Shell Oil Company. (Alley, Todd) (Entered: 04/20/2015) |
| 04/21/2015 | 316 | RESPONSE in opposition re 302 Objection to 279 Order on motion to compel filed by United Technologies Corporation. (Cole, Susan) Modified on 4/21/2015 to edit text(KJR). (Entered: 04/21/2015) |
| 04/21/2015 | 317 | **ENDORSED ORDER denying as moot the remainder of 207 Defendant Lockheed Martin Corporation's Motion for a Protective Order and Sanctions Regarding the Deposition of Darryl Dugas in light of the filing of 315 Defendants Shell Oil Company, IMO Industries, Inc., and United Technologies Corporation's Joint Response to Court Order (Doc. 296) and Withdrawal of Joinder in Lockheed Martin's Motion for Protective Order and Sanctions (Docs. 207, 208, and 212). Signed by Magistrate Judge Joel B. Toomey on 4/21/2015. (VVR)** (Entered: 04/21/2015) |
| 04/21/2015 | | (Court only) ***Per Counsel Response, Doc. 314 , was docketed in error. They will be filing a Notice of withdrawal. (KJR) (Entered: 04/21/2015) |
| 04/21/2015 | 318 | RESPONSE to 302 Objection to 279 Order on motion to compel, re 305 Order on Motion for Extension of Time to Complete Discovery filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Modified on 4/22/2015 to edit text and docket link (KJR). (Entered: 04/21/2015) |
| 04/22/2015 | 319 | Emergency MOTION to Compel Defendant United Technologies Corporation's (1) Full Production of "Export–Controlled" Documents pursuant to Protective Order and (2) Rescheduled 30(b)(6) Deposition and Request for Expedited Consideration by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 04/22/2015) |
| 04/23/2015 | 320 | **ENDORSED ORDER shortening the time to respond to 319 Plaintiffs' Emergency Opposed Motion to Compel Defendant United Technologies Corporation's (1) Full Production of "Export–Controlled" Documents Pursuant to Protective Order and (2) Rescheduled 30(b)(6) Deposition. Defendant's response is due no later than April 30, 2015. Signed by Magistrate Judge Joel B. Toomey on 4/23/2015. (VVR)** (Entered: 04/23/2015) |
| 04/24/2015 | | (Court only) Set/Reset Deadlines as to 319 Emergency MOTION to Compel Defendant United Technologies Corporation's (1) Full Production of "Export–Controlled" Documents pursuant to Protective Order and (2) Rescheduled 30(b)(6) Deposition and Request for Expedited Consideration <i. Responses due by 4/30/2015 (KJR) (Entered: 04/24/2015) |
| 04/24/2015 | 321 | Emergency MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA 934 Subject to Previously Entered Confidentiality Stipulation and Order by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 04/24/2015) |
| 04/27/2015 | 322 | **ENDORSED ORDER shortening the time to respond to 321 Plaintiffs' Emergency Motion to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA 934 Subject to Previously Entered Confidentiality Stipulation and Order. Defendants' response is due no later than May 4, 2015. Signed by Magistrate** |

| | | Judge Joel B. Toomey on 4/27/2015. (VVR) (Entered: 04/27/2015) |
|---|---|---|
| 04/27/2015 | | (Court only) Set/Reset Deadlines as to 321 Emergency MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA 934 Subject to Previously Entered Confidentiality Stipulation and Order . Responses due by 5/4/2015 (KJR) (Entered: 04/27/2015) |
| 04/27/2015 | 323 | **ORDER Granting in Part and Denying in Part Defendants' Motions to Dismiss 141 , 145 , 154 and 156 . See order for details. Signed by Judge Brian J. Davis on 4/27/2015. (AMP)** (Entered: 04/27/2015) |
| 04/27/2015 | 324 | JOINT NOTICE in response to 313 Order on motion to compel. (Attachments: # 1 Attachment 1, # 2 Attachment 2)(Cole, Susan) Modified on 4/28/2015 to edit text and docket link (KJR). (Entered: 04/27/2015) |
| 04/28/2015 | 325 | CORRECTED JOINT NOTICE by United Technologies Corporation re 313 Order on motion to compel, 324 Joint Notice (Attachments: # 1 Attachment 1, # 2 Attachment 2)(Cole, Susan) Modified on 4/29/2015 to edit text(KJR). (Entered: 04/28/2015) |
| 04/28/2015 | 326 | **ORDER sustaining in part and overruling in part 303 Plaintiffs' Objections to the Magistrate Judge's Order on Plaintiffs' Motion to Compel. Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation shall provide more complete responses no later than May 12, 2015. See order for details. Signed by Judge Brian J. Davis on 4/28/2015. (AMP)** (Entered: 04/28/2015) |
| 04/29/2015 | 327 | **ORDER Setting Hearing re: 306 Emergency Motion to Compel Defendant United Technologies Corporation's Production of Documents and Production of Engines, 319 Emergency Motion to Compel Defendant United Technologies Corporation's Production and Rescheduled 30(b)(6) Deposition, 321 Emergency Motion to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA 934. Hearing set for May 6, 2015 at 10:00 a.m. in Jacksonville Courtroom 5A before Magistrate Judge Joel B. Toomey. If necessary, the parties' joint notice due by 5/4/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 4/29/2015. (VVR)** (Entered: 04/29/2015) |
| 04/29/2015 | 328 | Unopposed MOTION for Extension of Time to File a Daubert Motion regarding Plaintiff's Expert William E. Longo, Ph.D. by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 04/29/2015) |
| 04/30/2015 | 329 | MOTION for Leave to File Excess Pages *for its Motion for Summary Judgment and Supporting Memorandum of Law (Opposed)* by United Technologies Corporation. (Covone, Neil) (Entered: 04/30/2015) |
| 04/30/2015 | 330 | RESPONSE to Motion re 319 Emergency MOTION to Compel Defendant United Technologies Corporation's (1) Full Production of "Export–Controlled" Documents pursuant to Protective Order and (2) Rescheduled 30(b)(6) Deposition and Request for Expedited Consideration filed by United Technologies Corporation. (Covone, Neil) (Entered: 04/30/2015) |
| 04/30/2015 | 331 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Dennis J. Seal, Ph.D., P.E. and *Supporting Memorandum* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 04/30/2015) |
| 04/30/2015 | 332 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Charles R. Cushing, Ph.D., P.E. and Supporting Memorandum by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 04/30/2015) |
| 04/30/2015 | 333 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Expert John E. Graham *and Supporting Memorandum* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2A, # 3 Exhibit 2B, # 4 Exhibit 2C, # 5 |

| | | |
|---|---|---|
| | | Exhibit 2D, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 04/30/2015) |
| 04/30/2015 | 334 | MOTION for partial summary judgment *on Defendnat Shell Oil Company's Government Contractor Affirmative Defense* by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dam, Case) (Entered: 04/30/2015) |
| 04/30/2015 | 335 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Stephen Riordan *and Supporting Memorandum* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 04/30/2015) |
| 04/30/2015 | 336 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinion of Defendant United Technologies Corporation's Expert Suresh H. Moolgavkar, M.D., Ph.D. *and Supporting Memorandum* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 04/30/2015) |
| 05/01/2015 | 337 | MOTION for miscellaneous relief, specifically to Exclude Anticipated Radiation Opinions of Defendants' Experts *and Supporting Memorandum* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/1/2015 to edit text and event type(KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 338 | MOTION for partial summary judgment *of Defendant United Technologies Corporation's Government Contractor Affirmative Defense* by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Dam, Case) Modified on 5/1/2015 to edit text (KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 339 | **ORDER Denying 329 Motion for Leave to Exceed Page Limits. Signed by Judge Brian J. Davis on 5/1/2015. (AMP)** (Entered: 05/01/2015) |
| 05/01/2015 | 340 | MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendants Dexter–Hysol Aerospace, LLC &Henkle Corporation's Expert John W. Spencer, CIH, CSP by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dam, Case) (Entered: 05/01/2015) |
| 05/01/2015 | | (Court only) ***Motions no longer referred: 331 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Dennis J. Seal, Ph.D., P.E. and *Supporting Memorandum*, 332 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Charles R. Cushing, Ph.D., P.E. and Supporting Memorandum, 333 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Expert John E. Graham and Supporting Memorandum, 335 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Stephen Riordan *and Supporting Memorandum* , 336 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinion of Defendant United Technologies Corporation's Expert Suresh H. Moolgavkar, M.D., Ph.D. *and Supporting Memorandum* , 337 MOTION for miscellaneous relief, specifically to Exclude Anticipated Radiation Opinions of Defendants' Experts *and Supporting Memorandum* . (per chambers) (KJR) (Entered: 05/01/2015) |
| 05/01/2015 | | (Court only) ***Counsel notified to redact personal identifiers and refile Exhibit H, re Doc. 135 Motion to compel (KJR) Modified on 5/1/2015 ENTRY ENTERED IN ERROR (KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 341 | MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Def 3M's Expert Robert Weber |

| | | by All Plaintiffs. (Attachments: #1 Exhibit 1, #2 Exhibit 2)(Dam, Case) (Entered: 05/01/2015) |
|---|---|---|
| 05/01/2015 | 342 | **ENDORSED ORDER taking under advisement Defendants' Motion to Extend Deadline to File a Daubert Motion Regarding Plaintiffs' Expert William E. Longo 328 . The parties shall file a joint notice of the earliest date William E. Longo can be deposed no later than May 4, 2015. Signed by Judge Brian J. Davis on 5/1/2015. (AMP)** (Entered: 05/01/2015) |
| 05/01/2015 | 343 | MOTION for miscellaneous relief, specifically specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of SHell Oil Compnay's Expert Jennifer Sahmel, MPH, CIH, CSP by All Plaintiffs. (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3)(Dam, Case) (Entered: 05/01/2015) |
| 05/01/2015 | 344 | MOTION for summary judgment *and Brief in Support Thereof* by Shell Oil Company. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I (part 1), #10 Exhibit I (part2), #11 Exhibit I (part 3), #12 Exhibit I (part 4), #13 Exhibit J, #14 Exhibit K, #15 Exhibit L, #16 Exhibit M, #17 Exhibit N, #18 Exhibit O, #19 Exhibit P)(Alley, Todd) (Entered: 05/01/2015) |
| 05/01/2015 | 345 | MOTION for miscellaneous relief, specifically specifically Daubert Motion and Supporting Memorandum to Exclude *Certain Testimony of Plaintiff's Expert Witness* by Shell Oil Company. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E)(Alley, Todd) Modified on 5/14/2015 (PAM). See Doc. #411 for corrected exhibits (Entered: 05/01/2015) |
| 05/01/2015 | 346 | MOTION for miscellaneous relief, specifically to Exclude "Each and Every Exposure" Causation Opinion by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: #1 Exhibit Exhibit A, #2 Exhibit Exhibit B, #3 Exhibit Exhibit C, #4 Exhibit Exhibit D, #5 Exhibit Exhibit E, #6 Exhibit Exhibit F, #7 Exhibit Exhibit G)(Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/6/2015 to edit text and event type(KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 347 | MOTION for miscellaneous relief, specifically to Exclude Opinions of William E. Longo, PH.D, under Daubert; Alternative Request for Daubert Hearing; and Supporting Memorandum of Law by United Technologies Corporation. (Attachments: #1 Exhibit Exhibit "A", #2 Exhibit Exhibit "B" 1 of 2, #3 Exhibit Exhibit "B" 2 of 2, #4 Exhibit Exhibit "C", #5 Exhibit Exhibit "D", #6 Exhibit Exhibit "E", #7 Exhibit Exhibit "F", #8 Exhibit Exhibit "G", #9 Exhibit Exhibit "H", #10 Exhibit Exhibit "I")(Covone, Neil) (Entered: 05/01/2015) |
| 05/01/2015 | 348 | MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D., and Edwin C. Holstein, M.D., under Daubert; Alternative Request for Daubert Hearing under F.R.C.P. 402 and 403; and Supporting Memorandum of Law by United Technologies Corporation. (Attachments: #1 Exhibit Exhibit "A", #2 Exhibit Exhibit "B", #3 Exhibit Exhibit "C", #4 Exhibit Exhibit "D", #5 Exhibit Exhibit "E", #6 Exhibit Exhibit "F", #7 Exhibit Exhibit "G")(Covone, Neil) (Entered: 05/01/2015) |
| 05/01/2015 | 349 | MOTION *to exclude testimony of John Coulter Maddox, M.D.* by 3M Company. (Attachments: #1 Exhibit A – Deposition of John C. Maddox, M.D., #2 Exhibit B – Curriculum Vitae of John Coulter Maddox, M.D., #3 Exhibit C– Affidavit of John Coulter Maddox, M.D., #4 Exhibit D – Videotaped Deposition of Wray Emrich, Jr., #5 Exhibit E – Videotaped Deposition of Robert W. Ganey, #6 Exhibit F – Declaration of Gary Harper, #7 Exhibit G – Supplemental Affidavit of John Coulter Maddox, M.D., #8 Exhibit H – Deposition of William E. Longo, Ph.D., #9 Exhibit I – Excerpts of Continued Discovery Deposition of Darryl Dugas)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/4/2015 to edit text (PAM). Modified on 5/13/2015 to edit text(KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 350 | MOTION *to exclude testimony of Darell Bevis and Motion for summary judgement for lack of plaintiffs' ability to make prima facie case* by 3M Company. (Attachments: #1 Exhibit A – Excerpts of Oral Deposition of Darell Bevis, #2 |

| | | |
|---|---|---|
| | | Exhibit B – Excerpts of Deposition of Darell Bevis August 18, 2001, #_3 Exhibit C – Excerpts of Deposition of Darell Bevis March 18, 2014, #_4 Exhibit D – Excerpts of Oral and Videotaped Deposition of Darryl Dugas, #_5 Exhibit E – Excerpts of Videotaped Deposition of Wray Emrich, Jr., #_6 Exhibit F – Excerpts of Video Deposition of Robert W. Ganey, #_7 Exhibit G – Declaration of Gary Harper, #_8 Exhibit H – Excerpts of Videotaped and Teleconference Deposition of 30(b)(6) Robert A. Weber, #_9 Exhibit I – Tech–Ni–Data Information, #_10 Exhibit J – Expert Report of Darell A. Bevis, #_11 Exhibit K – Excerpts of Deposition of William E. Longo, Ph.D.)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/4/2015 to edit text (PAM). Modified on 5/13/2015 to edit text (KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 351 | MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Thomas McCaffery by Darryl S. Dugas, Marsga Dugas. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3, #_4 Exhibit 4, #_5 Exhibit 5, #_6 Exhibit 5A, #_7 Exhibit 5B, #_8 Exhibit 5C, #_9 Exhibit 5D, #_10 Exhibit 6, #_11 Exhibit 7, #_12 Exhibit 8, #_13 Exhibit 9, #_14 Exhibit 10, #_15 Exhibit 11)(Dam, Case) Modified on 5/6/2015 (PAM). Stricken Per Order Doc. # 370 (Entered: 05/01/2015) |
| 05/01/2015 | 352 | MOTION for summary judgment *and Supporting Memorandum of Law* by United Technologies Corporation. (Attachments: #_1 Exhibit Exhibit "A", #_2 Exhibit Exhibit "B" 1 of 2, #_3 Exhibit Exhibit "B" 2 of 2, #_4 Exhibit Exhibit "C", #_5 Exhibit Exhibit "D" 1 of 2, #_6 Exhibit Exhibit "D" 2 of 2, #_7 Exhibit Exhibit "E" 1 of 2, #_8 Exhibit Exhibit "E" 2 of 2, #_9 Exhibit Exhibit "F", #_10 Exhibit Exhibit "G" 1 of 3, #_11 Exhibit Exhibit "G" 2 of 3, #_12 Exhibit Exhibit "G" 3 of 3)(Covone, Neil) (Entered: 05/01/2015) |
| 05/01/2015 | 353 | NOTICE *of Joinder* by United Technologies Corporation (Covone, Neil) Modified on 5/4/2015 to edit text (PAM). (Entered: 05/01/2015) |
| 05/01/2015 | 354 | MOTION for summary judgment *and Supporting Memorandum of Law* by 3M Company. (Attachments: #_1 Affidavit Affidavit of Sada Baby, #_2 Exhibit A, #_3 Exhibit B, #_4 Exhibit C, #_5 Exhibit D, #_6 Exhibit E, #_7 Exhibit F, #_8 Exhibit G, #_9 Exhibit H, #_10 Exhibit I, #_11 Exhibit J, #_12 Exhibit K, #_13 Exhibit L, #_14 Exhibit M)(Mann, Dara) Modified on 5/13/2015 to edit text (KJR). (Entered: 05/01/2015) |
| 05/01/2015 | 355 | NOTICE *of Adoption* by 3M Company (Mann, Dara) Modified on 5/4/2015 to edit text (PAM). (Entered: 05/01/2015) |
| 05/01/2015 | 356 | MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of United Technologies Corporation's Expert Charles L. Blake, CIH by Darryl S. Dugas, Marsga Dugas. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Errata 3)(Dam, Case) (Entered: 05/01/2015) |
| 05/01/2015 | 357 | NOTICE *of Adoption of Dispositive Motions filed by Defendants* by Dexter Hysol Aerospace, LLC, Henkel Corporation (Taylor, Billie) Modified on 5/4/2015 to edit text (PAM). (Entered: 05/01/2015) |
| 05/01/2015 | 358 | NOTICE *of Adoption of Motions to Exclude by Defendants* by Dexter Hysol Aerospace, LLC, Henkel Corporation (Taylor, Billie) Modified on 5/4/2015 to edit text (PAM). (Entered: 05/01/2015) |
| 05/04/2015 | | (Court only) ***Motions no longer referred: 350 MOTION to Strike *Defendant 3M Company's Motion To Exclude Testimony of Darell Bevis and Motion For Summary Judgment For Lack of Plaintiffs' Ability To Make Prima Facie Case*, 349 MOTION to Strike *Defendant 3M Company's Motion To Exclude Testimony of John Coulter Maddox, M.D.*. (PAM) Per Chambers (Entered: 05/04/2015) |
| 05/04/2015 | 359 | RESPONSE to Motion re 340 MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendants Dexter–Hysol Aerospace, LLC &Henkle Corporation's Expert John W. Spencer, CIH, CSP , 321 Emergency MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the |

| | | |
|---|---|---|
| | | Unredacted Formula to EA 934 Subject to Previously Entered Confidentiality Stipulation and Order filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 05/04/2015) |
| 05/04/2015 | 360 | **SUMMARY JUDGMENT NOTICE re 354 MOTION for summary judgment** *3M Company's Motion For Summary Judgment and Supporting Memorandum of Law* **filed by 3M Company, 352 MOTION for summary judgment** *and Supporting Memorandum of Law* **filed by United Technologies Corporation, 338 MOTION for partial summary judgment** *of Defendant United Technologies Corporation's Government Contractor Affirmative Defense* **filed by Marsga Dugas, Darryl S. Dugas, 344 MOTION for summary judgment** *and Brief in Support Thereof* **filed by Shell Oil Company Signed by Deputy Clerk on 5/4/2015. (PAM)** (Entered: 05/04/2015) |
| 05/04/2015 | 361 | JOINDER in motion by Shell Oil Company re 346 MOTION to Strike *and Motion to Exclude "Each and Every Exposure" Causation Opinion* filed by Henkel Corporation, Dexter Hysol Aerospace, LLC, 349 MOTION to Strike *Defendant 3M Company's Motion To Exclude Testimony of John Coulter Maddox, M.D.* filed by 3M Company, 348 MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D., and Edwin C. Holstein, M.D., under Daubert; Alternative Request for Daubert Hearing under F.R.C.P. 402 and 403; and Supporting Memorandum of Law filed by United Technologies Corporation . (Alley, Todd) (Entered: 05/04/2015) |
| 05/04/2015 | 362 | JOINDER in motion by Shell Oil Company re 352 MOTION for summary judgment *and Supporting Memorandum of Law* filed by United Technologies Corporation . (Alley, Todd) (Entered: 05/04/2015) |
| 05/04/2015 | 363 | UNOPPOSED MOTION for R. Scott Masterson to appear pro hac vice by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/5/2015 to edit text (PAM). (Entered: 05/04/2015) |
| 05/04/2015 | 364 | **ORDER Overruling 302 Plaintiffs' Objections to Magistrate Judge's Order on Plaintiffs' Motion to Compel. Signed by Judge Brian J. Davis on 5/4/2015. (AMP)** (Entered: 05/04/2015) |
| 05/04/2015 | 365 | EMERGENCY MOTION for miscellaneous relief, specifically Plaintiffs' Emergency Motion to Continue Consideration of, and Opposition to, Defendant United Technologies Corporation's Motion to Exclude Opinions of William E. Longo, Ph.D., under Daubert; Alternative Request for Daubert Hearing; and Supporting Memorandum of Law by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 5/5/2015 to edit text (PAM). Modified on 5/6/2015 (PAM). Stricken Per Order Doc. 369 (Entered: 05/04/2015) |
| 05/04/2015 | 366 | NOTICE *Regarding Supplemental Deposition of William E. Longo, PH.D* by Darryl S. Dugas, Marsha Dugas (Dam, Case) Modified on 5/5/2015 to edit text (PAM). (Entered: 05/04/2015) |
| 05/04/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney R. Scott Masterson, appearing on behalf of Dexter Hysol Aerospace, LLC, Henkel Corporation (Filing fee $150 receipt number JAX16124.) Related document: 363 Unopposed MOTION for R. Scott Masterson to appear pro hac vice. (MJT) (Entered: 06/03/2015) |
| 05/05/2015 | 367 | **ENDORSED ORDER granting 363 Unopposed Motion for Admission Pro Hac Vice of Scott Masterson and Written Designation and Consent to Act. If Scott Masterson, Esq., has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 5/5/2015. (TSP)** (Entered: 05/05/2015) |
| 05/05/2015 | | (Court only) ***COPIES mailed to Counsel Scott Masterson re 367 Order on motion to appear pro hac vice (TSP) (Entered: 05/05/2015) |
| 05/05/2015 | | (Court only) ***Attorney R. Scott Masterson for Dexter Hysol Aerospace, LLC,R. Scott Masterson for Henkel Corporation added. (PAM) Per Order Doc. #363 |

