JG

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:17−cv−21429−CMA

Sacon v. Air & Liquid Systems Corporation et al
Assigned to: Judge Cecilia M. Altonaga
Demand: $75,000,000
Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 04/17/2017
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Lionel Sacon**

represented by **Gabriel Santiago Saade**
The Ferraro Law Firm
600 Brickell Ave
Miami, FL 33131
3053750111
Email: gss@ferrarolaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*as successor−in−interest to BUFFALO
PUMPS, INC.*

**Defendant**

**CBS Corporation**
*succesor by merger to CBS Corporation
f/k/a WESTINGHOUSE ELECTRIC
CORPORATION
formerly known as*
Viacom, Inc.

**Defendant**

**Crane Company**

**Defendant**

**The Darcoid Company, Incorporated**

**Defendant**

**Georgia−Pacific LLC**
*formerly known as*
Geogia−Pacific Corporation

**Defendant**

**Foster Wheeler Energy Corporation**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Elliott Turbomachinery Company, Inc.**

**Defendant**

**FMC Corporation**
*as successor in−interest to PEERLESS
PUMP COMPANY*

**Defendant**

**General Electric Corporation**

**Defendant**

**The Goodyear Tire & Rubber Company**

**Defendant**

**Goulds Pumps, Inc.**
*a subsidiary of ITT INDUSTRIES, INC*

**Defendant**

**Goodrich Corporation**
*formerly known as*
The BF Goodrich Company

**Defendant**

**Green, Tweed, & Co., Inc.**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**IMO Industries, Inc.**
*individually and as successor−in−interest*
*to Delaval Steam Turbine Company*

**Defendant**

**Ingersoll−Rand Company**

**Defendant**

**International Paper Company**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Warren Pumps, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2017 | 1 | COMPLAINT *and Demand for Jury Trial* against All Defendants. Filing fees $ 400.00 receipt number 113C−9658017, filed by Lionel Sacon. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summon(s) Air & Liquid Summons, # 3 Summon(s) CBS Corp. Summons, # 4 Summon(s) Crane Summons, # 5 Summon(s) Elliott Summons, # 6 Summon(s) FMC Corp. Summons, # 7 Summon(s) Foster Wheeler Summons, # 8 Summon(s) General Electric Summons, # 9 Summon(s) Georgia Pacific Summons, # 10 Summon(s) Goodrich Summons, # 11 Summon(s) Goodyear Summons, # 12 Summon(s) Goulds Pumps Summons, # 13 Summon(s) Green Tweed Summons, # 14 Summon(s) Hopeman Summons, # 15 Summon(s) Imo Industries Summons, # 16 Summon(s) Ingersoll−Rand Summons, # 17 Summon(s) International Paper Co. Summons, # 18 Summon(s) The Darcoid Co. Summons, # 19 Summon(s) Union Carbide Summons, # 20 Summon(s) Warren Pumps Summons)(Saade, Gabriel) (Entered: 04/17/2017) |
| 04/17/2017 | 2 | Judge Assignment to Judge Cecilia M. Altonaga (rms1) (Entered: 04/18/2017) |

| 04/17/2017 | 3 | Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge Jonathan Goodman is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. It is not necessary to file a document indicating lack of consent. (rms1) (Entered: 04/18/2017) |
| 04/18/2017 | 4 | Summons Issued as to All Defendants. (rms1) (Entered: 04/18/2017) |

