```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :    Consolidated Under
LIABILITY LITIGATION (No. VI)   :    MDL DOCKET NO. 875
                                :
VARIOUS PLAINTIFFS              :    Certain "MARDOC" cases listed
                                :    on the attached "Exhibit A"
     v.                         :
                                :
VARIOUS DEFENDANTS              :
```

**FINAL MARDOC SUGGESTION OF REMAND ORDER (No. 42)**

**AND NOW**, this **18th** day of **June, 2018,** it is hereby **ORDERED** that, upon review of the cases listed on Exhibit A, and based on the factors identified in the Court's Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30, 2009), ECF No. 6197, the Court finds that:

- a.) Plaintiffs have complied with MDL 875 Administrative Order No. 25, No. 02-875 (E.D. Pa. June 23, 2013), ECF No. 2614.
- b.) The parties have completed their obligations under the Rule 16 orders issued by the Court (see No. 02-875, ECF Nos. 594-600).
- c.) All discovery has been completed.
- d.) The Court has adjudicated all outstanding motions, including dispositive motions.
- e.) Rule 18 settlement discussions have been exhausted in the transferee court. Some of the parties have

1

       indicated that additional settlement discussions may be beneficial after the case is remanded to the transferor court.

  f.) The Court finds that the cases are prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions <u>in limine</u> (including <u>Daubert</u> challenges).

  g.) The Court issued an opinion on punitive damages on July 9, 2014 (<u>see</u> No. 02-875, ECF No. 4376). Any punitive damages claims that remain in an individual case are also remanded to the transferor court.

Accordingly, the Court **SUGGESTS** that the cases listed in Exhibit A be **REMANDED** to their respective United States District Courts from which they were transferred for resolution of all matters pending within each case.

Alternatively, the parties in each case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated as to that case.

Exhibit A also includes a list of the remaining viable defendants in each case. It is further **ORDERED** that all non-bankrupt defendants **who are not identified on Exhibit A** are

**DISMISSED** from their respective case(s) and **the Eastern District of Pennsylvania Clerk of Court is directed to terminate those defendants on the relevant dockets.**

This suggestion of remand is the final group suggestion that will be issued by the Court. MDL-875 has now largely completed its task. Three MARDOC cases and one non-E.D. Pa. land-based case remain in this District and will be remanded individually when and if appropriate.[1]

**AND IT IS SO ORDERED.**

**/s/ Eduardo Robreno**
**EDUARDO C. ROBRENO, J.**

---

[1] The three MARDOC cases (Talley, 10-cv-54866, Esquerre, 11-cv-30465, and Johnson, 11-cv-33920-ER) are stayed pending a bankruptcy, and the final non-E.D. Pa. land case (Hassell, 09-cv-90863) was remanded by the Third Circuit for further consideration by this Court.

**SUGGESTION OF REMAND MEMORANDUM**
Updated April 25, 2018

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

**Status of the case that has been transferred from the Eastern District of Pennsylvania**

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18. For all Administrative orders, see http://www.paed.uscourts.gov/documents2/mdl/mdl875#AdministrativeOrders.

**History of MDL 875, In re: Asbestos Products Liability Litigation**

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. With this final suggestion of remand order, MDL 875 is largely completed and the transfer of cases by the Judicial Panel on Multidistrict Litigation has ended. The Judicial Panel began transferring cases to the Eastern District of Pennsylvania in 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involved giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts. Administrative Order No. 25 serves the same purpose for MARDOC cases.

**Resources available for transferor courts on the MDL 875 website**

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/documents2/mdl/mdl875#About.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on substantive and procedural matters since 2008 (http://www.paed.uscourts.gov/documents2/mdl/mdl875#Opinions). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL 875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to

those already addressed by the MDL 875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/documents2/mdl/mdl875#Opinions.

**Contact information for the MDL 875 Court**

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), his senior law clerk (Joel_Lang@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

**Additional information pertaining to MDL 875**

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by Judge Robreno's chambers.

