# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)<br>Hoffeditz, et. al. v. AM General, LLC, et al.,<br>E.D. Pennsylvania, C.A. No. 2:09-70103<br>D. New Jersey, C.A. No. 2:09-00257 | MDL No. 875 |

## NOTICE OF OPPOSITION TO CONDITIONAL REMAND ORDER

Defendant Ford Motor Company ("Ford") files this Notice of Opposition to the Panel's Conditional Remand Order entered on September 10, 2018 (Dkt. No. 10126). Remand is inappropriate because Ford has not had an opportunity to move for summary judgment before the transferee court on Plaintiffs' punitive damage claim, and it will not have an adequate opportunity to do before the transferor court if the case is remanded.

This asbestos personal injury case was removed from state court to the District of New Jersey on January 16, 2009, and it was transferred to the Eastern District of Pennsylvania on June 2, 2009, for pre-trial proceedings as part of MDL-875. (Dkt. No 5855). It has long been the practice of the transferee court to sever and defer ruling on punitive damages claims in land-based asbestos cases (i.e., cases whose claims do not arise under maritime law). *See* Suggestion of Remand (Dkt. No 10125) at 1 n.1. Accordingly, as it has done with other cases in the MDL, the transferee court suggested on August 15, 2011 that all claims *except* Plaintiff's claims for punitive damages be remanded to the transferor court. (Dkt. No. 7685) On August 16, 2011, pursuant to the transferee court's suggestion, the Panel issued a conditional remand order for all claims except the punitive damages claim, and that order became final on August 24, 2011. (Dkt. Nos. 7698, 7740) Since then, all claims except the punitive damages claim have proceeded

in the transferor court, and those claims are set for trial on January 9, 2019. (See Dkt. No. 162 in Case No. 2:09-cv-00257).

The transferee court has since determined that because "MDL-875 is largely completed" it would "address any outstanding punitive damage claims from affected remanded cases." *See* Order to Show Cause (*See* Dkt. No 168 in Case No. 2:09-cv-70103) at 1 n.1. Therefore, on May 2, 2018, the transferee court issued an order to show cause why the severed punitive damages claims in all such cases "should not be dismissed as having been settled or otherwise terminated after remand of the compensatory claims." *Id.* at 1. Following briefing by Plaintiffs and Ford, the transferee court suggested on September 7, 2018, that the severed punitive damage claim in this case be remanded to the transferor court, (Dkt. No. 10125), and the Panel issued a Conditional Remand Order (Dkt. No. 10126).

The punitive damage claim should not be remanded for two related reasons:

First, because of the transferee court's practice of severing and deferring ruling on punitive damages claims, Ford did not have an opportunity to move for summary judgment on Plaintiff's punitive damage claim. Accordingly, pre-trial proceedings with respect to that claim are not complete. Ford should have an opportunity to move for summary judgment in the transferee court so that pre-trial proceedings are complete before the punitive damage claim is remanded.

Second, if the punitive damage claim is remanded now, Ford will either not have an opportunity to move for summary judgment in the transferor court or will be prejudiced by having to do so shortly before trial. The current scheduling order in the transferor court anticipates that trial will commence on January 9, 2019. It does not provide for filing additional dispositive motions, and the potential for having to litigate the severed punitive damages claim

3

was not contemplated by the parties or, presumably, the transferor court when the scheduling order was entered. Even if the transferor court modified the scheduling order to accommodate Ford's motion for summary judgment on the punitive damages claim, there would be little time to brief the motion and have it decided before the start of trial.

        Respectfully submitted,

/s/ Jeffrey S. Pollack
Sharon L. Caffrey (Pa. No. 49519)
Jeffrey S. Pollack (Pa. No. 91888)
Andrew R. Sperl (Pa. No. 311467)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103
Phone: (215) 979-1000
Fax: (215) 979-1020
SLCaffrey@duanemorris.com

*Counsel for Defendant Ford Motor Company*

Dated: September 17, 2018

## CERTIFICATE OF SERVICE

I certify that today I served the foregoing Notice of Opposition to Conditional Remand Order upon the following counsel:

<u>By ECF:</u>

Peter G. Angelos
Law Offices of Peter G. Angelos, PC
100 North Charles Street
One Charles Center, 22nd Floor
Baltimore, MD 21201-3804
*Plaintiffs' Liaison Counsel for MDL 875*

David C. Landin
Hunton & Williams LLP
951 East Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
*Defendants' Liaison Counsel for MDL 875*

<u>By first-class mail and email:</u>

Moshe Maimon
Levy, Philips & Konigsburg, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
mmaimon@lpklaw.com
*Counsel for Plaintiffs*

Patricia M. Henrich
Reilly Janiczek & McDevitt
2500 McLellan Boulevard Suite 240
Merchantville, NJ 08109
phenrich@rjm-law.com
*Counsel for Arvin-Meritor, Inc.*

Date: September 17, 2018

/s/ Jeffrey S. Pollack