IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL-875 |
| GERALD and JUDITH HOFFEDITZ v. | : : : : : : | Transferred from the District of New Jersey (No. 09-cv-257) |
| VARIOUS DEFENDANTS | : | E.D. Pa Case No. 09-cv-70103 |

**ORDER**

**AND NOW**, this **31st** day of August, **2018**, it is hereby **SUGGESTED** that the punitive damage claim previously severed on August 12, 2011 when the Court suggested the case be remanded (ECF No. 164) be **REMANDED** to the District of New Jersey for resolution as the trial judge sees fit.[1]

---

[1] The MDL Panel remanded the merits claims in this case to the District of New Jersey on August 24, 2011. However, this Court severed and retained the punitive damage claim per the Court's policy for all land-based MDL-875 cases. The case is largely ready for trial in the transferor court, with a trial date set for January 9, 2019.

In that MDL-875 is largely resolved and this case is the last transferred case left in the MDL with a severed punitive damage claim, this Court sees no need to retain the claim. The purpose of retaining the punitive damage claims was to facilitate a global resolution of the punitive damage issues in all MDL-875 cases after resolution of their merits. With only one severed punitive damage claim remaining, the Court concludes that the public policies for severing and retaining the claims discussed in In re Collins, 233 F.3d 809 (3d Cir. 2000), no longer apply. Specifically, there is no longer a danger that "multiple judgments for punitive damages in the mass tort context against a finite number of defendants with limited assets [will] threaten fair compensation to pending claimants and future claimants who await their recovery, and [will] threaten the economic viability of the defendants." In re Collins, 233 F.3d at 812 (quoting the Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation at

It is hereby further **ORDERED** that AM General's motion to dismiss (ECF No. 173) is **DENIED**. As stated, the transferor court is now in the best position to adjudicate all remaining punitive damage claims.

**AND IT IS SO ORDERED.**

/s/ Eduardo Robreno
**EDUARDO C. ROBRENO,   J.**

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 9/5/18
ATTEST: Eric Sobieski
DEPUTY CLERK UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNYSYLVANIA

---

32 (March 1991)).

The Court concludes that, for purposes of judicial efficiency, the best course of action is for the transferor court to adjudicate the merits of the case as well as the punitive damage claim in due course.