IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEGGY HASSELL, Individually, and as Personal Representative of the Estate of BILLIE L. HASSELL, Deceased | : : : : : | CONSOLIDATED UNDER MDL 875 |
| v. | : : : | E.D. Pa. Civil Action No. 2:09-cv-90863-ER |
| THE BUDD COMPANY, et al. | : | S.D. Tex. No. 09-cv-01534 |

**SUGGESTION OF REMAND ORDER**

**AND NOW**, this **22nd** day of **July, 2019**, it is hereby **ORDERED** that, upon consideration of Plaintiff's response to this Court's order issuing a rule to show cause why the case should not be remanded to the transferor court (ECF Nos. 148 & 149), and under MDL-875 Administrative Order No. 18, No. 01-875 (E.D. Pa. April 30, 2009), ECF No. 6197, the Court finds that, as to the above-captioned case:

   a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A (see the MDL 875 website's Administrative Orders page, http://www.paed.uscourts.gov/documents2/mdl/mdl875#AdministrativeOrders).

   b.) The parties have completed their obligations under the Rule 16 order issued by the Court.

   c.) All discovery has been completed.

   d.) The Court has adjudicated all outstanding motions, including dispositive motions.

1

e.) Settlement discussions have been exhausted at this time. Additional settlement discussions may be beneficial after the case is remanded to the transferor court.

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions in limine (including Daubert challenges).

g.) According to Plaintiff, the two remaining viable defendants for trial are The Budd Company and Resco Holdings, LLC.

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the **Southern District of Texas** for resolution of all matters pending within this case.

Alternatively, parties have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, on a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

/s/ Eduardo Robreno
**EDUARDO C. ROBRENO, J.**

2

# SUGGESTION OF REMAND MEMORANDUM

Updated August 22, 2019

**To:** Transferor Judge
**From:** Judge Eduardo C. Robreno, Presiding Judicial Officer, MDL 875
**Re:** Asbestos case that has been transferred to your court

---

### Status of the case that has been transferred from the Eastern District of Pennsylvania

This case has been transferred back to the transferor court, from the MDL 875 Court in the Eastern District of Pennsylvania.

Cases that are remanded to transferor courts are ordinarily ready for trial, pursuant to this Court's Administrative Order No. 18. For all Administrative orders, see http://www.paed.uscourts.gov/documents2/mdl/mdl875#AdministrativeOrders.

### History of MDL 875, In re: Asbestos Products Liability Litigation

MDL 875, In re: Asbestos Products Liability Litigation, involves issues relating to personal injury damages caused by asbestos products. With this final suggestion of remand order, MDL 875 is largely completed and the transfer of cases by the Judicial Panel on Multidistrict Litigation has ended. The Judicial Panel began transferring cases to the Eastern District of Pennsylvania in 1991. Each case typically consists of claims by multiple plaintiffs against multiple defendants. Since its inception, the litigation has involved more than 100,000 cases and up to ten million claims, including land-based and maritime claims ("MARDOC").

Beginning with Administrative Order No. 12 in 2008, the Court initiated an aggressive, pro-active policy to facilitate the processing of cases. The policy involved giving newly transferred cases scheduling orders; setting cases for settlement conferences; having motion hearings; and remanding trial-ready cases to transferor courts.

### Resources available for transferor courts on the MDL 875 website

More information about the history of MDL 875 can be found on the Eastern District of Pennsylvania's MDL 875 website at http://www.paed.uscourts.gov/documents2/mdl/mdl875. Additionally, all Administrative Orders issued in this litigation (including current Orders and those no longer in effect) can be found at http://www.paed.uscourts.gov/documents2/mdl/mdl875#AdministrativeOrders.

Also on the website is an Excel spreadsheet of all decisions issued by the Presiding Officer on substantive and procedural matters since 2008 (http://www.paed.uscourts.gov/documents2/mdl/

3

mdl875#Opinions). This spreadsheet is updated regularly, and it can be sorted by jurisdiction, case caption, subject matter, party name, etc. It is also word searchable. The MDL 875 Court intends this spreadsheet to be a helpful resource for transferor courts addressing issues similar to those already addressed by the MDL 875 Court.

Other options available to assist the Transferor Court with legal research include searchable databases created by LexisNexis and Westlaw. Directions on how to access these databases can be found on http://www.paed.uscourts.gov/documents2/mdl/mdl875#Opinions.

### Contact information for the MDL 875 Court

The MDL 875 Court is ready, willing and able to assist the transferor court with any matters relating to the transfer of the case or any substantive or procedural issues that may arise.

You may contact the Presiding Judicial Officer (Judge_Eduardo_Robreno@paed.uscourts.gov), his senior law clerk (Joel_Lang@paed.uscourts.gov or (267) 299-7422), or the Clerk's Office ((267) 299-7012)) for further assistance.

### Additional information pertaining to MDL 875

The Presiding Judicial Officer has written an extensive article on the history and current status of MDL 875 which may be helpful to the transferor judge. See Hon. Eduardo C. Robreno, The Federal Asbestos Product Liability Multidistrict Litigation (MDL 875): Black Hole or New Paradigm?, 23 Widener L.J. 97 (2014). The article can be found on Westlaw, or a PDF copy of the article can be provided by Judge Robreno's chambers.