| | | (Entered: 05/05/2015) |
|---|---|---|
| 05/05/2015 | 368 | NOTICE of adoption and Joiner by Shell Oil Company re: 359 RESPONSE to Motion re 340 MOTION (Alley, Todd) Modified on 5/6/2015 to edit text (PAM). (Entered: 05/05/2015) |
| 05/05/2015 | 369 | **ORDER Striking 365 Emergency Motion for Miscellaneous Relief. Signed by Judge Brian J. Davis on 5/5/2015. (AMP)** (Entered: 05/05/2015) |
| 05/05/2015 | 370 | **ORDER Striking 351 Plaintiffs' Daubert Motion and Supporting Memorandum. Plaintiffs are permitted to file an amended Daubert motion on or before May 6, 2015 at 5:00 p.m. All other deadlines remain in full force and effect. Signed by Judge Brian J. Davis on 5/5/2015. (AMP)** (Entered: 05/05/2015) |
| 05/05/2015 | 371 | MOTION to Compel Production of Military Records and DD Form 214 of United Technologies Corporation's "Navy" Expert Witness Thomas McCaffery by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2 (part 2), # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 05/05/2015) |
| 05/05/2015 | 372 | MOTION for miscellaneous relief, specifically Motion to Continue Consideration of, and Opposition to, Defendant United Technologies Corporation's Motion to Exclude Opinions of William E. Longo, Ph.D., under Daubert; Alternative Request for Daubert Hearing; and Supporting Memorandum of Law (Doc. 347) by Darryl S. Dugas, Marsga Dugas. (Dam, Case) (Entered: 05/05/2015) |
| 05/06/2015 | | (Court only) ***Motions no longer referred: 346 MOTION for miscellaneous relief, specifically to Exclude "Each and Every Exposure" Causation Opinion. (per chambers) (KJR) (Entered: 05/06/2015) |
| 05/06/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson re 369 Order on Motion, 370 Order on Motion (PAM) Notice to Counsel Regarding Electronic Filing Sent (Entered: 05/06/2015) |
| 05/06/2015 | 373 | AMENDED MOTION for miscellaneous relief, specifically Plaintiffs' Amended Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Thomas McCaffery by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 5A, # 7 Exhibit 5B, # 8 Exhibit 5C, # 9 Exhibit 5D, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11)(Dam, Case) Modified on 5/7/2015 to edit text (KJR). Modified on 5/8/2015 Exhibit 5 sealed per chambers(KJR). (Entered: 05/06/2015) |
| 05/06/2015 | 374 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: MOTION HEARING held on 5/6/2015 re 319 Emergency MOTION to Compel Defendant United Technologies Corporation's (1) Full Production of "Export–Controlled" Documents pursuant to Protective Order and (2) Rescheduled 30(b)(6) Deposition and Request for Expedited Consideration <i filed by Marsga Dugas, Darryl S. Dugas, 306 EMERGENCY MOTION to Compel Defendant United Technologies Corporation's Production of Documents Pursuant to Protective Order and Production of Engines for Inspection and Bulk Sample Analysis/Testing, And Request for Expedited Consideration filed by Marsga Dugas, Darryl S. Dugas, 321 Emergency MOTION to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA 934 Subject to Previously Entered Confidentiality Stipulation and Order filed by Marsga Dugas, Darryl S. Dugas. (Digital) (TSP) (Entered: 05/06/2015) |
| 05/06/2015 | 375 | RESPONSE to Motion re 365 Emergency MOTION for miscellaneous relief, specifically Plaintiffs' Emergency Motion to Continue Consideration of, and Opposition to, Defendant United Technologies Corporation's Motion to Exclude Opinions of William E. Longo, Ph.D., under Dau filed by United Technologies Corporation. (Cole, Susan) (Entered: 05/06/2015) |

| 05/06/2015 | 376 | **ORDER granting 306 Emergency Motion to Compel Defendant United Technologies Corporation's Production of Documents and Production of Engines to the extent it has not been previously ruled on; granting in part and denying in part 319 Emergency Motion to Compel Defendant United Technologies Corporation's Production and Rescheduled 30(b)(6) Deposition; granting 321 Emergency Motion to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of the Unredacted Formula to EA934 to the extent stated in this Order; striking the portion of 359 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Response to Plaintiffs' Motion that seeks an extension of deadlines. See Order for details and deadlines. Signed by Magistrate Judge Joel B. Toomey on 5/6/2015. (VVR)** (Entered: 05/06/2015) |
| --- | --- | --- |
| 05/07/2015 | 377 | TRANSCRIPT of Emergency Motion Hearing held on 5/6/15 before Judge Joel B. Toomey. Court Reporter/Transcriber Shelli Kozachenko,Telephone number 904.301.6842. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 5/28/2015, Redacted Transcript Deadline set for 6/8/2015, Release of Transcript Restriction set for 8/5/2015. (SMK) (Entered: 05/07/2015) |
| 05/07/2015 | 378 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Shelli Kozachenko, 904.301.6842. (SMK) (Entered: 05/07/2015) |
| 05/07/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson; re 376 Order on motion to compel, 378 Notice to counsel of filing of official transcript (Electronic filing reminder included) (KJR) (Entered: 05/07/2015) |
| 05/07/2015 | | (Court only) ***Counsel notified to redact personal identifiers and refile Exhibit 5, re Doc. 373 Amended Daubert Motion (KJR) (Entered: 05/07/2015) |
| 05/07/2015 | 379 | NOTICE *of Filing Redacted Exhibit 5 re 373 Amended Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Thomas McCaffery by Darryl S. Dugas, Marsha Dugas* (Attachments: # 1 Exhibit 5, # 2 Exhibit 5A, # 3 Exhibit 5B, # 4 Exhibit 5C, # 5 Exhibit 5D)(Dam, Case) Modified on 5/8/2015 to edit text and docket link (KJR). (Entered: 05/07/2015) |
| 05/08/2015 | 380 | ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by United Technologies Corporation.(Covone, Neil) Modified on 5/8/2015 to edit text(KJR). (Entered: 05/08/2015) |
| 05/08/2015 | 381 | **ORDER Denying as Moot 328 Motion to Extend Daubert Deadline; Denying as Moot 372 Motion for Miscellaneous Relief. This case is moved to the August 3, 2015, Trial Term. See order for details. Signed by Judge Brian J. Davis on 5/7/2015. (AMP)** Modified on 5/11/2015 (AMP). (Entered: 05/08/2015) |
| 05/11/2015 | | (Court only) ***Set/reset deadlines/hearings Pretrial statement due by 7/15/2015, Jury Trial set for 8/3/2015 at 09:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis., Final Pretrial Conference set for 7/23/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis (KJR) (Entered: 05/11/2015) |
| 05/11/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson; re 381 Order on Motion for Extension of Time to FileOrder on Motion for Miscellaneous Relief (Electronic filing reminder) (KJR) (Entered: 05/11/2015) |
| 05/11/2015 | 382 | RESPONSE to Motion re 373 AMENDED MOTION for miscellaneous relief, specifically Plaintiffs' Amended Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Thomas McCaffery filed by United Technologies Corporation. |

| | | (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E)(Cole, Susan) (Entered: 05/11/2015) |
|---|---|---|
| 05/11/2015 | 383 | RESPONSE in Opposition re_334 MOTION for partial summary judgment *on Defendnat Shell Oil Company's Government Contractor Affirmative Defense* filed by Shell Oil Company. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E)(Alley, Todd) (Entered: 05/11/2015) |
| 05/11/2015 | 384 | RESPONSE in Opposition re_338 MOTION for partial summary judgment *of Defendant United Technologies Corporation's Government Contractor Affirmative Defense* filed by United Technologies Corporation. (Covone, Neil) (Entered: 05/11/2015) |
| 05/11/2015 | **385** | **ORDER denying 371 Plaintiffs' Motion to Compel Production of Military Records and DD Form 214 of United Technologies Corporation's "Navy" Expert Witness Thomas McCaffery. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 5/11/2015. (VVR)** (Entered: 05/11/2015) |
| 05/11/2015 | 386 | RESPONSE to Motion re_335 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant United Technologies Corporation's Expert Stephen Riordan *and Supporting Memorandum* filed by United Technologies Corporation. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C)(Covone, Neil) (Entered: 05/11/2015) |
| 05/11/2015 | 387 | RESPONSE to Motion re_356 MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of United Technologies Corporation's Expert Charles L. Blake, CIH filed by United Technologies Corporation. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C)(Cole, Susan) (Entered: 05/11/2015) |
| 05/11/2015 | 388 | RESPONSE to Motion re_336 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinion of Defendant United Technologies Corporation's Expert Suresh H. Moolgavkar, M.D., Ph.D. *and Supporting Memorandum* filed by United Technologies Corporation. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E, #_6 Exhibit F, #_7 Exhibit G, #_8 Exhibit H)(Cole, Susan) (Entered: 05/11/2015) |
| 05/11/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson; re_385 Order on motion to compel (Electronic filing reminder) (KJR) (Entered: 05/11/2015) |
| 05/11/2015 | 389 | RESPONSE to Motion re_332 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Charles R. Cushing, Ph.D., P.E. and Supporting Memorandum *Defendant 3M Company's Response to Plaintiffs' Daubert Motion To Exclude Anticipated Opinions of 3M Company's Expert Charles R. Cushing, Ph.D., P.E.* filed by 3M Company. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E, #_6 Exhibit F, #_7 Exhibit G)(Mann, Dara) (Entered: 05/11/2015) |
| 05/11/2015 | 390 | RESPONSE to Motion re_331 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Dennis J. Seal, Ph.D., P.E. and *Supporting Memorandum* filed by 3M Company. (Attachments: #_1 Exhibit A, #_2 Exhibit B)(Mann, Dara) (Entered: 05/11/2015) |
| 05/11/2015 | 391 | NOTICE *of Adoption* by 3M Company (Mann, Dara) Modified on 5/13/2015 to edit text (KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 392 | RESPONSE in Opposition re_340 MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Defendants Dexter–Hysol Aerospace, LLC &Henkle Corporation's Expert John W. Spencer, CIH, CSP filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: #_1 Exhibit Exhibit A, #_2 Exhibit Exhibit B, #_3 Exhibit Exhibit C, #_4 Exhibit Exhibit D, #_5 Exhibit Exhibit E, #_6 Exhibit Exhibit F)(Taylor, Billie) (Entered: 05/11/2015) |
| 05/11/2015 | 393 | Unopposed MOTION to extend time to Mediate by United Technologies Corporation. (Cole, Susan) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 05/11/2015) |

| 05/11/2015 | 394 | **ENDORSED ORDER: All Daubert Motions, Motions for Summary Judgment and responses thereto filed in this case shall also be submitted in hardcopy to chambers, appropriately bound and tabbed no later than May 13, 2015. Signed by Judge Brian J. Davis on 5/11/2015. (AMP)** (Entered: 05/11/2015) |
|---|---|---|
| 05/11/2015 | 395 | RESPONSE to Motion re 343 MOTION for miscellaneous relief, specifically specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of SHell Oil Compnay's Expert Jennifer Sahmel, MPH, CIH, CSP filed by Shell Oil Company. (Alley, Todd) (Entered: 05/11/2015) |
| 05/11/2015 | 396 | RESPONSE in Opposition re 345 MOTION for miscellaneous relief, specifically specifically Daubert Motion and Supporting Memorandum to Exclude *Certain Testimony of Plaintiff's Expert Witness*, 348 MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D., and Edwin C. Holstein, M.D., under Daubert; Alternative Request for Daubert Hearing under F.R.C.P. 402 and 403; and Supporting Memorandum of Law, 346 MOTION for miscellaneous relief, specifically to Exclude "Each and Every Exposure" Causation Opinion, 349 MOTION to Strike *Defendant 3M Company's Motion To Exclude Testimony of John Coulter Maddox, M.D. Plaintiffs' Consolidated Brief Opposing Defendants' Daubert Motions to Exclude Opinion Testimony of Plaintiffs' Experts* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 11–1, # 13 Exhibit 11–2, # 14 Exhibit 11–3, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 28–1, # 33 Exhibit 28–2, # 34 Exhibit 28–3, # 35 Exhibit 28–4, # 36 Exhibit 29, # 37 Exhibit 30)(Dam, Case) (Entered: 05/11/2015) |
| 05/11/2015 | 397 | NOTICE of Adoption and Joinder in Defendants' Responses, re Doc. 382 , 386 , 388 , 389 and 392 by Shell Oil Company (Alley, Todd) Modified on 5/13/2015 to edit text and docket link (KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 398 | PLAINTIFF'S BRIEF in Opposition re 344 MOTION for summary judgment and Brief in Support Thereof filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 11–1, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(Dam, Case) Modified on 5/13/2015 to edit text(KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 399 | RESPONSE to Motion re 337 MOTION for miscellaneous relief, specifically to Exclude Anticipated Radiation Opinions of Defendants' Experts *and Supporting Memorandum* filed by Shell Oil Company. (Alley, Todd) Modified on 5/13/2015 Docketed in error per Counsel(KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 400 | RESPONSE to Motion re 337 MOTION for miscellaneous relief, specifically to Exclude Anticipated Radiation Opinions of Defendants' Experts *and Supporting Memorandum* filed by Shell Oil Company. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M)(Alley, Todd) (Entered: 05/11/2015) |
| 05/11/2015 | 401 | NOTICE of Adoption and Joinder in Defendant's Responses, re Doc. 382 , 386 , 388 , 389 , 395 , 399 and 400 by Dexter Hysol Aerospace, LLC, Henkel Corporation (Taylor, Billie) Modified on 5/13/2015 to edit text and docket link (KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 402 | RESPONSE in Opposition re 352 MOTION for summary judgment *and Supporting Memorandum of Law* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 10–1, # 12 Exhibit 11, # 13 Exhibit 12)(Dam, Case) Modified on 5/13/2015 to edit text(KJR). (Entered: 05/11/2015) |

| 05/11/2015 | 403 | RESPONSE to Motion re 341 MOTION for miscellaneous relief, specifically Daubert Motion and Supporting Memorandum to Exclude Anticipated Opinions of Def 3M's Expert Robert Weber filed by 3M Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mann, Dara) Modified on 5/13/2015 to edit text(KJR). (Entered: 05/11/2015) |
|---|---|---|
| 05/11/2015 | 404 | RESPONSE in Opposition re 333 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of Defendant Dexter–Hysol Aerospace, LLC &Henkel Corporation's Expert John E. Graham and Supporting Memorandum filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Taylor, Billie) (Entered: 05/11/2015) |
| 05/11/2015 | 405 | NOTICE of Joinder in Shell Oil Company's Response, re 400 Response to motion by United Technologies Corporation (Covone, Neil) Modified on 5/13/2015 to edit text(KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 406 | RESPONSE in Opposition re 349 MOTION to Exclude Testimony of John Coulter Maddox, M.D. filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Dam, Case) Modified on 5/13/2015 to edit text(KJR). (Entered: 05/11/2015) |
| 05/11/2015 | 407 | RESPONSE in Opposition re 350 MOTION to Exclude Testimony of Darell Bevis and Motion For Summary Judgment For Lack of Plaintiffs' Ability To Make Prima Facie Case filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Dam, Case) Modified on 5/13/2015 to edit text (KJR). (Entered: 05/11/2015) |
| 05/12/2015 | 408 | PLAINTIFF'S BRIEF in Opposition re 354 MOTION for summary judgment and Supporting Memorandum of Law filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 12, # 10 Exhibit 13, # 11 Exhibit 14, # 12 Exhibit 15, # 13 Exhibit 16, # 14 Exhibit 17, # 15 Exhibit 18, # 16 Exhibit 19, # 17 Exhibit 20, # 18 Exhibit 21, # 19 Exhibit 22, # 20 Exhibit 23, # 21 Exhibit 24, # 22 Exhibit 25, # 23 Exhibit 26, # 24 Exhibit 27, # 25 Exhibit 28, # 26 Exhibit 29, # 27 Exhibit 30, # 28 Exhibit 11)(Dam, Case) Modified on 5/13/2015 to edit text(KJR). Modified on 6/29/2015 Attachment 6 sealed per chambers (KJR). (Entered: 05/12/2015) |
| 05/12/2015 | 409 | **ORDER granting 393 Unopposed Motion to Extend Deadline for Mediation to the extent that the deadline for mediation is extended to July 17, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 5/12/2015. (VVR)** (Entered: 05/12/2015) |
| 05/12/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson; re 394 Order (Electronic filing reminder) (KJR) (Entered: 05/12/2015) |
| 05/12/2015 | | (Court only) ***Counsel notified to redact and refile Exhibits B &D, re Doc. 400 Response to Motion (KJR) (Entered: 05/12/2015) |
| 05/12/2015 | 410 | NOTICE *filing corrected exhibits B and D to defendant Shell Oil Company's Response to plaintiffs' Daubert Motion to exclude radiation opinions of defendants' expert witnesses 337* by Shell Oil Company FILING CORRECTED EXHIBITS "B" AND "D" TO DEFENDANT SHELL OIL (Attachments: # 1 Exhibit Exhibit B, # 2 Exhibit Exhibit D)(Alley, Todd) Modified on 5/13/2015 to edit text (PAM). (Entered: 05/12/2015) |
| 05/12/2015 | | (Court only) ***Set deadlines deadline for mediation is extended to 7/17/2015. Lead counsel to coordinate dates. (PAM) (Entered: 05/13/2015) |
| 05/13/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson re 409 Order on motion to extend time (PAM) Notice to Counsel Regarding Electronic Filing Sent (Entered: 05/13/2015) |

| 05/13/2015 | 411 | NOTICE by Shell Oil Company *Filing Corrected Exhibits to Shell Oil Company's Motion to Exclude Certain Testimony of Plaintiffs' Expert Witnesses 345* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Alley, Todd) Modified on 5/14/2015 to edit text (PAM). (Entered: 05/13/2015) |
| --- | --- | --- |
| 05/13/2015 | 412 | **ORDER Granting 343 Plaintiffs' Motion to Exclude Testimony of Jennifer Sahmel. Signed by Judge Brian J. Davis on 5/13/2015. (AMP)** (Entered: 05/13/2015) |
| 05/13/2015 | 413 | MOTION to Strike *Plaintiffs' Opposition to 3M Company's Motion for Summary Judgment and Second Declaration of Gary Harper or, in the Alternative, Motion for Leave to File Reply in Support of 3M Company's Motion for Summary Judgment and Daubert Motions and to Conduct Limited Discovery* by 3M Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/19/2015 to lock un−redacted exhibit 3 per chambers(KJR). (Entered: 05/13/2015) |
| 05/14/2015 | | (Court only) ***COPIES mailed to Counsel: R. Scott Masterson re 412 Order on Motion (PAM) Notice to Counsel Regarding Electronic Filing Sent (Entered: 05/14/2015) |
| 05/14/2015 | | (Court only) ***COUNSEL directed to re−file exhibits attached to 413 due to personal identifiers e.g. home addresses and etc. (Entered: 05/14/2015) |
| 05/14/2015 | | (Court only) ***Motions no longer referred: 413 MOTION to Strike *Plaintiffs' Opposition to 3M Company's Motion for Summary Judgment and Second Declaration of Gary Harper or, in the Alternative, Motion for Leave to File Reply in Support of 3M Company's Motion for Summary Judgmen. (per chambers) (KJR) (Entered: 05/14/2015)* |
| 05/14/2015 | 414 | MOTION to Strike 408 Plaintiff's Brief in Opposition to 354 Motion for summary judgment and Supporting Memorandum of Law *and Second Declaration of Gary Harper or, in the Alternative, MOTION for Leave to File Reply in Support of 3M Company's Motion for Summary Judgment and Daubert Motions and to Conduct Limited Discovery* by 3M Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mann, Dara) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/14/2015 to edit text and docket link(KJR). (Entered: 05/14/2015) |
| 05/14/2015 | | (Court only) ***Motions no longer referred: 414 MOTION to Strike 408 Plaintiff's Brief in Opposition to 354 Motion for summary judgment and Supporting Memorandum of Law *and Second Declaration of Gary Harper or, in the Alternative, MOTION for Leave to File Reply in Support of 354 Motio. (KJR) (Entered: 05/14/2015)* |
| 05/15/2015 | 415 | NOTICE of Filing Privilege Log by United Technologies Corporation re 376 Order on motion to compel (Attachments: # 1 Privilege Log)(Cole, Susan) Modified on 5/18/2015 to edit text (KJR). (Entered: 05/15/2015) |
| 05/15/2015 | 416 | AMENDED NOTICE of Filing Amended Privilege Log by United Technologies Corporation re 376 Order on motion to compel (Attachments: # 1 Amended Privilege Log)(Cole, Susan) Modified on 5/18/2015 to edit text(KJR). (Entered: 05/15/2015) |
| 05/15/2015 | 417 | RESPONSE in Opposition re 413 and 414 MOTIONs to Strike *408 Plaintiff's Brief in Opposition to 354 Motion for summary judgment and Supporting Memorandum of Law and Second Declaration of Gary Harper or, in the Alternative, MOTION for Leave to File Reply in Support of 354 MOTION for summary judgment and Daubert Motion and to Conduct Limited Discovery filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Modified on 5/18/2015 to edit text(KJR). (Entered: 05/15/2015)* |
| 05/18/2015 | | (Court only) ***COUNSEL directed to redact and re−file exhibit 3 attached to 417 due to personal identifiers e.g. home addresses (KJR) (Entered: 05/18/2015) |