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LIONEL SACON,

      Plaintiff,                           Case No.: 1:17CV21429

-vs-

AIR & LIQUID SYSTEMS CORPORATION,
      as successor-in-interest to BUFFALO PUMPS, INC.,
CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to CBS CORPORATION
      f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
CRANE COMPANY,
THE DARCOID COMPANY, INC.,
ELLIOTT TURBOMACHINERY COMPANY, INC.,
FOSTER WHEELER ENERGY CORPORATION f/k/a FOSTER WHEELER
      CORPORATION,
FMC CORPORATION as successor in-interest to PEERLESS PUMP COMPANY,
GENERAL ELECTRIC CORPORATION,
GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION,
THE GOODYEAR TIRE & RUBBER COMPANY,
GOULDS PUMPS, INC., (a subsidiary of ITT INDUSTRIES, INC.),
GOODRICH CORPORATION f/k/a THE B F GOODRICH COMPANY,
GREEN, TWEED, & CO., INC.,
HOPEMAN BROTHERS, INC.,
IMO INDUSTRIES, INC., individually and as successor-in-interest to
      DELAVAL STEAM TURBINE COMPANY,
INGERSOLL-RAND COMPANY,
INTERNATIONAL PAPER COMPANY,
UNION CARBIDE CORPORATION,
WARREN PUMPS, LLC,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LIONEL SACON, and files this Complaint and Demand for

Jury Trial against the above-named Defendants and alleges as follows:

1.      Plaintiff's action is a civil action for damages in excess of the sum of SEVENTY-

FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

2.     LIONEL SACON is the Plaintiff herein.

3.     LIONEL SACON was diagnosed with asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques in or around August of 2014, resulting from exposure to asbestos-containing products manufactured, sold, supplied and/or distributed by Defendants named above.

4. Specifically, LIONEL SACON was exposed to asbestos from approximately 1958 to 1979, while working as a pipefitter at multiple shipyards and on numerous vessels. During this time period, LIONEL SACON worked with and around Defendants' asbestos-containing products, including but not limited to, boilers, pumps, turbines, motors, gaskets, packing, valves, joint compound, Bakelite, condensers, hoses, reduction gears, transmissions, decking, insulation, cable and wire. During this time period, LIONEL SACON also performed home renovations, which entailed working with and around asbestos-containing joint compound and drywall.

5. Plaintiff LIONEL SACON currently resides in Boca Raton, Florida, which is where he was diagnosed with asbestos-related diseases.

6.     Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1332(a), as diversity of citizenship exists between the above-named Defendants, who are citizens of different States; and pursuant to Florida Statute § 47.051, since the present action accrued in Palm Beach County, Florida, which is under the jurisdiction of the Southern District of Florida.

7.     "Asbestos and/or asbestos-containing/contaminated products" or "products" as used in this complaint means asbestos, asbestiform talc, asbestiform fibers, as well as any and all materials, products, component products, replacement parts, and/or manufactured goods containing or including asbestos and/or asbestiform fibers in whole or in any mixture (including as a contaminant) with other materials manufactured, marketed, sold, distributed and/or used for

any and all purposes, which specifically includes but is not limited to boilers, pumps, turbines, motors, gaskets, packing, valves, joint compound, Bakelite, condensers, hoses, reduction gears, transmissions, cable, thermal insulation materials, decking, paneling, equipment and/or equipment requiring or calling for the use of asbestos or asbestos-containing products such as but not limited to gaskets, packing and thermal insulating products ("asbestos-containing products").

8.      Throughout his lifetime, Plaintiff purchased, worked with and/or was exposed to asbestos from asbestos-containing products manufactured, sold and/or distributed by each of the above-named Defendants, individually or through its predecessors or subsidiaries.

9.      Plaintiff purchased, worked with and used Defendants' asbestos-containing products in the intended manner, without significant change in the products' condition, and being unaware of the dangerous properties of asbestos, relied on Defendants' instructions as to proper methods of handling the products.

10.     Plaintiff's exposure to and inhalation of asbestos from Defendants' products caused Plaintiff to contract an asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Plaintiff's alleged causes of action arise out of, or are incidental to each Defendant's interstate, intrastate and international business ventures conducted in the United States including Florida.