**EXHIBT A: Cases Suggested for Remand, June 2018 (SOR 42)**

| Case Number | Caption | Remaining Defendants | Comments |
|---|---|---|---|
| 2:10-cv-55912-ER | WATSON v. A-C PRODUCT LIABILITY TRUST | • John Crane, Inc.<br>• Reynolds Metals Co. | |
| 2:11-cv-30090-ER | ALNAHAM v. A-C PRODUCT LIABILITY TRUST et al | •Martime Overseas Corp.<br>•Valdez Tankship Corp.<br>•John Crane, Inc. | The parties indicate that this case is in the process of being settled |
| 2:11-cv-30192-ER | BULANTE v. A-C PRODUCT LIABILITY TRUST et al | •Maritime Overseas Corp.<br>•Cambridge Tankers, Inc.<br>•Alice Tankship Corp.<br>•John Crane, Inc. | The parties indicate that this case is in the process of being settled |
| 2:11-cv-30307-ER | CORREA v. A-C PRODUCT LIABILITY TRUST et al | •Maritime Overseas Corp. | The parties indicate that this case is in the process of being settled |
| 2:11-cv-30401-ER | HADWAN v. A-C PRODUCT LIABILITY TRUST et al | •Maritime Overseas Corp. | The parties indicate that this case is in the process of being settled |
| 2:11-cv-30432-ER | HERNANDEZ et al v. A-C PRODUCT LIABIILITY TRUST et al | • Cosmopolitan Shipping Co., Inc. | |
| 2:11-cv-30520-ER | MICHAEL v. FOSTER WHEELER COMPANY et al | •John Crane, Inc.<br>•Reynolds Metals Co. | |
| 2:11-cv-30526-ER | MILLER v. A-C PRODUCT LIABILITY TRUST et al | •Coordinated Caribbean Transport | |
| 2:11-cv-30557-ER | NEWMAN et al v. A-C PRODUCT LIABILITY TRUST et al | •Coordinated Caribbean Transport | |
| 2:11-cv-30801-ER | VAUGHAN v. A-C PRODUCT LIABILITY TRUST et al | •Boland & Cornelius<br>•Inland Lakes Management<br>•Kinsman Lines Inc.<br>•M.A. Hanna Co.<br>•Maritime Overseas Corp.<br>•Reiss Steamship Co. | The parties indicate that this case is in the process of being settled |
| 2:11-cv-30905-ER | PREVOST v. FOSTER WHEELER COMPANY et al | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-31087-ER | TOMASZEWSKI v. A-C PRODUCT LIABILITY TRUST et al | •Coordinated Caribbean Transport Inc.<br>•Maritime Overseas Corporation<br>•Overseas Bulktank Corporation<br>•Second Shipmor Associates. | The parties indicate that this case is in the process of being settled as to all Defendants other than Coordinated Caribbean Transport, Inc. |
| 2:11-cv-31125-ER | OLIVEIRA v. A-C PRODUCT LIABILITY TRUST et al | •Oswego Steamship Co.<br>•Moore McCormack Bulk Transport Inc.<br>•John Crane Inc. | |
| 2:11-cv-31465-ER | CRAIG v. A-C PRODUCT LIABILITY TRUST et al | •Southern Star Shipping Co., Inc.<br>•John Crane Inc. | |
| 2:11-cv-31854-ER | JOSEPH v. FIBREBOARD CORPORATION et al | •Oswego Steamship Co.<br>•John Crane Inc. | |
| 2:11-cv-31865-ER | FONTENOT et al v. A-C PRODUCT LIABILITY TRUST et al | •Dupont Chemical Co.<br>•John Crane Inc. | |
| 2:11-cv-31882-ER | SOUTH et al v. A-C PRODUCT LIABILITY TRUST et al | •John Crane Inc.<br>•Reynolds Metal Company | |
| 2:11-cv-32020-ER | TAYLOR v. A-C PRODUCTS LIABILITY TRUST | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-32243-ER | WAFER et al v. A-C PRODUCT LIABILITY TRUST et al | •Cosmopolitan Shipping Co., Inc. | |
| 2:11-cv-32293-ER | ORCHARD et al v. A-C PRODUCT LIABILITY TRUST et al | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-32340-ER | REYNOLDS v. A-C PRODUCT LIABIILITY TRUST et al | •Coordinated Caribbean Transport, Inc. | |
| 2:11-cv-32377-ER | PASTORET v. A-C PRODUCT LIABILITY TRUST et al | •Inland Steel Company<br>• John Crane Inc. | |

| | | | |
|---|---|---|---|
| 2:11-cv-32530-ER | CASTRO v. A-C PRODUCT LIABILITY TRUST et al | •Coordinated Caribbean Transport, Inc. | |
| 2:11-cv-32536-ER | RICE et al v. A-C PRODUCT LIABILITY TRUST et al | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-32621-ER | HENDRICKS et al v. A. H. BULL AND CO. et al | •Coordinated Caribbean Transport, Inc. | |
| 2:11-cv-32630-ER | MILLER (Bettis) et. al. v. AMERICAN EXPORT LINES INC. et al | •Marine Navigation Company | |
| 2:11-cv-32633-ER | TRAVIS et al v. FOSTER WHEELER COMPANY et al | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-32986-ER | MORRIS v. FOSTER WHEELER COMPANY et al | •Maritime Overseas Corporation | The parties indicate that this case is in the process of being settled |
| 2:11-cv-33366-ER | RUCKER et al v. FOSTER WHEELER ENERGY CORPORATION et al | •John Crane-Houdaille, Inc.<br>•Reynolds Metals Company | Defense counsel contends that John Crane-Houdaille was dismissed on October 31, 2013 by virtue of John Crane being dismissed on that date (See ECF No. 171). Defense counsel did not submit any evidence that the two companys are the same entity or explain the corporate history of the companies. As a result, the Court has not reached a determination regarding this contention. |
| 2:11-cv-33447-ER | OWEN et al v. A-C PRODUCT LIABILITY TRUST et al | •Moore McCormack Bulk Transport Inc. | |
| 2:11-cv-33465-ER | KENNEDY et al v. FOSTER WHEELER COMPANY et al | •Cosmopolitan Shipping Co., Inc. | |
| 2:11-cv-33875-ER | BOLTON et al v. FOSTER WHEELER COMPANY et al | •Apex Marine Corp.<br>•Westchester Marine Shipping Co., Inc. | |
| 2:11-cv-33896-ER | BRAUN v. MANVILLE CORP | •Matson Navigation Co. Inc. | |
| 2:11-cv-33906-ER | PERDREAUVILLE v. ACANDS, INCORPORATED et al | • Delta Steamship Lines, Inc.<br>•Mississippi Shipping Company, Inc. | Defense counsel indicates that these two defendants are the same entity and that its proper name is: Crowley Marine Services, Inc., successor by merger to Delta Steamship Lines, Inc. (f/k/a Mississippi Shipping Company, Inc.) |
| 2:11-cv-33914-ER | BLUE v. AMERCARGO, INCORPORATED et al | •Farrell Lines, Inc.<br>•American Export Isbrandtsen<br>•Keystone Shipping, Co. | Defense counsel indicates that Farrell Lines, Inc. and American Export Isbrandtsen consistute one entity properly named Farrell Lines, Inc. |