| | | |
|---|---|---|
| 05/18/2015 | 418 | NOTICE of rescheduling mediation conference/hearing to be held on Wednesday, July 1, 2015 at 1:30 p.m. before Brett Q. Lucas, Esquire.(Lucas, Brett) Modified on 5/18/2015 to edit text(KJR). (Entered: 05/18/2015) |
| 05/19/2015 | | (Court only) ***Motions terminated: 413 MOTION to Strike *Plaintiffs' Opposition to 3M Company's Motion for Summary Judgment and Second Declaration of Gary Harper or, in the Alternative, Motion for Leave to File Reply in Support of 3M Company's Motion for Summary Judgmen filed by 3M Company. (per chambers) (KJR) (Entered: 05/19/2015)* |
| 05/19/2015 | 419 | NOTICE of Filing Redacted Exhibit 3 by Darryl S. Dugas, Marsha Dugas re 417 Response in Opposition to Motion (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 5/19/2015 to edit text and docket link(KJR). (Entered: 05/19/2015) |
| 05/19/2015 | 420 | OBJECTION re 376 Order on motion to compel *United Techonologies Corporation's Objections to Portions of Magistrate's Order on Plaintiff's Emergency Motion to Compel*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Cole, Susan) (Entered: 05/19/2015) |
| 05/20/2015 | 421 | **ENDORSED ORDER: Plaintiffs shall respond to Defendant, United Technologies Corporation's Objections to the Magistrate Judge's Order 420 no later than May 25, 2015. Signed by Judge Brian J. Davis on 5/20/2015. (AMP)** (Entered: 05/20/2015) |
| 05/20/2015 | 422 | OBJECTION re 376 Order on motion to compel *United Techonologies Corporation's Supplemental Objections to Portions of Magistrate's Order on Plaintiff's Emergency Motion to Compel*. (Attachments: # 1 Exhibit F, # 2 Exhibit G)(Cole, Susan) (Entered: 05/20/2015) |
| 05/20/2015 | 423 | UNOPPOSED MOTION for W. Mark Lanier to appear pro hac vice by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/21/2015 to edit text (PAM). (Entered: 05/20/2015) |
| 05/21/2015 | 424 | **ENDORSED ORDER granting 423 Unopposed Motion for Admission Pro Hac Vice of W. Mark Lanier. If W. Mark Lanier, Esq., has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 5/21/2015. (VVR)** (Entered: 05/21/2015) |
| 05/21/2015 | 425 | MOTION to extend (1) the May 22, 2015 Deadline for Serving Supplemental Reports of Plaintiffs' Expert William E.Longo, Ph.D. and (2) the May 29, 2015 Deadline for Making Dr. Longo Available for a Supplemental Deposition by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 5/22/2015 to edit text (KJR). (Entered: 05/21/2015) |
| 05/21/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney W. Mark Lanier, appearing on behalf of Darryl S. Dugas, Marsha Dugas (Filing fee $150 receipt number JAX16360.) Related document: 423 Unopposed MOTION for W. Mark Lanier to appear pro hac vice. (MJT) (Entered: 06/03/2015) |
| 05/22/2015 | 426 | Unopposed MOTION to Amend 381 Order on Motion for Extension of Time to FileOrder on Motion for Miscellaneous Relief, 376 Order on motion to compel by Shell Oil Company. (Alley, Todd) Modified on 5/22/2015 to edit text(KJR). (Entered: 05/22/2015) |
| 05/22/2015 | 427 | RESPONSE re 422 Objection, 420 Objection filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dam, Case) Modified on 5/26/2015 to edit text (KJR). (Entered: 05/22/2015) |
| 05/23/2015 | 428 | CORRECTED RESPONSE re 422 Objection, 420 Objection filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dam, Case) Modified on 5/26/2015 to edit text(KJR). (Entered: 05/23/2015) |

| 05/26/2015 | 429 | **ORDER granting 425 Plaintiffs' Unopposed Motion to Extend (1) the May 22, 2015 Deadline for Serving Supplemental Reports of Plaintiffs' Expert William E. Longo, Ph.D. and (2) the May 29, 2015 Deadline for Making Dr. Longo Available for a Supplemental Deposition; granting 426 Defendant Shell Oil Company's Unopposed Motion to Amend the Court's Order Regarding Depositions of Plaintiffs' Experts and Daubert Motions Following Plaintiffs' Testing of EA934. See Order for details and deadlines. Signed by Magistrate Judge Joel B. Toomey on 5/26/2015. (VVR)** (Entered: 05/26/2015) |
|---|---|---|
| 05/27/2015 | 430 | EMERGENCY MOTION for sanctions *for Failure to Comply with Court Order (Doc. 376 ) Regarding the Production of the "EA934" Product* by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Taylor, Billie) Modified on 5/28/2015 to edit text and docket link(KJR). (Entered: 05/27/2015) |
| 05/28/2015 | | (Court only) *** 430 Emergency MOTION for sanctions *for Failure to Comply with Court Order Regarding the Production of the "EA934" Product* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 05/28/2015) |
| 05/28/2015 | 431 | **ENDORSED ORDER shortening the time to respond to 430 Defendants Henkel Corporation and Dexter−Hysol Aerospace, LLC's Combined Emergency Motion for Sanctions for Failure to Comply with Court Order Regarding the Production of the "EA934" Product. Plaintiffs' response is due no later than May 29, 2015. Signed by Magistrate Judge Joel B. Toomey on 5/28/2015. (VVR)** (Entered: 05/28/2015) |
| 05/28/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 05/28/2015. (PAM) (Entered: 05/28/2015) |
| 05/28/2015 | 432 | MOTION for leave to file under seal *Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376 ) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Plaintiffs' Request for Production Nos. 3, 4, 22, and 53, Pursuant to Confidentiality/Protective Order Entered on March 19, 2015 (Doc. 264 , Doc. 265 )* by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 5/29/2015 to link docket entries(KJR). (Entered: 05/28/2015) |
| 05/29/2015 | | (Court only) *** 432 MOTION for leave to file under seal *Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Pla REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 05/29/2015)* |
| 05/29/2015 | | (Court only) Set/Reset Deadlines as to 430 EMERGENCY MOTION for sanctions *for Failure to Comply with Court Order (Doc. 376 ) Regarding the Production of the "EA934" Product*. Responses due by 5/29/2015 (KJR) (Entered: 05/29/2015) |
| 05/29/2015 | 433 | MOTION for leave to file Supplemental Brief in Support of 338 Motion for Partial Summary Judgment on UTC's Government Contractor Defense Based on New Facts and New Evidence by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 6/1/2015 to edit text and docket link (KJR). (Entered: 05/29/2015) |
| 05/29/2015 | 434 | RESPONSE in Opposition re 430 EMERGENCY MOTION for sanctions *for Failure to Comply with Court Order (Doc. 376 ) Regarding the Production of the "EA934" Product* filed by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Dam, Case) (Entered: 05/29/2015) |
| 05/29/2015 | 435 | RESPONSE to Motion re 432 MOTION for leave to file under seal *Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376 ) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Pla filed by United Technologies Corporation. (Covone, Neil) (Entered: 05/29/2015)* |

| 06/01/2015 | 436 | **ENDORSED ORDER directing Defendants Henkel Corporation and Dexter−Hysol Aerospace, LLC to file a reply of no more than 7 pages to 434 Plaintiffs' Response in Opposition to 430 Defendants' Motion by June 2, 2015. The reply should address whether Plaintiffs have produced all requested items and whether Defendants still request that any deadlines be stayed or extended. Signed by Magistrate Judge Joel B. Toomey on 6/1/2015. (VVR) (Entered: 06/01/2015)** |
|---|---|---|
| 06/01/2015 | 437 | STIPULATION of Dismissal *of Concealment Claim, Only, Against Defendants Dexter−Hysol Aerospace, LLC and Henkel Corporation* by Darryl S. Dugas, Marsha Dugas. (Dam, Case) (Entered: 06/01/2015) |
| 06/02/2015 | | (Court only) Set/Reset Deadlines as to 430 EMERGENCY MOTION for sanctions *for Failure to Comply with Court Order (Doc. 376 ) Regarding the Production of the "EA934" Product*. Replies due by 6/2/2015. (KJR) (Entered: 06/02/2015) |
| 06/02/2015 | 438 | **ORDER denying without prejudice 432 Plaintiffs' Amended Motion to Seal without prejudice to Defendant United Technologies Corporation filing a proper motion as provided in the Order. Defendant's motion is due on or before June 4, 2015. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/2/2015. (VVR) (Entered: 06/02/2015)** |
| 06/02/2015 | 439 | REPLY to Response to Motion re 430 EMERGENCY MOTION for sanctions *for Failure to Comply with Court Order (Doc. 376 ) Regarding the Production of the "EA934" Product* filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 06/02/2015) |
| 06/03/2015 | 440 | **ORDER denying as moot 430 Defendants Henkel Corporation and Dexter−Hysol Aerospace, LLC's Combined Emergency Motion for Sanctions to the extent it requests that the Court preclude Plaintiffs or Plaintiffs' experts from providing testimony or opinions regarding the manufactured "EA934" or that the Court stay proceedings; granting the Motion to the extent it requests an extension of deadlines. See Order for details and deadlines. Signed by Magistrate Judge Joel B. Toomey on 6/3/2015. (VVR) (Entered: 06/03/2015)** |
| 06/03/2015 | 441 | MOTION (Joint) to Amend/Correct 440 Order on Motion for Sanctions by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Modified on 6/4/2015 to edit text (KJR). (Entered: 06/03/2015) |
| 06/03/2015 | 442 | **ORDER Overruling 420 Defendant, United Technologies Corporation's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel as they relate to Requests for Production 2, 13 and 22. See order for details. Signed by Judge Brian J. Davis on 6/3/2015. (AMP) (Entered: 06/03/2015)** |
| 06/04/2015 | | (Court only) *** 441 Joint MOTION to Amend/Correct 440 Order on Motion for Sanctions REFERRED to Magistrate Judge Joel B. Toomey. (KJR) (Entered: 06/04/2015) |
| 06/04/2015 | | (Court only) ***Set/reset deadlines Defendant Brief due by 6/8/2015., Plaintiff Responsive Brief due by 6/12/2015. (KJR) (Entered: 06/04/2015) |
| 06/04/2015 | 443 | **ENDORSED ORDER granting 441 Joint Motion for Correction as to Order Regarding Defendants' Combined Emergency Motion for Sanctions. The July 10, 2015 deadline in that Order 440 for filing Daubert motion(s) as to any expert performing additional testing is hereby amended to include Plaintiffs. Signed by Magistrate Judge Joel B. Toomey on 6/4/2015. (VVR) (Entered: 06/04/2015)** |
| 06/04/2015 | 444 | Unopposed MOTION for Knight S. Anderson to appear pro hac vice by United Technologies Corporation. (Cole, Susan) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/04/2015) |
| 06/04/2015 | 445 | NOTICE of compliance re 438 Order on Motion to Seal by United Technologies Corporation (Cole, Susan) (Entered: 06/04/2015) |
| 06/05/2015 | 446 | **ENDORSED ORDER granting 444 Unopposed Motion for Admission Pro Hac Vice of Knight S. Anderson and Written Designation and Consent to Act.. If Knight S. Anderson, Esq., has not already done so, he shall immediately** |

| | | register for a login and password for electronic filing at the Court's website at **www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 6/5/2015. (TSP)** (Entered: 06/05/2015) |
|---|---|---|
| 06/05/2015 | | (Court only) ***COPIES mailed to Counsel Knight S. Anderson re 446 Order on motion to appear pro hac vice (TSP) (Entered: 06/05/2015) |
| 06/05/2015 | 447 | MOTION to Compel, Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376 ) and (2) MOTION to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Request for Production No. 1 of Plaintiffs' First Amended Notice of Videotaped Oral Deposition of Defendant United Technologies Corporation, Pursuant to Previously Entered Confidentiality/Protective Order (Doc. 264 , Doc. 265 ) by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 6/5/2015 to edit text and docket link (KJR). (Entered: 06/05/2015) |
| 06/05/2015 | 448 | **ENDORSED ORDER shortening the time to respond to 447 Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Request for Production No. 1 of Plaintiffs' First Amended Notice of Videotaped Oral Deposition of Defendant United Technologies Corporation, Pursuant to Previously Entered Confidentiality/Protective Order (Doc. 264, Doc. 265). Defendant United Technologies Corporation's response is due no later than June 12, 2015. Signed by Magistrate Judge Joel B. Toomey on 6/5/2015. (VVR)** (Entered: 06/05/2015) |
| 06/05/2015 | | (Court only) Set/Reset Deadlines as to 447 MOTION to Compel Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Request for Production No. Responses due by 6/12/2015 (KJR) (Entered: 06/05/2015) |
| 06/08/2015 | 449 | DEFENDANT'S BRIEF re 442 Order *Overruling 420 Objections to Magistrate Judge's Order on Plaintiffs' Motion to Compel* filed by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Cole, Susan) (Entered: 06/08/2015) |
| 06/09/2015 | | (Court only) ***Deadlines terminated. Redacted Transcript Deadline 06/08/2015. (PAM) (Entered: 06/09/2015) |
| 06/09/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Knight S. Anderson, appearing on behalf of United Technologies Corporation (Filing fee $150.00 receipt number JAX016512.) Related document: 444 Unopposed MOTION for Knight S. Anderson to appear pro hac vice. (LAW) (Entered: 06/09/2015) |
| 06/09/2015 | 450 | **ORDER directing the parties to file on or before June 15, 2015, a joint notice informing the Court which motions listed in this order are subject to amendment or supplementation. Signed by Judge Brian J. Davis on 6/9/2015. (AMP)** (Entered: 06/09/2015) |
| 06/10/2015 | 451 | MOTION to Strike *the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative, to Continue the Trial to Allow for Additional Discovery Related to the June 5, 2015 Report of Dr. Longo* by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit A, # 3 Exhibit A, # 4 Exhibit A, # 5 Exhibit A, # 6 Exhibit A, # 7 Exhibit A, # 8 Exhibit A, # 9 Exhibit A, # 10 Exhibit A, # 11 Exhibit A, # 12 Exhibit A, # 13 Exhibit B, # 14 Exhibit C, # 15 Exhibit D)(Covone, Neil) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/10/2015) |
| 06/10/2015 | 452 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: TELEPHONIC HEARING held on 6/10/2015. (Digital) (TSP) (Entered: 06/10/2015) |

| 06/10/2015 | 453 | OBJECTION re 447 MOTION to Compel Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Request for Production No 1. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Cole, Susan) (Entered: 06/10/2015) |
|---|---|---|
| 06/11/2015 | 454 | MOTION to Strike *Dr. Longo's May 22, 2015 Report, or in the Alternative to Continue the Trial to Allow for Additional Discovery* by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Errata Exhibit C)(Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/11/2015) |
| 06/11/2015 | 455 | **ENDORSED ORDER shortening the time to respond to 451 Motion of United Technologies Corporation to Strike the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative, to Continue the Trial to Allow for Additional Discovery Related to the June 5, 2015 Report of Dr. Longo. Plaintiffs' response is due no later than June 16, 2015. Signed by Magistrate Judge Joel B. Toomey on 6/11/2015. (VVR)** (Entered: 06/11/2015) |
| 06/11/2015 | | (Court only) Set/Reset Deadlines as to 451 MOTION to Strike *the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative, to Continue the Trial to Allow for Additional Discovery Related to the June 5,.* Responses due by 6/16/2015 (KJR) (Entered: 06/11/2015) |
| 06/11/2015 | 456 | RESPONSE re 449 Defendant's Brief filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Dam, Case) Modified on 6/12/2015 to edit text(KJR). (Entered: 06/11/2015) |
| 06/12/2015 | 457 | **ENDORSED ORDER shortening the time to respond to 454 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Combined Motion to Strike Dr. Longo's May 22, 2015 Report, or in the Alternative to Continue the Trial to Allow for Additional Discovery. Plaintiffs' response is due no later than June 17, 2015. Signed by Magistrate Judge Joel B. Toomey on 6/12/2015. (VVR)** (Entered: 06/12/2015) |
| 06/12/2015 | | (Court only) Set/Reset Deadlines as to 454 MOTION to Strike *Dr. Longo's May 22, 2015 Report, or in the Alternative to Continue the Trial to Allow for Additional Discovery.* Responses due by 6/17/2015 (KJR) (Entered: 06/12/2015) |
| 06/12/2015 | 458 | MOTION in limine to Exclude Defendants' Introduction of Evidence That There Were No Reasonable or Feasible Non–Asbestos Aerospace Adhesive Alternatives, and Alternative Motion for Exclusion and Jury Instruction under Rule 37 by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Dam, Case) Modified on 6/15/2015 to edit text(KJR). Modified on 6/29/2015 to edit text (KJR). (Entered: 06/12/2015) |
| 06/12/2015 | 459 | OBJECTION re 433 MOTION for leave to file Supplemental Brief in Support of 338 Motion for Partial Summary Judgment on UTC's Government Contractor Defense Based on New Facts and New Evidence *by United Technologies Corporation.* (Cole, Susan) (Entered: 06/12/2015) |
| 06/15/2015 | 460 | NOTICE by Shell Oil Company re 450 Order *(Joint Notice of) Outstanding Motions Subject to Amendment or Supplementation Based on Ongoing Discovery* (Alley, Todd) (Entered: 06/15/2015) |
| 06/16/2015 | 461 | RESPONSE in Opposition re 451 MOTION to Strike *the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative, to Continue the Trial to Allow for Additional Discovery Related to the June 5,* filed by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Modified on 6/19/2015 STRICKEN per Order (Doc. 468 )(KJR). (Entered: 06/16/2015) |

| | | |
|---|---|---|
| 06/17/2015 | 462 | MOTION for Reconsideration re 442 Order *Overruling 420 Defendant, United Technologies Corporation's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel* by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cole, Susan) (Entered: 06/17/2015) |
| 06/17/2015 | 463 | RESPONSE in Opposition re 454 MOTION to Strike *Dr. Longo's May 22, 2015 Report, or in the Alternative to Continue the Trial to Allow for Additional Discovery* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Dam, Case) Modified on 6/18/2015 to edit text(KJR). (Entered: 06/17/2015) |
| 06/17/2015 | 464 | MOTION for leave to file a Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness by United Technologies Corporation. (Cole, Susan) Modified on 6/18/2015 to edit text and docket link(KJR). Modified on 6/19/2015 STRICKEN per Order (Doc. 468 ) (KJR). (Entered: 06/17/2015) |
| 06/17/2015 | 465 | MOTION to Strike *or in the Alternative, to Continue the Trial to Allow for Additional Discovery* by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/17/2015) |
| 06/18/2015 | | (Court only) *** 464 MOTION for leave to file a Reply Brief Regarding United Technologies Corporation's Motion to Limit or Strike Dr. William Longo as a Witness REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/18/2015) |
| 06/18/2015 | 466 | **ENDORSED ORDER shortening the time to respond to 465 Defendants Henkel Corporation and Dexter−Hysol Aerospace, LLC's Combined Motion to Strike, or in the Alternative to Continue the Trial to Allow for Additional Discovery. Plaintiffs' response is due no later than June 24, 2015. Signed by Magistrate Judge Joel B. Toomey on 6/18/2015. (VVR)** (Entered: 06/18/2015) |
| 06/18/2015 | | (Court only) Set/Reset Deadlines as to 465 MOTION to Strike *or in the Alternative, to Continue the Trial to Allow for Additional Discovery*. Responses due by 6/24/2015 (KJR) (Entered: 06/18/2015) |
| 06/18/2015 | 467 | **ENDORSED ORDER shortening the time to respond to 462 Defendant United Technologies Corporation's Motion for Reconsideration. Plaintiffs' response is due no later than June 25, 2015. Signed by Judge Brian J. Davis on 6/18/2015. (AMP)** (Entered: 06/18/2015) |
| 06/18/2015 | 468 | **ORDER striking 461 Plaintiffs' Opposition to United Technologies Corporation Motion to Strike the June 5, 2015 Report of Dr. William Longo without prejudice to refiling, on or before 6/22/15, a response that complies with Local Rule 1.05; striking 464 Motion for Leave to File a Reply Brief Regarding United Technologies Corporation's Motion to Limit or Strike Dr. William Longo as a Witness without prejudice to refiling, on or before 6/22/15, after conferring with Plaintiffs' counsel regarding the issues raised in the Motion. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/18/2015. (VVR)** (Entered: 06/18/2015) |
| 06/19/2015 | | (Court only) Set/Reset Deadlines as to 462 MOTION for Reconsideration re 442 Order *Overruling 420 Defendant, United Technologies Corporation's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel*. Responses due by 6/25/2015 (KJR) (Entered: 06/19/2015) |
| 06/19/2015 | | (Court only) ***Motions terminated: 464 MOTION for leave to file a Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness filed by United Technologies Corporation. ***STRICKEN per Order (Doc. 468 ) (KJR) (Entered: 06/19/2015) |
| 06/19/2015 | 469 | AMENDED MOTION for leave to file to File Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness by United Technologies Corporation. (Cole, Susan) Modified on 6/22/2015 to edit text and docket link(KJR). (Entered: 06/19/2015) |

| 06/22/2015 | | (Court only) *** **469** AMENDED MOTION for leave to file to File Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 06/22/2015) |
|---|---|---|
| 06/22/2015 | 470 | **ENDORSED ORDER shortening the time to respond to 469 Amended Motion for Leave to File a Reply Brief Regarding United Technologies Corporation's Motion to Limit or Strike Dr. William Longo as a Witness. Plaintiffs' response due no later than June 24, 2015. Signed by Magistrate Judge Joel B. Toomey on 6/22/2015. (VVR)** (Entered: 06/22/2015) |
| 06/22/2015 | | (Court only) Set/Reset Deadlines as to 469 AMENDED MOTION for leave to file to File Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness. Responses due by 6/24/2015 (KJR) (Entered: 06/22/2015) |
| 06/22/2015 | 471 | **ORDER re: 447 Plaintiffs' (1) Report of Status of Meet and Confer Efforts Ordered by the Court (Doc. 376) and (2) Motion to Compel Defendant United Technologies Corporation's Production of Documents Responsive to Request for Production No. 1 of Plaintiffs' First Amended Notice of Videotaped Oral Deposition of Defendant United Technologies Corporation, Pursuant to Previously Entered Confidentiality/Protective Order (Doc. 264, Doc. 265) and 449 Defendant United Technologies Corporation's Memorandum of Law in Compliance with Order of June 3, 2015 (Document 442). Plaintiffs' Motion 447 is denied. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/22/2015. (VVR)** (Entered: 06/22/2015) |
| 06/22/2015 | 472 | AMENDED RESPONSE in Opposition re 451 MOTION to Strike *the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative to Continue the Trial to Allow for Additional Discovery Related to the June 5, 2015 Report of Dr. Longo* filed by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dam, Case) Modified on 6/23/2015 to edit text (KJR). (Entered: 06/22/2015) |
| 06/24/2015 | 473 | RESPONSE in Opposition re 465 MOTION to Strike *or in the Alternative, to Continue the Trial to Allow for Additional Discovery* filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Dam, Case) Modified on 6/25/2015 to edit text (KJR). (Entered: 06/24/2015) |
| 06/24/2015 | 474 | RESPONSE in Opposition re 469 AMENDED MOTION for leave to file to File Reply Brief re 451 Motion to Limit or Strike Dr. William Longo as a Witness filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 6/25/2015 to edit text(KJR). (Entered: 06/24/2015) |
| 06/25/2015 | 475 | **ORDER denying without prejudice 451 Motion of United Technologies Corporation to Strike the June 5, 2015 Report of Dr. William Longo and Any Opinions or Testimony Based Thereon or, in the Alternative, to Limit Same or, in the Alternative, to Continue the Trial to Allow for Additional Discovery Related to the June 5, 2015 Report of Dr. Longo; denying without prejudice 454 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Combined Motion to Strike Dr. Longo's May 22, 2015 Report, or in the Alternative to Continue the Trial to Allow for Additional Discovery; denying without prejudice 465 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Combined Motion to Strike, or in the Alternative to Continue the Trial to Allow for Additional Discovery; denying without prejudice 469 Amended Motion for Leave to File a Reply Brief Regarding United Technologies Corporation's Motion to Limit or Strike Dr. William Longo as a Witness. On or before July 2, 2015, the parties shall file a joint notice in accordance with this Order. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/25/2015. (VVR)** (Entered: 06/25/2015) |
| 06/25/2015 | 476 | RESPONSE in Opposition re 462 MOTION for Reconsideration re 442 Order *Overruling 420 Defendant, United Technologies Corporation's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel* filed by Darryl S. |