<u>**DEFENDANTS**</u>

11.     AIR & LIQUID SYSTEMS CORPORATION is a Pennsylvania corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not

limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

12.     Defendant, CBS CORPORATION, f/k/a VIACOM, INC. successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a Delaware corporation with its principal place of business located in New York.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

13.     Defendant, CRANE COMPANY, is a Delaware corporation with its principal place of business located in Connecticut.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

14.     Defendant, THE DARCOID COMPANY, INC. is a NEW YORK corporation with its principal place of business located in NEW YORK.  At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

15.     Defendant, ELLIOTT TURBOMACHINERY CO., INC. is a Delaware corporation with its principal place of business located in Pennsylvania.  At all times material to this cause of

action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

16.     Defendant, FOSTER WHEELER ENERGY CORPORATION, f/k/a FOSTER WHEELER CORPORATION, is a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

17.     Defendant, FMC CORPORATION as successor in-interest to PEERLESS PUMP COMPANY, is a Delaware corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

18.     Defendant, GENERAL ELECTRIC CORPORATION, is a New York corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not

limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

19.    Defendant,    GEORGIA-PACIFIC    LLC    f/k/a    GEORGIA    PACIFIC CORPORATION, is a Georgia corporation with its principal place of business located in Georgia. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

20.    Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, is an Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

21.    Defendant, GOULDS PUMPS, INC., a subsidiary of ITT INDUSTRIES, INC., is a Delaware corporation with its principal place of business located in New York.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

22.    Defendant, GOODRICH CORPORATION, is a New York corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the

United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

23. Defendant, GREEN, TWEED, & CO., INC., is a New York corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

24. Defendant, HOPEMAN BROTHERS, INC., is a Delaware corporation with its principal place of business located in New York. At all times material to this cause of action, Defendant installed, manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

25. Defendant, INGERSOLL-RAND COMPANY., is a New Jersey corporation with its principal place of business located in North Carolina. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

26. Defendant, IMO INDUSTRIES, INC., individually and as successor-in-interest to DELAVAL STEAM TURBINE COMPANY, is a Delaware corporation with its principal place

of business located in Missouri. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

27.     Defendant, INTERNATIONAL PAPER COMPANY, is a New York corporation with its principal place of business located in Maryland. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091,

28.     Defendant, UNION CARBIDE CORPORATION, is a New York corporation with its principal place of business located in Connecticut. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

29.     Defendant, WARREN PUMPS, LLC, is a Delaware corporation with its principal place of business located in Massachusetts. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

30.     The above-named Defendants have, at all times material to this cause of action, through their agents, officers and representatives, operated, conducted, engaged in and carried on a business venture in Florida; maintained an office or agency in this state; solicited business or provided service activities within this state, and/or committed a tortious act within the state by manufacturing, selling and disseminating to the public inherently dangerous asbestos-containing products: 1) Without testing said products to determine their harmful effects on persons coming in contact with said products; and 2) By failing to take any reasonable precautions or to exercise reasonable care to adequately or sufficiently warn Plaintiff and other persons similarly situated, of the risks, dangers and harm of contracting mesothelioma, asbestosis, lung cancer and other forms of cancers, through exposure to, contact with, use of, handling and/or manipulation of Defendants' asbestos-containing products and the consequent inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products.

31.     Defendants' tortuous conduct, including but not limited to failure to warn and/or the manufacture, sale and/or distribution of defective products, is continuing and presently existing, caused injuries to Plaintiff herein, arose out of the acts and/or omissions which occurred inside and outside of the State of Florida during the relevant period of time Defendants' products were used and/or consumed in the ordinary course of commerce, trade and/or use, as set forth herein and said use or consumption resulted in the injuries of Plaintiff.