| | | |
|---|---|---|
| | | Dugas, Marsga Dugas. (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 6/26/2015 to edit text(KJR). (Entered: 06/25/2015) |
| 06/26/2015 | 477 | RESPONSE in Opposition re 458 MOTION in limine to Exclude Defendants' Introduction of Evidence That There Were No Reasonable or Feasible Non–Asbestos Aerospace Adhesive Alternatives, and Alternative Motion for Exclusion an *d Jury Instruction Under Rule 37* filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(Taylor, Billie) Modified on 6/29/2015 to edit text (KJR). (Entered: 06/26/2015) |
| 06/26/2015 | 478 | **ORDER to Show Cause. Defendant United Technologies Corporation's response due by 7/10/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/26/2015. (VVR)** (Entered: 06/26/2015) |
| 06/26/2015 | 479 | **ORDER Granting in Part and Denying in Part 414 3M Company's Motion to Strike. Signed by Judge Brian J. Davis on 6/26/2015. (AMP)** (Entered: 06/26/2015) |
| 06/26/2015 | 480 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: TELEPHONIC HEARING held on 6/26/2015. (Digital) (TSP) (Entered: 06/29/2015) |
| 06/29/2015 | | (Court only) ***Set/reset deadlines UTC's Show Cause Response due by 7/10/2015 (KJR) (Entered: 06/29/2015) |
| 06/29/2015 | | (Court only) ***Counsel contacted regarding Exhibit 5 to Doc. 477 Response in opposition. They will try to obtain a clearer copy of the table on page 48. They will do a Notice of filing if they can get one. (KJR) (Entered: 06/29/2015) |
| 06/30/2015 | 481 | OBJECTION re 471 Order on motion to compel *and REQUEST for Oral Argument and Expedited Disposition*. (Dam, Case) Modified on 7/1/2015 to edit text (KJR). (Entered: 06/30/2015) |
| 07/01/2015 | 482 | TRANSCRIPT of Digitally Recorded Telephonic Hearing held on June 26, 2015 before Judge Joel B. Toomey. Court Reporter/Transcriber Shannon M. Bishop, RDR, CRR; dsmabishop@yahoo.com,Telephone number (904)549–1307. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter.. Redaction Request due 7/22/2015, Redacted Transcript Deadline set for 8/3/2015, Release of Transcript Restriction set for 9/29/2015. (SB) (Entered: 07/01/2015) |
| 07/01/2015 | 483 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Shannon Bishop, RDR, CRR; dsmabishop@yahoo.com; (904)549–1307. (SB) (Entered: 07/01/2015) |
| 07/02/2015 | 484 | **ORDER Denying 462 Motion for Reconsideration. Signed by Judge Brian J. Davis on 6/30/2015. (AMP)** (Entered: 07/02/2015) |
| 07/02/2015 | 485 | MEDIATION report Hearing held on Wednesday, July 1, 2015. Hearing outcome: No Agreement.. (Lucas, Brett) (Entered: 07/02/2015) |
| 07/02/2015 | 486 | NOTICE by Dexter Hysol Aerospace, LLC, Henkel Corporation re 475 Order on Motion to StrikeOrder on Motion for Leave to File *(Joint Notice by all Parties)* (Taylor, Billie) (Entered: 07/02/2015) |
| 07/06/2015 | 487 | RESPONSE TO ORDER TO SHOW CAUSE re 478 Order to show cause filed by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Cole, Susan) (Entered: 07/06/2015) |

| 07/06/2015 | 488 | **ORDER setting hearing re: 486 Joint Notice in Compliance with Court's Order Dated June 25, 2015 for July 9, 2015 at 11:00 a.m. in Jacksonville Courtroom 5A before Magistrate Judge Joel B. Toomey. If necessary, the parties' joint notice due by 1:00 p.m. on 7/7/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 7/6/2015. (VVR)** (Entered: 07/06/2015) |
|---|---|---|
| 07/06/2015 | 489 | MOTION to Continue *or Suspend Certain Pre−Trial Deadlines* by 3M Company, Dexter Hysol Aerospace, LLC, Henkel Corporation, Shell Oil Company, United Technologies Corporation. (Taylor, Billie) (Entered: 07/06/2015) |
| 07/06/2015 | 490 | MOTION to extend time to File Amended Daubert Motion as Related to Plaintiff's Expert William Longo by United Technologies Corporation. (Attachments: # 1 Appendix 1, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit C, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit E, # 10 Exhibit E, # 11 Exhibit E, # 12 Exhibit E, # 13 Exhibit E, # 14 Exhibit E, # 15 Exhibit E, # 16 Exhibit E, # 17 Exhibit E, # 18 Exhibit E, # 19 Exhibit E, # 20 Exhibit E, # 21 Exhibit E, # 22 Exhibit E, # 23 Exhibit E, # 24 Exhibit E, # 25 Exhibit F, # 26 Exhibit G, # 27 Exhibit H, # 28 Exhibit I, # 29 Exhibit J, # 30 Exhibit K, # 31 Exhibit L, # 32 Exhibit M, # 33 Exhibit N)(Cole, Susan) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 07/06/2015) |
| 07/07/2015 | | (Court only) ***Motions no longer referred: 490 MOTION to extend time to File Amended Daubert Motion as Related to Plaintiff's Expert William Longo . (PAM) (Entered: 07/07/2015) |
| 07/07/2015 | 491 | **ORDER Taking Under Advisement 489 Motion to Continue or Suspend Pretrial Deadlines and 490 Motion to Extend Time. The pretrial deadlines are temporarily stayed until further order of the Court. On or before July 10, 2015 at 1:00 p.m., Plaintiffs' response in opposition to Defendants' motions 489 and 490 shall be filed. Failure to do so will result in the motions being treated as unopposed by the Court. Signed by Judge Brian J. Davis on 7/7/2015. (AMP)** (Entered: 07/07/2015) |
| 07/08/2015 | | (Court only) Set/Reset Deadlines as to 489 MOTION to Continue *or Suspend Certain Pre−Trial Deadlines*, 490 MOTION to extend time to File Amended Daubert Motion as Related to Plaintiff's Expert William Longo . Responses due by 7/10/2015 (KJR) (Entered: 07/08/2015) |
| 07/09/2015 | 492 | Minute Entry. Proceedings held before Magistrate Judge Joel B. Toomey: ORAL ARGUMENT ON JOINT NOTICE 486 held on 7/9/2015. (Digital) (TSP) (Entered: 07/09/2015) |
| 07/10/2015 | 493 | RESPONSE in Opposition re 489 MOTION to Continue *or Suspend Certain Pre−Trial Deadlines*, 490 MOTION to extend time to File Amended Daubert Motion as Related to Plaintiff's Expert William Longo filed by Darryl S. Dugas, Marsga Dugas. (Dam, Case) Modified on 7/13/2015 to edit text and docket link(KJR). (Entered: 07/10/2015) |
| 07/10/2015 | 494 | NOTICE of Filing Exhibits by Darryl S. Dugas, Marsha Dugas re 493 Response in Opposition to Motion (Attachments: # 1 Exhibit Exh 1, # 2 Exhibit Exh 2, # 3 Exhibit Exh 3, # 4 Exhibit Exh 4, # 5 Exhibit Exh 5, # 6 Exhibit Exh 6, # 7 Exhibit Exh 7, # 8 Exhibit Exh 8, # 9 Exhibit Exh 9, # 10 Exhibit Exh 10, # 11 Exhibit Exh 11, # 12 Exhibit Exh 12, # 13 Exhibit Exh 13, # 14 Exhibit Exh 14, # 15 Exhibit Exh 16, # 16 Exhibit Exh 17, # 17 Exhibit Exh 18, # 18 Exhibit Exh 19, # 19 Exhibit Exh 20, # 20 Exhibit Exh 21, # 21 Exhibit Exh 22, # 22 Exhibit Exh 23, # 23 Exhibit Exh 24, # 24 Exhibit Exh 25, # 25 Exhibit Exh 26, # 26 Exhibit Exh 27, # 27 Exhibit Exh 28, # 28 Exhibit Exh 29, # 29 Exhibit Exh 30, # 30 Exhibit Exh 31, # 31 Exhibit Exh 32)(Dam, Case) Modified on 7/13/2015 to edit text (KJR). (Entered: 07/10/2015) |
| 07/10/2015 | 495 | NOTICE of unavailability of counsel for consideration in resetting trial date by 3M Company. (Mann, Dara) Modified on 7/13/2015 to edit text (KJR). (Entered: 07/10/2015) |
| 07/10/2015 | 496 | **ORDER re: 486 Joint Notice in Compliance with Court's Order Dated June 25, 2015 and the arguments presented by the parties at the hearing held before this Court on July 9, 2015. See Order for details and deadlines. Signed by Magistrate Judge Joel B. Toomey on 7/10/2015. (VVR)** (Entered: 07/10/2015) |

| 07/10/2015 | 497 | TRANSCRIPT of Digitally Recorded Oral Argument on Joint Notice held on 7/9/15 before Judge Joel B. Toomey. Court Reporter/Transcriber Shelli Kozachenko,Telephone number 904.301.6842. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/31/2015, Redacted Transcript Deadline set for 8/10/2015, Release of Transcript Restriction set for 10/8/2015. (SMK) (Entered: 07/10/2015) |
|---|---|---|
| 07/10/2015 | 498 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Shelli Kozachenko, shellikoz@gmail.com, 904–710–2925. (SMK) (Entered: 07/10/2015) |
| 07/13/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Bryant J. Spann, appearing on behalf of 3M Company (Filing fee $150 receipt number JAX016863.). (LAW) (Entered: 07/13/2015) |
| 07/13/2015 | 499 | MOTION to Amend 157 Answer to Second Amended Complaint by 3M Company. (Attachments: # 1 Exhibit A – Proposed Amended Answer and Defenses of Defendant 3M Company to Plaintiffs' Second Amended Complaint)(Mann, Dara) Modified on 7/13/2015 to edit text(KJR). (Entered: 07/13/2015) |
| 07/13/2015 | | (Court only) *** 499 MOTION to Amend 157 Answer to Second Amended Complaint REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 07/13/2015) |
| 07/14/2015 | | (Court only) ***Re Doc. 493 Response & 494 Notice of Filing Exhibits, spoke to Counsel regarding missing Exhibit 15. They will file a separate notice of filing w/ Exhibit 15 attached. (KJR) (Entered: 07/14/2015) |
| 07/14/2015 | 500 | NOTICE of Filing Exhibit 15 by Darryl S. Dugas, Marsha Dugas re 493 Response in Opposition to Motion Notice of Filing (Attachments: # 1 Exhibit Exh 15)(Dam, Case) Modified on 7/15/2015 to edit text(KJR). (Entered: 07/14/2015) |
| 07/14/2015 | 501 | **ENDORSED ORDER shortening the time to respond to 499 Defendant 3M Company's Motion for Leave to Amend its Answer and Defenses to Plaintiffs' Second Amended Complaint. Plaintiffs' response is due no later than July 20, 2015. Signed by Magistrate Judge Joel B. Toomey on 7/14/2015. (VVR)** (Entered: 07/14/2015) |
| 07/14/2015 | 502 | RESPONSE re 481 Objection of Plaintiffs to the Magistrate's Order Dated June 22, 2015 filed by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cole, Susan) (Entered: 07/14/2015) |
| 07/14/2015 | 503 | AMENDED MOTION to Amend 157 Answer to Second Amended Complaint by 3M Company. (Attachments: # 1 Exhibit A – Amended Answer and Defenses Of Defendant 3M Company To Plaintiffs' Second Amended Complaint)(Mann, Dara) Modified on 7/15/2015 to edit text (KJR). (Entered: 07/14/2015) |
| 07/15/2015 | | (Court only) *** 503 AMENDED MOTION to Amend 157 Answer to Second Amended Complaint REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 07/15/2015) |
| 07/15/2015 | | (Court only) ***Motions terminated: 499 MOTION to Amend 157 Answer to Second Amended Complaint filed by 3M Company. See Doc. 503 Amended Motion to Amend 157 Answer to Second Amended Complaint. (KJR) (Entered: 07/15/2015) |
| 07/15/2015 | 504 | **ENDORSED ORDER granting 503 Agreed Motion for Leave to Amend Defendant 3M Company's Answer and Defenses to Plaintiff's Second Amended Complaint. On or before July 22, 2015, Defendant 3M Company shall file as a separate document the Amended Answer and Defenses of Defendant 3M Company to Plaintiffs' Second Amended Complaint. Signed by** |

| | | Magistrate Judge Joel B. Toomey on 7/15/2015. (VVR) (Entered: 07/15/2015) |
|---|---|---|
| 07/15/2015 | 505 | **ORDER Granting 489 Motion to Continue and Granting 490 Motion to Extend Time. The remaining pretrial deadlines are vacated and a new case management and scheduling order will be entered forthwith. This case is removed from the August, 2015 trial calendar. Documents 338 , 344 , 346 , 347 , 352 , 356 and 433 are DENIED without prejudice to refiling on or before September 3, 2015. Signed by Judge Brian J. Davis on 7/15/2015. (AMP)** (Entered: 07/15/2015) |
| 07/15/2015 | 506 | MOTION to Compel Dexter Hysol and Henkel Corporation Production of EA 934 Testing Materials Utilized in Testing and Analysis of Dr. Maureen Reitman and Del Malzahn or Alternatively, Request for Teleconference with the Court by Darryl S. Dugas, Marsga Dugas. (Attachments: # 1 Exhibit Exh 1, # 2 Exhibit Exh 2, # 3 Exhibit Exh 3, # 4 Exhibit Exh 4, # 5 Exhibit Exh 5, # 6 Exhibit Exh 6, # 7 Exhibit Exh 7, # 8 Exhibit Exh 8)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 07/15/2015) |
| 07/15/2015 | 507 | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER. The following settings and deadlines shall apply: Amended Dispositive and Daubert motions due by 9/3/2015; Responses to Amended Dispositive and Daubert motions due by September 17, 2015; Pretrial statement due by 1/13/2016; Final Pretrial Conference set for 1/20/2016 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis; Jury Trial set for trial term commencing on 2/1/2016 at 9:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. Signed by Judge Brian J. Davis on 7/15/2015. (AMP)** (Entered: 07/15/2015) |
| 07/15/2015 | 508 | NOTICE OF HEARING: Plaintiffs' Daubert Motions to Exclude Anticipated Opinions of 3M's Experts 331 and 332 are scheduled for hearing on 7/27/2015 at 10:00 AM in Jacksonville Courtroom 12C before Judge Brian J. Davis. Signed by Judge Brian J. Davis on 7/15/2015. (AMP) Modified on 7/16/2015 to edit text (KJR). (Entered: 07/15/2015) |
| 07/16/2015 | | (Court only) ***Set/reset deadlines/hearings for 3M Company, Answer due by 7/22/2015. Deadlines canceled for BASF Corporation, Novartis Corporation. Daubert Hearing set for 7/27/2015 at 10:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. (KJR) (Entered: 07/16/2015) |
| 07/16/2015 | 509 | *AMENDED* ANSWER and affirmative defenses with Jury Demand to 113 Second Amended Complaint by 3M Company.(Mann, Dara) Modified on 7/17/2015 to edit text and link (KJR). (Entered: 07/16/2015) |
| 07/16/2015 | 510 | **ENDORSED ORDER shortening the time to respond to 506 Plaintiffs' Opposed Motion to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of EA 934 Testing Materials Utilized in Testing and Analysis of Dr. Maureen Reitman and Del Malzahn or, Alternatively, Request for Teleconference With the Court. Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation shall file a response to this Motion by July 22, 2015, or else it will be deemed unopposed. Signed by Magistrate Judge Joel B. Toomey on 7/16/2015. (VVR)** (Entered: 07/16/2015) |
| 07/17/2015 | | (Court only) Set/Reset Deadlines as to 506 MOTION to Compel Dexter Hysol and Henkel Corporation Production of EA 934 Testing Materials Utilized in Testing and Analysis of Dr. Maureen Reitman and Del Malzahn or Alternatively, Request for Teleconference with the Court . Responses due by 7/22/2015 (KJR) (Entered: 07/17/2015) |
| 07/21/2015 | 511 | MOTION (Unopposed) for Mary A. Wells to appear pro hac vice by 3M Company. (Irel, Monica) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 7/22/2015 to edit text (KJR). (Entered: 07/21/2015) |
| 07/22/2015 | | (Court only) ***Pro Hac Vice Letter sent to Attorney Mary A. Wells, re Doc. 511 Motion to appear pro hac vice (KJR) (Entered: 07/22/2015) |
| 07/22/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 07/22/2015. (PAM) (Entered: 07/22/2015) |

| 07/22/2015 | 512 | **ORDER denying without prejudice 511 Unopposed Verified Motion for Permission for Mary A. Wells to Appear Pro Hac Vice for failure to state whether Ms. Wells is "a member in good standing of the bar of any District Court of the United States." M.D. Fla. R. 2.02(a). Signed by Magistrate Judge Joel B. Toomey on 7/22/2015. (VVR)** (Entered: 07/22/2015) |
|---|---|---|
| 07/22/2015 | 513 | RESPONSE to Motion re 506 MOTION to Compel Dexter Hysol and Henkel Corporation Production of EA 934 Testing Materials Utilized in Testing and Analysis of Dr. Maureen Reitman and Del Malzahn or Alternatively, Request for Teleconference with the Court filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 07/22/2015) |
| 07/23/2015 | 514 | AMENDED MOTION for Mary A. Wells to appear pro hac vice by 3M Company. (Irel, Monica) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 7/23/2015 to edit text (KJR). (Entered: 07/23/2015) |
| 07/23/2015 |  | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Mary A. Wells, appearing on behalf of 3M Company (Filing fee $150 receipt number JAX016991.) Related document: 514 AMENDED MOTION for Mary A. Wells to appear pro hac vice. (PAM) (Entered: 07/23/2015) |
| 07/23/2015 | 515 | **ORDER granting 506 Plaintiffs' Opposed Motion to Compel Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation's Production of EA 934 Testing Materials Utilized in Testing and Analysis of Dr. Maureen Reitman and Del Malzahn. The parties' joint notice is due on or before 7/30/15. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 7/23/2015. (VVR)** (Entered: 07/23/2015) |
| 07/24/2015 | 516 | **ENDORSED ORDER granting 514 Amended Unopposed Verified Motion for Permission for Mary A. Wells to Appear Pro Hac Vice. If Mary A. Wells, Esq., has not already done so, she shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Joel B. Toomey on 7/24/2015. (TSP)** (Entered: 07/24/2015) |
| 07/24/2015 |  | (Court only) ***COPIES mailed to Counsel: Mary A. Wells; re 516 Order on motion to appear pro hac vice (TSP) (Entered: 07/24/2015) |
| 07/27/2015 | 517 | Minute Entry for proceedings held before Judge Brian J. Davis: MOTION HEARING held on 7/27/2015; denying 331 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Dennis J. Seal, Ph.D., P.E.; granting in part, denying in part 332 MOTION for miscellaneous relief, specifically to Exclude Anticipated Opinions of 3M's Expert Charles R. Cushing, Ph.D., P.E. Court Reporter: Shelli Kozachenko (EAM) (Entered: 07/27/2015) |
| 07/30/2015 | 518 | **ORDER Denying 331 Plaintiffs' Motion to Exclude Certain Opinions of 3M's Expert Dennis J. Seal; Granting in Part and Denying in Part 332 Plaintiffs' Motion to Exclude Certain Opinions of 3M's Expert Charles R. Cushing. Signed by Judge Brian J. Davis on 7/29/2015. (AMP)** (Entered: 07/30/2015) |
| 07/30/2015 | 519 | RESPONSE re 515 Order on motion to compel *jointly executed by Plaintiffs Darryl Dugas and Marsha Dugas and Defendants Dexter–Hysol Aerospace, LLC and Henkel Corporation* filed by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) (Entered: 07/30/2015) |
| 08/03/2015 |  | (Court only) ***Deadlines terminated. Redaction Request Deadline 07/31/2015 and Redacted Transcript Deadline 08/03/2015. (PAM) (Entered: 08/03/2015) |
| 08/07/2015 | 520 | NOTICE of supplemental authority re 348 MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D., and Edwin C. Holstein, M.D., under Daubert; Alternative Request for Daubert Hearing under F.R.C.P. 402 and 403; and Supporting Memorandum of Law by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cole, Susan) (Entered: 08/07/2015) |
| 08/07/2015 | 521 | MOTION for leave to file *the Affidavit of Defendant 3M Company's Expert Charles Cushing Presented at July 27, 2015 Hearing* by 3M Company. (Attachments: # 1 Affidavit)(Mann, Dara) (Entered: 08/07/2015) |