32.     Plaintiff was exposed, in part, to asbestos and/or asbestos-containing products in Argentina and in the State of California from approximately the 1950s through the 1970s. More specifically, Plaintiff was exposed to asbestos and/or asbestos-containing products as follows:

        a.     Raw asbestos, Calidria, and/or asbestos-containing and/or asbestos-contaminated joint compound that was mined, distributed, manufactured, and/or supplied

9

by Defendants, Georgia-Pacific LLC and Union Carbide Corporation, while working on residential homes in California during the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the application and finishing of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

b.    Asbestos-containing boilers, including any and all component parts, such as insulation, gaskets and packing, which were distributed, manufactured, and/or supplied by Elliot Turbomachinery Company, Inc., Foster Wheeler Energy Corporation f/k/a Foster Wheeler Corporation, Trane U.S. Inc., f/k/a American Standard, Inc., f/k/a American Radiator & Standard Sanitary Corporation, while working on these boilers, near these boilers, or in close proximity to others working on these boilers at various facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

c.    Asbestos-containing pumps, including any and all component parts, such as insulation, gaskets and packing, which were distributed, manufactured, and/or supplied by

Air & Liquid Systems Corporation, Crane Company, IMO Industries, Inc., FMC Corporation, Warren Pumps, LLC and Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc., while working on these pumps, near these pumps, or in close proximity to others working on these pumps at various facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

      d.     Asbestos-containing sheet gaskets, gaskets, packing, and rope packing, distributed, manufactured, and/or supplied by Crane Company (Cranite), FMC Corporation, The Darcoid Company, Inc., Goodrich Corporation, The Goodyear Tire &Rubber Company, at various facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

e.      Asbestos-containing thermal insulation materials, decking, paneling, equipment and/or equipment requiring or calling for the use of asbestos installed, distributed, manufactured, and/or supplied by CBS Corporation, Hopeman Brothers, Inc., and International Paper Company various facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of these products was hazardous and Defendants knew or should have known that the use of the these Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

f.      Asbestos-containing reduction gears, transmissions, turbines, motors, turbines, as all associated auxiliary equipment, that were distributed, manufactured, and/or supplied by CBS Corporation, General Electric Corporation, Elliot Turbo Machinery Company, Inc., IMO Industries, Inc., to facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

g.      Asbestos-containing valves, including any and all component parts, such as insulation, gaskets, and packing, which were distributed, manufactured, and/or supplied by Crane Company, IMO Industries, Inc. and Goulds Pumps, Inc., while working on these valves, near these valves, or in close proximity to others working on these valves at facilities in Argentina and in the State of California during the 1960s through the 1970s. These Defendants failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

33.      Plaintiff was exposed, in part, to asbestos and/or asbestos-containing products, including but not limited to, pipe covering, cement, boards, blocks, boilers, decking, marinite, micarta, and insulation installed or caused to be installed by employees of Hopeman Brothers, Inc., at facilities in Argentina and in the State of California during the 1960s through the 1970s. This Defendant failed to warn Plaintiff that the waste generated by use of their products was hazardous and Defendants knew or should have known that the use of the their Asbestos Products as designed necessarily created an especially deadly hazard because they not only contained asbestos, but the use of their products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

## COUNT I: NEGLIGENCE

Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 33 above, and further alleges the following:

34.     Plaintiff was exposed to asbestos from asbestos-containing products manufactured, sold, supplied and/or distributed by the above-referenced Defendants.

35.     While working with Defendants' asbestos-containing products, Plaintiff inhaled asbestos contained within, on and emitted from Defendants' products, causing Plaintiff to eventually develop asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques. Each exposure to Defendants' products, which were connected to and incidental to Defendants' manufacture, sale, supply and/or distribution of its products, was harmful and substantially contributed in causing Plaintiff's asbestos-related diseases including, but not limited to, asbestosis and bilateral pleural plaques.

36.     Due to his asbestos-related diseases, Plaintiff was required to obtain medical treatment; was greatly inconvenienced in his ability to lead and enjoy a normal life; lost substantial income; and was permanently impaired. As a result of his condition, Plaintiff suffered pain, mental anguish, depression and other mental disorders; incurred medical expenses for the treatment of physical and mental injuries; and suffered physical handicap. Said injuries were permanent and continuing in nature, causing Plaintiff to horribly suffer.