| 08/10/2015 | | (Court only) ***Deadlines terminated. Redacted Transcript Deadline 08/10/2015. (PAM) (Entered: 08/10/2015) |
|---|---|---|
| 08/12/2015 | 522 | STATEMENT *Noting a Party's Death* by Darryl S. Dugas, Marsha Dugas (Dam, Case) Modified on 8/12/2015 to edit text (KJR). (Entered: 08/12/2015) |
| 08/13/2015 | 523 | MOTION (Unopposed) to extend time to file Daubert motion as to Plaintiffs' expert Dr. Longo by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 8/14/2015 to edit text (KJR). (Entered: 08/13/2015) |
| 08/13/2015 | 524 | MOTION to extend Deadline for Taking Depositions of Experts Retained By Defendant United Technologies Corporation ("UTC") by Darryl S. Dugas, Marsha Dugas. (Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 8/14/2015 to edit text(KJR). (Entered: 08/13/2015) |
| 08/18/2015 | 525 | **ENDORSED ORDER Granting Defendants Henkel Corporation's and Dexter–Hysol Aerospace, LLC's Unopposed Motion to Extend Deadline 523 . Defendants' Daubert Motion regarding William E. Longo shall be filed on or before September 18, 2015. Signed by Judge Brian J. Davis on 8/18/2015. (AMP)** (Entered: 08/18/2015) |
| 08/18/2015 | 526 | **ORDER discharging 478 Order to Show Cause. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 8/18/2015. (VVR)** (Entered: 08/18/2015) |
| 08/21/2015 | 527 | **ENDORSED ORDER Granting Defendant 3M Company's Agreed Motion for Leave to File the Affidavit of Defendant 3M Company's Expert Charles Cushing Presented at the July 27, 2015, Hearing 521 . The Clerk of the Court is directed to file Exhibit A of Document 521 as a standalone document entry. Signed by Judge Brian J. Davis on 8/21/2015. (AMP)** (Entered: 08/21/2015) |
| 08/21/2015 | 528 | AMENDED MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D. and Edwin C. Holstein, M.D. by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Taylor, Billie) Modified on 8/24/2015 to edit text(KJR). (Entered: 08/21/2015) |
| 08/24/2015 | 529 | AFFIDAVIT of Charles Cushing by 3M Company. (KJR) (Entered: 08/24/2015) |
| 09/02/2015 | 530 | JOINDER in motion by United Technologies Corporation re 528 AMENDED MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D. and Edwin C. Holstein, M.D. filed by Henkel Corporation, Dexter Hysol Aerospace, LLC . (Cole, Susan) (Entered: 09/02/2015) |
| 09/03/2015 | 531 | NOTICE of Adoption and Joinder in Defendants' Motion to exclude causation opinions of John Coulter Maddox, M.D., and Edwin C. Holstein, M.D., by Shell Oil Company (Alley, Todd) Modified on 9/8/2015 to edit text (AET). (Entered: 09/03/2015) |
| 09/03/2015 | 532 | **ENDORSED ORDER granting 524 Plaintiff's Motion to Extend Deadline for Taking Depositions of Experts Retained by Defendant United Technologies Corporation Until August 21, 2015. Defendant United Technologies Corporation has not filed a response, and the deadline for doing so has passed. Thus, the Motion is considered unopposed. Signed by Magistrate Judge Joel B. Toomey on 9/3/2015. (VVR)** (Entered: 09/03/2015) |
| 09/03/2015 | 533 | Amended MOTION for partial summary judgment *on Defendant United Technologies Corp Government Contractors' Affirmative Defenses* by All Plaintiffs. (Attachments: # 1 Exhibit Exh 1, # 2 Exhibit Exh 2, # 3 Exhibit Exh 3, # 4 Exhibit Exh 4, # 5 Exhibit Exh 5, # 6 Exhibit Exh 6, # 7 Exhibit Exh 7, # 8 Exhibit Exh 8, # 9 Exhibit Exh 9)(Dam, Case) (Entered: 09/03/2015) |
| 09/03/2015 | 534 | AMENDED MOTION for Summary Judgment and brief in support thereof by Shell Oil Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I (part 1), # 10 Exhibit I (part2), # 11 Exhibit I (part 3), # 12 Exhibit I (part 4), # 13 |

| | | Exhibit J, #14 Exhibit K, #15 Exhibit L, #16 Exhibit M, #17 Exhibit N, #18 Exhibit O, #19 Exhibit P, #20 Exhibit Q, #21 Exhibit R)(Alley, Todd) Modified on 9/4/2015 to edit text (AET). Modified on 9/16/2015 to edit text(KJR). (Entered: 09/03/2015) |
|---|---|---|
| 09/03/2015 | 535 | MOTION for summary judgment by United Technologies Corporation. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit D2, #6 Exhibit E, #7 Exhibit F, #8 Exhibit G, #9 Exhibit H, #10 Exhibit I, #11 Exhibit J1, #12 Exhibit J2, #13 Exhibit J3)(Cole, Susan) (Entered: 09/03/2015) |
| 09/03/2015 | 536 | MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert *Alternative Request for Daubert Hearing and Supporting Memorandum of Law* by United Technologies Corporation. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J, #11 Exhibit K, #12 Exhibit L, #13 Exhibit M, #14 Exhibit N, #15 Exhibit O, #16 Exhibit P, #17 Exhibit Q)(Cole, Susan) (Entered: 09/03/2015) |
| 09/03/2015 | 537 | Amended MOTION for miscellaneous relief, specifically Exclude Opinions of William E. Longo, Ph.D. *Under Daubert; Alternative Request for Daubert Hearing; and Supporting Memorandum of Law* by United Technologies Corporation. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J, #11 Exhibit K, #12 Exhibit L, #13 Exhibit M, #14 Exhibit N, #15 Exhibit O, #16 Exhibit P, #17 Exhibit Q, #18 Exhibit R, #19 Exhibit S, #20 Exhibit T)(Cole, Susan) (Entered: 09/03/2015) |
| 09/03/2015 | 538 | NOTICE of Adoption and of joinder re 534 Amended MOTION for Summary Judgment and brief in support thereof by Dexter Hysol Aerospace, LLC, Henkel Corporation (Taylor, Billie) Modified on 9/4/2015 to edit text (AET). (Entered: 09/03/2015) |
| 09/04/2015 | 539 | NOTICE of *Joinder* by Dexter Hysol Aerospace, LLC, Henkel Corporation re 536 MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert *Alternative Request for Daubert Hearing and Supporting Memorandum of Law* (Taylor, Billie) Modified on 9/8/2015 to edit text (KJR). (Entered: 09/04/2015) |
| 09/04/2015 | | (Court only) ***Motions terminated: 334 MOTION for partial summary judgment *on Defendnat Shell Oil Company's Government Contractor Affirmative Defense* filed by Marsga Dugas, Marsha Dugas, Darryl S. Dugas. (AET) (Entered: 09/04/2015) |
| 09/04/2015 | 540 | **SUMMARY JUDGMENT NOTICE Signed by Deputy Clerk on 9/4/2015. (AET)** (Entered: 09/04/2015) |
| 09/04/2015 | 541 | TRANSCRIPT of Motion Hearing held on 7/27/15 before Judge Brian J. Davis. Court Reporter/Transcriber Shelli Kozachenko,Telephone number 904.301.6842. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/25/2015, Redacted Transcript Deadline set for 10/5/2015, Release of Transcript Restriction set for 12/3/2015. (SMK) (Entered: 09/04/2015) |
| 09/04/2015 | 542 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Shelli Kozachenko. (SMK) (Entered: 09/04/2015) |
| 09/04/2015 | 543 | RESPONSE in Opposition re 528 AMENDED MOTION for miscellaneous relief, specifically to Exclude Causation Opinions of John Coulter Maddox, M.D. and Edwin C. Holstein, M.D. filed by Darryl S. Dugas, Marsga Dugas. (Attachments: # |

| | | |
|---|---|---|
| | | <u>1</u> Exhibit Exh 1, #<u>2</u> Exhibit Exh 2, #<u>3</u> Exhibit Exh 3, #<u>4</u> Exhibit Exh 4, #<u>5</u> Exhibit Exh 5, #<u>6</u> Exhibit Exh 6, #<u>7</u> Exhibit Exh 7, #<u>8</u> Exhibit Exh 8, #<u>9</u> Exhibit Exh 9, #<u>10</u> Exhibit Exh 10, #<u>11</u> Exhibit Exh 11, #<u>12</u> Exhibit Exh 12, #<u>13</u> Exhibit Exh 13, #<u>14</u> Exhibit Exh 14, #<u>15</u> Exhibit Exh 15, #<u>16</u> Exhibit Exh 16, #<u>17</u> Exhibit Exh 17)(Dam, Case) (Entered: 09/04/2015) |
| 09/04/2015 | <u>544</u> | NOTICE of Filing Exhibits 18–67 by Darryl S. Dugas, Marsha Dugas re <u>543</u> Response in Opposition to Motion (Attachments: #<u>1</u> Exhibit Exh 18 Part 1, #<u>2</u> Exhibit Exh 18 Part 2, #<u>3</u> Exhibit Exh 18 Part 3, #<u>4</u> Exhibit Exh 18 Part 4, #<u>5</u> Exhibit Exh 19, #<u>6</u> Exhibit Exh 20, #<u>7</u> Exhibit Exh 21, #<u>8</u> Exhibit Exh 22, #<u>9</u> Exhibit Exh 23, #<u>10</u> Exhibit Exh 24, #<u>11</u> Exhibit Exh 25, #<u>12</u> Exhibit Exh 26, #<u>13</u> Exhibit Exh 27, #<u>14</u> Exhibit Exh 28 Part 1, #<u>15</u> Exhibit Exh 28 Part 2, #<u>16</u> Exhibit Exh 28 Part 3, #<u>17</u> Exhibit Exh 28 Part 4, #<u>18</u> Exhibit Exh 28 Part 5, #<u>19</u> Exhibit Exh 29, #<u>20</u> Exhibit Exh 30, #<u>21</u> Exhibit Exh 31, #<u>22</u> Exhibit Exh 32, #<u>23</u> Exhibit Exh 33, #<u>24</u> Exhibit Exh 34, #<u>25</u> Exhibit Exh 35, #<u>26</u> Exhibit Exh 36, #<u>27</u> Exhibit Exh 37, #<u>28</u> Exhibit Exh 38, #<u>29</u> Exhibit Exh 39, #<u>30</u> Exhibit Exh 40, #<u>31</u> Exhibit Exh 41, #<u>32</u> Exhibit Exh 42, #<u>33</u> Exhibit Exh 43, #<u>34</u> Exhibit Exh 44, #<u>35</u> Exhibit Exh 45, #<u>36</u> Exhibit Exh 46, #<u>37</u> Exhibit Exh 47, #<u>38</u> Exhibit Exh 48, #<u>39</u> Exhibit Exh 49, #<u>40</u> Exhibit Exh 50, #<u>41</u> Exhibit Exh 51, #<u>42</u> Exhibit Exh 52, #<u>43</u> Exhibit Exh 53, #<u>44</u> Exhibit Exh 54, #<u>45</u> Exhibit Exh 55, #<u>46</u> Exhibit Exh 56, #<u>47</u> Exhibit Exh 57, #<u>48</u> Exhibit Exh 58, #<u>49</u> Exhibit Exh 59, #<u>50</u> Exhibit Exh 60, #<u>51</u> Exhibit Exh 61, #<u>52</u> Exhibit Exh 62, #<u>53</u> Exhibit Exh 63, #<u>54</u> Exhibit Exh 64, #<u>55</u> Exhibit Exh 65, #<u>56</u> Exhibit Exh 66, #<u>57</u> Errata Exh 67)(Dam, Case) Modified on 9/8/2015 to edit text (KJR). (Entered: 09/04/2015) |
| 09/16/2015 | <u>545</u> | BRIEF in opposition re <u>534</u> AMENDED MOTION for Summary Judgment and brief in support thereof filed by Darryl S. Dugas, Marsha Dugas. (Attachments: #<u>1</u> Exhibit 1, #<u>2</u> Exhibit 2, #<u>3</u> Exhibit 3, #<u>4</u> Exhibit 4, #<u>5</u> Exhibit 5, #<u>6</u> Exhibit 6, #<u>7</u> Exhibit 8, #<u>8</u> Exhibit 9, #<u>9</u> Exhibit 10, #<u>10</u> Exhibit 11, #<u>11</u> Exhibit 12, #<u>12</u> Exhibit 13, #<u>13</u> Exhibit 14, #<u>14</u> Exhibit 15, #<u>15</u> Exhibit 16, #<u>16</u> Exhibit 17, #<u>17</u> Exhibit 18, #<u>18</u> Exhibit 19, #<u>19</u> Exhibit 20, #<u>20</u> Exhibit 21, #<u>21</u> Exhibit 22, #<u>22</u> Exhibit 23, #<u>23</u> Exhibit 24, #<u>24</u> Exhibit 25, #<u>25</u> Exhibit 26, #<u>26</u> Exhibit 27, #<u>27</u> Exhibit 28, #<u>28</u> Exhibit 29, #<u>29</u> Exhibit 30, #<u>30</u> Exhibit 31, #<u>31</u> Exhibit 32, #<u>32</u> Exhibit 7)(Dam, Case) Modified on 9/16/2015 to edit text (KJR). (Entered: 09/16/2015) |
| 09/17/2015 | <u>546</u> | MOTION to Strike *Declarations of John C Sumner (Exh D) and Declaration of Thomas F. MCcaffery (Exh J)* re <u>535</u> MOTION for summary judgment by All Plaintiffs. (Attachments: #<u>1</u> Exhibit Exh 1, #<u>2</u> Exhibit Exh 2, #<u>3</u> Exhibit Exh 3, #<u>4</u> Exhibit Exh 4, #<u>5</u> Exhibit Exh 5, #<u>6</u> Exhibit Exh 6, #<u>7</u> Exhibit Exh 7)(Dam, Case) Motions referred to Magistrate Judge Joel B. Toomey. Modified on 9/17/2015 to edit text(KJR). (Entered: 09/17/2015) |
| 09/17/2015 | <u>547</u> | BRIEF in opposition re <u>535</u> MOTION for summary judgment filed by Darryl S. Dugas, Marsga Dugas. (Attachments: #<u>1</u> Exhibit Exh 1, #<u>2</u> Exhibit Exh 2, #<u>3</u> Exhibit Exh 3, #<u>4</u> Exhibit Exh 4, #<u>5</u> Exhibit Exh 5, #<u>6</u> Exhibit Exh 6, #<u>7</u> Exhibit Exh 7, #<u>8</u> Exhibit Exh 8, #<u>9</u> Exhibit Exh 9, #<u>10</u> Exhibit Exh 10, #<u>11</u> Exhibit Exh 11, #<u>12</u> Exhibit Exh 12, #<u>13</u> Exhibit Exh 13, #<u>14</u> Exhibit Exh 14, #<u>15</u> Exhibit Exh 15, #<u>16</u> Exhibit Exh 16, #<u>17</u> Exhibit Exh 17, #<u>18</u> Exhibit Exh 18, #<u>19</u> Exhibit Exh 19, #<u>20</u> Exhibit Exh 20, #<u>21</u> Exhibit Exh 21, #<u>22</u> Exhibit Exh 22, #<u>23</u> Exhibit Exh 23, #<u>24</u> Exhibit Exh 24, #<u>25</u> Exhibit Exh 25, #<u>26</u> Exhibit Exh 26, #<u>27</u> Exhibit Exh 27, #<u>28</u> Exhibit Exh 28, #<u>29</u> Exhibit Exh 29, #<u>30</u> Exhibit Exh 30, #<u>31</u> Exhibit Exh 31, #<u>32</u> Exhibit Exh 32, #<u>33</u> Exhibit Exh 33, #<u>34</u> Exhibit Exh 34, #<u>35</u> Exhibit Exh 35, #<u>36</u> Exhibit Exh 36, #<u>37</u> Exhibit Exh 37, #<u>38</u> Exhibit Exh 38, #<u>39</u> Exhibit Exh 39, #<u>40</u> Exhibit Exh 40, #<u>41</u> Exhibit Exh 41, #<u>42</u> Exhibit Exh 42, #<u>43</u> Exhibit Exh 43, #<u>44</u> Exhibit Exh 44, #<u>45</u> Exhibit Exh 45, #<u>46</u> Exhibit Exh 46, #<u>47</u> Exhibit Exh 47, #<u>48</u> Exhibit Exh 48, #<u>49</u> Exhibit Exh 49, #<u>50</u> Exhibit Exh 50, #<u>51</u> Exhibit Exh 51, #<u>52</u> Exhibit Exh 52, #<u>53</u> Exhibit Exh 53)(Dam, Case) Modified on 9/17/2015 to edit text(KJR). (Entered: 09/17/2015) |
| 09/17/2015 | | (Court only) ***Counsel notified that exhibit 17 is missing from Doc. <u>547</u> BRIEF in opposition. They've been asked to do a Notice of filing exhibit 17 and to link it back to their Brief. (KJR) Modified on 9/17/2015 ***DISREGARD previous note regarding exhibit 17. Exhibit 17 is attached, there were two exhibit 17 cover sheets |

| | | (KJR). (Entered: 09/17/2015) |
|---|---|---|
| 09/17/2015 | | (Court only) ***Motions no longer referred: 546 MOTION to Strike *Declarations of John C Sumner (Exh D) and Declaration of Thomas F. MCcaffery (Exh J)* re 535 MOTION for summary judgment. (KJR) (Entered: 09/17/2015) |
| 09/17/2015 | 548 | MOTION (Unopposed) for leave to file under seal *Pursuant to Confidentiality Order 310* by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Taylor, Billie) Modified on 9/17/2015 to edit text and link (KJR). (Entered: 09/17/2015) |
| 09/17/2015 | 549 | RESPONSE in Opposition re 533 Amended MOTION for partial summary judgment *on Defendant United Technologies Corp Government Contractors' Affirmative Defenses* filed by United Technologies Corporation. (Cole, Susan) (Entered: 09/17/2015) |
| 09/17/2015 | 550 | OBJECTION and MOTION to Strike 536 MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert filed by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 9/18/2015 to edit text and event type(KJR). (Entered: 09/17/2015) |
| 09/17/2015 | | (Court only) ***Counsel notified to provide sealed documents on a disk with each document as a separate PDF file along with 2 sets of paper copies, bond &tabbed, re Doc. 548 Motion to seal. (KJR) (Entered: 09/17/2015) |
| 09/17/2015 | 551 | RESPONSE in Opposition re 537 Amended MOTION for miscellaneous relief, specifically Exclude Opinions of William E. Longo, Ph.D. *Under Daubert; Alternative Request for Daubert Hearing; and Supporting Memorandum of Law*, 536 MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert *Alternative Request for Daubert Hearing and Supporting Memorandum of Law* filed by Darryl S. Dugas, Marsha Dugas (Attachments: # 1 Exhibit Exh 1, # 2 Exhibit Exh 2, # 3 Exhibit Exh 3, # 4 Exhibit Exh 4, # 5 Exhibit Exh 5, # 6 Exhibit Exh 6, # 7 Exhibit Exh 7, # 8 Exhibit Exh 8, # 9 Exhibit Exh 9, # 10 Exhibit Exh 10, # 11 Exhibit Exh 11, # 12 Exhibit Exh 12, # 13 Exhibit Exh 13, # 14 Exhibit Exh 14, # 15 Exhibit Exh 15, # 16 Exhibit Exh 16, # 17 Exhibit Exh 17, # 18 Exhibit Exh 18, # 19 Exhibit Exh 19, # 20 Exhibit Exh 20, # 21 Exhibit Exh 21, # 22 Exhibit Exh 22, # 23 Exhibit Exh 23, # 24 Exhibit Exh 24, # 25 Exhibit Exh 25, # 26 Exhibit Exh 26, # 27 Exhibit Exh 27, # 28 Exhibit Exh 28, # 29 Exhibit Exh 29, # 30 Exhibit Exh 30, # 31 Exhibit Exh 31, # 32 Exhibit Exh 32, # 33 Exhibit Exh 33, # 34 Exhibit Exh 34, # 35 Exhibit Exh 35, # 36 Exhibit Exh 36, # 37 Exhibit Exh 37, # 38 Exhibit Exh 38, # 39 Exhibit Exh 39, # 40 Exhibit Exh 40)(Dam, Case) Modified on 9/18/2015 to edit text (KJR). (Entered: 09/17/2015) |
| 09/18/2015 | | (Court only) *** 548 MOTION (Unopposed) for leave to file under seal *Pursuant to Confidentiality Order 310* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) Motions referred to Magistrate Judge Joel B. Toomey. (Entered: 09/18/2015) |
| 09/18/2015 | | (Court only) ***Counsel notified to refile Exhibit 1, re Doc. 550 Objection and Motion to Strike (KJR) (Entered: 09/18/2015) |
| 09/18/2015 | 552 | NOTICE *of Filing Exhibit 1 to 550 Objection and Motion to Strike 536 MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert* by Darryl S. Dugas, Marsha Dugas (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 9/18/2015 to edit text and link(KJR). (Entered: 09/18/2015) |
| 09/18/2015 | 553 | MOTION for miscellaneous relief, specifically Motion to Exclude Dr. Longo's Opinions and Experimental Tests Under Daubert by Dexter Hysol Aerospace, LLC, Henkel Corporation. (Attachments: # 1 Exhibit A – Under Seal, # 2 Exhibit B – Longo 2.25.15 Rpt, # 3 Exhibit C – Under Seal, # 4 Exhibit D – Under Seal, # 5 Exhibit E – Under Seal, # 6 Exhibit F – Under Seal, # 7 Exhibit G – Longo Depo Vol. II 6.5.15, # 8 Exhibit H – Longo Depo Vol. III 6.26.15, # 9 Exhibit I – Longo Depo. Vol. IV 9.9.15, # 10 Exhibit J – Under Seal, # 11 Exhibit K – Under Seal, # 12 Exhibit L – Emrich Depo, # 13 Exhibit M – Article)(Taylor, Billie) (Entered: 09/18/2015) |

| 09/21/2015 | 554 | JOINDER in motion by Shell Oil Company re 553 MOTION for miscellaneous relief, specifically Motion to Exclude Dr. Longo's Opinions and Experimental Tests Under Daubert filed by Henkel Corporation, Dexter Hysol Aerospace, LLC . (Alley, Todd) (Entered: 09/21/2015) |
| 09/21/2015 | | (Court only) ***Clerk's Office received a courtesy copy of Doc. 553 MOTION for miscellaneous relief, specifically Motion to Exclude Dr. Longo's Opinions and Experimental Tests Under Daubert (KJR) (Entered: 09/21/2015) |
| 09/21/2015 | 555 | **ORDER granting 548 Defendants Henkel Corporation and Dexter–Hysol Aerospace, LLC's Unopposed Motion to Seal Certain Documents Pursuant to the Confidentiality Order (Doc. 310). See Order for details. Signed by Magistrate Judge Joel B. Toomey on 9/21/2015. (VVR)** (Entered: 09/21/2015) |
| 09/22/2015 | 556 | MOTION (Unopposed) to Substitute Party *Darryl Dugas, Deceased Party Plaintiff* by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1)(Dam, Case) Modified on 9/23/2015 to edit text(KJR). (Entered: 09/22/2015) |
| 09/22/2015 | 557 | (Court only) SEALED NOTICE of Filing Documents Under Seal by Dexter Hysol Aerospace, LLC, Henkel Corporation re 555 Order on Motion to Seal (Attachments: # 1 Exhibit A, # 2 Exhibit C, # 3 Exhibit D Part 1, # 4 Exhibit D Part 2, # 5 Exhibit D Part 3, # 6 Exhibit D Part 4, # 7 Exhibit D Part 5, # 8 Exhibit E, # 9 Exhibit F Part 1, # 10 Exhibit F Part 2, # 11 Exhibit F Part 3, # 12 Exhibit F Part 4, # 13 Exhibit F Part 5, # 14 Exhibit J Part 1, # 15 Exhibit J Part 2, # 16 Exhibit K)(KJR) (Entered: 09/23/2015) |
| 09/23/2015 | | (Court only) *** 556 Unopposed MOTION to Substitute Party *Darryl Dugas, Deceased Party Plaintiff* REFERRED to Magistrate Judge Joel B. Toomey. (KJR) (Entered: 09/23/2015) |
| 09/23/2015 | | Sealed Document.S–557 (KJR) (Entered: 09/23/2015) |
| 09/25/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 09/25/2015. (PAM) (Entered: 09/25/2015) |
| 09/30/2015 | 558 | RESPONSE in Opposition re 550 OBJECTION and MOTION to Strike 536 MOTION for miscellaneous relief, specifically Exclude MAS Work Practice Study Under Daubert filed by United Technologies Corporation. (Cole, Susan) (Entered: 09/30/2015) |
| 09/30/2015 | 559 | NOTICE of *Trial Conflict* by United Technologies Corporation re 507 Case management and scheduling order (Cole, Susan) Modified on 10/1/2015 to edit text (KJR). (Entered: 09/30/2015) |
| 10/01/2015 | 560 | RESPONSE in Opposition re 546 MOTION to Strike *Declarations of John C Sumner (Exh D) and Declaration of Thomas F. MCcaffery (Exh J)* re 535 MOTION for summary judgment filed by United Technologies Corporation. (Cole, Susan) (Entered: 10/01/2015) |
| 10/02/2015 | 561 | BRIEF in opposition re 553 Motion for Miscellaneous Relief, specifically Motion to Exclude Dr. Longo's Opinions and Experimental Tests Under Daubert filed by Darryl S. Dugas, Marsha Dugas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Dam, Case) Modified on 10/5/2015 to edit text(KJR). (Entered: 10/02/2015) |
| 10/05/2015 | | (Court only) ***Deadlines terminated. Redaction Request Deadline 10/05/2015. (PAM) (Entered: 10/05/2015) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DARRYL S. DUGAS and                                §
MARSHA DUGAS, his wife,                            §
                                                   §
              Plaintiffs,                           §
                                                   §
vs.                                                §         No. 3:14-cv-01096-BJD-JBT
                                                   §
3M COMPANY a/k/a MINNESOTA MINING &                §
MANUFACTURING COMPANY;                             §
BASF CORPORATION;                                  §
BIGHAM INSULATION AND                              §
SUPPLY COMPANY;                                    §
DEXTER HYSOL AEROSPACE, LLC;                       §
GOODRICH CORPORATION;                              §
HENKEL CORPORATION, individually and as            §
successor-in-interest to DEXTER HYSOL              §
AEROSPACE, INC.;                                   §
HONEYWELL INTERNATIONAL, INC.,                     §
individually and as successor-in-interest to       §
ALLIEDSIGNAL, INC., successor to                   §
BENDIX CORPORATION, successor to                   §
BENDIX AUTOLITE CORPORATION and                    §
successor to ALLIED CHEMICAL & DYE CORP.;          §
IMO INDUSTRIES, INC., individually and as          §
successor-in-interest to ADEL FASTENERS, and       §
WIGGINS CONNECTORS;                                §
LOCKHEED MARTIN CORPORATION;                       §
NOVARTIS CORPORATION, f/k/a                         §
CIBA-GEIGY CORP.;                                  §
PRATT & WHITNEY ROCKETDYNE, INC.;                  §
SHELL OIL COMPANY;                                 §
UNION CARBIDE CORPORATION;                         §
UNITED TECHNOLOGIES CORPORATION,                   §
as successor-in-interest to PRATT & WHITNEY        §
ENGINE SERVICES, INC.;                             §
VOUGHT AIRCRAFT INDUSTRIES, INC.,                  §
individually and as successor-in-interest to       §
LING-TEMCO-VOUGHT;                                 §
WYETH HOLDINGS CORPORATION,                         §
individually and as successor-in-interest to       §