37.     The aforementioned injuries were the direct and proximate cause of the negligence of Defendants and/or their predecessors-in-interest or subsidiaries, in that Defendants produced, sold and/or otherwise placed into the stream of intrastate and interstate commerce products which Defendants knew or, in the exercise of ordinary care should have known, were deleterious and

14

highly harmful to Plaintiff's health and wellbeing, and yet did nothing to advise Plaintiff of this information.

38.     Before designing, manufacturing, selling and/or distributing their products, to which Plaintiff was exposed, each Defendant knew, or in the exercise of reasonable care should have known, that Plaintiff and/or others similarly situated would purchase, use and be exposed to asbestos from their products by inhaling asbestos fibers emitted or released from the same.

39.     At all times material to this cause of action, Defendants' products contained latent characteristics and/or design defects at the time of manufacture and Plaintiff's exposure, and each Defendant knew, or should have known that Plaintiff's exposures to their products were harmful and could cause serious injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer.

40.     Each Defendant also knew, or should have known, that its products would be used by and around Plaintiff, or those similarly situated, without inspection for these defects and furthermore, that any such inspection would not have revealed the asbestos fibers or underlying danger contained in each Defendant's products; or that exposure to the same could cause severe injury. These facts, known to or readily ascertainable by Defendants, made each Defendant's products inherently and unreasonably dangerous in that Plaintiff could not know or contemplate the dangers of inhaling asbestos fibers from, in or on Defendants' products that Plaintiff used or was exposed to during his lifetime and daily life.

41.     Each Defendant who was in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, was negligent and/or failed to exercise reasonable care in one, some and/or all of the following respects, the same being the proximate cause of Plaintiff's injuries:

a.  In failing to adequately warn Plaintiff of the dangerous characteristics of its products in that each Defendant failed to warn Plaintiff that he could develop fatal injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer, as a result of being exposed to asbestos emitted from each Defendant's products.

b.  In failing to place adequate warnings on or in the containers of said asbestos and/or asbestos-containing materials to warn of the dangers to one's health of coming in contact with said asbestos and/or asbestos-containing materials and of the gravity of the risk and extent of danger that Plaintiff was exposing himself by working with and being exposed to said products.

c.  In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing asbestos-containing materials.

d.  In failing to adequately warn of the dangers of asbestos contained in the asbestos-containing products installed.

e.  In installing asbestos-containing products that Defendants knew or should have known would expose Plaintiff, and others similarly situated, to Asbestos Products designed to necessarily create an especially deadly hazard because they not only contained asbestos, but the use of the products were designed to create asbestos-containing waste in the form of an incredibly fine powder that was readily and inevitably aerosolized when persons such as the Plaintiff came into contact with it.

f.  In failing to develop and utilize a substitute material to eliminate asbestos in the products installed, manufactured, sold and distributed.

g. In failing to utilize the available substitute materials for asbestos in the products mined, milled, manufactured, sold, distributed and installed.

h. In continuing to sell and otherwise distribute asbestos products when each Defendant knew at the time of sale and/or distribution of said products, that such products caused injuries including, but not limited to, mesothelioma, lung cancer, asbestosis and/or other forms of cancer, to those persons exposed to said products.

i. In affirmatively misrepresenting to Plaintiff and other members of the public in advertising, by labels and otherwise, that the asbestos and/or asbestos-containing products milled, mined, manufactured, sold and/or distributed were safe in their ordinary and foreseeable use, which material misrepresentation induced Plaintiff to unknowingly expose himself to the hazards of developing injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer.

j. In failing to adequately test their respective asbestos-containing products before offering them for sale and use so that Plaintiff and other persons similarly situated, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products and thereby expose himself to the development of fatal injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer as a result of such inhalation of the asbestos dust and fibers.

WHEREFORE, Plaintiff prays for judgment against Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show himself to be justly entitled.

## COUNT II: STRICT LIABILITY
*(All Defendants except Hopeman Brothers, Inc.)*

Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 33, and further alleges the following matters:

42.     Each Defendant, their predecessors-in-interest and/or their alter egos are and/or have been a manufacturer, distributor, supplier, retailer, wholesaler and/or assembler of asbestos-containing products.