AMERICAN CYANAMID.                            §
                                              §
            Defendants.                       §

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs DARRYL S. DUGAS and MARSHA DUGAS bring this action for damages against Defendants, demanding a trial by jury.  He hereby makes the following allegations:

## NATURE OF THE ACTION

1.      As a result of Defendants' wrongful conduct, Plaintiff Darryl S. Dugas suffers from malignant mesothelioma, a type of cancer caused by exposure to asbestos. As a result of his diagnosis, he has suffered (and will continue to suffer) substantial physical pain, mental anguish, emotional distress, loss of enjoyment of life, disabilities and loss of bodily functions.  He has also incurred, and will incur, substantial medical expenses and other damages associated with the diagnosis, treatment, and medical course of his cancer.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1442(a), under which provision Defendant Lockheed Martin Corporation filed its Notice of Removal to this Court on September 9, 2014.

Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred within this district.

## THE PARTIES

3.      Plaintiffs, DARRYL S. DUGAS and MARSHA DUGAS, are citizens of the State of Michigan and citizens of the United States of America.  Plaintiff DARRYL S. DUGAS's exposure to and inhalation of asbestos from Defendants' products caused Mr. Dugas to develop mesothelioma. Plaintiffs' alleged causes of action arise out of, or are incidental to, each

Defendant's interstate, intrastate and international business ventures conducted in the United States, including Florida. Plaintiffs note that the spelling of Plaintiff MARSHA DUGAS's first name, which was misspelled as "Marsga" in Plaintiffs' Original Petition filed the Fourth Judicial Circuit Court for Duval County, Florida, is herein corrected.

4.      Upon information and belief, and at all times hereinafter, each of the defendants was the agent, servant, employee and/or joint venture of its co-defendants and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employee and/or joint venture. For purposes of this complaint, each defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief, each defendant inclusive: (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of the State of Florida, or the laws of some other state or foreign jurisdiction to do business in the State of Florida; (b) in person or through an agent, transacts business in the State of Florida; (c) regularly does and/or solicits business within the State of Florida; (d) derives substantial revenue from goods used or consumed in the State of Florida; and (e) expected or should have expected their acts to have consequences within the state of Florida and derive substantial revenue from interstate and/or international commerce. At all relevant times, defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products or equipment.

5.      Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, is a Delaware Corporation with its principal place of business in Minnesota.

6.      Defendant BASF CORPORATION, is a Delaware Corporation with its principal place of business in New Jersey.

7.      Defendant BIGHAM INSULATION AND SUPPLY COMPANY, is a Florida Corporation with its principal place of business in Florida.

8.      Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION), is a Delaware Corporation with its principal place of business in California.

9.      Defendant GOODRICH CORPORATION, is a New York Corporation with its principal place of business in North Carolina.

10.     Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.), is a Delaware Corporation with its principal place of business in Connecticut.

11.     Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.), is a Delaware Corporation with its principal place of business in New Jersey.

12.     Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS), is a Delaware Corporation with its principal place of business in Maryland.

13.     Defendant LOCKHEED MARTIN CORPORATION, is a Maryland Corporation with its principal place of business in Maryland.

14.     Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.), is a New York Corporation with its principal place of business in New York.

15.     Defendant PRATT & WHITNEY ROCKETDYNE, INC., is a Delaware Corporation with its principal place of business in California.

16.     Defendant SHELL OIL COMPANY is a Delaware Corporation with its principal place of business in Texas.

17.     Defendant UNION CARBIDE CORPORATION is a New York corporation with its principal place of business in Texas.

18.     Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.), is a Delaware Corporation with its principal place of business in Connecticut.

19.     Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT), is a Delaware corporation with its principal place of business in Texas

20.     Defendant WYETH HOLDINGS CORPORATION (individually and as successor-in-interest to AMERICAN CYANAMID) is a foreign Corporation with its principal place of business in Maine.

21.     Each Defendant:

      a.      compounds or compounded,

      b.      converts or converted,

      c.      designs or designed,

      d.      imports or imported,

      e.      installs or installed,

      f.      manipulates or manipulated,

      g.      manufactures or manufactured,

      h.      mines or mined,

      i.      processes or processed,

  j.  removes or removed,

  k.  requires or required the use of,

  l.  specifies or specified the use of,

  m.  supervises or supervised the use of,

  n.  uses or used,

  o.  sells or sold,

  p.  supplies or supplied,

  q.  made products designed to grind or abrade,

asbestos or products containing substantial amounts of asbestos (Asbestos Products).

## <u>COUNT I</u>
## NEGLIGENCE
### (Against All Defendants)

  22.  Plaintiff DARRYL S. DUGAS worked with and was exposed to asbestos and Asbestos Products that were mined, processed, supplied, manufactured, and distributed by the Defendants, or their predecessors.

  23.  Plaintiff DARRYL S. DUGAS's exposure to Defendants' Asbestos Products began in 1967 in the United States Navy.  He attended boot camp in Great Lakes, IL and received aircraft mechanical training in Memphis, TN.  In 1968 he served at Naval Air Station Keflavik in Iceland where he was involved in construction and in the repair and maintenance of P-3 aircraft.  Plaintiff DARRYL S. DUGAS next served at Naval Air Station Cecil Field in Duval County, Florida from 1968 to 1969 where he repaired and maintained A-7 aircraft.  From 1969 to 1970 he served on the USS Franklin D. Roosevelt where he repaired and maintained A-7 aircraft, and from 1970 to 1971 he again served at Naval Air Station Cecil Field in Duval County, Florida where he repaired and maintained A-7 aircraft.

24.     During his service in the United States Navy, Plaintiff was continuously and daily required to install, remove, repair, alter, fabricate, work with, use, handle, and/or otherwise come into contact with, and to be exposed to, asbestos-containing products that were manufactured, sold, supplied, distributed, and/or otherwise placed in the stream of commerce by the Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff's clothes, his person, and/or his belongings were covered with, and contaminated with, asbestos dust, fibers, and/or particles generated from the intended, ordinary, and foreseeable use, maintenance, and/or repair of the Defendants' asbestos-containing products. During his service as an aviation structural mechanic in the Navy, Plaintiff DARRYL S. DUGAS was exposed to asbestos from a variety of asbestos-containing products or equipment, including, but not limited to: Navy A-7 and P-3 aircraft, aircraft adhesives, aircraft engines, aircraft brakes, clamps, insulation, and insulated components.

25.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is being sued for 3M masks and/or Scotch-Weld aircraft adhesive products.   Upon information and belief, Plaintiff DARRYL S. DUGAS used 3M masks for respiratory protection during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.   Despite his use of 3M masks, Plaintiff DARRYL S. DUGAS was exposed to asbestos fibers while wearing 3M masks, as such masks were ineffective in protecting against exposure to airborne asbestos fibers.   Plaintiffs further allege, upon information and belief, that Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Scotch-Weld aircraft adhesive products during his career as an

aircraft structural mechanic in the United States Navy from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

26.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY knew, or reasonably should have known, that its safety masks would be used during the installation, repair, maintenance, overhaul, removal, sawing, chipping, hammering, mixing, scraping, sanding, sweeping, breaking, "ripping out," cutting, dumping, disturbing or handling of asbestos, or otherwise in the ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff would be exposed to said hazardous and dangerous asbestos fibers while using 3M's safety masks in an intended and reasonably foreseeable manner.

27.     At all relevant times, Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY had a duty to exercise reasonable care while engaging in the activities mentioned above and 3M breached said duty of reasonable care in that 3M failed to safely and adequately design, manufacture and/or sell its safety masks; failed to test or adequately test its safety masks; failed to investigate the hazards of its safety masks; failed to instruct on safer uses of its safety masks to minimize or eliminate harmful exposures; failed to warn "exposed persons", including Plaintiff, of the health hazards of using 3M's safety masks; failed to warn of the harmful exposures caused by use of 3M's safety masks; failed to instruct on safer uses of said safety masks to minimize harmful exposures; failed to disclose the known or knowable dangers of using 3M's safety masks; and/or failed to obtain or offer suitable alternative 3M's safety masks when such alternatives were available.

28.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's negligent failure to warn was a substantial factor in causing harm to Plaintiff.  3M knew or reasonably should have known that users, such as Plaintiff and others in his position, working with and in close proximity to asbestos would not realize or know the danger of asbestos while wearing its safety masks.  3M thereafter negligently failed to adequately warn or instruct of the dangers of asbestos while using its masks, as reasonable designers, manufacturers, distributors, sellers, or suppliers, under the same or similar circumstances, would have warned of these dangers to avoid asbestos exposures, a foreseeable risk of harm.

29.     At all relevant, Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY was additionally negligent because it failed to recall/retrofit their safety masks in that 3M manufactured/distributed/sold products, that 3M knew or reasonably should have known were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner; that 3M became aware of the defectiveness of its safety masks after the product was sold to Plaintiff's employer; that 3M failed to recall/retrofit or warn of the dangers of using the safety masks; that a reasonable manufacturer/distributor/seller under the same or similar circumstance would have recalled/retrofitted the product; that Plaintiff was injured by asbestos using 3M's safety masks; and that 3M's failure to recall/retrofit its masks was a substantial factor in causing Plaintiff's injuries.

30.     Plaintiff, and those working with and around him, used Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working

around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

31.    At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

32.    At the time of Plaintiff's exposure to Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing.

33.    Defendant BASF CORPORATION is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from

approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

34. Plaintiff, and those working with and around him, used Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

35. At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

36. At the time of Plaintiff's exposure to Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing.

37.     Defendant BIGHAM INSULATION AND SUPPLY COMPANY is being sued for thermal insulation products.  Upon information and belief, Plaintiff DARRYL S. DUGAS was exposed to dust from asbestos-containing insulation products supplied, installed and/or removed by Defendant BIGHAM INSULATION AND SUPPLY COMPANY at Naval Air Station Cecil Field during his career as an aircraft structural mechanic in the United States Navy from approximately 1967 until 1971.  Mr. Dugas was exposed to such asbestos-containing insulation products while working around others cutting, fitting, installing, removing, abrading, or otherwise disturbing asbestos-containing insulation products.

38.     The asbestos-containing thermal insulation products supplied, installed, and/or removed by Defendant BIGHAM INSULATION AND SUPPLY COMPANY were used in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

39.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant BIGHAM INSULATION AND SUPPLY COMPANY asbestos-containing thermal insulation products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing thermal insulation products, and those likely to be exposed to insulation dust released by the use, installation, and/or removal of said products, of the proper methods of handling and working around asbestos-containing materials.

40.     At the time of Plaintiff's exposure to Defendant BIGHAM INSULATION AND SUPPLY COMPANY asbestos-containing thermal insulation products, Defendant knew, or in the

exercise of ordinary care should have known, that the potential hazards of its asbestos-containing thermal insulation products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

41.     Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION) is being sued for Hysol aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

42.     Plaintiff, and those working with and around him, used Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION)'s asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

43.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger

with HYSOL CORPORATION)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

44. At the time of Plaintiff's exposure to Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

45. Defendant GOODRICH CORPORATION is being sued for Goodrich aircraft brake products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or

otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

46.    Plaintiff, and those working with and around him, used Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

47.    At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft brake products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

48.    At the time of Plaintiff's exposure to Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft brake products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

49.    Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.) is being sued for Hysol aircraft adhesive

products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

50.     Plaintiff, and those working with and around him, used Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

51.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

52. At the time of Plaintiff's exposure to Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

53. Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.) is being sued for Bendix aircraft brake products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Bendix aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

54. Plaintiff, and those working with and around him, used Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing

aircraft brake products, as outlined herein, in the intended manner and without significant change in the condition of said products. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

55.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft brake products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

56.     At the time of Plaintiff's exposure to Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft brake products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information

regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

57.     Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS) is being sued for aircraft clamp products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing aircraft clamp products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft clamp products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, cut, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

58.     Plaintiff, and those working with and around him, used Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

59.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and

knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft clamp products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

60.     At the time of Plaintiff's exposure to Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft clamp products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

61.     Defendant LOCKHEED MARTIN CORPORATION is being sued for P-3 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden P-3 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

62.     Plaintiff, and those working with and around him, worked with and around Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft, as outlined herein, in the intended manner and without significant change in the condition of said aircraft and/or any asbestos-containing aircraft components.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the aircraft components, being unaware of the dangerous properties of asbestos.

63.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft, Defendant knew, or in the exercise of ordinary care should have known, that the use of asbestos components with its aircraft was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing and/or asbestos-laden P-3 naval aircraft, and those who were reasonably expected to use, work with, service, repair and/or replace any of said aircraft and/or aircraft components, of the proper methods of handling and working around asbestos-containing materials.

64.     At the time of Plaintiff's exposure to Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing and/or asbestos-laden aircraft were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

65.     Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.) is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

66.     Plaintiff, and those working with and around him, used Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

67.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

68.     At the time of Plaintiff's exposure to Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing.

69.     Defendant PRATT & WHITNEY ROCKETDYNE, INC. is being sued for Pratt & Whitney TF-30 aircraft engines.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

70.     Plaintiff, and those working with and around him, worked with and around Defendant PRATT & WHITNEY ROCKETDYNE, INC's asbestos-containing and/or asbestos-laden TF-30 aircraft engines, as outlined herein, in the intended manner and without significant change in the condition of said aircraft engines and/or any asbestos-containing engine components. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the

proper methods of handling Defendant's aircraft engines and engine components, being unaware of the dangerous properties of asbestos.

71.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines, Defendant knew, or in the exercise of ordinary care should have known, that the use of asbestos components with its aircraft engines was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing and/or asbestos-laden TF-30 aircraft engines, and those who were reasonably expected to use, work with, service, repair and/or replace any of said aircraft engines and/or engine components, of the proper methods of handling and working around asbestos-containing materials.

72.     At the time of Plaintiff's exposure to Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing and/or asbestos-laden aircraft engines were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

73.     Defendant SHELL OIL COMPANY is being sued for Epon aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Epon aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland;

Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

74.     Plaintiff, and those working with and around him, used Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

75.     At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

76.     At the time of Plaintiff's exposure to Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of

any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

77.     Defendant UNION CARBIDE CORPORATION is being sued for Calidria asbestos fiber.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with aircraft adhesive products containing Calidria asbestos fiber supplied by Defendant UNION CARBIDE CORPORATION during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said Calidria-containing aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

78.     Plaintiff, and those working with and around him, used aircraft adhesive products containing Defendant UNION CARBIDE CORPORATION's Calidria asbestos fiber, as outlined herein, in the intended manner and without significant change in the condition of said products. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

79.     At the time of Plaintiff DARRYL S. DUGAS' exposure to aircraft adhesive products containing Defendant UNION CARBIDE CORPORATION's Calidria asbestos fiber, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of products containing its Calidria asbestos fiber and those who were reasonably expected to use,

work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

80.    At the time of Plaintiff's exposure to aircraft adhesive products containing Defendant UNION CARBIDE CORPORATION's Calidria asbestos fiber, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its Calidria asbestos fiber, or finished products containing Calidria asbestos fiber, were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

81.    Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.) is being sued for Pratt & Whitney TF-30 aircraft engines.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

82.    Plaintiff, and those working with and around him, worked with and around Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-

interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines, as outlined herein, in the intended manner and without significant change in the condition of said aircraft engines and/or any asbestos-containing engine components. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling Defendant's aircraft engines and engine components, being unaware of the dangerous properties of asbestos.

83. At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines, Defendant knew, or in the exercise of ordinary care should have known, that the use of asbestos components with its aircraft engines was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing and/or asbestos-laden TF-30 aircraft engines, and those who were reasonably expected to use, work with, service, repair and/or replace any of said aircraft engines and/or engine components, of the proper methods of handling and working around asbestos-containing materials.

84. At the time of Plaintiff's exposure to Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing and/or asbestos-laden aircraft engines were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him. Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the

potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

85.  Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT) is being sued for A-7 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden A-7 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

86.  Plaintiff, and those working with and around him, worked with and around Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft, as outlined herein, in the intended manner and without significant change in the condition of said aircraft and/or any asbestos-containing aircraft components.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the aircraft components, being unaware of the dangerous properties of asbestos.

87.  At the time of Plaintiff DARRYL S. DUGAS' exposure to Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft, Defendant

knew, or in the exercise of ordinary care should have known, that the use of asbestos components with its aircraft was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing and/or asbestos-laden A-7 naval aircraft, and those who were reasonably expected to use, work with, service, repair and/or replace any of said aircraft and/or aircraft components, of the proper methods of handling and working around asbestos-containing materials.

88.     At the time of Plaintiff's exposure to Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing and/or asbestos-laden aircraft were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

89.     Defendant WYETH HOLDINGS CORPORATION is being sued for American Cyanamid aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing American Cyanamid aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded,

cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

90.     Plaintiff, and those working with and around him, used Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products, as outlined herein, in the intended manner and without significant change in the condition of said products.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

91.     At the time of Plaintiff DARRYL S. DUGAS's exposure to Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the use of said products was hazardous to the health of workers, consumers, bystanders, and family members. Plaintiff relied upon the skill and knowledge of Defendant, who had a duty to advise users of its asbestos-containing aircraft adhesive products and those who were reasonably expected to use, work with, service, repair and/or replace any of said products, of the proper methods of handling and working around asbestos-containing materials.

92.     At the time of Plaintiff's exposure to Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products, Defendant knew, or in the exercise of ordinary care should have known, that the potential hazards of its asbestos-containing aircraft adhesive products were not obvious or otherwise known to ordinary users such as Plaintiff, or those working with or around him.  Defendant had a duty to warn Plaintiff, and those working with and around him, of any information regarding the potential dangers of asbestos and the proper methods of handling and working around asbestos and asbestos-containing materials.

93.    As detailed above, all Defendants herein had a duty to exercise reasonable and ordinary care to the Plaintiff.  Defendants negligently breached that duty in one, some, or all of the following respects, the same being the proximate cause of Plaintiff DARRYL S. DUGAS's injuries:

a.    Defendants failed to adequately warn Plaintiff that Asbestos Products, including but not limited to aircraft, aircraft adhesives, engines, brakes, insulation, insulated components, and gaskets, contained asbestos and that exposure to such asbestos-containing products could be injurious to his health;

b.    Defendants failed to adequately warn Plaintiff that the ordinary handling, use, and servicing of their Asbestos Products would cause asbestos to become airborne and could be injurious to his health;

c.    Defendants failed to provide with their Asbestos Products necessary information regarding how Plaintiff could and should protect himself from asbestos in connection with the use of their Products, including safe handling and use, appropriate protective clothing and equipment, and other protective measures;

d.    Defendants failed to take reasonable steps to provide Plaintiff with information regarding the danger of exposure to asbestos in connection with their Asbestos Products, when those Products were being used or serviced by others;

e.  Defendants failed to provide warnings to Plaintiff regarding the danger of past exposures to asbestos in connection with the use of Defendants' Asbestos Products as additional information regarding the dangers of asbestos became available to them;

f.  Defendants failed to exercise reasonable care to develop, publish, adopt and disseminate safe methods of service, handling and installing asbestos-containing materials in connection with their Asbestos Products having undertaken to develop, publish, adopt and disseminate other information regarding the service, handling and installation of such materials;

g.  Defendants failed to use reasonable care to ensure that their Asbestos Products were only distributed to, serviced and/or handled by entities and individuals who had been sufficiently trained in their safe use;

h.  Defendants failed to provide accurate information to Plaintiff and other members of the public regarding the dangers of asbestos and their Asbestos Products by advertising, labeling and otherwise;

i.  Defendants further negligently misrepresented, affirmatively and by omission, that the Asbestos Products they manufactured, sold, or distributed were safe in their ordinary and foreseeable use, when such representation was untrue;

j.   Defendants failed to provide to Plaintiff the information that they provided to their own employees regarding the hazards of asbestos and their Asbestos Products;

k.   Defendants failed to test their Asbestos Products and/or failed to disseminate the results of tests that they did conduct;

l.   Defendants failed to design and manufacture their Asbestos Products in such a way that they did not create dangerous exposure to asbestos,

m.   Defendants failed to warn or advise Plaintiff and others to cease all future exposure to asbestos, fumes, smoke, dust and fibers, and to keep away from the home environment asbestos dust and fibers on work clothes and tools;

n.   Defendants failed to develop and to place on the market non-asbestos-containing materials that were reasonably available to them;

o.   Defendants' Asbestos Products were used in the manner in which they were intended to be used, however, Defendants' Asbestos Products failed to perform their purposes safely, in that they caused Plaintiff to develop terminal asbestos cancer, malignant mesothelioma and/or other asbestos-related diseases.

p.   Plaintiff's injuries are a direct and proximate result of the Defendants' negligence as described above and Plaintiff has suffered damages as described herein.