43.     The products complained of were asbestos-containing products designed, manufactured, distributed, supplied, and/or sold by each Defendant and used by and/or in the vicinity of Plaintiff during his lifetime.

44.     Defendants manufactured, distributed, supplied, sold and/or otherwise placed into the stream of commerce and/or caused to be placed into the stream of commerce their asbestos-containing products.

45.     Plaintiff alleges that Plaintiff used, was around and was exposed to each Defendant's asbestos-containing products during his lifetime, during which time asbestos from or on Defendants' products were liberated into the air and inhaled by Plaintiff eventually causing his asbestos-related diseases.

46.     At the time Defendants designed, manufactured, distributed, supplied, and/or sold the aforesaid products, such products were expected to, and did, reach Plaintiff in a condition without substantial change from that in which such products were when within the possession of Defendants.

47.     Defendants' products were dangerous beyond the expectation of the ordinary user, consumer and/or bystander when used as intended or in a manner reasonably foreseeable by Defendants.

48. When used, Defendants' products failed to perform as safely as Plaintiff expected in that the products released respirable asbestos causing Plaintiff's asbestos-related diseases.

49. Defendants' products were in a condition unreasonably dangerous to users and/or bystanders, such as Plaintiff, and said products were expected to, and did, reach Plaintiff without substantial change affecting that condition.

50. Defendants' products to which Plaintiff was exposed where used in the manner in which they were intended.

51. Defendants' products were, by reason of their design, in a condition unreasonably dangerous to users and/or bystanders, such as Plaintiff, and said products were expected to, and did, reach Plaintiff without substantial change affecting that condition.

52. Defendants' products, which called for the use of asbestos, were unreasonably dangerous because of their design in that the risk of danger to users and/or bystanders, such as Plaintiff, outweighed the benefits.

53. Defendants' products were in a defective condition and unreasonably dangerous, in that those products:

    a. Did not provide an adequate warning of the potential harm that might result from exposure to asbestos and, alternatively, did not have adequate instructions for safe use of the products;

    b. Did not contain proper respirators to protect users and/or bystanders, such as Plaintiff, from the potential harm that might result from exposure to asbestos fibers and dust;

        c.      Did not have warnings to persons, such as Plaintiff, who had been, or reasonably may have been, exposed to Defendants' asbestos-containing products, of their disease potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations including the giving of histories which revealed the details of the previous exposure, and the need to have immediate and vigorous medical treatment for all respiratory problems;

        d.      By design contained asbestos, a substance deleterious, poisonous, and highly harmful to Plaintiff; or

        e.      Contained asbestos when and after it became feasible to design, manufacture and market reasonably comparable products not containing asbestos fibers;

54.      Plaintiff, unaware of the defective and unreasonably dangerous condition of Defendants' products at a time when such products were being used for the purposes for which they were intended, was exposed to asbestos contained in Defendants' asbestos-containing products.

55.      Each Defendant knew that their products would be used without inspection for defects, and by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation and replacement of said asbestos products.

56.      Plaintiff, unaware of the hazards and defects in Defendants' products, was exposed to asbestos, causing Plaintiff to develop asbestos-related diseases including but not limited to asbestosis and making said asbestos-containing products unsafe for the purpose of handling, installation and removal of same.

57.      As a direct and proximate result of the product defects as described herein, Plaintiff was caused to contract diseases and injuries to his body, including asbestosis. Due to his asbestosis,

Plaintiff required medical treatment; was greatly inconvenienced in his ability to lead and enjoy a normal life; lost and will continue lose substantial income; and was permanently impaired. As a result of his condition, Plaintiff suffered pain, mental anguish, depression and other mental disorders; incurred medical expenses for treatment of physical and mental injuries; suffered physical handicap and impairment.