94.     Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendants' Asbestos Products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## COUNT II
## STRICT LIABILITY
### (Against All Defendants)

95.     Plaintiff DARRYL S. DUGAS worked with and was exposed to asbestos and Asbestos Products that were mined, processed, supplied, manufactured, and distributed by the Defendants, or their predecessors.

96.     Plaintiff DARRYL S. DUGAS's exposure to Defendants' Asbestos Products began in 1967 in the United States Navy.  He attended boot camp in Great Lakes, IL and received aircraft mechanical training in Memphis, TN.  In 1968 he served at Naval Air Station Keflavik in Iceland where he was involved in construction and in the repair and maintenance of P-3 aircraft.  Plaintiff DARRYL S. DUGAS next served at Naval Air Station Cecil Field in Duval County, Florida from 1968 to 1969 where he repaired and maintained A-7 aircraft.  From 1969 to 1970 he served on the USS Franklin D. Roosevelt where he repaired and maintained A-7 aircraft, and from 1970 to 1971 he again served at Naval Air Station Cecil Field in Duval County, Florida where he repaired and maintained A-7 aircraft.

97.     During his service in the United States Navy, Plaintiff was continuously and daily required to install, remove, repair, alter, fabricate, work with, use, handle, and/or otherwise come into contact with, and to be exposed to, asbestos-containing products that were manufactured, sold, supplied, distributed, and/or otherwise placed in the stream of commerce by the Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff's clothes, his person, and/or his belongings were covered with, and contaminated with, asbestos dust, fibers, and/or particles generated from the intended, ordinary, and foreseeable use, maintenance, and/or repair of the Defendants' asbestos-containing products. During his service as an aviation structural mechanic in the Navy, Plaintiff DARRYL S. DUGAS was exposed to asbestos from a variety of asbestos-containing products or equipment, including, but not limited to: Navy A-7 and P-3 aircraft, aircraft adhesives, aircraft engines, aircraft brakes, clamps, insulation, and insulated components.

98.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is being sued for 3M masks and/or Scotch-Weld aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS used 3M masks for respiratory protection during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  Despite his use of 3M masks, Plaintiff DARRYL S. DUGAS was exposed to asbestos fibers while wearing 3M masks, as such masks were ineffective in protecting against exposure to airborne asbestos fibers.  Plaintiffs further allege, upon information and belief, that Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Scotch-Weld aircraft adhesive products during his career as an

aircraft structural mechanic in the United States Navy from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

99.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY sold safety masks and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of its safety masks, which dangers and risks would not have been, and were not, recognized by 3M's customers or ordinary consumers of the masks, including Plaintiff.

100.    The lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff and others in Plaintiff's position working with and in close proximity to such products.

101.    Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's safety masks were defective and unsafe for their intended purpose and foreseeable use in that, when used said masks would result in inhalation of hazardous and dangerous asbestos fibers by persons wearing the masks, including Plaintiff. The defect existed in all of said products when they left the possession of 3M.

102.    At the time Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's safety masks were used by Plaintiff the products were in substantially the same condition as when they left the possession of 3M and/or any changes made to the products after they left the possession of 3M were reasonably foreseeable. 3M's safety masks were used by Plaintiff in a way that was reasonably foreseeable to 3M. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff including

malignant mesothelioma, since they were being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

103.    As a direct and proximate result of the actions and conduct outlined herein, Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's safety masks failed to perform as safely as an ordinary company or consumer would have expected in that 3M's safety mask allowed respirable asbestos fibers to be inhaled from asbestos products during the masks ordinary and intended use, and these hazardous asbestos exposures cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege Plaintiff and his employers were unaware of the defect in 3M's safety masks and further unaware of the harmful exposures to asbestos that would occur when using 3M's safety masks, and this failure of 3M's safety masks to perform as safely as expected was a substantial factor in causing his injuries.

104.    Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

105.    At the time Plaintiff used and otherwise came into contact with Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

106.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

107.     At the time of Plaintiff's exposure to Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

108.     At the time of Plaintiff's exposure to Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

109.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

110.     The lack of sufficient warning further rendered Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

111.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

112.     Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY's asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

113.     Defendant BASF CORPORATION is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

114.     Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

115.     At the time Plaintiff used and otherwise came into contact with Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him

regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

116.    Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

117.    At the time of Plaintiff's exposure to Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

118.    At the time of Plaintiff's exposure to Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

119.    Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

120.    The lack of sufficient warning further rendered Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

121.    Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

122.     Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant BASF CORPORATION's asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

123.     Defendant BIGHAM INSULATION AND SUPPLY COMPANY is being sued for thermal insulation products.  Upon information and belief, Plaintiff DARRYL S. DUGAS was exposed to dust from asbestos-containing insulation products supplied, installed and/or removed by Defendant BIGHAM INSULATION AND SUPPLY COMPANY at Naval Air Station Cecil Field during his career as an aircraft structural mechanic in the United States Navy from approximately 1967 until 1971.  Mr. Dugas was exposed to such asbestos-containing insulation products while working around others cutting, fitting, installing, removing, abrading, or otherwise disturbing asbestos-containing insulation products.

124.     Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

125.     At the time Plaintiff used and otherwise came into contact with Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

126.    Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

127.    At the time of Plaintiff's exposure to Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

128.    At the time of Plaintiff's exposure to Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

129.    Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

130.    The lack of sufficient warning further rendered Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products unreasonably dangerous and unfit for their intended and expected use.

131.    Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

132.     Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant BIGHAM INSULATION AND SUPPLY COMPANY's asbestos-containing thermal insulation products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

133.     Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION) is being sued for Hysol aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

134.     Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC.'s asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

135.     At the time Plaintiff used and otherwise came into contact with Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

136.     Defendant  DEXTER  HYSOL  AEROSPACE,  LLC (f/k/a DEXTER  HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

137.     At the time of Plaintiff's exposure to Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER  HYSOL  AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

138.     At the time of Plaintiff's exposure to Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER  HYSOL  AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

139.     Defendant  DEXTER  HYSOL  AEROSPACE,  LLC (f/k/a DEXTER  HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

140.     The lack of sufficient warning further rendered Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

141.    Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

142.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

143.    Defendant GOODRICH CORPORATION is being sued for Goodrich aircraft brake products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Goodrich aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

144.    Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

145.    At the time Plaintiff used and otherwise came into contact with Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working

around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

146.    Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

147.    At the time of Plaintiff's exposure to Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

148.    At the time of Plaintiff's exposure to Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

149.    Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

150.    The lack of sufficient warning further rendered Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products unreasonably dangerous and unfit for their intended and expected use.

151.    Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

152.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant GOODRICH CORPORATION's asbestos-containing aircraft brake products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

153.    Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.) is being sued for Hysol aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

154.    Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

155.    At the time Plaintiff used and otherwise came into contact with Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working

around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

156.   Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

157.   At the time of Plaintiff's exposure to Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

158.   At the time of Plaintiff's exposure to Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

159.   Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

160.   The lack of sufficient warning further rendered Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL

AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

161.   Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

162.   Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)'s asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

163.   Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.) is being sued for Bendix aircraft brake products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Bendix aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

164.     Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

165.     At the time Plaintiff used and otherwise came into contact with Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

166.     Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

167.     At the time of Plaintiff's exposure to Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing

aircraft brake products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

168. At the time of Plaintiff's exposure to Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

169. Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

170. The lack of sufficient warning further rendered Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products unreasonably dangerous and unfit for their intended and expected use.

171. Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION,

successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

172.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.)'s asbestos-containing aircraft brake products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

173.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS) is being sued for aircraft clamp products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing aircraft clamp products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft clamp products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, cut, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

174.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

175. At the time Plaintiff used and otherwise came into contact with Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

176. Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

177. At the time of Plaintiff's exposure to Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

178. At the time of Plaintiff's exposure to Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

179.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

180.    The lack of sufficient warning further rendered Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products unreasonably dangerous and unfit for their intended and expected use.

181.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

182.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS)'s asbestos-containing aircraft clamp products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

183.    Defendant LOCKHEED MARTIN CORPORATION is being sued for P-3 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden P-3 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by

asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

184.    Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

185.    At the time Plaintiff used and otherwise came into contact with Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling Defendant's aircraft and/or aircraft components, being unaware of the dangerous properties of asbestos.

186.    Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the aircraft and/or aircraft components were designed to contain asbestos.

187.    At the time of Plaintiff's exposure to Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft, said aircraft and/or aircraft components were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

188.    At the time of Plaintiff's exposure to Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components, said aircraft and/or aircraft components were unreasonably dangerous because of their design in that the risk of harm in containing asbestos outweighed the benefits of use of the aircraft.

189.    Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the aircraft and/or aircraft components could cause grave harm.

190.    The lack of sufficient warning further rendered Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components unreasonably dangerous and unfit for their intended and expected use.

191.    Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

192.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant LOCKHEED MARTIN CORPORATION's asbestos-containing and/or asbestos-laden P-3 naval aircraft and/or aircraft components proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

193.    Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.) is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the

Case MDL No. 875 Document 10039-1 Filed 10/06/15 Page 125 of 180

USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

194. Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

195. At the time Plaintiff used and otherwise came into contact with Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

196. Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

197. At the time of Plaintiff's exposure to Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

198. At the time of Plaintiff's exposure to Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products, said products were

unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

199. Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

200. The lack of sufficient warning further rendered Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

201. Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

202. Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)'s asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

203. Defendant PRATT & WHITNEY ROCKETDYNE, INC. is being sued for Pratt & Whitney TF-30 aircraft engines. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with

and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

204.    Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

205.    At the time Plaintiff used and otherwise came into contact with Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling Defendant's TF-30 aircraft engines and/or engine components, being unaware of the dangerous properties of asbestos.

206.    Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the engines and/or engines components were designed to contain asbestos.

207.    At the time of Plaintiff's exposure to Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components, said engines and/or engine components were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

208.    At the time of Plaintiff's exposure to Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components, said engines and/or engine components were unreasonably dangerous because of their design in that the risk of harm in containing asbestos outweighed the benefits of use of the aircraft.

209.    Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the engines and/or engine components could cause grave harm.

210.    The lack of sufficient warning further rendered Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components unreasonably dangerous and unfit for their intended and expected use.

211.    Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

212.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant PRATT & WHITNEY ROCKETDYNE, INC.'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

213.    Defendant SHELL OIL COMPANY is being sued for Epon aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Epon aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland;

Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

214.    Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

215.    At the time Plaintiff used and otherwise came into contact with Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

216.    Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

217.    At the time of Plaintiff's exposure to Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

218.    At the time of Plaintiff's exposure to Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because

of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

219.    Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

220.    The lack of sufficient warning further rendered Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

221.    Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

222.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant SHELL OIL COMPANY's asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

223.    Defendant UNION CARBIDE CORPORATION is being sued for Calidria asbestos fiber.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with aircraft adhesive products containing Calidria asbestos fiber supplied by Defendant UNION CARBIDE CORPORATION during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said Calidria-containing aircraft adhesive products exposed Plaintiff DARRYL S.

DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

224.    The Calidria asbestos products mined, manufactured, sold, distributed, and/or supplied by Defendant UNION CARBIDE CORPORATION were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

225.    At the time Plaintiff used and otherwise came into contact with the Calidria asbestos products mined, manufactured, sold, distributed, and/or supplied by Defendant UNION CARBIDE CORPORATION, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.    Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

226.    Defendant UNION CARBIDE CORPORATION's Calidria asbestos products contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos.

227.    At the time of Plaintiff's exposure to the Calidria asbestos products mined, manufactured, sold, distributed, and/or supplied by Defendant UNION CARBIDE CORPORATION, said products were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

228.    At the time of Plaintiff's exposure to the Calidria asbestos products mined, manufactured, sold, distributed, and/or supplied by Defendant UNION CARBIDE CORPORATION, said products were unreasonably dangerous because of their design in that the

risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

229. Defendant UNION CARBIDE CORPORATION's Calidria asbestos products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

230. The lack of sufficient warning further rendered Defendant UNION CARBIDE CORPORATION's Calidria asbestos products unreasonably dangerous and unfit for their intended and expected use.

231. Defendant UNION CARBIDE CORPORATION's Calidria asbestos products were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

232. Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Calidria asbestos products mined, manufactured, sold, distributed, and/or supplied by Defendant UNION CARBIDE CORPORATION proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

233. Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.) is being sued for Pratt & Whitney aircraft engines. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or

required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

234. Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

235. At the time Plaintiff used and otherwise came into contact with Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition. Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling Defendant's TF-30 aircraft engines and/or engine components, being unaware of the dangerous properties of asbestos.

236. Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the engines and/or engines components were designed to contain asbestos.

237. At the time of Plaintiff's exposure to Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines

and/or engine components, said engines and/or engine components were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

238.    At the time of Plaintiff's exposure to Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components, said engines and/or engine components were unreasonably dangerous because of their design in that the risk of harm in containing asbestos outweighed the benefits of use of the aircraft.

239.    Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the engines and/or engine components could cause grave harm.

240.    The lack of sufficient warning further rendered Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components unreasonably dangerous and unfit for their intended and expected use.

241.    Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing

and/or asbestos-laden TF-30 aircraft engines and/or engine components were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

242.   Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)'s asbestos-containing and/or asbestos-laden TF-30 aircraft engines and/or engine components proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

243.   Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT) is being sued for A-7 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden A-7 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

244.   Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components were defective in design at the time they were manufactured and at the time Plaintiff was exposed to them.

245.     At the time Plaintiff used and otherwise came into contact with Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components, said products were being used in the manner and environment intended and without substantial or unexpected change affecting their condition.  Plaintiff relied upon the Defendant to instruct him and those working around him regarding the proper methods of handling Defendant's aircraft and/or aircraft components, being unaware of the dangerous properties of asbestos.

246.     Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components contained design defects that made them unreasonably dangerous and unfit for their intended use, in that the aircraft and/or aircraft components were designed to contain asbestos.

247.     At the time of Plaintiff's exposure to Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft, said aircraft and/or aircraft components were unreasonably dangerous because of their design in that they failed to perform as safely as an ordinary consumer would expect when used in the intended manner and/or in a manner reasonably foreseeable to the Defendant.

248.     At the time of Plaintiff's exposure to Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft

components, said aircraft and/or aircraft components were unreasonably dangerous because of their design in that the risk of harm in containing asbestos outweighed the benefits of use of the aircraft.

249.    Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the aircraft and/or aircraft components could cause grave harm.

250.    The lack of sufficient warning further rendered Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components unreasonably dangerous and unfit for their intended and expected use.

251.    Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components were further defective because non-asbestos-containing substitutes were reasonably available to Defendant.

252.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT)'s asbestos-containing and/or asbestos-laden A-7 naval aircraft and/or aircraft components proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

253.    Defendant WYETH HOLDINGS CORPORATION is being sued for American Cyanamid aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing American Cyanamid aircraft

adhesive products during his career as an aircraft structural mechanic in the United States Navy at

Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the

USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive

products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded,

cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft

maintenance activities.

254.    Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft

adhesive products were defective in design at the time they were manufactured and at the time

Plaintiff was exposed to them.

255.    At the time Plaintiff used and otherwise came into contact with Defendant WYETH

HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products, said products

were being used in the manner and environment intended and without substantial or unexpected

change affecting their condition.  Plaintiff relied upon the Defendants to instruct him and those

working around him regarding the proper methods of handling the products, being unaware of the

dangerous properties of asbestos.

256.    Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft

adhesive products contained design defects that made them unreasonably dangerous and unfit for

their intended use, in that the products were designed to contain asbestos.

257.    At the time of Plaintiff's exposure to Defendant WYETH HOLDINGS

CORPORATION's asbestos-containing aircraft adhesive products, Defendant's products were

unreasonably dangerous because of their design in that they failed to perform as safely as an

ordinary consumer would expect when used in the intended manner and/or in a manner reasonably

foreseeable to the Defendants.

258.     At the time of Plaintiff's exposure to Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products, said products were unreasonably dangerous because of their design in that the risk of harm from the design of those products in containing asbestos outweighed the benefits of use of the product.

259.     Defendant's WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products were also defective in that they failed to contain sufficient warnings to advise Plaintiff that the ordinary and expected uses of the products could cause grave harm.

260.     The lack of sufficient warning further rendered Defendant's WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products unreasonably dangerous and unfit for their intended and expected use.

261.     Defendant's WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products were further defective because non-asbestos-containing substitutes were reasonably available to Defendants.

262.     Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendant WYETH HOLDINGS CORPORATION's asbestos-containing aircraft adhesive products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

263.     Plaintiff's injuries are a direct and proximate result of the defects in Defendants' asbestos products described above, and Plaintiff has suffered damages as described herein.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## COUNT III
## CONCEALMENT
### (Against All Defendants)

264.    Plaintiff DARRYL S. DUGAS worked with and was exposed to asbestos and Asbestos Products that were mined, processed, supplied, manufactured, and distributed by the Defendants, or their predecessors.

265.    Plaintiff was exposed to asbestos dust when he worked with and around Defendants' Asbestos Products.

266.    Plaintiff, and those working with and around him, used Defendants' Asbestos Products in the intended manner and without significant change in the Asbestos Product's condition.  Plaintiff relied upon the Defendants to instruct him and those working around him regarding the proper methods of handling the products, being unaware of the dangerous properties of asbestos.

267.    Plaintiff DARRYL S. DUGAS's exposure to Defendants' Asbestos Products began in 1967 in the United States Navy.  He attended boot camp in Great Lakes, IL and received aircraft mechanical training in Memphis, TN.  In 1968 he served at Naval Air Station Keflavik in Iceland where he was involved in construction and in the repair and maintenance of P-3 aircraft.  Plaintiff DARRYL S. DUGAS next served at Naval Air Station Cecil Field in Duval County, Florida from 1968 to 1969 where he repaired and maintained A-7 aircraft.  From 1969 to 1970 he served on the USS Franklin D. Roosevelt where he repaired and maintained A-7 aircraft, and from 1970 to 1971 he again served at Naval Air Station Cecil Field in Duval County, Florida where he repaired and maintained A-7 aircraft.

268.    The products complained of were asbestos, asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design which were designed,

manufactured, distributed and/or sold by each of the Defendants, their predecessors-in-interest, alter egos and/or co-conspirators. Plaintiff was exposed to asbestos dust and fibers from said products in his trade, occupation and/or daily life.

269. Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is being sued for 3M masks and/or Scotch-Weld aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS used 3M masks for respiratory protection during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Despite his use of 3M masks, Plaintiff DARRYL S. DUGAS was exposed to asbestos fibers while wearing 3M masks, as such masks were ineffective in protecting against exposure to airborne asbestos fibers. Plaintiffs further allege, upon information and belief, that Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Scotch-Weld aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

270. Defendant BASF CORPORATION is being sued for Ciba-Geigy aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff

DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

271. Defendant BIGHAM INSULATION AND SUPPLY COMPANY is being sued for thermal insulation products. Upon information and belief, Plaintiff DARRYL S. DUGAS was exposed to dust from asbestos-containing insulation products supplied, installed and/or removed by Defendant BIGHAM INSULATION AND SUPPLY COMPANY at Naval Air Station Cecil Field during his career as an aircraft structural mechanic in the United States Navy from approximately 1967 until 1971. Mr. Dugas was exposed to such asbestos-containing insulation products while working around others cutting, fitting, installing, removing, abrading, or otherwise disturbing asbestos-containing insulation products

272. Defendant DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION) is being sued for Hysol aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

273. Defendant GOODRICH CORPORATION is being sued for Goodrich aircraft brake products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Goodrich aircraft brake products during his career as an

aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

274.     Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.) is being sued for Hysol aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

275.     Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.) is being sued for Bendix aircraft brake products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Bendix aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said

aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

276.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS) is being sued for aircraft clamp products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing aircraft clamp products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft clamp products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, cut, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

277.    Defendant LOCKHEED MARTIN CORPORATION is being sued for P-3 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden P-3 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

278. NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.) is being sued for Ciba-Geigy aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

279. Defendant PRATT & WHITNEY ROCKETDYNE, INC. is being sued for Pratt & Whitney TF-30 aircraft engines. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

280. Defendant SHELL OIL COMPANY is being sued for Epon aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Epon aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland;

Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

281. Defendant UNION CARBIDE CORPORATION is being sued for Calidria asbestos fiber. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with aircraft adhesive products containing Calidria asbestos fiber supplied by Defendant UNION CARBIDE CORPORATION during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said Calidria-containing aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

282. Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.) is being sued for Pratt & Whitney aircraft engines. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were

installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

283.    Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT) is being sued for A-7 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden A-7 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

284.    Defendant WYETH HOLDINGS CORPORATION is being sued for American Cyanamid aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing American Cyanamid aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

285.     Plaintiffs allege that Plaintiff's exposure to said products caused him to inhale asbestos dust and fibers which caused him to develop an asbestos-related disease, specifically, malignant mesothelioma.  Each exposure to asbestos dust and fibers from such products of each Defendant was harmful and caused or contributed substantially to his diseases and/or injuries.  Plaintiff's diseases and/or injuries arose out of, were connected to and incidental to the design, manufacture, distribution and/or sale by each Defendant of its asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design.

286.     During his working career Plaintiff was continuously exposed to asbestos, asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design which were designed, manufactured, distributed and/or sold by each of the Defendants, their predecessors-in-interest, alter egos and/or co-conspirators.  Plaintiffs allege that Plaintiff was exposed to and did inhale asbestos dust and fibers from such products designed, manufactured, distributed and/or sold by each Defendant.  Said exposures directly and proximately caused Plaintiff to develop diseases and/or injuries.

287.     The Defendants concealed and suppressed facts, information and knowledge about the health dangers of the inhalation of asbestos dust and fibers. They concealed their actual knowledge concerning their own negative health research results so as to enable them to continue to design, manufacture, distribute and sell their asbestos, asbestos-containing products, and/or products which specified the use of and/or incorporated asbestos in the design.