58.    Defendants' products were unreasonably dangerous because a less dangerous alternative, substitute and/or modification were economically feasible and readily available. Plaintiff alleges that there were substitute materials for asbestos known to each Defendant and unknown to Plaintiff, which could have been used by each Defendant in designing and manufacturing their products which Plaintiff handled, used, and was exposed. Being in the business of manufacturing, selling and/or distributing asbestos-containing products during the times pertinent to this suit, and being considered an expert in its field, each Defendant knew or should have known that Plaintiff, or others similarly situated, would come in contact with their asbestos-containing products, and would be exposed to asbestos by inhaling the asbestos contained in each of their products, eventually causing potentially fatal injuries including, but not limited to, mesothelioma, asbestosis, lung cancer and/or other forms of cancer.

WHEREFORE, Plaintiff prays for judgment against Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for Plaintiff's costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show himself to be justly entitled.

## **DAMAGES**

Plaintiff adopts, re-alleges and incorporates the allegations in paragraphs 1 through 58, and further alleges the following matters:

59.     As a direct and proximate result of the negligence, product defects, misconduct and omissions of the Defendants, their predecessors-in-interest, and/or alter egos Plaintiff was exposed to asbestos dust and fibers in his trade, occupation and/or daily life, from asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design which were designed, manufactured, distributed and/or sold by each of the Defendants, their predecessors-in-interest, and/or alter egos.

60.     As a result of Plaintiff's exposure to asbestos dust and fibers in his trade, occupation and/or daily life, from asbestos-containing products and/or products which specified the use of and/or incorporated asbestos in the design which were designed, manufactured, distributed and/or sold by each of the Defendants, their predecessors-in-interest, and/or alter egos as described herein, Plaintiff was caused to contract diseases and suffer injuries to his respiratory system and other parts of his body.

61.     As a direct and proximate result of the negligence, carelessness, gross negligence, strict liability, and/or willful omissions of Defendants as described herein, Plaintiff was caused to contract asbestos-related diseases herein causing Plaintiff pain, suffering and mental anguish.

62.     As a direct and proximate result of the aforesaid, Plaintiff was obliged to spend various sums of money to treat Plaintiff's diseases and injuries, and Plaintiff continues to be obligated for the expenses of same.

63.     As a direct and proximate result of the aforesaid, Plaintiff has and will stand a loss of earnings and earning capacity; and as a direct and proximate result of the aforesaid, Plaintiff's enjoyment of life has been impaired and Plaintiff's life expectancy has been shortened, all to Plaintiff's great loss.

64.      As a direct and proximate result of the aforesaid, and since Plaintiff first learned of his aforementioned injuries, Plaintiff has suffered, and will continue to suffer, severe anxiety and ongoing psychological damage, which may require future psychological and/or medical treatment.

65.      As a direct and proximate result of the aforesaid, Plaintiff has and will continue to suffer a disintegration and deterioration of the family unit and the relationships existing therein, resulting in enhanced anguish, depression and other symptoms of psychological stress and disorder.

WHEREFORE, Plaintiff prays for judgment against Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show himself to be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

DATE: **April 17, 2017**

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for Plaintiff*
600 Brickell Ave., Suite #3800
Miami, Florida 33131
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:     _____

GABRIEL S. SAADE, ESQ.
Florida Bar No. 111742

23

JS 44 (Rev. 07/16) FLSD Revised 07/01/2016

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** LIONEL SACON

**DEFENDANTS** AIR & LIQUID SYSTEMS CORPORATION, as successor-in-interest to BUFFALO PUMPS, INC.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Allegheny County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gabriel S. Saade, Esq.
The Ferraro Law Firm, P.A.

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729 (a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☑ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Statutes |
| | Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | Other | ☐ 555 Prison Condition | Actions | | |
| | ☐ 448 Education | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
(See instructions): a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO
JUDGE: DOCKET NUMBER:

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
LENGTH OF TRIAL via days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE April 17, 2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # AMOUNT IFP JUDGE MAG JUDGE