288.     Defendants concealed and suppressed facts, information and knowledge concerning:

        a.     The results of their own research into the health dangers posed

               by asbestos exposure;

b.   The Defendants' failure to conduct adequate testing to determine whether the inhalation of asbestos dust and fibers did cause asbestos pleural disease, asbestosis, lung cancer, mesothelioma and/or other forms of cancer;

c.   The importance of animal experiments in determining the ability of asbestos to cause disease in humans;

d.   The importance of epidemiological evidence in determining the ability of asbestos to cause disease in humans;

e.   The risks of contracting asbestos pleural disease, asbestosis, lung cancer, mesothelioma, and/or other forms of cancer from the inhalation of asbestos dust and fibers;

f.   The dose-response relationship between asbestos inhalation and the risks of contracting asbestos pleural disease, asbestosis, lung cancer, mesothelioma and/or other forms of cancer from the inhalation of asbestos dust and fibers;

g.   That reducing and/or eliminating further exposure to asbestos from any and all other sources would greatly reduce the risk of contracting an asbestos-related disease;

h.   That smoking cigarette products causes damage to a smoker's respiratory tract, including but not limited to the ciliary escalator system utilized by the body to remove foreign particles and fibers from the lungs which therefore increases the risk of a smoker of developing asbestos pleural disease, asbestosis, lung

cancer, mesothelioma and/or other forms of cancer from the inhalation of asbestos dust and fibers;

i. That exposure to carcinogens in asbestos causes the development of genetic mutations within the lungs increasing the likelihood that exposure to other carcinogens, tumor promoters and/or tumor initiators, including but not limited to those such as PAHs and nitrosamines found within cigarette smoke, will synergistically react with asbestos dust and fibers to increase the risk of contracting lung cancer and other cancers.

289. The aforementioned information and knowledge concealed and suppressed by the Defendants, their predecessors-in-interest, alter egos, and/or co-conspirators was material information which Defendants were under a duty to disclose and/or which they had assumed the duty of disclosing.

290. The aforementioned information and knowledge concealed and suppressed by the Defendants, their predecessors-in-interest, alter egos, and/or co-conspirators was concealed so as to enable Defendants to continue to design, manufacture, distribute and sell their asbestos, asbestos-containing products, and/or products which specified the use of and/or incorporated asbestos in the design.

291. The Defendants knew that Plaintiff and others similarly situated would use and be exposed to their products in such a way as to cause him to inhale the asbestos dust and fibers from said asbestos, asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design.

292.     It was known to each Defendant that Plaintiff and others similarly situated would be exposed to asbestos dust and fibers from such Defendants' products during normal operation, use, installation, replacement, repair, maintenance, removal and/or tear-out.

293.     Plaintiff was unaware of the defective and unreasonably dangerous condition of the Defendants' asbestos, asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design, and at a time when such products were being used for the purposes for which they were intended and/or reasonably foreseeable to Defendants, Plaintiff was exposed to asbestos dust and fibers from such products.

294.     Each Defendant knew that their products would be used without inspection for defects, and by placing them on the market represented that they would safely do the job for which they were intended, which must necessarily include safe operation, use, installation, replacement, repair, maintenance, removal and/or tear-out.

295.     Plaintiff was unaware of the hazards and defects in the products of Defendants, to-wit: That exposure to asbestos dust and fibers from such products would cause him to develop asbestos-related diseases and/or injuries, which made such products unsafe during operation, use, installation, replacement, repair, maintenance, removal and/or tear-out.

296.     Defendants, their predecessors-in-interest, their alter egos and/or co-conspirators as designers, manufacturers, distributors and/or sellers of the asbestos, asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design had a duty to disclose to Plaintiff and others similarly situated whatever knowledge and/or information they possessed regarding the dangers of exposure to asbestos dust and fibers from such products.

297.     Plaintiff and others similarly situated justifiably relied upon the Defendants to disseminate full and complete knowledge and information which they possessed regarding the health

hazards of asbestos. The aforementioned information and knowledge was concealed and suppressed by the Defendants, their predecessors-in-interest, alter egos, and/or co-conspirators for the purposes of inducing him and others similarly situated to continue to work with and/or around the Defendants' products.

298.    The information and knowledge concealed and suppressed by the Defendants was concealed by entities which had superior information and knowledge regarding the health aspects of asbestos exposure to the Plaintiff.

299.    As a direct and proximate result of the aforementioned concealment and suppression of material information and knowledge by the Defendants, and their predecessors-in-interest, alter egos, and/or co-conspirators, Plaintiff continued to work with and around Defendants' products and be exposed to asbestos dust and fibers from such products to his detriment.

300.    Plaintiff relied to his detriment upon Defendants to provide true, accurate and complete information regarding the dangers of working around Defendants' asbestos, asbestos-containing products, and/or products which specified the use of and/or incorporated asbestos in the design.

301.    Plaintiffs allege and contend that 3M marketed and sold masks to Plaintiff's employer for use with asbestos and asbestos-containing products. During this time 3M conducted confidential tests of its masks and the results showed the masks did not protect against asbestos exposures. Armed with knowledge that its masks did not protect against asbestos exposures, 3M had a duty to disclose since it was selling the masks specifically for that purpose, but it did not.

302.    During this entire period of time 3M had actual knowledge that its masks did not protect against asbestos exposures and actively and intentionally failed to disclose, and prevented from disclosure, this fact to Plaintiff or his employer, neither of whom knew of that 3M's masks

did not protect against asbestos; and could not have discovered that masks did not protect against asbestos, because 3M kept its testing results confidential.

303.     Plaintiffs allege that 3M's concealing information about the inefficacy of its masks was intended to deceive all its customers and end users of masks for many different reasons; the primary one being financial, as masks were one of 3M most popular selling masks. Because of 3M's representations regarding 3M's position as an expert in the field of respiratory protection and the efficacy of masks against asbestos, and Plaintiff's reliance upon the same, including his reliance upon the non-disclosed fact—that masks did not protect against asbestos exposures— Plaintiff contracted mesothelioma—a deadly, excruciatingly painful cancer.  3M's concealment of critical information regarding its masks, and Plaintiff and his employer's reliance upon the same, was a substantial factor in causing Plaintiff's injuries and Plaintiffs' damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

**COUNT IV**
**LOSS OF CONSORTIUM**
**(Against All Defendants)**

304.     Plaintiff DARRYL S. DUGAS worked with and was exposed to asbestos and Asbestos Products that were mined, processed, supplied, manufactured, and distributed by the Defendants, or their predecessors.

305.     Plaintiff DARRYL S. DUGAS's exposure to Defendants' Asbestos Products began in 1967 in the United States Navy.  He attended boot camp in Great Lakes, IL and received aircraft mechanical training in Memphis, TN.  In 1968 he served at Naval Air Station Keflavik in Iceland

where he was involved in construction and in the repair and maintenance of P-3 aircraft. Plaintiff DARRYL S. DUGAS next served at Naval Air Station Cecil Field in Duval County, Florida from 1968 to 1969 where he repaired and maintained A-7 aircraft. From 1969 to 1970 he served on the USS Franklin D. Roosevelt where he repaired and maintained A-7 aircraft, and from 1970 to 1971 he again served at Naval Air Station Cecil Field in Duval County, Florida where he repaired and maintained A-7 aircraft.

306.     During his service in the United States Navy, Plaintiff was continuously and daily required to install, remove, repair, alter, fabricate, work with, use, handle, and/or otherwise come into contact with, and to be exposed to, asbestos-containing products that were manufactured, sold, supplied, distributed, and/or otherwise placed in the stream of commerce by the Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff's clothes, his person, and/or his belongings were covered with, and contaminated with, asbestos dust, fibers, and/or particles generated from the intended, ordinary, and foreseeable use, maintenance, and/or repair of the Defendants' asbestos-containing products. During his service as an aviation structural mechanic in the Navy, Plaintiff DARRYL S. DUGAS was exposed to asbestos from a variety of asbestos-containing products or equipment, including, but not limited to: Navy A-7 and P-3 aircraft, aircraft adhesives, aircraft engines, aircraft brakes, clamps, insulation, and insulated components.

307.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is being sued for 3M masks and/or Scotch-Weld aircraft adhesive products. Upon information and belief, Plaintiff DARRYL S. DUGAS used 3M masks for respiratory protection during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station

Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  Despite his use of 3M masks, Plaintiff DARRYL S. DUGAS was exposed to asbestos fibers while wearing 3M masks, as such masks were ineffective in protecting against exposure to airborne asbestos fibers.  Plaintiffs further allege, upon information and belief, that Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Scotch-Weld aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

308.    Defendant BASF CORPORATION is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

309.    Defendant BIGHAM INSULATION AND SUPPLY COMPANY is being sued for thermal insulation products.  Upon information and belief, Plaintiff DARRYL S. DUGAS was exposed to dust from asbestos-containing insulation products supplied, installed and/or removed by Defendant BIGHAM INSULATION AND SUPPLY COMPANY at Naval Air Station Cecil Field during his career as an aircraft structural mechanic in the United States Navy from approximately

1967 until 1971.  Mr. Dugas was exposed to such asbestos-containing insulation products while working around others cutting, fitting, installing, removing, abrading, or otherwise disturbing asbestos-containing insulation products

310.    Defendant  DEXTER  HYSOL  AEROSPACE,  LLC (f/k/a DEXTER  HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION) is being sued for Hysol aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

311.    Defendant GOODRICH CORPORATION is being sued for Goodrich aircraft brake products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Goodrich aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.   The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

312.    Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.) is being sued for Hysol aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Hysol aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

313.    Defendant HONEYWELL INTERNATIONAL, INC. (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION, successor to BENDIX AUTOLITE CORPORATION and successor to ALLIED CHEMICAL & DYE CORP.) is being sued for Bendix aircraft brake products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Bendix aircraft brake products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft brake products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

314.    Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS) is being sued for aircraft clamp products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around

others working with asbestos-containing aircraft clamp products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft clamp products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were installed, replaced, blown-out, cut, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

315.    Defendant LOCKHEED MARTIN CORPORATION is being sued for P-3 naval aircraft.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden P-3 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

316.    NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.) is being sued for Ciba-Geigy aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Ciba-Geigy aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive

Case MDL No. 875 Document 10039-1 Filed 10/06/15 Page 159 of 180

products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

317.    Defendant PRATT & WHITNEY ROCKETDYNE, INC. is being sued for Pratt & Whitney TF-30 aircraft engines.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

318.    Defendant SHELL OIL COMPANY is being sued for Epon aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing Epon aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

319.    Defendant UNION CARBIDE CORPORATION is being sued for Calidria asbestos fiber.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others

working with aircraft adhesive products containing Calidria asbestos fiber supplied by Defendant UNION CARBIDE CORPORATION during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. The use of said Calidria-containing aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

320. Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.) is being sued for Pratt & Whitney aircraft engines. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden TF-30 aircraft engines during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft engine components supplied with and/or required for the ordinary and intended operation of the engine when such engine components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

321. Defendant VOUGHT AIRCRAFT INDUSTRIES, INC. (sued individually and as successor-in-interest to LING-TEMCO-VOUGHT) is being sued for A-7 naval aircraft. Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing and/or asbestos-laden A-7 naval aircraft during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air

Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971. Plaintiff DARRYL S. DUGAS was exposed to dust released by asbestos-containing aircraft components supplied with and/or required for the ordinary and intended operation of the aircraft when such aircraft components were installed, replaced, blown-out, sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

322.    Defendant WYETH HOLDINGS CORPORATION is being sued for American Cyanamid aircraft adhesive products.  Upon information and belief, Plaintiff DARRYL S. DUGAS worked with and around others working with asbestos-containing American Cyanamid aircraft adhesive products during his career as an aircraft structural mechanic in the United States Navy at Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; and the USS Franklin D. Roosevelt, from approximately 1967 until 1971.  The use of said aircraft adhesive products exposed Plaintiff DARRYL S. DUGAS to asbestos dust when such products were sanded, cleaned, or otherwise disturbed by Mr. Dugas and/or his co-workers during routine aircraft maintenance activities.

323.    Plaintiff's exposure to, and inhalation of, asbestos dust, fibers, and/or particles from Defendants' Asbestos Products proximately caused him to contract an asbestos-related disease, specifically, malignant mesothelioma, which is permanent and terminal.

324.    Plaintiff MARSHA DUGAS is, and at all times since August 26, 1967, has been the lawful spouse of Plaintiff DARRYL S. DUGAS.

325.    At the time that DARRYL S. DUGAS was diagnosed with mesothelioma MARSHA DUGAS was cohabitating with DARRYL S. DUGAS and enjoying his companionship and care.

326.     As a direct and proximate result of the conduct described in the allegations contained in Counts I-II of this Amended Complaint, Plaintiff MARSHA DUGAS has suffered the loss of consortium and damage to the marital and social relationship including, but not limited to, the loss of DARRYL S. DUGAS' services, comfort, affection, and the effects of DARRYL S. DUGAS' disease upon Plaintiff MARSHA DUGAS and their relationship and daily activities, due to his injuries and disabilities.  They have further incurred expenses for medical attention rendered to DARRYL S. DUGAS and will continue to incur such expenses.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## DAMAGES

327.     As a direct and proximate result of the Defendants' negligence and defective products as described above, Plaintiff contracted terminal malignant mesothelioma and/or other asbestos-related diseases, which have caused Plaintiff to suffer great and lasting physical pain and mental anguish.

328.     Each exposure to asbestos as a result of Defendants' negligence and/or defective Asbestos Products caused and contributed to Plaintiff's injuries.  Plaintiff's injuries arose out of, were connected to, and were incidental to, the manufacture, sale and distribution by Defendants of their Asbestos Products.

329.     As a direct and proximate result of the conduct described, Plaintiff has been obliged to spend various sums of money to treat his disease and injuries.  Plaintiff remains obligated for such expenses.  As a direct and proximate result of Defendants' negligent conduct and defective

products, Plaintiff's enjoyment of life and earnings capacity has been impaired and his life expectancy shortened.

WHEREFORE, Plaintiffs pray for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiffs may show themselves to be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues.

Respectfully submitted,

THE LANIER LAW FIRM

BY: /s/Mark A. Linder
H. W. "TREY" JONES
Texas Bar No. 24046171 (*pro hac vice*)
MARK A. LINDER
Texas Bar No. 24065625 (*pro hac vice*)
CASE A. DAM
Florida Bar No. 756091
6810 FM 1960 West
Houston, Texas
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
trey.jones@lanierlawfirm.com
mark.linder@lanierlawfirm.com
case.dam@lanierlawfirm.com


and

Alan M. Pickert
Florida Bar No. 899410
TERRELL HOGAN
233 East Bay Street
Blackstone Building, 8th Floor

Jacksonville, Florida 32202
Telephone: (904) 722-2228
Facsimile: (904) 632-2027
pickert@terrellhogan.com

**ATTORNEYS FOR PLAINTIFFS**

**EXPOSURE SHEETS FOR:**    **Darryl S. Dugas**

**NAME OF DEFENDANT:**    3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY

**PRODUCTS**    3M masks and Scotch-Weld aircraft adhesives.

**DATES AND JOBSITES**    1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**    Aviation Structural Mechanic

**WITNESS**    Darryl S. Dugas

Case MDL No. 875   Document 10039-1   Filed 10/06/15   Page 166 of 180

**EXPOSURE SHEETS FOR:**          **Darryl S. Dugas**

**NAME OF DEFENDANT:**            BASF CORPORATION

**PRODUCTS**                      Ciba-Geigy aircraft adhesives.

**DATES AND JOBSITES**            1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air
                                  Station Keflavik, Iceland; Naval Air Station Cecil Field,
                                  Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**        Aviation Structural Mechanic

**WITNESS**                       Darryl S. Dugas

**EXPOSURE SHEETS FOR:**      **Darryl S. Dugas**

**NAME OF DEFENDANT:**        BIGHAM SUPPLY AND INSULATION COMPANY

**PRODUCTS**                  Insulation.

**DATES AND JOBSITES**        1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air
                              Station Keflavik, Iceland; Naval Air Station Cecil Field,
                              Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**    Aviation Structural Mechanic

**WITNESS**                   Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 168 of 180

**EXPOSURE SHEETS FOR:**      **Darryl S. Dugas**

<u>**NAME OF DEFENDANT:**</u>      DEXTER HYSOL AEROSPACE, LLC (f/k/a DEXTER HYSOL AEROSPACE, INC., successor by merger with HYSOL CORPORATION)

<u>**PRODUCTS**</u>      Hysol aircraft adhesives.

<u>**DATES AND JOBSITES**</u>      1967 – 1971: Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

<u>**TRADE OR JOB FUNCTION:**</u>      Aviation Structural Mechanic

<u>**WITNESS**</u>:      Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 169 of 180

**EXPOSURE SHEETS FOR:**       **Darryl S. Dugas**

**NAME OF DEFENDANT:**         GOODRICH CORPORATION

**PRODUCTS**                   Goodrich aircraft brakes.

**DATES AND JOBSITES**         1967 – 1971: Employer: U.S. Navy; Job Sites:  Naval Air
                               Station Keflavik, Iceland; Naval Air Station Cecil Field,
                               Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**     Aviation Structural Mechanic

**WITNESS**:                   Darryl S. Dugas

**EXPOSURE SHEETS FOR:**          **Darryl S. Dugas**

**NAME OF DEFENDANT:**          Defendant HENKEL CORPORATION (sued individually and as successor-in-interest to DEXTER HYSOL AEROSPACE, INC.)

**PRODUCTS**          Hysol aircraft adhesives.

**DATES AND JOBSITES**          1967 – 1971: Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**          Aviation Structural Mechanic

**WITNESS**:          Darryl S. Dugas

**EXPOSURE SHEETS FOR:**       **Darryl S. Dugas**

**NAME OF DEFENDANT:**         HONEYWELL, INC HONEYWELL INTERNATIONAL,
                              INC. (individually and as successor-in-interest to
                              ALLIEDSIGNAL, INC., successor to BENDIX
                              CORPORATION, successor to BENDIX AUTOLITE
                              CORPORATION, and successor to ALLIED
                              CHEMICAL & DYE CORP.)


**PRODUCTS**                  Bendix aircraft brakes.

**DATES AND JOBSITES**        1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air
                              Station Keflavik, Iceland; Naval Air Station Cecil Field,
                              Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**    Aviation Structural Mechanic

**WITNESS**:                  Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 172 of 180

**EXPOSURE SHEETS FOR:**      **Darryl S. Dugas**

<u>**NAME OF DEFENDANT:**</u>      IMO INDUSTRIES INC. (individually and as successor-in-interest to ADEL FASTENERS and WIGGINS CONNECTORS)

<u>**PRODUCTS**</u>      Aircraft clamps.

<u>**DATES AND JOBSITES**</u>      1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

<u>**TRADE OR JOB FUNCTION:**</u>      Aviation Structural Mechanic

<u>**WITNESS**</u>:      Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 173 of 180

**EXPOSURE SHEETS FOR:**        **Darryl S. Dugas**

**NAME OF DEFENDANT:**        LOCKHEED MARTIN CORPORATION

**PRODUCTS**        P-2 Navy aircraft.

**DATES AND JOBSITES**        1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**        Aviation Structural Mechanic

**WITNESS**:        Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 174 of 180

**EXPOSURE SHEETS FOR:**    **Darryl S. Dugas**

<u>**NAME OF DEFENDANT:**</u>    NOVARTIS CORPORATION (f/k/a CIBA-GEIGY CORP.)

<u>**PRODUCTS**</u>    Ciba-Geigy aircraft adhesives.

<u>**DATES AND JOBSITES**</u>    1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

<u>**TRADE OR JOB FUNCTION:**</u>    Aviation Structural Mechanic

<u>**WITNESS**</u>:    Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 175 of 180

**EXPOSURE SHEETS FOR:**  **Darryl S. Dugas**

<u>**NAME OF DEFENDANT:**</u>  PRATT & WHITNEY ROCKETDYNE, INC.

<u>**PRODUCTS**</u>  Pratt & Whitney aircraft engines.

<u>**DATES AND JOBSITES**</u>  1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

<u>**TRADE OR JOB FUNCTION:**</u>  Aviation Structural Mechanic

<u>**WITNESS**</u>:  Darryl S. Dugas

**EXPOSURE SHEETS FOR:**　　　**Darryl S. Dugas**

**NAME OF DEFENDANT:**　　　SHELL OIL COMPANY

**PRODUCTS**　　　Epon aircraft adhesives.

**DATES AND JOBSITES**　　　1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**　　　Aviation Structural Mechanic

**WITNESS**:　　　Darryl S. Dugas

**EXPOSURE SHEETS FOR:**            **Darryl S. Dugas**

**NAME OF DEFENDANT:**            UNION CARBIDE CORPORATION

**PRODUCTS**            Calidria asbestos fiber.

**DATES AND JOBSITES**            1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**            Aviation Structural Mechanic

**WITNESS:**            Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 178 of 180

**EXPOSURE SHEETS FOR:**       **Darryl S. Dugas**

<u>**NAME OF DEFENDANT:**</u>       UNITED TECHNOLOGIES CORPORATION (as successor-in-interest to PRATT & WHITNEY ENGINE SERVICES, INC.)

<u>**PRODUCTS**</u>       Pratt & Whitney aircraft engines.

<u>**DATES AND JOBSITES**</u>       1967 – 1971:   Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

<u>**TRADE OR JOB FUNCTION:**</u>       Aviation Structural Mechanic

<u>**WITNESS**</u>:       Darryl S. Dugas

**EXPOSURE SHEETS FOR:**          **Darryl S. Dugas**

**NAME OF DEFENDANT:**          VOUGHT AIRCRAFT INDUSTRIES, INC. (individually and as successor-in-interest to LING-TEMCO-VOUGHT)

**PRODUCTS**          A-7 Navy aircraft.

**DATES AND JOBSITES**          1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**          Aviation Structural Mechanic

**WITNESS**:          Darryl S. Dugas

Case MDL No. 875   Document 10079-1   Filed 10/06/15   Page 180 of 180

**EXPOSURE SHEETS FOR:**      **Darryl S. Dugas**

**NAME OF DEFENDANT:**        WYETH HOLDINGS CORPORATION (individually and as successor-in-interest to American Cyanamid)

**PRODUCTS**                 American Cyanamid aircraft adhesives.

**DATES AND JOBSITES**       1967 – 1971:  Employer: U.S. Navy; Job Sites:  Naval Air Station Keflavik, Iceland; Naval Air Station Cecil Field, Jacksonville, Florida; USS Franklin D. Roosevelt.

**TRADE OR JOB FUNCTION:**   Aviation Structural Mechanic

**WITNESS**:                 Darryl S. Dugas